# LeBoeuf, Lamb, Greene & MacRae
### L.L.P.
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

NEW YORK
WASHINGTON, D.C
ALBANY
BOSTON
HARRISBURG
HARTFORD
HOUSTON
JACKSONVILLE
LOS ANGELES
NEWARK
PITTSBURGH
SALT LAKE CITY
SAN FRANCISCO

ONE GATEWAY CENTER
420 FORT DUQUESNE BOULEVARD
SUITE 1600
PITTSBURGH, PA  15222-1437
(412) 594-2300
FACSIMILE (412) 594-5237

E-MAIL ADDRESS: JCLEARY@LLGM.COM
WRITER'S DIRECT DIAL: (412) 594-2336

LONDON
(A LONDON-BASED
MULTINATIONAL PARTNERSHIP)
PARIS
BRUSSELS
JOHANNESBURG
(PTY) LTD
MOSCOW
RIYADH
(AFFILIATED OFFICE)
BISHKEK
ALMATY
BEIJING

December 28, 2004

## VIA FACSIMILE TO (415) 288-4534
## & FEDERAL EXPRESS

Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111

Re:   In re Oracle Corporation Securities Litigation (C-01-0988-MJJ)
      Subpoena Duces Tecum to Alcoa Inc. returnable January 17, 2005

Dear Mr. Greenstein:

Our client Alcoa Inc. ("Alcoa") has received the above-referenced subpoena duces tecum, as well as an Amended Schedule A thereto. Pursuant to Fed.R.Civ.P. 45(c), Alcoa hereby serves you with its written objection to inspection and copying of any or all of the materials requested by the subpoena, for the reasons stated below.

Alcoa is not a party to the underlying action and believes that most or all of the requested materials that might be relevant to the underlying action can be obtained from the parties. Accordingly, the subpoena imposes an undue and unreasonable burden on Alcoa.

Furthermore, the subpoena essentially calls for production of all Alcoa documents or other materials referring to Oracle Corporation or Oracle products or services in the period June 1, 2000 to December 31, 2001, with additional documents covering the period from 1997 to 2004. Alcoa has advised us that such materials could encompass enormous volumes of paper and electronic media at widely scattered Alcoa offices and locations. A search for such materials and any resultant production of them for inspection and copying would severely disrupt Alcoa's normal business operations and would impose undue practical and economic burdens on Alcoa.

Eli R. Greenstein, Esq.
December 28, 2004
Page 2

The subpoena also requests access to documents and other materials that constitute or contain trade secrets and confidential business information of Alcoa, and of persons to whom Alcoa owes an obligation of confidentiality. Accordingly, Alcoa objects to the subpoena as calling for the production of confidential business information and trade secrets.

Alcoa objects to the "Definitions" and "Instructions" contained in the subpoena to the extent that they purport to change the common meaning of the English language with regard to any word or phrase, or seek to impose obligations upon Alcoa other than those set forth in Federal Rules of Civil Procedure.

Alcoa objects to any request directed at documents or information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege, and further objects to the preparation of a privilege log on the grounds of undue burden.

Additionally, Alcoa objects on the grounds that the subpoena is vague and ambiguous, as well as overbroad. Critical terms and phrases in the subpoena's enumerated requests are not defined and purport to impose obligations on Alcoa that are unintelligible and so open-ended as to be incapable of interpretation or compliance.

For the above reasons, Alcoa is not required to produce, and will not produce, any of the requested materials for inspection and copying in response to the subpoena at the return date thereof. See Fed.R.Civ.P. 45(c)(2)(B).

Alcoa reserves its right to supplement or elaborate on any of the objections contained herein or to interpose such additional objections as circumstances may warrant.

All of Alcoa's rights and remedies are fully reserved.

Sincerely,

John C. Cleary

cc:   Vincent P. Schmeltz, Esq. (via fax to (312) 706-8146)

 **Alliance Coal, LLC**

**Wayne Bussell**
Assistant General Counsel

December 16, 2004

Via Fax and U.S. Mail

Eli R. Greenstein
Lerach, Coughlin, Stoia, Geller,
    Rudman & Robbins, LLP
100 Pine Street, Suite 2600
San Francisco, California 94111
Fax No. 415-288-4534

Lerach, Coughlin, Stoia, Geller,
    Rudman & Robbins, LLP
ATTN:  William S. Lerach
        Mark Solomon
        Douglas R. Britton
41 B Street, Suite 1600
San Diego, California 92101
Fax No. 619-231-7423

Re:   **OBJECTION TO SUBPOENA** to a Non-Party Alliance Coal, LLC
      In the Matter of:  Oracle Corporation Securities Litigation, Class Action, Master File No.
      C-01-0988-MJJ

Alliance Coal, LLC ("Alliance") is not a party to the above-referenced action.  Under the Federal
Rules of Civil Procedure, Alliance objects to your Subpoena for reasons set forth in this letter.

1.     The Subpoena appears to be defective and is subject to a Motion to Quash because it
       calls for Production of Documents at a place more than 100 miles from Alliance's place
       of business.

2.     The Subpoena subjects Alliance, a non-party, to undue burden and expense by
       attempting to cast an overbroad discovery dragnet over Alliance.

3.     The Subpoena is oppressive and burdensome because any attempt to comply with its
       demand for documents or other information would require Alliance to review and search
       through voluminous files.

4.     The Subpoena is also oppressive and unreasonable because it seeks information from
       a non-party which the Plaintiff has either already obtained or could be obtained through
       discovery addressed to the real party, Oracle.

5.     The Subpoena is improper by virtue of its breadth because it seeks Production of
       Documents which are or may be privileged or proprietary in nature.

Eli R. Greenstein, et al
Page 2
December 16, 2004

6.    The Subpoena is improper by virtue of its breadth because it seeks Production of
      Documents containing business information which has been submitted to Alliance in
      confidence and should not be produced except pursuant to an appropriate Protective
      Order.

7.    The Subpoena makes no provision for reimbursement by you or your client of the
      substantial expenses that Alliance would incur in complying with the Subpoena.
      Therefore, we object to producing any information without your prior written agreement
      to pay the reasonable costs and expenses that we incur, including copying costs and
      reasonable compensation for professional and administrative time spent gathering,
      reviewing and producing the information.

8.    Compliance by the return date would be unduly burdensome because insufficient time is
      allowed.

9.    Alliance objects to the Subpoena because it seeks to compel Alliance to produce
      documents that contain trade secrets or other confidential business or commercially
      valuable information.  Alliance reserves the right to produce documents that may be
      subject to any Confidentiality Order in this action, or, if the documents entail a non-party,
      after seeking consent of non-parties who may have prepared materials for Alliance, with
      an understanding that they would not be disclosed to other parties or subject to any
      existing Confidentiality Order or to a different or amended confidentiality stipulation as
      may be appropriate.

10.   Alliance reserves the right to construe the Subpoena reasonably and as limited to non-
      burdensome, non-overbroad documents relevant to the issues of the case.

11.   Alliance reserves the right to supplement this response.

Sincerely,

Wayne Bussell

cc:   James C. Maroulis                          Thomas L. Pearson
      Senior Corporate Counsel                   Senior Vice President-Administration and Law
      Oracle Corporation                         Alliance Coal, LLC
      500 Oracle Parkway                          1717 S. Boulder Avenue
      Redwood Shores, California 94065            P.O. Box 22027
      Fax No. 650-506-7114                        Tulsa, Oklahoma 74121-2027
                                                  Fax No. 918-295-7361

      David Gilbert
      Vice President-Information Technology
          Services
      1717 S. Boulder Avenue
      P.O. Box 22027
      Tulsa, Oklahoma 74121-2027
      Fax No. 918-295-7355

# DAVIS POLK & WARDWELL

| 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | MESSETURM<br>60308 FRANKFURT AM MAIN |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 650 752 2000<br>FAX 650 752 2111 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 650 752 2107 | 3A CHATER ROAD<br>HONG KONG |

January 18, 2005

Re:   **Amended Responses and Objections of Comcast Corp. (on behalf of AT&T Broadband)**

Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman & Robbins
100 Pine Street
Suite 200
San Francisco, CA 94111

Dear Mr. Greenstein:

Enclosed please find the Amended Responses and Objections of Comcast Corporation (on behalf of AT&T Broadband) to Subpoena of Plaintiffs. The responses have been amended to correctly identify AT&T Broadband as the recipient of the subpoena.

Please contact me with any questions.

Very truly yours,

Lisa A. Fenasci

cc:   Donald M. Falk, Esq.
      Alan N. Salpeter, Esq.

1  Arthur J. Burke (Bar No. 229589)
   DAVIS POLK & WARDWELL
2  1600 El Camino Real
   Menlo Park, California  94025
3  Telephone: (650) 752-2000
   Facsimile:  (650) 752-2111
4
   Attorneys for Comcast Corporation
5  (on behalf of AT&T Broadband)

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12  IN RE: ORACLE CORPORATION        )
    SECURITIES LITIGATION            )   Case No.:  C010988MJJ
                                     )
13                                   )   AMENDED RESPONSES AND
                                     )   OBJECTIONS OF COMCAST
14                                   )   CORPORATION (ON BEHALF OF AT&T
                                     )   BROADBAND) TO SUBPOENA OF
15                                   )   PLAINTIFFS
                                     )
16  _____)

17

18       Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, Comcast

19  Corporation, on behalf of AT&T Broadband, ("AT&T Broadband") which is not a party to the

20  above-captioned action, hereby amends its Responses and Objections, served on January 14, 2005,

21  to the requests for documents contained in the subpoena dated December 15, 2004 (the

22  "Subpoena"), issued at the request of Plaintiffs to AT&T Broadband.

