

**CoBank** ®

*Rural America's Cooperative Bank*

P.O. Box 5110
Denver, Colorado 80217
5500 South Quebec Street
Greenwood Village, Colorado 80111
Phone: (303) 740-4000
Fax: (303) 740-4002

January 18, 2005

Eli Greenstein, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine St., Suite 2600
San Francisco, CA 94111

Dear Eli:

Subject:     Subpoena Served on CoBank in In Re Oracle Securities Litigation—Your Email Dated
             January 13, 2005

I've reviewed the confidentiality protective order and find it adequate but for one very important aspect. Nowhere in the order is CoBank directed to supply the information sought. You will recall that my letter dated December 17, 2004, referencing 12 C.F.R. Part 618, subpart G, 618.8330(b), states that CoBank is prohibited from disclosing confidential information without a court order signed by a judge.

Accordingly, CoBank is unable to comply with your subpoena by virtue of the prohibition contained in the referenced regulation. While legal arguments exist to the contrary, I am willing to concede, however, that we would be subject to any order obtained by you out of the U.S. District Court Northern District of California. I note in passing that we have an office in Sacramento, California, and that, presumably, the Northern District would encompass Sacramento.

Also, I have just received correspondence from counsel for Oracle indicating that another motion for a protective order was filed January 10th. It apparently seeks withdrawal of subpoenas issued to Oracle's customers. Until this request is dealt with by the court, it would appear that compliance by CoBank would be inadvisable.

Finally, and as I think I've informed you in our earlier telephone conversations, CoBank has no desire to honor this subpoena. This is especially true in as much as IBM was our IT supplier up until just recently. Our files will reflect very little, if anything, regarding Oracle during the relevant time period. CoBank had no relationship with Oracle at that point but, of course, IBM did. We would hope that you would seek the required information from IBM and let a very small customer of Oracle avoid the logistical difficulties in complying with the subpoena.

If you'd like to discuss this further, I can be reached at 303-740-4067 or spoquette@cobank.com.

Sincerely,

Steven W. Poquette
Senior Corporate Attorney

c:     Bernsten
       Boston

F:\Common Folders\Associates\Denver\Poquette\IT\Oracle-ltr 011805.doc



**CoBank**

Rural America's Cooperative Bank.

P.O. Box 5110
Denver, Colorado 80217
5500 South Quebec Street
Greenwood Village, Colorado 80111
Phone:  (303) 740-4000
Fax:      (303) 740-4002

December 17, 2004

Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller
   Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Dear Mr. Greenstein:

Subject:      Subpoena in a Civil Case—In re Oracle Corporation Securities Litigation—
              District of Colorado Case No. C-01-0988-MJJ (Northern District of California)

Reference is made to 12 C.F.R. Part 618, subpart G.  Specific reference is made to 12 C.F.R. §
618.8330(b).  That federal regulation prohibits CoBank from disclosing confidential information
regarding borrowers without a court order signed by a judge.  Subpoenas such as the one
referenced above do not qualify.  Required by CoBank before disclosure will be an actual court
order signed by a judge.  Additionally, at that time, we typically seek protective order ensuring
that the information supplied is kept confidential.

Accordingly, we will not be honoring your subpoena which was received by us December 10,
2004.  If you would like to discuss with me how a judge's order might be obtained in
conformance with Section 618.8330(b) of the Regulations, I would be happy to do so.  I can be
reached at 303-740-4067 or spoquette@cobank.com.

Sincerely,

Steven W. Poquette
Senior Corporate Attorney

P:\Common Folders\Associates\Denver\Poquette\IT\Oracle.doc

SPECTER & WILLOUGHBY, LLP

ATTORNEYS AT LAW

A LIMITED LIABILITY PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

4675 MacARTHUR COURT, SUITE 1150 • NEWPORT BEACH, CA 92660

TEL: (949) 833-9400 • FAX (949) 833-9425

specterlaw.com

RONALD C. SPECTER
MICHAEL L. WILLOUGHBY
MARK ANTHONY RODRIGUEZ
MICHAEL H. ARTINIAN

NORTHERN CALIFORNIA
OFFICE

180 MONTGOMERY STREET, SUITE 940
SAN FRANCISCO, CA 94104
(415) 986-1338

December 22, 2004

**Via FAX and FIRST CLASS MAIL**

| Eli Greenstein, Esq.<br>LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP<br>100 Pine St., Suite 2600<br>San Francisco, CA 94111<br>Fax: 415-288-4534 | William S. Lerach, Esq.<br>LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP<br>401 "B" Street, Suite 1600<br>San Diego, CA 92101<br>Fax: 619-231-7423 |

Re:      **In Re Oracle Corporation Securities Litigation**
         **U.S District Court, Northern District of California**
         **Case Number: C-01-0988-MJJ**

Counsel:

Our office has been retained by ConocoPhillips Company for the purpose of responding to the "Subpoena in a Civil Case" in the above-referenced matter, served by you upon its agent for service of process on December 10, 2004. This letter contains ConocoPhillips' formal objections regarding the same, pursuant to FRCP 45, other related Federal Rules, related local rules, and case law. Also enclosed herewith are ConocoPhillips' objections separately stated in pleading format.

At the outset, we request that you cooperate in the coordination of a meet and confer session to further discuss the scope and content of the subject subpoena, so as to attempt resolution of this discovery matter. Notwithstanding the fact ConocoPhillips is a third party to the subject litigation, the local rules and FRCP 45 require that we meet and confer prior to filing our anticipated Motion to Quash and/or Modify the subject subpoena. Given the holidays, and pre-planned vacations in our office, I recommend scheduling a conference in our Newport Beach office during the week of January 10, 2005. Please contact me subsequent to your review of the following to coordinate the same.

**General Objections**

An attorney issuing a subpoena has a duty to avoid causing undue burden or expense on the recipient (See, e.g., *Federal Deposit Ins. Corp. v. Garner*, 126 F.3d 1138,

Mr. Greenstein
Mr. Lerach
December 22, 2004
Page 2 of 9

1145-46 (9th Cir. 1997)).  As set forth more fully below, it does not appear that you have taken steps to meet that duty.

ConocoPhillips objects to the subpoena insofar as it does not provide adequate time to reply, as required by FRCP 45(c)(3)(A)(i).  Clearly, the service of the subject subpoena just before the holidays, and providing a responsive date of January 10, 2005 (just after the holidays) does not comport with the federal rules.

ConocoPhillips further objects to the subpoena as entirely overbroad, burdensome, and oppressive.  We have had the opportunity to review the Complaint at issue, and the subpoena requests information that does not appear to be relevant to the subject of the litigation.  As you know, the scope of documents or information that may be obtained by subpoena is the same as the scope of discovery generally under Rule 26. Thus, ConocoPhillips objects to each and every request insofar as it is not reasonably calculated to lead to the discovery of admissible evidence.

On that same note, we join in Oracle's position contained in its December 15, 2004 correspondence to the Court, indicating that Plaintiff should wait until Oracle produces its documents before over 100 non-party witnesses (including ConocoPhillips) are forced to respond to such an overbroad and overbearing task.  It appears most logical for you to first review documents to be produced by Oracle prior to burdening ConocoPhillips and the other 100 or so companies subpoenaed in what may result in unnecessary duplication of efforts and documents.

At this time, ConocoPhillips also asserts that the attorney/client and/or work product privileges, and/or all other applicable privileges, may apply to documents responsive to your subpoena.  We believe it is important to raise and preserve these privileges at this juncture, as neither the company nor its counsel have had reasonable opportunity to review what are voluminous documents and items to determine the applicability of any such privileges.  Upon review of the documents, and assertion of any privilege, we will provide an appropriate privilege log pursuant to applicable authorities.

Similarly, ConocoPhillips objects to the subpoena as it requests confidential, trade secrets and/or proprietary information.  Pursuant to FRCP 45(c)(3)(B), a subpoena will be quashed unless the serving party shows a "substantial need" for the documents.  It is well-established law that "[A] disclosure of trade secrets will be required only where such disclosure is relevant and necessary to the prosecution or defense of a particular case.... [T]he burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure" (*Hartley Pen Co. v. U.S. District Court*, 287 F.2d 324, 330-31 (9th Cir. 1961)).  Here, ConocoPhillips is involved in highly-competitive ventures around the world, competing with other oil companies and related industries.  If confidential proprietary information is released pertaining to software products utilized

Mr. Greenstein
Mr. Lerach
December 22, 2004
Page 3 of 9

by ConocoPhillips, and/or data related thereto, it could severely injure ConocoPhillips' competitiveness in its industry. ConocoPhillips maintains that the injury such disclosure would cause it is not substantially outweighed by Oracle's need for the information.

ConocoPhillips further objects to the subpoena as it imposes an undue burden. Rule 45(c)(3)(A)(iv) provides that a subpoena may be quashed if it subjects the recipient to undue burden (See, e.g., *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004)). Factors considered in determining "undue burden" include relevance, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed (See, e.g., *Flatow v. The Islamic Republic of Iran*, 196 F.R.D. 203, 206-07 (D.D.C. 2000)). Not only are the categories of documents requested extremely overbroad (ie: "All documents and communications concerning Oracle's products, licenses or services....."), they seek irrelevant information that is not even limited to the applicable time period contained in Plaintiff's Revised Second Amended Complaint. It is evident from the overbroad categories and irrelevant requests that the subpoena served upon ConocoPhillips constitutes an undue burden.

