

WESTON BENSHOOF
ROCHEFORT RUBALCAVA MacCUISH LLP
ATTORNEYS AT LAW

(213) 576-1148
lkarasik@wbcounsel.com

December 23, 2004

**VIA U.S. MAIL**

Eli R. Greenstein
Lerach, Coughlin, Stoia, Geller,
     Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Re: Third-Party Subpoena to Eaton Corporation
    <u>In Re Oracle Corporation Securities Litigation</u>

Dear Mr. Greenstein:

        We represent Eaton Corporation ("Eaton"). Eaton was recently served by your office with a subpoena seeking a broad category of documents in connection with the above-referenced litigation. We are writing to object to your subpoena for the following reasons:

    1.    The subpoena is defective because Eaton's principal place of business is in Cleveland, Ohio, and any documents arguably responsive to the subpoena would be located there. While Eaton has certain operating facilities in California, we are unaware that these facilities would maintain the kind of documents referenced in your subpoena, and further investigation will be required to determine the location and extent of materials.

    2.    The subpoena is overly broad and burdensome and would subject Eaton, a third-party, to undue burden and expense to identify materials that might be responsive.

Eli R. Greenstein
December 23, 2004
Page 2

3.   The subpoena appears to seek documents from Eaton that plaintiffs could more easily obtain from Oracle or by other means.

4.   The subpoena is also overbroad because it seeks production of documents which may be privileged.

5.   Plaintiffs have not offered to reimburse Eaton for the substantial expense that would be entailed to conduct the review of documents necessary to identify arguably responsive materials. Eaton objects to production of any documents absent plaintiffs' agreement to pay for the reasonable costs associated with identifying and copying responsive materials.

6.   The subpoena was served shortly before the Holidays and inadequate time has been afforded to Eaton to identify arguably responsive materials.

7.   The subpoena may call for production of documents that are confidential, proprietary and/or trade secret in nature. Production of any such materials would require entry of an appropriate protective order.

8.   Eaton is advised that defendants' counsel has sought a protective order that would limit or restrict plaintiffs' from pursuing the discovery described in the subpoena, and those objections are now pending before the Court. Eaton objects to production of any documents until such time as the Court has ruled on these objections.

In the event the Court determines that plaintiffs may proceed with third-party discovery, we are amenable to further discussions whereby the subpoena may be narrowed and other steps taken, consistent with the objections noted above, to avoid undue burden and prejudice to Eaton.

Eli R. Greenstein
December 23, 2004
Page 3


If you would like to discuss the matter further, please do not hesitate to call.

Very truly yours,

*Louis A Karasik*

Louis A. Karasik
WESTON BENSHOOF
ROCHEFORT RUBALCAVA & MacCUISH LLP

LAK/jll

cc:   James C. Maroulis, Esq.

WESTON BENSHOOF
ROCHEFORT RUBALCAVA MACCUISH LLP
ATTORNEYS AT LAW

# Demeo & Associates, P.C.

One Lewis Wharf
Boston, MA 02110

Telephone: 617-263-2600
Fax: 617-263-2300
email: jdemeo@jdemeo.com

_**By First Class Mail and Facsimile**_

December 22, 2004

Eli R. Greenstein, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP
100 Pine Street, Ste. 2600
San Francisco, CA, 94111

Re:    _In re Oracle Corporation Securities Litigation_, C-01-0988-MJJ

Dear Attorney Greenstein:

Enclosed please find an _Objection_ to the Subpoena which was served upon my client, Empirix, Inc. Given our discussion last week, I expect that we will be able to reach a resolution on this issue short of a motion to compel.

Should you have any questions, please do not hesitate to contact me at 617-263-2600. Thank you.

Very truly yours,

Joseph L. Demeo

Enclosure
cc:    Jonathon Levitt, Esq.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

In re Oracle Corporation Securities
Litigation

)
)
)
)
)

C-01-0988-MJJ

## OBJECTION TO SUBPOENA

Pursuant to Rule 45(c)(1) and 45(c)(2)(B) of the Federal Rules of Civil Procedure, third-party Empirix, Inc. ("Empirix") objects to the Subpoena in a Civil Case issued by Plaintiffs' counsel in the above-entitled action (the "Subpoena") because the Subpoena is overly broad and imposes an undue burden and expense upon Empirix by requiring Empirix to produce voluminous documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in the above-captioned matter.

For the foregoing reasons, Empirix objects to the Subpoena.

EMPIRIX, INC.
By its attorneys,

Joseph L. Demeo, BBO #561254
Stephanie Taverna Siden, BBO #643373
Demeo & Associates, P.C.
One Lewis Wharf
Boston, Massachusetts 02110
(617) 263-2600

Dated: December 20, 2004

## CERTIFICATE OF SERVICE

I, Stephanie Taverna Siden, hereby certify that on December 23, 2004, I served, by facsimile and first class mail, a copy of this document to Eli R. Greenstein, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, 100 Pine Street, Ste. 2600, San Francisco, CA, 94111.

Stephanie Taverna Siden

**FDIC**
**Federal Deposit Insurance Corporation**
550 17th Street, NW, Washington, DC 20429

Legal Division

January 7, 2005

By Electronic Mail (PDF Attachment) and
First-Class Postal Mail

Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Re: *In re Oracle Corporation Securities Litigation*,
Master File No. C-01-0988-MJJ,
U.S. District Court for the Northern District of California

Dear Mr. Greenstein:

The Federal Deposit Insurance Corporation (FDIC) has received a subpoena *duces tecum* issued by the U.S. District Court for the District of Columbia and signed by you, as the issuing officer, on December 14, 2004. The original subpoena was replaced by an Amended Schedule A in a Notice of Amendment to Schedule A (Notice) signed by you on December 15, 2004. Since the Notice was not served upon the FDIC until December 30, 2004, the 14-day period for objecting to the revised subpoena ends on January 13, 2005.

The FDIC hereby objects to the subpoena and Amended Schedule A (collectively, the "Subpoena") for the following reasons:

1. The FDIC objects to the Subpoena because the time period for compliance is unreasonably short and therefore unduly burdensome. The subpoena was issued during the winter holiday season, when many people are on vacation, and Amended Schedule A was not received until the day before New Year's Eve. Amended Schedule A makes 22 separate document requests, each of which is extremely broad in scope (as discussed below). The Subpoena requires that responsive documents be made available for inspection and copying on January 17, 2005. Given the timing of the Subpoena, as well as the number and breadth of the requests, January 17th is much too soon for the FDIC to be able to respond diligently and in good faith.

2. The FDIC objects to the Subpoena because the number and breadth of the requests in Amended Schedule A make compliance unduly burdensome for the FDIC. The FDIC is not a party to the litigation nor does it have any involvement in it. The 22 separate document requests set forth in Amended Schedule A are extremely broad in scope. Except for shortening the relevant time period, Amended Schedule A makes no attempt to narrow the scope of the requests to more reasonable limits and thereby reduce the

Eli R. Greenstein, Esq.
January 7, 2005
Page 2 of 2

significant amount of time and resources that the FDIC will need to commit in order to respond diligently and in good faith.

3. The FDIC objects to the Subpoena to the extent that the requested information can be obtained from other sources, including the parties to the action, without relying on a third party who has no involvement with the litigation. To the extent that there are alternative sources for the requested information, including the parties to the action, the Subpoena imposes an undue burden by requiring a third party such as the FDIC to commit its limited time and resources to the task of searching for and producing the information.

4. To the extent that the Subpoena requires the production of exempt records, as defined at 12 C.F.R. § 309.5(g), the FDIC objects to the Subpoena because it fails to comply with the procedures for requesting disclosure of exempt records set forth at 12 C.F.R. § 309.6(b).

5. The FDIC objects to the Subpoena to the extent that it requires the production of documents that are in the possession of persons or entities over which the FDIC has no control.

6. The FDIC objects to the Subpoena to the extent that Instruction No. 5 of Amended Schedule A imposes requirements not mandated by Rule 45(d)(2) of the Federal Rules of Civil Procedure.

Any questions regarding the foregoing objections should be directed to Richard B. Foley, Counsel in the Corporate Litigation Unit, who can be reached at (202) 736-0301.

Respectfully,

Charles L. Cope
Senior Counsel
Corporate Litigation Unit

Legal Department
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125

Telephone 901.434.8600


Express

December 27, 2004

Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins, LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Re:     In re Oracle Corporation Securities Litigation
        Federal Express Corporation Subpoena

Dear Mr. Greenstein,

This letter is written pursuant to Rule 45(c) of the Fed. R. Civ. Pro and should be considered a written objection on the part of FedEx Corporation, FedEx Corporate Services, Inc., Federal Express Corporation, FedEx Ground Packaging System, Inc. and any other of the operating companies owned by FedEx Corporation (hereinafter collectively referred to as "FedEx") to the subpoena(s) served on any of them in the litigation referenced above. This objection is made within the time allowed by the Rules and prior to the date set for compliance with the subpoena.

1.      FedEx objects to the subpoena as being unreasonable, unduly burdensome and expensive for compliance as well as being overly broad and non-specific in scope.

2.      FedEx objects to the burdensome nature of the subpoena because of the requirement for the production of what would likely be hundreds of thousands of pages of documents in Los Angeles, California on January 10, 2005. The documents are located in Memphis, Tennessee, as well as in other locations throughout the United States and will require hundreds of man-hours of labor to gather, collate and produce.

