# Wargo & French LLP

DAVID M. PERNINI
DIRECT DIAL: 404.853.1520
E-MAIL: dpernini@wargofrench.com

December 23, 2004

## VIA FACSIMILE and U.S. MAIL

Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman and Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111

> Re:   In re Oracle Corporation Securities Litigation: United States District Court for the
>        Northern District of California

Dear Mr. Greenstein:

This firm represents Hostcentric Technology, Inc.  We received a copy of your subpoena requesting that Hostcentric produce certain documents at 721 Lawrence Place, Freemont, California on January 10, 2005 at 10:00 a.m.  Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), we hereby object to producing such documents.

Specifically, we have been informed by counsel for Oracle Corporation that they intend to oppose these subpoenas in the main action.  In light of this representation, it would be improper to require Hostcentric to incur the expense and difficulty of preparing responsive documents for production, only to have the matter resolved by Oracle's opposition.  Therefore, Hostcentric objects to producing documents in response to the subpoena until Oracle's opposition has been resolved by the Court.

Moreover, Hostcentric objects to the request as overly broad and unduly burdensome. Your requests include 22 very broad requests which appear to have no limitation to the facts or circumstances of the underlying litigation.  Further, your requests make use of such broad terms as "concerning", which would necessarily include documents which are protected by the attorney-client privilege, and documents contain sensitive and confidential commercial and proprietary information.

Eli Greenstein, Esq..
December 23, 2004
Page 2


Should you overcome Oracle's opposition to the subpoena, I invite you to contact me to discuss Hostcentric's additional objections.  In the meantime, should you have any questions or concerns regarding Hostcentric's objection to the subpoena, please contact me at your earliest convenience.

Sincerely,

David M. Pernini

DMP/kad

1   BINGHAM McCUTCHEN LLP
    ROBERT A. LEWIS (SBN 83630)
2   JOHN D. PERNICK (SBN 155468)
    Three Embarcadero Center
3   San Francisco, CA  94111-4067
    Telephone:  (415) 393-2000
4   Facsimile:  (415) 393-2286

5   Attorneys for Third Party
    IKON Office Solutions, Inc.

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| 12  ——————————————————— This Document Relates To: | CLASS ACTION |
| 13      ALL ACTIONS. | IKON'S OBJECTIONS TO PLAINTIFFS' SUBPOENA FOR |
| 14 | PRODUCTION OF DOCUMENTS |

15

16          Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Third Party IKON

17   Office Solutions, Inc. ("IKON") hereby objects to Plaintiffs' Subpoena as follows:

18                        **GENERAL OBJECTIONS**

19          1.   IKON objects to the requests on the ground that they are overly broad, unduly

20   burdensome, oppressive, and seek production of documents that are not likely to lead to the

21   discovery of admissible evidence.  Producing documents responsive to these requests would

22   require IKON to conduct an expensive and disruptive search of its records, the expense and

23   burden of which far outweighs the marginal relevance of the information sought.

24          2.   IKON objects to the requests to the extent they seek the disclosure of

25   information or documents subject to the attorney-client privilege, the attorney work product

26   doctrine, the California trade secret privilege (Cal. Evid. Code § 1060 et seq.), or any other

1    applicable privilege or protection ("privileged" materials).  Except where specifically stated

2    otherwise, IKON will not produce any privileged information or document.  The inadvertent

3    production of any privileged document is not a waiver of IKON rights to assert any applicable

4    privilege with respect to any such document or any other document or matter.

5            3.  IKON objects to the requests on the ground that they are premature given that

6    the parties to this action have not yet exchanged initial disclosures or conducted any discovery

7    between themselves.

8            4.  IKON objects to the requests as duplicative and unduly burdensome to the

9    extent that they seek the production of documents that are more readily available through initial

10    disclosures by or requests for production to Defendants.

11           5.  IKON objects to the inclusion of "electronically stored documents" in the

12    inclusion of the definition of "document" because the definition literally would require an

13    unreasonably burdensome search of all hard drives of every computer in the company.

14           6.  IKON objects to the definitions of "you" or "your" because such definitions

15    necessarily include attorneys and consulting experts and production of responsive information

16    would therefore necessarily invade the attorney-client privilege and the attorney work product

17    doctrine.  Such definitions also include persons whose documents are not in IKON's possession,

18    custody or control, and from whom IKON cannot compel production.

19           7.  IKON reserves the right to redact from documents it produces any portion

20    containing information that is irrelevant, nonresponsive or privileged.  An appropriate legend

21    will be placed on the document to indicate that it has been redacted.

22           8.  IKON's responses are based upon the present knowledge, information, and

23    belief of IKON and its current employees presently known or believed by IKON to be most

24    likely to possess material information responsive to each request.  IKON reserves the right to

25    modify or supplement these responses as appropriate.

26           9.  Nothing contained in these responses shall be construed as an admission by

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

1   IKON relative to the existence or nonexistence of any information or document or the truth or

2   accuracy of any statement or characterization contained in any request.

3        10. IKON objects to the instructions contained in the subpoena to the extent they

4   seek to impose obligations not required by the Federal Rules of Civil Procedure.

5        The foregoing General Objections shall be applicable to and included in the

6   objections to the requests below.  No specific objection set forth below is a waiver, in whole or

7   in part, of any of the foregoing General Objections.

8                    **RESPONSES TO INDIVIDUAL REQUESTS**

9   **REQUEST NO. 1:**

10      All documents and communications concerning Oracle's products, licenses or services,

11  including, but not limited to, proposed or actual contracts or agreements between you and

12  Oracle.

13  **RESPONSE TO REQUEST NO. 1:**

14      In addition to the General Objections above, IKON objects to this request because it is

15  overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

16  particularity.  Producing documents responsive to this request would require IKON to conduct an

17  expensive and disruptive search of its records, the expense and burden of which far outweighs

18  the marginal relevance of the information sought.  IKON also objects to this request because its

19  seeks production of documents that are neither relevant to the subject matter of this action nor

20  reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

21  concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

22  documents sought in this request are not relevant to the question of what Defendants knew about

23  Oracle's business during that time period.  IKON also objects to this request on the ground that it

24  is premature.  The parties to this action have not even completed their own initial disclosures.

25  To burden third parties such as IKON with such discovery requests before even reviewing the

26  documents and information provided by Oracle through its initial disclosures, and before serving

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

1    any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

2    the ground that its use of the term "concerning Oracle's products, licenses or services" is vague,

3    ambiguous and unintelligible.  IKON further objects to this request to the extent that it calls for

4    documents protected by the attorney-client or work product privileges.  IKON also objects to this

5    request to the extent it calls for production of confidential and proprietary information and trade

6    secrets.  IKON will not produce any documents in response to this request.

7    **REQUEST NO. 2:**

8         All documents and communications concerning any discussions or meetings between you

9    and Oracle or any Individual Defendants relating to Oracle contracts, agreements or any of

10    Oracle's products, licenses or services.

11    **RESPONSE TO REQUEST NO. 2:**

12         In addition to the General Objections above, IKON objects to this request because it is

13    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

14    particularity.  Producing documents responsive to this request would require IKON to conduct an

15    expensive and disruptive search of its records, the expense and burden of which far outweighs

16    the marginal relevance of the information sought.  IKON also objects to this request because its

17    seeks production of documents that are neither relevant to the subject matter of this action nor

18    reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

19    concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

20    documents sought in this request are not relevant to the question of what Defendants knew about

21    Oracle's business during that time period.  IKON also objects to this request on the ground that it

22    is premature.  The parties to this action have not even completed their own initial disclosures.

23    To burden third parties such as IKON with such discovery requests before even reviewing the

24    documents and information provided by Oracle through its initial disclosures, and before serving

25    any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

26    the ground that its use of the terms "concerning any discussions or meetings . . . relating to

4    Case No. Master File No. C-01-0988-MJJ

1    Oracle contracts, agreements or any of Oracle's products, licenses or services" is vague,

2    ambiguous and unintelligible.  IKON further objects to this request to the extent that it calls for

3    documents protected by the attorney-client or work product privileges.  IKON also objects to this

4    request to the extent it calls for production of confidential and proprietary information and trade

5    secrets.  IKON will not produce any documents in response to this request.

6    **REQUEST NO. 3:**

7        All documents and communications concerning your projections or forecasts for

8    purchases or sales of any of Oracle's products, licenses or services.

