

# W Y C H E

**WYCHE BURGESS FREEMAN & PARHAM, P.A.**

Attorneys at Law

January 12, 2005

Jennie Anderson, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Re:  *In Re Oracle Corporation Securities Litigation*
   C/A No. C-01-0988-MJJ

Dear Ms. Anderson:

Enclosed for service in the above-captioned matter are the Objections to Plaintiff's Subpoena for Production of Documents dated December 27, 2004 on behalf of KEMET Electronics Corporation ("KEMET"). While this subpoena addresses some of the objections KEMET stated in its earlier objections served on December 17, 2004, the scope and breadth of the requests continue to make the location and gathering of these documents burdensome, oppressive, and expensive.

Also, as I have requested previously, please direct all future correspondence addressed to KEMET in this matter to my attention.

If you have any questions regarding this response or these objections, please feel free to contact me.

Sincerely yours,

Mark W. Bakker
(864) 242-8299
mbakker@wyche.com

Enclosure

c:   James C. Maroulis, Esq.
   Mr. Michael W. Boone

<table>
<tr><td colspan="2" align="center">UNITED STATES DISTRICT COURT<br>DISTRICT OF SOUTH CAROLINA</td></tr>
<tr><td>In re ORACLE CORPORATION<br>SECURITIES LITIGATION</td><td align="center">C-01-0988-MJJ<br><br><b>KEMET Electronics Corporation's<br>Objections to Plaintiff's Subpoena for<br>Production of Documents Dated<br>December 27, 2004</b></td></tr>
</table>

KEMET Electronics Corporation ("KEMET"), by and through its undersigned counsel, pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, hereby responds to the subpoena for production of documents served on December 29, 2004 by Plaintiff in the above-captioned matter. KEMET objects to Plaintiff's subpoena and document requests ("Requests") on the following grounds:

1.       KEMET objects to all of the Requests on the grounds that Plaintiff has failed to offer to reimburse KEMET for reasonable costs incurred in gathering and producing responsive documents. The Requests, even as amended, are broad in scope and time and place an undue burden on KEMET in responding thereto. Complying with the Requests will cause KEMET to incur significant amounts of time and money to locate and gather the responsive documents. KEMET estimates that it will expend thousands of work hours retrieving the hard data and running multiple data base electronic searches, costing KEMET well over a hundred thousand dollars in lost time and costs. KEMET should be reimbursed prior to gathering, locating, and retrieving these documents and otherwise responding to the Requests.

2.       KEMET objects to the Requests to the extent that the parties can obtain this information from other sources instead of relying on a third party not involved in the action. Upon information and belief, the documents and information sought in the Requests can be located by and produced by the parties to the action at issue. Upon information and belief, Plaintiff has not requested or attempted to obtain documents responsive to the Requests from the parties to the action at issue. Apparently, Plaintiff has not made any effort to secure the information sought in the Requests from the parties to the litigation. KEMET therefore objects to the Requests to the extent that they are unreasonably burdensome, oppressive, costly and disruptive to its business.

3.       KEMET objects to the Requests to the extent that the nature and scope of the discovery sought by the Plaintiff is being contested by the parties to the action at issue and is the subject of a Motion for a Protective Order. As set forth in that motion, Plaintiff has not reasonably attempted to obtain the requested information from the parties to the action and instead has placed this burden on third parties not named in nor involved in the action at issue. KEMET should not have to respond to the requests, or gather the information sought in the Requests, unless and until the Court rules on the Motion for a Protective Order.

4.     KEMET objects to the Requests on the grounds that they are vague and overbroad.

5.     KEMET objects to the Requests to the extent that they request information in the possession of persons or entities that are not under the control of KEMET.

6.     KEMET objects to the Requests in their entirety to the extent that they permit exposure to and require disclosure of sensitive trade secrets, confidential, proprietary or commercially sensitive information.

7.     KEMET reserves the right to supplement or amend these objections.

Mark W. Bakker (S.C. Fed. Bar No. 6885)
Wyche, Burgess, Freeman & Parham, P.A.
44 East Camperdown Way
Post Office Box 728
Greenville, SC  29602
Telephone:  (864) 242-8200
Telecopier:  (864) 235-8900
mbakker@wyche.com

**Attorney for KEMET Electronics Corporation**

Date: _1-12-2005_
Greenville, SC

2

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ<br><br>**AFFIDAVIT OF SERVICE** |
| --- | --- |

I, Lynn H. Visser, an employee of the law firm of Wyche, Burgess, Freeman & Parham, P.A., attorneys for the KEMET Electronics Corporation, state that I have this *12th* day of January, 2005, caused copies of the foregoing **KEMET Electronics Corporation's Objections to Plaintiff's Subpoena for Production of Documents Dated December 27, 2004** to be served on counsel for the Plaintiff in this action by U.S. Mail, first class postage prepaid, at the following address:

Jennie Anderson
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Fransciso, CA 94111

By: _Lynn H. Visse_
Lynn H. Visser

Subscribed and sworn to before
me this _12_ day of January, 2005.

