*Exhibit 1*

*Exhibit 1*

|  |
|---|
| M A Y E R |
| B R O W N |
| R O W E |
| & M A W |

December 10, 2004

**BY FACSIMILE**

Shawn A. Williams
Lerach Coughlin Stoia Geller
 Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Lee H. Rubin**
Direct Tel (650) 331-2037
Direct Fax (650) 331-4537
lrubin@mayerbrownrowe.com

Re:   *In Re Oracle Corporation Securities Litigation,*
      Case No. CV-01-00988-MJJ

Dear Shawn:

In the past two days, we have received notices of over sixty-five subpoenas from your firm, in which you have put forward ***over one thousand document requests to third parties***. Your requests are premature and overly broad. They are also harmful to our customer relationships. Furthermore, they contravene Judge Jenkins' direction that parties shall pursue sequenced, proportional discovery in this case. We can only conclude that these discovery tactics are designed more to harass Oracle Corporation and its customers than to seek legitimate discovery in this case.

To this end, we demand that you withdraw these subpoenas without prejudice by no later than 5:00 p.m. (Pacific) on December 14, 2004. Should that not occur, we will have no choice but to seek a protective order and sanctions. As explained below, plaintiffs' attempted discovery of these third parties is unjustifiable given that plaintiffs have not even attempted to obtain the requested information through party discovery. Indeed, plaintiffs served this massive blitz of discovery without even waiting to receive Oracle's initial disclosures. As such, plaintiffs cannot possibly show that this third-party discovery is necessary, or that the enormous burdens that would be placed upon these third parties to comply with the discovery are necessary or unavoidable. Under the federal discovery rules, plaintiffs are clearly required to reasonably attempt to obtain whatever discoverable information they are entitled to seek first through party discovery before inflicting such burdens upon third parties, particularly the sorts of heavy burdens posed by the breathtaking discovery that plaintiffs now seek through these subpoenas.

The Federal Rules of Civil Procedure embody a rule of proportionality, under which parties are to conduct discovery in a manner that imposes the least expense and inconvenience. *See* Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, 8A Federal Practice & Procedure, § 2008.1. Rule 26 specifically details this concept, insofar as it allows the Court to limit discovery ***of even relevant matters*** if the Court determines that:

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Shawn A. Williams
December 10, 2004
Page 2

>  (b)(2) . . . (i) the discovery being sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Your subpoenas violate the principles embodied in the Federal Rules in two important respects.

First, your proposed third party discovery is improper because you have not even attempted to obtain such discovery from Oracle, assuming plaintiffs are even entitled to seek such discovery at all. *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717-18 (1st Cir. 1998) (upholding district court's order quashing subpoena because information had been available through ordinary discovery); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) (quoting Federal Practice § 2204) ("'if documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45'"). For instance, your subpoenas to Oracle's customers seek "[a]ll documents and communications concerning any technical defects . . . related to any of Oracle's products, . . . including any complaints you had or raised with Oracle." Customer Req. No. 9. You could have attempted to seek such information from Oracle but, for the most part, your document requests do not mention any of the customers you subpoenaed.

Second, your subpoenas are impermissible because you have made no effort to narrowly tailor your requests to avoid imposing an undue burden on companies that have no relationship to this lawsuit. As you well know, a subpoena to a non-party must be narrowly drawn to "'try to tailor the information request to the immediate needs of the case.'" *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003); *see also* Fed. R. Civ. P. 45(c)(1) (requiring that any party issuing a subpoena take "reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena"). Yet, all of your requests seek documents generated during a time frame that reaches over two years beyond the class period. In addition, your subpoenas to investment banks seek "[a]ll documents" concerning Oracle, while your subpoenas to Oracle's customers (many of whom are *not even mentioned* in the Revised Second Amended Complaint) seek "[a]ll documents" relating to any Oracle product. And, your subpoenas to Oracle's auditors seek all workpapers, irrespective of subject matter, over a three-year period. In short, your requests (of which these are only a few examples), are far too broad and include vast quantities of information that have absolutely no conceivable connection to the claims asserted in this litigation. As a result, this discovery will impose an unwarranted and unreasonable burden on third parties. Moreover, the burdens that you are seeking to place on Oracle customers will cause substantial harm to Oracle.

Mayer, Brown, Rowe & Maw LLP

Shawn A. Williams
December 10, 2004
Page 3

    For all of these reasons, we demand that you withdraw your subpoenas by 5 p.m. PST on December 14, 2004. Of course, this withdrawal would be without prejudice to plaintiffs' ability to conduct reasonable third-party discovery after plaintiffs' have attempted to obtain such discovery from Oracle.

    Sincerely,

    *Lee H. Rubin /am*

    Lee H. Rubin

cc:    Jim Maroulis