LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH (68581)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
  – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSON (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 |
| ALL ACTIONS. | |
| | DATE:           March 1, 2005<br>TIME:           9:30 a.m.<br>COURTROOM:  Honorable Martin J. Jenkins |

Plaintiffs respectfully submit this Memorandum of Points and Authorities in Opposition to Defendants' Motion for the Appointment of a Special Master Pursuant to Fed. R. Civ. P. 53 ("Defs' Motion").

**I.     Introduction**

The appointment of a special pre-trial master is the "exception, not the rule." *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §2601 at 382 (2004 Supplement) (citing Advisory Committee Notes for the Federal Rules of Civil Procedure for the United States District Courts).[1]  No exception is warranted here.  Federal Rule of Civil Procedure 53 requires that prior to the appointment of a special pre-trial master, the Court make a determination that no district judge or magistrate judge be available to effectively and timely address discovery matters and the appointment be fair to the parties.  *See* Fed. R. Civ. P. 53(a)(1)(C), 53(a)(3).[2]  These requirements are not met.  Accordingly, Defendants' request for a special master should be denied.

**II.     History of the Court's Effective and Timely Management of Pre-Trial Discovery Matters in This Action**

**A.     Background**

The initial Complaint in this action was filed on March 9, 2001.  Thereafter, it was consolidated with several related actions.  After several motions to dismiss and an appeal to the Ninth Circuit, on December 7, 2004, the Court held a Case Management Conference.  During the Case Management Conference the Court set a pre-trial schedule, including a fact discovery cut-off of February 24, 2006.  An Amended Pretrial Order reflecting the Court's rulings at the Case Management Conference was entered by the Court on December 17, 2004.

**B.     Disposition of Discovery Disputes**

Pursuant to the Court's directive at the Case Management Conference that Plaintiffs should pursue discovery without delay, commencing on December 8, 2004, Plaintiffs issued third party

---

[1]     The version of Rule 53 referenced went into effect December 1, 2003.

[2]     Defendants do not (and cannot) seek appointment of a special master based on the consent of the parties as permitted by Fed. R. Civ. P. 53(a)(1)(A) because they never bothered to even ask Plaintiffs if they consented to the appointment of a special master before filing their motion.

PLAINTIFFS' MEMO OF Ps&As IN OPPOSITION TO DEFENDANTS' MOTION FOR APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 - C-01-0988-MJJ          - 1 -

subpoenas and shortly thereafter served Defendants with document requests, requests for admission, deposition notices and interrogatories. On December 15, 2004, Defendants submitted a letter brief to the District Court seeking a stay of third party discovery. Plaintiffs submitted their response to Defendants' submission to the District Court on December 16, 2004. On December 22, 2004, four court days after receiving Plaintiffs' response, the Court scheduled a telephonic conference for January 4, 2005.

Plaintiffs served their Initial Disclosures on December 21, 2004. Thereafter on December 29, 2004 – during the week between Christmas and New Year's – Defendants submitted another letter brief with the Court with respect to Plaintiffs' Initial Disclosures. Plaintiffs submitted a response with the Court regarding Defendants' second letter brief on December 31, 2004 – New Year's Eve. Two court days later, on January 4, 2005, both discovery matters were heard by the Court.

During the January 4, 2005 telephonic hearing, the Court granted in part Defendants' request that Plaintiffs amend their Initial Disclosures. The Court also denied Defendants' request for a Protective Order as to the third party subpoenas and specifically refused to a delay of the production dates for third-party discovery.

On January 11, 2005, a week after the Court's ruling denying their informal request for a Protective Order, Defendants filed a formal request for Protective Order with a Motion for an Order Shortening Time, essentially repeating the same arguments set forth in their letter brief to the Court. Two court days later, on January 13, 2005, the District Court referred Defendants' Motion for a Protective Order and Motion for an Order Shortening Time to a magistrate judge pursuant to Civil L.R. 72-1.[3] On January 14, 2005, Plaintiffs filed their opposition to Defendants' Motion for an

---

[3] Defendants mistakenly assert that Magistrate Judge Bernard Zimmerman has been referred the discovery matters in this action. Defs' Mem. at 1-3, 5. This action has been referred to Magistrate Judge Zimmerman for settlement purposes. Declaration of Willow E. Radcliffe in Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Appointment of a Special Master Pursuant to Fed. R. Civ. P. 53 ("Radcliffe Decl.") at Exs. A-B. Magistrate Judge Joseph C. Spero has been referred certain discovery matters pending in this action (*i.e.*, Defendants' Motion for a Protective Order and Motion for an order Shortening Time). *Id.* at Exs. C-D.

