# EXHIBIT A

```
                                    FILED
                                   DEC 13 2004
                              RICHARD W. WIEKING
                            CLERK, U.S. DISTRICT COURT
                           NORTHERN DISTRICT OF CALIFORNIA
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 144 NURSING HOME PENSION FUND, <br><br> Plaintiff(s), <br><br> v. <br><br> ORACLE CORPORATION, <br><br> Defendant(s). | No. C01-0988 MJJ (BZ) <br><br> **ORDER SCHEDULING SETTLEMENT CONFERENCE** |

The above matter was referred to Magistrate Judge Bernard Zimmerman for settlement purposes.

You are hereby notified that a settlement conference is scheduled for **Tuesday, August 1, 2006, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery informally and expeditiously.

Lead trial counsel shall appear at the Settlement

Conference with the parties. Any party who is not a natural person shall be represented by the person or persons **not directly involved** in the events which gave rise to the litigation but with **full** authority to negotiate a settlement. A person who needs to call another person not present before accepting, rejecting or making any settlement offer does not have full authority. If a party is a governmental entity, its governing body shall designate one of its members or a senior executive to appear at the Settlement Conference with authority to participate in the Settlement Conference and, if a tentative settlement agreement is reached, to recommend the agreement to the governmental entity for its approval. An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage. The Court shall be notified immediately if the carrier declines to attend. Personal attendance of a party representative will rarely be excused by the Court, and then only upon separate written application demonstrating substantial hardship served on opposing counsel and lodged as early as the basis for the hardship is known.

Each party shall prepare a Settlement Conference Statement, which must be served on opposing counsel and lodged (not faxed) with my chambers no later than seven calendar days prior to the conference. The Statement shall **not** be filed with the Clerk of the Court. The Statement **may** be submitted on CD-ROM with hypertext links to exhibits. Otherwise, the portion of exhibits on which the party relies **shall** be highlighted. The Settlement Conference Statement shall not exceed ten pages of text and

twenty pages of exhibits and shall include the following:

    1.    A brief statement of the facts of the case.

    2.    A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded.

    3.    A summary of the proceedings to date and any pending motions.

    4.    An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    5.    For any party seeking relief, a description of the relief sought, including an itemization of damages.

    6.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions. The Court's time can best be used to assist the parties in completing their negotiations, not in starting them. Accordingly, plaintiff must serve a demand in writing no later than fourteen days before the conference and defendant must respond in writing no later than eight days before the conference. If plaintiff seeks attorney's fees and costs, plaintiff's counsel shall either include the fee claim in the demand or make a separate, simultaneous demand for fees and costs. Counsel shall be prepared at the conference to provide sufficient information to defendant to enable the fee claim to be evaluated for purposes of settlement. The parties are urged to carefully evaluate their case before taking a settlement position since extreme positions hinder the settlement process.

    Along with the Statement each party shall lodge with the court a document of no more than three pages containing a **candid**

1  evaluation of the parties' likelihood of prevailing on the
2  claims and defenses, and any other information that party wishes
3  not to share with opposing counsel.  The more candid the parties
4  are, the more productive the conference will be.  This document
5  shall not be served on opposing counsel.
6      It is not unusual for conferences to last three or more
7  hours.  Parties are encouraged to participate and frankly
8  discuss their case.  Statements they make during the conference
9  will not be admissible at trial in the event the case does not
10 settle.  The parties should be prepared to discuss such issues
11 as:
12     1. Their settlement objectives.
13     2. Any impediments to settlement they perceive.
14     3. Whether they have enough information to discuss
15 settlement.  If not, what additional information is needed.
16     4. The possibility of a creative resolution of the dispute.
17     The parties shall notify Magistrate Judge Zimmerman's
18 chambers immediately if this case settles prior to the date set
19 for settlement conference.  Counsel shall provide a copy of this
20 order to each party who will participate in the conference.
21 Dated: December 13, 2004

_____
Bernard Zimmerman
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 144 NURSING HOME PENSION FUND,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION,<br><br>　　　　Defendant.<br>_____/ | Case Number: C01-0988 MJJ (BZ)<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 13, 2004, I SERVED a true and correct copy(ies) of the attached ORDER SCHEDULING SETTLEMENT CONFERENCE, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darren J. Robbins, Esq.
Milberg Weiss Bershad Hynes & Lerach
401 B Street   Suite 1700
San Diego, CA 92101

Shawn A. Williams, Esq.
Milberg Weiss Bershad Hynes & Lerach
100 Pine St.   Suite 2600
San Francisco, CA 94111

Corey D. Holzer, Esq.
Holzer Holzer & Cannon
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

William S. Lerach, Esq.
Mark Solomon, Esq.
Reed R. Kathrein, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins
100 Pine St.   Suite 2600
San Francisco, CA 94111

Brian Murray, Esq.
Eric J. Belfi, Esq.
Murray Frank & Sailer
275 Madison Ave. Suite 801
New York, NY 10016

Nicole Lavallee, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
425 California St. Suite 2025
San Francisco, CA 94104

Dorian Daley, Esq.
Lauren G. Segal, Esq.
Oracle Corporation
500 Oracle Parkway
Redwood City, CA 94065

Steven O. Kramer, Esq.
Jamie E. Wrage, Esq.
350 So. Grand Ave. 25th Flr.
Los Angeles, CA 90071

Javier H. Rubinstein, Esq.
Salan N. Salpeter, Esq.
Mayer Brown & Platt
350 So. LaSalle St.
Chicago, IL 60603

Lee H. Rubin, Esq.
Donald M. Falk, Esq.
Shirish Gupta, Esq.
Mayer Brown Rowe & Maw
Two Palo Alto Square Suite 300
Palo Alto, CA 94306

James C. Maroulis
Oracle Corp.
500 Oracle Parkway
Mailstop 50P7
Redwood Shores, CA 94065

Dated: December 13, 2004

Richard W. Wieking, Clerk
By: Rose Maher, Deputy Clerk

*Rose Maher* (signature)

2