MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
John C. Kloosterman (SBN 182625)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone:   (650) 331-2000
Facsimile:    (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
190 South LaSalle Street
Chicago, IL  60603-3441
Telephone:   (312) 782-0600
Facsimile:    (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendant ORACLE CORPORATION

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone:   (650) 506-5200
Facsimile:    (650) 506-7114
jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ (Consolidated) <br><br> DECLARATION OF JAVIER H. RUBINSTEIN IN SUPPORT OF MOTION TO DISQUALIFY THE FIRM OF LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP <br><br> **Judge Martin J. Jenkins** <br><br> Hearing Date: March 22, 2005 <br> Hearing Time: 9:30 a.m. |

# DECLARATION OF JAVIER H. RUBINSTEIN

I, Javier H. Rubinstein, declare and state that:

1. I am a member of the Illinois bar and have been admitted *pro hac vice* to practice before this Court. I am a partner in the law firm of Mayer, Brown, Rowe & Maw LLP, counsel of record for Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey Henley and Edward Sanderson ("Defendants"). I am also admitted *pro hac vice* in the Court of Chancery of the State of Delaware, New Castle County, where I serve as counsel of record for Lawrence J. Ellison and Jeffrey Henley in a shareholder derivative action entitled *In Re Oracle Derivative Litigation*, C.A. No. 18751, which has been pending in the Court of Chancery since 2001, and is currently on appeal to the Supreme Court of Delaware. In the Delaware action, Oracle Corporation is represented by the law firm of Morrison & Foerster. I have personal knowledge of the facts set forth in this Declaration and, if called upon, I could testify competently thereto.

2. As counsel for Messrs. Ellison and Henley in the Delaware shareholder derivative litigation, I participated in negotiations with Samuel H. Rudman, then of the law firm of Cauley Geller Bowman & Rudman, concerning the coordination of the Delaware litigation with a parallel shareholder derivative action pending in the Superior Court of California for San Mateo County. These negotiations resulted in the entry of case management orders in the Delaware and California courts in which, among other things, Liaison Counsel were designated both for plaintiffs and for defendants. True and correct copies of the Case Management Orders entered by the Delaware Court of Chancery and by California Superior Court are attached hereto as Exhibits G and I. Pursuant to these case management orders, Mr. Rudman was designated by the California and Delaware courts to serve as Delaware Liaison Counsel for plaintiffs derivatively on behalf of Oracle Corporation.

3.      On behalf of Messrs. Ellison and Henley, I have attended several hearings and conferences, some in person and some via teleconference, in the Delaware Court of Chancery before Vice Chancellor Leo J. Strine, during which Mr. Rudman actively participated in his capacity as Delaware Liaison Counsel.  I also participated in confidential settlement discussions with Mr. Rudman as well.

4.      On November 22, 2002, Vice Chancellor Leo Strine issued an Order granting the Oracle Special Litigation Committee leave to file its Report and exhibits thereto under seal, and ordering that such documents remain sealed unless and until such documents were ordered unsealed by the Court. To date, and to the best of my knowledge, Vice Chancellor Strine has not ordered the Report or exhibits thereto unsealed. A true and correct copy of this Order is attached hereto as Exhibit M.

5.      On March 24, 2004, Vice Chancellor Strine also issued a Stipulated Protective Order Governing Confidentiality in the production of discovery material in connection with the matter of *In re Oracle Corp. Derivative Litigation.*  A true and correct copy of this Order is attached hereto as Exhibit L.  This Order governs the handling of "CONFIDENTIAL INFORMATION," as defined in the Protective Order, in the Delaware derivative case and provides that all such CONFIDENTIAL INFORMATION shall be filed under seal in the Delaware Court of Chancery.

6.      Mr. Rudman, in his capacity as Plaintiffs' Delaware Liaison Counsel, stipulated to and signed this Protective Order and had access to all CONFIDENTIAL INFORMATION filed under seal in the matter of *In re Oracle Corp. Derivative Litigation* in the Delaware Court of Chancery.

7.  I am also aware that Mr. Rudman was given access to extensive Confidential Oracle information, all of which was produced by Oracle subject to the Protective Orders listed above. This CONFIDENTIAL INFORMATION includes a copy of the confidential Report of the Special Litigation Committee of the Oracle Board of Directors charged with investigating the allegations set forth in the complaints in the Delaware and California derivative action, along with the multiple volumes of exhibits to that Report. That Report was submitted to the Delaware Court of Chancery under seal pursuant to the Confidentiality Order listed above. To the best of my knowledge, these Confidential documents remain under seal with the Delaware Court.

8.  In June 2003, it was brought to my attention that Howard K. Coates of the firm Cauley Geller Bowman & Rudman ("Cauley Geller") joined the firm of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg, Weiss"), who, at the time, was representing the putative class of Plaintiffs ("Plaintiffs") in the federal securities action before this Court. At the time I learned this information, Oracle was concerned that there existed a conflict of interest because Mr. Coates formerly was a member of the Cauley Geller firm, which was still acting on behalf of Oracle in the Delaware derivative case, but then joined Milberg, Weiss, who was proceeding against Oracle in this federal securities class action. Accordingly, I sent a letter to the Milberg Weiss Firm (attached hereto is a true and correct copy as Exhibit Q) expressing Oracle's concern over the apparent conflict of interest. Based on the fact that Mr. Coates appeared to have very limited involvement in the Delaware derivative action, and based on the written response received from the Milberg Weiss firm (attached hereto is a true and correct copy as Exhibit R) stating that Mr. Coates had received no confidential information in connection with the derivative litigation, Oracle did not move to disqualify the Milberg Weiss firm.

