


**GRANTED**  
EFiled: Mar 25 2004 5:18PM EST  
Filing ID 3323801

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE ORACLE CORP. DERIVATIVE LITIGATION | ) ) ) ) | CONSOLIDATED CIVIL ACTION NO. 18751 |

### CASE MANAGEMENT ORDER

WHEREAS, the Individual Defendants filed a Motion for Summary Judgment and supporting papers in this action on September 22, 2003;

WHEREAS, this Court entered a Scheduling Order Regarding Summary Judgment on October 2, 2003, setting a hearing date of January 6, 2004 and a briefing and discovery schedule in advance of the hearing;

WHEREAS, the parties agree that the California court will decide the California statutory claims brought under California Corporations Code §§25402 and 25502.5 and the Delaware court will decide all other claims brought in the pending Delaware and California Actions;

WHEREAS, the parties in this action and the California Action agree that they would benefit from the coordination of certain aspects of this action with the California Action; and

WHEREAS, for the sake of efficiency and judicial economy, the parties have agreed to coordinate these Actions as follows.

IT IS HEREBY ORDERED this __ day of March __, 2004, as follows:

**I.    ORGANIZATION OF PLAINTIFFS' COUNSEL**

1.    The following counsel of record for Plaintiffs in the California Action shall be deemed additional Plaintiffs' counsel of record in this action, and shall be admitted *pro hac vice* upon the filing of the necessary motion papers:

| | |
|---|---|
| George R. Corey | Joseph J. Tabacco, Jr. |

|  |  |
|---|---|
| Dario de Ghetaldi<br>Jerry E. Nastari<br>Amanda L. Riddle<br>Corey, Luzach, Pliska, de Ghetaldi &<br>Nastari LLP<br>700 El Camino Real<br>P.O. Box 669<br>Millbrae, California 94030 | Nicole Lavallee<br>Elizabeth C. Guarnieri<br>Berman DeValerio Pease Tabacco Burt<br>& Pucillo<br>425 California Street, Suite 2100<br>San Francisco, California 94104 |
| Karen L. Morris<br>Patrick F. Morris<br>R. Michael Lindsey<br>Morris and Morris LLC<br>Counselors at Law<br>1105 N. Market Street, Suite 803<br>P.O. Box 2166<br>Wilmington, DE 19801 | James McManis<br>Colleen Duffy Smith<br>McManis, Faulkner & Morgan<br>50 West San Fernando, 10th Floor<br>San Jose, CA 95113 |

2. The parties also have agreed that they will enter into a similar stipulation regarding the California Action with the following counsel to be deemed additional plaintiffs' counsel of record:

|  |  |
|---|---|
| Samuel H. Rudman<br>Cauley, Geller, Bowman &<br>Rudman, LLP<br>200 Broadhollow, Suite 406<br>Melville, NY 11747 | Paul J. Geller<br>Douglas Wilens<br>Cauley, Geller, Bowman &  Rudman, LLP<br>One Boca Place<br>197 South Federal Highway, Suite 200<br>Boca Raton, FL 33432 |
| Robert B. Weiser<br>Robin Winchester<br>Schiffrin & Barroway, LLP<br>Three Bala Plaza East, Suite 400<br>Bala Cynwyd, PA 19004 |  |

3. Dario de Ghetaldi and Nicole Lavallee shall be designated as "Plaintiffs' California Liaison Counsel" and shall be authorized to make and receive communications on behalf of the plaintiffs in the California Action. Samuel Rudman and Robert Weiser shall be designated as

"Plaintiffs' Delaware Liaison Counsel" and shall be authorized to make and receive communications on behalf of the plaintiffs in the Delaware Action. Kenneth Nachbar and Allen Terrell shall be designated as "Defendants' Delaware Liaison Counsel" and shall be authorized to make and receive communications on behalf of Larry Ellison and Jeffrey Henley (the "Individual Defendants") and nominal defendant Oracle Corporation ("Oracle") in the Delaware Action. Javier Rubinstein and Anna Erickson White shall be designated as "Defendants' California Liaison Counsel" and shall be authorized to make and receive communications on behalf of the Individual Defendants and Oracle in the California Action. Nothing in this provision shall be construed as relieving any party of their obligation to follow court rules in terms of filing and serving documents.

