COPY

1   JORDAN ETH (BAR NO. 121617)
    ANNA ERICKSON WHITE (BAR NO. 161385)
2   MORRISON & FOERSTER LLP
    425 Market Street
3   San Francisco, California 94105-2482
    Telephone: (415) 268-7000
4   Facsimile: (415) 268-7522

5   Attorneys for Nominal Defendant ORACLE CORPORATION

6   ORACLE CORPORATION
    Dorian Daley (BAR NO. 129049)
7   Lauren G. Segal (BAR NO. 150826)
    500 Oracle Parkway
8   Mailstop 5OP7
    Redwood City, California 94065
9   Telephone: (650) 506-5200
    Facsimile: (650) 506-7114

10

    Attorneys for Nominal Defendant ORACLE CORPORATION
11

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAR 2 2 2004

Clerk of the Superior Court
By _____ M. YOUNG
        DEPUTY CLERK

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        COUNTY OF SAN MATEO

14

15   SYED AKHTER, JOHN BOSCO, JOSEPH          JUDICIAL COUNCIL COORDINATION
     BOYLE, CARY COLLINS, Trustee of the      PROCEEDING NO. 4180
16   Chadsey Educational Trust dated February 21,
     1997, BARRY J. GAMBLE, MAX KATZ,         SUPERIOR COURT CASE NO. 417511
17   ALAN PIERCE, derivatively on behalf of
     ORACLE CORPORATION,
18                                            ASSIGNED FOR ALL PURPOSES TO:
                    Plaintiffs,               JUDGE JOHN G. SCHWARTZ,
19         v.                                 Coordination Trial Judge

20   MICHAEL J. BOSKIN, LAWRENCE J.           NOTICE OF ENTRY OF STIPULATED
     ELLISON, JEFFREY O. HENLEY, DONALD J.    CASE MANAGEMENT ORDER
21   LUCAS, and DOES 1 through 100, inclusive,

22                  Defendants,

23   and ORACLE CORPORATION,

24                  Nominal Defendant.

25

26

27

28
     pa-871551

NOTICE OF ENTRY OF STIPULATED CASE MANAGEMENT ORDER

1         PLEASE TAKE NOTICE THAT the attached Order was entered by the Court on

2    March 22, 2004.

3    Dated: March 22, 2004

    ANNA ERICKSON WHITE
    MORRISON & FOERSTER LLP

4

5

    By: _____

6             Anna Erickson White

7           Attorneys for Nominal Defendant
       ORACLE CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



ENDORSED FILED
SAN MATEO COUNTY

MAR 2 2 2004

Clerk of the Superior Court
By Francoise Espinoza
DEPUTY CLERK

1
2
3
4
5
6
7
8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**COUNTY OF SAN MATEO**

10

Coordination Proceeding
Special Title (Rule 1550(b))

11

ORACLE CASES

12

13

14

15

16

17

THIS DOCUMENT RELATES TO ALL
ACTIONS

18

19

JUDICIAL COUNCIL COORDINATION
PROCEEDING NO. 4180

**STIPULATED CASE MANAGEMENT
ORDER**

The Honorable John G. Schwartz
Coordination Trial Judge

Date:
Time:
Department: 18

**STIPULATION**

20

WHEREAS, on September 22, 2003 the Individual Defendants filed a Motion for

21

Summary Judgment and supporting papers in an action entitled *In re Oracle Corporation*

22

*Derivative Litigation*, C.A. No. 18751, pending before the Delaware Court of Chancery (referred

23

to herein as the "Delaware Action");

24

WHEREAS, the parties have agreed upon a schedule for the hearing of the Individual

25

Defendants' Motion for Summary Judgment;

26

WHEREAS, the parties agree that plaintiffs should dismiss certain claims in this action

27

and instead bring in the Delaware Action all causes of action asserted in this action except for the

28

1

STIPULATED CASE MANAGEMENT ORDER

1   Third Cause of Action alleging violation of California Corporations Code §§ 25402 and 25502.5;

2        WHEREAS, the parties agree that the California court will decide the California statutory

3   claims brought under California Corporations Code §§ 25402 and 25502.5 and that the Delaware

4   court will decide all other claims in the pending California and Delaware Actions.

5        WHEREAS, the parties in this action and the Delaware Action agree that they would

6   benefit from the coordination of certain aspects of this action with the Delaware Action; and

7        WHEREAS, for the sake of efficiency and judicial economy, the parties have agreed to

8   coordinate these Actions as follows.

