

**GRANTED**

EFiled: Mar 25 2004 5:18PM EST
Filing ID 3323801

### IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

----------------------------------------x
:
IN RE ORACLE CORP.                      :   Consolidated C.A. No. 18751
DERIVATIVE LITIGATION                   :
                                        :   **CONFIDENTIAL**
                                        :   **FILED UNDER SEAL**
----------------------------------------x

### STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

1. Pursuant to Court of Chancery Rule 5(g), this Stipulated Protective Order Governing Confidentiality ("Order") shall govern the use, designation, and handling of all "Produced Information." As used in this Order, "Produced Information" means all documents, materials, discovery responses, testimony, and other information provided in response to a formal or informal discovery request or subpoena made in this Litigation and all documents, materials, testimony and other information provided by or obtained in connection with this Litigation from any person who is subject to a fiduciary duty, confidentiality agreement or other obligation to keep the documents, materials, testimony or other information confidential.

2. The "CONFIDENTIAL" designation hereunder shall be used consistent with legitimate confidential, proprietary or privacy interests of Oracle Corporation and the individual defendants or other persons or entities producing documents or information that contain trade secrets or other confidential research, development, financial, commercial or personal (private) information. The designation of any document or information as "CONFIDENTIAL" pursuant to the terms of this Order shall constitute the verification of counsel of record of the designating party that at least one of them has reviewed the document or information and that the designation is, in the good faith judgment of counsel, consistent with the terms of this Order. As used in this

Order, "Confidential Information" means any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" pursuant to this Order.

3. As used in this Order, "document" or "documents" shall include any "writing" as defined in the Court of Chancery Rule 34(a) unless the Court provides a different definition during the course of this Litigation.

4. Nothing in this Order shall prevent disclosure beyond the terms of this Order if either the designating person consents in writing to such disclosure or the Court allows such disclosure based upon a proper showing.

5. As used in this Order, "Producing Party" shall refer to any person or entity providing "Produced Information" in connection with the Litigation. "Produced Information" may be designated as "CONFIDENTIAL" by any party to the Litigation, or by the non-party providing such "Produced Information."

6. Information shall be designated as "CONFIDENTIAL" in the following manner:

(a) In the case of documents reduced to paper form, the confidentiality designation shall be made by placing the legend "CONFIDENTIAL" on the document in a manner sufficient to identify the document as entitled to confidential treatment in the Litigation. A Producing Party shall designate documents as confidential at or before the time of production, except that if a Producing Party inadvertently fails to designate documents as confidential upon their production, the Producing Party does not waive its right to designate the documents as confidential by giving written notice to all parties to this action within thirty (30) days of production. In addition, a party other than the Producing Party may designate documents as confidential by giving written notice to all parties to the Litigation. In either case, all parties

shall then stamp or otherwise mark the designated documents as confidential with the legend described above and treat it as Confidential Information.

(b) Information produced or provided on a computer disk, data tape or other medium that has not been reduced to paper form may be designated as "CONFIDENTIAL" by informing counsel for the parties to the Litigation in writing that the computer disk, data tape or other medium contains confidential information.

(c) In the case of deposition testimony, counsel of record, the Producing Party or any party to the Litigation may designate information disclosed during a deposition, or the entire deposition as "CONFIDENTIAL" by identifying on the record at the deposition the material that is to be treated as confidential or by marking the portions of the deposition record to be designated as "CONFIDENTIAL" within thirty (30) days after receipt of the final certified transcript. If any deposition testimony or any document or information used during the course of a deposition is designated as confidential, each page of the deposition record reflecting such material shall be stamped "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," and the first page of the deposition record shall be stamped in a manner that makes it readily apparent that the deposition record contains Confidential Information.

