|MAYER|
|BROWN|
|ROWE|
|& MAW|

**VIA FACSIMILE**

January 28, 2005

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Shawn W. Williams, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco CA 94111

**Javier H. Rubinstein**
Direct Tel (312) 701-7781
Direct Fax (312) 706-8679
jrubinstein@mayerbrownrowe.com

Re: *In re Oracle Corporation Securities Litigation*

Dear Mr. Williams:

    We have recently learned of a serious situation that requires immediate attention. We have recently learned that Samuel H. Rudman joined Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP ("Lerach Coughlin") in June of 2004. Prior to joining your firm, Mr. Rudman was a named partner in the firm of Cauley, Geller, Bowman & Rudman LLP. While at Cauley Geller, Mr. Rudman served as counsel of record for the plaintiffs in *In re Oracle Corporation Derivative Litigation*, which is currently on appeal from the Court of Chancery in Delaware.

    As you know, in the *Oracle Corporation Securities Litigation*, Lerach Coughlin has sued Oracle on behalf of purported shareholders. The Securities Litigation pending in the Northern District of California and the derivative litigation are substantially related. Among other things, both are based on allegations of misstatements concerning Oracle's financial performance during the Third Quarter of Oracle's Fiscal Year 2001. Milberg, Bershad, Hynes & Lerach LLP, your former partners, withdrew as plaintiffs' counsel in derivative actions in California and Delaware in 2001 based on the conflict of interest created by seeking to represent shareholders in a class action against Oracle, and at the same time, seeking to represent the interest of Oracle and its shareholders in substantially related derivative actions brought on their behalf. Courts have found that it is impossible for an attorney to act with loyalty and in the best interest of these two groups of clients with divergent interests. *Stull v. Baker*, 410 F. Supp. 1326, 1336-37 (S.D.N.Y. 1976); *Hawk Industries v. Bausch v. Lomb, Inc.*, 59 F.R.D. 619, 624 (S.D.N.Y. 1973); *Ruggeiro v. American Bioculture, Inc.*, 56 F.R.D. 93, 95 (S.D.N.Y. 1972).

    As counsel for the derivative plaintiffs, Mr. Rudman was and is required to act with loyalty to Oracle and in the Company's best interest. Mr. Rudman also acquired confidential information about Oracle in his capacity as counsel for the derivative plaintiffs.

    Federal courts charge attorneys with knowledge of state ethics rules in the state where the court sits. *See In re Snyder*, 472 U.S. 634, 645 n.6 (1985). Rule 3-310(E) of the California Rules of Professional Conduct provides that an attorney "shall not, without the informed written consent of the client or former client, accept employment adverse to the client, or former client

Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles Manchester New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Shawn W. Williams, Esq.
January 28, 2005
Page 2

where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment." The California Supreme Court has held that disqualification of an attorney is the proper remedy for a violation of Rule 3-310(E), *People ex rel. Department of Corporations v. SpeeDee Oil Change Systems*, 980 P.2d 371, 378-379 (Cal. 1999), and that the attorney's disqualification is imputed to the entire firm. *Derivi Construction & Architecture, Inc. v. Wong*, 118 Cal. App. 4th 1268, 1273 (2004). These holdings have been adopted by federal courts in the Ninth Circuit. *Andric v. California*, 55 F.Supp.2d 1056, 1064-68 (C.D. Cal. 1999). Moreover, it well-established in the Ninth Circuit and California that an "ethical wall" around an attorney who has been exposed to confidential information about a former client is a practical impossibility in a private law firm. *Id.*; *Adams v. Aerojet-General Corp.*, 86 Cal. App. 4th 1324 (2001); *Henricksen v. Great American Savings and Loan*, 11 Cal. App. 4th 109 (1992).

Oracle has instructed us to determine whether Mr. Rudman and/or your firm has violated an ethical rule, requiring his and Lerach Coughlin's disqualification from the *Oracle Corporation Securities Litigation*. As explained above, Mr. Rudman acquired confidential Oracle information during his representation of the company in the Delaware derivative litigation. Furthermore, Oracle has not consented to Mr. Rudman's representation of the purported shareholders in the pending securities litigation.

As part of its investigation into these serious issues, Oracle requests that you inform us promptly as to why, if at all, the Lerach Coughlin firm believes the foregoing circumstances do not give rise to a disqualifiable conflict of interest.

Please be advised that Oracle reserves all of its rights to seek any and all appropriate relief and that nothing contained in this letter should be construed as a waiver of any such rights.

We look forward to your prompt response.

Very truly yours,

Javier H. Rubinstein

cc: Alan N. Salpeter, Esq.
James C. Maroulis, Esq.