

**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
ShawnW@Lerachlaw.com

February 1, 2005

VIA FACSIMILE & U.S. MAIL

Javier H. Rubinstein, Esq.
Mayer Brown Rowe & Maw
190 South La Salle Street
Chicago, IL  60603-3441

Re:  *In re Oracle Corporation Securities Litigation*
     U.S.D.C. No. C-01-0988 MJJ

Dear Mr. Rubinstein:

This is in response to your letter of January 28, 2005 concerning Samuel Rudman, who joined our firm in June, 2004.

You assert that our firm may have a conflict of interest in its representation of the plaintiffs in the *In re Oracle Corporation Securities Litigation* based on Mr. Rudman's prior affiliation with the Cauley firm which represented plaintiffs in the now dismissed *Oracle Corporation Derivative Litigation*. Your assertion is incorrect.

Numerous cases hold that a lawyer's role as counsel for derivative plaintiffs is not in conflict with successive representation of plaintiffs in a federal securities action. You seem to have forgotten that we pointed out those authorities in our letter to you dated June 12, 2003, in response to yours of June 10, 2003, when you raised the same issue after Howard Coates left Cauley Geller to join our predecessor firm, Milberg Weiss. Copies of both letters are attached.

Moreover, when Mr. Rudman left the Cauley firm to join Lerach Coughlin, he immediately ceased representing the plaintiffs in the derivative case. The few cases that you rely on (*Stull*, *Hawk* and *Ruggiero*) found a conflict only when one firm tried to represent both state derivative plaintiffs and federal securities plaintiffs "at the same time," as you say in your letter. With Mr. Rudman's withdrawal from the derivative suit, there is no such simultaneous representation. Our firm represents only the federal plaintiffs.

In any event, this is not a situation where Mr. Rudman received confidential information from Oracle "by reason of the representation of the client or former client." Rule 3-310(E), California Rules of Professional Conduct. Mr. Rudman represented




LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS LLP

Javier H. Rubinstein, Esq.
February 1, 2005
Page 2

derivative shareholder plaintiffs, not Oracle. The only information Mr. Rudman received from Oracle came through discovery on behalf of the shareholder plaintiffs.

Further, as with Mr. Coates, no information Mr. Rudman received in discovery from the derivative action, confidential or otherwise, has been disclosed by Mr. Rudman to the Lerach firm's trial team in the federal suit. As with Mr. Coates, there has been no communication with Mr. Rudman by the federal trial team about the federal action. Like Mr. Coates, Mr. Rudman's office in New York is 3,000 miles from the firm's lawyers and files in the federal suit in San Francisco and San Diego. Indeed, one of the cases you cite recognizes that ethical walls are acceptable where there are such "physical, geographic and departmental separation of attorneys." *Henriksen v. Great American Sav. & Loan*, 11 Cal. App. 4th 109, 116 (1992); *accord In re County of Los Angeles*, 223 F.3d 990, 995-97 (9th Cir. 2000).

In short, given your acknowledgment by silence for the past 20 months that there was no conflict and no risk of disclosure of confidential information in Mr. Coates' joining Milberg Weiss, we trust that your questions concerning Mr. Rudman are likewise resolved because his situation in joining our firm is identical to that of Mr. Coates. There is no conflict of interest or risk of disclosure of confidential information.

Very truly yours,

Shawn A. Williams

SAW:rc

Enclosures

cc: Sanford Svetcov, Esq.
    Mark Solomon, Esq.

# Milberg Weiss Bershad Hynes & Lerach LLP

100 Pine Street, 26th Floor, San Francisco, CA 94111
(415) 288-4545  Fax: (415) 288-4534

www.milberg.com

New York
San Diego
Los Angeles
Boca Raton
Seattle

June 12, 2003

*Via Facsimile (312)706-8679*

Javier H. Rubinstein, Esq.
Mayer Brown Rowe & Maw
190 South La Salle Street
Chicago, IL  60603-3441

    Re:    <u>Nursing Home Pension Fund v. Oracle Corporation</u>
              Ninth Circuit No. 03-15883

Dear Mr. Rubinstein:

       This is in response to your letter of June 10, 2003 concerning Howard Coates who just joined our firm.

       I disagree with your assertion that Mr. Coates has switched sides or that his joining our firm presents a conflict of interest. In fact, Mr. Coates' role as counsel for derivative plaintiffs is not in conflict with the plaintiffs in the federal action at all. *See, e.g., Dollens v. Zionts*, Case No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966, at *10 n.3 (N.D. Ill. Dec. 4, 2001); *In re Dayco Corp. Derivative Sec. Litig.*, 102 F.R.D. 624, 630 (S.D. Ohio 1984); *In re Transocean Tender Offer Sec. Litig.*, 455 F. Supp. 999, 1014 (N.D. Ill. 1978); *Bertozzi v. King Louie International, Inc.*, 420 F. Supp. 1166, 1180 (D.R.I. 1976). Mr. Coates has not switched sides – because, as a practical matter, he has not been on the other side of the "v." Instead, Mr. Coates has pursued claims against the Oracle Corporation ("Oracle") executives (that Mayer Brown represents in both actions) arising from the same conduct alleged in the federal class action. *See generally Yamamoto v. Omiya*, 564 F.2d 1319, 1326 (9th Cir. 1997) (finding that a shareholder who alleges deceptive or misleading statements by the issuing corporation is entitled to bring both direct and derivative suits). Moreover, Oracle is separately represented by its in-house general counsel and the Simpson, Thacher, Bartlett law firm in the Delaware derivative action.

