# Milberg Weiss Bershad Hynes & Lerach LLP

100 Pine Street, 26th Floor, San Francisco, CA 94111
(415) 288-4545  Fax: (415) 288-4534

www.milberg.com

New York
San Diego
Los Angeles
Boca Raton
Seattle

June 12, 2003

<u>Via Facsimile (312)706-8679</u>

Javier H. Rubinstein, Esq.
Mayer Brown Rowe & Maw
190 South La Salle Street
Chicago, IL  60603-3441

      Re:    <u>Nursing Home Pension Fund v. Oracle Corporation</u>
              Ninth Circuit No. 03-15883

Dear Mr. Rubinstein:

      This is in response to your letter of June 10, 2003 concerning Howard Coates who just joined our firm.

      I disagree with your assertion that Mr. Coates has switched sides or that his joining our firm presents a conflict of interest. In fact, Mr. Coates' role as counsel for derivative plaintiffs is not in conflict with the plaintiffs in the federal action at all. *See, e.g., Dollens v. Zionts*, Case No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966, at *10 n.3 (N.D. Ill. Dec. 4, 2001); *In re Dayco Corp. Derivative Sec. Litig.*, 102 F.R.D. 624, 630 (S.D. Ohio 1984); *In re Transocean Tender Offer Sec. Litig.*, 455 F. Supp. 999, 1014 (N.D. Ill. 1978); *Bertozzi v. King Louie International, Inc.*, 420 F. Supp. 1166, 1180 (D.R.I. 1976). Mr. Coates has not switched sides – because, as a practical matter, he has not been on the other side of the "v." Instead, Mr. Coates has pursued claims against the Oracle Corporation ("Oracle") executives (that Mayer Brown represents in both actions) arising from the same conduct alleged in the federal class action. *See generally Yamamoto v. Omiya*, 564 F.2d 1319, 1326 (9th Cir. 1997) (finding that a shareholder who alleges deceptive or misleading statements by the issuing corporation is entitled to bring both direct and derivative suits). Moreover, Oracle is separately represented by its in-house general counsel and the Simpson, Thacher, Bartlett law firm in the Delaware derivative action.

      In any event, no confidential information or indeed any information obtained by Mr. Coates through his participation in the Delaware derivative litigation has been disclosed to any member of plaintiffs' litigation team in the federal securities class action. To avoid even the appearance of a potential conflict, Milberg Weiss has created an "ethical wall" to ensure that Mr. Coates does not work on the federal class action, that no Milberg Weiss employee will communicate in any fashion with him about the federal action, and that he is barred from access to the federal class action case files which are clearly so tagged. The ethical wall also incorporates the protective order in the Delaware derivative action which prohibits Mr. Coates from disclosing any confidential information he obtained in that litigation.



Milberg Weiss Bershad Hynes & Lerach LLP

Javier H. Rubinstein, Esq.
June 12, 2003
Page 2

No one on the federal class action litigation team has spoken to Mr. Coates. He will be physically located in the Boca Raton, Florida office, 3,000 miles from the lawyers handling the federal class action case. None of the litigation files in the federal class action case are circulated to or maintained in Boca Raton. None of the derivative case files were brought to Boca Raton by Mr. Coates.

In sum, an ethical wall has been created, a protective order is in place and being observed, and there is no conflict of interest or any other basis for disqualifying our firm. Courts take a pragmatic approach to such issues because of the unfortunate reality that claims of conflict are often used for purely tactical purposes to harass the opposing party. *See, e.g., In re County of Los Angeles*, 223 F.3d 990, 994-96 (9th Cir. 2000) (held ethical wall barred disqualification). We trust that such concerns have been resolved here.

Very truly yours,

Sanford Svetcov

SS:tjl
cc:   Shawn Williams, Esq.
      Mark Solomon, Esq.