1  MAYER, BROWN, ROWE & MAW LLP
   Donald M. Falk (SBN 150256)
2  Lee H. Rubin (SBN 141331)
   John C. Kloosterman (SBN 182625)
3  Shirish Gupta (SBN 205584)
   Two Palo Alto Square, Suite 300
4  Palo Alto, California 94306
   Telephone:      (650) 331-2000
5  Facsimile:      (650) 331-2060
   lrubin@mayerbrownrowe.com
6
   MAYER, BROWN, ROWE & MAW LLP
7  Alan N. Salpeter (admitted *pro hac vice*)
   Javier Rubinstein (admitted *pro hac vice*)
8  Vincent P. Schmeltz III (admitted *pro hac vice*)
   190 South LaSalle Street
9  Chicago, IL  60603-3441
   Telephone:      (312) 782-0600
10 Facsimile:      (312) 701-7711
   jrubinstein@mayerbrownrowe.com
11
   Attorneys for Defendants ORACLE CORPORATION
12
   ORACLE CORPORATION
13 Dorian Daley (SBN 129049)
   James C. Maroulis (SBN 208316)
14 500 Oracle Parkway
   Mailstop 5OP7
15 Redwood Shores, California 94065
   Telephone:      (650) 506-5200
16 Facsimile:      (650) 506-7114
   jim.maroulis@oracle.com
17
   Attorneys for Defendant ORACLE CORPORATION
18
19                    UNITED STATES DISTRICT COURT

20     NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| 21  IN RE ORACLE CORPORATION<br>SECURITIES LITIGATION | Case No. C-01-0988-MJJ<br>(Consolidated) |
| 22 | |
| 23 | DECLARATION OF CAROL M.<br>LANGFORD IN SUPPORT OF THE<br>MOTION TO DISQUALIFY THE FIRM OF |
| 24 | LERACH, COUGHLIN, STOIA, GELLER,<br>RUDMAN & ROBBINS LLP |
| 25 | |
|  | **Judge Martin J. Jenkins** |
| 26 | |
| 27 | Hearing Date: March 22, 2005<br>Hearing Time:  9:30 a.m. |

28

## DECLARATION OF CAROL M. LANGFORD

I, Carol M. Langford, declare and state that:

1.     I am a member of the State Bar of California and have extensive academic and practical experience with legal ethics and the California Rules of Professional Conduct, which includes the following:  I am a past ethics consultant and advisor to the Judicial Council of California and current advisor to private attorneys and law firms in California.  Additionally, I am an Adjunct Professor in ethics at the University of California, Hastings College of the Law and the University of San Francisco School of Law.  From 2003 to 2005, I acted as Chair of the American Bar Association Ethics Committee of the Intellectual Property Section and formerly acted as Chair and Special Advisor to the State Bar Committee on Professional Responsibility and Conduct.  I am the co-author of two books on legal ethics:  a textbook entitled, *Legal Ethics in the Practice of Law*, Michie Company (2nd Ed. 2002) and *The Moral Compass of the American Lawyer*, Ballantine Book (1999).  Finally, I was a partner in the law firm of Carroll, Burdick & McDonough and an associate at O'Melveny & Myers and Pillsbury Madison & Sutro.  Attached hereto as Exhibit A is a copy of my most recent curriculum vitae.

2.     I was asked by Oracle Corporation, through its counsel, Mayer, Brown, Rowe & Maw LLP, to provide an opinion, based upon my experience as an expert in legal ethics and my specific experience with the California Rules of Professional Conduct, on whether Mr. Samuel Rudman's past representation on behalf of Oracle disqualifies his firm from now representing plaintiffs in a securities class action in the Northern District of California.

3.     In preparation for providing this opinion, I reviewed the following documents:  (1) Second Amended Complaint in the matter of *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751, Court of Chancery of the State of Delaware, New Castle County; (2) Revised Second Amended Complaint in the matter of *In re Oracle Corporation Securities Litigation*, Case No. C-01-0988 MJJ, United States District Court for the Northern District of California; (3) Opinion granting summary judgment in favor of individual defendants Lawrence J. Ellison and Jeffrey O. Henley in the matter of *In re Oracle Corp. Derivative*

DECLARATION OF CAROL M. LANGFORD IN SUPPORT OF MOTION TO DISQUALIFY
- CASE NO: C-01-0988-MJJ

1  *Litigation*, Consolidated C.A. No. 18751, Court of Chancery of the State of Delaware, New Castle

2  County; (4) correspondence dated January 28, 2005 and February 1, 2005 between Javier H.

3  Rubinstein at Mayer, Brown, Rowe & Maw and Shawn A. Williams of Lerach Coughlin Stoia

4  Geller Rudman & Robbins LLP; (5) Delaware Court of Chancery docket dated February 4, 2005 in

5  the matter of *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751, Court of

6  Chancery of the State of Delaware, New Castle County; (6) Case Management Order in the matter

7  of *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751, Court of Chancery of

8  the State of Delaware, New Castle County; (7) Declaration of Javier H. Rubinstein in support of

