

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Lee H. Rubin**
Direct Tel (650) 331-2037
Direct Fax (650) 331-4537
lrubin@mayerbrownrowe.com

February 22, 2005

**VIA FACSIMILE**

Magistrate Judge Joseph C. Spero
United States District Court for
 the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Oracle Securities Litigation*
      No. C-01-0988 MCC (JCS)

Dear Magistrate Spero:

Pursuant to your order of February 8, 2005 ("Order"), this letter sets forth Defendants' Final Proposed Discovery Plan ("Defendants' Plan"). The parties have also prepared a joint letter brief which describes in detail those aspects of a discovery plan that have been agreed upon and those that remain unresolved.

## I. Issues for Resolution

### A. Plaintiffs' Responses to Discovery Requests

**Confidential Witnesses.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005. The Parties will enter into a mutually agreed upon Stipulation by March 15, 2005, and Plaintiffs will provide the CWs' names and numbers by March 18, 2005. Defendants have attached a copy of the stipulation in *In re Northpoint Communications* as Attachment A, which, as outlined in the Joint Letter Brief, may serve as a model for at least a portion of the Parties' stipulation.

**Contention Interrogatories.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005. Plaintiffs will provide responses to Defendants so-called contention interrogatories (Second Set, Interrogatory Nos. 5-7, 9-15) by April 15, 2005.

**Refusal to Respond to Discovery About Witnesses in 26(a) Disclosures.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005. Plaintiffs will respond to this interrogatory by March 14, 2005.

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Magistrate Judge Spero
February 22, 2005
Page 2

**Documents from Confidential Witnesses.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005. Plaintiffs will produce responsive documents, properly identified, by March 21, 2005.

B.   **Defendants' Responses to Discovery Requests**

**Speakers Limitation.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005. Defendants have agreed to produce information from the files of the Oracle employees with responsibility for sales, product development, and forecasting.[1] Defendants selected this group of employees beginning with those who the RSAC alleges have made false statements about either Suite 11i or Oracle's revenue and income forecasts: Lawrence Ellison, Jeffrey Henley, Edward Sanderson, Jennifer Glass, and Stephanie Aas. Defendants have agreed to produce information from these employees' files and from those of their direct reports. To this group, Defendants have added the department responsible for preparing Oracle's corporate forecast, which gathers and distills all information regarding company-wide sales. Upon a specific showing of need or relevance, Defendants would produce information from the files of additional Oracle employees.

**Scope of Discovery.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005. Defendants have proposed producing two categories of information. In the first category, Defendants will produce: all three release versions of Oracle's Suite 11i software so that Plaintiffs may examine the software itself; high level design documents for the 11i Suite; and bug reports that specifically refer to integration or interoperability. In the second category, Defendants will produce documents within the files of the group of current and former employees whose files are most likely to contain discoverable information, as outlined above, that refer to lost or deferred sales of any Oracle product, including Suite 11i, during 3Q01, as well as any material expenditures involving Suite 11i or other Oracle products—such as refunds, rebates or remediation.

**Third Party Subpoenas.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005.

(a) **Customers.** Plaintiffs are to propound five requests, with Defendants' agreement, to third-party customers. Defendants have agreed to allow subpoenas to 30 third-party customers. Subject to these agreements and to the other limitations on discovery that Defendants have proposed, Defendants will produce documents relating to the same third-party customers.

(b) **Accountants.** Plaintiffs are entitled to accounting work papers from Arthur Andersen and Ernst & Young, insofar as they relate to the debit memo cleanup alleged in the RSAC to have occurred in November 2001. Plaintiffs are also entitled to documents

---

[1] Defendants have included a copy of the names of the Oracle employees from whose files they intend to produce responsive information as Attachment B.

Magistrate Judge Spero
February 22, 2005
Page 3

relating to tax advisory services provided to the Defendants by either AA or E&Y, provided that such documents are accorded "Highly Confidential—Attorneys' Eyes Only" treatment.

**Document Sources.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005. For all document productions made from February 22, 2005, forward, Defendants will identify the source of the documents (*i.e.*, the person from whom they were obtained) they produce to Plaintiffs.

**Accounting Claims.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005.

By March 21, 2005, Defendants will produce:

- Those generated as a result of the alleged "On Account Cleanup" in November 2000;

- The 46,000 allegedly false debit memos, including historical records of those debit memos and all 46,000 allegedly false debit memos as they exist today;

- The accounting treatment for these 46,000 debit memos, including any instances in which a debit memo was posted to the general ledger;

- Those relating to the decision to perform the "On Account Cleanup," including any analysis of why the cleanup was necessary in light of Oracle's internal conversion to Suite 11i.

