1    LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2    WILLIAM S. LERACH (68581)
      MARK SOLOMON (151949)
3    DOUGLAS R. BRITTON (188769)
      401 B Street, Suite 1600
4    San Diego, CA  92101
      Telephone: 619/231-1058
5    619/231-7423 (fax)
      – and –
6    SHAWN A. WILLIAMS (213113)
      WILLOW E. RADCLIFFE (200087)
7    ELI R. GREENSTEIN (217945)
      JENNIE LEE ANDERSON (203586)
8    MONIQUE C. WINKLER (213031)
      100 Pine Street, Suite 2600
9    San Francisco, CA  94111
      Telephone: 415/288-4545
10    415/288-4534 (fax)

11    Lead Counsel for Plaintiffs

12                UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15   In re ORACLE CORPORATION<br>     SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| 16 | CLASS ACTION |
| 17   This Document Relates To: | NOTICE OF MOTION AND MOTION FOR<br>LEAVE TO WITHDRAW PLAINTIFF |
| 18       ALL ACTIONS. | UFCW LOCAL 56 RETAIL MEAT<br>PENSION FUND AS A NAMED PLAINTIFF |
| 19 | AND AS A LEAD PLAINTIFF AND FOR A<br>PROTECTIVE ORDER PRECLUDING |
| 20 | FURTHER DISCOVERY OF SAID<br>PLAINTIFF BY DEFENDANTS |
| 21 | |
| 22 | DATE:  April 19, 2005<br>TIME:  9:30 a.m.<br>CTRM:  11 |

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2
**Page**

3   I.     Statement of Facts..................................................................................................................2

4   II.    Granting Leave to Withdraw Is Just and Appropriate .........................................................3

5   III.   The Court Should Preclude Defendants from Taking Discovery of the Local 56
         Fund Once It Becomes an Absent Class Member ...............................................................5

6
    IV.    Conclusion ..........................................................................................................................5
7
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on April 19, 2005, at 9:30 a.m., in Courtroom 11 of the United States District Court, Northern District of California, before the Honorable Martin J. Jenkins, plaintiff United Food and Commercial Workers Local 56 Retail Meat Pension Fund ("Local 56 Fund"), by counsel, will and hereby does move, pursuant to Local Rule 7.1 and Rule 21 of the Federal Rules of Civil Procedure, for leave to withdraw as a named plaintiff and as a Lead Plaintiff for the putative class. Plaintiffs also request that if this motion is granted, that this Court issue a Protective Order relieving the Local 56 Fund from any obligation to answer pending discovery requests submitted by defendants.

This motion is made on the grounds that: (1) in May 2001, the Local 56 Fund authorized counsel to file a complaint in this matter and seek lead counsel status; (2) in 2004, while the case was on appeal to the Ninth Circuit, the Local 56 Fund received all new union-side trustees, a new Fund Administrator and a new union-side counsel; (3) since May 2001, there has been a complete turnover of all employer-side trustees; (4) the trustees have now determined that they do not want the responsibilities of being a class representative in this or other class actions; (5) counsel has also received instructions from a companion health and welfare fund to withdraw it from two class actions that the welfare fund has brought; (6) the putative class will suffer no prejudice as there are three other plaintiff investors in the lead plaintiff group ready, willing and able to continue to act as Lead Plaintiff to litigate this case; (7) defendants are not prejudiced insofar as their efforts to date are not wasted as they must defend this case as against the other named plaintiffs; (8) there is no counterclaim pending against the Local 56 Fund; and (9) if the Local 56 Fund is allowed to withdraw, there is no valid basis for allowing probing and vexatious discovery against someone who will only be an absent putative class member; the Local 56 Fund has no information relating to the misconduct alleged to have been committed by the defendants.

This motion is without prejudice to the rights of the Local 56 Fund as a member of the putative class.

1    This motion is based on this notice, the Memorandum of Points and Authorities, the

2  Declarations of John N. Calleri and Theodore M. Lieverman, as well as the records contained in the

3  Court's file in this matter and such further evidence as may be presented prior to or at the time of the

4  hearing.

