LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH (68581)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
401 B Street, Suite 1600
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
  – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSON (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) ) ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) ) |

Master File No. C-01-0988-MJJ

CLASS ACTION

DECLARATION OF THEODORE M. LIEVERMAN IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW PLAINTIFF UFCW LOCAL 56 RETAIL MEAT PENSION FUND AS A NAMED PLAINTIFF AND AS A LEAD PLAINTIFF AND FOR A PROTECTIVE ORDER PRECLUDING FURTHER DISCOVERY OF SAID PLAINTIFF BY DEFENDANTS

DATE:  April 19, 2005
TIME:   9:30 a.m.
CTRM: 11

COMMONWEALTH OF PENNSYLVANIA          :
                                       : S.S.
COUNTY OF PHILADELPHIA                 :

## DECLARATION OF THEODORE M. LIEVERMAN

I, Theodore M. Lieverman, hereby depose and state as follows:

1.      I am a partner in the law firm of Spector Roseman & Kodroff, P.C. ("SRK"), and am admitted to practice in the Commonwealth of Pennsylvania, the State of New Jersey, the United States Supreme Court, and a number of other federal courts.

2.      I make this declaration in support of the Motion for Leave to Withdraw Plaintiff UFCW Local 56 Retail Meat Pension Fund ("Local 56 Fund") as a Named Plaintiff and as Class Representative, and for a Protective Order Precluding Further Discovery of Said Plaintiff by Defendants.

3.      The Local 56 Fund is an employee pension fund located in Pennsauken, New Jersey.  In 2001, SRK was special counsel to the Local 56 Fund for securities and class action litigation.  We were also appointed special counsel for its companion fund, United Food and Commercial Workers Local 56 Health & Welfare Fund ("Health & Welfare Fund").

4.      On May 7, 2001, Geraldine Strausser, then the Assistant Fund Administrator, signed a retention agreement and the Certification authorizing counsel to proceed in the instant case on behalf of the Local 56 Fund.  Both documents represented that Ms. Strausser was authorized to sign the documents on behalf of the Fund.  Shortly thereafter, Ms. Strausser was appointed Fund Administrator, both for this pension fund and for the Health & Welfare Fund.

5.      SRK has worked with lead counsel during the course of this litigation, and has regularly communicated with the Local 56 Fund as to the progress and developments in the case. As instructed, I reported on the progress of the case to the Local 56 Fund's outside counsel

designated for this purpose, and later directly to the Fund Administrator. Between June 2001 and December 2004 - prior to discussions about withdrawing from the case - my records show at least 12 letters from our office to the client and/or outside counsel, describing the progress on the case and providing amended complaints as well as the decision of the Ninth Circuit. I also had a number of telephone conversations with either outside counsel or the Fund Administrator about the case in that time period.

6.       This is the only securities case we filed with the Local 56 Fund. We have filed two class actions for the Health & Welfare Fund alleging that certain drug companies violated antitrust and consumer protection laws in the marketing and pricing of certain pharmaceutical products. *In re K-Dur Antitrust Litigation*, C.A. No. 01-1652 (D. N.J.); and *In re Neurontin Antitrust Litigation*, MDL No. 1479 (D. N.J.).

7.       In late November 2004, SRK became aware that there were changes in the trustees and administration of both the Local 56 Fund and the Health & Welfare Fund. This was prior to us receiving any discovery requests from the defendants in the instant case, but while we were attempting to respond to discovery on behalf of the Health & Welfare Fund in *K-Dur*.

8.       In December 2004, SRK was instructed to withdraw the Health & Welfare Fund as a named plaintiff and class representative in the two drug cases. We are in the process of doing so. The *K-Dur* case is in the middle of discovery. Plaintiffs have filed a motion for class certification in *K-Dur*, but the withdrawal of the Health & Welfare Fund is unlikely to be an issue, since there are nine additional named plaintiffs who are third-party payors in the case. In the *Neurontin Antitrust* case, no discovery has taken place because the case has been stayed pending appeal of the underlying patent infringement action.

-2-

9.      On or about January 24, 2005, after extensive communication with outside

counsel for the Local 56 Fund, SRK was requested to take steps to withdraw the Fund as a named

plaintiff and class representative in this litigation.  This decision was communicated to us by one

of the Local 56 Fund's regular outside counsel, who had participated in the discussions with the

trustees of the Fund.  Apparently, the decision to withdraw was unanimous.  It is my

understanding that the new trustees simply do not want to be burdened with the responsibility of

overseeing class actions at this time.

10.     Should the Court order the Local 56 Fund to respond to discovery in this case, it is

my understanding that the client wants SRK to continue to work with the Local 56 Fund, their

outside counsel, and lead counsel to provide such responses and/or objections as necessary, and

to remain as counsel for the purposes of this litigation until the withdrawal is accomplished.

I declare that the foregoing is true and correct, subject to the penalties of perjury

pursuant to 28 U.S.C. § 1746.

Dated: March 1 , 2005

_____
THEODORE M. LIEVERMAN

1

<u>DECLARATION OF SERVICE</u>

2

I hereby certify that on March 11, 2005, I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system, which will send notification of such filing to the attorneys

4

denoted on the attached Service List. I hereby certify that I have caused this document to be mailed

5

by the United States Postal Service and/or faxed to the non-CM/ECF participants listed on the

6

attached Service List.

7

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th

8

day of March 2005, at San Diego, California.

9

10

<u>/S/ KATHLEEN R. JONES</u>
KATHLEEN R. JONES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**SERVICE LIST**

*In re Oracle Corporation Securities Litigation*

3

| | |
|---|---|
| Dorian Daley<br>Loren G. Segal<br>500 Oracle Parkway<br>Redwood City, CA  94065<br>Telephone:  650/506-5200<br>650/506-7114 (fax) | Corey D. Holzer<br>HOLZER HOLZER & CANNON LLC<br>1117 Perimeter Center West<br>Suite E-107<br>Atlanta, GA 30338<br>Telephone:  770/392-0090<br>770/392-0029 (fax) |
| Steven O. Kramer<br>Jamie E. Wrage<br>MAYER, BROWN, ROWE & MAW LLP<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA  90071-1563<br>Telephone:  213/229-9500<br>213/625-0248 (fax) | Brian P. Murray<br>MURRAY FRANK & SAILER LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone:  212/682-1818<br>212/682/1892 (fax) |
| Javier H. Rubinstein<br>Alan Norris Salpeter<br>MAYER, BROWN, ROWE & MAW LLP<br>190 South LaSalle Street<br>Chicago, IL  60603-3441<br>Telephone:  312/782-0600<br>312/701-7711 (fax) | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28