MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
190 South LaSalle Street
Chicago, IL 60603-3441
Telephone:    (312) 782-0600
Facsimile:    (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendants ORACLE CORPORATION,
LAWRENCE J. ELLISON, JEFFREY O. HENLEY, AND
EDWARD J. SANDERSON

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone:    (650) 506-5200
Facsimile:    (650) 506-7114
jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA -SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION, | Case No. C-01-0988-MJJ (Consolidated) |
| This Documents Relates To: | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW AND FOR A PROTECTIVE ORDER** |
| ALL ACTIONS | |
| | **JUDGE MARTIN J. JENKINS** |
| | Date: April 19, 2005<br>Time: 9:30 a.m.<br>15th Floor, Courtroom A |

1  Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J.
2  Sanderson (collectively "Defendants") respectfully submit this response to the Motion for Leave
3  to Withdraw Plaintiff UFCW Local 56 Retail Meat Pension Fund ("Local 56 Fund") as a Named
4  Plaintiff and as a Lead Plaintiff and for a Protective Order Precluding Further Discovery of Said
5  Plaintiff by Defendants.

6  While Defendants do not object to the portion of the motion that seeks to have Local 56
7  withdraw from the case, Defendants do object to the portion of motion that seeks a blanket
8  protective order that would insulate Local 56 Fund from responding to any discovery, even as a
9  third party.  The proposed protective order reads, "[t]he Local 56 Fund is not required to answer
10 discovery requests from [D]efendants, and is not required to sit for deposition."  Local 56 Fund's
11 motion for a protective order is flawed in two fundamental respects.

12 First, Local 56 Fund has made no showing that it is entitled to *any* protective order, let
13 alone the sweeping, preemptive protective order that they seek.  Local 56 Fund has made *no effort*
14 to show that its motion has satisfied the standards of Federal Rule of Civil Procedure 26(c).
15 Local 56 Fund has not submitted a certification that it has met and conferred with defendants, as
16 Rule 26(c) requires, and this lack of a certificate is understandable because they have never met
17 and conferred.  Nor has Local 56 Fund made any showing that they face any "annoyance,
18 embarrassment, oppression, or undue burden" as Rule 26(c) requires.  Local 56 Fund also has
19 disregarded the procedures that this Court has established for hearing discovery matters.

20 At bottom, Local 56 Fund simply is saying that after litigating this case for more than four
21 years, and after leveling serious (albeit meritless) accusations that Defendants had engaged in
22 fraud, Local 56 Fund would now like to take its marbles and go home.  It is particularly ironic and
23 inappropriate that after Plaintiffs' lawyers have served almost 100 subpoenas on third parties – on
24 Local 56 Fund's behalf -- Local 56 Fund now asserts that it should be exempt even from third-
25 party discovery because it would rather not be bothered.

26 Just as Plaintiffs have been able to obtain discovery from third parties with information
27 that might be relevant to this case, so too, Defendants are entitled to take from absent class
28 members that may have relevant information.  *See, e.g.*, *Easton & Co. v. Mut. Benefit Life Ins.*

*Co.*, Nos. 2:91CV04012, 2:92CV02095, 1994 WL 248172 (D.N.J. May 18, 2004) ("It is fairly well-settled that, where warranted, discovery may be taken of absent class members during the course of class action litigation under Rule 23."). For example, in light of Local 56 Fund's withdrawal from the case, it may have relevant information that bears on the question of whether the class is adequately represented. *See* Fed. R. Civ. Proc. 23(a)(4). Further, if the proposed class were certified (although Defendants contend it should not be), Defendants intend to pursue individual inquiries into class member knowledge of the often widely publicized matters that Plaintiffs claim Defendants misrepresented, in order to show that individual class members cannot meet their burden to prove ignorance of the matters allegedly misrepresented. *See, e.g.*, *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986) ("To recover in an action for securities fraud, individual class members must demonstrate that the omitted information was not otherwise available to them.").

For the foregoing reasons, Defendants' respectfully request that the Court deny the Local 56 Fund's Motion to the extent the Local 56 Fund requests greater protection from discovery than that possessed by other absent class members.

Dated: March 30, 2005                              MAYER, BROWN, ROWE & MAW LLP

By:  ___/s/Javier H. Rubinstein_____
         Javier H. Rubinstein

Attorney for Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley and Edward J. Sanderson