1   MAYER, BROWN, ROWE & MAW LLP
    Donald M. Falk (SBN 150256)
2   Lee H. Rubin (SBN 141331)
    Shirish Gupta (SBN 205584)
3   Two Palo Alto Square, Suite 300
    Palo Alto, California 94306
4   Telephone:    (650) 331-2030
    Facsimile:    (650) 331-2060
5   lrubin@mayerbrownrowe.com

6   MAYER, BROWN, ROWE & MAW LLP
    Alan N. Salpeter (admitted *pro hac vice*)
7   Javier Rubinstein (admitted *pro hac vice*)
    Vincent P. Schmeltz III (admitted *pro hac vice*)
8   190 South LaSalle Street
    Chicago, IL  60603-3441
9   Telephone:    (312) 782-0600
    Facsimile:    (312) 701-7711
10  jrubinstein@mayerbrownrowe.com

11  Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
    J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON
12
    ORACLE CORPORATION
13  Dorian Daley (SBN 129049)
    James C. Maroulis (SBN 208316)
14  500 Oracle Parkway, Mailstop 5OP7
    Redwood Shores, California 94065
15  Telephone:    (650) 506-5200
    Facsimile:    (650) 506-7114
16  jim.maroulis@oracle.com

17  Attorneys for Defendant ORACLE CORPORATION

18              **UNITED STATES DISTRICT COURT**
19    **NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

20
    IN RE ORACLE CORPORATION          |  Case No. C-01-0988-MJJ
21  SECURITIES LITIGATION              |  (Consolidated)

22                                     |  **DEFENDANTS' MOTION TO STRIKE
                                          PLAINTIFFS' MOTION FOR CLASS
23                                        CERTIFICATION AND CORRECTED
                                          MEMORANDUM IN SUPPORT THEREOF
24                                        IN LIGHT OF *DURA PHARMACEUTICALS,
                                          INC. v. BROUDO*, 125 S. CT. 1627 (APR. 19,**
25  This Document Relates To:          |  **2005)**

26  ALL ACTIONS.                       |  Date:      June 14, 2005
                                          Time:      9:30 a.m.
27                                        Place:     Ctrm. 11
                                                     Honorable Martin J. Jenkins
28

    **DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION;
    CASE NO.: C-01-0988-MJJ**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 14, 2005 at 9:30 a.m., or as soon thereafter as counsel may be heard, Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson ("Defendants") shall appear before the Honorable Martin J. Jenkins in the Northern District of California—San Francisco Division, San Francisco, California, Courtroom 11—and shall move the Court for an order striking Plaintiffs' Motion for Class Certification And Corrected Memorandum In Support Thereof.  In support of this Motion, Defendants submit the Memorandum of Points and Authorities below, Declaration of Vincent P. Schmeltz III ("Schmeltz Decl."), and a Proposed Order.

**RELIEF SOUGHT**

Defendants move the Court for an order striking Plaintiffs' Motion for Class Certification and Memorandum of Points and Authorities in Support of Motion for Class Certification, without prejudice to Plaintiffs' re-filing an appropriate motion for class certification.  Defendants have requested that Plaintiffs withdraw their motion and Plaintiffs have declined.  See Schmeltz Decl. ¶¶ 3-4.

**INTRODUCTION**

Plaintiffs' January 31, 2005 Motion for Class Certification rests on a narrow view of what Plaintiffs have to show at trial to prove "loss causation"—an essential element of Section 10(b) liability—that was based on Ninth Circuit precedent when Plaintiffs filed their Motion but that was roundly rejected by the United States Supreme Court in *Dura Pharmaceuticals, Inc.* v. *Broudo*, 125 S. Ct. 1627, decided April 19, 2005.  Because Plaintiffs' class certification papers provide no basis under current law for Defendants to respond to, or for this Court to evaluate, their claim to have met their burden to satisfy Rule 23, Plaintiffs' Motion should be stricken. Defendants are entitled to a fair opportunity to respond to a class certification motion that is addressed to current law, not to obsolete legal rules that no longer have any bearing on the propriety of class certification in this case, and not to have critical arguments presented for the first time in Plaintiffs' reply memorandum.

**STATEMENT OF FACTS**

In a Section 10(b) securities fraud case Plaintiffs must prove, among other "basic elements" of liability, "economic loss * * * and 'loss causation,' *i.e.*, a causal connection between the material misrepresentation and the loss." *Dura*, 125 S. Ct. at 1631. Plaintiffs' Revised Second Amended Complaint ("Compl.") and Motion for Class Certification rest on their face on "the Ninth Circuit's 'inflated purchase price' approach to proving causation and loss." *Id.* at 1632.

