LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH (68581)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
  – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSON (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND CORRECTED MEMORANDUM IN SUPPORT THEREOF IN LIGHT OF *DURA PHARMACEUTICALS, INC. v. BROUDA*, 125 S. Ct. 1627 (Apr. 19, 2005) |
| ALL ACTIONS. | |
| | DATE: June 14, 2005<br>TIME: 9:30 a.m.<br>COURTROOM: 11<br>JUDGE: The Honorable Martin J. Jenkins |

## I. INTRODUCTION

Rejected by the Ninth Circuit and consistent with their scorched-earth approach to this litigation, defendants Oracle Corporation ("Oracle" or the "Company"), Larry Ellison ("Ellison"), Jeff Henley ("Henley") and Edward Sanderson now twist the United States Supreme Court's recent decision in *Dura Pharms., Inc. v. Broudo*, ___ U.S. ___, 125 S. Ct. 1627 (2005), in a vain attempt to avoid addressing Plaintiffs' Corrected Memorandum of Points and Authorities in Support of Motion for Class Certification ("Plaintiffs' Class Certification Motion") in an orderly manner consistent with the procedures prescribed by the civil and local rules.

Oracle does not mention or adhere to Fed. R. Civ. P. 12(f), governing motions to strike, which allows the court to strike from any **pleading** any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *Id.* Nor do they assert that Plaintiffs' Class Certification Motion contains any such matter. For that reason alone, defendants' motion should be denied.

In any event, Oracle's interpretation of *Dura* and its purported application to Plaintiffs' Class Certification Motion is incorrect. Nothing in *Dura* suggests, as defendants contend, that plaintiffs must – in their class certification motion – demonstrate how they intend to prove loss causation.[1] Instead, in *Dura* the Supreme Court found that because under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), plaintiffs must ultimately prove that a misrepresentation or other fraudulent conduct "caused the loss for which the plaintiffs seeks to recover," **the complaint** must adequately allege loss causation – albeit with a "short and plain statement," under the Federal Rules of Civil Procedure.[2] *Dura*, 125 S. Ct. at 1633, 1634. The Supreme Court also did not accept *Dura's* contention that loss causation must be alleged with Rule 9(B) or PSLRA particularity. Also, the Supreme Court specifically declined to address any other "loss-related questions," *i.e.*, whether there

---

[1] Defendants' Motion to Strike Plaintiffs' Motion for Class Certification and Corrected Memorandum in Support Thereof in Light of *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627 (Apr. 19, 2005) ("Defs' Mem.") at 3.

[2] All citations and internal quotations are omitted unless otherwise indicated.

were common issues of law and fact, including damages and loss causation for purposes of class certification. *Id.* at 1634.

## II. STANDARD OF REVIEW

A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). When ruling upon a motion to strike, the court must view the pleading in the light most favorable to the non-moving party. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Because Oracle cannot establish that any matter asserted in Plaintiffs' Class Certification Motion is redundant, immaterial, impertinent, insufficient, or scandalous as required by Fed. R. Civ. P. 12(f), defendants' motion must be denied.

### A. Plaintiffs' Class Certification Motion Adequately Sets Forth Rule 23 Prerequisites for Class Certification

A party seeking to certify a class must demonstrate that it has met all four requirements set forth in Fed. R. Civ. P. 23(a):

(1) the class is so numerous that joinder of all members is impracticable,
(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). A party seeking to certify a class must also demonstrate at least one of the requirements of Fed. R. Civ. P. 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). The court is not called upon to make any determination on the merits of plaintiffs' allegations, only procedural questions are presented. *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137,142 (N.D. Cal. 2004).

Plaintiffs' Class Certification Motion was filed on February 1, 2005. Defendants have not yet opposed Plaintiffs' Class Certification Motion. They have not asserted that joinder is impracticable, that claims of the proposed class representatives are atypical, or that the proposed class representatives will not fairly and adequately protect the interests of the class. Oracle's motion to strike only contends that Plaintiffs' Class Certification Motion does not address "predominance of

1  common questions and manageability" under Fed. R. Civ. P. 23(b).  Defs' Mem. at 4.  Oracle is
2  wrong.  Plaintiffs' Class Certification Motion specifically addresses why "Common Questions of
3  Law and Fact Predominate Over Individual Questions."  Plaintiffs' Class Certification Motion at 13.
4        As Plaintiffs' Class Certification Motion states, where there are common questions on
5  liability, even if there are individual questions on damages, common questions predominate.
6  Plaintiffs' Class Certification Motion at 13.  Even a damages inquiry involves common, indeed
7  overlapping, questions of liability.  *See Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975).  Here, loss
8  causation would remain a predominantly class-wide issue based on proof of:

9        1.    Defendants' misrepresentations;
10       2.    A resulting inflation in stock price;
11       3.    Purchases by class members at the inflated price; and
12       4.    Causal connection between defendants' misconduct and plaintiffs' economic loss.

