MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
190 South LaSalle Street
Chicago, IL  60603-3441
Telephone:    (312) 782-0600
Facsimile:    (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway, Mailstop 5OP7
Redwood Shores, California 94065
Telephone:    (650) 506-5200
Facsimile:    (650) 506-7114
jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. C-01-0988-MJJ<br>(Consolidated)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND CORRECTED MEMORANDUM IN SUPPORT THEREOF IN LIGHT OF *DURA PHARMACEUTICALS, INC.* v. *BROUDO*, 125 S. CT. 1627 (APR. 19, 2005)**<br><br>Date:    June 14, 2005<br>Time:   9:30 a.m.<br>Place:   Ctrm. 11<br>            Honorable Martin J. Jenkins |

## INTRODUCTION

In their opposition, Plaintiffs represent to the Court that "*Dura* did not create any 'new requirements' for *proving* loss causation." Pls. Opp. at 4 (emphasis added). That is simply untrue, as demonstrated by the very first paragraph of the Supreme Court's decision: "the Ninth Circuit is wrong, both in respect to what a plaintiff must *prove* and in respect to what the plaintiffs' complaint here must allege." *Dura*, 125 S. Ct. at 1629 (emphasis added). The central issue on a motion for class certification is whether "the issues likely to be presented at trial * * * are susceptible to class-wide proof" (Rule 23, 2003 Advisory Comm. Notes), and after Plaintiffs filed their class certification motion, *Dura* changed the rule in this Circuit regarding what Plaintiffs must prove at trial. Plaintiffs should be required to present a class certification motion that addresses those issues, not be permitted to engage in litigation by ambush by reserving argument on critical Rule 23 factors for their reply brief.

Plaintiffs also incorrectly contend that Defendants' motion is somehow procedurally improper and that Plaintiffs are free to ignore *Dura* if they so choose. Yet, the instant motion is entirely consistent with the Federal Rules and the Local Rules. Moreover, this Court clearly has the inherent authority to order the parties to submit briefs that address the impact of new law on a pending motion.

## ARGUMENT

**A.  Plaintiffs Are Wrong In Contending That *Dura* Is Merely A Case Involving Pleading Standards**

Plaintiffs' opposition principally rests (at 3-6) on the fallacy that the *Dura* decision concerns solely the pleading of loss causation in securities fraud cases. *Dura*, however, explicitly addresses "what a plaintiff must prove," as well as what a plaintiff must "allege." 125 S. Ct. at 1629. Because what must be alleged in the pleadings regarding loss causation turns on what must be proved at trial concerning loss causation, much of the Court's opinion in *Dura* discusses what

Section 10(b) plaintiffs must establish at trial. At trial, the Supreme Court instructs, plaintiffs must sort through "the tangle of factors affecting [the] price" of securities to prove that a drop in price—like that which occurred in Oracle's stock—was caused by "the earlier misrepresentation" and not by "changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events." *Id.* at 1632. And the Court warned that "the longer the time" in question "the more likely that other factors" than the alleged misrepresentation "caused the loss." *Ibid.* Flatly contradicting Plaintiffs' contention that *Dura* is only about pleading standards, the Supreme Court described this discussion as "[o]ur *holding* about plaintiffs' need to *prove* proximate causation and economic loss." *Id.* at 1634 (second emphasis original). After *Dura*—which reversed Ninth Circuit law as it stood at the time Plaintiffs filed their class certification motion—Plaintiffs at trial will have to segregate the causes of price movements in Oracle's volatile stock over a 2½ month period to try to establish that Defendants' alleged misrepresentations caused a loss to each investor regardless of when the investor purchased (or sold) stock during that period.

That fact-intensive, time- and transaction-specific inquiry is not, as Plaintiffs incorrectly assert (at 3), merely about the amount of damages. As the Supreme Court stated, it goes to a "basic element" of liability: whether each claimant suffered an "economic loss" that was "proximately cause[d]" by the alleged misstatements. 125 S. Ct. at 1631. And it is irrelevant that Plaintiffs' motion "does not cite to or rely on the Ninth Circuit opinion in *Dura*." Pls. Opp. 4 n.3. The faulty legal rule rejected by the Supreme Court in *Dura*—which had been the rule in the Ninth Circuit for many years—was the *only* basis for Plaintiffs' loss causation contentions in their class certification motion and the *only* basis for the loss causation allegations in their complaint. See Def. Mem. 2-3 (quoting complaint and class certification motion).

