# EXHIBIT 1

MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone:     (650) 331-2030
Facsimile:     (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
190 South LaSalle Street
Chicago, IL  60603-3441
Telephone:     (312) 782-0600
Facsimile:     (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway, Mailstop 5OP7
Redwood Shores, California 94065
Telephone:     (650) 506-5200
Facsimile:     (650) 506-7114
jim.maroulis@oracle.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ (Consolidated) |
| | **DEFENDANTS' RESPONSE TO FIRST SET OF REQUESTS FOR DOCUMENTS** |
| This Document Relates To: | |
| ALL ACTIONS. | **Judge Martin J. Jenkins** |

1    Pursuant to Federal Rule of Civil Procedure 34, Defendants Oracle Corporation

2   ("Oracle"), Lawrence J. Ellison ("Ellison"), Jeffrey O. Henley ("Henley") and Edward J.

3   Sanderson ("Sanderson") (collectively "Defendants") hereby object and respond to Plaintiffs'

4   First Set of Requests for Production of Documents to Defendants Oracle, *et al.* ("Requests").

5                        **GENERAL OBJECTIONS AND COMMENTS**

6    A.    For the purposes of these responses, Defendants define the term "Speaker" as

7   Ellison, Henley, Sanderson, Stephanie Aas, Mark Barrenechea and Jennifer Glass.

8    B.    For the purposes of these responses, Defendants define the term "Complaint" as

9   Plaintiffs' Revised Second Amended Complaint.

10    C.    Defendants object to the Requests to the extent that they purport to require the

11   production of documents that are protected by the attorney-client privilege, the attorney work

12   product doctrine, statutory and constitutional privacy rights, and other applicable doctrines.

13   Defendants will produce a privilege log that is adequate to meet their obligations under rules and

14   law.

15    D.    Defendants object to the Requests to the extent that they purport to require

16   discovery in excess of Defendants' obligations under the Federal Rules of Civil Procedure, the

17   Federal Rules of Evidence, the Local Rules of the Northern District of California and other

18   applicable law.

19    E.    Defendants object to the Requests as impertinent and not reasonably calculated to

20   lead to the discovery of admissible evidence.

21    F.    Defendants object to the Requests as overbroad, oppressive, vexatious and unduly

22   burdensome.

23    G.    Defendants object to the Requests as overbroad and unduly burdensome to the

24   extent that they purport to require production of documents that were neither seen by,

25   communicated to, or relied on by the Speakers.  According to the Complaint, the alleged false

26   statements concern Oracle's company-wide projections and sales, not individual deals.  The

27   financial projections were for Oracle as a whole and were based on consolidated company-wide

28

1    data. As such, lower-level employee documents that were not communicated to the Speakers

2    cannot be relevant.

3         H.    Defendants further object to the Requests as overbroad and unduly burdensome in

4    that Defendants are prepared to produce nearly 40,000 pages of documents which were produced

5    to the Plaintiffs in the Delaware Derivative Action. Included in the production are numerous

6    Oracle financial reports, including forecasts and sales reports throughout 3Q01. After reviewing

7    this production, Plaintiffs should then serve targeted document requests, rather than their current

8    Requests which call for nearly every single financial document generated at Oracle for a twelve-

9    month period.

10        I.    Defendants object to the time frame set forth in the Requests as overbroad,

11   oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of

12   admissible evidence because Plaintiffs' relevant time period definition exceeds the putative class

13   period by nine months. Defendants will produce responsive documents from June 1, 2000 –

14   March 1, 2001. In addition, Defendants object to the relevant time periods identified in Requests

15   37 (August 1, 2002 – December 31, 2002), 38 (September 1, 2002 – March 31, 2003), 43

16   (October 1, 2002 – March 31, 2003) and 44 (October 1, 2002 – present) as overbroad, oppressive,

17   unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence,

18   as each of these date ranges is well beyond the putative class period in this case.

