# EXHIBIT 2

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

*163*

IN RE ORACLE CORP. DERIVATIVE    : Consolidated
LITIGATION                            : Civil Action
                                       : No. 18751

- - -

Chancery Court Chambers
New Castle County Courthouse
Wilmington, Delaware
Wednesday, January 29, 2003
3:10 p.m.

- - -

BEFORE:  HON. LEO E. STRINE, JR., Vice Chancellor

- - -

TELECONFERENCE
DISCOVERY MOTIONS

- - -

CHANCERY COURT REPORTERS
500 North King Street, Suite 11400
Wilmington, Delaware  19801
(302) 255-0526

*FILED FEB 12 '03 PM 2:04 NCC R1C*

ORIGINAL

1    questions at depositions about why didn't you look at

2    X and Y, were there divisional reports, why didn't

3    you go, to use the California term, drill down at the

4    divisional level.

5           By knowing what the report says and the

6    documents that were attached to it, the plaintiffs

7    also can ask questions about what the committee did

8    not look at.  They can make the argument to me that,

9    "They didn't look at these twelve things.  How could

10   this be reasonable if they didn't look at that, Your

11   Honor.  Then it's not reasonable for them to throw

12   out the claim because they didn't know enough about

13   it."

14          So I am going to deny, and I'm not going

15   to go over them by number, but virtually all the

16   requests that really do just, in my view, look like

17   discovery requests on the merits.  I'm going to deny

18   them on the basis of Kaplan and Carlton and the prior

19   precedent.

20          I am, however, going to require

21   production of the actual interview notes that were

22   scribbled down, I forget what sub-parts they are, the

23   committee's interview outlines and notes.  I am going

24   to require that.  I believe that does go to the heart

1   of the matter, and there could be potentially

2   discrepancies between the handwriting and the other

3   thing.

4           That doesn't mean that they are material,

5   but I think the plaintiffs get a chance to look at

6   those, and I think that's relevant under Zapata to

7   the reasonableness of the committee's efforts.

8           I am troubled by the issue on the

9   internal memos from the committee counsel.  As I

10  understand it, the committee has waived its

11  privilege.  Is that correct, Mr. Kreissman?

12          MR. KREISSMAN:  That is correct, Your

13  Honor.  The committee, by putting out the special

14  litigation committee report, has waived its

15  privilege.

16          THE COURT:  I'm not sure that work

17  product doctrine really has much force in this

18  context, and without writing for the ages, we're

19  doing a transcript ruling here, I'm inclined to order

20  that these be produced because counsel are

21  tremendously important in the special litigation

22  committee context.

23          One of the things that the directors will

24  undoubtedly argue is that they're entitled to rely on

1    the advice of counsel, and there was a lot of

2    information here, and consistent with the same

3    reasons why I'm going to allow you to enjoy the

4    pleasures of being deposed, Mr. Kreissman, I believe

5    that this information should be produced.

6            I'm not setting -- and I want to say on

7    the record I'm dealing with the arguments that were

8    presented to me.  There could be other arguments on

9    another day, but for this case and for now, I believe

10   that the information should be produced.

11           I want to make a note about the

12   California production before I finish.  That's odd.

13   In a way, the argument is it's already there, why

14   shouldn't it be produced.  The problem that I have

15   with that notion is the incentive scheme it sets up,

16   which is my understanding of Delaware law is that

17   ordinarily when you have what appears to be an

18   independent special committee, and when the

19   plaintiffs can't lay a glove on the committee in

20   terms of its independence right up front so that the

21   committee could possibly be given deference down the

22   road, then our case law pretty clearly indicates that

23   a stay of discovery should issue.

24           For whatever reason, whether it was a

92

1

2

3

4                          CERTIFICATE

5

6            I, MAUREEN M. McCAFFERY, Official Court

7     Reporter of the Chancery Court, State of Delaware, do

8     hereby certify that the foregoing pages numbered 3

9     through 91 contain a true and correct transcription

10    of the proceedings as stenographically reported by me

11    at the hearing in the above cause before the

12    Vice-Chancellor of the State of Delaware, on the date

13    therein indicated.

14

15            IN WITNESS WHEREOF I have hereunto set my

16    hand at Dover, this 4th day of February, 2003.

17

18

19                          Official Court Reporter
20                            of the Chancery Court
                                State of Delaware
21
      CSR No. 201-RPR
22    Expiration date: 1/31/05

23

24