Case 3:01-cv-00988-SI   Document 276-4   Filed 06/03/05   Page 1 of 3

# EXHIBIT 4

```
MAYER
BROWN
ROWE
& MAW
```

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Vincent Paul (Trace) Schmeltz III
Direct Tel (312) 701-8531
Direct Fax (312) 706-8146
tschmeltz@mayerbrownrowe.com

April 22, 2005

<u>**VIA FACSIMILE**</u>

Eli R. Greenstein
Lerach Coughlin Stoia Geller
 Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Re:  <u>In re Oracle Securities Litigation</u>

Dear Eli:

This letter sets forth our position on several issues you raised in our conversation of Thursday, April 14, 2005. During our conversation, you asked whether Oracle Corporation would agree to produce: (1) the Special Litigation Committee ("SLC") Report ("Report"); (2) the SLC's interview notes and any transcripts of the SLC's interviews; (3) deposition transcripts from the derivative lawsuits (captioned *In re Oracle Corp. Derivative Litigation*, Consolidated C.A. No. 18751, in the Delaware Court of Chancery; and *Oracle Cases*, Judicial Council Coordination Proceeding No. 4180, Superior Court Case No. 417511, in San Mateo County Superior Court) ("Derivative Suits"); and (4) a log that identifies documents that the SLC reviewed.

<u>**Special Litigation Committee Report, Interview Notes and Transcripts**</u>. Neither the Report nor notes of the attorneys representing the SLC is discoverable. Each is protected by both attorney-client privilege and the work-product immunity doctrine. First, the Report and the notes fall within the boundaries of the attorney-client privilege because of the unique nature of the derivative lawsuit. The attorneys working on and compiling the SLC report in response to the derivative action represented the company in performing their SLC-related activities. There has been no waiver of the privilege that attached as a consequence of this representation. Indeed, the unique unity of plaintiff, defendant, and corporation in a derivative action *prevents* a waiver of the privilege because no third party has been privy to the communication. *See In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997); *see also Farber v. Pub. Serv. Co. of N.M.*, No. 89-0456 JB/WWD, 1991 U.S. Dist. LEXIS 18051, at *3 (D.N.M. April 4, 1991) ("It is not the job of a special litigation committee to assemble and analyze data for use by other litigants in other suits against the corporation.").

Second, the Report, and in particular the notes and interview memoranda drafted by the attorneys who prepared the Report, are immune from discovery pursuant to the work-product doctrine encapsulated in Federal Rule of Civil Procedure Rule 26(b)(3).

Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles Manchester New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Eli Greenstein
April 22, 2005
Page 2

**Deposition Transcripts.** We have two fundamental concerns about producing the depositions taken in the Derivative Suits. First, a number of the depositions contain references, discussions, and citations to the Report and the witness interviews. We would not produce such depositions without first redacting them. Second, any attempt to use these depositions in an effort to generate testimony that is inconsistent with that given in the Derivative Suits almost three years ago, in some cases, would be incompatible with Rule 26. If Plaintiffs would agree, during the course of a deposition in this case, either (1) to refrain from attempting to impeach our witnesses with deposition testimony given in the Derivative Suits without confronting them with that testimony at deposition in this action; or (2) not to re-depose the same witnesses on the same topics, Defendants would consider producing the transcripts from the Derivative Suits.

Each of these issues needs to be addressed before we can consider producing any of the depositions from the Derivative Suits.

**SLC Documents.** The Discovery Plan that governs this case specifically states that "Defendants are not required to specifically identify [documents that the SLC reviewed] as having been produced to the SLC." As a result, we will not separately identify such documents.

Please let me know if you would like to discuss any of these issues further.

Sincerely,

*Vincent P. Schmeltz III /rr/*

Vincent Paul (Trace) Schmeltz III


cc  Lee H. Rubin
    James C. Maroulis