EXHIBIT 2

TO

(SCHMELTZ DECLARATION)

ORIGINAL

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN RE ORACLE CORP. ) 
DERIVATIVE LITIGATION ) Consolidated C.A. No. 18751
)
)

## AMENDED AND SUPPLEMENTAL ORDER

WHEREAS, the Special Litigation Committee on behalf of Nominal Defendant Oracle Corporation filed a Motion for Leave to File Under Seal the Report of the Special Litigation Committee of Oracle Corporation;

WHEREAS, the Court found that there is good cause for the issuance of such an order and entered such order on November 22, 2002; and

WHEREAS, the Committee has sought a modification of such order to permit the Committee to provide its report to the Courts, parties and counsel in certain other derivative actions;

IT IS HEREBY ORDERED, this ___ day of November, 2002, that this Court's order of November 22, 2002 is superceded by this order and it is hereby ordered as follows:

(a) The Committee shall be permitted to file its Report and accompanying exhibits under seal.

(b) The Register in Chancery shall maintain the Report and its exhibits under seal unless this Court orders that the Report and exhibits be unsealed.

(c) Any party and counsel for any party:

(i) shall not use the Report, its exhibits or information derived therefrom for any purpose other than for purposes of this civil action and shall not use the Report, its exhibit or any information derived therefrom for any other purpose, including, without limitation, any business or commercial purpose, or any communications with, between or among stockholders or any third party not a named party in this civil action;

(ii) shall not disclose, summarize, describe, characterize or otherwise communicate or make available the Report, the exhibits or any information derived therefrom to any persons or entities other than:

(a) the counsel of record who represent the named parties that have appeared in this action, and members of their firms, and regular and temporary employees of such counsel (including outside copying services and outside litigation support services) necessary to assist in the conduct of the Action for use in accordance with this Order;

(b) the Court and its employees; and

(c) any other person only upon order of the Court or upon stipulation of the Parties to this Action including the Committee.

(d) Every person given access to the Report, the exhibits or information contained therein shall be advised, prior to or at the time of receipt of such access, that the Report, the exhibits and the information contained therein is being disclosed pursuant and subject to the terms of this order and may not be disclosed other than pursuant to the terms of this order.

(e) All documents of any nature, including any pleadings, motions, briefs or letters to the Court which reproduce, contain, describe, or otherwise disclose in any manner, the contents of the Report or the exhibits and information contained therein, shall be filed under seal in accordance with Court of Chancery Rule 5(g)(4). All such documents so filed shall be

maintained by the Register in Chancery separate from public records in this action and shall be released only upon further order of the Court.

(f) Notwithstanding the foregoing, the provisions of this order shall not preclude the Committee from disclosing the Report, its exhibits or information derived therefrom to any officer, director or employee of Oracle Corporation.

(g) Notwithstanding the foregoing, the provisions of this order shall not preclude the Committee from disclosing the Report, its exhibits or information derived therefrom to the Court and/or the parties and their counsel in <u>Syed Akhter, et al. v. Michael J. Boskin, et al.</u>, San Mateo Superior Court Case No. 417511, Judicial Coordination Proceeding No. 4180, Superior Court of the State of California, San Mateo County (the "California Derivative Action") and <u>Paul Bauer v. Lawrence J. Ellison, et al.</u>, No. C-02-1304, United States District Court for the Northern District of California (the "Federal Derivative Action"), with the parties and their counsel being subject to an appropriate confidentiality order.

_____
Vice Chancellor