# EXHIBIT 6
# TO
# (SCHMELTZ DECLARATION)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION | No. C 01-0988 MJJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL** |

## INTRODUCTION

Before the Court is Defendants' motion to disqualify Lerach Coughlin Stoia Geller Rudman & Robbins ("Lerach Coughlin") as counsel for Plaintiffs. For the following reasons, the Court **DENIES** the motion.

## FACTUAL BACKGROUND

Samuel Rudman, currently a named partner at Lerach Coughlin, was, before a merger in 2004, a named partner at a law firm that represented Oracle Corporation's shareholders in a derivative lawsuit in Delaware against two of Oracle's executive officers. The factual predicate in the Delaware derivative action was much the same as that presented by the instant securities fraud case in which Lerach Coughlin represents Plaintiffs.

## LEGAL STANDARD

Pursuant to the California Rules of Professional Conduct, where an attorney successively represents parties with adverse interests, a presumption arises that the attorney has had access to privileged and confidential matters relevant to the subsequent representation such that disqualification of the attorney and his entire firm is mandatory. CAL. R. PROF. CONDUCT 3-310(E); *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004).

## ANALYSIS

Defendants urge that the disqualification of Lerach Coughlin as Plaintiffs' counsel is mandatory because Rudman's representation of Oracle shareholders in the Delaware action and his firm's present representation of Plaintiffs in the instant securities fraud case against Oracle amount to successive representation of parties with adverse interests.[1] At the heart of the rules of professional conduct relied upon by Defendants in urging disqualification here is the notion that the interests of the parties represented by Rudman in the Delaware derivative action are adverse to the interests of Plaintiffs in the instant securities action. The Court disagrees. Although Oracle Corporation was the real plaintiff in the derivative suit, *see Jones v. HF Ahmanson & Co.*, 1 Cal. 3d 93, 107 (1969), the Court finds that the interests of the clients at issue are not adverse and that the presumption of a conflict under California law does not arise. *See In re Dayco Corp. Derivative Sec. Litig.*, 102 F.R.D. 624, 630 (S.D. Ohio 1984) ("counsel can represent a stockholder bringing *both* an individual *and* a derivative action" because playing this dual role is only a "surface duality" that presents a *potential* for conflict, and is not a conflict *per se*). Additionally, the Court finds that Defendants have not demonstrated that an actual conflict has ripened out of the mere theoretical conflict presented by Rudman's representation in the Delaware case. Defendants' motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendants' motion to disqualify Lerach Coughlin as counsel for Plaintiffs is **DENIED**. This Order terminates docket entry no. 229.

**IT IS SO ORDERED.**

Dated: April _22_, 2005

/s/
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[1] In their moving papers, Defendants also argued that Plaintiffs' counsel was engaged in an improper simultaneous representation of parties with adverse interests. However, at oral argument, Defendants conceded that the procedural posture of the Delaware action no longer presents a case of simultaneous representation. The Court agrees.

2