1  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   MARK SOLOMON (151949)
3  DOUGLAS R. BRITTON (188769)
   401 B Street, Suite 1600
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
           – and –
6  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
7  ELI R. GREENSTEIN (217945)
   JENNIE LEE ANDERSON (203586)
8  MONIQUE C. WINKLER (213031)
   100 Pine Street, Suite 2600
9  San Francisco, CA  94111
   Telephone:  415/288-4545
10 415/288-4534 (fax)

11 Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' SEPARATE SUPPLEMENTAL CASE MANAGEMENT STATEMENT |
| ALL ACTIONS. | |

Pursuant to Civil Local Rule 16-10(d), plaintiffs certify that they met and conferred with defendants at least 10 days prior to the subsequent case management conference scheduled in this case. Plaintiffs submit this Separate Supplemental Case Management Statement because the parties were unable to agree on the content of a joint statement despite continuing to meet and confer as late as the morning of July 1, 2005. The parties last appeared for a case management conference on December 7, 2004.

## I. DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS

### A. DEFENDANTS' ANSWER

On November 17, 2004, defendants filed their answer to Plaintiffs' Revised Second Amended Complaint for Violations of the Federal Securities Laws. On December 3, 2004, plaintiffs sent defendants a letter detailing defendants' failure to comply with Fed. R. Civ. P. 8. Defendants agreed to file an amended answer, and the parties filed a Stipulation and [Proposed] Order Regarding Defendants' Time to File an Amended Answer on December 10, 2004. This Court entered the Order and defendants filed their Amended Answer to Revised Second Amended Complaint on December 14, 2004.

### B. INITIAL DISCLOSURES

On December 21, 2004, the parties exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a).

#### 1. Plaintiffs' Initial Disclosures

On December 29, 2004, defendants requested an order compelling plaintiffs to amend their initial disclosures to include only those individuals who plaintiffs believe in good faith that plaintiffs may use to support their claims. On January 6, 2005, this Court entered an Order Regarding Discovery Conference directing plaintiffs to amend their initial disclosures to include the specific subject matter for which each entity or individual listed may have discoverable information. On January 10, 2005, pursuant to this Court's Order, plaintiffs served Plaintiffs' Amended Initial Disclosures. On May 13, 2005, pursuant to Magistrate Judge Joseph C. Spero's March 10, 2005 Amended Order Setting a Discovery Plan and the parties' agreement extending the plaintiffs' time,

plaintiffs supplemented their initial disclosures with general descriptions of what plaintiffs understand each of the identified witnesses in their initial disclosures know about the case.

### 2. Defendants' Initial Disclosures

Defendants have not amended or updated their initial disclosures despite subpoenaing numerous witnesses and demanding documents from their files.

## C. CLASS CERTIFICATION

On December 17, 2004, this Court issued an Order setting dates for plaintiffs to file and serve their motion for class certification. On January 31, 2005, plaintiffs and proposed class representatives 1199 SEIU Greater New York Pension Fund, Drifton Finance Corporation, Robert D. Sawyer, Ryan Kuehmichel and Dzung Chu filed their Motion for Class Certification. Plaintiffs filed a Corrected Memorandum of Points and Authorities in Support of Motion for Class Certification on February 1, 2005.

### 1. Defendants' Motion to Strike

On May 10, 2005, defendants filed a Motion to Strike Plaintiffs' Motion for Class Certification and Corrected Memorandum in Support Thereof in Light of *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627 (Apr. 19, 2005). On June 10, 2005, this Court entered an Order denying defendants' motion to strike Plaintiffs' Motion for Class Certification. Pursuant to this Court's June 9, 2005 Order, defendants' Opposition to Plaintiffs' Motion for Class Certification must be filed no later than July 29, 2005. Plaintiffs' reply must be filed by August 12, 2005. The hearing on plaintiffs' motion is set for September 13, 2005 at 9:30 a.m.

### 2. Status of Class Certification Discovery

Prior to filing their Motion for Class Certification, plaintiffs 1199 SEIU Greater New York Pension Fund, Drifton Finance Corporation and Robert D. Sawyer had each responded to two sets of interrogatories and two sets of requests for production served by defendants. On March 4, 2005, over one month after plaintiffs filed their motion for class certification, defendants served their third sets of interrogatories and requests for production, for the first time seeking discovery from Ryan Kuehmichel and Dzung Chu in addition to 1199 SEIU Greater New York Pension Fund, Drifton Finance Corporation and Robert D. Sawyer. Defendants did not notice the depositions of any of the

plaintiffs until April 2005, and did not depose any of the plaintiffs until May 2005. Class certification discovery is ongoing.

### D. MERITS DISCOVERY

At the December 7, 2004 Case Management Conference, this Court considered the parties' proposals regarding discovery in this matter and signed a Pretrial Order on December 7, 2004, and an Amended Pretrial Order on December 14, 2004. The Amended Pretrial Order set the non-expert discovery cutoff date at February 24, 2006.

