MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone:   (650) 331-2000
Facsimile:   (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
71 South Wacker Drive
Chicago, IL  60606
Telephone:   (312) 782-0600
Facsimile:   (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway, Mailstop 5OP7
Redwood Shores, California 94065
Telephone:   (650) 506-5200
Facsimile:   (650) 506-7114
jim.maroulis@oracle.com

Attorneys for Defendant Oracle Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | **DEFENDANTS' SUBSEQUENT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 12, 2005<br>Time: 2:30 p.m.<br>Courtroom: 11 |

Pursuant to Civil Local Rule 16-10(d), Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson certify that they have met and conferred with Plaintiffs at least 10 days prior to the further status conference scheduled in this case and submit this Subsequent Case Management Conference Statement. The parties last appeared for a case management conference on December 7, 2004.

The parties attempted to draft a joint statement. During the course of the negotiations, however, Plaintiffs insisted on including language in the joint statement that mischaracterizes Defendants' previous positions on matters already decided by the Court, and inaccurately describes Defendants' positions with respect to current disputes. Defendants explained to Plaintiffs that they did not view a joint CMC statement as the proper forum to litigate or relitigate discovery disputes. Because of this disagreement, the parties were unable to make a joint submission.

## I. DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS

### A. DEFENDANTS' ANSWER

On December 10, 2004, the parties filed a Stipulation and [Proposed] Order Regarding Defendants' Time to File an Amended Answer. This Court adopted the Proposed Order and Defendants filed their Amended Answer on December 14, 2004.

### B. INITIAL DISCLOSURES

On December 21, 2004, the parties exchanged their initial disclosures ("Initial Disclosures") pursuant to Fed. R. Civ. P. 26(a). Plaintiffs have twice supplemented their Initial Disclosures. Defendants contend that Plaintiffs' supplemental responses do not provide sufficient information for Defendants to be able to determine whether, and to what extent, further discovery from the over 600 entities and individuals identified in Plaintiffs' Initial Disclosures is warranted.

Plaintiffs contend that the Federal Rules require Defendants to amend their initial disclosures in light of the subpoenas issued by Defendants demanding testimony and document production from numerous witnesses.

**C.     MERITS DISCOVERY**

   1.     Parameters of Merits Discovery

At the December 7, 2004, Case Management Conference, this Court considered the parties' proposals regarding discovery in this matter and signed a Pretrial Order on December 7, 2004 and an Amended Pretrial Order on December 14, 2004. The Amended Pretrial Order set the non-expert discovery cut-off date at February 24, 2006.

On January 10, 2005, Defendants moved for a protective order to stay enforcement of third-party subpoenas served by Plaintiffs on nearly one hundred of Oracle's customers and its auditors. This Court referred Defendants' motion to Magistrate Judge Spero, who temporarily stayed enforcement of the subpoenas and directed the parties to submit a joint discovery plan and proposals by February 22, 2005. The parties spent several weeks attempting to negotiate a joint discovery plan and, ultimately, offered a joint submission consisting of alternative positions on many of the threshold discovery issues. On March 1, 2005, Magistrate Judge Spero held a lengthy hearing concerning the parties' competing discovery proposals and, on March 10, 2005, entered an Amended Order Setting a Discovery Plan ("Discovery Plan"), a copy of which is attached hereto as Exhibit A.

The Discovery Plan sets forth the parameters that govern discovery in this case, including the list of Oracle employees whose files are to be searched for responsive materials, the scope of discovery by time period and subject matter, the format in which documents must be produced, and discovery procedures concerning Plaintiffs' confidential witnesses.

On March 29, 2005, this Court referred all discovery matters to Magistrate Judge Spero. On the same date, Magistrate Judge Spero entered an order that, among other obligations, requires lead counsel for the parties to meet and confer in person concerning any discovery dispute before seeking relief from the Court.

   2.     Progress of Merits Discovery

To date, each side has exchanged written discovery requests and responses. Plaintiffs contend that Defendants' responses to Plaintiffs' First Set of Interrogatories, which has been supplemented by Defendants on three occasions, are not yet complete.

