1  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   MARK SOLOMON (151949)
3  DOUGLAS R. BRITTON (188769)
   401 B Street, Suite 1600
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
          – and –
6  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
7  ELI R. GREENSTEIN (217945)
   JENNIE LEE ANDERSON (203586)
8  MONIQUE C. WINKLER (213031)
   100 Pine Street, Suite 2600
9  San Francisco, CA  94111
   Telephone:  415/288-4545
10 415/288-4534 (fax)

11 Lead Counsel for Plaintiffs

12
                       UNITED STATES DISTRICT COURT
13
                     NORTHERN DISTRICT OF CALIFORNIA
14

15 In re ORACLE CORPORATION          )   Master File No. C-01-0988-MJJ
   SECURITIES LITIGATION             )
16 ─────────────────────────────     )   CLASS ACTION
                                     )
17 This Document Relates To:         )   PLAINTIFFS' REVISED SEPARATE
                                     )   SUPPLEMENTAL CASE MANAGEMENT
18      ALL ACTIONS.                  )   STATEMENT
                                     )
19 ─────────────────────────────         DATE:          July 12, 2005
                                         TIME:          2:30 p.m.
20                                       COURTROOM:     11

21

22

23

24

25

26

27

28

1    Pursuant to Civil Local Rule 16-10(d), plaintiffs certify that they met and conferred with

2  defendants at least ten days prior to the subsequent case management conference scheduled in this

3  case.  Plaintiffs submit this Separate Supplemental Case Management Statement because the parties

4  were unable to agree on the content of a joint statement despite continuing to meet and confer as late

5  as the morning of July 1, 2005.  The parties last appeared for a case management conference on

6  December 7, 2004.

7  **I.      Description of Subsequent Case Developments**

8          **A.      Defendants' Answer**

9          On November 17, 2004, defendants filed their answer to Plaintiffs' Revised Second

10 Amended Complaint for Violations of the Federal Securities Laws ("RSAC").  On December 3,

11 2004, plaintiffs sent defendants a letter detailing defendants' failure to comply with Fed. R. Civ. P.

12 8.  Defendants agreed to file an amended answer, and the parties filed a Stipulation and [Proposed]

13 Order Regarding Defendants' Time to File an Amended Answer on December 10, 2004.  This Court

14 entered the Order and defendants filed their Amended Answer to the RSAC on December 14, 2004.

15         **B.      Initial Disclosures**

16         On December 21, 2004, the parties exchanged their initial disclosures pursuant to Fed. R.

17 Civ. P. 26(a).

18                **1.      Plaintiffs' Initial Disclosures**

19         On December 29, 2004, defendants requested an order compelling plaintiffs to amend their

20 initial disclosures to include only those individuals who plaintiffs believe in good faith that they may

21 use to support their claims.  On January 6, 2005, this Court entered an Order Regarding Discovery

22 Conference directing plaintiffs to amend their initial disclosures to include the specific subject matter

23 for which each entity or individual listed may have discoverable information.  On January 10, 2005,

24 pursuant to this Court's Order, plaintiffs served Plaintiffs' Amended Initial Disclosures.  On May 13,

25 2005, pursuant to Magistrate Judge Joseph C. Spero's March 10, 2005 Amended Order Setting a

26 Discovery Plan and the parties' agreement extending the plaintiffs' time, plaintiffs supplemented

27 their initial disclosures with general descriptions of what plaintiffs understand each of the identified

28 witnesses in their initial disclosures know about the case.

1

## 2.  Defendants' Initial Disclosures

2     Defendants have not amended or updated their initial disclosures despite subpoenaing

3 numerous witnesses and demanding documents from their files.

4     **C.     Class Certification**

5     On December 17, 2004, this Court issued an Order setting dates for plaintiffs to file and serve

6 their motion for class certification.   On January 31, 2005, plaintiffs and proposed class

7 representatives 1199 SEIU Greater New York Pension Fund, Drifton Finance Corporation, Robert D.

