1  LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   MARK SOLOMON (151949)
3  DOUGLAS R. BRITTON (188769)
   401 B Street, Suite 1600
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
          – and –
6  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
7  ELI R. GREENSTEIN (217945)
   JENNIE LEE ANDERSON (203586)
8  MONIQUE C. WINKLER (213031)
   100 Pine Street, Suite 2600
9  San Francisco, CA  94111
   Telephone:  415/288-4545
10 415/288-4534 (fax)

11 Lead Counsel for Plaintiffs

12

                    UNITED STATES DISTRICT COURT

13

                   NORTHERN DISTRICT OF CALIFORNIA

14

15 In re ORACLE CORPORATION            )   Master File No. C-01-0988-MJJ
   SECURITIES LITIGATION               )
16                                      )   CLASS ACTION
   _____)
17 This Document Relates To:           )   DECLARATION OF DOUGLAS BRITTON
                                        )   IN SUPPORT OF PLAINTIFFS'
18       ALL ACTIONS.                   )   UNOPPOSED MOTION TO (1) EXTEND
                                        )   TIME AND PAGE LIMITS FOR
19 _____)   PLAINTIFFS' REPLY BRIEF IN SUPPORT
                                            OF CLASS CERTIFICATION AND (2)
20                                          EXPEDITE THE COURT'S RULING ON
                                            PLAINTIFFS' MOTION
21

22

23

24

25

26

27

28

I, DOUGLAS BRITTON, declare and state that:

1.     I am an attorney with the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, lead counsel for plaintiffs.

2.     I make this declaration in support of Plaintiffs' Unopposed Motion to **(1)** Extend Time and Page Limits for Plaintiffs' Reply Brief in Support of Class Certification ("Motion to Extend Time") and **(2)** Expedite the Court's Ruling on Plaintiffs' Motion.

3.     Attached hereto as Exhibit 1 is a true and correct copy of Magistrate Judge Spero's March 10, 2005 Amended Order Setting a Discovery Plan ("Discovery Plan").

4.     Attached hereto as Exhibit 2 is a true and correct copy of Magistrate Judge Spero's May 5, 2005 Stipulation and Order Regarding Class Discovery.

5.     Attached hereto as Exhibit 3 is a true and correct copy of this Court's June 10, 2005 Order denying defendants' motion to strike plaintiffs' motion for class certification.

6.     On August 2, 2005, and August 5, 2005, I spoke with counsel for defendants to request a stipulation allowing plaintiffs additional time and pages for their reply brief in support of class certification, which is currently due August 12, 2005.   Defendants did not agree to a stipulation, but stated later that they would not oppose plaintiffs' motion.   They also agreed that plaintiffs could indicate to the Court that the motion was unopposed.

7.     An expedited ruling on plaintiffs' Motion to Extend Time is necessary because plaintiffs' deadline to file their class certification reply brief is August 12, 2005 (next Friday).

8.     Pursuant to Civ. L.R. 6-3(a)(5), there have been four prior time modifications relating to class certification briefing.   The first modification was set forth in Magistrate Judge Spero's Discovery Plan.   *See* Ex. 1 at 10.   The second modification was set forth in Magistrate Judge Spero's May 5, 2005 Stipulation and Order Regarding Class Discovery.   *See* Ex. 2 at 1.   The third modification was set forth in this Court's May 9, 2005 Order rescheduling the class certification hearing date to September 13, 2005.   The fourth modification was set forth in this Court's June 10, 2005 order denying defendants' motion to strike plaintiffs' motion for class certification.   *See* Ex. 3.

9.     The requested expedited ruling on plaintiffs' Motion to Extend Time will not effect the overall schedule for this case.   The Motion to Extend Time will modify the class certification

briefing schedule by extending the time for plaintiffs to file their class certification reply brief by 14 days, from August 12, 2005, to August 26, 2005.  The class certification hearing date of September 13, 2005 will not be affected.

10.     Plaintiffs believe a 14-day extension of time and 10 additional pages of briefing are warranted for several reasons.  First, defendants' opposition brief raises numerous complex and novel issues related to Rule 23, including the purported implication of the U.S. Supreme Court's decision in *Dura Pharms., Inc. v. Broudo*, 125 S. Ct. 1627 (2005).  Defendants also submitted thousands of pages of exhibits and two declarations, one of which was submitted by Stefan Boedeker, a purported economist and statistician who devoted 14 pages to opining on each proposed class representative's securities trading strategies, Oracle Corporation's stock price movements, and methodologies for determining loss causation, reliance and damages.  Plaintiffs need more than 14 days and 15 pages of briefing to sufficiently review, analyze, research and fully address the numerous issues raised in defendants' opposition and supporting declarations.

11.     Second, Magistrate Judge Spero's prior class certification briefing schedules allowed plaintiffs substantially more time (38 and 28 days, respectively) to respond to defendants' opposition brief.  *See* Ex. 1 at 10, Ex. 2 at 1.  Plaintiffs believe it is reasonable to conform to the previously agreed upon timeframes submitted in Magistrate Judge Spero's class certification schedules.

12.     Third, defendants had approximately six months to analyze plaintiffs' motion for class certification, take discovery on plaintiffs' proposed class representatives, develop their positions, and draft their opposition brief.  In the interest of fairness, plaintiffs believe an additional 14 days and 10 pages are both reasonable and warranted to fully respond to defendants' opposition brief.

13.     If plaintiffs are not afforded additional time to draft their reply brief, the five proposed class representatives and the putative class of investors will be substantially harmed and prejudiced.  The five proposed representatives will not have adequate time to fully review, analyze and respond to the numerous specific challenges to their qualifications to serve as a class representatives, including attacks on their honesty and credibility, trading histories, familiarity with the case, and even their English proficiency.  Further, plaintiffs need additional time to fully analyze

1   the 14 pages of economic and statistical assertions raised in the Boedeker Declaration, which were

2   raised for the first time in defendants' opposition.

3          I declare under penalty of perjury under the laws of the State of California that the foregoing

4   is true and correct.  Executed this 5th day of August, 2005, at San Diego, California.

5

6                                                                  /s/
                                                            DOUGLAS BRITTON

7   I, Eli R. Greenstein, am the ECF User whose ID and password are being used to file this
    Declaration of Douglas Britton in support of Plaintiffs' Unopposed Motion to **(1)** Extend Time
8   and Page Limits for Plaintiffs' Reply Brief in Support of Class Certification and **(2)** Expedite the
    Court's Ruling in Plaintiffs' Motion.  In compliance with General Order 45, X.B., I hereby attest
9   that Douglas Britton has concurred in this filing.

10  T:\CasesSF\Oracle3\DEC00023301.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on August 5, 2005, declarant served by facsimile the **DECLARATION OF DOUGLAS BRITTON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO (1) EXTEND TIME AND PAGE LIMITS FOR PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CLASS CERTIFICATION AND (2) EXPEDITE THE COURT'S RULING ON PLAINTIFFS' MOTIONON** to the parties listed on the attached Service List.

3. That there is a regular communication by facsimile between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of August, 2005, at San Francisco, California.

_____
/s/
CAROLYN BURR

ORACLE III (LEAD)

Service List - 8/3/2005   (201-064-1)

Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish  Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
  312/782-0600
  312/701-7711 (Fax)

Dorian  Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark  Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford  Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)