Shawn A. Williams
ShawnW@Lerachlaw.com

August 8, 2005

VIA E-FILE

The Honorable Joseph C. Spero
Magistrate Judge of the United States District
Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:   *In re Oracle Corp. Sec. Litig.*
               Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Judge Spero:

      Pursuant to this Court's March 10, 2005 Amended Order Setting a Discovery Plan ("Discovery Order"), plaintiffs request an order compelling defendants to produce all documents relating to the 46,000 debit memos as previously ordered and to request a hearing, or permission to file a formal motion, seeking modification of the Discovery Order regarding discovery from Oracle Corporation's ("Oracle") outside auditors to include complete work papers and to compel production of responsive documents.[1]

### I.     Oracle Refuses to Produce Documents Relating to the 46,000 Debit Memos

      On March 1, 2005, the Court clearly ordered the production of "every piece of paper or every computer record that relates to" the debit memo transactions "all the changes that occurred for them, the transactions that they arise from . . . ." "You are going to produce all documents of the so called on account clean-up. . . ." *See* Exhibit 1 (all exhibits are attached hereto). Defendants have failed to produce the underlying or supporting documents relating to the debit memos including invoices, all journal entries in its multiple accounts related to overpayments, unapplied cash, and correspondence with customers regarding overpayments or refunds. Oracle has not even produced the debit memos themselves. However, the documents do exist. In fact, non-parties have produced documents evidencing overpayments connected to the debit memos that were later refunded by Oracle. Nevertheless, Oracle contends that a single spreadsheet which it compiled ***solely for the purpose of this litigation*** satisfies the Court's Discovery Order. The Court's Discovery Order, however, is clear: defendants must produce "all documents relating to (i) the alleged "On Account Cleanup" occurring in November 2000; (ii) 46,000 debit memoranda; and (iii) the accounting treatment of those debit memoranda, including any audit trail, and all related accounting policies." Ex. 2 at 2.

---

[1]      Despite several unsuccessful meet and confers, including an in person meeting between lead counsel on July 27, 2005, the parties have been unable to reach an agreement.

The Honorable Joseph C. Spero
August 8, 2005
Page 2


II.     **The Discovery Plan Requires Modification to Include Necessary Accounting Documents**

The productions of both Ernst & Young LLP ("E&Y") and Arthur Andersen LLP ("Arthur Andersen") (collectively, the "Auditors") are insufficient and exclude critical documentation necessary for plaintiffs to perform a meaningful analysis of the accounting issues in this case. The Auditors have refused to produce all responsive documents and defendants have refused to stipulate that the Discovery Order should be modified, despite the obvious deficiencies in the Auditors' productions. For example, the Arthur Andersen production (51 pages) confirms that it analyzed accounts relating to Oracle's 25005 account, customer overpayment and unearned revenue accounts (specifically alleged in the Complaint), including adjustments to those accounts during the relevant period. Some of the documents refer to other clearly responsive documents which have not been produced. *See* Ex. 3. Similarly, this production is replete with handwritten notes regarding Arthur Andersen's various analyses, but excludes final versions of these analyses.

E&Y has produced even less. E&Y has simply produced memoranda stating that it has performed procedures on the debit memo transactions, but produced none of the documents it reviewed or correspondence relating to the debit memos. *See* Ex. 4.

As such, complete audit work papers are essential, including but not limited to: (1) engagement letters describing the scope of the work to be performed; (2) a description or index of the work papers that reveal the context of the documents provided and identify other documents relevant to the debit memo allegations; (3) legends to decipher relevant codes and markings on the documents so that they may be appropriately interpreted. Plaintiffs' request is also consistent with both standard auditing practices and applicable case law. *See, e.g.*, AICPA Audit and Accounting Manual §6300.06 ("[w]orking papers should be viewed as an integrated presentation of information."), *Marksman Partners, L.P., v. Chantal Pharm. Corp.*, No. CV-96-0872-WJR (JRx), 1996 U.S. Dist. LEXIS 13870 (C.D. Cal. Aug. 15, 1996). Indeed, in *Marksman*, also a securities fraud case alleging improper revenue recognition from transactions with third parties, the court ordered non-party Coopers & Lybrand, LLP to produce complete work papers because discovery of only partial work papers "will prevent a comprehensive understanding of their contents." *Id.* at *15.

For the reasons set forth above, the Court should order production of all documents relating to the 46,000 debit memos as required by its Discovery Order, and order further proceedings regarding modification of the Discovery Order to allow discovery of work papers.

Respectfully submitted,

/s/
Shawn A. Williams

## DECLARATION OF SERVICE BY FACSIMILE

I, the undersigned, declare:

1.  That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.  That on August 8, 2005, declarant served the Letter Brief, by facsimile, to the parties listed on the attached Service List.

3.  That there is a regular communication by facsimile mail between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of August, 2005, at San Francisco, California.

/s/
CAROLYN BURR

ORACLE III (LEAD)

Service List - 8/3/2005     (201-064-1)

Page 1 of 1

### Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

### Counsel For Plaintiff(s)

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)