# Exhibit 4



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
ShawnW@Lerachlaw.com

June 6, 2005

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

Stephen N. Young
Ernst & Young LLP
725 South Figueroa Street
Fifth Floor
Los Angeles, CA 90017-5418

    Re:    *In re Oracle Corp. Sec. Litig.*
            Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Steve:

    We have reviewed Ernst & Young LLP's ("E&Y") production of documents in response to plaintiffs' December 8, 2004 subpoena and the Court's March 10, 2005 order. It appears that E&Y's production is substantially deficient in material aspects requiring immediate attention. For example, E&Y clearly has not produced all documents related to the debit memos transactions, nor the accounting treatment for such transactions, alleged in the Revised Second Amended Complaint. E&Y has only produced summaries of its review of the treatment of the debit memos and sparse documentation or support for its findings. It has not produced its engagement letter with Oracle or supporting work papers for its final report. In addition, while E&Y has produced a copy of plaintiffs' November 11, 2002 *Ex Parte* Application, nothing in its production mentions the documents supporting plaintiffs' application or whether E&Y even inquired as to the integrity of the documents plaintiffs alleged were being altered. These documents go directly to plaintiffs' allegations concerning the debit memos.

    E&Y's purported "procedures" relating to the debit memos states that it made inquiries as to the nature of the transaction in account 25005, but provides no documentation supporting or detailing those inquiries. Rather, it appears that E&Y simply accepted Oracle's representations concerning such transactions *i.e.*, that the debit memo transactions had "no financial impact." Certainly any review would have at least considered the debit memos themselves and Oracle's contemporaneous correspondence relating to the debit memos. Little to no correspondence was produced. E&Y's summary of "procedures" also claims to have reviewed Oracle's corporate accounting policy related to unapplied cash and refunds (EY000145) and appears to have produced some excerpted information from a document that has "Oracle Collections" printed on the top of the excerpted pages (EY000250-259). Notably, it appears that E&Y did not review and certainly did not produce Oracle's policy and



Stephen N. Young
June 6, 2005
Page 2

procedures which define the internal use of "debit memos" as follows: "Debits that you assign to your customer for additional charges that you want to collect . . . ." Oracle's own stated policy runs counter to E&Y's summary conclusions and testing for which it has not produced all responsive documents or support.

Plaintiffs have demanded and are entitled to all documents in E&Y's possession relating to the debit memos and debit memos transactions and the accounting treatment of the debit memos. Your June 2, 2005 letter does not indicate that the production includes the entirety of responsive documents in E&Y's possession, save such documents you state are being withheld pursuant to a privilege.

We do not want this issue to languish as we are under a very tight discovery schedule. We are prepared to meet and confer at any time during business hours this week. Please call me with your availability as we intend to seek Court intervention if we cannot get the issues resolved quickly and in a manner resulting in the prompt production of all responsive documents.

Very truly yours,

Shawn A. Williams

SAW/rc

T:\CasesSF\Oracle3\Corres\young_SAW_6_6_05.doc

