

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Shawn A. Williams
ShawnW@Lerachlaw.com

August 11, 2005

<u>VIA E-FILING AND
HAND DELIVERY</u>

The Honorable Joseph C. Spero
Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Oracle Corp. Sec. Litig.*
Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Judge Spero:

Plaintiffs write in reply to Oracle Corporation's ("Oracle") August 10, 2005 letter, in which defendants claim that the issues presented are not ripe for this Court's review. Defendants' letter plainly misstates the history of the record here. Defendants' claim that the parties did not meet and confer is patently untrue. Lead counsel, their associated lawyers and accountants for both parties met on July 27, 2005 in Chicago. The parties met and conferred at length regarding each issue presented in plaintiffs' August 5, 2005 letter to the Court. Plaintiffs articulated their belief that Oracle's production on the accounting issues was substantially incomplete. Oracle confirmed its belief that its production was "complete." Oracle's August 10, 2005 letter to the Court reiterates that position. ("Defendants already have produced all responsive document called for in the Discovery Plan.")

In response, plaintiffs read aloud to defendants the Court's language of the hearing transcript of March 1, 2005 ("Hearing Tr.") at 42, 44, 45 and 54, which describes the breadth of production required by Oracle on this issue. Indeed, it was because the Court required such detailed discovery from Oracle, that it initially limited production from Oracle's outside auditors Ernst & Young LLP ("E&Y") and Arthur Andersen LLP ("AA"). *See* Hearing Tr. at 44 ("If you get every piece of paper or every record that is . . . related to those 46,000 debit memos, why isn't that enough?"). Defendants repeatedly confirmed on the record their understanding of the Court's direction. *See* Hearing Tr. at 45:17-25, 46:1-15. Nevertheless, Oracle disagreed with plaintiffs' reading of the Court's language and maintained that a spreadsheet that it created (and plaintiffs have reviewed in detail) suffices.

In addition, contrary to defendants' contention, plaintiffs have not filed a motion to compel. Nonetheless, this Court certainly has the power to enforce its prior order as plaintiffs have requested.





Plaintiffs seek leave to file a formal motion (if the Court finds that necessary) because they would like the opportunity to set forth detailed law, facts and documents to support their request. Plaintiffs have not attached evidence in support of their request to their letters to the Court because doing so would violate the January 11, 2005 Protective Order entered in this case. Notwithstanding the clear language of the Protective Order, defendants have submitted into the public court file selected documents clearly designated Confidential by a non-party.

    Finally, Oracle accuses plaintiffs of demanding documents from non-parties that are outside the scope of the discovery plan. That is simply incorrect. Neither E&Y nor AA has made such an accusation and, in fact, neither has produced all responsive documents – which is why plaintiffs seek Court intervention.

Respectfully submitted,

Shawn A. Williams

SAW:rc

T:\CasesSF\Oracle3\Corres\Spero 8-11-05 SAW.doc



## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on August 11, 2005, declarant served the LETTER FROM SHAWN A. WILLIAMS TO THE HONORABLE JOSEPH C. SPERO by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of August, 2005, at San Francisco, California.

RUTH A. CAMERON

ORACLE III (LEAD)

Service List - 8/3/2005    (201-064-1)

Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
 650/331-2000
 650/331-2060(Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606
 312/782-0600
 312/701-7711(Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
 650/506-5200
 650/506-7114(Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
 619/231-1058
 619/231-7423(Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
 415/288-4545
 415/288-4534(Fax)