# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To: | AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN |
| ALL ACTIONS. | |
| | Judge Martin J. Jenkins<br>Magistrate Judge Joseph C. Spero |

On Tuesday, March 1, 2005, the parties appeared before United States Magistrate Judge Joseph C. Spero for a discovery conference. The parties offered written discovery plans and presented oral argument. The Court, having reviewed the written submissions and considered the parties' oral argument, hereby sets forth the following Discovery Plan, which shall govern discovery in this case.

For the reasons stated on the record, IT IS ORDERED THAT:

## I. SCOPE OF DISCOVERY

The scope of discovery shall be as follows:

### A. RELEVANT TIME PERIOD

For purposes of responding to written discovery requests, the "Relevant Time Period" shall be from June 1, 2000 to June 1, 2001. Documents created outside of the Relevant Time Period that refer to events within the Relevant Time Period must also be produced.

### B. FILES TO BE SEARCHED

In responding to Plaintiffs' requests for documents, Oracle Corporation ("Oracle" or the "Company") shall search the hard copy and electronic files of the following individuals:

1. Lawrence Ellison ("Ellison"), Jeffrey Henley ("Henley"), Edward "Sandy" Sanderson, Stephanie Aas, Jennifer Glass and Jennifer Minton (collectively "the Speakers");

2. The Speakers' direct reports during the Relevant Time Period including, but not limited to, those represented in Oracle's February 18, 2005 letter to the Court;

3. The Area Vice Presidents in Oracle's three United States sales and consulting divisions: North American Sales, Oracle Service Industries and Oracle Products Industries;

4. The following individuals: John Nugent, Bret Fuller, Charles Rozwat, Gary Roberts, John Wheeler, Sergio Giacoletto, Greg Myers, Neil Menon, Brad Scott, Michael Quinn, Michael Rocha, Ray Lane and Ron Cuneo; and

5. Other individuals, as agreed upon by the parties or ordered by the Court.

### C. DEFINITION OF KEY ISSUES IN CASE

With respect to the following topics related to discovery between the parties, the Court sets forth the following guidelines:

1. **Economy**

Subject to the limitations set forth in Sections I(A) and (B) above, hereafter ("SCOPE"), Defendants shall produce documents and communications (including e-mail correspondence) concerning the United States economy and its impact or potential impact on Oracle's revenues, earnings and expenses; its impact or potential impact on customer purchasing decisions of IT products and services in general; and specifically the purchase of products or services from Oracle.

2. **Functionality of Oracle's Suite 11i Software and Its Individual Modules**

Defendants shall produce:

(a) Software versions 1, 2 and 3 of Oracle's Suite 11i;

(b) High level design documents for Suite 11i;

(c) Technical manuals for Suite 11i;

(d) "Bug reports" that in any way reference integration or interoperability;

(e) High level documents describing the scope and dimension of "bug problems" within Suite 11i and/or any of its modules other than integration and interoperability;

(f) Documents regarding any lost or deferred sales of any Oracle product, as well as any material expense with respect to any Oracle product – such as refunds, rebates or remediation. For purposes of this issue only, "material expense" is defined as having a financial impact greater than or equal to $500,000.

3. **Revenue/Earnings Forecasting**

Subject to the Court's rulings on SCOPE, Defendants shall produce documents relating to Oracle's forecasts, including any mention of the economy as it relates to Oracle's forecasting during the Relevant Time Period and as it related to the Company's pipeline and its growth or decline. Additionally, Defendants shall produce documents relating to Oracle's sales pipeline and pipeline conversion rates/ratios.

4. **Accounting and Underlying Documents**

Defendants shall produce all documents relating to (i) the alleged "On Account Cleanup" occurring in November 2000; (ii) the 46,000 debit memoranda; and (iii) the accounting treatment of those debit memoranda, including any audit trail, and all related accounting policies.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

- 2 -

### 5. Insider Trading

Subject to the Court's rulings on SCOPE, Defendants shall produce documents and communications regarding Defendants' sales or contemplated sales of Oracle securities during January 2001. These documents shall include Defendants' option agreements, the reasons and timing of their sales, and the Company's policies and procedures regarding trading and options.

