Exhibit C

1              IN THE SUPREME COURT OF THE UNITED STATES

2      - - - - - - - - - - - - - - -X

3      DURA PHARMACEUTICALS, INC.,      :

4      ET AL.,                          :

5                 Petitioners           :

6         v.                            :   No. 03-932

7      MICHAEL BROUDO, ET AL.           :

8      - - - - - - - - - - - - - - -X

9                                   Washington, D.C.

10                                  Wednesday, January 12, 2005

11             The above-entitled matter came on for oral

12     argument before the Supreme Court of the United States at

13     10:33 a.m.

14     APPEARANCES:

15     WILLIAM F. SULLIVAN, ESQ., San Diego, California; on

16          behalf of the Petitioners.

17     THOMAS G. HUNGAR, ESQ., Deputy Solicitor General,

18          Department of Justice, Washington, D.C.; on behalf of

19          the United States, as amicus curiae, supporting the

20          Petitioners.

21     PATRICK J. COUGHLIN, ESQ., San Francisco, California; on

22          behalf of the Respondents.

23

24

25

1   stock is, let's say, trading at $60 a share.  Perhaps,

2   because of fraud, it's overstated by $30.  There are

3   people in the market buying that stock at $60.  That

4   company starts to lower those expectations.

5          This happens to be a real world example,

6   Worldcom.  They say we're going to miss revenues by $172

7   million.  The stock starts dropping down.  The inflation

8   that was in that stock because of what they lied about

9   starts coming out.  Nobody knows there's fraud.  Nobody

10   understands that.  In fact, it's not until that stock goes

11   down at 80 cents that there was an admission of fraud.

12          JUSTICE BREYER:  All right.  But then you're not

13   saying what I think Justice Scalia and I actually thought

14   you were going to say which is that the minute he pays $60

15   for a stock that should be worth $30 but is $60 because of

16   the lie, at that instant he suffered a loss.  After

17   listening to you, I now think you're saying -- but I'm not

18   sure because I've heard you say things that are -- both --

19   I now think you're saying, no, he has not suffered a loss

20   until later on when that $30 comes out of the price of the

21   stock.

22          JUSTICE SCALIA:  And that's worrying me too.

23          JUSTICE BREYER:  It might come out in many

24   different ways.  It could come out because he announces

25   I'm a liar.

1          JUSTICE SCALIA:  Right.

2          JUSTICE BREYER:  It could come out because he

3    doesn't say anything but it sort of oozes out as earning

4    reports come in, but it has to come out.

5          Now, if you're saying that, then I find what

6    you're saying consistent what I think Judge Posner said.

7    And that's really what I'm interested in because I read

8    what he said.  It seemed to me right.  Now --

9          MR. COUGHLIN:  I certainly don't want to be

10   disagreeing with Judge Posner.  So I --

11          (Laughter.)

12          MR. COUGHLIN:  The other --

13          JUSTICE SCALIA:  I think -- I think you're -- I

14   think you're agreeing with the petitioners.  I think this

15   -- this whole thing is a great misunderstanding.  You --

16   you didn't --

17          (Laughter.)

18          MR. COUGHLIN:  I would agree with that, Your

19   Honor.  That's just -- we come to the same conclusion.

20   There is no doubt about that.  We come to the same

21   conclusion.  We have to prove that that inflation was in

22   there when we prove it.  And what we're talking about is

23   what the burden is going to be on us at the pleading, and

24   that's what we're concerned about.

25          JUSTICE BREYER:  When we have this happy