Exhibit B

PRG-SCHULTZ



HOME | CONTACT US | WORLDWIDE OFFICES

RECOVERY AUDITING | SERVICES WE OFFER | OUR EXPERIENCE | PRG-SCHULTZ

Home > PRG-Schultz

PRG-SCHULTZ

» History
» Philosophy
» Management
» Investor Relations
» Working at PRG-Schultz
» Media Center
» PRG-Schultz Publications

SEARCH PRG-SCHULTZ
[ Enter a Keyword ]

## PRG-SCHULTZ

### The Company

PRG-Schultz International is the world leader in recovery auditing and a leading profit improvement firm. Using proprietary software and proven auditing techniques, we review accounts payable and procurement databases and the related invoices, purchase orders, buyer files and shipping/receiving documents to identify lost profits due to overpayments or under-deductions. We are experts in identifying, validating and recovering these profits quickly and efficiently, and help businesses improve their financial performance with insightful information, actionable recommendations and bottom-line results.

We perform more recovery audits than any other firm, and recover billions of dollars for a broad range of clients around the world. Our mission is to meaningfully improve our clients' internal controls and financial performance by creating successful partnerships between our people, our business partners, our clients and their suppliers. Our clients include 88% of the Top 25 U.S. Retailers, 54% of the Fortune 100, and 47% of the Fortune Global 200.

Our competitive advantage is powered by our proven expertise, innovative technology and superior service. We hire the best financial professionals from virtually every industry and offer them the highest level of training. We develop the most powerful, proprietary audit software and IT solutions. We employ a proven methodology that has been continually refined and improved by "best practices" developed over the past 30 years.

PRG-Schultz is headquartered in Atlanta, Georgia (USA), employs approximately 2,900 employees, and provides services to clients in more than 40 countries. The company is publicly traded on the Nasdaq national market under the symbol PRGX.

Learn about our history and experience, explore how our services can help you, meet our management team, browse our shareholder information, or research the possibilities of a career with PRG-Schultz.

© 2004 PRG-Schultz International, Inc. All Rights Reserved.          Privacy Policy | Terms of Use | Site Map

# Exhibit C

1  MAYER, BROWN, ROWE & MAW LLP
   Donald M. Falk (SBN 150256)
2  Lee H. Rubin (SBN 141331)
   Shirish Gupta (SBN 205584)
3  Two Palo Alto Square, Suite 300
   Palo Alto, California 94306
4  Telephone:    (650) 331-2000
   Facsimile:    (650) 331-2060
5  lrubin@mayerbrownrowe.com

6  MAYER, BROWN, ROWE & MAW LLP
   Alan N. Salpeter (admitted *pro hac vice*)
7  Javier Rubinstein (admitted *pro hac vice*)
   190 South LaSalle Street
8  Chicago, IL 60603-3441
   Telephone:    (312) 782-0600
9  Facsimile:    (312) 701-7711
   jrubinstein@mayerbrownrowe.com
10
   Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
11 J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

12 ORACLE CORPORATION
   Dorian Daley (SBN 129049)
13 James C. Maroulis (SBN 208316)
   500 Oracle Parkway
14 Mailstop 5OP7
   Redwood Shores, California 94065
15 Telephone:    (650) 506-5200
   Facsimile:    (650) 506-7114
16 jim.maroulis@oracle.com

17 Attorneys for Defendant ORACLE CORPORATION

18              UNITED STATES DISTRICT COURT

19      NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

20

| | |
|---|---|
| 21  IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ (Consolidated) |
| 22 | REVISED STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER GOVERNING |
| 23 | CONFIDENTIALITY |
| 24  This Document Relates To: | |
|     ALL ACTIONS. | |
| 25 | Judge Martin J. Jenkins |
| 26 | |
| 27 | |
| 28 | |

RECEIVED

05 JAN -
RICHARD W. WIEKING
NOT THE M DISTRICT COURT
DISTRICT OF CALIFORNIA

FILED

JAN 11 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in paragraph 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Only those items or information that derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain

1  economic value from their disclosure or use shall be subject to "HIGHLY CONFIDENTIAL —

2  ATTORNEYS' EYES ONLY" protection.

3      2.5.   Receiving Party: a Party that receives Disclosure or Discovery Material from a

4  Producing Party.

5      2.6.   Producing Party: a Party or non-party that produces Disclosure or Discovery

6  Material in this action.

7      2.7.   Designating Party: a Party or non-party that designates information or items that it

8  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

9  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10      2.8.   Protected Material: any Disclosure or Discovery Material that is designated as

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12      2.9.   Outside Counsel: attorneys who are not employees of a Party but who are retained

13  to represent or advise a Party in this action.

14      2.10.   House Counsel: attorneys who are employees of a Party.

15      2.11.   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

16  support staffs).

17      2.12.   Expert: a person with specialized knowledge or experience in a matter pertinent to

18  the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

19  consultant in this action and who is not a past or a current employee of a Party or a current

20  employee of a Party's competitor[1] and who, at the time of retention, is not anticipated to become an

21  employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

22  trial consultant retained in connection with this litigation.

23      2.13.   Professional Vendors: persons or entities that provide litigation support services

24  (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

25  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

26

27

28

---

[1] A list of Oracle's competitors is attached as Exhibit B.

REVISED STIPULATED [PROPOSED] PROTECTIVE ORDER;
CASE NO.: C-01-0988-MJJ

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

Nothing herein shall impose any restrictions on a Designating Party from disclosing its own Protected Material as it deems appropriate.

4.    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that will cause the party prejudice or harm pursuant to Rule 26(c) and governing standards if not protected.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of paragraph 5.2(a), below), or as otherwise stipulated or ordered,

3

1   material that qualifies for protection under this Order must be clearly so designated before the

2   material is disclosed or produced.

