Exhibit G

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To: | AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN |
| ALL ACTIONS. | Judge Martin J. Jenkins Magistrate Judge Joseph C. Spero |

1    On Tuesday, March 1, 2005, the parties appeared before United States Magistrate Judge

2  Joseph C. Spero for a discovery conference.  The parties offered written discovery plans and

3  presented oral argument.  The Court, having reviewed the written submissions and considered the

4  parties' oral argument, hereby sets forth the following Discovery Plan, which shall govern discovery

5  in this case.

6    For the reasons stated on the record, IT IS ORDERED THAT:

7  **I.    SCOPE OF DISCOVERY**

8    The scope of discovery shall be as follows:

9    **A.    RELEVANT TIME PERIOD**

10    For purposes of responding to written discovery requests, the "Relevant Time Period" shall

11  be from June 1, 2000 to June 1, 2001.  Documents created outside of the Relevant Time Period that

12  refer to events within the Relevant Time Period must also be produced.

13    **B.    FILES TO BE SEARCHED**

14    In responding to Plaintiffs' requests for documents, Oracle Corporation ("Oracle" or the

15  "Company") shall search the hard copy and electronic files of the following individuals:

16    1.    Lawrence Ellison ("Ellison"), Jeffrey Henley ("Henley"), Edward "Sandy"
17  Sanderson, Stephanie Aas, Jennifer Glass and Jennifer Minton (collectively "the Speakers");

18    2.    The Speakers' direct reports during the Relevant Time Period including, but not
     limited to, those represented in Oracle's February 18, 2005 letter to the Court;

19
20    3.    The Area Vice Presidents in Oracle's three United States sales and consulting
     divisions: North American Sales, Oracle Service Industries and Oracle Products Industries;

21    4.    The following individuals: John Nugent, Bret Fuller, Charles Rozwat, Gary Roberts,
     John Wheeler, Sergio Giacoletto, Greg Myers, Neil Menon, Brad Scott, Michael Quinn, Michael
22  Rocha, Ray Lane and Ron Cuneo; and

23    5.    Other individuals, as agreed upon by the parties or ordered by the Court.

24    **C.    DEFINITION OF KEY ISSUES IN CASE**

25    With respect to the following topics related to discovery between the parties, the Court sets

26  forth the following guidelines:

27

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                         - 1 -

**1.      Economy**

Subject to the limitations set forth in Sections I(A) and (B) above, hereafter ("SCOPE"), Defendants shall produce documents and communications (including e-mail correspondence) concerning the United States economy and its impact or potential impact on Oracle's revenues, earnings and expenses; its impact or potential impact on customer purchasing decisions of IT products and services in general; and specifically the purchase of products or services from Oracle.

**2.      Functionality of Oracle's Suite 11i Software and Its Individual Modules**

Defendants shall produce:

(a)      Software versions 1, 2 and 3 of Oracle's Suite 11i;

(b)      High level design documents for Suite 11i;

(c)      Technical manuals for Suite 11i;

(d)      "Bug reports" that in any way reference integration or interoperability;

(e)      High level documents describing the scope and dimension of "bug problems" within Suite 11i and/or any of its modules other than integration and interoperability;

(f)      Documents regarding any lost or deferred sales of any Oracle product, as well as any material expense with respect to any Oracle product – such as refunds, rebates or remediation. For purposes of this issue only, "material expense" is defined as having a financial impact greater than or equal to $500,000.

**3.      Revenue/Earnings Forecasting**

Subject to the Court's rulings on SCOPE, Defendants shall produce documents relating to Oracle's forecasts, including any mention of the economy as it relates to Oracle's forecasting during the Relevant Time Period and as it related to the Company's pipeline and its growth or decline. Additionally, Defendants shall produce documents relating to Oracle's sales pipeline and pipeline conversion rates/ratios.

**4.      Accounting and Underlying Documents**

Defendants shall produce all documents relating to (i) the alleged "On Account Cleanup" occurring in November 2000; (ii) the 46,000 debit memoranda; and (iii) the accounting treatment of those debit memoranda, including any audit trail, and all related accounting policies.

### 5.    Insider Trading

Subject to the Court's rulings on SCOPE, Defendants shall produce documents and communications regarding Defendants' sales or contemplated sales of Oracle securities during January 2001.  These documents shall include Defendants' option agreements, the reasons and timing of their sales, and the Company's policies and procedures regarding trading and options.

