# Exhibit L

Jennie Lee Anderson
JennieA@lerachlaw.com

May 25, 2005

<u>VIA FACSIMILE AND U.S. MAIL</u>

Henry R. Chalmers
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W.
Suite 2100
Atlanta, GA 30363

> Re:  *In re Oracle Corp. Sec. Litig.*
>      Master File No. C-01-0988-MJJ

Dear Mr. Chalmers:

This letter will confirm our telephone conversation yesterday regarding the subpoena served on your client, Profit Recovery Group-Schultz, Inc. ("PRG") in the above captioned matter, during which you indicated that PRG intends to stand on its objections and is presently unwilling to produce any documents in response to plaintiffs' subpoena.

Although PRG previously indicated it would consider producing responsive information gathered from its electronic database, it has only given plaintiffs a cumulative dollar amount representing an unknown portion of funds recovered from Oracle by PRG on behalf of an undisclosed number of customers. Furthermore, PRG now indicates that it is unwilling to provide any additional information regarding that dollar amount without explicit permission to do so from each of those PRG customers.

This proffer is entirely insufficient for a number of reasons. First, you concede that PRG does not know what percentage of its customers are included in its database. Second, the amount actually recovered does not represent the entire body of responsive information and may exclude, for example, credits and unreimbursed overpayments. And third, plaintiffs are entitled to all responsive documents, not just entries in an admittedly incomplete database. As I have mentioned, our investigation indicates that PRG is in possession and control of significant documents responsive to plaintiffs' subpoena, the subject matter and scope of which have been authorized by this Court. I have enclosed for your convenience a copy of the operative complaint in this action. Plaintiffs have also offered to provide PRG the names of auditors who our

Henry R. Chalmers
May 25, 2005
Page 2

investigation indicates have information regarding overpayments by certain PRG customers to Oracle, to assist PRG in complying with the subpoena. While PRG has not agreed to accept this information, plaintiffs' offer remains open.

As far as PRG seeking permission from its customers is concerned, we believe that any agreements PRG may have with its individual customers do not alleviate PRG's duty to comply with the subpoena, and any confidentiality concerns PRG has are adequately addressed by the Revised Stipulated Order Governing Confidentiality ("Protective Order") issued in this case. Contrary to PRG's contention, the Protective Order issued by this Court is valid and enforceable with respect to any confidential documents produced in this action, regardless of whether PRG's customers sign it. Moreover, while you stated an intention to send out letters to some undisclosed number of PRG customers requesting permission to comply with plaintiffs' subpoena, no such letters had been transmitted as of yesterday. Plaintiffs ask that you update us regarding these efforts by May 31, 2005. In light of the short discovery schedule in this case, plaintiffs will have no choice but to seek court intervention on the matter if we cannot reach an agreement that results in the production of responsive documents.

Thank you for your kind attention to this matter. I look forward to hearing from you soon.

Very truly yours,

Jennie Lee Anderson

JLA:caw

Enclosure

T:\CasesSF\Oracle3\Corres\Chalmers5-25-05jla.doc

Exhibit M



**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Jennie Lee Anderson
JennieA@lerachlaw.com

May 31, 2005

<u>VIA FACSIMILE</u>

Henry R. Chalmers
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W.
Suite 2100
Atlanta, GA 30363

    Re:    *In re Oracle Corp. Sec. Litig.*
           Master File No. C-01-0988-MJJ

Dear Mr. Chalmers:

    This letter follows up on our telephone conversation of May 27, 2005 regarding the subpoena served on your client, Profit Recovery Group-Schultz ("PRG"), in the above-captioned matter. Addressing PRG's objection that plaintiffs' requests for documents relating to "Oracle's 46,000 debit memo transactions created on or about November 17, 2000" are vague and ambiguous, plaintiffs explained that these requests seek documents relating to inadvertent overpayments and duplicate payments made to Oracle by Oracle customers. Plaintiffs allege that Oracle improperly withheld customer overpayments and used those overpayments to fund the debit memo transactions referenced in the subpoena. *See* Plaintiffs' Revised Second Amended Complaint for Violations of the Federal Securities Laws ("Complaint") at 16. Allegations in the Complaint provide additional detailed information regarding these transactions. *See* Complaint, pp. 16-22. Please do not hesitate to contact me if you have any additional questions about these allegations as they relate to plaintiffs' requests.

