MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
71 South Wacker Street
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, AND EDWARD J. SANDERSON

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway, Mailstop 5OP7
Redwood Shores, CA 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Defendant ORACLE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ (JCS) (Consolidated)<br><br>**AGREED MOTION TO REMOVE AND SEAL CONFIDENTIAL THIRD-PARTY DOCUMENTS**<br><br>Judge Joseph C. Spero |
|---|---|

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 and the instructions provided on the Court's Electronic Case Filing website, Defendant Oracle Corporation ("Oracle") respectfully moves the Court to (1) remove confidential third-party documents from a current filing and (2) seal said documents on the ground that they were designated "Confidential" by the third party pursuant to the terms of the Revised Stipulated Protective Order Governing Confidentiality ("Protective Order") entered in the above-captioned matter on January 11, 2005, and should be filed only under seal.

This motion is based on the Declaration of Vincent P. Schmeltz III in Support of Agreed Motion to Remove and Seal Confidential Third-Party Documents, the Stipulation On Confidential Third-Party Documents, the Declaration of Melissa S. Widen Regarding Confidentiality of Third-Party Documents, and the [Proposed] Sealing Order filed concurrently herewith.

## II. STATEMENT OF FACTS

The Protective Order that governs this litigation defines "Confidential" information as information "that qualif[ies] for protection under standards developed under F. R. Civ. P. 26(c)," and places restrictions on the parties' ability to disclose such information. Declaration of Vincent P. Schmeltz III in Support of Agreed Motion to Remove and Seal Confidential Third-Party Documents ("Schmeltz Decl.") ¶ 3, Ex. A. The Protective Order also provides that documents may be designated "Confidential" by "affix[ing] the legend 'CONFIDENTIAL,' . . . on each page that contains protected material." *Id.*

On August 10, 2005, Oracle submitted a letter brief seeking the Court's assistance in resolving certain discovery disputes. Schmeltz Decl. ¶ 4. Oracle attached to that letter brief as Exhibit F six pages of documents produced by third party, Arthur Andersen LLP ("Andersen"). *Id.* Those six pages were affixed with the legend "Confidential." *Id.*

The following day, Oracle contacted the Court's Electronic Case Filing website administrator and requested that Exhibit F be "locked." *Id.* ¶ 5. Oracle confirmed that Exhibit F

was indeed "locked" by logging on to the Electronic Case Filing website and attempting—without success—to view Exhibit F. *Id.*

Oracle also contacted Plaintiffs and Andersen to inform them that Oracle would file this administrative motion to remove and seal the six pages of Andersen's production ("Confidential Documents"). *Id.* ¶ 6. Plaintiffs and Andersen have each stipulated to the removal and sealing of the Confidential Documents. *Id.* Ex. B. Filed concurrently herewith is a declaration by Andersen's in-house counsel, Melissa S. Widen, establishing that the documents contain sensitive business information and, therefore, warrant sealing.

## III. ARGUMENT

Civil Local Rule 79-5 states that no document may be filed under seal unless it is established that the document "is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a). Civil Local Rule 79-5 also states that a request must be narrowly tailored. *See id.*

The Court should grant Oracle's motion because the terms of the Protective Order entered by the Court on January 11, 2005, require that the Confidential Documents be shielded from public access. Andersen designated the six pages "Confidential" pursuant to the terms of the Protective Order because those documents contain sensitive business information. Oracle, therefore, should not have placed the Confidential Documents in the public record. Thus, the Court should protect the confidentiality of Andersen's information and grant Oracle's motion as it is narrowly tailored to seek sealing only of the six pages.

## IV. CONCLUSION

For all the foregoing reasons, the Court should grant Oracle's motion and (1) remove the Confidential Documents from the public docket and (2) seal the Confidential Documents.

Dated: August 16, 2005

MAYER, BROWN ROWE & MAW LLP

By: /s/ Vincent P. Schmeltz III
Vincent P. Schmeltz III

Attorneys for Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley and Edward J. Sanderson