**United States District Court**
For the Northern District of California

FILED

AUG 2 3 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ORACLE SECURITIES LITIGATION

No. C-01-0988 MJJ (JCS)

_____

This Document Relates To:

ALL ACTIONS.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PROFIT RECOVERY GROUP-SCHULTZ, INC.'S PRODUCTION OF DOCUMENTS [Docket No. 327]**

Plaintiffs' Motion to Compel Profit Recovery Group-Schultz, Inc.'s Production of Documents in Compliance with Subpoena (the "Motion") came on for hearing on August 19, 2005. Shawn A. Williams and Jennie Lee Anderson appeared on behalf of Plaintiff. Henry Chalmers and Shinyung Oh appeared on behalf of non-party Profit Recovery Group-Schultz, Inc. ("PRG"). Lee Rubin and Shirish Gupta appeared on behalf of Defendants. Having heard the arguments of counsel, and good cause appearing, IT IS HEREBY ORDERED as follows:

Pursuant to the agreement of the parties, the Motion is GRANTED IN PART and DENIED IN PART. PRG shall make the following production:

1. PRG shall produce all reports in the form attached to their opposition to the Motion as Exhibits A and B, which refer or relate to Oracle accounts for the time period 2000 and 2001. In addition, PRG will search for and produce such reports dated 2002 or 2003 which refer to Oracle accounts during the period 2000 and 2001.

2. PRG shall produce information contained in its CMS database in the form attached as Exhibit C to its opposition, without redaction.

3. PRG shall produce information relating to Oracle accounts during the 2000 and 2001 time period that exist on its CMS database but is not otherwise included in Exhibit C to its opposition.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.    PRG shall produce emails relating to Oracle accounts during the 2000 and 2001 period that exist in its current email database.  It need not retrieve archival backup tapes to search for emails.

5.    At the conclusion of the production, the parties shall meet and confer regarding the reimbursement to PRG for the costs (other than attorneys' fees) incurred in connection with its search for documents.  If the parties are unable to reach an agreement, PRG may apply to the Court for an award of costs.

IT IS SO ORDERED.

Dated: August 23, 2005

JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
For the Northern District of California

2