# Exhibit A

MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone:     (650) 331-2000
Facsimile:     (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
71 South Wacker Drive
Chicago, IL  60606-4637
Telephone:     (312) 782-0600
Facsimile:     (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendants ORACLE CORPORATION,
LAWRENCE J. ELLISON, JEFFREY O. HENLEY, AND
EDWARD J. SANDERSON

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone:     (650) 506-5200
Facsimile:     (650) 506-7114
jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA -SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION, | Case No. C-01-0988-MJJ (Consolidated) |
| This Documents Relates To: | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |
| ALL ACTIONS | |
| | **Judge Martin J. Jenkins** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

To:  Ministry of Justice / Justitsministeriet
Attn: International Civil Division/Vivian Justesen
Slotsholmsgade 10
DK – 1216 Copenhagen (København) K
Denmark

A designated authority of the Kingdom of Denmark:

It has been determined by this Court that the testimony of Trine S. Kammer, who now resides in your jurisdiction, is necessary and convenient in the above-captioned civil class action now pending in this Court in which the above described Plaintiffs and Defendants are parties. We therefore issue this Letter of Request for international judicial assistance, in accordance with the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters, as follows:

1.  This Letter of Request, sent by the United States District Court for the Northern District of California to the Central Authority of the Kingdom of Denmark, is addressed to the Ministry of Justice, the authority competent to execute it.

2.  The lead Plaintiffs in the proceeding are 1199 SEIU Greater New York Pension Fund, UFCS Local 56 Retail Meat Pension Fund, Drifton Finance Corporation, and Robert D. Sawyer, all of whom purchased publicly traded Oracle Corporation securities. Additional Plaintiffs are Dzung Chu and Ryan Kuemichel, each of whom purchased Oracle shares of common stock outstanding, as well as their heirs, assigns, agents, lawyers, accountants, consultants and all other persons acting on their behalf. The Plaintiffs are represented by William S. Lerach, Mark Solomon and Douglas R. Britton of Lerach, Coughlin, Stoia, Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, CA 92101 and by Shawn A. Williams,

Willow E. Radcliffe, Eli R. Greenstein, Jennie Lee Anderson, and Monique C. Winkler, 100 Pine Street, Suite 2600, San Francisco, CA 94111.

3. Defendant Oracle Corporation is a Delaware, United States of America corporation, headquartered (and having its principal place of business) in Redwood Shores, California. Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, AND EDWARD J. SANDERSON are: a) Donald M. Falk, Lee H. Rubin, and Shirish Gupta of MAYER, BROWN, ROWE & MAW LLP, Two Palo Alto Square, Suite 300, Palo Alto, California 94306, Telephone: (650) 331-2000, Facsimile: (650) 331-2060; b) Alan N. Salpeter, Javier Rubinstein, and Vincent P. Schmeltz III of MAYER, BROWN, ROWE & MAW LLP, 71 South Wacker Drive, Chicago, IL 60606-4637, Telephone: (312) 782-0600, Facsimile: (312) 701-7711, and c) Dorian Daley, James C. Maroulis, and other employees of Oracle Corporation who also act as attorneys for Oracle Corporation, located at 500 Oracle Parkway, Mailstop 5OP7, Redwood Shores, California 94065, Telephone: (650) 506-5200, Facsimile: (650) 506-7114.

4. This is a civil class action in which the current operative complaint is the Revised Second Amended Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on December 9, 2002, in *In re Oracle Corporation Securities Litigation*, Case No. C-01-0988-MJJ. This litigation is active and the parties are proceeding to trial in the U.S. District Court for the Northern District of California before Judge Martin J. Jenkins. Further, this action is of commercial nature and was brought by Plaintiffs seeking recovery for alleged securities fraud violations.

5. The Defendants have presented a request to this Court seeking discovery in support of the proceedings before this Court from a current resident of the Kingdom of Denmark as further identified in the paragraph 7 below. After reviewing the moving papers submitted in support of

3

the motion for issuance of this Letter of Request, this Court is satisfied that the Request is necessary and convenient to produce evidence that will assist this Court in the resolution of the ultimate issues to be decided in this matter. Further, the deposition and evidence sought in this Letter of Request would ultimately be needed for trial.

6. The Court therefore requests that, in the interests of justice, and pursuant to the Convention on the Taking of Evidence in Civil or Commercial Matters, to which the Kingdom of Denmark and the United States are both parties, by your proper and usual process, you cause the witness identified in paragraph 7 herein to appear and to be deposed for the purpose appointed and authorized by you commencing at a time and date mutually convenient to all persons involved and continuing until completed, which is likely to be no later than November 15, 2005, or as may be agreed upon by the parties and the deponent, or on another date or time to be determined by you, and at a place mutually convenient to the parties and the deponent or at another place to be determined by you, or as otherwise ordered by you.

