# Exhibit C

(In the relations between the Contracting States, this Convention replaces
Articles 8 to 16 of the Conventions on civil procedure of 1905 and 1954)

CONVENTION ON THE TAKING OF EVIDENCE ABROAD
IN CIVIL OR COMMERCIAL MATTERS

*(Concluded 18 March 1970)*
*(Entered into force 7 October 1972)*

The States signatory to the present Convention,
Desiring to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose,
Desiring to improve mutual judicial co-operation in civil or commercial matters,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

## CHAPTER I – LETTERS OF REQUEST

*Article 1*
In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act.
A Letter shall not be used to obtain evidence which is not intended for use in judicial proceedings, commenced or contemplated.
The expression "other judicial act" does not cover the service of judicial documents or the issuance of any process by which judgments or orders are executed or enforced, or orders for provisional or protective measures.

*Article 2*
A Contracting State shall designate a Central Authority which will undertake to receive Letters of Request coming from a judicial authority of another Contracting State and to transmit them to the authority competent to execute them. Each State shall organize the Central Authority in accordance with its own law.
Letters shall be sent to the Central Authority of the State of execution without being transmitted through any other authority of that State.

*Article 3*
A Letter of Request shall specify-
*a)* the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
*b)* the names and addresses of the parties to the proceedings and their representatives, if any;
*c)* the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
*d)* the evidence to be obtained or other judicial act to be performed.
Where appropriate, the Letter shall specify, *inter alia* –
*e)* the names and addresses of the persons to be examined;
*f)* the questions to be put to the persons to be examined or a statement of the subject-matter about which they are

to be examined;
*g)* the documents or other property, real or personal, to be inspected;
*h)* any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;
*i)* any special method or procedure to be followed under Article 9.
A Letter may also mention any information necessary for the application of Article 11.
No legalization or other like formality may be required.

*Article 4*
A Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language.
Nevertheless, a Contracting State shall accept a Letter in either English or French, or a translation into one of these languages, unless it has made the reservation authorized by Article 33.
A Contracting State which has more than one official language and cannot, for reasons of internal law, accept Letters in one of these languages for the whole of its territory, shall, by declaration, specify the language in which the Letter or translation thereof shall be expressed for execution in the specified parts of its territory. In case of failure to comply with this declaration, without justifiable excuse, the costs of translation into the required language shall be borne by the State of origin.
A Contracting State may, by declaration, specify the language or languages other than those referred to in the preceding paragraphs, in which a Letter may be sent to its Central Authority.
Any translation accompanying a Letter shall be certified as correct, either by a diplomatic officer or consular agent or by a sworn translator or by any other person so authorized in either State.

*Article 5*
If the Central Authority considers that the request does not comply with the provisions of the present Convention, it shall promptly inform the authority of the State of origin which transmitted the Letter of Request, specifying the objections to the Letter.

*Article 6*
If the authority to whom a Letter of Request has been transmitted is not competent to execute it, the Letter shall be sent forthwith to the authority in the same State which is competent to execute it in accordance with the provisions of its own law.

*Article 7*
The requesting authority shall, if it so desires, be informed of the time when, and the place where, the proceedings will take place, in order that the parties concerned, and their representatives, if any, may be present. This information shall be sent directly to the parties or their representatives when the authority of the State of origin so requests.

*Article 8*
A Contracting State may declare that members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request. Prior authorization by the competent authority designated by the declaring State may be required.

*Article 9*
The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed.
However, it will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties.

A Letter of Request shall be executed expeditiously.

*Article 10*
In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

*Article 11*
In the execution of a Letter of Request the person concerned may refuse to give evidence in so far as he has a privilege or duty to refuse to give the evidence –
*a)* under the law of the State of execution; or
*b)* under the law of the State of origin, and the privilege or duty has been specified in the Letter, or, at the instance of the requested authority, has been otherwise confirmed to that authority by the requesting authority.
A Contracting State may declare that, in addition, it will respect privileges and duties existing under the law of States other than the State of origin and the State of execution, to the extent specified in that declaration.

*Article 12*
The execution of a Letter of Request may be refused only to the extent that –
*a)* in the State of execution the execution of the Letter does not fall within the functions of the judiciary; or
*b)* the State addressed considers that its sovereignty or security would be prejudiced thereby.
Execution may not be refused solely on the ground that under its internal law the State of execution claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not admit a right of action on it.

*Article 13*
The documents establishing the execution of the Letter of Request shall be sent by the requested authority to the requesting authority by the same channel which was used by the latter.
In every instance where the Letter is not executed in whole or in part, the requesting authority shall be informed immediately through the same channel and advised of the reasons.

