# Exhibit B



**TRANSPERFECT**
T R A N S L A T I O N S

STATE OF NEW YORK
CITY OF NEW YORK
COUNTY OF NEW YORK

ATLANTA
BOSTON
BRUSSELS
CHICAGO
DALLAS
DENVER
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MUNICH
NEW YORK
PARIS
PHILADELPHIA
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
WASHINGTON DC

### CERTIFICATION

I, Beth Kuntz, as an employee of TransPerfect Translations, Inc., do hereby certify that the following attached translation from English into Danish is true and accurate:

- *Letter of Request*

TransPerfect Translations, Inc., an international ISO 9001:2000 certified translation organization with offices in twenty-six locations, is a leader in professional translations. TransPerfect Translations, Inc. has over twelve years experience translating documents from and into over 100 languages, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

Moreover, TransPerfect Translations, Inc. affirms that the agent responsible for said translation is qualified to translate documents from English into Danish, and is not a relation to any of the parties named in the attached document.

Dated: _8·19·2005_

Sworn to before me this
Friday, August 19, 2005

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 2007

Stamp, Notary Public

1   MAYER, BROWN, ROWE & MAW LLP
    Donald M. Falk (Advokatreg.nr. 150256)
2   Lee H. Rubin (Advokatreg.nr. 141331)
    Shirish Gupta (Advokatreg.nr. 205584)
3   Two Palo Alto Square, Suite 300
    Palo Alto, California 94306
4   USA
    Tlf.:    +1 650 331-2000
5   Fax:    +1 650 331-2060
    lrubin@mayerbrownrowe.com
6
    MAYER, BROWN, ROWE & MAW LLP
7   Alan N. Salpeter (tilladelse til at arbejde i delstaten i denne sag)
    Javier Rubinstein (tilladelse til at arbejde i delstaten i denne sag)
8   Vincent P. Schmeltz III (tilladelse til at arbejde i delstaten i denne sag)
    71 South Wacker Drive
9   Chicago, IL  60606-4637
    USA
10  Tlf.:    +1 312 782-0600
    Fax:    +1 312 701-7711
11  jrubinstein@mayerbrownrowe.com

12  Advokater for sagsøgte ORACLE CORPORATION, LAWRENCE J.
    ELLISON, JEFFREY O. HENLEY OG EDWARD J. SANDERSON
13  ORACLE CORPORATION
    Dorian Daley (Advokatreg.nr. 129049)
14  James C. Maroulis (Advokatreg.nr. 208316)
    500 Oracle Parkway
15  Mailstop 5OP7
    Redwood Shores, California 94065
16  USA
    Tlf.:    +1 650 506-5200
17  Fax:    +1 650 506-7114
    jim.maroulis@oracle.com

18  Advokat for sagsøgte ORACLE CORPORATION

19

20  **DEN AMERIKANSKE DISTRIKTSRET**

21  **NORDLIGE DISTRIKT I CALIFORNIEN -SAN FRANCISCO AFDELING**

| | |
|---|---|
| I sagen ORACLE CORPORATION SECURITIES LITIGATION, | SAGSNUMMER C-01-0988-MJJ (Samlet) |
| Dette dokument vedrører: | **ANMODNING OM INTERNATIONAL JURIDISK ASSISTANCE I HENHOLD TIL HAGUE-KONVENTIONEN AF 18. MARTS 1970 VEDRØRENDE INDSAMLING AF BEVISER I UDLANDET I CIVILE ELLER KOMMERCIELLE SØGSMÅL** |
| ALLE SAGER | |
| | **Dommer Martin J. Jenkins** |

22

23

24

25

26

27

28

[FORSLAG] ANMODNING OM INTERNATIONAL JURIDISK ASSISTANCE I HENHOLD TIL HAGUE-KONVENTIONEN

**ANMODNING OM INTERNATIONAL JURIDISK ASSISTANCE I HENHOLD TIL HAGUE-KONVENTIONEN AF 18. MARTS 1970 VEDRØRENDE INDSAMLING AF BEVISER I UDLANDET I CIVILE ELLER KOMMERCIELLE SØGSMÅL**

Til:                Justitsministeriet
                        Att.: International afdeling for civile søgsmål/Vivian Justesen
                        Slotsholmsgade 10
                        1216 København K
                        Danmark

En myndighed under Kongeriget Danmark.

