LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
VALERIE L. McLAUGHLIN (191916)
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
      – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSON (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Master File No. C-01-0988-MJJ <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ISSUE LETTER OF REQUEST <br><br> DATE: October 11, 2005 <br> TIME: 9:30 a.m. <br> CTRM: 11, Judge Martin J. Jenkins |

Plaintiffs oppose defendants' Motion to Issue Letter of Request to the Kingdom of Denmark (and the witness, Trine S. Kammer) on the grounds that the proposed letter contains inaccurate and misleading characterizations concerning the content and materiality of Ms. Kammer's possible testimony and improperly suggests that this Court has made a determination that Ms. Kammer is indeed a "material witness" that will testify at trial on specific topics. *See* Declaration of Vincent P. Schmeltz III in Support of Motion to Issue Letter of Request ("Schmeltz Decl."), Ex. A at 5, ¶7. As such, defendants' proposed letter violates the letter and spirit of the Hague Convention. Plaintiffs have notified defendants of the misleading characterizations contained in the proposed letter and have offered language that would more appropriately describe the witness and discovery to be taken. Declaration of Douglas R. Britton in Support of Plaintiffs' Opposition to Defendants' Motion to Issue Letter of Request ("Britton Decl."), ¶2. Defendants have rejected this proposal. *Id*., ¶5. Plaintiffs do not oppose the request to have Ms. Kammer's deposition taken in this action. Defendants' attempt to have this Court sanction the incorrect and misleading characterization in their Letter of Request, however, must be rejected.

I.  **Defendants' Letter of Request Contains False and Misleading Statements and Undermines the Goals of the Hague Convention**

The goal of the Hague Convention is to "'facilitate and increase the exchange of information between nations.'" *Laker Airways, Ltd. v. Pan Am. World Airways*, 103 F.R.D. 42, 49 (D.D.C. 1984).[1] It is designed to deal with "foreign nations' perceptions of excessively broad discovery from America." *Boreri v. Fiat S.P.A.*, 763 F.2d 17, 19 (1st Cir. 1985) (citing *The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters: The Exclusive and Mandatory Procedures for Discovery Abroad*, 132 U. Pa. L. Rev. 1461, 1465 (1984)). Because "discovery American-style is often considered an affront to [a] nation's judicial sovereignty" (*id.*), it is particularly important that requests to signatory states make candid representations of the necessity of information sought and contain an honest representation of the facts in the case and the role of witnesses at issue.

---

[1] Unless otherwise noted, all emphasis is added and citations are omitted.

1    Defendants' proposed letter is inaccurate in several respects. For example, the proposed

2    letter inaccurately states (in bold):

3    Ms. Kammer worked for Oracle Corporation and ***Plaintiffs have stated that they will
     look to her to provide testimony in support of their case*** with respect to the
4    following topics at issue in this litigation: slowdown in "pipeline" and/or sales of
     Oracle products, problems with the implementation and functioning of Suite 11i, as
5    well as cancellations and lost deals for Oracle products.

6    *See* Schmeltz Decl., Ex. A at 4, ¶7.

7    Rule 26 requires plaintiffs to disclose "each individual likely to have discoverable

8    information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P.

9    26(a)(1)(A). Thus, in disclosing Ms. Kammer's information pursuant to Rule 26, plaintiffs have

10   asserted that Ms. Kammer is likely to have discoverable information that ***may*** be used to support

11   their claims. Plaintiffs may amend and supplement their initial disclosures at any time. Fed. R. Civ.

12   P. 26(e). Defendants' proposed letter (to be signed by the Court) falsely characterizes Ms. Kammer

13   as a "material witness" to the litigation. The Court has made no such finding.

14   Moreover, plaintiffs have never indicated that Ms. Kammer ***will*** testify, nor have they

15   implied that she is the only source of information relating to the topics identified. In fact,

16   Ms. Kammer is one of over 300 individuals disclosed in plaintiffs' Rule 26 disclosures. As

17   discovery is ongoing, plaintiffs cannot determine at this point what evidence they will or will not

18   present in support of their case and will make that determination only after full discovery.

19   **II.    Defendants' Letter of Request Suggests that This Court Has Made Factual
             Findings Regarding the Materiality and Scope of the Witness's Possible
20           Testimony**

21   Article III of the Hague Convention sets forth the information required for inclusion in

22   Letters of Request. It is straightforward. It requires statements about:

23   a) the authority requesting its execution and the authority requested to
     execute it, if known to the requesting authority;
24
     b) the names and addresses of the parties to the proceedings and their
25   representatives, if any;

26   c) the nature of the proceedings for which the evidence is required, giving all
     necessary information in regard thereto;
27
     d) the evidence to be obtained or other judicial act to be performed.
28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ISSUE LETTER OF REQUEST - C-01-
0988-MJJ
- 2 -

*See* Schmeltz Decl., Ex. C. It also requires a party to provide additional information about the witness to be examined and the topics likely to be covered during the examination. *Id.* Article III states that where appropriate, the Letter shall specify, *inter alia* –

> e) the names and addresses of the persons to be examined;
>
> f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
>
> g) the documents or other property, real or personal, to be inspected;
>
> h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used; [and]
>
> i) any special method or procedure to be followed under Article 9.

*Id.* Article III permits a party to include information about whether the information sought would invoke any relevant privileges but does not require "legalization or other like formality." *Id.* Nowhere, however, does Article III require the Letter to contain judicial findings concerning the importance of a witness to the case.

