

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

September 23, 2005          VIA E-FILING AND FACSIMILE

The Honorable Joseph C. Spero, Magistrate Judge
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *In re Oracle Corp. Sec. Litig.*, Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Judge Spero:

    As a follow-up to their August 5, 2005 letter, attached as Ex. 1 (without exhibits), and pursuant to this Court's August 12, 2005 Order, plaintiffs submit this letter setting forth their position regarding Oracle's production of documents relevant to the accounting for transactions related to the debit memos.[1] Following the August 12, 2005 hearing, plaintiffs provided defendants with a detailed list of the types of documents the Amended Order Setting a Discovery Plan ("Order") requires defendants to produce. *See* Ex. 3 (ordering the production of all documents relating to the debit memo transactions, including all the "changes that occurred for them, the transactions that they arise from" and "documents of the so-called on account clean-up"). They include, for example, invoices, correspondence, and cash receipts journals. Ex. 4. The parties met and conferred on August 23, 2005, September 14, 2005 (face to face) and September 19, 2005.

    Defendants again rejected plaintiffs' interpretation of the Order that defendants produce all documents reflecting "a complete history of [the debit memo] transactions." Ex. 3. Instead, defendants offered only to create a *new* document – likely in spreadsheet form – that they say will include electronic data about the history and accounting impact, if any, of the debit memos – not source documents relating to the transactions themselves. In addition, defendants advised that Oracle may not have preserved many of the purchase orders, order forms, invoices, customer correspondence, and contracts related to the underlying transactions – indeed, these are the very documents they told the Court they would produce. *See* Ex. 3. Oracle says even though it has electronically imaged some purchase orders and orders, it refuses to electronically search for them or photocopies of checks to and from customers and bank statements they admit are in storage. When plaintiffs reiterated that the Court ordered and defendants agreed to produce all 46,000 debit memos and underlying documents, defendants refused, stating that the number of transactions they would search for was "well south of 1,000." Defendants still have not produced debit memos themselves.

    Defendants also refused to even discuss the production of standard Oracle reports, ledgers, and journals that would disclose the audit trail and accounting treatment of the debit memos from inception to finalization in Oracle's public financial records via the general ledger, *e.g.*, account status reports, receipt history reports, and billing history reports.

    Finally, in the spirit of compromise, on September 12, 2005, plaintiffs proposed that defendants begin by producing all of the documents relating to and underlying only 10,000 of the debit memos – less than one quarter of the total, as well as all documents related to the credit memos Oracle issued. Ex. 5. After two additional meet and confers, defendants rejected this proposal as well, claiming that they would be willing to talk further after plaintiffs reviewed the new document they offered to create. However, despite the lapse of six weeks since the August 12, 2005 conference, defendants have yet to produce even this document.

                                   Respectfully submitted,
                                   /S/ Shawn A. Williams
                                   Shawn A. Williams

cc:  Counsel for Defendants

---

[1] Plaintiffs repeatedly informed defendants of their position and that they intended to expeditiously submit a letter to the Court. *See, e.g.*, Ex. 2. Plaintiffs submit this single page letter because defendants were not prepared to jointly submit a letter today.



## DECLARATION OF SERVICE BY E-FILE AND FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on September 23, 2005, declarant served the **Letter**, by facsimile, to the parties listed on the attached Service List.

3. That there is a regular communication by facsimile mail between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of September, 2005, at San Francisco, California.



/S/ Monina O. Gamboa
MONINA O. GAMBOA

ORACLE III (LEAD)

Service List - 9/7/2005     (201-064-1)

Page 1 of 1

## Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114 (Fax)

## Counsel For Plaintiff(s)

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534 (Fax)