September 26, 2005
<u>VIA E-FILING AND FACSIMILE</u>

MAYER
BROWN
ROWE
& MAW

The Honorable Joseph C. Spero
United States District Court
450 Golden Gate Avenue, 15th Floor
San Francisco, CA 94102

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Lee H. Rubin
Direct Tel (650) 331-2037
Direct Fax (650) 331-4537
lrubin@mayerbrownrowe.com

Re:   *In Re Oracle Corporation Securities Litigation*
      Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Magistrate Judge Spero:

Last Friday, Plaintiffs advised us that they intended to file a letter apprising the Court of the status of the parties' ongoing discussions concerning discovery related to the accounting allegations in the complaint, although they informed us that they did not intend to request a ruling from the court. We noted that a letter was unnecessary, as the parties continue to work toward a resolution of this matter and Oracle is preparing a massive supplemental document production. We submit this letter because Plaintiffs' September 23, 2005, letter does not describe Defendants' compromise offers and contains several inaccuracies.

Since the August 13, 2005 hearing, Oracle has spent a substantial amount of time identifying information that it can produce without incurring extraordinary costs. To that end, Oracle has determined that some categories of documents (e.g., copies of customer checks) would be extremely expensive to locate and produce, would be duplicative of the other data being provided, and likely would not be an issue of dispute in the case. On the other hand, Oracle can produce a vast quantity of electronic data containing the information Plaintiffs seek, with significant effort By the end of next week, Oracle will begin making a massive production of electronic data concerning the transactions associated with the 46,000 debit memos, which will include detail of the subledger entries for those underlying transactions as well as a number of the other items that Plaintiffs have requested.

Defendants have made two proposed compromises to Plaintiffs, neither of which is accurately described in Plaintiffs' letter. First, Defendants proposed producing all of the electronic data described above, as well as representative sets (selected by Plaintiffs) of many of the other categories of documents, where producing the entire universe of requested materials (or even the documents related to 10,000 debit memos) would be duplicative and impose an excessive burden on Oracle. Ex. 1. During our discussions, Plaintiffs' counsel commented that there may be documents that Plaintiffs do not need but that they need additional information to make that determination. In response, we offered an alternative compromise: Plaintiffs would review the electronic data and then confer with Oracle about the transactions for which Plaintiffs genuinely believe they need additional documents (including billing history and receipt history reports – items that Plaintiffs incorrectly claim Oracle has refused to discuss). Ex. 2. This would permit the parties to have a more meaningful dialogue about the need for, and the burden in producing, additional information.

Plaintiffs' letter contains a number of inaccuracies. First, while Plaintiffs complain that Oracle is offering to create "new" documents, Oracle has offered to produce certain information ***only stored*** as electronic data. Second, Plaintiffs claim that Oracle has refused to produce "source documents," such as "debit memos," even though Oracle has repeatedly explained that "debit memos" are simply accounting entries that are recorded and stored electronically. Third, Plaintiffs wrongly suggest that Oracle has destroyed or failed to preserve documents. The reality is that Plaintiffs have requested documents (some of which date back to the early 90's) that it has not retained in the ordinary course and, thus, were discarded long before the filing of this lawsuit.

Neither party is seeking a ruling. If the Court is prepared to rule, however, Oracle requests leave to seek a protective order, so as to fully describe the data it is producing and explain why some of the information requested falls outside of the Discovery Plan, would be extraordinarily burdensome for Oracle to produce, and would largely duplicate information it is already providing.

Respectfully submitted,

  /s/ Lee H. Rubin
Lee H. Rubin, Counsel for Defendants

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.