

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

October 7, 2005     VIA E-FILING AND FACSIMILE

The Honorable Joseph C. Spero, Magistrate Judge
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

     Re:     *In re Oracle Corp. Sec. Litig.*, Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Judge Spero:

     Plaintiffs and defendants submit this joint letter pursuant to this Court's orders of August 12, 2005 and September 29, 2005.

     ***Plaintiffs' Position.*** Plaintiffs continue to seek the unsanitized "audit trail" (*i.e.*, paper and electronic source documents and materials that Oracle is required to retain by law and that this Court, in narrowing discovery, ordered defendants to produce over six months ago). Following the August 12, 2005 hearing, plaintiffs provided defendants with a detailed list of the types of documents the Amended Order Setting a Discovery Plan ("Order") requires defendants to produce. *See* Ex. 1 (ordering the production of all documents relating to the debit memo transactions, including all the "changes that occurred for them, the transactions that they arise from" and "documents of the so-called on account clean-up"). They include, for example, invoices, correspondence, and cash receipts journals. Ex. 2. The parties met and conferred on August 23, 2005, September 14, 2005 (face to face) and September 19, 2005.

     Defendants have continued to reject plaintiffs' interpretation of the Order that defendants produce all documents reflecting "a complete history of [the debit memo] transactions." Ex. 1. Instead, defendants offered only to create a *new* document – likely in spreadsheet form – that they say will include supposedly preexisting electronic data about the history and accounting impact, if any, of the debit memos – not source documents relating to the transactions themselves. In addition, defendants advised that Oracle may not have preserved many of the purchase orders, order forms, invoices, customer correspondence, and contracts related to the underlying transactions – indeed, these are the very documents they told the Court they would produce. *See* Ex. 1. Oracle says even though it has electronically imaged some purchase orders and orders, it refuses to electronically search for them or photocopies of checks to and from customers and bank statements they admit are in storage. When plaintiffs reminded defendants again that the Court ordered and they had agreed to produce all 46,000 debit memos and underlying documents, defendants responded that the number of transactions they would agree to search for was "well south of 1,000." Defendants still have not produced debit memos themselves.

     Defendants also specifically refused, their denial notwithstanding, *even to discuss* the production of standard Oracle reports, ledgers, and journals that would disclose the audit trail and accounting treatment of the debit memos from inception to finalization in Oracle's public financial records via the general ledger, *e.g.*, account status reports, receipt history reports, and billing history reports. *See* Ex. 2.

     Attempting to compromise, on September 12, 2005, plaintiffs proposed that defendants initially produce all of the documents relating to and underlying, a population of only 10,000 of the debit memos – less than one quarter of the total, as well as all documents related to the credit memos Oracle issued. Ex. 3. After two additional meet and confers, defendants rejected this proposal as well, claiming that they would be willing to talk further after plaintiffs reviewed the new document they offered to create. However, despite the lapse of eight weeks since the August 12, 2005 conference, defendants have yet to produce even this document.

     In light of defendants' continued intransigence and refusal to reasonably compromise, plaintiffs ask the Court to order the defendants produce the complete audit trail of paper and electronic documents pertaining to the 46,000 debit memos within five business days.

     ***Defendants' Position.*** Since the August 12, 2005 hearing, Oracle has spent a substantial amount of time examining the burden and cost that would be required to produce the categories of documents that Plaintiffs have demanded. Oracle has determined that some categories of documents – for example, copies of checks sent by customers – would be extremely expensive to locate and produce and would be of minimal, if any, relevance to the claims in the Complaint. Oracle has made two compromise proposals, which Plaintiffs have rejected. Exs. 4 & 5. Plaintiffs offered a compromise position in late September, offering that Oracle begin by producing all documents relating to 10,000 of the transactions referenced in the debit memos. Defendants could not agree to that proposal because substantial burden problems remain if Oracle were to collect, for example, 10,000 cancelled checks. Because Plaintiffs have admitted that they cannot





LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS LLP

Honorable Joseph C. Spero
October 7, 2005
Page Two

be sure what documents they need until they have received more information regarding the underlying transactions, Oracle believes that the best way to proceed is to have the Company continue with its plan to produce a massive amount of data concerning the underlying transactions, and Plaintiffs can then review the data and see if they need additional information. Oracle will start producing the data today.

