# Exhibit 2



SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
ShawnW@Lerachlaw.com

August 16, 2005

<u>VIA FAX AND U.S. MAIL</u>

Lee Rubin, Esq.
MAYER, BROWN, ROWE & MAW LLP
Two Palo Alto Square
El Camino Real, Suite 300
Palo Alto, CA 94306

Vincent P. Schmeltz, III ("Trace"), Esq.
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, IL 60603-3441

Re: *In re Oracle Corporation Sec. Litig.*
Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

On August 12, 2005, the parties met before the Court regarding plaintiffs' discovery relating to the 46,000 debit memos pursuant to the Court's Amended Order Setting a Discovery Plan ("Order"). Plaintiffs contend that defendants' production is deficient, and defendants in response argue that locating the requested documents would be too burdensome (in part, we understand, because defendants have failed to preserve documents).

In an effort to resolve this discovery dispute, defendants have represented that they will investigate details of their purported burden and report to plaintiffs in one week, and ultimately the Court, regarding specifically what it will entail to produce all electronic[1] and hardcopy documents relating to the accounting for the 46,000 debit memos. Plaintiffs require documents that reflect the entirety of each debit memo transaction and all accounts affected — from the time Oracle invoiced each customer and subsequently received an overpayment, to the time Oracle made its final journal entries in its books and records and, as applicable, credited or refunded the money to the customer. Such documents include:

1. Purchase Orders (P.O) — the purchase order from the customer generating the original sale

---

[1] When Ernst & Young, LLP performed its review of these accounts it had on-line access to Oracle's accounting records. Plaintiffs believe an electronic copy or online access would be the most efficient way to review documents.

100 Pine Street, 26th Floor · San Francisco, CA 94111 · 415.288.4545 · Fax 415.288.4534 · www.lerachlaw.com

Case 3:01-cv-00988-SI   Document 368-2   Filed 10/07/05   Page 3 of 4



Lee Rubin, Esq.
Vincent P. Schmeltz, III ("Trace"), Esq.
August 16, 2005
Page 2

    2.    Contracts (Agreement)
    3.    Invoices (Bill)
    4.    Debit Memos
    5.    Credit Memos
    6.    Bank Statements, including deposits, adjustments, and refunds information
    7.    Checks; Drafts
    8.    Memoranda, faxes, correspondence, including internal and external communications regarding the transaction
    9.    Detailed monthly/quarterly:

        (a)    Account Status Reports;
        (b)    Receipt History Reports;
        (c)    Deposited Cash Report – Applied Detail/Open Detail Reports;
        (d)    Billing History Reports;
        (e)    Adjustment Register;
        (f)    Applied Receipts Register;
        (g)    Bad Debt Provision Report;
        (h)    Cash Receipts Journals;
        (i)    Customer Master File.
        (j)    Sales (Revenue) Journals;
        (k)    Accounts Receivable (A/R) Ledger;
        (l)    Accounts Receivable (A/R) [Customer] Subsidiary Ledger;
        (m)    Cash Disbursements Journals; and
        (n)    Accounts Payable (A/P) Ledger.

Additionally, plaintiffs need to tie these accounts to Oracle's public financial statements via the General Ledger. Unless you can provide us with further detail regarding the range of accounts 12000-12639 and 25000-25999, we require the following:

    1.    All General Ledger accounts, with supporting detail, that comprise and tie to the current liability category in Oracle's public financial statements called "Customer advances and unearned revenue," and any other accounts or financial statement line items with recorded amounts that gave rise to the debit memos.

    2.    All general ledger (G/L) activity and reconciliations of all accounts in the sequential range account no. 12000 ("gross trade-license") through account no. 12639 ("reserve for uncollectible accounts"), since, according to Oracle's records, these accounts are used in Oracle's "customer advances and unearned revenue."

    3.    All general ledger (G/L) activity and reconciliations of all accounts in the sequential range account no. 25000 ("deferred revenue SOP 91-1") through account no. 25999



Lee Rubin, Esq.
Vincent P. Schmeltz, III ("Trace"), Esq.
August 16, 2005
Page 3

("inactive – unearned revenue"), since, according to Oracle's records these accounts are used in Oracle's "customer advances and unearned revenue."

Furthermore, plaintiffs renew their offer to have Lerach Coughlin's forensic accountants meet with Oracle's controller or assistant controller to walk through 25-50 of larger debit memos in an effort to save costs for both sides.

Please contact us regarding your findings by Friday, August 19, 2005.

Very truly yours,

SHAWN A. WILLIAMS

SAW:rc

T:\CasesSF\Oracle3\Corres\Ltr Rubin_Schmeltz_SAW_8_16.doc

