# EXHIBIT 5

```
MAYER
BROWN
ROWE
& MAW
```

September 21, 2005

VIA FACSIMILE

Monique C. Winkler
Lerach Coughlin Stoia Geller
 Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

Lee H. Rubin
Direct Tel (650) 331-2037
Direct Fax (650) 331-4537
lrubin@mayerbrownrowe.com

Re: In re Oracle Securities Litigation

Dear Monique:

I write in response to your September 20, 2005, letter, concerning Oracle's most recent discovery proposal in connection with the accounting-related allegations in the complaint. Given your comment that you do not believe our "proposal adequately addresses the entirety of the outstanding discovery," I want to clarify our proposal to be sure there is no misunderstanding. We intend to begin producing to you within two weeks all of the information described in the "Electronic Data" section of August 25, 2005 letter, which includes detail of the subledger entries regarding each of the transactions associated with the 46,000 debit memos. As I explained during our telephone conversation of September 19, 2005, it would be Oracle's hope and expectation that after reviewing this massive amount of data, Plaintiffs would be in a position to identify those particular transactions for which Plaintiffs genuinely believe they have a need for the additional types of documents currently being sought. Indeed, our proposal to proceed in this manner was based in part on Shawn Williams' comment that there may be items currently being requested that Plaintiffs may not need but that they do not currently have sufficient information to make that determination. After Plaintiffs review the material, the parties then can have a more meaningful dialogue about Plaintiffs' need for additional information (including such items as the billing and receipt history reports for specific customers) and the burden on Oracle in producing the requested materials. Although I cannot predict the outcome of those discussions, we believe that, under our proposal, there is a significant opportunity for narrowing the differences that currently exist on the proper scope of discovery.

Separately, your letter indicates that you intend to submit a letter to Magistrate Judge Spero by September 23, 2005, "updating him on the status." As we understand it, the Court did not request a status report of our negotiations. Instead, he directed us to jointly submit a two-page letter brief only if one or both parties sought to have the Court resolve the discovery dispute.

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Monique C. Winkler
September 21, 2005
Page 2

Therefore, unless you intend to ask the Court for a ruling on this issue, it would be inappropriate to submit a letter to him at this time. Please clarify your intentions in this regard.

Very truly yours,

Lee H. Rubin

cc: James Maroulis
    Vincent P. Schmeltz III