# Exhibit 1

1  MAYER, BROWN, ROWE & MAW LLP
   Donald M. Falk (SBN 150256)
2  Lee H. Rubin (SBN 141331)
   Shirish Gupta (SBN 205584)
3  Two Palo Alto Square, Suite 300
   Palo Alto, California 94306
4  Telephone:     (650) 331-2000
   Facsimile:     (650) 331-2060
5
6  MAYER, BROWN, ROWE & MAW LLP
   Alan N. Salpeter (admitted *pro hac vice*)
7  Javier Rubinstein (admitted *pro hac vice*)
   190 South LaSalle Street
8  Chicago, IL  60603-3441
   Telephone:     (312) 782-0600
9  Facsimile:     (312) 701-7711
10 Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
   J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON
11
   ORACLE CORPORATION
12 Dorian Daley (SBN 129049)
   James C. Maroulis (SBN 208316)
13 500 Oracle Parkway
   Mailstop 5OP7
14 Redwood Shores, California 94065
   Telephone:     (650) 506-5200
15 Facsimile:     (650) 506-7114

16 Attorneys for Defendant ORACLE CORPORATION

17              UNITED STATES DISTRICT COURT

18    NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| 19 | IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ (Consolidated) |
|---|---|---|
| 20 | | |
| 21 | | [~~PROPOSED~~] AMENDED PRETRIAL ORDER |
| 22 | This Document Relates To: | |
| 23 | ALL ACTIONS. | Judge Martin J. Jenkins |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

It is hereby **ORDERED** pursuant to F.R.C.P. and the Local Rules of this Court:

**TRIAL DATE:** Monday, <u>September 11, 2006</u> at 8:30 a.m., Courtroom 11, 9th floor.
TRIAL LENGTH is estimated to be TBD days. **(x)** jury  **( )** court

**PRETRIAL CONFERENCE DATE:** Tuesday, <u>August 29, 2006</u> at 3:30 p.m.
(Counsel who intend to try the case must attend the pretrial conference. Counsel shall be prepared to discuss all aspects of the case, including settlement. Pretrial to conform to the attached instructions).

| DISCOVERY LIMITS: | Depositions: | Pltf. | 65 | Def. | 65 |
| | Interrogs: | Pltf. | 55 | Def. | 55 |
| | Doc. Req.: | Pltf. | 75 | Def. | 75 |

(Per Federal Rules of Civil Procedure and Local Rules, subject to any provisions below)

DISCOVERY DISPUTES: All requests for discovery relief must be summarized in letter briefs no longer than two pages for each party. The letter briefs must attest that, prior to filing the request for relief, counsel met and conferred in person or by telephone and must concisely summarize those remaining issues that counsel were unable to resolve. The letter briefs may cite to limited and specific legal authority only for resolution of dispositive issues. The letter briefs may not be accompanied by declarations; however any specific excerpt of disputed discovery material may be attached. The Court will then advise the parties if additional briefing or a telephonic conference will be necessary.

NON-EXPERT DISCOVERY CUTOFF is: **2/24/06**

DESIGNATION OF EXPERTS:          **TBD**

EXPERT DISCOVERY CUTOFF is:          **TBD**

DISPOSITIVE MOTIONS SHALL be heard by July 31, 2006

SETTLEMENT CONFERENCE shall be held before Magistrate Judge **Zimmerman** and scheduled to take place **August 2006**

FURTHER STATUS CONFERENCE: **July 12, 2005** at 2:00 p.m.

**ADDITIONAL ORDERS:**
<u>Initial disclosures and protective order due by 12/21/04</u>

CLASS CERTIFICATION: Plaintiffs shall file their class certification motion on or before **January 31, 2005.** Defendants shall file their opposition brief by **March 28, 2005.** Any reply brief shall be filed by **April 22, 2005.** A hearing will be held before the Court regarding class certification in **May 2005** or at the Court's earliest convenience thereafter.

