# Exhibit 9

1  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   MARK SOLOMON (151949)
3  DOUGLAS R. BRITTON (188769)
   401 B Street, Suite 1600
4  San Diego, CA  92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
     – and –
6  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
7  ELI R. GREENSTEIN (217945)
   JENNIE LEE ANDERSON (203586)
8  MONIQUE C. WINKLER (213031)
   100 Pine Street, Suite 2600
9  San Francisco, CA  94111
   Telephone: 415/288-4545
10 415/288-4534 (fax)

11 Lead Counsel for Plaintiffs

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15 In re ORACLE CORPORATION          )  Master File No. C-01-0988-MJJ
   SECURITIES LITIGATION             )
16 _____ )  CLASS ACTION
                                     )
17 This Document Relates To:         )  NOTICE OF PLAINTIFFS' SUBPOENAS
                                     )  FOR PRODUCTION OF DOCUMENTS TO
18     ALL ACTIONS.                  )  THIRD PARTIES
                                     )
19 _____ )

20

21

22

23

24

25

26

27

28

1  TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD

2       PLEASE TAKE NOTICE that pursuant to Rules 26, 34(c) and 45 of the Federal Rules of

3  Civil Procedure, subpoenas will be served upon the following third parties commanding the

4  production of the papers and documents set forth in the Schedules A attached hereto.

| PRODUCING PARTY | DATE/TIME | LOCATION |
|---|---|---|
| Alliance Coal, LLC c/o The Corporation Company First National Bldg. Oklahoma City, OK 73102 | January 10, 2005 10:00 a.m. | First National Bldg. Oklahoma City, OK 73102 |
| Americredit Corporation of California c/o CSC Lawyers Incorporating Service 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA 95833 | January 10, 2005 10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA 95833 |
| Amtrak National Railroad Passenger Corp. Attn: Amtrak Law Department 60 Massachusetts Ave., NE Washington, DC 20002 | January 10, 2005 10:00 a.m. | 60 Massachusetts Ave., NE Washington, DC 20002 |
| AT&T Broadband c/o CT Corporation System 818 W. Seventh St. Los Angeles, CA 90017 | January 10, 2005 10:00 a.m. | 818 W. Seventh St. Los Angeles, CA 90017 |
| AT&T Wireless Services, Inc. c/o CT Corporation System 818 W. Seventh St. Los Angeles, CA 90017 | January 10, 2005 10:00 a.m. | 818 W. Seventh St. Los Angeles, CA 90017 |
| BellSouth Corporation c/o The Prentice Hall Corporation 40 Technology Pkwy South #300 Norcross, GA 30092 | January 10, 2005 10:00 a.m. | 40 Technology Pkwy South #300 Norcross, GA 30092 |
| The Boeing Company c/o CSC Lawyers Incorporating Service 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA 95833 | January 10, 2005 10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA 95833 |

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES - C-01-0988-MJJ

- 1 -

| | | |
|---|---|---|
| Cargill, Inc.<br>c/o CT Corporation System<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| Chevron Texaco Corp.<br>c/o CSC Lawyers Incorporating<br>Service<br>2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 | January 10, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 |
| Citibank, N.A.<br>399 Park Avenue<br>New York, NY 10043 | January 10, 2005<br>10:00 a.m. | 399 Park Ave.<br>New York, NY 10043 |
| CoBank, ACB<br>5500 South Quebec Street<br>Greenwood Village, CO 80111 | January 10, 2005<br>10:00 a.m. | 5500 South Quebec Street<br>Greenwood Village, CO 80111 |
| Cummings Engine Company<br>2425 W. 450 S<br>Columbus, IN 47201 | January 10, 2005<br>10:00 a.m. | 2425 W. 450 S<br>Columbus, IN 47201 |
| Dupont Photomasiks, Inc.<br>c/o CT Corporation<br>818 W. Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh Street<br>Los Angeles, CA 90017 |
| Eaton Corporation<br>c/o CT Corporation<br>818 W. Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh Street<br>Los Angeles, CA 90017 |
| Eli Lilly and Company<br>c/o National Registered Agents, Inc.<br>230 Main Street, Suite 1030<br>Irvine, CA 92614 | January 10, 2005<br>10:00 a.m. | 230 Main Street, Suite 1030<br>Irvine, CA 92614 |
| Federal Express Corporation<br>c/o CT Corporation<br>818 W. Seventh St.<br>Los Angeles, CA 90018 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90018 |
| First Hawaiian Bank<br>c/o William L. Zillman<br>180 Montgomery St.<br>San Francisco, CA 94104 | January 10, 2005<br>10:00 a.m. | 180 Montgomery St.<br>San Francisco, CA 94104 |

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD PARTIES - C-01-0988-MJJ   - 1 -

| | | |
|---|---|---|
| Foster's USA, LLC<br>c/o CT Corporation<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| Electric Capital Corporation<br>c/o CT Corporation<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| General Electric Company<br>c/o CT Corporation<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| General Motors Corporation<br>c/o CT Corporation<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| Health Net, Inc.<br>c/o CT Corporation<br>818 W. Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh Street<br>Los Angeles, CA 90017 |
| Hewlett-Packard Company<br>c/o CT Corporation<br>818 W. Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh Street<br>Los Angeles, CA 90017 |
| Hostcentric Technologies, Inc.<br>c/o David Brown<br>42712 Lawrence Pl.<br>Fremont, CA 94538 | January 10, 2005<br>10:00 a.m. | 42712 Lawrence Pl.<br>Fremont, CA 94538 |
| Household Finance Corporation III<br>c/o CT Corporation<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| IKON Office Solutions, Inc.<br>c/o CT Corporation<br>818 W. Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 W. Seventh Street<br>Los Angeles, CA 90017 |

