Exhibit 11

1   LERACH COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
2   WILLIAM S. LERACH (68581)
    MARK SOLOMON (151949)
3   DOUGLAS R. BRITTON (188769)
    401 B Street, Suite 1600
4   San Diego, CA 92101
    Telephone: 619/231-1058
5   619/231-7423 (fax)
        – and –
6   SHAWN A. WILLIAMS (213113)
    WILLOW E. RADCLIFFE (200087)
7   ELI R. GREENSTEIN (217945)
    JENNIE LEE ANDERSON (203586)
8   MONIQUE C. WINKLER (213031)
    100 Pine Street, Suite 2600
9   San Francisco, CA 94111
    Telephone: 415/288-4545
10  415/288-4534 (fax)

11  Lead Counsel for Plaintiffs

12                      UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14

15  In re ORACLE CORPORATION          )   Master File No. C-01-0988-MJJ
    SECURITIES LITIGATION             )
16                                    )   CLASS ACTION
    _____   )
17  This Document Relates To:         )   PLAINTIFFS' NOTICE OF DEPOSITION
                                      )   OF ORACLE CORPORATION PURSUANT
18       ALL ACTIONS.                 )   TO FEDERAL RULE OF CIVIL
                                      )   PROCEDURE 30(b)(6)
19  _____   )

20

21

22

23

24

25

26

27

28

1    TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN

2              PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

3    Civil Procedure, plaintiffs, by their attorneys, will take the deposition of defendant Oracle

4    Corporation ("Oracle") as follows:

5    | Deponent | Date/Time | Location |
     |---|---|---|
6    | Oracle Corporation | January 21, 2005 10:00 a.m. | Lerach Coughlin Stoia Geller Rudman & Robbins LLP 100 Pine Street, Suite 2600 San Francisco, CA 94111 |
7

8

9              Said deposition will be taken before a notary public or some other officer qualified to

10   administer oaths pursuant to Fed. R. Civ. P. 28(a), will be videotaped and recorded by a

11   stenographer, and will continue from day-to-day excluding Sundays and holidays until the

12   examination is completed.

13             Pursuant to Fed. R. Civ. P. 30(b)(6), Oracle shall designate and produce one or more of its

14   officers, directors, employees, managing agents or other persons most qualified to testify on its

15   behalf, and most knowledgeable and properly designated regarding the subject matters set forth in

16   the Schedule A, attached hereto, for the time period from June 1, 2000 to December 31, 2001.

17

18

19

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE FURTHER NOTICE that pursuant to Fed. R. Civ. P. 30(b)(5), Oracle is

2  commanded to produce to plaintiffs all documents reviewed or relied upon by the deponent in

3  preparation for the above-described deposition by January 17, 2005.

4  DATED:  December 15, 2004                    LERACH COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
5                                              WILLIAM S. LERACH
                                               MARK SOLOMON
6                                              DOUGLAS R. BRITTON
                                               401 B Street, Suite 1600
7                                              San Diego, CA  92101
                                               Telephone: 619/231-1058
8                                              619/231-7423 (fax)

9                                              LERACH COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
10                                             SHAWN A. WILLIAMS
                                               WILLOW E. RADCLIFFE
11                                             ELI R. GREENSTEIN
                                               JENNIE LEE ANDERSON
12                                             MONIQUE C. WINKLER

13

14                                             _____

15                                                  MONIQUE C. WINKLER

16                                             100 Pine Street, Suite 2600
                                               San Francisco, CA  94111
17                                             Telephone: 415/288-4545
                                               415/288-4534 (fax)

18

19  T:\CasesSF\Oracle3\NOT00016593.doc        Lead Counsel for Plaintiffs

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF DEPOSITION OF ORACLE CORP PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) - C-01-0988-MJJ                    - 2 -

1

**SCHEDULE A**

2 **I.     DEFINITIONS**

3      Unless otherwise stated, the terms set forth below are defined as follows:

4          (a)    "Oracle" or the "Company" refers to defendant Oracle Corporation and its

5 parents, subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons,

6 officers, directors, employees, representatives or agents.

7          (b)    "Document" or "documents" has the same meaning as Fed. R. Civ. P. 34 and

8 includes, in the broadest sense possible, but is not limited to, any written, printed, typed, photostated,

9 photographed, recorded or otherwise reproduced or stored communication or representation, whether

10 comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof. This

11 definition includes copies or duplicates of documents contemporaneously or subsequently created

12 that have any notes or other markings. Without limiting the generality of the foregoing, "document"

13 or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters,

14 envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts,

15 analytical records, reports and/or summaries of investigations, trade letters, press releases,

16 comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures,

17 pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of

18 meetings, or other communications of any type, including inter- and intra-office communications,

19 questionnaires, surveys, charts, graphs, photographs, photographic recordings, films tapes, disks,

20 data cells, printouts of information stored or maintained by electronic data processing or word

21 processing equipment, including email, and all other data compilations from which information can

22 be obtained (by translation, if necessary, by you through detection devices into useable form),

23 including, but not limited to, electromagnetically sensitive stored media such as floppy disks, hard

24 disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing.

