# Exhibit 25



**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
Shawn W@Lerachlaw.com

June 8, 2005

<u>VIA UPS NEXT DAY AIR</u>

Vincent P. Schmeltz, III, Esq.
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603-3441

Lee Rubin, Esq.
MAYER, BROWN, ROWE & MAW LLP
Two Palo Alto Square
El Camino Real, Suite 300
Palo Alto, CA 94306

Re:     *In re Oracle Corp. Sec. Litig.*
        Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

        Enclosed please find samples of documents printed from the CD numbers 11-16 that defendants have produced pursuant to Magistrate Judge Spero's March 10, 2005 Order. The CDs are clearly corrupted in one way or another. Thousands of pages of documents are simply gibberish and thousands of pages of documents say "unsupported format." I understand that these documents are likely Excel spreadsheets which, as you know, should be in their native format. Please do whatever is necessary to correct the problem and reproduce the relevant documents. Please contact me with any questions.

                                Very truly yours,

                                Shawn A. Williams

SAW/rc

T:\CasesSF\Oracle3\Corres\Schmeltz_Rubin 6_8_05.doc

100 Pine Street, 26th Floor · San Francisco, CA 94111 · 415.288.4545 · Fax 415.288.4534 · www.lerachlaw.com



```
M A Y E R
B R O W N
R O W E
& M A W
```

June 16, 2005

**VIA EMAIL AND MAIL**

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Shawn A. Williams
Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Vincent Paul (Trace) Schmeltz III
Direct Tel (312) 701-8531
Direct Fax (312) 706-8146
tschmeltz@mayerbrownrowe.com

Re:   In re Oracle Corporation Securities Litigation

Dear Shawn:

We have received your June 8, 2005 letter concerning documents that are "clearly corrupted in one way or another." As we explained to your colleague, Monique Winkler, many of these documents are TIFF renderings of graphics. Hence, although they may appear to be gibberish, they are actually enlarged graphics. We will re-TIFF the graphics to correct for the enlarging and provide you with a replacement CD in the next couple of days.

We are working on a solution to the unsupported file issue. Of the unsupported files, 12 had the extension ".out". We are converting those to ".txt" files so that you may view them. 58 were password protected. We are attempting to either obtain passwords for these files or attempt to bypass the password protection.

18 of the files are corrupt on the original media and are not viewable. Because some of them may have been attachments to other responsive documents, we chose to produce the corrupted documents as opposed to withholding or redacting them. For your records, we will provide you with a log of corrupt files.

Very truly yours,

Vincent Paul (Trace) Schmeltz III

cc      James C. Maroulis
        Lee H. Rubin

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.



**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
Shawn W@Lerachlaw.com

June 20, 2005

**VIA FACSIMILE/**
**ORIGINAL TO FOLLOW BY U.S. MAIL**

Vincent P. Schmeltz, III, Esq.
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603-3441

Lee Rubin, Esq.
MAYER, BROWN, ROWE & MAW LLP
Two Palo Alto Square
El Camino Real, Suite 300
Palo Alto, CA 94306

Re:     *In re Oracle Corp. Sec. Litig.*
        Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

I write to inform you of additional severe deficiencies in Oracle Corporation's production thus far. In addition to the deficiencies articulated in my letter to you dated June 8, 2005, many of the documents and e-mails produced do not include attachments that are identified in the body of the document or e-mail, nor is it produced in paper form behind the e-mail. Obviously the production deficiency is in violation of the Court's March 10, 2005 Order and the Court's specific directions articulated during the March 1, 2005 hearing, *i.e.,* that plaintiffs "have got to be able to open the attachments . . . . You have got to produce the attachment."

This problem is pervasive throughout the production and requires a massive amount of time to determine when the attachments have been produced and when they have not. Indeed, several of the attachments which have not been produced in the form ordered by the Court (there is now way to tell whether they have been produced somewhere else in the production) are spreadsheets detailing key issues in the case. Below, identified by Bates numbers, are only a few examples of the documents for which no attachments have been produced.

| | | |
|---|---|---|
| NDCA135853 | NDCA065336-37 | NDCA066095 |
| NDCA135854 | NDCA065340 | NDCA066103 |
| NDCA135840 | NDCA065475 | NDCA066104-06 |
| NDCA096149 | NDCA065515 | NDCA066110 |
| NDCA094059 | NDCA065560 | NDCA066804 |
| NDCA056993 | NDCA065713-14 | NDCA100236 |
| NDCA065325 | NDCA065895 | NDCA100439 |
| NDCA065326 | NDCA066094 | NDCA100448 |
| NDCA065327 | | |



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

Vincent P. Schmeltz, III, Esq.
Lee Rubin, Esq.
June 20, 2005
Page 2

Please call me with a proposed solution as soon as possible.

Very truly yours,

Shawn A. Williams

SAW/rc

T:\CasesSF\Oracle3\Corres\Schmeltz_Rubin 6_20_05.doc



Exhibit 26

MAYER
BROWN
ROWE
& MAW

June 20, 2005

RECD JUN 20 2005

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

**VIA MESSENGER**

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

Shawn A. Williams
Lerach Coughlin Stoia Geller
 Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

George Huggins, Jr.
Direct Tel (650) 331-2054
Direct Fax 650-331-2060
ghugginsjr@mayerbrownrowe.com

Re:  In re Oracle Securities Litigation

Dear Shawn:

        Enclosed please find a replacement CD which contains TIFF and text files pursuant to
Trace Schmeltz's letter to you dated June 16, 2005.

Should you have questions and/or comments concerning this matter, please do not hesitate to call
or write.

Sincerely,

George Huggins, Jr.

Enclosure

cc      Trace Schmeltz
        Jill A. Friedman

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.



