Exhibit 21



ORACLE CORPORATION
ACCOUNTS PAYABLE
1001 SUNSET BLVD
ROCKLIN, CA 95765
(916)315-4271

DRAWN ON
WACHOVIA BANK, N.A.
GREENVILLE, SOUTH CAROLINA

IN COOPERATION WITH & PAYABLE IF DESIRED AT
**WELLS FARGO BANK**
NATIONAL ASSOCIATION
# 4759-607997          67-1
                       532

**Not valid
after 90 days**

| CHECK DATE | CHECK NUMBER |
|---|---|
| 05/23/02 | 1509347 |

**PAY**   *One hundred seventy eight thousand three hundred forty six and 77/100 Dollars*

**CHECK AMOUNT**

**$178,346.77**

TO THE
**ORDER**
OF

HOUSEHOLD FINANCE
Davidson, Michelle
1501 Feehanville Drive
N/A
MOUNT PROSPECT, IL 60056

ASSISTANT TREASURER
**AUTHORIZED SIGNATURE**

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

⑈1509347⑈ ⑆053200019⑆   5404  37134⑈

HSBC 000001

DRACLE    ORACLE CORPORATION    ACCOUNTS PAYABLE    ROCKLIN, CA  95765 (916)315-4271

**CHECK NO. 1509347**

| DATE: 05/23/02 | CUST. ACCT. NO: | | VENDOR NAME: HOUSEHOLD FINANCE | | VENDOR NO: 161199 |
|---|---|---|---|---|---|
| **INVOICE NUMBER** | **INVOICE DATE** | **DESCRIPTION** | | **DISCOUNT AMOUNT** | **NET AMOUNT** |
| AR5162475 | 14-MAY-02 | For Customer Refunds from AR | | | 178,346.77 |

CC 990559
8 L 7499014
MSD
5/29

PLEASE DETACH AND RETAIN THIS STATEMENT AS YOUR RECORD OF PAYMENT.    *Thank You*    | | $178,346.77 |

HSBC 000002

## *ACCOUNTS PAYABLE DEBIT / CREDIT MEMO SUMMARY*

**Auditor** Herb Wagner
**Date** 04/11/2002

| | | | |
|---|---|---|---|
| **Supplier Name** | Oracle | **Action Required** | **Item Number** P152 |
| **Supplier Number** | 0000009187 | Process Refund Payment | |

**Error Type** RTN Other      **Refund Date**      **Refund Number**

| | | |
|---|---|---|
| **Recovery Currency Code** | USD | **Recovery Amount (Tax included)** 93,191.91 |
| **Recovery Conversion Rate** | 1.000000 | **Tax 1** 0.00 |
| **Recovery Amount Base Currency** | 93,191.91 USD | **Tax 2** 0.00 |
| | | **Recovery Amount (Net of Tax)** 93,191.91 |

**Recovery Transaction**

| Invoice Number | various | |
|---|---|---|
| Invoice Date | | |
| Payment Number | | |
| Payment Date | | |
| Inv Amt Tax incl. | 0.00 | |
| Tax1 and Tax2 | 0.00 | 0.00 |
| Inv Amt net of Tax | 0.00 | |
| Purchase Order | | |
| Other | | |
| Other | | |

**Related Transaction**

| Invoice Number | | |
|---|---|---|
| Invoice Date | | |
| Payment Number | | |
| Payment Date | | |
| Inv Amt Tax incl. | 0.00 | |
| Tax1 and Tax2 | 0.00 | 0.00 |
| Inv Amt net of Tax | 0.00 | |
| Purchase Order | | |
| Other | | |
| Other | | |

**Contact Person** Kathy Orr PRG 3rd Call      **Phone**
**Title**      **Fax**

**Reason for Deficiency**

Six invoices dating from 3/91 to 10/94 were billed and paid in full then the vendor credited in full. IF credit memos were issued they were not processed. IF Unapplied cash, Household did not know or claim. Vendor has acknowledged situation but not yet committed to full refund. When advised, the item will be converted to Validated or non-recoverable, and amount will be confirmed/adjusted accordingly.

**Comments**

| Item | Date | Contact Person | Comments |
|---|---|---|---|
| 1 | 04/08/2002 | Kathy Orr | Oracle contact confirmed to Kathy that these items exist. Refund decision forthcoming. IF/When refund confirmed will convert to Validated. |

HSBC 000003

## ACCOUNTS PAYABLE DEBIT / CREDIT MEMO SUMMARY

**Auditor** Herb Wagner
**Date** 04/11/2002

| | | | |
|---|---|---|---|
| **Supplier Name** | Oracle | **Action Required** | **Item Number** P151 |
| **Supplier Number** | 0000009187 | Process Refund Payment | |

**Error Type** RTN Other

**Refund Date** **Refund Number**

| | |
|---|---|
| **Recovery Currency Code** | USD |
| **Recovery Conversion Rate** | 1.000000 |
| **Recovery Amount Base Currency** | 76,165.07 USD |

| | |
|---|---|
| **Recovery Amount (Tax included)** | 76,165.07 |
| **Tax 1** | 0.00 |
| **Tax 2** | 0.00 |
| **Recovery Amount (Net of Tax)** | 76,165.07 |

**Recovery Transaction**

| Invoice Number | various | |
|---|---|---|
| Invoice Date | | |
| Payment Number | | |
| Payment Date | | |
| Inv Amt Tax incl. | 0.00 | |
| Tax1 and Tax2 | 0.00 | 0.00 |
| Inv Amt net of Tax | 0.00 | |
| Purchase Order | | |
| Other | | |
| Other | | |

**Related Transaction**

| Invoice Number | | |
|---|---|---|
| Invoice Date | | |
| Payment Number | | |
| Payment Date | | |
| Inv Amt Tax incl. | 0.00 | |
| Tax1 and Tax2 | 0.00 | 0.00 |
| Inv Amt net of Tax | 0.00 | |
| Purchase Order | | |
| Other | | |
| Other | | |

**Contact Person** Kathy Orr  PRG 3rd Call   **Phone**
**Title**   **Fax**

**Reason for Deficiency**

Two invoices paid in full but vendor adjusted in full leaving unapplied cash inv 3014047, 10/30/1990 for $25,000.00, and inv 3015341, 11/30/1990 for $45,000.00. One invoice, 225371, 4/30/1992 for $6,765.01, paid in full, fully credited then adjusted back to billing of $599.94 reswulting in unapplied cash of $6,165.07. Oracle acknowledges situation but has not yet committed to the refund. Decision shortly, when made will transfer to Validated or Non-recoverable.

**Comments**

| Item | Date | Contact Person | Comments |
|---|---|---|---|
| 1 | 04/08/2002 | Kathy Orr | Oracle contact confirmed to Kathy that these items exist. Refund decision forthcoming. IF/When refund confirmed will convert to Validated. |

HSBC 000004

## *ACCOUNTS PAYABLE DEBIT / CREDIT MEMO SUMMARY*

**Auditor**  Herb Wagner
**Date**  04/11/2002

**Supplier Name**  Oracle
**Supplier Number**  0000009187

**Action Required**  Process Refund Payment
**Item Number**  P150

**Error Type**  UTX   Item is tax exempt

**Refund Date**                  **Refund Number**

**Recovery Currency Code**  USD
**Recovery Conversion Rate**  1.000000
**Recovery Amount Base Currency**  3,894.51   USD

**Recovery Amount (Tax included)**   3,894.51
**Tax 1**   0.00
**Tax 2**   0.00
**Recovery Amount (Net of Tax)**   3,894.51

**Recovery Transaction**

| Invoice Number | various | |
|---|---|---|
| Invoice Date | | |
| Payment Number | | |
| Payment Date | | |
| Inv Amt Tax incl. | 0.00 | |
| Tax1 and Tax2 | 0.00 | 0.00 |
| Inv Amt net of Tax | 0.00 | |
| Purchase Order | | |
| Other | | |
| Other | | |

**Related Transaction**

| Invoice Number | | |
|---|---|---|
| Invoice Date | | |
| Payment Number | | |
| Payment Date | | |
| Inv Amt Tax incl. | 0.00 | |
| Tax1 and Tax2 | 0.00 | 0.00 |
| Inv Amt net of Tax | 0.00 | |
| Purchase Order | | |
| Other | | |
| Other | | |

**Contact Person**  Kathy Orr  PRG 3rd Call      **Phone**
**Title**                                       **Fax**

**Reason for Deficiency**

Three invoice with billed and paid tax for tax exempt items.  Inv 150400, 5/26/1990 with $418.91, inv 151719, 6/3/1990 with $357.49, and inv 995564, 5/19/98 with $3118.11 in Tax that should not have been billed.  Vendor acknowledges situsation but has not committed to refund, yet.

