MAYER, BROWN, ROWE & MAW LLP
Donald M. Falk (SBN 150256)
Lee H. Rubin (SBN 141331)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier Rubinstein (admitted *pro hac vice*)
Vincent P. Schmeltz III (admitted *pro hac vice*)
71 South Wacker Drive
Chicago, IL  60606-4637
Telephone:    (312) 782-0600
Facsimile:    (312) 701-7711
jrubinstein@mayerbrownrowe.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
Dorian Daley (SBN 129049)
James C. Maroulis (SBN 208316)
500 Oracle Parkway, Mailstop 5OP7
Redwood Shores, California 94065
Telephone:    (650) 506-5200
Facsimile:    (650) 506-7114
jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. C-01-0988-MJJ (JCS)<br>(Consolidated)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF VINCENT P. SCHMELTZ III IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**<br><br>DATE:    January 27, 2006<br>TIME:    1:30 p.m.<br>CTRM:    A, 15TH Floor<br>Magistrate Judge Joseph C. Spero |

**DECLARATION OF VINCENT P. SCHMELTZ III**

I, VINCENT P. SCHMELTZ III, declare and state that:

1. I am an attorney admitted *pro hac vice* in the above-captioned matter and am with the law firm of Mayer, Brown, Rowe & Maw LLP, counsel for Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson. I have personal knowledge of the facts set forth in this Declaration and, if called upon, could testify competently thereto.

2. I make this declaration in support of Defendants' Motion for a Protective Order.

3. Attached hereto as Exhibit 1 is a true and accurate copy of an excerpt from the transcript of the March 1, 2005 hearing before Magistrate Judge Joseph C. Spero.

4. Attached hereto as Exhibit 2 is a true and accurate copy of Plaintiffs' Notice of Subpoenas for the Production of Documents to Third Parties (1) Arthur Andersen LLP and (2) Ernst & Young LLP.

5. Attached hereto as Exhibit 3 is a true and accurate copy of an excerpt from the February 4, 2005 hearing before Magistrate Judge Joseph C. Spero.

6. Attached hereto as Exhibit 4 is a true and accurate copy of the transcript of the August 12, 2005 hearing before Magistrate Judge Joseph C. Spero.

7. Attached hereto as Exhibit 5 are true and accurate copies of documents from Arthur Andersen's June 12, 2005 Production in In re Oracle Corp. Securities Litigation, Case No. C-01-0988-MJJ (JCS). These documents bear Bates labels AA000004-05, AA000040, and AA000046-51.

8. Attached hereto as Exhibit 6 is a true and accurate copy of a July 19, 2005 Letter from Melissa Widen to Shawn Williams.

9. Attached hereto as Exhibit 7 is a true and accurate copy of an August 5, 2005 Letter from Shawn Williams to The Honorable Joseph C. Spero.

10. Attached hereto as Exhibit 8 is a true and accurate copy of a June 24, 2005 Letter from Shawn Williams to Vincent Schmeltz and Lee Rubin.

11. Attached hereto as Exhibit 9 are true and accurate copies of the first and last page of an Oracle Corporation Transaction Register for November 17, 2000, which is an 853 page report providing the customer name, invoice number, and invoice amount for each of the 46,881 debit memos, bearing Bates labels NDCA-ORCL 049208 and NDCA-ORCL 050060.

12. Attached hereto as Exhibit 10 is a true and accurate copy of an Oracle Corporation Account Analysis Report for Account 25005, Customer Advances and Unearned Revenue, which provides sub-ledger detail for the 25005 Account from October through December 2000 and bears Bates labels NDCA-ORCL 050356 through NDCA-ORCL 050360.

13. Attached hereto as Exhibit 11 are true and accurate copies of the first and last pages of an Oracle Corporation Sales Journal by GL Account Report, which details every single transaction posted to a revenue account on November 17, 2005 and bears Bates labels NDCA-ORCL 004379 and 004597.

14. In January 2005, along with Defendants' initial disclosures of documents, Defendants produced the document found in Exhibit 11 to Plaintiffs. In February 2005, Defendants produced the documents found in Exhibits 9 and 10 to Plaintiffs.

15. On July 27, 2005, I participated in an in-person meet-and-confer with Plaintiffs' counsel. One of Plaintiffs' agenda items for the meeting was "[m]odification of the [Discovery Plan] to incorporate the full set of workpapers and quarterly reviews from Oracle Corporation, Arthur Andersen LLP and Ernst & Young LLP relating to the relevant period." We discussed this issue during the conference.

16. In November 2005, I supervised the production of 118 boxes of documents, which included contracts, invoices, purchase orders, canceled checks, correspondence and other documents that relate to each of the transactions leading up to the 776 debit memos of $100,000 or more. I also was involved in the production of data downloaded from Oracle's accounting ledgers. This data provides an accounting history for each of the transactions leading up to the 776 debit memos, as well as the subsequent accounting history for those debit memos. Oracle transferred this set of data into an Excel spreadsheet, which, when reduced to 70% and formatted

for legal size paper, fills approximately 4,500 pages. With this information, Plaintiffs have a complete history of these debit memos, which make up over $528,000,000 of the $629,000,000 total amount of debit memos.

17. Attached hereto as Exhibit 12 is a true and accurate copy of Plaintiffs' Motion to Compel Arthur Andersen to Comply With The Court's March 10, 2005 Discovery Order. On December 22, 2005, counsel for Arthur Andersen LLP, Ms. Melissa Widen, informed me that Andersen was going to accede to Plaintiffs' demands and produce all of the workpapers relating to its FY2001 quarterly reviews and year-end audit of Oracle in exchange for Plaintiffs' withdrawal of their motion to compel. Ms. Widen explained that, although Andersen believed it had complied with the Discovery Plan, it did not have the financial resources to fight the legal battle Plaintiffs had incited. Ms. Widen also told me that her agreement was to make production of Andersen's documents during the week of January 3, 2006.

18. Attached hereto as Exhibit 13 is a true and accurate copy of Notice of Withdrawal of Plaintiffs' Motion to Compel Arthur Andersen filed December 22, 2005.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that this Declaration was executed on December 23, 2005 in Chicago, Illinois.

/s/ Vincent P. Schmeltz III
Vincent P. Schmeltz III

3
DECLARATION OF VINCENT P. SCHMELTZ III IN SUPPORT OF DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER; CASE NO.: C-01-0988-MJJ (JCS)