                              **GENERAL OBJECTIONS**

23       1.      AT&T Broadband asserts these General Objections with respect to each and every

24  document request contained in the Subpoena.

25       2.      AT&T Broadband objects to the Subpoena on the ground that, taken as a whole, it is

26  unduly burdensome and purports to impose significant expense upon AT&T Broadband, contrary

27  to the provisions of Fed. R. Civ. P. 45(c)(2)(B).  AT&T Broadband will consider searching for and

28

1 │ producing a reasonable universe of the documents requested only upon Plaintiffs' agreement to pay

2 │ for such costs, including reasonable attorney's fees.

3 │     3.    AT&T Broadband objects to the Subpoena on the ground that Plaintiffs have failed

4 │ to take reasonable steps to avoid imposing undue burden or expense upon AT&T Broadband as

5 │ required by Fed. R. Civ. P. 45(c)(1).

6 │     4.    AT&T Broadband objects to the Subpoena on the ground that, on its face, it fails to

7 │ allow AT&T Broadband reasonable time for compliance.

8 │     5.    AT&T Broadband objects to the Subpoena to the extent that it seeks to impose

9 │ discovery obligations on AT&T Broadband broader than, or inconsistent with, the Federal Rules of

10 │ Civil Procedure and the Local Rules of the United States District Court for the Central District of

11 │ California.

12 │     6.    AT&T Broadband objects to providing or producing any document or information

13 │ that is protected from disclosure by the attorney-client privilege, the joint defense doctrine, the

14 │ work-product doctrine or any other applicable privilege or doctrine.

15 │     7.    AT&T Broadband objects to the Subpoena to the extent that it seeks the production

16 │ of proprietary, commercially sensitive or other confidential information, the probative value of

17 │ which is outweighed by AT&T Broadband's interest in preserving its confidentiality.  AT&T

18 │ Broadband reserves the right to seek further confidentiality stipulations from the parties.

19 │     8.    AT&T Broadband objects to the Subpoena to the extent that it seeks information or

20 │ documents that are a matter of public record, otherwise equally accessible to all parties, more

21 │ conveniently obtained by the parties, or less expensively obtained by the parties.

22 │     9.    AT&T Broadband objects to the Subpoena to the extent that it seeks information and

23 │ documents protected from disclosure under any confidentiality order or stipulation entered into by

24 │ AT&T Broadband in any past or present litigation or administrative proceeding.

25 │     10.    As information and documents that might be viewed as responsive to the Subpoena

26 │ have not yet been located and identified, AT&T Broadband reserves the right to assert additional

27 │ objections to the production of documents as appropriate and to supplement these objections and

28 │ responses.  AT&T Broadband specifically reserves all objections as to the competency, relevancy,

1   materiality and admissibility of its documents or the subject matter thereof, all objections as to

2   burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of

3   any document, or the subject matter thereof, in any subsequent proceeding, including without

4   limitation the trial of this, or any other, action.

5          11.    AT&T Broadband's decision to provide documents notwithstanding the

6   objectionable nature of any of the definitions, or the specific requests themselves, should not be

7   construed as:  (a) an admission that the material is relevant, admissible in evidence, or reasonably

8   calculated to lead to the discovery of admissible evidence; (b) a waiver of the General Objections

9   or the objections asserted in response to specific document requests; or (c) an agreement that

10  requests for similar documents will be treated in a similar manner.

11                 **GENERAL OBJECTIONS TO DEFINITIONS**

12         12.    AT&T Broadband objects to the definition of "you" and "your" to the extent that it

13  refers to "predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its

14  international, foreign, national, regional and local offices; all present or former officers, directors,

15  partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons

16  acting or purporting to act" on AT&T Broadband's behalf without identifying these entities with

17  specificity or serving them properly with the Subpoena.

18         13.    AT&T Broadband objects to the definition of "document" and "documents" to the

19  extent that, when coupled with other definitions and the discovery requests themselves, the

20  definition seeks to impose discovery burdens broader than, or inconsistent with, the Federal Rules

21  of Civil Procedure and the Local Rules of the United States District Court for the Central District of

22  California.

23         14.    AT&T Broadband objects to the definitions of "Oracle" and "Defendants" to the

24  extent that they refer generally to Oracle Corporation's (hereinafter, "Oracle") "subsidiaries,

25  divisions or affiliates (foreign and domestic), predecessors, successors and any present and former

26  officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys,

27  accountants, advisors, committees and all other persons acting or purporting to act" on Oracle's

28  behalf without identifying these entities with specificity.

15. AT&T Broadband objects to the definitions of "Ellison," "Individual Defendants" and "Defendants" to the extent that they refers generally to Lawrence J. Ellison's "agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act" on Ellison's behalf without identifying these entities with specificity.

16. AT&T Broadband objects to the definitions of "Henley," "Individual Defendants" and "Defendants" to the extent that they refers generally to Jeffrey O. Henley's "agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act" on Henley's behalf without identifying these entities with specificity.

17. AT&T Broadband objects to the definitions of "Sanderson," "Individual Defendants" and "Defendants" to the extent that they refers generally to Edward J. Sanderson's "agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act" on Sanderson's behalf without identifying these entities with specificity.

18. AT&T Broadband objects to the definitions of "person," "persons," "entity" and "entities" to the extent that, when coupled with other definitions and the discovery requests themselves, the definition seeks to impose discovery burdens broader than, or inconsistent with, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In particular, AT&T Broadband objects to the extent that this definition, on its face, requires AT&T Broadband to provide information from any natural persons, proprietorships, public or private corporations, partnerships, joint ventures, trusts, associations, companies, firms, government or governmental entities (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement, irrespective of whether the entity is within AT&T Broadband's custody or control.

19. AT&T Broadband objects to the definition of "communication" and "communications" to the extent that, when coupled with other definitions and the discovery requests themselves, the definition seeks to impose discovery burdens broader than, or inconsistent with, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In particular, AT&T Broadband objects to the extent that this

4

1   definition, on its face, requires AT&T Broadband to produce "every manner or means of disclosure,

2   transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise)," including

3   oral communications.

4       20.    AT&T Broadband objects to the definition of "concerning" to the extent that, when

5   coupled with other definitions and the discovery requests themselves, the definition seeks to impose

6   discovery burdens broader than, or inconsistent with, the Federal Rules of Civil Procedure and the

7   Local Rules of the United States District Court for the Central District of California.

8       21.    AT&T Broadband objects to the definition of "refer," "relate," referring" and

9   "relating" to the extent that, when coupled with other definitions and the discovery requests

10  themselves, the definition seeks to impose discovery burdens broader than, or inconsistent with, the

11  Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the

12  Central District of California.

13      22.    AT&T Broadband objects to the definition of "meeting" to the extent that, when

14  coupled with other definitions and the discovery requests themselves, the definition seeks to impose

15  discovery burdens broader than, or inconsistent with, the Federal Rules of Civil Procedure and the

16  Local Rules of the United States District Court for the Central District of California.

17      23.    AT&T Broadband objects to the definition of "your employee" to the extent that,

18  when coupled with other definitions and the discovery requests themselves, the definition seeks to

19  impose discovery burdens broader than, or inconsistent with, the Federal Rules of Civil Procedure

20  and the Local Rules of the United States District Court for the Central District of California.

21      24.    AT&T Broadband objects to the definition of "identify" to the extent that, when

22  coupled with other definitions and the discovery requests themselves, the definition seeks to impose

23  discovery burdens broader than, or inconsistent with, the Federal Rules of Civil Procedure and the

24  Local Rules of the United States District Court for the Central District of California.

25      25.    AT&T Broadband objects to the definitions of "CRM," "11i," "Oracle products,"

26  "Contract" and "Agreement" as vague and ambiguous.

27

28

## GENERAL OBJECTIONS AND RESPONSES TO INSTRUCTIONS

26.    AT&T Broadband objects to Instructions No. 1 and 3-7 to the extent that the instructions seek to impose discovery burdens broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California.

27.    AT&T Broadband objects to Instruction No. 2 in that it purports to require AT&T Broadband to produce documents in the possession, custody or control of its predecessors, successors, parents, subsidiaries, divisions or affiliates, or its respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives, irrespective of the location of those documents, on the ground that such an instruction seeks to impose discovery burdens broader than, or inconsistent with, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

28.    AT&T Broadband objects to the Relevant Time Period in that it purports to require AT&T Broadband to produce documents prepared from January 1, 2000 through June 18, 2003, on the grounds that the time period specified is unduly burdensome, overly broad, and seeks the production of documents that are neither relevant to this action nor likely to lead to the discovery of admissible evidence.

29.    AT&T Broadband objects to the Subpoena on the ground that it seeks information from a non-party before the meaningful party discovery has occurred.