Furthermore, it is unduly burdensome and oppressive for ConocoPhillips to bear the costs associated with searching for, identifying, copying and producing the requested documents. Any order compelling ConocoPhillips to produce documents "shall protect any person who is not a party or an office of a party from significant expense resulting from the inspection and copying commanded" (See FRCP 45(c)(2)(B)). The 22 requests you have propounded contain overly broad categories which will likely require ConocoPhillips to devote several hundred employee-hours, in-house and retained counsel's time, in reviewing, gathering and preparing documents/responses regarding the same. After all, it is not the number of requests you have propounded, but rather the overbroad wording and scope of the requests which makes them unduly burdensome and oppressive. At the very least, ConocoPhillips will be seeking an order that Plaintiff pay all of the legal fees and other expenses reasonably incurred in complying with the subject subpoena (See, e.g., *In re First American Corp.*, 184 F.R.D. 234, 240 (S.D.N.Y. 1998)).

Assuming there is an agreement reached regarding the production of documents, ConocoPhillips will not produce any documents until there is a Stipulation and Order in place regarding the confidentiality of any documents produced. In addition, there will have to be prior agreement reached for payment of all expenses ConocoPhillips incurs in responding to the subpoena (including but not limited to employee time, in-house counsel time, retained counsel time, and all reasonable copying costs). There shall be no original documents or data produced; only copies will be produced. Of course, we are willing to discuss an arrangement for the review of an original if there is a question as to the quality or integrity of a copy.

Mr. Greenstein
Mr. Lerach
December 22, 2004
Page 4 of 9

## Objections to Subpoena Requests

Subject to the foregoing objections, which are incorporated into each of the following responses/objections, ConocoPhillips responds to each and every request contained in the subject subpoena as follows:

**Request No. 1**: All documents and communications concerning Oracle's products, licenses or services, including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

**Response to Request No. 1**: Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 2**: All documents and communications concerning any discussions or meetings between you and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of Oracle's products, licenses or services.

**Response to Request No. 2**: Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 3**: All documents and communications concerning your projections or forecasts for purchases or sales of any of Oracle's products, licenses or services.

**Response to Request No. 3**: Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 4**: All documents and communications concerning your actual purchases or orders for Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices, payment terms, sales promotions, fees, discounts, credits, barter transactions, check requests and check or cash disbursements.

**Response to Request No. 4**: Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material;

Mr. Greenstein
Mr. Lerach
December 22, 2004
Page 5 of 9

attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 5**:  All documents and communications concerning your actual or attempted installation, integration or implementation of Oracle's products, licenses or services, including, but not limited to, technical support issues, product failures, delays, and issues regarding consulting fees or payments.

**Response to Request No. 5**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 6**:  All documents and communications concerning any sales presentation, promotion or product demonstration made to you by Oracle for Oracle's products, licenses or services, including, but not limited to, any discussions, promises or guarantees made to you regarding the functionality or performance of Oracle's products.

**Response to Request No. 6**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7**:  All documents and communications concerning your right to return, exchange, defer payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but not limited to, your actual or contemplated decision to exercise those rights.

**Response to Request No. 7**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 8**:  All documents and communications concerning the functionality of Oracle's products and services and compatibility with the hardware, software and information technology systems used by or considered for use by your company.

**Response to Request No. 8**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material;

Mr. Greenstein
Mr. Lerach
December 22, 2004
Page 6 of 9

attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 9**:  All documents and communications concerning any technical defects, problems, bugs, patches, or technical difficulties related to any of Oracle's products, licenses or services, including any complaints you had or raised with Oracle.

**Response to Request No. 9**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10**:  All documents and communications concerning any attempt to fix or remedy any technical defects, difficulties, problems, bugs, or patches related to any of Oracle's products, licenses or services.

**Response to Request No. 10**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 11**:  All documents and communications concerning any actual, potential or threatened legal action by you against Oracle or by Oracle against you, relating to Oracle's products or services, including, but not limited to, contract or payment disputes and disagreements.

**Response to Request No. 11**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 12**:  All documents and communications concerning your information technology budget for Oracle's products, licenses or services, including but not limited to any decline or change due to the slowing of the United States economy.

**Response to Request No. 12**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters

Mr. Greenstein
Mr. Lerach
December 22, 2004
Page 7 of 9

in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 13**:  All documents and communications concerning your efforts to audit, collect or recover payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products, licenses or services.

**Response to Request No. 13**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 14**:  All documents and communications concerning your assessment, testing and evaluation of Oracle's products, licenses or services.

**Response to Request No. 14**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 15**:  All documents and communications concerning any overpayment made by you to Oracle for any purchase of Oracle's products, licenses or services between 1997-2004, including, but not limited to, any proposed or actual reimbursement, refund, credit or discount received in connection with overpayments and any discussions or meetings with Oracle regarding overpayments.

**Response to Request No. 15**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 16**:  All documents and communications concerning your employment or use of any profit or audit recovery entities in connection with overpayments for purchases or sales of Oracle's products and services between 1997 and 2004, including, without limitation, attempts to recover monies owed, or believed to be owed to you by Oracle.

**Response to Request No. 16**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters

Mr. Greenstein
Mr. Lerach
December 22, 2004
Page 8 of 9

in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 17**:  All documents and communications concerning any loss of business or costs incurred by you in connection with your purchase or use of Oracle's products, licenses or services.

**Response to Request No. 17**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 18**:  All documents and communications, including organizational charts and directories, sufficient to identify your employees who were involved with purchases, sales or implementation of Oracle's products and services.

**Response to Request No. 18**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 19**:  All documents and communications concerning your decision to switch from Oracle's products and services to competing products and services sold by companies such as Microsoft or IBM database or any other database or applications provider.

**Response to Request No. 19**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 20**:  All documents and communications concerning your decision not to award software and service contracts to Oracle for which Oracle had submitted a bid or proposal.

**Response to Request No. 20**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

Mr. Greenstein
Mr. Lerach
December 22, 2004
Page 9 of 9

**Request No. 21**:  All documents and communications concerning any proposed or actual services provided by Oracle Consulting in connection with Oracle's products and licenses.

**Response to Request No. 21**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 22**:  All documents and communications concerning agreements or joint ventures with Oracle to promote, sell or market Oracle's products and services.

**Response to Request No. 22**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

          Please contact the undersigned to discuss coordinating a mutually convenient time to meet and confer regarding the foregoing.

                                        Very truly yours,

                                        Ronald C. Specter, Esq.
                                        SPECTER & WILLOUGHBY LLP

RCS/ma

cc:     Lee H. Rubin, Esq. (Via Fax: 650-331-2037)
        James C. Maroulis, Esq. (Via Fax: 650-506-7114)
        Alan N. Salpeter, Esq. (Via Fax: 312-701-7711)
        Beverly M. Dollar, Esq. (Via Fax: 918-661-8739)

Encl. (as stated)

RONALD C. SPECTER, Bar. No. 118417
MICHAEL H. ARTINIAN, Bar No. 203443
Specter & Willoughby, LLP
4675 MacArthur Court, Suite 1150
Newport Beach, CA 92660
Telephone:     (949) 833-9400
Facsimile:     (949) 833-9425

Attorneys for Third-Party Witness,
CONOCOPHILLIPS COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | **CONOCOPHILLIPS COMPANY'S RESPONSES AND OBJECTIONS TO SUBPOENA IN A CIVIL CASE** |
| This Document Relates To: | |
| ALL ACTIONS. | |

CONOCOPHILLIPS COMPANY, not a party to this action, hereby submits its responses and objections to the Subpoena in a Civil Case served upon it by Plaintiff's counsel on December 10, 2004.

## General Objections

An attorney issuing a subpoena has a duty to avoid causing undue burden or expense on the recipient (See, e.g., *Federal Deposit Ins. Corp. v. Garner*, 126 F.3d 1138, 1145-46 (9th Cir. 1997)).

ConocoPhillips objects to the subpoena insofar as it does not provide adequate time to reply, as required by FRCP 45(c)(3)(A)(i).  Clearly, the service of the subject

1

1   subpoena just before the holidays, and providing a responsive date of January 10,

2   2005 (just after the holidays) does not comport with the federal rules.

3       ConocoPhillips further objects to the subpoena as entirely overbroad,

4   burdensome, and oppressive.  We have had the opportunity to review the Complaint at

5   issue, and the subpoena requests information that does not appear to be relevant to the

6   subject of the litigation.  The scope of documents or information that may be obtained

7   by subpoena is the same as the scope of discovery generally under Rule 26.  Thus,

8   ConocoPhillips objects to each and every request insofar as it is not reasonably

9   calculated to lead to the discovery of admissible evidence.

10      On that same note, we join in Oracle's position contained in its December 15,

11   2004 correspondence to the Court, indicating that Plaintiff should wait until Oracle

12   produces its documents before over 100 non-party witnesses (including

13   ConocoPhillips) are forced to respond to such an overbroad and overbearing task.  It

14   appears most logical for you to first review documents to be produced by Oracle prior

15   to burdening ConocoPhillips and the other 100 or so companies subpoenaed in what

16   may result in unnecessary duplication of efforts and documents.