3.      FedEx objects because the documents requested to a great extent are in the possession of and are readily available from the parties to this litigation. Any production by FedEx would therefore be redundant, duplicative and unduly burdensome.

4.      FedEx objects because many of the documents requested are protected from production pursuant to the attorney-client privilege and the work product doctrine.

5.      FedEx objects because many of the documents sought contain
        proprietary and confidential information, some of which rises to
        the level of trade secrets and FedEx would be damaged by the
        disclosure of such proprietary information or would be placed at a
        competitive disadvantage by such disclosure.

6.      FedEx objects because much of the information requested is
        irrelevant to any issues in the current litigation and the disclosure
        of these documents will not lead to the discovery of relevant
        information.

7.      FedEx objects because no attempt is made to provide
        reimbursement to FedEx for the cost of production and the
        production is therefore rendered unreasonable, unduly burdensome
        and costly to FedEx.

8.      FedEx objects because subpoena, its instructions and definitions
        seek to impose obligations on FedEx that exceed any obligations
        imposed by the Federal Rules of Civil Procedure, thereby
        rendering the subpoena unreasonable, unduly burdensome and
        oppressive.

9.      FedEx objects because the subpoena is vague, ambiguous, overly
        broad, unduly burdensome and oppressive because it demand all
        documents in broadly defined categories that places FedEx in
        jeopardy of allegations of non-compliance because of the ill-
        defined nature of the requests.

10.     FedEx reserves the right to amend and supplement these
        objections.

Please keep me advised of the status of this matter.

                            Yours truly,

                            FEDERAL EXPRESS CORPORATION



                            Robert R. Ross
                            Senior Attorney
                            rrross@fedex.com
                            901-434-8369 (Voice)
                            901-434-4523 (Fax)

545012



COPY

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  SUPRIYA SUNDARRAJAN  Bar No. 215183
   One Embarcadero Center, 16th Floor
3  San Francisco, California 94111-3628
   Telephone: (415) 781-7900
4  Facsimile: (415) 781-2635

5  Attorneys for Responding Party
   HARTFORD LIFE, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11                                    Master File No. C-01-0988-MJJ

12  In re ORACLE CORPORATION          CLASS ACTION
    SECURITIES LITIGATION
13                                    HARTFORD LIFE, INC.'S OBJECTIONS TO
                                      SUBPOENA IN A CIVIL CASE FOR
14                                    PRODUCTION OF DOCUMENTS AND
                                      OBJECTS
15
                                      [Fed. R. Civ. P. 45(c)(2)(B)]
16

17

18

19            **OBJECTION TO SUBPOENA IN ITS ENTIRETY**

20          Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Hartford Life, Inc.

21  ("Hartford Life") objects to the inspection and copying of all designated materials in the

22  Subpoena in a Civil Case ("the Subpoena") propounded by plaintiffs in *In re Oracle Corporation*

23  *Securities Litigation* ("plaintiffs").  Additionally, Hartford Life specifically objects to each

24  request as set forth herein.

                 **STATEMENT OF GENERAL OBJECTIONS**
25
            Hartford Life makes the following General Objections to the Subpoena in its entirety, and
26
    to each and every instruction, definition, and request made in the Subpoena, each of which is
27
    incorporated specifically into each "Objection to Request" set forth below.
28

1.    Hartford Life objects to the Subpoena to the extent it is premature discovery, which is prohibited under the Federal Rules of Civil Procedure, and specifically Rule 26(d) of the Federal Rules of Civil Procedure, Federal Rules of Evidence, local rules, judge's standing order(s), and/or California statutory and case authority.  Hartford Life further objects that plaintiffs' service was ambiguous, incomplete, and prejudicial with respect to determining an appropriate response time in that, after serving the Subpoena and Schedule A attachment through a process server on December 16, 2004, plaintiffs served an "Amended Schedule A" attachment, by regular mail, postmarked December 15, 2004, but which Hartford Life's statutory agent did not receive until December 22, 2004.  The "Amended Schedule A" was served without an accompanying subpoena or any related documents.

2.    Hartford Life objects to the Subpoena as overbroad, unduly burdensome, and oppressive in that, among other things, plaintiffs failed to first direct their requests to the parties to the action, including, but not limited to defendant Oracle Corporation, its subsidiaries, divisions, or affiliates ("Oracle"), but have instead propounded these requests on approximately 170 third-party Oracle customers.

3.    Hartford Life objects to the Subpoena with only the knowledge it has as a corporation.  Nothing herein shall be construed as an admission or denial as to the existence or nonexistence of any document.  Nothing herein is an admission respecting the relevancy or admissibility of any document or the truth or accuracy of any statement or characterization contained in any request or in any document.

4.    Insofar as any request seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, Hartford Life objects to such request on the ground of such privilege or such doctrine.

5.    Hartford Life objects to each request to the extent it purports to impose any requirement on Hartford Life other than as set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, local rules, judge's standing order(s), and/or California statutory and case authority.

6.    Hartford Life objects to each request to the extent it calls for the identification or

1  production of documents and things that, in whole or in part, comprise or reflect confidential,

2  private (impacting Hartford Life's right of privacy), trade secret, and/or proprietary business

3  information belonging to Hartford Life or information which may infringe on the confidential,

4  privacy, trade secret, or proprietary rights of third parties.

5        7.    Hartford Life objects to each request to the extent it seeks production of

6  documents not relevant to the claims or defenses of any party to the lawsuit in which the

7  documents are subpoenaed, and not reasonably calculated to lead to the discovery of admissible

8  evidence.

9        8.    As Hartford Life is not a party to the pending action, it is not aware of all of the

10  issues in the litigation.  Hence, Hartford Life fully and expressly reserves all of its rights to assert

11  such additional or further objections to the Subpoena as it deems appropriate at a later time and

12  nothing done or not done by Hartford Life at this time shall be construed as a waiver of any other

13  objections it may have to the Subpoena or any aspect thereof.

14                            **OBJECTIONS TO DEFINITIONS**

15        1.    Hartford Life objects to the definition of "You" or "Your" as vague, ambiguous,

16  overbroad, unduly burdensome, oppressive, and cumulative.  Hartford Life refers to Hartford

17  Life, Inc. and Hartford Life only responds for itself herein.

18        2.    Hartford Life objects to the definition of "Document" or "documents" to the

19  extent it imposes any obligation beyond that imposed by Rule 34(a) of the Federal Rules of Civil

20  Procedure and Rule 1001 of the Federal Rules of Evidence.

21        3.    Hartford Life objects to the definition of "Oracle" as vague, ambiguous, and

22  overbroad.

23        4.    Hartford Life objects to the definition of "Ellison" as vague, ambiguous, and

24  overbroad.

25        5.    Hartford Life objects to the definition of "Henley" as vague, ambiguous, and

26  overbroad.

27        6.    Hartford Life objects to the definition of "Sanderson" as vague, ambiguous, and

28  overbroad.

7.      Hartford Life objects to the definition of "Individual Defendants" as vague, ambiguous, overbroad, duplicative, and cumulative.

8.      Hartford Life objects to the definition of "Defendants" as vague, ambiguous, overbroad, unduly burdensome, oppressive, and cumulative.

9.      Hartford Life objects to the definition of "Person" or "persons" as vague, ambiguous, and overbroad.

10.     Hartford Life objects to the definition of "Communication" as vague, ambiguous, overbroad, duplicative, and cumulative.  Hartford Life further objects to the definition of "Communication" to the extent it attempts to define a term to include information protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Hartford Life also objects to the definition of "Communication" to the extent it attempts to include proprietary, private (impacting Hartford Life's right of privacy), confidential, and/or trade secret information. Hartford Life further objects to the extent the definition attempts to incorporate that which is not relevant to the subject matter of the present action and/or not likely to lead to the discovery of admissible evidence.

11.     Hartford Life objects to the definition of "Meeting" as overbroad, vague, ambiguous, not reasonably clear, confusing, and unintelligible.

12.     Hartford Life objects to the definition of "Your employee" as overbroad, vague, and ambiguous.  Hartford Life further objects to the definition of "Your employee" as improper in that it attempts to impose a definition on relationships that are subject to legal interpretation.

13.     Hartford Life objects to the definition of "Identify" as overbroad.

14.     Hartford Life objects to the definition of "Entity" or "entities" as overbroad, vague, ambiguous, not reasonably clear, confusing, unintelligible, duplicative, and cumulative.

15.     Hartford Life objects to the definition of "CRM" as vague, ambiguous, overbroad, confusing, unintelligible, duplicative, and cumulative.  Hartford Life further objects to the definition of "CRM" to the extent it attempts to define a term to include information protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Hartford Life also objects to the definition of "CRM" to the extent it attempts to include proprietary, private

1   (impacting Hartford Life's right of privacy), confidential, and/or trade secret information.

2   Hartford Life further objects to the extent the definition attempts to incorporate that which is not

3   relevant to the subject matter of the present action and/or not likely to lead to the discovery of

4   admissible evidence.