9    **RESPONSE TO REQUEST NO. 3:**

10        In addition to the General Objections above, IKON objects to this request because it is

11    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

12    particularity.  Producing documents responsive to this request would require IKON to conduct an

13    expensive and disruptive search of its records, the expense and burden of which far outweighs

14    the marginal relevance of the information sought.  IKON also objects to this request because its

15    seeks production of documents that are neither relevant to the subject matter of this action nor

16    reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

17    concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

18    documents sought in this request are not relevant to the question of what Defendants knew about

19    Oracle's business during that time period.  IKON also objects to this request on the ground that it

20    is premature.  The parties to this action have not even completed their own initial disclosures.

21    To burden third parties such as IKON with such discovery requests before even reviewing the

22    documents and information provided by Oracle through its initial disclosures, and before serving

23    any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

24    the ground that its use of the term "projections or forecasts for purchases or sales" is vague,

25    ambiguous and unintelligible.  IKON further objects to this request to the extent that it calls for

26    documents protected by the attorney-client or work product privileges.  IKON also objects to this

Case No. Master File No. C-01-0988-MJJ

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

SF/21596429.1

1    request to the extent it calls for production of confidential and proprietary information and trade

2    secrets.  IKON will not produce any documents in response to this request.

3    **REQUEST NO. 4:**

4        All documents and communications concerning your actual purchases or orders for

5    Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices,

6    payment terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check

7    requests and check or cash disbursements.

8    **RESPONSE TO REQUEST NO. 4:**

9        In addition to the General Objections above, IKON objects to this request because it is

10   overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

11   particularity.  Producing documents responsive to this request would require IKON to conduct an

12   expensive and disruptive search of its records, the expense and burden of which far outweighs

13   the marginal relevance of the information sought.  IKON also objects to this request because its

14   seeks production of documents that are neither relevant to the subject matter of this action nor

15   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

16   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

17   documents sought in this request are not relevant to the question of what Defendants knew about

18   Oracle's business during that time period.  IKON also objects to this request on the ground that it

19   is premature.  The parties to this action have not even completed their own initial disclosures.

20   To burden third parties such as IKON with such discovery requests before even reviewing the

21   documents and information provided by Oracle through its initial disclosures, and before serving

22   any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

23   the ground that its use of the term "concerning your actual purchases or orders" is vague,

24   ambiguous and unintelligible.  IKON further objects to this request to the extent that it calls for

25   documents protected by the attorney-client or work product privileges.  IKON also objects to this

26   request to the extent it calls for production of confidential and proprietary information and trade

1    secrets.  IKON will not produce any documents in response to this request.

2    **REQUEST NO. 5:**

3          All documents and communications concerning your actual or attempted installation,

4    integration or implementation of Oracle's products, licenses or services, including, but not

5    limited to, technical support issues, product failures, delays and issues regarding consulting fees

6    or payments.

7    **RESPONSE TO REQUEST NO. 5:**

8          In addition to the General Objections above, IKON objects to this request because it

9    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

10   particularity.  Producing documents responsive to this request would require IKON to conduct an

11   expensive and disruptive search of its records, the expense and burden of which far outweighs

12   the marginal relevance of the information sought.  IKON also objects to this request because its

13   seeks production of documents that are neither relevant to the subject matter of this action nor

14   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

15   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

16   documents sought in this request are not relevant to the question of what Defendants knew about

17   Oracle's business during that time period.  IKON also objects to this request on the ground that it

18   is premature.  The parties to this action have not even completed their own initial disclosures.

19   To burden third parties such as IKON with such discovery requests before even reviewing the

20   documents and information provided by Oracle through its initial disclosures, and before serving

21   any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

22   the ground that its use of the term "concerning your actual or attempted installation, integration

23   or implementation of Oracle's products, licenses or services" is vague, ambiguous and

24   unintelligible.  IKON further objects to this request to the extent that it calls for documents

25   protected by the attorney-client or work product privileges.  IKON also objects to this request to

26   the extent it calls for production of confidential and proprietary information and trade secrets.

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

1    IKON will not produce any documents in response to this request.

2    **REQUEST NO. 6:**

3        All documents and communications concerning any sales presentation, promotion or

4    product demonstration made to you by Oracle for Oracle's products, licenses or services,

5    including, but not limited to, any discussions, promises or guarantees made to you regarding the

6    functionality or performance of Oracle's products.

7    **RESPONSE TO REQUEST NO. 6:**

8        In addition to the General Objections above, IKON objects to this request because it is

9    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

10   particularity. Producing documents responsive to this request would require IKON to conduct an

11   expensive and disruptive search of its records, the expense and burden of which far outweighs

12   the marginal relevance of the information sought. IKON also objects to this request because its

13   seeks production of documents that are neither relevant to the subject matter of this action nor

14   reasonably calculated to lead to the discovery of admissible evidence. For example, this action

15   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001. The

16   documents sought in this request are not relevant to the question of what Defendants knew about

17   Oracle's business during that time period. IKON also objects to this request on the ground that it

18   is premature. The parties to this action have not even completed their own initial disclosures.

19   To burden third parties such as IKON with such discovery requests before even reviewing the

20   documents and information provided by Oracle through its initial disclosures, and before serving

21   any discovery requests on Oracle, is an abuse of discovery. IKON further objects to this request

22   to the extent that it calls for documents protected by the attorney-client or work product

23   privileges. IKON also objects to this request to the extent it calls for production of confidential

24   and proprietary information and trade secrets. IKON will not produce any documents in

25   response to this request.

26

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

SF/21596429.1

1   **REQUEST NO. 7:**

2        All documents and communications concerning your right to return, exchange, defer

3   payment, or cancel any purchases or order of Oracle's products, licenses or services, including,

4   but not limited to, your actual or contemplated decision to exercise those rights.

5   **RESPONSE TO REQUEST NO. 7:** _____

6        In addition to the General Objections above, IKON objects to this request because it is

7   overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

8   particularity.  Producing documents responsive to this request would require IKON to conduct an

9   expensive and disruptive search of its records, the expense and burden of which far outweighs

10   the marginal relevance of the information sought.  IKON also objects to this request because its

11   seeks production of documents that are neither relevant to the subject matter of this action nor

12   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

13   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

14   documents sought in this request are not relevant to the question of what Defendants knew about

15   Oracle's business during that time period.  IKON also objects to this request on the ground that it

16   is premature.  The parties to this action have not even completed their own initial disclosures.

17   To burden third parties such as IKON with such discovery requests before even reviewing the

18   documents and information provided by Oracle through its initial disclosures, and before serving

19   any discovery requests on Oracle, is an abuse of discovery.  IKON further objects to this request

20   to the extent that it calls for documents protected by the attorney-client or work product

21   privileges.  IKON also objects to this request to the extent it calls for production of confidential

22   and proprietary information and trade secrets.  IKON will not produce any documents in

23   response to this request.

24   **REQUEST NO. 8:**

25        All documents and communications concerning the functionality of Oracle's products

26   and services and compatibility with the hardware, software and information technology systems

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

1   used by or considered for use by your company.

2   **RESPONSE TO REQUEST NO. 8:**

3        In addition to the General Objections above, IKON objects to this request because it is

4   overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

5   particularity.  Producing documents responsive to this request would require IKON to conduct an

6   expensive and disruptive search of its records, the expense and burden of which far outweighs

7   the marginal relevance of the information sought.  IKON also objects to this request because its

8   seeks production of documents that are neither relevant to the subject matter of this action nor

9   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

10   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

11   documents sought in this request are not relevant to the question of what Defendants knew about

12   Oracle's business during that time period.  IKON also objects to this request on the ground that it

13   is premature.  The parties to this action have not even completed their own initial disclosures.

14   To burden third parties such as IKON with such discovery requests before even reviewing the

15   documents and information provided by Oracle through its initial disclosures, and before serving

16   any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

17   the ground that its use of the term "concerning the functionality of Oracle's products and

18   services" is vague, ambiguous and unintelligible.  IKON further objects to this request to the

19   extent that it calls for documents protected by the attorney-client or work product privileges.

20   IKON also objects to this request to the extent it calls for production of confidential and

21   proprietary information and trade secrets.  IKON will not produce any documents in response to

22   this request.

23   **REQUEST NO. 9:**

24        All documents and communications concerning any technical defects, problems, bugs,

25   patches, or technical difficulties related to any of Oracle's products, licenses or services,

26   including any complaints you had or raised with Oracle.

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

1    **RESPONSE TO REQUEST NO. 9:**

2         In addition to the General Objections above, IKON objects to this request because it is

3    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

4    particularity.  Producing documents responsive to this request would require IKON to conduct an

5    expensive and disruptive search of its records, the expense and burden of which far outweighs

6    the marginal relevance of the information sought.  IKON also objects to this request because its

7    seeks production of documents that are neither relevant to the subject matter of this action nor

8    reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

9    concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

10   documents sought in this request are not relevant to the question of what Defendants knew about

11   Oracle's business during that time period.  IKON also objects to this request on the ground that it

12   is premature.  The parties to this action have not even completed their own initial disclosures.