_Rita M. Swachhammer_
Notary Public for South Carolina
My Commission Expires: _9/25/06_



# W Y C H E

### WYCHE BURGESS FREEMAN & PARHAM, P.A.

###### Attorneys at Law

December 17, 2004

RECEIVED
ORACLE CORPORATION
LEGAL DEPARTMENT

DEC 2 1 2004

Calendared:_____
File: _____

Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111

Re:    *In Re Oracle Corporation Securities Litigation*
        C/A No. C-01-0988-MJJ

Dear Mr. Greenstein:

Enclosed for service in the above-captioned matter are the Objections to Plaintiff's Subpoena for Production of Documents on behalf of KEMET Electronics Corporation ("KEMET"). While perhaps not your intent, the scope and breadth of the requests make the location and gathering of these documents burdensome, oppressive, and expensive.

To the extent that you care to amend or narrow the requests, I also wanted to inform you that no documents potentially responsive to the requests are kept by KEMET in California. Upon information and belief, KEMET has no responsive documents in California. While KEMET maintains a sales operation in California, the subpoena needs to be directed to its corporate headquarters in South Carolina. However, we are hopeful that you can get whatever documents you need from the parties involved in the case rather than place this burden on third parties uninvolved in the litigation.

If you have any questions regarding this response or these objections, please feel free to contact me.

Sincerely Yours,

Mark W. Bakker
(864) 242-8299
mbakker@wyche.com

enclosure

c:      James C. Maroulis, Esq.
        Michael W. Boone

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | |
| --- | --- |
| In re ORACLE CORPORATION SECURITIES LITIGATION | C-01-0988-MJJ **KEMET Electronics Corporation's Objections to Plaintiff's Subpoena for Production of Documents** |

KEMET Electronics Corporation ("KEMET"), by and through its undersigned counsel, pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure hereby responds to the subpoena for production of documents served on December 10, 2004 by Plaintiff in the above-captioned matter. KEMET objects to Plaintiff's subpoena and document requests ("Requests") on the following grounds:

1.    KEMET objects to the service of the Requests on KEMET's sales operations in California. Upon information and belief, no documents responsive to the Requests exist or are retained in California. To the extent that KEMET has any documents responsive to the Requests, such documents are maintained and retained in South Carolina. Therefore, the subpoena should have been directed to KEMET in South Carolina and the subpoena should have been issued by the District of South Carolina.

2.    KEMET objects to all of the Requests on the grounds that Plaintiff has failed to offer to reimburse KEMET for reasonable costs incurred in gathering and producing responsive documents. The Requests are broad in scope and time and place an undue burden on KEMET in responding thereto. Complying with the Requests will cost KEMET significant amounts of time and money to locate and gather the responsive documents, and KEMET should be reimbursed prior to gathering these documents and otherwise responding to the Requests.

3.    KEMET objects to the Requests to the extent that the parties can obtain this information from other sources instead of relying on a third party not involved in the action. Upon information and belief, the documents and information sought in the Requests can be located by and produced by the parties to the action at issue. Upon information and belief, Plaintiff has not requested or attempted to obtain documents responsive to the Requests from the parties to the action at issue. KEMET therefore objects to the Requests to the extent that they are burdensome, oppressive, costly and disruptive to its business.

4.    KEMET objects to the Requests because they fail to allow reasonable time for compliance.

5.    KEMET objects to the Requests to the extent that they are inconsistent with or enlarge upon Rule 45 of the Federal Rules of Civil Procedure. Specifically, KEMET objects to the Requests because the subpoena specifies that the production of documents take place

at a location more than 100 miles from KEMET's corporate headquarters and where any responsive documents, if any, would be maintained and kept by KEMET.

6.    KEMET objects to the Requests to the extent that they request information in the possession of persons or entities that are not under the control of KEMET.

7.    KEMET objects to the Requests in their entirety to the extent that they permit exposure to and require disclosure of sensitive trade secrets, confidential, proprietary or commercially sensitive information.

8.    KEMET reserves the right to supplement or amend these objections.


Mark W. Bakker (S.C. Fed. Bar No. 6885)
Wyche, Burgess, Freeman & Parham, P.A.
44 East Camperdown Way
Post Office Box 728
Greenville, SC  29602
Telephone:  (864) 242-8200
Telecopier:  (864) 235-8900
mbakker@wyche.com

Date:  December 17, 2004
Greenville, SC

**Attorney for KEMET Electronics Corporation**

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re ORACLE CORPORATION
SECURITIES LITIGATION

Master File No. C-01-0988-MJJ

AFFIDAVIT OF SERVICE

I, Lynn H. Visser, an employee of the law firm of Wyche, Burgess, Freeman & Parham, P.A., attorneys for the KEMET Electronics Corporation, state that I have this ☐th day of December, 2004, caused copies of the foregoing **KEMET Electronics Corporation's Objections to Plaintiff's Subpoena for Production of Documents** to be served on counsel for the Plaintiff in this action by U.S. Mail, first class postage prepaid, at the following address:

Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Fransciso, CA 94111

By: _Lynn H. Visser_
Lynn H. Visser

Subscribed and sworn to before
me this ___ day of December, 2004.