PLAINTIFFS' MEMO OF Ps&As IN OPPOSITION TO DEFENDANTS' MOTION FOR
APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 - C-01-0988-MJJ      - 2 -

1 Order Shortening Time.  Three court days later, on January 20, 2005, Magistrate Judge Spero
2 granted Defendants' Motion for an Order Shortening Time and set a hearing for Defendants' Motion
3 for a Protective Order for February 4, 2005, affording time for Plaintiffs to file an opposition brief
4 and Defendants to file a reply brief.  Radcliffe Decl. at Ex. D.

**III.  Defendants' Request for a Special Master Does Not Satisfy the Requirements of Federal Rule of Civil Procedure 53**

**A.  The Court has Effectively and Timely Addressed Discovery Matters in this Action**

Fed. R. Civ. P. 53(a)(1)(C) provides that a Court may appoint a special master to "address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C).  Thus, contrary to Defendants contention that the only requirement for the appointment of a special master is notice to the parties and an opportunity to be heard, the Court must also determine whether the matter sought to be referred to the special master "cannot be addressed effectively and timely by an available district judge or magistrate judge." Fed. R. Civ. P. 53(a)(1)(C); *see also* 9-53 *Moore's Federal Practice – Civil* 53.02 (1)(b)(i) (3d ed. 2004) (noting that a reference to a magistrate judge is not dependent on a preliminary finding of necessity but that a reference to a master for pre-trial matters requires a "finding that the referred matter 'cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.'").

The notion that the district judge and magistrate judge in this action have not effectively and timely addressed the discovery disputes in this action is wholly without merit.  The timing of the filing of discovery disputes in this action and the Court's prompt and effective response to these filings as set forth in detail above speak for themselves.  Here, the Court scheduled a telephonic hearing within ***five court days*** from the time Defendants sought discovery relief from the Court regarding third-party discovery.  The Court then ruled within ***three court days*** regarding the

discovery dispute concerning Plaintiffs' Initial Disclosures.[4] Defendants' implication that justice has somehow been delayed is absurd.

### B. Defendants Have Not Demonstrated a Clear Need for the Appointment of a Special Master

The advisory committee of the Federal Rules of Civil Procedure specifically recognized the role of magistrate judges in helping to alleviate a district court who finds itself with a congested docket. "Particular attention should be paid to the prospect that a magistrate judge may be available for special assignments... Ordinarily a district judge who delegates [the pretrial functions pursuant to 28 U.S.C. §636(b)(1)] should refer them to a magistrate judge acting as a magistrate judge." *See* Adv. Comm. Notes to 2003 Amendments to Fed. R. Civ. P. 53(a)(1).[5] The committee further noted that "a pretrial master should be appointed *only* when the need is clear." *Id*. (emphasis added). The District Court recognized these principals when it referred Defendants' Motion for a Protective Order to a magistrate judge pursuant to Civil L.R. 72-1 (which references 28 U.S.C. §636(b)(1)).

Defendants ignore these principles and the plain language of the Fed. R. Civ. P. 53(a)(1)(C) which requires that prior to appointment of a special pre-trial master, the Court make a determination that both the district judge and magistrate judge are unable to effectively and timely address discovery matters. Defendants also disregard the Advisory Committee Notes which unequivocally state a preference for the assignment of a pre-trial matters to a magistrate judge that are encompassed by 28 U.S.C. §636(b)(1), such as the discovery matters which are at issue here. Further, as a practical matter the appointment of a special pre-trial master in this case will only waste time and judicial resources. An appointed special pre-trial master will necessarily have to become familiar with the facts and procedural history of this case, something the District Court is already familiar with and that Magistrate Judge Spero has already undertaken.