9. On January 26, 2005, Oracle and its counsel, including myself, first learned that Samuel H. Rudman had become a partner in the firm of the firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, and that Mr. Rudman's prior law firm had in fact been merged to form Lerach Coughlin Stoia Geller Rudman & Robbins LLP. Upon learning this information, we promptly commenced an investigation to confirm these facts and circumstances. On January 28, 2005, I also sent a letter to Shawn W. Williams at Lerach Coughlin Stoia Geller Rudman & Robbins LLP, informing him that Oracle considered the foregoing facts and circumstances to constitute a conflict of interest and invited Mr. Williams to respond. A true and correct copy of this letter is attached hereto as Exhibit O.

10. Attached hereto as Exhibit A is a true and correct copy of the Shareholder Derivative Complaint in *Blattner v. Lawrence J. Ellison, et al.*, C.A. No. 18727, Court of Chancery of the State of Delaware, New Castle County.

11. Attached hereto as Exhibit B is a true and correct copy of the Shareholder Derivative Complaint in *Pierce, Derivatively on Behalf of Oracle Corporation v. Lawrence J. Ellison*, *et al.,* Case No. 416147 (Derivative Action), Superior Court of the State of California, County of San Mateo.

12. Attached hereto as Exhibit C is a true and correct copy of Vice Chancellor Leo Strine's Opinion, December 2, 2004 (as revised), granting summary judgment in favor of Defendants Lawrence J. Ellison and Jeffrey O. Henley and dismissing all claims in the matter of *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751, Court of Chancery of the State of Delaware, New Castle County.

13. Attached hereto as Exhibit D is a true and correct copy of the Opposition of the Jose Group To the Motion To Appoint UFCW Local 56 Retail Meat Pension Fund, Robert

Sawyer, Local 144 Nursing Home Pension Fund and Drifton Finance Corp. as Lead Plaintiffs Pursuant to Section 21D of the Securities Exchange Act of 1934 and Approving their Choice of Counsel filed in *Local 144 Nursing Home Pension Fund v. Oracle Corporation and Lawrence J. Ellison*, Case No. CV 01-988, United States District Court for the Northern District of California.

14. Attached hereto as Exhibit E is a true and correct copy of Oracle Corporation and Lawrence J. Ellison's Response to Motions for Consolidation and Appointment of Lead Plaintiff and Counsel filed in *Local 144 Nursing Home Pension Fund v. Oracle Corporation and Lawrence J. Ellison*, Case No. CV 01-988, United States District Court for the Northern District of California.

15. Attached hereto as Exhibit F is a true and correct copy of a Notice of Withdrawal of Counsel filed in *Pierce, Derivatively on Behalf of Oracle Corporation v. Lawrence J. Ellison, et al.*, Case No. 416147 (Derivative Action), Superior Court of the State of California, County of San Mateo, providing notice of the withdrawal of the law firm of Milberg Weiss Bershad Hynes & Lerach LLP.

16. Attached hereto as Exhibit H is a true and correct copy of a Stipulation and Order of Consolidation consolidating matters now referred to as *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751, Court of Chancery of the State of Delaware, New Castle County.

17. Attached hereto as Exhibit J is a true and correct copy of a Notice of Motion, Motion and Order for the admission of Samuel Rudman, Esq. to be admitted *pro hac vice* in the Delaware Court of Chancery to appear in the matter of *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751, Court of Chancery of the State of Delaware, New Castle County.

18. Attached hereto as Exhibit K is a true and correct copy of the docket as of February 4, 2005, in the matter of *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751, Court of Chancery of the State of Delaware, New Castle County. I have personally reviewed this docket and, as of February 4, 2005, the docket does not reflect that a Motion to Withdraw ever was filed in the matter by Samuel H. Rudman.

19. Attached hereto as Exhibit N is a true and correct copy of what purports to be a June 10, 2004 press release entitled "Lerach Coughlin Stoia & Robbins LLP Joined by Geller Rudman PLLC" found at www.lerachlaw.com.

20. Attached hereto as Exhibit P is a true and correct copy of a letter dated February 1, 2005, with attachments thereto, from Shawn W. Williams at Lerach Coughlin Stoia Geller Rudman & Robbins LLP to Javier H. Rubinstein at Mayer, Brown, Rowe & Maw LLP, which responded to my letter of January 28, 2005.

21. Attached hereto as Exhibit S is a true and correct copy of Vice Chancellor Strine's Opinion with regard to the Special Litigation Committee, *In re Oracle Derivative Litig.*, 824 A.2d 917 (Del. Ch. 2003).

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that this Declaration was executed on February 14, 2005 in Chicago, Illinois.



_____
Javier H. Rubinstein