## II. DELAWARE SUMMARY JUDGMENT BRIEFING AND HEARING

1. Plaintiffs shall file and personally serve their opposition to the Individual Defendants' Motion for Summary Judgment and supporting papers on or before April 21, 2004.

2. The Individual Defendants shall file and personally serve their reply papers in support of their Motion for Summary Judgment on or before May 21, 2004.

3. The hearing on the Motion for Summary Judgment shall be held on June 25, 2004 at 11:00 a.m.

4. The parties and their respective counsel in this action shall coordinate all discovery in this action and the California Action.

## III. COORDINATED DISCOVERY PENDING RESOLUTION OF THE MOTION FOR SUMMARY JUDGMENT.

1. Pending the resolution of the Motion for Summary Judgment, the parties shall coordinate discovery as follows:

   a. The parties shall coordinate document discovery in this case with document discovery in the California Action. Document requests made in the California Action shall be deemed to have been made in this action, and the responses to

those requests shall be binding upon the responding party(ies) in this action. Plaintiffs shall not serve any document request that duplicates or overlaps with any request made in the California Action. To the extent any further documents are produced by Defendants in the California Action, Defendants shall produce to the Plaintiffs' Delaware Liaison Counsel all such documents at the same time as in the California Action.

b. The parties in this action shall also coordinate written discovery (e.g., interrogatories and requests for admission) with written discovery in the California Action. Written discovery requests made in the California Action shall be deemed to have been made in this action, and the responses to those requests shall be binding upon the responding party(ies) in this action. Plaintiffs shall not serve any request that duplicates or overlaps with any request made in the California Action. Defendants shall provide to the Plaintiffs' Delaware Liaison Counsel copies of all further responses to written discovery requests served in the California Action on the same date as the responses are served in the California Action.

c. The parties in this action shall also coordinate deposition discovery with the deposition discovery in the California Action. Depositions shall be coordinated so that witnesses are deposed only once, absent agreement of the parties or court order, and for all purposes, in this action and the California Action. All parties and their counsel may attend and participate in these depositions. For purposes of Plaintiffs' examination of deponents, plaintiffs' counsel shall designate one examining attorney representing the Delaware plaintiffs and one examining attorney representing the California plaintiffs to question the witness and the questions of one may not be repetitive of questions posed by the other. Depositions taken in the California Action shall be deemed to have been taken in this action. A witness shall not be noticed for deposition more than once, absent agreement of the parties or court order.

d. The parties shall meet and confer regarding the scheduling of Plaintiffs' depositions noticed in accordance with Rule 56(f). Plaintiffs shall complete depositions that have been noticed in accordance with Rule 56(f) by April 1, 2004. Two weeks before the filing of their opposition to the Motion for Summary Judgment, Plaintiffs shall provide Defendants with a list of all affiants supporting Plaintiffs' opposition ("Affiants"). The parties agree to meet and confer about the schedule for affiant depositions. Plaintiffs will use their best efforts to, as early as possible, schedule deposition dates for all Affiants. The parties agree that all Affiants shall appear for deposition from April 23 through May 7. The affiant depositions shall be completed by May 7, 2004.

e. The parties shall coordinate the resolution of any discovery disputes with the parties in the California Action as follows. Any further discovery dispute in

4

this action or the California Action shall be presented to and determined by this Court, and shall be governed by Delaware law. The parties in both actions agree to be bound by this Court's rulings in this regard. However, if any party establishes that a discovery dispute raises issues governed exclusively by California law, then such issues may be presented to and determined by the California Superior Court, and the parties in both actions agree to be bound by the California Superior Court's ruling in such instances.

## IV. COORDINATED DISCOVERY PENDING RESOLUTION OF THE MOTION FOR SUMMARY JUDGMENT.

1.  The scheduling of any further discovery unrelated to the Motion for Summary Judgment shall be reserved pending the ruling on the Motion for Summary Judgment. Following the ruling on the Motion for Summary Judgment, the parties shall meet and confer on the procedure for coordinating any additional discovery.

IT IS SO ORDERED.

_____
Vice Chancellor Leo J. Strine

Court: DE Court of Chancery

Judge: Leo E Strine Jr

LexisNexis File & Serve Reviewed Filing ID: 3318287

Date: 3/25/2004

Case Number: 18751

Case Name: In Re: Oracle Corp Derivative Litigation

The order is granted except to amend my middle initial to change it from "J." to "E." and to add ", Jr." at the end of my last name.

/s/ Judge Leo E Strine Jr