9   **I.**      **ORGANIZATION OF PLAINTIFFS' COUNSEL**

10      1.    The following counsel of record for Plaintiffs in the Delaware Action shall be

11   deemed additional Plaintiffs' counsel of record in this action, and shall be admitted *pro hac vice*

12   upon the filing of the necessary motion papers:

13

Robert B. Weiser
Robin Winchester
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Paul J. Geller
Douglas Wilens
Cauley, Geller, Bowman &
  Rudman, LLP
197 South Federal Highway, Suite 200
Boca Raton, FL 33432

Samuel H. Rudman
Cauley, Geller, Bowman &
  Rudman, LLP
200 Broadhollow, Suite 406
Melville, NY 11747

20      2.    The parties have also agreed that they will enter into a similar stipulation regarding

21   the Delaware Action, with the following counsel to be deemed additional plaintiffs' counsel of

22   record:

George R. Corey
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Corey, Luzach, Pliska, de Ghetaldi &
Nastari LLP
700 El Camino Real
P.O. Box 669
Millbrae, California 94030

Joseph J. Tabacco, Jr.
Nicole Lavallee
Elizabeth C. Guarnieri
Berman DeValerio Pease Tabacco Burt &
Pucillo
425 California Street, Suite 2100
San Francisco, California 94104

2

STIPULATED CASE MANAGEMENT ORDER

Karen L. Morris
Patrick F. Morris
R. Michael Lindsey
Morris and Morris LLC
Counselors at Law
1105 N. Market Street, Suite 803
P.O. Box 2166
Wilmington, DE 19801

James McManis
Colleen Duffy Smith
McManis, Faulkner & Morgan
50 West San Fernando, 10th Floor
San Jose, CA 95113

3.     Dario de Ghetaldi and Nicole Lavallee shall be designated as "Plaintiffs' California Liaison Counsel" and shall be authorized to make and receive communications on behalf of the plaintiffs in the California Action.  Samuel Rudman and Robert Weiser shall be designated as "Plaintiffs' Delaware Liaison Counsel" and shall be authorized to make and receive communications on behalf of the plaintiffs in the Delaware Action.  Kenneth Nachbar and Allen Terrell shall be designated as "Defendants' Delaware Liaison Counsel" and shall be authorized to make and receive communications on behalf of Larry Ellison and Jeffrey Henley (the "Individual Defendants") and nominal defendant Oracle Corporation ("Oracle") respectively in the Delaware Action.   Javier Rubinstein and Anna Erickson White shall be designated as "Defendants' California Liaison Counsel" and shall be authorized to make and receive communications on behalf of the Individual Defendants and Oracle respectively in the California Action.  Nothing in this provision shall be construed as relieving any party of their obligation to follow court rules in terms of filing and serving documents.

4.     The parties and their respective counsel in this action shall coordinate all discovery in this action and the Delaware Action.

## II.     COORDINATED DISCOVERY PENDING RESOLUTION OF THE MOTION FOR SUMMARY JUDGMENT.

5.     Pending the resolution of the Motion for Summary Judgment, the parties shall coordinate discovery as follows:

6.     The parties and their respective counsel in this action shall coordinate all discovery in this action and the Delaware Action.  To accomplish this coordination, the following procedures shall apply pending the ruling on the Delaware Motion for Summary Judgment:

A.     The parties shall coordinate document discovery in this case with document discovery in the Delaware Action. Document requests made in the Delaware Action shall be

3

STIPULATED CASE MANAGEMENT ORDER

1   deemed to have been made in this action, and the responses to those requests shall be binding

2   upon the responding party(ies) in this action.

3         B.   Plaintiffs shall not serve any document request that duplicates or overlaps

4   with any request made in the Delaware Action. To the extent any further documents are produced

5   by Defendants to the plaintiffs in the Delaware Action, Defendants shall produce to Plaintiffs'

6   California Liaison Counsel all such documents at the same time.

7         C.   The parties in this action shall also coordinate written discovery (e.g.,

8   interrogatories and requests for admission) with written discovery in the Delaware Action.

9   Written discovery requests made in the Delaware Action shall be deemed to have been made in

10  this action, and the responses to those requests shall be binding upon the responding party(ies) in

11  this action. Plaintiffs shall not serve any request that duplicates or overlaps with any request made

12  in the Delaware Action. Defendants shall provide to the Plaintiffs' California Liaison Counsel

13  copies of all further responses to written discovery requests served in the Delaware Action on the

14  same date as the responses are served in the Delaware Action.