7. Subject to the requirements of this Order, Confidential Information may be referred to in discovery, discovery responses, motions, briefs or other papers filed with the Court and may be used in depositions, oral arguments or at trial in this action either as exhibits or as the basis for questions. If Confidential Information is attached or referred to in any pleading or other paper to be filed with this Court, the Confidential Information shall be filed under seal and shall be processed and retained by the Court in accordance with Court of Chancery Rule 5(g)(4)-

(7). If Confidential Information is used during a deposition, that portion of the deposition shall be designated "CONFIDENTIAL" pursuant to Paragraph 6(c). All materials kept under seal shall be available to the Court and to the counsel for the parties for viewing and/or for copying.

8. Subject to the provisions of Paragraph 9, all material designated as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" under this Order shall not be disclosed, directly or indirectly, to any person other than:

(a) the Court and necessary Court personnel;

(b) the named parties in this action;

(c) the attorneys of the parties to this action, including in-house attorneys for any named party to this action, and their support staff;

(d) any copy service assisting counsel in this action;

(e) counsel representing any insurer or indemnitor of any defendant or nominal defendant in this action;

(f) court reporters performing necessary duties in this action;

(g) any person who authored or received the document or information, or who is mentioned in the document;

(h) any expert retained or consulted by any party in connection with this action, provided that if the party chooses a current employee (permanent or contract) of any of the companies listed on Exhibit B, the party shall notify Oracle before disclosing any Confidential Information to that expert and shall give Oracle a reasonable opportunity to move for a protective order preventing or limiting such disclosure. If Oracle moves to prevent such disclosure, the party or non-party shall not disclose any Produced

>   Information until after ruling on the motion. Should plaintiffs encounter difficulty in retaining an expert or consultant because of the restrictions set forth in this paragraph, plaintiffs may move for relief from the constraints on disclosure to experts and consultants; and
>
>   (i)   any former Oracle employee (permanent or contract), director, or officer whom a named party believes, in good faith, may testify in a deposition, hearing or trial in this action, and that person's attorneys, to the extent reasonably necessary to give his or her testimony; provided, however, that before disclosing any Produced Information to any such person, the party making such disclosure shall obtain from such person a signed Confidentiality Agreement in the form attached hereto as Exhibit A.

9.   With the exception of those persons covered by ¶ 8(g), plaintiffs may not disclose Confidential Information to any former Oracle employee (permanent or contract), officer or director who currently is an employee (permanent or contract), officer, or director of, or person with more than a 5% ownership interest (direct or indirect) in, any of the companies listed on Exhibit B, unless the following procedures are followed. Before making any such disclosure, plaintiffs shall provide Oracle with notice in a writing that includes the following information: the name and post-Oracle employment history of the former Oracle employee, and a reasonably detailed description of the Confidential Information that plaintiffs wish to disclose to the former Oracle employee. This notice shall be effective upon its receipt by Oracle's counsel herein. If Oracle objects to the proposed disclosure, it shall inform plaintiffs of its objection in writing no later than five business days after receipt of plaintiffs' notice. If the parties cannot resolve a dispute arising under this subsection, Oracle may move for an appropriate protective order

within fifteen (15) days after notifying plaintiffs of its objection in writing. If Oracle does not object to the proposed disclosure or fails to bring a motion for a protective order within said fifteen (15) days, plaintiffs shall follow the procedures set forth in section 10 of this Protective Order before disclosing the Confidential Documents and/or Information to the former Oracle employee, officer or director.

10. Before providing access to any Confidential Information, the party providing such disclosure shall obtain from all persons to whom Confidential Information is disclosed pursuant to ¶¶ 8(d), (e), (g), (h), and (i) of this Order a signed Confidentiality Agreement in the form attached hereto as Exhibit A. The party disclosing any Confidential Information shall maintain the executed original Confidentiality Agreements and need not produce except by agreement or upon order of the Court for good cause shown.