       In any event, no confidential information or indeed any information obtained by Mr. Coates through his participation in the Delaware derivative litigation has been disclosed to any member of plaintiffs' litigation team in the federal securities class action. To avoid even the appearance of a potential conflict, Milberg Weiss has created an "ethical wall" to ensure that Mr. Coates does not work on the federal class action, that no Milberg Weiss employee will communicate in any fashion with him about the federal action, and that he is barred from access to the federal class action case files which are clearly so tagged. The ethical wall also incorporates the protective order in the Delaware derivative action which prohibits Mr. Coates from disclosing any confidential information he obtained in that litigation.

Milberg Weiss Bershad Hynes & Lerach LLP

Javier H. Rubinstein, Esq.
June 12, 2003
Page 2

     No one on the federal class action litigation team has spoken to Mr. Coates. He will be physically located in the Boca Raton, Florida office, 3,000 miles from the lawyers handling the federal class action case. None of the litigation files in the federal class action case are circulated to or maintained in Boca Raton. None of the derivative case files were brought to Boca Raton by Mr. Coates.

     In sum, an ethical wall has been created, a protective order is in place and being observed, and there is no conflict of interest or any other basis for disqualifying our firm. Courts take a pragmatic approach to such issues because of the unfortunate reality that claims of conflict are often used for purely tactical purposes to harass the opposing party. *See, e.g., In re County of Los Angeles*, 223 F.3d 990, 994-96 (9th Cir. 2000) (held ethical wall barred disqualification). We trust that such concerns have been resolved here.

                            Very truly yours,

                            Sanford Svetcov

SS:tjl
cc:   Shawn Williams, Esq.
       Mark Solomon, Esq.

|  |
|---|
| MAYER |
| BROWN |
| ROWE |
| & M A W |

190 South La Salle Street
Chicago, Illinois 60603-3441

June 10, 2003

BY FACSIMILE

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Sanford Svetcov, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Javier H. Rubinstein
Direct Tel (312) 701-7781
Direct Fax (312) 706-8679
jrubinstein@mayerbrownrowe.com

Re: *In re Oracle Corporation Securities Litigation*

Dear Mr. Svetcov:

We recently have learned of a serious situation that requires immediate attention. We understand that Howard K. Coates, Jr. recently has joined Milberg Weiss Bershad Hynes & Lerach LLP. Prior to joining your firm, Mr. Coates was a named partner in the firm of Cauley, Geller, Bowman, Coates & Ridman LLP. While at the Cauley Firm, Mr. Coates served as counsel of record for the plaintiffs in *In re Oracle Corp. Derivative Litigation*, which is currently pending in the Court of Chancery in Delaware, and actively participated in the litigation, including the taking of depositions.

As counsel for derivative plaintiffs, Mr. Coates was and is required to act in Oracle's best interests. Mr. Coates also acquired confidential and other information about Oracle in his capacity as counsel for the derivative plaintiffs in Delaware, all of which is subject to a protective order entered by the Delaware Court.

As you know, in the *Oracle Corporation Securities Litigation*, the Milberg Weiss Firm has sued Oracle on behalf of purported shareholders. It is indisputable that the Securities Litigation and the Derivative Litigation pending in Delaware are substantially related. Among other things, both are based on allegations of misstatements concerning Oracle's financial performance during the Third Quarter of Oracle's Fiscal Year 2001. In fact, the Milberg Weiss Firm withdrew as counsel for plaintiffs in derivative actions in California and Delaware in 2001 after we raised the conflict of interest created by having Milberg Weiss seek to represent a class of shareholders against Oracle while simultaneously representing shareholders seeking to stand in Oracle's shoes as derivative plaintiffs in connection with a substantially related matter.

Oracle is deeply concerned to learn that Mr. Coates has now switched sides in substantially related litigation – a clear conflict of interest under the applicable rules of professional conduct. Oracle is now investigating the appropriate course of action in response to this conflict of interest. It is obvious that the switching of sides in substantially related litigation

Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles Manchester New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw is a U.S. General Partnership. We operate in combination with our associated English partnership in the offices listed above.

MAYER, BROWN, ROWE & MAW

Sanford Svetcov, Esq.
June 10, 2003
Page 2

constitutes a conflict of interest, potentially giving rise to Milberg Weiss' disqualification from the Securities Litigation.

As part of its investigation, Oracle requests that you inform us immediately the steps that have been taken to ensure that no confidential information disclosed in the Delaware litigation has been or will be disclosed. Please be advised that Oracle reserves all of its rights to seek any and all appropriate relief, and that nothing contained in this letter should be construed as a waiver of any such rights.

We look forward to your prompt response.

Very truly yours,

Javier H. Rubinstein

cc:  Alan N. Salpeter, Esq.
     Lauren G. Segal, Esq.