9  Motion to Disqualify; and (8) relevant California Rules of Professional Conduct and relevant case

10  law interpreting the Rules. *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751,

11  Court of Chancery of the State of Delaware, New Castle County;

12         4.     Based upon my review of these documents and information provided by

13  Oracle's counsel, my understanding of the facts is as follows:

14         (a)     Mr. Samuel H. Rudman, who has been designated Plaintiffs' Delaware

15  Liaison Counsel acting on behalf of Oracle in the matter of *In re Oracle Corp. Derivative*

16  *Litigation* in Delaware, merged his firm, as of August 1, 2004, with Lerach Coughlin Stoia &

17  Robbins to form a new firm, in which he also is a name partner, called Lerach Coughlin Stoia

18  Geller Rudman & Robbins ("Lerach Coughlin");

19         (b)     Mr. Rudman has not withdrawn from his role as Plaintiffs' Delaware Liaison

20  Counsel in the Delaware Chancery Court;

21         (c)     Lerach Coughlin is representing a class of plaintiffs in the matter of *In re*

22  *Oracle Corporation Securities Litigation* pending in the United States District Court for the

23  Northern District of California;

24         (d)     Both lawsuits arise out of the same facts involving Oracle's financial

25  performance during the third quarter of Oracle's fiscal year 2001 and allegations that inside

26  officers and directors misled shareholders and improperly traded in Oracle securities during this

27  time period;

28

**DECLARATION OF CAROL M. LANGFORD IN SUPPORT OF MOTION TO DISQUALIFY**
**CASE NO: C-01-0988-MJJ**

1    (e)    Mr. Rudman acquired confidential information during his representation of

2    Oracle in the Delaware derivative litigation, including information learned while participating in

3    highly confidential settlement discussions with Oracle.  Mr. Rudman also had access to  privileged

4    and confidential documents filed under seal in the Delaware Chancery Court, including the Report

5    of Oracle's Special Litigation Committee, confidential financial documents, and the work product

6    of other attorneys acting on behalf of Oracle.

7    (f)    Neither Mr. Rudman nor Lerach Coughlin provided notice to Oracle of the

8    merger of the two law firms nor sought Oracle's written consent to act adverse to Oracle in the

9    class action securities suit in the Northern District of California; and

10    (g)    Lerach Coughlin contends that Mr. Rudman has not disclosed any

11    confidential information he received in the Delaware action to anyone at Lerach Coughlin working

12    on the trial team in the federal suit.

13    5.    Having reviewed the documents and analyzed the facts under the California

14    Rules of Professional Conduct and the case law interpreting them, I believe the merger of Mr.

15    Rudman's law firm and Lerach Coughlin Stoia & Robbins created a fundamental conflict of

16    interest implicating Mr. Samuel Rudman's and, thus, his new firm's, duties of loyalty and

17    confidentiality to Oracle.

18    6.    I understand that generally a shareholder derivative action is brought on

19    behalf of and for the benefit of a corporation. *See, e.g., Hawk Industries v. Bausch & Lomb, Inc.,*

20    59 F.R.D. 619, 623-24 (S.D. NY 1973).  In a shareholder derivative action, if the claims are

21    successful, the corporation is the only party that stands to recover.  In a class action securities

22    lawsuit, on the other hand, certain shareholders during a specified time period are suing in their

23    own right.  If the claims are successful, plaintiffs who formerly were (and may no longer be)

24    shareholders will recover from the corporation. Recovery may also be in disparate amounts.

25    7.    As a preliminary matter, I believe Mr. Rudman owes fiduciary duties of

26    loyalty and confidentiality to Oracle.  In a letter dated February 1, 2005, Lerach Coughlin

27    responded to Oracle's concerns about the conflict of interest presented here by stating that "Mr.

28

3

1    Rudman represented derivative shareholders plaintiffs, not Oracle." This is incorrect. Mr.

2    Rudman is counsel in a derivative lawsuit. In a derivative action, a lawsuit is filed on behalf of and

3    for the benefit of a corporation to recover allegedly ill-gotten gains from inside officers and

4    directors of a corporation. In such a lawsuit, the cause of action belongs to the corporation, which

5    is the only party that will recover if the claims are successful and, thus, Mr. Rudman is representing

6    Oracle's interest. Accordingly, Mr. Rudman *is* representing Oracle in the derivative action.

7    Moreover, an attorney is in a fiduciary relationship with a client whose interests the attorney is

8    representing, *Lee v. State Bar,* 2 Cal. 3d 927, 939 (1970), and, thus, Mr. Rudman's fiduciary duties

9    of loyalty and confidentiality flow to Oracle. If these fiduciary duties did not flow to Oracle from

10   Mr. Rudman's representation, the derivative vehicle would not operate as it was intended – that is,

11   to be for the benefit of and on behalf of the corporation. By contrast, the Lerach Coughlin firm is

12   representing former shareholders in their own right in the federal securities class action.