**Time Frame.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005.

Defendants will produce information from June 1, 2000 through April 2001, as well as documents created after that time that refer to events or conduct from that time period.

**Metadata.** For Defendants' position on this issue, see the Joint Letter Brief submitted by the parties on February 22, 2005.

Defendants will produce spreadsheets in electronic format, provided the parties can reach an agreement on locking and protecting spreadsheets to prevent alteration or manipulation of formulas. Furthermore, Defendants will produce e-mails on an on-going basis in a searchable, electronic format that captures commonly understood "metadata," such as sender, recipient, blind and carbon copies, date sent, e-mail box from whom the document is produced, and information regarding whether the e-mail was forwarded or responded to. Outside of this limited realm of metadata for e-mails, Oracle will not produce metadata to Plaintiffs.

Magistrate Judge Spero
February 22, 2005
Page 4

In addition, during the parties' most recent meet and confer, Plaintiffs offered to defray half of the cost for producing any e-mail that is inaccessible—for example, e-mail that is stored on a backup tape that would need to be restored, allowing e-mails to be populated onto a server, reviewed, and ultimately produced. Defendants have not determined whether or not they will need to search backup tapes for responsive information. In the event such searching is necessary, Defendants are willing to agree, in principle, to splitting the costs of any effort with the Plaintiffs.

## II.     Discovery Timetable

In order to create an orderly and efficient discovery process, Defendants propose the following timetable for conducting and completing key stages of discovery:

**Class Certification Discovery.**

The parties will in good faith attempt to resolve all class certification discovery objections by Monday, March 4, 2005. Plaintiffs will be required to produce responsive documents by Monday, March 7, 2005. Depositions of Lead Plaintiffs will take place between March 21 and April 15, 2005. Defendants' brief in opposition to the motion for class certification will be due on May 16, 2005 and Plaintiffs' reply will be due on June 13, 2005. Oral argument will be held in July 2005 or at the Court's earliest convenience thereafter. Defendants are prepared to stipulate to the proposed modification in the class certification briefing schedule. ***The parties agreed to these dates, and Plaintiffs have made it clear that they will not oppose Defendants' request to alter the Court's current class certification schedule to make it consistent with this discovery proposal.***

**Initial Round of Document Discovery.** Defendants already have produced more than 45,000 of pages of documents. Defendants will make a rolling production of documents and will complete their initial production of responsive documents by March 21, 2005. Although Defendants will likely produce additional documents after March 21, based on further review and investigation in the case, this initial production will likely constitute the vast majority of responsive documents. Plaintiffs will produce responsive non-class certification documents by March 21, 2005.

**Initial 30(b)(6) Depositions.** Rule 30(b)(6) depositions that have been noticed by Plaintiffs (on accounting, forecasting, and Oracle's electronic systems) will take place in March 2005.

**Fact Discovery.** Between April 22, 2005 and February 24, 2006, the parties will engage in additional fact discovery, including written discovery and depositions. Defendants presently intend to depose the 49 Confidential Witnesses referenced in the RSAC.

Magistrate Judge Spero
February 22, 2005
Page 5

**Expert Discovery.** The parties will exchange any affirmative expert reports on March 3 2006 and any rebuttal reports on April 3, 2006. The parties will complete expert discovery by May 22, 2006.

Sincerely,

Lee H. Rubin by VPS

cc      Vincent Paul Schmeltz III
        James C. Maroulis

# Attachment A

ORIGINAL

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
PATRICK J. COUGHLIN (111070)
REED R. KATHREIN (139304)
LESLEY E. WEAVER (191305)
SYLVIA WAHBA (197612)
JASON T. BAKER (212380)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
  - and -
WILLIAM S. LERACH (68581)
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

RECEIVED
MAY -7 PM 3: 2
RICHARD W. WIEKING
U.S. DISTRICT COURT
OF CALIFORNIA

MAY 15 2003

FILED
2003 MAY 13 PM 1:34
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NORTHPOINT COMMUNICATIONS GROUP, INC. SECURITIES LITIGATION. | Master File No. C-01-1473-WHA<br><br>CLASS ACTION<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION CONTAINED IN CONFIDENTIAL WITNESS LIST |
| This Document Relates To:<br><br>ALL ACTIONS. | |

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER GOVERNING THE CONFIDENTIALITY OF
INFORMATION CONTAINED IN
CONFIDENTIAL WITNESS LIST

C:\Documents and Settings\User\Local
Settings\Temp\gwprint\PALIB1_2254228_1 (7).DOC

Plaintiff and defendants stipulate as follows:

1. The purpose of this Order is to protect the privacy of the confidential witnesses ("CWs") identified to defendants in the Confidential Witness List produced by plaintiffs and prevent them from annoyance, embarrassment, oppression, undue burden or expense, harassment, intimidation, or retaliation.