5                          **MEMORANDUM OF POINTS AND AUTHORITIES**

6  **I.      Statement of Facts**

7    The Local 56 Fund is an employee pension fund based in Pennsauken, New Jersey. In May

8  2001, Geraldine Strausser, then the Assistant Fund Administrator, signed the Certification on behalf

9  of the Fund authorizing counsel to bring an action against the defendants herein. *See* Declaration of

10 Theodore M. Lieverman ("Lieverman Decl."), ¶¶3-4. On May 8, 2001, counsel filed the motion for

11 appointment of the Local 56 Fund and three other investors as Lead Plaintiff. By Order dated

12 June 20, 2001, the Court granted the motion appointing the investor group that included the Local 56

13 Fund as Lead Plaintiff.

14    Since the filing of the original complaint, defendants have filed three motions to dismiss, all

15 of which were granted by the Court. On April 23, 2003, plaintiffs filed a notice of appeal to the

16 United States Court of Appeals for the Ninth Circuit. On September 1, 2004, the Ninth Circuit

17 issued its decision and order, reversing the order dismissing Plaintiffs' Revised Second Amended

18 Complaint for Violations of the Federal Securities Laws ("Complaint") and remanding for further

19 proceedings.

20    On December 21, 2004, plaintiff's counsel received requests for production of documents

21 addressed to all plaintiffs, including the Local 56 Fund, and on December 22, 2004, plaintiffs'

22 counsel received the various interrogatories. On January 20, 2005 and January 21, 2005, the Local

23 56 Fund submitted its objections to the requested discovery.

24    Since the Local 56 Fund signed the Certification in May 2001, which authorized this

25 litigation, there has been a complete changeover in leadership of the Local 56 Fund. All of the

26 current trustees, both union-appointed and employer-appointed, are new since 2001. The Fund

27 Administrator is new. The union-side counsel to the Fund is also new. In January 2005, the trustees

28 consulted with their union-side and management-side counsel and decided that they did not want to

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW PLAINTIFF UFCW LOCAL 56
RETAIL MEAT PENSION FUND AS A NAMED PLAINTIFF - C-01-0988-MJJ                    - 2 -

1   continue as a named plaintiff or as a class representative in this or any other class action. They

2   instructed counsel to have the Local 56 Fund withdrawn as a named plaintiff and Lead Plaintiff. *See*

3   Declaration of John N. Calleri. The trustees for the companion health and welfare fund (United

4   Food and Commercial Workers Local 56 Health & Welfare Fund) have also instructed counsel to

5   withdraw it as a plaintiff from other class actions challenging prices of pharmaceutical products. *See*

6   Lieverman Decl., ¶¶6, 8.

7        The Local 56 Fund agreed to be part of the plaintiff investor group represented by Milberg

8   Weiss Bershad Hynes & Lerach LLP (now Lerach Coughlin Stoia Geller Rudman & Robbins LLP).

9   The Fund's class action counsel, the firm of Spector, Roseman & Kodroff, have regularly

10  communicated with the Fund Administrator and regular Fund counsel, informing the Fund of the

11  progress in this case. *Id.*, ¶5. Counsel did not learn of the substantial changes in the leadership in

12  the Fund until late November 2004. *See id.*, ¶7.

13  **II.    Granting Leave to Withdraw Is Just and Appropriate**

14       Granting the withdrawal of the Local 56 Fund under the facts and circumstances presented is

15  just and appropriate. Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part,

16  that:

17          Parties may be dropped or added by order of the court on motion of any party or of
        its own initiative at any stage of the action and on such terms as are just.

18
19  Fed. R. Civ. P. 21. In applying Rule 21, courts have used the same standard as that applied to Rule

20  15(a) for leave to amend complaints, where such leave is "freely given" absent bad faith, undue

21  delay, or dilatory motive. *Ceisler v. First Pa. Corp.*, No. 89-9234, 1991 U.S. Dist. LEXIS 6526, at

22  *9 (E.D. Pa. May 13, 1991); *cf. In re Initial Pub. Offering Sec. Litig.*, 224 F.R.D. 550, 551 (S.D.N.Y.

23  2004). Voluntary dismissals sought in good faith are generally granted "unless the defendant would

24  suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay*

25  *v. Wyeth Labs., Div. of Am. Home Prods. Corp.*, 793 F.2d 350, 353 (D.C. Cir. 1986). Indeed,

26  "[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to." *Org.*

27  *of Minority Vendors v. Ill. Central-Gulf R.R.*, No. 79 C 1512, 1987 U.S. Dist. LEXIS 14049, at *1

28  (N.D. Ill. Apr. 2, 1987); *In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL No. 1409,

1   2004 U.S. Dist. LEXIS 22320, at *4 (S.D.N.Y. Nov. 4, 2004); *In re Neopharm, Inc. Sec. Litig.*, No.