Thus, Plaintiffs in the class allegations of their Complaint assert that the purported class members—every purchaser of Oracle securities between December 14, 2000 and March 1, 2001—were injured because they bought Oracle stock when it was artificially inflated by Defendants' alleged misrepresentations. See Compl. ¶ 84 ("Common questions of law and fact predominate and include whether defendants * * * *artificially inflated the prices of Oracle's publicly traded securities and the extent of and appropriate measure of damages*") (emphasis added); see also *id.*, ¶ 91 ("As a result of" Defendants' alleged actions, "the market price of Oracle's securities was artificially inflated during the Class Period. * * * *[P]laintiffs and other members of the Class purchased Oracle securities during the Class Period at artificially high prices and were damaged thereby*") (emphasis added).

Plaintiffs' Motion for Class Certification and supporting Memorandum likewise assert that "common questions of law and fact exist as to * * * whether *the market price of Oracle common stock during the Class Period was artificially inflated* due to the material omissions and misrepresentations described in the Complaint." Pls. Corrected Memo. of Points and Authorities In Support of Motion for Class Certification 9-10 ("Pls. Memo.") (emphasis added). Similarly, Plaintiffs argue that "underlying [the alleged] common questions is a common nucleus of operative facts pertaining to defendants' scheme *to artificially inflate and maintain the price of Oracle securities*, thereby * * * causing members of the Class to purchase Oracle shares." Pls. Memo. 10 (emphasis added). Plaintiffs' rote assertions that common issues will predominate at trial rests on their contention that this supposedly common course of conduct to inflate the price of Oracle stock throughout the class period "affect[s] all members of the class in the same

2

1    manner" and is sufficient to establish "the issue of liability," leaving only "the purely mechanical

2    act of computing damages."  Pls. Memo. 13-14.

3        These class certification arguments and allegations reflected the law in the Ninth Circuit at

4    the time of Plaintiffs' filings that "'in a fraud-on-the-market case, plaintiffs establish loss

5    causation if they have shown that the price on the date of purchase was inflated because of the

6    misrepresentation.'"  *Broudo* v. *Dura Pharmaceuticals, Inc.*, 339 F.3d 933, 938 (9th Cir. 2003).

7    After Plaintiffs filed their class certification motion, however, the Supreme Court in *Dura*

8    reversed the Ninth Circuit, holding that this view of Section 10(b) law was "wrong, both in

9    respect to what a plaintiff must prove" to establish liability and what it "must allege," and "lacks

10    support in precedent."  125 S. Ct. at 1629, 1632.  The Supreme Court held that while proof that

11    the price of a stock was artificially inflated at the time of purchase may be "a necessary

12    condition" for proving loss causation, it is not sufficient.  *Id.* at 1632.  To prove loss causation a

13    plaintiff must show *in addition* that he subsequently suffered "economic loss" as a result of the

14    alleged fraud.  *Id.* at 1631-32.  Thus, if the price of the stock declines (as Oracle's stock price

15    declined during the period in issue), a plaintiff must prove that the "lower price" reflects "the

16    earlier misrepresentation" and not "changed economic circumstances, changed investor

17    expectations, new industry-specific or firm-specific facts, conditions, or other events, which taken

18    separately or together account for some or all of that lower price."  *Id.* at 1632.  And the longer

19    the period at issue—here, not days or weeks but allegedly up to 2½ months—"the more likely

20    that other factors caused the loss."  *Ibid.*

21        Plaintiffs' Motion for Class Certification thus rests on superseded law.  It fails to explain

22    how Plaintiffs propose to prove loss causation under the new controlling law in *Dura* on a class-

23    wide basis, without the need for mini-trials that would be incompatible with class adjudication.

24    Accordingly, because Plaintiffs bear the burden under Rule 23, and because a party with the

25    burden for fairness reasons is not permitted to raise an argument for the first time in its reply

26    brief, Defendants' counsel requested that Plaintiffs address the issue in *Dura* in the first instance

27    so that Defendants may understand their contentions before filing an opposition to class

28    certification.  Plaintiffs refused to do so.  See Schmeltz Decl. ¶¶ 3-4.