13       Plaintiffs' Class Certification Motion also demonstrates that the proposed class meets Rule
14 23(b)(3)'s requirement that a class action is superior to other available methods for the "fair and
15 efficient adjudication," and management of this action.  Plaintiffs' Class Certification Motion at 15-
16 16.  Thus, while *Dura* articulated what securities class action plaintiffs must plead in order to
17 adequately allege loss causation under §10(b) in the Ninth Circuit, it did not in any way modify Fed.
18 R. Civ. P. 23 class certification requirements of typicality, and commonality, and manageability.  *See*
19 *Dura*, 125 S. Ct. at 1634 (expressly declining to consider any other loss related questions).  Oracle
20 does not and cannot show otherwise.

21     **B.**    **The Supreme Court's Decision in *Dura* Addresses Complaint Pleading Requirements for Loss Causation and Does Not Speak to**
22           **Class Certification**

23       Defendants contend that Plaintiffs' Class Certification Motion has not shown how it would
24 satisfy *Dura's* "new requirements" at trial.  Defs' Mem. at 8.  Specifically, defendants assert that the
25 Supreme Court's decision in *Dura* requires plaintiffs, in their motion for class certification, to
26 explain how they intend to prove at trial on a class-wide basis that price declines in Oracle stock
27
28

were caused by defendants' misrepresentations rather than "other factors." Defs' Mem. at 3.[3]  First, *Dura* did not create any "new requirements" for proving loss causation under the PSLRA. The Supreme Court simply found that because the PSLRA requires plaintiffs to prove that defendants' misrepresentations proximately caused plaintiffs' economic loss "***plaintiffs' complaint must adequately allege***" that defendants' misrepresentations proximately caused the plaintiffs' economic losses. *Dura*, 125 S. Ct. at 1634. Oracle's motion concedes as much. Defs' Mem. at 3. The Supreme Court further held that such complaint allegations can be made with a "short and plain statement" in accordance with Fed. R. Civ. P. 8(a)(2), providing defendants only a "fair notice" of what plaintiffs' claim is and what the relevant economic loss *might* be or what the causal connection *might* be. *Dura*, 125 S. Ct. at 1634.

In *Dura*, the Supreme Court found that plaintiffs' complaint failed "adequately to *allege*" that *Dura's* share price decline was causally connected to the alleged misconduct, but instead simply alleged that plaintiffs "paid artificially inflated prices for Dura's securities and suffered damages" thereby. *Dura*, 125 S. Ct. at 1634 (emphasis in original). The same cannot be said of Plaintiffs' Revised Second Amended Complaint for Violations of the Federal Securities Laws ("RSAC") allegations, which go well beyond what is required by Fed. Rule Civ. P. 8(a)(2) and *Dura*. The RSAC fully details Oracle's false and misleading statements concerning Oracle's financial and business condition, including 2Q01 financials, applications growth projections of 75% (purportedly driven by sales of Suite 11i) and false statements concerning Oracle's immunity to slowing economic conditions because, according to defendants, Suite 11i applications helped companies, including Oracle, to "cut costs." *See, e.g.*, ¶¶45(d), 66(b)[4] and Ex. 4. The RSAC further details defendants' actual knowledge that its business and financial condition, including the quality and performance of Suite 11i, were in stark contrast to what was publicly reported. Indeed, defects in the

---

[3]    Defendants' assertion that Plaintiffs' Class Certification Motion "rests on superseded law" is equally lacking in support as Plaintiffs' Class Certification Motion does not cite to or rely on the Ninth Circuit opinion in *Dura*.

[4]    All paragraph ("¶") references refer to plaintiffs' RSAC.

Suite 11i software suite were hampering sales and the slowing economy was causing order delays and cancellations. Defendants Ellison and Henley, nevertheless, profited handsomely from the Company's failure to disclose the true facts to the tune of more than $900 million.