2

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; CASE NO.: C-01-0988-MJJ**

In light of the Supreme Court's seminal ruling in *Dura*, Plaintiffs' facile response to Defendant's motion to strike is remarkable for its failure to grapple with the issues facing this Court at the class certification stage. Plaintiffs refuse to facilitate this Court's "rigorous analysis" of whether they have "met the prerequisites of Rule 23," though "actual, not presumed, conformance" with Rule 23 before a class may be certified is "indispensable." *Zinser* v. *Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *Gen. Tel. Co.* v. *Falcon*, 457 U.S. 147, 160-161 (1982).

For example, Plaintiffs assert (at 5) that *Dura*'s explanation of what securities fraud plaintiffs must prove at trial to establish loss causation has no bearing on the showing they must make to satisfy Rule 23. But a "critical" factor in class certification proceedings, as described by the Federal Rules Committee responsible for drafting Rule 23, is that a court must "tes[t]" whether "the issues likely to be presented at trial * * * are susceptible to class-wide proof." Rule 23, 2003 Advisory Comm. Notes; see Defs. Mem. at 4-5, 8. Thus whether the loss causation inquiry mandated in *Dura*—involving segregation of "the tangle of factors affecting price" (125 S. Ct. at 1632)—can be accomplished on a class-wide basis or instead involves individualized, time- and transaction-specific inquiries that would predominate at trial is highly relevant to whether Rule 23 is satisfied. Though Plaintiffs bear the burden to show that common and not individualized issues predominate, they offer not a hint of how they propose at trial to separate the multitude of causes of price movements of Oracle stock over 2½ months to show that alleged misstatements had an impact on price at the time of every transaction throughout the class period. See, *e.g.*, *Elkind* v. *Liggett & Myers, Inc.*, 635 F.2d 156, 171 (2d Cir. 1980) (without accounting for "unrelated factors affecting the market price" of a stock it is "impossible as a practical matter to isolate [any] rise or decline in market price, * * * caused by" alleged misconduct); Donald C. Langevoort, *Taming the Animal Spirits of the Stock Markets*, 97 Nw. U. L. Rev. 135, 177-178 (2002) ("noise and the presence of other information" render identification of price effects of

3

1  events "imprecise," "unusable," and "increasingly doubtful" as the time period under
2  consideration lengthens).[1]

3  Plaintiffs also incorrectly assert (at 5) that Defendants have not identified the nature of the
4  time- and transaction-specific disputes that would bog a class action down in countless individual
5  mini-trials.  Of course, it is Plaintiffs who bear the burden to establish that loss causation is
6  susceptible to class adjudication, not Defendants' burden to show the contrary.  But in fact
7  Defendants devoted two pages of their motion to strike to explaining why it appears that loss
8  causation here could not be adjudicated using some class-wide method or formula given the
9  Supreme Court's instruction in *Dura* that Plaintiffs must segregate the cause of price decreases.
10  Defs. Mem. 6-7.  Plaintiffs fail to address that argument.  Instead they blithely claim that Oracle
11  "disclosures" of the "true facts" "caused" the stock's price to decline (Pls. Opp. 5, 6), without
12  acknowledging that (1) no disclosure to the market of alleged financial statement fraud is alleged
13  or occurred, (2) Plaintiffs identify no disclosure to the market correcting supposed misstatements
14  regarding Oracle's Suite 11i software, (3) it is impossible that disclosures that allegedly occurred
15  on March 1, 2001 and later "caused" substantial stock price declines in January and February
16  2001, and (4) Plaintiffs identify no means by which the price decline on March 1-2, 2001 can be
17  attributed to the alleged "disclosures" as opposed to other contemporaneous market, industry-
18  sector, or firm-specific events.  See Defs. Mem. 6-7.  Plaintiffs' refusal to address how they
19  would prove loss causation in these unusual circumstances—far different from the run-of-the-mill
20  securities fraud case in which a stock price decline can uniquely be traced to a corrective
21  disclosure or series of disclosures of the truth—underlines why the Court should grant