19        J.    Defendants object to the Requests' definitions of "You," "Your," "Oracle,"

20   "Company," "Individual Defendants" and "Defendants" as overbroad and to the extent that they

21   purport to require production of documents beyond Defendants' possession, custody, or control

22   that are located by a reasonable search. To the extent that Defendants agree to produce

23   non-objectionable requested documents subject to and without waiving their objections,

24   Defendants will produce documents in their possession, custody, or control that are located by a

25   reasonable search. Defendants further object to these definitions as overbroad, oppressive,

26   unduly burdensome and vexatious to the extent that they purport to require the production of

27   lower-level Oracle employees' documents, namely individuals who did not directly report to the

28   Speakers.

3

1      K.      Defendants further object to the Requests' definitions of "GE Capital,"

2  "BellSouth," "Telia AB," "JDS Uniphase," "Hewlett-Packard," "Nantucket Allserve,"

3  "Motorola," "Health Net," "Now Foods," "Telecom New Zealand," "Foster's Group" and

4  "Principal Financial Group" as overbroad.  Specifically, Defendants lack knowledge as to the

5  identities of these non-parties' "parents, subsidiaries, divisions, affiliates, operating units,

6  officers, directors, employees, representatives, or agents."

7      L.      Defendants further object to the Requests' definitions of "E&Y" and "AA" as

8  overbroad.  Specifically, Defendants lack knowledge as to the identities of these non-parties'

9  "subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, officers, directors,

10  board of directors or committees thereof, employees, representatives or agents, including, but not

11  limited to, attorneys, accountants, investment advisors or bankers, and any other person acting or

12  purporting to act on its behalf and all other entities operated or controlled by [E&Y or AA] or by

13  any direct or indirect subsidiary or affiliate thereof."

14      M.      Defendants further object to the Requests' definition of "Customer" as vague and

15  ambiguous and overbroad in that it appears to include any person who could license Oracle

16  software.

17      N.      Defendants further object to the Requests' definition of "Financial statements" as

18  overbroad, and to the extent that they purport to require production of documents beyond

19  Defendants' possession, custody, or control that are located by a reasonable search.  Specifically,

20  Oracle's accountants' workpapers are not within Defendants' possession, custody, or control.

21      O.      Defendants' investigation and discovery in this case are ongoing.  Defendants will

22  supplement their objections and responses as necessary, pursuant to Federal Rule of Civil

23  Procedure 26(e) and the Local Rules of the Northern District of California.

24

25

26

27

28

**SPECIFIC OBJECTIONS**

**<u>REQUEST NO. 1:</u>**

All documents and communications relating to the actual and forecasted sales and orders for Oracle's business applications products, including, but not limited to, 11i and any and all pipeline reports and upside reports relating to the same.

**<u>RESPONSE TO REQUEST NO. 1:</u>**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 1 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 1 as vague and ambiguous as to "the actual and forecasted sales and orders." Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**<u>REQUEST NO. 2:</u>**

All documents and communications relating to the actual and forecasted sales and orders for Oracle's database products, including, but not limited to, Oracle 8i and any and all pipeline reports and upside reports relating to the same.

**<u>RESPONSE TO REQUEST NO. 2:</u>**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 2 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 2 as vague and ambiguous as to "the actual and forecasted sales and orders." Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 3:**

All documents and communications relating to actual and forecasted sales and orders for the CRM module, and any and all upside reports and pipeline reports relating to the same.

**RESPONSE TO REQUEST NO. 3:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 3 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 3 as vague and ambiguous as to "the actual and forecasted sales and orders." Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 4:**

All documents and communications relating to any sales discounts or rebates offered or given to any Oracle customer or potential customer between June 1, 2000 and March 31, 2001 on Oracle's database or applications products.

**RESPONSE TO REQUEST NO. 4:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 4 as vague and ambiguous as to "any sales discounts or rebates offered or given." Defendants further object to Request No. 4 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, especially given that any sales activity from March 1, 2001 – March 31, 2001 is outside Oracle's 3Q01, which ended on February 28, 2001. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

1   **REQUEST NO. 5:**

2      All documents and communications relating to Oracle's sales staff 3Q01 and/or FY01

3   sales quotas and/or goals, including, but not limited to, documents concerning any particular sales

4   person's progress toward meeting sales quotas and/or goals.

5   **RESPONSE TO REQUEST NO. 5:**

6      Defendants incorporate each of their General Objections as though fully set forth herein.

7   Defendants further object to Request No. 5 as overbroad, unduly burdensome and not reasonably

8   calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

9   foregoing objections, Defendants will produce responsive, non-privileged documents for the

10  period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on

11  by the Speakers.

12

13  **REQUEST NO. 6:**

14     All documents and communications relating to the United States economy and its impact

15  on sales of Oracle's database and applications products, including, but not limited to, order

16  cancellations, order or purchase delays, and discounts offered on Oracle products or services.