On December 9, 2004, plaintiffs served Plaintiffs' First Set of Requests for Production of Documents to Defendants Oracle, *et al*. Plaintiffs served Plaintiffs' First Set of Requests for Admissions on December 30, 2004. Plaintiffs served Plaintiffs' First Set of Interrogatories to Defendants Oracle Corporation, Lawrence J. Ellison, Jeffery O. Henley, and Edward Sanderson on January 10, 2005.

On December 9, 2004, plaintiffs issued subpoenas for the production of documents on approximately 93 select third-party customers of Oracle Corporation ("Oracle" or the "Company"), certain securities analysts and media organizations that covered Oracle at times relevant to this case and defendants' accountants/auditors. On January 5, 2005, this Court entered an Order denying without prejudice defendants' request for a protective order with respect to these subpoenas.

On January 10, 2005, defendants filed Defendants' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c), requesting that the Court order plaintiffs to withdraw subpoenas issued to Oracle customers and impose a sequenced discovery schedule. Defendants specifically argued that discovery from third parties relating to their purchase or implementation of Oracle's Suite 11i software products was not relevant to this case. On January 12, 2005, this Court referred the motion to a magistrate judge. On February 5, 2005, Magistrate Judge Spero issued an Order directing the parties to submit a joint discovery plan and proposals by February 22, 2005, and temporarily stayed enforcement of the third-party subpoenas.

On February 22, 2005, the parties submitted their Joint Discovery Plan to Magistrate Judge Spero detailing areas of agreement and disagreement. Notably, defendants again contended that discovery relating to Oracle's Suite 11i software products should be severely limited both from

1 defendants and third parties. On March 1, 2005, Magistrate Judge Spero conducted a lengthy 2 discovery conference. At the conference, Magistrate Judge Spero limited discovery to be taken by 3 plaintiffs, specifically on the issues of the functionality of Oracle's Suite 11i and documents from the 4 Company's auditors.

5 On March 10, 2005, Magistrate Judge Spero entered the Amended Order Setting a Discovery 6 Plan. Among other things, the Order provided for the scope of discovery, the production format, and 7 third-party discovery.

8 Regarding third-party discovery, the Amended Order Setting a Discovery Plan limited the 9 number of customers to be subpoenaed to 100 and limited the subject matter as follows: With 10 respect to the economy, plaintiffs were limited to communications with Oracle relating to increases 11 or decreases in purchases from Oracle as a result of the economy and internal documents relating to 12 decisions to purchase or not to purchase from Oracle because of the economy. With respect to 13 Oracle's Suite 11i software, plaintiffs were limited to documents regarding integration and 14 interoperability (including integration and interoperability gaps and bugs) with Oracle applications 15 Suite 11i and its modules, including, but not limited to, Oracle's CRM Module. With respect to 16 accounting, plaintiffs were limited to documents relating to the 46,000 debit memo transactions 17 created on or about November 17, 2000. However, the Court ruled that plaintiffs are not entitled to 18 audit workpapers from outside auditors. Plaintiffs intend to revisit the scope of third-party discovery 19 with Magistrate Judge Spero.

20       **1.**      **Status of Discovery**

21            **a.**      **Defendants' Responses to Written Discovery**

22 Defendants responded to Plaintiffs' First Set of Requests for Production of Documents to 23 Defendants Oracle, *et al.* on January 18, 2005. Defendants responded to Plaintiffs' First Set of 24 Requests for Admissions on February 8, 2005. Defendants responded to Plaintiffs' First Set of 25 Interrogatories to Defendants Oracle Corporation, Lawrence J. Ellison, Jeffery O. Henley, and 26 Edward Sanderson on February 14, 2005. Defendants served their Supplemental Responses to 27 [Plaintiffs'] First Set of Interrogatories on February 8, 2005. For many of the interrogatories, 28 defendants stated that they were in the process of investigating and would continue to supplement.

PLAINTIFFS' SEPARATE SUPPLEMENTAL CASE MANAGEMENT STATEMENT - C-01-0988-MJJ   - 4 -

On March 30, 2005, defendants served their Second Supplemental Responses to [Plaintiffs'] First Set of Interrogatories. Defendants continued to maintain that they were searching for information and would supplement their responses in response to certain of the interrogatories. On June 21, 2005, defendants served their Third Supplemental Responses to [Plaintiffs'] First Set of Interrogatories. Defendants' responses are not yet complete.

### b. Defendants' Document Production

The March 10, 2005 Order directed defendants to produce documents on a rolling basis with production to be completed by May 1, 2005. Defendants did not complete production by May 1, 2005. Instead, defendants produced documents, including 16 CDs purporting to contain electronic files and other documents produced in accordance with the March 10, 2005 Order. Plaintiffs did not receive the sixteenth CD until May 11, 2005, and did not receive transcripts of the depositions taken in the Delaware derivative suits until June 9, 2005. Plaintiffs have discovered and defendants have conceded that the production has technical and substantive deficiencies which make it impossible for plaintiffs to review the production in a timely and efficient manner, including, but not limited to the following: (1) several of the CDs are corrupted making it impossible for plaintiffs to view thousands of pages of documents; (2) not all e-mails were produced in searchable TIFF format as required by §II.B.(a) of the Amended Order; and (3) the production fails to include attachments identified in the body of the documents produced contrary to Magistrate Judge Spero's direction that e-mail attachments be produced immediately following the e-mail or accessible in native format from the e-mail.