-2-

1    Plaintiffs have deposed four Rule 30(b)(6) witnesses produced by Defendants.
2    Defendants have noticed the depositions of five of the 49 confidential witnesses relied upon by
3    Plaintiffs in their Revised Second Amended Complaint.  The first of these depositions is
4    scheduled for July 23, 2005.  The parties anticipate conducting numerous depositions throughout
5    the remainder of the year.

6    The only discovery dispute currently before Magistrate Judge Spero is Plaintiff's Motion
7    to Compel (1) the Report of Oracle Corp.'s Special Litigation Committee; and (2) all Interview
8    Memoranda and/or Notes that were considered by the SLC in preparing the Report.  This matter
9    is fully briefed and is scheduled to be heard by Magistrate Judge Spero on July 29, 2005.

10   With respect to documents, Plaintiffs have produced responsive paper documents, but, to
11   date, have produced no electronic documents.  Defendants have produced 280,000 pages of
12   documents (and numerous audio and video recordings), including documents that were previously
13   produced to Oracle's Special Litigation Committee ("SLC") and to the Plaintiffs in the California
14   and Delaware shareholder derivative actions, as well as the deposition transcripts from the
15   derivative actions.  Defendants also have produced the first three versions of Oracle's Suite 11*i*
16   software.  Defendants produced all non-electronic documents by May 2, 2005 (with the exception
17   of the derivative deposition transcripts, which were produced on June 8, 2005 in responses to
18   Plaintiffs' document request).  Electronic documents were produced on a rolling basis through
19   May 11, 2005.

20   At present, the parties have a dispute concerning whether Defendants' production
21   complies with the Discovery Plan.

22              a)    Plaintiffs' position

23   Plaintiffs contend that Defendants' production has technical and substantive deficiencies
24   which make it impossible for Plaintiffs to review the production in a timely and efficient manner,
25   including, but not limited to the following:  (1) several of the CDs are corrupted, making it
26   impossible for Plaintiffs to view thousands of pages of documents; (2) not all e-mails were
27   produced in searchable TIFF format as required the Discovery Plan; and (3) the production fails
28   to include attachments identified in the body of documents produced.

-3-

1          In addition, Plaintiffs claim that (1) certain documents that were in TIFF format were
2   scanned for production in a way that caused them to be illegible; (2) files received the wrong
3   extension; (3) some of the documents were password protected; and (4) some of the files
4   produced were corrupted when they were gathered.  On June 20, 2005, defendants produced a
5   replacement CD with TIFF images.  Defendants have agreed to work with Plaintiffs to correct
6   these technical errors.

7                          b)       Defendants' position

8          The documents in Defendants' production include paper documents, video and audio
9   recordings, TIFF images of paper documents, electronic documents in their native format, and
10  searchable TIFF images of e-mails.  As required by the Discovery Plan, Defendants have
11  endeavored to locate and produce native-file versions of spreadsheets and searchable TIFF
12  versions of e-mails that had been produced in paper format to the SLC or the Plaintiffs in the
13  derivative actions.  Where an attachment was with a document, Defendants produced it to
14  Plaintiffs.  Defendants contend that Plaintiffs' objections concerning attachments should be
15  directed at the Discovery Plan, not at Defendants' production.

16         Since the production, Plaintiffs have identified a small number of technical anomalies in
17  Defendants' production, which Defendants have attempted to quickly resolve.  Some files were
18  password protected, while others had Oracle file extensions which were not supported by the
19  parties' review tools or contained graphics that were misconverted by the TIFF vendor.
20  Defendants have worked with its third-party vendor to address all of these issues and, in a number
21  of cases, have already resolved them.

22         Although Plaintiffs contend that "several of the CDs are corrupted," they have yet to
23  identify those CDs.  In an effort to expeditiously resolve any technical issues, Defendants have
24  repeatedly suggested that the parties' IT personnel confer to resolve any technical issues;
25  Plaintiffs have now agreed to do so, and the meeting will likely occur during the next two weeks.

26
27
28

-4-

SUBSEQUENT CASE MANAGEMENT STATEMENT; CASE NO. C-01-0988 MJJ

**D. THIRD-PARTY DISCOVERY**

1. Oracle's Customers

Twenty-two of Oracle's customers have produced documents in response to Plaintiffs' subpoenas. Some customers have advised Plaintiffs that they intend to produce documents, while others have informed Plaintiffs that they have no responsive materials. Still others have refused to produce any documents.