8 Sawyer, Ryan Kuehmichel and Dzung Chu filed their Motion for Class Certification.  Plaintiffs filed

9 a Corrected Memorandum of Points and Authorities in Support of Motion for Class Certification on

10 February 1, 2005.

11     **1.     Defendants' Motion to Strike**

12     On May 10, 2005, defendants filed a Motion to Strike Plaintiffs' Motion for Class

13 Certification and Corrected Memorandum in Support Thereof in Light of *Dura Pharmaceuticals,*

14 *Inc. v. Broudo*, 125 S. Ct. 1627 (Apr. 19, 2005).  On June 10, 2005, this Court entered an Order

15 denying defendants' motion to strike Plaintiffs' Motion for Class Certification.  Pursuant to this

16 Court's June 9, 2005 Order, defendants' Opposition to Plaintiffs' Motion for Class Certification

17 must be filed no later than July 29, 2005.  Plaintiffs' reply must be filed by August 12, 2005.  The

18 hearing on plaintiffs' motion is set for September 13, 2005 at 9:30 a.m.

19     **2.     Status of Class Certification Discovery**

20     Prior to filing their Motion for Class Certification, plaintiffs 1199 SEIU Greater New York

21 Pension Fund, Drifton Finance Corporation and Robert D. Sawyer had each responded to two sets of

22 interrogatories and two sets of requests for production served by defendants.  On March 4, 2005,

23 over one month after plaintiffs filed their motion for class certification, defendants served their third

24 sets of interrogatories and requests for production, for the first time seeking discovery from Ryan

25 Kuehmichel and Dzung Chu in addition to 1199 SEIU Greater New York Pension Fund, Drifton

26 Finance Corporation and Robert D. Sawyer.  Defendants did not notice the depositions of any of the

27 plaintiffs until April 2005, and did not depose any of the plaintiffs until May 2005.  Class

28 certification discovery is ongoing.

1

**D.      Merits Discovery**

2      At the December 7, 2004 Case Management Conference, this Court considered the parties'

3  proposals regarding discovery in this matter and signed a Pretrial Order on December 7, 2004, and

4  an Amended Pretrial Order on December 14, 2004.  The Amended Pretrial Order set the non-expert

5  discovery cutoff date at February 24, 2006.

6      On December 9, 2004, plaintiffs served Plaintiffs' First Set of Requests for Production of

7  Documents to Defendants Oracle, *et al*.  Plaintiffs served Plaintiffs' First Set of Requests for

8  Admissions on December 30, 2004.  Plaintiffs served Plaintiffs' First Set of Interrogatories to

9  Defendants Oracle Corporation, Lawrence J. Ellison, Jeffery O. Henley and Edward Sanderson on

10  January 10, 2005.

11      On December 9, 2004, plaintiffs issued subpoenas for the production of documents on

12  approximately 93 select third-party customers of Oracle Corporation ("Oracle" or the "Company"),

13  certain securities analysts and media organizations that covered Oracle at times relevant to this case

14  and defendants' accountants/auditors.  On January 5, 2005, this Court entered an Order denying

15  without prejudice defendants' request for a protective order with respect to these subpoenas.

16      On January 10, 2005, defendants filed Defendants' Motion for Protective Order Pursuant to

17  Fed. R. Civ. P. 26(c), requesting that the Court order plaintiffs to withdraw subpoenas issued to

18  Oracle customers and impose a sequenced discovery schedule.  Defendants specifically argued that

19  discovery from third parties relating to their purchase or implementation of Oracle's Suite 11i

20  software products was not relevant to this case.  On January 12, 2005, this Court referred the motion

21  to a magistrate judge.  On February 5, 2005, Magistrate Judge Spero issued an Order directing the

22  parties to submit a joint discovery plan and proposals by February 22, 2005, and temporarily stayed

23  enforcement of the third-party subpoenas.