### 6. Special Litigation Committee

Defendants shall produce all underlying documents that the Special Litigation Committee ("SLC") reviewed from whatever source, except documents subject to privilege or work product protection for which they will produce a privilege log. Defendants are not required to specifically identify these documents as having been produced to the SLC. Defendants reserve their right to designate any such documents as either "Confidential" or "Highly Confidential" under the terms of the January 11, 2005 Revised Stipulated Protective Order Governing Confidentiality. Such production shall not constitute a waiver of either the attorney-client or attorney work product privilege.

Plaintiffs may file a motion to compel production of documents related to the SLC's investigation including production of the SLC Report itself.

## II. CONVENTIONS FOR PARTY DISCOVERY

### A. TIMING OF DOCUMENT PRODUCTION

Defendants shall produce documents on a rolling basis with production to be completed by May 1, 2005. Defendants shall produce documents responsive to Plaintiffs' requests for documents contained in the files of any deponent not otherwise within the category of individuals specified in Section I(B) above, no later than seven days prior to the date on which such witness is noticed to be deposed. Plaintiffs shall complete their document production by March 21, 2005, with the exception of the interrogatory set forth in VII(C) *infra*, which shall be responded to within forty-five (45) days of the entry of this Order.

### B. PRODUCTION FORMAT

When preparing documents for production, the parties shall adhere to the following conventions with respect to documents within their possession, custody or control:

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

- 3 -

    (a)    The parties shall produce e-mails in searchable TIFF format. E-mails shall include the following information: sender, recipient, blind and carbon copies, date sent, e-mail box from whom the document is produced, and the date and time it was opened, deleted, responded to or forwarded. Furthermore, the parties shall produce all attachments to or documents embedded in such e-mails in native format, readily accessible from each e-mail.

    (b)    The parties shall produce all documents that were created and kept in electronic format in either native format or a searchable electronic format. For example, Microsoft Word or Excel files shall be produced in their native format. Information stored on Oracle databases, such as the accounting treatment for the 46,000 debit memos, shall be downloaded into Excel or another comparable format and produced in that electronic format.

    (c)    The parties shall meet and confer regarding locking and protecting electronic documents in order to prevent their alteration or manipulation subsequent to production.

    (d)    With respect to documents that were reviewed by the SLC or produced to the plaintiffs in Oracle Cases, JCCP No. 4180 (CIV 417511 San Mateo Co. Sup. Ct.) and in *In re Oracle Corp. Deriv. Litig.*, C.A. No. 18751 (Del. Ct. of Chancery) that have already been produced to Plaintiffs in paper format, Defendants shall also produce to Plaintiffs spreadsheets in native format and e-mails in searchable TIFF format with the metadata described above. Defendants may submit a letter brief to the Court requesting that Plaintiffs share the cost of reproducing these specified documents in electronic format.

### C. PRODUCTION SOURCE LOG

The parties must produce logs indicating the source files of all produced documents, including for documents previously produced.

### D. PRIVILEGE LOGS

The parties shall produce privilege logs within forty-five (45) days after a document is withheld for privilege.

## III. DEPOSITIONS

### A. TIME LIMIT PER DEPOSITION

Federal Rule of Civil Procedure 30 shall govern the time limit for depositions, except upon agreement of the parties or court order.

### B. DEPOSITIONS OF 30(b)(6) WITNESSES

    (a)    ~~Plaintiffs' Position~~

Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by April 15, 2005. The depositions may cover the following agreed upon topics: accounting, electronic systems, forecasting and Suite 11i.

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)      - 4 -

1    Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6) subjects
2    relating to document preservation. If, after Plaintiffs have had an opportunity to review those
3    responses, Plaintiffs believe that a deposition regarding document preservation is still necessary, the
4    parties shall meet and confer.
5    Where Defendants offer a Speaker as defined in I(B)(1), a Speaker's direct report as defined
6    in I(B)(2), or an individual named in the Revised Second Amended Complaint for Violations of the
7    Federal Securities Laws ("RSAC") as a 30(b)(6) witness, Plaintiffs shall not be precluded from
8    deposing that same witness in his/her individual capacity at a later date. Instead, in such
9    circumstances, the parties shall meet and confer, taking into account the outstanding discovery and
10   may seek assistance from the Court in the event they are unable to reach an agreement.