3       Designation in conformity with this Order requires:

4           (a) for information in documentary form (apart from transcripts of depositions or

5   other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL,"

6   "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

7   ATTORNEYS' EYES ONLY" on each page that contains protected material. Within 30 days of

8   receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as

9   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10          A Party or non-party that makes original documents or materials available for

11  inspection need not designate them for protection until after the inspecting Party has indicated

12  which material it would like copied and produced. During the inspection and before the

13  designation, all of the material made available for inspection shall be deemed "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

15  documents it wants copied and produced, the Producing Party must determine which documents, or

16  portions thereof, qualify for protection under this Order, then, before producing the specified

17  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL,"

18  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY") legend on each page that contains Protected Material. In addition,

20  within 30 days of receipt of Disclosure or Discovery Material, any Receiving Party may designate

21  the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22  ONLY.").

23          (b) for testimony given in deposition or in other pretrial or trial proceedings, that

24  any Party may identify on the record, before the close of the deposition, hearing, or other

25  proceeding, all protected testimony, and further specify any portions of the testimony that qualify

26  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When

27  it is impractical to identify separately each portion of testimony that is entitled to protection, and

28  when it appears that substantial portions of the testimony may qualify for protection, any Party may

1    invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30

2    days after receipt of the certified transcript to identify the specific portions of the testimony as to

3    which protection is sought and to specify the level of protection being asserted

4    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only

5    those portions of the testimony that are appropriately designated for protection within the 30 days

6    shall be covered by the provisions of this Stipulated Protective Order.

7                   Transcript pages containing Protected Material must be separately bound by the

8    court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL,"

9    "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY."

11                  (c) for information produced in some form other than documentary, and for any

12   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

13   container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

14   "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY." Within 30 days after receipt, any Receiving Party may designate

16   the information or item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

17   EYES ONLY."

18          5.3.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

19   designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY" does not, standing alone, waive the any Party's right to secure

21   protection under this Order for such material.  If material is appropriately designated as

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the

23   material was initially produced, the Receiving Party, on timely notification of the designation, must

24   make reasonable efforts to assure that the material is treated in accordance with the provisions of

25   this Order.

26

27

28

1    6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

2         6.1.    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

3    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4    economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

5    its right to challenge a confidentiality designation by electing not to mount a challenge promptly

6    after the original designation is disclosed.

7         6.2.    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating

8    Party's confidentiality designation must do so in good faith and must begin the process by

9    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

10   with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis

11   for its belief that the confidentiality designation was not proper and must give the Designating

12   Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

13   change in designation is offered, to explain the basis for the chosen designation.  A challenging

14   Party may proceed to the next stage of the challenge process only if it has engaged in this meet and

15   confer process first.

16        6.3.    <u>Judicial Intervention</u>. Except as provided in paragraph 6.2, a Party that elects to

17   press a challenge to a confidentiality designation after considering the justification offered by the

18   Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with

19   Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail

20   the basis for the challenge.  Each such motion must be accompanied by a competent declaration

21   that affirms that the movant has complied with the meet and confer requirements imposed in the

22   preceding paragraph and that sets forth with specificity the justification for the confidentiality

23   designation that was given by the Designating Party in the meet and confer dialogue.

24        The burden of persuasion in any such challenge proceeding shall be on the Designating

25   Party. Until the court rules on the challenge, all parties shall continue to afford the material in

26   question the protection to which it is entitled under the Designating Party's designation.

27        (a) <u>Judicial Intervention for Non-Party Documents</u>. After a Party designates

28   documents produced by a non-party pursuant to a Rule 45 subpoena as CONFIDENTIAL or

1   HIGHLY CONFIDENTIAL under paragraph 5.2 of this Protective Order, and does so by notifying

2   all Parties in writing of each document so designated, any Party may challenge the designation by

3   notifying the Designating Party in writing of any such documents that it believes do not qualify for

4   protection under this Protective Order.  The Designating Party and the challenging Party must then

5   meet and confer to attempt to resolve their disagreements within seven days of receipt of the

6   writing initiating the challenge.  If, after the seven-day period, the parties are unable to resolve

7   their disagreements, the challenging Party must so notify the Designating Party in writing.  Then,

8   the Designating Party must file and serve a motion under Civil Local Rule 7 (and in compliance

9   with Civil Local Rule 79-5, if applicable) to have the documents designated CONFIDENTIAL or

10  HIGHLY CONFIDENTIAL and must set forth in detail the basis for the designation.  The motion

11  must be filed and served within 14 days after the end of the meet and confer period; otherwise, the

12  challenged designations will be automatically lifted.  Each such motion must be accompanied by a

13  competent declaration that affirms that the parties have met and conferred and are unable to resolve

14  their disagreements without judicial intervention and that sets forth with specificity the justification

15  for the confidentiality designation that was given by the Designating Party in the meet and confer

16  dialogue.

17      The burden of persuasion in any such challenge proceeding shall be on the Designating

18  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

19  question the protection to which it is entitled under the Designating Party's designation.

20

21  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

22      7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed

23  or produced by another Party or by a non-party in connection with this case only for prosecuting,

24  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

25  the categories of persons and under the conditions described in this Order.  When the litigation has

26  been terminated, a Receiving Party must comply with the provisions of paragraph 11, below

27  (FINAL DISPOSITION).

28

1   Protected Material must be stored and maintained by a Receiving Party at a location and in

2   a secure manner that ensures that access is limited to the persons authorized under this Order.

3       7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered

4   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5   information or item designated CONFIDENTIAL only to:

6       (a) any Party, its attorneys, including in-house attorneys, and the attorneys' support

7   staff;

8       (b) any insurer or indemnitor of any defendant in this action;

9       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

10   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

11   Protective Order" (Exhibit A);

12       (d) the Court and its personnel;

13       (e) court reporters, their staffs, and professional vendors to whom disclosure is

14   reasonably necessary for this litigation;

15       (f) during their depositions, witnesses in the action to whom disclosure is reasonably

16   necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

17   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

18   must be separately bound by the court reporter and may not be disclosed to anyone except as

19   permitted under this Stipulated Protective Order;

20       (g) any person who authored or previously received the document, or the original

21   source of the information;

22       (h) any former Oracle employee (permanent or contract), director, or officer who

23   may have information relevant to this action and who signs the "Agreement to Be Bound by

24   Protective Order" (Exhibit A); and

25       (i) any witness at trial.

26

27

28

8

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) any person who authored or previously received the document, or the original source of the information; and

(g) any witness at trial.