### 6.    Special Litigation Committee

Defendants shall produce all underlying documents that the Special Litigation Committee ("SLC") reviewed from whatever source, except documents subject to privilege or work product protection for which they will produce a privilege log.  Defendants are not required to specifically identify these documents as having been produced to the SLC.  Defendants reserve their right to designate any such documents as either "Confidential" or "Highly Confidential" under the terms of the January 11, 2005 Revised Stipulated Protective Order Governing Confidentiality.   Such production shall not constitute a waiver of either the attorney-client or attorney work product privilege.

Plaintiffs may file a motion to compel production of documents related to the SLC's investigation including production of the SLC Report itself.

## II.    CONVENTIONS FOR PARTY DISCOVERY

### A.    TIMING OF DOCUMENT PRODUCTION

Defendants shall produce documents on a rolling basis with production to be completed by May 1, 2005. Defendants shall produce documents responsive to Plaintiffs' requests for documents contained in the files of any deponent not otherwise within the category of individuals specified in Section I(B) above, no later than seven days prior to the date on which such witness is noticed to be deposed. Plaintiffs shall complete their document production by March 21, 2005, with the exception of the interrogatory set forth in VII(C) *infra*, which shall be responded to within forty-five (45) days of the entry of this Order.

### B.    PRODUCTION FORMAT

When preparing documents for production, the parties shall adhere to the following conventions with respect to documents within their possession, custody or control:

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

(a)     The parties shall produce e-mails in searchable TIFF format. E-mails shall include the following information: sender, recipient, blind and carbon copies, date sent, e-mail box from whom the document is produced, and the date and time it was opened, deleted, responded to or forwarded. Furthermore, the parties shall produce all attachments to or documents embedded in such e-mails in native format, readily accessible from each e-mail.

(b)     The parties shall produce all documents that were created and kept in electronic format in either native format or a searchable electronic format. For example, Microsoft Word or Excel files shall be produced in their native format. Information stored on Oracle databases, such as the accounting treatment for the 46,000 debit memos, shall be downloaded into Excel or another comparable format and produced in that electronic format.

(c)     The parties shall meet and confer regarding locking and protecting electronic documents in order to prevent their alteration or manipulation subsequent to production.

(d)     With respect to documents that were reviewed by the SLC or produced to the plaintiffs in Oracle Cases, JCCP No. 4180 (CIV 417511 San Mateo Co. Sup. Ct.) and in *In re Oracle Corp. Deriv. Litig.*, C.A. No. 18751 (Del. Ct. of Chancery) that have already been produced to Plaintiffs in paper format, Defendants shall also produce to Plaintiffs spreadsheets in native format and e-mails in searchable TIFF format with the metadata described above. Defendants may submit a letter brief to the Court requesting that Plaintiffs share the cost of reproducing these specified documents in electronic format.

## C.   PRODUCTION SOURCE LOG

The parties must produce logs indicating the source files of all produced documents, including for documents previously produced.

## D.   PRIVILEGE LOGS

The parties shall produce privilege logs within forty-five (45) days after a document is withheld for privilege.

## III.   DEPOSITIONS

### A.   TIME LIMIT PER DEPOSITION

Federal Rule of Civil Procedure 30 shall govern the time limit for depositions, except upon agreement of the parties or court order.

### B.   DEPOSITIONS OF 30(b)(6) WITNESSES

(a)     ~~Plaintiffs' Position~~ 2C 5

Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by April 15, 2005. The depositions may cover the following agreed upon topics: accounting, electronic systems, forecasting and Suite 11i.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

- 4 -

1    Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6) subjects

2  relating to document preservation.  If, after Plaintiffs have had an opportunity to review those

3  responses, Plaintiffs believe that a deposition regarding document preservation is still necessary, the

4  parties shall meet and confer.

5    Where Defendants offer a Speaker as defined in I(B)(1), a Speaker's direct report as defined

6  in I(B)(2), or an individual named in the Revised Second Amended Complaint for Violations of the

7  Federal Securities Laws ("RSAC") as a 30(b)(6) witness, Plaintiffs shall not be precluded from

8  deposing that same witness in his/her individual capacity at a later date.  Instead, in such

9  circumstances, the parties shall meet and confer, taking into account the outstanding discovery and

10  may seek assistance from the Court in the event they are unable to reach an agreement.

11    ~~(b)    Defendants' Position~~

12    Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by

13  April 15, 2005.  The depositions may cover the following agreed upon topics: accounting,

14  electronic systems, forecasting and Suite 11i.

15    Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6)

16  subjects relating to document preservation.  If, after Plaintiffs have had an opportunity to review

17  those responses, Plaintiffs believe that a deposition regarding document preservation is still

18  necessary, the parties shall meet and confer.