    This letter will also confirm that plaintiffs provided PRG with names of auditors who plaintiffs believe worked for PRG and whose files may contain responsive information relating to the recovery or attempted recovery of overpayments to Oracle on behalf PRG customers. Plaintiffs hope this information will assist your client in locating responsive documents.



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

Henry R. Chalmers
May 31, 2005
Page 2


     PRG has stated that it will not produce any documents without permission from each PRG customer to do so. You indicated PRG would be sending out letters to its clients right away to request permission to release responsive documents to plaintiffs. As we have discussed, it is plaintiffs' position that any agreement PRG may have with its individual customers does not justify delay or alleviate PRG's duty to comply with the subpoena. PRG will update plaintiffs regarding its efforts to obtain permission from its customers by the end of this week. I look forward to speaking with you then.

                    Very truly yours,

                    Jennie Lee Anderson

JLA:caw


T:\CasesSF\Oracle3\Corres\Chalmers5-31-05jla.doc



Exhibit N

**REDACTED**



**Vicky Troxell**

11/15/01 07:35 AM

To: Paul Richardson/PRG@PRG
cc: Amy Vogl/PRG@PRG, Azar Shahandeh/PRG@PRG, 'PRG@PRG, Cheri Brown/PRG@PRG, Ed Santacruz/PRG@PRG, Galo Lopez/PRG@PRG, Joseph Russo/PRG@PRG, Lisa Lampe/PRG@PRG, Melissa Quercia/PRG@PRG, Mike Maiorano/PRG@PRG, Paul Richardson/PRG@PRG, Pete Bulsombut/PRG@PRG, Scott Relph/PRG@PRG, Stephen Morris/PRG@PRG, Stephen Nance/PRG@PRG, Tad O'brien/PRG@PRG, Ty Jacobsen/PRG@PRG, Vince Oliva/PRG@PRG, William Grimaldi/PRG@PRG, Vicky Troxell/PRG@PRG

Subject: Re: Oracle

Here are some tips for you, per my numerous conversations with Oracle.

First of all, some telephone numbers are as follows
916.315.4231 Justin Backs, Collections Analyst
916.315.4021 Greg S. Myers, Accounts Receivable Sr. Manager

This report took me about 3 months to finally get, and when I did get it, (from Greg), I had moved up the ladder a week at a time. It was difficult, but well worth the pursuit. He sent me a report, a regular "Aging - 7 Buckets Report" and when I made the request I asked for all the detail on the credits. He sent me a report called "Unapplied Receipts Register" I think by accident, because no one there would have wanted this client to see that report. After that, the conversations were much more clear, and the recoveries much more evident.

I spoke to my auditor, who told me to go ahead and pursue. So I called Greg back, and he transferred me to Justin, because, he actually is a very busy man. But he was so helpful in the beginning, it was unbelievable after hearing what everyone else had to say about Oracle.

I talked to Greg and Justin, but Justin is the one who gave the most information. Here is some of the stuff we worked through, and discussed at length.

•      400 series items are support renewals (which they usually make a bunch of "booking errors" on, and then cancel them out, before the client pays them. Sometimes the company pays them)

•      500 series items are debit memos

•      On the items that are in the "Credited Amount" column, check to make sure that the credit was issued AFTER the invoice. We found many items that were credited prior to an invoice being produced.

•      Check to see if they are "internal credits" or if the client authorized them. If they are "internal credits" get detail on what was actually credited, the amount, and why.

•      They rebill items several times, and if your client is not really aware of all the items, they may pay the invoices without a second glance. If that happens, it needs to be discovered what was rebilled and repaid.

•      When you look at the amount called "Original Amount" and then the column "Applied Amount" they are usually different. Find out why and where the credited amount went, or what was credited and ask for invoice numbers and check numbers to pin it down. Before asking, find out from your auditor the check amounts for specific invoices. We found many mistakes on this, and credits pending.