7. The following person is to be examined: Ms. Trine S. Kammer, Agade, 1, 2 +H, 9000 Aalborg, Denmark. Ms. Kammer worked for Oracle Corporation and Plaintiffs have stated that they will look to her to provide testimony in support of their case with respect to the following topics in this litigation: slowdown in "pipeline" and/or sales of Oracle products, problems with the implementation and functioning of Suite 11i, as well as cancellations and lost deals for Oracle products. These topics were identified by Plaintiffs in their Rule 26(a) disclosures filed in this action on May 13, 2005. Under U.S. federal law, Rule 26(a)(1) requires that "a party must, without awaiting a discovery request, provide to other parties: A) the name and, if known, the address and the telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Therefore, Ms. Trine

S. Kammer is a material witness to this litigation and Defendants have reasons to believe that her testimony would be essential at trial.

8.  The evidence is required to be given on oath or affirmation.

9.  It is requested that the following special methods and procedures be followed pursuant to Article 9 of the Hague Convention, namely that:

(a)  the testimony of the witness be taken orally and be recorded verbatim in writing, such testimony transcribed by a person authorized to transcribe such depositions within the Kingdom of Denmark, and that the transcript of such testimony be authenticated in accordance with your procedure;

(b)  the testimony of the witness be taken orally and recorded by videotape and that the videotapes of the testimony be authenticated in accordance with the procedures of the United States and in particular Federal Rule of Civil Procedure 30 and 45;

(c)  the U.S. counsel of record for the parties in this action now pending in this Court and the counsel for the witness, and the parties themselves or their representatives, if any, be permitted to attend and participate in the taking of the depositions of the witness, including questioning the witness by counsels and presenting and/or reviewing relevant documents;

(d)  the counsel for Defendants be permitted to nominate a deposition officer or officers who are authorized to administer oaths or their equivalent by the laws of the United States or the Kingdom of Denmark.

Defendants will reimburse the fees and costs occasioned by the use of the special methods and procedures requested above, pursuant to Article 14 of the Hague Convention. In the event that any of these special methods or procedures requested herein are incompatible with Danish law or they are impossible to perform because of practical difficulties, then it is requested that these special methods and procedures be modified to be compatible with Danish law and/or be

practically feasible.

10. It is requested that all of the following documents be produced at least 3 weeks prior to the taking of the deposition and that such documents be sent directly to the attorneys identified in paragraph 3 herein:

(a) Documents Ms. Trine S. Kammer provided to the Plaintiffs between October 16, 2000 through the present concerning this civil class action;

(b) Documents reflecting communications between Ms. Trine S. Kammer and the Plaintiffs between October 16, 2000 through the present concerning this civil class action;

(c) Documents reflecting communications between Ms. Trine S. Kammer and any third person concerning the Defendants in this civil class action;

(d) Documents Ms. Trine S. Kammer possesses referring to the Defendants and concerning this civil class action;

(e) Documents Ms. Trine S. Kammer received from the Plaintiffs concerning the Defendants and relating to this civil class action;

(f) Documents that support the following assertions:

1. The internal implementation of the time-billing and expense application was always down;

2. During December 2000, Oracle had been projecting to close a deal with the New York City Housing Authority. That deal failed to close, and although Larry Ellison in the March 2, 2001 conference call stated that the deals did not close in the quarter were merely delayed for a few days, the New York City Housing Authority did not close in 4Q01 either;

3. Business in the state and local government division had been very slow throughout this time frame and Oracle Sales Online reflected the same

thing; and

    4. Ms. Kammer's access to Oracle's CRM pipleline projections for her region and Ms. Kammer's usage of the 11i timesheets module and 11i CRM module.

11. Because of the Plaintiffs' assertions in Rule 26(a) disclosures filed in this action on May 13, 2005 and referenced above, Defendants have reasons to believe that the aforementioned documents are in the possession of Ms. Kammer and their production is essential to a fair adjudication of materials issues central to the dispute at hand. These documents could prove or disprove the validity of Ms. Kammer's assertions regarding the slowdown in "pipeline" and/or sales of Oracle products, the implementation and functionality of Suite 11i, and/or cancellations and lost deals for Oracle products.

12. It is requested that the Ministry of Justice inform the United States District Court for the Northern District of California of the date, time, and place at which the proceedings will take place, so that the parties concerned and their representatives may be present. It is also requested that the information be sent directly to the attorneys identified in paragraph 3 herein.

DATED: August ___, 2005.    Respectfully tendered,

_____
Martin J. Jenkins
United States District Judge
United States District Court
Northern District of California
United States of America

Seal:

Seal of the United States District Court
Northern District of California:

7