*Article 14*
The execution of the Letter of Request shall not give rise to any reimbursement of taxes or costs of any nature.
Nevertheless, the State of execution has the right to require the State of origin to reimburse the fees paid to experts and interpreters and the costs occasioned by the use of a special procedure requested by the State of origin under Article 9, paragraph 2.
The requested authority whose law obliges the parties themselves to secure evidence, and which is not able itself to execute the Letter, may, after having obtained the consent of the requesting authority, appoint a suitable person to do so. When seeking this consent the requested authority shall indicate the approximate costs which would result from this procedure. If the requesting authority gives its consent it shall reimburse any costs incurred; without such consent the requesting authority shall not be liable for the costs.

CHAPTER II – TAKING OF EVIDENCE BY DIPLOMATIC OFFICERS, CONSULAR AGENTS AND COMMISSIONERS
*Article 15*
In civil or commercial matters, a diplomatic officer or consular agent of a Contracting State may, in the territory of another Contracting State and within the area where he exercises his functions, take the evidence without compulsion of nationals of a State which he represents in aid of proceedings commenced in the courts of a State which he represents.
A Contracting State may declare that evidence may be taken by a diplomatic officer or consular agent only if

permission to that effect is given upon application made by him or on his behalf to the appropriate authority designated by the declaring State.

*Article 16*
A diplomatic officer or consular agent of a Contracting State may, in the territory of another Contracting State and within the area where he exercises his functions, also take the evidence, without compulsion, of nationals of the State in which he exercises his functions or of a third State, in aid of proceedings commenced in the courts of a State which he represents, if –
*a)* a competent authority designated by the State in which he exercises his functions has given its permission either generally or in the particular case, and
*b)* he complies with the conditions which the competent authority has specified in the permission.
A Contracting State may declare that evidence may be taken under this Article without its prior permission.

*Article 17*
In civil or commercial matters, a person duly appointed as a commissioner for the purpose may, without compulsion, take evidence in the territory of a Contracting State in aid of proceedings commenced in the courts of another Contracting State, if –
*a)* a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and
*b)* he complies with the conditions which the competent authority has specified in the permission.
A Contracting State may declare that evidence may be taken under this Article without its prior permission.

*Article 18*
A Contracting State may declare that a diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16 or 17, may apply to the competent authority designated by the declaring State for appropriate assistance to obtain the evidence by compulsion. The declaration may contain such conditions as the declaring State may see fit to impose.
If the authority grants the application it shall apply any measures of compulsion which are appropriate and are prescribed by its law for use in internal proceedings.

*Article 19*
The competent authority, in giving the permission referred to in Articles 15, 16 or 17, or in granting the application referred to in Article 18, may lay down such conditions as it deems fit, *inter alia*, as to the time and place of the taking of the evidence. Similarly it may require that it be given reasonable advance notice of the time, date and place of the taking of the evidence; in such a case a representative of the authority shall be entitled to be present at the taking of the evidence.

*Article 20*
In the taking of evidence under any Article of this Chapter persons concerned may be legally represented.

*Article 21*
Where a diplomatic officer, consular agent or commissioner is authorized under Articles 15, 16 or 17 to take evidence –
*a)* he may take all kinds of evidence which are not incompatible with the law of the State where the evidence is taken or contrary to any permission granted pursuant to the above Articles, and shall have power within such limits to administer an oath or take an affirmation;
*b)* a request to a person to appear or to give evidence shall, unless the recipient is a national of the State where the action is pending, be drawn up in the language of the place where the evidence is taken or be accompanied by a translation into such language;

*c)* the request shall inform the person that he may be legally represented and, in any State that has not filed a declaration under Article 18, shall also inform him that he is not compelled to appear or to give evidence;
*d)* the evidence may be taken in the manner provided by the law applicable to the court in which the action is pending provided that such manner is not forbidden by the law of the State where the evidence is taken;
*e)* a person requested to give evidence may invoke the privileges and duties to refuse to give the evidence contained in Article 11.

*Article 22*
The fact that an attempt to take evidence under the procedure laid down in this Chapter has failed, owing to the refusal of a person to give evidence, shall not prevent an application being subsequently made to take the evidence in accordance with Chapter I.

CHAPTER III – GENERAL CLAUSES
*Article 23*
A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries.

*Article 24*
A Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence. However, Letters of Request may in all cases be sent to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

*Article 25*
A Contracting State which has more than one legal system may designate the authorities of one of such systems, which shall have exclusive competence to execute Letters of Request pursuant to this Convention.

*Article 26*
A Contracting State, if required to do so because of constitutional limitations, may request the reimbursement by the State of origin of fees and costs, in connection with the execution of Letters of Request, for the service of process necessary to compel the appearance of a person to give evidence, the costs of attendance of such persons, and the cost of any transcript of the evidence.
Where a State has made a request pursuant to the above paragraph, any other Contracting State may request from that State the reimbursement of similar fees and costs.