Denne ret har bestemt, at vidneudsagn fra Trine S. Kammer, som bor i Deres retskreds, er nødvendigt og hensigtsmæssigt i det ovennævnte kollektive civile søgsmål, som skal afgøres af denne ret. De ovennævnte sagsøgere og sagsøgte enheder er parter i sagen. Vi udsteder derfor denne anmodning om international juridisk assistance i henhold til Hague-konventionen af 18. marts 1970 vedrørende indsamling af beviser i civile eller kommecielle søgsmål som følger:

1.      Denne anmodning afsendt af den amerikanske distriktsret for det nordlige distrikt i Californien til den centrale myndighed for Kongeriget Danmark er adresseret til Justitsministeriet, som har autoritet til at følge op på den.

2.      De ledende sagsøgere i sagen er 1199 SEIU Greater New York Pension Fund, UFCS Local 56 Retail Meat Pension Fund, Drifton Finance Corporation og Robert D. Sawyer, som alle købte offentligt handlede værdipapirer i Oracle Corporation. To yderligere sagsøgere, er Dzung Chu og Ryan Kuemichel, som hver især købte almindelige overskyende Oracle aktier, samt deres arvinger, ihændehavere, agenter, advokater, revisorer, konsulenter og alle andre personer, som arbejder på deres vegne. Sagsøgerne bliver repræsenteret af William S. Lerach, Mark Solomon og Douglas R. Britton fra firmaet Lerach, Coughlin, Stoia, Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, CA 92101, USA og af Shawn A. Williams, Willow E. Radcliffe, Eli R. Greenstein, Jennie Lee Anderson og Monique C. Winkler, 100 Pine Street, Suite 2600, San Francisco, CA 94111, USA.

3.      Sagsøgte Oracle Corporation er et firma fra delstaten Delaware i USA og har hovedkvarter (og driver hovedsageligt virksomhed fra) Redwood Shores i Californien. Advokaterne for sagsøgte ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY OG EDWARD

2

J. SANDERSON er: a) Donald M. Falk, Lee H. Rubin og Shirish Gupta fra firmaet MAYER, BROWN, ROWE & MAW LLP, Two Palo Alto Square, Suite 300, Palo Alto, California 94306, USA, tlf.: (650) 331-2000, fax: (650) 331-2060; b)  Alan N. Salpeter, Javier Rubinstein og Vincent P. Schmeltz III fra firmaet MAYER, BROWN, ROWE & MAW LLP, 71 South Wacker Drive, Chicago, IL 60606-4637, USA, tlf.: (312) 782-0600, fax: (312) 701-7711 og c)  Dorian Daley, James C. Maroulis og andre ansatte i Oracle Corporation som også er advokater for Oracle Corporation beliggende på 500 Oracle Parkway, Mailstop 5OP7, Redwood Shores, California 94065, USA, tlf.: (650) 506-5200, fax: (650) 506-7114.

4.      Dette er et civilt søgsmål, hvori den nuværende operative stævning er den Reviderede Anden Stævning for Overtrædelser af den Føderale Værdipapirlovgivning indgivet af sagsøger den 9. december 2002 i sagen *In re Oracle Corporation Securities Litigation*, sagsnummer C-01-0988-MJJ. Denne sagsbehandling er aktiv og parterne vil bringe sagen for domstolen i Den Amerikanske Distriktsret i det nordlige distrikt i Californien, hvor den skal høres af dommer Martin J. Jenkins. Denne sag er ydermere kommerciel og blev anlagt af sagsøgerne, som søger erstatning for påståede overtrædelser af værdipapirlovgivningen.

5.      Sagsøgte har indsent en anmodning til denne domstol om hjælp til indsamling af beviser til brug for sagsbehandlingen ved denne domstol fra en nuværende beboer i kongeriget Danmark som yderligere beskrevet i afsnit 7 herunder. Efter at have gennemset de papirer, der er blevet indsendt som dokumentation for begæringen om at udstede denne anmodning, er denne domstol overbevist om, at anmodningen er nødvendig og passende med henblik på at indsamle beviser, som vil hjælpe denne domstol med endeligt at kunne afgøre de spørgsmål, der er rejst i sagen. Ydermere er den vidneafhøring og de beviser, der bliver bedt om i denne anmodning nødvendig, når sagen komme for retten.