Defendants' proposed Letter of Request suggests that this Court has made judicial findings as to the importance of the witness to the case:

- "It has been determined by this Court that the testimony of Trine S. Kammer, who now resides in your jurisdiction, is necessary and convenient in the above-captioned civil class action now pending in this Court in which the above described Plaintiffs and Defendants are parties." Schmeltz Decl., Ex. A at 2 (opening paragraph).

- "After reviewing the moving papers submitted in support of the motion for issuance of this Letter of Request, this Court is satisfied that the Request is necessary and convenient to produce evidence that will assist this Court in the resolution of the ultimate issues to be decided in this matter." *Id.*, ¶5.

- Further, the deposition and evidence sought in this Letter of Request would ultimately be needed for trial." *Id.*

- "Therefore, Ms. Trine S. Kammer is a material witness to this litigation and Defendants have reasons to believe that her testimony would be essential at trial." *Id.*, ¶7.

No such judicial findings have been rendered by this Court, and these statements stand only to mislead the witness and the Danish Ministry of Justice about the intended use of information likely to be held by Ms. Kammer and the ultimate importance of the witness to this case. Defendants' proposed Letter suggests that the Court has agreed that Ms. Kammer is plaintiffs' only

1  witness on the topics listed in the letter and identified in their request for documents. In truth,
2  Ms. Kammer is just one of over 260 individuals disclosed under Rule 26 as likely to have
3  information relating to: slowdown in demand, pipeline and/or sales for Oracle products, products
4  defects and/or problems with implementation and functioning of Oracle products or customer
5  complaints, consultation requests and/or product cancellations relating to Suite 11i.

6  Defendants' reasons for exaggerating the importance of this witness (and refusal to correct
7  such characterizations) are known only to them. Regardless of defendants' motives, however, the
8  Danish Ministry of Justice should be given accurate information so that it may make its own
9  informed decision.

10 **III.  Defendants Have Rejected Plaintiffs' Offer to Correct Representations in Their Proposed Letter**
11
12 On September 15, 2005, plaintiffs informed defendants that they would submit a notice of
13 non-opposition to the Court if defendants agreed to remove the disputed language. Britton Decl., ¶4.
14 Plaintiffs proposed the following language as an alternative in their attempt to meet and confer:

> [Ms. Kammer] worked for Oracle Corporation and ***Plaintiffs have identified her as one of multiple individuals likely to have discoverable information that they may use to support their claim that during the Class Period, Oracle experienced*** a slowdown in "pipeline" and/or sales of Oracle products, problems with the implementation and functioning of Suit[e] 11i, as well as cancellations and lost deals for Oracle products.

18 Britton Decl., Ex. A. Plaintiffs' proposed statement provides an accurate representation of the
19 assertions made in plaintiffs' Rule 26 disclosures and, in keeping with the purposes of the Hague
20 Convention, allows the Danish Ministry of Justice to make an informed decision on whether to
21 permit the requested discovery. Defendants rejected this language, perhaps because they believe the
22 Kingdom of Denmark is unlikely to issue the Letter with the accurate statement proposed by
23 plaintiffs. *Id*., ¶5. The goals of the Hague Convention specifically foreclose this approach to
24 foreign-based discovery. *See Boreri*, 763 F.2d at 19. As such, plaintiffs respectfully request that this
25 Court decline to execute defendants' proposed Letter of Request as it will misinform both the
26 witness and the Danish Ministry of Justice.

27
28

## IV. Conclusion

For all of the foregoing reasons, plaintiffs respectfully request that the Court deny defendants' motion and refuse to execute the Letter of Request as proposed. Plaintiffs do not object to the Court issuing an accurate Letter of Request regarding the deposition of Ms. Kammer. However, plaintiffs request that any such Letter be jointly drafted and submitted by the parties.

DATED: September 20, 2005

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN


      /s/ DOUGLAS R. BRITTON
      DOUGLAS R. BRITTON

401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
JENNIE LEE ANDERSON
MONIQUE C. WINKLER
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Oracle3\OMOT00024505.doc

1 | DECLARATION OF SERVICE

I hereby certify that on September 20, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys denoted on the attached Service List. I hereby certify that I have caused this document to be mailed by the United States Postal Service and/or faxed to the non-CM/ECF participants listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of September, 2005, at San Diego, California.

          /s/ DOUGLAS R. BRITTON
          DOUGLAS R. BRITTON

**MANUAL NOTICE SERVICE LIST**
*In re Oracle Corporation Securities Litigation*

| | |
|---|---|
| Dorian Daley*<br>Loren G. Segal<br>500 Oracle Parkway<br>Redwood City, CA  94065<br>Telephone:  650/506-5200<br>650/506-7114 (fax) | Corey D. Holzer<br>Holzer Holzer & Cannon LLC*<br>1117 Perimeter Center West<br>Suite E-107<br>Atlanta, GA 30338<br>Telephone:  770/392-0090<br>770/392-0029 (fax) |
| Brian P. Murray<br>Murray Frank & Sailer LLP*<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone:  212/682-1818<br>212/682-1892 (fax) | Alan Norris Salpeter<br>Mayer, Brown, Rowe & Maw*<br>190 South LaSalle Street<br>Chicago, IL  60603<br>Telephone:  312/782-0600<br>312/701-7711 (fax) |
| Henry R. Chalmers<br>Arnall, Golden, Gregory, LLP*<br>171 17th Street, N.W.  #2100<br>Atlanta, GO  30363-1031<br>Telephone: 404/873-8500<br>404/873-8501 (fax) | |

\*   Denotes service via facsimile and U.S. mail