Since August, Oracle has focused its efforts on preparing and producing a vast quantity of accounting data concerning the transactions associated with the debit memos, which includes detail of the sub-ledger entries for those underlying transactions as well as a number of the other items that Plaintiffs have requested. This is a massive undertaking, requiring the time and effort of programmers and accounting personnel. From this effort, Oracle is prepared to start by making a rolling production of accounting data for all transactions underlying (1) all of the debit memos with a dollar value of $1 million or more (68 DMs) and (2) a random sample of debit memos, generated using an optimal allocation methodology, from all remaining debit memos (720 DMs). These debit memos represent just under 50% of the total dollar value of all debit memos. This sample will allow Plaintiffs to test the entire population of debit memos to a 95% confidence interval, with a 5% error rate. Meanwhile, Oracle continues programatically to generate similar accounting detail for the remaining debit memos (approximately 45,000).

Plaintiffs' previous letter contained a number of inaccuracies that we correct here only to ensure that the record is accurate. First, Plaintiffs complain that Oracle is offering to create "new" documents. To the contrary Oracle – a database company – has offered to produce certain information that is stored only as electronic data. While Plaintiffs' letter appears to complain about this data, Plaintiffs steadfastly have asserted that they *want* Oracle to produce this data. Second, Plaintiffs wrongly claim that Oracle has refused to produce "source documents," even though Oracle has repeatedly explained that the "debit memos" are simply accounting entries that are recorded and stored electronically and that there are no separate documents that can be produced. Third, Plaintiffs wrongly suggest that Oracle has somehow destroyed or failed to preserve documents. That is simply untrue. The reality here is that Plaintiffs have requested documents (some of which date back to the early 90's) that were not retained by Oracle in the normal course of business and, thus, were discarded long before the filing of this lawsuit.

Notwithstanding that neither party is seeking a ruling, if the Court nevertheless is prepared to rule on this issue, Oracle respectfully requests the opportunity to file a motion for protective order regarding those categories of documents that would be unduly burdensome to produce. Oracle is willing to agree to an expedited briefing schedule for this motion.

Finally, Defendants respectfully request that the Court provide some guidance as to what the Court would like to see in a two-page discovery letter. While Defendants believe that the parties should work together to develop a joint submission in which each side's position is fully explained and responded to, Plaintiffs believe that this two-page letter simply should be two one-page position papers submitted together. Accordingly, Plaintiffs have refused to exchange drafts of their one-page letter or even to disclose what positions they plan to take in their letter. We would appreciate receiving the Court's clarification on this issue.

Respectfully submitted,

/s/ Shawn A. Williams
Shawn A. Williams
Counsel for Plaintiffs

/s/ Vincent P. Schmeltz III
Vincent P. Schmeltz III
Counsel for Defendants

S:\CasesSD\Oracle3\Corres\Spero_Joint_100705 ms.doc



## DECLARATION OF SERVICE BY FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on October 7, 2005, declarant served by facsimile the JOINT LETTER BRIEF TO THE HONORABLE JOSEPH C. SPERO, MAGISTRATE JUDGE to the parties listed on the attached Service List.

3. That there is a regular communication by facsimile between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of October, 2005, at San Francisco, California.

/s/ Marcy Medeiros
MARCY MEDEIROS

ORACLE III (LEAD)
Service List - 10/6/2005   (201-064-1)
Page 1 of 1

### Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

### Counsel For Plaintiff(s)

Mark Solomon
Douglas R. Britton
Valerie L. McLaughlin
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)