**PLAINTIFF IS ORDERED TO SERVE A COPY OF THIS ORDER ON ANY PARTY SUBSEQUENTLY JOINED IN THIS ACTION.**

Dated:          December 14, 2004

_____
MARTIN J. JENKINS
United States District Judge

[PROPOSED] AMENDED PRETRIAL ORDER;
CASE NO.: C-01-0988-MJJ

1   APPROVED AS TO FORM:

2

3   DATED:  December 10, 2004

4

5

6

7

8

9

10

11

12   DATED:  December 10, 2004

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LERACH COUGLIN STOIA GELLER RUDMAN &
ROBBINS LLP

SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
JENNIE LEE ANDERSON
MONIQUE C. WINKLER


By: _____
        Shawn A. Williams
Lead Counsel for Plaintiffs


MAYER, BROWN ROWE & MAW LLP

DONALD M. FALK
LEE H. RUBIN
SHIRISH GUPTA

By: _____
        Lee H. Rubin
Attorneys for Defendants
Oracle Corporation, Lawrence J. Ellison, Jeffrey O.
Henley and Edward J. Sanderson

[PROPOSED] AMENDED PRETRIAL ORDER;
CASE NO.: C-01-0988-MJJ

# PRETRIAL INSTRUCTIONS

Counsel SHALL meet and confer in good faith in advance of complying with the following pretrial requirements for the purpose of preparing for the Pretrial Conference and to discuss settlement.

## A.   20 CALENDAR DAYS PRIOR TO PRETRIAL CONFERENCE

The following shall be accomplished not later than **20 calendar days** prior to the scheduled Pretrial Conference:

1.   **PRETRIAL STATEMENT:** The parties shall comply in all respects with FRCivP 16(c)(1)(2)(3)(4)(7)(13)(14)(15)(16)

2.   **JURY INSTRUCTIONS:**

a.   Joint Set of Agreed Upon Instructions: The parties shall jointly prepare a set of agreed upon jury instructions, and shall file an original and two copies of same **20 calendar days** prior to the Pretrial Conference.

b.   Separate Instructions:  Separate instructions may be submitted only as to those instructions upon which the parties cannot agree. Each separate instruction shall note on its face the identity of the party submitting such instruction.

No later than **10 calendar days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction. The form of the objection shall be as follows:

(1) Set forth in full the instruction to which the objection is made;

(2) Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(3) Set forth in full an alternative instruction, if any.

An original and two copies of the separate instructions with objections shall be filed **10 calendar days** prior to the Pretrial Conference.

c.   Substance and Format of Instructions:  The instructions shall cover all substantive issues.  Proposed instructions shall be consecutively numbered.  Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title.  Citations to the authorities upon which the instruction is based shall be included. Instructions shall be brief, clear, written in plain English and free of argument.  Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d.   Preliminary Statement and Instructions:  If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **one week** prior to trial, the text of the statement and instructions, clearly marked.

e.   Clean Copies: The parties shall be prepared to submit two clean copies of instructions without citations, titles or attribution on or before the date trial commences.

3.   **FINDINGS OF FACT and CONCLUSIONS OF LAW:**  In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues.  Proposed findings shall be brief, written in plain English and free of pejorative language and argument.

2

4.    **EXHIBITS:**

a.    <u>Provide Copies of Exhibits to Other Parties</u>:  Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list (see attached) of all such proposed exhibits.  Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries.  Each item shall be <u>pre-marked with an exhibit sticker (see attached)</u>, plaintiff's exhibits with numbers, defendant's exhibits with letters.  If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators.  All exhibits which have not been provided as required are subject to exclusion.

b.    <u>Stipulations re Admissibility</u>:  Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference.  If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

c.    <u>Provide Copies of Exhibits to Court</u>:  One set of exhibits shall be provided to the Court on the <u>one week prior to trial.</u>.  Each set shall be in binders, tabbed and indexed.

d.    <u>Disposition of Exhibits After Trial</u>:  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

5.    WITNESSES:

a.    <u>Jury Trials</u>:  The Pretrial Conference Statement shall include a witness list required by FRCivP 16(c)(7).  Expert witnesses shall be listed separately.  In addition, in the case of expert witnesses, the summary shall clearly state the expert's theories and conclusions and the bases therefor and SHALL be accompanied by a curriculum vitae; if the expert has prepared a report in preparation for the testimony, a copy thereof shall be furnished to opposing counsel.  Witnesses not included on the list may be excluded from testifying.

b.    <u>Non-Jury Trials</u>:  In non-jury cases, each party shall serve and lodge with the Court a written <u>narrative statement</u> of the proposed direct testimony of each witness under that party's control in lieu of a summary.  Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

6.    **MOTIONS IN LIMINE:**  Motions in limine are limited to motions to exclude specific items of evidence (i.e. specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.  Motions in limine shall be filed and served no later than <u>ten Court days</u> prior to the date set for the pretrial conference.  Any party opposing such a motion in limine shall file and serve its opposition papers no later than <u>five Court days</u> prior to the pretrial conference.  No reply papers will be considered.