| | | | |
|---|---|---|---|
| 1 | JDS Uniphase Corp. | January 10, 2005 | 818 W. Seventh Street |
| 2 | c/o CT Corporation | 10:00 a.m. | Los Angeles, CA 90017 |
| | 818 W. Seventh Street | | |
| 3 | Los Angeles, CA 90017 | | |
| 4 | KEMET Electronics Corporation | January 10, 2005 | 2730 Gateway Oaks Dr., Ste. 100 |
| | c/o The Prentice-Hall Corp. | 10:00 a.m. | Sacramento, CA 95833 |
| 5 | 2730 Gateway Oaks Dr., Ste. 100 | | |
| 6 | Sacramento, CA 95833 | | |
| 7 | Motorola, Inc. | January 10, 2005 | 208 South LaSalle Street |
| | c/o CT Corporation System | 10:00 a.m. | Chicago, IL 60604 |
| 8 | 208 South LaSalle Street | | |
| 9 | Chicago, IL 60604 | | |
| 10 | Mutual of Omaha Insurance Co. | January 10, 2005 | 2730 Gateway Oaks Dr., Suite 100 |
| | c/o The Prentice-Hall Corp. Sys., | 10:00 a.m. | Sacramento, CA 95833 |
| 11 | Inc. | | |
| | 2730 Gateway Oaks Dr., Suite 100 | | |
| 12 | Sacramento, CA 95833 | | |
| 13 | Nantucket Nectars | January 10, 2005 | 616 Cinnamon Tree Court |
| | 616 Cinnamon Tree Court | 10:00 a.m. | Catonsville, MD 21228 |
| 14 | Catonsville, MD 21228 | | |
| 15 | New York City Housing Authority | January 10, 2005 | 250 Broadway, 9th Floor |
| 16 | c/o Law Department | 10:00 a.m. | New York, NY 10007 |
| | 250 Broadway, 9th Floor | | |
| 17 | New York, NY 10007 | | |
| 18 | Pacificare Health Systems, Inc. | January 10, 2005 | 818 Seventh Street |
| 19 | c/o CT Corporation | 10:00 a.m. | Los Angeles, CA 90017 |
| | 818 Seventh Street | | |
| 20 | Los Angeles, CA 90017 | | |
| 21 | Pharmacia Corporation | January 10, 2005 | 818 Seventh Street |
| 22 | c/o CT Corporation | 10:00 a.m. | Los Angeles, CA 90017 |
| | 818 Seventh Street | | |
| 23 | Los Angeles, CA 90017 | | |
| 24 | ConocoPhillips Company | January 10, 2005 | 2730 Gateway Oaks Dr., Ste. 100 |
| 25 | c/o CSC Lawyers Incorporating | 10:00 a.m. | Sacramento, CA 95833 |
| | Service | | |
| 26 | 2730 Gateway Oaks Dr., Ste. 100 | | |
| | Sacramento, CA 95833 | | |
| 27 | | | |
| 28 | | | |

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES - C-01-0988-MJJ    - 4 -

| | | |
|---|---|---|
| The Principal Financial Group<br>c/o CT Corporation System<br>2222 Grand Ave.<br>Des Moines, IA 50312 | January 10, 2005<br>10:00 a.m. | 2222 Grand Ave.<br>Des Moines, IA 50312 |
| Qwest Communications<br>Corporation<br>c/o CT Corporation Systems<br>818 Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 Seventh Street<br>Los Angeles, CA 90017 |
| SBC Communications, Inc.<br>c/o CT Corporation System<br>350 N. St. Paul<br>Dallas, TX 75201 | January 10, 2005<br>10:00 a.m. | 350 N. St. Paul<br>Dallas, TX 75201 |
| Sprint Corporation<br>c/o Corporation Service Company<br>200 SW 30th St.<br>Topeka, KS 66611 | January 10, 2005<br>10:00 a.m. | 200 SW 30th St.<br>Topeka, KS 66611 |
| State of Michigan, Human Services<br>Department<br>c/o Office of the Attorney General<br>G. Mennen Williams Building, 7th<br>Floor<br>525 W. Ottawa St.<br>Lansing, MI 48909 | January 10, 2005<br>10:00 a.m. | 525 W. Ottawa St.<br>Lansing, MI 48909 |
| Telecom New Zealand USA<br>Limited<br>c/o The Prentice-Hall Corporation<br>System, Inc.<br>2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 | January 10, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 |
| TeliaSonera AB<br>c/o CT Corporation<br>818 Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 Seventh Street<br>Los Angeles, CA 90017 |
| Texas Instruments, Inc.<br>c/o Joseph F. Hubach<br>7839 Churchill Way, MS 3999<br>Dallas, TX 75251 | January 10, 2005<br>10:00 a.m. | 7839 Churchill Way, MS 3999<br>Dallas, TX 75251 |

1  Xerox Corporation                     January 10, 2005    50 Weston Street
   c/o The Prentice-Hall Corporation     10:00 a.m.          Hartford, CT  06120
2  50 Weston Street
   Hartford, CT  06120
3

4         Said productions will take place on January 10, 2005, at 10:00 a.m. at the above-listed

5  addresses, or other such locations as are mutually acceptable to the respective third parties and

6  plaintiffs' counsel.

7         These productions are pursuant to subpoenas *duces tecum* issued by plaintiffs' counsel on

8  behalf of the United States District Court, requesting "documents only" productions. No testimony

9  is required by the subpoenas, and no one need appear for the third parties or for any of the parties in

10 this action at this time.

11        PLEASE TAKE FURTHER NOTICE that the above-listed third parties may be held in

12 contempt of Court pursuant to Fed. R. Civ. P. 45(e) if the parties fail without adequate excuse to

13 obey the subpoenas served upon them, and that they have certain legal rights in response to

14 plaintiffs' subpoenas served upon them as provided in Fed. R. Civ. P. 45(c) and (d). These rights are

15 reproduced in full on page two of the subpoenas served upon the third parties.