25          (c)    "Communication" or "communications" refers to every manner or means of

26 disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise),

27 whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

28

PLAINTIFFS' NOTICE OF DEPOSITION OF ORACLE CORP PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) - C-01-0988-MJJ                    - 1 -

1    (d)    "Concerning" means relating to, referring to, describing, discussing,

2    evidencing, regarding or constituting.

3    (e)    "Refer," "relate," "referring" or "relating" means all documents that,

4    explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a

5    result of, the subject matter of the request, including, but not limited to, all documents that reflect,

6    record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate,

7    analyze, review, report on, comment on, impinge upon or impact the subject matter of the request.

8    (f)    "CRM" refers to Oracle's Customer Relationship Management software

9    products and services.

10    (g)    "11i" refers to Oracle's 11i Suite of software products and services, including

11    all of its individual modules such as CRM.

12    (h)    "Person" or "persons" refers to any natural person, proprietorship, public or

13    private corporation, partnership, joint venture, trust, association, company, firm, government or

14    governmental entity (including any government agency, board, authority, commission, or political

15    subdivision or department thereof), or any other form of business or legal entity, organization or

16    arrangement.

17    (i)    "Customer" or "customers" is used in the broadest possible sense, including

18    all members of all target markets. "Customer" for the purposes of this notice also includes any

19    entity that sells, distributes, hosts or licenses Oracle's products.

20    (j)    "Meeting" refers to the contemporaneous presence of any natural persons,

21    whether or not such presence was by chance or prearranged, and whether or not the meeting was

22    formal or informal, occurred in connection with some other activity, or was by telephone or

23    teleconferencing.

24    (k)    The connectives "and" and "or" shall be construed either disjunctively or

25    conjunctively as necessary to bring within the scope of the document request all responses that

26    otherwise might be construed to be outside of its scope.

27    (l)    The use of the singular shall be deemed to include the plural, and the use of

28    one gender shall include all others, as appropriate in the context.

PLAINTIFFS' NOTICE OF DEPOSITION OF ORACLE CORP PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) - C-01-0988-MJJ          - 2 -

## II.   DEPOSITION SUBJECT MATTER

In accordance with Fed. R. Civ. P. 30(b)(6), Oracle is advised of its duty to designate one or more of its officers, directors, employees, managing agents or other persons most qualified to testify on its behalf with respect to the following:

1.   Oracle's marketing of 11i, including, but not limited to, advertising, press releases, conference calls, proposals, white papers, meetings with customers, demonstrations both at customer sites and otherwise, conference appearances, sales promotions, talking points or guidelines, rebates, discounts, guarantees and joint ventures.

2.   Communications with customers concerning their installation, integration or implementation of 11i, including, but not limited to, customer complaints concerning instability, functionality, performance, integration problems, incompatibility with other hardware and/or software, gaps, problems with the base code, inability to customize applications, bugs, product failures, delays, or any other technical support issues, difficulties, problems or defects.

3.   Customer complaints and communications concerning 11i, including, but not limited to, any attempts to fix or remedy any technical defects, problems, bugs or patches.

4.   Agreements or communications between Oracle and any customer or potential customer concerning any customer's attempted or actual return of, exchange of, deferred payment for, forgiveness of payment for, or cancellation of purchase of 11i, and any actual, potential or threatened legal action by a customer against Oracle relating to 11i.

5.   Agreements or communications between Oracle and any customer or potential customer concerning the extension of any service agreement relating to 11i.

T:\CasesSF\Oracle3\NOT00016593.doc

1    DECLARATION OF SERVICE BY MAIL AND FACSIMILE

2    I, the undersigned, declare:

3    1.    That declarant is and was, at all times herein mentioned, a citizen of the United States

4    and employed in the City and County of San Francisco, over the age of 18 years, and not a party to

5    or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San

6    Francisco, California 94111.

7    2.    That on December 15, 2004, declarant served the **PLAINTIFFS' NOTICE OF**

8    **DEPOSITION OF ORACLE CORPORATION PURSUANT TO FEDERAL RULE OF**

9    **CIVIL PROCEDURE 30(B)(6)** by depositing a true copy thereof in a United States mailbox at San

10   Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the

11   parties listed on the attached Service List.  Declarant also served the parties by facsimile.

12   3.    That there is a regular communication by mail between the place of mailing and the

13   places so addressed.

14   I declare under penalty of perjury that the foregoing is true and correct.  Executed this 15th

15   day of December, 2004, at San Francisco, California.