October 20, 2005

RECD OCT 21 2005

Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Kim A. Leffert
Direct Tel (312) 701-8344
Direct Fax (312) 706-8166
kleffert@mayerbrownrowe.com

VIA AIR COURIER

Monique C. Winkler
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111

Re:     In Re Oracle Securities Litigation

Dear Monique:

Enclosed are two DVDs (ORC 032 and 033) containing electronic documents (TIFF files, Text files, Summation Load file and Native files) that have previously been produced to you in the above-referenced matter. This DVD replaces ORC 028, produced on or about September 12, 2005, which contained TIFF files, Text files, Summation Load files, and Native files for documents Bates labeled NDCA-ORCL 316200 – NDCA-ORCL 396756. We are reproducing this data to you, of our own accord and at our own expense, for the following reasons:

1.  We found that some of the TIFF documents on ORC 028 contained email message units that were out of order. This issue has been corrected in the enclosed DVDs and the email message units are now in the correct order (header, body, attachment).

2.  In addition, we determined that there was an error in the TIFF conversion process for spreadsheets. The columns and rows in spreadsheets in ORC 028 were mistakenly expanded such that they no longer resembled the documents that Oracle personnel would have reviewed. The replacement DVDs contain TIFF images of spreadsheets that reflect the manner in which the documents were maintained in the ordinary course of business. Because the TIFF processing in ORC 032 and 033 does not expand hidden rows and columns, you will note that the number of pages in ORC 032 and 033 is significantly fewer that in ORC 028. Although the TIFF images of the spreadsheets were processed differently, no data was omitted, except as described below. Further, the native files for *all* documents, including the spreadsheets, are included on both ORC 028 and ORC 032 and 033.

3.  A small number of privileged documents were inadvertently produced on ORC 028. These documents begin with the following Bates labels: NDCA-ORCL 357866, 357867, 378124, 378125, 378126, 378127, 378128, 378131, 378132, 378133, 378138, 380038, 383187, 383188, 383190, 383670. We have omitted these privileged documents from ORC 032 and 033. We ask that you destroy all images of the inadvertently produced privileged documents.

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Monique C. Winkler
October 20, 2005
Page 2

Finally, let me reiterate that the enclosed production is not "new." We have voluntarily decided to have these documents re-processed and re-produced in order to improve their clarity, usefulness, and ease of review. As a result of this production, we consider the Bates range between and including NCDA-ORCL 316200 to NDCA-ORCL 396756 to be excluded from this litigation.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Kim A. Leffert

cc: Shawn A. Williams

# Exhibit 27

# FILED UNDER SEAL

# Exhibit 28

# FILED UNDER SEAL

# Exhibit 29



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
ShawnW@lerachlaw.com

March 17, 2005

VIA FACSIMILE/
ORIGINAL TO FOLLOW BY U.S. MAIL

Lee Rubin
MAYER, BROWN, ROWE & MAW LLP
Two Palo Alto Square
El Camino Real, Suite 300
Palo Alto, CA 94306

Re:   *In re Oracle Corporation Securities Litigation*
       U.S.D.C. ND. Cal. Master File No. C-01-0988-MJJ

Dear Lee:

On February 28, 2005 defendants served their Supplemental Responses to [Plaintiffs']
First Set of Interrogatories. For many of the interrogatories, including nos. 4, 6, 8, 9, 10, 11, 12
and 13, defendants stated that they were in the process of investigating and would continue
to supplement. Please let me know as soon as possible when plaintiff will receive substantive
responses to these interrogatories. These interrogatories were initially served on December
22, 2004. Ninety days is more than a reasonable time to respond to interrogatories. Indeed, it
is well beyond the time allotted under Fed. R. Civ. P. 33. Plaintiffs also recognize that the
court has stayed responses to contention interrogatories and thus are not currently
demanding additional responses to interrogatory nos. 1, 2, 3, 5, 7, which one could argue are
contention interrogatories.

Hopefully, we can agree that defendants will provide substantive responses by March
30, 2005. If you believe that defendants are not able to provide substantive responses by that
date please let me know as we are prepared to request a conference with the court next week
on this issue.

Very truly yours,

Shawn A. Williams

SAW:cs

T:\CasesSF\Oracle3\Corres\Rubin ltr 3-17-05 SAW.doc

# Exhibit 30

# FILED UNDER SEAL

Exhibit 31



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO ·
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
Shawn W@Lerachlaw.com

May 12, 2005

<u>VIA FACSIMILE/</u>
<u>ORIGINAL TO FOLLOW BY U.S. MAIL</u>

Vincent P. Schmeltz, III, Esq.          Lee Rubin
MAYER, BROWN, ROWE & MAW LLP            MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street                Two Palo Alto Square
Chicago, IL 60603-3441                  El Camino Real, Suite 300
                                        Palo Alto, CA 94306

     Re:    *In re Oracle Corp. Sec. Litig.*
            Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

     I write to follow up on my letter of May 4, 2005 discussing plaintiffs' position that defendants must restore at their cost backup tapes covering the relevant period in the above-referenced action. You indicated that you would get back to me and I have not heard from you. Please let me know what Oracle's position is so that we can get the issue resolved as quickly as possible.

     Secondly, we have not received the verification for defendants' March 30, 2005 responses to plaintiffs' first set of interrogatories. You indicated with the service of your supplemental responses on March 30, 2005 that the verifications would be forthcoming in 30 days. Please send us the verifications as soon as possible.

     Finally, your March 30, 2005 supplemental responses do not include responses to Interrogatory Nos. 6 and 10. Please supplement as soon as possible as the initial interrogatory was served nearly five months ago. Indeed, the information sought is the specifics of comments made by defendants on the day Oracle announced that it would miss forecasts and the supplemental announcement that the miss in applications was larger than initially represented. These facts must be known to the defendants. Please let me know defendants' position so that we can move the process forward appropriately.