**Comments**

| Item | Date | Contact Person | Comments |
|---|---|---|---|
| 1 | 04/08/2002 | Kathy Orr | Oracle contact confirmed to Kathy that these items included taxes that should not be billed. Refund decision forthcoming.  IF/When refund confirmed will convert to Validated. |

HSBC 000005

*HHI / ORACLE* (handwritten)

| INVOICE | INV DATE | INV. AMOUNT | OPEN CASH | OPEN REASON (MY EDUCATED GUESS) | Possible Check or Wire Number |
|---|---|---|---|---|---|
| 160400 | 05/26/1990 | $ 6,403.31 | 418.91 | Tax paid on $5984.40 at 7% ; tax adjusted | |
| 151719 | 06/03/1990 | $ 5,464.49 | 357.49 | Tax paid on $5107.00 at 7% ; tax adjusted | |
| 3014047 | 10/30/1990 | $ 25,000.00 | 25,000.00 | INVOICE ADJUSTED IN FULL AND PAID IN FULL | 89490 |
| 3015341 | 11/30/1990 | $ 45,000.00 | 45,000.00 | INVOICE ADJUSTED IN FULL AND PAID IN FULL | |
| 3017533 | 03/11/1991 | $ 3,208.95 | 3,208.95 | INVOICE CREDITED IN FULL AND PAID IN FULL | |
| 3017529 | 03/11/1991 | $ 1,145.96 | 1,145.96 | INVOICE CREDITED IN FULL AND PAID IN FULL | |
| 3018186 | 04/04/1991 | $ 12,000.00 | 12,000.00 | INVOICE CREDITED IN FULL AND PAID IN FULL | |
| 253334 | 10/28/1991 | $ 191.96 | 191.96 | INVOICE CREDITED IN FULL AND PAID IN FULL | |
| 22837 | 04/30/1992 | $ 7,423.13 | 6,165.07 | Invoice paid in full, $6765.01 Credited, $599.94 adjusted back | |
| 498798 | 10/26/1994 | $ 60,180.00 | 60,180.00 | INVOICE CREDITED IN FULL AND PAID IN FULL | |
| 498799 | 10/26/1994 | $ 16,465.04 | 16,465.04 | INVOICE CREDITED IN FULL AND PAID IN FULL | |
| 995564 | 05/19/1998 | $ 53,007.85 | 3,118.11 | Tax paid on $49889.74 at 6.25% ; tax adjusted | 67021191 |
| | | $ | 3,152.06 | | |
| | | $ | 212.42 | | |
| | | $ | 1,329.85 | | |
| | | $ | 400.95 | | |

(probably in 78K) (handwritten)

Handwritten notes:

178,346.57

418.91
352.49
313.811
3,869.51

25,000
45,000
6,165.07
(76,165.07)

3,208.95
1,145.96
12,000.00
191.76
60,180.00
16,465.04
93,191.91

HSBC 000006

Exhibit 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ORACLE SECURITIES LITIGATION              No. C-01-0988 MJJ (JCS)

_____          **ORDER GRANTING PLAINTIFFS'
                                                 MOTION TO COMPEL PRODUCTION**
This Document Relates To:                         **OF DOCUMENTS  [Docket No. 368]**

ALL ACTIONS.

_____/

On October 7, 2005, the parties filed a Joint Letter Brief regarding Defendants' document production [Docket No. 368]. The Court treats the Letter Brief as a motion by Plaintiffs to compel the production of documents (the "Motion"). A hearing was held on October 18, 2005, at 11:00 a.m., before the undersigned. Counsel for all parties appeared.

Good cause appearing and for the reasons stated on the record, IT IS HEREBY ORDERED that the Motion is GRANTED. Within thirty (30) days from today's date, Defendants shall produce all of the following:

1.      All electronic information, including electronic images of documents, relating to the debit memos at issue in this case and all transactions that underlie those debit memos, where the debit memos are in amounts of $100,000 or greater.

2.      All paper documents relating to the debit memos at issue in this case and all transactions that underlie those debit memos, where the debit memos are in amounts of $1,000,000 or greater.

3.      This Order is without prejudice to Plaintiffs' right to come to this Court and seek additional production of documents and electronic information related to the debit memos, upon a showing of good cause.

**United States District Court**
For the Northern District of California

1    IT IS SO ORDERED.

2

3    Dated: October 19, 2005

4                                             _____

5                                             JOSEPH C. SPERO
                                              United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Exhibit 23

1   MAYER, BROWN, ROWE & MAW LLP
    Donald M. Falk (SBN 150256)
2   Lee H. Rubin (SBN 141331)
    Shirish Gupta (SBN 205584)
3   Two Palo Alto Square, Suite 300
    Palo Alto, California 94306
4   Telephone:    (650) 331-2030
    Facsimile:    (650) 331-2060                    REC'D DEC 1 5 2004

5

6   MAYER, BROWN, ROWE & MAW LLP
    Alan N. Salpeter (admitted *pro hac vice*)
7   Javier Rubinstein (admitted *pro hac vice*)
    Vincent P. Schmeltz III (admitted *pro hac vice*)
8   190 South LaSalle Street
    Chicago, IL  60603-3441
9   Telephone:    (312) 782-0600
    Facsimile:    (312) 701-7711

10  Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
    J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON
11
    ORACLE CORPORATION
12  Dorian Daley (SBN 129049)
    James C. Maroulis (SBN 208316)
13  500 Oracle Parkway
    Mailstop 5OP7
14  Redwood Shores, California 94065
    Telephone:    (650) 506-5200
15  Facsimile:    (650) 506-7114

16  Attorneys for Defendant ORACLE CORPORATION

17                  UNITED STATES DISTRICT COURT

18      NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

19

20  | IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ (Consolidated) |

21

22  | This Document Relates To: | **AMENDED ANSWER TO REVISED SECOND AMENDED COMPLAINT** |

23
    ALL ACTIONS.
24
                                                    **Judge Martin J. Jenkins**
25

26

27

28

1    Defendants Oracle Corporation ("Oracle"), Lawrence, J. Ellison ("Ellison"), Jeffrey O.

2    Henley ("Henley") and Edward J. Sanderson ("Sanderson") (collectively "Defendants") hereby

3    submit this Amended Answer to Plaintiffs' Revised Second Amended Class Action Complaint,

4    dated December 9, 2002 ("Complaint"):

5    <b><u>PRELIMINARY STATEMENT</u></b>

6    The Complaint contains numerous allegations concerning Defendants.  Unless otherwise

7    specifically indicated, Defendants each lack knowledge or information sufficient to form a belief as

8    to the truth of any of the allegations concerning the knowledge of others:

9    <b><u>ANSWER</u></b>

10   <b>SUMMARY OF THE ACTION</b>

11   1.    Defendants admit that plaintiffs purport to bring this action as alleged.  Defendants

12   admit that Oracle's fiscal year 2001 ran from June 1, 2000 to May 31, 2001, Oracle's second

13   quarter of fiscal year 2001 ran from September 1, 2000 to November 30, 2000 and Oracle's third

14   quarter of fiscal year 2001 ("3Q01") ran from December 1, 2000 to February 28, 2001.  Defendants

15   admit that Ellison was one of Oracle's founders.  Defendants further admit that in 3Q01, (i) Ellison

16   was the Chief Executive Officer and Chairman of the Board of Directors of Oracle; (ii) Henley was

17   an Executive Vice President and the Chief Financial Officer of Oracle and (iii) Sanderson was an

18   Executive Vice President of Oracle.  Defendants deny any remaining allegations in paragraph 1.

19   2.    Defendants admit the allegations in paragraph 2.