30.    AT&T Broadband objects to the Subpoena on the ground that it seeks information irrelevant to the litigation and not reasonably calculated to lead to the discovery of admissible evidence.

31.    AT&T Broadband incorporates by reference the arguments advanced in the motion for a protective order filed by Oracle Corporation in this matter.

## SPECIFIC RESPONSES AND OBJECTIONS

## TO DOCUMENT REQUESTS

The foregoing General Objections, General Objections to Definitions, and General Objections and Responses to Instructions apply to each and every request contained in the

1    Subpoena and are incorporated by reference into these Specific Responses and Objections to

2    Document Requests as if fully restated herein.    Subject to the foregoing objections, AT&T

3    Broadband responds as follows:

4    <u>SUBPOENA REQUEST NO. 1:</u>

5        All documents and communications concerning Oracle's products, licenses or services,

6    including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

7    <u>RESPONSE TO SUBPOENA REQUEST NO. 1:</u>

8        AT&T Broadband objects to Request No. 1 on the grounds that it is vague, ambiguous,

9    unduly burdensome, and overly broad, particularly insofar as it purports to require AT&T

10   Broadband to produce all documents and communications concerning "Oracle's products, license

11   or services." AT&T Broadband also objects to Request No. 1 on the ground that it fails to identify

12   the documents requested with sufficient particularity, and consequently, seeks the production of

13   documents that are neither relevant to this action nor likely to lead to the discovery of admissible

14   evidence.    AT&T Broadband further objects to Request No. 1 on the ground that it calls for

15   documents concerning Oracle, which are more readily available from Oracle itself.    AT&T

16   Broadband also objects to Request No. 1 to the extent that it seeks information and documents

17   protected from disclosure under any confidentiality order or stipulation entered into by AT&T

18   Broadband in any past or present litigation.    In addition, AT&T Broadband objects to Request No.

19   1 on the ground that it seeks the production of proprietary, commercially sensitive or other

20   confidential information, the probative value of which is outweighed by AT&T Broadband's

21   interest in preserving its confidentiality.

22   <u>SUBPOENA REQUEST NO. 2:</u>

23       All documents and communications concerning any discussions or meetings between you

24   and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of Oracle's

25   products, licenses or services.

26   <u>RESPONSE TO SUBPOENA REQUEST NO. 2:</u>

27       AT&T Broadband objects to Request No. 2 on the grounds that it is vague, ambiguous,

28   unduly burdensome, and overly broad.    AT&T Broadband also objects to Request No. 2 on the

1  ground that it fails to identify the documents requested with sufficient particularity, and

2  consequently, seeks the production of documents that are neither relevant to this action nor likely to

3  lead to the discovery of admissible evidence.  AT&T Broadband further objects to Request No. 2

4  on the ground that it calls for documents concerning Oracle, which are more readily available from

5  Oracle itself.   AT&T Broadband also objects to Request No. 2 to the extent that it seeks

6  information and documents protected from disclosure under any confidentiality order or stipulation

7  entered into by AT&T Broadband in any past or present litigation.  In addition, AT&T Broadband

8  objects to Request No. 2 on the ground that it seeks the production of proprietary, commercially

9  sensitive or other confidential information, the probative value of which is outweighed by AT&T

10  Broadband's interest in preserving its confidentiality.

11  SUBPOENA REQUEST NO. 3:

12      All documents and communications concerning your projections or forecasts for purchases

13  or sales of any of Oracle's products, licenses or services.

14  RESPONSE TO SUBPOENA REQUEST NO. 3:

15      AT&T Broadband objects to Request No. 3 on the grounds that it is vague, ambiguous,

16  unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 3 on the

17  ground that the terms "projections" and "forecasts" are vague, indefinite and undefined.  AT&T

18  Broadband also objects to Request No. 3 on the ground that it fails to identify the documents

19  requested with sufficient particularity, and consequently, seeks the production of documents that

20  are neither relevant to this action nor likely to lead to the discovery of admissible evidence.  AT&T

21  Broadband also objects to Request No. 3 to the extent that it seeks information and documents

22  protected from disclosure under any confidentiality order or stipulation entered into by AT&T

23  Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No.

24  3 on the ground that it seeks the production of proprietary, commercially sensitive or other

25  confidential information, the probative value of which is outweighed by AT&T Broadband's

26  interest in preserving its confidentiality.

27

28

1   SUBPOENA REQUEST NO. 4:

2          All documents and communications concerning your actual purchases or orders for Oracle's

3   products, licenses or services, including, but not limited to, purchase orders, invoices, payment

4   terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check requests and

5   check or cash disbursements.

6   RESPONSE TO SUBPOENA REQUEST NO. 4:

7          AT&T Broadband objects to Request No. 4 on the grounds that it is vague, ambiguous,

8   unduly burdensome, and overly broad, particularly insofar as it purports to require AT&T

9   Broadband to produce all documents and communications concerning AT&T Broadband's "actual

10  purchases or orders for Oracle's products, licenses or services."  AT&T Broadband also objects to

11  Request No. 4 on the ground that the terms "payment terms," "rebates," "sales promotions," "fees,"

12  "discounts," "credits," "barter transactions," "check requests" and "check or cash disbursements"

13  are vague, indefinite and undefined.  AT&T Broadband also objects to Request No. 4 on the ground

14  that it fails to identify the documents requested with sufficient particularity, and consequently,

15  seeks the production of documents that are neither relevant to this action nor likely to lead to the

16  discovery of admissible evidence.  AT&T Broadband also objects to Request No. 4 to the extent

17  that it seeks information and documents protected from disclosure under any confidentiality order

18  or stipulation entered into by AT&T Broadband in any past or present litigation.  In addition,

19  AT&T Broadband objects to Request No. 4 on the ground that it seeks the production of

20  proprietary, commercially sensitive or other confidential information, the probative value of which

21  is outweighed by AT&T Broadband's interest in preserving its confidentiality.

22  SUBPOENA REQUEST NO. 5:

23         All documents and communications concerning your actual or attempted installation,

24  integration or implementation of Oracle's products, licenses or services, including, but not limited

25  to, technical support issues, product failures, delays, and issues regarding consulting fees or

26  payments.

27

28

1  RESPONSE TO SUBPOENA REQUEST NO. 5:

2       AT&T Broadband objects to Request No. 5 on the grounds that it is vague, ambiguous,

3  unduly burdensome, and overly broad, particularly insofar as it purports to require AT&T

4  Broadband to produce all documents and communications concerning AT&T Broadband's "actual

5  or attempted installation, integration or implementation of Oracle's products." AT&T Broadband

6  also objects to Request No. 5 on the ground that the terms "installation," "integration,"

7  "implementation," "technical support issues," "product failures" and "delays" are vague, indefinite

8  and undefined. AT&T Broadband also objects to Request No. 5 on the ground that it fails to

9  identify the documents requested with sufficient particularity, and consequently, seeks the

10  production of documents that are neither relevant to this action nor likely to lead to the discovery of

11  admissible evidence. AT&T Broadband also objects to Request No. 5 to the extent that it seeks

12  information and documents protected from disclosure under any confidentiality order or stipulation

13  entered into by AT&T Broadband in any past or present litigation. In addition, AT&T Broadband

14  objects to Request No. 5 on the ground that it seeks the production of proprietary, commercially

15  sensitive or other confidential information, the probative value of which is outweighed by AT&T

16  Broadband's interest in preserving its confidentiality.

17  SUBPOENA REQUEST NO. 6:

18       All documents and communications concerning any sales presentation, promotion or

19  product demonstration made to you by Oracle for Oracle's products, licenses or services, including,

20  but not limited to, any discussions, promises or guarantees made to you regarding the functionality

21  or performance of Oracle's products.

22  RESPONSE TO SUBPOENA REQUEST NO. 6:

23       AT&T Broadband objects to Request No. 6 on the grounds that it is vague, ambiguous,

24  unduly burdensome, and overly broad. AT&T Broadband also objects to Request No. 6 on the

25  ground that the terms "sales presentation," "promotion" and "product demonstration" are vague,

26  indefinite and undefined. AT&T also objects to Request No. 6 on the ground that it fails to identify

27  the documents requested with sufficient particularity, and consequently, seeks the production of

28  documents that are neither relevant to this action nor likely to lead to the discovery of admissible

1    evidence.   AT&T Broadband further objects to Request No. 6 on the ground that it calls for

2    documents concerning Oracle, which are more readily available from Oracle itself.   AT&T

3    Broadband also objects to Request No. 6 to the extent that it seeks information and documents

4    protected from disclosure under any confidentiality order or stipulation entered into by AT&T

5    Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No.

6    6 on the ground that it seeks the production of proprietary, commercially sensitive or other

7    confidential information, the probative value of which is outweighed by AT&T Broadband's

8    interest in preserving its confidentiality.

9    SUBPOENA REQUEST NO. 7:

10          All documents and communications concerning your right to return, exchange, defer

11   payment, or cancel any purchase order of Oracle's products, licenses or services, including, but not

12   limited to, your actual or contemplated decision to exercise those rights.