17      At this time, ConocoPhillips also asserts that the attorney/client and/or work

18   product privileges, and/or all other applicable privileges, may apply to documents

19   responsive to your subpoena.  We believe it is important to raise and preserve these

20   privileges at this juncture, as neither the company nor its counsel have had reasonable

21   opportunity to review what are voluminous documents and items to determine the

22   applicability of any such privileges.  Upon review of the documents, and assertion of

23   any privilege, we will provide an appropriate privilege log pursuant to applicable

24   authorities.

25      Similarly, ConocoPhillips objects to the subpoena as it requests confidential,

26   trade secrets and/or proprietary information.  Pursuant to FRCP 45(c)(3)(B), a

27   subpoena will be quashed unless the serving party shows a "substantial need" for the

28   documents.  It is well-established law that "[A] disclosure of trade secrets will be

2

1  required only where such disclosure is relevant and necessary to the prosecution or

2  defense of a particular case.... [T]he burden rests upon the party seeking disclosure to

3  establish that the trade secret sought is relevant and necessary to the prosecution or

4  defense of the case before a court is justified in ordering disclosure" (*Hartley Pen Co.*

5  *v. U.S. District Court*, 287 F.2d 324, 330-31 (9th Cir. 1961)).  Here, ConocoPhillips is

6  involved in highly-competitive ventures around the world, competing with other oil

7  companies and related industries.  If confidential proprietary information is released

8  pertaining to software products utilized by ConocoPhillips, and/or data related thereto,

9  it could severely injure ConocoPhillips' competitiveness in its industry.

10  ConocoPhillips maintains that the injury such disclosure would cause it is not

11  substantially outweighed by Oracle's need for the information.

12       ConocoPhillips further objects to the subpoena as it imposes an undue burden.

13  Rule 45(c)(3)(A)(iv) provides that a subpoena may be quashed if it subjects the

14  recipient to undue burden (See, e.g., *Northwestern Memorial Hosp. v. Ashcroft*, 362

15  F.3d 923, 927 (7th Cir. 2004)).  Factors considered in determining "undue burden"

16  include relevance, the breadth of the document request, the time period covered by it,

17  the particularity with which the documents are described and the burden imposed

18  (See, e.g., *Flatow v. The Islamic Republic of Iran*, 196 F.R.D. 203, 206-07 (D.D.C.

19  2000)).  Not only are the categories of documents requested extremely overbroad (ie:

20  "All documents and communications concerning Oracle's products, licenses or

21  services...."), they seek irrelevant information that is not even limited to the

22  applicable time period contained in Plaintiff's Revised Second Amended Complaint.

23  It is evident from the overbroad categories and irrelevant requests that the subpoena

24  served upon ConocoPhillips constitutes an undue burden.

25       Furthermore, it is unduly burdensome and oppressive for ConocoPhillips to

26  bear the costs associated with searching for, identifying, copying and producing the

27  requested documents.  Any order compelling ConocoPhillips to produce documents

28  "shall protect any person who is not a party or an office of a party from significant

1  expense resulting from the inspection and copying commanded" (See FRCP

2  45(c)(2)(B)).  The 22 requests you have propounded contain overly broad categories

3  which will likely require ConocoPhillips to devote several hundred employee-hours,

4  in-house and retained counsel's time, in reviewing, gathering and preparing

5  documents/responses regarding the same.  After all, it is not the number of requests

6  you have propounded, but rather the overbroad wording and scope of the requests

7  which makes them unduly burdensome and oppressive.  At the very least,

8  ConocoPhillips will be seeking an order that Plaintiff pay all of the legal fees and

9  other expenses reasonably incurred in complying with the subject subpoena (See, e.g.,

10 *In re First American Corp.*, 184 F.R.D. 234, 240 (S.D.N.Y. 1998)).

11      Assuming there is an agreement reached regarding the production of

12 documents, ConocoPhillips will not produce any documents until there is a Stipulation

13 and Order in place regarding the confidentiality of any documents produced.  In

14 addition, there will have to be prior agreement reached for payment of all expenses

15 ConocoPhillips incurs in responding to the subpoena (including but not limited to

16 employee time, in-house counsel time, retained counsel time, and all reasonable

17 copying costs).  There shall be no original documents or data produced; only copies

18 will be produced.  Of course, we are willing to discuss an arrangement for the review

19 of an original if there is a question as to the quality or integrity of a copy.

20

21          **Objections to Subpoena Requests**

22

23      Subject to the foregoing objections, which are incorporated into each of the

24 following responses/objections, ConocoPhillips responds to each and every request

25 contained in the subject subpoena as follows:

26

27 **Request No. 1**:  All documents and communications concerning Oracle's products,

28 licenses or services, including, but not limited to, proposed or actual contracts or

4

1   agreements between you and Oracle.

2

3   **Response to Request No. 1**:  Objection; overly broad, unduly vague and ambiguous;

4   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

5   material; attorney/client and/or work product privileges; seeks information irrelevant

6   to the matters in the Revised Second Amended Complaint, not reasonably calculated

7   to lead to the discovery of admissible evidence.

8

9   **Request No. 2**:  All documents and communications concerning any discussions or

10  meetings between you and Oracle or any Individual Defendant relating to Oracle

11  contracts, agreements or any of Oracle's products, licenses or services.

12

13  **Response to Request No. 2**:  Objection; overly broad, unduly vague and ambiguous;

14  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

15  material; attorney/client and/or work product privileges; seeks information irrelevant

16  to the matters in the Revised Second Amended Complaint, not reasonably calculated

17  to lead to the discovery of admissible evidence.

18

19  **Request No. 3**:  All documents and communications concerning your projections or

20  forecasts for purchases or sales of any of Oracle's products, licenses or services.

21

22  **Response to Request No. 3**:  Objection; overly broad, unduly vague and ambiguous;

23  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

24  material; attorney/client and/or work product privileges; seeks information irrelevant

25  to the matters in the Revised Second Amended Complaint, not reasonably calculated

26  to lead to the discovery of admissible evidence.

27

28  **Request No. 4**:  All documents and communications concerning your actual purchases

5

1  or orders for Oracle's products, licenses or services, including, but not limited to,

2  purchase orders, invoices, payment terms, sales promotions, fees, discounts, credits,

3  barter transactions, check requests and check or cash disbursements.

4

5  **Response to Request No. 4**:  Objection; overly broad, unduly vague and ambiguous;

6  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

7  material; attorney/client and/or work product privileges; seeks information irrelevant

8  to the matters in the Revised Second Amended Complaint, not reasonably calculated

9  to lead to the discovery of admissible evidence.

10

11  **Request No. 5**:  All documents and communications concerning your actual or

12  attempted installation, integration or implementation of Oracle's products, licenses or

13  services, including, but not limited to, technical support issues, product failures,

14  delays, and issues regarding consulting fees or payments.

15

16  **Response to Request No. 5**:  Objection; overly broad, unduly vague and ambiguous;

17  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

18  material; attorney/client and/or work product privileges; seeks information irrelevant

19  to the matters in the Revised Second Amended Complaint, not reasonably calculated

20  to lead to the discovery of admissible evidence.

21

22  **Request No. 6**:  All documents and communications concerning any sales

23  presentation, promotion or product demonstration made to you by Oracle for Oracle's

24  products, licenses or services, including, but not limited to, any discussions, promises

25  or guarantees made to you regarding the functionality or performance of Oracle's

26  products.

27

28  **Response to Request No. 6**:  Objection; overly broad, unduly vague and ambiguous;

6

1   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

2   material; attorney/client and/or work product privileges; seeks information irrelevant

3   to the matters in the Revised Second Amended Complaint, not reasonably calculated

4   to lead to the discovery of admissible evidence.

5

6   **Request No. 7**:  All documents and communications concerning your right to return,

7   exchange, defer payment, or cancel any purchase or order of Oracle's products,

8   licenses or services, including, but not limited to, your actual or contemplated decision

9   to exercise those rights.

10

11  **Response to Request No. 7**:  Objection; overly broad, unduly vague and ambiguous;

12  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

13  material; attorney/client and/or work product privileges; seeks information irrelevant

14  to the matters in the Revised Second Amended Complaint, not reasonably calculated

15  to lead to the discovery of admissible evidence.

16

17  **Request No. 8**:  All documents and communications concerning the functionality of

18  Oracle's products and services and compatibility with the hardware, software and

19  information technology systems used by or considered for use by your company.

20

21  **Response to Request No. 8**:  Objection; overly broad, unduly vague and ambiguous;

22  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

23  material; attorney/client and/or work product privileges; seeks information irrelevant

24  to the matters in the Revised Second Amended Complaint, not reasonably calculated

25  to lead to the discovery of admissible evidence.

26

27  **Request No. 9**:  All documents and communications concerning any technical defects,

28  problems, bugs, patches, or technical difficulties related to any of Oracle's products,

CONOCOPHILLIPS COMPANY'S RESPONSES AND OBJECTIONS TO SUBPOENA IN A CIVIL CASE

1    licenses or services, including any complaints you had or raised with Oracle.

2

3    **Response to Request No. 9**:  Objection; overly broad, unduly vague and ambiguous;

4    burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

5    material; attorney/client and/or work product privileges; seeks information irrelevant

6    to the matters in the Revised Second Amended Complaint, not reasonably calculated

7    to lead to the discovery of admissible evidence.