5        16.     Hartford Life objects to the definition of "11i" as vague, ambiguous, overbroad,

6   confusing, unintelligible, duplicative, and cumulative.  Hartford Life further objects to the

7   definition of "11i" to the extent it attempts to define a term to include information protected from

8   disclosure by the attorney-client privilege and/or the work-product doctrine.  Hartford Life also

9   objects to the definition of "11i" to the extent it attempts to include proprietary, private

10  (impacting Hartford Life's right of privacy), confidential, and/or trade secret information.

11  Hartford Life further objects to the extent the definition attempts to incorporate that which is not

12  relevant to the subject matter of the present action and/or not likely to lead to the discovery of

13  admissible evidence.

14       17.     Hartford Life objects to the definition of "Oracle products" as vague, ambiguous,

15  overbroad, confusing, unintelligible, duplicative, and cumulative.  Hartford Life further objects

16  to the definition of "Oracle products" to the extent it attempts to define a term to include

17  information protected from disclosure by the attorney-client privilege and/or the work-product

18  doctrine.  Hartford Life also objects to the definition of "Oracle products" to the extent it

19  attempts to include proprietary, private (impacting Hartford Life's right of privacy), confidential,

20  and/or trade secret information.  Hartford Life further objects to the extent the definition attempts

21  to incorporate that which is not relevant to the subject matter of the present action and/or not

22  likely to lead to the discovery of admissible evidence.

23       18.     Hartford Life objects to the definition of "Contract" or "Agreement" as vague,

24  ambiguous, duplicative, and cumulative.  Hartford Life further objects that the existence of a

25  contract or agreement is a matter for legal determination.

26       19.     Hartford Life objects to the definition of "Including" as overbroad, vague,

27  ambiguous, incorporating undefined terms, confusing, and/or unintelligible.

28  ///

## OBJECTIONS TO INSTRUCTIONS

Hartford Life objects to the "Instructions" as overbroad, unduly burdensome, and imposing requirements beyond those of the Federal Rules of Civil Procedure, Federal Rules of Evidence, local rules, judge's standing order(s), and/or California statutory and case authority.

## OBJECTIONS TO RELEVANT TIME PERIOD

Hartford Life objects to the "Relevant Time Period," as set forth in Schedule A, to the extent it vague, ambiguous, overbroad, and unintelligible in that, for example and not by way of limitation, it attempts to define the time period to include "documents and information," and requests information that "relates" to the time period without explanation or qualification. Hartford Life objects to the "Relevant Time Period," as set forth in the Amended Schedule A, to the extent it is vague, ambiguous, overbroad, and unintelligible in that, for example and not by way of limitation, it attempts to define the time period to include "documents and information," and requests information that "relates" to the time period without explanation or qualification.

## OBJECTIONS TO DOCUMENTS REQUESTED

### REQUEST NO. 1

All documents and communications concerning Oracle's products, licenses or services, including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

### RESPONSE TO REQUEST NO. 1

Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative. Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting Hartford Life's right of privacy), confidential, and/or trade secret information. Hartford Life also objects to this request to the extent the documents are available to the subpoenaing party directly from Oracle and/or the Individual Defendants, and the request is more appropriately directed to those parties. Hartford Life objects to this request to the extent it contains terms which are ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the information requested. Hartford Life further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Hartford Life also objects on the ground that

1   the request seeks the production of documents which are already in the possession, custody, or

2   control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

3   documents which are not relevant to the subject matter of the present action and/or are not likely

4   to lead to the discovery of admissible evidence.

5   REQUEST NO. 2

6       All documents and communications concerning any discussion or meetings between you

7   and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of

8   Oracle's products, licenses, or services.

9   RESPONSE TO REQUEST NO. 2

10       Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

11   Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

12   Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

13   objects to this request to the extent the documents are available to the subpoenaing party directly

14   from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

15   those parties.  Hartford Life objects to this request to the extent it contains terms which are

16   ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

17   or clarity to define the information requested.  Hartford Life further objects to this request to the

18   extent it seeks information protected from disclosure by the attorney-client privilege, the work

19   product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

20   the request seeks the production of documents which are already in the possession, custody, or

21   control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

22   documents which are not relevant to the subject matter of the present action and/or are not likely

23   to lead to the discovery of admissible evidence.

24   REQUEST NO. 3

25       All documents and communications concerning your projections or forecasts for

26   purchases or sales of any of Oracle's products, licenses or services.

27   RESPONSE TO REQUEST NO. 3

28       Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

1    Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

2    Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

3    objects to this request to the extent the documents are available to the subpoenaing party directly

4    from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

5    those parties.  Hartford Life objects to this request to the extent it contains terms which are

6    ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

7    or clarity to define the information requested.  Hartford Life further objects to this request to the

8    extent it seeks information protected from disclosure by the attorney-client privilege, the work

9    product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

10   the request seeks the production of documents which are already in the possession, custody, or

11   control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

12   documents which are not relevant to the subject matter of the present action and/or are not likely

13   to lead to the discovery of admissible evidence.

14   <u>REQUEST NO. 4</u>

15       All documents and communications concerning your actual purchases or orders for

16   Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices,

17   payment terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check

18   requests and check or cash disbursements.

19   <u>RESPONSE TO REQUEST NO. 4</u>

20       Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

21   Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

22   Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

23   objects to this request to the extent the documents are available to the subpoenaing party directly

24   from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

25   those parties.  Hartford Life objects to this request to the extent it contains terms which are

26   ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

27   or clarity to define the information requested.  Hartford Life further objects to this request to the

28   extent it seeks information protected from disclosure by the attorney-client privilege, the work

1   product doctrine, or any other applicable privilege. Hartford Life also objects on the ground that

2   the request seeks the production of documents which are already in the possession, custody, or

3   control of the subpoenaing party. Hartford Life further objects to the extent the request seeks

4   documents which are not relevant to the subject matter of the present action and/or are not likely

5   to lead to the discovery of admissible evidence.

6   REQUEST NO. 5

7       All documents and communications concerning your actual or attempted installation,

8   integration or implementation of Oracle's products, licenses or services, including, but not

9   limited to, technical support issues, product failures, delays, and issues regarding consulting fees

10  or payments.

11  RESPONSE TO REQUEST NO. 5

12      Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

13  Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

14  Hartford Life's right of privacy), confidential, and/or trade secret information. Hartford Life also

15  objects to this request to the extent the documents are available to the subpoenaing party directly

16  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

17  those parties. Hartford Life objects to this request to the extent it contains terms which are

18  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

19  or clarity to define the information requested. Hartford Life further objects to this request to the

20  extent it seeks information protected from disclosure by the attorney-client privilege, the work

21  product doctrine, or any other applicable privilege. Hartford Life also objects on the ground that

22  the request seeks the production of documents which are already in the possession, custody, or

23  control of the subpoenaing party. Hartford Life further objects to the extent the request seeks

24  documents which are not relevant to the subject matter of the present action and/or are not likely

25  to lead to the discovery of admissible evidence.

26  REQUEST NO. 6

27      All documents and communications concerning any sales presentation, promotion or

28  product demonstration made to you by Oracle for Oracle's products, licenses or services,

1   including, but not limited to, any discussion, promises or guarantees made to you regarding the

2   functionality or performance of Oracle's products.

3   RESPONSE TO REQUEST NO. 6

4          Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

5   Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

6   Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

7   objects to this request to the extent the documents are available to the subpoenaing party directly

8   from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

9   those parties.  Hartford Life objects to this request to the extent it contains terms which are

10  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

11  or clarity to define the information requested.  Hartford Life further objects to this request to the

12  extent it seeks information protected from disclosure by the attorney-client privilege, the work

13  product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

14  the request seeks the production of documents which are already in the possession, custody, or

15  control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

16  documents which are not relevant to the subject matter of the present action and/or are not likely

17  to lead to the discovery of admissible evidence.

18  REQUEST NO. 7

19          All documents and communications concerning your right to return, exchange, defer

20  payment, or cancel any purchase or order of Oracle's products, licenses or services, including,

21  but not limited to, your actual or contemplated decision to exercise those rights.

22  RESPONSE TO REQUEST NO. 7

23          Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

24  Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

25  Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

26  objects to this request to the extent the documents are available to the subpoenaing party directly

27  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

28  those parties.  Hartford Life objects to this request to the extent it contains terms which are

1   ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

2   or clarity to define the information requested.  Hartford Life further objects to this request to the

3   extent it seeks information protected from disclosure by the attorney-client privilege, the work

4   product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

5   the request seeks the production of documents which are already in the possession, custody, or

6   control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

7   documents which are not relevant to the subject matter of the present action and/or are not likely

8   to lead to the discovery of admissible evidence.

9   REQUEST NO. 8

10   All documents and communications concerning the functionality of Oracle's products and

11   services and compatibility with the hardware, software and information technology systems used

12   by or considered for use by your company.

13   RESPONSE TO REQUEST NO. 8

14   Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

15   Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

16   Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

17   objects to this request to the extent the documents are available to the subpoenaing party directly

18   from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

19   those parties.  Hartford Life objects to this request to the extent it contains terms which are

20   ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

21   or clarity to define the information requested.  Hartford Life further objects to this request to the

22   extent it seeks information protected from disclosure by the attorney-client privilege, the work

23   product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

24   the request seeks the production of documents which are already in the possession, custody, or

25   control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

26   documents which are not relevant to the subject matter of the present action and/or are not likely

27   to lead to the discovery of admissible evidence.