13   To burden third parties such as IKON with such discovery requests before even reviewing the

14   documents and information provided by Oracle through its initial disclosures, and before serving

15   any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

16   the ground that its use of the term "any technical defects, problems, bugs, patches, or technical

17   difficulties related to any of Oracle's products, licenses or services" is vague, ambiguous and

18   unintelligible.  IKON further objects to this request to the extent that it calls for documents

19   protected by the attorney-client or work product privileges.  IKON also objects to this request to

20   the extent it calls for production of confidential and proprietary information and trade secrets.

21   IKON will not produce any documents in response to this request.

22   **REQUEST NO. 10:**

23        All documents and communications concerning any attempt to fix or remedy any

24   technical defects, difficulties, problems, bugs, or patches related to any of Oracle's products,

25   licenses or services.

26

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

SF/21596429.1

1    **RESPONSE TO REQUEST NO. 10:**

2         In addition to the General Objections above, IKON objects to this request because it is

3    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

4    particularity.  Producing documents responsive to this request would require IKON to conduct an

5    expensive and disruptive search of its records, the expense and burden of which far outweighs

6    the marginal relevance of the information sought.  IKON also objects to this request because its

7    seeks production of documents that are neither relevant to the subject matter of this action nor

8    reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

9    concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

10   documents sought in this request are not relevant to the question of what Defendants knew about

11   Oracle's business during that time period.  IKON also objects to this request on the ground that it

12   is premature.  The parties to this action have not even completed their own initial disclosures.

13   To burden third parties such as IKON with such discovery requests before even reviewing the

14   documents and information provided by Oracle through its initial disclosures, and before serving

15   any discovery requests on Oracle, is an abuse of discovery.  IKON further objects to this request

16   to the extent that it calls for documents protected by the attorney-client or work product

17   privileges.  IKON also objects to this request to the extent it calls for production of confidential

18   and proprietary information and trade secrets.  IKON will not produce any documents in

19   response to this request.

20   **REQUEST NO. 11:**

21         All documents and communications concerning any actual, potential or threatened legal

22   action by you against Oracle or by Oracle against you, relating to Oracle's products or services,

23   including, but not limited to, contract or payment disputes and disagreements.

24   **RESPONSE TO REQUEST NO. 11:**

25         In addition to the General Objections above, IKON objects to this request because it is

26   overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

SF/21596429.1

1   particularity.  Producing documents responsive to this request would require IKON to conduct an

2   expensive and disruptive search of its records, the expense and burden of which far outweighs

3   the marginal relevance of the information sought.  IKON also objects to this request because its

4   seeks production of documents that are neither relevant to the subject matter of this action nor

5   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

6   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

7   documents sought in this request are not relevant to the question of what Defendants knew about

8   Oracle's business during that time period.  IKON also objects to this request on the ground that it

9   is premature.  The parties to this action have not even completed their own initial disclosures.

10  To burden third parties such as IKON with such discovery requests before even reviewing the

11  documents and information provided by Oracle through its initial disclosures, and before serving

12  any discovery requests on Oracle, is an abuse of discovery.  IKON further objects to this request

13  to the extent that it calls for documents protected by the attorney-client or work product

14  privileges.  IKON also objects to this request to the extent it calls for production of confidential

15  and proprietary information and trade secrets.  IKON will not produce any documents in

16  response to this request.

17  **REQUEST NO. 12:**

18          All documents and communications concerning your information technology budget for

19  Oracle's products, licenses or services, including but not limited to any decline or change due to

20  the slowing of the United States economy.

21  **RESPONSE TO REQUEST NO. 12:**

22          In addition to the General Objections above, IKON objects to this request because it is

23  overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

24  particularity.  Producing documents responsive to this request would require IKON to conduct an

25  expensive and disruptive search of its records, the expense and burden of which far outweighs

26  the marginal relevance of the information sought.  IKON also objects to this request because its

1    seeks production of documents that are neither relevant to the subject matter of this action nor

2    reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

3    concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

4    documents sought in this request are not relevant to the question of what Defendants knew about

5    Oracle's business during that time period.  IKON also objects to this request on the ground that it

6    is premature.  The parties to this action have not even completed their own initial disclosures.

7    To burden third parties such as IKON with such discovery requests before even reviewing the

8    documents and information provided by Oracle through its initial disclosures, and before serving

9    any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

10    the ground that its use of the term "concerning your information technology budget for Oracle's

11    products, licenses or services" is vague, ambiguous and unintelligible.  IKON further objects to

12    this request to the extent that it calls for documents protected by the attorney-client or work

13    product privileges.  IKON also objects to this request to the extent it calls for production of

14    confidential and proprietary information and trade secrets.  IKON will not produce any

15    documents in response to this request.

16    **REQUEST NO. 13:**

17        All documents and communications concerning your efforts to audit, collect or recover

18    payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products,

19    licenses or services.

20    **RESPONSE TO REQUEST NO. 13:**

21        In addition to the General Objections above, IKON objects to this request because it is

22    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

23    particularity.  Producing documents responsive to this request would require IKON to conduct an

24    expensive and disruptive search of its records, the expense and burden of which far outweighs

25    the marginal relevance of the information sought.  IKON also objects to this request because its

26    seeks production of documents that are neither relevant to the subject matter of this action nor

14

1   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

2   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

3   documents sought in this request are not relevant to the question of what Defendants knew about

4   Oracle's business during that time period.  IKON also objects to this request on the ground that it

5   is premature.  The parties to this action have not even completed their own initial disclosures.

6   To burden third parties such as IKON with such discovery requests before even reviewing the

7   documents and information provided by Oracle through its initial disclosures, and before serving

8   any discovery requests on Oracle, is an abuse of discovery.  IKON further objects to this request

9   to the extent that it calls for documents protected by the attorney-client or work product

10  privileges.  IKON also objects to this request to the extent it calls for production of confidential

11  and proprietary information and trade secrets.  IKON will not produce any documents in

12  response to this request.

13  **REQUEST NO. 14:**

14          All documents and communications concerning your assessment, testing and evaluation

15  of Oracle's products, licenses or services.

16  **RESPONSE TO REQUEST NO. 14:**

17          In addition to the General Objections above, IKON objects to this request because it is

18  overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

19  particularity.  Producing documents responsive to this request would require IKON to conduct an

20  expensive and disruptive search of its records, the expense and burden of which far outweighs

21  the marginal relevance of the information sought.  IKON also objects to this request because its

22  seeks production of documents that are neither relevant to the subject matter of this action nor

23  reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

24  concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

25  documents sought in this request are not relevant to the question of what Defendants knew about

26  Oracle's business during that time period.  IKON also objects to this request on the ground that it

15

Case No. Master File No. C-01-0988-MJJ

1   is premature.  The parties to this action have not even completed their own initial disclosures.

2   To burden third parties such as IKON with such discovery requests before even reviewing the

3   documents and information provided by Oracle through its initial disclosures, and before serving

4   any discovery requests on Oracle, is an abuse of discovery.  IKON further objects to this request

5   to the extent that it calls for documents protected by the attorney-client or work product

6   privileges.  IKON also objects to this request to the extent it calls for production of confidential

7   and proprietary information and trade secrets.  IKON will not produce any documents in

8   response to this request.

9   **REQUEST NO. 15:**

10      All documents and communications concerning any overpayment made by you to Oracle

11  for any purchase or Oracle's products, licenses or services between 1997-2004, including, but

12  not limited to, any proposed or actual reimbursement, refund, credit or discount received in

13  connection with overpayments and any discussions or meetings with Oracle regarding

14  overpayments.

15  **RESPONSE TO REQUEST NO. 15:**

16      In addition to the General Objections above, IKON objects to this request because it is

17  overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

18  particularity.  Producing documents responsive to this request would require IKON to conduct an

19  expensive and disruptive search of its records, the expense and burden of which far outweighs

20  the marginal relevance of the information sought.  IKON also objects to this request because its

21  seeks production of documents that are neither relevant to the subject matter of this action nor

22  reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

23  concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

24  documents sought in this request are not relevant to the question of what Defendants knew about

25  Oracle's business during that time period.  IKON also objects to this request on the ground that it

26  is premature.  The parties to this action have not even completed their own initial disclosures.

SF/21596429.1

1    To burden third parties such as IKON with such discovery requests before even reviewing the

2    documents and information provided by Oracle through its initial disclosures, and before serving

3    any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

4    the ground that its use of the term "overpayment" is vague, ambiguous and unintelligible.  IKON

5    further objects to this request to the extent that it calls for documents protected by the attorney-

6    client or work product privileges.  IKON also objects to this request to the extent it calls for

7    production of confidential and proprietary information and trade secrets.  IKON will not produce

8    any documents in response to this request.