_Susan B. Haka_
Notary Public for South Carolina
My Commission Expires: _2/12/2012_

01-06-05    17:47    From-ANDREWSKURTH                    +5123209292              T-787    P.002/003    F-504



111 Congress Avenue, Suite 1700
Austin, Texas 78701
512.320.9200 Phone
512.320.9292 Fax
andrewskurth.com

Karen Whitt
(512) 320.9236 Direct
karenwhitt@andrewskurth.com

January 6, 2005

Mr. Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

> Re: *In re Oracle Corporation Securities Litigation*; Master File No. C-01-0988-MJJ;
> In the Northern District of California, United States District Court

Dear Mr. Greenstein:

The purpose of this letter is to provide you with formal notice of Legerity, Inc.'s ("Legerity") objections to the following requests pursuant to the Subpoena *Duces Tecum* served on Legerity on December 23, 2004.

### General Objections to Discovery Requests:

Legerity objects to all document requests to the extent they seek information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. As Legerity is not a party to the lawsuit and has no knowledge of the claims alleged in the lawsuit, Legerity reserves its right to base any objections to these discovery requests on relevance and/or harassment.

Legerity further objects to all requests to the extent they seek documents not in Legerity's "possession, custody or control." *See* FRCP 45(a)(1)(C). Legerity also objects to producing responsive documents, if any, on the grounds that the overly broad scope of the requested documents makes doing so unduly burdensome and expensive. *See* FRCP 26(b)(2), 45(c)(1) and (c)(3)(A)(iv).

Legerity further objects to the subpoena's definitions of "communication" and "document" to the extent that the definitions are overbroad and would require Legerity to produce stored communications not in its possession, custody or control, including stored communications in violation of the Stored Communications Act. *See* 18 U.S.C. § 2701 et seq.; *Theofel v. Jones*, 359 F.3d 1066, 1073 (9th Cir. 2003). In addition, Legerity objects to the definitions of "you" and "your" as being overly broad and unduly burdensome.

Further, Legerity objects to any request to produce documents protected from disclosure by the attorney-client communication, work product, witness statement, party communication, consulting expert, investigative, and/or any other privileges recognized by federal law. Legerity

objects to providing any documents which are privileged, and states that if it is compelled to respond to any of these document requests, it is expressly reserving its right to assert any applicable privilege at a future date.

In addition, Legerity objects to these requests to the extent they seek the production of documents containing Legerity's confidential, proprietary, financial and/or trade secret information.

### Specific Objections to Discovery Requests:

Legerity objects to Request Nos. 1-22 on the grounds that the requests are unduly burdensome and expensive, and/or may be obtained from a more convenient, less burdensome, or less expensive source. *See* FRCP 26(b)(2). Legerity objects to the extent the burden or expense of the discovery outweighs its likely benefit, after taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the discovery in resolving the issues. *See* FRCP 26(b)(2) and (c).

Legerity further objects to Request Nos. 1-22 as being overbroad. *See Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988), *aff'd*, 865 F.2d 1259 (4th Cir. 1989).

In addition, Legerity objects to Request Nos. 1-22 to the extent that they seek the production of documents containing Legerity's confidential, proprietary, financial and/or trade secret information.

Please be advised that Legerity reserves the right to file a more full description of these objections at a reasonable time in the future, as necessary. *See Tuite v. Henry*, 98 F.3d 1411, 1416 (C.A.D.C. 1996).

Sincerely,

Karen P. Whitt
Jeffery K. Gordon

ATTORNEYS FOR LEGERITY, INC.

cc:   Counsel for Defendants and Plaintiffs
       (per service list attached to subpoena)

2

AUS:564356.1



**KRAVIT · HOVEL · KRAWCZYK & LEVERSON s.c.**
A T T O R N E Y S

TELEPHONE 414 · 271 · 7100

825 NORTH JEFFERSON
MILWAUKEE WISCONSIN
53202 · 3737

FACSIMILE 414 · 271 · 8135

**JANICE A. RHODES**
jar@kravitlaw.com

January 10, 2005

**VIA FACSIMILE, OVERNIGHT & ELECTRONIC MAIL**

Mr. Eli R. Greenstein
Lerach Couglin Stoia Geller
  Rudman & Robbins LLP
100 Pine Street – Suite 2600
San Francisco, CA 94111-5238

Re:   *Subpoena To Metavante Corporation*
       *In Re: Oracle Corporation Securities Litigation,*
       Case No. C-01-0988-MJJ, United States District Court for the
       Northern District of California

Dear Mr. Greenstein:

        We represent Metavante Corporation for purposes of the subpoena *duces tecum* dated December 22, 2004, which you served upon Metavante as counsel for the plaintiffs in the above-captioned litigation.

        Pursuant to Fed. R. Civ. P. 45(c), Metavante objects to the production of documents as set forth in the subpoena, for the following reasons.