---

[4] The Civil Local Rules provide for 35 days notice prior to a hearing on a motion brought before the Court. *See* Civ. L.R. 7-2. Here, the Court acted in a fraction of the time set forth by the Local Rule.

[5] The provisions of 28 U.S.C. §636(b)(1)(a) specifically authorize magistrate judges to hear pre-trial matters, such as the discovery matters that may arise in this action.

1    Moreover, the appointment of a special master in this action will not spare the District
2  Court's case load from the inevitable objections to the special master's discovery rulings that will be
3  brought by the parties.[6]  On objection, the special pre-trial master's ruling or recommendation must
4  generally be reviewed *de novo*.  *See* Fed. R. Civ. P. 53(g)(3)-(4); *see also* 9-53 *Moore's Federal*
5  *Practice – Civil* §53.02(1)(b)(i) (3d ed. 2004), *compare* review of non-dispositive pre-trial matters
6  by a magistrate judge based on clearly erroneous or contrary to law standards.  *See* 9-53 *Moore's*
7  *Federal Practice – Civil* §53.02(1)(b)(i).  Thus, the appointment of a special pre-trial master will
8  likely increase the level of a review required by the District Court, not reduce it.

9    Finally, a Fed. R.Civ. P. 56(f) motion that Plaintiffs will be forced to bring if denied relevant
10  discovery in this action can hopefully be averted with Judge Jenkins' continued supervision of
11  discovery matters in this action.  In sum, the appointment of a special pre-trial master will likely
12  necessitate the District Court's heightened review of objections regarding the special master's
13  rulings on specific discovery matters and/or delay rulings on the scope of discovery permitted in this
14  action.  Thus, Defendants' proposal will likely result in protracted litigation and increase the burden
15  on the Court.

16  **C.    This Court Can Manage Discovery Disputes Effectively – The Appointment of a Special Master is Not Warranted**

17

18    Defendants' purported basis for the appointment of special master appears to be that there
19  will be discovery disputes between the parties and the appointment of a special master will alleviate
20  the burden of theses disputes on the district judge and the magistrate judge who have "substantial
21  caseloads."  Defs' Motion at 5.[7]  Based on Judge Jenkins and Magistrate Judge Spero's swift and
22  decisive actions to date with respect to discovery disputes, it would appear that despite their
23  caseloads they are able to effectively and timely decide discovery disputes in this action.

---

24

25  [6]   Moreover, despite Defendants contention to the contrary, the District Court (not a special master or a magistrate judge unless granted specific authority) has the power to extend the number of depositions in this action upon good cause shown.  *See* Fed. R. Civ. P. 16.  This is a case management matter, not a pure discovery matter.
26

27  [7]   For the record, Magistrate Judge Spero hears discovery motions every Friday at 9:30 a.m. in contrast to Magistrate Judge Zimmerman who hears discovery motions every other Wednesday.
28

PLAINTIFFS' MEMO OF Ps&As IN OPPOSITION TO DEFENDANTS' MOTION FOR
APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 - C-01-0988-MJJ    - 5 -

1   Indeed, despite Judge Jenkins' substantial caseload, he has only referred the motions for a
2   protective order and to shorten time to a magistrate judge, not discovery matters in their entirety.
3   Radcliffe Decl. at Ex. C. Moreover, Judge Jenkins has entered an Order setting forth an expedited
4   mechanism for the parties to bring discovery disputes to his attention so that he can evaluate the
5   dispute and appropriately decide whether immediate judicial intervention is necessary by the District
6   Court or alternatively a magistrate judge. Radcliffe Decl. at Ex. B (parties shall seek discovery relief
7   by means of two page letter briefs). Defendants have proffered no reason why these procedures
8   cannot be effective in this case.