15        D.   The parties in this action also shall coordinate deposition discovery with the

16  deposition discovery in the Delaware Action. Depositions shall be coordinated so that witnesses

17  are deposed only once absent agreement of the parties or court order, and for all purposes, in this

18  action and the Delaware Action.  All parties and their counsel may attend and participate in these

19  depositions. For purposes of Plaintiffs' examination of deponents, plaintiffs' counsel shall

20  designate one examining attorney representing the California plaintiffs and one examining

21  attorney representing the Delaware plaintiffs to question the witness and the questions of one may

22  not be repetitive of questions posed by the other. Depositions taken in the Delaware Action shall

23  be deemed to have been taken in this action and shall be binding on the parties in this action. A

24  witness shall not be noticed for deposition more than once, absent agreement of the parties or

25  court order.

26        E.   The parties shall coordinate the resolution of any discovery disputes as

27  follows. Plaintiffs shall make a good faith effort to coordinate all discovery disputes.  Any further

28  discovery dispute in this action or the Delaware Action shall be presented to and determined by

4

STIPULATED CASE MANAGEMENT ORDER

the Delaware Chancery Court, and shall be governed by Delaware law. The parties in both actions agree to be bound by the Delaware Chancery Court's rulings in this regard. However, if any party establishes that a discovery dispute raises issues governed exclusively by California law, then such issues may be presented to and determined by this Court, and the parties in both actions agree to be bound by this Court's ruling in such instances.

**III.   COORDINATED DISCOVERY PENDING RESOLUTION OF THE MOTION FOR SUMMARY JUDGMENT.**

7.   The scheduling of any further discovery unrelated to the Motion for Summary Judgment in the Delaware Action shall be reserved pending the ruling on the Motion for Summary Judgment. Following the ruling on the Delaware Motion for Summary Judgment, the parties shall meet and confer on the procedure for coordinating any additional discovery.

**IV.   CALIFORNIA PROCEEDINGS.**

8.   Plaintiffs shall dismiss all causes of action asserted in this action, except for the Third Cause of Action alleging violation of Section 25402 of the California Corporations Code, within five days after entry of this Order.

9.   The parties have agreed to continue the trial date in this action until February 2005, at the earliest. The precise trial date shall be determined based on the Court's availability. Trial counsel for plaintiffs and defendants shall use their best efforts to hold open their calendars for February and March 2005 pending the determination of the precise trial date.

10.   In light of the agreements reached by the parties, Defendants have agreed to withdraw the following pending motions in this action:  Individual Defendants' Motion To (A) Reconsider and Stay Proceedings or, in the Alternative, (B) To Vacate or Continue Trial Date; and Oracle's Motion for Protective Order Regarding Plaintiffs' October 6, 2003 Re-Notice of Depositions.

11.   Deadlines for the completion of fact and expert discovery in this action, and the deadline for submission of any summary judgment motions in this action, shall be set pursuant to the applicable sections of the California Code of Civil Procedure once the new trial date has been

5

STIPULATED CASE MANAGEMENT ORDER

1 | set.

2 |       IT IS SO STIPULATED BY AND BETWEEN THE PARTIES.

3 | Dated:   March **18**, 2004         MAYER, BROWN ROWE & MAW LLP

4 |                           JAVIER RUBINSTEIN
DONALD M. FALK

5 |                           JOHN NADOLENCO

6 |

7 |                           By: _____

8 |                                 John Nadolenco

9 |                           Attorneys for Defendants Lawrence J.
Ellison and Jeffrey O. Henley

10 | Dated:   March _____, 2004         JORDAN ETH

11 |                           ANNA ERICKSON WHITE
MORRISON & FOERSTER LLP

12 |

13 |                           By: _____

14 |                                 Anna Erickson White

15 |                           Attorneys for Nominal Defendant
Oracle Corporation

16 | Dated:   March **11**, 2004

17 |                           COREY, LUZAICH, PLISKA, DE
GHETALDI &

18 |                            NASTARI LLP
DARIO DE GHETALDI

19 |                           GEORGE R. COREY
JERRY E. NASTARI

20 |                           AMANDA L. RIDDLE

21 |

22 |                           By: _____

23 |                                 Dario De Ghetaldi

24 |                           Plaintiffs' Co-Lead and Liaison Counsel

25 |

26 |

27 |

28 |

                                          6

STIPULATED CASE MANAGEMENT ORDER

1 | set.