11. All Produced Information shall be used solely in this litigation and in the related action, *Oracle Cases*, Judicial Council Coordination Proceeding No. 4180, Superior Court for the State of California, County of San Mateo (the "California Derivative Action"), and the preparation and trial of this and the related California Derivative Action, or any appellate proceeding arising solely from this and the California Derivative Action, and not for any other purpose, including, without limitation, any other litigation, legal proceeding or any business, competitive or governmental purpose or function. Accordingly, plaintiffs shall not use any Produced Information in the preparation or prosecution of any litigation or legal proceeding other than this or the California Derivative Action, and none of the parties or attorneys in this action may disclose any Produced Information to any other person not authorized to receive such Produced Information under the terms of this Order.

12. Should any party object to the designation of material as "CONFIDENTIAL," and the objection cannot be resolved informally, then the objecting party may move for an order determining that the material was not properly designated. At such time, the material at issue may be submitted to the Court for *in camera* inspection. Until the Court rules to the contrary, all material designated as "CONFIDENTIAL" shall be treated as such pursuant to this Order. The Court shall have authority to make an appropriate order following a motion under paragraph 9 of this Order.

13. If Produced Information designated "CONFIDENTIAL" in this action are called for in a subpoena or other process, the party to whom the subpoena or other process is directed shall promptly give written notice thereof to each person that has designated the information "CONFIDENTIAL" and shall not produce the Produced Information until the earlier of ten days after providing notice or the return date of the subpoena or other process, but in no event less than five days after providing written notice.

14. A Producing Party may disclose Confidential Information it has designated as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" and produced in this action to any person, with or without any conditions to such disclosure, as it deems appropriate; however, the failure of the Producing Party to treat the information in a manner reasonably calculated to maintain its "CONFIDENTIAL" nature shall not result in the document or information losing its "CONFIDENTIAL" designation and the protections of this Order.

15. Within sixty (60) days of a written request by the Producing Party following the conclusion of this action, including any appeals, all Material designated as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," including copies, unless ordered

by the Court, or a motion is pending seeking relief from this paragraph, shall be returned to the Producing Party or shall be destroyed, at the election of the person or entity in possession of the Confidential Information. If the person or entity in possession of Confidential Information elects to destroy that information rather than return it to the Producing Party, then such person or entity shall provide to the Producing Party within 21 days of destroying the Confidential Information a signed sworn statement attesting that the Confidential Information has been destroyed. This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each party as archival records or other attorney work-product created for any party. Any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Order and may not be used for any purpose other than this litigation.

16. The terms of this Order do not preclude, limit, restrict or otherwise apply to the use of documents and testimony at trial, except that an unmarked copy of a document marked confidential will be used at trial if any party so requests and provides an unmarked copy of that document. The placing of any confidentiality designation or a production identification number on the face of a document shall have no effect on the authenticity or admissibility of the document or testimony at trial. Nothing herein shall be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection.

17. In the event that additional persons become named parties to this action, they shall not have access to Confidential Information until they and their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

18. This Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings in this action to provide this Court with ancillary jurisdiction to enforce its terms.

19. Nothing in this Order shall be construed to waive any right that any party may have to object to any demand for production of any documents or other method of obtaining information in this action, and nothing in this Order shall be construed to preclude any party from disclosing or otherwise using information that is not subject to the terms of this Order.

20. The Court retains jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate or may consider upon motion of any party. Nothing in this Order shall preclude any party from seeking greater protection than that provided for in this Order with respect to any document or other information.

21. Any party may request appropriate sanctions from the Court for any violations of this Order.

IT IS SO STIPULATED BY AND BETWEEN THE PARTIES.