13            8.       Because California Rule of Professional Conduct 3-310(C) prohibits counsel

14   from representing clients adverse to one another at the same time, Samuel Rudman cannot,

15   consistent with the California Rules, act on behalf of Oracle in a derivative suit in the Delaware

16   Chancery Court, while at the same time proceed adverse to Oracle in a shareholder securities class

17   action. There is a fundamental conflict of interest presented on these facts because if Mr. Rudman

18   zealously advocates on behalf of Oracle in the derivative action, and he is successful, Oracle will

19   stand to recover profits made by the individual officers and directors at the company. By contrast,

20   if Mr. Rudman or his firm zealously advocates on behalf of the plaintiffs in the federal securities

21   class action and the plaintiffs prevail there, Oracle will be required to pay money not only to some

22   current shareholders of Oracle, but also to individuals who were at one time, but no longer are,

23   shareholders of Oracle, which means less money for Oracle. As a result of these inherently

24   conflicting remedies, Mr. Rudman cannot maintain his duty of loyalty to Oracle while representing

25   the class of plaintiffs proceeding in the federal securities action.

26            9.       As the California Rules of Professional Conduct have been interpreted by

27   California courts, an individual attorney's conflict of interest is generally imputed to his entire law

28
**DECLARATION OF CAROL M. LANGFORD IN SUPPORT OF MOTION TO DISQUALIFY**
**CASE NO: C-01-0988-MJJ**

firm.   The California Rules of Professional Conduct serve not only to regulate behavior of individual members of the bar, but also to inspire confidence in the legal profession in the public. As a matter of public policy, it is very important for the public to understand that lawyers and law firms as a whole take these fiduciary duties seriously.  If the rule disqualifying an attorney did not also vicariously disqualify his law firm, this public trust would be eroded.  They would have to rely on the statement of Mr. Rudman -- a man with self-interest -- that no confidences were imparted. As a result, I believe that imputation is appropriate in this case and consistent with current California law.   If Mr. Rudman could not, consistent with his duty of loyalty, concurrently represent Oracle in both the derivative action and the federal securities class action, neither can any member of Lerach Coughlin Stoia Geller Rudman & Robbins.

10.     California Rule of Professional Conduct 3-310(E) precludes attorneys from representing clients with interests adverse to a former client in a case that is substantially related. This rule emanates from the fundamental duties of confidentiality and loyalty that attorneys owe to their clients, even former ones.   The rule developed because this duty is near impossible to maintain if the same attorney represented one side in a matter and then switched sides to represent another party adverse to the former client in a matter where the factual and legal issues are very similar.  The rule also developed to inspire public confidence in lawyers and the judicial process. The public simply will not have faith in the legal system if they believe lawyers can, armed with information obtained only by nature of the fiduciary relationship, switch sides.  In California, there is a presumption that the attorney has confidential knowledge from the former representation where the cases are substantially related.

11.     From my review of the documents and having analyzed the facts in preparing to render this opinion, I do not believe Mr. Rudman adequately can maintain his duty of confidentiality to Oracle if he switches sides and proceeds against Oracle in a case with very similar facts and legal issues.  Having read the Second Amended Complaints in both actions, it appears to me that the facts and predominant legal issues in the Delaware derivative lawsuit are almost exactly the same as the facts and legal issues presented in the federal securities class action.

5

DECLARATION OF CAROL M. LANGFORD IN SUPPORT OF MOTION TO DISQUALIFY
CASE NO: C-01-0988-MJJ

1    In my opinion, it would be impossible for Mr. Rudman to erase from his mind any confidential

2    information he gained in his role as counsel acting on behalf of Oracle in Delaware. Thus, I

3    believe the presumption under California law that Mr. Rudman has knowledge of confidential

4    information is appropriate in this situation.

5          12.    If Mr. Rudman could not, consistent with his duty of confidentiality,

6    represent Oracle in the federal securities class action having formerly acted on behalf of Oracle in

7    the Delaware derivative action, under California's rules of imputation, neither can any member of

8    Lerach Coughlin Stoia Geller Rudman & Robbins.

9          13.    On the facts presented in this case, it is my opinion that the lawyers at Lerach

10   Coughlin have implicitly acknowledged that Mr. Rudman has an ethical conflict in this situation, as

11   demonstrated by the fact that they advised counsel for Oracle that Mr. Rudman has not disclosed

12   any information he received in discovery from the derivative action, confidential or otherwise, to

13   anyone working on the Lerach firm's trial team in the federal action.

14         14.    Finally, from my academic training, professional experience, and review of the

15   relevant case law, I know that California does not permit ethical screens to wall off attorneys in

16   private law firms from other colleagues who have confidential information about clients of the firm

17   now being represented on a very similar adverse matter, particularly where there is no consent from

18   the client who will be harmed. Again, I believe the current state of the law reflects California's

19   interest, not only in regulating the conduct of members practicing in the state, but also in inspiring

20   confidence in the judicial process.

21

22         I declare under penalty of perjury under the laws of the United States of America that the

23   above is true and correct and that this Declaration was executed on February _14_, 2005 in Walnut

24   Creek, California.

25

26

27   _____
                              Carol M. Langford

28                            6
               DECLARATION OF CAROL M. LANGFORD IN SUPPORT OF MOTION TO DISQUALIFY
                                                          CASE NO: C-01-0988-MJJ