2. Defendants and their counsel are prohibited from initiating contact, in the first instance, either directly or indirectly, with the CWs disclosed in the Confidential Witness List.

3. Pending the entry of this Order, counsel for defendants shall not disclose the identities of the CWs to anyone who is not an attorney, employee or agent of any of the law firms representing the defendants, except that counsel for defendants may disclose the identities of the CWs to defendants Elizabeth Fetter and Michael Glinsky, who may be given access to such information upon signing an Undertaking in the form of Exhibit A hereto stating that he or she has read this Protective Order, understands its provisions and agrees to be bound by its terms. After entry of this Order, counsel for defendants may disclose the identities of the CWs and other information contained in the Confidential Witness List to defendants and their counsel in this action, and counsel's employees or agents, including experts or consultants retained by defendants in this case, on an as needed and confidential basis and subject to execution by any such individuals of an Undertaking in the form of Exhibit A hereto. The identities of the CWs and other information contained in the Confidential Witness List may be used for purposes of this litigation, but not for any other purpose.

4. The following procedures shall apply in the event that counsel for defendants wish to disclose the identity of a CW or any other information contained in the Confidential Witness List to anyone not expressly permitted by paragraph 3, *supra*:

    (a) The party seeking to reveal the identity of a CW or any other information contained in the Confidential Witness List shall, prior to disclosure, (i) provide to plaintiffs' counsel the name of the person to whom such party desires to disclose such information and (ii) obtain from such person a signed Undertaking in the form attached hereto as Exhibit A. Counsel

STIPULATION AND [PROPOSED] PROTECTIVE                    1
ORDER GOVERNING THE CONFIDENTIALITY OF

Case 3:01-cv-00988-SI   Document 233-2   Filed 02/23/05   Page 9 of 16

Feb-03-05   04:23pm   From-                                       T-252   P.012/017   F-165

FROM LATHAM & WATKINS SV                    (WED) 5. 7'03 12:33/...12:32/NO. 4861363416 P 2
May-06-2003 05:02am  From-                                         T-460  P.005/008  F-312

1  shall maintain a complete record of every original signed Undertaking obtained from any person
2  pursuant to this paragraph and paragraph 3, *supra*.
3          (b)   Within ten (10) days of receipt of the information described in
4  subparagraph (a), plaintiffs' counsel may object, in writing, to disclosure of the identity of a CW
5  or other information contained in the Confidential Witness List. Failure to object in writing
6  within ten (10) days of the proposed disclosure shall be deemed a consent to such disclosure.
7          (c)   If an objection to the disclosure of the identity of a CW is not resolved
8  within ten (10) days of service of the written notice of objection described in subparagraph (b),
9  plaintiffs' counsel shall file a motion with respect to such objection within twenty (20) days of
10  service of the notice of objection.
11      5.   All documents that identify the CWs shall be filed under seal, consistent with the
12  procedure set forth in the Civil Local Rules and the Order Approving Stipulated Protective Order
13  Subject to Stated Conditions, dated September 9, 2002. Similarly, all portions of depositions,
14  hearings or other testimony that refers to CW identities shall be sealed.
15      6.   The disclosure of the identity of a CW or of any other information contained in
16  the Confidential Witness List in a manner that is deemed by the Court to be inconsistent with this
17  Order may be deemed contempt of Court.
18      7.   The Court will retain jurisdiction over the enforcement of this Order following
19  entry of final judgment in this action.
20      It is so agreed.
21  DATED: May 7, 2003         LATHAM & WATKINS
22                             JAY POMERANTZ, ESQ.
                               KEVIN METZ, ESQ.
23
24
25                             _____
                                     KEVIN METZ
26
27                             135 Commonwealth Drive
                               Menlo Park, CA 94025
28                             Telephone: 650/328-4600