2   02 C 2976, 2004 U.S. Dist. LEXIS 5814, at *3 (N.D. Ill. Apr. 7, 2004).

3        Here, the Local 56 Fund should be allowed to withdraw as a named plaintiff and Lead

4   Plaintiff. Although the Fund originally agreed to be a Lead Plaintiff in May 2001, the passage of

5   almost four years has resulted in a complete changeover of the Fund's trustees, administration and

6   counsel. The Local 56 Fund has now concluded that it is not in its interests to pursue this litigation

7   as a Lead Plaintiff. *See* Lieverman Decl., ¶9. This decision, made by Fund fiduciaries, should be

8   respected. An essential element of a class action is the presence of a class representative willing and

9   able to represent the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). If the Fund is no longer

10  willing to assume this responsibility, the interests of the absent class members dictates that the Local

11  56 Fund be allowed to withdraw. In fact, courts regularly allow plaintiffs to withdraw as class

12  representatives. *See, e.g., Currency Conversion Fee*, 2004 U.S. Dist. LEXIS 22320, at *5; *In re*

13  *Relafen Antitrust Litig.*, 218 F.R.D. 337, 341 n.4 (D. Mass. 2003); *Krim v. pcOrder.com, Inc.*, 210

14  F.R.D. 581, 583 n.2 (W.D. Tex. 2002); *Initial Pub. Offering*, 224 F.R.D. at 552.

15       Defendants will not be prejudiced by the granting of this motion. The Local 56 Fund is only

16  one of four plaintiffs that filed the instant action as an investor group. The Local 56 Fund's stated

17  losses account for only about a quarter of the losses of the lead plaintiff group. And all of the other

18  named plaintiffs are willing and able to continue this litigation. In fact, defense counsel has not

19  expended any efforts in this litigation particular to the Local 56 Fund. All proceedings to date have

20  focused on the sufficiency of the Complaint's allegations as to defendants' conduct. Even the

21  discovery requests served on plaintiffs to date have been virtually identical, without any particular

22  effort devoted to the Local 56 Fund by defendants.

23       Allowing the Local 56 Fund to withdraw will also not cause any delay. Since the remaining

24  investors of the lead plaintiff group intend to prosecute this action, the case will go forward just as

25  quickly as if the Local 56 Fund remained a named plaintiff. Indeed, the case is likely to proceed

26  even quicker, since defendants will not have to take discovery and depositions from another

27  institutional investor.

28

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW PLAINTIFF UFCW LOCAL 56
RETAIL MEAT PENSION FUND AS A NAMED PLAINTIFF - C-01-0988-MJJ                    - 4 -

1    The lead plaintiff group remains a formidable party with sizable losses, more than adequate

2  to represent the class. In light of this, the request of the Local 56 Fund to withdraw should be "freely

3  given." *Ceisler*, 1991 U.S. Dist. LEXIS 6526, at *9. If this motion is granted, the Local 56 Fund

4  would become one of the absent class members, giving no direction to the case but able to share in

5  any recovery on the same terms as other class members. *Org. of Minority Vendors*, 1987 U.S. Dist.

6  LEXIS 14049, at *1.

7  **III.   The Court Should Preclude Defendants from Taking Discovery of the Local
         56 Fund Once It Becomes an Absent Class Member**

8      If the Court allows the Local 56 Fund to withdraw as a named plaintiff and Lead Plaintiff, the

9  Fund further seeks a protective order releasing it from any obligation to respond to defendants'

10  interrogatories and requests for production of documents, and from sitting for deposition. There is

11  no longer any basis for taking discovery of the Fund. *Org. of Minority Vendors*, 1987 U.S. Dist.

12  LEXIS 14049, at *1; *Currency Conversion Fee*, 2004 U.S. Dist. LEXIS 22320, at **5-6 (deposition

13  of withdrawing class representative prohibited); *Feldman v. Motorola, Inc.*, No. 90 C 5887, 1992

14  WL 415382, at *6 (N.D. Ill. Nov. 5, 1992). Indeed, the burden is on defendants to show that

15  discovery of an absent class member is warranted. *Clark v. Universal Builders, Inc.*, 501 F.2d 324,

16  340 (7th Cir. 1974); *Redmond v. Moody's Investor Serv.*, No. 92 Civ. 9161(WK), 1995 U.S. Dist.