3

**ARGUMENT**

1.    **Plaintiffs' Motion For Class Certification Rests On A View Of Loss Causation That Has Since Been Rejected By The Supreme Court.**

As detailed above, *supra*, pp. 3-4, Plaintiffs' class certification motion, like their Complaint, rests on the very legal rule that was reversed by the Supreme Court in *Dura*—the Ninth Circuit's rule that "'plaintiffs establish loss causation if they have shown that the price on the date of purchase was inflated because of the misrepresentation.'" *Broudo*, 339 F.3d at 938.

Plaintiffs Motion does *not* address the Supreme Court's requirement in *Dura* that Section 10(b) "plaintiffs' need to *prove* proximate causation and economic loss" actually attributable to a defendants' alleged misconduct by segregating the various causes of stock price movements. 125 S. Ct at 1634 (emphasis in original).  Under *Dura*, Plaintiffs at trial will have to prove that at least some part of each class member's market losses were caused by Defendants' alleged fraud rather than by "other events," such as "changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events." *Id.*  And the Supreme Court has made clear in securities fraud cases that this proof of actual injury caused by a defendant's misconduct may not be "conjectural" or "speculative," in order to avoid "throw[ing] open to the trier of fact * * * hazy issues" of causation and to allow "exclusion prior to trial" of any claimant who cannot prove "in a readily demonstrable manner" that an alleged fraud "damaged him." *Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 734-35, 742-46 (1975); *Virginia Bankshares* v. *Sandberg*, 501 U.S. 1083, 1105-06 (1991).

2.    **Because Plaintiffs' Motion Fails To Demonstrate How They Could Satisfy *Dura*'s Requirements Without Countless Individualized Mini-Trials, Their Motion Should Be Stricken.**

*Dura*'s dramatic change in the law of loss causation in this Circuit is critical to the question whether Plaintiffs can satisfy Rule 23's requirements for class certification—particularly predominance of common questions and manageability.  The determinative issue under Rule 23 is whether "the issues likely to be presented at trial * * * are susceptible of class-wide proof" or instead will require individualized attention incompatible with manageable class adjudication.

4

1  Rule 23, 2003 Advisory Comm. Notes; see *Kline* v. *Coldwell, Banker & Co.*, 508 F.2d 226, 235-

2  36 (9th Cir. 1974) (denying class certification where fact-of-injury and other liability issues

3  "would soon fall into individualized law suits").

4         It is well established that "[b]efore certifying a class, the trial court must conduct a

5  'rigorous analysis' to determine whether the party seeking certification has met the prerequisites

6  of Rule 23," and that Plaintiffs "bea[r] the burden" to show each element of Rule 23 is satisfied.

7  *Zinser* v. *Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *In re Dalkon Shield*

8  *Prods. Liab. Litig.*, 693 F.2d 847, 854 (9th Cir. 1982).  Plaintiffs, however, have not even begun

9  to show in their Motion for Class Certification how the issue of loss causation, as described in

10  *Dura*, could be tried on a class basis in this case.  See Rule 23, 2003 Advisory Comm. Notes

11  (court must "determine how the case will be tried" to judge if Rule 23 is satisfied).

12         Plaintiffs have offered not even a hint how they propose to prove at trial, on a class-wide

13  basis, that price declines in Oracle's stock were caused by Defendants' alleged misrepresentations

14  or omissions rather than by any of "the tangle of factors affecting price," including changes in

15  economic circumstances or investor sentiment, or industry- or firm-specific events.  *Dura*, 125 S.

16  Ct. at 1632.  Nor have they attempted to explain how it is that the requirements of *Dura* would

17  not inevitably lead to countless mini-trials regarding the existence of loss causation—necessitated

18  by the parties' predictable transaction-by-transaction disputes over the cause of price changes—

19  that are utterly incompatible with class adjudication. See, *e.g.*, *Kline* v. *Coldwell, Banker, supra*;

20  *Newton* v. *Merrill Lynch, Pierce, Fenner & Smith*, 259 F.3d 154, 187-88 (3d Cir. 2001) (denying

21  class certification of Section 10(b) claims because the question "[w]hether a class member

22  suffered economic loss from a given securities transaction would require proof of the

23  circumstances surrounding each trade"; "proving each class member suffered economic injury"

24  could not be done on a class-wide basis); *West* v. *Prudential Securities, Inc.*, 282 F.3d 935, 938-

25  40 (7th Cir. 2002) (decertifying securities fraud class where plaintiffs' expert failed to "exclude