The RSAC further details Oracle's March 1, 2001 and March 15, 2001 disclosures that, contrary to prior assurances regarding the strength of its business, applications (*i.e.*, Suite 11i) and database sales would fall short of defendants' public projections by double digits percentage points and the United States economy hurt sales. ¶¶74-80. These disclosures caused a significant decline in Oracle's share price (nearly $4 per share) inflicting billions of dollars of damage on plaintiffs and the class. ¶¶75, 76. *See also Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1228 (9th Cir. 2004) (summarizing the RSAC). Thus, the RSAC meets the *Dura* requirement of a causal connection between Oracle's misrepresentations and plaintiffs' economic loss.

Oracle's suggestion that *Dura* requires plaintiffs to assert more in their motion for class certification is incorrect and not supported by the Supreme Court opinion, or any other authority relied on by defendants. For example, Oracle argues that plaintiffs' opening class certification papers do not explain how the requirements of *Dura* "would not inevitably lead to countless mini-trials regarding the existence of loss causation – necessitated by the party's predictable transaction-by-transaction disputes over the cause of price changes." Defs' Mem. at 5. Because *Dura* plainly did not change plaintiffs' burden of proof under the PSLRA, Oracle's purported fear that *Dura* would inevitably lead to countless mini-trials is curious. What "predicatable transaction-by-transaction disputes" are defendants referring to? They do not say.

Moreover, none of the authority Oracle relies upon supports its contentions. For example, Oracle relies on *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154,187-88 (3d Cir. 2001), to support its claim that (phantom) "transaction-by-transaction disputes will arise over the cause of Oracle price changes" during the Class Period. Defs' Mem. at 5. *Newton* is wholly inapposite. In that case, plaintiffs sought to certify a §10(b) class, each member alleging that Merrill Lynch failed to disclose to its investors that it had not used "reasonable efforts to maximize the economic benefits to the client[s] in each transaction." *Newton*, 295 F.3d at 173. Because *Newton* did not involve typical omissions or misrepresentations that affected the value of the securities in the

1  open and efficient market, plaintiffs there were not entitled to the presumption of reliance. *Id.* at
2  175.
3      Thus, in order to show economic loss, each member would have to establish that a better
4  price was obtainable for each trade executed on his behalf. *Id.* at 178. In fact, the *Newton* court
5  itself acknowledged as much: "It is important to recognize that the facts of this case do not resonate
6  with those typical of securities violations under Rule 10b-5." *Id.* at 173. In *Kline v. Coldwell Bank
7  & Co.*, 508 F.2d 226 (9th Cir. 1974), a Sherman Act antitrust matter, plaintiffs sought to certify a
8  class of residential home sellers against **2,000** separate defendants, each entitled to present separate
9  proof as to its own defenses to liability and damages, a "judgment" trial that would have to repeat
10 itself 2,000 times. *Id.* at 236.[5] The same is not true here.
11     Here, plaintiffs allege each member of the proposed class purchased or otherwise acquired
12 Oracle securities during the Class Period (December 14, 2000-March 1, 2000). Each alleges that
13 Oracle's false and misleading statements caused the stock price to be artificially inflated, and each
14 suffered damages when the true facts about Oracle's business condition were disclosed to investors.
15 *Dura* requires nothing more – and certainly not in Plaintiffs' Class Certification Motion.

16     **C.    Oracle Is Not Entitled to Any Relief without Filing an Opposition
17           Under Civ. L.R. 7-3**

18     Plaintiffs' Class Certification Motion complies with Fed. R. Civ. P. 23, Northern District
19 Local Rules and this Court's December 14, 2004 Amended Pre-Trial Order requiring plaintiffs to
20 move for class certification no later than January 31, 2005. Oracle requested, and plaintiffs agreed
21 to, an extension to their response date and only days prior to filing the instant motion, Oracle
22 informed the Court that it had not yet taken the necessary discovery to "allow Defendants to prepare
23 a response in opposition to plaintiffs' motion for class certification." Stipulation and Order

---

[5]    In both cases relied upon by Oracle, defendants filed oppositions to the class certification motions.