---

[1] Plaintiffs claim without foundation to distinguish two (of five) cases that Defendants cited in their motion to strike where courts denied class certification because plaintiffs failed to show they could "prove classwide injury with common evidence." *Blades* v. *Monsanto Co.*, 400 F.3d 562, 575 (8th Cir. 2005); Pls. Opp. 5-6.  Because Plaintiffs have identified no facts, circumstances, or methodology in this case that make it possible to "exclude other potential sources of price movement" across the entire putative class period, *West* v. *Prudential Sec.*, 282 F.3d 935, 939-940 (7th Cir. 2002), they have provided no reason at all to believe that *Newton*, *West*, *Blades*, *Grandon*, or *Kline* are distinguishable in any relevant respect.  See Defs. Mem. 5-6.

4

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; CASE NO.: C-01-0988-MJJ**

1  Defendants' motion to strike.  Leaving that issue to Plaintiffs' Reply Brief in support of their
2  class certification motion is procedurally improper and unfair to Defendants.  See 4-26 Matthew
3  Bender Practice Guide: Federal Pretrial Civ. Proc. in California, § 26.50 ("It is improper to
4  introduce new facts or a different legal argument in the reply brief").

5  While Plaintiffs argue at length that the RSAC contains sufficiently detailed allegations to
6  state a claim for securities fraud (Pls. Opp. at 4-5), Plaintiffs simply ignore the fact that a motion
7  for class certification must address how Plaintiffs will prove their case at trial as to each member
8  of the class.  Plaintiffs have entirely ignored that issue and have provided no explanation about
9  how they might seek to prove loss causation for millions of transactions over 2½ months on a
10 class-wide basis.

11 **B.   Plaintiffs' Other Arguments Are Meritless**

12 Plaintiffs conclude their brief with a pair of meritless procedural arguments.  Pls. Opp. 6-
13 7.  First, Plaintiffs contend that Defendants' motion to strike is procedurally defective because
14 Defendants did not cite Federal Rule of Civil Procedure 12(f).  That Rule, of course, only
15 addresses a motion to strike portions of a Complaint or an Answer.  Defendants did not cite that
16 Rule because Defendants are not seeking to strike any portion of the RSAC.

17 Second, Plaintiffs contend that once they filed the class certification motion, Defendants'
18 only option was to oppose class certification, not to move to strike Plaintiffs' motion and
19 supporting memorandum.  Not surprisingly, Plaintiffs cite no legal authority for this proposition.
20 This Court unquestionably has the inherent authority to order a party to file supplemental briefing
21 addressing additional legal issues—in this case a new Supreme Court decision that affects the
22 pending motion.  That is all Defendants are seeking here.

23 While Defendants clearly are entitled to file an opposition to Plaintiffs' class certification
24 motion under Local Rule 7-3 at the appropriate time provided for by this Court, after class
25 discovery is complete, the very point of Defendants' motion to strike is that Plaintiffs' class
26 papers fail to rise even to the level where opposition is meaningfully possible, because controlling
27 new Supreme Court law that Plaintiffs have never addressed has intervened.  Defendants' motion
28 to strike based on new controlling law is proper under Local Rules 7-1 and 7-2.  As an

5

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION; CASE NO.: C-01-0988-MJJ

"application to the court for an order," the motion to strike is authorized by Fed. R. Civ. P. 7(b)(1). See also 4 Cyclopedia. Fed. Prac. 467 (3d ed. 2003) ("The nomenclature used by the movant in classifying the motion is not controlling. However the motion is styled, the court must decide whether it is appropriate to the relief requested").

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' opening Memorandum, Defendants respectfully request an order striking Plaintiffs' Motion for Class Certification and memorandum in support thereof, without prejudice to Plaintiffs' right to file an appropriate Motion for Class Certification that takes account of the loss causation requirements set forth by the Supreme Court in *Dura Pharmaceuticals*.

DATED:   May 31, 2005                        MAYER, BROWN, ROWE & MAW LLP

By:/s/ Lee H. Rubin
Lee H. Rubin
Attorneys for Defendants Oracle Corporation,
Lawrence J. Ellison, Jeffrey O. Henley and
Edward J. Sanderson

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), Shirish Gupta hereby attests that the signatory's concurrence in the filing of this document has been obtained.*

6

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; CASE NO.: C-01-0988-MJJ**