17  **RESPONSE TO REQUEST NO. 6:**

18     Defendants incorporate each of their General Objections as though fully set forth herein.

19  Defendants further object to Request No. 6 as overbroad, unduly burdensome and not reasonably

20  calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

21  No. 6 as vague and ambiguous as to "documents and communications relating to the United

22  States economy."  Subject to and without waiving the foregoing objections, Defendants will

23  produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that

24  may have been seen by, communicated to, or relied on by the Speakers and that concern the

25  impact of the United States economy on the sales of Oracle products.

26

27

28

1   **REQUEST NO. 7:**

2       All documents and communications relating to competition from IBM or Microsoft or any

3   other database or applications provider for product market share, including, but not limited to,

4   win-loss reports.

5   **RESPONSE TO REQUEST NO. 7:**

6       Defendants incorporate each of their General Objections as though fully set forth herein.

7   Defendants further object to Request No. 7 as overbroad, unduly burdensome and not reasonably

8   calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

9   No. 7 as vague and ambiguous as to "competition from IBM or Microsoft or any other database

10   or applications provider" and "product market share."

11

12   **REQUEST NO. 8:**

13       All documents and communications relating to any and all sales or revenue analyses

14   and/or forecasts for Oracle's sales and consulting organizations, including OSI, NAS, or OPI,

15   including, but not limited to:  Upside Reports, Flash Reports, Pipeline Reports, Big Deal Reports,

16   OASIS Reports, White Books/Board of Directors Quarterly Results, Red/Grey Books/Monthly

17   Financial Reference Books, Green Books/Americas Reporting Packages, Blue Books/Subsidiary

18   Key Performance Measures, Yellow Books/Product Revenue Reporting Packages, Oatmeal

19   Books/Consulting Performance Packages, Executive Committee Worldwide Forecasts, Approvals

20   for 2000 Forecast Reports, Investor Relations Projection Models and summaries of interviews

21   conducted by Simpson Thacher & Bartlett LLP.

22   **RESPONSE TO REQUEST NO. 8:**

23       Defendants incorporate each of their General Objections as though fully set forth herein.

24   Defendants further object to Request No. 8 as overbroad, unduly burdensome and not reasonably

25   calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

26   No. 8 as vague and ambiguous as to "sales and revenue analyses and/or forecasts."  Defendants

27   further object to Request No. 8 in that summaries of interviews conducted by Simpson Thacher &

28   Bartlett LLP are protected by the attorney-client privilege and the attorney work product doctrine.

1   Defendants further object to Request No. 8 as compound in that summaries of interviews
2   conducted by Simpson Thacher & Bartlett LLP are not "sales or revenue analyses and/or
3   forecasts;" as such, Defendants will treat Request No. 8 as two requests.  Subject to and without
4   waiving the foregoing objections, Defendants will produce responsive, non-privileged financial
5   reports for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated
6   to, or relied on by the Speakers.

7

8   **REQUEST NO. 9:**

9       All documents and communications relating to sales pipeline projections or forecasts for
10  Oracle's database and applications products, including, but not limited to, all entries into Oracle
11  Sales On-Line, Oasis or any Oracle database.

12  **RESPONSE TO REQUEST NO. 9:**

13      Defendants incorporate each of their General Objections as though fully set forth herein.
14  Defendants further object to Request No. 9 as overbroad, unduly burdensome and not reasonably
15  calculated to lead to the discovery of admissible evidence.  Defendants further object to Request
16  No. 9 as vague and ambiguous as to "any Oracle database."  Defendants further object to Request
17  No. 9 because Oracle Sales On-Line ("OSO") is a dynamic system which, at all times, is
18  constantly changing.  As such, it is impossible to produce a snapshot of all OSO entries from
19  3Q01.  Subject to and without waiving the foregoing objections, Defendants will produce pipeline
20  projections and forecasts generated from OSO for the period June 1, 2000 – March 1, 2001 that
21  may have been seen by, communicated to, or relied on by the Speakers.

22

23  **REQUEST NO. 10:**

24      All documents and communications relating to actual or forecasted conversion ratios of
25  potential sales in Oracle pipelines to sales or consulting contracts in any of its business divisions,
26  including, but not limited to, OSI, OPI and NAS.