Plaintiffs identified certain problems in defendants' production during a June 3, 2005 conference call with defendants and via letters dated June 3, 2005 and June 8, 2005. In a letter dated June 16, 2005, defendants acknowledged the following technical deficiencies with their electronic production: (1) certain documents that were in TIFF format were scanned for production in a way that caused them to be illegible; (2) files received the wrong extension; (3) some of the documents were password protected; and (4) some of the files produced were corrupted when they were gathered. On June 20, 2005, defendants produced a replacement CD with TIFF images. Plaintiffs have identified and communicated to defendants the existence of additional deficiencies in the

production, again making it impossible to review the documents in a timely and efficient manner. Oracle has not yet corrected these deficiencies.

Defendants refused to produce the report of the Special Litigation Committee organized by Oracle to investigate claims asserted against defendants Larry Ellison and Jeff Henley in derivative actions filed in Delaware and California and the interview memoranda and/or notes that the committee relied upon in preparing the report on the ground that they are subject to the attorney-client privilege and the attorney work product doctrine. On June 3, 2005, plaintiffs moved to compel the production of these documents. The motion has been fully briefed and will be heard by Magistrate Judge Spero on July 29, 2005.

### c. Third-Party Discovery

In the March 10, 2005 Order, Magistrate Judge Spero lifted the stay that had been imposed on third-party discovery since February 5, 2005.

#### (1) Customers

Twenty-two of Oracle's customers have produced responsive documents totaling approximately 32,377 pages. Other customers have advised plaintiffs that they intend to produce. Several customers have advised plaintiffs that they are unable to locate any responsive documents and others are having difficulty locating documents based upon the limiting language of the March 10, 2005 Order, in particular, the restrictions imposed on communicating the accounting issue to third parties. Other customers refuse to produce responsive documents.

Evidence produced thus far confirms, however, that many of the customers should have responsive documents; but plaintiffs are unable to further assist the customers in locating the documents because of the March 10, 2005 Order and the Protective Order which prohibits sharing documents produced by Oracle. Plaintiffs continue to meet and confer with several customers within the confines of the March 10, 2005 Order and intend to move for a modification with respect to the third-party subpoenas to allow plaintiffs to discover relevant documents. Plaintiffs also anticipate filing motions to compel certain customers to produce responsive documents.

### (2) Auditors

Plaintiffs sought discovery from Arthur Andersen LLP and Ernst & Young LLP pursuant to the limitations set out in the Amended Order. Ernst & Young LLP produced 283 pages on June 3, 2005, and Arthur Andersen produced 51 pages on June 22, 2005. Plaintiffs anticipate requesting the Court to expand the scope of the discovery allowed from defendants' accountants and auditors and defendants because the limited documents produced do not allow plaintiffs to analyze the claims set forth in Plaintiffs' Revised Second Amended Complaint for Violations of the Federal Securities Laws. By letter dated June 24, 2005, plaintiffs requested that defendants agree to modify the March 10, 2005 Order to incorporate the full set of audit workpapers and quarterly reviews from Oracle, Arthur Andersen LLP and Ernst & Young LLP.

### (3) Analysts and Media Organizations

Fifteen securities analysts have produced responsive documents totaling approximately 9608 pages. Plaintiffs continue to meet and confer with several analysts/media organizations and anticipate filing motions to compel others to produce responsive documents.

## II. ALTERNATIVE DISPUTE RESOLUTION

Plaintiffs currently do not believe that alternative dispute resolution would be useful.

DATED: July 1, 2005

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
MARK SOLOMON
DOUGLAS R. BRITTON
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
JENNIE LEE ANDERSON
MONIQUE C. WINKLER

/s/
SHAWN A. WILLIAMS

|    |                                          |
|----|------------------------------------------|
| 1  |                                          |
| 2  | 100 Pine Street, Suite 2600              |
|    | San Francisco, CA  94111                 |
| 3  | Telephone:  415/288-4545                 |
|    | 415/288-4534 (fax)                       |
| 4  | Lead Counsel for Plaintiffs              |

T:\CasesSF\Oracle3\CMC00022390.doc

DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on July 1, 2005, declarant served the **PLAINTIFFS' SEPARATE SUPPLEMENTAL CASE MANAGEMENT STATEMENT** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of July, 2005, at San Francisco, California.

/s/
MARCY MEDEIROS

ORACLE III (LEAD)

Service List - 7/1/2005   (201-064-1)

Page 1 of 1

## Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

## Counsel For Plaintiff(s)

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)