Plaintiffs are continuing to meet and confer with several customers concerning their responses to the subpoenas and Plaintiffs anticipate filing motions to compel certain customers to produce responsive documents. Plaintiffs also intend to seek a modification of the Discovery Plan to broaden the scope of permissible discovery of Oracle's customers. Defendants contend that the question of the proper scope of discovery from Oracle's customers was exhaustively litigated before Magistrate Judge Spero earlier this year and that Plaintiffs have offered no basis to revisit or reconsider that portion of the Discovery Plan.

2. Auditors

Plaintiffs subpoenaed Arthur Andersen LLP and Ernst & Young LLP for documents pursuant to discovery limitations set forth in Section V.E ("Discovery From Auditors") of the Discovery Plan. Plaintiffs anticipate asking Magistrate Judge Spero to modify the Discovery Plan to expand the scope of discovery with respect to Oracle's auditors. Plaintiffs contend that the documents that the auditors are required to produce under the Discovery Plan are insufficient for Plaintiffs to analyze the claims set forth in Plaintiffs' Revised Second Amended Complaint for Violations of the Federal Securities Laws. Defendants contend that the proper scope of discovery concerning Oracle's auditors was exhaustively litigated before Magistrate Judge Spero and that Plaintiffs have offered no legitimate basis to revisit or reconsider that portion of the Discovery Plan.

3. Analysts and Media Organizations

Fifteen securities analysts have produced responsive documents totaling approximately 9,608 pages. Plaintiffs continue to meet and confer with several analysts/media organizations and anticipate filing motions to compel others to produce responsive documents.

### E.  CLASS CERTIFICATION

On January 31, 2005, Plaintiffs and proposed class representatives 1199 SEIU Greater New York Pension Fund, Drifton Finance Corporation, Robert D. Sawyer, Ryan Kuehmichel and Dzung Chu ("Proposed Class Representatives") filed their Motion for Class Certification. Plaintiffs filed a Corrected Memorandum of Points and Authorities in Support of Motion for Class Certification on February 1, 2005.

#### 1.  Class Certification Schedule

On May 10, 2005, Defendants filed a Motion to Strike Plaintiffs' Motion for Class Certification and Corrected Memorandum in Support Thereof in Light of *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627 (Apr. 19, 2005).  On June 9, 2005, this Court entered an Order denying Defendants' motion to strike Plaintiffs' Motion for Class Certification.  In doing so, the Court provided Plaintiffs until July 8, 2005 to file an Amended Motion for Class Certification. Pursuant to that same Order, Defendants' Opposition to Plaintiffs' Motion for Class Certification is due by July 29, 2005 and Plaintiffs' reply is due by August 12, 2005.  The hearing on Plaintiffs' motion is set for September 13, 2005 at 9:30 a.m.

#### 2.  Class Certification Status

Class discovery is nearly complete in this matter, although the parties have yet to schedule the deposition of proposed class representative and lead Plaintiff, Robert Sawyer, who is unavailable until mid-July.  The schedule for class discovery has been, and continues to be, an issue of dispute between the parties.  For instance, Plaintiffs contend that Defendants have unnecessarily delayed class discovery.  Defendants assert that they have been forced to seek additional discovery from third parties, including the Proposed Class Representatives' trading records, because Plaintiffs' discovery responses have been incomplete.

In addition, the parties have a dispute as to whether Defendants are entitled to records of the Proposed Class Representatives' non-Oracle stock trades during the class period.  While the parties currently have agreed to table this dispute for later resolution, Defendants may ultimately seek the Court's assistance in resolving this issue.

**II.     ALTERNATIVE DISPUTE RESOLUTION**

At this stage in the case, the parties do not believe that alternative dispute resolution would be useful.

Dated: July 1, 2005                                         MAYER, BROWN, ROWE & MAW LLP


By:     /s/ Lee H. Rubin
    Lee H. Rubin
Attorneys for Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley and Edward J. Sanderson

-7-