24      On February 22, 2005, the parties submitted their Joint Discovery Plan to Magistrate Judge

25  Spero detailing areas of agreement and disagreement.  Notably, defendants again contended that

26  discovery relating to Oracle's Suite 11i software products should be severely limited both from

27  defendants and third parties.  On March 1, 2005, Magistrate Judge Spero conducted a lengthy

28  discovery conference.  At the conference, Magistrate Judge Spero limited discovery to be taken by

PLTFS' REVISED SEPARATE SUPPL CASE MANAGEMENT STATEMENT - C-01-0988-MJJ        - 3 -

1   plaintiffs, specifically on the issues of the functionality of Oracle's Suite 11i and documents from the

2   Company's auditors.

3          On March 10, 2005, Magistrate Judge Spero entered the Amended Order Setting a Discovery

4   Plan.  Among other things, the Order provided for the scope of discovery, the production format, and

5   third-party discovery.

6          Regarding third-party discovery, the Amended Order Setting a Discovery Plan limited the

7   number of customers to be subpoenaed to 100 and limited the subject matter as follows:  With

8   respect to the economy, plaintiffs were limited to communications with Oracle relating to increases

9   or decreases in purchases from Oracle as a result of the economy and internal documents relating to

10  decisions to purchase or not to purchase from Oracle because of the economy.  With respect to

11  Oracle's Suite 11i software, plaintiffs were limited to documents regarding integration and

12  interoperability (including integration and interoperability gaps and bugs) with Oracle applications

13  Suite 11i and its modules, including, but not limited to, Oracle's CRM Module.  With respect to

14  accounting, plaintiffs were limited to documents relating to the 46,000 debit memo transactions

15  created on or about November 17, 2000. However, the Court ruled that plaintiffs are not entitled to

16  audit workpapers from outside auditors.  Plaintiffs intend to revisit the scope of third-party discovery

17  with Magistrate Judge Spero.

18                    **1.       Status of Discovery**

19                         **a.       Defendants' Responses to Written Discovery**

20         Defendants responded to Plaintiffs' First Set of Requests for Production of Documents to

21  Defendants Oracle, *et al.* on January 18, 2005.  Defendants responded to Plaintiffs' First Set of

22  Requests for Admissions on February 8, 2005.  Defendants responded to Plaintiffs' First Set of

23  Interrogatories to Defendants Oracle Corporation, Lawrence J. Ellison, Jeffery O. Henley and

24  Edward Sanderson on February 14, 2005.  Defendants served their Supplemental Responses to

25  [Plaintiffs'] First Set of Interrogatories on February 8, 2005.  For many of the interrogatories,

26  defendants stated that they were in the process of investigating and would continue to supplement.

27  On March 30, 2005, defendants served their Second Supplemental Responses to [Plaintiffs'] First

28  Set of Interrogatories.  Defendants continued to maintain that they were searching for information

1   and would supplement their responses in response to certain of the interrogatories.  On June 21,

2   2005, defendants served their Third Supplemental Responses to [Plaintiffs'] First Set of

3   Interrogatories.  Defendants' responses are not yet complete.

**b.    Defendants' Document Production**

5        The March 10, 2005 Order directed defendants to produce documents on a rolling basis with

6   production to be completed by May 1, 2005.  Defendants did not complete production by

7   May 1, 2005.  Instead, defendants produced documents, including 16 CDs purporting to contain

8   electronic files and other documents produced in accordance with the March 10, 2005 Order.

9   Plaintiffs did not receive the sixteenth CD until May 11, 2005, and did not receive transcripts of the

10  depositions taken in the Delaware derivative suits until June 9, 2005.  Plaintiffs have discovered and

11  defendants have conceded that the production has technical and substantive deficiencies which make

12  it impossible for plaintiffs to review the production in a timely and efficient manner, including, but

13  not limited to the following:  (1) several of the CDs are corrupted making it impossible for plaintiffs

14  to view thousands of pages of documents; (2) not all e-mails were produced in searchable TIFF

15  format as required by §II.B.(a) of the Amended Order; and (3) the production fails to include

16  attachments identified in the body of the documents produced contrary to Magistrate Judge Spero's

17  direction that e-mail attachments be produced immediately following the e-mail or accessible in

18  native format from the  e-mail.