11       ~~(b)   Defendants' Position~~

12   Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by
13   April 15, 2005. The depositions may cover the following agreed upon topics: accounting,
14   electronic systems, forecasting and Suite 11i.
15   Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6)
16   subjects relating to document preservation. If, after Plaintiffs have had an opportunity to review
17   those responses, Plaintiffs believe that a deposition regarding document preservation is still
18   necessary, the parties shall meet and confer.
19   Where an individual is offered by Oracle as a Rule 30(b)(6) witness at a deposition and
20   documents from that individual's files have been produced to Plaintiffs at least seven (7) days prior
21   to the deposition, that individual may not be deposed again in his or her individual capacity at a
22   ~~later date.~~

23   **C.    FACT WITNESS DEPOSITIONS**
24   Depositions of substantive witnesses shall begin after May 1, 2005. Subject to the other
25   limits above, Defendants shall produce documents from the files of a deponent, including a
26   confidential witness ("CW"), no less than seven (7) days before that individual's deposition as a fact
27   witness.
28

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                           - 5 -

(a)  Subject to change upon the receipt and review of discovery from Defendants and non-parties, Plaintiffs currently intend to depose the following witnesses:

1. Anil Vora
2. Bill Castello
3. Brad Scott
4. Bret Fuller
5. Charles Rozwat
6. David Winton
7. Edward J. Sanderson
8. Frank Varasano
9. Gary Bloom
10. Gary Roberts
11. George Roberts
12. Ivgen Guner
13. Jay Nussbaum
14. Jeffrey Henley
15. Jennifer Minton
16. Jim English
17. Jody Terry
18. John Nugent
19. Jon Simmons
20. Larry Garnick
21. Lawrence Ellison
22. Mark Barrenchea
23. Mary Ann Gillespie
24. Michael Rocha
25. Michael P. DeCesare
26. Nick Classik
27. Patricia McManus
28. Ray Lane
29. Richard Blotner
30. Ron Police
31. Safra Catz
32. Sarah Kopp
33. Sergio Giacolletto
34. Steve McLaughlin
35. Terrence Ford
36. Tom Thimot
37. Tom Williams
38. Valerie A. Borthwick

Plaintiffs reserve the right to modify this list and to take additional depositions as discovery in this action proceeds.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

- 6 -

(b)  Defendants currently intend to depose the forty-nine (49) CWs as well as the proposed class representatives. Defendants reserve the right to take additional depositions, up to the sixty-five (65) allowed by the Court, at any time prior to the close of fact discovery.

## IV.  EXPERT DISCOVERY

The parties shall exchange any affirmative expert reports on March 3, 2006, and any rebuttal reports on April 3, 2006. The parties shall complete expert discovery by May 22, 2006.

## V.  THIRD PARTY DISCOVERY

### A.  LIFTING OF THE STAY AND TIMING OF PRODUCTION FOR ALL THIRD PARTY DISCOVERY

The Court hereby lifts the stay on third party discovery put in place by its February 5, 2005 Order, subject to the limitations imposed by this Order. Plaintiffs shall meet and confer with third parties concerning the timing of their document production.

### B.  RELEVANT TIME PERIOD

The definition of Relevant Time Period, June 1, 2000 – June 1, 2001, set forth above, shall apply to all third party discovery.

### C.  SCOPE OF DISCOVERY FROM THIRD PARTY CUSTOMERS

#### 1.  Number of Customers to be Subpoenaed

Without leave of Court, Plaintiffs shall not subpoena more than one hundred (100) of Oracle's current and former customers. Plaintiffs have, to date, subpoenaed ninety-three (93) of Oracle's customers.

#### 2.  Subject Matter of Discovery to Be Produced by Customers

Plaintiffs may seek discovery from Oracle's current and former customers on the following topics only:

(a)  **The United States Economy**

Plaintiffs' third party discovery from customers relating to the economy is hereby limited to the following:

(i) communications with Oracle relating to increases or decreases in purchases from Oracle as a result of the economy; and

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)                                                                               - 7 -

(ii) internal documents relating to decisions to purchase or not to purchase from Oracle because of the economy.