7.4.    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must notify, in writing, the Designating Party of (1) the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks to disclose to the Expert and (2) the full name of the Expert and the city and state of his or her primary residence.

1          (b) A Party that provides the information specified in the preceding paragraph may

2   disclose the subject Protected Material to the identified Expert unless, within seven court days of

3   delivering the notice, the Party receives a written objection from the Designating Party. Any such

4   objection must set forth in detail the grounds on which it is based.

5          (c) A Party that receives a timely written objection must meet and confer with the

6   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

7   agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

8   file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

9   applicable) seeking permission from the court to do so. Any such motion must describe the

10   circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

11   is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

12   additional means that might be used to reduce that risk. In addition, any such motion must be

13   accompanied by a competent declaration in which the movant describes the parties' efforts to

14   resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions)

15   and sets forth the reasons advanced by the Designating Party for its refusal to approve the

16   disclosure.

17        In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of

18   proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

19   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

20   **8.**       **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

21          **OTHER LITIGATION.**

22        If a Receiving Party is served with a subpoena or an order issued in other litigation that

23   would compel disclosure of any information or items designated in this action as

24   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the

25   Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible)

26   immediately and in no event more than three court days after receiving the subpoena or order.

27   Such notification must include a copy of the subpoena or court order.

28

1    The Receiving Party also must immediately inform in writing the party who caused the

2    subpoena or order to issue in the other litigation that some or all the material covered by the

3    subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

4    deliver a copy of this Stipulated Protective Order promptly to the party in the other action that

5    caused the subpoena or order to issue.

6    The purpose of imposing these duties is to alert the interested parties to the existence of this

7    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

8    confidentiality interests in the court from which the subpoena or order issued.  The Designating

9    Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

10   material – and nothing in these provisions should be construed as authorizing or encouraging a

11   Receiving Party in this action to disobey a lawful directive from another court.

12

13   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15   Material to any person or in any circumstance not authorized under this Stipulated Protective

16   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

17   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

18   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

19   this Order, and (d) request such person or persons to execute the "Agreement to Be Bound" that is

20   attached hereto as Exhibit A.

21

22   10.   FILING PROTECTED MATERIAL

23   Without written permission from the Designating Party or a court order secured after

24   appropriate notice to all interested persons, a Party may not file in the public record in this action

25   any Protected Material.

26   When a Party intends to file with the court any document that has been marked

27   "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

28   CONFIDENTIAL — ATTORNEYS' EYES ONLY," it shall lodge the document with the court on

1  the date of filing. The document shall be lodged in a sealed envelope or other suitable sealed

2  container, with a cover sheet affixed to the envelope or container, setting out instructions that the

3  document is lodged pursuant to the Stipulated Protective Order and that the envelope is not to be

4  opened absent further order from the Court. In addition, the cover sheet shall prominently identify

5  the title of the case, the case number and the title of the document and display the notation:

6  "DOCUMENT SUBMITTED UNDER SEAL." A second copy of the entire document, in an

7  identically-labeled envelope or container, shall be submitted for delivery to the Judge's chambers.

8        It is the Designating Party's burden to file an Administrative Motion to File Under Seal, in

9  conformance with Civil L.R. 79-5 and 7-11, accompanied by (i) a declaration establishing that the

10  document is sealable and (ii) a proposed order sealing the document. If the Designating Party does

11  not file a motion to have the material filed under seal within 14 days of notification by Receiving

12  Party of the lodging of such material, the material shall be filed unsealed *nunc pro tunc* to the date

13  of lodging. A Party that seeks to file under seal any Protected Material must comply with Civil

14  Local Rule 79-5.

15

16  **11.   FINAL DISPOSITION**

17        Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after

18  the final termination of this action, each Receiving Party must return or destroy all Protected

19  Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all

20  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

21  Protected Material. Whether the Protected Material is returned or destroyed upon request by the

22  Producing Party, the Receiving Party must submit a written certification to the Producing Party

23  (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that

24  identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

25  and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

26  summaries or other forms of reproducing or capturing any of the Protected Material.

27        Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings,

28  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if

1   such materials contain Protected Material.  Any such copies that contain or constitute Protected

2   Material remain subject to this Protective Order as set forth in paragraph 4 (DURATION), above.

3   The Court shall retain jurisdiction to enforce the terms of this Protective Order for six months after

4   the final termination of this litigation.

5

6   **12.   MISCELLANEOUS**

7        12.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

8   seek its modification by the Court in the future.

9        12.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

10  Order no Party waives any right it otherwise would have to object to disclosing or producing any

11  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

12  Party waives any right to object on any ground to use in evidence of any of the material covered by

13  this Protective Order.

14  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

15

16  DATED: ___1/11/2005___        _____

17                                The Honorable Martin J. Jenkins
                                  United States District Judge
18

    **IT IS SO STIPULATED BY AND BETWEEN THE PARTIES.**
19

20
    DATED:  January 6, 2005        LERACH COUGLIN STOIA GELLER RUDMAN &
21                                  ROBBINS LLP

22                                  By: ___Douglas R. Britton / LHP___

23                                      Douglas R. Britton
                                        Lead Counsel for Plaintiffs
24

25  DATED:  January 6, 2005        MAYER, BROWN ROWE & MAW LLP

26                                  By: _____

27                                      Lee H. Rubin
                                        Attorneys for Defendants
28                                      Oracle Corporation, Lawrence J. Ellison, Jeffrey O.
                                        Henley and Edward J. Sanderson

                                    13

1

## EXHIBIT A

2

### *AGREEMENT TO BE BOUND BY PROTECTIVE ORDER*

3

4      I, _____, declare under penalty of perjury that I

5    have read in its entirety and understand the Stipulated Protective Order that was issued by the

6    United States District Court for the Northern District of California on _____

7    in the case of: *In re Oracle Corporation Securities* Litigation, Lead Case No. 417511, Case No. C-

8    01-0988-MJJ

9            I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

10    and I understand and acknowledge that failure to so comply could expose me to sanctions and

11    punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

12    any information or item that is subject to this Stipulated Protective Order to any person or entity

13    except in strict compliance with the provisions of this Order.

14            I further agree to submit to the jurisdiction of the United States District Court for the

15    Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16    Order, even if such enforcement proceedings occur after termination of this action.