19    Where an individual is offered by Oracle as a Rule 30(b)(6) witness at a deposition and

20  documents from that individual's files have been produced to Plaintiffs at least seven (7) days prior

21  to the deposition, that individual may not be deposed again in his or her individual capacity at a

22  ~~later date.~~

23  **C.    FACT WITNESS DEPOSITIONS**

24    Depositions of substantive witnesses shall begin after May 1, 2005.  Subject to the other

25  limits above, Defendants shall produce documents from the files of a deponent, including a

26  confidential witness ("CW"), no less than seven (7) days before that individual's deposition as a fact

27  witness.

28

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                    - 5 -

(a)     Subject to change upon the receipt and review of discovery from Defendants and non-parties, Plaintiffs currently intend to depose the following witnesses:

1.  Anil Vora
2.  Bill Castello
3.  Brad Scott
4.  Bret Fuller
5.  Charles Rozwat
6.  David Winton
7.  Edward J. Sanderson
8.  Frank Varasano
9.  Gary Bloom
10. Gary Roberts
11. George Roberts
12. Ivgen Guner
13. Jay Nussbaum
14. Jeffrey Henley
15. Jennifer Minton
16. Jim English
17. Jody Terry
18. John Nugent
19. Jon Simmons
20. Larry Garnick
21. Lawrence Ellison
22. Mark Barrenchea
23. Mary Ann Gillespie
24. Michael Rocha
25. Michael P. DeCesare
26. Nick Classik
27. Patricia McManus
28. Ray Lane
29. Richard Blotner
30. Ron Police
31. Safra Catz
32. Sarah Kopp
33. Sergio Giacolletto
34. Steve McLaughlin
35. Terrence Ford
36. Tom Thimot
37. Tom Williams
38. Valerie A. Borthwick

Plaintiffs reserve the right to modify this list and to take additional depositions as discovery in this action proceeds.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

- 6 -

1        (b)    Defendants currently intend to depose the forty-nine (49) CWs as well as the
proposed class representatives. Defendants reserve the right to take additional depositions, up to the
2   sixty-five (65) allowed by the Court, at any time prior to the close of fact discovery.

3   **IV.    EXPERT DISCOVERY**

4
    The parties shall exchange any affirmative expert reports on March 3, 2006, and any rebuttal
5   reports on April 3, 2006. The parties shall complete expert discovery by May 22, 2006.

6   **V.    THIRD PARTY DISCOVERY**

7
    **A.    LIFTING OF THE STAY AND TIMING OF PRODUCTION FOR
8       ALL THIRD PARTY DISCOVERY**

9       The Court hereby lifts the stay on third party discovery put in place by its February 5, 2005
10  Order, subject to the limitations imposed by this Order.  Plaintiffs shall meet and confer with third
11  parties concerning the timing of their document production.

12      **B.    RELEVANT TIME PERIOD**

13      The definition of Relevant Time Period, June 1, 2000 – June 1, 2001, set forth above, shall
14  apply to all third party discovery.

15      **C.    SCOPE OF DISCOVERY FROM THIRD PARTY CUSTOMERS**

16      **1.    Number of Customers to be Subpoenaed**

17      Without leave of Court, Plaintiffs shall not subpoena more than one hundred (100) of
18  Oracle's current and former customers.  Plaintiffs have, to date, subpoenaed ninety-three (93) of
19  Oracle's customers.

20      **2.    Subject Matter of Discovery to Be Produced by Customers**

21      Plaintiffs may seek discovery from Oracle's current and former customers on the following
22  topics only:

23      (a)    **The United States Economy**

24      Plaintiffs' third party discovery from customers relating to the economy is hereby limited to
25  the following:

26      (i) communications with Oracle relating to increases or decreases in purchases from Oracle
27  as a result of the economy; and

28

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)

(ii) internal documents relating to decisions to purchase or not to purchase from Oracle because of the economy.

### (b)   Oracle Software Integration and Interoperability Problems

Plaintiffs' third party discovery from customers relating to problems with Oracle's Suite 11i is hereby limited to documents regarding integration and interoperability (including integration and interoperability gaps and bugs) with Oracle applications Suite 11i and its modules, including but not limited to Oracle's CRM Module. For purposes of this Order, integration refers to the ability of modules of Suite 11i to work together and share information.

### (c)   Accounting

Plaintiffs' third party discovery from customers relating to Oracle's accounting is limited to documents relating to the 46,000 debit memo transactions created on or about November 17, 2000.

## D.   DISCOVERY FROM ANALYSTS AND MEDIA ORGANIZATIONS COVERING THE COMPANY

Subject to the Court's rulings on SCOPE, Plaintiffs may seek discovery from analysts and news services on the following topics:

(a)   The Defendants' public statements;

(b)   Customer interviews and complaints/problems with Oracle products, including 11i;

(c)   The downturn in the economy and IT budgets during the Class Period;

(d)   Oracle's forecasts and projections;

(e)   Oracle's revenue and earnings reports and financial statements;

(f)   Integration and/or interoperability gaps and bugs; and

(g)   One-on-one interviews with Defendants.