Exhibit O

**Tab 31**

2 US Prl

|  |  | Transaction |  | Activity |  |  |
| --- | --- | --- | --- | --- | --- | --- |
|  |  | Invoice Date Between |  |  | Page: 17 of 46 |  |
| ST Number | Type Due Data Date |  | and | Applied | Credited | Adjusted |
| ...er Number | Customer Name | Original Amount | Balance Due | Amount | Amount | Amount |
| NAPO IN 55033928 ON A 17-DEC-00 17-NOV-00 |  | 15,582.55 | 0.00 | 15,582.55- | 0.00 | 0.00 |

Redacted

Redacted

**Tab 32**

e Ug Pri

```
-------------- Transaction --------     -------- Activity --------
                Invoice Date Between                      Page:  28  of  46
ST Number                                             and
                                  Original  Balance  Applied  Credited  Adjusted
Type  Due Date  Date              Amount    Due      Amount   Amount    Amount
```

Customer Name:

| ST Number / Type | Due Date | Date | Original Amount | End Balance Due | Applied Amount | Credited Amount | Adjusted Amount |
|---|---|---|---|---|---|---|---|
| NAPO IN 9510298 | | | | | | | |
| UN-U | 23-JUN-97 | 24-MAY-97 | 91,736.00 | 0.00 | 76,153.45 | <15,582.55> | 0.00 |
| UN-U | 23-JUN-97 | 24-MAY-97 | 91,736.00 | 0.00 | 76,153.45 | <15,582.55> | 0.00 |

Redacted

**Tab 33**

009

Oracle US Pri

| City<br>ST Number<br>Customer Number: | Type Due Date | Date<br>Customer Name: | Transaction<br>Invoice Date Between<br>Original<br>Amount | and<br>Balance<br>Due | Applied<br>Amount | Activity<br>Page:<br>Credited<br>Amount | 7<br>Adjusted<br>Amount | of 12 |
|---|---|---|---|---|---|---|---|---|

Redacted

OOD DAL8 IL

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 498798 | UN-U | 25-NOV-94 26-OCT-94 | 60,180.00 | 0.00 | 0.00 | <60,180.00> | 0.00 | |
| 498799 | UN-U | 25-NOV-94 26-OCT-94 | 16,465.04 | 0.00 | 0.00 | <16,465.04> | 0.00 | |

Redacted

# Tab 39

ORACLE INVOICE
---------------

REMIT TO ADDRESS :
ORACLE CORPORATION
PO BOX 71028
CHICAGO        IL 60694-1028
FED TAX ID:94-2871189

INVOICE NUMBER:
55043990

ATTN:Accounts Payable

Redacted

| INVOICE DAT | ORDER NUMBE | INVOICE TERMS | DUE DATE |
|-------------|-------------|---------------|----------|
| 17-NOV-00 | 89490 | 30 NET | 17-DEC-00 |

| SALES REP | CUSTOMER CONTACT | PURCHASE ORDER NUMBER |
|-----------|------------------|-----------------------|
| No Sales Credit | | |

| Item | Order | Ship | Description | Unit Amt | Extend Amt |
|------|-------|------|-------------|----------|------------|
| 1 | 1 | | On Account Cleanup for USA Data | $25000.00 | |

|  |  |
|--|--|
| Subtotal: | $25000.00 |
| Tax: | $0.00 |
| Shipping: | $0.00 |
| Original Total: | $25000.00 |
| Amount Remaining: | $0.00 |

Page 1 of 1

**Tab 40**

ORACLE COLLECTIONS

Oracle US Pri

| City  ST Number  Type Due Date  Date  Customer Number  Customer Name | Transaction  Invoice Date Between  Original Amount | and  Balance Due | Applied Amount | Activity  Page:  Credited Amount | 8 of 12  Adjusted Amount |
|---|---|---|---|---|---|
| NORTHBROO IL | Redacted | | | | |
| 55040599 OM A 17-DEC-00 17-NOV-00 | 76.645.04 | 0.00 | 76.645.04 | 0.00 | 0.00 |
| NORTHBROO IL 55043990 OM A 17-DEC-00 17-NOV-00 | 25,000.00 | 0.00 | 25,000.00- | 0.00 | 0.00 |
| NORTHBROO IL 55044461 ON A 17-DEC-00 17-NOV-00 | 45,000.00 | 0.00 | 45,000.00 | ... | ... |