*Article 27*
The provisions of the present Convention shall not prevent a Contracting State from –
*a)* declaring that Letters of Request may be transmitted to its judicial authorities through channels other than those provided for in Article 2;
*b)* permitting, by internal law or practice, any act provided for in this Convention to be performed upon less restrictive conditions;
*c)* permitting, by internal law or practice, methods of taking evidence other than those provided for in this Convention.

*Article 28*
The present Convention shall not prevent an agreement between any two or more Contracting States to derogate from –
*a)* the provisions of Article 2 with respect to methods of transmitting Letters of Request;
*b)* the provisions of Article 4 with respect to the languages which may be used;

*c)* the provisions of Article 8 with respect to the presence of judicial personnel at the execution of Letters;
*d)* the provisions of Article 11 with respect to the privileges and duties of witnesses to refuse to give evidence;
*e)* the provisions of Article 13 with respect to the methods of returning executed Letters to the requesting authority;
*f)* the provisions of Article 14 with respect to fees and costs;
*g)* the provisions of Chapter II.

*Article 29*
Between Parties to the present Convention who are also Parties to one or both of the Conventions on Civil Procedure signed at The Hague on the 17th of July 1905 and the 1st of March 1954, this Convention shall replace Articles 8-16 of the earlier Conventions.

*Article 30*
The present Convention shall not affect the application of Article 23 of the Convention of 1905, or of Article 24 of the Convention of 1954.

*Article 31*
Supplementary Agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention unless the Parties have otherwise agreed.

*Article 32*
Without prejudice to the provisions of Articles 29 and 31, the present Convention shall not derogate from conventions containing provisions on the matters covered by this Convention to which the Contracting States are, or shall become Parties.

*Article 33*
A State may, at the time of signature, ratification or accession exclude, in whole or in part, the application of the provisions of paragraph 2 of Article 4 and of Chapter II. No other reservation shall be permitted.
Each Contracting State may at any time withdraw a reservation it has made; the reservation shall cease to have effect on the sixtieth day after notification of the withdrawal.
When a State has made a reservation, any other State affected thereby may apply the same rule against the reserving State.

*Article 34*
A State may at any time withdraw or modify a declaration.

*Article 35*
A Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the designation of authorities, pursuant to Articles 2, 8, 24 and 25.
A Contracting State shall likewise inform the Ministry, where appropriate, of the following –
*a)* the designation of the authorities to whom notice must be given, whose permission may be required, and whose assistance may be invoked in the taking of evidence by diplomatic officers and consular agents, pursuant to Articles 15, 16 and 18 respectively;
*b)* the designation of the authorities whose permission may be required in the taking of evidence by commissioners pursuant to Article 17 and of those who may grant the assistance provided for in Article 18;
*c)* declarations pursuant to Articles 4, 8, 11, 15, 16, 17, 18, 23 and 27;
*d)* any withdrawal or modification of the above designations and declarations;
*e)* the withdrawal of any reservation.

*Article 36*
Any difficulties which may arise between Contracting States in connection with the operation of this Convention shall be settled through diplomatic channels.

*Article 37*
The present Convention shall be open for signature by the States represented at the Eleventh Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

*Article 38*
The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 37.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

*Article 39*
Any State not represented at the Eleventh Session of the Hague Conference on Private International Law which is a Member of this Conference or of the United Nations or of a specialized agency of that Organization, or a Party to the Statute of the International Court of Justice may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 38.
The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for a State acceding to it on the sixtieth day after the deposit of its instrument of accession.
The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. Such declaration shall be deposited at the Ministry of Foreign Affairs of the Netherlands; this Ministry shall forward, through diplomatic channels, a certified copy to each of the Contracting States.
The Convention will enter into force as between the acceding State and the State that has declared its acceptance of the accession on the sixtieth day after the deposit of the declaration of acceptance.

*Article 40*
Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.
At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification indicated in the preceding paragraph.

*Article 41*
The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 38, even for States which have ratified it or acceded to it subsequently.
If there has been no denunciation, it shall be renewed tacitly every five years.
Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.
It may be limited to certain of the territories to which the Convention applies.
The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

*Article 42*
The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 37, and to the States which have acceded in accordance with Article 39, of the following –
*a)* the signatures and ratifications referred to in Article 37;
*b)* the date on which the present Convention enters into force in accordance with the first paragraph of Article 38;
*c)* the accessions referred to in Article 39 and the dates on which they take effect;
*d)* the extensions referred to in Article 40 and the dates on which they take effect;
*e)* the designations, reservations and declarations referred to in Articles 33 and 35;
*f)* the denunciations referred to in the third paragraph of Article 41.

In witness whereof the undersigned, being duly authorized thereto, have signed the present Convention.
Done at The Hague, on the 18th day of March, 1970, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Eleventh Session of the Hague Conference on Private International Law.