6.      Retten beder derfor om, at De ved hjælp af Deres normalle passende proces,  for at tilgodese retfærdighed og i henhold til Konventionen angående Indsamling af Beviser i Civile eller Kommercielle Søgsmål, som Kongeriget Danmark og USA begge har tiltrådt, sørger for, at det vidne, der er beskrevet i afsnit 7 i dette dokument, møder op og bliver afhørt med det beskrevne og af Dem godkendte formål for øje på et tidspunkt, der passer alle de parter, som er involveret i denne sag, og at

3

1   vidnet deltager indtil proceduren er afsluttet, hvilket sandsynligvis ikke vil være senere end den 15.

2   november 2005 eller et andet tidspunkt, som parterne og vidnet kan blive enige om, eller på et andet

3   tidspunkt, som De bestemmer samt på et sted, som er belejligt for begge parter eller på et andet sted, som

4   De afgør.

5          7.        Den følgende person skal afhøres: Fr. Trine S. Kammer, Agade, 1, 2 +H, 9000 Aalborg,

6   Danmark. Fr. Kammer arbejdede for Oracle Corporation og sagsøgerne har erklæret, at de ønsker at

7   anvende hendes vidneudsagn til at understøtte deres sag hvad angår de følgende punkter i dette søgsmål:

8   hastighedssænkning i "pipeline" og/eller salget af Oracles produkter, problemer med implementering og

9   funktionering af Suite 11i og dennes funktion samt annuleringer af og tabte ordrer på Oracles produkter.

10  Disse emner blev identificeret af sagsøgerne i deres redegørelse i henhold til regel 26(a), som blev indgivet

11  i denne sag den 13. maj 2005. I henhold til den amerikanske føderale lovgivning kræver regel 26(a), at "en

12  part i en sag skal uden at vente på anmodning om beviser give de andre parter i sagen følgende: A) navn,

13  hvis parten har det, adresse og telefonnummer på hver person, som sandsynligvis har informationer, som

14  den part, der afgiver informationer til brug som bevis i sagen, muligvis kan bruge til at understøtte sit krav

15  eller forsvar med angivelse af kilderne til informationerne, medmindre de udelukkende skal bruges til at

16  stille spørgsmålstegn ved et vidnes troværdighed."  Derfor er Fr. Trine S. Kammer et væsentligt vidne i

17  denne retssag, og de sagsøgte har god grund til at tro, at hendes vidneudsagn vil være væsentligt i

18  retssagen.

19

20         8.        Vidneudsagnet skal gives under ed eller bekræftelse.

21         9.        De anmodes venligst om at overholde de følgende specielle metoder og procedurer i

22  henhold til Afsnit 9 i Hague-konventionen:

23         (a)       vidnet skal give mundtligt udsag og dette skal nedskrives ad verbatim af en person, som er

24  autoriseret til at nedskrive sådanne vidneafhøringer i Kongeriget Danmark, og det nedskrevne vidneudsagn

25  skal godkendes i overensstemmelse med Deres sædvanlige procedurerer;

26         (b)       vidnets skal give mundtligt udsagn og dette skal optages på video. Båndet derfra skal

27  godkendes i overensstemmelse med de amerikanske retsprocedurer, især afsnit 30 og 45 i den føderale lov

28

4

om civil retspleje;

(c)      den amerikanske mødende advokat for parterne i den sag, der er indgivet til denne domstol, og advokaten for vidnet samt selve parterne eller deres eventuelle repræsentanter skal have tilladelse til at være til stede ved og deltage i afhøringerne af vidnet. Desuden skal advokaterne have tilladelse til at stille spørgsmål til vidnet og til at præsentere og/eller gennemse relevante dokumenter;

(d)      de sagsøgtes advokater skal have tilladelse til at udpege en eller flere afhøringsofficer(er), som har tilladelse til at få vidnet til at afgive ed eller det, der modsvarer edsafgivelse i henhold til lovgivningen i USA eller Kongeriget Danmark.