B.    <u>10 COURT DAYS PRIOR TO PRETRIAL CONFERENCE</u>

The following shall be accomplished not later than <u>10 Court days</u> prior to the Pretrial Conference:

1.    <u>List of Exhibits With Stipulations and Objections</u> - The parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

2.    <u>Objections to Other Evidence</u> - In addition to exhibit lists, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference as required by Local Rule.  Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

3

3. <u>Voir Dire and Verdict Forms</u> - Each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

## C.   <u>OTHER PRETRIAL MATTERS</u>

1. <u>Citations</u> - In all Pretrial Statements, memoranda of points and authorities and jury instructions, citations shall be as follows: (1) all United States Supreme Court citations shall be to both the official reporter and to the <u>West Supreme Court Reporter</u>, (2) all citations to California state courts shall be to both the official reporter and to the <u>West California Reporter</u>, and (3) all citations to the courts of any other state shall be to both the official reporter of that state and to the <u>West Regional Reporter</u>.

2. <u>Settlement Conferences</u> - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

3. <u>Copies</u> - Unless otherwise indicated, each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

4. <u>Daily Transcripts</u> - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least <u>one week</u> before trial commences.

Attachments

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C-                         MJJ                              DATE:

_____ v. _____

( ) Plaintiff                 EXHIBIT LIST                    ( ) Defendant

| EXHIBIT NUMBER | MARKED | ADMITTED | SPONSORING WITNESS | DESCRIPTION |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

5

Case No.
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No.
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.      That on December 10, 2004, declarant served the **[PROPOSED] AMENDED PRETRIAL ORDER** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant also served the parties by facsimile.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of December, 2004, at San Francisco, California.

_____
KAREN HEINZ

ORACLE III (LEAD)

Service List - 12/10/2004  (201-064-1)

Page 1 of 1

## Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
   650/331-2000
   650/331-2060 (Fax)

Dorian  Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
   650/506-5200
   650/506-7114 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL  60603-3441
   312/782-0600
   312/701-7711 (Fax)

## Counsel For Plaintiff(s)

William S. Lerach
Mark  Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
   619/231-1058
   619/231-7423 (Fax)

Sanford  Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
   415/288-4545
   415/288-4534 (Fax)

1      I, JESSICA FERNANDEZ, declare:

2      I am a resident of the State of California and over the age of eighteen years, and not a party

3 to the within action; my business address is: Two Palo Alto Square, Suite 300, Palo Alto,

4 California 94306.

5      On December 22, 2004, I served the foregoing document(s) described as:

6          **NOTICE OF ENTRY OF AMENDED PRETRIAL ORDER**

7 ☐ By transmitting via facsimile the document(s) listed above (exclusive of exhibits) to the fax number(s) set forth below on this date before 5:00 p.m.

8 ☒ By placing the document(s) listed above in a sealed envelope with postage prepaid, via
9 First Class Mail, in the United States mail at Palo Alto, California addressed as set forth below.

10 ☒ By personally delivering the document(s) listed above to the person(s) at the address(es)
11 set forth below.

12 ☐ By placing the document(s) listed above in a sealed overnight service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an overnight
13 service agent for delivery.

14

15 **VIA PERSONAL DELIVERY**      **VIA U.S. MAIL**

16 Sanford Svetcov                  William S. Lerach
Shawn A. Williams            Douglas R. Britton
Reed R. Kathrein                Darren J. Robbins
17 Michael Reese                    **LERACH, COUGHLIN, STOIA,**
**LERACH, COUGHLIN, STOIA,**     **GELLER, RUDMAN &**
18 **GELLER, RUDMAN &**           **ROBBINS LLP**
**ROBBINS LLP**               401 B Street, Suite 1700
19 100 Pine Street, Suite 2600       San Diego, CA 92101
San Francisco, CA 94111         Fax: (619) 231-7423
20 Fax: (415) 288-4534

21

22      I am readily familiar with the firm's practice of collection and processing correspondence

23 for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

24 day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

25 motion of the party served, service is presumed invalid if postal cancellation date or postage meter

26 date is more than one day after date of deposit for mailing in affidavit.

27

28

I declare under penalty of perjury that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 22, 2004 at Palo Alto, California.