16 DATED:  December 9, 2004                      LERACH COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
17                                                SHAWN A. WILLIAMS
                                                  WILLOW E. RADCLIFFE
18                                                ELI R. GREENSTEIN
                                                  JENNIE LEE ANDERSON
19                                                MONIQUE C. WINKLER

20
21                                                _____
                                                  ELI R. GREENSTEIN
22
23
24
25
26
27
28

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES - C-01-0988-MJJ                                                          - 6 -

1

2                 100 Pine Street, Suite 2600
San Francisco, CA 94111

3                 Telephone: 415/288-4545
415/288-4534 (fax)

4                 LERACH COUGHLIN STOIA GELLER
                    RUDMAN & ROBBINS LLP

5                 WILLIAM S. LERACH
MARK SOLOMON

6                 DOUGLAS R. BRITTON
401 B Street, Suite 1600

7                 San Diego, CA 92101
Telephone: 619/231-1058

8                 619/231-7423 (fax)

9                 Lead Counsel for Plaintiffs

10  T:\CasesSF\Oracle3\NOT00016348.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES - C-01-0988-MJL      - 6 -                                 - 7 -

1

# SCHEDULE A

2 **I.     DEFINITIONS**

3        Unless otherwise stated, the terms set forth below are defined as follows:

4        1.     "You" or "your" refers to the responding party and any of its predecessors,

5 successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign,

6 national, regional and local offices; all present or former officers, directors, partners, employees,

7 agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act

8 on its behalf.

9        2.     "Document" or "documents" has the same meaning as "writings," which is defined in

10 Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored

11 documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the

12 Federal Rules of Civil Procedure.

13        3.     "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or

14 affiliates (foreign and domestic), predecessors, successors and any present and former officers,

15 directors, employees, agents or members of the Board of Directors of Oracle, its attorneys,

16 accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

17        4.     "Ellison" refers to defendant Lawrence J. Ellison and his agents, attorneys, advisors,

18 accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

19        5.     "Henley" refers to defendant Jeffrey O. Henley and his agents, attorneys, advisors,

20 accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

21        6.     "Sanderson" refers to defendant Edward J. Sanderson and his agents, attorneys,

22 advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his

23 behalf.

24        7.     "Individual Defendants" refers to Ellison, Henley and Sanderson, and their agents,

25 attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act

26 on their behalf.

27        8.     "Defendants" refers to Oracle and the Individual Defendants.

28

9.      "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement.

10.      "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

11.      "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

12.      "Refer" or "relate" or "referring" or "relating" means all documents which explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of, the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

13.      "Meeting" refers to the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, occurred in connection with some other activity, or was by telephone or teleconferencing.

14.      "Your employee" refers to any person who at any time acted or purported to act on your behalf or under your supervision, direction or control, including, without limitation, past and current directors, officers, principals, partners, executives, analysts, investment bankers, consultants, advisors, representatives, attorneys, agents, trustees, independent contractors, assigns, business, or similar persons or entities.

15.      "Identify," when used to refer to a natural person, shall mean to set forth that person's: (a) full name and title, if any; (b) present or last known address; (c) present or last known business and home telephone number(s); and (d) present or last known employer.

16.      "Entity" or "entities" has the same meaning as person.

17.    "CRM" refers to Oracle's Customer Relationship Management software products and services.

18.    "11i" refers to Oracle's 11i Suite of software products and services, including all of its individual modules such as CRM.

19.    "Oracle products" refers to all of Oracle's database and applications software products and services, including, but not limited to, 11i and its individual modules such as CRM.

20.    "Contract" or "Agreement" includes both written and verbal agreements.

21.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

22.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

23.    "Including" shall be construed to mean "without limitation."

## II.    INSTRUCTIONS

1.    All documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

2.    In responding to these requests, you shall produce all responsive documents (including those stored electronically), which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives.  A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3.    Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by plaintiffs original documents including those stored electronically as they are kept in the usual course of business.  If the original is not in your custody, then a copy thereof, and all non-

1  identical copies which differ from the original or from the other copies produced for any reason,

2  including, without limitation, the making of notes thereon.

3      4.    To the extent that there are documents containing information relevant to these

4  requests that are currently in electronic format, the documents are to be produced in their native

5  format (*e.g.*, Word, Excel, or Word Perfect).

6      5.    If production of documents is withheld on the ground of privilege, as to each such

7  withheld document state the following information:

8              (a)    which privilege is claimed;

9              (b)    who is asserting the privilege;

10             (c)    a precise statement of the facts upon which said claim of privilege is based;

11  and

12             (d)    the following information describing each purportedly privileged document:

13                     (i)    a brief description sufficient to identify its nature, i.e., agreement,

14  letter, memorandum, type, etc.;

15                     (ii)    a brief description sufficient to identify its subject matter and purpose

16  of the document;

17                     (iii)    the subject matter and purpose of document;

18                     (iv)    the date it was prepared;

19                     (v)    the date it bears;

20                     (vi)    the date it was sent;

21                     (vii)    the date it was received;

22                     (viii)    the identity of the person preparing it;

23                     (ix)    the identity of the person sending it;

24                     (x)    the identity of each person to whom it was sent or was to have been

25  sent, including all addresses and all recipients of copies;

26                     (xi)    a statement as to whom each identified person represented or

27  purported to represent at all relevant times;

28                     (xii)    all persons to whom its contents have been disclosed; and

1           (xiii)   a precise description of the place where each copy of that document is

2 kept, including the title or description of the file in which said document may be found and the

3 location of such file.