16

17                                                     JERRY COHEN

18

19

20

21

22

23

24

25

26

27

28

**ORACLE III (LEAD)**
Service List - 12/10/2004  (201-064-1)
Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL  60603-3441
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)

# Exhibit 12

1  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   MARK SOLOMON (151949)
3  DOUGLAS R. BRITTON (188769)
   401 B Street, Suite 1600
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
      – and –
6  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
7  ELI R. GREENSTEIN (217945)
   JENNIE LEE ANDERSON (203586)
8  MONIQUE C. WINKLER (213031)
   100 Pine Street, Suite 2600
9  San Francisco, CA 94111
   Telephone: 415/288-4545
10 415/288-4534 (fax)

11 Lead Counsel for Plaintiffs

12

                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14

15 In re ORACLE CORPORATION          )  Master File No. C-01-0988-MJJ
   SECURITIES LITIGATION             )
16 _____ )  CLASS ACTION
                                     )
17 This Document Relates To:         )  NOTICE OF DEPOSITION OF ORACLE
                                     )  CORPORATION PURSUANT TO RULE
18      ALL ACTIONS.                 )  30(b)(6) OF THE FEDERAL RULES OF
                                     )  CIVIL PROCEDURE
19 _____ )

20

21

22

23

24

25

26

27

28

1    TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2        PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

3    Procedure, plaintiffs, by their counsel, will take the deposition of Oracle Corporation ("Oracle" or

4    the "Company") as follows:

| Deponent | Date and Time | Place |
|---|---|---|
| Oracle Corporation<br>c/o Mayer, Brown, Rowe<br>  & Maw LLP<br>Two Palo Alto Square<br>3000 El Camino Real, Suite 300<br>Palo Alto, CA 94306 | January 25, 2005<br>9:30 a.m. | Lerach Coughlin Stoia Geller<br>Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 |

10        Said deposition, will be taken before a notary public or some other officer qualified to

11    administer oaths pursuant to Fed. R. Civ. P. 28(a), will be videotaped and recorded by a

12    stenographer, and will continue from day-to-day, excluding Sundays and holidays, until such date as

13    is necessary to complete the deposition.

14        Oracle has a duty pursuant to Fed. R. Civ. P. 30(b)(6) to designate one or more officers,

15    directors or managing agents, or other persons who consent or testify on its behalf, and such

16    person(s) shall testify as to matters known or reasonably available to the organization, and to the

17    matters specified in the attached Schedule A.

18        PLEASE TAKE FURTHER NOTICE that pursuant to Fed. R. Civ. P. 30(b)(5), Oracle is

19    commanded to produce to plaintiffs all documents reviewed or relied upon by the deponent in

20    preparation for the above-described deposition by January 18, 2005.

21    DATED: December 16, 2004

                 LERACH COUGHLIN STOIA GELLER
22                       RUDMAN & ROBBINS LLP
                 SHAWN A. WILLIAMS
23                     WILLOW E. RADCLIFFE
                 ELI R. GREENSTEIN
24                     JENNIE LEE ANDERSON
                 MONIQUE C. WINKLER

25

26    

27                     WILLOW E. RADCLIFFE

28

NOTICE OF DEPOSITION OF ORACLE CORPORATION PURSUANT TO RULE 30(b)(6) OF THE
FEDERAL RULES OF CIVIL PROCEDURE - C-01-0988-MJJ

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
MARK SOLOMON
DOUGLAS R. BRITTON
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Oracle3\NOT00016537.doc

NOTICE OF DEPOSITION OF ORACLE CORPORATION PURSUANT TO RULE 30(b)(6) OF THE
FEDERAL RULES OF CIVIL PROCEDURE - C-01-0988-MJJ

- 2 -

## SCHEDULE A

## I.     DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

(a)     "Oracle" or the "Company" refers to defendant Oracle Corporation and its parents, subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, employees, representatives or agents.

(b)     "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Federal Rules of Civil Procedure. "Document" or "documents" includes, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail ("e-mail"), report, notes, Post-It message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, accounting paper, minutes, working paper, financial report, accounting report, workpaper, draft, facsimile, report, contract, invoice, record of purchase or sale, teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape or any other written, printed, typed, punched, taped, filmed or graphic matter, however produced or reproduced. "Document" or "documents" also includes the file, folder tabs and labels appended to or containing any documents.

(c)     "11i" refers to Oracle's 11i Suite of software products and services, including all of its individual modules such as Oracle's Customer Relationship Management software products and services ("CRM").

(d)     "Customer" or "customers" is used in the broadest possible sense, including all members of all target markets. "Customer" for the purposes of this notice also includes any entity that sells, distributes, hosts or licenses Oracle's products.

(e)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

1     (f)     The use of the singular shall be deemed to include the plural, and the use of

2     one gender shall include all others, as appropriate in the context.

3     **II.     DEPOSITION SUBJECT MATTER**

4         In accordance with Fed. R. Civ. P. 30(b)(6), Oracle is advised of its duty to designate one or

5     more of its officers, directors, employees, managing agents or other persons most qualified to testify

6     on its behalf with respect to the following:

7         1.     The nature, location, authenticity, and chain of custody of Oracle's electronic

8     documents or electronic archives or any other similar system used for the storage of electronic

9     information, including, but not limited to its:

10            (a)     e-mail system;

11            (b)     accounting and financial software system;

12            (c)     server system; and

13            (d)     storage and electronic data management.