                        Very truly yours,

                        Shawn A. Williams

SAW/rc
T:\CasesSF\Oracle3\Corres\Schmeltz_Rubin 5_12_05.doc

# Exhibit 32

# FILED UNDER SEAL

# Exhibit 33

MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone:     (650) 331-2030
Facsimile:      (650) 331-2060
lrubin@mayerbrownrowe.com

REC'D JAN 19 2005

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
190 South LaSalle Street
Chicago, IL 60603-3441
Telephone:     (312) 782-0600
Facsimile:      (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway, Mailstop 5OP7
Redwood Shores, California 94065
Telephone:     (650) 506-5200
Facsimile:      (650) 506-7114
jim.maroulis@oracle.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ (Consolidated) |
| | **DEFENDANTS' RESPONSE TO FIRST SET OF REQUESTS FOR DOCUMENTS** |
| This Document Relates To:<br><br>ALL ACTIONS. | <br>Judge Martin J. Jenkins |

Pursuant to Federal Rule of Civil Procedure 34, Defendants Oracle Corporation ("Oracle"), Lawrence J. Ellison ("Ellison"), Jeffrey O. Henley ("Henley") and Edward J. Sanderson ("Sanderson") (collectively "Defendants") hereby object and respond to Plaintiffs' First Set of Requests for Production of Documents to Defendants Oracle, *et al.* ("Requests").

## GENERAL OBJECTIONS AND COMMENTS

A.    For the purposes of these responses, Defendants define the term "Speaker" as Ellison, Henley, Sanderson, Stephanie Aas, Mark Barrenechea and Jennifer Glass.

B.    For the purposes of these responses, Defendants define the term "Complaint" as Plaintiffs' Revised Second Amended Complaint.

C.    Defendants object to the Requests to the extent that they purport to require the production of documents that are protected by the attorney-client privilege, the attorney work product doctrine, statutory and constitutional privacy rights, and other applicable doctrines. Defendants will produce a privilege log that is adequate to meet their obligations under rules and law.

D.    Defendants object to the Requests to the extent that they purport to require discovery in excess of Defendants' obligations under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California and other applicable law.

E.    Defendants object to the Requests as impertinent and not reasonably calculated to lead to the discovery of admissible evidence.

F.    Defendants object to the Requests as overbroad, oppressive, vexatious and unduly burdensome.

G.    Defendants object to the Requests as overbroad and unduly burdensome to the extent that they purport to require production of documents that were neither seen by, communicated to, or relied on by the Speakers. According to the Complaint, the alleged false statements concern Oracle's company-wide projections and sales, not individual deals. The financial projections were for Oracle as a whole and were based on consolidated company-wide

2

1   data. As such, lower-level employee documents that were not communicated to the Speakers

2   cannot be relevant.

3          H.     Defendants further object to the Requests as overbroad and unduly burdensome in

4   that Defendants are prepared to produce nearly 40,000 pages of documents which were produced

5   to the Plaintiffs in the Delaware Derivative Action. Included in the production are numerous

6   Oracle financial reports, including forecasts and sales reports throughout 3Q01. After reviewing

7   this production, Plaintiffs should then serve targeted document requests, rather than their current

8   Requests which call for nearly every single financial document generated at Oracle for a twelve-

9   month period.

10          I.     Defendants object to the time frame set forth in the Requests as overbroad,

11   oppressive, unduly burdensome and not reasonably calculated to lead to the discovery of

12   admissible evidence because Plaintiffs' relevant time period definition exceeds the putative class

13   period by nine months. Defendants will produce responsive documents from June 1, 2000 –

14   March 1, 2001. In addition, Defendants object to the relevant time periods identified in Requests

15   37 (August 1, 2002 – December 31, 2002), 38 (September 1, 2002 – March 31, 2003), 43

16   (October 1, 2002 – March 31, 2003) and 44 (October 1, 2002 – present) as overbroad, oppressive,

17   unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence,

18   as each of these date ranges is well beyond the putative class period in this case.

19          J.     Defendants object to the Requests' definitions of "You," "Your," "Oracle,"

20   "Company," "Individual Defendants" and "Defendants" as overbroad and to the extent that they

21   purport to require production of documents beyond Defendants' possession, custody, or control

22   that are located by a reasonable search. To the extent that Defendants agree to produce

23   non-objectionable requested documents subject to and without waiving their objections,

24   Defendants will produce documents in their possession, custody, or control that are located by a

25   reasonable search. Defendants further object to these definitions as overbroad, oppressive,

26   unduly burdensome and vexatious to the extent that they purport to require the production of

27   lower-level Oracle employees' documents, namely individuals who did not directly report to the

28   Speakers.

1    K.    Defendants further object to the Requests' definitions of "GE Capital,"
2  "BellSouth," "Telia AB," "JDS Uniphase," "Hewlett-Packard," "Nantucket Allserve,"
3  "Motorola," "Health Net," "Now Foods," "Telecom New Zealand," "Foster's Group" and
4  "Principal Financial Group" as overbroad.  Specifically, Defendants lack knowledge as to the
5  identities of these non-parties' "parents, subsidiaries, divisions, affiliates, operating units,
6  officers, directors, employees, representatives, or agents."

7    L.    Defendants further object to the Requests' definitions of "E&Y" and "AA" as
8  overbroad.  Specifically, Defendants lack knowledge as to the identities of these non-parties'
9  "subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, officers, directors,
10  board of directors or committees thereof, employees, representatives or agents, including, but not
11  limited to, attorneys, accountants, investment advisors or bankers, and any other person acting or
12  purporting to act on its behalf and all other entities operated or controlled by [E&Y or AA] or by
13  any direct or indirect subsidiary or affiliate thereof."

14    M.    Defendants further object to the Requests' definition of "Customer" as vague and
15  ambiguous and overbroad in that it appears to include any person who could license Oracle
16  software.

17    N.    Defendants further object to the Requests' definition of "Financial statements" as
18  overbroad, and to the extent that they purport to require production of documents beyond
19  Defendants' possession, custody, or control that are located by a reasonable search.  Specifically,
20  Oracle's accountants' workpapers are not within Defendants' possession, custody, or control.

21    O.    Defendants' investigation and discovery in this case are ongoing.  Defendants will
22  supplement their objections and responses as necessary, pursuant to Federal Rule of Civil
23  Procedure 26(e) and the Local Rules of the Northern District of California.

24
25
26
27
28

1

## SPECIFIC OBJECTIONS

2 **REQUEST NO. 1:**

3        All documents and communications relating to the actual and forecasted sales and orders

4 for Oracle's business applications products, including, but not limited to, 11i and any and all

5 pipeline reports and upside reports relating to the same.