20   3.    Defendants admit that (i) Oracle has focused on becoming the principal vendor of

21   high-end database management systems and (ii) Oracle has been a leader in the database

22   management market since the mid-1980s.  Defendants lack sufficient information to admit or deny

23   what the unidentified witness said.  Defendants deny any remaining allegations in the first two

24   sentences.

25   4.    Defendants admit that Suite 11i was available with a CRM module and that Oracle

26   competed with the "best of breed" application providers.  Defendants lack sufficient information to

27

28   [3] In setting forth the following Affirmative Defenses, Defendants do not assume any burden of proof not otherwise imposed upon them by law.

1   form a belief as to the truth of any allegations in paragraph 4 concerning the AMR Research study.

2   Defendants deny any remaining allegations contained in paragraph 4.

3          5.      Defendants lack sufficient information to form a belief as to the truth of the

4   allegations in the last two sentences of paragraph 5. Defendants deny any remaining allegations in

5   paragraph 5.

6          6.      Defendants admit that in the eleven quarters prior to the class period, Oracle had

7   reported increased year over year quarterly earnings. Defendants lack sufficient information to

8   admit or deny what the unidentified witnesses said. Defendants deny any remaining allegations in

9   paragraph 6.

10         7.      Defendants lack sufficient information to admit or deny what the unidentified

11  witnesses said. Defendants lack sufficient information to form a belief as to the truth of the

12  allegations in the second and third sentences of paragraph 7. Defendants deny any remaining

13  allegations in paragraph 7.

14         8.      Defendants lack sufficient information to admit or deny what the unidentified

15  witness said. Defendants deny any remaining allegations in paragraph 8.

16         9.      Defendants admit that on December 14, 2000, Oracle announced that for 3Q01, it

17  was projecting 75% applications revenue growth. Defendants admit that at some time during the

18  class period, Oracle's shares did sell for more than $34 per share. Defendants deny any remaining

19  allegations in paragraph 9.

20         10.     Defendants lack sufficient information to admit or deny what the unidentified

21  witness said. Defendants deny any remaining allegations in paragraph 10.

22         11.     Defendants lack sufficient information to admit or deny what the unidentified

23  witnesses said. Defendants deny any remaining allegations in paragraph 11.

24         12.     Defendants lack sufficient information as to the source of the quotations to admit or

25  deny these allegations. Defendants deny any remaining allegations in paragraph 12.

26         13.     Defendants lack sufficient information to admit or deny what the unidentified

27  witnesses said. Defendants deny any remaining allegations in paragraph 13.

28         14.     Defendants deny the allegations in paragraph 14.

1    15.    Defendants admit that the quotations are contained in the referenced exhibits.

2   Defendants deny any remaining allegations in paragraph 15.

3    16.    Defendants admit that the quotations are contained in the referenced exhibits.

4   Defendants deny any remaining allegations in paragraph 16.

5    17.    Defendants admit that on March 1, 2001, Oracle issued a press release. Defendants

6   deny any remaining allegations in paragraph 17.

7    18.    Defendants admit that on March 1, 2001, Oracle issued a press release stating,

8   among other things, that preliminary third quarter results showed EPS of $.10.  Defendants deny

9   any remaining allegations in paragraph 18.

10    19.    Defendants admit that Oracle's stock closed at $16.875 on March 2, 2001 and at

11   $34.563 on January 19, 2001.  Defendants lack information sufficient to admit or deny the

12   allegations in the second sentence of paragraph 19.  Defendants deny any remaining allegations in

13   paragraph 19.

14                                 **INSIDER TRADING**

15    20.    Defendants admit that between January 22, 2001 and January 31, 2001, Ellison sold

16   29,084,576 shares of Oracle stock.  Defendants deny any remaining allegations in paragraph 20.

17    21.    Defendants admit that on or about January 4, 2001, Henley sold approximately 1

18   million shares of Oracle stock.  Defendants deny any remaining allegations in paragraph 21.

19    22.    Defendants deny the allegations in paragraph 22.

20    23.    Defendants deny the allegations in paragraph 23.

21    24.    Defendants deny the allegations in paragraph 24.

22

23                             **JURISDICTION AND VENUE**

24    25.    Defendants admit that this Court has jurisdiction under §27 of the 1934 Act.

25   Defendants deny any remaining allegations in paragraph 25.

26    26.    Defendants admit that venue is proper in this district.  Defendants deny any

27   remaining allegations in paragraph 26.

28

1

**CONFIDENTIAL SOURCES**

2        27.        Defendants lack sufficient information to admit or deny the allegations in

3    paragraph 27.

4                (a) Defendants admit that General Business West division sold database and

5    applications products.  Defendants lack sufficient information to admit or deny any remaining

6    allegations in paragraph 27(a).

7                (b) Defendants lack sufficient information to admit or deny what the unidentified

8    witness said.  Defendants lack sufficient information to admit or deny the allegations in

9    paragraph 27(b).

10                (c) Defendants lack sufficient information to admit or deny the allegations in

11    paragraph 27(c).

12                (d) Defendants lack sufficient information to admit or deny the allegations in

13    paragraph 27(d).

14                (e) Defendants lack sufficient information to admit or deny the allegations in

15    paragraph 27(e).

16                (f) Defendants lack sufficient information to admit or deny what the unidentified

17    witness said.  Defendants lack sufficient information to admit or deny the allegations in

18    paragraph 27(f).

19                (g) Defendants lack sufficient information to admit or deny the allegations in the

20    first sentence of paragraph 27(g).  Defendants deny any remaining allegations in paragraph 27(g).

21                (h) Defendants lack sufficient information to admit or deny the allegations in

22    paragraph 27(h).

23                (i) Defendants lack sufficient information to admit or deny the allegations in

24    paragraph 27(i).

25                (j) Defendants admit that Mark Barrenechea was a Senior Vice President at Oracle

26    and that he reported to Ellison.  Defendants lack sufficient information to admit or deny the

27    allegations in paragraph 27(j).

28

1    (k) Defendants lack sufficient information to admit or deny the allegations in
2    paragraph 27(k).

3    (l) Defendants lack sufficient information to admit or deny the allegations in
4    paragraph 27(l).

5    (m) Defendants lack sufficient information to admit or deny the allegations in
6    paragraph 27(m).

7    (n) Defendants lack sufficient information to admit or deny the allegations in
8    paragraph 27(n).

9    (o) Defendants lack sufficient information to admit or deny the allegations in
10   paragraph 27(o).

11   (p) Defendants lack sufficient information to admit or deny the allegations in
12   paragraph 27(p).

13   (q) Defendants lack sufficient information to admit or deny the allegations in
14   paragraph 27(q).

15   (r) Defendants lack sufficient information to admit or deny the allegations in
16   paragraph 27(r).

17   (s) Defendants lack sufficient information to admit or deny any remaining
18   allegations in paragraph 27(s).

19   (t) Defendants lack sufficient information to admit or deny the allegations in
20   paragraph 27(t).

21   (u) Defendants lack sufficient information to admit or deny the allegations in
22   paragraph 27(u).

23   (v) Defendants lack sufficient information to admit or deny the allegations in
24   paragraph 27(v).

25   (w) Defendants lack sufficient information to admit or deny the allegations in
26   paragraph 27(w).

27   (x) Defendants lack sufficient information to admit or deny the allegations in
28   paragraph 27(x).

5

1          (y) Defendants lack sufficient information to admit or deny the allegations in

2    paragraph 27(y).

3          (z) Defendants lack sufficient information to admit or deny the allegations in

4    paragraph 27(z).

5          (aa) Defendants lack sufficient information to admit or deny the allegations in

6    paragraph 27(aa).

7          (bb) Defendants lack sufficient information to admit or deny the allegations in

8    paragraph 27(bb).

9          (cc) Defendants lack sufficient information to admit or deny the allegations in

10    paragraph 27(cc).

11          (dd) Defendants lack sufficient information to admit or deny the allegations in

12    paragraph 27(dd).

13          (ee) Defendants lack sufficient information to admit or deny the allegations in

14    paragraph 27(ee).

15          (ff) Defendants lack sufficient information to admit or deny the allegations in

16    paragraph 27(ff).

17          (gg) Defendants lack sufficient information to admit or deny the allegations in

18    paragraph 27(gg).