13   RESPONSE TO SUBPOENA REQUEST NO. 7:

14          AT&T Broadband objects to Request No. 7 on the grounds that it is vague, ambiguous,

15   unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 4 on the

16   ground that the terms "right to return," "exchange," "defer payment," and "cancel" are vague,

17   indefinite and undefined.  AT&T Broadband also objects to Request No. 7 on the ground that it

18   fails to identify the documents requested with sufficient particularity, and consequently, seeks the

19   production of documents that are neither relevant to this action nor likely to lead to the discovery of

20   admissible evidence.  AT&T Broadband further objects to Request No. 7 on the ground that it calls

21   for documents concerning Oracle, which are more readily available from Oracle itself.  AT&T

22   Broadband also objects to Request No. 7 to the extent that it seeks information and documents

23   protected from disclosure under any confidentiality order or stipulation entered into by AT&T

24   Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No.

25   7 on the ground that it seeks the production of proprietary, commercially sensitive or other

26   confidential information, the probative value of which is outweighed by AT&T Broadband's

27   interest in preserving its confidentiality.

28

1   SUBPOENA REQUEST NO. 8:

2       All documents and communications concerning the functionality of Oracle's products and

3   services and compatibility with the hardware, software and information technology systems used by

4   or considered for use by your company.

5   RESPONSE TO SUBPOENA REQUEST NO. 8:

6       AT&T objects to Request No. 8 on the grounds that it is vague, ambiguous, unduly

7   burdensome, and overly broad. AT&T Broadband also objects to Request No. 4 on the ground that

8   the terms "functionality" and "compatibility" are vague, indefinite and undefined. AT&T

9   Broadband also objects to Request No. 8 on the ground that it fails to identify the documents

10  requested with sufficient particularity, and consequently, seeks the production of documents that

11  are neither relevant to this action nor likely to lead to the discovery of admissible evidence. AT&T

12  Broadband also objects to Request No. 8 to the extent that it seeks information and documents

13  protected from disclosure under any confidentiality order or stipulation entered into by AT&T

14  Broadband in any past or present litigation. In addition, AT&T Broadband objects to Request No.

15  8 on the ground that it seeks the production of proprietary, commercially sensitive or other

16  confidential information, the probative value of which is outweighed by AT&T Broadband's

17  interest in preserving its confidentiality.

18  SUBPOENA REQUEST NO. 9:

19      All documents and communications concerning any technical defects, problems, bugs,

20  patches, or technical difficulties related to any of Oracle's products, licenses or services, including

21  any complaints you had or raised with Oracle.

22  RESPONSE TO SUBPOENA REQUEST NO. 9:

23      AT&T Broadband objects to Request No. 9 on the grounds that it is vague, ambiguous,

24  unduly burdensome, and overly broad. AT&T Broadband also objects to Request No. 9 on the

25  ground that the terms "technical defects," "problems," "bugs," "patches" and "technical

26  difficulties" are vague, indefinite and undefined. AT&T Broadband also objects to Request No. 9

27  on the ground that it fails to identify the documents requested with sufficient particularity, and

28  consequently, seeks the production of documents that are neither relevant to this action nor likely to

1  lead to the discovery of admissible evidence.  AT&T Broadband also objects to Request No. 9 to

2  the extent that it seeks information and documents protected from disclosure under any

3  confidentiality order or stipulation entered into by AT&T Broadband in any past or present

4  litigation.  In addition, AT&T Broadband objects to Request No. 9 on the ground that it seeks the

5  production of proprietary, commercially sensitive or other confidential information, the probative

6  value of which is outweighed by AT&T Broadband's interest in preserving its confidentiality.

7  SUBPOENA REQUEST NO. 10:

8      All documents and communications concerning any attempt to fix or remedy any technical

9  defects, difficulties, problems, bugs, or patches related to any of Oracle's products or services.

10  RESPONSE TO SUBPOENA REQUEST NO. 10:

11      AT&T Broadband objects to Request No. 10 on the grounds that it is vague, ambiguous,

12  unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 10 on the

13  ground that the terms "fix," "remedy," "technical defects," "difficulties," "problems," "bugs" and

14  "patches" are vague, indefinite and undefined.  AT&T Broadband also objects to Request No. 10

15  on the ground that it fails to identify the documents requested with sufficient particularity, and

16  consequently, seeks the production of documents that are neither relevant to this action nor likely to

17  lead to the discovery of admissible evidence.  AT&T Broadband also objects to Request No. 10 to

18  the extent that it seeks information and documents protected from disclosure under any

19  confidentiality order or stipulation entered into by AT&T Broadband in any past or present

20  litigation.  In addition, AT&T Broadband objects to Request No. 10 on the ground that it seeks the

21  production of proprietary, commercially sensitive or other confidential information, the probative

22  value of which is outweighed by AT&T Broadband's interest in preserving its confidentiality.

23  SUBPOENA REQUEST NO. 11:

24      All documents and communications concerning any actual, potential or threatened legal

25  action by you against Oracle or by Oracle against you, relating to Oracle's products or services,

26  including, but not limited to, contract or payment disputes and disagreements.

27

28

1    RESPONSE TO SUBPOENA REQUEST NO. 11:

2        AT&T Broadband objects to Request No. 11 on the grounds that it is vague, ambiguous,

3    unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 11 on the

4    ground that the terms "contract or payment disputes" and "disagreements" are vague, indefinite and

5    undefined.  AT&T Broadband also objects to Request No. 11 on the ground that it fails to identify

6    the documents requested with sufficient particularity, and consequently, seeks the production of

7    documents that are neither relevant to this action nor likely to lead to the discovery of admissible

8    evidence.  AT&T Broadband also objects to Request No. 11 to the extent that it seeks information

9    and documents protected from disclosure under any confidentiality order or stipulation entered into

10   by AT&T Broadband in any past or present litigation.  In addition, AT&T Broadband objects to

11   Request No. 11 on the ground that it seeks the production of proprietary, commercially sensitive or

12   other confidential information, the probative value of which is outweighed by AT&T Broadband's

13   interest in preserving its confidentiality.

14   SUBPOENA REQUEST NO. 12:

15       All documents and communications concerning your information technology budget for

16   Oracle's products, licenses or services, including but not limited to any decline or change due to the

17   slowing of the United States economy.

18   RESPONSE TO SUBPOENA REQUEST NO. 12:

19       AT&T Broadband objects to Request No. 12 on the grounds that it is vague, ambiguous,

20   unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 12 on the

21   ground that the term "information technology budget" is vague, indefinite and undefined.  AT&T

22   Broadband also objects to Request No. 12 on the ground that it fails to identify the documents

23   requested with sufficient particularity, and consequently, seeks the production of documents that

24   are neither relevant to this action nor likely to lead to the discovery of admissible evidence.  AT&T

25   Broadband also objects to Request No. 12 to the extent that it seeks information and documents

26   protected from disclosure under any confidentiality order or stipulation entered into by AT&T

27   Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No.

28   12 on the ground that it seeks the production of proprietary, commercially sensitive or other

1    confidential information, the probative value of which is outweighed by AT&T Broadband's

2    interest in preserving its confidentiality.

3    <u>SUBPOENA REQUEST NO. 13</u>:

4         All documents and communications concerning your efforts to audit, collect or recover

5    payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products, licenses

6    or services.

7    <u>RESPONSE TO SUBPOENA REQUEST NO. 13</u>:

8         AT&T Broadband objects to Request No. 13 on the grounds that it is vague, ambiguous,

9    unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 13 on the

10   ground that the terms "audit," "collect" and "recover" are vague, indefinite and undefined.  AT&T

11   Broadband also objects to Request No. 13 on the ground that it fails to identify the documents

12   requested with sufficient particularity, and consequently, seeks the production of documents that

13   are neither relevant to this action nor likely to lead to the discovery of admissible evidence.  AT&T

14   Broadband also objects to Request No. 13 to the extent that it seeks information and documents

15   protected from disclosure under any confidentiality order or stipulation entered into by AT&T

16   Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No.

17   13 on the ground that it seeks the production of proprietary, commercially sensitive or other

18   confidential information, the probative value of which is outweighed by AT&T Broadband's

19   interest in preserving its confidentiality.

20   <u>SUBPOENA REQUEST NO. 14</u>:

21        All documents and communications concerning your assessment, testing and evaluation of

22   Oracle's products, licenses or services.

23   <u>RESPONSE TO SUBPOENA REQUEST NO. 14</u>:

24        AT&T Broadband objects to Request No. 14 on the grounds that it is vague, ambiguous,

25   unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 14 on the

26   ground that the terms "assessment," "testing" and "evaluation" are vague, indefinite and undefined.

27   AT&T Broadband also objects to Request No. 14 on the ground that it fails to identify the

28   documents requested with sufficient particularity, and consequently, seeks the production of

1  documents that are neither relevant to this action nor likely to lead to the discovery of admissible

2  evidence. AT&T Broadband also objects to Request No. 14 to the extent that it seeks information

3  and documents protected from disclosure under any confidentiality order or stipulation entered into

4  by AT&T Broadband in any past or present litigation. In addition, AT&T Broadband objects to

5  Request No. 14 on the ground that it seeks the production of proprietary, commercially sensitive or

6  other confidential information, the probative value of which is outweighed by AT&T Broadband's

7  interest in preserving its confidentiality.