8

9    **Request No. 10**:  All documents and communications concerning any attempt to fix

10   or remedy any technical defects, difficulties, problems, bugs, or patches related to any

11   of Oracle's products, licenses or services.

12

13   **Response to Request No. 10**:  Objection; overly broad, unduly vague and ambiguous;

14   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

15   material; attorney/client and/or work product privileges; seeks information irrelevant

16   to the matters in the Revised Second Amended Complaint, not reasonably calculated

17   to lead to the discovery of admissible evidence.

18

19   **Request No. 11**:  All documents and communications concerning any actual, potential

20   or threatened legal action by you against Oracle or by Oracle against you, relating to

21   Oracle's products or services, including, but not limited to, contract or payment

22   disputes and disagreements.

23

24   **Response to Request No. 11**:  Objection; overly broad, unduly vague and ambiguous;

25   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

26   material; attorney/client and/or work product privileges; seeks information irrelevant

27   to the matters in the Revised Second Amended Complaint, not reasonably calculated

28   to lead to the discovery of admissible evidence.

1

2  **Request No. 12**:  All documents and communications concerning your information

3  technology budget for Oracle's products, licenses or services, including but not

4  limited to any decline or change due to the slowing of the United States economy.

5

6  **Response to Request No. 12**:  Objection; overly broad, unduly vague and ambiguous;

7  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

8  material; attorney/client and/or work product privileges; seeks information irrelevant

9  to the matters in the Revised Second Amended Complaint, not reasonably calculated

10  to lead to the discovery of admissible evidence.

11

12  **Request No. 13**:  All documents and communications concerning your efforts to

13  audit, collect or recover payments or monies paid to Oracle or owed to you by Oracle,

14  relating to Oracle's products, licenses or services.

15

16  **Response to Request No. 13**:  Objection; overly broad, unduly vague and ambiguous;

17  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

18  material; attorney/client and/or work product privileges; seeks information irrelevant

19  to the matters in the Revised Second Amended Complaint, not reasonably calculated

20  to lead to the discovery of admissible evidence.

21

22  **Request No. 14**:  All documents and communications concerning your assessment,

23  testing and evaluation of Oracle's products, licenses or services.

24

25  **Response to Request No. 14**:  Objection; overly broad, unduly vague and ambiguous;

26  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

27  material; attorney/client and/or work product privileges; seeks information irrelevant

28  to the matters in the Revised Second Amended Complaint, not reasonably calculated

1   to lead to the discovery of admissible evidence.

2

3   **Request No. 15**:  All documents and communications concerning any overpayment

4   made by you to Oracle for any purchase of Oracle's products, licenses or services

5   between 1997-2004, including, but not limited to, any proposed or actual

6   reimbursement, refund, credit or discount received in connection with overpayments

7   and any discussions or meetings with Oracle regarding overpayments.

8

9   **Response to Request No. 15**:  Objection; overly broad, unduly vague and ambiguous;

10   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

11   material; attorney/client and/or work product privileges; seeks information irrelevant

12   to the matters in the Revised Second Amended Complaint, not reasonably calculated

13   to lead to the discovery of admissible evidence.

14

15   **Request No. 16**:  All documents and communications concerning your employment

16   or use of any profit or audit recovery entities in connection with overpayments for

17   purchases or sales of Oracle's products and services between 1997 and 2004,

18   including, without limitation, attempts to recover monies owed, or believed to be

19   owed to you by Oracle.

20

21   **Response to Request No. 16**:  Objection; overly broad, unduly vague and ambiguous;

22   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

23   material; attorney/client and/or work product privileges; seeks information irrelevant

24   to the matters in the Revised Second Amended Complaint, not reasonably calculated

25   to lead to the discovery of admissible evidence.

26

27   **Request No. 17**:  All documents and communications concerning any loss of business

28   or costs incurred by you in connection with your purchase or use of Oracle's products,

1   licenses or services.

2

3   **Response to Request No. 17**:  Objection; overly broad, unduly vague and ambiguous;

4   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

5   material; attorney/client and/or work product privileges; seeks information irrelevant

6   to the matters in the Revised Second Amended Complaint, not reasonably calculated

7   to lead to the discovery of admissible evidence.

8

9   **Request No. 18**:  All documents and communications, including organizational charts

10  and directories, sufficient to identify your employees who were involved with

11  purchases, sales or implementation of Oracle's products and services.

12

13  **Response to Request No. 18**:  Objection; overly broad, unduly vague and ambiguous;

14  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

15  material; attorney/client and/or work product privileges; seeks information irrelevant

16  to the matters in the Revised Second Amended Complaint, not reasonably calculated

17  to lead to the discovery of admissible evidence.

18

19  **Request No. 19**:  All documents and communications concerning your decision to

20  switch from Oracle's products and services to competing products and services sold

21  by companies such as Microsoft or IBM database or any other database or

22  applications provider.

23

24  **Response to Request No. 19**:  Objection; overly broad, unduly vague and ambiguous;

25  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

26  material; attorney/client and/or work product privileges; seeks information irrelevant

27  to the matters in the Revised Second Amended Complaint, not reasonably calculated

28  to lead to the discovery of admissible evidence.

**Request No. 20**:  All documents and communications concerning your decision not to award software and service contracts to Oracle for which Oracle had submitted a bid or proposal.

**Response to Request No. 20**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 21**:  All documents and communications concerning any proposed or actual services provided by Oracle Consulting in connection with Oracle's products and licenses.

**Response to Request No. 21**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 22**:  All documents and communications concerning agreements or joint ventures with Oracle to promote, sell or market Oracle's products and services.

**Response to Request No. 22**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated

1  to lead to the discovery of admissible evidence.

2

3  Dated:  December 22, 2004            SPECTER & WILLOUGHBY LLP

4

5                                       /s/ Ronald C. Specter

6                                       RONALD C. SPECTER, ESQ.
                                        MICHAEL H. ARTINIAN, ESQ.
7                                       Attorneys for:
                                        CONOCOPHILLIPS COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

## PROOF OF SERVICE

**In re ORACLE CORPORATION SECURITIES LITIGATION**
**Untied States District Court, Northern District of California**
Case No. C-01-0988 MJJ

I, Melody Prusak, declare that:

I am over the age of 18 years and not a party to the within action. I am employed in the County where the Proof of Service was prepared and my business address is Law Offices of SPECTER & WILLOUGHBY LLP, 4675 MacArthur Court, Suite 1150, Newport Beach, CA 92660.

On the date set forth below, I served the following document(s):

**CONOCOPHILLIPS COMPANY'S RESPONSES AND OBJECTIONS TO SUBPOENA IN A CIVIL CASE**

To the interested party(s):

### See Exhibit "A" Attached Hereto

by the following means:

(X)  **BY MAIL:**  By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with the business practice for collecting and processing correspondence for mailing. On the same day that correspondence is processed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service in Newport Beach, California to the address(es) shown herein.

( )  **BY PERSONAL SERVICE:**  By placing a true copy thereof, enclosed in a sealed envelope, I caused such envelope to be delivered by hand to the office(s) of Eli Greenstein and William Lerach ONLY, at the addresses shown herein.

( )  **BY OVERNIGHT DELIVERY:**  I caused such delivery by placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Specter & Willoughby LLP, to be delivered by Federal Express, to the address(es) shown herein.

(X)  **BY FACSIMILE (FAX):**  I caused a true copy thereof sent via facsimile to the number(s) shown herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 22, 2004


Melody Prusak

14

1
<u>**Exhibit A**</u>

2

| Donald M. Falk<br>Lee. H. Rubin<br>Shirish Gupta<br>MAYER, BROWN, ROWE & MAW, LLP<br>Two Palo Alto Square, Suite 300<br>Palo Alto, CA 94306<br>**Attorneys for Defendants**<br>Telephone: 650-361-2000<br>Facsimile: 650-331-2060 | Alan N. Salpeter<br>Javier H. Rubinstein<br>MAYER, BROWN, ROWE & MAW, LLP<br>190 South LaSalle Street, Suite 3900<br>Chicago, IL 60503-3441<br>**Attorneys for Defendants**<br>Telephone: 312-782-0600<br>Facsimile: 312-701-7711 |
|---|---|
| Dorian Daley<br>James C. Maroulis<br>ORACLE CORPORATION<br>500 Oracle Parkway, Mail Stop 50P7<br>Redwood City, CA 94065<br>**In House Counsel for Defendants**<br>Telephone: 650-506-5200<br>Facsimile: 650-506-7114 | Beverly Dollar<br>Lorri Hanna<br>CONOCOPHILLIPS COMPANY<br>210 PLB PRC<br>Bartlesville, OK 74004<br>**In House Counsel for ConocoPhillips**<br>Telephone: 918-661-0657<br>Facsimile: 918-661-8739 |
| William S. Lerach<br>Mark Solomon<br>Douglas R. Britton<br>LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS, LLP<br>401 B Street, Suite 1600<br>San Diego, CA 92101-4297<br>**Attorneys for Plaintiffs**<br>Telephone: 619-231-1058<br>Facsimile: 619-231-7423 | Sanford Svetcov<br>Shawn A. Williams<br>Willow E. Radcliffe<br>LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS, LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111-5238<br>**Attorneys for Plaintiffs**<br>Telephone: 415-288-4545<br>Facsimile: 415-288-4534 |