28

1   REQUEST NO. 9

2       All documents and communications concerning any technical defects, problems, bugs,

3   patches, or technical difficulties related to any of Oracle's products, licenses or services,

4   including any complaints you had or raised with Oracle.

5   RESPONSE TO REQUEST NO. 9

6       Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

7   Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

8   Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

9   objects to this request to the extent the documents are available to the subpoenaing party directly

10  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

11  those parties.  Hartford Life objects to this request to the extent it contains terms which are

12  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

13  or clarity to define the information requested.  Hartford Life further objects to this request to the

14  extent it seeks information protected from disclosure by the attorney-client privilege, the work

15  product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

16  the request seeks the production of documents which are already in the possession, custody, or

17  control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

18  documents which are not relevant to the subject matter of the present action and/or are not likely

19  to lead to the discovery of admissible evidence.

20  REQUEST NO. 10

21      All documents and communications concerning any attempt to fix or remedy any

22  technical defects, difficulties, problems, bugs or patches related to any of Oracle's products,

23  licenses or services.

24  RESPONSE TO REQUEST NO. 10

25      Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

26  Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

27  Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

28  objects to this request to the extent the documents are available to the subpoenaing party directly

1  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

2  those parties.  Hartford Life objects to this request to the extent it contains terms which are

3  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

4  or clarity to define the information requested.  Hartford Life further objects to this request to the

5  extent it seeks information protected from disclosure by the attorney-client privilege, the work

6  product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

7  the request seeks the production of documents which are already in the possession, custody, or

8  control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

9  documents which are not relevant to the subject matter of the present action and/or are not likely

10 to lead to the discovery of admissible evidence.

11 <u>REQUEST NO. 11</u>

12 　　　　All documents and communications concerning any actual, potential or threatened legal

13 action by you against Oracle or by Oracle against you, relating to Oracle's products or services,

14 including, but not limited to, contract or payment disputes and disagreements.

15 <u>RESPONSE TO REQUEST NO. 11</u>

16 　　　　Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

17 Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

18 Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

19 objects to this request to the extent the documents are available to the subpoenaing party directly

20 from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

21 those parties.  Hartford Life objects to this request to the extent it contains terms which are

22 ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

23 or clarity to define the information requested.  Hartford Life further objects to this request to the

24 extent it seeks information protected from disclosure by the attorney-client privilege, the work

25 product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

26 the request seeks the production of documents which are already in the possession, custody, or

27 control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

28 documents which are not relevant to the subject matter of the present action and/or are not likely

1   to lead to the discovery of admissible evidence.

2   REQUEST NO. 12

3        All documents and communications concerning your information technology budget for

4   Oracle's products, licenses or services, including but not limited to any decline or change due to

5   the slowing of the United States economy.

6   RESPONSE TO REQUEST NO. 12

7        Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

8   Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

9   Hartford Life's right of privacy), confidential, and/or trade secret information. Hartford Life also

10  objects to this request to the extent the documents are available to the subpoenaing party directly

11  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

12  those parties. Hartford Life objects to this request to the extent it contains terms which are

13  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

14  or clarity to define the information requested. Hartford Life further objects to this request to the

15  extent it seeks information protected from disclosure by the attorney-client privilege, the work

16  product doctrine, or any other applicable privilege. Hartford Life also objects on the ground that

17  the request seeks the production of documents which are already in the possession, custody, or

18  control of the subpoenaing party. Hartford Life further objects to the extent the request seeks

19  documents which are not relevant to the subject matter of the present action and/or are not likely

20  to lead to the discovery of admissible evidence.

21  REQUEST NO. 13

22       All documents and communications concerning your efforts to audit, collect or recover

23  payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products,

24  licenses, or services.

25  RESPONSE TO REQUEST NO. 13

26       Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

27  Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

28

1  Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

2  objects to this request to the extent the documents are available to the subpoenaing party directly

3  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

4  those parties.  Hartford Life objects to this request to the extent it contains terms which are

5  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

6  or clarity to define the information requested.  Hartford Life further objects to this request to the

7  extent it seeks information protected from disclosure by the attorney-client privilege, the work

8  product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

9  the request seeks the production of documents which are already in the possession, custody, or

10  control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

11  documents which are not relevant to the subject matter of the present action and/or are not likely

12  to lead to the discovery of admissible evidence.

13  REQUEST NO. 14

14       All documents and communications concerning your assessment, testing and evaluation

15  of Oracle's products, licenses or services.

16  RESPONSE TO REQUEST NO. 14

17       Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

18  Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

19  Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

20  objects to this request to the extent the documents are available to the subpoenaing party directly

21  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

22  those parties.  Hartford Life objects to this request to the extent it contains terms which are

23  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

24  or clarity to define the information requested.  Hartford Life further objects to this request to the

25  extent it seeks information protected from disclosure by the attorney-client privilege, the work

26  product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

27  the request seeks the production of documents which are already in the possession, custody, or

28  control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

1    documents which are not relevant to the subject matter of the present action and/or are not likely

2    to lead to the discovery of admissible evidence.

3    REQUEST NO. 15

4         All documents and communications concerning any overpayment made by you to Oracle

5    for any purchase of Oracle's products, licenses or services between 1997-2004, including, but not

6    limited to, any proposed or actual reimbursement, refund, credit or discount received in

7    connection with overpayments and any discussions or meeting with Oracle regarding

8    overpayments.

9    RESPONSE TO REQUEST NO. 15

10        Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

11   Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

12   Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

13   objects to this request to the extent the documents are available to the subpoenaing party directly

14   from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

15   those parties.  Hartford Life objects to this request to the extent it contains terms which are

16   ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

17   or clarity to define the information requested.  Hartford Life further objects to this request to the

18   extent it seeks information protected from disclosure by the attorney-client privilege, the work

19   product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

20   the request seeks the production of documents which are already in the possession, custody, or

21   control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

22   documents which are not relevant to the subject matter of the present action and/or are not likely

23   to lead to the discovery of admissible evidence.

24   REQUEST NO. 16

25        All documents and communications concerning your employment or use of any profit or

26   audit recovery entities in connection with overpayments for purchases or sales of Oracle's

27   products and services between 1997 and 2004, including, without limitation, attempts to recover

28   monies owed, or believed to be owed to you by Oracle.

1  RESPONSE TO REQUEST NO. 16

2       Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

3  Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

4  Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

5  objects to this request to the extent the documents are available to the subpoenaing party directly

6  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

7  those parties.  Hartford Life objects to this request to the extent it contains terms which are

8  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

9  or clarity to define the information requested.  Hartford Life further objects to this request to the

10 extent it seeks information protected from disclosure by the attorney-client privilege, the work

11 product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

12 the request seeks the production of documents which are already in the possession, custody, or

13 control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

14 documents which are not relevant to the subject matter of the present action and/or are not likely

15 to lead to the discovery of admissible evidence.

16 REQUEST NO. 17

17      All documents and communications concerning any loss of business or costs incurred by

18 you in connection with your purchase or use of Oracle's products, licenses or services.

19 RESPONSE TO REQUEST NO. 17

20      Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

21 Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

22 Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

23 objects to this request to the extent the documents are available to the subpoenaing party directly

24 from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

25 those parties.  Hartford Life objects to this request to the extent it contains terms which are

26 ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

27 or clarity to define the information requested.  Hartford Life further objects to this request to the

28 extent it seeks information protected from disclosure by the attorney-client privilege, the work

1  product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

2  the request seeks the production of documents which are already in the possession, custody, or

3  control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

4  documents which are not relevant to the subject matter of the present action and/or are not likely

5  to lead to the discovery of admissible evidence.

6  REQUEST NO. 18

7      All documents and communications, including organizational charts and directories,

8  sufficient to identify your employees who were involved with purchases, sales or implementation

9  of Oracle's products and services.

10 RESPONSE TO REQUEST NO. 18

11     Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

12 Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

13 Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

14 objects to this request to the extent the documents are available to the subpoenaing party directly

15 from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

16 those parties.  Hartford Life objects to this request to the extent it contains terms which are

17 ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

18 or clarity to define the information requested.  Hartford Life further objects to this request to the

19 extent it seeks information protected from disclosure by the attorney-client privilege, the work

20 product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

21 the request seeks the production of documents which are already in the possession, custody, or

22 control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

23 documents which are not relevant to the subject matter of the present action and/or are not likely

24 to lead to the discovery of admissible evidence.

25 REQUEST NO. 19

26     All documents and communications concerning your decision to switch from Oracle's

27 products and services to competing products and services sold by companies such as Microsoft

28 or IBM database or any other database or applications provider.

1  <u>RESPONSE TO REQUEST NO. 19</u>

2        Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

3  Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

4  Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

5  objects to this request to the extent the documents are available to the subpoenaing party directly

6  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

7  those parties.  Hartford Life objects to the extent it contains terms which are

8  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

9  or clarity to define the information requested.  Hartford Life further objects to this request to the

10  extent it seeks information protected from disclosure by the attorney-client privilege, the work

11  product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

12  the request seeks the production of documents which are already in the possession, custody, or

13  control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

14  documents which are not relevant to the subject matter of the present action and/or are not likely

15  to lead to the discovery of admissible evidence.

16  <u>REQUEST NO. 20</u>

17        All documents and communications concerning your decision not to award software and

18  service contracts to Oracle for which Oracle had submitted a bid or proposal.