9    **REQUEST NO. 16:**

10         All documents and communications concerning your employment or use of any profit or

11    audit recovery entities in connection with overpayments for purchases or sales of Oracle's

12    products and services between 1997 and 2004, including, without limitation, attempts to recover

13    monies owed, or believed to be owed to you by Oracle.

14    **RESPONSE TO REQUEST NO. 16:**

15         In addition to the General Objections above, IKON objects to this request because it is

16    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

17    particularity.  Producing documents responsive to this request would require IKON to conduct an

18    expensive and disruptive search of its records, the expense and burden of which far outweighs

19    the marginal relevance of the information sought.  IKON also objects to this request because its

20    seeks production of documents that are neither relevant to the subject matter of this action nor

21    reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

22    concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

23    documents sought in this request are not relevant to the question of what Defendants knew about

24    Oracle's business during that time period.  IKON also objects to this request on the ground that it

25    is premature.  The parties to this action have not even completed their own initial disclosures.

26    To burden third parties such as IKON with such discovery requests before even reviewing the

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

SF/21596429.1

1   documents and information provided by Oracle through its initial disclosures, and before serving

2   any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

3   the ground that its use of the term "overpayment" is vague, ambiguous and unintelligible.  IKON

4   further objects to this request to the extent that it calls for documents protected by the attorney-

5   client or work product privileges.  IKON also objects to this request to the extent it calls for

6   production of confidential and proprietary information and trade secrets.  IKON will not produce

7   any documents in response to this request.

8   **REQUEST NO. 17:**

9        All documents and communications concerning any loss of business or costs incurred by

10  you in connection with your purchase or use of Oracle's products, licenses or services.

11  **RESPONSE TO REQUEST NO. 17:**

12       In addition to the General Objections above, IKON objects to this request because it is

13  overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

14  particularity.  Producing documents responsive to this request would require IKON to conduct an

15  expensive and disruptive search of its records, the expense and burden of which far outweighs

16  the marginal relevance of the information sought.  IKON also objects to this request because its

17  seeks production of documents that are neither relevant to the subject matter of this action nor

18  reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

19  concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

20  documents sought in this request are not relevant to the question of what Defendants knew about

21  Oracle's business during that time period.  IKON also objects to this request on the ground that it

22  is premature.  The parties to this action have not even completed their own initial disclosures.

23  To burden third parties such as IKON with such discovery requests before even reviewing the

24  documents and information provided by Oracle through its initial disclosures, and before serving

25  any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

26  the ground that its use of the term "concerning any loss of business or costs incurred by you in

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

SF/21596429.1

1    connection with your purchase or use of Oracle's products, licenses or services" is vague,

2    ambiguous and unintelligible.  IKON further objects to this request to the extent that it calls for

3    documents protected by the attorney-client or work product privileges.  IKON also objects to this

4    request to the extent it calls for production of confidential and proprietary information and trade

5    secrets.  IKON will not produce any documents in response to this request.

6    **REQUEST NO. 18:**

7        All documents or communications, including organizational charts and directories,

8    sufficient to identify your employees who were involved with purchases, sales or implementation

9    of Oracle's products and services.

10   **RESPONSE TO REQUEST NO. 18:**

11       In addition to the General Objections above, IKON objects to this request because it is

12   overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

13   particularity.  Producing documents responsive to this request would require IKON to conduct an

14   expensive and disruptive search of its records, the expense and burden of which far outweighs

15   the marginal relevance of the information sought.  IKON also objects to this request because its

16   seeks production of documents that are neither relevant to the subject matter of this action nor

17   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

18   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

19   documents sought in this request are not relevant to the question of what Defendants knew about

20   Oracle's business during that time period.  IKON also objects to this request on the ground that it

21   is premature.  The parties to this action have not even completed their own initial disclosures.

22   To burden third parties such as IKON with such discovery requests before even reviewing the

23   documents and information provided by Oracle through its initial disclosures, and before serving

24   any discovery requests on Oracle, is an abuse of discovery.  IKON also objects to this request on

25   the ground that its use of the term "implementation" is vague, ambiguous and unintelligible.

26   IKON further objects to this request to the extent that it calls for documents protected by the

Case No. Master File No. C-01-0988-MJJ

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

SF/21596429.1

1    attorney-client or work product privileges.  IKON also objects to this request to the extent it calls

2    for production of confidential and proprietary information and trade secrets.  IKON will not

3    produce any documents in response to this request.

4    **REQUEST NO. 19:**

5         All documents and communications concerning your decision to switch from Oracle's

6    products and services to competing products and services sold by companies such as Microsoft

7    or IBM database or any other database or applications provider.

8    **RESPONSE TO REQUEST NO. 19:**

9         In addition to the General Objections above, IKON objects to this request because it is

10    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

11    particularity.  Producing documents responsive to this request would require IKON to conduct an

12    expensive and disruptive search of its records, the expense and burden of which far outweighs

13    the marginal relevance of the information sought.  IKON also objects to this request because its

14    seeks production of documents that are neither relevant to the subject matter of this action nor

15    reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

16    concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

17    documents sought in this request are not relevant to the question of what Defendants knew about

18    Oracle's business during that time period.  IKON also objects to this request on the ground that it

19    is premature.  The parties to this action have not even completed their own initial disclosures.

20    To burden third parties such as IKON with such discovery requests before even reviewing the

21    documents and information provided by Oracle through its initial disclosures, and before serving

22    any discovery requests on Oracle, is an abuse of discovery.  IKON further objects to this request

23    to the extent that it calls for documents protected by the attorney-client or work product

24    privileges.  IKON also objects to this request to the extent it calls for production of confidential

25    and proprietary information and trade secrets.  IKON will not produce any documents in

26    response to this request.

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

1    **REQUEST NO. 20:**

2        All documents and communications concerning your decision not to award software and

3    service contracts to Oracle for which Oracle had submitted a bid or proposal.

4    **RESPONSE TO REQUEST NO. 20:**

5        In addition to the General Objections above, IKON objects to this request because it is

6    overly broad, unduly burdensome, and fails to describe the documents requested with reasonable

7    particularity.  Producing documents responsive to this request would require IKON to conduct an

8    expensive and disruptive search of its records, the expense and burden of which far outweighs

9    the marginal relevance of the information sought.  IKON also objects to this request because its

10   seeks production of documents that are neither relevant to the subject matter of this action nor

11   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

12   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

13   documents sought in this request are not relevant to the question of what Defendants knew about

14   Oracle's business during that time period.  IKON also objects to this request on the ground that it

15   is premature.  The parties to this action have not even completed their own initial disclosures.

16   To burden third parties such as IKON with such discovery requests before even reviewing the

17   documents and information provided by Oracle through its initial disclosures, and before serving

18   any discovery requests on Oracle, is an abuse of discovery.  IKON further objects to this request

19   to the extent that it calls for documents protected by the attorney-client or work product

20   privileges.  IKON also objects to this request to the extent it calls for production of confidential

21   and proprietary information and trade secrets.  IKON will not produce any documents in

22   response to this request.

23   **REQUEST NO. 21:**

24       All documents and communications concerning any proposed or actual services provided

25   by Oracle Consulting in connection with Oracle's products and licenses.

26

21                          Case No. Master File No. C-01-0988-MJJ

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 21:**

In addition to the General Objections above, IKON objects to this request because it is overly broad, unduly burdensome, and fails to describe the documents requested with reasonable particularity. Producing documents responsive to this request would require IKON to conduct an expensive and disruptive search of its records, the expense and burden of which far outweighs the marginal relevance of the information sought. IKON also objects to this request because its seeks production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. For example, this action concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001. The documents sought in this request are not relevant to the question of what Defendants knew about Oracle's business during that time period. IKON also objects to this request on the ground that it is premature. The parties to this action have not even completed their own initial disclosures. To burden third parties such as IKON with such discovery requests before even reviewing the documents and information provided by Oracle through its initial disclosures, and before serving any discovery requests on Oracle, is an abuse of discovery. IKON further objects to this request to the extent that it calls for documents protected by the attorney-client or work product privileges. IKON also objects to this request to the extent it calls for production of confidential and proprietary information and trade secrets. IKON will not produce any documents in response to this request.

**REQUEST NO. 22:**

All documents and communications concerning agreements or joint ventures with Oracle to promote, sell or market Oracle's products and services.