        The subpoena is overbroad and imposes an unjustified and undue burden on Metavante. It requests information that is not reasonably calculated to lead to the discovery of evidence that is admissible in the litigation. The time allowed for production is insufficient. The eight-year time period covered by at least two of the document requests is extreme. Moreover, some of the materials requested may include information that is subject to the attorney-client privilege or information that constitutes a trade secret or is otherwise proprietary or confidential.

        As you know, Metavante is not a party to the *Oracle Corporation Securities Litigation* and has no interest in that litigation. With the recent service of this subpoena, Metavante has just begun the process of determining what documents exist that might be responsive. For this reason, I cannot yet outline with precision

Mr. Eli R. Greenstein
January 10, 2004
Page 2

just how burdensome this task will be. Metavante has no intention of interfering with your legitimate need for, and entitlement to, reasonable access to information that is relevant to your lawsuit. But this must be accomplished without unduly burdening Metavante.

If you can clarify or focus your requests, please get in touch with me. Perhaps you could reformulate your subpoena.

Very truly yours,

Janice A. Rhodes

JAR:aam

**Ellen F. Hudock**
215-665-3671
*hudockef@bipc.com*

January 7, 2005

*via facsimile and regular mail*
Eli Greenstein, Esquire
Lerach Coughlin Stoia Geller Rudman
& Robbins LLP
100 Pine St. Suite 2600
San Francisco, CA  94111

> **Re:**   ***In re Oracle Corporation Securities Litigation***
> **Master File No. C-01-0988-MJJ**

Dear Eli:

I am writing on behalf of our client, Motorola, Inc. ("Motorola"), to respond to the subpoena dated December 9, 2004, and the Notice of Amendment to Schedule A dated December 15, 2004, that Plaintiffs served on Motorola in the above-referenced action (the "Class Action Litigation").

As an initial matter, I had contacted you to obtain an extension for Motorola to object and/or respond to the subpoena, and you granted an extension until January 7, 2005.  During that conversation, I had indicated Motorola's interest in engaging in a dialogue with you in an effort to negotiate in good faith the refinement of the scope of and the timing for compliance with the subpoena in such a fashion that would allow Motorola to produce documents that are material to the Class Action Litigation without imposing any undue burden and/or costs on Motorola. Subsequent to that conversation, I learned that Plaintiffs have served over 100 such subpoenas on the customers of Defendant Oracle Corporation ("Oracle") and that Oracle has moved for a protective order requiring that Plaintiffs withdraw the subpoenas.  I understand that the parties are still waiting for a ruling from the Court.  Given the impending deadline for Motorola to respond to the subpoena, I thought that I would provide you with Motorola's objections to the subpoena so as to preserve our objections while the parties' await the Court's ruling.  In the event that the Court denies Oracle's request to withdraw the subpoenas, Motorola is prepared to produce at the appropriate time, subject to and without waiving its objections, responsive, non-privileged documents in Motorola's possession, custody or control in response to the subpoena.

Motorola generally objects to the subpoena for a number of reasons.  First, Motorola objects to the subpoena for the reasons set forth in Oracle's letter brief to the Honorable Martin J. Jenkins dated December 15, 2004, seeking a protective order from the Court.  Second, many of the requests are patently over broad and unduly burdensome given the scope of the requests. Next, Motorola objects to the subpoena to the extent that it seeks the production of privileged

Page - 2 -
January 7, 2005

documents, confidential financial information, trade secrets and/or other proprietary information that is unrelated to the Class Action Litigation.   Such documents will be produced, if at all, only within a reasonable period after Motorola has been notified of the entry of an appropriate protective order applicable to Motorola's documents.   Finally, Motorola objects to the subpoena to the extent the subpoena requires it to produce materials and documents that are equally accessible to the Plaintiffs as they are to Motorola.

Motorola further objects to the subpoena's instructions to the extent that they impose obligations on Motorola that are more onerous than those provided by the Federal Rules of Civil Procedure.  For instance, many of your requests are not limited in time or scope.  In addition, Motorola objects to the subpoena because the initial time specified for a response — January 10, 2004 — is wholly inadequate given the complexity and breadth of the definitions, instructions, requests and the nature and amount of information requested.

Motorola also objects to certain definitions as used in the subpoena.  The terms "you", "your", "Oracle", "Ellison", "Henley", "Sanderson", "Individual Defendants" and "Defendants" are overly broad given that they would require the production of documents that are not germane to the Class Action Litigation.

I believe it is also prudent to specifically object to your itemized requests.  That way, you can have some indication as to where we believe certain refinements are needed in the scope of your requests.  Accordingly, consistent with and incorporating the general objections listed above, Motorola preliminarily asserts the following specific objections:

| | |
|---|---|
| Request No. 1 | Motorola objects to this request on the grounds that it is overbroad and unduly burdensome.  Motorola further objects to this request on the grounds that it seeks the production of confidential documents, trade secret information and/or other proprietary information.  Motorola also objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  Motorola further objects to this request on the grounds that it seeks information that is properly sought, if at all, from entities other than Motorola. |
| Request No. 2 | Motorola incorporates by reference its response to Request No. 1. |
| Request Nos. 3-6 | Motorola objects to these requests on the grounds that they are overbroad and unduly burdensome.  Motorola further objects to these requests on the grounds that they seek the production of confidential documents, trade secret information and/or other proprietary information. |

Page - 3 -
January 7, 2005

Request No. 7      Motorola objects to this request on the grounds that it is overbroad and
unduly burdensome.  Motorola further objects to this request on the
grounds that it seeks the production of confidential documents, trade secret
information and/or other proprietary information.  Motorola also objects to
this request to the extent that it seeks information that is protected from
disclosure by the attorney-client privilege and/or the attorney work-
product doctrine.