9   The cases upon which Defendants rely are not helpful and are factually inapposite. The cases
10  stand for the unremarkable proposition that under the facts and circumstances of certain cases, courts
11  appoint special masters. The cases do not discuss the appointment of a special master under the
12  current Fed. R. Civ. P. 53(a)(1)(C), the provisions by which Defendants seek appointment here. *See*
13  *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1093, 1100 (N.D. Cal. 2002) (no
14  discussion of what provisions of Fed. R. Civ. P. 53 the court's appointment of a special master to
15  oversee a specific discovery matter rested); *United States, ex rel., Newsham v. Lockheed Missiles &*
16  *Space Co.*, 190 F.3d 963, 967-68 (9th Cir. 1999) (no discussion of what provision of Fed. R. Civ. P.
17  53 the District Court's appointment of a special master to draft recommendations with respect to pre-
18  trial matters); *In re Paypal Litig.*, Case No. C-02-1227-JF(PVT), 2004 WL 2445244 (N.D. Cal. Oct.
19  13, 2004) (no indication of what provision of Fed. R. Civ. P. 53 that the court's appointment of a
20  special master rested); *In re Chambers Dev. Sec. Litig.*, 912 F. Supp. 822, 826-27 (W.D. Pa. 1995)
21  (court's appointment of a special master without objection by the parties).

22  In fact, *Roberts v. Heim*, Nos. C-84-8069 TEH, C-87-6174 TEH, C-88-373 TEH, 1990 WL
23  306009 (N.D. Cal. Aug. 27, 1990), cited by Defendants, exemplifies the complications that can arise
24  from the appointment of a special master.[8] In *Roberts,* the defendants urged the court to appoint a
25  special master as a result of the complexity of the action. *Id*. at *1. Unlike the instant case, where

---

[8]   *Roberts,* was decided prior to the enactment of the current version of Fed. R. Civ. P. 53.

PLAINTIFFS' MEMO OF Ps&As IN OPPOSITION TO DEFENDANTS' MOTION FOR
APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 - C-01-0988-MJJ       - 6 -

1  there are four defendants, the *Roberts* case involved over **one hundred defendants** and a world wide
2  conspiracy involving **40 limited partnerships**. *Id*. at *3.  The special master was appointed to make
3  recommendations to the Court regarding discovery and other matters.  *Id.* at *1.  The Honorable
4  Thelton E. Henderson, however, retained independent decision making authority whether to adopt
5  the special master's recommendations.  *Id.*  In other words, the special master was not granted the
6  authority to rule on discovery matters.  The result was a series of motions regarding the propriety of
7  the special master's rulings and an attack on Judge Henderson's opinion on the basis of his purported
8  reliance on the special master.  *Id*. at **4-5.  The situation that resulted in *Roberts* from the
9  appointment of a special master is something to be avoided, not applauded.

In sum, Defendants have no legitimate factual or legal basis to appoint a special pre-trial master in this action.

### D.   Appointment of a Special Master Will Unnecessarily Drive Up the Costs of Litigation

Federal Rule of Civil Procedure 53(a)(3) requires that: "the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay."  Fed. R. Civ. P. 53(a)(3).  The appointment of a pre-trial special master can substantially increase the cost of litigation.  *See Manual for Complex Litigation* §11.424 (4th ed. 2004).

Despite Defendants' dooms day predictions about the number and complexity of discovery motions that will be filed in this action and speculation regarding the availability of the District Court and/or a magistrate judge to hear the motions, they have not offered to absorb the cost of the special master or even proffered what expenses might be involved.[9]  The appointment of a special pre-trial master from JAMS will undoubtedly result in expenses of several hundreds of dollars per hour.  Plaintiffs have already lost money as a result of Defendants' malfeasance.  Plaintiffs should not be saddled with the additional expense of a special pre-trial master against their will.

---

[9]   Moreover, even if Defendants offered to pay for the special master, Plaintiffs would be concerned that the special master's impartiality might be swayed by the payment of his/her expenses by a single party.

PLAINTIFFS' MEMO OF Ps&As IN OPPOSITION TO DEFENDANTS' MOTION FOR
APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 - C-01-0988-MJJ      - 7 -

1   Moreover, the District Court must protect against unreasonable expense and delay. *See* Fed.
2   R. Civ. P. 53(a)(3). Indeed, undue expense is a real risk in this litigation if Defendants feel free to
3   run to a special pre-trial master every time they do not like Plaintiffs' position with respect to
4   discovery. Keeping discovery matters under the umbrella of the District Court, or a magistrate judge
5   where needed, will serve as a check on unfettered motion practice. Accordingly, the appointment of
6   a special pre-trial master and the expenses that go with that appointment weigh heavily in favor of
7   denying Defendants' motion.