2 | IT IS SO STIPULATED BY AND BETWEEN THE PARTIES.

3 | Dated:  March _____, 2004

MAYER, BROWN ROWE & MAW LLP
JAVIER RUBINSTEIN
DONALD M. FALK
JOHN NADOLENCO

By: _____
John Nadolenco

Attorneys for Defendants Lawrence J.
Ellison and Jeffrey O. Henley

10 | Dated:  March 18, 2004

JORDAN ETH
ANNA ERICKSON WHITE
MORRISON & FOERSTER LLP

By: _Anna Erickson White by PMG_
Anna Erickson White

Attorneys for Nominal Defendant
Oracle Corporation

16 | Dated:  March 11, 2004

COREY, LUZAICH, PLISKA, DE
GHETALDI &
  NASTARI LLP
DARIO DE GHETALDI
GEORGE R. COREY
JERRY E. NASTARI
AMANDA L. RIDDLE

By: _Dario De Ghetaldi_
Dario De Ghetaldi

Plaintiffs' Co-Lead and Liaison Counsel

6

STIPULATED CASE MANAGEMENT ORDER

Dated:   March ⎵⎵, 2004

BERMAN, DEVALERIO, PEASE,
TABACCO,
  BURT & PUCILLO
JOSEPH J. TABACCO, JR.
NICOLE LAVALLEE
KAREN ROSENTHAL


By _____
        Nicole Lavallee

Plaintiffs' Co-Lead and Liaison
Counsel

## ORDER

Based on the stipulation of the parties, and good cause appearing, IT IS SO ORDERED.


MAR 2 2 2004

JOHN G. SCHWARTZ
_____
Hon. John G. Schwartz
Superior Court Judge


7

STIPULATED CASE MANAGEMENT ORDER

1

## PROOF OF SERVICE BY MAIL
(CCP 1013a, 2015.5)

2

3        I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill
Road, Palo Alto, California 94304; I am not a party to the within cause; I am over the age of eighteen
4   years and I am readily familiar with Morrison & Foerster's practice for collection and processing of
correspondence for mailing with the United States Postal Service and know that in the ordinary
5   course of Morrison & Foerster's business practice the document described below will be deposited
with the United States Postal Service on the same date that it is placed at Morrison & Foerster LLP
6   with postage thereon fully prepaid for collection and mailing.

7        I further declare that on the date hereof I served a copy of:

8   NOTICE OF ENTRY OF STIPULATED CASE MANAGEMENT ORDER

9   on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for
collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304,
10  in accordance with Morrison & Foerster's ordinary business practices:

| | |
|---|---|
| **Plaintiffs' California Liaison Counsel**<br>Dario de Ghetaldi<br>Corey, Luzaich, Pliska,<br>De Ghetaldi & Nastari LLP<br>700 El Camino Real<br>P.O. Box 669<br>Millbrae, CA 94030 | **Plaintiffs' California Liaison Counsel**<br>Nicole Lavallee<br>Berman, Devalerio, Pease,<br>Tabacco, Burt & Pucillo<br>425 California Street, Suite 2100<br>San Francisco, CA 94104 |
| **Plaintiffs' Delaware Liaison Counsel**<br>Samuel H. Rudman<br>Cauley Geller Bowman & Rudman LLP<br>200 Broadhollow, Suite 406<br>Melville, NY 11747 | **Plaintiffs' Delaware Liaison Counsel**<br>Robert B. Weiser<br>Schiffrin & Barroway LLP<br>Three Bala Plaza East, Suite 400<br>Bala Cynwyd, PA 19004 |
| **Defendants' Delaware Liaison Counsel**<br>Kenneth Nachbar<br>Morris, Nichols, Arsht & Tunnell<br>1201 N. Market Street, 18th Floor<br>Wilmington, DE 19801 | **Defendants' Delaware Liaison Counsel**<br>Allen Terrell<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 |
| **Defendants' California Liaison Counsel**<br>Javier Rubinstein<br>Mayer, Brown, Rowe & Maw<br>190 S. LaSalle Street<br>Chicago, IL 60603 | |

11
12
13
14
15
16
17
18
19
20
21
22
23

24

25        I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.  Executed at Palo Alto, California, this 22nd day of March, 2004.

26

27   _____          _Andrea M. Vickery_
           Andrea M. Vickery                        (signature)
                (typed)

28

---

**PROOF OF SERVICE BY MAIL**
pa-871548