DATED: March ___, 2004

SCHIFFRIN & BARRAWAY, LLP
Robert B. Weiser
Robin Winchester

By: _____
　　　Robert B. Weiser

Plaintiffs' Counsel

DATED: March 24, 2004

CAULEY, GELLER, BOWMAN
& RUDMAN, LLP
Samuel H. Rudman

By: *Samuel Rudman* /kw
　　　Samuel H. Rudman

Plaintiffs' Counsel

DATED: March ___, 2004

MAYER, BROWN ROWE & MAW
Javier Rubinstein
Donald M. Falk
John Nadolenco

By: _____
　　　John Nadolenco

DATED: March ___, 2004

Attorneys for Defendants
Lawrence J. Ellison and Jeffrey O. Henley

MORRISON & FOERSTER LLP
Jordan D. Eth
Anna Erickson White
Paul H. Goldstein

By: _____
　　　Paul H. Goldstein

Attorneys for Nominal Defendant
Oracle Corpoation

DATED: March __, 2004

SCHIFFRIN & BARRAWAY, LLP
Robert B. Weiser
Robin Winchester

By:_____
      Robert B. Weiser

Plaintiffs' Counsel

DATED: March __, 2004

CAULEY, GELLER, BOWMAN
  & RUDMAN, LLP
Samuel H. Rudman

By:_____
      Samuel H. Rudman

DATED: March 23, 2004

Plaintiffs' Counsel

MAYER, BROWN ROWE & MAW LLP
Javier Rubinstein
Donald M. Falk
John Nadolenco

By:_____
      John Nadolenco

DATED: March __, 2004

Attorneys for Defendants
Lawrence J. Ellison and Jeffrey O. Henley

MORRISON & FOERSTER LLP
Jordan D. Eth
Anna Erickson White
Paul H. Goldstein

By:_____
      Paul H. Goldstein

Attorneys for Nominal Defendant
Oracle Corpoation

DATED: March __, 2004                SCHIFFRIN & BARRAWAY, LLP
                                     Robert B. Weiser
                                     Robin Winchester

                                     By:_____
                                          Robert B. Weiser

                                     Plaintiffs' Counsel

DATED: March __, 2004                CAULEY, GELLER, BOWMAN
                                        & RUDMAN, LLP
                                     Samuel H. Rudman


                                     By:_____
                                          Samuel H. Rudman

DATED: March __, 2004                Plaintiffs' Counsel

                                     MAYER, BROWN ROWE & MAW
                                     Javier Rubinstein
                                     Donald M. Falk
                                     John Nadolenco


                                     By: _____
                                          John Nadolenco

DATED: March 23, 2004                Attorneys for Defendants
                                     Lawrence J. Ellison and Jeffrey O. Henley

                                     MORRISON & FOERSTER LLP
                                     Jordan D. Eth
                                     Anna Erickson White
                                     Paul H. Goldstein

                                     By: /s/ Paul H. Goldstein
                                          Paul H. Goldstein

                                     Attorneys for Nominal Defendant
                                     Oracle Corpoation

DATED: March 14, 2004          SCHIFFRIN & BARRAWAY, LLP
                                Robert B. Weiser
                                Robin Winchester

                                By: _____
                                    Robert B. Weiser

                                Plaintiffs' Counsel

DATED: March ___, 2004          CAULEY, GELLER, BOWMAN
                                   & RUDMAN, LLP
                                Samuel H. Rudman


                                By: _____
                                    Samuel H. Rudman

DATED: March ___, 2004          Plaintiffs' Counsel

                                MAYER, BROWN ROWE & MAW
                                Javier Rubinstein
                                Donald M. Falk
                                John Nadolenco


                                By: _____
                                    John Nadolenco

DATED: March ___, 2004
                                Attorneys for Defendants
                                Lawrence J. Ellison and Jeffrey O. Henley

                                MORRISON & FOERSTER LLP
                                Jordan D. Eth
                                Anna Erickson White
                                Paul H. Goldstein


                                By: _____
                                    Paul H. Goldstein

                                Attorneys for Nominal Defendant
                                Oracle Corpoation

IT IS SO ORDERED.

---
Vice Chancellor Leo J. Strine

Court: DE Court of Chancery

Judge: Leo E Strine Jr

LexisNexis File & Serve Reviewed Filing ID: 3318287

Date: 3/25/2004

Case Number: 18751

Case Name: In Re: Oracle Corp Derivative Litigation


This order is also entered pursuant to Court of Chancery Rule 26.


/s/ Judge Leo E Strine Jr