STIPULATION AND [PROPOSED] PROTECTIVE                    2

```
05/07/2003 13:59 FAX                                          T-435  P.006/008  F-357
Apr-30-2003 08:57pm  From-
```

| | |
|---|---|
| 1 | 650/463-2600 (fax) |
| 2 | |
| 3 | DATED: _____  WILSON SONSINI GOODRICH & ROSATI |
|   | ELLEN EHRENPREIS, ESQ. |
| 4 | |
| 5 | |
| 6 | _____ |
|   | ELLEN EHRENPREIS |
| 7 | 650 Page Mill Road |
|   | Palo Alto, CA 94304-1050 |
| 8 | Telephone: 650/493-9300 |
| 9 | 650/565-5100 (fax) |
| 10 | DATED: _____  CADWALADER, WICKERSHAM & TAFT |
|    | DENNIS J. BLOCK, ESQ. |
| 11 | JASON HALPER, ESQ. |
| 12 | LAMBRINA MATHEWS, ESQ. |
| 13 | |
| 14 | |
| 15 | _____ |
|    | LAMBRINA MATHEWS |
| 16 | 100 Maiden Lane |
|    | New York, NY 10038 |
| 17 | Telephone: 212/504-6000 |
|    | 212/504-6666 (fax) |
| 18 | DATED: _____  MILBERG WEISS BERSHAD HYNES |
| 19 | & LERACH |
|    | PATRICK J. COUGHLIN |
| 20 | REED R. KATHREIN |
|    | LESLEY E. WEAVER |
| 21 | SYLVIA WAHBA |
|    | JASON T. BAKER |
| 22 | |
| 23 | |
| 24 | _____ |
|    | REED R. KATHREIN |
| 25 | |
| 26 | 100 Pine Street, Suite 2600 |
|    | San Francisco, CA 94111 |
| 27 | Telephone: 415/288-4545 |
|    | 415/288-4534 (fax) |
| 28 | |

STIPULATION AND [PROPOSED] PROTECTIVE                  - 3 -
ORDER GOVERNING THE CONFIDENTIALITY OF
WITNESS IDENTITIES



May. 6. 2003 3:45PM   WILSON SONSINI                                 No.3723   P. 2

| | |
|---|---|
| 1 | 650/463-2600 (fax) |
| 2 | |
| 3 | DATED: 6/6/03     WILSON SONSINI GOODRICH & ROSATI |
|   | ELLEN EHRENPREIS, ESQ. |
| 4 | |
| 5 | |
| 6 | _____ |
|   | ELLEN EHRENPREIS |
| 7 | 650 Page Mill Road |
| 8 | Palo Alto, CA 94304-1050 |
|   | Telephone: 650/493-9300 |
| 9 | 650/565-5100 (fax) |
| 10 | DATED: _____     CADWALADER, WICKERSHAM & TAFT |
|    | DENNIS J. BLOCK, ESQ. |
| 11 | JASON HALPER, ESQ. |
| 12 | LAMBRINA MATHEWS, ESQ. |
| 13 | |
| 14 | _____ |
| 15 | LAMBRINA MATHEWS |
| 16 | 100 Maiden Lane |
|    | New York, NY 10038 |
| 17 | Telephone: 212/504-6000 |
|    | 212/504-6666 (fax) |
| 18 | DATED: _____     MILBERG WEISS BERSHAD HYNES |
| 19 | & LERACH |
|    | PATRICK J. COUGHLIN |
| 20 | REED R. KATHREIN |
|    | LESLEY E. WEAVER |
| 21 | SYLVIA WAHBA |
|    | JASON T. BAKER |
| 22 | |
| 23 | |
| 24 | _____ |
| 25 | REED R. KATHREIN |
| 26 | 100 Pine Street, Suite 2600 |
|    | San Francisco, CA 94111 |
| 27 | Telephone: 415/288-4545 |
|    | 415/288-4534 (fax) |
| 28 | |

STIPULATION AND [PROPOSED] PROTECTIVE       3
ORDER GOVERNING THE CONFIDENTIALITY OF
WITNESS IDENTITIES
MASTER FILE No. C-01-1473-WHA

```
 1    MILBERG WEISS BERSHAD HYNES
      & LERACH
 2    WILLIAM S. LERACH
      401 B Street, Suite 1700
 3    San Diego, CA 92101
      Telephone: 619/231-1058
 4    619/231-7423 (fax)

 5    Lead Counsel for Plaintiffs

 6    Good cause existing therefore, it is so ordered.

 7            5/12/03                        U A-r
 8    DATED:_____    _____
                                       WILLIAM ALSUP
 9                                     UNITED STATES DISTRICT JUDGE
```

STIPULATION AND [PROPOSED] PROTECTIVE                    4
ORDER GOVERNING THE CONFIDENTIALITY OF

# EXHIBIT A

1. I, _____, hereby acknowledge that I have read the Stipulation and [Proposed] Protective Order Governing the Confidentiality of Witness Identities ("Order") that was entered by the Court on _____ in *In re NorthPoint Communications Groups, Inc. Securities Litigation*, Master File No. C-01-1473-WHA, United States District Court, Northern District of California. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I fully understand that any disclosure of the identities of the confidential witnesses to anyone other than those individuals expressly permitted by the Order will be deemed contempt of Court and punishable before this Court. I hereby agree to abide by the obligation and conditions of the Order.