17  LEXIS 6277, at *2 (S.D.N.Y. May 10, 1995).

18      Here, discovery to the Local 56 Fund will do nothing to advance the litigation on the merits

19  or substantially alter the lead plaintiff group. Even without the Local 56 Fund, the lead plaintiff

20  group still has stated losses in excess of $6 million and is prepared to continue to vigorously press

21  this litigation. Discovery is also irrelevant to the central point that a plaintiff that does not wish to

22  continue representing the interests of absent class members should not be forced to do so. For these

23  reasons, the Court should grant the motion for a protective order and preclude defendants from

24  requiring further discovery of the Local 56 Fund.

25  **IV.   Conclusion**

26      For the foregoing reasons, plaintiffs respectfully request that this motion be granted, that

27  plaintiff Local 56 Fund be allowed to withdraw as a named plaintiff and Lead Plaintiff (without

28

1   waiving its rights as an absent member of the putative class) and that the Court issue a protective

2   order prohibiting further discovery of the Local 56 Fund.

3   DATED:  March 11, 2005                    Respectfully submitted,

4                                             LERACH COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP
5                                             WILLIAM S. LERACH
                                              MARK SOLOMON
6                                             DOUGLAS R. BRITTON

7

8                                                    /S/ DOUGLAS R. BRITTON
                                                   DOUGLAS R. BRITTON
9
                                              401 B Street, Suite 1600
10                                            San Diego, CA  92101
                                              Telephone: 619/231-1058
11                                            619/231-7423 (fax)

12                                            LERACH COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP
13                                            SHAWN A. WILLIAMS
                                              WILLOW E. RADCLIFFE
14                                            ELI R. GREENSTEIN
                                              JENNIE LEE ANDERSON
15                                            MONIQUE C. WINKLER
                                              100 Pine Street, Suite 2600
16                                            San Francisco, CA  94111
                                              Telephone: 415/288-4545
17                                            415/288-4534 (fax)

18                                            Lead Counsel for Plaintiffs

19   T:\CasesSF\Oracle3\MOT00018790.doc

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW PLAINTIFF UFCW LOCAL 56
RETAIL MEAT PENSION FUND AS A NAMED PLAINTIFF - C-01-0988-MJJ                    - 6 -

1

<u>DECLARATION OF SERVICE</u>

2    I hereby certify that on March 11, 2005, I electronically filed the foregoing with the Clerk of

3 the Court using the CM/ECF system, which will send notification of such filing to the attorneys

4 denoted on the attached Service List. I hereby certify that I have caused this document to be mailed

5 by the United States Postal Service and/or faxed to the non-CM/ECF participants listed on the

6 attached Service List.

7    I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th

8 day of March 2005, at San Diego, California.

9

10                    _____/S/ KATHLEEN R. JONES_____
                                    KATHLEEN R. JONES
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2
*In re Oracle Corporation Securities Litigation*

3

| | |
|---|---|
| Dorian Daley<br>Loren G. Segal<br>500 Oracle Parkway<br>Redwood City, CA 94065<br>Telephone: 650/506-5200<br>650/506-7114 (fax) | Corey D. Holzer<br>HOLZER HOLZER & CANNON LLC<br>1117 Perimeter Center West<br>Suite E-107<br>Atlanta, GA 30338<br>Telephone: 770/392-0090<br>770/392-0029 (fax) |
| Steven O. Kramer<br>Jamie E. Wrage<br>MAYER, BROWN, ROWE & MAW LLP<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071-1563<br>Telephone: 213/229-9500<br>213/625-0248 (fax) | Brian P. Murray<br>MURRAY FRANK & SAILER LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: 212/682-1818<br>212/682/1892 (fax) |
| Javier H. Rubinstein<br>Alan Norris Salpeter<br>MAYER, BROWN, ROWE & MAW LLP<br>190 South LaSalle Street<br>Chicago, IL 60603-3441<br>Telephone: 312/782-0600<br>312/701-7711 (fax) | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28