26  other potential sources of price movement" than the alleged fraud); *Blades* v. *Monsanto Co.*, 400

27  F.3d 562, 575 (8th Cir. 2005) (denying class certification where plaintiff failed to demonstrate

28  they could "prove classwide injury with common evidence"; Rule 23 question is whether

5

1  "common evidence could suffice, given the factual setting of the case, to show classwide injury");

2  *Grandon* v. *Merrill Lynch & Co.*, 2003 WL 22118979, at *4-*9 (S.D.N.Y. 2003) (denying class

3  certification in Section 10(b) case where proof of injury "requires an individualized assessment of

4  each [securities] purchase," "looking at all surrounding circumstances," with the result that

5  "individual fact issues will predominate over the common issues").

6        Given the nature of Plaintiffs' claims there is reason to doubt that Plaintiffs could ever

7  satisfy *Dura*'s requirements, let alone do so on a class-wide basis without need for individual,

8  time-specific inquiry.

9        ●    Plaintiffs allege that Oracle on December 14, 2000 falsely reported financial

10  results for the second quarter of 2001 that were artificially inflated by the use of phony sales

11  invoices and improperly recognized revenue from past customer credits and overpayments.

12  Compl. ¶¶ 35-43; Pls. Memo. 3.  But Plaintiffs neither allege nor point in their class certification

13  motion to *any* occasion when the price of Oracle shares dropped because "the relevant truth"

14  about these second quarter revenues "ma[de] its way into the market place," causing "economic

15  loss" due to the alleged misstatement.  *Dura*, 125 S. Ct. at 1631-1632.  And if Plaintiffs

16  nevertheless believe the "truth" did somehow reach the market—though Oracle insists the alleged

17  fraud never occurred and has never restated its second quarter 2001 results—Plaintiffs must show

18  that they could demonstrate at trial, on a class-wide basis and without the need for mini-trials on

19  loss causation, that this truthful information and not other market factors during the purported

20  2½-month class period caused a price decline in Oracle's stock (and when).  *Id.* at 1632.

21  Plaintiffs' class certification motion makes no pretence to meet this requirement of *Dura* and

22  Rule 23.

23        ●    Plaintiffs have represented to this Court that they assert a "stand alone" claim that

24  Oracle executives made misstatements during the putative class concerning the integration and

25  interoperability of Oracle's Suite 11i software and that these misstatements artificially inflated the

26  price of Oracle stock—charges Oracle strenuously denies.  *See, e.g.,* Feb. 4, 2005

27  Correspondence from S. Williams to the Court at 2 (claiming that "allegations relating to the

28  functionality and implementation of Suite 11i" are actionable by themselves); Compl. ¶¶ 14-15,

6

50-59, 63-64, 68-72.   Under Rule 23 and *Dura*, Plaintiffs bear the burden in seeking class certification to demonstrate not only that the particular alleged misstatements concerning Suite 11i caused inflation in the price of Oracle securities, but also that some revelation or revelations to the market that these particular statements were false caused a subsequent decline in the price of the stock.  *Dura*, 125 S. Ct. at 1631-1632.  Plaintiffs must—but do not—explain in their class certification motion how they can satisfy *Dura*'s loss causation requirement as to this claim on a class-wide basis.

●      Plaintiffs have also alleged (and Oracle vigorously denies) that Oracle executives made misstatements during the putative class period concerning the amount of Oracle's expected third quarter 2001 earnings, and about the effect on those earnings of the company's Suite 11i software and the slowing economy.   Compl. ¶¶ 45-75; Pls. Memo. 3-4.   Though Plaintiffs apparently assert that Oracle's March 1, 2001 earnings warning amounted to a corrective disclosure of these supposed misstatements, causing a one-day price decline of $2.62 (Compl. ¶ 75; Pls. Memo. 5), they also appear to assert, without explanation, that Defendants' alleged conduct was the cause of Oracle's much larger price fall "from its Class Period high of $34.56 per share on January 19, 2001" to its price on March 2, 2001 of $16.88 per share.  Compl. ¶¶ 19, 75. Nowhere do Plaintiffs explain how they would show that the one day price drop on March 1-2 was due to Oracle's earnings warning rather than "changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events" unrelated to the alleged fraud.  *Dura*, 125 S. Ct. at 1632.  Still less do Plaintiffs explain how they would prove at trial on a class-wide basis, without the need for individualized and time-specific inquiry that would dominate the proceedings, how the entire class-period price decline of some $18 per share—or any discernible and separate part of it—was caused by Defendants' alleged fraud rather than other market factors.