1  Regarding Class Discovery at 2.[6] Now, defendants argue that plaintiffs should not be "permitted to
2  raise an argument [on loss causation] for the first time in its reply." Defs' Mem. at 3. However, as
3  evidenced by their motion, which is devoid of authoritative, factual or evidentiary support, Oracle's
4  gripe appears to be with Civ. L.R. 7-3, which governs motion practice in this district and not
5  Plaintiffs' Class Certification Motion. This challenge to Plaintiffs' Class Certification Motion must
6  be filed in an opposition. *See* Civ. L.R. 7-3. As such, any ruling on the merits of a class certification
7  motion should be deferred until defendants actually challenge it and the Court has a complete record
8  before it.

## III.  CONCLUSION

In conclusion, because Oracle has: (1) not filed an opposition to Plaintiffs' Class Certification Motion; (2) admitted that it is unprepared to file an opposition to Plaintiffs' Class Certification Motion; (3) not demonstrated that the Supreme Court's decision in *Dura* in any way impacts the necessary showing to be made by plaintiffs to satisfy Fed. R. Civ. P. 23; and (4) failed altogether to show that Plaintiffs' Class Certification Motion contains any matter subject to a Fed. R. Civ. P. 12(f) motion to strike, Oracle's motion should be denied in its entirety.

DATED: May 24, 2005           Respectfully submitted,

                              LERACH COUGHLIN STOIA GELLER
                                RUDMAN & ROBBINS LLP
                              SHAWN A. WILLIAMS
                              WILLOW E. RADCLIFFE
                              ELI R. GREENSTEIN
                              JENNIE LEE ANDERSON
                              MONIQUE C. WINKLER


                                    /S/ SHAWN A. WILLIAMS
                                  SHAWN A. WILLIAMS

---

[6] Defendants are currently scheduled to file an opposition by July 8, 2005. For the Court's convenience, a copy of the Stipulation and Order Regarding Class Discovery, filed on May 4, 2005, is attached hereto as Exhibit A.

```
 1
 2                                                100 Pine Street, Suite 2600
                                                  San Francisco, CA  94111
 3                                                Telephone:  415/288-4545
                                                  415/288-4534 (fax)
 4
                                                  LERACH COUGHLIN STOIA GELLER
 5                                                  RUDMAN & ROBBINS LLP
                                                  WILLIAM S. LERACH
 6                                                MARK SOLOMON
                                                  DOUGLAS R. BRITTON
 7                                                401 B Street, Suite 1600
                                                  San Diego, CA  92101
 8                                                Telephone:  619/231-1058
                                                  619/231-7423 (fax)
 9
                                                  Lead Counsel for Plaintiffs
10   T:\CasesSF\Oracle3\BRF00021067.doc
11
12
13
...
28
```

PLTFS' RESPONSE TO DEFS' MOTION TO STRIKE PLTFS' MOTION FOR CLASS CERT AND CORRECTED MEMO IN SUPPORT THEREOF IN LIGHT OF *DURA* - C-01-0988-MJJ — - 8 -

Exhibit A

| | | |
|---|---|---|
| 1 | MAYER, BROWN, ROWE & MAW LLP<br>Donald M. Falk (SBN 150256) | LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP |
| 2 | Lee H. Rubin (SBN 141331)<br>Shirish Gupta (SBN 205584) | Shawn A. Williams (SBN 213113)<br>Willow E. Radcliffe (SBN 200087) |
| 3 | Two Palo Alto Square, Suite 300<br>Palo Alto, California 94306 | Eli R. Greenstein (SBN 217945)<br>100 Pine Street, Suite 2600 |
| 4 | Telephone:   (650) 331-2000<br>Facsimile:    (650) 331-2060 | San Francisco, CA 94111<br>Telephone: (415) 288-4545 |
| 5 | lrubin@mayerbrownrowe.com | Facsimile: (415) 288-4534<br>shawnw@lerachlaw.com |
| 6 | | |
| 7 | MAYER, BROWN, ROWE & MAW LLP<br>Alan N. Salpeter (admitted *pro hac vice*) | LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP |
| 8 | Javier Rubinstein (admitted *pro hac vice*)<br>Vincent P. Schmeltz III (admitted *pro hac vice*) | William S. Lerach (SBN 68581)<br>Mark Solomon (SBN 151949) |
| 9 | 190 South LaSalle Street<br>Chicago, IL  60603-3441 | Douglas R. Britton (SBN 188769)<br>401 B Street, Suite 1600 |
| 10 | Telephone:   (312) 782-0600<br>Facsimile:    (312) 701-7711 | San Diego, CA  92101<br>Telephone: (619) 231-1058 |
| 11 | jrubinstein@mayerbrownrowe.com | Facsimile: (619) 231-7423<br>dougb@lerachlaw.com |
| 12 | Attorneys for Defendants ORACLE<br>CORPORATION, LAWRENCE J. | Lead Counsel for Plaintiffs |
| 13 | ELLISON, JEFFREY O. HENLEY, and<br>EDWARD J. SANDERSON | |
| 14 | ORACLE CORPORATION<br>Dorian Daley (SBN 129049) | |
| 15 | James C. Maroulis (SBN 208316)<br>500 Oracle Parkway, Mailstop 5OP7 | |
| 16 | Redwood Shores, California 94065<br>Telephone:   (650) 506-5200 | |
| 17 | Facsimile:    (650) 506-7114<br>jim.maroulis@oracle.com | |
| 18 | | |
| 19 | Attorneys for Defendant ORACLE<br>CORPORATION | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE ORACLE CORPORATION<br>SECURITIES LITIGATION | Case No. C-01-0988-MJJ<br>(Consolidated) |
| | **DISCOVERY MATTER** |
| This Document Relates To:<br><br>ALL ACTIONS. | **STIPULATION AND [~~PROPOSED~~]<br>ORDER REGARDING CLASS<br>DISCOVERY**<br><br>**Magistrate Judge Joseph C. Spero** |