27

28

**RESPONSE TO REQUEST NO. 10:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 10 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Defendants will produce non-privileged documents relating to conversion ratios for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 11:**

All documents and communications related to customers' purchases or prospective purchases of Oracle database and applications products and services, including, but not limited to, bid proposals, bids delivered, bids won and bids lost.

**RESPONSE TO REQUEST NO. 11:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 11 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**

All documents and communications relating to all plans, proposals, negotiations, contracts or agreements, or potential sales of Oracle database or applications products or services between Oracle and Telecom New Zealand, Foster's Group, Hewlett-Packard, JDS Uniphase, Principal Financial Group, Nantucket Allserve, GE Capital, Motorola, Health Net, and Now Foods.

**RESPONSE TO REQUEST NO. 12:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 12 as overbroad, oppressive, vexatious, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

All documents and communications relating to any negotiations, proposals, agreements, contracts or functionality problems between Oracle and BellSouth regarding 11i, including, but not limited to, the CRM module or any of its other individual applications or modules.

**RESPONSE TO REQUEST NO. 13:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 13 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 14:**

All documents and communications relating to or analyzing demand from Oracle's Internet or "dot-com" customers for Oracle database and/or application products.

**RESPONSE TO REQUEST NO. 14:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 14 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 14 as vague and ambiguous with respect to the phrase "analyzing demand." Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 15:**

All documents and communications relating to Oracle's 3Q01 projections of 75% application growth; 20-20% database growth; 25% licensing growth and 15-20% service growth.

**RESPONSE TO REQUEST NO. 15:**

Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 16:**

All documents and communications concerning or relating to any formal or informal investigation, inquiry, proceeding, sanction, or complaint brought against the Company or the Individual Defendants by the SEC or any federal or state administrative or governmental agency, including any communications with such agency.

**RESPONSE TO REQUEST NO. 16:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 16 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 16 as it purports to require the production of documents that are protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents concerning matters alleged in the Complaint for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 17:**

All documents showing the organizational structure, and positions of employees of Oracle.

**RESPONSE TO REQUEST NO. 17:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 17 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will produce a list of senior Oracle personnel during 2Q01 and 3Q01.

**REQUEST NO. 18:**

All documents and communications relating to the systems integration work necessary to implement 11i or any of its individual modules.

**RESPONSE TO REQUEST NO. 18:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 18 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 19:**

All documents and communications relating to the ability of 11i or any of its individual modules to work with non-Oracle database products.

**RESPONSE TO REQUEST NO. 19:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 19 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:**

All documents and communications relating to "bugs" or "gaps" in 11i, including, but not limited to, the CRM module or any of its other individual modules.

**RESPONSE TO REQUEST NO. 20:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 20 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

1   **REQUEST NO. 21:**

2         All documents and communications relating to the timing of the release of 11i, including,

3   but not limited to, each subsequent version of 11i, for example, 11i.5 and 11i5.3.

4   **RESPONSE TO REQUEST NO. 21:**

5         Defendants incorporate each of their General Objections as though fully set forth herein.

6   Defendants further object to Request No. 21 as overbroad, unduly burdensome and not reasonably

7   calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

8   No. 21 as vague and ambiguous as to "the timing of the release of 11i."

9

10   **REQUEST NO. 22:**

11         All documents and communications relating to the development and/or the completion of

12   an Application Programming Interface ("API") for the CRM modules, including, but not limited

13   to, the development of an API for any specific customer, including, but not limited to, BellSouth.

14   **RESPONSE TO REQUEST NO. 22:**

15         Defendants incorporate each of their General Objections as though fully set forth herein.

16   Defendants further object to Request No. 22 as overbroad, unduly burdensome and not reasonably

17   calculated to lead to the discovery of admissible evidence.

18

19   **REQUEST NO. 23:**

20         All documents and communications relating to "patches," "mega patches" or "family

21   pack" fixes, released for 11i or any of its individual modules or versions and/or customer requests

22   for the same.

23   **RESPONSE TO REQUEST NO. 23:**

24         Defendants incorporate each of their General Objections as though fully set forth herein.

25   Defendants further object to Request No. 23 as overbroad, unduly burdensome and not reasonably

26   calculated to lead to the discovery of admissible evidence.

27

28

**REQUEST NO. 24:**

All documents and communications relating to customer or potential customer complaints, concerns or dissatisfaction with the functionality, implementation or integration of 11i or any of its individual modules, including, but not limited to, the CRM module.