19       Plaintiffs identified certain problems in defendants' production during a June 3, 2005

20  conference call with defendants and via letters dated June 3, 2005 and June 8, 2005.  In a letter dated

21  June 16, 2005, defendants acknowledged the following technical deficiencies with their electronic

22  production:  (1) certain documents that were in TIFF format were scanned for production in a way

23  that caused them to be illegible; (2) files received the wrong extension; (3) some of the documents

24  were password protected; and (4) some of the files produced were corrupted when they were

25  gathered.  On June 20, 2005, defendants produced a replacement CD with TIFF images.  Plaintiffs

26  have identified and communicated to defendants the existence of additional deficiencies in the

27  production, again making it impossible to review the documents in a timely and efficient manner.

28  Oracle has not yet corrected these deficiencies.

1    Defendants refused to produce the report of the Special Litigation Committee organized by

2  Oracle to investigate claims asserted against defendants Larry Ellison and Jeff Henley in derivative

3  actions filed in Delaware and California and the interview memoranda and/or notes that the

4  committee relied upon in preparing the report on the ground that they are subject to the attorney-

5  client privilege and the attorney work product doctrine.  On June 3, 2005, plaintiffs moved to compel

6  the production of these documents.  The motion has been fully briefed and will be heard by

7  Magistrate Judge Spero on July 29, 2005.

8                          **c.      Third-Party Discovery**

9    In the March 10, 2005 Order, Magistrate Judge Spero lifted the stay that had been imposed

10  on third-party discovery since February 5, 2005.

11                          **(1)      Customers**

12    Twenty-two of Oracle's customers have produced responsive documents totaling

13  approximately 32,377 pages.  Other customers have advised plaintiffs that they intend to produce.

14  Several customers have advised plaintiffs that they are unable to locate any responsive documents

15  and others are having difficulty locating documents based upon the limiting language of the March

16  10, 2005 Order, in particular, the restrictions imposed on communicating the accounting issue to

17  third parties.  Other customers refuse to produce responsive documents.

18    Evidence produced thus far confirms, however, that many of the customers should have

19  responsive documents; but plaintiffs are unable to further assist the customers in locating the

20  documents because of the March 10, 2005 Order and the Protective Order which prohibits sharing

21  documents produced by Oracle.  Plaintiffs continue to meet and confer with several customers within

22  the confines of the March 10, 2005 Order and intend to move for a modification with respect to the

23  third-party subpoenas to allow plaintiffs to discover relevant documents.  Plaintiffs also anticipate

24  filing motions to compel certain customers to produce responsive documents.

25                          **(2)      Auditors**

26    Plaintiffs sought discovery from Arthur Andersen LLP and Ernst & Young LLP pursuant to

27  the limitations set out in the Amended Order.  Ernst & Young LLP produced 283 pages on June 3,

28  2005, and Arthur Andersen produced 51 pages on June 22, 2005.  Plaintiffs anticipate requesting the

1  Court to expand the scope of the discovery allowed from defendants' accountants and auditors and

2  defendants because the limited documents produced do not allow plaintiffs to analyze the claims set

3  forth in Plaintiffs' Revised Second Amended Complaint for Violations of the Federal Securities

4  Laws.  By letter dated June 24, 2005, plaintiffs requested that defendants agree to modify the March

5  10, 2005 Order to incorporate the full set of audit workpapers and quarterly reviews from Oracle,

6  Arthur Andersen LLP and Ernst & Young LLP.

### (3)    Analysts and Media Organizations

8          Fifteen securities analysts have produced responsive documents totaling approximately 9,608

9  pages.   Plaintiffs continue to meet and confer with several analysts/media organizations and

10  anticipate filing motions to compel others to produce responsive documents.