   (b) **Oracle Software Integration and Interoperability Problems**

Plaintiffs' third party discovery from customers relating to problems with Oracle's Suite 11i is hereby limited to documents regarding integration and interoperability (including integration and interoperability gaps and bugs) with Oracle applications Suite 11i and its modules, including but not limited to Oracle's CRM Module. For purposes of this Order, integration refers to the ability of modules of Suite 11i to work together and share information.

   (c) **Accounting**

Plaintiffs' third party discovery from customers relating to Oracle's accounting is limited to documents relating to the 46,000 debit memo transactions created on or about November 17, 2000.

**D. DISCOVERY FROM ANALYSTS AND MEDIA ORGANIZATIONS COVERING THE COMPANY**

Subject to the Court's rulings on SCOPE, Plaintiffs may seek discovery from analysts and news services on the following topics:

   (a) The Defendants' public statements;

   (b) Customer interviews and complaints/problems with Oracle products, including 11i;

   (c) The downturn in the economy and IT budgets during the Class Period;

   (d) Oracle's forecasts and projections;

   (e) Oracle's revenue and earnings reports and financial statements;

   (f) Integration and/or interoperability gaps and bugs; and

   (g) One-on-one interviews with Defendants.

**E. DISCOVERY FROM AUDITORS**

Plaintiffs' third party discovery from Oracle's auditors and accountants is limited to documents relating to (i) the debit memo transactions; (ii) the accounting treatment of the 46,000 debit memo transactions; and (iii) tax advisory services provided to Henley and Ellison relating to the Relevant Time Period.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)   - 8 -

In addition, Oracle's auditors and accountants ARE HEREBY ORDERED to preserve all relevant documents (including electronic documents and e-mail) concerning their audit work on behalf of Oracle for the Relevant Time Period.

### F. DISCOVERY FROM CONFIDENTIAL WITNESSES

Plaintiffs shall disclose the names and corresponding CW numbers of the CWs used in the RSAC to Defendants' counsel, including in-house counsel at Oracle, within forty-eight (48) hours of the signing of this Order. Plaintiffs' disclosures shall be subject to the following restrictions:

(a) Counsel for Defendants shall not disclose a CW's role to anyone other than (i) Defendants' counsel within Mayer, Brown, Rowe & Maw LLP ("MBR&M"); (ii) in-house counsel of Oracle Corporation; and (iii) any consultant retained by MBR&M for purposes of this litigation upon receipt of an Undertaking in the form of Exhibit A hereto;

(b) Defendants' counsel may discuss with current or former Oracle employees or third parties the persons who are CWs, including the information attributed to them in this litigation and any other information that may bear upon the case, but shall not disclose in any such communications that the persons are CWs referenced in this litigation;

(c) Defendants' counsel or defendants' experts/consultants shall not make initial contact with a CW without informing Plaintiffs' counsel of their intention to do so no less than forty-eight (48) hours prior to making such initial contact;

(d) The identities of the CWs shall not be used for any purpose other than this litigation; and

(e) When a party seeks to file with the Court a document disclosing the identities of the CWs in their roles as CWs, the procedures specified in paragraph 10 of the January 11, 2005 Revised Stipulated Protective Order Governing Confidentiality shall apply. Similarly, portions of depositions or transcripts that refer to any CW's role will be kept confidential consistent with this Order.

(f) The Court retains jurisdiction over the enforcement of this Order for six (6) months after entry of final judgment in this action.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)                                                                                                   - 9 -

## VI.  CLASS DISCOVERY

### A.  CLASS REPRESENTATIVES

Plaintiffs shall produce documents regarding class representative discovery by March 7, 2005.

Defendants' brief in opposition to the motion for class certification shall be due by May 6, 2005, and Plaintiffs' reply shall be due by June 13, 2005. The date for oral argument shall be set by the United States District Court Judge Martin J. Jenkins. The parties have requested a hearing date in July 2005 or at the Court's earliest convenience thereafter.