17            I hereby appoint:

18            Name: _____

19            Address:_____

20            Telephone Number: _____

21    as my California agent for service of process in connection with this action or any proceedings

22    related to enforcement of this Stipulated Protective Order.

23

24    DATED:_____        _____
                                                                     (signature)

25
                                                          Name_____

26
                                                          Address_____

27
                                                          _____

28

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EXHIBIT B

#### *LIST OF ORACLE'S COMPETITORS*

| | |
|---|---|
| Accenture | Information Builders |
| Actuate | Intuit |
| Ariba | Lawson |
| Autonomy | Manugistics |
| BEA | Microsoft |
| BMC Software | MicroStrategy |
| Borland | NCR (Teradata) |
| Brio Technology | PeopleSoft |
| Business Objects | Plumtree |
| CGEY (Cap Gemini Ernst & Young) | PricewaterhouseCoopers |
| Clarify | Qwest Software |
| Cognos | Rational |
| CommerceOne | SAP |
| Crystal Decisions | SAS Institute |
| CSC (Computer Sciences Corporation) | Siebel |
| EDS | Siemens Business Services |
| Hyperion | SilverStream/Novell |
| i2 | Sun Microsystems |
| IBM (Including Informix Global Services) | Sybase |
| Informatica | Unisys |

REVISED STIPULATED [PROPOSED] PROTECTIVE ORDER;
CASE NO.: C-01-0988-MJJ

# Exhibit D

# Milberg Weiss Bershad Hynes & Lerach LLP

100 Pine Street, 26th Floor, San Francisco, CA 94111
(415) 288-4545  Fax: (415) 288-4534

www.milberg.com

Shawn A. Williams
ShawnW@mwbhl.com

New York
San Diego
Los Angeles
Boca Raton
Seattle

February 27, 2003

<u>Via U.S. Mail</u>

PRG – Schultz Profit Recovery Group
General Counsel
600 Galleria Parkway, Suite 100
Atlanta, GA  30339

Re:  *In re Oracle Corporation Securities Litigation*
United States District Court, Northern District of California
Master File No. C-01-0988-MJJ

Dear Sir/Madam:

This letter will serve as a reminder that Milberg Weiss Bershad Hynes & Lerach LLP is the appointed lead plaintiff counsel in the above-referenced class action.  The action is brought by plaintiffs on behalf of themselves and all other persons who purchased Oracle Corporation ("Oracle") common stock between December 14, 2000 and March 1, 2001 (the "Class Period").  The action names Oracle and several of Oracle's executives, as defendants.

Based on our investigation of the case, plaintiffs believe that Profit Recovery Group-Schultz may have discoverable information that is relevant to the case as Oracle's customer.  Therefore, plaintiffs request that you preserve all documents in your possession, custody or control that are relevant to the allegations in the case.  Once the case proceeds to the discovery phase, plaintiffs will subpoena documents from Profit Recovery Group-Schultz pursuant to Federal Rules of Civil Procedure 34 and 45.  This request for preservation of documents includes, without limitation, the following:

1.  All electronically recorded or stored data that refer to or relate to Oracle or Oracle's products, including, but not limited to, electronic mails.

2.  All contracts or agreements between Oracle and Profit Recovery Group-Schultz, including any drafts, amendments or modifications thereto.

3.  All documents concerning any communications, discussions or meetings between Oracle and Profit Recovery Group-Schultz about Oracle or any of its products, including any correspondence, phone logs, meeting minutes, and notes.

4.  All documents concerning Profit Recovery Group-Schultz's demand for, purchase of, or integration of Oracle's products, including, but not limited to, purchase orders, returns, cancellations, forecast, inventory and product development and planning.



Milberg Weiss Bershad Hynʊ & Lerach LLP

PRG – Schultz Profit Recovery Group
February 27, 2003
Page 2

Please feel free to contact me if you have any questions.

Very truly yours,

Shawn K. Williams

SAW:cs

G:\Secy-SF\cynthias\Shawn\Oracle\CXS80429.ltr

# Exhibit E

1  MAYER, BROWN, ROWE & MAW LLP
   Donald M. Falk (SBN 150256)
2  Lee H. Rubin (SBN 141331)
   Shirish Gupta (SBN 205584)
3  Two Palo Alto Square, Suite 300
   Palo Alto, California 94306
4  Telephone:    (650) 331-2000
   Facsimile:    (650) 331-2060
5
6  MAYER, BROWN, ROWE & MAW LLP
   Alan N. Salpeter (admitted *pro hac vice*)
7  Javier Rubinstein (admitted *pro hac vice*)
   190 South LaSalle Street
8  Chicago, IL 60603-3441
   Telephone:    (312) 782-0600
   Facsimile:    (312) 701-7711
9
10 Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
   J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON
11
   ORACLE CORPORATION
12 Dorian Daley (SBN 129049)
   James C. Maroulis (SBN 208316)
13 500 Oracle Parkway
   Mailstop 5OP7
14 Redwood Shores, California 94065
   Telephone:    (650) 506-5200
15 Facsimile:    (650) 506-7114
16 Attorneys for Defendant ORACLE CORPORATION

ORIGINAL
RECEIVED

04 DEC 10  PM 4: 07

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

DEC 17 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

17              UNITED STATES DISTRICT COURT

18     NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| 19 IN RE ORACLE CORPORATION<br>SECURITIES LITIGATION | Case No. C-01-0988-MJJ<br>(Consolidated) |
| 20 | |
| 21 | [~~PROPOSED~~] AMENDED PRETRIAL<br>ORDER |
| 22 This Document Relates To: | |
| 23 ALL ACTIONS. | Judge Martin J. Jenkins |
| 24 | |
| 25 | |
| 26 | |
| 27 | |

28

[~~PROPOSED~~] AMENDED PRETRIAL ORDER;
CASE NO.: C-01-0988-MJJ

1    It is hereby **ORDERED** pursuant to F.R.C.P. and the Local Rules of this Court:

2    **TRIAL DATE:** Monday, <u>September 11, 2006</u> at 8:30 a.m., Courtroom 11, 9th floor.
     **TRIAL LENGTH** is estimated to be **TBD** days. (x) jury  ( ) court
3

     **PRETRIAL CONFERENCE DATE:** Tuesday, <u>August 29, 2006</u> at 3:30 p.m.
4    (Counsel who intend to try the case must attend the pretrial conference. Counsel shall be prepared
     to discuss all aspects of the case, including settlement. Pretrial to conform to the attached
5    instructions).