## E.   DISCOVERY FROM AUDITORS

Plaintiffs' third party discovery from Oracle's auditors and accountants is limited to documents relating to (i) the debit memo transactions; (ii) the accounting treatment of the 46,000 debit memo transactions; and (iii) tax advisory services provided to Henley and Ellison relating to the Relevant Time Period.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

1    In addition, Oracle's auditors and accountants ARE HEREBY ORDERED to preserve all

2    relevant documents (including electronic documents and e-mail) concerning their audit work on

3    behalf of Oracle for the Relevant Time Period.

4    **F.    DISCOVERY FROM CONFIDENTIAL WITNESSES**

5    Plaintiffs shall disclose the names and corresponding CW numbers of the CWs used in the

6    RSAC to Defendants' counsel, including in-house counsel at Oracle, within forty-eight (48) hours of

7    the signing of this Order.  Plaintiffs' disclosures shall be subject to the following restrictions:

8    (a)    Counsel for Defendants shall not disclose a CW's role to anyone other than

9    (i) Defendants' counsel within Mayer, Brown, Rowe & Maw LLP ("MBR&M"); (ii) in-house

10   counsel of Oracle Corporation; and (iii) any consultant retained by MBR&M for purposes of this

11   litigation upon receipt of an Undertaking in the form of Exhibit A hereto;

12   (b)    Defendants' counsel may discuss with current or former Oracle employees or

13   third parties the persons who are CWs, including the information attributed to them in this litigation

14   and any other information that may bear upon the case, but shall not disclose in any such

15   communications that the persons are CWs referenced in this litigation;

16   (c)    Defendants' counsel or defendants' experts/consultants shall not make initial

17   contact with a CW without informing Plaintiffs' counsel of their intention to do so no less than

18   forty-eight (48) hours prior to making such initial contact;

19   (d)    The identities of the CWs shall not be used for any purpose other than this

20   litigation; and

21   (e)    When a party seeks to file with the Court a document disclosing the identities

22   of the CWs in their roles as CWs, the procedures specified in paragraph 10 of the January 11, 2005

23   Revised Stipulated Protective Order Governing Confidentiality shall apply.  Similarly, portions of

24   depositions or transcripts that refer to any CW's role will be kept confidential consistent with this

25   Order.

26   (f)    The Court retains jurisdiction over the enforcement of this Order for six (6)

27   months after entry of final judgment in this action.

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                                          - 9 -

## VI.   CLASS DISCOVERY

### A.   CLASS REPRESENTATIVES

Plaintiffs shall produce documents regarding class representative discovery by March 7, 2005.

Defendants' brief in opposition to the motion for class certification shall be due by May 6, 2005, and Plaintiffs' reply shall be due by June 13, 2005. The date for oral argument shall be set by the United States District Court Judge Martin J. Jenkins. The parties have requested a hearing date in July 2005 or at the Court's earliest convenience thereafter.

### B.   DISCOVERY FROM ABSENT CLASS MEMBERS

Prior to the discovery conference, the Court was informed that Defendants are not currently seeking any discovery from absent class members, but are reserving their right to do so in the future.

## VII.   MISCELLANEOUS ADDITIONAL DISCOVERY ISSUES

(a)   All contention interrogatories are stayed until further order of the Court. No response or further response to any outstanding contention interrogatory is required at this time.

(b)   Plaintiffs shall produce all documents received from CWs relating to the Defendants and shall identify from which CW the documents were received. The latter information shall be subject to V(F) above.

(c)   With respect to Defendants' Interrogatories to Plaintiffs seeking information concerning the individuals and organizations identified in Plaintiffs' Rule 26(a) Initial Disclosures, Plaintiffs are ordered to respond by describing generally what Plaintiffs understand each of the identified witnesses in their Initial Disclosures know about the case. Plaintiffs shall respond to this modified interrogatory within forty-five (45) days of the entry of this Order.