Redacted

* Denotes a cross currency receipt application

# Tab 41

ORACLE COLLECTIONS

☒008

Oracle US Pri

```
                    ------ Transaction ------
                    Invoice Date Between           and         ----- Activity -----  Page:    4   of   12
City:    ST Number  Type Due Date Date   Original  Balance  Applied   Credited   Adjusted
-------  ---------  ---- -------- ----    Amount    Due      Amount    Amount     Amount
Customer Number:           Customer Name:
                    ------                ------    -----    ------    --------   --------
```

Redacted

PROSPECT    3014047  UN-U 29-NOV-90 30-OCT-90   25,000.00   0.00      0.00                 <25,000.00>

PROSPECT IL 3015341  UN-U 30-DEC-90 30-NOV-90   45,000.00   0.00      0.00      0.00       <45,000.00>
NORTHBROO                                                                       0.00

Redacted

## DECLARATION OF SERVICE BY FEDERAL EXPRESS DELIVERY

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of Alameda, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.     That on October 17, 2002, declarant served by Federal Express, next day delivery, the CORRECTED APPENDIX OF EXHIBITS TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of October, 2002, at San Francisco, California.

Mary Grace Halatsis

G:\CASES\Oracle3\MGH80131.brf

APPENDIX OF EXHS TO PLAINTIFFS' 2D AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT FOR VIOLATION OF THE FED. SECS. LAWS- C-01-0988-MJJ            - 3 -

ORACLE III (LEAD)
Service List - 10/17/02
Page    1

COUNSEL FOR PLAINTIFF(S)

Shawn A. Williams
MILBERG WEISS BERSHAD HYNES &
  LERACH LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (fax)

William S. Lerach
Mark Solomon
Douglas R. Britton
MILBERG WEISS BERSHAD HYNES &
  LERACH LLP
401 B Street, Suite 1700
San Diego, CA  92101-5050
  619/231-1058
  619/231-7423 (fax)

COUNSEL FOR DEFENDANTS

Alan N. Salpeter
Javier H. Rubinstein
MAYER, BROWN, ROWE & MAW
190 South LaSalle Street
Chicago, IL  60603-3441
  312/782-0600
  312/701-7711 (fax)

Steven O. Kramer
Jamie E. Wrage
MAYER, BROWN, ROWE & MAW
350 South Grand Avenue
Suite 2500
Los Angeles, CA  90071-1503
  213/229-9500
  213/625-0248 (fax)

Donald M. Falk*
MAYER, BROWN, ROWE & MAW
555 College Avenue
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (fax)

Lauren G. Segal*
ORACLE CORPORATION
500 Oracle Parkway
Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (fax)

*Denotes personal service

# Exhibit P

**GORE_JOSEPH_A_N**
**ONLILLY@LILLY.COM**

11/27/01 12:11 PM

To:    @prgx.com
cc:
Subject: Transaction History Request

---- Forwarded by Joseph A Gore NONLILLY/AM/LLY on 11/27/01 03:18 PM ----

"Justin Backs" <Justin.Backs@oracle.com>

11/26/01 05:30 PM

To:    GORE_JOSEPH_A_NONLILLY@LILLY.COM
cc:
Subject:    Transaction History Request

I received your voice mail this morning and wanted to confirm exactly
what you need.  You asked for a "Transaction History", the only thing we
can run is a billing history which includes all deals ever booked, paid
for, or credited over a certain time period.  Unfortunately, the system
that used to allow us to run these no longer works, so I cannot email it
to you.  I can run it another way, but it comes out as a hard copy that
must be faxed.  Please let me know your fax number and I will shoot this
over to you.

Thanks,

Justin

Justin.Backs.vcf

REDACTED

# Exhibit Q

 **Sprint**

Cynthia W. Scherb
Senior Attorney
Law Department
Litigation

6450 Sprint Parkway, Disney A
Mailstop: KSOPHN0412-4A103
Overland Park, KS 66251
Telephone (913) 315-9430
Fax (913) 523-0066
Cynthia.W.Scherb@mail.sprint.com

June 20, 2005

**VIA FEDERAL EXPRESS**

REC'D JUN 2 1 2005

Ms. Jenny Anderson
Lerach Couglin Stoia Geller
Rudman & Robbins, LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111

Re:   In re Oracle Corporation Securities Litigation
      Case No. C-01-0988-MJJ
      United States District Court for the Northern District of California
      Third party subpoena served on Sprint Corporation

Dear Ms. Anderson:

Enclosed is a CD containing documents, in .pdf format, responsive to the above referenced subpoena. Please note that these documents contain proprietary, highly confidential trade secret information, and are being produced subject to the protective order in this case. Please also note that these documents are produced without waiving any of the objections set forth in my letter of December 21, 2004, to Mr. Greenstein of your office.