De sagsøgte skal i henhold til Afsnit 14 i Hague-konventionen tilbagebetale gebyrerne og omkostningerne ved brug af de specielle metoder og procedurer, som der blev anmodet om ovenfor. I det tilfælde, at nogle af disse specielle metoder eller procedurer, der blev anmodet om i dette dokument, er inkompatible med dansk lovgivning eller hvis de er umulige at udføre pga. praktiske årsager beder vi Dem om, at disse specielle metoder og procedurer bliver modificeret så de passer til dansk lovgivning og/eller bliver praktisk mulige.

10.      Vi anmoder om, at De fremskaffer og tilsender alle følgende dokumenter mindst tre uger før vidneafhøringen, og at disse dokumenter bliver sendt direkte til de advokater, der er beskrevet i afsnit 3 i dette dokument:

(a)      De dokumenter, som fr. Trine S. Kammer gav til sagsøgerne efter den 16. oktober 2000 og indtil til nu angående dette kollektive civile søgsmål;

(b)      Korrespondance mellem fr. Trine S. Kammer og sagsøgerne efter 16. oktober 2000 og indtil nu vedrørende dette kollektive civile søgsmål;

(c)      Korrespondance mellem fr. Trine S. Kammer og eventuelle tredjeparter vedrørende sagsøgte i dette kollektive civile søgsmål;

(d)      De dokumenter, som fr. Trine S. Kammer besidder, som henviser til de sagsøgte og som vedrører dette kollektive civile søgsmål;

(e)      De dokumenter, som fr. Trine S. Kammer har modtaget fra sagsøger vedørende de

5

1   sagsøgte og som vedrører dette kollektive civile søgsmål;

2       (f)    Dokumenter, som understøtter følgene påstande:

3            1.  Den interne implementering af tidsfakturering og udgiftsapplikation fungerede

4              aldrig;

5            2.  I december 2000 havde Oracle planlagt at indgå en handel med New York City

6              Housing Authority (beboelsesmyndighed i New York). Den handel blev ikke

7              afsluttet, og selvom Larry Ellison i en telefonkonference den 2. marts 2001

8              udtalte, at de handler, der ikke blev afsluttet i det pågældende kvartal blot blev

9              udsat i nogle få dage, blev handlen med New York City Housing Authority heller

10             ikke afsluttet i det fjerde kvartal;

11
12           3.  Der havde ikke været mange handelsaktiviteter i afdelingen for de statslige og

13             lokale myndigheder i dette tidsrum, hvilket Oracles online salg også reflekterede;

14             og

15           4.  At fr. Kammer havde adgang til Oracle's CRM (Customer Relations

16             Management - kunderelationsstyring) pipeline projekteringer for hendes region

17             og hendes brug af tidsoversigtsmodulet 11i og 11i CRM-modulet.

18      11.    På basis af sagsøgers påstande i de erklæringer, der i henhold til regel 26(a) blev afgivet til

19  brug for denne sag den 13. maj 2005, og som der henvises til ovenfor, har sagsøgte god grund til at tro, at

20  de ovennævnte dokumenter er i fr. Kammers besiddelse, og at det er vigtigt at indhente dem for at kunne

21  sikre en retfærdig vurdering af materialer, der er vigtige i denne sag. Disse dokumenter kan muligvis

22  bevise eller afvise sandfærdigheden af fr. Kammers udsagn vedrørende hastighedssænkningen i "pipeline"

23  og/eller salget af Oracles produkter, implementeringen og funktionalitet af Suite 11i samt dennes funktion

24  og/eller aflysninger af og tabte handler vedrørende Oracles produkter.

25      12.    Vi anmoder om, at Justitsministeriet informerer Den Amerikanske Distriktsret for det

26  nordlige distrikt i Californien om den dato, det tidspunkt og sted, hvor afhøringen vil finde sted, således at

27  de berørte parter og deres repræsentanter kan være til stede. Vi anmoder også om, at informationerne

28

1  | sendes direkte til de advokater, der er angivet i afsnit 3 ovenfor.

2  |      DATO: __ august 2005.        Indgivet med respekt

3

4  |                                        _____
       |                                        Martin J. Jenkins
5  |                                        Dommer ved Den Amerikanske Distriktsdommer
       |                                        Den Amerikanske Distriktsret
6  |                                        Det nordlige distrikt i Californien
       |                                        United States of America

7

8  |                                        Segl:

9  |                                        Den Amerikanske Distriktsrets segl
       |                                        Det nordlige distrikt i Californien:

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1288651.3                                    7