JESSICA FERNANDEZ

**PROOF OF SERVICE**
**CASE NO.: C-01-0988-MJJ**

# Exhibit 2

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 13 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
| 14 | | ) | CLASS ACTION |
| 15 | This Document Relates To: | ) ) ) | AMENDED [PROPOSED] ORDER |
| 16 | ALL ACTIONS. | ) ) | SETTING A DISCOVERY PLAN |
| 17 | | ) ) | Judge Martin J. Jenkins Magistrate Judge Joseph C. Spero |

18

19

20

21

22

23

24

25

26

27

28

1    On Tuesday, March 1, 2005, the parties appeared before United States Magistrate Judge

2    Joseph C. Spero for a discovery conference.  The parties offered written discovery plans and

3    presented oral argument.  The Court, having reviewed the written submissions and considered the

4    parties' oral argument, hereby sets forth the following Discovery Plan, which shall govern discovery

5    in this case.

6        For the reasons stated on the record, IT IS ORDERED THAT:

7  I.      **SCOPE OF DISCOVERY**

8        The scope of discovery shall be as follows:

9        A.      **RELEVANT TIME PERIOD**

10        For purposes of responding to written discovery requests, the "Relevant Time Period" shall

11    be from June 1, 2000 to June 1, 2001.  Documents created outside of the Relevant Time Period that

12    refer to events within the Relevant Time Period must also be produced.

13        B.      **FILES TO BE SEARCHED**

14        In responding to Plaintiffs' requests for documents, Oracle Corporation ("Oracle" or the

15    "Company") shall search the hard copy and electronic files of the following individuals:

16        1.      Lawrence Ellison ("Ellison"), Jeffrey Henley ("Henley"), Edward "Sandy"

17    Sanderson, Stephanie Aas, Jennifer Glass and Jennifer Minton (collectively "the Speakers");

18        2.      The Speakers' direct reports during the Relevant Time Period including, but not
limited to, those represented in Oracle's February 18, 2005 letter to the Court;

19

20        3.      The Area Vice Presidents in Oracle's three United States sales and consulting
divisions: North American Sales, Oracle Service Industries and Oracle Products Industries;

21        4.      The following individuals: John Nugent, Bret Fuller, Charles Rozwat, Gary Roberts,

22    John Wheeler, Sergio Giacoletto, Greg Myers, Neil Menon, Brad Scott, Michael Quinn, Michael
Rocha, Ray Lane and Ron Cuneo; and

23        5.      Other individuals, as agreed upon by the parties or ordered by the Court.

24        C.      **DEFINITION OF KEY ISSUES IN CASE**

25        With respect to the following topics related to discovery between the parties, the Court sets

26    forth the following guidelines:

27

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                    - 1 -

1

### 1. Economy

2     Subject to the limitations set forth in Sections I(A) and (B) above, hereafter ("SCOPE"),

3     Defendants shall produce documents and communications (including e-mail correspondence)

4     concerning the United States economy and its impact or potential impact on Oracle's revenues,

5     earnings and expenses; its impact or potential impact on customer purchasing decisions of IT

6     products and services in general; and specifically the purchase of products or services from Oracle.

7

### 2. Functionality of Oracle's Suite 11i Software and Its Individual Modules

8

Defendants shall produce:

9

10         (a)     Software versions 1, 2 and 3 of Oracle's Suite 11i;

11         (b)     High level design documents for Suite 11i;

12         (c)     Technical manuals for Suite 11i;

13         (d)     "Bug reports" that in any way reference integration or interoperability;

14         (e)     High level documents describing the scope and dimension of "bug

15 problems" within Suite 11i and/or any of its modules other than integration and interoperability;

16         (f)     Documents regarding any lost or deferred sales of any Oracle product, as

17 well as any material expense with respect to any Oracle product – such as refunds, rebates or remediation. For purposes of this issue only, "material expense" is defined as having a financial impact greater than or equal to $500,000.

18

### 3. Revenue/Earnings Forecasting

19

20     Subject to the Court's rulings on SCOPE, Defendants shall produce documents relating to

21 Oracle's forecasts, including any mention of the economy as it relates to Oracle's forecasting during

22 the Relevant Time Period and as it related to the Company's pipeline and its growth or decline.

23 Additionally, Defendants shall produce documents relating to Oracle's sales pipeline and pipeline

24 conversion rates/ratios.

### 4. Accounting and Underlying Documents

25     Defendants shall produce all documents relating to (i) the alleged "On Account Cleanup"

26 occurring in November 2000; (ii) the 46,000 debit memoranda; and (iii) the accounting treatment of

27 those debit memoranda, including any audit trail, and all related accounting policies.