4       6.    If a portion of any document responsive to these requests is withheld under claim of

5 privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be

6 produced with the portion claimed to be privileged redacted.

7       7.    You are to produce each document requested herein in its entirety, without deletion or

8 excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider

9 the entire document to be relevant or responsive to the requests.

10       8.    Whenever a document is not produced in full or is produced in redacted form, so

11 indicate on the document and state with particularity the reason or reasons it is not being produced in

12 full, and describe to the best of your knowledge, information and belief, and with as much

13 particularity as possible, those portions of the document which are not being produced.

14       9.    If a document responsive to these requests was at any time in your possession,

15 custody or control but is no longer available for production, as to each such document state the

16 following information:

17           (a)    whether the document is missing or lost;

18           (b)    whether it has been destroyed;

19           (c)    whether the document has been transferred or delivered to another person and,

20 if so, at whose request;

21           (d)    whether the document has been otherwise disposed of; and

22           (e)    a precise statement of the circumstances surrounding the disposition of the

23 document and the date of its disposition.

24       10.    With respect to any category of documents, the production of which you contend is in

25 some way "burdensome" or "oppressive," please state the specific reasons for that objection.

26 III.    RELEVANT TIME PERIOD

27       All requests herein refer to the period from January 1, 2000 through June 18, 2003 (the

28 "relevant time period"), unless otherwise specifically indicated, and shall include all documents and

1  information that relate to such period, even though prepared or published outside of the relevant time

2  period.

3  **IV.   DOCUMENTS REQUESTED**

4  REQUEST NO. 1:

5      All documents and communications concerning Oracle's products, licenses or services,

6  including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

7  REQUEST NO. 2:

8      All documents and communications concerning any discussions or meetings between you

9  and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of Oracle's

10  products, licenses or services.

11  REQUEST NO. 3:

12      All documents and communications concerning your projections or forecasts for purchases or

13  sales of any of Oracle's products, licenses or services.

14  REQUEST NO. 4:

15      All documents and communications concerning your actual purchases or orders for Oracle's

16  products, licenses or services, including, but not limited to, purchase orders, invoices, payment

17  terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check requests and

18  check or cash disbursements.

19  REQUEST NO. 5:

20      All documents and communications concerning your actual or attempted installation,

21  integration or implementation of Oracle's products, licenses or services, including, but not limited to,

22  technical support issues, product failures, delays, and issues regarding consulting fees or payments.

23  REQUEST NO. 6:

24      All documents and communications concerning any sales presentation, promotion or product

25  demonstration made to you by Oracle for Oracle's products, licenses or services, including, but not

26  limited to, any discussions, promises or guarantees made to you regarding the functionality or

27  performance of Oracle's products.

28

REQUEST NO. 7:

All documents and communications concerning your right to return, exchange, defer payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but not limited to, your actual or contemplated decision to exercise those rights.

REQUEST NO. 8:

All documents and communications concerning the functionality of Oracle's products and services and compatibility with the hardware, software and information technology systems used by or considered for use by your company.

REQUEST NO. 9:

All documents and communications concerning any technical defects, problems, bugs, patches, or technical difficulties related to any of Oracle's products, licenses or services, including any complaints you had or raised with Oracle.

REQUEST NO. 10:

All documents and communications concerning any attempt to fix or remedy any technical defects, difficulties, problems, bugs, or patches related to any of Oracle's products, licenses or services.

REQUEST NO. 11:

All documents and communications concerning any actual, potential or threatened legal action by you against Oracle or by Oracle against you, relating to Oracle's products or services, including, but not limited to, contract or payment disputes and disagreements.

REQUEST NO. 12:

All documents and communications concerning your information technology budget for Oracle's products, licenses or services, including but not limited to any decline or change due to the slowing of the United States economy.

REQUEST NO. 13:

All documents and communications concerning your efforts to audit, collect or recover payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products, licenses or services.

REQUEST NO. 14:

All documents and communications concerning your assessment, testing and evaluation of Oracle's products, licenses or services.

REQUEST NO. 15:

All documents and communications concerning any overpayment made by you to Oracle for any purchase of Oracle's products, licenses or services between 1997-2004, including, but not limited to, any proposed or actual reimbursement, refund, credit or discount received in connection with overpayments and any discussions or meetings with Oracle regarding overpayments.

REQUEST NO. 16:

All documents and communications concerning your employment or use of any profit or audit recovery entities in connection with overpayments for purchases or sales of Oracle's products and services between 1997 and 2004, including, without limitation, attempts to recover monies owed, or believed to be owed to you by Oracle.

REQUEST NO. 17:

All documents and communications concerning any loss of business or costs incurred by you in connection with your purchase or use of Oracle's products, licenses or services.

REQUEST NO. 18:

All documents or communications, including organizational charts and directories, sufficient to identify your employees who were involved with purchases, sales or implementation of Oracle's products and services.

REQUEST NO. 19:

All documents and communications concerning your decision to switch from Oracle's products and services to competing products and services sold by companies such as Microsoft or IBM database or any other database or applications provider.

REQUEST NO. 20:

All documents and communications concerning your decision not to award software and service contracts to Oracle for which Oracle had submitted a bid or proposal.

1   REQUEST NO. 21:

2          All documents and communications concerning any proposed or actual services provided by

3   Oracle Consulting in connection with Oracle's products and licenses.

4   REQUEST NO. 22:

5          All documents and communications concerning agreements or joint ventures with Oracle to

6   promote, sell or market Oracle's products and services.

7   T:\CasesSF\Oracle3\SCH00013326_Customer.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.      That on December 9, 2004, declarant served the **NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTIES** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of December, 2004, at San Francisco, California.