14        2.     Oracle's policies or procedures for document destruction, retention and preservation,

15    including electronically generated and stored information and electronic mail during the period of

16    June 1, 2000 to present.

17        3.     All steps taken to preserve documents or data electronically stored on Oracle's e-mail

18    and electronic database systems since the time of the filing of the first Complaint for Violation of the

19    Federal Securities Laws in this action on or about March 9, 2001.

20        4.     All steps taken to retrieve, collect and gather electronic data in responding to

21    Plaintiffs' First Set of Document Requests.

22        5.     All steps taken to retrieve, collect and gather electronic data in providing your initial

23    disclosures.

24        6.     The identification of all electronic devices used by Oracle's officers, directors, vice

25    presidents and controllers, and all steps taken to preserve, retrieve, collect and gather electronic data

26    from these devices from June 1, 2000 to the present.

27        7.     The identification, location, and maintenance of all reports created for or provided to

28    Oracle's executive committee, officers, directors, vice presidents and controllers from June 1, 2000

SCHEDULE A - C-01-0988-MJJ

1   through December 31, 2001 including, but not limited to, Oracle's products, services, licenses, sales,

2   financial statements, revenue, earnings, accounts receivable, customer advances, unapplied cash,

3   forecasts and pipeline.

4       8.    Oracle's policies and procedures regarding the maintenance of customer complaints

5   regarding its products, including customer complaints regarding 11i from June 1, 2001 to the

6   present.

7       9.    The identification, location and maintenance of Oracle's FY01 customer invoices and

8   debit memos.

9       10.    The function, purpose and members of Oracle's "On Account Team."

10       11.    Any steps taken by Oracle, without limitation as to time, to alter or modify its

11   customer invoices or debit memos created or relating to FY01 and the purposes for said alterations

12   or modifications.

13   T:\CasesSF\Oracle3\SCH00016540_Oracle.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHEDULE A - C-01-0988-MJJ

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.    That on December 16, 2004, declarant served the **NOTICE OF DEPOSITION OF ORACLE CORPORATION PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of December, 2004, at San Francisco, California.



MARCY M. MEDEIROS

ORACLE III (LEAD)

Service List - 12/16/2004  (201-064-1)

Page 1 of 1

### Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
   650/331-2000
   650/331-2060 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
   650/506-5200
   650/506-7114 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
   312/782-0600
   312/701-7711 (Fax)

### Counsel For Plaintiff(s)

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
   619/231-1058
   619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
   415/288-4545
   415/288-4534 (Fax)

# Exhibit 13

1  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   MARK SOLOMON (151949)
3  DOUGLAS R. BRITTON (188769)
   401 B Street, Suite 1600
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
      – and –
6  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
7  ELI R. GREENSTEIN (217945)
   JENNIE LEE ANDERSON (203586)
8  MONIQUE C. WINKLER (213031)
   100 Pine Street, Suite 2600
9  San Francisco, CA 94111
   Telephone: 415/288-4545
10 415/288-4534 (fax)

11 Lead Counsel for Plaintiffs

12

13                    UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15 In re ORACLE CORPORATION          )  Master File No. C-01-0988-MJJ
   SECURITIES LITIGATION             )
16 ─────────────────────────────     )  CLASS ACTION
                                     )
17 This Document Relates To:         )  PLAINTIFFS' FIRST SET OF REQUESTS
                                     )  FOR ADMISSIONS TO DEFENDANTS
18      ALL ACTIONS.                 )
                                     )
19

20

21

22

23

24

25

26

27

28

Pursuant to Fed. R. Civ. P. 26 and 36, plaintiffs request that defendants make the following admissions within 30 days after service of these requests for purpose of this action only.

**I.   DEFINITIONS**

Unless otherwise stated, the terms set forth below are defined as follows:

(a)   "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys, accountants, advisors, committees and all other persons acting or purporting to act its behalf.

(b)   "Ellison" refers to defendant Lawrence J. Ellison and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

(c)   "Henley" refers to defendant Jeffrey O. Henley and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

(d)   "Sanderson" refers to defendant Edward J. Sanderson and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

(e)   "Individual Defendants" refers to Ellison, Henley and Sanderson, and their agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on their behalf.

(f)   "Defendants" refers to Oracle and the Individual Defendants.

(g)   "3Q01" refers to Oracle's third fiscal quarter ended February 28, 2001.

(h)   "2Q01" refers to Oracle's second fiscal quarter ended November 30, 2000.

(i)   "3Q00" refers to Oracle's third fiscal quarter ended February 28, 2000.

(j)   "11i" refers to Oracle's 11i Suite of software products and services, including all of its individual modules such as Customer Relationship Management ("RM").

(k)   "Covisint" refers to Covisint and any of its predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and

PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS -
C-01-0988-MJJ

- 1 -

1    local offices; all present or former officers, directors, partners, employees, agents, attorneys,

2    advisors, accountants, consultants and all other persons acting or purporting to act on its behalf.

3             (l)      The connectives "and" and "or" shall be construed either disjunctively or

4    conjunctively as necessary to bring within the scope of the document request all responses that

5    otherwise might be construed to be outside of its scope.

6             (m)     The use of the singular shall be deemed to include the plural, and the use of

7    one gender shall include all others, as appropriate in the context.

8             (n)     "Including" shall be construed to mean "without limitation."