6 **RESPONSE TO REQUEST NO. 1:**

7        Defendants incorporate each of their General Objections as though fully set forth herein.

8 Defendants further object to Request No. 1 as overbroad, unduly burdensome and not reasonably

9 calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

10 No. 1 as vague and ambiguous as to "the actual and forecasted sales and orders."  Subject to and

11 without waiving the foregoing objections, Defendants will produce responsive, non-privileged

12 documents for the period June 1, 2000 – March 1, 2001 that may have been seen by,

13 communicated to, or relied on by the Speakers.

14

15 **REQUEST NO. 2:**

16        All documents and communications relating to the actual and forecasted sales and orders

17 for Oracle's database products, including, but not limited to, Oracle 8i and any and all pipeline

18 reports and upside reports relating to the same.

19 **RESPONSE TO REQUEST NO. 2:**

20        Defendants incorporate each of their General Objections as though fully set forth herein.

21 Defendants further object to Request No. 2 as overbroad, unduly burdensome and not reasonably

22 calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

23 No. 2 as vague and ambiguous as to "the actual and forecasted sales and orders."  Subject to and

24 without waiving the foregoing objections, Defendants will produce responsive, non-privileged

25 documents for the period June 1, 2000 – March 1, 2001 that may have been seen by,

26 communicated to, or relied on by the Speakers.

27

28

**REQUEST NO. 3:**

All documents and communications relating to actual and forecasted sales and orders for the CRM module, and any and all upside reports and pipeline reports relating to the same.

**RESPONSE TO REQUEST NO. 3:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 3 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 3 as vague and ambiguous as to "the actual and forecasted sales and orders." Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 4:**

All documents and communications relating to any sales discounts or rebates offered or given to any Oracle customer or potential customer between June 1, 2000 and March 31, 2001 on Oracle's database or applications products.

**RESPONSE TO REQUEST NO. 4:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 4 as vague and ambiguous as to "any sales discounts or rebates offered or given." Defendants further object to Request No. 4 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, especially given that any sales activity from March 1, 2001 – March 31, 2001 is outside Oracle's 3Q01, which ended on February 28, 2001. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 5:**

All documents and communications relating to Oracle's sales staff 3Q01 and/or FY01 sales quotas and/or goals, including, but not limited to, documents concerning any particular sales person's progress toward meeting sales quotas and/or goals.

**RESPONSE TO REQUEST NO. 5:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 5 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 6:**

All documents and communications relating to the United States economy and its impact on sales of Oracle's database and applications products, including, but not limited to, order cancellations, order or purchase delays, and discounts offered on Oracle products or services.

**RESPONSE TO REQUEST NO. 6:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 6 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 6 as vague and ambiguous as to "documents and communications relating to the United States economy." Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers and that concern the impact of the United States economy on the sales of Oracle products.

**REQUEST NO. 7:**

All documents and communications relating to competition from IBM or Microsoft or any other database or applications provider for product market share, including, but not limited to, win-loss reports.

**RESPONSE TO REQUEST NO. 7:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 7 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 7 as vague and ambiguous as to "competition from IBM or Microsoft or any other database or applications provider" and "product market share."

**REQUEST NO. 8:**

All documents and communications relating to any and all sales or revenue analyses and/or forecasts for Oracle's sales and consulting organizations, including OSI, NAS, or OPI, including, but not limited to: Upside Reports, Flash Reports, Pipeline Reports, Big Deal Reports, OASIS Reports, White Books/Board of Directors Quarterly Results, Red/Grey Books/Monthly Financial Reference Books, Green Books/Americas Reporting Packages, Blue Books/Subsidiary Key Performance Measures, Yellow Books/Product Revenue Reporting Packages, Oatmeal Books/Consulting Performance Packages, Executive Committee Worldwide Forecasts, Approvals for 2000 Forecast Reports, Investor Relations Projection Models and summaries of interviews conducted by Simpson Thacher & Bartlett LLP.

**RESPONSE TO REQUEST NO. 8:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 8 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 8 as vague and ambiguous as to "sales and revenue analyses and/or forecasts." Defendants further object to Request No. 8 in that summaries of interviews conducted by Simpson Thacher & Bartlett LLP are protected by the attorney-client privilege and the attorney work product doctrine.

1    Defendants further object to Request No. 8 as compound in that summaries of interviews
2    conducted by Simpson Thacher & Bartlett LLP are not "sales or revenue analyses and/or
3    forecasts;" as such, Defendants will treat Request No. 8 as two requests.  Subject to and without
4    waiving the foregoing objections, Defendants will produce responsive, non-privileged financial
5    reports for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated
6    to, or relied on by the Speakers.

7

8    **REQUEST NO. 9:**

9        All documents and communications relating to sales pipeline projections or forecasts for
10   Oracle's database and applications products, including, but not limited to, all entries into Oracle
11   Sales On-Line, Oasis or any Oracle database.

12   **RESPONSE TO REQUEST NO. 9:**

13       Defendants incorporate each of their General Objections as though fully set forth herein.
14   Defendants further object to Request No. 9 as overbroad, unduly burdensome and not reasonably
15   calculated to lead to the discovery of admissible evidence.  Defendants further object to Request
16   No. 9 as vague and ambiguous as to "any Oracle database."  Defendants further object to Request
17   No. 9 because Oracle Sales On-Line ("OSO") is a dynamic system which, at all times, is
18   constantly changing.  As such, it is impossible to produce a snapshot of all OSO entries from
19   3Q01.  Subject to and without waiving the foregoing objections, Defendants will produce pipeline
20   projections and forecasts generated from OSO for the period June 1, 2000 – March 1, 2001 that
21   may have been seen by, communicated to, or relied on by the Speakers.

22

23   **REQUEST NO. 10:**

24       All documents and communications relating to actual or forecasted conversion ratios of
25   potential sales in Oracle pipelines to sales or consulting contracts in any of its business divisions,
26   including, but not limited to, OSI, OPI and NAS.