19          (hh) Defendants lack sufficient information to admit or deny the allegations in

20    paragraph 27(hh).

21          (ii) Defendants lack sufficient information to admit or deny the allegations in

22    paragraph 27(ii).

23          (jj) Defendants lack sufficient information to admit or deny the allegations in

24    paragraph 27(ii).

25          (kk) Defendants lack sufficient information to admit or deny the allegations in

26    paragraph 27(kk).

27          (ll) Defendants lack sufficient information to admit or deny the allegations in

28    paragraph 27(ll).

Amended Answer to Revised Second Amended Complaint
CASE NO.: C-01-0988-MJJ

1    (mm) Defendants lack sufficient information to admit or deny the allegations in
2  paragraph 27(mm).

3    (nn) Defendants lack sufficient information to admit or deny the allegations in
4  paragraph 27(nn).

5    (oo) Defendants lack sufficient information to admit or deny the allegations in
6  paragraph 27(oo).

7    (pp) Defendants lack sufficient information to admit or deny the allegations in
8  paragraph 27(pp).

9    (qq) Defendants lack sufficient information to admit or deny the allegations in
10  paragraph 27(qq).

11    (rr) Defendants lack sufficient information to admit or deny the allegations in
12  paragraph 27(rr).

13    (ss) Defendants lack sufficient information to admit or deny the allegations in
14  paragraph 27(ss).

15    (tt) Defendants lack sufficient information to admit or deny the allegations in
16  paragraph 27(tt).

17    (uu) Defendants lack sufficient information to admit or deny the allegations in
18  paragraph 27(uu).

19    (vv) Defendants lack sufficient information to admit or deny the allegations in
20  paragraph 27(vv).

21    (ww) Defendants admit that Mike Quinn was the Vice President of Americas
22  Revenue Accounting of Oracle and that Jennifer Minton was a Senior Vice President and
23  Corporate Controller of Oracle.  Defendants lack sufficient information to admit or deny the
24  allegations in paragraph 27(ww).

25

26    **THE PARTIES**

27    28.    Defendants lack sufficient information to admit or deny the allegations in
28  paragraphs 28(a) and (b).

7

1    29.    Defendants admit that Oracle supplies software for business information

2    management, that during the class period, Oracle had approximately 5.6 billion shares of common

3    stock outstanding, and that Oracle's shares are traded on the NASDAQ National Market.

4    Defendants deny any remaining allegations in paragraph 29.

5    30.    Defendants admit the allegations in paragraph 30.

6    31.    Defendants admit the allegations in paragraph 31.

7    32.    Defendants admit the allegations in the first sentence of paragraph 32.  Defendants

8    lack sufficient information to admit or deny any remaining allegations in paragraph 32.

9    33.    Defendants admit that the quotation is contained in the referenced exhibit.

10   Defendants deny any remaining allegations in paragraph 33.

11   34.    Defendants admit that the quotation, without the added emphasis, is contained in the

12   referenced exhibit.  Defendants deny any remaining allegations in paragraph 34.

13

14                    **FALSE AND MISLEADING STATEMENTS**

15                    **DURING THE CLASS PERIOD**

16   35.    Defendants admit that the quotation, without the added emphasis, is contained in the

17   referenced exhibit.  Defendants deny any remaining allegations in paragraph 35.

18   36.    Defendants lack sufficient information to admit or deny what the unidentified

19   witnesses said.  Defendants deny any remaining allegations in paragraph 36.

20          (a) Defendants lack sufficient information to admit or deny the allegations in

21   paragraph 36(a).

22          (b) Defendants lack sufficient information to admit or deny the allegations in

23   paragraph 36(b).

24          (c) Defendants lack sufficient information to admit or deny the allegations in the

25   first sentence of paragraph 36(c).  Defendants lack sufficient information to admit or deny what the

26   unidentified witness said.  Defendants deny any remaining allegations in paragraph 36(c),

27          (d) Defendants lack sufficient information to admit or deny what the unidentified

28   witness said.

1     37.    Defendants admit that the quotation is contained in the referenced exhibit.

2     Defendants lack sufficient information to admit or deny what the unidentified witness said.

3     Defendants deny any remaining allegations in paragraph 37.

4              (a) Defendants lack sufficient information to admit or deny what the unidentified

5     witness said.  Defendants deny any remaining allegations in paragraph 37(a).

6              (b) Defendants lack sufficient information to admit or deny what the unidentified

7     witness said.  Defendants deny any remaining allegations in paragraph 37(b).

8              (c) Defendants lack sufficient information to admit or deny what the unidentified

9     witness said.  Defendants deny any remaining allegations in paragraph 37(c).

10             (d) Defendants lack sufficient information to admit or deny what the unidentified

11    witness said.  Defendants deny any remaining allegations in paragraph 37(d).

12    38.    Defendants lack sufficient information to admit or deny what the unidentified

13    witnesses said.  Defendants deny any remaining allegations in paragraph 38.

14             (a) Defendants lack sufficient information to admit or deny what the unidentified

15    witness said.  Defendants deny any remaining allegations in paragraph 38(a).

16             (b) Defendants lack sufficient information to admit or deny what the unidentified

17    witness said.  Defendants deny any remaining allegations in paragraph 38(b).

18             (c) Defendants lack sufficient information to admit or deny what the unidentified

19    witness said.  Defendants deny any remaining allegations in paragraph 38(c).

20             (d) Defendants lack sufficient information to admit or deny what the unidentified

21    witness said.  Defendants deny any remaining allegations in paragraph 38(d).

22             (e) Defendants lack sufficient information to admit or deny what the unidentified

23    witness said.  Defendants deny any remaining allegations in paragraph 38(e).

24             (f) Defendants lack sufficient information to admit or deny what the unidentified

25    witness said.  Defendants deny any remaining allegations in paragraph 38(f).

26             (g) Defendants lack sufficient information to admit or deny what the unidentified

27    witnesses said.  Defendants deny any remaining allegations in paragraph 38(g).

28

9

1   39.   Defendants lack sufficient information to admit or deny the allegations in

2   paragraph 39.

3   40.   Defendants lack sufficient information to admit or deny the allegations in

4   paragraph 40.

5   41.   Defendants admit that Oracle's Form 10-Q for the quarter ending August 31, 2000

6   lists Customer advances and unearned revenues as $1,269,585,000 and that Oracle's Form 10-Q for

7   the quarter ending November 30, 2000 lists Customer advances and unearned revenues as

8   $1,053,809,000.  Defendants deny any remaining allegations in paragraph 41.

9   (a) Defendants lack sufficient information to admit or deny what the unidentified

10   witnesses said.  Defendants deny any remaining allegations in paragraph 41(a).

11   (b) Defendants lack sufficient information to admit or deny what the unidentified

12   witnesses said.  Defendants deny any remaining allegations in paragraph 41(b).

13   (c) Defendants lack sufficient information to admit or deny what the unidentified

14   witnesses said.  Defendants deny any remaining allegations in paragraph 41(c)

15   (d) Defendants lack sufficient information to admit or deny what the unidentified

16   witness said.  Defendants deny any remaining allegations in paragraph 41(d).

17   (e) Defendants deny the allegations in paragraph 41(e).

18   (f) Defendants deny the allegations in paragraph 41(f).

19   42.   Defendants deny the allegations in paragraph 42.

20   43.   Defendants lack sufficient information to admit or deny what the unidentified

21   witness said.  Defendants deny any remaining allegations in paragraph 43.

22   44.   To the extent that the allegations in paragraph 44 asserts legal conclusions, no

23   response is required.  Defendants deny the allegations in paragraph 44.

24   45.   Defendants deny the allegations in paragraph 45.

25   (a) Defendants admit that the quotation, without the added emphasis, is contained in

26   the referenced exhibit.  Defendants deny any remaining allegations in paragraph 45(a).

27   (b) Defendants admit that the quotation, without the added emphasis, is contained in

28   the referenced exhibit.  Defendants deny any remaining allegations in paragraph 45(b).

1           (c) Defendants admit that the quotation, without the added emphasis, is contained in

2    the referenced exhibit.  Defendants deny any remaining allegations in paragraph 45(c).