8  <u>SUBPOENA REQUEST NO. 15</u>:

9       All documents and communications concerning any overpayment made by you to Oracle

10  for any purchase of Oracle's product, licenses or services between 1997-2004, including, but not

11  limited to, any proposed or actual reimbursement, refund, credit or discount received in connection

12  with overpayments and any discussions or meetings with Oracle regarding overpayments.

13  <u>RESPONSE TO SUBPOENA REQUEST NO. 15</u>:

14       AT&T Broadband objects to Request No. 15 on the grounds that it is vague, ambiguous,

15  unduly burdensome, and overly broad. AT&T Broadband also objects to Request No. 15 on the

16  ground that the terms "overpayment," "actual reimbursement," "refund," "credit, and "discount"

17  are vague, indefinite and undefined. AT&T Broadband also objects to Request No. 15 on the

18  ground that it fails to identify the documents requested with sufficient particularity, and

19  consequently, seeks the production of documents that are neither relevant to this action nor likely to

20  lead to the discovery of admissible evidence. AT&T Broadband also objects to Request No. 15 to

21  the extent that it seeks information and documents protected from disclosure under any

22  confidentiality order or stipulation entered into by AT&T Broadband in any past or present

23  litigation. In addition, AT&T Broadband objects to Request No. 15 on the ground that it seeks the

24  production of proprietary, commercially sensitive or other confidential information, the probative

25  value of which is outweighed by AT&T Broadband's interest in preserving its confidentiality.

26  <u>SUBPOENA REQUEST NO. 16</u>:

27       All documents and communications concerning your employment or use of any profit or

28  audit recovery entities in connection with overpayments for purchases or sales of Oracle's products

1  and services between 1997 and 2004, including, without limitation, attempts to recover monies

2  owed, or believed to be owed to you by Oracle.

3  RESPONSE TO SUBPOENA REQUEST NO. 16:

4       AT&T Broadband objects to Request No. 16 on the grounds that it is vague, ambiguous,

5  unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 16 on the

6  ground that the terms "profit or audit recovery entities" and "overpayments" are vague, indefinite

7  and undefined.  AT&T Broadband also objects to Request No. 16 on the ground that it fails to

8  identify the documents requested with sufficient particularity, and consequently, seeks the

9  production of documents that are neither relevant to this action nor likely to lead to the discovery of

10  admissible evidence.  AT&T Broadband also objects to Request No. 16 to the extent that it seeks

11  information and documents protected from disclosure under any confidentiality order or stipulation

12  entered into by AT&T Broadband in any past or present litigation.  In addition, AT&T Broadband

13  objects to Request No. 16 on the ground that it seeks the production of proprietary, commercially

14  sensitive or other confidential information, the probative value of which is outweighed by AT&T

15  Broadband's interest in preserving its confidentiality.

16  SUBPOENA REQUEST NO. 17:

17       All documents and communications concerning any loss of business or costs incurred by

18  you in connection with your purchase or use of Oracle's products, licenses or services.

19  RESPONSE TO SUBPOENA REQUEST NO. 17:

20       AT&T Broadband objects to Request No. 17 on the grounds that it is vague, ambiguous,

21  unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 17 on the

22  ground that the terms "loss of business" and "costs" are vague, indefinite and undefined.  AT&T

23  Broadband also objects to Request No. 17 on the ground that it fails to identify the documents

24  requested with sufficient particularity, and consequently, seeks the production of documents that

25  are neither relevant to this action nor likely to lead to the discovery of admissible evidence.  AT&T

26  Broadband also objects to Request No. 17 to the extent that it seeks information and documents

27  protected from disclosure under any confidentiality order or stipulation entered into by AT&T

28  Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No.

17 on the ground that it seeks the production of proprietary, commercially sensitive or other confidential information, the probative value of which is outweighed by AT&T Broadband's interest in preserving its confidentiality.

SUBPOENA REQUEST NO. 18:

All documents and communications, including organizational charts and directories, sufficient to identify your employees who were involved with purchases, sales or implementation of Oracle's products and services.

RESPONSE TO SUBPOENA REQUEST NO. 18:

AT&T Broadband objects to Request No. 18 on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad, particularly insofar as it purports to require AT&T Broadband to produce all documents and communications "sufficient to identify [AT&T Broadband] employees who were involved with the purchases, sales or implementation of Oracle's products and services." AT&T Broadband also objects to Request No. 18 on the ground that the terms "purchases," "sales" and "implementation" are vague, indefinite and undefined.  AT&T Broadband also objects to Request No. 18 on the ground that it fails to identify the documents requested with sufficient particularity, and consequently, seeks the production of documents that are neither relevant to this action nor likely to lead to the discovery of admissible evidence. AT&T Broadband also objects to Request No. 18 to the extent that it seeks information and documents protected from disclosure under any confidentiality order or stipulation entered into by AT&T Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No. 18 on the ground that it seeks the production of proprietary, commercially sensitive or other confidential information, the probative value of which is outweighed by AT&T Broadband's interest in preserving its confidentiality.

SUBPOENA REQUEST NO. 19:

All documents and communications concerning your decision to switch from Oracle's products and services to competing products and services sold by companies such as Microsoft or IBM database or any other database or applications provider.

RESPONSE TO SUBPOENA REQUEST NO. 19:

AT&T Broadband objects to Request No. 19 on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 19 on the ground that the term "competing products and services" is vague, indefinite and undefined.  AT&T Broadband also objects to Request No. 19 on the ground that it fails to identify the documents requested with sufficient particularity, and consequently, seeks the production of documents that are neither relevant to this action nor likely to lead to the discovery of admissible evidence.  AT&T Broadband also objects to Request No. 19 to the extent that it seeks information and documents protected from disclosure under any confidentiality order or stipulation entered into by AT&T Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No. 19 on the ground that it seeks the production of proprietary, commercially sensitive or other confidential information, the probative value of which is outweighed by AT&T Broadband's interest in preserving its confidentiality.

SUBPOENA REQUEST NO. 20:

All documents and communications concerning your decision not to award software and service contracts to Oracle for which Oracle had submitted a bid or proposal.

RESPONSE TO SUBPOENA REQUEST NO. 20:

AT&T Broadband objects to Request No. 20 on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 20 on the ground that the terms "bid" and "proposal" are vague, indefinite and undefined.  AT&T Broadband also objects to Request No. 20 on the ground that it fails to identify the documents requested with sufficient particularity, and consequently, seeks the production of documents that are neither relevant to this action nor likely to lead to the discovery of admissible evidence.  AT&T Broadband also objects to Request No. 20 to the extent that it seeks information and documents protected from disclosure under any confidentiality order or stipulation entered into by AT&T Broadband in any past or present litigation.  In addition, AT&T Broadband objects to Request No. 20 on the ground that it seeks the production of proprietary, commercially sensitive or other confidential information,

1  the probative value of which is outweighed by AT&T Broadband's interest in preserving its

2  confidentiality.

3  SUBPOENA REQUEST NO. 21:

4        All documents and communications concerning any proposed or actual services provided by

5  Oracle Consulting in connection with Oracle's products and licenses.

6  RESPONSE TO SUBPOENA REQUEST NO. 21:

7        AT&T Broadband objects to Request No. 21 on the grounds that it is vague, ambiguous,

8  unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 21 on the

9  ground that the term "Oracle Consulting" is vague, indefinite and undefined.  AT&T Broadband

10  also objects to Request No. 21 on the ground that it fails to identify the documents requested with

11  sufficient particularity, and consequently, seeks the production of documents that are neither

12  relevant to this action nor likely to lead to the discovery of admissible evidence.  AT&T Broadband

13  also objects to Request No. 21 to the extent that it seeks information and documents protected from

14  disclosure under any confidentiality order or stipulation entered into by AT&T Broadband in any

15  past or present litigation.  In addition, AT&T Broadband objects to Request No. 21 on the ground

16  that it seeks the production of proprietary, commercially sensitive or other confidential information,

17  the probative value of which is outweighed by AT&T Broadband's interest in preserving its

18  confidentiality.

19  SUBPOENA REQUEST NO. 22:

20        All documents and communications concerning agreements or joint ventures with Oracle to

21  promote, sell or market Oracle's products and services.

22  RESPONSE TO SUBPOENA REQUEST NO. 22:

23        AT&T Broadband objects to Request No. 22 on the grounds that it is vague, ambiguous,

24  unduly burdensome, and overly broad.  AT&T Broadband also objects to Request No. 22 on the

25  ground that the term "joint venture" is vague, indefinite and undefined.  AT&T Broadband also

26  objects to Request No. 22 on the ground that it fails to identify the documents requested with

27  sufficient particularity, and consequently, seeks the production of documents that are neither

28  relevant to this action nor likely to lead to the discovery of admissible evidence.  AT&T Broadband

1    further objects to Request No. 22 on the ground that it calls for documents concerning Oracle,

2    which are more readily available from Oracle itself.  AT&T Broadband also objects to Request No.

3    22 to the extent that it seeks information and documents protected from disclosure under any

4    confidentiality order or stipulation entered into by AT&T Broadband in any past or present

5    litigation.  In addition, AT&T Broadband objects to Request No. 22 on the ground that it seeks the

6    production of proprietary, commercially sensitive or other confidential information, the probative

7    value of which is outweighed by AT&T Broadband's interest in preserving its confidentiality.