15

1   RONALD C. SPECTER, Bar. No. 118417
    MICHAEL H. ARTINIAN, Bar No. 203443
2   Specter & Willoughby, LLP
    4675 MacArthur Court, Suite 1150
3   Newport Beach, CA 92660
    Telephone:    (949) 833-9400
4   Facsimile:    (949) 833-9425

5   Attorneys for Third-Party Witness,
    CONOCOPHILLIPS COMPANY

**R E C E I V E D**

JAN 1 0 2005

**ALAN N. SALPETER**

6

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11

12  | In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
    |---|---|

13                                              **CONOCOPHILLIPS COMPANY'S**
                                                **SUPPLEMENTAL RESPONSES AND**
14                                              **OBJECTIONS TO SUBPOENA IN A**
                                                **CIVIL CASE**
15  This Document Relates To:

16  ALL ACTIONS.

17

18         CONOCOPHILLIPS COMPANY, not a party to this action, hereby submits its

19  Supplemental Responses and Objections to the Subpoena in a Civil Case served upon

20  it by Plaintiff's counsel on December 10, 2004.  These Supplemental Responses and

21  Objections supplement the original Responses and Objections previously served by

22  ConocoPhillips Company, given the subsequent "Notice of Amendment to Schedule

23  A" served by Plaintiff.

24

25                            **General Objections**

26

27         An attorney issuing a subpoena has a duty to avoid causing undue burden or

28  expense on the recipient (See, e.g., *Federal Deposit Ins. Corp. v. Garner*, 126 F.3d

1

1  1138, 1145-46 (9th Cir. 1997)).

2  ConocoPhillips objects to the subpoena insofar as it does not provide adequate

3  time to reply, as required by FRCP 45(c)(3)(A)(i).  Clearly, the service of the subject

4  subpoena just before the holidays, and providing a responsive date of January 10,

5  2005 (just after the holidays) does not comport with the federal rules.

6  ConocoPhillips further objects to the subpoena as entirely overbroad,

7  burdensome, and oppressive.  We have had the opportunity to review the Complaint at

8  issue, and the subpoena requests information that does not appear to be relevant to the

9  subject of the litigation.  The scope of documents or information that may be obtained

10  by subpoena is the same as the scope of discovery generally under Rule 26.  Thus,

11  ConocoPhillips objects to each and every request insofar as it is not reasonably

12  calculated to lead to the discovery of admissible evidence.

13  On that same note, we join in Oracle's position contained in its December 15,

14  2004 correspondence to the Court, indicating that Plaintiff should wait until Oracle

15  produces its documents before over 100 non-party witnesses (including

16  ConocoPhillips) are forced to respond to such an overbroad and overbearing task.  It

17  appears most logical for you to first review documents to be produced by Oracle prior

18  to burdening ConocoPhillips and the other 100 or so companies subpoenaed in what

19  may result in unnecessary duplication of efforts and documents.

20  At this time, ConocoPhillips also asserts that the attorney/client and/or work

21  product privileges, and/or all other applicable privileges, may apply to documents

22  responsive to your subpoena.  We believe it is important to raise and preserve these

23  privileges at this juncture, as neither the company nor its counsel have had reasonable

24  opportunity to review what are voluminous documents and items to determine the

25  applicability of any such privileges.  Upon review of the documents, and assertion of

26  any privilege, we will provide an appropriate privilege log pursuant to applicable

27  authorities.

28  Similarly, ConocoPhillips objects to the subpoena as it requests confidential,

2

1  trade secrets and/or proprietary information.  Pursuant to FRCP 45(c)(3)(B), a

2  subpoena will be quashed unless the serving party shows a "substantial need" for the

3  documents.  It is well-established law that "[A] disclosure of trade secrets will be

4  required only where such disclosure is relevant and necessary to the prosecution or

5  defense of a particular case.... [T]he burden rests upon the party seeking disclosure to

6  establish that the trade secret sought is relevant and necessary to the prosecution or

7  defense of the case before a court is justified in ordering disclosure" (*Hartley Pen Co.*

8  *v. U.S. District Court*, 287 F.2d 324, 330-31 (9th Cir. 1961)).  Here, ConocoPhillips is

9  involved in highly-competitive ventures around the world, competing with other oil

10  companies and related industries.  If confidential proprietary information is released

11  pertaining to software products utilized by ConocoPhillips, and/or data related thereto,

12  it could severely injure ConocoPhillips' competitiveness in its industry.

13  ConocoPhillips maintains that the injury such disclosure would cause it is not

14  substantially outweighed by Oracle's need for the information.

15        ConocoPhillips further objects to the subpoena as it imposes an undue burden.

16  Rule 45(c)(3)(A)(iv) provides that a subpoena may be quashed if it subjects the

17  recipient to undue burden (See, e.g., *Northwestern Memorial Hosp. v. Ashcroft*, 362

18  F.3d 923, 927 (7th Cir. 2004)).  Factors considered in determining "undue burden"

19  include relevance, the breadth of the document request, the time period covered by it,

20  the particularity with which the documents are described and the burden imposed

21  (See, e.g., *Flatow v. The Islamic Republic of Iran*, 196 F.R.D. 203, 206-07 (D.D.C.

22  2000)).  Not only are the categories of documents requested extremely overbroad (ie:

23  "All documents and communications concerning Oracle's products, licenses or

24  services...."), they seek irrelevant information that is not even limited to the

25  applicable time period contained in Plaintiff's Revised Second Amended Complaint.

26  It is evident from the overbroad categories and irrelevant requests that the subpoena

27  served upon ConocoPhillips constitutes an undue burden.

28        Furthermore, it is unduly burdensome and oppressive for ConocoPhillips to

3

1   bear the costs associated with searching for, identifying, copying and producing the

2   requested documents. Any order compelling ConocoPhillips to produce documents

3   "shall protect any person who is not a party or an office of a party from significant

4   expense resulting from the inspection and copying commanded" (See FRCP

5   45(c)(2)(B)). The 22 requests you have propounded contain overly broad categories

6   which will likely require ConocoPhillips to devote several hundred employee-hours,

7   in-house and retained counsel's time, in reviewing, gathering and preparing

8   documents/responses regarding the same. After all, it is not the number of requests

9   you have propounded, but rather the overbroad wording and scope of the requests

10  which makes them unduly burdensome and oppressive. At the very least,

11  ConocoPhillips will be seeking an order that Plaintiff pay all of the legal fees and

12  other expenses reasonably incurred in complying with the subject subpoena (See, e.g.,

13  *In re First American Corp.*, 184 F.R.D. 234, 240 (S.D.N.Y. 1998)).

14        Assuming there is an agreement reached regarding the production of

15  documents, ConocoPhillips will not produce any documents until there is a Stipulation

16  and Order in place regarding the confidentiality of any documents produced. In

17  addition, there will have to be prior agreement reached for payment of all expenses

18  ConocoPhillips incurs in responding to the subpoena (including but not limited to

19  employee time, in-house counsel time, retained counsel time, and all reasonable

20  copying costs). There shall be no original documents or data produced; only copies

21  will be produced. Of course, we are willing to discuss an arrangement for the review

22  of an original if there is a question as to the quality or integrity of a copy.

23

24                          **Objections to Subpoena Requests**

25

26        Subject to the foregoing objections, which are incorporated into each of the

27  following responses/objections, ConocoPhillips responds to each and every request

28  contained in the subject subpoena as follows:

1

2  **Request No. 1**:  All documents and communications concerning Oracle's products,

3  licenses or services, including, but not limited to, proposed or actual contracts or

4  agreements between you and Oracle.

5

6  **Response to Request No. 1**:  Objection; overly broad, unduly vague and ambiguous;

7  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

8  material; attorney/client and/or work product privileges; seeks information irrelevant

9  to the matters in the Revised Second Amended Complaint, not reasonably calculated

10  to lead to the discovery of admissible evidence.

11

12  **Request No. 2**:  All documents and communications concerning any discussions or

13  meetings between you and Oracle or any Individual Defendant relating to Oracle

14  contracts, agreements or any of Oracle's products, licenses or services.

15

16  **Response to Request No. 2**:  Objection; overly broad, unduly vague and ambiguous;

17  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

18  material; attorney/client and/or work product privileges; seeks information irrelevant

19  to the matters in the Revised Second Amended Complaint, not reasonably calculated

20  to lead to the discovery of admissible evidence.

21

22  **Request No. 3**:  All documents and communications concerning your projections or

23  forecasts for purchases or sales of any of Oracle's products, licenses or services.

24

25  **Response to Request No. 3**:  Objection; overly broad, unduly vague and ambiguous;

26  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

27  material; attorney/client and/or work product privileges; seeks information irrelevant

28  to the matters in the Revised Second Amended Complaint, not reasonably calculated

1    to lead to the discovery of admissible evidence.

2

3    **Request No. 4**:  All documents and communications concerning your actual purchases

4    or orders for Oracle's products, licenses or services, including, but not limited to,

5    purchase orders, invoices, payment terms, sales promotions, fees, discounts, credits,

6    barter transactions, check requests and check or cash disbursements.

7

8    **Response to Request No. 4**:  Objection; overly broad, unduly vague and ambiguous;

9    burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

10   material; attorney/client and/or work product privileges; seeks information irrelevant

11   to the matters in the Revised Second Amended Complaint, not reasonably calculated

12   to lead to the discovery of admissible evidence.