19  <u>RESPONSE TO REQUEST NO. 20</u>

20        Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

21  Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

22  Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

23  objects to this request to the extent the documents are available to the subpoenaing party directly

24  from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

25  those parties.  Hartford Life objects to this request to the extent it contains terms which are

26  ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

27  or clarity to define the information requested.  Hartford Life further objects to this request to the

28  extent it seeks information protected from disclosure by the attorney-client privilege, the work

1   product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

2   the request seeks the production of documents which are already in the possession, custody, or

3   control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

4   documents which are not relevant to the subject matter of the present action and/or are not likely

5   to lead to the discovery of admissible evidence.

6   REQUEST NO. 21

7        All documents and communications concerning any proposed or actual services provided

8   by Oracle Consulting in connection with Oracle's products and licenses.

9   RESPONSE TO REQUEST NO. 21

10   Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

11   Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting

12   Hartford Life's right of privacy), confidential, and/or trade secret information.  Hartford Life also

13   objects to this request to the extent the documents are available to the subpoenaing party directly

14   from Oracle and/or the Individual Defendants, and the request is more appropriately directed to

15   those parties.  Hartford Life objects to this request to the extent it contains terms which are

16   ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail

17   or clarity to define the information requested.  Hartford Life further objects to this request to the

18   extent it seeks information protected from disclosure by the attorney-client privilege, the work

19   product doctrine, or any other applicable privilege.  Hartford Life also objects on the ground that

20   the request seeks the production of documents which are already in the possession, custody, or

21   control of the subpoenaing party.  Hartford Life further objects to the extent the request seeks

22   documents which are not relevant to the subject matter of the present action and/or are not likely

23   to lead to the discovery of admissible evidence.

24   REQUEST NO. 22

25        All documents and communications concerning agreements or joint ventures with Oracle

26   to promote, sell or market Oracle's products and services.

27   RESPONSE TO REQUEST NO. 22

28        Hartford Life objects to this request as vague, ambiguous, overbroad, and cumulative.

1 | Hartford Life further objects to this request to the extent it seeks proprietary, private (impacting
2 | Hartford Life's right of privacy), confidential, and/or trade secret information. Hartford Life also
3 | objects to this request to the extent the documents are available to the subpoenaing party directly
4 | from Oracle and/or the Individual Defendants, and the request is more appropriately directed to
5 | those parties. Hartford Life objects to this request to the extent it contains terms which are
6 | ambiguous, not reasonably clear, confusing, unintelligible, and/or do not provide sufficient detail
7 | or clarity to define the information requested. Hartford Life further objects to this request to the
8 | extent it seeks information protected from disclosure by the attorney-client privilege, the work
9 | product doctrine, or any other applicable privilege. Hartford Life also objects on the ground that
10 | the request seeks the production of documents which are already in the possession, custody, or
11 | control of the subpoenaing party. Hartford Life further objects to the extent the request seeks
12 | documents which are not relevant to the subject matter of the present action and/or are not likely
13 | to lead to the discovery of admissible evidence.

14 | DATED: December 29 2004        SEDGWICK, DETERT, MORAN & ARNOLD LLP

15 |

16 |

17 | By: _____
     Bruce D. Celebrezze
18 | Supriya Sundarrajan
     Attorneys for Responding Party
19 | Hartford Life, Inc.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Embarcadero Center, 16th Floor, San Francisco, California 94111-3628. On December 29, 2004, I served the within document(s):

**HARTFORD LIFE, INC.'S OBJECTION TO SUBPOENA IN A CIVIL CASE FOR PRODUCTION OF DOCUMENTS AND OBJECTS**

☐  FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒  MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐  PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

**See Attached Service List**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 29, 2004, at San Francisco, California.

*Charlotte E. Coloyan*

Charlotte E. Coloyan

# SERVICE LIST

1

2   Shawn A. Williams                          Attorneys For Plaintiffs
    Willow E. Radcliffe
3   Eli R. Greenstein
    Jennie Lee Anderson
4   Monique C. Winkler
    Lerach Coughlin Stoia Geller Rudman &
5   Robbins LLP
    100 Pine Street, Suite 2600
6   San Francisco, CA 94111
    Tel: (415) 288-4545
7   Fax: (415) 288-4534

8   William S. Learch                          Attorneys For Plaintiffs
    Mark Solomon
9   Douglas R. Britton
    Lerach Coughlin Stoia Geller Rudman &
10  Robbins LLP
    401 B Street, Suite 1600
11  San Diego, CA 92101
    Tel: (619) 231-1058
12  Fax: (619) 231-7423

13  Donald M. Falk                             Attorneys For Defendants
    Lee H. Rubin
14  Shirish Gupta
    Mayer, Brown, Rowe & Maw LLP
15  Two Palo Alto Square, Suite 300
    Palo Alto, CA 94306
16  Tel: (650) 331-2000
    Fax: (650) 331-2060
17
    Alan N. Salpeter                           Attorneys For Defendants
18  Javier H. Rubinstein
    Mayer, Brown, Rowe & Maw LLP
19  190 South LaSalle Street, Suite 3900
    Chicago, IL 60603-3441
20  Tel: (312) 782-0600
    Fax: (312) 701-7711
21
    Dorian Daley
22  James C. Maroulis
    Oracle Corporation
23  500 Oracle Parkway, Mail Stop 50P7
    Redwood City, CA 94065
24  Tel: (650) 506-5200
    Fax: (650) 506-7114
25

26

27

SEDGWICK 28
DETERT, MORAN & ARNOLD LLP

SF/1228451v1



1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    BRUCE D. CELEBREZZE  Bar No. 102181
2   SUPRIYA SUNDARRAJAN  Bar No. 215183
    One Embarcadero Center, 16th Floor
3   San Francisco, California 94111-3628
    Telephone: (415) 781-7900
4   Facsimile: (415) 781-2635

5   Attorneys for Responding Party
    HARTFORD TECHNOLOGY SERVICES
6   COMPANY, L.L.C.



**RECEIVED**

JAN 0 3 2005

**ALAN N. SALPETER**

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11                                          Master File No. C-01-0988-MJJ

12
    In re ORACLE CORPORATION                <u>CLASS ACTION</u>
13  SECURITIES LITIGATION
                                            HARTFORD TECHNOLOGY SERVICES
14                                          COMPANY'S OBJECTIONS TO SUBPOENA
                                            IN A CIVIL CASE FOR PRODUCTION OF
15                                          DOCUMENTS AND OBJECTS

16                                          [Fed. R. Civ. P. 45(c)(2)(B)]

17

18

19              <u>**OBJECTION TO SUBPOENA IN ITS ENTIRETY**</u>

20          Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Hartford

21  Technology Services Company, L.L.C. ("HTSC") objects to the inspection and copying of all

22  designated materials in the Subpoena in a Civil Case ("the Subpoena") propounded by plaintiffs

23  in *In re Oracle Corporation Securities Litigation* ("plaintiffs").  Additionally, HTSC specifically

24  objects to each request as set forth herein.

25              <u>**STATEMENT OF GENERAL OBJECTIONS**</u>

26          HTSC makes the following General Objections to the Subpoena in its entirety, and to

27  each and every instruction, definition, and request made in the Subpoena, each of which is

28  incorporated specifically into each "Objection to Request" set forth below.

SF/1228423v1
                                           -1-                  Master File No. C-01-0988-MJJ
            HARTFORD TECHNOLOGY SERVICES COMPANY'S OBJECTIONS TO SUBPOENA



1.     HTSC objects to the Subpoena to the extent it is premature discovery, which is prohibited under the Federal Rules of Civil Procedure, and specifically Rule 26(d) of the Federal Rules of Civil Procedure, Federal Rules of Evidence, local rules, judge's standing order(s), and/or California statutory and case authority. HTSC further objects that plaintiffs' service was ambiguous, incomplete, and prejudicial with respect to determining an appropriate response time in that, after serving the Subpoena and Schedule A attachment through a process server on December 16, 2004, plaintiffs served an "Amended Schedule A" attachment, by regular mail, postmarked December 15, 2004, but which HTSC's statutory agent did not receive until December 22, 2004. The "Amended Schedule A" was served without an accompanying subpoena or any related documents.

2.     HTSC objects to the Subpoena as overbroad, unduly burdensome, and oppressive in that, among other things, plaintiffs failed to first direct their requests to the parties to the action, including, but not limited to defendant Oracle Corporation, its subsidiaries, divisions, or affiliates ("Oracle"), but have instead propounded these requests on approximately 170 third-party Oracle customers.

3.     HTSC objects to the Subpoena with only the knowledge it has as a limited liability company. Nothing herein shall be construed as an admission or denial as to the existence or nonexistence of any document. Nothing herein is an admission respecting the relevancy or admissibility of any document or the truth or accuracy of any statement or characterization contained in any request or in any document.

4.     Insofar as any request seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, HTSC objects to such request on the ground of such privilege or such doctrine.

5.     HTSC objects to each request to the extent it purports to impose any requirement on HTSC other than as set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, local rules, judge's standing order(s), and/or California statutory and case authority.