**RESPONSE TO REQUEST NO. 22:**

In addition to the General Objections above, IKON objects to this request because it is overly broad, unduly burdensome, and fails to describe the documents requested with reasonable particularity. Producing documents responsive to this request would require IKON to conduct an

22

Case No. Master File No. C-01-0988-MJJ

1   expensive and disruptive search of its records, the expense and burden of which far outweighs

2   the marginal relevance of the information sought.  IKON also objects to this request because its

3   seeks production of documents that are neither relevant to the subject matter of this action nor

4   reasonably calculated to lead to the discovery of admissible evidence.  For example, this action

5   concerns alleged misstatements and insider trading by Defendants in late 2000, early 2001.  The

6   documents sought in this request are not relevant to the question of what Defendants knew about

7   Oracle's business during that time period.  IKON also objects to this request on the ground that it

8   is premature.  The parties to this action have not even completed their own initial disclosures.

9   To burden third parties such as IKON with such discovery requests before even reviewing the

10   documents and information provided by Oracle through its initial disclosures, and before serving

11   any discovery requests on Oracle, is an abuse of discovery.  IKON further objects to this request

12   to the extent that it calls for documents protected by the attorney-client or work product

13   privileges.  IKON also objects to this request to the extent it calls for production of confidential

14   and proprietary information and trade secrets.  IKON will not produce any documents in

15   response to this request.

16

17   DATED:  December 23, 2004

18                                        BINGHAM McCUTCHEN LLP

19

20                                        By: _____

21                                              John D. Pernick
                                                  Attorneys for Third Party
22                                              IKON Office Solutions, Inc.

23

24

25

26

23                                        Case No. Master File No. C-01-0988-MJJ

IKON'S RESPONSE TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

1                    <u>PROOF OF SERVICE</u>

2          I am over 18 years of age, not a party to this action and employed in the County

3 of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-

4 4067. I am readily familiar with the practice of this office for collection and processing of

5 correspondence for mailing with the United States Postal Service and correspondence is

6 deposited with the United States Postal Service that same day in the ordinary course of business.

7          Today I served the attached:

8          IKON'S OBJECTIONS TO PLAINTIFFS' SUBPOENA FOR
PRODUCTION OF DOCUMENTS

9

10 by causing a true and correct copy of the above to be placed in the United States Mail at San

11 Francisco, California in sealed envelope(s) with postage prepaid, addressed as follows:

12 William S. Lerach, Esq.          Shawn Williams, Esq.
Mark Solomon, Esq.          Willow E. Radcliffe, Esq.

13 Douglas R. Britton, Esq.        Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller    Jennie Lee Anderson, Esq.

14       Rudman & Robbins LLP     Monique C. Winkler, Esq.
401 B Street, Suite 1700       Lerach Coughlin Stoia Geller

15 San Diego, CA 92101            Rudman & Robbins LLP
100 Pine Street, Suite 2600

16                               San Francisco, CA 94111
James C. Maroulis, Esq.

17 Oracle Corporation
500 Oracle Parkway, MS 50p7

18 Redwood City, CA 94065

19          I declare that I am employed in the office of a member of the bar of this court at

20 whose direction the service was made and that this declaration was executed on December 23,

21 2004.

22

23

24                             Jamie J. Pack-Tetreau

25

26

IKON'S OBJECTIONS TO PLAINTIFFS' SUBPOENA FOR PRODUCTION OF DOCUMENTS

SF/21596729.1

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Allan L. Schare
Attorney at Law
aschare@mwe.com
310.551.9392

December 28, 2004

VIA U.S. MAIL

RECEIVED
ORACLE CORPORATION
LEGAL DEPARTMENT

**JAN 0 4 2005**

Calendared:_____
File: _____

Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street
Suite 2600
San Francisco, California  94111

Re:    *In re Oracle Corporation Securities Litigation*
       U.S.D.C. Northern District of California Case No. C-01-0988-MJJ

Dear Mr. Greenstein:

Enclosed please find Non-Party Infonet Services Corporation's ("ISC") Objections to Plaintiffs'
Subpoena in a Civil Case.  As stated in the Objections, among other things, the Subpoena is
extremely broad in scope, making the gathering of the requested documents burdensome and
oppressive, particularly to a non-party to this dispute.

Without waiving any of ISC's objections to the Subpoena, and subject to the Court's ruling on
Oracle's pending motion to quash all of the outstanding subpoenas to Oracle's customers
(including ISC), if Plaintiff is willing to narrow the scope of the documents requested by the
Subpoena, ISC will consider producing responsive documents, if any, upon entry by the Court of
an agreeable confidentiality order.  However, ISC's offices are currently closed for the holidays
and will not reopen until January 3, 2005.  Accordingly, ISC will not be in a position to evaluate
any narrowed request for documents or to respond to any such request until after January 3rd,
and therefore will not in any event be able to produce documents within the time frame requested
in the Subpoena.

Very truly yours,

Allan L. Schare

cc:    James C. Maroulis, Esq.
       Senior Corporate Counsel
       Oracle Corporation

Enclosure

U.S. practice conducted through McDermott Will & Emery LLP.
2049 Century Park East, Suite 3400  Los Angeles, California  90067-3208  Telephone: 310.277.4110  Facsimile: 310.277.4730  www.mwe.com

**McDERMOTT WILL & EMERY LLP**
ALLAN L. SCHARE (Bar No. 126305)
LISA E. STONE (Bar No. 198160)
2049 Century Park East, 34th Floor
Los Angeles, California 90067-3208
Telephone:  310.277.4110
Facsimile:  310.277.4730

Attorneys for Non-Party
INFONET SERVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | CASE NO.  C-01-0988-MJJ<br><br>NON-PARTY INFONET SERVICES CORPORATION'S OBJECTIONS TO PLAINTIFFS' SUBPOENA IN A CIVIL CASE |

LAS99 1379695-1.055967.0017

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1        Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party

2    Infonet Services Corporation ("ISC") hereby objects to the Subpoena in a Civil

3    Case served on December 16, 2004 by Plaintiffs in the above-captioned matter.

4    ISC objects to Plaintiffs' subpoena and document requests ("Requests") on the

5    following grounds:

6        1.    ISC objects to the Requests on the grounds and to the extent that they

7    are unduly burdensome and overly broad.

8        2.    ISC objects to the Requests on the grounds and to the extent that they

9    are vague and ambiguous.

10        3.    ISC objects to the Requests on the grounds and to the extent that they

11    fail to describe the documents sought with reasonable particularity, as required by

12    Federal Rule of Civil Procedure 34.

13        4.    ISC objects to the Requests on the grounds and to the extent that they

14    seek documents and information that are irrelevant and not reasonably calculated to

15    lead to the discovery of admissible evidence.

16        5.    ISC objects to the Requests on the grounds and to the extent that they

17    seek documents and information protected by the attorney-client privilege, the work

18    product doctrine or any other privilege or doctrines of similar effect.

19        6.    ISC objects to the Requests on the grounds and to the extent that they

20    seek documents and information that are confidential, proprietary and/or constitute

21    trade secrets. ISC will produce such documents and/or information only upon entry

22    by the Court of a mutually agreeable confidentiality order.

23        7.    ISC objects to the Requests on the grounds and to the extent that they

24    seek documents and business information that has been submitted to ISC in

25    confidence by third parties. ISC will produce such documents and/or information

26    only upon seeking the consent of all applicable third parties and only upon entry by

27    the Court of a mutually agreeable confidentiality order.

28

8.     ISC objects to the Requests on the ground and to the extent that they seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure.

9.     ISC objects to the Requests on the grounds and to the extent that Plaintiffs have failed to offer to provide for reimbursement of ISC's reasonable costs and expenses incurred in gathering and producing responsive documents.  The Requests are broad in scope and time and place an undue burden on ISC in responding thereto.  Complying with the Requests will require that ISC expend significant amounts of time and money to locate and gather the responsive documents, and ISC should be reimbursed prior to gathering these documents and otherwise responding to the Requests.  Therefore, ISC objects to producing any information or documents without Plaintiffs' prior written agreement to pay the reasonable costs and expenses incurred, including copying costs and reasonable compensation for professional and administrative time spent gathering, reviewing and producing the requested information and documents.

10.     ISC objects to the Requests on the grounds and to the extent that Plaintiffs can obtain the documents and information requested from the defendants and/or other sources instead of seeking them from a third party not involved in the action.

11.     ISC objects to the Requests on the grounds and to the extent that they fail to allow reasonable time for compliance.

12.     ISC objects to the Requests on the grounds and to the extent that they request documents and information from ISC that is in the possession of persons or entities that are not under the control of ISC.