Request No. 8      Motorola objects to this request on the grounds that it is overbroad and
unduly burdensome.  Motorola further objects to this request on the
grounds that it seeks the production of confidential documents, trade secret
information and/or other proprietary information.

Request Nos. 9-10    Motorola objects to these requests to the extent that they are
duplicative and cumulative of previous requests.

Request No.11      Motorola incorporates by reference its response to Request No. 7.

Request No. 12     Motorola incorporates by reference its response to Request No. 8.

Request No. 13     Motorola incorporates by reference its response to Request No. 7.

Request No. 14     Motorola incorporates by reference its response to Request No. 8.

Request Nos. 15-16  Motorola incorporates by reference its response to Request No. 7.

Request No. 17-20   Motorola incorporates by reference its response to Request No. 8.

Request No. 21     Motorola objects to this request on the grounds that it is overbroad and
unduly burdensome.  Motorola also objects to this request on the grounds
that it seeks the production of confidential documents, trade secret
information and/or other proprietary information.  Motorola further objects
on the grounds that the request is vague and ambiguous given its failure to
define the term Oracle Consulting.  Motorola also objects to this request
on the grounds that it seeks information that is properly sought, if at all,
from entities other than Motorola.

Request No. 22     Motorola incorporates by reference its response to Request No. 8.

Motorola's production of documents, if any, in response to the subpoena will be
conditioned on Plaintiffs' agreement to fully reimburse Motorola for all costs incurred in

Page - 4 -
January 7, 2005


compiling and producing documents in response to the subpoena.

I trust you will contact me once the Court rules on Oracle's request for a protective order.



Very truly yours,



Ellen Farina Hudock

EFH/lmm
cc:    Steven E. Bizar, Esquire

Mutual of Omaha Insurance  mpany
United of Omaha Life Insurance Company
Mutual of Omaha Plaza
Omaha, NE 68175-1008
402 351 3003



David A. Barron
First Vice President & Counsel
t 402 351 2427  f 402 351 5906
dave.barron@mutualofomaha.com


December 23, 2004



**Via U.S. Mail and Fax (415-288-4534)**

Eli R. Greenstein
Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Re: Objection to Subpoena to non-party Mutual of Omaha Insurance Company
    *In re Oracle Corporation Securities Litigation*, Master File No.
    C-01-0988-MJJ (N.D. Cal.)

Dear Mr. Greenstein,

Pursuant to Fed. R. Civ. P. 45, Mutual of Omaha Insurance Company ("Mutual"), a non-party in the above action, objects to the subpoena served on it for the following reasons:

1. The defendants in the above action have filed a Request for Protective Order requiring plaintiffs to withdraw their subpoenas, for the reasons stated therein, and Mutual relies on those objections as well.

2. The subpoena is defective because it calls for production at a place more than 100 miles from Mutual's corporate location, more than 100 miles from where the documents requested are maintained, and at a location that is not a Mutual business location (the designated production site is the office of Mutual's contracted registered agent).  To the extent Mutual has any documents responsive to the subpoena, they are located in Nebraska, and need only be produced in Nebraska.

3. The subpoena fails to provide for reimbursement for the administrative and copying costs to be incurred in complying therewith.

4. Compliance by the return date would be unduly burdensome because insufficient time is allowed.

Eli R. Greenstein
December 23, 2004
Page 2

5.  The subpoena is overly broad, unduly burdensome, and oppressive in that it is not
    narrowly tailored to obtain specific information, but requests all documents having
    any connection whatsoever with any dealings between Mutual and Oracle (for
    example, the requests could require us to produce all documents about all of our
    proprietary computer systems because they may interact with an Oracle product).
    The subpoena would require a manual search by numerous individuals of voluminous
    files.

6.  The subpoena is unreasonably burdensome and oppressive because it seeks
    information that may be obtained by parties to the litigation without exposing a non-
    party to an expensive and time-consuming search of voluminous files.

7.  The subpoena requests documents that may contain information that is privileged,
    confidential, proprietary or commercially sensitive, and makes no provision for the
    protection of such information from improper disclosure. Mutual reserves the right to
    produce responsive documents pursuant to a proper Protective Order.