8   Numerous courts have also recognized that the appointment of a special master can not only
9   increase expenses but ***delay*** proceedings, rather than expedite a case. *See*, *e.g.*, *Adventures in Good*
10  *Eating, Inc. v. Best Places to Eat, Inc.*, 131 F.2d 809, 815 (7th Cir. 1942) (reference to special
11  masters "greatly increase the cost of litigation and delay and postpone the end of litigation");
12  *Burlington N. R.R. v. Dept. of Revenue of the State of Wash.*, 934 F.2d 1064, 1073 n.5 (9th Cir.
13  1991) (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 253 (1957)) ("'There is one special
14  cause of delay in getting cases on for trial that must be singled out for particular condemnation, the
15  all-too-prevalent habit of sending matters to a reference. There is no more effective way of putting a
16  case to sleep for an indefinite period than to permit it to go to a reference with a busy lawyer as
17  referee.'"). There are no guarantees that the schedule of a special pre-trial master will allow for
18  effective and timely decision making regarding discovery matters in this action. Thus, the
19  appointment of a special pre-trial master may result in delay of this action. Close supervision by the
20  District Court of discovery matters is more beneficial for the instant case, where prolonged discovery
21  disputes may impact the trial date in this action.

22  **E.   Defendants' Proposal Does Not Adequately Address the Scope of the Appointment**
23  
24  Defendants' proposal also ignores the requirements of Fed. R. Civ. P. §53(b)(2), which
25  provides in pertinent part that the order appointing a special master must state:

26  (2)   Contents. The order appointing a master must direct the master to proceed with all reasonable diligence and must state:

27  **(A)**   the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c);
28

PLAINTIFFS' MEMO OF Ps&As IN OPPOSITION TO DEFENDANTS' MOTION FOR
APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 - C-01-0988-MJJ       - 8 -

     **(B)** the circumstances – if any – in which the master may communicate ex parte with the court or a party;

     **(C)** the nature of the materials to be preserved and filed as the record of the master's activities;

     **(D)** the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations; and

     **(E)** the basis, terms, and procedure for fixing the master's compensation under Rule 53(h).

Defendants' proposal ignores these requirements and does not contemplate the specific details regarding the appointment of a special master in this case, other than that they should be appointed to address "discovery matters." Will the special master issue a report? Order? What will be the terms of compensation? Can the special master communicate with parties on an *Ex Parte* basis? Defendants' proposal is void of any suggestion of answers to these questions and Plaintiffs have not received a proposed order setting forth these necessary details. Thus, Defendants' request should be denied not only because it lacks any substantive merit, but also because it fails to address the requirements of Fed. R. Civ. P. §53(b)(2).

**IV.** **Conclusion**

For the reasons set forth above, Plaintiffs respectfully request that Defendants' motion for a special master to hear discovery matters be denied.

DATED: February 1, 2005        Respectfully submitted,

                  LERACH COUGHLIN STOIA GELLER
                   RUDMAN & ROBBINS LLP
                  SHAWN A. WILLIAMS
                  WILLOW E. RADCLIFFE
                  ELI R. GREENSTEIN
                  JENNIE LEE ANDERSON
                  MONIQUE C. WINKLER

                        /S/
                  WILLOW E. RADCLIFFE

                  100 Pine Street, Suite 2600
                  San Francisco, CA 94111
                  Telephone: 415/288-4545
                  415/288-4534 (fax)

| | |
|---|---|
| 1 | |
| 2 | LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP |
| 3 | WILLIAM S. LERACH<br>MARK SOLOMON |
| 4 | DOUGLAS R. BRITTON<br>401 B Street, Suite 1600 |
| 5 | San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 6 | 619/231-7423 (fax) |
| 7 | Lead Counsel for Plaintiffs |

T:\casesSF\oracle3\BRF00017803.doc

1   <u>DECLARATION OF SERVICE BY MAIL AND FACSIMILE</u>

2   I, the undersigned, declare:

3   1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on February 1, 2005, declarant served the PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of February, 2005, at San Francisco, California.

                                              /S/
                                     DEBORAH R. DASH

ORACLE III (LEAD)
Service List - 2/1/2005    (201-064-1)
Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL  60603-3441
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)