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER GOVERNING THE CONFIDENTIALITY OF                    5
WITNESS IDENTITIES

# Attachment B

| MAYER |
|-------|
| BROWN |
| ROWE |
| & MAW |

February 18, 2005

**VIA FACSIMILE**

Shawn A. Williams
Lerach Coughlin Stoia Geller
 Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Vincent Paul (Trace) Schmeltz III
Direct Tel (312) 701-8531
Direct Fax (312) 706-8146
tschmeltz@mayerbrownrowe.com

Re:  In re Oracle Corporation Securities Litigation

Dear Shawn:

This letter provides a revised list of Oracle's United States employees that report to the "Speakers" and Jennifer Minton as part of Defendants' "Speaker" objection (originally set forth in my February 1, 2005).

As in my original letter, the Speakers and Ms. Minton are listed in bold, along with their direct reports, and the titles of each identified individual during the relevant timeframe.

**Lawrence J. Ellison**, Chairman and CEO

Mr. Ellison's direct reports were Carolyn Balkenhol, Executive Admin. Assistant; George Roberts, EVP, NAS; Edward J. Sanderson, EVP, OPI & Latin America; Jay Nussbaum, EVP, OSI; Ron Wohl, EVP, Applications; Mark Barrenechea, SVP, CRM Applications; Chuck Rozwat, EVP, Database Server; Sohaib Abbasi, SVP, Tools; Jeff Henley, CFO & EVP; Safra Catz, EVP; Mark Jarvis, SVP & Chief Marketing Officer.

**Jeffrey O. Henley**, Chief Financial Officer and EVP

Mr. Henley's direct reports were Stephanie Aas, Director Investor Relations; Bruce M. Lange, SVP, Treasury; Deborah A. Lange, SVP, Tax; Mathew Mayerson, VP, Manufacturing & Distribution; Kate L. McGee, VP, Corporate Affairs; Jennifer L. Minton, SVP, Corporate Controller; Sharon Montoya Bretz, Executive Admin. Assistant; Anil Vora, VP, Oracle Financing Division.[1]

---

[1]  As stated in my February 1, 2005 letter, we do not intend to produce documents from the following direct reports of Mr. Henley: Daniel Cooperman, Senior Vice President, General Counsel and Secretary; and Joyce E. Westerdahl, Senior Vice President, Human Resources.

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Shawn A. Williams
February 18, 2005
Page 2

**Edward J. Sanderson**, EVP, OPI & Latin America

    Mr. Sanderson's direct reports were Keith G. Block, SVP; Richard P. Blotner, business Planning VP-Ops; Valerie A. Borthwick, SVP; Jay Carter, Regional Manager III; Michael P. DeCesare, Area VP IV; Sebastian J. Gunningham, SVP, Latin America; Susan Margaret Marks, Executive Admin. Assistant; Steve McLaughlin, Area VP II; Mark A. Salser, SVP, Emerging Business & Technology; Shari A. Simon, SVP, New Markets; Thomas Thimot, Area VP and Frank Varasano, EVP.

**Stephanie Aas**, Director Investor Relations

    Ms. Aas' direct reports were Jenn Bicho, Investor Relations Coordinator; Joelle Teresa Fitzgerald, Investor Relations Manger; Mary Ann Riles, Investor Relations Program Manager.

**Jennifer Glass**, VP, Corporate Finance

    Ms. Glass' direct reports were Stacey Torman, Director of Corporate Public Relations and Letty Ledbetter, Director of Corporate Public Relations.

**Jennifer L. Minton**, SVP, Corporate Controller

    Ms. Minton's direct reports were Jim English, VP, Finance; Christian Facey, Senior Finance Director; Larry Garnick, VP & Assistant Corporate Controller; Sarah J. Kopp, Senior Finance Director, OSI; Annica Magnusson, VP, Internal Audit; Cheryl Jean McDowell, Latin America VP, Finance and Administration; Estele Oloresisimo, Executive Admin. Assistant; Judi Allen, Executive Admin. Assistant; Daniel N. Sharpley, VP, Finance; Thomas A. Williams, VP, Finance Operations, David Noel Winton, Senior Finance Director.

Very truly yours,

*Vincent P. Schmeltz III*
Vincent Paul (Trace) Schmeltz III

cc    Willow E. Radcliffe
       Lee H. Rubin
       James C. Maroulis