Absent a showing by Plaintiffs how at trial they can satisfy *Dura*'s requirement to disentangle the causes of Oracle's stock price changes throughout the proposed class period by a method that applies to every class member and that does not require individual, transaction-by-

7

transaction inquiry into loss causation, Plaintiffs cannot meet Rule 23's requirement that they demonstrate that common issues predominate and that the case can manageably be tried as a class action.  Defendants are entitled to an explanation of how Plaintiffs—who bear the burden under Rule 23—propose to segregate the price effects of alleged fraud (if any) from those caused by other factors so that Defendants may meaningfully respond to Plaintiffs' contention that this case is amenable to class treatment.

> **3.** **Because It Would Be Unfair To Defendants If Plaintiffs Were Permitted To Address The *Dura* Issue For The First Time On Reply, This Court Should Strike Plaintiffs Motion For Class Certification.**

The 2003 Advisory Committee Notes to Rule 23 warn that it is "critical" that a court, before granting class certification, "tes[t]" whether "the issues likely to be presented at trial * * * are susceptible of class-wide proof."  Because Plaintiffs have failed to offer any clue—let alone met their burden—to show how they would satisfy *Dura*'s new requirements at trial on a class-wide basis, it would be procedurally unfair to require Defendants to oppose Plaintiffs' Motion for Class Certification as it stands.

Plaintiffs cannot fairly be permitted to address for the first time in their reply brief the critical issue of how they propose to satisfy *Dura*'s requirements for proof of loss causation on a class-wide basis without need for predominant, individualized, transaction-by-transaction mini-trials.  As the district court explained in *In re Intuit Privacy Litig.*, 138 F. Supp. 2d 1272, 1275 n.3 (C.D. Cal. 2001), courts do "not consider arguments raised anew for the first time in a reply brief as to do so would unfairly deny the non-moving party an opportunity to respond."  See also, *e.g.*, *Hubins* v. *Operating Eng'rs Local Union*, 2004 WL 2203555, at *10 n.3 (N.D. Cal. Sept. 29, 2004) (declining to consider argument raised for the first time in reply brief); *Reid* v. *Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 664 n.11 (N.D. Ga. 2001) (refusing to consider plaintiffs' argument on "complex issues" concerning class certification raised "for the first time in reply").

8

Accordingly, this Court should strike Plaintiffs Motion for Class Certification and accompanying Memorandum in Support. In the alternative, the Court may wish simply to deny Plaintiffs' Motion at this time, without prejudice to Plaintiffs re-filing—a ruling that would be consistent with the Rules Advisory Committee's admonition that a "court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met." Rule 23, 2003 Advisory Comm. Notes. This Court should make it clear that if Plaintiffs wish to seek class certification they must file papers that comport with *Dura* by explaining how they propose at trial—on a class-wide basis and without the need for predominant individual and highly transaction- or time-specific inquiries—to show that each class member suffered loss caused by Defendants' alleged misrepresentations and omissions, rather than as a result of "any of the countless variables that might affect the stock price performance of a single company." *Akerman* v. *Oryx Communications*, 810 F.2d 336, 342-343 (2d Cir. 1987); see *Dura*, 125 S. Ct. at 1632. Neither Defendants nor this Court should be required to deal, on so critical an issue as class certification in a case with "$90 billion" allegedly at stake (Compl. ¶ 19), with arguments that have no relevance given the dramatically changed state of the controlling law.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request an order striking Plaintiffs' Motion for Class Certification and memorandum in support thereof, without prejudice to Plaintiffs' right to file an appropriate Motion for Class Certification that takes proper account of the loss causation requirements set forth by the Supreme Court in *Dura Pharmaceuticals*. The Court should also strike the existing briefing schedule for Defendants to oppose class certification.

DATED: May 10, 2005                    MAYER, BROWN, ROWE & MAW LLP

                                       By:/s/ Lee H. Rubin
                                       Lee H. Rubin
                                       Attorneys for Defendants Oracle Corporation,
                                       Lawrence J. Ellison, Jeffrey O. Henley and
                                       Edward J. Sanderson

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), Shirish Gupta hereby attests that the signatory's concurrence in the filing of this document has been obtained.*

9

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION;**
**CASE NO.: C-01-0988-MJJ**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER RE DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION; CASE NO.: C-01-0988-MJJ**