STIPULATION AND [PROPOSED] ORDER; CASE NO. C-01-0988-MJJ

Pursuant to Civ. L.R. 7-12, Plaintiffs and Defendants stipulate as follows:

1.  This stipulation and proposed order addresses the schedule for class discovery, additional briefing with respect to Plaintiffs' Motion for Class Certification, and oral argument regarding class certification.

2.  Pursuant to the Court's March 10, 2005 Amended Order Setting A Discovery Plan ("Discovery Plan"), Defendants are to submit a brief in opposition to Plaintiffs' motion for class certification by May 6, 2005 and Plaintiffs are to file their reply by June 13, 2005. The Discovery Plan set no hearing for Plaintiffs' motion for class certification, leaving such a hearing to the Court's convenience. The Court has not yet set the hearing date.

3.  The parties have endeavored in good faith to complete class certification discovery in time to allow Defendants to prepare a response in opposition to plaintiffs' motion for class certification.

4.  Because of delays resulting from third party discovery and constraints in the parties' schedules, the parties have not yet completed class certification discovery. The parties are cooperating in completing this certification.

5.  The parties have agreed that additional time for class discovery is warranted and that the briefing schedule should be modified to take account of the additional time needed to complete class discovery.

6.  Accordingly, the parties hereby stipulate and agree to modify the schedule in the Discovery Plan for completing the class certification process, as follows:

- Defendants will complete any class certification related third party depositions, as well as the depositions of the Lead Plaintiffs and Plaintiffs' proposed Class Representatives, by June 17, 2005.
- Defendants will submit a memorandum in opposition to Plaintiffs' motion for class certification by July 8, 2005.
- Plaintiffs will submit a reply in support of their motion for class certification by August 5, 2005.

1  • The parties will be prepared for oral argument in late August 2005 or at the Court's
2    convenience, thereafter.
3  • Plaintiffs reserve their right to refuse to respond to additional written discovery from
4    Defendants after May 9, 2005. Defendants reserve their right to serve and to compel
5    response to such discovery, on or after May 9, 2005, if necessary.

**IT IS SO STIPULATED.**

Dated: May 3, 2005

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

By: /s/ Douglas R. Britton
Douglas R. Britton
Lead Counsel for Plaintiffs

Dated: May 3, 2005

MAYER, BROWN, ROWE & MAW LLP

By: /s/ Vincent P. Schmeltz III
Vincent P. Schmeltz III
Attorneys for Defendants Oracle Corporation,
Lawrence J. Ellison, Jeffrey O. Henley and
Edward J. Sanderson

**ORDER**

Pursuant to Stipulation, **IT IS SO ORDERED.**

Dated: May 4, 2005

/s/ Joseph C. Spero
**Magistrate Judge Joseph C. Spero**

1   DECLARATION OF SERVICE BY MAIL AND FACSIMILE

2   I, the undersigned, declare:

3   1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on May 24, 2005, declarant served the PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of May, 2005, at San Francisco, California.

                                                /S/ RUTH A. CAMERON
                                                  RUTH A. CAMERON

ORACLE III (LEAD)

Service List - 5/24/2005    (201-064-1)

Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534 (Fax)