**RESPONSE TO REQUEST NO. 24:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 24 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

All documents and communications relating to technical errors or performance failures of 11i, including, but not limited to, any of its individual modules, including, but not limited to, all technical assistance requests.

**RESPONSE TO REQUEST NO. 25:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 25 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:**

All documents relating to the functionality and/or "bugs" in the 11i software applications or modules implemented at Oracle, including, but not limited to, the "timesheets" module and the "travel and expense" module.

**RESPONSE TO REQUEST NO. 26:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 26 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 27:**

All documents and communications supporting, or relating to Oracle's claim that it had already saved $1 billion through the internal implementation of its applications software.

**RESPONSE TO REQUEST NO. 27:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 27 as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 28:**

All documents and communications relating to Oracle's monthly reconciliation of accounts receivable to the general ledger.

**RESPONSE TO REQUEST NO. 28:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 28 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on November 17, 2000.

**REQUEST NO. 29:**

All documents and communications relating to Oracle's credit memos and monthly credit memo registers including, but not limited to, those relating to customer overpayments.

**RESPONSE TO REQUEST NO. 29:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 29 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

16

foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on November 17, 2000.

**REQUEST NO. 30:**

All documents and communications relating to review or investigation conducted by you, E&Y, AA or the SLC concerning Oracle's accounting, revenue recognition and financial reporting for FY01.

**RESPONSE TO REQUEST NO. 30:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 30 as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and purporting to require the production of documents protected by the attorney-client privilege and attorney work product doctrine.

**REQUEST NO. 31:**

All documents and communications concerning the preparation and filing of Oracle's Second and Third quarter fiscal 2001 Forms 10-Q, including, but not limited to, all documents and communications relating to its line item "cash advances and unearned revenue."

**RESPONSE TO REQUEST NO. 31:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 31 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 31 because, to the extent that it seeks "documents and communications concerning the preparation and filing of Oracle's Second and Third quarter fiscal 2001 Forms 10-Q," it asks for documents that are protected by the attorney-client and attorney work product privileges. Oracle's Form 10-Qs for 2Q01 and 3Q01 are publicly available documents which have been provided to Plaintiffs as attachments to Defendants' prior motions to dismiss.

17

1  **REQUEST NO. 32:**

2      All documents and communications relating to credit or debit memos created in

3  November 2000, including, but not limited to, their impact on Oracle revenues and earnings.

4  **RESPONSE TO REQUEST NO. 32:**

5      Defendants incorporate each of their General Objections as though fully set forth herein.

6  Defendants further object to Request No. 32 as overbroad, unduly burdensome and not reasonably

7  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

8  foregoing objections, Defendants will produce responsive, non-privileged documents for the

9  period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

10  as occurring on November 17, 2000.

11

12  **REQUEST NO. 33:**

13      All documents and communications relating to the Activity Detail in 12601_ Detail

14  spreadsheet, including, but not limited to, all versions of that spreadsheet including the

15  spreadsheet titled, "Greater Than 100K in 1260151 Version 3.xls."

16  **RESPONSE TO REQUEST NO. 33:**

17      Defendants incorporate each of their General Objections as though fully set forth herein.

18  Defendants further object to Request No. 33 as overbroad, unduly burdensome and not reasonably

19  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

20  foregoing objections, Defendants will produce responsive, non-privileged documents for the

21  period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

22  as occurring on November 17, 2000.

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR DOCUMENTS
CASE NO. C-01-0988-MJJ

**REQUEST NO. 34:**

All documents and communications relating to Oracle's *pro forma* website used to generate *pro forma* invoices for customers.

**RESPONSE TO REQUEST NO. 34:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 34 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 34 as vague and ambiguous with respect to the phrase "*pro forma* website used to generate *pro forma* invoices."

**REQUEST NO. 35:**

All documents and communications relating to the conversion of Oracle's internal accounting systems to 11i.

**RESPONSE TO REQUEST NO. 35:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 35 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 36:**

All documents and communications relating to the disposition of unassigned cash receipts assigned to any Oracle reserve account, including, but not limited to, account 12601 and/or customer overpayments.

**RESPONSE TO REQUEST NO. 36:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 36 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the

19

1   period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

2   as occurring on November 17, 2000.

3

4   **REQUEST NO. 37:**

5       All documents and communications relating to any miscellaneous offset report generated

6   between August 1, 2000 and December 31, 2000 or between August 1, 2002 and December 31,

7   2002.