### d.    Confidential Witness Depositions

12          Defendants have noticed the depositions of five of the 49 confidential witnesses referenced in

13  Plaintiffs' RSAC.  The first deposition is scheduled for July 23, 2005.  The March 10, 2005 Order

14  provides that defendants shall produce documents from the files of deponents, including confidential

15  witnesses, not less than seven days prior to that individual's deposition.  Plaintiffs have demanded

16  such production.

17          Defendants have advised plaintiffs that they have not searched and do not intend to search

18  and produce responsive documents and e-mail stored on back-up tapes.  Oracle admits that

19  defendants' 2001 preservation and collection efforts did *not* encompass all employees whose files

20  the March 10, 2005 Order requires that defendants search, including plaintiffs' confidential

21  witnesses.  Instead, that effort only encompassed those individuals that Oracle believed "may have

22  documents relevant to the litigation," and only preserved documents which "appeared to be

23  relevant." Oracle has not provided to plaintiffs, a list of every individual whose files were preserved

24  and searched for purposes of this litigation, nor has it designated a witness to testify pursuant to

25  F.R.C.P. 30(b)(6) about its preservation efforts.

26          Because defendants admit that their preservation and collection efforts did not include the

27  files of all witnesses required by the March 10, 2005 Order and defendants admit that they have not

28  searched e-mail back-up tapes, plaintiffs contend that in connection with the depositions of

1   confidential witnesses (whom defendants clearly hope to impeach), defendants must search for and

2   produce responsive documents from the company files including the files of each deponent,

3   including those files that only exist on back-up tapes.

4   **II.      Alternative Dispute Resolution**

5          Plaintiffs currently do not believe that alternative dispute resolution would be useful.

6   DATED:  July 8, 2005                          Respectfully submitted,

7                                                 LERACH COUGHLIN STOIA GELLER
                                                    RUDMAN & ROBBINS LLP
8                                                 WILLIAM S. LERACH
                                                  MARK SOLOMON
9                                                 DOUGLAS R. BRITTON
                                                  401 B Street, Suite 1600
10                                                San Diego, CA  92101
                                                  Telephone:  619/231-1058
11                                                619/231-7423 (fax)

12                                                LERACH COUGHLIN STOIA GELLER
                                                    RUDMAN & ROBBINS LLP
13                                                SHAWN A. WILLIAMS
                                                  WILLOW E. RADCLIFFE
14                                                ELI R. GREENSTEIN
                                                  JENNIE LEE ANDERSON
15                                                MONIQUE C. WINKLER

16

17                                                     /s/ Shawn A. Williams
                                                      SHAWN A. WILLIAMS

18

19                                                100 Pine Street, Suite 2600
                                                  San Francisco, CA  94111
20                                                Telephone:  415/288-4545
                                                  415/288-4534 (fax)

21                                                Lead Counsel for Plaintiffs

22   T:\CasesSF\Oracle3\CMC00022483.doc

23

24

25

26

27

28

PLTFS' REVISED SEPARATE SUPPL CASE MANAGEMENT STATEMENT - C-01-0988-MJJ          - 8 -

DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.      That on July 8, 2005, declarant served the **PLAINTIFFS' REVISED SEPARATE SUPPLEMENTAL CASE MANAGEMENT STATEMENT** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant also served the parties by facsimile.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of July, 2005, at San Francisco, California.

_____
/s/ Ruth A. Cameron
RUTH A. CAMERON

ORACLE III (LEAD)

Service List - 7/7/2005    (201-064-1)

Page 1 of  1

## Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish  Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
  312/782-0600
  312/701-7711 (Fax)

Dorian  Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

## Counsel For Plaintiff(s)

William S. Lerach
Mark  Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford  Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)