### B.  DISCOVERY FROM ABSENT CLASS MEMBERS

Prior to the discovery conference, the Court was informed that Defendants are not currently seeking any discovery from absent class members, but are reserving their right to do so in the future.

## VII.  MISCELLANEOUS ADDITIONAL DISCOVERY ISSUES

(a) All contention interrogatories are stayed until further order of the Court. No response or further response to any outstanding contention interrogatory is required at this time.

(b) Plaintiffs shall produce all documents received from CWs relating to the Defendants and shall identify from which CW the documents were received. The latter information shall be subject to V(F) above.

(c) With respect to Defendants' Interrogatories to Plaintiffs seeking information concerning the individuals and organizations identified in Plaintiffs' Rule 26(a) Initial Disclosures, Plaintiffs are ordered to respond by describing generally what Plaintiffs understand each of the identified witnesses in their Initial Disclosures know about the case. Plaintiffs shall respond to this modified interrogatory within forty-five (45) days of the entry of this Order.

## VIII.  RECONCILIATION OF DISCOVERY DISPUTES

As outlined in Judge Jenkins' Amended Pretrial Order of December 17, 2004, the parties shall meet and confer about all discovery disputes and, in the event that they cannot resolve such disputes, each party shall submit a two-page letter brief to the Court outlining the party's position on the issue. All matters relating to the modification of the discovery plan shall be addressed to the

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)                          - 10 -

1 | undersigned. The parties shall address all future letter briefs to both ~~Judge Jenkins and Magistrate~~
2 | ~~Judge Spero.~~ *per*

3 | **IT IS SO ORDERED.**

5 | DATED: 3/10/05

THE HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

7 | **APPROVED AS TO FORM.**

8 | Submitted by:

9 | DATED: March 9, 2005

10 | LERACH COUGHLIN STOIA GELLER
11 |   RUDMAN & ROBBINS LLP
    | WILLIAM S. LERACH
12 | MARK SOLOMON
    | DOUGLAS R. BRITTON

_____/S/_____
15 | MARK SOLOMON

16 | 401 B Street, Suite 1600
    | San Diego, CA 92101
17 | Telephone: 619/231-1058
    | 619/231-7423 (fax)
18 |
    | LERACH COUGHLIN STOIA GELLER
19 |   RUDMAN & ROBBINS LLP
    | SHAWN A. WILLIAMS
20 | WILLOW E. RADCLIFFE
    | ELI R. GREENSTEIN
21 | JENNIE LEE ANDERSON
    | MONIQUE C. WINKLER
22 | 100 Pine Street, Suite 2600
    | San Francisco, CA 94111
23 | Telephone: 415/288-4545
    | 415/288-4534 (fax)
24 |
25 | Lead Counsel for Plaintiffs

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                        - 11 -

1
2  MAYER, BROWN, ROWE & MAW LLP
   ALAN N. SALPETER
3
4
5  _____/ S /_____
        ALAN N. SALPETER
6
7  190 South LaSalle Street, Suite 3900
   Telephone: 312/782-0600
8  312/701-7711 (fax)

   T:\CasesSF\Oracle3\ORD00019094.doc
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)   - 12 -

## DECLARATION OF SERVICE BY FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on March 9, 2005, declarant served by facsimile the **AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN** to the parties listed on the attached Service List.

3. That there is a regular communication by facsimile between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of March, 2005, at San Francisco, California.

/s/ Carolyn Burr
CAROLYN BURR

ORACLE III (LEAD)

Service List - 3/9/2005   (201-064-1)

Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060(Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
  312/782-0600
  312/701-7711(Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114(Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423(Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534(Fax)

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the [Proposed] Order re Discovery Plan that was issued by the United States District Court for the Northern District of California on March ___, 2005, in the case of: *In re Oracle Corporation Securities Litigation*, Lead Case No. 417511, Case No. C-01-0988-MJJ.

I recognize that I am bound by the terms of that Order and I agree to comply with those terms. I fully understand that any disclosure of the identities of the confidential witnesses to anyone other than those individuals expressly permitted by the Order could expose me to sanctions and punishment in the nature of contempt. I hereby agree to abide by the obligation and conditions of the Order.

DATED: _____

_____