6    DISCOVERY LIMITS:      Depositions:  Pltf.  65   Def.   65
                            Interrogs:    Pltf.  55   Def.   55
7                           Doc. Req.:    Pltf.  75   Def.   75

8    (Per Federal Rules of Civil Procedure and Local Rules, subject to any provisions below)

9    DISCOVERY DISPUTES: All requests for discovery relief must be summarized in letter briefs no
     longer than two pages for each party. The letter briefs must attest that, prior to filing the request
10   for relief, counsel met and conferred in person or by telephone and must concisely summarize
     those remaining issues that counsel were unable to resolve. The letter briefs may cite to limited
11   and specific legal authority only for resolution of dispositive issues. The letter briefs may not be
     accompanied by declarations; however any specific excerpt of disputed discovery material may be
12   attached. The Court will then advise the parties if additional briefing or a telephonic conference
     will be necessary.
13

14   NON-EXPERT DISCOVERY CUTOFF is: 2/24/06

15   DESIGNATION OF EXPERTS:              **TBD**

16   EXPERT DISCOVERY CUTOFF is:          **TBD**

17   DISPOSITIVE MOTIONS SHALL be heard by July 31, 2006

18   SETTLEMENT CONFERENCE shall be held before Magistrate Judge Zimmerman and
     scheduled to take place August 2006

19   FURTHER STATUS CONFERENCE: July 12, 2005 at 2:00 p.m.

20   **ADDITIONAL ORDERS:**
     <u>Initial disclosures and protective order due by 12/21/04</u>
21

22   CLASS CERTIFICATION: Plaintiffs shall file their class certification motion on or before
     **January 31, 2005.** Defendants shall file their opposition brief by **March 28, 2005.** Any reply
23   brief shall be filed by **April 22, 2005.** A hearing will be held before the Court regarding class
     certification in May 2005 or at the Court's earliest convenience thereafter.

24   **PLAINTIFF IS ORDERED TO SERVE A COPY OF THIS ORDER ON ANY PARTY
     SUBSEQUENTLY JOINED IN THIS ACTION.**
25

26   Dated:        December 14, 2004          _____
                                              MARTIN J. JENKINS
27                                            United States District Judge

28

                                                        [PROPOSED] AMENDED PRETRIAL ORDER;
                                                        CASE NO.: C-01-0988-MJJ

1

2 APPROVED AS TO FORM:

3 DATED: December 10, 2004      LERACH COUGLIN STOIA GELLER RUDMAN &

4                      ROBBINS LLP

5                      SHAWN A. WILLIAMS
                     WILLOW E. RADCLIFFE

6                      ELI R. GREENSTEIN
                     JENNIE LEE ANDERSON

7                      MONIQUE C. WINKLER

8

9                      By:_____
                             Shawn A. Williams
                     Lead Counsel for Plaintiffs

10

11

12 DATED: December 10, 2004      MAYER, BROWN ROWE & MAW LLP

13                      DONALD M. FALK
                     LEE H. RUBIN

14                      SHIRISH GUPTA

15                      By:_____ by SAW

16                            Lee H. Rubin
                     Attorneys for Defendants

17                      Oracle Corporation, Lawrence J. Ellison, Jeffrey O.
                     Henley and Edward J. Sanderson

18

19

20

21

22

23

24

25

26

27

28

                                       [PROPOSED] AMENDED PRETRIAL ORDER;
                                        CASE NO.: C-01-0988-MJJ

# PRETRIAL INSTRUCTIONS

Counsel SHALL meet and confer in good faith in advance of complying with the following pretrial requirements for the purpose of preparing for the Pretrial Conference and to discuss settlement.

## A.   20 CALENDAR DAYS PRIOR TO PRETRIAL CONFERENCE

The following shall be accomplished not later than **20 calendar days** prior to the scheduled Pretrial Conference:

**1.   PRETRIAL STATEMENT:**  The parties shall comply in all respects with FRCivP 16(c)(1)(2)(3)(4)(7)(13)(14)(15)(16)

**2.   JURY INSTRUCTIONS:**

a.   Joint Set of Agreed Upon Instructions: The parties shall jointly prepare a set of agreed upon jury instructions, and shall file an original and two copies of same **20 calendar days** prior to the Pretrial Conference.

b.   Separate Instructions:  Separate instructions may be submitted only as to those instructions upon which the parties cannot agree. Each separate instruction shall note on its face the identity of the party submitting such instruction.

No later than **10 calendar days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction. The form of the objection shall be as follows:

(1) Set forth in full the instruction to which the objection is made;

(2) Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(3) Set forth in full an alternative instruction, if any.

An original and two copies of the separate instructions with objections shall be filed **10 calendar days** prior to the Pretrial Conference.

c.   Substance and Format of Instructions:  The instructions shall cover all substantive issues. Proposed instructions shall be consecutively numbered. Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title. Citations to the authorities upon which the instruction is based shall be included. Instructions shall be brief, clear, written in plain English and free of argument. Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d.   Preliminary Statement and Instructions:  If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **one week** prior to trial, the text of the statement and instructions, clearly marked.

e.   Clean Copies:  The parties shall be prepared to submit two clean copies of instructions without citations, titles or attribution on or before the date trial commences.

**3.   FINDINGS OF FACT and CONCLUSIONS OF LAW:**  In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues. Proposed findings shall be brief, written in plain English and free of pejorative language and argument.