## VIII.   RECONCILIATION OF DISCOVERY DISPUTES

As outlined in Judge Jenkins' Amended Pretrial Order of December 17, 2004, the parties shall meet and confer about all discovery disputes and, in the event that they cannot resolve such disputes, each party shall submit a two-page letter brief to the Court outlining the party's position on the issue. All matters relating to the modification of the discovery plan shall be addressed to the

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

1  undersigned.  The parties shall address all future letter briefs to both ~~Judge Jenkins and Magistrate~~

2  ~~Judge Spero.~~  *gcr*

3      **IT IS SO ORDERED.**

4

5  DATED:  3/10/05

6                                          THE HONORABLE JOSEPH C. SPERO
                                           UNITED STATES MAGISTRATE JUDGE

7

8      **APPROVED AS TO FORM.**

Submitted by:

9

DATED:  March 9, 2005

10

LERACH COUGHLIN STOIA GELLER

11    RUDMAN & ROBBINS LLP
WILLIAM S. LERACH

12  MARK SOLOMON
DOUGLAS R. BRITTON

13

14
                          /S/
15                  MARK SOLOMON

16  401 B Street, Suite 1600
San Diego, CA  92101

17  Telephone: 619/231-1058
619/231-7423 (fax)

18
LERACH COUGHLIN STOIA GELLER

19    RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS

20  WILLOW E. RADCLIFFE
ELI R. GREENSTEIN

21  JENNIE LEE ANDERSON
MONIQUE C. WINKLER

22  100 Pine Street, Suite 2600
San Francisco, CA  94111

23  Telephone: 415/288-4545
415/288-4534 (fax)

24

25  Lead Counsel for Plaintiffs

26

27

28

AMENDED ~~[PROPOSED]~~ ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)

- 11 -

1

2  MAYER, BROWN, ROWE & MAW LLP
   ALAN N. SALPETER
3

4

5  _____/ S /_____
6              ALAN N. SALPETER

7  190 South LaSalle Street, Suite 3900
   Telephone:  312/782-0600
8  312/701-7711 (fax)

9  T:\CasesSF\Oracle3\ORD00019094.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

<u>DECLARATION OF SERVICE BY FACSIMILE</u>

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.     That on March 9, 2005, declarant served by facsimile the **AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN** to the parties listed on the attached Service List.

3.     That there is a regular communication by facsimile between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of March, 2005, at San Francisco, California.

/s/ Carolyn Burr<br>
CAROLYN BURR

ORACLE III (LEAD)

Service List – 3/9/2005     (201-064-1)

ge 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
650/331-2000
650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
312/782-0600
312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
650/506-5200
650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
619/231-1058
619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
415/288-4545
415/288-4534 (Fax)

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the

[Proposed] Order re Discovery Plan that was issued by the United States District Court for the

Northern District of California on March ___, 2005, in the case of: *In re Oracle Corporation*

*Securities Litigation*, Lead Case No. 417511, Case No. C-01-0988-MJJ.

     I recognize that I am bound by the terms of that Order and I agree to comply with those

terms. I fully understand that any disclosure of the identities of the confidential witnesses to

anyone other than those individuals expressly permitted by the Order could expose me to

sanctions and punishment in the nature of contempt. I hereby agree to abide by the obligation

and conditions of the Order.

     DATED: _____

_____

# Exhibit H

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ CALIFORNIA

In re Oracle Corporation Securities Litigation

**V.**

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: C-01-0988-MJJ

(Northern District of California)

TO: Profit Recovery Group - Schultz, Inc.
c/o CSC Lawyers Incorporating Service
2730 Gateway Oaks Dr., Ste. 100
Sacramento, CA 95833

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A (attached hereto)

| PLACE 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA 95833 | DATE AND TIME May 23, 2005 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorneys for Plaintiffs | DATE 4/22/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 100 Pine St., Ste. 2600, San Francisco, CA 94111, 415/288-4545

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88  (Rev. 1/94)  Subpoena in a Civil C

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS  SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and  no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret  or  other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### (PRG – Schultz, Inc.)

I.   **DEFINITIONS**

Unless otherwise stated, the terms set forth below are defined as follows:

1.   "You" or "your" refers to PRG-Schultz, Inc., and any of its predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf.

2.   "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Federal Rules of Civil Procedure.

3.   "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys, accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

4.   "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement.

5.   "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

6.   "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

1    7.    "Refer" or "relate" or "referring" or "relating" means all documents which explicitly

2  or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of,

3  the subject matter of the request, including, but not limited to, all documents which reflect, record,

4  memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze,

5  review, report on, comment on, impinge upon, or impact the subject matter of the request.

6    8.    "Entity" or "entities" has the same meaning as person.

7    9.    The connectives "and" and "or" shall be construed either disjunctively or

8  conjunctively as necessary to bring within the scope of the document request all responses that

9  otherwise might be construed to be outside of its scope.

10    10.    The use of the singular shall be deemed to include the plural, and the use of one

11  gender shall include all others, as appropriate in the context.

12    11.    "Including" shall be construed to mean "without limitation."