The first document you will see on the CD is a portion of a spreadsheet showing the recoveries to Sprint based upon the audit by Profit Recovery Group. Each item in the highlighted portion of the spreadsheet corresponds to underlying documentation, which is also attached. One item (V1732), which is incorrectly listed as a recovery of $12,000 on the spreadsheet, was actually a recovery of  $120,000, as you will see from the underlying documents. Items V2380, V1636, and V1635 were recoveries from taxing authorities and were not recovered from Oracle but from the taxing authority.

I hope this is helpful.  If you should have any questions, please do not hesitate to contact me.  If I do not hear from you in the next 10 days, we will consider this matter concluded and I will close my file.

Thank you for your attention to this matter.

Sincerely,

Cynthia Weber Scherb

CWS/ed

Enclosure

Exhibit R

# Arnall Golden Gregory LLP

Direct phone: 404.873.8646
Direct fax: 404.873.8647
E-mail: henry.chalmers@agg.com
www.agg.com

May 26, 2005

**VIA FACSIMILE 415-288-4534
AND UNITED STATES MAIL**

Jennie Lee Anderson, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

Re:     In re Oracle Corporation Securities Litigation, United States District Court for
the Northern District of California, Case No. C-01-0988-MJJ - Subpoena Served
Upon Profit Recovery Group-Schulz, Inc.

Dear Ms. Anderson :

Please accept this letter as a response to your letter dated May 25, 2005.  Rather than discuss each of the instances in which your letter appears to misconstrue our previous conversations, let me quickly address a few key points.

As a general matter, PRG is willing to work with your clients to try to reach an acceptable agreement, but PRG is in no way waiving any of its objections by my doing so, as each of those objections is valid.  With regard to information gathered from PRG's electronic database, I told you that PRG would consider producing the information if it could do so without violating its confidentiality agreements with its clients.  Thus far we have been unable to determine how to do this, but, as you know, PRG is requesting its clients' permission to disclose that information.  We disagree with your position that the information is "responsive" to the subpoena, however, because the subpoena is unintelligibly vague and ambiguous as written. Furthermore, even though PRG has no obligation to provide Plaintiffs with information in response to their defective and improper subpoena (for all the reasons set forth in my May 6, 2005 letter to your colleague, Eli R. Greenstein, Esq.), I nonetheless provided you with information PRG felt it could divulge without violating client confidences or undertaking an unreasonably burdensome investigation.

With regard to PRG's confidentiality concerns, PRG has never suggested that the Protective Order is not valid or enforceable.  While the Protective Order governs use or dissemination of disclosed material designated as provided thereunder, it does not in any way address or relieve PRG's contractual obligation of confidentiality to its clients.  Thus,

1821748v1

**Arnall
Golden
Gregory** LLP

notwithstanding the existence of the Protective Order, PRG would breach its confidentiality obligations if it were to disclose the subpoenaed information to you without client consent. Despite our contention that Plaintiff's subpoena is improper and unenforceable, PRG offered, in a good faith effort, to seek its clients' consent to disclose their confidential information. PRG's willingness to undertake this effort in no way detracts from PRG's objections to the subpoena.

You refer in your letter to an investigation you conducted, indicating that PRG has documents you would like to review, as well as the names of auditors who may have information regarding matters of interest to your clients. I do not recall your having mentioned either of these things to me in our past conversations, but if you have information that you believe might assist PRG in locating documents and information that might be relevant to your lawsuit, please forward the information to me.

If you have any questions, please do not hesitate to contact me.

Sincerely,

ARNALL GOLDEN GREGORY LLP

Henry R. Chalmers

HRC:sw

Cc:     Clinton D. McKellar, Jr., Esq. (via facsimile)
        Robert L. Rothman, Esq.

1891748v1