28

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)

1          **5.**      **Insider Trading**

2       Subject to the Court's rulings on SCOPE, Defendants shall produce documents and

3  communications regarding Defendants' sales or contemplated sales of Oracle securities during

4  January 2001. These documents shall include Defendants' option agreements, the reasons and

5  timing of their sales, and the Company's policies and procedures regarding trading and options.

6          **6.**      **Special Litigation Committee**

7       Defendants shall produce all underlying documents that the Special Litigation Committee

8  ("SLC") reviewed from whatever source, except documents subject to privilege or work product

9  protection for which they will produce a privilege log. Defendants are not required to specifically

10  identify these documents as having been produced to the SLC. Defendants reserve their right to

11  designate any such documents as either "Confidential" or "Highly Confidential" under the terms of

12  the January 11, 2005 Revised Stipulated Protective Order Governing Confidentiality. Such

13  production shall not constitute a waiver of either the attorney-client or attorney work product

14  privilege.

15       Plaintiffs may file a motion to compel production of documents related to the SLC's

16  investigation including production of the SLC Report itself.

17  **II.**    **CONVENTIONS FOR PARTY DISCOVERY**

18       **A.**     **TIMING OF DOCUMENT PRODUCTION**

19       Defendants shall produce documents on a rolling basis with production to be completed by

20  May 1, 2005. Defendants shall produce documents responsive to Plaintiffs' requests for documents

21  contained in the files of any deponent not otherwise within the category of individuals specified in

22  Section I(B) above, no later than seven days prior to the date on which such witness is noticed to be

23  deposed. Plaintiffs shall complete their document production by March 21, 2005, with the exception

24  of the interrogatory set forth in VII(C) *infra*, which shall be responded to within forty-five (45) days

25  of the entry of this Order.

26       **B.**     **PRODUCTION FORMAT**

27       When preparing documents for production, the parties shall adhere to the following

28  conventions with respect to documents within their possession, custody or control:

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)

- 3 -

(a)     The parties shall produce e-mails in searchable TIFF format. E-mails shall include the following information: sender, recipient, blind and carbon copies, date sent, e-mail box from whom the document is produced, and the date and time it was opened, deleted, responded to or forwarded. Furthermore, the parties shall produce all attachments to or documents embedded in such e-mails in native format, readily accessible from each e-mail.

(b)     The parties shall produce all documents that were created and kept in electronic format in either native format or a searchable electronic format. For example, Microsoft Word or Excel files shall be produced in their native format.   Information stored on Oracle databases, such as the accounting treatment for the 46,000 debit memos, shall be downloaded into Excel or another comparable format and produced in that electronic format.

(c)     The parties shall meet and confer regarding locking and protecting electronic documents in order to prevent their alteration or manipulation subsequent to production.

(d)     With respect to documents that were reviewed by the SLC or produced to the plaintiffs in Oracle Cases, JCCP No. 4180 (CIV 417511 San Mateo Co. Sup. Ct.) and in *In re Oracle Corp. Deriv. Litig.*, C.A. No. 18751 (Del. Ct. of Chancery) that have already been produced to Plaintiffs in paper format, Defendants shall also produce to Plaintiffs spreadsheets in native format and e-mails in searchable TIFF format with the metadata described above. Defendants may submit a letter brief to the Court requesting that Plaintiffs share the cost of reproducing these specified documents in electronic format.

## C.     PRODUCTION SOURCE LOG

The parties must produce logs indicating the source files of all produced documents, including for documents previously produced.

## D.     PRIVILEGE LOGS

The parties shall produce privilege logs within forty-five (45) days after a document is withheld for privilege.

## III.     DEPOSITIONS

### A.     TIME LIMIT PER DEPOSITION

Federal Rule of Civil Procedure 30 shall govern the time limit for depositions, except upon agreement of the parties or court order.

### B.     DEPOSITIONS OF 30(b)(6) WITNESSES

(a)     ~~Plaintiffs' Position~~ *c s*

Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by April 15, 2005. The depositions may cover the following agreed upon topics: accounting, electronic systems, forecasting and Suite 11i.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

- 4 -

1   Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6) subjects

2   relating to document preservation.  If, after Plaintiffs have had an opportunity to review those

3   responses, Plaintiffs believe that a deposition regarding document preservation is still necessary, the

4   parties shall meet and confer.