_Carolyn Burr_
CAROLYN BURR

ORACLE III (LEAD)
Service List – 12/9/2004   (201-064-1)
Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
  312/782-0600
  312/701-7711 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534 (Fax)

Exhibit 10

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
WILLIAM S. LERACH (68581)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
   – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSON (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) Master File No. C-01-0988-MJJ |
| | ) CLASS ACTION |
| This Document Relates To: | ) ) NOTICE OF PLAINTIFFS' SUBPOENAS |
| ALL ACTIONS. | ) FOR PRODUCTION OF DOCUMENTS TO ) THIRD PARTIES ) |

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that pursuant to Rules 26, 34(c) and 45 of the Federal Rules of Civil Procedure, subpoenas will be served upon the following third parties commanding the production of the papers and documents set forth in the Schedule A attached hereto.

| PRODUCING PARTY | DATE/TIME | LOCATION |
|---|---|---|
| ADT Security Services, Inc. c/o CT Corporation System 1200 South Pine Island Rd. Plantation, FL 33324 | January 17, 2005 10:00 a.m. | 1200 South Pine Island Rd. Plantation, FL 33324 |
| Agilent c/o CT Corporation System 818 W. Seventh St. Los Angeles, CA 90017 | January 17, 2005 10:00 a.m. | 818 W. Seventh St. Los Angeles, CA 90017 |
| Agilysys, Inc. c/o CT Corporation System 1300 E. 9th Street Cleveland, OH 44114 | January 17, 2005 10:00 a.m. | 1300 E. 9th Street Cleveland, OH 44114 |
| Airborne Express c/o CT Corporation System 818 W. Seventh St. Los Angeles, CA 90017 | January 17, 2005 10:00 a.m. | 818 W. Seventh St. Los Angeles, CA 90017 |
| Alcoa, Inc. 201 Isabella Street Pittsburgh, PA 15212-5858 | January 17, 2005 10:00 a.m. | 201 Isabella Street Pittsburgh, PA 15212-5858 |
| Allfirst Financial Inc. 25 South Charles St. Baltimore, MD 21201 | January 17, 2005 10:00 a.m. | 25 South Charles St. Baltimore, MD 21201 |
| Applied Materials, Inc. c/o Barry Sang Quan 3050 Bowers Ave. M/S #2062 Santa Clara, CA 95054 | January 17, 2005 10:00 a.m. | 3050 Bowers Ave. M/S #2062 Santa Clara, CA 95054 |
| Avnet Computer, Inc. c/o CT Corporation System 225 North Central Avenue Phoenix, AZ 85012 | January 17, 2005 10:00 a.m. | 225 North Central Avenue Phoenix, AZ 85012 |

1
2

CareCentric National LLC
2625 Cumberland Pkwy, Ste. 310
Atlanta, GA 30339

January 17, 2005
10:00 a.m.

2625 Cumberland Pkwy, Ste. 310
Atlanta, GA 30339

3
4
5

Ciena Corporation
c/o Karen J. Smith
534 Miramonte Dr.
Santa Barbara, CA 93109

January 17, 2005
10:00 a.m.

534 Miramonte Dr.
Santa Barbara, CA 93109

6
7
8

Citigroup, Inc.
c/o CT Corporation
111 Eighth Ave.
New York, NY 10011

January 17, 2005
10:00 a.m.

111 Eighth Ave.
New York, NY 10011

9
10

Columbia University
2960 Broadway
New York, NY 10027

January 17, 2005
10:00 a.m.

2960 Broadway
New York, NY 10027

11
12
13
14

Credit Suisse First Boston
Corporation
c/o CSC Lawyers Incorporating
Service
2730 Gateway Oaks Dr., Ste. 100
Sacramento, CA 95833

January 17, 2005
10:00 a.m.

2730 Gateway Oaks Dr., Ste. 100
Sacramento, CA 95833

15
16
17

DeVry, Inc.
c/o CT Corporation
208 South La Salle St., Ste. 814
Chicago, IL 60604

January 17, 2005
10:00 a.m.

208 South La Salle St., Ste. 814
Chicago, IL 60604

18
19
20

Diners Cub International Ltd.
c/o CT Corporation
111 Eighth Avenue
New York, NY 10011

January 17, 2005
10:00 a.m.

111 Eighth Avenue
New York, NY 10011

21
22

Empirix, Inc.
20 Crosby Dr.
Bedford, MA 01730

January 17, 2005
10:00 a.m.

20 Crosby Dr.
Bedford, MA 01730

23
24
25

Federal Deposit Insurance Corp.
550 17th Street NW
Washington, D.C. 20429

January 17, 2005
10:00 a.m.

550 17th Street NW
Washington, D.C. 20429

26
27
28

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES - C-01-0988-MJJ

| | | |
|---|---|---|
| GE Aircraft Engines Receivables Corp. c/o CT Corporation 1300 E. 9th Street Cleveland, OH 44114 | January 17, 2005 10:00 a.m. | 1300 E. 9th Street Cleveland, OH 44114 |
| General Electric Capital Corporation c/o CT Corporation 818 W. Seventh St. Los Angeles, CA 90017 | January 17, 2005 10:00 a.m. | 818 W. Seventh St. Los Angeles, CA 90017 |
| Hartford Life, Inc. c/o CT Corporation System One Commercial Plaza Hartford, CT 06105 | January 17, 2005 10:00 a.m. | One Commercial Plaza Hartford, CT 06105 |
| Hartford Technology Services Co., LLC c/o CT Corporation One Commercial Plaza Hartford, CT 06105 | January 17, 2005 10:00 a.m. | One Commercial Plaza Hartford, CT 06105 |
| Howard University (Resource and Finance) 2400 Sixth Street N.W. Washington, D.C. 20059 | January 17, 2005 10:00 a.m. | 2400 Sixth Street N.W. Washington, D.C. 20059 |
| Infonet Services Corporation c/o James DeMin 2160 E. Grand Ave. El Segundo, CA 90245 | January 17, 2005 10:00 a.m. | 2160 E. Grane Ave. El Segundo, CA 90245 |
| Ingersoll-Rand c/o CT Corporation 818 W. Seventh Street Los Angeles, CA 90017 | January 17, 2005 10:00 a.m. | 818 W. Seventh Street Los Angeles, CA 90017 |
| Lehman Brothers, Inc. c/o CSC-Lawyers Incorporating Service 2730 Gateway Oaks Dr., Suite 100 Sacramento, CA 95833 | January 17, 2005 10:00 a.m. | 2730 Gateway Oaks Dr., Suite 100 Sacramento, CA 95833 |