9   **II.**     **INSTRUCTIONS**

10      1.     Pursuant to Fed. R. Civ. P. 36, if an objection is made to any request, the reasons

11   therefor shall be stated. Defendants' answers shall specifically admit or deny the matter or set forth

12   in detail the reasons why defendants cannot truthfully admit or deny the matter. Defendants' denials

13   shall fairly meet the substance of the requested admission, and when good faith requires that

14   defendants qualify an answer or deny only a part of the matter of which an admission is requested,

15   defendants shall specify so much of it as is true and qualify or deny the remainder.

16      2.     Defendants may not give lack of information or knowledge as a reason for failure to

17   admit or deny unless defendants state that they have made reasonable inquiry and the information

18   known or readily obtainable by defendants is insufficient to enable them to admit or deny.

19      3.     If Defendants consider a matter of which an admission has been requested as

20   presenting a genuine issue for trial, defendants may not, on that ground alone, object to the request;

21   defendants may, subject to the provisions of Fed. R. Civ. P. 37(c), deny the matter or set forth

22   reasons why the party cannot admit or deny it.

23      4.     Plaintiffs reserve the right to amend these requests for admissions and to seek further

24   admissions.

25      5.     These requests shall be deemed subject to the duty to supplement as set forth in the

26   Federal Rules of Civil Procedure, and defendants shall be obligated to change, supplement and

27   correct their answers to conform to all available information, including such information as becomes

28

PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS -
C-01-0988-MJJ                                                    - 2 -

1 | available after answers hereto are served. Copies of any documents cited herein have been furnished
2 | or otherwise made available to defendants in compliance with Fed. R. Civ. P. 36(a).

3 | **III.    REQUESTS FOR ADMISSIONS**

4 | REQUEST FOR ADMISSION NO. 1:

5 |       Admit that between December 11, 2000, and December 25, 2000, Oracle's best estimate of
6 | its sales pipeline growth for 3Q01 (as compared to 3Q00) decreased from 52% to 34%.

7 | REQUEST FOR ADMISSION NO. 2:

8 |       Admit that as of January 29, 2001, Oracle's best estimate of its earnings per share ("EPS")
9 | results for 3Q01 was 11.58 cents.

10 | REQUEST FOR ADMISSION NO. 3:

11 |       Admit that as of February 5, 2001, Oracle's best estimate of its EPS results for 3Q01 was
12 | 11.29 cents.

13 | REQUEST FOR ADMISSION NO. 4:

14 |       Admit that as of February 5, 2001, Oracle's best estimate of its licensing revenue growth for
15 | 3Q01 (as compared to 3Q00) was 20%.

16 | REQUEST FOR ADMISSION NO. 5:

17 |       Admit that as of February 5, 2001, Oracle's best estimate of its sales pipeline growth for
18 | 3Q01 (as compared to 3Q00) was 32%.

19 | REQUEST FOR ADMISSION NO. 6:

20 |       Admit that as of February 19, 2001, Oracle's best estimate of its EPS results for 3Q01 was
21 | 11.23 cents.

22 | REQUEST FOR ADMISSION NO. 7:

23 |       Admit that as of February 19, 2001, Oracle's best estimate of its licensing revenue growth for
24 | 3Q01 (as compared to 3Q00) was 19%.

25 | REQUEST FOR ADMISSION NO. 8:

26 |       Admit that between December 11, 2000 and February 28, 2001, Oracle's best estimate of its
27 | licensing revenue growth for 3Q01 (as compared to 3Q00) decreased from 33% to 7%.

28 |

1    REQUEST FOR ADMISSION NO. 9:

2        Admit that Oracle's $60 million license deal with Covisint in early December 2000 was the

3    largest deal in Oracle's history.

4    REQUEST FOR ADMISSION NO. 10:

5        Admit that the percentage increase in licensing revenue growth for December 2000 (as

6    compared to December 1999) reported in the January 17, 2001 "Flash Report" prepared by Larry

7    Garnick ("Garnick") would have been a 1% increase if Garnick did not include the $60 million

8    Covisint deal in his calculations.

9    REQUEST FOR ADMISSION NO. 11:

10        Admit that on November 17, 2000, Oracle created a debit memo in connection with an "On

11    Account" accounting adjustment for customer Eli Lilly & Co. whereby Oracle's accounts receivable

12    was debited $15,582.55 and its revenue was credited $15,582.55.

13    REQUEST FOR ADMISSION NO. 12:

14        Admit that on November 17, 2000, Oracle created a debit memo in connection with an "On

15    Account" accounting adjustment for customer Texas Instruments, Inc. whereby Oracle's accounts

16    receivable was debited $4,847,389 and its revenue was credited $4,847,389.

17    REQUEST FOR ADMISSION NO. 13:

18        Admit that prior to November 17, 2000, customer overpayments were held in an account

19    called "unapplied cash."

20    REQUEST FOR ADMISSION NO. 14:

21        Admit that Oracle's unapplied cash was included in its "Customer Advances and Unearned

22    Revenues" line item on Oracle's balance sheet in its SEC Form 10-Q for 2Q01.

23    REQUEST FOR ADMISSION NO. 15:

24        Admit that in 2002 Oracle engaged in an internal investigation into the proper disposition of

25    unassigned cash receipts that Oracle assigned to an accounts receivable reserve account known as

26    "Account 12601."