27

28

1 | **RESPONSE TO REQUEST NO. 10:**

2        Defendants incorporate each of their General Objections as though fully set forth herein.

3 Defendants further object to Request No. 10 as overbroad, unduly burdensome and not reasonably

4 calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

5 foregoing objections, Defendants will produce non-privileged documents relating to conversion

6 ratios for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to,

7 or relied on by the Speakers.

8

9 | **REQUEST NO. 11:**

10        All documents and communications related to customers' purchases or prospective

11 purchases of Oracle database and applications products and services, including, but not limited to,

12 bid proposals, bids delivered, bids won and bids lost.

13 | **RESPONSE TO REQUEST NO. 11:**

14        Defendants incorporate each of their General Objections as though fully set forth herein.

15 Defendants further object to Request No. 11 as overbroad, unduly burdensome and not reasonably

16 calculated to lead to the discovery of admissible evidence.

17

18 | **REQUEST NO. 12:**

19        All documents and communications relating to all plans, proposals, negotiations, contracts

20 or agreements, or potential sales of Oracle database or applications products or services between

21 Oracle and Telecom New Zealand, Foster's Group, Hewlett-Packard, JDS Uniphase, Principal

22 Financial Group, Nantucket Allserve, GE Capital, Motorola, Health Net, and Now Foods.

23 | **RESPONSE TO REQUEST NO. 12:**

24        Defendants incorporate each of their General Objections as though fully set forth herein.

25 Defendants further object to Request No. 12 as overbroad, oppressive, vexatious, unduly

26 burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

27

28

1    **REQUEST NO. 13:**

2        All documents and communications relating to any negotiations, proposals, agreements,

3    contracts or functionality problems between Oracle and BellSouth regarding 11i, including, but

4    not limited to, the CRM module or any of its other individual applications or modules.

5    **RESPONSE TO REQUEST NO. 13:**

6        Defendants incorporate each of their General Objections as though fully set forth herein.

7    Defendants further object to Request No. 13 as overbroad, unduly burdensome and not reasonably

8    calculated to lead to the discovery of admissible evidence.

9

10    **REQUEST NO. 14:**

11        All documents and communications relating to or analyzing demand from Oracle's

12    Internet or "dot-com" customers for Oracle database and/or application products.

13    **RESPONSE TO REQUEST NO. 14:**

14        Defendants incorporate each of their General Objections as though fully set forth herein.

15    Defendants further object to Request No. 14 as overbroad, unduly burdensome and not reasonably

16    calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

17    No. 14 as vague and ambiguous with respect to the phrase "analyzing demand."  Subject to and

18    without waiving the foregoing objections, Defendants will produce responsive, non-privileged

19    documents for the period June 1, 2000 – March 1, 2001 that may have been seen by,

20    communicated to, or relied on by the Speakers.

21

22    **REQUEST NO. 15:**

23        All documents and communications relating to Oracle's 3Q01 projections of 75%

24    application growth; 20-20% database growth; 25% licensing growth and 15-20% service growth.

25    **RESPONSE TO REQUEST NO. 15:**

26        Defendants will produce responsive, non-privileged documents for the period

27    June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the

28    Speakers.

1   **REQUEST NO. 16:**

2        All documents and communications concerning or relating to any formal or informal

3   investigation, inquiry, proceeding, sanction, or complaint brought against the Company or the

4   Individual Defendants by the SEC or any federal or state administrative or governmental agency,

5   including any communications with such agency.

6   **RESPONSE TO REQUEST NO. 16:**

7        Defendants incorporate each of their General Objections as though fully set forth herein.

8   Defendants further object to Request No. 16 as overbroad, unduly burdensome and not reasonably

9   calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

10  No. 16 as it purports to require the production of documents that are protected by the attorney-

11  client privilege and the work product doctrine.  Subject to and without waiving the foregoing

12  objections, Defendants will produce responsive, non-privileged documents concerning matters

13  alleged in the Complaint for the period June 1, 2000 – March 1, 2001 that may have been seen by,

14  communicated to, or relied on by the Speakers.

15

16  **REQUEST NO. 17:**

17       All documents showing the organizational structure, and positions of employees of

18  Oracle.

19  **RESPONSE TO REQUEST NO. 17:**

20       Defendants incorporate each of their General Objections as though fully set forth herein.

21  Defendants further object to Request No. 17 as overbroad, unduly burdensome and not reasonably

22  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

23  foregoing objections, Defendants will produce a list of senior Oracle personnel during 2Q01 and

24  3Q01.

25

26

27

28

12

1

## REQUEST NO. 18:

2      All documents and communications relating to the systems integration work necessary to

3 implement 11i or any of its individual modules.

4

## RESPONSE TO REQUEST NO. 18:

5      Defendants incorporate each of their General Objections as though fully set forth herein.

6 Defendants further object to Request No. 18 as overbroad, unduly burdensome and not reasonably

7 calculated to lead to the discovery of admissible evidence.

8

9

## REQUEST NO. 19:

10      All documents and communications relating to the ability of 11i or any of its individual

11 modules to work with non-Oracle database products.

12

## RESPONSE TO REQUEST NO. 19:

13      Defendants incorporate each of their General Objections as though fully set forth herein.

14 Defendants further object to Request No. 19 as overbroad, unduly burdensome and not reasonably

15 calculated to lead to the discovery of admissible evidence.

16

17

## REQUEST NO. 20:

18      All documents and communications relating to "bugs" or "gaps" in 11i, including, but not

19 limited to, the CRM module or any of its other individual modules.

20

## RESPONSE TO REQUEST NO. 20:

21      Defendants incorporate each of their General Objections as though fully set forth herein.

22 Defendants further object to Request No. 20 as overbroad, unduly burdensome and not reasonably

23 calculated to lead to the discovery of admissible evidence.

24

25

26

27

28

**REQUEST NO. 21:**

All documents and communications relating to the timing of the release of 11i, including, but not limited to, each subsequent version of 11i, for example, 11i.5 and 11i5.3.

**RESPONSE TO REQUEST NO. 21:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 21 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 21 as vague and ambiguous as to "the timing of the release of 11i."