3           (d) Defendants admit that the quotation, without the added emphasis, is contained in

4    the referenced exhibit.  Defendants deny any remaining allegations in paragraph 45(d).

5       46.    Defendants admit that the quotations, without the added emphasis, are contained in

6    the referenced exhibit.  Defendants deny any remaining allegations in paragraph 46.

7       47.    Defendants deny the allegations in paragraph 47.

8           (a) Defendants lack sufficient information to admit or deny what the unidentified

9    witness said.  Defendants deny any remaining allegations in paragraph 47(a).

10          (b) Defendants lack sufficient information to admit or deny what the unidentified

11   witness said.  Defendants deny any remaining allegations in paragraph 47(b).

12          (c) Defendants lack sufficient information to admit or deny what the unidentified

13   witness said.  Defendants deny any remaining allegations in paragraph 47(c).

14          (d) Defendants lack sufficient information to admit or deny what the unidentified

15   witness said.  Defendants deny any remaining allegations in paragraph 47(d).

16          (e) Defendants lack sufficient information to admit or deny what the unidentified

17   witness said.  Defendants deny any remaining allegations in paragraph 47(e).

18          (f) Defendants lack sufficient information to admit or deny what the unidentified

19   witness said.  Defendants deny any remaining allegations in paragraph 47(f).

20          (g) Defendants lack sufficient information to admit or deny what the unidentified

21   witnesses said.  Defendants deny any remaining allegations in paragraph 47(g).

22          (h) Defendants lack sufficient information to admit or deny what the unidentified

23   witness said.  Defendants deny any remaining allegations in paragraph 47(h).

24          (i) Defendants lack sufficient information to admit or deny what the unidentified

25   witnesses said.  Defendants deny any remaining allegations in paragraph 47(i).

26          (j) Defendants lack sufficient information to admit or deny what the unidentified

27   witnesses said.  Defendants deny any remaining allegations in paragraph 47(j).

28

**Amended Answer to Revised Second Amended Complaint**
**CASE NO.: C-01-0988-MJJ**

1    (k) Defendants lack sufficient information to admit or deny what the unidentified

2    witnesses said.  Defendants deny any remaining allegations in paragraph 47(k).

3    (l) Defendants lack sufficient information to admit or deny what the unidentified

4    witness said.  Defendants deny any remaining allegations in paragraph 47(l).

5    (m) Defendants lack sufficient information to admit or deny what the unidentified

6    witnesses said.  Defendants deny any remaining allegations in paragraph 47(m).

7    (n) Defendants lack sufficient information to admit or deny what the unidentified

8    witness said.  Defendants deny any remaining allegations in paragraph 47(n).

9    (o) Defendants lack sufficient information to admit or deny what the unidentified

10   witnesses said.  Defendants deny any remaining allegations in paragraph 47(o).

11   (p) Defendants lack sufficient information to admit or deny what the unidentified

12   witness said.  Defendants deny any remaining allegations in paragraph 47(p).

13   (q) Defendants lack sufficient information to admit or deny what the unidentified

14   witness said.  Defendants deny any remaining allegations in paragraph 47(q).

15   (r) Defendants lack sufficient information to admit or deny what the unidentified

16   witnesses said.  Defendants deny any remaining allegations in paragraph 47(r).

17   (s) Defendants lack sufficient information to admit or deny what the unidentified

18   witnesses said.  Defendants deny any remaining allegations in paragraph 47(s).

19   (t) Defendants lack sufficient information to admit or deny what the unidentified

20   witness said.  Defendants deny any remaining allegations in paragraph 47(t).

21   (u) Defendants lack sufficient information to admit or deny what the unidentified

22   witness said.  Defendants deny any remaining allegations in paragraph 47(u).

23   (v) Defendants lack sufficient information to admit or deny what the unidentified

24   witness said.  Defendants deny any remaining allegations in paragraph 47(v).

25   (w) Defendants lack sufficient information to admit or deny what the unidentified

26   witnesses said.  Defendants deny any remaining allegations in paragraph 47(w).

27   (x) Defendants lack sufficient information to admit or deny what the unidentified

28   witness said.  Defendants deny any remaining allegations in paragraph 47(x).

12

1    (y) Defendants lack sufficient information to admit or deny what the unidentified

2    witness said.  Defendants deny any remaining allegations in paragraph 47(y).

3    (z) Defendants lack sufficient information to admit or deny what the unidentified

4    witness said.  Defendants deny any remaining allegations in paragraph 47(z).

5    (aa) Defendants lack sufficient information to admit or deny what the unidentified

6    witness said.  Defendants deny any remaining allegations in paragraph 47(aa).

7        48.    Defendants lack sufficient information to admit or deny what the unidentified

8    witnesses said.  Defendants deny any remaining allegations in paragraph 48.

9    (a) Defendants lack sufficient information to admit or deny what the unidentified

10   witness said.  Defendants deny any remaining allegations in paragraph 48(a).

11   (b) Defendants lack sufficient information to admit or deny what the unidentified

12   witness said.  Defendants deny any remaining allegations in paragraph 48(b).

13   (c) Defendants lack sufficient information to admit or deny what the unidentified

14   witnesses said.  Defendants deny any remaining allegations in paragraph 48(c).

15   (d) Defendants lack sufficient information to admit or deny what the unidentified

16   witnesses said.  Defendants deny any remaining allegations in paragraph 48(d).

17   (e) As to the first sentence of paragraph 48(e), Defendants lack sufficient

18   information to admit or deny what the unidentified witness said.  To the extent the allegations in

19   the remaining sentences in paragraph 48(e) are based on information obtained from unidentified

20   witnesses, Defendants lack sufficient information to admit or deny what the unidentified witness

21   said.  Defendants deny any remaining allegations in paragraph 48(e).

22   (f) Defendants lack sufficient information to admit or deny what the unidentified

23   witnesses said.  Defendants deny any remaining allegations in paragraph 48(f).

24   (g) Defendants lack sufficient information to admit or deny what the unidentified

25   witness said.  Defendants deny any remaining allegations in paragraph 48(g).

26   (h) Defendants lack sufficient information to admit or deny what the unidentified

27   witness said.  Defendants deny any remaining allegations in paragraph 48(h).

28

1    (i) Defendants lack sufficient information to admit or deny what the unidentified

2   witness said.  Defendants deny any remaining allegations in paragraph 48(i).

3    (j) Defendants lack sufficient information to admit or deny what the unidentified

4   witnesses said.  Defendants deny any remaining allegations in paragraph 48(j).

5    (k) Defendants lack sufficient information to admit or deny what the unidentified

6   witness said.  Defendants deny any remaining allegations in paragraph 48(k).

7    (l) Defendants lack sufficient information to admit or deny what the unidentified

8   witness said.  Defendants deny any remaining allegations in paragraph 48(l).

9    (m) Defendants lack sufficient information to admit or deny what the unidentified

10   witness said.  Defendants deny any remaining allegations in paragraph 48(m).

11   49.    Defendants deny the allegations in paragraph 49.

12    (a) Defendants admit that a sales and marketing application was available as part of

13   Suite 11i.  Defendants admit that the quotations, without the added emphasis, are contained in the

14   referenced exhibit.  Defendants lack sufficient information to admit or deny what the unidentified

15   witnesses said.  Defendants deny any remaining allegations in paragraph 49(a).

16    (b) Defendants admit that the quotations are contained in the referenced exhibit.

17   Defendants lack sufficient information to admit or deny what the unidentified witness said.

18   Defendants deny any remaining allegations in paragraph 49(b).

19    (c) Defendants admit that the quotations are contained in the referenced exhibit.

20   Defendants deny any remaining allegations in paragraph 49(c).

21    (d) Defendants admit that the quotations are contained in the referenced exhibit.

22   Defendants deny any remaining allegations in paragraph 49(d).

23    (e) Defendants admit that Ellison appeared at the AppsWorld conference in New

24   Orleans.  Defendants admit that the quotation, without the added emphasis, is contained in the

25   referenced exhibit.  Defendants deny any remaining allegations in paragraph 49(e).

26    (f) Defendants admit that on March 15, 2001, Oracle held a conference call.