8    Dated:   January 18, 2005                    DAVIS POLK & WARDWELL

9

10                                          By: _____
                                                    Arthur J. Burke

11
                                             1600 El Camino Real
12                                           Menlo Park, California  94025
                                             Telephone: (650) 752-2000
13                                           Facsimile:  (650) 752-2111

14                                           Attorneys for Comcast Corporation (on behalf of
                                             AT&T Broadband)
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Arthur J. Burke (Bar No. 229589)
     DAVIS POLK & WARDWELL
2    1600 El Camino Real
     Menlo Park, California 94025
3    Telephone: (650) 752-2000
     Facsimile: (650) 752-2111

4

5    Attorneys for Comcast Corporation

6

7

8                  UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11    IN RE: ORACLE CORPORATION
     SECURITIES LITIGATION          Case No.:  C010988MJJ

12                             PROOF OF SERVICE

13

14

15

16

17        I, Lisa A. Fenasci, declare:

18        I am and was at the time of the service mentioned in this declaration employed in the

County of San Mateo, California.  I am over the age of 18 years and not a party to the within action.

My business address is Davis Polk & Wardwell, 1600 El Camino Real, Menlo Park, California

94025.

       On January 18, 2005 I served copies of the following document:

**AMENDED RESPONSES AND OBJECTIONS OF COMCAST CORPORATION
(ON BEHALF OF AT&T BROADBAND) TO SUBPOENA OF PLAINTIFFS**

       by placing the document listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Menlo Park, California, addressed as set forth below on
the parties to this action addressed as follows:

1   Eli R. Greenstein
    Lerach Coughlin Stoia Geller, et al
2   100 Pine St.
    Suite 200
3   San Francisco, CA 94111

4   Donald M. Falk
    Lee H. Rubin
5   Shirish Gupta
    Mayer Brown Rowe & Maw LLP
6   Two Palo Alto Square, Suite 300
    Palo Alto, CA 94306
7
    Alan N. Salpeter
8   Javier Rubinstein
    Vincent P. Schmeltz III
9   Mayer Brown Rowe & Maw LLP
    190 South LaSalle St.
10  Chicago, IL 60603-3441

11
12          I am readily familiar with the firm's practice of collection and processing correspondence

13  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

14  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

15  motion of the party served, service is presumed invalid if postal cancellation date or postage meter

16  date is more than one day after date of deposit for mailing in affidavit.

17          I declare that I am employed in the office of a member of the bar of this court at whose

18  direction the service was made.

19          Executed on January 18, 2005 at Menlo Park, California.

20                                                  _____
                                                    Lisa A. Fenasci
21

22

23

24

25

26

27

28

# MILBANK, TWEED, HADLEY & McCLOY LLP

### FIVE PALO ALTO SQUARE

### 3000 EL CAMINO REAL

### PALO ALTO, CA 94306-2109

---

650-739-7000

FAX: 650-739-7100

**Kimberly N. Van Voorhis**

Direct Dial Number
650-739-7056
E-MAIL: kvanvoorhis@milbank.com

**NEW YORK**
212-530-5000
FAX: 212-530-5219

**LOS ANGELES**
213-892-4000
FAX: 213-629-5063

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**LONDON**
44-207-448-3000
FAX: 44-207-448-3029

**FRANKFURT**
49-69-7593-7170
FAX: 49-69-7593-8303

**TOKYO**
813-3504-1050
FAX: 813-3595-2790

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

December 27, 2004

*VIA FACSIMILE AND U.S. MAIL*

Eli R. Greenstein
Lerach Coughlin Stoia Geller
 Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111

      Re:    In re Oracle Corporation Securities Litigation

Dear Mr. Greenstein:

      Enclosed please find New Cingular Wireless, Inc's (formerly AT&T Wireless, Services, Inc.) response to Plaintiffs' Subpoena for Production of Documents to Third Parties, dated December 9, 2004.  Please feel free to contact me directly if you have any questions.

      Very truly yours,

Kimberly N. Van Voorhis

KNV:lel
Enc.

12/27/2004 15:57 FAX                                                    ☒003

1    MILBANK, TWEED, HADLEY & McCLOY LLP
     James Pooley (CA Bar No. 058041)
2    L. Scott Oliver (CA Bar No. 174824)
     Kimberly N. Van Voorhis (CA Bar No. 197486)
3    Five Palo Alto Square, Fifth Floor
     3000 El Camino Real
4    Palo Alto, California 94306-2109
     Telephone: (650) 739-7000
5    Facsimile: (650) 739-7100
6
7    Attorneys for Third Party,
     NEW CINGULAR WIRELESS, INC., formerly,
8    AT &T WIRELESS SERVICES, INC.

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12   In re ORACLE CORPORATION SECURITIES        Master File No. C-01 0988 MJJ
     LITIGATION
13                                              **CLASS ACTION**
14   _____
                                                NEW CINGULAR WIRELESS, INC.'s
15   This document Relates to:                  formerly, AT&T WIRELESS SERVICES,
                                                INC. RESPONSE TO PLAINTIFFS'
16                                              SUBPOENA FOR PRODUCTION OF
                                                DOCUMENTS TO THIRD PARTIES
17   _____

18

19

20

21

22

23

24

25

26

27

28   PA1:#24010838v1                           NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
                                                SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
                                                PRODUCTION OF DOCUMENTS TO THIRD PARTIES
                                                Master File No. C-01-0988-MJJ

1   NEW CINGULAR WIRELESS, INC., formerly, AT&T WIRELESS SERVICES, INC.

2   ("AWS") hereby objects and responds to Plaintiffs' Subpoena for Production of Documents as

3   follows:

4   **GENERAL OBJECTIONS**

5   1.   AWS objects to the extent that each request calls for documents not within the

6   possession, custody or control of AWS.  The responses given herein are based upon documents

7   reasonably available to AWS and documents within AWS's possession, custody and control.

8   2.   AWS objects to each of the requests to the extent they call for documents protected

9   by the attorney-client privilege, the work product doctrine, or any other privilege.

10   3.   AWS objects to each of these requests as they are overbroad as phrased and it

11   would be unduly burdensome and oppressive to require AWS to respond to them.

12   4.   AWS objects that these requests call for confidential, proprietary and/or trade

13   secret information.

14   5.   AWS objects that this subpoena was improperly issued.

15   6.   AWS objects to Plaintiffs' purported attempt to define "you," and "your" to

16   include individuals or entities not within the control of AWS, and so broadly as to render the

17   requests incomprehensible.  AWS will respond as to itself.

18   No incidental or implied admissions are intended by the responses herein.  The fact that

19   AWS has answered or objected to any request should not be taken as an admission that AWS

20   accepts or admits the existence of any "facts" set forth or assumed by such request.  The fact that

21   AWS has responded to part or all of any request is not intended to be, and shall not be construed

22   to be, a waiver by AWS of any objection to any request or part thereof.

23   **DOCUMENTS REQUESTED**

24   **REQUEST NO. 1:**

25   All documents and communications concerning Oracle's products, licenses or services,

26   including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

27   ////

28   PA1:#24010838v1

NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO THIRD PARTIES
Master File No. C-01-0988-MJJ

1    **RESPONSE TO REQUEST NO. 1:**

2           AWS objects to this request on the grounds that it is overbroad, unduly burdensome, and

3    oppressive.  AWS further objects on the grounds that this request calls for confidential,

4    proprietary, and/or trade secret documents.  AWS further objects that this request is not limited as

5    to time.  AWS further objects on the grounds that this request seeks information which is

6    irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  AWS

7    further objects that this request calls for information which is protected by the attorney-client

8    privilege and/or attorney work product doctrine.

9    **REQUEST NO. 2:**

10          All documents and communications concerning any discussions or meetings between you

11   and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of

12   Oracle's products, licenses or services.

13   **RESPONSE TO REQUEST NO. 2:**

14          AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

15   objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

16   AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

17   trade secret documents.  AWS further objects that this request is not limited as to time.

18   AWS further objects on the grounds that this request seeks information which is irrelevant and not

19   reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

20   this request calls for information which is protected by the attorney-client privilege and/or

21   attorney work product doctrine.

22   **REQUEST NO. 3:**

23          All documents and communications concerning your projections or forecasts for purchases

24   or sales of any of Oracle's products, licenses or services.

25   **RESPONSE TO REQUEST NO. 3:**

26          AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

27   objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

28   PA1:#24010838v1

NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO THIRD PARTIES
Master File No. C-01-0988-MJJ

@006

1   AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

2   trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

3   further objects on the grounds that this request seeks information which is irrelevant and not

4   reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

5   this request calls for information which is protected by the attorney-client privilege and/or

6   attorney work product doctrine.

7   **REQUEST NO. 4:**

8          All documents and communications concerning your actual purchases or orders for

9   Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices,

10  payment terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check

11  requests and check or cash disbursements.

12  **RESPONSE TO REQUEST NO. 4:**

13         AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

14  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

15  AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

16  trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

17  further objects on the grounds that this request seeks information which is irrelevant and not

18  reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

19  this request calls for information which is protected by the attorney-client privilege and/or

20  attorney work product doctrine.