13

14   **Request No. 5**:  All documents and communications concerning your actual or

15   attempted installation, integration or implementation of Oracle's products, licenses or

16   services, including, but not limited to, technical support issues, product failures,

17   delays, and issues regarding consulting fees or payments.

18

19   **Response to Request No. 5**:  Objection; overly broad, unduly vague and ambiguous;

20   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

21   material; attorney/client and/or work product privileges; seeks information irrelevant

22   to the matters in the Revised Second Amended Complaint, not reasonably calculated

23   to lead to the discovery of admissible evidence.

24

25   **Request No. 6**:  All documents and communications concerning any sales

26   presentation, promotion or product demonstration made to you by Oracle for Oracle's

27   products, licenses or services, including, but not limited to, any discussions, promises

28   or guarantees made to you regarding the functionality or performance of Oracle's

1    products.

2

3    **Response to Request No. 6**:  Objection; overly broad, unduly vague and ambiguous;

4    burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

5    material; attorney/client and/or work product privileges; seeks information irrelevant

6    to the matters in the Revised Second Amended Complaint, not reasonably calculated

7    to lead to the discovery of admissible evidence.

8

9    **Request No. 7**:  All documents and communications concerning your right to return,

10   exchange, defer payment, or cancel any purchase or order of Oracle's products,

11   licenses or services, including, but not limited to, your actual or contemplated decision

12   to exercise those rights.

13

14   **Response to Request No. 7**:  Objection; overly broad, unduly vague and ambiguous;

15   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

16   material; attorney/client and/or work product privileges; seeks information irrelevant

17   to the matters in the Revised Second Amended Complaint, not reasonably calculated

18   to lead to the discovery of admissible evidence.

19

20   **Request No. 8**:  All documents and communications concerning the functionality of

21   Oracle's products and services and compatibility with the hardware, software and

22   information technology systems used by or considered for use by your company.

23

24   **Response to Request No. 8**:  Objection; overly broad, unduly vague and ambiguous;

25   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

26   material; attorney/client and/or work product privileges; seeks information irrelevant

27   to the matters in the Revised Second Amended Complaint, not reasonably calculated

28   to lead to the discovery of admissible evidence.

1

2    **Request No. 9**:  All documents and communications concerning any technical defects,

3    problems, bugs, patches, or technical difficulties related to any of Oracle's products,

4    licenses or services, including any complaints you had or raised with Oracle.

5

6    **Response to Request No. 9**:  Objection; overly broad, unduly vague and ambiguous;

7    burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

8    material; attorney/client and/or work product privileges; seeks information irrelevant

9    to the matters in the Revised Second Amended Complaint, not reasonably calculated

10   to lead to the discovery of admissible evidence.

11

12   **Request No. 10**:  All documents and communications concerning any attempt to fix

13   or remedy any technical defects, difficulties, problems, bugs, or patches related to any

14   of Oracle's products, licenses or services.

15

16   **Response to Request No. 10**:  Objection; overly broad, unduly vague and ambiguous;

17   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

18   material; attorney/client and/or work product privileges; seeks information irrelevant

19   to the matters in the Revised Second Amended Complaint, not reasonably calculated

20   to lead to the discovery of admissible evidence.

21

22   **Request No. 11**:  All documents and communications concerning any actual, potential

23   or threatened legal action by you against Oracle or by Oracle against you, relating to

24   Oracle's products or services, including, but not limited to, contract or payment

25   disputes and disagreements.

26

27   **Response to Request No. 11**:  Objection; overly broad, unduly vague and ambiguous;

28   burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

1  material; attorney/client and/or work product privileges; seeks information irrelevant

2  to the matters in the Revised Second Amended Complaint, not reasonably calculated

3  to lead to the discovery of admissible evidence.

4

5  **Request No. 12**:  All documents and communications concerning your information

6  technology budget for Oracle's products, licenses or services, including but not

7  limited to any decline or change due to the slowing of the United States economy.

8

9  **Response to Request No. 12**:  Objection; overly broad, unduly vague and ambiguous;

10  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

11  material; attorney/client and/or work product privileges; seeks information irrelevant

12  to the matters in the Revised Second Amended Complaint, not reasonably calculated

13  to lead to the discovery of admissible evidence.

14

15  **Request No. 13**:  All documents and communications concerning your efforts to

16  audit, collect or recover payments or monies paid to Oracle or owed to you by Oracle,

17  relating to Oracle's products, licenses or services.

18

19  **Response to Request No. 13**:  Objection; overly broad, unduly vague and ambiguous;

20  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

21  material; attorney/client and/or work product privileges; seeks information irrelevant

22  to the matters in the Revised Second Amended Complaint, not reasonably calculated

23  to lead to the discovery of admissible evidence.

24

25  **Request No. 14**:  All documents and communications concerning your assessment,

26  testing and evaluation of Oracle's products, licenses or services.

27

28  **Response to Request No. 14**:  Objection; overly broad, unduly vague and ambiguous;

9

1  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

2  material; attorney/client and/or work product privileges; seeks information irrelevant

3  to the matters in the Revised Second Amended Complaint, not reasonably calculated

4  to lead to the discovery of admissible evidence.

5

6  **Request No. 15**:  All documents and communications concerning any overpayment

7  made by you to Oracle for any purchase of Oracle's products, licenses or services

8  between 1997-2004, including, but not limited to, any proposed or actual

9  reimbursement, refund, credit or discount received in connection with overpayments

10  and any discussions or meetings with Oracle regarding overpayments.

11

12  **Response to Request No. 15**:  Objection; overly broad, unduly vague and ambiguous;

13  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

14  material; attorney/client and/or work product privileges; seeks information irrelevant

15  to the matters in the Revised Second Amended Complaint, not reasonably calculated

16  to lead to the discovery of admissible evidence.

17

18  **Request No. 16**:  All documents and communications concerning your employment

19  or use of any profit or audit recovery entities in connection with overpayments for

20  purchases or sales of Oracle's products and services between 1997 and 2004,

21  including, without limitation, attempts to recover monies owed, or believed to be

22  owed to you by Oracle.

23

24  **Response to Request No. 16**:  Objection; overly broad, unduly vague and ambiguous;

25  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

26  material; attorney/client and/or work product privileges; seeks information irrelevant

27  to the matters in the Revised Second Amended Complaint, not reasonably calculated

28  to lead to the discovery of admissible evidence.

CONOCOPHILLIPS COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SUBPOENA IN A CIVIL CASE

**Request No. 17**:  All documents and communications concerning any loss of business or costs incurred by you in connection with your purchase or use of Oracle's products, licenses or services.

**Response to Request No. 17**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 18**:  All documents and communications, including organizational charts and directories, sufficient to identify your employees who were involved with purchases, sales or implementation of Oracle's products and services.

**Response to Request No. 18**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary material; attorney/client and/or work product privileges; seeks information irrelevant to the matters in the Revised Second Amended Complaint, not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 19**:  All documents and communications concerning your decision to switch from Oracle's products and services to competing products and services sold by companies such as Microsoft or IBM database or any other database or applications provider.

**Response to Request No. 19**:  Objection; overly broad, unduly vague and ambiguous; burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

11

1   material; attorney/client and/or work product privileges; seeks information irrelevant
2   to the matters in the Revised Second Amended Complaint, not reasonably calculated
3   to lead to the discovery of admissible evidence.

4

5   **Request No. 20**:  All documents and communications concerning your decision not to
6   award software and service contracts to Oracle for which Oracle had submitted a bid
7   or proposal.

8

9   **Response to Request No. 20**:  Objection; overly broad, unduly vague and ambiguous;
10  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary
11  material; attorney/client and/or work product privileges; seeks information irrelevant
12  to the matters in the Revised Second Amended Complaint, not reasonably calculated
13  to lead to the discovery of admissible evidence.

14

15  **Request No. 21**:  All documents and communications concerning any proposed or
16  actual services provided by Oracle Consulting in connection with Oracle's products
17  and licenses.

18

19  **Response to Request No. 21**:  Objection; overly broad, unduly vague and ambiguous;
20  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary
21  material; attorney/client and/or work product privileges; seeks information irrelevant
22  to the matters in the Revised Second Amended Complaint, not reasonably calculated
23  to lead to the discovery of admissible evidence.

24

25  **Request No. 22**:  All documents and communications concerning agreements or joint
26  ventures with Oracle to promote, sell or market Oracle's products and services.

27

28  **Response to Request No. 22**:  Objection; overly broad, unduly vague and ambiguous;

12

1  burdensome and oppressive; seeks confidential, trade secret, and/or proprietary

2  material; attorney/client and/or work product privileges; seeks information irrelevant

3  to the matters in the Revised Second Amended Complaint, not reasonably calculated

4  to lead to the discovery of admissible evidence.