6.     HTSC objects to each request to the extent it calls for the identification or production of documents and things that, in whole or in part, comprise or reflect confidential,

1  private (impacting HTSC's right of privacy), trade secret, and/or proprietary business information

2  belonging to HTSC or information which may infringe on the confidential, privacy, trade secret,

3  or proprietary rights of third parties.

4      7.    HTSC objects to each request to the extent it seeks production of documents not

5  relevant to the claims or defenses of any party to the lawsuit in which the documents are

6  subpoenaed, and not reasonably calculated to lead to the discovery of admissible evidence.

7      8.    As HTSC is not a party to the pending action, it is not aware of all of the issues in

8  the litigation.  Hence, HTSC fully and expressly reserves all of its rights to assert such additional

9  or further objections to the Subpoena as it deems appropriate at a later time and nothing done or

10  not done by HTSC at this time shall be construed as a waiver of any other objections it may have

11  to the Subpoena or any aspect thereof.

12                      **OBJECTIONS TO DEFINITIONS**

13      1.    HTSC objects to the definition of "You" or "Your" as vague, ambiguous,

14  overbroad, unduly burdensome, oppressive, and cumulative.  HTSC refers to Hartford

15  Technology Services Company, L.L.C. and HTSC only responds for itself herein.

16      2.    HTSC objects to the definition of "Document" or "documents" to the extent it

17  imposes any obligation beyond that imposed by Rule 34(a) of the Federal Rules of Civil

18  Procedure and Rule 1001 of the Federal Rules of Evidence.

19      3.    HTSC objects to the definition of "Oracle" as vague, ambiguous, and overbroad.

20      4.    HTSC objects to the definition of "Ellison" as vague, ambiguous, and overbroad.

21      5.    HTSC objects to the definition of "Henley" as vague, ambiguous, and overbroad.

22      6.    HTSC objects to the definition of "Sanderson" as vague, ambiguous, and

23  overbroad.

24      7.    HTSC objects to the definition of "Individual Defendants" as vague, ambiguous,

25  overbroad, duplicative, and cumulative.

26      8.    HTSC objects to the definition of "Defendants" as vague, ambiguous, overbroad,

27  unduly burdensome, oppressive, and cumulative.

28      9.    HTSC objects to the definition of "Person" or "persons" as vague, ambiguous, and

1   overbroad.

2        10.    HTSC objects to the definition of "Communication" as vague, ambiguous,

3   overbroad, duplicative, and cumulative.  HTSC further objects to the definition of

4   "Communication" to the extent it attempts to define a term to include information protected from

5   disclosure by the attorney-client privilege and/or the work product doctrine.  HTSC also objects

6   to the definition of "Communication" to the extent it attempts to include proprietary, private

7   (impacting HTSC's right of privacy), confidential, and/or trade secret information.  HTSC further

8   objects to the extent the definition attempts to incorporate that which is not relevant to the

9   subject matter of the present action and/or not likely to lead to the discovery of admissible

10  evidence.

11       11.    HTSC objects to the definition of "Meeting" as overbroad, vague, ambiguous, not

12  reasonably clear, confusing, and unintelligible.

13       12.    HTSC objects to the definition of "Your employee" as overbroad, vague, and

14  ambiguous.  HTSC further objects to the definition of "Your employee" as improper in that it

15  attempts to impose a definition on relationships that are subject to legal interpretation.

16       13.    HTSC objects to the definition of "Identify" as overbroad.

17       14.    HTSC objects to the definition of "Entity" or "entities" as overbroad, vague,

18  ambiguous, not reasonably clear, confusing, unintelligible, duplicative, and cumulative.

19       15.    HTSC objects to the definition of "CRM" as vague, ambiguous, overbroad,

20  confusing, unintelligible, duplicative, and cumulative.  HTSC further objects to the definition of

21  "CRM" to the extent it attempts to define a term to include information protected from disclosure

22  by the attorney-client privilege and/or the work product doctrine.  HTSC also objects to the

23  definition of "CRM" to the extent it attempts to include proprietary, private (impacting HTSC's

24  right of privacy), confidential, and/or trade secret information.  HTSC further objects to the

25  extent the definition attempts to incorporate that which is not relevant to the subject matter of the

26  present action and/or not likely to lead to the discovery of admissible evidence.

27       16.    HTSC objects to the definition of "11i" as vague, ambiguous, overbroad,

28  confusing, unintelligible, duplicative, and cumulative.  HTSC further objects to the definition of

1  "11i" to the extent it attempts to define a term to include information protected from disclosure

2  by the attorney-client privilege and/or the work-product doctrine. HTSC also objects to the

3  definition of "11i" to the extent it attempts to include proprietary, private (impacting HTSC's

4  right of privacy), confidential, and/or trade secret information. HTSC further objects to the

5  extent the definition attempts to incorporate that which is not relevant to the subject matter of the

6  present action and/or not likely to lead to the discovery of admissible evidence.

7      17.    HTSC objects to the definition of "Oracle products" as vague, ambiguous,

8  overbroad, confusing, unintelligible, duplicative, and cumulative. HTSC further objects to the

9  definition of "Oracle products" to the extent it attempts to define a term to include information

10  protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

11  HTSC also objects to the definition of "Oracle products" to the extent it attempts to include

12  proprietary, private (impacting HTSC's right of privacy), confidential, and/or trade secret

13  information. HTSC further objects to the extent the definition attempts to incorporate that which

14  is not relevant to the subject matter of the present action and/or not likely to lead to the discovery

15  of admissible evidence.

16      18.    HTSC objects to the definition of "Contract" or "Agreement" as vague,

17  ambiguous, duplicative, and cumulative. HTSC further objects that the existence of a contract or

18  agreement is a matter for legal determination.

19      19.    HTSC objects to the definition of "Including" as overbroad, vague, ambiguous,

20  incorporating undefined terms, confusing, and/or unintelligible.

## OBJECTIONS TO INSTRUCTIONS

22      HTSC objects to the "Instructions" as overbroad, unduly burdensome, and imposing

23  requirements beyond those of the Federal Rules of Civil Procedure, Federal Rules of Evidence,

24  local rules, judge's standing order(s), and/or California statutory and case authority.

## OBJECTIONS TO RELEVANT TIME PERIOD

26      HTSC objects to the "Relevant Time Period," as set forth in Schedule A, to the extent it

27  vague, ambiguous, overbroad, and unintelligible in that, for example and not by way of

28  limitation, it attempts to define the time period to include "documents and information," and

1  requests information that "relates" to the time period without explanation or qualification.  HTSC

2  objects to the "Relevant Time Period," as set forth in the Amended Schedule A, to the extent it is

3  vague, ambiguous, overbroad, and unintelligible in that, for example and not by way of

4  limitation, it attempts to define the time period to include "documents and information," and

5  requests information that "relates" to the time period without explanation or qualification.

6  ## OBJECTIONS TO DOCUMENTS REQUESTED

7  ## REQUEST NO. 1

8      All documents and communications concerning Oracle's products, licenses or services,

9  including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

10  ## RESPONSE TO REQUEST NO. 1

11      HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

12  further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

13  of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

14  the extent the documents are available to the subpoenaing party directly from Oracle and/or the

15  Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

16  objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

17  confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

18  information requested.  HTSC further objects to this request to the extent it seeks information

19  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

20  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

21  documents which are already in the possession, custody, or control of the subpoenaing party.

22  HTSC further objects to the extent the request seeks documents which are not relevant to the

23  subject matter of the present action and/or are not likely to lead to the discovery of admissible

24  evidence.

25  ## REQUEST NO. 2

26      All documents and communications concerning any discussion or meetings between you

27  and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of

28  Oracle's products, licenses, or services.

1 <u>RESPONSE TO REQUEST NO. 2</u>

2      HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

3 further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

4 of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

5 the extent the documents are available to the subpoenaing party directly from Oracle and/or the

6 Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

7 objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

8 confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

9 information requested.  HTSC further objects to this request to the extent it seeks information

10 protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

11 applicable privilege. .HTSC also objects on the ground that the request seeks the production of

12 documents which are already in the possession, custody, or control of the subpoenaing party.

13 HTSC further objects to the extent the request seeks documents which are not relevant to the

14 subject matter of the present action and/or are not likely to lead to the discovery of admissible

15 evidence.

16 <u>REQUEST NO. 3</u>

17      All documents and communications concerning your projections or forecasts for

18 purchases or sales of any of Oracle's products, licenses or services.

19 <u>RESPONSE TO REQUEST NO. 3</u>

20      HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

21 further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

22 of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

23 the extent the documents are available to the subpoenaing party directly from Oracle and/or the

24 Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

25 objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

26 confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

27 information requested.  HTSC further objects to this request to the extent it seeks information

28 protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

1  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

2  documents which are already in the possession, custody, or control of the subpoenaing party.

3  HTSC further objects to the extent the request seeks documents which are not relevant to the

4  subject matter of the present action and/or are not likely to lead to the discovery of admissible

5  evidence.

6  REQUEST NO. 4

7      All documents and communications concerning your actual purchases or orders for

8  Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices,

9  payment terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check

10  requests and check or cash disbursements.

11  RESPONSE TO REQUEST NO. 4

12      HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

13  further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

14  of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

15  the extent the documents are available to the subpoenaing party directly from Oracle and/or the

16  Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

17  objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

18  confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

19  information requested.  HTSC further objects to this request to the extent it seeks information

20  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

21  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

22  documents which are already in the possession, custody, or control of the subpoenaing party.