13.     ISC reserves the right to construe the Requests reasonably and as limited to seeking non-burdensome, non-overly broad documents relevant to the issues of the case.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

LAS99 1379695-1.055967.0017

- 3 -

14.   ISC reserves the right to supplement or amend these objections.

Dated:  December 28, 2004

**McDERMOTT WILL & EMERY LLP**
ALLAN L. SCHARE
LISA E. STONE


By: _____
ALLAN L. SCHARE
Attorneys for Non-Party INFONET
SERVICES CORPORATION

LAS99 1379695-1.055967.0017

## PROOF OF SERVICE

I, Julie A. Mardorf, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, 34th Floor, Los Angeles, California 90067-3208. On December 28, 2004, I served a copy of the within document(s):

**NON-PARTY INFONET SERVICES CORPORATION'S OBJECTIONS TO PLAINTIFFS' SUBPOENA IN A CIVIL CASE**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller Rudman
& Robbins LLP
100 Pine Street
Suite 2600
San Francisco, California 94111

James C. Maroulis, Esq.
Senior Corporate Counsel
Oracle Corporation
500 Oracle Parkway
Redwood Shores, CA 94065

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 28, 2004, at Los Angeles, California.

_____
Julie A. Mardorf

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

LAS99 1380277-1.055967.0017

- 1 -

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
tel 973.622.4444
fax 973.624.7070
www.mccarter.com

Anthony Bartell
Partner
973-639-2062
Fax 973-624-7070
abartell@mccarter.com



ATTORNEYS AT LAW

January 11, 2005

*Via Facsimile (415-288-4534) and Overnight Mail*

Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller
 Rudman & Robbins, LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238

> Re:  *In re Oracle Corporation Securities Litigation*
> *Northern District of California, No. C-01-0988-MJJ*
> *Ingersoll-Rand Company's Objections to Subpoena Duces Tecum*

Dear Mr. Greenstein:

We represent Ingersoll-Rand Company ("IR") in connection with your December 22, 2004 Subpoena Duces Tecum (the "Subpoena"). Pursuant to Federal Rule 45, IR sets forth its written objections to the Subpoena and advises that, absent an Order to the contrary from a court of competent jurisdiction, plaintiff cannot inspect or copy the documents requested by the Subpoena.

**Overbroad/Unduly Burdensome**: IR objects to the Subpoena on the grounds it is vague, ambiguous, overly broad and unduly burdensome based on the overbreadth of the requests and the potentially enormous volume of documents sought by plaintiff.

**Irrelevance**: IR objects to the Subpoena on the ground it seeks documents that bear no relevance to the claims in issue, and that will not lead to the discovery of admissible evidence.

**Privilege**: IR objects to the Subpoena to the extent it requests information or documents protected by the attorney-client privilege, the work-product doctrine or any other applicable privileges.

**Confidentiality**:  IR objects to the Subpoena to the extent it requests documents containing confidential and/or proprietary information, trade secrets and/or sensitive commercial information.

**Undue Expense**: IR objects to the Subpoena because it requires IR to search for, obtain and review a potentially enormous number of documents at great cost. The Subpoena makes no provision for reimbursement to IR for the substantial costs it would incur in attempting to comply with the requests.

**Timing**: IR objects to the Subpoena because compliance by the return date would cause undue hardship.

**Reservation of Objections**: IR, by enumerating the above objections, does not waive any other applicable objections, and IR expressly reserves the right to supplement or amend its objections.

Very truly yours,

ANTHONY BARTELL

cc:   James C. Maroulis
      Senior Corporate Counsel
      Oracle Corporation
      Via Facsimile (650-506-7114)

1   TERRI GARLAND (BAR NO. 169563)
    ADRIAN J. SAWYER (BAR NO. 203712)
2   MORRISON & FOERSTER LLP
    425 Market Street
3   San Francisco, California  94105-2482
    Telephone: (415) 268-7000
4   Facsimile: (415) 268-7522

5   Attorneys for Non-Party
    JDS UNIPHASE CORPORATION

6

7

8                       UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12                                              Case No.   C-01-0988-MJJ

13   In re ORACLE CORPORATION SECURITIES          **NON-PARTY JDS UNIPHASE
     LITIGATION                                   CORPORATION'S OBJECTIONS
14                                                TO SUBPOENA**

15

16   This Document Relates to:

17        ALL ACTIONS.

18

19

20

21

22

23

24

25

26

27

28

Non-Party JDS Uniphase Corporation's
Objections to Subpoena C-01-0988-MJJ
sf-1841076

1    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, set forth below are

2  JDS Uniphase Corporation's ("JDSU") written objections to the subpoena duces tecum issued by

3  Plaintiffs on December 9, 2004.  JDSU reserves its rights to supplement these objections as

4  additional information becomes available, to move to quash, or otherwise seek judicial relief.

5           **GENERAL OBJECTIONS**

6    1.   JDSU makes the following general objections in addition to the specific objections

7  to specific document requests, as set forth below.  Each of these general objections is

8  incorporated into and made a part of JDSU's response to each and every request set forth in the

9  subpoena.  JDSU's objections have special force because they are advanced by a non-party. *See,*

10  *e.g., Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 424 (Fed. Cir. 1993).

11    2.   JDSU objects to each and every request as premature as a class has not yet been

12  certified in this litigation.

13    3.   JDSU objects to each and every request to the extent that it seeks documents that

14  are not relevant to the claim or defense of any party.

15    4.   JDSU objects to each and every request to the extent that it purports to impose

16  requirements or discovery obligations that exceed those imposed by the Federal Rules of Civil

17  Procedure or any other applicable rule, law, or regulation.

18    5.   JDSU objects to each and every request to the extent that it seeks documents

19  protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or

20  any other applicable privilege.  If any document protected from discovery by any privilege is

21  inadvertently revealed, it is not intended to and shall not operate as a waiver of these objections.

22    6.   JDSU objects to each and every request to the extent that it seeks documents

23  containing proprietary and confidential business and financial information, including information

24  constituting or pertaining to trade secrets, personnel information, or competitively sensitive

25  information.  Disclosure of such information would be harmful to JDSU's legitimate business

26  interests.

27

28

1      7.     JDSU objects to each and every request to the extent that it seeks documents that

2  include information subject to confidentiality agreements with third parties.

3      8.     JDSU objects to each and every request to the extent that it seeks documents that

4  are not in JDSU's possession, custody, or control.

5      9.     JDSU objects to each and every request to the extent that it seeks documents in the

6  public domain, equally available from the parties to the litigation, or available from other sources.

7      10.    JDSU objects to each and every request on the ground that JDSU is a defendant in

8  other litigation that involves an overlapping time period, and documents sought by this subpoena

9  may be relevant to issues raised in that litigation. The litigation pending against JDSU includes:

10  (1) a consolidated securities action, *In re JDS Uniphase Corporation Securities Litigation*, C-02-

11  1486 CW, pending in the Northern District of California against JDSU and certain of its current

12  and former officers and directors; (2) a consolidated derivative action, *Corwin v. Kaplan*, C-02-

13  2020 CW, purportedly brought on JDSU's behalf in the Northern District of California against

14  certain of JDSU's current and former officers and directors; (3) a consolidated and coordinated

15  derivative action, *In re JDS Uniphase Corporation Derivative Litigation*, No. CV806911,

16  purportedly brought on behalf of JDSU in Santa Clara County Superior Court; and (4) a

17  derivative action, *Cromas v. Straus*, Civil Action No. 19580, purportedly brought on behalf of

18  JDSU in Delaware Chancery Court. Motions to dismiss both federal actions are currently

19  pending. Discovery in the securities action is stayed pursuant to the Private Securities Litigation

20  Reform Act of 1995. No discovery is occurring in the federal derivative action or the Delaware

21  derivative action. The California state derivative action has been stayed pending the federal

22  actions. Requiring JDSU to produce documents concerning topics that are at issue in the federal

23  and state actions against it will deprive JDSU of the benefits of the stay imposed by the securities

24  laws and by order of the court in the California state derivative action. In addition, JDSU is not a

25  party to this litigation. To minimize the burden and expense imposed on a non-party, Plaintiffs

26  should be required to complete their document discovery from the defendants in this action before

27  seeking any discovery from JDSU.

28

11.     JDSU objects to each and every request on the grounds that the law firm that represents Plaintiffs in this action is also co-lead counsel for the plaintiffs in the California state derivative action against JDSU.  As noted above, the plaintiffs in that action are not yet entitled to discovery.  Given the overlap in counsel for that action and this action, requiring JDSU to produce documents here raises the risk that Plaintiffs' counsel will obtain in this action discovery it is not permitted in the action against JDSU and use the discovery they obtain here to pursue their action against JDSU.