8.  Mutual reserves the right to supplement or amend these objections.

Sincerely,

David A. Barron

Cc.     James C. Mouralis
        Senior Corporate Counsel
        Oracle
        500 Oracle Parkway
        M/S 5op7
        Redwood Shores, CA 94065
        Fax 650-506-7114



Cynthia W. Scherb
Senior Attorney
Law Department
Litigation

6450 Sprint Parkway, Disney A
Mailstop: KSOPHN0412-4A103
Overland Park, KS 66251
Telephone (913) 315-9430
Fax (913) 523-0066
Cynthia.W.Scherb@mail.sprint.com

December 21, 2004

<u>Sent by Federal Express-Priority Overnight
and Facsimile:</u>
Eli R. Greenstein
Lerach Coughlin Stoia Geller
Rudman & Robbins, LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111

Re:   In re Oracle Corporation Securities Litigation
      Third party subpoena served on Sprint Corporation

Dear Mr. Greenstein:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, this letter constitutes the written objection of Sprint Corporation ("Sprint") to the subpoena purportedly served on it in connection with the above referenced litigation. This objection is made within fourteen days after Sprint Corporation received the subpoena and prior to the time set in the subpoena for compliance. Sprint makes the following specific objections:

1.   Sprint objects that the subpoena fails to provide proper notice of the requested document production. The subpoena was received by Sprint in Overland Park, Kansas, on December 13, 2004, and purports to require the production of a substantial quantity of documents in Topeka, Kansas, on January 10, 2004. No information is provided regarding what products Sprint is purported to have purchased from Oracle, or which Sprint department or entity might have made such purchases. The subpoena is therefore unreasonable, burdensome and oppressive.

2.   Sprint objects that the definition of "you" contained in the subpoena is extremely broad, encompassing the "responding party and any of its predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf." The subpoena is thus unreasonable, burdensome, and oppressive.

Eli R. Greenstein
December 21, 2004
Page 2

3.   Sprint objects to the subpoena to the extent that the material requested is
     already available to or in the possession, custody, and control of the
     parties to the litigation, such that the request to Sprint is unnecessary,
     unduly burdensome, and duplicative.

4.   Sprint objects to the subpoena to the extent it attempts to impose
     obligations upon Sprint greater than those required by the Federal Rules of
     Civil Procedure.

5.   Sprint objects to the subpoena to the extent that it seeks documents or
     information protected from disclosure by the attorney-client privilege or
     the work-product doctrine.

6.   Sprint objects that the subpoena seeks confidential or proprietary
     information and/or trade secrets.  Sprint would be substantially injured by
     the production of any such confidential, sensitive, and proprietary
     information, which in any event cannot be relevant to the subject matter of
     the litigation.

7.   Sprint objects that the subpoena is vague, ambiguous, overly broad,
     unduly burdensome, and oppressive to the extent that it fails to specify the
     subject matter of the requested documents, repeatedly demands production
     "any and all" documents.

8.   Sprint objects that the subpoena is unduly burdensome and oppressive in
     that it makes no provision to reimburse Sprint for the cost of searching for
     or reproducing the requested documents.

     Subject to and without waiving these objections, this will advise you that Sprint
Corporation is a holding company with no employees, and with no operations in any state
other than the State of Kansas.  As a result, it is highly unlikely that Sprint Corporation is
the proper subject of your subpoena.

                                        Very truly yours,

                                        Cynthia Weber Scherb

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| In re ORACLE CORPORATION<br>SECURITIES LITIGATION | )<br>)<br>)<br>)  CIVIL ACTION NO.: C -01-0988-MJJ<br>)  UNITED STATES DISTRICT COURT<br>)  FOR THE NORTHERN DISTRICT OF<br>)  CALIFORNIA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## TEXAS INSTRUMENTS INCORPORATED'S RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM

Pursuant to the Fed. R. Civ. P. 45[c], non-party Texas Instruments Incorporated ("TI") hereby submits its responses and objections to the requests for production in the subpoena duces tecum served by plaintiffs in the above entitled litigation.

## GENERAL OBJECTIONS

1.    TI objects to each request to the extent that it seeks documents subject to the attorney-client privilege and/or work product immunity. Such documents and information are immune from discovery and will not be produced.

2.    TI objects to each request to the extent that it seeks documents containing or constituting its trade secrets or other confidential or proprietary information in the absence of a suitable protective order limiting the dissemination of such information. No documents will be

1

produced prior to entry of a suitable protective order covering documents of third parties such as

TI.

3.      TI objects to these requests as it is unclear how any of the requested TI

information is relevant to a claim or defense of any party in the referenced case, nor is such

information reasonably calculated to lead to the discovery of admissible evidence.

4.      TI objects to these requests to the extent that they seek documents or information

that are subject to a Protective Order between TI and a third party.  TI will not produce such

documents or information until the third party consents to such production or an appropriate

Court order is entered.

5.      TI objects to these requests to the extent they seek production of "all documents

and communications" as overly broad and unduly burdensome.

6.      TI objects to these requests to the extent they seek documents that are not within

the ownership, possession, custody or control of TI.  TI's responses are limited to a reasonable

review of those documents within its possession, custody or control that are likely to be

responsive to the stated request.

7.      TI objects to these requests to the extent that they seek documents that are

obtainable from some other source that is more convenient, less burdensome, or less expensive.