8   **RESPONSE TO REQUEST NO. 37:**

9       Defendants incorporate each of their General Objections as though fully set forth herein.

10  Defendants further object to Request No. 37 as overbroad as to scope and time, unduly

11  burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

12  purporting to require the production of documents protected by the attorney-client privilege and

13  attorney work product doctrine.   Subject to and without waiving the foregoing objections,

14  Defendants will produce responsive, non-privileged documents for the period June 1, 2000 –

15  March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on

16  November 17, 2000.

17

18  **REQUEST NO. 38:**

19      All documents and communications relating to any miscellaneous receipt write-off

20  occurring between August 1, 2000 and December 31, 2000 and/or occurring between

21  September 1, 2002 and March 31, 2003.

22  **RESPONSE TO REQUEST NO. 38:**

23      Defendants incorporate each of their General Objections as though fully set forth herein.

24  Defendants further object to Request No. 38 as overbroad as to scope and time, unduly

25  burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

26  purporting to require the production of documents protected by the attorney-client privilege and

27  attorney work product doctrine.   Subject to and without waiving the foregoing objections,

28  Defendants will produce responsive, non-privileged documents for the period June 1, 2000 –

1  March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on
2  November 17, 2000.

3

4  **REQUEST NO. 39:**

5  All documents and communications relating to any effort or actions to reconcile Oracle's
6  "On Account," or "unapplied cash," including, but not limited to, Unapplied Cash Account
7  (25005).

8  **RESPONSE TO REQUEST NO. 39:**

9  Defendants incorporate each of their General Objections as though fully set forth herein.
10  Defendants further object to Request No. 39 as overbroad, unduly burdensome and not reasonably
11  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the
12  foregoing objections, Defendants will produce responsive, non-privileged documents for the
13  period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint
14  as occurring on November 17, 2000.

15

16  **REQUEST NO. 40:**

17  All documents and communications relating to any measures taken from October, 2002 to
18  the present related to refunding customers, adjusting or reconciling customer invoices, or
19  adjusting credit analyst notes for all customers, including, but not limited to, any "receipt write-
20  offs" or 5160101 refunds.

21  **RESPONSE TO REQUEST NO. 40:**

22  Defendants incorporate each of their General Objections as though fully set forth herein.
23  Defendants further object to Request No. 40 as overbroad, unduly burdensome, not reasonably
24  calculated to lead to the discovery of admissible evidence and purporting to require the
25  production of documents protected by the attorney-client privilege and attorney work product
26  doctrine.  Subject to and without waiving the foregoing objections, Defendants will produce
27  responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to
28  debit memoranda identified in the Complaint as occurring on November 17, 2000.

**REQUEST NO. 41:**

All documents and communications between and among the members of Oracle's Credit Collections Group and accounts receivable department, discussing the November 2000 credit and/or debit memos, on account cleanup, invoice adjustments, including during the relevant time period and between October 1, 2002 and March 31, 2003.

**RESPONSE TO REQUEST NO. 41:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 41 as overbroad as to scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and purporting to require the production of documents protected by the attorney-client privilege and attorney work product doctrine.   Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on November 17, 2000.

**REQUEST NO. 42:**

All documents and communications generated during the relevant time period and from October 1, 2002 to the present relating to November 17, 2000 debit memos and/or unapplied cash.

**RESPONSE TO REQUEST NO. 42:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 42 as overbroad as to time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and purporting to require the production of documents protected by the attorney-client privilege and attorney work product doctrine.   Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on November 17, 2000.

**REQUEST NO. 43:**

All documents and communications relating to transactions in Oracle's 25005 account occurring between November 1, 2000 and November 30, 2000 and between October 11, 2002 and March 31, 2003.

**RESPONSE TO REQUEST NO. 43:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 43 as overbroad as to time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and purporting to require the production of documents protected by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on November 17, 2000.

**REQUEST NO. 44:**

All documents and communications relating to any "On Account" clean up or reconciliation of Oracle's "On Account" during the relevant time period and/or between October 1, 2002 and March 31, 2003.

**RESPONSE TO REQUEST NO. 44:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 44 as overbroad as to time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and purporting to require the production of documents protected by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on November 17, 2000.

1   **REQUEST NO. 45:**

2      All documents and communications created during or relating to the relevant time period

3   concerning any "receipt write-offs" or 5160101 refunds.