## 4.   EXHIBITS:

a.   <u>Provide Copies of Exhibits to Other Parties</u>:  Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list (see **attached**) of all such proposed exhibits.  Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries.  Each item shall be <u>pre-marked with an exhibit sticker (see attached)</u>, plaintiff's exhibits with numbers, defendant's exhibits with letters.  If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators.  All exhibits which have not been provided as required are subject to exclusion.

b.   <u>Stipulations re Admissibility</u>:  Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference.  If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

c.   <u>Provide Copies of Exhibits to Court</u>:  One set of exhibits shall be provided to the Court on the <u>one week prior to trial.</u>.  Each set shall be in binders, tabbed and indexed.

d.   <u>Disposition of Exhibits After Trial</u>:  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

## 5.   WITNESSES:

a.   <u>Jury Trials</u>:  The Pretrial Conference Statement shall include a witness list required by FRCivP 16(c)(7).  Expert witnesses shall be listed separately.  In addition, in the case of expert witnesses, the summary shall clearly state the expert's theories and conclusions and the bases therefor and **SHALL** be accompanied by a curriculum vitae; if the expert has prepared a report in preparation for the testimony, a copy thereof shall be furnished to opposing counsel.  Witnesses not included on the list may be excluded from testifying.

b.   <u>Non-Jury Trials</u>:  In non-jury cases, each party shall serve and lodge with the Court a written <u>narrative statement</u> of the proposed direct testimony of each witness under that party's control in lieu of a summary.  Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

## 6.   MOTIONS IN LIMINE:  Motions in limine are limited to motions to exclude

specific items of evidence (i.e. specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.  Motions in limine shall be filed and served no later than **ten Court days** prior to the date set for the pretrial conference.  Any party opposing such a motion in limine shall file and serve its opposition papers no later than **five Court days** prior to the pretrial conference.  No reply papers will be considered.

## B.   10 COURT DAYS PRIOR TO PRETRIAL CONFERENCE

The following shall be accomplished not later than **10 Court days** prior to the Pretrial Conference:

1.   <u>List of Exhibits With Stipulations and Objections</u> - The parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

2.   <u>Objections to Other Evidence</u> - In addition to exhibit lists, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference as required by Local Rule.  Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

3.     <u>Voir Dire and Verdict Forms</u> - Each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

## C.     OTHER PRETRIAL MATTERS

1.     <u>Citations</u> - In all Pretrial Statements, memoranda of points and authorities and jury instructions, citations shall be as follows:  (1) all United States Supreme Court citations shall be to both the official reporter and to the <u>West Supreme Court Reporter</u>, (2) all citations to California state courts shall be to both the official reporter and to the <u>West California Reporter</u>, and (3) all citations to the courts of any other state shall be to both the official reporter of that state and to the <u>West Regional Reporter</u>.

2.     <u>Settlement Conferences</u> - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

3.     <u>Copies</u> - Unless otherwise indicated, each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers.  In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

4.     <u>Daily Transcripts</u> - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least <u>one week</u> before trial commences.

Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C-   MJJ       DATE:

_____ v. _____  EXHIBIT LIST

( ) Plaintiff          ( ) Defendant

| EXHIBIT NUMBER | MARKED | ADMITTED | SPONSORING WITNESS | DESCRIPTION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | |
|---|---|
| ce No. | Case No. |
| **PLNTF** Exhibit No. _____ | **DEFT** Exhibit No. _____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. | Case No. |
| **PLNTF** Exhibit No. _____ | **DEFT** Exhibit No. _____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. | Case No. |
| **PLNTF** Exhibit No. _____ | **DEFT** Exhibit No. _____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. | Case No. |
| **PLNTF** Exhibit No. _____ | **DEFT** Exhibit No. _____ |
| te Entered _____ | Date Entered _____ |
| gnature _____ | Signature _____ |

| | |
|---|---|
| Case No. | Case No. |
| **PLNTF** Exhibit No. _____ | **DEFT** Exhibit No. _____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. | Case No. |
| **PLNTF** Exhibit No. _____ | **DEFT** Exhibit No. _____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. | Case No. |
| **PLNTF** Exhibit No. _____ | **DEFT** Exhibit No. _____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.    That on December 10, 2004, declarant served the **[PROPOSED] AMENDED PRETRIAL ORDER** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant also served the parties by facsimile.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of December, 2004, at San Francisco, California.

KAREN HEINZ

ORACLE III (LEAD)
Service List - 12/10/2004  (201-064-1)
Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
   650/331-2000
   650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
   312/782-0600
   312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
   650/506-5200
   650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
   619/231-1058
   619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
   415/288-4545
   415/288-4534 (Fax)

1      I, JESSICA FERNANDEZ, declare:

2      I am a resident of the State of California and over the age of eighteen years, and not a party

3 to the within action; my business address is: Two Palo Alto Square, Suite 300, Palo Alto,

4 California 94306.

5      On December 22, 2004, I served the foregoing document(s) described as:

6         **NOTICE OF ENTRY OF AMENDED PRETRIAL ORDER**

7 ☐   By transmitting via facsimile the document(s) listed above (exclusive of exhibits) to the fax number(s) set forth below on this date before 5:00 p.m.

8 ☒   By placing the document(s) listed above in a sealed envelope with postage prepaid, via
9 First Class Mail, in the United States mail at Palo Alto, California addressed as set forth below.

10 ☒   By personally delivering the document(s) listed above to the person(s) at the address(es)
11 set forth below.

12 ☐   By placing the document(s) listed above in a sealed overnight service envelope and
13 affixing a pre-paid air bill, and causing the envelope to be delivered to an overnight service agent for delivery.

14   **VIA PERSONAL DELIVERY**     **VIA U.S. MAIL**

15   Sanford Svetcov               William S. Lerach
     Shawn A. Williams             Douglas R. Britton
16   Reed R. Kathrein               Darren J. Robbins
     Michael Reese                **LERACH, COUGHLIN, STOIA,**
17   **LERACH, COUGHLIN, STOIA,**    **GELLER, RUDMAN &**
     **GELLER, RUDMAN &**         **ROBBINS LLP**
18       **ROBBINS LLP**            401 B Street, Suite 1700
     100 Pine Street, Suite 2600       San Diego, CA 92101
19   San Francisco, CA 94111        Fax: (619) 231-7423
     Fax: (415) 288-4534
20

21

22      I am readily familiar with the firm's practice of collection and processing correspondence

23 for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

24 day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

25 motion of the party served, service is presumed invalid if postal cancellation date or postage meter

26 date is more than one day after date of deposit for mailing in affidavit.