13  II.    INSTRUCTIONS

14    1.    All documents shall be produced as they are maintained in the ordinary course of

15  business, and shall be produced in their original folders, binders, covers or containers, or facsimile

16  thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such

17  documents are stored and retrieved.

18    2.    In responding to these requests, you shall produce all responsive documents

19  (including those stored electronically), which are in your possession, custody or control, or in the

20  possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or

21  affiliates, or any of your respective directors, officers, managing agents, agents, employees,

22  attorneys, accountants or other representatives.  A document shall be deemed to be within your

23  control if you have the right to secure the document or a copy of the document from another person

24  having possession or custody of the document.

25    3.    Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection

26  and copying by plaintiffs, original documents including those stored electronically as they are kept in

27  the usual course of business.  If the original is not in your custody, then a copy thereof, and all non-

28

SCHEDULE A – C-01-0988-MJJ                                                -2-

1  identical copies which differ from the original or from the other copies produced for any reason,

2  including, without limitation, the making of notes thereon.

3      4.    To the extent that there are documents containing information relevant to these

4  requests that are currently in electronic format, the documents are to be produced in their native

5  format (*e.g.*, Word, Excel, or Word Perfect).

6      5.    If production of documents is withheld on the ground of privilege, as to each such

7  withheld document state the following information:

8      (a)    which privilege is claimed;

9      (b)    who is asserting the privilege;

10      (c)    a precise statement of the facts upon which said claim of privilege is based;

11  and

12      (d)    the following information describing each purportedly privileged document:

13      (i)    a brief description sufficient to identify its nature, *i.e.*, agreement,

14  letter, memorandum, type, etc.;

15      (ii)    a brief description sufficient to identify its subject matter and purpose

16  of the document;

17      (iii)    the subject matter and purpose of the document;

18      (iv)    the date it was prepared;

19      (v)    the date it bears;

20      (vi)    the date it was sent;

21      (vii)    the date it was received;

22      (viii)    the identity of the person preparing it;

23      (ix)    the identity of the person sending it;

24      (x)    the identity of each person to whom it was sent or was to have been

25  sent, including all addresses and all recipients of copies;

26      (xi)    a statement as to whom each identified person represented or

27  purported to represent at all relevant times;

28      (xii)    all persons to whom its contents have been disclosed; and

SCHEDULE A – C-01-0988-MJJ

1    (xiii)   a precise description of the place where each copy of that document is
2    kept, including the title or description of the file in which said document may be found and the
3    location of such file.

4        6.    If a portion of any document responsive to these requests is withheld under claim of
5    privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be
6    produced with the portion claimed to be privileged redacted.

7        7.    You are to produce each document requested herein in its entirety, without deletion or
8    excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider
9    the entire document to be relevant or responsive to the requests.

10       8.    Whenever a document is not produced in full or is produced in redacted form, so
11   indicate on the document and state with particularity the reason or reasons it is not being produced in
12   full, and describe to the best of your knowledge, information and belief, and with as much
13   particularity as possible, those portions of the document which are not being produced.

14       9.    If a document responsive to these requests was at any time in your possession,
15   custody or control but is no longer available for production, as to each such document state the
16   following information:

17           (a)    whether the document is missing or lost;

18           (b)    whether it has been destroyed;

19           (c)    whether the document has been transferred or delivered to another person and,
20   if so, at whose request;

21           (d)    whether the document has been otherwise disposed of; and

22           (e)    a precise statement of the circumstances surrounding the disposition of the
23   document and the date of its disposition.

24       10.   With respect to any category of documents, the production of which you contend is in
25   some way "burdensome" or "oppressive," please state the specific reasons for that objection.

26   **III.    RELEVANT TIME PERIOD**

27       All requests herein refer to the period from June 1, 2000 through June 1, 2001 (the "relevant
28   time period"), unless otherwise specifically indicated, and shall include all documents and

SCHEDULE A – C-01-0988-MJJ                                                          - 4 -

1  information that relate to such period, even though prepared or published outside of the relevant time

2  period.

3  **IV.     DOCUMENTS REQUESTED**

4  REQUEST NO. 1:

5      All documents concerning any overpayment or duplicate payment to Oracle relating to

6  Oracle's 46,000 debit memo transactions created on or about November 17, 2000, made by any

7  person or entity to whom you provided services, including but not limited to recovery auditing

8  services.