5   Where Defendants offer a Speaker as defined in I(B)(1), a Speaker's direct report as defined

6   in I(B)(2), or an individual named in the Revised Second Amended Complaint for Violations of the

7   Federal Securities Laws ("RSAC") as a 30(b)(6) witness, Plaintiffs shall not be precluded from

8   deposing that same witness in his/her individual capacity at a later date.  Instead, in such

9   circumstances, the parties shall meet and confer, taking into account the outstanding discovery and

10  may seek assistance from the Court in the event they are unable to reach an agreement.

11       (b)    Defendants' Position

12   Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by

13  April 15, 2005.  The depositions may cover the following agreed upon topics: accounting,

14  electronic systems, forecasting and Suite 11i.

15   Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6)

16  subjects relating to document preservation.  If, after Plaintiffs have had an opportunity to review

17  those responses, Plaintiffs believe that a deposition regarding document preservation is still

18  necessary, the parties shall meet and confer.

19   Where an individual is offered by Oracle as a Rule 30(b)(6) witness at a deposition and

20  documents from that individual's files have been produced to Plaintiffs at least seven (7) days prior

21  to the deposition, that individual may not be deposed again in his or her individual capacity at a

22  later date.

23  C.    FACT WITNESS DEPOSITIONS

24   Depositions of substantive witnesses shall begin after May 1, 2005.  Subject to the other

25  limits above, Defendants shall produce documents from the files of a deponent, including a

26  confidential witness ("CW"), no less than seven (7) days before that individual's deposition as a fact

27  witness.

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)

- 5 -

      (a)     Subject to change upon the receipt and review of discovery from Defendants and non-parties, Plaintiffs currently intend to depose the following witnesses:

1. Anil Vora
2. Bill Castello
3. Brad Scott
4. Bret Fuller
5. Charles Rozwat
6. David Winton
7. Edward J. Sanderson
8. Frank Varasano
9. Gary Bloom
10. Gary Roberts
11. George Roberts
12. Ivgen Guner
13. Jay Nussbaum
14. Jeffrey Henley
15. Jennifer Minton
16. Jim English
17. Jody Terry
18. John Nugent
19. Jon Simmons
20. Larry Garnick
21. Lawrence Ellison
22. Mark Barrenchea
23. Mary Ann Gillespie
24. Michael Rocha
25. Michael P. DeCesare
26. Nick Classik
27. Patricia McManus
28. Ray Lane
29. Richard Blotner
30. Ron Police
31. Safra Catz
32. Sarah Kopp
33. Sergio Giacolletto
34. Steve McLaughlin
35. Terrence Ford
36. Tom Thimot
37. Tom Williams
38. Valerie A. Borthwick

     Plaintiffs reserve the right to modify this list and to take additional depositions as discovery in this action proceeds.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)

1          (b)     Defendants currently intend to depose the forty-nine (49) CWs as well as the

2 proposed class representatives. Defendants reserve the right to take additional depositions, up to the sixty-five (65) allowed by the Court, at any time prior to the close of fact discovery.

3 **IV.    EXPERT DISCOVERY**

4

5        The parties shall exchange any affirmative expert reports on March 3, 2006, and any rebuttal

reports on April 3, 2006. The parties shall complete expert discovery by May 22, 2006.

6 **V.    THIRD PARTY DISCOVERY**

7

8      **A.    LIFTING OF THE STAY AND TIMING OF PRODUCTION FOR ALL THIRD PARTY DISCOVERY**

9        The Court hereby lifts the stay on third party discovery put in place by its February 5, 2005

10 Order, subject to the limitations imposed by this Order. Plaintiffs shall meet and confer with third

11 parties concerning the timing of their document production.

12      **B.    RELEVANT TIME PERIOD**

13        The definition of Relevant Time Period, June 1, 2000 – June 1, 2001, set forth above, shall

14 apply to all third party discovery.

15      **C.    SCOPE OF DISCOVERY FROM THIRD PARTY CUSTOMERS**

16          **1.    Number of Customers to be Subpoenaed**

17        Without leave of Court, Plaintiffs shall not subpoena more than one hundred (100) of

18 Oracle's current and former customers. Plaintiffs have, to date, subpoenaed ninety-three (93) of

19 Oracle's customers.

20          **2.    Subject Matter of Discovery to Be Produced by Customers**

21        Plaintiffs may seek discovery from Oracle's current and former customers on the following

22 topics only:

23          (a)    **The United States Economy**

24        Plaintiffs' third party discovery from customers relating to the economy is hereby limited to

25 the following:

26        (i) communications with Oracle relating to increases or decreases in purchases from Oracle

27 as a result of the economy; and

28

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN -- C-01-0988-
MJJ (Consolidated)

1    (ii) internal documents relating to decisions to purchase or not to purchase from Oracle

2  because of the economy.