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD PARTIES - C-01-0988-MJJ

| | | |
|---|---|---|
| Logicon, Inc.<br>c/o CT Corporation System<br>225 Hillsborough St.<br>Raleigh, NC 27603 | January 17, 2005<br>10:00 a.m. | 225 Hillsborough St.<br>Raleigh, NC 27603 |
| Lucent Technologies<br>600 Mountain Ave.<br>Murray Hill, NJ 07974-0636 | January 17, 2005<br>10:00 a.m. | 600 Mountain Ave.<br>Murray Hill, NJ 07974-0636 |
| Merrill Lynch & Co., Inc.<br>c/o CT Corporation System<br>111 Eighth Avenue<br>New York, NY 10011 | January 17, 2005<br>10:00 a.m. | 111 Eighth Avenue<br>New York, NY 10011 |
| Mississippi Department of<br>Information Technology Services<br>301 N. Lamar St., Ste. 508<br>Jackson, Mississippi 39201 | January 17, 2005<br>10:00 a.m. | 301 N. Lamar St., Ste. 508<br>Jackson, Mississippi 39201 |
| Morgan Stanley Dean Witter & Co.<br>c/o The Corporation Trust Co.<br>1209 Orange St.<br>Wilmington, DE 19801 | January 17, 2005<br>10:00 a.m. | 1209 Orange St.<br>Wilmington, DE 19801 |
| Profit Recovery Group – Schultz,<br>Inc.<br>c/o CSC Lawyers Incorporating<br>Service<br>2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 | January 17, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 |
| State of Maine Bureau of Motor<br>Vehicles<br>29 State House Station<br>Augusta, ME 04333-0029 | January 17, 2005<br>10:00 a.m. | 29 State House Station<br>Augusta, ME 04333-0029 |
| Southwest Missouri State<br>University<br>901 South National Avenue<br>Springfield, MO 65804 | January 17, 2005<br>10:00 a.m. | 901 South National Avenue<br>Springfield, MO 65804 |
| Wall Street Rarities, Inc.<br>c/o Bryan Cave LLP<br>Attn: Stephan J. Mallenbaum, Esq.<br>245 Park Ave.<br>New York, NY 10167-0034 | January 17, 2005<br>10:00 a.m. | 245 Park Ave.<br>New York, NY 10167-0034 |

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES - C-01-0988-MJJ

1   Westinghouse Savannah River Co.          January 17, 2005          5000 Thurmond Mall Blvd.
    LLC                                       10:00 a.m.                Columbia, SC 29201
2   c/o CSC Lawyers Incorporating
    Service
3   5000 Thurmond Mall Blvd.
    Columbia, SC 29201
4

5           Said productions will take place on January 17, 2005, at 10:00 a.m. at the above-listed

6   addresses, or other such locations as are mutually acceptable to the respective third parties and

7   plaintiffs' counsel.

8           These productions are pursuant to subpoenas *duces tecum* issued by plaintiffs' counsel on

9   behalf of the United States District Court, requesting "documents only" productions. No testimony

10  is required by the subpoenas, and no one need appear for the third parties or for any of the parties in

11  this action at this time.

12          PLEASE TAKE FURTHER NOTICE that the above-listed third parties may be held in

13  contempt of Court pursuant to Fed. R. Civ. P. 45(e) if the parties fail without adequate excuse to

14  obey the subpoenas served upon them, and that they have certain legal rights in response to

15  plaintiffs' subpoenas served upon them as provided in Fed. R. Civ. P. 45(c) and (d). These rights are

16  reproduced in full on page two of the subpoenas served upon the third parties.

17  DATED: December 15, 2004                    LERACH COUGHLIN STOIA GELLER
                                                    RUDMAN & ROBBINS LLP
18                                              SHAWN A. WILLIAMS
                                                WILLOW E. RADCLIFFE
19                                              ELI R. GREENSTEIN
                                                JENNIE LEE ANDERSON
20                                              MONIQUE C. WINKLER

21

22                                              _____
                                                       ELI R. GREENSTEIN
23
                                                100 Pine Street, Suite 2600
24                                              San Francisco, CA 94111
                                                Telephone: 415/288-4545
25                                              415/288-4534 (fax)

26

27

28

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES - C-01-0988-MJJ                                              - 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
MARK SOLOMON
DOUGLAS R. BRITTON
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Oracle3\NOT00016555.doc

## SCHEDULE A

I.   **DEFINITIONS**

Unless otherwise stated, the terms set forth below are defined as follows:

1.     "You" or "your" refers to the responding party and any of its predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf.

2.     "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Federal Rules of Civil Procedure.

3.     "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys, accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

4.     "Ellison" refers to defendant Lawrence J. Ellison and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

5.     "Henley" refers to defendant Jeffrey O. Henley and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

6.     "Sanderson" refers to defendant Edward J. Sanderson and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

7.     "Individual Defendants" refers to Ellison, Henley and Sanderson, and their agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on their behalf.