27

28

1    REQUEST FOR ADMISSION NO. 16:

2         Admit that between December 8, 2000 and January 29, 2001, Oracle's projected total

3    expenses for 3Q01 increased as compared to 3Q00.

4    REQUEST FOR ADMISSION NO. 17:

5         Admit that Oracle's total expenses reported in 3Q01 increased by 7% as compared to 3Q00.

6    REQUEST FOR ADMISSION NO. 18:

7         Admit that one of the reasons Oracle's actual expenses increased 7% in 3Q01 (as compared

8    to 3Q00) was due to costs related to integration and implementation of 11i at customer sites.

9    REQUEST FOR ADMISSION NO. 19:

10         Admit that during Oracle's fiscal year 2001, Oracle incurred over $20 million in labor

11   expenses associated with the implementation and integration of 11i (including, but not limited to,

12   CRM) at Bellsouth Corp.

13   DATED:  December 30, 2004                    LERACH COUGHLIN STOIA GELLER
                                                     RUDMAN & ROBBINS LLP
14                                               SHAWN A. WILLIAMS
                                                 WILLOW E. RADCLIFFE
15                                               ELI R. GREENSTEIN
                                                 JENNIE LEE ANDERSON
16                                               MONIQUE C. WINKLER

17

18                                               _____
                                                      ELI R. GREENSTEIN
19

20                                               100 Pine Street, Suite 2600
                                                 San Francisco, CA  94111
21                                               Telephone:  415/288-4545
                                                 415/288-4534 (fax)
22
                                                 LERACH COUGHLIN STOIA GELLER
23                                                   RUDMAN & ROBBINS LLP
                                                 WILLIAM S. LERACH
24                                               MARK SOLOMON
                                                 DOUGLAS R. BRITTON
25                                               401 B Street, Suite 1600
                                                 San Diego, CA  92101
26                                               Telephone:  619/231-1058
                                                 619/231-7423 (fax)
27
                                                 Lead Counsel for Plaintiffs
28   T:\CasesSF\Oracle3\REQ00016362.doc

PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS -
C-01-0988-MJJ                                                                            - 5 -

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.     That on December 30, 2004, declarant served the **PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant also served the parties by facsimile.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th day of December, 2004, at San Francisco, California.

_____
CAROLYN BURR

ORACLE III (LEAD)

Service List - 12/28/2004  (201-064-1)

Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
   650/331-2000
   650/331-2060(Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
   312/782-0600
   312/701-7711(Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
   650/506-5200
   650/506-7114(Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
   619/231-1058
   619/231-7423(Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
   415/288-4545
   415/288-4534(Fax)

Exhibit 14

1  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   MARK SOLOMON (151949)
3  DOUGLAS R. BRITTON (188769)
   401 B Street, Suite 1600
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
     – and –
6  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
7  ELI R. GREENSTEIN (217945)
   JENNIE LEE ANDERSON (203586)
8  MONIQUE C. WINKLER (213031)
   100 Pine Street, Suite 2600
9  San Francisco, CA 94111
   Telephone: 415/288-4545
10 415/288-4534 (fax)

11 Lead Counsel for Plaintiffs

12

13                        UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15 In re ORACLE CORPORATION      )  Master File No. C-01-0988-MJJ
   SECURITIES LITIGATION         )
16 ─────────────────────────────)  <u>CLASS ACTION</u>
                                 )
17 This Document Relates To:        )  PLAINTIFFS' FIRST SET OF
                                 )  INTERROGATORIES TO DEFENDANTS
18     ALL ACTIONS.           )  ORACLE CORPORATION, LAWRENCE J.
                                 )  ELLISON, JEFFERY O. HENLEY, AND
19 ─────────────────────────────)  EDWARD J. SANDERSON

20

21 PROPOUNDING PARTY:       PLAINTIFFS

22 RESPONDING PARTIES:      DEFENDANTS ORACLE CORPORATION,
                              LAWRENCE J. ELLISON, JEFFERY O. HENLEY, AND
23                            EDWARD J. SANDERSON

24 SET NUMBER:              FIRST

25

26

27

28

1 TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

2          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiffs in the above captioned

3 action, by counsel, hereby request that defendants Oracle Corporation, Lawrence J. Ellison, Jeffery

4 O. Henley and Edward J. Sanderson respond to each of the following interrogatories in writing,

5 under oath, within 30 days of service of these interrogatories to the offices of Lerach Coughlin Stoia

6 Geller Rudman & Robbins LLP, 100 Pine Street, Suite 2600, San Francisco, California, 94111.

7 I.      DEFINITIONS

8          Unless otherwise stated, the terms set forth below are defined as follows:

9          1.     "Oracle" or the "Company" refers to defendant Oracle Corporation and its parents,

10 subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers,

11 directors, employees, representatives, or agents.

12         2.     "Individual Defendants" refers to Lawrence J. Ellison, Jeffrey O. Henley, Edward J.