**REQUEST NO. 22:**

All documents and communications relating to the development and/or the completion of an Application Programming Interface ("API") for the CRM modules, including, but not limited to, the development of an API for any specific customer, including, but not limited to, BellSouth.

**RESPONSE TO REQUEST NO. 22:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 22 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

All documents and communications relating to "patches," "mega patches" or "family pack" fixes, released for 11i or any of its individual modules or versions and/or customer requests for the same.

**RESPONSE TO REQUEST NO. 23:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 23 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

1   **REQUEST NO. 24:**

2       All documents and communications relating to customer or potential customer complaints,

3   concerns or dissatisfaction with the functionality, implementation or integration of 11i or any of

4   its individual modules, including, but not limited to, the CRM module.

5   **RESPONSE TO REQUEST NO. 24:**

6       Defendants incorporate each of their General Objections as though fully set forth herein.

7   Defendants further object to Request No. 24 as overbroad, unduly burdensome and not reasonably

8   calculated to lead to the discovery of admissible evidence.

9

10   **REQUEST NO. 25:**

11       All documents and communications relating to technical errors or performance failures of

12   11i, including, but not limited to, any of its individual modules, including, but not limited to, all

13   technical assistance requests.

14   **RESPONSE TO REQUEST NO. 25:**

15       Defendants incorporate each of their General Objections as though fully set forth herein.

16   Defendants further object to Request No. 25 as overbroad, unduly burdensome and not reasonably

17   calculated to lead to the discovery of admissible evidence.

18

19   **REQUEST NO. 26:**

20       All documents relating to the functionality and/or "bugs" in the 11i software applications

21   or modules implemented at Oracle, including, but not limited to, the "timesheets" module and the

22   "travel and expense" module.

23   **RESPONSE TO REQUEST NO. 26:**

24       Defendants incorporate each of their General Objections as though fully set forth herein.

25   Defendants further object to Request No. 26 as overbroad, unduly burdensome and not reasonably

26   calculated to lead to the discovery of admissible evidence.

27

28

**REQUEST NO. 27:**

All documents and communications supporting, or relating to Oracle's claim that it had already saved $1 billion through the internal implementation of its applications software.

**RESPONSE TO REQUEST NO. 27:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 27 as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that may have been seen by, communicated to, or relied on by the Speakers.

**REQUEST NO. 28:**

All documents and communications relating to Oracle's monthly reconciliation of accounts receivable to the general ledger.

**RESPONSE TO REQUEST NO. 28:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 28 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on November 17, 2000.

**REQUEST NO. 29:**

All documents and communications relating to Oracle's credit memos and monthly credit memo registers including, but not limited to, those relating to customer overpayments.

**RESPONSE TO REQUEST NO. 29:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 29 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

16

1   foregoing objections, Defendants will produce responsive, non-privileged documents for the

2   period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

3   as occurring on November 17, 2000.

4

5   **REQUEST NO. 30:**

6         All documents and communications relating to review or investigation conducted by you,

7   E&Y, AA or the SLC concerning Oracle's accounting, revenue recognition and financial

8   reporting for FY01.

9   **RESPONSE TO REQUEST NO. 30:**

10        Defendants incorporate each of their General Objections as though fully set forth herein.

11  Defendants further object to Request No. 30 as overbroad, unduly burdensome, not reasonably

12  calculated to lead to the discovery of admissible evidence and purporting to require the

13  production of documents protected by the attorney-client privilege and attorney work product

14  doctrine.

15

16  **REQUEST NO. 31:**

17        All documents and communications concerning the preparation and filing of Oracle's

18  Second and Third quarter fiscal 2001 Forms 10-Q, including, but not limited to, all documents

19  and communications relating to its line item "cash advances and unearned revenue."

20  **RESPONSE TO REQUEST NO. 31:**

21        Defendants incorporate each of their General Objections as though fully set forth herein.

22  Defendants further object to Request No. 31 as overbroad, unduly burdensome and not reasonably

23  calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

24  No. 31 because, to the extent that it seeks "documents and communications concerning the

25  preparation and filing of Oracle's Second and Third quarter fiscal 2001 Forms 10-Q," it asks for

26  documents that are protected by the attorney-client and attorney work product privileges.

27  Oracle's Form 10-Qs for 2Q01 and 3Q01 are publicly available documents which have been

28  provided to Plaintiffs as attachments to Defendants' prior motions to dismiss.

1  **REQUEST NO. 32:**

2      All documents and communications relating to credit or debit memos created in

3  November 2000, including, but not limited to, their impact on Oracle revenues and earnings.

4  **RESPONSE TO REQUEST NO. 32:**

5      Defendants incorporate each of their General Objections as though fully set forth herein.

6  Defendants further object to Request No. 32 as overbroad, unduly burdensome and not reasonably

7  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

8  foregoing objections, Defendants will produce responsive, non-privileged documents for the

9  period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

10  as occurring on November 17, 2000.

11

12  **REQUEST NO. 33:**

13      All documents and communications relating to the Activity Detail in 12601_ Detail

14  spreadsheet, including, but not limited to, all versions of that spreadsheet including the

15  spreadsheet titled, "Greater Than 100K in 1260151 Version 3.xls."

16  **RESPONSE TO REQUEST NO. 33:**

17      Defendants incorporate each of their General Objections as though fully set forth herein.

18  Defendants further object to Request No. 33 as overbroad, unduly burdensome and not reasonably

19  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

20  foregoing objections, Defendants will produce responsive, non-privileged documents for the

21  period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

22  as occurring on November 17, 2000.

23

24

25

26

27

28

1  **REQUEST NO. 34:**

2      All documents and communications relating to Oracle's *pro forma* website used to

3  generate *pro forma* invoices for customers.

4  **RESPONSE TO REQUEST NO. 34:**

5      Defendants incorporate each of their General Objections as though fully set forth herein.

6  Defendants further object to Request No. 34 as overbroad, unduly burdensome and not reasonably

7  calculated to lead to the discovery of admissible evidence.  Defendants further object to Request

8  No. 34 as vague and ambiguous with respect to the phrase "*pro forma* website used to generate

9  *pro forma* invoices."