27   Defendants admit that the quotations are contained in the referenced exhibit.  Defendants lack

28

1   sufficient information to admit or deny what the unidentified witnesses said.  Defendants deny any

2   remaining allegations in paragraph 49(f).

3          (g) Defendants admit that on March 15, 2001, Oracle held a conference call.

4   Defendants admit that the quotation is contained in the referenced exhibit.  Defendants deny any

5   remaining allegations in paragraph 49(g).

6          (h) Paragraph 49(h) states legal conclusions to which no responsive pleading is

7   required.  Defendants admit that the quotations are contained in the February 8, 2002 Answer filed

8   with the Delaware Court of Chancery in *In re Oracle Corp. Deriv. Litig.*, C.A. No. 18751.

9   Defendants deny the allegations in paragraph 49(h), including all subparts, to the extent that

10  Sanderson was not a defendant in the Delaware action.

11         50.    Defendants admit that on December 14, 2000, Oracle held a conference call.

12  Defendants admit that the quotation, without the added emphasis, is contained in the referenced

13  exhibit.  Defendants deny any remaining allegations in paragraph 50.

14         51.    Defendants admit that the quotation, without the added emphasis, is contained in the

15  referenced exhibit.  Defendants deny any remaining allegations in paragraph 51.

16         52.    Defendants deny the allegations in paragraph 52.

17         (a) Defendants lack sufficient information to admit or deny what the unidentified

18  witness said.  Defendants deny any remaining allegations in paragraph 52(a).

19         (b) Defendants lack sufficient information to admit or deny what the unidentified

20  witness said.  Defendants deny any remaining allegations in paragraph 52(b).

21         (c) Defendants lack sufficient information to admit or deny what the unidentified

22  witnesses said.  Defendants deny any remaining allegations in paragraph 52(c).

23         (d) Defendants lack sufficient information to admit or deny what the unidentified

24  witness said.  Defendants deny any remaining allegations in paragraph 52(d).

25         (e) Defendants lack sufficient information to admit or deny what the unidentified

26  witnesses said.  Defendants deny any remaining allegations in paragraph 52(e).

27         (f) Defendants admit that Oracle had several consultants working with BellSouth

28  performing various tasks, most of whom were not working on BellSouth's custom APIs.

15

**Amended Answer to Revised Second Amended Complaint**
**CASE NO.: C-01-0988-MJJ**

1    Defendants lack sufficient information to admit or deny what the unidentified witness said.

2    Defendants lack sufficient information to admit or deny the allegations in the second sentence of

3    paragraph 52(f).  Defendants deny any remaining allegations in paragraph 52(f).

4                    (g) Defendants lack sufficient information to admit or deny what the unidentified

5    witness said.  Defendants deny any remaining allegations in paragraph 52(g).

6                    (h) Defendants lack sufficient information to admit or deny what the unidentified

7    witnesses said.  Defendants deny any remaining allegations in paragraph 52(h).

8                    (i) Defendants lack sufficient information to admit or deny what the unidentified

9    witnesses said.  Defendants deny any remaining allegations in paragraph 52(i).

10                   (j) Defendants lack sufficient information to admit or deny what the unidentified

11   witness said.  Defendants deny any remaining allegations in paragraph 52(j).

12                   (k) Defendants lack sufficient information to admit or deny what the unidentified

13   witness said.  Defendants deny any remaining allegations in paragraph 52(k).

14                   (l) Defendants lack sufficient information to admit or deny what the unidentified

15   witness said.  Defendants deny any remaining allegations in paragraph 52(l).

16                   (m) Defendants lack sufficient information to admit or deny what the unidentified

17   witness said.  Defendants deny any remaining allegations in paragraph 52(m).

18                   (n) Defendants lack sufficient information to admit or deny what the unidentified

19   witness said.  Defendants deny any remaining allegations in paragraph 52(n).

20                   (o) Defendants lack sufficient information to admit or deny what the unidentified

21   witnesses said.  Defendants deny any remaining allegations in paragraph 52(o).

22                   (p) Defendants lack sufficient information to admit or deny what the unidentified

23   witness said.  Defendants deny any remaining allegations in paragraph 52(p).

24                   (q) Defendants lack sufficient information to admit or deny what the unidentified

25   witness said.  Defendants deny any remaining allegations in paragraph 52(q).

26                   (r) Defendants lack sufficient information to admit or deny what the unidentified

27   witness said.  Defendants deny any remaining allegations in paragraph 52(r).

28

**Amended Answer to Revised Second Amended Complaint**
**CASE NO.: C-01-0988-MJJ**

1    (s) Defendants lack sufficient information to admit or deny what the unidentified

2  witness said.  Defendants deny any remaining allegations in paragraph 52(s).

3    (t) Defendants lack sufficient information to admit or deny what the unidentified

4  witness said.  Defendants deny any remaining allegations in paragraph 52(t).

5    53.    Defendants admit that the quotations are contained in the referenced exhibits.

6  Defendants deny any remaining allegations in paragraph 53.

7    54.    Defendants lack sufficient information to admit or deny what the unidentified

8  witnesses said.  Defendants deny any remaining allegations in paragraph 54.

9    (a) Defendants admit that Oracle had ongoing negotiations with Telia AB.

10  Defendants lack sufficient information to admit or deny what the unidentified witness said.

11  Defendants lack sufficient information to admit or deny the fourth sentence of paragraph 54(a).

12  Defendants deny any remaining allegations in paragraph 54(a).

13    (b) Defendants admit that HP is an Oracle customer.  Defendants lack sufficient

14  information to admit or deny what the unidentified witnesses said.  Defendants lack sufficient

15  information to admit or deny the last sentence of paragraph 54(b).  Defendants deny any remaining

16  allegations in paragraph 54(b).

17    (c) Defendants admit that JDS Uniphase is an Oracle customer.  Defendants lack

18  sufficient information to admit or deny what the unidentified witness said.  Defendants lack

19  sufficient information to admit or deny the last sentence of paragraph 54(c).  Defendants deny any

20  remaining allegations in paragraph 54(c).

21    (d) Defendants lack sufficient information to admit or deny what the unidentified

22  witness said.  Defendants deny any remaining allegations in paragraph 54(d).

23    (e) Defendants lack sufficient information to admit or deny the allegations in the last

24  two sentences in paragraph 54(e).  Defendants deny any remaining allegations in paragraph 54(e).

25    (f) Defendants admit that Alliance was running Oracle's 10.7 application and that

26  Oracle announced that in June 2003, it would no longer support Oracle 10.7.  Defendants lack

27  sufficient information to admit or deny any remaining allegations in paragraph 54(f).

28

17

1         (g)  Defendants lack sufficient information to admit or deny what the unidentified

2   witness said.  Defendants deny any remaining allegations in paragraph 54(g).

3         (h) Defendants lack sufficient information to admit or deny what the unidentified

4   witness said.  Defendants lack sufficient information to admit or deny any remaining allegations in

5   paragraph 54(h).

6         (i) Defendants lack sufficient information to admit or deny what the unidentified

7   witness said.  Defendants deny any remaining allegations in paragraph 54(i).

8         (j) Defendants lack sufficient information to admit or deny what the unidentified

9   witnesses said.  Defendants lack sufficient information to admit or deny the allegations in the

10  second sentence of paragraph 54(j).  Defendants deny any remaining allegations in paragraph 54(j).

11        (k) Defendants lack sufficient information to admit or deny what the unidentified

12  witness said.  Defendants lack sufficient information to admit or deny any remaining allegations in

13  paragraph 54(k).

14        (l) Defendants lack sufficient information to admit or deny what the unidentified

15  witness said.  Defendants deny any remaining allegations in paragraph 54(l).

16        (m) Defendants lack sufficient information to admit or deny what the unidentified

17  witnesses said.  Defendants deny any remaining allegations in paragraph 54(m).

18      55.  Paragraph 55 states legal conclusions to which no responsive pleading is required.

19  Defendants lack sufficient information to admit or deny what the unidentified witnesses said.

20  Defendants deny any remaining allegations in paragraph 55.

21        (a) Defendants lack sufficient information to admit or deny what the unidentified

22  witness said.  Defendants deny any remaining allegations in paragraph 55(a).

23        (b) Defendants lack sufficient information to admit or deny what the unidentified

24  witness said.  Defendants deny any remaining allegations in paragraph 55(b).