21  **REQUEST NO. 5:**

22         All documents and communications concerning your actual or attempted installation,

23  integration or implementation of Oracle's products, licenses or services, including, but not limited

24  to, technical support issues, product failures, delays, and issues regarding consulting fees or

25  payments.

26  ////

27  ////

28  PA1:#24010838v1
                                          -4-

1    **RESPONSE TO REQUEST NO. 5:**

2          AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

3    objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

4    AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

5    trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

6    further objects on the grounds that this request seeks information which is irrelevant and not

7    reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

8    this request calls for information which is protected by the attorney-client privilege and/or

9    attorney work product doctrine.

10   **REQUEST NO. 6:**

11         All documents and communications concerning any sales presentation, promotion or

12   product demonstration made to you by Oracle for Oracle's products, licenses or services,

13   including, but not limited to, any discussions, promises or guarantees made to you regarding the

14   functionality or performance of Oracle's products.

15   **RESPONSE TO REQUEST NO. 6:**

16         AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

17   objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

18   AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

19   trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

20   further objects on the grounds that this request seeks information which is irrelevant and not

21   reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

22   this request calls for information which is protected by the attorney-client privilege and/or

23   attorney work product doctrine.

24   **REQUEST NO. 7:**

25         All documents and communications concerning your right to return, exchange, defer

26   payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but

27   not limited to, your actual or contemplated decision to exercise those rights.

28   PA1:#24010838v1

NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO THIRD PARTIES
Master File No. C-01-0988-MJJ

1  **RESPONSE TO REQUEST NO. 7:**

2         AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

3  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

4  AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

5  trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

6  further objects on the grounds that this request seeks information which is irrelevant and not

7  reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

8  this request calls for information which is protected by the attorney-client privilege and/or

9  attorney work product doctrine.

10  **REQUEST NO. 8**:

11         All documents and communications concerning the functionality of Oracle's products and

12  services and compatibility with the hardware, software and information technology systems used

13  by or considered for use by your company.

14  **RESPONSE TO REQUEST NO. 8:**

15         AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

16  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

17  AWS further objects that this request is compound.  AWS further objects on the grounds that this

18  request calls for confidential, proprietary, and/or trade secret documents.  AWS further objects

19  that this request is not limited as to time.  AWS further objects on the grounds that this request

20  seeks information which is irrelevant and not reasonably calculated to lead to the discovery of

21  admissible evidence.  AWS further objects that this request calls for information which is

22  protected by the attorney-client privilege and/or attorney work product doctrine.

23  **REQUEST NO. 9:**

24         All documents and communications concerning any technical defects, problems, bugs,

25  patches, or technical difficulties related to any of Oracle's products, licenses or services, including

26  any complaints you had or raised with Oracle.

27  ////

28  PA1:#24010838v1

NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO THIRD PARTIES
Master File No. C-01-0988-MJJ

1    **RESPONSE TO REQUEST NO. 9:**

2        AWS objects to this request on the grounds that it is vague and ambiguous. AWS further

3 objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

4 AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

5 trade secret documents. AWS further objects that this request is not limited as to time. AWS

6 further objects on the grounds that this request seeks information which is irrelevant and not

7 reasonably calculated to lead to the discovery of admissible evidence. AWS further objects that

8 this request calls for information which is protected by the attorney-client privilege and/or

9 attorney work product doctrine.

10    **REQUEST NO. 10:**

11        All documents and communications concerning any attempt to fix or remedy any technical

12 defects, difficulties, problems, bugs, or patches related to any of Oracle's products, licenses or

13 services.

14    **RESPONSE TO REQUEST NO. 10:**

15        AWS objects to this request on the grounds that it is vague and ambiguous. AWS further

16 objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

17 AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

18 trade secret documents. AWS further objects that this request is not limited as to time. AWS

19 further objects on the grounds that this request seeks information which is irrelevant and not

20 reasonably calculated to lead to the discovery of admissible evidence. AWS further objects that

21 this request calls for information which is protected by the attorney-client privilege and/or

22 attorney work product doctrine.

23    **REQUEST NO. 11:**

24        All documents and communications concerning any actual, potential or threatened legal

25 action by you against Oracle or by Oracle against you, relating to Oracle's products or services,

26 including, but not limited to, contract or payment disputes and disagreements.

27    ////

28    PA1:#24010838v1

NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO THIRD PARTIES
Master File No. C-01-0988-MJJ

@010

1    **RESPONSE TO REQUEST NO. 11:**

2        AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

3    objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

4    AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

5    trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

6    further objects on the grounds that this request seeks information which is irrelevant and not

7    reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

8    this request calls for information which is protected by the attorney-client privilege and/or

9    attorney work product doctrine.

10    **REQUEST NO. 12:**

11        All documents and communications concerning your information technology budget for

12    Oracle's products, licenses or services, including but not limited to any decline or change due to

13    the slowing of the United States economy.

14    **RESPONSE TO REQUEST NO. 12:**

15        AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

16    objects to the extent this request assumes facts that may not be in the evidentiary record.  AWS

17    further objects to this request on the grounds that it is overbroad, unduly burdensome, and

18    oppressive.  AWS further objects on the grounds that this request calls for confidential,

19    proprietary, and/or trade secret documents.  AWS further objects that this request is not limited as

20    to time.  AWS further objects on the grounds that this request seeks information which is

21    irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  AWS

22    further objects that this request calls for information which is protected by the attorney-client

23    privilege and/or attorney work product doctrine.

24    **REQUEST NO. 13:**

25        All documents or communications concerning your efforts to audit, collect or recover

26    payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products,

27    licenses or services.

28    PA1:#24010838v1

                                          -8-

1  **RESPONSE TO REQUEST NO. 13:**

2      AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

3  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

4  AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

5  trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

6  further objects on the grounds that this request seeks information which is irrelevant and not

7  reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

8  this request calls for information which is protected by the attorney-client privilege and/or

9  attorney work product doctrine.

10 **REQUEST NO. 14:**

11     All documents and communications concerning your assessment, testing and evaluation of

12 Oracle's products, licenses or services.

13 **RESPONSE TO REQUEST NO. 14:**

14     AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

15 objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

16 AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

17 trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

18 further objects on the grounds that this request seeks information which is irrelevant and not

19 reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

20 this request calls for information which is protected by the attorney-client privilege and/or

21 attorney work product doctrine.

22 **REQUEST NO. 15:**

23     All documents and communications concerning any overpayment made by you to Oracle

24 for any purchase of Oracle's products, licenses or services between 1997-2004, including, but not

25 limited to, any proposed or actual reimbursement, refund, credit or discount received in

26 connection with overpayments and any discussions or meetings with Oracle regarding

27 overpayments.

28 PA1:#24010838v1

NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO THIRD PARTIES
Master File No. C-01-0988-MJJ

-9-

**RESPONSE TO REQUEST NO. 15:**

1

2          AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

3  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

4  AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

5  trade secret documents.  AWS further objects on the grounds that this request seeks information

6  which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7  AWS further objects that this request calls for information which is protected by the attorney-

8  client privilege and/or attorney work product doctrine.

9  **REQUEST NO. 16:**

10         All documents and communications concerning your employment or use of any profit or

11 audit recovery entities in connection with overpayments for purchases or sales of Oracle's

12 products and services between 1997 and 2004, including, without limitation, attempts to recover

13 monies owed, or believed to be owed to you by Oracle.

14 **RESPONSE TO REQUEST NO. 16:**

15         AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

16 objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

17 AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

18 trade secret documents.  AWS further objects that this request is cumulative of previous requests.

19 AWS further objects on the grounds that this request seeks information which is irrelevant and not

20 reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

21 this request calls for information which is protected by the attorney-client privilege and/or

22 attorney work product doctrine.

23 **REQUEST NO. 17:**

24         All documents and communications concerning any loss of business or costs incurred by

25 you in connection with your purchase or use of Oracle's products, licenses or services.

26 ////

27 ////

28 PA1:#24010838v1

NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO THIRD PARTIES
Master File No. C-01-0988-MJJ

## RESPONSE TO REQUEST NO. 17:

AWS objects to this request on the grounds that it is vague and ambiguous. AWS further objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive. AWS further objects on the grounds that this request calls for confidential, proprietary, and/or trade secret documents. AWS further objects that this request is not limited as to time. AWS further objects on the grounds that this request seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. AWS further objects that this request calls for information which is protected by the attorney-client privilege and/or attorney work product doctrine.

## REQUEST NO. 18:

All documents and communications, including organizational charts and directories, sufficient to identify your employees who were involved with purchases, sales or implementation of Oracle's products and services.

## RESPONSE TO REQUEST NO. 18:

AWS objects to this request on the grounds that it is vague and ambiguous. AWS further objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive. AWS further objects on the grounds that this request calls for confidential, proprietary, and/or trade secret documents. AWS further objects that this request is not limited as to time. AWS further objects on the grounds that this request seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. AWS further objects that this request calls for information which is protected by the attorney-client privilege and/or attorney work product doctrine.