5

6  Dated:  January  5  , 2005                    SPECTER & WILLOUGHBY LLP

7

8  /s/ _____

9  RONALD C. SPECTER, ESQ.
   MICHAEL H. ARTINIAN, ESQ.

10  Attorneys for:
    CONOCOPHILLIPS COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

CONOCOPHILLIPS COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SUBPOENA IN A CIVIL
CASE

## PROOF OF SERVICE

### In re ORACLE CORPORATION SECURITIES LITIGATION
### Untied States District Court, Northern District of California
Case No. C-01-0988 MJJ

I, Melody Prusak, declare that:

I am over the age of 18 years and not a party to the within action. I am employed in the County where the Proof of Service was prepared and my business address is Law Offices of SPECTER & WILLOUGHBY LLP, 4675 MacArthur Court, Suite 1150, Newport Beach, CA 92660.

On the date set forth below, I served the following document(s):

### CONOCOPHILLIPS COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SUBPOENA IN A CIVIL CASE

To the interested party(s):

### See Exhibit "A" Attached Hereto

by the following means:

(X)   **BY MAIL:**  By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with the business practice for collecting and processing correspondence for mailing. On the same day that correspondence is processed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service in Newport Beach, California to the address(es) shown herein.

( )   **BY PERSONAL SERVICE:**  By placing a true copy thereof, enclosed in a sealed envelope, I caused such envelope to be delivered by hand to the office(s) of Eli Greenstein and William Lerach ONLY, at the addresses shown herein.

( )   **BY OVERNIGHT DELIVERY:**  I caused such delivery by placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Specter & Willoughby LLP, to be delivered by Federal Express, to the address(es) shown herein.

(X)   **BY FACSIMILE (FAX):**  I caused a true copy thereof sent via facsimile to the number(s) shown herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January  6 , 2005


Melody Prusak

CONOCOPHILLIPS COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SUBPOENA IN A CIVIL CASE

1

**Exhibit A**

2

| | |
|---|---|
| Donald M. Falk<br>Lee. H. Rubin<br>Shirish Gupta<br>MAYER, BROWN, ROWE & MAW, LLP<br>Two Palo Alto Square, Suite 300<br>Palo Alto, CA  94306<br>**Attorneys for Defendants**<br>Telephone: 650-361-2000<br>Facsimile: 650-331-2060 | Alan N. Salpeter<br>Javier H. Rubinstein<br>MAYER, BROWN, ROWE & MAW, LLP<br>190 South LaSalle Street, Suite 3900<br>Chicago, IL  60503-3441<br>**Attorneys for Defendants**<br>Telephone: 312-782-0600<br>Facsimile: 312-701-7711 |
| Dorian Daley<br>James C. Maroulis<br>ORACLE CORPORATION<br>500 Oracle Parkway, Mail Stop 50P7<br>Redwood City, CA  94065<br>**In House Counsel for Defendants**<br>Telephone: 650-506-5200<br>Facsimile: 650-506-7114 | Beverly Dollar<br>Lorri Hanna<br>CONOCOPHILLIPS COMPANY<br>210 PLB PRC<br>Bartlesville, OK  74004<br>**In House Counsel for ConocoPhillips**<br>Telephone: 918-661-0657<br>Facsimile: 918-661-8739 |
| William S. Lerach<br>Mark Solomon<br>Douglas R. Britton<br>LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS, LLP<br>401 B Street, Suite 1600<br>San Diego, CA  92101-4297<br>**Attorneys for Plaintiffs**<br>Telephone: 619-231-1058<br>Facsimile: 619-231-7423 | Sanford Svetcov<br>Shawn A. Williams<br>Willow E. Radcliffe<br>LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS, LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA  94111-5238<br>**Attorneys for Plaintiffs**<br>Telephone: 415-288-4545<br>Facsimile:  415-288-4534 |

18
19
20
21
22
23
24
25
26
27
28

CONOCOPHILLIPS COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SUBPOENA IN A CIVIL
CASE

12/30/2004 16:47 FAX          CITI CARDS LEGAL JAX                    Ø 002



Citicorp Credit Services, Inc. (USA).     Julie D. Nelson
8787 Baypine Road                         Senior Vice President and Counsel
Room 3-2-A720                             Law Department
Jacksonville, FL 32256                    General Counsel – Litigation, Citi Cards

Tel    904/954-8877
Fax    904/954-8716
jnelson@citicorp.com

December 30, 2004

**VIA FACSIMILE (619)231-7423 AND U.S. MAIL**
Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street
Suite 2600
San Francisco, CA 94111

Re:    Oracle Corporation Securities Litigation Subpoena

Dear Mr. Greenstein:

I am in receipt of a subpoena directed at Diners Club International Ltd. ("Diners"), seeking
production of documents in New York on January 17, 2005.  Diners objects to the subpoena,
including Revised Schedule A, and therefore will not respond to it, for the following reasons:

1.  Diners objects to each and every request of the subpoena because they are overly broad and
    unduly burdensome.
2.  Diners objects to each and every request of the subpoena to the extent they seek information
    that is in the possession of the parties to the litigation and could be obtained from such
    parties.
3.  Diners objects to each and every request of the subpoena because they seek irrelevant
    information not reasonably calculated to lead to the discovery of admissible evidence,
    including, without limitation, to the extent they seek information outside of the class period.
4.  Diners objects to each and every request to the extent they call for information that is subject
    to and protected by the attorney-client privilege and the attorney work-product privilege, the
    consulting-expert privilege, the bank regulatory privilege, or any other statutory or common-
    law privilege.
5.  Diners objects to each and every request to the extent that they seek confidential or
    proprietary documents, particularly those requests that seek customer information, proprietary
    technical information and documents subject to confidentiality agreements with third parties.
6.  Diners objects to each and every request to the extent that they are vague and ambiguous.
7.  Diners objects to the subpoena because it fails to allow a reasonable time for production of
    documents.  Diners further objects to the subpoena to the extent it seeks production at a
    location other than where the documents are maintained in the ordinary course of business.

A member of citigroup

8. Diners objects to the subpoena because it was not accompanied by sufficient fees to cover the expenses required to search for and produce responsive documents.

9. Diners objects to the subpoena to the extent it is premature and to the extent that the Court issues a protective order staying or limiting production.

10. Diners objects to the definitions and instructions to the subpoena to the extent they seek to impose requirements that are in addition to, or different than, those imposed by the Federal Rules of Civil Procedure and any applicable local rules, including, without limitation, instruction number 5.

11. Diners further objects to the definitions and instructions which are overly broad and unduly burdensome, including, without limitation, definition number 1 and instruction numbers 2 and 9.

12. Diners objects to the instructions to the subpoena, particularly definition number 1 and instruction number 2, to the extent they seek to impose a duty on Diners to search for documents that are in the possession of any person or entity other than Diners, its officers, directors or employees.

13. Diners reserves the right to supplement these objections.


I understand that a motion for protective order is presently pending before the Court. If the Court permits you to proceed with third party discovery against Diners, Diners is willing to meet and confer regarding a reasonable set of requests, subject to appropriate protections and expense reimbursement.


Sincerely,

Julie D. Nelson*


cc:     James C. Maroulis
        Senior Corporate Counsel
        Oracle Corporation
        500 Oracle Parkway
        Redwood Shores, CA 94065
        Fax no. 650-506-7114

---

\* Admitted to practice in Colorado, Texas and the District of Columbia; not admitted in Florida.

2

 Vinson&Elkins V&E
ATTORNEYS AT LAW

VINSON & ELKINS L.L.P.
THE TERRACE 7
2801 VIA FORTUNA, SUITE 100
AUSTIN, TEXAS 78746
TELEPHONE (512) 542-8400
FAX (512) 542-8612
www.velaw.com

 R E C E I V E D
JAN 0 3 2005
ALAN N. SALPETER

Gary Ewell
Direct Dial (512) 542-8526
Direct Fax (512) 236-3243
gewell@velaw.com

December 27, 2004

William S. Lerach
Mark Solomon
Douglas R. Brittton
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP
401 B Street, Suite 1700
San Diego, CA  92101-5050

Sanford Svetcov
Shawn A. Williams
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238

Re:    In re Oracle Corporation Securities Litigation;
       <u>CASE NUMBER: C-01-0988-MJJ (Northern District of California)</u>

Dear Sirs:

Enclosed please find the Objections of DuPont Photomasks, Inc. to your Subpoena for Production of Documents.

If you have any questions, please feel free to contact me.  Thank you.

Very truly yours,

Gary Ewell

GE/mdl
Enclosures

493294_1.DOC

cc:    Alan N. Salpeter/Javier H. Rubinstein
       Donald M. Falk
       Steve O. Kramer/Jamie E. Wrage
       Lauren G. Segal

1  Gary Ewell (California Bar No. 104050)
2  Jennifer Poppe (Texas Bar No. 24007855)
   VINSON & ELKINS L.L.P.
3  2801 Via Fortuna, Suite 100
   Austin, TX  78746
4  (512) 542-8400 (Telephone)
   (512) 542-3243 (Fax)
5
6  Attorney for Third Party DUPONT PHOTOMASKS, INC.

7

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                                    | Case No. C-01-0988-MJJ
12                                    |
   **Discovery Subpoena Issued in:**  |      (Northern District of California)
13                                    |
14 **In re ORACLE CORPORATION**       | **OBJECTIONS OF DUPONT
   **SECURITIES LITIGATION**          | PHOTOMASKS, INC. TO THE
15                                    | SUBPOENA FOR PRODUCTION OF
                                      | DOCUMENTS**
16
17 _____|

18

19      DuPont Photomasks, Inc. ("DPI") serves these Objections to the Subpoena for Production

20 of Documents from Lead Plaintiffs pursuant to the Federal Rules of Civil Procedure.