23  HTSC further objects to the extent the request seeks documents which are not relevant to the

24  subject matter of the present action and/or are not likely to lead to the discovery of admissible

25  evidence.

26  REQUEST NO. 5

27      All documents and communications concerning your actual or attempted installation,

28  integration or implementation of Oracle's products, licenses or services, including, but not

1  limited to, technical support issues, product failures, delays, and issues regarding consulting fees

2  or payments.

3  RESPONSE TO REQUEST NO. 5

4       HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

5  further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

6  of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

7  the extent the documents are available to the subpoenaing party directly from Oracle and/or the

8  Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

9  objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

10  confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

11  information requested.  HTSC further objects to this request to the extent it seeks information

12  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

13  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

14  documents which are already in the possession, custody, or control of the subpoenaing party.

15  HTSC further objects to the extent the request seeks documents which are not relevant to the

16  subject matter of the present action and/or are not likely to lead to the discovery of admissible

17  evidence.

18  REQUEST NO. 6

19       All documents and communications concerning any sales presentation, promotion or

20  product demonstration made to you by Oracle for Oracle's products, licenses or services,

21  including, but not limited to, any discussion, promises or guarantees made to you regarding the

22  functionality or performance of Oracle's products.

23  RESPONSE TO REQUEST NO. 6

24       HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

25  further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

26  of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

27  the extent the documents are available to the subpoenaing party directly from Oracle and/or the

28  Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

1  objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

2  confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

3  information requested.  HTSC further objects to this request to the extent it seeks information

4  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

5  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

6  documents which are already in the possession, custody, or control of the subpoenaing party.

7  HTSC further objects to the extent the request seeks documents which are not relevant to the

8  subject matter of the present action and/or are not likely to lead to the discovery of admissible

9  evidence.

10  REQUEST NO. 7

11      All documents and communications concerning your right to return, exchange, defer

12  payment, or cancel any purchase or order of Oracle's products, licenses or services, including,

13  but not limited to, your actual or contemplated decision to exercise those rights.

14  RESPONSE TO REQUEST NO. 7

15      HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

16  further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

17  of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

18  the extent the documents are available to the subpoenaing party directly from Oracle and/or the

19  Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

20  objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

21  confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

22  information requested.  HTSC further objects to this request to the extent it seeks information

23  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

24  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

25  documents which are already in the possession, custody, or control of the subpoenaing party.

26  HTSC further objects to the extent the request seeks documents which are not relevant to the

27  subject matter of the present action and/or are not likely to lead to the discovery of admissible

28  evidence.

1    REQUEST NO. 8

2        All documents and communications concerning the functionality of Oracle's products and

3    services and compatibility with the hardware, software and information technology systems used

4    by or considered for use by your company.

5    RESPONSE TO REQUEST NO. 8

6        HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

7    further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

8    of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

9    the extent the documents are available to the subpoenaing party directly from Oracle and/or the

10   Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

11   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

12   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

13   information requested.  HTSC further objects to this request to the extent it seeks information

14   protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

15   applicable privilege.  HTSC also objects on the ground that the request seeks the production of

16   documents which are already in the possession, custody, or control of the subpoenaing party.

17   HTSC further objects to the extent the request seeks documents which are not relevant to the

18   subject matter of the present action and/or are not likely to lead to the discovery of admissible

19   evidence.

20   REQUEST NO. 9

21       All documents and communications concerning any technical defects, problems, bugs,

22   patches, or technical difficulties related to any of Oracle's products, licenses or services,

23   including any complaints you had or raised with Oracle.

24   RESPONSE TO REQUEST NO. 9

25       HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

26   further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

27   of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

28   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

1    Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

2    objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

3    confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

4    information requested.  HTSC further objects to this request to the extent it seeks information

5    protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

6    applicable privilege.  HTSC also objects on the ground that the request seeks the production of

7    documents which are already in the possession, custody, or control of the subpoenaing party.

8    HTSC further objects to the extent the request seeks documents which are not relevant to the

9    subject matter of the present action and/or are not likely to lead to the discovery of admissible

10   evidence.

11   REQUEST NO. 10

12        All documents and communications concerning any attempt to fix or remedy any

13   technical defects, difficulties, problems, bugs or patches related to any of Oracle's products,

14   licenses or services.

15   RESPONSE TO REQUEST NO. 10

16        HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

17   further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

18   of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

19   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

20   Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

21   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

22   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

23   information requested.  HTSC further objects to this request to the extent it seeks information

24   protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

25   applicable privilege.  HTSC also objects on the ground that the request seeks the production of

26   documents which are already in the possession, custody, or control of the subpoenaing party.

27   HTSC further objects to the extent the request seeks documents which are not relevant to the

28   subject matter of the present action and/or are not likely to lead to the discovery of admissible

1    evidence.

2    REQUEST NO. 11

3         All documents and communications concerning any actual, potential or threatened legal

4    action by you against Oracle or by Oracle against you, relating to Oracle's products or services,

5    including, but not limited to, contract or payment disputes and disagreements.

6    RESPONSE TO REQUEST NO. 11

7         HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

8    further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

9    of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

10   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

11   Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

12   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

13   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

14   information requested.  HTSC further objects to this request to the extent it seeks information

15   protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

16   applicable privilege.  HTSC also objects on the ground that the request seeks the production of

17   documents which are already in the possession, custody, or control of the subpoenaing party.

18   HTSC further objects to the extent the request seeks documents which are not relevant to the

19   subject matter of the present action and/or are not likely to lead to the discovery of admissible

20   evidence.

21   REQUEST NO. 12

22        All documents and communications concerning your information technology budget for

23   Oracle's products, licenses or services, including but not limited to any decline or change due to

24   the slowing of the United States economy.

25   RESPONSE TO REQUEST NO. 12

26        HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

27   further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

28   of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

1  the extent the documents are available to the subpoenaing party directly from Oracle and/or the

2  Individual Defendants, and the request is more appropriately directed to those parties. HTSC

3  objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

4  confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

5  information requested. HTSC further objects to this request to the extent it seeks information

6  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

7  applicable privilege. HTSC also objects on the ground that the request seeks the production of

8  documents which are already in the possession, custody, or control of the subpoenaing party.

9  HTSC further objects to the extent the request seeks documents which are not relevant to the

10 subject matter of the present action and/or are not likely to lead to the discovery of admissible

11 evidence.

12 REQUEST NO. 13

13    All documents and communications concerning your efforts to audit, collect or recover

14 payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products,

15 licenses, or services.

16 RESPONSE TO REQUEST NO. 13

17    HTSC objects to this request as vague, ambiguous, overbroad, and cumulative. HTSC

18 further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

19 of privacy), confidential, and/or trade secret information. HTSC also objects to this request to

20 the extent the documents are available to the subpoenaing party directly from Oracle and/or the

21 Individual Defendants, and the request is more appropriately directed to those parties. HTSC

22 objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

23 confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

24 information requested. HTSC further objects to this request to the extent it seeks information

25 protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

26 applicable privilege. HTSC also objects on the ground that the request seeks the production of

27 documents which are already in the possession, custody, or control of the subpoenaing party.

28

1    HTSC further objects to the extent the request seeks documents which are not relevant to the

2    subject matter of the present action and/or are not likely to lead to the discovery of admissible

3    evidence.

4    REQUEST NO. 14

5        All documents and communications concerning your assessment, testing and evaluation

6    of Oracle's products, licenses or services.

7    RESPONSE TO REQUEST NO. 14

8        HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

9    further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

10   of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

11   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

12   Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

13   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

14   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

15   information requested.  HTSC further objects to this request to the extent it seeks information

16   protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

17   applicable privilege.  HTSC also objects on the ground that the request seeks the production of

18   documents which are already in the possession, custody, or control of the subpoenaing party.

19   HTSC further objects to the extent the request seeks documents which are not relevant to the

20   subject matter of the present action and/or are not likely to lead to the discovery of admissible

21   evidence.

22   REQUEST NO. 15

23       All documents and communications concerning any overpayment made by you to Oracle

24   for any purchase of Oracle's products, licenses or services between 1997-2004, including, but not

25   limited to, any proposed or actual reimbursement, refund, credit or discount received in

26   connection with overpayments and any discussions or meeting with Oracle regarding

27   overpayments.

28

1    RESPONSE TO REQUEST NO. 15

2         HTSC objects to this request as vague, ambiguous, overbroad, and cumulative. HTSC

3    further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

4    of privacy), confidential, and/or trade secret information. HTSC also objects to this request to

5    the extent the documents are available to the subpoenaing party directly from Oracle and/or the

6    Individual Defendants, and the request is more appropriately directed to those parties. HTSC

7    objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

8    confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

9    information requested. HTSC further objects to this request to the extent it seeks information

10   protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

11   applicable privilege. HTSC also objects on the ground that the request seeks the production of

12   documents which are already in the possession, custody, or control of the subpoenaing party.

13   HTSC further objects to the extent the request seeks documents which are not relevant to the

14   subject matter of the present action and/or are not likely to lead to the discovery of admissible

15   evidence.