12.     JDSU objects to the "Definitions" and "Instructions" provided to the extent they are overly broad, unduly burdensome, vague, or ambiguous.

13.     JDSU objects to Definition 1 ("you" or "your") to the extent that it seeks documents that are not in JDSU's possession, custody, or control.

14.     JDSU objects to Definition 2 ("Document" or "documents") to the extent that it is broader in scope than the definition provided by Rule 34 of the Federal Rules of Civil Procedure or any other applicable rule, law, or regulation.

15.     JDSU objects to Definition 10 ("Communication" or "communications") to the extent it is broader in scope than the definition provided by any applicable rule, law, or regulation.

16.     JDSU objects to Definition 11 ("Concerning") to the extent that it is broader in scope than the definition provided by any applicable rule, law, or regulation.  JDSU further objects to that definition because it requires the application and disclosure of the subjective legal judgment of JDSU's attorneys and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine.

17.     JDSU objects to the Definition 12 ("Refer" or "relate" or "referring" or "relating") to the extent that it seeks documents that are not in JDSU's possession, custody, or control. JDSU further objects to that definition because it requires the application and disclosure of the subjective legal judgment of JDSU's attorneys and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine.

1      18.    JDSU objects to Definition 14 ("Your employee") to the extent that it seeks

2  documents that are not in JDSU's possession, custody, or control.

3      19.    JDSU objects to Instruction No. 1 to the extent Plaintiffs attempt to impose

4  obligations on JDSU that are not required by applicable law.

5      20.    JDSU objects to Instruction No. 2 to the extent Plaintiffs seek documents that are

6  not in JDSU's possession, custody, or control.

7      21.    JDSU objects to Instructions Nos. 3 and 4 to the extent Plaintiffs attempt to

8  impose obligations on JDSU that are not required by applicable law.

9      22.    JDSU objects to Instruction No. 5 to the extent that it requires JDSU to provide a

10  privilege log concurrently with these Objections.  If required, JDSU will prepare and submit a

11  privilege log after it has had an adequate and reasonable opportunity to conduct a privilege

12  review.  JDSU further objects to this Instruction to the extent that it purports to require

13  information beyond that which is required by Rule 45(d) of the Federal Rules of Civil Procedure

14  or any other applicable rule, law, or regulation.

15      23.    JDSU objects to Instructions Nos. 8 and 9 to the extent Plaintiffs attempt to

16  impose obligations on JDSU that are not required by applicable law.

17      24.    JDSU objects to the definition of "relevant time period" as excessively broad.

18  Beginning the relevant time period on January 1, 2000 renders each of these requests excessively

19  broad because the class period in this action did not begin until December 14, 2000.  Ending the

20  relevant time period on June 18, 2003 renders each of these requests excessively broad because

21  the class period in this action ends on March 1, 2001.  JDSU further objects to the definition of

22  relevant time period to the extent that it seeks "all documents and information that relate to such

23  period, even though prepared or published outside of the relevant time period."  Read literally,

24  this definition seeks to impose an obligation to produce documents in perpetuity.

25      25.    In light of the time period, scope of requests, and categories of documents, JDSU

26  will incur significant time and expense in searching for, collecting, and making available the

27  requested documents.  As a non-party to the litigation, JDSU is entitled to compensation for these

28  costs.

1      26.    Nothing contained in those general and specific objections constitutes nor should

2  be construed as an admission or acknowledgment as to the admissibility, materiality, or relevance

3  of any information sought by Plaintiffs.

4                    **SPECIFIC RESPONSES AND OBJECTIONS**

5      In addition to the foregoing General Objections applicable to all requests for production,

6  each of which is hereby incorporated in all of the following responses, JDSU makes the following

7  specific objections:

8  **REQUEST NO. 1:**

9      All documents and communications concerning Oracle's products, licenses, or services,

10  including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

11  **OBJECTIONS TO REQUEST NO. 1:**

12      JDSU incorporates its general objections by reference.  JDSU further objects to this

13  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

14  to this litigation.  Read literally, it requires JDSU to search the files of all its employees, who

15  numbered over 29,000 at the peak of JDSU's workforce.  Moreover, compliance with this request

16  would require JDSU to produce routine transactional documents, which would impose significant

17  search and production costs.

18  **REQUEST NO. 2:**

19      All documents and communications concerning any discussions or meetings between you

20  and Oracle or any Individual Defendant relating to Oracle contracts, agreements, or any of

21  Oracle's products, licenses or services.

22  **OBJECTIONS TO REQUEST NO. 2:**

23      JDSU incorporates its general objections by reference.  JDSU further objects to this

24  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

25  to this litigation.  Read literally, it requires JDSU to search the files of all its employees, who

26  numbered over 29,000 at the peak of JDSU's workforce.

27

28

1  **REQUEST NO. 3:**

2      All documents and communications concerning your projections or forecasts for

3  purchases or sales of any of Oracle's products, licenses or services.

4  **OBJECTIONS TO REQUEST NO. 3:**

5      JDSU incorporates its general objections by reference.  JDSU further objects to this

6  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

7  to this litigation.

8  **REQUEST NO. 4:**

9      All documents and communications concerning your actual purchases or orders for

10  Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices,

11  payment terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check

12  requests and check or cash disbursements.

13  **OBJECTIONS TO REQUEST NO. 4:**

14      JDSU incorporates its general objections by reference.  JDSU further objects to this

15  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

16  to this litigation.  Moreover, compliance with this request would require JDSU to produce routine

17  transactional documents, which would impose significant search and production costs.

18  **REQUEST NO. 5:**

19      All documents and communications concerning your actual or attempted installation,

20  integration or implementation of Oracle's products, licenses or services, including, but not limited

21  to, technical support issues, product failures, delays, and issues regarding consulting fees or

22  payments.

23  **OBJECTIONS TO REQUEST NO. 5:**

24      JDSU incorporates its general objections by reference.  JDSU further objects to this

25  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

26  to this litigation.  JDSU further objects to the word "implementation" and the phrase "issues

27  regarding consulting fees or payments" as vague and ambiguous.

28

1     **REQUEST NO. 6**:

2         All documents and communications concerning any sales presentation, promotion or

3    product demonstration made to you by Oracle for Oracle's productions, licenses or services,

4    including, but not limited to, any discussions, promises or guarantees made to you regarding the

5    functionality or performance of Oracle's products.

6     **OBJECTIONS TO REQUEST NO. 6**:

7         JDSU incorporates its general objections by reference.  JDSU further objects to this

8    request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

9    to this litigation.

10    **REQUEST NO. 7**:

11        All documents and communications concerning your right to return, exchange, defer

12    payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but

13    not limited to, your actual or contemplated decision to exercise those rights.

14    **OBJECTIONS TO REQUEST NO. 7**:

15        JDSU incorporates its general objections by reference.  JDSU further objects to this

16    request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

17    to this litigation.  JDSU further objects to the phrase "contemplated decision" as vague and

18    ambiguous.

19    **REQUEST NO. 8**:

20        All documents and communications concerning the functionality of Oracle's products and

21    services and compatibility with the hardware, software and information technology systems used

22    by or considered for use by your company.

23    **OBJECTIONS TO REQUEST NO. 8**:

24        JDSU incorporates its general objections by reference.  JDSU further objects to this

25    request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

26    to this litigation.

27

28

Non-Party JDS Uniphase Corporation's
Objections to Subpoena C-01-0988-MJJ
sf-1841076

7

1    **REQUEST NO. 9:**

2         All documents and communications concerning any technical defects, problems, bugs,

3    patches, or technical difficulties related to any of Oracle's products, licenses or services,

4    including any complaints you had or raised with Oracle.

5    **OBJECTIONS TO REQUEST NO. 9:**

6         JDSU incorporates its general objections by reference.  JDSU further objects to this

7    request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

8    to this litigation.

9    **REQUEST NO. 10:**

10        All documents and communications concerning any attempt to fix or remedy any

11   technical defects, difficulties, problems, bugs, or patches related to any of Oracle's products,

12   licenses or services.

13   **OBJECTIONS TO REQUEST NO. 10:**

14        JDSU incorporates its general objections by reference.  JDSU further objects to this

15   request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

16   to this litigation.

17   **REQUEST NO. 11:**

18        All documents and communications concerning any actual, potential, or threatened legal

19   action by you against Oracle or by Oracle against you, relating to Oracle's products or services,

20   including, but not limited to, contract or payment disputes and disagreements.

21   **OBJECTIONS TO REQUEST NO. 11:**

22        JDSU incorporates its general objections by reference.  JDSU further objects to this

23   request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

24   to this litigation.  JDSU further objects to this request to the extent that it seeks documents that

25   are protected by the attorney-client privilege or the attorney work-product doctrine.