8.      TI objects to all definitions, instructions and requests to the extent they purport to

impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other

applicable law, statute, or code.

9.      Any inadvertent production by TI of any privileged document shall not be deemed

or construed to constitute a waiver of any privilege or right of TI, and TI reserves the right to

demand that any such document and all copies shall be returned.

2

10.     TI objects to the subpoena because it is unduly burdensome both in terms of timing and scope in light of the nature of the requests.  Federal Rule of Civil Procedure 45(c)(1) requires that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

11.     TI objects to the subpoena in its entirety on the basis that it has been informed that the defendant in the captioned matter intends to oppose this subpoena and obtain protective relief.  TI, a non-party in this action, will not collect or produce responsive documents until plaintiffs' right to obtain this discovery has been determined by the Court.

## SPECIFIC RESPONSES AND OBJECTIONS

TI incorporates by reference the general objections set forth above into the specific objections set forth below.  TI may repeat a general objection for emphasis or for some other reason.  The failure to repeat any general objection does not waive any general objection to that request.  Any statement herein that TI will produce documents in response to the subpoena duces tecum shall not be construed as an admission that such documents exist or are within TI's possession or control.  TI reserves the right to amend and/or supplement its responses and objections.  Subject to the foregoing, TI responds to the requests as follows:

## REQUEST NO. 1:

All documents and communications concerning Oracle's products, licenses or services, including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

3

**OBJECTIONS AND RESPONSE:**

TI reincorporates its general objections set forth above.  TI objects to this request because it is overly broad and unduly burdensome.  TI objects to this request to the extent that it seeks documents and information not relevant to the claim or defense of any party in the above-captioned proceeding.  TI objects to this request to the extent it purports to require the production of documents and information protected by the attorney-client privilege, the work-product doctrine, the right of privacy or any other privilege, protection or immunity, under any applicable law.  TI objects to this request to the extent it seeks production of documents that are confidential and/or proprietary or subject to trade secret privileges.  TI objects to this request to the extent it seeks information or documents that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality agreement owed to any other party.  TI objects to this request to the extent it is duplicative of document requests served upon the defendants and seeks information and documents that have already been, or will be, disclosed or produced by Oracle.

**REQUEST NO. 2:**

All documents and communications concerning any discussions or meetings between you and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of Oracle's products, licenses or services.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

4

## REQUEST NO. 3:

All documents and communications concerning your projections or forecasts for purchases or sales of any of Oracle's products, licenses or services.

## OBJECTIONS AND RESPONSE:

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

## REQUEST NO. 4:

All documents and communications concerning your actual purchases or orders for Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices, payment terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check requests and check or cash disbursements.

## OBJECTIONS AND RESPONSE:

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

## REQUEST NO. 5:

All documents and communications concerning your actual or attempted installation, integration or implementation of Oracle's products, licenses or services, including, but not limited to, technical support issues, product failures, delays, and issues regarding consulting fees or payments.

## OBJECTIONS AND RESPONSE:

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 6:**

All documents and communications concerning any sales presentation, promotion or product demonstration made to you by Oracle for Oracle's products, licenses or services, including, but not limited to, any discussions, promises or guarantees made to you regarding the functionality or performance of Oracle's products.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 7:**

All documents and communications concerning your right to return, exchange, defer payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but not limited to, your actual or contemplated decision to exercise those rights.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 8:**

All documents and communications concerning the functionality of Oracle's products and services and compatibility with the hardware, software and information technology systems used by or considered for use by your company.

6

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 9:**

All documents and communications concerning any technical defects, problems, bugs, patches, or technical difficulties related to any of Oracle's products, licenses or services, including any complaints you had or raised with Oracle

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 10:**

All documents and communications concerning any attempt to fix or remedy any technical defects, difficulties, problems, bugs, or patches related to any of Oracle's products, licenses or services.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 11:**

All documents and communications concerning any actual, potential or threatened legal action by you against Oracle or by Oracle against you, relating to Oracle's products or services, including, but not limited to, contract or payment disputes and disagreements.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 12:**

All documents and communications concerning your information technology budget for Oracle's products, licenses or services, including but not limited to any decline or change due to the slowing of the United States economy.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 13:**

All documents and communications concerning your efforts to audit, collect or recover payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products, licenses or services.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 14:**

All documents and communications concerning your assessment, testing and evaluation of Oracle's products, licenses or services.

8

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 15:**

All documents and communications concerning any overpayment made by you to Oracle for any purchase of Oracle's products, licenses or services between 1997-2004, including, but not limited to, any proposed or actual reimbursement, refund, credit or discount received in connection with overpayments and any discussions or meetings with Oracle regarding overpayments.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 16:**

All documents and communications concerning your employment or use of any profit or audit recovery entities in connection with overpayments for purchases or sales of Oracle's products and services between 1997 and 2004, including, without limitation, attempts to recover monies owed, or believed to be owed to you by Oracle.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 17:**

All documents and communications concerning any loss of business or costs incurred by you in connections with your purchase or use of Oracle's products, licenses or services.