4   **RESPONSE TO REQUEST NO. 45:**

5      Defendants incorporate each of their General Objections as though fully set forth herein.

6   Defendants further object to Request No. 45 as overbroad, unduly burdensome and not reasonably

7   calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

8   foregoing objections, Defendants will produce responsive, non-privileged documents for the

9   period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

10  as occurring on November 17, 2000.

11

12  **REQUEST NO. 46:**

13     All documents and communications concerning Oracle's customer activity detail 12601

14  spreadsheets.

15  **RESPONSE TO REQUEST NO. 46:**

16     Defendants incorporate each of their General Objections as though fully set forth herein.

17  Defendants further object to Request No. 46 as overbroad, unduly burdensome and not reasonably

18  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

19  foregoing objections, Defendants will produce responsive, non-privileged documents for the

20  period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

21  as occurring on November 17, 2000.

22

23  **REQUEST NO. 47:**

24     All documents and communications distributed to or prepared, received or reviewed by

25  any member of the SLC relating to the SLC investigation of claims in the Delaware Derivative

26  Action, the California Derivative Action, and the Federal Securities Action.

27

28

1   **RESPONSE TO REQUEST NO. 47:**

2        Defendants incorporate each of their General Objections as though fully set forth herein.

3   Defendants further object to Request No. 47 as overbroad, unduly burdensome.   Defendants

4   further object to Request No. 47 as the SLC's report, interview summaries and notes, and advice

5   and analysis received from the SLC's counsel (or consultants acting at the direction of counsel)

6   are protected by the attorney-client privilege and attorney work product doctrine.

7

8   **REQUEST NO. 48:**

9        All documents relating to any meetings of the Board or any committees thereof (including

10   the SLC) or any committees or groups which reported to the Board (including the executive

11   management committee), including all Board packets, documents, or other materials reviewed by

12   the board, any of its committees, or any groups reporting to the Board, all notes taking during any

13   such meetings, and all documents memorializing any such meetings.

14   **RESPONSE TO REQUEST NO. 48:**

15        Defendants incorporate each of their General Objections as though fully set forth herein.

16   Defendants further object to Request No. 48 as overbroad, unduly burdensome and purporting to

17   require the production of documents protected by the attorney-client privilege and attorney work

18   product doctrine.   Subject to and without waiving the foregoing objections, Defendants will

19   produce non-privileged documents relating to meetings of the Board, the Finance and Audit

20   Committee of the Board and the Executive Management Committee for the period June 1, 2000 –

21   March 1, 2000 that may have been seen by, communicated to, or relied on by the Speakers.

22

23   Dated:  January 18, 2004          MAYER, BROWN, ROWE & MAW LLP

24

25                  By: *Lee H. Rubin*

                     Lee Rubin

26                  Attorneys for Defendants Oracle Corporation,

               Lawrence J. Ellison, Jeffrey O. Henley and

27                  Edward J. Sanderson

28

DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR DOCUMENTS
CASE NO. C-01-0988-MJJ

**PROOF OF SERVICE**

I, JESSICA FERNANDEZ, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is:  Two Palo Alto Square, Suite 300, Palo Alto, California 94306.

On January 18, 2005, I served the foregoing document(s) described as:

**DEFENDANTS' RESPONSE TO FIRST SET OF REQUESTS FOR DOCUMENTS**

☒ By transmitting via facsimile the document(s) listed above (exclusive of exhibits) to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed envelope with postage prepaid, via First Class Mail, in the United States mail at Palo Alto, California addressed as set forth below.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By placing the document(s) listed above in a sealed overnight service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an overnight service agent for delivery.

| | |
|---|---|
| Sanford Svetcov | William S. Lerach |
| Shawn A. Williams | Mark Solomon |
| Willow E. Radcliffe | Douglas Britton |
| **LERACH, COUGHLIN, STOIA,** | **LERACH, COUGHLIN, STOIA,** |
| **GELLER, RUDMAN & ROBBINS LLP** | **GELLER, RUDMAN & ROBBINS LLP** |
| 100 Pine Street, Suite 2600 | 401 B Street, Suite 1700 |
| San Francisco, CA 94111 | San Diego, CA 92101 |
| Fax: (415) 288-4534 | Fax: (619) 231-7423 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose

direction the service was made.

Executed on January 18, 2005 at Palo Alto, California.

JESSICA FERNANDEZ