27

28

1    I declare under penalty of perjury that the foregoing is true and correct.

2    I declare that I am employed in the office of a member of the bar of this court at whose

3    direction the service was made.

4    Executed on December 22, 2004 at Palo Alto, California.

5

6

7    JESSICA FERNANDEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit F

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ CALIFORNIA

In re Oracle Corporation Securities Litigation

**V.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: C-01-0988-MJJ

(Northern District of California)

Profit Recovery Group - Schultz, Inc.
*c/o* CSC Lawyers Incorporating Service
TO: 2730 Gateway Oaks Dr., Ste. 100
Sacramento, CA 95833

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A (attached hereto)

| PLACE | DATE AND TIME |
|---|---|
| 2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 | 1/17/05<br>10:00 am |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiffs | 12/14/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 100 Pine St., Ste. 2600, San Francisco, CA 94111, 415/288-4545

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
1 If action is pending in district other than district of issuance, state district under case number.

AO 88   (Rev. 1/94) Subpoena in a Civil Ca.

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS  SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret  or  other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES  IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1

## SCHEDULE A

2    **L      DEFINITIONS**

3        Unless otherwise stated, the terms set forth below are defined as follows:

4        1.    "You" or "your" refers to the responding party and any of its predecessors,

5   successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign,

6   national, regional and local offices; all present or former officers, directors, partners, employees,

7   agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act

8   on its behalf.

9        2.    "Document" or "documents" has the same meaning as "writings," which is defined in

10  Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored

11  documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the

12  Federal Rules of Civil Procedure.

13        3.    "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or

14  affiliates (foreign and domestic), predecessors, successors and any present and former officers,

15  directors, employees, agents or members of the Board of Directors of Oracle, its attorneys,

16  accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

17        4.    "Ellison" refers to defendant Lawrence J. Ellison and his agents, attorneys, advisors,

18  accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

19        5.    "Henley" refers to defendant Jeffrey O. Henley and his agents, attorneys, advisors,

20  accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

21        6.    "Sanderson" refers to defendant Edward J. Sanderson and his agents, attorneys,

22  advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his

23  behalf.

24        7.    "Individual Defendants" refers to Ellison, Henley and Sanderson, and their agents,

25  attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act

26  on their behalf.

27        8.    "Defendants" refers to Oracle and the Individual Defendants.

28

SCHEDULE A - C-01-0988-MJJ

9.      "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement.

10.      "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

11.      "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

12.      "Refer" or "relate" or "referring" or "relating" means all documents which explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of, the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

13.      "Meeting" refers to the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, occurred in connection with some other activity, or was by telephone or teleconferencing.

14.      "Your employee" refers to any person who at any time acted or purported to act on your behalf or under your supervision, direction or control, including, without limitation, past and current directors, officers, principals, partners, executives, analysts, investment bankers, consultants, advisors, representatives, attorneys, agents, trustees, independent contractors, assigns, business, or similar persons or entities.

15.      "Identify," when used to refer to a natural person, shall mean to set forth that person's: (a) full name and title, if any; (b) present or last known address; (c) present or last known business and home telephone number(s); and (d) present or last known employer.

16.      "Entity" or "entities" has the same meaning as person.

1    17.   "CRM" refers to Oracle's Customer Relationship Management software products and
2  services.

3    18.   "11i" refers to Oracle's 11i Suite of software products and services, including all of
4  its individual modules such as CRM.

5    19.   "Oracle products" refers to all of Oracle's database and applications software
6  products and services, including, but not limited to, 11i and its individual modules such as CRM.

7    20.   "Contract" or "Agreement" includes both written and verbal agreements.

8    21.   The connectives "and" and "or" shall be construed either disjunctively or
9  conjunctively as necessary to bring within the scope of the document request all responses that
10  otherwise might be construed to be outside of its scope.

11    22.   The use of the singular shall be deemed to include the plural, and the use of one
12  gender shall include all others, as appropriate in the context.

13    23.   "Including" shall be construed to mean "without limitation."

14  II.    INSTRUCTIONS

15    1.   All documents shall be produced as they are maintained in the ordinary course of
16  business, and shall be produced in their original folders, binders, covers or containers, or facsimile
17  thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such
18  documents are stored and retrieved.

19    2.   In responding to these requests, you shall produce all responsive documents
20  (including those stored electronically), which are in your possession, custody or control, or in the
21  possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or
22  affiliates, or any of your respective directors, officers, managing agents, agents, employees,
23  attorneys, accountants or other representatives.  A document shall be deemed to be within your
24  control if you have the right to secure the document or a copy of the document from another person
25  having possession or custody of the document.

26    3.   Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection
27  and copying by plaintiffs original documents including those stored electronically as they are kept in
28  the usual course of business.  If the original is not in your custody, then a copy thereof, and all non-

1  identical copies which differ from the original or from the other copies produced for any reason,

2  including, without limitation, the making of notes thereon.

3       4.     To the extent that there are documents containing information relevant to these

4  requests that are currently in electronic format, the documents are to be produced in their native

5  format (*e.g.*, Word, Excel, or Word Perfect). ·

6       5.     If production of documents is withheld on the ground of privilege, as to each such

7  withheld document state the following information:

8       (a)     which privilege is claimed;

9       (b)     who is asserting the privilege;

10       (c)     a precise statement of the facts upon which said claim of privilege is based;

11  and

12       (d)     the following information describing each purportedly privileged document:

13       (i)     a brief description sufficient to identify its nature, i.e., agreement,

14  letter, memorandum, type, etc.;

15       (ii)     a brief description sufficient to identify its subject matter and purpose

16  of the document;

17       (iii) ·     the subject matter and purpose of document;

18       (iv)     the date it was prepared;

19       (v)     the date it bears;

20       (vi)     the date it was sent;

21       (vii)     the date it was received;

22       (viii)     the identity of the person preparing it;

23       (ix)     the identity of the person sending it;

24       (x)     the identity of each person to whom it was sent or was to have been

25  sent, including all addresses and all recipients of copies;

26       (xi)     a statement as to whom each identified person represented or

27  purported to represent at all relevant times;

28       (xii)     all persons to whom its contents have been disclosed; and ·

1              (xiii)   a precise description of the place where each copy of that document is

2   kept, including the title or description of the file in which said document may be found and the

3   location of such file.