9  REQUEST NO. 2:

10      All documents relating to your actual or attempted recovery of monies paid to Oracle,

11  including but not limited to refunds, credits or reimbursement, on behalf of any person or entity to

12  whom you provided services, including but not limited to recovery auditing services, and relating to

13  Oracle's 46,000 debit memo transactions created on or about November 17, 2000.

14

15

16  T:\CasesSF\Oracle3\SCH00020389_PRG.doc

17

18

19

20

21

22

23

24

25

26

27

28

SCHEDULE A – C-01-0988-MJJ

# Exhibit I

# Arnall
# Golden
# Gregory LLP

Direct phone: 404.873.8646
Direct fax: 404.873.8647
E-mail: henry.chalmers@agg.com
www.agg.com

May 6, 2005

VIA FACSIMILE 415-288-4534
AND UNITED STATES MAIL

Eli R. Greenstein, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Re:   In re Oracle Corporation Securities Litigation, United States District Court for
the Northern District of California, Case No. C-01-0988-MJJ – Subpoena Served
Upon Profit Recovery Group-Schulz, Inc.

Dear Mr. Greenstein:

    This firm represents Profit Recovery Group-Schultz, Inc. ("PRG") with respect to the
subpoena issued under your signature on April 22, 2005 and served upon PRG on April 25,
2005. Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, PRG hereby objects
to the subpoena. The grounds for PRG's objection include, but are not limited to, the following:

    1.    The subpoena is vague, ambiguous and unduly burdensome. Both Request No. 1
and Request No. 2 seek documents relating to "Oracle's 46,000 debit memo transactions
created on or about November 17, 2000." Plaintiffs have failed to define or otherwise
provide reasonable parameters for the debit memo transactions referenced in these
requests. Thus, PRG is unable to reasonably ascertain the transactions that are the subject
of the Requests.

    2.    The subpoena is oppressive and will cause PRG undue burden and expense. As
you are well aware, PRG is not a party to this litigation, nor are plaintiffs seeking
documents from PRG as a client of Oracle. Rather, Plaintiffs apparently seek to impose
upon PRG the obligation to search PRG's files to determine if there are any documents
responsive to the subpoena relating to any of the "46,000 debit memo transactions"
referenced in the requests. Even if Plaintiffs had provided necessary definitions and
reasonable parameters for its requests (which they have not), a search of this magnitude
would nonetheless constitutes an unreasonable and oppressive burden on a non-party
such as PRG. In essence, Plaintiffs unreasonably are attempting to shift the cost of
seeking discovery regarding Oracle's customers to non-party PRG.

    3.    The subpoena would require the disclosure of confidential information obtained
by PRG in the course of its relationship with its clients, which information is subject to
confidentially agreements with PRG's clients. Depending upon the terms of the
confidentiality provisions in the agreements with any affected clients, PRG would be
required to take such steps as it deems necessary to comply with its contractual

**Arnall
Golden
Gregory** LLP

Eli R. Greenstein, Esq.
May 6, 2005
Page 2

obligations and to protect such confidentiality interests including, but not limited to, notifying the customers of these Requests and affording them the opportunity to take such action as they deem appropriate to protect their respective interests. In addition to the reasons set forth above, this constitutes a further undue burden and expense upon PRG.

4.      Depending upon the as yet undefined scope of the Requests, production of responsive documents in all likelihood would entail the production of proprietary and confidential business information of PRG, the dissemination of which would cause serious competitive harm to PRG.

5.      Under cover letter dated March 11, 2005, Monique C. Winkler provided to Sherri S. Mertz of PRG a copy of the Amended Order Setting A Discovery Plan signed by United States Magistrate Judge Joseph C. Spero on March 10, 2005 (the "Amended Discovery Order"). Pursuant to Section V of the Amended Discovery Order, the Court lifted the stay on third-party discovery subject to the limitations contained therein. One of those limitations provided that Plaintiff shall not subpoena more than one hundred (100) of Oracle's current and former customers, and that, to date, Plaintiff had subpoenaed ninety-three (93) of those customers. It appears that the subpoena directed to PRG - at least to the extent it seeks information regarding more than seven (7) Oracle customers, or fewer if Plaintiffs otherwise have sought discovery on additional Oracle customers - is an attempt to get around the limitation set forth in the Amended Discovery Order by obtaining indirectly from PRG that which Plaintiffs have been prohibited from seeking directly from Oracle's customers. Indeed, the subject matter of the requests contained in the subpoena served upon PRG appears to be directly within the scope of the customer discovery with respect to which Plaintiffs are limited under Section V of the Amended Discovery Order. Accordingly, on this basis as well, the subpoena is unreasonable and unlawful in that it seeks to involve PRG in discovery that would be violative of what appears to be a valid court order.

Accordingly, PRG objects to the subpoena issued by Plaintiffs in the above-referenced case. PRG further reserves the right to set forth additional bases upon which it objects to the subpoena. If you have any questions regarding this matter, please contact the undersigned.