3              (b)      **Oracle Software Integration and Interoperability**
                        **Problems**
4
       Plaintiffs' third party discovery from customers relating to problems with Oracle's Suite 11i

5
   is hereby limited to documents regarding integration and interoperability (including integration and
6
   interoperability gaps and bugs) with Oracle applications Suite 11i and its modules, including but not
7
   limited to Oracle's CRM Module. For purposes of this Order, integration refers to the ability of
8
   modules of Suite 11i to work together and share information.
9
              (c)      **Accounting**
10
       Plaintiffs' third party discovery from customers relating to Oracle's accounting is limited to
11
   documents relating to the 46,000 debit memo transactions created on or about November 17, 2000.
12
13  **D.    DISCOVERY FROM ANALYSTS AND MEDIA ORGANIZATIONS**
          **COVERING THE COMPANY**

14
       Subject to the Court's rulings on SCOPE, Plaintiffs may seek discovery from analysts and
15  news services on the following topics:

16              (a)      The Defendants' public statements;

17              (b)      Customer interviews and complaints/problems with Oracle products,
        including 11i;
18
19              (c)      The downturn in the economy and IT budgets during the Class Period;

20              (d)      Oracle's forecasts and projections;

21              (e)      Oracle's revenue and earnings reports and financial statements;

22              (f)      Integration and/or interoperability gaps and bugs; and

23              (g)      One-on-one interviews with Defendants.

24  **E.    DISCOVERY FROM AUDITORS**

25      Plaintiffs' third party discovery from Oracle's auditors and accountants is limited to
26  documents relating to (i) the debit memo transactions; (ii) the accounting treatment of the 46,000
27  debit memo transactions; and (iii) tax advisory services provided to Henley and Ellison relating to
28  the Relevant Time Period.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)
                                                                        - 8 -

1     In addition, Oracle's auditors and accountants ARE HEREBY ORDERED to preserve all

2  relevant documents (including electronic documents and e-mail) concerning their audit work on

3  behalf of Oracle for the Relevant Time Period.

4    **F.   DISCOVERY FROM CONFIDENTIAL WITNESSES**

5     Plaintiffs shall disclose the names and corresponding CW numbers of the CWs used in the

6  RSAC to Defendants' counsel, including in-house counsel at Oracle, within forty-eight (48) hours of

7  the signing of this Order.  Plaintiffs' disclosures shall be subject to the following restrictions:

8        (a)    Counsel for Defendants shall not disclose a CW's role to anyone other than

9  (i) Defendants' counsel within Mayer, Brown, Rowe & Maw LLP ("MBR&M"); (ii) in-house

10  counsel of Oracle Corporation; and (iii) any consultant retained by MBR&M for purposes of this

11  litigation upon receipt of an Undertaking in the form of Exhibit A hereto;

12        (b)    Defendants' counsel may discuss with current or former Oracle employees or

13  third parties the persons who are CWs, including the information attributed to them in this litigation

14  and any other information that may bear upon the case, but shall not disclose in any such

15  communications that the persons are CWs referenced in this litigation;

16        (c)    Defendants' counsel or defendants' experts/consultants shall not make initial

17  contact with a CW without informing Plaintiffs' counsel of their intention to do so no less than

18  forty-eight (48) hours prior to making such initial contact;

19        (d)    The identities of the CWs shall not be used for any purpose other than this

20  litigation; and

21        (e)    When a party seeks to file with the Court a document disclosing the identities

22  of the CWs in their roles as CWs, the procedures specified in paragraph 10 of the January 11, 2005

23  Revised Stipulated Protective Order Governing Confidentiality shall apply.  Similarly, portions of

24  depositions or transcripts that refer to any CW's role will be kept confidential consistent with this

25  Order.

26        (f)    The Court retains jurisdiction over the enforcement of this Order for six (6)

27  months after entry of final judgment in this action.

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)

1  **VI.    CLASS DISCOVERY**

2          **A.    CLASS REPRESENTATIVES**

3          Plaintiffs shall produce documents regarding class representative discovery by March 7,

4  2005.