8.     "Defendants" refers to Oracle and the Individual Defendants.

1       9.    "Person" or "persons" refers to any natural person, proprietorship, public or private

2   corporation, partnership, joint venture, trust, association, company, firm, government or

3   governmental entity (including any government agency, board, authority, commission, or political

4   subdivision or department thereof), or any other form of business or legal entity, organization, or

5   arrangement.

6       10.    "Communication" or "communications" refers to every manner or means of

7   disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise),

8   whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

9       11.    "Concerning" means relating to, referring to, describing, evidencing, regarding or

10  constituting.

11      12.    "Refer" or "relate" or "referring" or "relating" means all documents which explicitly

12  or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of,

13  the subject matter of the request, including, but not limited to, all documents which reflect, record,

14  memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze,

15  review, report on, comment on, impinge upon, or impact the subject matter of the request.

16      13.    "Meeting" refers to the contemporaneous presence of any natural persons, whether or

17  not such presence was by chance or prearranged, and whether or not the meeting was formal or

18  informal, occurred in connection with some other activity, or was by telephone or teleconferencing.

19      14.    "Your employee" refers to any person who at any time acted or purported to act on

20  your behalf or under your supervision, direction or control, including, without limitation, past and

21  current directors, officers, principals, partners, executives, analysts, investment bankers, consultants,

22  advisors, representatives, attorneys, agents, trustees, independent contractors, assigns, business, or

23  similar persons or entities.

24      15.    "Identify," when used to refer to a natural person, shall mean to set forth that

25  person's: (a) full name and title, if any; (b) present or last known address; (c) present or last known

26  business and home telephone number(s); and (d) present or last known employer.

27      16.    "Entity" or "entities" has the same meaning as person.

28

SCHEDULE A - C-01-0988-MJJ

1    17.    "CRM" refers to Oracle's Customer Relationship Management software products and

2  services.

3    18.    "11i" refers to Oracle's 11i Suite of software products and services, including all of

4  its individual modules such as CRM.

5    19.    "Oracle products" refers to all of Oracle's database and applications software

6  products and services, including, but not limited to, 11i and its individual modules such as CRM.

7    20.    "Contract" or "Agreement" includes both written and verbal agreements.

8    21.    The connectives "and" and "or" shall be construed either disjunctively or

9  conjunctively as necessary to bring within the scope of the document request all responses that

10  otherwise might be construed to be outside of its scope.

11    22.    The use of the singular shall be deemed to include the plural, and the use of one

12  gender shall include all others, as appropriate in the context.

13    23.    "Including" shall be construed to mean "without limitation."

14  **II.    INSTRUCTIONS**

15    1.    All documents shall be produced as they are maintained in the ordinary course of

16  business, and shall be produced in their original folders, binders, covers or containers, or facsimile

17  thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such

18  documents are stored and retrieved.

19    2.    In responding to these requests, you shall produce all responsive documents

20  (including those stored electronically), which are in your possession, custody or control, or in the

21  possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or

22  affiliates, or any of your respective directors, officers, managing agents, agents, employees,

23  attorneys, accountants or other representatives.  A document shall be deemed to be within your

24  control if you have the right to secure the document or a copy of the document from another person

25  having possession or custody of the document.

26    3.    Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection

27  and copying by plaintiffs original documents including those stored electronically as they are kept in

28  the usual course of business.  If the original is not in your custody, then a copy thereof, and all non-

1  identical copies which differ from the original or from the other copies produced for any reason,

2  including, without limitation, the making of notes thereon.

3     4.     To the extent that there are documents containing information relevant to these

4  requests that are currently in electronic format, the documents are to be produced in their native

5  format (*e.g.*, Word, Excel, or Word Perfect).

6     5.     If production of documents is withheld on the ground of privilege, as to each such

7  withheld document state the following information:

8          (a)     which privilege is claimed;

9          (b)     who is asserting the privilege;

10          (c)     a precise statement of the facts upon which said claim of privilege is based;

11  and

12          (d)     the following information describing each purportedly privileged document:

13                (i)     a brief description sufficient to identify its nature, i.e., agreement,

14  letter, memorandum, type, etc.;

15                (ii)     a brief description sufficient to identify its subject matter and purpose

16  of the document;

17                (iii)     the subject matter and purpose of document;

18                (iv)     the date it was prepared;

19                (v)     the date it bears;

20                (vi)     the date it was sent;

21                (vii)     the date it was received;

22                (viii)     the identity of the person preparing it;

23                (ix)     the identity of the person sending it;

24                (x)     the identity of each person to whom it was sent or was to have been

25  sent, including all addresses and all recipients of copies;

26                (xi)     a statement as to whom each identified person represented or

27  purported to represent at all relevant times;

28                (xii)     all persons to whom its contents have been disclosed; and

SCHEDULE A - C-01-0988-MJJ

- 4 -

1   (xiii)   a precise description of the place where each copy of that document is
2   kept, including the title or description of the file in which said document may be found and the
3   location of such file.

4   6.   If a portion of any document responsive to these requests is withheld under claim of
5   privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be
6   produced with the portion claimed to be privileged redacted.

7   7.   You are to produce each document requested herein in its entirety, without deletion or
8   excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider
9   the entire document to be relevant or responsive to the requests.

10   8.   Whenever a document is not produced in full or is produced in redacted form, so
11   indicate on the document and state with particularity the reason or reasons it is not being produced in
12   full, and describe to the best of your knowledge, information and belief, and with as much
13   particularity as possible, those portions of the document which are not being produced.