13 Sanderson and any employees, implied or express agents, attorneys, or other persons or entities

14 acting in conjunction with them or on their behalf.

15         3.     "Defendants" refers to Oracle and the Individual Defendants and their predecessors,

16 successors, parents, subsidiaries, divisions, or affiliates, and their respective officers, directors,

17 agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or

18 performing similar functions.

19         4.     "You" or "your" refers to the defendants upon whom this request is served and all

20 officers, directors, employees, representatives, or agents acting on behalf of each of the responding

21 defendants.

22         5.     "11i" refers to Oracle's 11i Suite of software products and services, including all of

23 its individual modules such as Customer Relationship Management ("CRM").

24         6.     The connectives "and" and "or" shall be construed either disjunctively or

25 conjunctively as necessary to bring within the scope of the document request all responses that

26 otherwise might be construed to be outside of its scope.

27         7.     The use of the singular shall be deemed to include the plural, and the use of one

28 gender shall include all others, as appropriate in the context.

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS ORACLE CORP., ELLISON,
HENLEY, AND SANDERSON - C-01-0988-MJJ                                              - 1 -

## II.    INSTRUCTIONS

1.    The term "Identify" when used in connection with a company or customer means to describe the general nature of the transaction and identify:

> (a)    the company or customer by name including any division of the company or customer relevant to the request and

> (b)    the present or last known business address of the company or customer.

2.    The term "Identify" when used in connection with a contract, deal or transaction means to describe the general nature of the transaction and identify:

> (a)    the date and place that the referenced transaction occurred;

> (b)    the amount of money or other consideration provided by each party to the transaction;

> (c)    the name and address of all parties to the transaction;

> (d)    any agreements or other documents reflecting the terms of the transaction; and

> (e)    the individuals who negotiated or signed the agreements related to the transaction.

3.    The term "Identify" when used in connection with a person means to describe and identify the person by:

> (a)    full name of the person and

> (b)    last known address and telephone number of the person.

4.    In each case where you are requested to identify a document or documents, or the answer to an interrogatory refers to a document or documents, state with respect to each document the Bates number of the document or, if not available:

> (a)    the identity of the person who signed it or under whose name the document was issued;

> (b)    the identity of the author, if different from subpart (a);

> (c)    the identity of the addressees and all recipients;

> (d)    the nature and substance of the document with sufficient particularity to enable it to be identified and located within the document production;

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS ORACLE CORP., ELLISON,
HENLEY, AND SANDERSON - C-01-0988-MJJ

1    (e)    the date of the document;

2    (f)    the number of pages of the document;

3    (g)    the identity of each person who has custody of the document or any copy

4    thereof;

5    (h)    whether the document is complete or incomplete and in what respect it is

6    incomplete; and

7    (i)    if any such document is no longer in existence, state the circumstances

8    surrounding its disposition, the date and reasons for such disposition and the identity of the person or

9    persons who ordered and/or supervised the disposition.

10    5.    You are required to provide all information that is available to you, including

11    information in the possession of your attorneys, agents or others under your control and not merely

12    information known by virtue of your own personal knowledge.

13    6.    If any of these interrogatories cannot be answered in full, answer to the extent

14    possible, specifying the reasons for your inability to answer the remainder and stating whatever

15    knowledge or information you may have concerning the unanswered portion(s).

16    7.    If you object to providing any information requested by any of the following

17    interrogatories on the grounds of the attorney-client privilege, the work product doctrine or any other

18    privilege, give the following information for each interrogatory for which the privilege is claimed:

19    (a)    the name and job title or capacity of the author(s) or originator(s) of the

20    communication;

21    (b)    the name and job title or capacity of every person who received the

22    communication or a copy of it, or who was present when the communication was made or who

23    overheard it;

24    (c)    the relationship between the author/originator and each person who received

25    the communication or a copy of it, or who was present when the communication was made or who

26    overheard it;

27    (d)    whether the primary purpose of the communication was to seek or provide

28    legal advice or services;

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS ORACLE CORP., ELLISON,
HENLEY, AND SANDERSON - C-01-0988-MJJ

- 3 -

1              (e)     the date the communication was made or written;

2              (f)     the subject matter(s) addressed in the communication;

3              (g)    whether the communication was transmitted in confidence; and

4              (h)     a statement of the basis of the claim of privilege.

5   **III.**     **RELEVANT TIME PERIOD**

6         The relevant time period unless otherwise stated is June 1, 2000 through June 30, 2001.

7   **IV.**     **INTERROGATORIES**

8   INTERROGATORY NO. 1:

9         State all facts upon which you based your statement made during Oracle's March 15, 2001

10 third quarter financial results conference call that "I think it was the economy that really did us in."

11   INTERROGATORY NO. 2:

12         State all facts upon which you based your statement made during Oracle's March 15, 2001

13 third quarter financial results conference call that "[r]ight up to the end of the quarter ... [Oracle]

14 [h]adn't seen any indication of an erosion in our internal forecast or heard of significant issues in

15 regular conversations with the U.S. sales and management."