10

11  **REQUEST NO. 35:**

12      All documents and communications relating to the conversion of Oracle's internal

13  accounting systems to 11i.

14  **RESPONSE TO REQUEST NO. 35:**

15      Defendants incorporate each of their General Objections as though fully set forth herein.

16  Defendants further object to Request No. 35 as overbroad, unduly burdensome and not reasonably

17  calculated to lead to the discovery of admissible evidence.

18

19  **REQUEST NO. 36:**

20      All documents and communications relating to the disposition of unassigned cash receipts

21  assigned to any Oracle reserve account, including, but not limited to, account 12601 and/or

22  customer overpayments.

23  **RESPONSE TO REQUEST NO. 36:**

24      Defendants incorporate each of their General Objections as though fully set forth herein.

25  Defendants further object to Request No. 36 as overbroad, unduly burdensome and not reasonably

26  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

27  foregoing objections, Defendants will produce responsive, non-privileged documents for the

28

1  period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

2  as occurring on November 17, 2000.

3

4  **REQUEST NO. 37:**

5      All documents and communications relating to any miscellaneous offset report generated

6  between August 1, 2000 and December 31, 2000 or between August 1, 2002 and December 31,

7  2002.

8  **RESPONSE TO REQUEST NO. 37:**

9      Defendants incorporate each of their General Objections as though fully set forth herein.

10  Defendants further object to Request No. 37 as overbroad as to scope and time, unduly

11  burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

12  purporting to require the production of documents protected by the attorney-client privilege and

13  attorney work product doctrine.  Subject to and without waiving the foregoing objections,

14  Defendants will produce responsive, non-privileged documents for the period June 1, 2000 –

15  March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on

16  November 17, 2000.

17

18  **REQUEST NO. 38:**

19      All documents and communications relating to any miscellaneous receipt write-off

20  occurring between August 1, 2000 and December 31, 2000 and/or occurring between

21  September 1, 2002 and March 31, 2003.

22  **RESPONSE TO REQUEST NO. 38:**

23      Defendants incorporate each of their General Objections as though fully set forth herein.

24  Defendants further object to Request No. 38 as overbroad as to scope and time, unduly

25  burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

26  purporting to require the production of documents protected by the attorney-client privilege and

27  attorney work product doctrine.  Subject to and without waiving the foregoing objections,

28  Defendants will produce responsive, non-privileged documents for the period June 1, 2000 –

1   March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on

2   November 17, 2000.

3

4   **REQUEST NO. 39:**

5        All documents and communications relating to any effort or actions to reconcile Oracle's

6   "On Account," or "unapplied cash," including, but not limited to, Unapplied Cash Account

7   (25005).

8   **RESPONSE TO REQUEST NO. 39:**

9        Defendants incorporate each of their General Objections as though fully set forth herein.

10  Defendants further object to Request No. 39 as overbroad, unduly burdensome and not reasonably

11  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

12  foregoing objections, Defendants will produce responsive, non-privileged documents for the

13  period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

14  as occurring on November 17, 2000.

15

16  **REQUEST NO. 40:**

17       All documents and communications relating to any measures taken from October, 2002 to

18  the present related to refunding customers, adjusting or reconciling customer invoices, or

19  adjusting credit analyst notes for all customers, including, but not limited to, any "receipt write-

20  offs" or 5160101 refunds.

21  **RESPONSE TO REQUEST NO. 40:**

22       Defendants incorporate each of their General Objections as though fully set forth herein.

23  Defendants further object to Request No. 40 as overbroad, unduly burdensome, not reasonably

24  calculated to lead to the discovery of admissible evidence and purporting to require the

25  production of documents protected by the attorney-client privilege and attorney work product

26  doctrine.  Subject to and without waiving the foregoing objections, Defendants will produce

27  responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to

28  debit memoranda identified in the Complaint as occurring on November 17, 2000.

1 | **REQUEST NO. 41:**

2 |     All documents and communications between and among the members of Oracle's Credit

3 | Collections Group and accounts receivable department, discussing the November 2000 credit

4 | and/or debit memos, on account cleanup, invoice adjustments, including during the relevant time

5 | period and between October 1, 2002 and March 31, 2003.

6 | **RESPONSE TO REQUEST NO. 41:**

7 |     Defendants incorporate each of their General Objections as though fully set forth herein.

8 | Defendants further object to Request No. 41 as overbroad as to scope and time, unduly

9 | burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

10 | purporting to require the production of documents protected by the attorney-client privilege and

11 | attorney work product doctrine.   Subject to and without waiving the foregoing objections,

12 | Defendants will produce responsive, non-privileged documents for the period June 1, 2000 –

13 | March 1, 2001 that relate to debit memoranda identified in the Complaint as occurring on

14 | November 17, 2000.

15 |

16 | **REQUEST NO. 42:**

17 |     All documents and communications generated during the relevant time period and from

18 | October 1, 2002 to the present relating to November 17, 2000 debit memos and/or unapplied

19 | cash.

20 | **RESPONSE TO REQUEST NO. 42:**

21 |     Defendants incorporate each of their General Objections as though fully set forth herein.

22 | Defendants further object to Request No. 42 as overbroad as to time, unduly burdensome, not

23 | reasonably calculated to lead to the discovery of admissible evidence and purporting to require

24 | the production of documents protected by the attorney-client privilege and attorney work product

25 | doctrine.  Subject to and without waiving the foregoing objections, Defendants will produce

26 | responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to

27 | debit memoranda identified in the Complaint as occurring on November 17, 2000.

28 |

1

**REQUEST NO. 43:**

2       All documents and communications relating to transactions in Oracle's 25005 account

3   occurring between November 1, 2000 and November 30, 2000 and between October 11, 2002 and

4   March 31, 2003.

5   **RESPONSE TO REQUEST NO. 43:**

6       Defendants incorporate each of their General Objections as though fully set forth herein.

7   Defendants further object to Request No. 43 as overbroad as to time, unduly burdensome, not

8   reasonably calculated to lead to the discovery of admissible evidence and purporting to require

9   the production of documents protected by the attorney-client privilege and attorney work product

10  doctrine.   Subject to and without waiving the foregoing objections, Defendants will produce

11  responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to

12  debit memoranda identified in the Complaint as occurring on November 17, 2000.