25        (c) Defendants admit that the quotations are contained in the referenced exhibit.

26  Paragraph 55(c) states legal conclusions to which no responsive pleading is required.  Defendants

27  deny the remaining allegations in paragraph 55(c), including all subparts, to the extent that

28

1    Sanderson was not a defendant in the Delaware action. Defendants deny any remaining allegations

2    in paragraph 55(c), including all subparts.

3        56.    Defendants lack sufficient information to admit or deny what the unidentified

4    witnesses said. Defendants deny any remaining allegations in paragraph 56.

5        57.    Defendants admit that Oracle's stock traded at over $30 per share at certain times in

6    January 2001 and that on January 4, 2001, Henley sold approximately 1 million shares of Oracle

7    stock at an average price of $32.3125. Defendants deny any remaining allegations in paragraph 57.

8        58.    Defendants admit that the quotations, without the added emphasis, are contained in

9    the referenced exhibit. Defendants deny any remaining allegations in paragraph 58.

10       59(a).   Defendants lack sufficient information to admit or deny what the unidentified

11   witnesses said. Defendants deny any remaining allegations in paragraph 59(a).

12       59(b).   Defendants lack sufficient information to admit or deny what the unidentified

13   witnesses said. Defendants deny any remaining allegations in paragraph 59(b).

14       60.    Defendants admit that the quotations, without the added emphasis, are contained in

15   the referenced exhibit. Defendants deny any remaining allegations in paragraph 60.

16       61.    Defendants lack sufficient information to admit or deny what the unidentified

17   witnesses said. Defendants deny any remaining allegations in paragraph 61.

18       62.    Defendants admit that on January 19, 2001, the closing price for Oracle stock was

19   approximately $34.56 per share. Defendants deny the allegations in paragraph 62.

20       63.    Defendants admit that the quotations, without the added emphasis, are contained in

21   the referenced exhibit. Defendants deny any remaining allegations in paragraph 63.

22       64.    Defendants admit that the quotations in the last sentence of paragraph 64 are

23   contained in the reference exhibit. Defendants lack sufficient information to admit or deny what

24   the unidentified witnesses said. Defendants deny any remaining allegations in paragraph 64.

25           (a) Defendants lack sufficient information to admit or deny what the unidentified

26   witnesses said. Defendants deny any remaining allegations in paragraph 64(a).

27           (b) Defendants deny the allegations in paragraph 64(b).

28       65.    Defendants deny the allegations in paragraph 65.

19

1        (a) Defendants admit that the quotations, without the added emphasis, are contained

2  in the referenced exhibit.  Defendants deny any remaining allegations in paragraph 65(a).

3        (b) Defendants admit that the quotations, without the added emphasis, are contained

4  in the referenced exhibit.  Defendants deny any remaining allegations in paragraph 65(b).

5        (c) Defendants admit that the quotations, without the added emphasis, are contained

6  in the referenced exhibit.  Defendants deny any remaining allegations in paragraph 65(c).

7    66.    Defendants deny the allegations in paragraph 66.

8        (a) Defendants lack sufficient information to admit or deny what the unidentified

9  witnesses said.  Defendants deny any remaining allegations in paragraph 66(a).

10        (b) Defendants lack sufficient information to admit or deny what the unidentified

11  witnesses said.  Defendants deny any remaining allegations in paragraph 66(b).

12    67.    Defendants deny the allegations in paragraph 67.

13    68.    Defendants admit that the quotations, without the added emphasis, are contained in

14  the referenced exhibit.  Defendants deny any remaining allegations in paragraph 68.

15    69.    Defendants deny the allegations in paragraph 69.

16        (a) Defendants admit that the quotation in the third sentence of paragraph 69(a) is

17  contained in Plaintiffs' Exhibit 1.  Defendants lack sufficient information to admit or deny what the

18  unidentified witnesses said.  Defendants deny any remaining allegations in paragraph 69(a).

19        (b) Defendants admit that Oracle competed with the "best-of-breed" application

20  providers.  Defendants admit that the quotation in the last sentence of paragraph 69(b) is contained

21  in the referenced exhibit.  Defendants lack sufficient information to admit or deny the allegations in

22  the last five sentences of paragraph 69(b).  Defendants deny any remaining allegations in

23  paragraph 69(b).

24        (c) Defendants admit that the quotation is contained in the referenced exhibit.

25  Defendants lack sufficient information to admit or deny the allegations in paragraph 69(c).

26    70.    Defendants admit that Ellison and Henley appeared at the AppsWorld Conference in

27  February 2001.  Defendants deny any remaining allegations in paragraph 70.

28

71. Defendants admit that the quotation, without the added emphasis, is contained in the referenced exhibit. Defendants deny any remaining allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants admit that the quotation is contained in the referenced exhibit. Defendants deny any remaining allegations in paragraph 73.

74. Defendants admit that Oracle issued a press release on March 1,2001. Defendants deny any remaining allegations in paragraph 74.

75. Defendants admit that Oracle's stock closed at approximately $16.88 on March 2, 2001. Defendants lack sufficient information to admit or deny any remaining allegations in the first sentence of paragraph 75. Defendants deny any remaining allegations in paragraph 75.

## POST CLASS PERIOD ADMISSIONS

76. Defendants admit that Oracle issued a press release and held a conference call with analysts on March 15, 2001. Defendants deny any remaining allegations in paragraph 76.

77. Defendants admit that Oracle held a conference call with analysts on March 15, 2001. Defendants deny any remaining allegations in paragraph 77.

78. Defendants admit that on April 12, 2001, Oracle filed a Form 10-Q for the quarter ending February 28, 2001. Defendants admit that the quotation is contained in the referenced exhibit. Defendants deny any remaining allegations in paragraph 78.

79. Defendants admit that Oracle held a conference call with analysts on March 15, 2001. Defendants admit that the quotations are contained in the referenced exhibit. Defendants lack sufficient information to admit or deny what the unidentified witnesses said. Defendants deny any remaining allegations in paragraph 79.

80. Defendants admit that Oracle issued a press release on March 15, 2001. Defendants admit that, in 3Q01, Oracle's application software sales increased 25% to $249 million while its database software sales grew 6% to $823 million. Defendants deny any remaining allegations in paragraph 80.

1    81.    Defendants admit that Oracle held a conference call with analysts on

2  December 14, 2000 and issued a press release on March 15, 2001.  Defendants admit that, in 3Q01,

3  Oracle's application software sales increased 25% to $249 million while its database software sales

4  grew 6% to $823 million.  Defendants deny any remaining allegations in paragraph 81.

5    82.    Defendants deny the allegations in paragraph 82.

6

7                        **CLASS ACTION ALLEGATIONS**

8    83.    Defendants admit that plaintiffs purport to bring this action as alleged.  Defendants

9  deny the allegations in the last sentence of paragraph 83.  Paragraph 83 states legal conclusions to

10  which no responsive pleading is required.

11    84.    Paragraph 84 states legal conclusions to which no responsive pleading is required.

12  Defendants deny any remaining allegations in paragraph 84.

13    85.    Paragraph 85 states legal conclusions to which no responsive pleading is required.

14  Defendants deny any remaining allegations in paragraph 85.

15                        **FIRST CLAIM FOR RELIEF**

16                  **For Violation of §10(b) of the 1934 Act**

17                  **and Rule 10b-5 Against All Defendants**

18    86.    In response to paragraph 86, Defendants incorporate their responses to paragraphs 1

19  through 85 as if fully set forth herein.

20    87.    Paragraph 87 states legal conclusions to which no responsive pleading is required.

21  Defendants deny any remaining allegations in paragraph 87.

22    88.    Paragraph 88 states legal conclusions to which no responsive pleading is required.

23  Defendants deny any remaining allegations in paragraph 88.

24    89.    Paragraph 89 states legal conclusions to which no responsive pleading is required.

25  Defendants deny any remaining allegations in paragraph 89.

26    90    Paragraph 90 states legal conclusions to which no responsive pleading is required.

27  Defendants deny any remaining allegations in paragraph 90.

28

1      91.    Paragraph 91 states legal conclusions to which no responsive pleading is required.