## REQUEST NO. 19:

All documents and communications concerning your decision to switch from Oracle's products and services to competing products and services sold by companies such as Microsoft or IBM database or any other database or applications provider.

////

1   **RESPONSE TO REQUEST NO. 19:**

2        AWS objects to this request on the grounds that it is vague and ambiguous. AWS further

3   objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

4   AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

5   trade secret documents. AWS further objects that this request is not limited as to time. AWS

6   further objects on the grounds that this request seeks information which is irrelevant and not

7   reasonably calculated to lead to the discovery of admissible evidence. AWS further objects that

8   this request calls for information which is protected by the attorney-client privilege and/or

9   attorney work product doctrine.

10  **REQUEST NO. 20:**

11       All documents and communications concerning your decision not to award software and

12  service contracts to Oracle for which Oracle had submitted a bid or proposal.

13  **RESPONSE TO REQUEST NO. 20:**

14       AWS objects to this request on the grounds that it is vague and ambiguous. AWS further

15  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

16  AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

17  trade secret documents. AWS further objects that this request is not limited as to time. AWS

18  further objects on the grounds that this request seeks information which is irrelevant and not

19  reasonably calculated to lead to the discovery of admissible evidence. AWS further objects that

20  this request calls for information which is protected by the attorney-client privilege and/or

21  attorney work product doctrine.

22  **REQUEST NO. 21:**

23       All documents and communications concerning any proposed or actual services provided

24  by Oracle Consulting in connection with Oracle's products and licenses.

25  **RESPONSE TO REQUEST NO. 21:**

26       AWS objects to this request on the grounds that it is vague and ambiguous. AWS further

27  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

28  PA1:#24010838v1

NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO THIRD PARTIES
Master File No. C-01-0988-MJJ

1   AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

2   trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

3   further objects on the grounds that this request seeks information which is irrelevant and not

4   reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

5   this request calls for information which is protected by the attorney-client privilege and/or

6   attorney work product doctrine.

7   **REQUEST NO. 22:**

8        All documents and communications concerning agreements or joint ventures with Oracle

9   to promote, sell or market Oracle's products and services.

10  **RESPONSE TO REQUEST NO. 22:**

11       AWS objects to this request on the grounds that it is vague and ambiguous.  AWS further

12  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

13  AWS further objects on the grounds that this request calls for confidential, proprietary, and/or

14  trade secret documents.  AWS further objects that this request is not limited as to time.  AWS

15  further objects on the grounds that this request seeks information which is irrelevant and not

16  reasonably calculated to lead to the discovery of admissible evidence.  AWS further objects that

17  this request calls for information which is protected by the attorney-client privilege and/or

18  attorney work product doctrine.

19                                          MILBANK, TWEED, HADLEY & McCLOY

20

21  Dated:  December 27, 2004          _____

22                                          James Pooley
                                            L. Scott Oliver
                                            Kimberly N. Van Voorhis

23

24                                          Attorneys for Defendant, New Cingular
                                            Wireless, Inc., formerly AT&T Wireless
                                            Services, Inc.

25

26

27

28  PA1:#24010838v1                              NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
                                                 SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
                              -13-               PRODUCTION OF DOCUMENTS TO THIRD PARTIES
                                                 Master File No. C-01-0988-MJJ

1

## PROOF OF SERVICE

2

3      I am employed in the County of Santa Clara, State of California.  I am over the age of 18
and not a party to the within action; my business address is 3000 El Camino Real, Five Palo Alto
4      Square, Seventh Floor, Palo Alto, California 94306.

5      On December 27, 2004, I served the foregoing document(s) described **NEW CINGULAR
WIRELESS, INC.'s, formerly, AT&T WIRELESS SERVICES, INC. RESPONSE TO**
6      **PLAINTIFFS' SUBPOENA FOR PRODUCTION OF DOCUMENTS TO THIRD
PARTIES** on the interested parties in this action:
7

8                          Willow E. Radcliffe
                           Eli R. Greenstein
9                     Lerach Coughlin Stoia Geller
                         Rudman & Robbins LLP
10                        100 Pine Street, Suite 2600
                          San Francisco, CA  94111
11                        Facsimile:  415-288-4534

12
                           James C. Maroulis
13                          Oracle Corporation
                    500 Oracle Parkway, Mail Stop 50P7
14                        Redwood City, CA  94065
                          Facsimile:  650-506-7114
15

16                          Donald M. Falk
                     Mayer, Brown, Rowe & Maw LLP
17                    Two Palo Alto Square, Suite 300
                          Palo Alto, CA  94306
18                       Facsimile:  650-331-2060

19
      __XX__  **(BY MAIL)** Following ordinary business practices at the Palo Alto, California office of
20              Milbank, Tweed, Hadley & McCloy LLP, I placed the sealed envelope(s) for collection
              and mailing with the United States Postal Service on that same day.  I am readily familiar
21              with the firm's practice for collection and processing of correspondence for mailing.
              Under that practice, such correspondence would be deposited with the United States Postal
22              Service on that same day, with postage thereon fully prepaid at Palo Alto, California, in
              the ordinary course of business.
23

24      __XX__  **(BY FAX)** I caused all of the pages of the above-entitled document to be sent to interested
              parties via electronic transfer (FAX) at the respective facsimile numbers indicated.
25

26

27

28      PA1:#24010838v1                                    NEW CINGULAR WIRELESS, INC.'s, formerly, AT&T WIRELESS
                                                           SERVICES, INC. RESPONSE TO PLAINTIFFS' SUBPOENA FOR
                                       -14-               PRODUCTION OF DOCUMENTS TO THIRD PARTIES
                                                           Master File No. C-01-0988-MJJ

1      I declare that I am employed in the office of a member of the bar of this court at whose
2   direction the service was made.   Executed on December 27, 2004 at Palo Alto, California.

3

4                                          _Loraine Lontayao_
                                           Loraine Lontayao
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   PA1:#24010838v1

                                      -15-

**The Boeing Company**
P.O. Box 3707
Seattle, WA 98124-2207



December 20, 2004

Eli R. Greenstein
Lerach Coughlin Stoia Geller
 Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238

Re:     In re Oracle Corporation Securities Litigation
        Northern District of California No. C-01-0988-MJJ

Mr. Greenstein:

This letter will respond to the subpoena you issued in the name of the United
States District Court for the Eastern District of California and caused to be served
on The Boeing Company ("Boeing") registered agent in Sacramento, California.

Your subpoena purports to use the subpoena power of United States District Court
for the Eastern District of California and Rule 45 of the Federal Rules of Civil
Procedure to compel The Boeing Company to produce and permit inspection of
documents in Sacramento, California.   Neither Rule 45 nor the subpoena powers
of that Court are available to you for that purpose.

As you no doubt understand, documents that would be responsive to your
bounteous requests would be located in the Western District of Washington,
where, as you know, unlike in eastern California, The Boeing Company maintains
a substantial presence.  If you wish to pursue this matter, a subpoena issued in the
name of the appropriate United States court – in this case the United States District
Court for the Western District of Washington – to be sent to my attention will
suffice as a first step.

Beyond that preliminary matter, Boeing must also note that, even were the
subpoena valid, it is overly broad, unduly burdensome, seeks irrelevant
information, fails to offer to pay the reasonable costs in time and money of
producing the documents, and fails adequately to protect Boeing's sensitive and
proprietary or trade secret information from misuse or unauthorized disclosure.   If
your intention remains to pursue your current set of requests, Boeing makes the
following objections, applicable to each of your separately enumerated requests,
and will do so again if you elect to resubmit a similar set.

12/20/2004 11:25 FAX 2066629001          BOEING GPP EMSFAXCOMM                          ☑003

**Undue Burden**      Boeing objects to the subpoena on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome based on the breadth of the requests, the identification of documents by broad subject matter, and the sheer volume of potentially responsive documents.

**Privilege**      Boeing objects to the subpoena to the extent that it may seek information protected by the attorney work product, attorney-client communications privilege, or any other applicable privileges.

**Confidentiality**      Boeing objects to the subpoena to the extent that it seeks confidential, proprietary, or sensitive commercial information from Boeing.

**Timing**      Boeing objects to the time frame in which it is being asked to produce documents.  Boeing cannot reasonably be required to produce all documents by the stated return date.

**Relevance**      Boeing objects on relevance grounds to the subpoena to the extent that it seeks documents other than those related to this matter.

**Expense**      To the extent that your subpoena requires Boeing to obtain, review, or produce documents, Boeing expects to be compensated for such effort.  The following is a schedule of fees charged by Boeing for in-house attorneys, paralegals, clerks, and functional personnel involved in collection, review, and production of documents in response to third party subpoenas.

| | |
|---|---|
| In-house attorneys | Actual Costs |
| Paralegals | $90.00 per hour |
| Clerks | $35.00 per hour |
| Functional personnel | Actual Costs |
| Copies | $0.18-$0.23 per page/Actual copy costs if an outside vendor is used. |

Boeing remains willing to cooperate with any reasonable discovery needs should you wish to pursue those.   Please feel free to contact me at 206-662-9086 or, in my absence, Boeing's outside counsel, Ms. Lynn Engel, at 206-676-7022, to discuss the matter.

Cordially,

Jeremy M. Griffin
Counsel


CC:    Lynn Engel