21                          **GENERAL OBJECTIONS**

22      DPI objects to these Requests to the extent that they seek disclosure of confidential or

23 

24 sensitive business information.

25      DPI objects to these Requests to the extent they are overly broad, unduly burdensome,

26 and seek discovery of information that is irrelevant to this action.

                                    1

DPI objects to these Requests to the extent that they seek production of documents subject to the attorney client privilege, the work-product privilege, or are otherwise protected or privileged by law.

DPI further objects to this Request because it seeks documents that are located more than 100 miles from the place where the documents are to be produced for inspection and copying.

DPI further objects to these Requests because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI.

Subject to and without waiving the foregoing objections, DPI responds as follows:

**REQUEST NO. 1:**

All documents and communications concerning Oracle's products, licenses or services, including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

OBJECTIONS OF DUPONT PHOTOMASKS, INC. TO THE SUBPOENA FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 2:**

      All documents and communications concerning any discussions or meetings between you and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of Oracle's products, licenses or services.

**RESPONSE:**

      DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope.  DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI.  DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information.  In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 3:**

      All documents and communications concerning your projections or forecasts for purchases or sales of any of Oracle's products, licenses or services.

**RESPONSE:**

      DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope.  DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI.  DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information.  In addition, DPI objects to this Request to the extent that it seeks

3

documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 4:**

All documents and communications concerning your actual purchases or orders for Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices, payment terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check requests and check or cash disbursements.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 5:**

All documents and communications concerning your actual or attempted installation, integration or implementation of Oracle's products, licenses or services, including, but not limited to, technical support issues, product failures, delays, and issues regarding consulting fees or payments.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the

4

discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 6:**

All documents and communications concerning any sales presentation, promotion or product demonstration made to you by Oracle's products, licenses or services, including, but not limited to, any discussions, promises or guarantees made to you regarding the functionality or performance of Oracle's products.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 7:**

All documents and communications concerning your right to return, exchange, defer payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but not limited to, your actual or contemplated decision to exercise those rights.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 8:**

All documents and communications concerning the functionality of Oracle's products and services and compatibility with the hardware, software and information technology systems used by or considered for use by your company.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

6

**REQUEST NO. 9:**

All documents and communications concerning any technical defects, problems, bugs, patches, or technical difficulties related to any of Oracle's products, licenses or services, including any complaints you had or raised with Oracle.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope.   DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI.  DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information.  In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 10:**

All documents and communications concerning any attempt to fix or remedy any technical defects, difficulties, problems, bugs, or patches related to any of Oracle's products, licenses or services.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope.   DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI.  DPI also objects to this Request to the extent that it seeks disclosure of confidential or

7

sensitive business information.  In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 11:**

All documents and communications concerning any actual, potential or threatened legal action by you against Oracle or by Oracle against you, relating to Oracle's products or services, including, but not limited to, contract or payment disputes and disagreements.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope.  DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI.  DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information.  In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 12:**

All documents and communications concerning your information technology budget for Oracle's products, licenses or services, including but not limited to any decline or change due to the slowing of the United States economy.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope.  DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the

OBJECTIONS OF DUPONT PHOTOMASKS, INC. TO THE SUBPOENA FOR PRODUCTION OF DOCUMENTS

discovery of admissible evidence.  DPI further objects to this Request because the party issuing

the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on

DPI.  DPI also objects to this Request to the extent that it seeks disclosure of confidential or

sensitive business information.  In addition, DPI objects to this Request to the extent that it seeks

documents that are protected by the attorney-client privilege and/or the attorney work-product

doctrine.

**REQUEST NO. 13:**

All documents and communications concerning your efforts to audit, collect or recover
payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products,
licenses or services.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not

sufficiently limited in time or scope.  DPI also objects to this Request because it seeks

documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the

discovery of admissible evidence.  DPI further objects to this Request because the party issuing

the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on

DPI.  DPI also objects to this Request to the extent that it seeks disclosure of confidential or

sensitive business information.  In addition, DPI objects to this Request to the extent that it seeks

documents that are protected by the attorney-client privilege and/or the attorney work-product

doctrine.

**REQUEST NO. 14:**

All documents and communications concerning your assessment, testing and evaluation
of Oracle's products, licenses or services.

OBJECTIONS OF DUPONT PHOTOMASKS, INC. TO THE SUBPOENA FOR PRODUCTION OF DOCUMENTS

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 15:**

All documents and communications concerning any overpayment made by you to Oracle for any purchase or Oracle's products, licenses or services between 1997-2004, including, but not limited to, any proposed or actual reimbursement, refund, credit or discount received in connection with overpayments and any discussions or meetings with Oracle regarding overpayments.

**REPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks

10

1   documents that are protected by the attorney-client privilege and/or the attorney work-product

2   doctrine.

3

4   **REQUEST NO. 16:**

5       All documents and communications concerning your employment or use of any profit or
    audit recovery entities in connection with overpayments for purchases or sales of Oracle's
6   products and services between 1997 and 2004, including, without limitation, attempts to recover
    monies owed, or believed to be owed to you by Oracle.
7

8   **RESPONSE:**

9       DPI objects to this Request because it is overly broad, unduly burdensome, and not

10  sufficiently limited in time or scope.   DPI also objects to this Request because it seeks

11  documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the

12  discovery of admissible evidence.  DPI further objects to this Request because the party issuing

13  the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on

14  DPI.  DPI also objects to this Request to the extent that it seeks disclosure of confidential or

15  sensitive business information.  In addition, DPI objects to this Request to the extent that it seeks

16  documents that are protected by the attorney-client privilege and/or the attorney work-product

17

18  doctrine.

19

20  **REQUEST NO. 17:**

21      All documents and communications concerning any loss of business or costs incurred by
    you in connection with your purchase of Oracle's products, licenses or services.
22

23  **RESPONSE:**

24      DPI objects to this Request because it is overly broad, unduly burdensome, and not

25  sufficiently limited in time or scope.   DPI also objects to this Request because it seeks

26  documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the

    discovery of admissible evidence.  DPI further objects to this Request because the party issuing

the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 18:**

All documents or communications, including organizational charts and directories, sufficient to identify your employees who were involved with purchases, sales or implementation or Oracle's products and services.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 19:**

All documents and communications concerning your decision to switch from Oracle's products and services to competing products and services sold by companies such as Microsoft or IBM database or any other database or applications provider.

12

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 20:**

All documents and communications concerning your decision not to award software and service contracts to Oracle for which Oracle had submitted a bid or proposal.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

OBJECTIONS OF DUPONT PHOTOMASKS, INC. TO THE SUBPOENA FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 21:**

All documents and communications concerning any proposed or actual services provided by Oracle Consulting in connection with Oracle's products and licenses.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 22:**

All documents and communications concerning agreements or joint ventures with Oracle to promote, sell or market Oracle's products and services.

**RESPONSE:**

DPI objects to this Request because it is overly broad, unduly burdensome, and not sufficiently limited in time or scope. DPI also objects to this Request because it seeks documents irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. DPI further objects to this Request because the party issuing the subpoena did not take all reasonable steps to avoid imposing undue burden or expense on DPI. DPI also objects to this Request to the extent that it seeks disclosure of confidential or sensitive business information. In addition, DPI objects to this Request to the extent that it seeks

14

1  documents that are protected by the attorney-client privilege and/or the attorney work-product

2  doctrine.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

15

VINSON & ELKINS L.L.P.

By: _____

Gary Ewell
California Bar No. 104050
Jennifer Poppe
Texas Bar No. 24007855
2801 Via Fortuna, Suite 100
Austin, TX 78746
(512) 542-8400 (Telephone)
(512) 542-3243 (Fax)

**ATTORNEY FOR DUPONT PHOTOMASKS, INC.**

16

## DECLARATION OF SERVICE

I, Melanie D. Lee, declare as follows:

I am employed in the County of Travis, State of Texas; I am over the age of eighteen years and am not a party to this action; my business address is 2801 Via Fortuna, Austin, Texas, 78746, in said County and State.  On the date indicated below, I served the within:

Objections of DuPont Photomasks, Inc. to the Subpoena for Production of Documents

by serving a true copy thereof via certified mail return receipt requested, on the following counsel of record on December 27, 2004.

Sanford Svetcov
Shawn A. Williams
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238

William S. Lerach
Mark Solomon
Douglas R. Brittton
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP
401 B Street, Suite 1700
San Diego, CA  92101-5050

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw
190 South LaSalle Street
Chicago, IL  60603-3441

Donald M. Falk
Mayer, Brown, Rowe & Maw
555 College Avenue
Palo Alto, CA  94306

Steve O. Kramer
Jamie E. Wrage
Mayer, Brown, Rowe & Maw
350 South Grand Avenue
Suite 2500
Los Angeles, CA  90071-1503

17

Lauren G. Segal
Oracle Corporation
500 Oracle Pkwy.
Mail Stop 50P7
Redwood City, CA  94065

     I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on December 27, 2004, at Austin, Texas.

Melanie D. Lee

493048_1.DOC

18

OBJECTIONS OF DUPONT PHOTOMASKS, INC. TO THE SUBPOENA FOR PRODUCTION OF DOCUMENTS