16   REQUEST NO. 16

17        All documents and communications concerning your employment or use of any profit or

18   audit recovery entities in connection with overpayments for purchases or sales of Oracle's

19   products and services between 1997 and 2004, including, without limitation, attempts to recover

20   monies owed, or believed to be owed to you by Oracle.

21   RESPONSE TO REQUEST NO. 16

22        HTSC objects to this request as vague, ambiguous, overbroad, and cumulative. HTSC

23   further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

24   of privacy), confidential, and/or trade secret information. HTSC also objects to this request to

25   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

26   Individual Defendants, and the request is more appropriately directed to those parties. HTSC

27   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

28   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

1   information requested.  HTSC further objects to this request to the extent it seeks information

2   protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

3   applicable privilege.  HTSC also objects on the ground that the request seeks the production of

4   documents which are already in the possession, custody, or control of the subpoenaing party.

5   HTSC further objects to the extent the request seeks documents which are not relevant to the

6   subject matter of the present action and/or are not likely to lead to the discovery of admissible

7   evidence.

8   REQUEST NO. 17

9        All documents and communications concerning any loss of business or costs incurred by

10   you in connection with your purchase or use of Oracle's products, licenses or services.

11   RESPONSE TO REQUEST NO. 17

12        HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

13   further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

14   of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

15   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

16   Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

17   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

18   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

19   information requested.  HTSC further objects to this request to the extent it seeks information

20   protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

21   applicable privilege.  HTSC also objects on the ground that the request seeks the production of

22   documents which are already in the possession, custody, or control of the subpoenaing party.

23   HTSC further objects to the extent the request seeks documents which are not relevant to the

24   subject matter of the present action and/or are not likely to lead to the discovery of admissible

25   evidence.

26   REQUEST NO. 18

27        All documents and communications, including organizational charts and directories,

28   sufficient to identify your employees who were involved with purchases, sales or implementation

1   of Oracle's products and services.

2   <u>RESPONSE TO REQUEST NO. 18</u>

3            HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

4   further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

5   of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

6   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

7   Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

8   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

9   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

10   information requested.  HTSC further objects to this request to the extent it seeks information

11   protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

12   applicable privilege.  HTSC also objects on the ground that the request seeks the production of

13   documents which are already in the possession, custody, or control of the subpoenaing party.

14   HTSC further objects to the extent the request seeks documents which are not relevant to the

15   subject matter of the present action and/or are not likely to lead to the discovery of admissible

16   evidence.

17   <u>REQUEST NO. 19</u>

18            All documents and communications concerning your decision to switch from Oracle's

19   products and services to competing products and services sold by companies such as Microsoft

20   or IBM database or any other database or applications provider.

21   <u>RESPONSE TO REQUEST NO. 19</u>

22            HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

23   further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

24   of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

25   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

26   Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

27   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

28   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

1  information requested.  HTSC further objects to this request to the extent it seeks information

2  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

3  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

4  documents which are already in the possession, custody, or control of the subpoenaing party.

5  HTSC further objects to the extent the request seeks documents which are not relevant to the

6  subject matter of the present action and/or are not likely to lead to the discovery of admissible

7  evidence.

8  REQUEST NO. 20

9      All documents and communications concerning your decision not to award software and

10  service contracts to Oracle for which Oracle had submitted a bid or proposal.

11  RESPONSE TO REQUEST NO. 20

12      HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

13  further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

14  of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

15  the extent the documents are available to the subpoenaing party directly from Oracle and/or the

16  Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

17  objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

18  confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

19  information requested.  HTSC further objects to this request to the extent it seeks information

20  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

21  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

22  documents which are already in the possession, custody, or control of the subpoenaing party.

23  HTSC further objects to the extent the request seeks documents which are not relevant to the

24  subject matter of the present action and/or are not likely to lead to the discovery of admissible

25  evidence.

26  REQUEST NO. 21

27      All documents and communications concerning any proposed or actual services provided

28  by Oracle Consulting in connection with Oracle's products and licenses.

1   RESPONSE TO REQUEST NO. 21

2       HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

3   further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

4   of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

5   the extent the documents are available to the subpoenaing party directly from Oracle and/or the

6   Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

7   objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

8   confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

9   information requested.  HTSC further objects to this request to the extent it seeks information

10  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

11  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

12  documents which are already in the possession, custody, or control of the subpoenaing party.

13  HTSC further objects to the extent the request seeks documents which are not relevant to the

14  subject matter of the present action and/or are not likely to lead to the discovery of admissible

15  evidence.

16  REQUEST NO. 22

17      All documents and communications concerning agreements or joint ventures with Oracle

18  to promote, sell or market Oracle's products and services.

19  RESPONSE TO REQUEST NO. 22

20      HTSC objects to this request as vague, ambiguous, overbroad, and cumulative.  HTSC

21  further objects to this request to the extent it seeks proprietary, private (impacting HTSC's right

22  of privacy), confidential, and/or trade secret information.  HTSC also objects to this request to

23  the extent the documents are available to the subpoenaing party directly from Oracle and/or the

24  Individual Defendants, and the request is more appropriately directed to those parties.  HTSC

25  objects to this request to the extent it contains terms which are ambiguous, not reasonably clear,

26  confusing, unintelligible, and/or do not provide sufficient detail or clarity to define the

27  information requested.  HTSC further objects to this request to the extent it seeks information

28  protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

1  applicable privilege.  HTSC also objects on the ground that the request seeks the production of

2  documents which are already in the possession, custody, or control of the subpoenaing party.

3  HTSC further objects to the extent the request seeks documents which are not relevant to the

4  subject matter of the present action and/or are not likely to lead to the discovery of admissible

5  evidence.

6  DATED:  December 21 2004          SEDGWICK, DETERT, MORAN & ARNOLD LLP

7

8

9  By:_____
   Bruce D. Celebrezze
   Supriya Sundarrajan
10  Attorneys for Responding Party
   Hartford Technology Services Company, L.L.C.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-                        Master File No. C-01-0988-MJJ
HARTFORD TECHNOLOGY SERVICES COMPANY'S OBJECTIONS TO SUBPOENA

1

## PROOF OF SERVICE

2       I am a resident of the State of California, over the age of eighteen years, and not a party to
the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One
3   Embarcadero Center, 16th Floor, San Francisco, California 94111-3628.  On December 29, 2004,
I served the within document(s):

4

**HARTFORD TECHNOLOGY SERVICES COMPANY'S OBJECTION TO**
5   **SUBPOENA IN A CIVIL CASE FOR PRODUCTION OF DOCUMENTS**
**AND OBJECTS**

6
☐     FACSIMILE - by transmitting via facsimile the document(s) listed above to the
7            fax number(s) set forth on the attached Telecommunications Cover Page(s) on this
date before 5:00 p.m.

8   ☒     MAIL - by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States mail at San Francisco, California
9            addressed as set forth below.

10  ☐     PERSONAL SERVICE - by personally delivering the document(s) listed above to
the person(s) at the address(es) set forth below.

11  ☐     OVERNIGHT COURIER - by placing the document(s) listed above in a sealed
envelope with shipping prepaid, and depositing in a collection box for next day
12           delivery to the person(s) at the address(es) set forth below via .

13  **See Attached Service List**

14      I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
15  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
16  meter date is more than one day after date of deposit for mailing in affidavit.

17      I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.  Executed on December 29, 2004, at San Francisco, California.
18

19                                    *Charlotte E. Coloyan*
20                                    Charlotte E. Coloyan

21

22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP 28

# SERVICE LIST

1

2  Shawn A. Williams                          **Attorneys For Plaintiffs**
   Willow E. Radcliffe
3  Eli R. Greenstein
   Jennie Lee Anderson
4  Monique C. Winkler
   Lerach Coughlin Stoia Geller Rudman &
5  Robbins LLP
   100 Pine Street, Suite 2600
6  San Francisco, CA 94111
   Tel:  (415) 288-4545
7  Fax: (415) 288-4534

8  William S. Learch                          **Attorneys For Plaintiffs**
   Mark Solomon
9  Douglas R. Britton
   Lerach Coughlin Stoia Geller Rudman &
10 Robbins LLP
   401 B Street, Suite 1600
11 San Diego, CA 92101
   Tel:  (619) 231-1058
12 Fax: (619) 231-7423

13 Donald M. Falk                             **Attorneys For Defendants**
   Lee H. Rubin
14 Shirish Gupta
   Mayer, Brown, Rowe & Maw LLP
15 Two Palo Alto Square, Suite 300
   Palo Alto, CA 94306
16 Tel:  (650) 331-2000
   Fax: (650) 331-2060
17
   Alan N. Salpeter                           **Attorneys For Defendants**
18 Javier H. Rubinstein
   Mayer, Brown, Rowe & Maw LLP
19 190 South LaSalle Street, Suite 3900
   Chicago, IL 60603-3441
20 Tel:  (312) 782-0600
   Fax: (312) 701-7711
21
   Dorian Daley
22 James C. Maroulis
   Oracle Corporation
23 500 Oracle Parkway, Mall Stop 50P7
   Redwood City, CA 94065
24 Tel:  (650) 506-5200
   Fax: (650) 506-7114
25

26

27

**SEDGWICK** 28
DETERT, MORAN & ARNOLD LLP

SF/1228451v1