26

27

28

1  **REQUEST NO. 12:**

2        All documents and communications concerning your information technology budget for

3  Oracle's products, licenses or services, including but not limited to any decline or change due to

4  the slowing of the United States economy.

5  **OBJECTIONS TO REQUEST NO. 12:**

6        JDSU incorporates its general objections by reference.  JDSU further objects to this

7  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

8  to this litigation.  JDSU further objects to the phrase "slowing of the United States economy" as

9  vague and ambiguous.

10  **REQUEST NO. 13:**

11        All documents and communications concerning your efforts to audit, collect or recover

12  payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products,

13  licenses or services.

14  **OBJECTIONS TO REQUEST NO. 13:**

15        JDSU incorporates its general objections by reference.  JDSU further objects to this

16  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

17  to this litigation.  JDSU further objects to this request to the extent that it seeks documents that

18  are protected by the attorney-client privilege or the attorney work-product doctrine.

19  **REQUEST NO. 14:**

20        All documents and communications concerning your assessment, testing and evaluation of

21  Oracle's products, licenses or services.

22  **OBJECTIONS TO REQUEST NO. 14:**

23        JDSU incorporates its general objections by reference.  JDSU further objects to this

24  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

25  to this litigation.  JDSU also objects to the phrase "assessment, testing and evaluation" as vague

26  and ambiguous.

27

28

1 **REQUEST NO. 15:**

2     All documents and communications concerning any overpayment made by you to Oracle

3 for any purchase of Oracle's products, licenses or services between 1997-2004, including, but not

4 limited to, any proposed or actual reimbursement, refund, credit or discount received in

5 connection with overpayments and any discussions or meeting with Oracle regarding

6 overpayments.

7 **OBJECTIONS TO REQUEST NO. 15:**

8     JDSU incorporates its general objections by reference.  JDSU further objects to this

9 request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

10 to this litigation.  JDSU further objects to this request as excessively broad and unduly

11 burdensome because of the eight-year time period specified.

12 **REQUEST NO. 16**

13     All documents and communications concerning your employment or use of any profit or

14 audit recovery entities in connection with overpayments for purchases or sales of Oracle's

15 products and services between 1997 and 2004, including, without limitation, attempts to recover

16 monies owed, or believed to be owed to you by Oracle.

17 **OBJECTIONS TO REQUEST NO. 16**

18     JDSU incorporates its general objections by reference.  JDSU further objects to this

19 request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

20 to this litigation.  JDSU further objects to this request as excessively broad and unduly

21 burdensome because of the eight-year time period specified.  JDSU further objects to this request

22 to the extent that it seeks documents that are protected by the attorney-client privilege or the

23 attorney work-product doctrine.  JDSU further objects to the phrase "profit or audit recovery

24 entitites" as vague and ambiguous.

25 **REQUEST NO. 17**

26     All documents and communications concerning any loss of business or costs incurred by

27 you in connection with your purchase or use of Oracle's products, licenses, or services.

28

1   **OBJECTIONS TO REQUEST NO. 17**

2        JDSU incorporates its general objections by reference.  JDSU further objects to this

3   request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

4   to this litigation.

5   **REQUEST NO. 18**

6        All documents or communications, including organizational charts and directories,

7   sufficient to identify your employees who were involved with purchases, sales, or implementation

8   of Oracle's products and services.

9   **OBJECTIONS TO REQUEST NO. 18**

10       JDSU incorporates its general objections by reference.  JDSU further objects to this

11   request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

12   to this litigation.

13   **REQUEST NO. 19**

14       All documents and communications concerning your decision to switch from Oracle's

15   products and services to competing products and services sold by companies such as Microsoft or

16   IBM database or any other database or applications provider.

17   **OBJECTIONS TO REQUEST NO. 19**

18       JDSU incorporates its general objections by reference.  JDSU further objects to this

19   request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

20   to this litigation.

21   **REQUEST NO. 20**

22       All documents and communications concerning your decision not to award software and

23   service contracts to Oracle for which Oracle had submitted a bid or proposal.

24   **OBJECTIONS TO REQUEST NO. 20**

25       JDSU incorporates its general objections by reference.  JDSU further objects to this

26   request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

27   to this litigation.

28

1  **REQUEST NO. 21**

2       All documents and communications concerning any proposed or actual services provided

3  by Oracle Consulting in connection with Oracle's products and licenses.

4  **OBJECTIONS TO REQUEST NO. 21**

5       JDSU incorporates its general objections by reference.  JDSU further objects to this

6  request as overbroad, unduly burdensome, and not tailored to the claims or defenses of any party

7  to this litigation.

8  **REQUEST NO. 22**

9       All documents and communications concerning agreements or joint ventures with Oracle

10  to promote, sell or market Oracle's products and services.

11  **OBJECTIONS TO REQUEST NO. 22**

12       JDSU incorporates its general objections by reference. JDSU further objects to this

13  request as overbroad, unduly burdensome,  and not tailored to the claims or defenses of any party

14  to this litigation.

15  Dated: December 27, 2004

16                                    TERRI GARLAND
                                      ADRIAN J. SAWYER
17                                    MORRISON & FOERSTER LLP

18

19                          By:      _____
20                                    Adrian J. Sawyer

21                                    Attorneys for Non-Party
                                      JDS UNIPHASE CORPORATION

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is

3

425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I

4

am over the age of eighteen years.

5

I further declare that on December 27, 2004, I served a copy of:

6

7

**NON-PARTY JDS UNIPHASE CORPORATION'S OBJECTIONS TO SUBPOENA**

8

9

☐ **BY FACSIMILE [Code Civ. Proc sec. 1013(e)]** by sending a true copy from

10

Morrison & Foerster LLP's facsimile transmission telephone number (415) 268-7522 to the fax number(s) set forth below, or as stated on the attached service list. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

11

12

I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile

13

transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile

14

on the same date that it (they) is (are) placed at Morrison & Foerster LLP for

15

transmission.

16

☒ **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof

17

enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street,

18

San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

19

I am readily familiar with Morrison & Foerster LLP's practice for collection and

20

processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the

21

document(s) described above will be deposited with the United States Postal Service

22

on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

23

24

25

26

27

28

1

1  □  **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)]** by placing a true
2     copy thereof enclosed in a sealed envelope with delivery fees provided for,
      addressed as follows, for collection by UPS, at 425 Market Street, San Francisco,
3     California  94105-2482 in accordance with Morrison & Foerster LLP's ordinary
      business practices.
4
5     I am readily familiar with Morrison & Foerster LLP's practice for collection and
      processing of correspondence for overnight delivery and know that in the ordinary
6     course of Morrison & Foerster LLP's business practice the document(s) described
      above will be deposited in a box or other facility regularly maintained by UPS or
7     delivered to an authorized courier or driver authorized by UPS to receive documents
      on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.
8
9  ☒  **BY PERSONAL SERVICE [Code Civ. Proc sec. 1011]** by placing a true copy
      thereof enclosed in a sealed envelope addressed as follows for collection and
10    delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the
      document(s) listed above to the person(s) at the address(es) set forth below.
11
12    I am readily familiar with Morrison & Foerster LLP's practice for the collection and
      processing of documents for hand delivery and know that in the ordinary course of
      Morrison & Foerster LLP's business practice the document(s) described above will be
13    taken from Morrison & Foerster LLP's mailroom and hand delivered to the
      document's addressee (or left with an employee or person in charge of the
14    addressee's office) on the same date that it is placed at Morrison & Foerster LLP's
15    mailroom.
16 □  **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6]** by electronically
      mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail
17    system to the e-mail address(s) set  forth below, or as stated on the attached service
18    list per agreement in accordance with Code of Civil Procedure section 1010.6.
19
20 **(By Personal Service)**
21 Sanford Svetcov                                    Attorneys for Plaintiff(s)
22 Shawn A. Williams
   Willow E. Radcliffe
23 Lerach Coughlin Stoia Geller Rudman &
        Robbins LLP
24 100 Pine Street, Suite 2600
   San Francisco, CA 94111-5238
25
26
27
28

**(By U.S. Mail)**

William S. Lerach                                Attorneys for Plaintiff(s)
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
    Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297

**(By U.S. Mail)**

Donald M. Falk                                   Attorneys for Defendant(s)
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306

**(By U.S. Mail)**

Alan N. Salpeter                                 Attorneys for Defendant(s)
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441

**(By U.S. Mail)**

Dorian Daley                                     Attorneys for Defendant(s)
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, this 27th day of December, 2004.

Margarita Colin
_____          _____
      (typed)                          (signature)

3

PROOF OF SERVICE