9

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 18:**

All documents and communications, including organizational charts and directories, sufficient to identify your employees who were involved with purchases, sales or implementation of Oracle's products and services.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 19:**

All documents and communications concerning your decision to switch from Oracle's products and services to competing products and services sold by companies such as Microsoft or IBM database or any other database or applications provider.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 20:**

All documents and communications concerning your decision not to award software and service contracts to Oracle for which Oracle had submitted a bid or proposal.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 21:**

All documents and communications concerning any proposed or actual services provided by Oracle Consulting in connection with Oracle's products and licenses.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

**REQUEST NO. 22:**

All documents and communications concerning agreements or joint ventures with Oracle to promote, sell or market Oracle's products and services.

**OBJECTIONS AND RESPONSE:**

TI reincorporates and reasserts its Objections and Response to Request No. 1 in response to this request as if set forth here in its entirety.

11

Dated: December 23, 2004

Respectfully Submitted,

Richard R. Andrews
Texas State Bar No. 01248820
TEXAS INSTRUMENTS INCORPORATED
7839 Churchill Way
Dallas, Texas 75251
Telephone (972) 917-5435
Facsimile (972) 917-4418

ATTORNEY FOR TEXAS INSTRUMENTS
INCORPORATED

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served via facsimile with confirmation copy via United States First Class Mail the 23 day of December, 2004, on the following counsel of record:

Donald M. Falk, Esq.
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
(650) 331-2000
(650) 331-2060 fax

James Maroulis, Esq.
Oracle
500 Oracle Parkway M/S 5op7
Redwood Shores, CA 94065
(650) 506-5200
(650) 506-7114 fax

Eli Greenstein, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins
100 Pine Street, Suite 2600
San Francisco, CA 94111
(415) 288-4545
(415) 288-4534

13

**John M. Walker**
**Associate General Counsel**
**Deputy Head of Litigation**

1515 North Court House Road
Suite 500
Arlington, VA 22201-2909

Phone 703 351-3150
Fax703 9351-3667
john.m.walker @verizon.com

January 7, 2005

## VIA FAX AND OVERNIGHT DELIVERY

Eli R. Greenstein
Lerach Couglin Stoia Geller Rudman & Robbins LLP
100 Pine St., Suite 2600
San Francisco, CA 94111

Re:  *In re Oracle Corporation Securities Litigation, No C-01-0988-MJJ (N.D. Cal.)*
      Subpoena to Verizon Communications Inc. dated December 22, 2004 ("Subpoena")

Dear Mr. Greenstein:

Pursuant to Fed. R. Civ. P. 45(c)(2)(B) of the Federal Rules of Civil Procedure,
Verizon Communications Inc. ("Verizon"), a non-party in the above action,  through its
attorney, hereby objects to the Subpoena  on the following grounds:

1)    The defendants in this action have filed or soon will file a Motion to Quash
      and/or a Motion for a Protective Order regarding the information sought by this
      and similar subpoenas issued to other third-parties.  Until that Motion is ruled
      on by the Court, and the proper sequencing of discovery is determined, any
      effort to seek compliance from Verizon is premature.

2)    The Subpoena, Definitions and Instructions are overly broad,
      undulyburdensome, and contrary to Fed. R. Civ. P. 45(c)(1), are not reasonably
      tailored to avoid imposing on Verizon undue burden and expense.  For
      example, the Subpoena seeks "any and all" documents having any connections
      whatsoever with any dealings between Verizon and Oracle.

3)    The Subpoena, and many of the Instructions therein, are vague and ambiguous.

4)    The definition of "you" contained in the Subpoena is extremely broad,
      encompassing the "responding party and any of its predecessors, successors,
      parents, subsidiaries, divisions, partnerships and branches; its international,
      foreign, national, regional and local offices; all present or former officers,

directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf." The Subpoena is thus unreasonable, burdensome, and oppressive.

5) The Subpoena allows insufficient time for compliance.

6) The Subpoena seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

7) The Subpoena seeks documents that are not in Verizon's possession, custody, or control, and otherwise attempts to impose on Verizon obligations beyond those required by Federal Rules of Civil Procedure or any other applicable rule, law, or regulation..

8) The Subpoena is unreasonably burdensome and oppressive because it seeks information that may be obtained by parties to the litigation without exposing a non-party to an expensive and time-consuming search and production

9) The Subpoena requests documents that may contain information that is privileged, confidential, proprietary or commercially sensitive, and makes no provision for the protection of such information from improper disclosure.

10) The Subpoena fails to provide for reimbursement for the administrative and copying costs to be incurred in compliance with the Subpoena.

11) Verizon reserves the right to supplement or amend these objections. No objection or limitation, or lack thereof, in these objections shall be deemed an admission by Verzion as to the existence or nonexistence of documents.


Sincerely,


Verizon Communication Inc.
By: John M. Walker
Associate General Counsel
Verizon


cc:     James C. Maroulis
        Senior Corporate Counsel
        Oracle Corp.
        500 Oracle Parkway
        Redwood Shores, CA 94065