4         6.   If a portion of any document responsive to these requests is withheld under claim of

5   privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be

6   produced with the portion claimed to be privileged redacted.

7         7.   You are to produce each document requested herein in its entirety, without deletion or

8   excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider

9   the entire document to be relevant or responsive to the requests.

10         8.   Whenever a document is not produced in full or is produced in redacted form, so

11   indicate on the document and state with particularity the reason or reasons it is not being produced in

12   full, and describe to the best of your knowledge, information and belief, and with as much

13   particularity as possible, those portions of the document which are not being produced.

14         9.   If a document responsive to these requests was at any time in your possession,

15   custody or control but is no longer available for production, as to each such document state the

16   following information:

17            (a)   whether the document is missing or lost;

18            (b)   whether it has been destroyed;

19            (c)   whether the document has been transferred or delivered to another person and,

20   if so, at whose request;

21            (d)   whether the document has been otherwise disposed of; and

22            (e)   a precise statement of the circumstances surrounding the disposition of the

23   document and the date of its disposition.

24         10.   With respect to any category of documents, the production of which you contend is in

25   some way "burdensome" or "oppressive," please state the specific reasons for that objection.

26   **III.   RELEVANT TIME PERIOD**

27         All requests herein refer to the period from January 1, 2000 through June 18, 2003 (the

28   "relevant time period"), unless otherwise specifically indicated, and shall include all documents and

SCHEDULE A   C 01 0088 MH

1   information that relate to such period, even though prepared or published outside of the relevant time

2   period.

3   **IV.   DOCUMENTS REQUESTED**

4   <u>REQUEST NO. 1:</u>

5        All documents and communications concerning Oracle's products, licenses or services,

6   including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

7   <u>REQUEST NO. 2:</u>

8        All documents and communications concerning any discussions or meetings between you

9   and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of Oracle's

10  products, licenses or services.

11  <u>REQUEST NO. 3:</u>

12       All documents and communications concerning your projections or forecasts for purchases or

13  sales of any of Oracle's products, licenses or services.

14  <u>REQUEST NO. 4:</u>

15       All documents and communications concerning your actual purchases or orders for Oracle's

16  products, licenses or services, including, but not limited to, purchase orders, invoices, payment

17  terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check requests and

18  check or cash disbursements.

19  <u>REQUEST NO. 5:</u>

20       All documents and communications concerning your actual or attempted installation,

21  integration or implementation of Oracle's products, licenses or services, including, but not limited to,

22  technical support issues, product failures, delays, and issues regarding consulting fees or payments.

23  <u>REQUEST NO. 6:</u>

24       All documents and communications concerning any sales presentation, promotion or product

25  demonstration made to you by Oracle for Oracle's products, licenses or services, including, but not

26  limited to, any discussions, promises or guarantees made to you regarding the functionality or

27  performance of Oracle's products.

28

1  REQUEST NO. 7:

2      All documents and communications concerning your right to return, exchange, defer

3  payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but

4  not limited to, your actual or contemplated decision to exercise those rights.

5  REQUEST NO. 8:

6      All documents and communications concerning the functionality of Oracle's products and

7  services and compatibility with the hardware, software and information technology systems used by

8  or considered for use by your company.

9  REQUEST NO. 9:

10     All documents and communications concerning any technical defects, problems, bugs,

11  patches, or technical difficulties related to any of Oracle's products, licenses or services, including

12  any complaints you had or raised with Oracle.

13  REQUEST NO. 10:

14     All documents and communications concerning any attempt to fix or remedy any technical

15  defects, difficulties, problems, bugs, or patches related to any of Oracle's products, licenses or

16  services.

17  REQUEST NO. 11:

18     All documents and communications concerning any actual, potential or threatened legal

19  action by you against Oracle or by Oracle against you, relating to Oracle's products or services,

20  including, but not limited to, contract or payment disputes and disagreements.

21  REQUEST NO. 12:

22     All documents and communications concerning your information technology budget for

23  Oracle's products, licenses or services, including but not limited to any decline or change due to the

24  slowing of the United States economy.

25  REQUEST NO. 13:

26     All documents and communications concerning your efforts to audit, collect or recover

27  payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products, licenses

28  or services.

1  REQUEST NO. 14:

2       All documents and communications concerning your assessment, testing and evaluation of

3  Oracle's products, licenses or services.

4  REQUEST NO. 15:

5       All documents and communications concerning any overpayment made by you to Oracle for

6  any purchase of Oracle's products, licenses or services between 1997-2004, including, but not

7  limited to, any proposed or actual reimbursement, refund, credit or discount received in connection

8  with overpayments and any discussions or meetings with Oracle regarding overpayments.

9  REQUEST NO. 16:

10      All documents and communications concerning your employment or use of any profit or

11  audit recovery entities in connection with overpayments for purchases or sales of Oracle's products

12  and services between 1997 and 2004, including, without limitation, attempts to recover monies

13  owed, or believed to be owed to you by Oracle.

14  REQUEST NO. 17:

15      All documents and communications concerning any loss of business or costs incurred by you

16  in connection with your purchase or use of Oracle's products, licenses or services.

17  REQUEST NO. 18:

18      All documents or communications, including organizational charts and directories, sufficient

19  to identify your employees who were involved with purchases, sales or implementation of Oracle's

20  products and services.

21  REQUEST NO. 19:

22      All documents and communications concerning your decision to switch from Oracle's

23  products and services to competing products and services sold by companies such as Microsoft or

24  IBM database or any other database or applications provider.

25  REQUEST NO. 20:

26      All documents and communications concerning your decision not to award software and

27  service contracts to Oracle for which Oracle had submitted a bid or proposal.

28

1    REQUEST NO. 21:

2         All documents and communications concerning any proposed or actual services provided by

3    Oracle Consulting in connection with Oracle's products and licenses.

4    REQUEST NO. 22:

5         All documents and communications concerning agreements or joint ventures with Oracle to

6    promote, sell or market Oracle's products and services.

7    T:\CasesSF\Oracle3\SCH00013326_Customer.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28