Sincerely,

ARNALL GOLDEN GREGORY LLP

Henry R. Chalmers

HRC:sw

Cc:     Clinton D. McKellar, Jr., Esq. (via facsimile)
        Robert L. Rothman, Esq.

1654473v1

Exhibit J



**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Jennie Lee Anderson
JennieA@lerachlaw.com

May 17, 2005

<u>VIA FACSIMILE/</u>
<u>ORIGINAL TO FOLLOW BY U.S. MAIL</u>

Henry R. Chalmers
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363

Re:   *In re Oracle Corp. Sec. Litig.*
Master File No. C-01-0988-MJJ

Dear Mr. Chalmers:

This letter confirms our telephone conversation earlier today regarding the subpoena served on your client, Profit Recovery Group-Schultz, Inc. ("PRG"), in the above-captioned matter. You indicated that PRG's two primary objections to complying with the subpoena were confidentiality and burden. You further indicated that PRG's burden concerns were limited to the collection of hard copy documents, and that certain responsive information relating to approximately 80 percent of the relevant accounts could be retrieved with relative ease through an electronic database search.

Plaintiffs believe both of these issues can and should be resolved in short order. Enclosed please find a copy of the Revised Stipulated Protective Order Governing Confidentiality ("Protective Order") issued in this case. The Protective Order should address any confidentiality concerns PRG may have with respect to complying with the subpoena. In an effort to minimize the burden imposed on your client, plaintiffs are also willing to first review a production of electronically retrieved information and determine from there what additional responsive documents are required to satisfy the subpoena. I hope this proposal addresses PRG's concerns and will result in the prompt production of responsive documents. I will contact you again Thursday, May 19, 2005. Thank you for your kind attention to this matter.

Very truly yours,

Jennie Lee Anderson

JLA:cs
Encl.

100 Pine Street, 26th Floor · San Francisco, CA 94111 · 415.288.4545 · Fax 415.288.4534 · www.lerachlaw.com

# Exhibit K

**Arnell
Golden
Gregory LLP**

Direct phone: 404.873.8646
Direct fax: 404.873.8647
E-mail: henry.chalmers@agg.com
www.agg.com

May 18, 2005

**VIA FACSIMILE 415-288-4534
AND UNITED STATES MAIL**

Jennie Lee Anderson, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111

Re:    In re Oracle Corporation Securities Litigation, United States District Court
       for the Northern District of California, Case No. C-01-0988-MJJ - Subpoena
       Served Upon Profit Recovery Group-Schulz, Inc.

Dear Ms. Anderson :

I am in receipt of your letter dated May 17, 2005 regarding the subpoena that you served on Profit Recovery Group-Schultz, Inc. ("PRG"). I am writing to clarify several misunderstands of our conversations that are reflected in your letter.

First, you suggest that "PRG's two primary objections to complying with the subpoena were confidentiality and burden." Actually, PRG has a number of objections to subpoena, five of which I elaborated upon in my letter to your colleague, Eli R. Greenstein, dated May 6, 2005. Each of those five objections are significant, and PRG stands by each of them. PRG's concerns for confidentiality and burden were merely the objections that you and I specifically discussed in our telephone conference on May 17, 2005. The fact that our conversation was limited to these two objections was not intended to indicate, and should not be taken as indicating, that the other objections are any less valid or important to PRG.

With regard to the extent of PRG's burden concerns, I stated that, without waiving any of the objections, and in exchange for your agreement not to seek additional information from PRG, PRG might be willing to provide you with certain information that is easily accessible from its computer system, provided that confidentiality concerns regarding the information were adequately addressed. I also informed you that the

1869639v1

771 17th Street  |  Suite 2100  |  Atlanta, GA 30363  |  404.873.8500  |  Fax: 404.873.8501  |  Macon Office: 478.745.3344



information so available electronically may regard approximately 80% of the accounts that you contend are relevant, but that I had no way of knowing for certain.

Finally, your proposal in your May 17, 2005 letter refers to "responsive documents [that] are required to satisfy the subpoena." It is our position that it is incorrect to speak of responsive documents that are required to satisfy the subpoena because the subpoena is unenforceable, impermissibly vague and ambiguous, and objectionable on other grounds as well.

Notwithstanding the foregoing, we are willing to continue discussing with you possible resolutions to our impasse. I look forward to speaking with you in the near future.

Sincerely,

ARNALL GOLDEN GREGORY LLP

Henry R. Chalmers

HRC:sw

Cc:    Clinton D. McKellar, Jr., Esq. (via facsimile)
       Robert L. Rothman, Esq.

1889639v1