5          Defendants' brief in opposition to the motion for class certification shall be due by May 6,

6  2005, and Plaintiffs' reply shall be due by June 13, 2005. The date for oral argument shall be set by

7  the United States District Court Judge Martin J. Jenkins. The parties have requested a hearing date

8  in July 2005 or at the Court's earliest convenience thereafter.

9          **B.    DISCOVERY FROM ABSENT CLASS MEMBERS**

10         Prior to the discovery conference, the Court was informed that Defendants are not currently

11  seeking any discovery from absent class members, but are reserving their right to do so in the future.

12  **VII.    MISCELLANEOUS ADDITIONAL DISCOVERY ISSUES**

13                 (a)    All contention interrogatories are stayed until further order of the Court. No

14  response or further response to any outstanding contention interrogatory is required at this time.

15                 (b)    Plaintiffs shall produce all documents received from CWs relating to the

16  Defendants and shall identify from which CW the documents were received. The latter information

17  shall be subject to V(F) above.

18                 (c)    With respect to Defendants' Interrogatories to Plaintiffs seeking information

19  concerning the individuals and organizations identified in Plaintiffs' Rule 26(a) Initial Disclosures,

20  Plaintiffs are ordered to respond by describing generally what Plaintiffs understand each of the

21  identified witnesses in their Initial Disclosures know about the case. Plaintiffs shall respond to this

22  modified interrogatory within forty-five (45) days of the entry of this Order.

23  **VIII.    RECONCILIATION OF DISCOVERY DISPUTES**

24         As outlined in Judge Jenkins' Amended Pretrial Order of December 17, 2004, the parties

25  shall meet and confer about all discovery disputes and, in the event that they cannot resolve such

26  disputes, each party shall submit a two-page letter brief to the Court outlining the party's position on

27  the issue. All matters relating to the modification of the discovery plan shall be addressed to the

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)
                                                                                    - 10 -

1  undersigned. The parties shall address all future letter briefs to both Judge Jenkins and Magistrate

2  Judge Spero. ~

3  **IT IS SO ORDERED.**

4

5  DATED: 3/10/05

6  THE HONORABLE JOSEPH C. SPERO
   UNITED STATES MAGISTRATE JUDGE

7

8  **APPROVED AS TO FORM.**

9  Submitted by:

10  DATED: March 9, 2005

11  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
12  WILLIAM S. LERACH
    MARK SOLOMON
    DOUGLAS R. BRITTON

13

14

15  /S/
    MARK SOLOMON

16  401 B Street, Suite 1600
    San Diego, CA  92101
17  Telephone: 619/231-1058
    619/231-7423 (fax)

18

19  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
    SHAWN A. WILLIAMS
20  WILLOW E. RADCLIFFE
    ELI R. GREENSTEIN
21  JENNIE LEE ANDERSON
    MONIQUE C. WINKLER
22  100 Pine Street, Suite 2600
    San Francisco, CA  94111
23  Telephone: 415/288-4545
    415/288-4534 (fax)

24

25  Lead Counsel for Plaintiffs

26

27

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)

- 11 -

1

2 MAYER, BROWN, ROWE & MAW LLP
ALAN N. SALPETER
3

4

5 _____/S/_____
                    ALAN N. SALPETER
6

7 190 South LaSalle Street, Suite 3900
Telephone:  312/782-0600
8 312/701-7711 (fax)

9 T:\CasesSF\Oracle3\ORD00019094.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)

## DECLARATION OF SERVICE BY FACSIMILE

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.    That on March 9, 2005, declarant served by facsimile the **AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN** to the parties listed on the attached Service List.

3.    That there is a regular communication by facsimile between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of March, 2005, at San Francisco, California.

/s/ Carolyn Burr
CAROLYN BURR

ORACLE III (LEAD)

Service List – 3/9/2005      (201-064-1)

Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534 (Fax)

**EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the

[Proposed] Order re Discovery Plan that was issued by the United States District Court for the

Northern District of California on March ___, 2005, in the case of: *In re Oracle Corporation*

*Securities Litigation*, Lead Case No. 417511, Case No. C-01-0988-MJJ.

I recognize that I am bound by the terms of that Order and I agree to comply with those

terms. I fully understand that any disclosure of the identities of the confidential witnesses to

anyone other than those individuals expressly permitted by the Order could expose me to

sanctions and punishment in the nature of contempt. I hereby agree to abide by the obligation

and conditions of the Order.

DATED: _____

_____