14   9.   If a document responsive to these requests was at any time in your possession,
15   custody or control but is no longer available for production, as to each such document state the
16   following information:

17   (a)   whether the document is missing or lost;

18   (b)   whether it has been destroyed;

19   (c)   whether the document has been transferred or delivered to another person and,
20   if so, at whose request;

21   (d)   whether the document has been otherwise disposed of; and

22   (e)   a precise statement of the circumstances surrounding the disposition of the
23   document and the date of its disposition.

24   10.   With respect to any category of documents, the production of which you contend is in
25   some way "burdensome" or "oppressive," please state the specific reasons for that objection.

26   III.   RELEVANT TIME PERIOD

27   All requests herein refer to the period from January 1, 2000 through June 18, 2003 (the
28   "relevant time period"), unless otherwise specifically indicated, and shall include all documents and

SCHEDULE A - C-01-0988-MJJ

1  information that relate to such period, even though prepared or published outside of the relevant time

2  period.

3  **IV.    DOCUMENTS REQUESTED**

4  <u>REQUEST NO. 1:</u>

5  All documents and communications concerning Oracle's products, licenses or services,

6  including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

7  <u>REQUEST NO. 2:</u>

8  All documents and communications concerning any discussions or meetings between you

9  and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of Oracle's

10  products, licenses or services.

11  <u>REQUEST NO. 3:</u>

12  All documents and communications concerning your projections or forecasts for purchases or

13  sales of any of Oracle's products, licenses or services.

14  <u>REQUEST NO. 4:</u>

15  All documents and communications concerning your actual purchases or orders for Oracle's

16  products, licenses or services, including, but not limited to, purchase orders, invoices, payment

17  terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check requests and

18  check or cash disbursements.

19  <u>REQUEST NO. 5:</u>

20  All documents and communications concerning your actual or attempted installation,

21  integration or implementation of Oracle's products, licenses or services, including, but not limited to,

22  technical support issues, product failures, delays, and issues regarding consulting fees or payments.

23  <u>REQUEST NO. 6:</u>

24  All documents and communications concerning any sales presentation, promotion or product

25  demonstration made to you by Oracle for Oracle's products, licenses or services, including, but not

26  limited to, any discussions, promises or guarantees made to you regarding the functionality or

27  performance of Oracle's products.

28

SCHEDULE A    C 01-0988 MJJ

1  REQUEST NO. 7:

2       All documents and communications concerning your right to return, exchange, defer

3  payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but

4  not limited to, your actual or contemplated decision to exercise those rights.

5  REQUEST NO. 8:

6       All documents and communications concerning the functionality of Oracle's products and

7  services and compatibility with the hardware, software and information technology systems used by

8  or considered for use by your company.

9  REQUEST NO. 9:

10       All documents and communications concerning any technical defects, problems, bugs,

11  patches, or technical difficulties related to any of Oracle's products, licenses or services, including

12  any complaints you had or raised with Oracle.

13  REQUEST NO. 10:

14       All documents and communications concerning any attempt to fix or remedy any technical

15  defects, difficulties, problems, bugs, or patches related to any of Oracle's products, licenses or

16  services.

17  REQUEST NO. 11:

18       All documents and communications concerning any actual, potential or threatened legal

19  action by you against Oracle or by Oracle against you, relating to Oracle's products or services,

20  including, but not limited to, contract or payment disputes and disagreements.

21  REQUEST NO. 12:

22       All documents and communications concerning your information technology budget for

23  Oracle's products, licenses or services, including but not limited to any decline or change due to the

24  slowing of the United States economy.

25  REQUEST NO. 13:

26       All documents and communications concerning your efforts to audit, collect or recover

27  payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products, licenses

28  or services.

1    REQUEST NO. 14:

2       All documents and communications concerning your assessment, testing and evaluation of

3    Oracle's products, licenses or services.

4    REQUEST NO. 15:

5       All documents and communications concerning any overpayment made by you to Oracle for

6    any purchase of Oracle's products, licenses or services between 1997-2004, including, but not

7    limited to, any proposed or actual reimbursement, refund, credit or discount received in connection

8    with overpayments and any discussions or meetings with Oracle regarding overpayments.

9    REQUEST NO. 16:

10       All documents and communications concerning your employment or use of any profit or

11    audit recovery entities in connection with overpayments for purchases or sales of Oracle's products

12    and services between 1997 and 2004, including, without limitation, attempts to recover monies

13    owed, or believed to be owed to you by Oracle.

14    REQUEST NO. 17:

15       All documents and communications concerning any loss of business or costs incurred by you

16    in connection with your purchase or use of Oracle's products, licenses or services.

17    REQUEST NO. 18:

18       All documents or communications, including organizational charts and directories, sufficient

19    to identify your employees who were involved with purchases, sales or implementation of Oracle's

20    products and services.

21    REQUEST NO. 19:

22       All documents and communications concerning your decision to switch from Oracle's

23    products and services to competing products and services sold by companies such as Microsoft or

24    IBM database or any other database or applications provider.

25    REQUEST NO. 20:

26       All documents and communications concerning your decision not to award software and

27    service contracts to Oracle for which Oracle had submitted a bid or proposal.

28

SCHEDULE A - C-01-0988-MJJ

1    REQUEST NO. 21:

2        All documents and communications concerning any proposed or actual services provided by

3    Oracle Consulting in connection with Oracle's products and licenses.

4    REQUEST NO. 22:

5        All documents and communications concerning agreements or joint ventures with Oracle to

6    promote, sell or market Oracle's products and services.

7

8    T:\CasesSF\Oracle3\SCH00013326_Customer.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.     That on December 15, 2004, declarant served the **NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTIES** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of December, 2004, at San Francisco, California.

_____
CAROLYN BURR

ORACLE III (LEAD)
Service List – 12/10/2004   (201-064-1)
Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL  60603-3441
  312/782-0600
  312/701-7711 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)