16   INTERROGATORY NO. 3:

17         State all facts upon which you based your statement made during Oracle's March 15, 2001

18 third quarter financial results conference call that "if you look at our numbers after the second month

19 in Q3, we were well ahead and had [a] very strong pipeline."

20   INTERROGATORY NO. 4:

21         Identify each of the "very, very large deals [that] didn't sign" referenced by you in the March

22 15, 2001 third quarter financial results conference call.

23   INTERROGATORY NO. 5:

24         State all facts upon which you based your statement made during Oracle's March 15, 2001

25 third quarter financial results conference call that "in the applications space, clearly, I think part of

26 the reason we did so poorly was because of the slowdown in the U.S. economy."

27

28

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS ORACLE CORP., ELLISON,
HENLEY, AND SANDERSON - C-01-0988-MJJ                         - 4 -

1  INTERROGATORY NO. 6:

2        Identify each contract that you indicated during the March 15, 2001 third quarter financial

3  results conference call "slipped as a result of key executives delaying decisions to sign the deals

4  when they represented the final signature."

5  INTERROGATORY NO. 7:

6        State all facts upon which you based your statement made during Oracle's March 15, 2001

7  third quarter financial results conference call that "the conversion rates were much less than normal

8  in Q3."

9  INTERROGATORY NO. 8:

10       Identify each of the 83 customers that you stated were "live" on 11i as of December 14,

11  2000.

12  INTERROGATORY NO. 9:

13       Identify each of the 165 customers which George Roberts, Oracle Executive Vice President

14  of North American Sales, stated during the February 13, 2001 Robertson Stephens Technology

15  Conference in San Francisco were "live" on 11i as of February 13, 2001.

16  INTERROGATORY NO. 10:

17       Identify each customer you indicated during Oracle's March 1, 2001 pre-announcement

18  conference call "decided to delay their IT spending."

19  INTERROGATORY NO. 11:

20       Identify each of the 47 "reps" referenced in the Nick Classik e-mail to George Roberts cited

21  in the Delaware Chancery Court Opinion in *In re Oracle Deriv. Litig.*, Consolidated C.A. No. 18751,

22  2004 Del. Ch. LEXIS 177 at *55-56 (Del. Ch. Nov. 24, 2004).

23  INTERROGATORY NO. 12:

24       Identify each of the 78 "field deals" which moved out of the quarter as referenced in the Nick

25  Classik e-mail cited in the opinion of the Delaware Chancery Court in *In re Oracle Deriv. Litig.*,

26  Consolidated C.A. No. 18751, 2004 Del. Ch. LEXIS 177 at *55 (Del. Ch. Nov. 24, 2004).

27

28

1    INTERROGATORY NO. 13:

2           Identify each of the 70 transactions which "slipped" in the "West Area" referenced in the

3    February 26, 2001 e-mail from George Roberts to Ellison, Henley and Jennifer Minton cited in the

4    opinion of the Delaware Chancery Court in *In re Oracle Deriv. Litig.*, Consolidated C.A. No. 18751,

5    2004 Del. Ch. LEXIS 177 at *54 (Del. Ch. Nov. 24, 2004).

6    INTERROGATORY NO. 14:

7           Identify each entity that conveyed to Oracle in Oracle's third fiscal quarter 2001 that it could

8    not or would not purchase Oracle software licenses or services in Oracle's third fiscal quarter 2001

9    due to the United States economy, preservation of capital or information technology spending.

10   DATED:  January 10, 2005                     LERACH COUGHLIN STOIA GELLER
                                                      RUDMAN & ROBBINS LLP
11                                                 SHAWN A. WILLIAMS
                                                   WILLOW E. RADCLIFFE
12                                                 ELI R. GREENSTEIN
                                                   JENNIE LEE ANDERSON
13                                                 MONIQUE C. WINKLER

14

15

16                                                           SHAWN A. WILLIAMS

17                                                 100 Pine Street, Suite 2600
                                                   San Francisco, CA  94111
18                                                 Telephone:  415/288-4545
                                                   415/288-4534 (fax)

19
                                                   LERACH COUGHLIN STOIA GELLER
20                                                    RUDMAN & ROBBINS LLP
                                                   WILLIAM S. LERACH
21                                                 MARK SOLOMON
                                                   DOUGLAS R. BRITTON
22                                                 401 B Street, Suite 1600
                                                   San Diego, CA  92101
23                                                 Telephone:  619/231-1058
                                                   619/231-7423 (fax)

24
                                                   Lead Counsel for Plaintiffs
25   T:\CasesSF\Oracle3\ROG00016984.doc

26

27

28

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS ORACLE CORP., ELLISON,
HENLEY, AND SANDERSON - C-01-0988-MJJ
                                                                                          - 6 -

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.      That on January 10, 2004, declarant served the **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFERY O. HENLEY, AND EDWARD J. SANDERSON** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant also served the parties by facsimile.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of January, 2005, at San Francisco, California.

KAREN HEINZ

ORACLE III (LEAD)

Service List - 1/5/2005    (201-064-1)

Page 1 of 1

## Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL  60603-3441
  312/782-0600
  312/701-7711 (Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

## Counsel For Plaintiff(s)

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)