13

14  **REQUEST NO. 44:**

15      All documents and communications relating to any "On Account" clean up or

16  reconciliation of Oracle's "On Account" during the relevant time period and/or between

17  October 1, 2002 and March 31, 2003.

18  **RESPONSE TO REQUEST NO. 44:**

19      Defendants incorporate each of their General Objections as though fully set forth herein.

20  Defendants further object to Request No. 44 as overbroad as to time, unduly burdensome, not

21  reasonably calculated to lead to the discovery of admissible evidence and purporting to require

22  the production of documents protected by the attorney-client privilege and attorney work product

23  doctrine.   Subject to and without waiving the foregoing objections, Defendants will produce

24  responsive, non-privileged documents for the period June 1, 2000 – March 1, 2001 that relate to

25  debit memoranda identified in the Complaint as occurring on November 17, 2000.

26

27

28

1    <u>**REQUEST NO. 45:**</u>

2        All documents and communications created during or relating to the relevant time period

3    concerning any "receipt write-offs" or 5160101 refunds.

4    <u>**RESPONSE TO REQUEST NO. 45:**</u>

5        Defendants incorporate each of their General Objections as though fully set forth herein.

6    Defendants further object to Request No. 45 as overbroad, unduly burdensome and not reasonably

7    calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

8    foregoing objections, Defendants will produce responsive, non-privileged documents for the

9    period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

10   as occurring on November 17, 2000.

11

12   <u>**REQUEST NO. 46:**</u>

13        All documents and communications concerning Oracle's customer activity detail 12601

14   spreadsheets.

15   <u>**RESPONSE TO REQUEST NO. 46:**</u>

16        Defendants incorporate each of their General Objections as though fully set forth herein.

17   Defendants further object to Request No. 46 as overbroad, unduly burdensome and not reasonably

18   calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

19   foregoing objections, Defendants will produce responsive, non-privileged documents for the

20   period June 1, 2000 – March 1, 2001 that relate to debit memoranda identified in the Complaint

21   as occurring on November 17, 2000.

22

23   <u>**REQUEST NO. 47:**</u>

24        All documents and communications distributed to or prepared, received or reviewed by

25   any member of the SLC relating to the SLC investigation of claims in the Delaware Derivative

26   Action, the California Derivative Action, and the Federal Securities Action.

27

28

**RESPONSE TO REQUEST NO. 47:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 47 as overbroad, unduly burdensome. Defendants further object to Request No. 47 as the SLC's report, interview summaries and notes, and advice and analysis received from the SLC's counsel (or consultants acting at the direction of counsel) are protected by the attorney-client privilege and attorney work product doctrine.

**REQUEST NO. 48:**

All documents relating to any meetings of the Board or any committees thereof (including the SLC) or any committees or groups which reported to the Board (including the executive management committee), including all Board packets, documents, or other materials reviewed by the board, any of its committees, or any groups reporting to the Board, all notes taking during any such meetings, and all documents memorializing any such meetings.

**RESPONSE TO REQUEST NO. 48:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to Request No. 48 as overbroad, unduly burdensome and purporting to require the production of documents protected by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendants will produce non-privileged documents relating to meetings of the Board, the Finance and Audit Committee of the Board and the Executive Management Committee for the period June 1, 2000 – March 1, 2000 that may have been seen by, communicated to, or relied on by the Speakers.

Dated: January 18, 2004

MAYER, BROWN, ROWE & MAW LLP

By: _Lee H. Rubin / rje_

Lee Rubin
Attorneys for Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley and Edward J. Sanderson

DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR DOCUMENTS
CASE NO. C-01-0988-MJJ

1

## PROOF OF SERVICE

2       I, JESSICA FERNANDEZ, declare:

3       I am a resident of the State of California and over the age of eighteen years, and not a party

4   to the within action;  my business address is:  Two Palo Alto Square, Suite 300, Palo Alto,

5   California 94306.

6       On January 18, 2005, I served the foregoing document(s) described as:

7   **DEFENDANTS' RESPONSE TO FIRST SET OF REQUESTS FOR DOCUMENTS**

8       ☒  By transmitting via facsimile the document(s) listed above (exclusive of exhibits) to the
9           fax number(s) set forth below on this date before 5:00 p.m.

10      ☑  By placing the document(s) listed above in a sealed envelope with postage prepaid, via
           First Class Mail, in the United States mail at Palo Alto, California addressed as set forth
11          below.

12      ☐  By personally delivering the document(s) listed above to the person(s) at the address(es)
           set forth below.

13      ☐  By placing the document(s) listed above in a sealed overnight service envelope and
14          affixing a pre-paid air bill, and causing the envelope to be delivered to an overnight
           service agent for delivery.

15

16  Sanford Svetcov                         William S. Lerach
    Shawn A. Williams                       Mark Solomon
17  Willow E. Radcliffe                     Douglas Britton
    **LERACH, COUGHLIN, STOIA,**            **LERACH, COUGHLIN, STOIA,**
18    **GELLER, RUDMAN & ROBBINS LLP**        **GELLER, RUDMAN & ROBBINS LLP**
    100 Pine Street, Suite 2600             401 B Street, Suite 1700
19  San Francisco, CA 94111                 San Diego, CA 92101
    Fax: (415) 288-4534                     Fax: (619) 231-7423

20      I am readily familiar with the firm's practice of collection and processing correspondence

21  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

22  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

23  motion of the party served, service is presumed invalid if postal cancellation date or postage meter

24  date is more than one day after date of deposit for mailing in affidavit.

25      I declare under penalty of perjury that the foregoing is true and correct.

26      I declare that I am employed in the office of a member of the bar of this court at whose

27

28

1  direction the service was made.

2      Executed on January 18, 2005 at Palo Alto, California.

3

4

5  JESSICA FERNANDEZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28