2  Defendants deny any remaining allegations in paragraph 91

3      92.    Defendants lack sufficient information to admit or deny the allegations in

4  paragraph 92.  Defendants deny any remaining allegations in paragraph 92.

5      93.    Paragraph 93 states legal conclusions to which no responsive pleading is required.

6  Defendants deny any remaining allegations in paragraph 93.

7              **SECOND CLAIM FOR RELIEF**

8              **For Violation of §20(a) of the 1934 Act**

9      **Against Defendant Oracle and the Individual Defendants**

10      94.    In response to paragraph 94, Defendants incorporate their responses to paragraphs 1

11  through 93 as if fully set forth herein.

12      95.    Paragraph 95 states legal conclusions to which no responsive pleading is required.

13  Defendants deny any remaining allegations in paragraph 95.

14      96.    Defendants admit that Henley and Ellison were involved in the day-to-day

15  operations of Oracle.  Paragraph 96 states legal conclusions to which no responsive pleading is

16  required.  Defendants deny any remaining allegations in paragraph 96.

17      97.    Paragraph 97 states legal conclusions to which no responsive pleading is required.

18  Defendants deny any remaining allegations in paragraph 97.

19      98.    Paragraph 98 states legal conclusions to which no responsive pleading is required.

20  Defendants deny any remaining allegations in paragraph 98.

21              **THIRD CLAIM FOR RELIEF**

22              **For Violation of §20A of the 1934 Act**

23             **Against Defendants Ellison and Henley**

24      99.    In response to paragraph 99, Defendants incorporate their responses to paragraphs 1

25  through 98 as if fully set forth herein.

26      100.    Paragraph 100 states legal conclusions to which no responsive pleading is required.

27  Defendants deny any remaining allegations in paragraph 100.

28

1    101.   Defendants lack sufficient information to admit or deny the allegations in

2    paragraph 101, including subparts, regarding alleged stock trades.  Defendants deny any remaining

3    allegations in paragraph 101, including subparts.

4    102.   Paragraph 102, including subparts, states legal conclusions to which no responsive

5    pleading is required.  Defendants lack sufficient information to admit or deny the allegations in

6    paragraph 102, including subparts, regarding what plaintiffs "would" have done.  Defendants deny

7    any remaining allegations in paragraph 102, including subparts.

8    103.   Paragraph 103 states legal conclusions to which no responsive pleading is required.

9    Defendants deny any remaining allegations in paragraph 103.

10   104.   Paragraph 104 states legal conclusions to which no responsive pleading is required.

11   Defendants deny any remaining allegations in paragraph 104.

12

13                    **AFFIRMATIVE DEFENSES**[3]

14   1.   Plaintiffs lack standing to assert the claims set forth in this Complaint.

15   2.   Defendants acted in good faith and did not directly or indirectly induce the act or

16   acts constituting the alleged violations and causes of action under Section 20(a) of the Securities

17   Act of 1934.

18   3.   Every act or omission by Defendants alleged in the Complaint was done or omitted

19   in good faith conformity with the rules and regulations of the Securities and Exchange

20   Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934,

21   there is no liability for any act or omission so alleged.

22   4.   Every statement, act or omission by Defendants alleged in the Complaint, if made or

23   taken at all, was made or taken in good faith reliance on the statements and representations of

24   others.

25   5.   Plaintiffs' claims in the Second Claim for Relief are barred, in whole or in part,

26   because Plaintiffs cannot establish the primary liability necessary to assert a control person liability

27   claim.

28

6.    Plaintiffs' claims are barred, in whole or in part, based on the express notices in Oracle's public statements regarding material facts and risks concerning Oracle's securities.

7.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had actual or constructive knowledge of the alleged misstatements or omissions set forth in the Complaint at the time they purchased their Oracle shares and thus assumed the risk of a decline in value of those shares.

8.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew, or in the exercise of reasonable care should have known, of the alleged misrepresentations and omissions set forth in the Complaint and were thus negligent with respect to the purchase of their Oracle shares. This negligence was the cause in fact and proximate cause of the alleged damages asserted in the Complaint.

9.    Plaintiffs' claims are barred, in whole or in part, because the matters alleged in the Complaint to be non-public, and/or the subject of misrepresentations and omissions, were publicly disclosed and/or in the public domain, and as such, were available to Plaintiffs and were at all times reflected in the price of Oracle's common stock.

10.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not reasonably rely on any of the statements or omissions alleged in the Complaint in deciding to purchase their Oracle shares.

11.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew, or in the exercise of reasonable care should have known, the risks of investing in the stock market and thus assumed the risk of a decline in the value of their shares.

12.   Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages sustained or incurred by Plaintiffs were caused in whole or in part by their own acts or omissions for whose conduct Defendants are not responsible.

13.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to act reasonably to mitigate their damages based on the decline of the value of their Oracle shares.

1    14.    Defendants give notice of their intention to rely upon additional affirmative

2  defenses that may become available or apparent during the course of discovery, and thus reserve

3  their right to amend this answer accordingly.

4    15.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of *collateral*

5  *estoppel*/issue preclusion as a result of the Delaware Court of Chancery's grant of summary

6  judgment in favor of Defendants Henley and Ellison in *In re Oracle Corp. Deriv. Litig.*, C.A. No.

7  18751.

8                          **PRAYER FOR RELIEF**

9    WHEREFORE, Defendants pray that this Court will enter judgment as follows:

10    1.    That the Complaint be dismissed with prejudice and that Plaintiffs take nothing

11  from Defendants by their Complaint;

12    2.    For costs and attorneys' fees and

13    3.    For such other relief as the Court deems just and proper.

14  DATED:   December 14, 2004                MAYER, BROWN, ROWE & MAW LLP

15

16                                           By:_____

17                                               Lee H. Rubin
                                             Attorneys for Defendants Oracle Corporation,
18                                           Lawrence J. Ellison, Jeffrey O. Henley and
                                             Edward J. Sanderson

19

20

21

22

23

24

25

26

27

28

**Amended Answer to Revised Second Amended Complaint
CASE NO.: C-01-0988-MJJ**

1    I, JESSICA FERNANDEZ, declare:

2    I am a resident of the State of California and over the age of eighteen years, and not a party

3    to the within action;  my business address is:  Two Palo Alto Square, Suite 300, Palo Alto,

4    California 94306.

5                    On December 14, 2004, I served the foregoing document(s) described as:

6    **AMENDED ANSWER TO REVISED SECOND AMENDED COMPLAINT**

7    ☐    By transmitting via facsimile the document(s) listed above (exclusive of exhibits) to the
         fax number(s) set forth below on this date before 5:00 p.m.

8    ☒    By placing the document(s) listed above in a sealed envelope with postage prepaid, via
9         First Class Mail, in the United States mail at Palo Alto, California addressed as set forth
         below.

10   ☐    By personally delivering the document(s) listed above to the person(s) at the address(es)
11        set forth below.

12   ☐    By placing the document(s) listed above in a sealed overnight service envelope and
         affixing a pre-paid air bill, and causing the envelope to be delivered to an overnight
13        service agent for delivery.

14       Sanford Svetcov                          William S. Lerach
         Shawn A. Williams                        Darren J. Robbins
15       Reed R. Kathrein                         **LERACH, COUGHLIN, STOIA,**
         Michael Reese                            **GELLER, RUDMAN &**
16       **LERACH, COUGHLIN, STOIA,**             **ROBBINS LLP**
         **GELLER, RUDMAN &**                     401 B Street, Suite 1700
17       **ROBBINS LLP**                          San Diego, CA 92101
         100 Pine Street, Suite 2600             Fax: (619) 231-7423
18       San Francisco, CA 94111
         Fax: (415) 288-4534

19

20       I am readily familiar with the firm's practice of collection and processing correspondence

21   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

22   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

23   motion of the party served, service is presumed invalid if postal cancellation date or postage meter

24   date is more than one day after date of deposit for mailing in affidavit.

25       I declare under penalty of perjury that the foregoing is true and correct.

26

27

28

1    I declare that I am employed in the office of a member of the bar of this court at whose

2  direction the service was made.

3    Executed on December 14, 2004 at Palo Alto, California.

4

5

6  JESSICA FERNANDEZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28