# Exhibit 2

```
 1  LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
 2  WILLIAM S. LERACH (68581)
    MARK SOLOMON (151949)
 3  DOUGLAS R. BRITTON (188769)
    401 B Street, Suite 1600
 4  San Diego, CA 92101
    Telephone: 619/231-1058
 5  619/231-7423 (fax)
      – and –
 6  SHAWN A. WILLIAMS (213113)
    WILLOW E. RADCLIFFE (200087)
 7  ELI R. GREENSTEIN (217945)
    JENNIE LEE ANDERSON (203586)
 8  MONIQUE C. WINKLER (213031)
    100 Pine Street, Suite 2600
 9  San Francisco, CA 94111
    Telephone: 415/288-4545
10  415/288-4534 (fax)

11  Lead Counsel for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) | NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTIES (1) ARTHUR ANDERSEN LLP AND (2) ERNST & YOUNG LLP |

1  TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

2         PLEASE TAKE NOTICE that pursuant to Rules 26, 34(c) and 45 of the Federal Rules of
3  Civil Procedure, subpoenas will be served upon the following third parties commanding the
4  production of the papers and documents set forth in the Schedules A attached hereto.

5  | PRODUCING PARTY | DATE/TIME | LOCATION |
   |---|---|---|
   | Arthur Andersen LLP<br>33 West Monroe Street, 18th Floor<br>Chicago, IL 60603 | January 7, 2005<br>10:00 a.m. | 33 West Monroe Street, 18th Floor<br>Chicago, IL 60603 |
   | Ernst & Young LLP<br>c/o Elizabeth B. Healey<br>787 Seventh Ave.<br>New York, NY 10019 | January 7, 2005<br>10:00 a.m. | 787 Seventh Ave.<br>New York, NY 10019 |

10        Said productions will take place on January 7, 2005, at 10:00 a.m. at the above-listed
11 addresses, or other such locations as are mutually acceptable to the respective third parties and
12 plaintiffs' counsel.
13        These productions are pursuant to subpoenas *duces tecum* issued by plaintiffs' counsel on
14 behalf of the United States District Court, requesting "documents only" productions. No testimony
15 is required by the subpoenas, and no one need appear for the third parties or for any of the parties in
16 this action at this time.
17        PLEASE TAKE FURTHER NOTICE that the above-listed third parties may be held in
18 contempt of Court pursuant to Fed. R. Civ. P. 45(e) if the parties fail without adequate excuse to
19 obey the subpoenas served upon them, and that they have certain legal rights in response to
20 plaintiffs' subpoenas served upon them as provided in Fed. R. Civ. P. 45(c) and (d). These rights are
21 reproduced in full on page two of the subpoenas served upon the third parties.

22 DATED: December 8, 2004          LERACH COUGHLIN STOIA GELLER
23                                     RUDMAN & ROBBINS LLP
                                    SHAWN A. WILLIAMS
24                                  WILLOW E. RADCLIFFE
                                    ELI R. GREENSTEIN
25                                  JENNIE LEE ANDERSON
                                    MONIQUE C. WINKLER
26
                                    /s/ Willow E. Radcliffe
27                                  _____
                                    WILLOW E. RADCLIFFE
28

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES (1) ARTHUR ANDERSEN AND (2) ERNST & YOUNG - C-01-0988-MJJ        - 1 -

|    |                                              |
|----|----------------------------------------------|
| 1  |                                              |
| 2  | 100 Pine Street, Suite 2600                  |
|    | San Francisco, CA 94111                      |
| 3  | Telephone: 415/288-4545                      |
|    | 415/288-4534 (fax)                           |
| 4  | LERACH COUGHLIN STOIA GELLER                 |
|    |   RUDMAN & ROBBINS LLP                       |
| 5  | WILLIAM S. LERACH                            |
|    | MARK SOLOMON                                 |
| 6  | DOUGLAS R. BRITTON                           |
|    | 401 B Street, Suite 1600                     |
| 7  | San Diego, CA 92101                          |
|    | Telephone: 619/231-1058                      |
| 8  | 619/231-7423 (fax)                           |
| 9  | Lead Counsel for Plaintiffs                  |
| 10 | T:\CasesSF\Oracle3\NOT00016348.doc           |

NOTICE OF PLTFS' SUBPOENAS FOR PRODUCTION OF DOCS TO THIRD
PARTIES (1) ARTHUR ANDERSEN AND (2) ERNST & YOUNG - C-01-0988-MJJ     - 2 -

# SCHEDULE A
## (Arthur Andersen LLP)

**I. DEFINITIONS**

Unless otherwise stated, the terms set forth below are defined as follows:

1. "Arthur Andersen," "you" or "your" refer to Arthur Andersen LLP, Arthur Andersen International LLP and any of their members (as defined by ET 92.06, 92.09 and 92.16 of the American Institute of Certified Public Accountants Code of Professional Conduct as of June 1, 2002) and any of Arthur Andersen's predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf.

2. "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Federal Rules of Civil Procedure.

3. "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys, accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

4. "Ellison" refers to defendant Lawrence J. Ellison and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

5. "Henley" refers to defendant Jeffrey O. Henley and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

6. "Sanderson" refers to defendant Edward J. Sanderson and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

SCHEDULE A - C-01-0988-MJJ                                                      - 1 -

7. "Individual Defendants" refers to Ellison, Henley and Sanderson, and their agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on their behalf.

8. "Defendants" refers to Oracle and the Individual Defendants.

9. "SLC" refers to the Special Litigation Committee created to investigate the allegations made in derivative actions filed in Delaware and California State Courts and Federal Court by Oracle Shareholders on behalf of Oracle, and includes its members, Joseph Grundfest and Hector Garcia-Molina, attorneys (including Simpson Thacher & Bartlett LLP; Young, Conaway, Stargatt & Taylor, LLP; George Newcombe and James Kreissman), advisors (including National Economic Research Advisors), agents, auditors or anyone acting or purporting to act on its behalf.

10. "E&Y" refers to Ernst & Young LLP, Ernst & Young International and any of their members (as defined by ET 92.06, 92.09 and 92.16 of the American Institute of Certified Public Accountants Code of Professional Conduct as of June 1, 2002) and any of E&Y's predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf.

11. "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement.

12. "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

13. "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

SCHEDULE A - C-01-0988-MJJ

-2-

1    14.    "Refer," "relate," "referring" or "relating" means all documents which explicitly or
2  implicitly, in whole or in part, were received in conjunction with, or were generated as a result of,
3  the subject matter of the request, including, but not limited to, all documents which reflect, record,
4  memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze,
5  review, report on, comment on, impinge upon, or impact the subject matter of the request.

6    15.    "Meeting" refers to the contemporaneous presence of any natural persons, whether or
7  not such presence was by chance or prearranged, and whether or not the meeting was formal or
8  informal, occurred in connection with some other activity, or was by telephone or teleconferencing.

9    16.    "Financial Statements" includes, without limitation, the following (whether audited or
10 unaudited, and whether final, interim, pro forma, complete or partial): consolidated and non-
11 consolidated balance sheets, statements of earnings, revenues, profits and losses, additional paid-in
12 capital, retained earnings, source and application of funds, cash flow statements, projections, notes to
13 each of such statements, and any and all other statements and notes that pertain to Oracle's past or
14 present financial condition.

15   17.    "SEC" refers to the United States Securities and Exchange Commission, its national,
16 regional and branch officers and its commissioners, directors, administrators, branch chiefs,
17 attorneys, accountants, investigators, paralegals and staff.

18   18.    The term "workpapers" means all documents concerning the procedures applied,
19 work performed, evidence obtained and conclusions reached in the engagement by any auditor,
20 practitioner, consultant or any other person working on your behalf. Workpapers for any audit or
21 attestation include, but are not limited to:

> Working papers are records kept by the auditor [or practitioner] of the procedures applied, the tests performed, the information obtained, and the pertinent conclusions reached in the engagement. Examples of working papers are audit programs, analyses, memoranda, letters of confirmation and representation, abstracts of [Oracle] documents, and schedules or commentaries prepared or obtained by the auditor. ***Working papers also may be in the form of data stored on tapes, films, or other media.***

26 AU §339.03 (emphasis added).

27   19.    The term "audit documentation," as defined by SEC Regulation S-X §210.2-6,
28 consists of records relevant to the audit or review, including workpapers and other documents that

SCHEDULE A - C-01-0988-MJJ                                                              - 3 -

form the basis of the audit or review, and memoranda, correspondence, communications, other documents and records (including electronic records), which: (1) are created, sent or received in connection with the audit or review and (2) contain conclusions, opinions, analyses, or financial data related to the audit or review. Such memoranda, correspondence, communications, other documents, and records (including electronic records) are considered audit documentation whether they support the final conclusions regarding the audit or review, or contain information or data, relating to a significant matter, that is inconsistent with the auditor's final conclusions regarding that matter or the audit or review. Such documents and records include, but are not limited to, those documenting a consultation on or a resolution of differences in professional judgment. Further, such audit documentation must be sufficient to enable a reviewer with relevant knowledge and experience, having no previous connection with the audit engagement, to understand the nature, timing, extent, and results of the auditing or other procedures performed, evidence obtained, and conclusions reached, and to determine the identity of the persons who performed and reviewed the work.

20. The term "professional services" means any work or services performed by you for Oracle, the Individual Defendants or the SLC.

21. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

22. The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

23. "Including" shall be construed to mean "without limitation."

## II. INSTRUCTIONS

1. All documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, i.e., documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

2. In responding to these requests, you shall produce all responsive documents (including those stored electronically), which are in your possession, custody or control, or in the

SCHEDULE A - C-01-0988-MJJ                                                     - 4 -

1 possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or
2 affiliates, or any of your respective directors, officers, managing agents, agents, employees,
3 attorneys, accountants or other representatives. A document shall be deemed to be within your
4 control if you have the right to secure the document or a copy of the document from another person
5 having possession or custody of the document.

6     3. Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection
7 and copying by plaintiffs *original* documents including those stored electronically as they are kept in
8 the usual course of business. If the original is not in your custody, then a copy thereof, and all non-
9 identical copies which differ from the original or from the other copies produced for any reason,
10 including, without limitation, the making of notes thereon.

11     4. To the extent that there are documents containing information relevant to these
12 requests that are currently in electronic format, the documents are to be produced in their native
13 format (*e.g.*, Word, Excel, or Word Perfect).

14     5. If production of documents is withheld on the ground of privilege, as to each such
15 withheld document state the following information:

16     (a) which privilege is claimed;
17     (b) who is asserting the privilege;
18     (c) a precise statement of the facts upon which said claim of privilege is based;
19 and
20     (d) the following information describing each purportedly privileged document:
21         (i) a brief description sufficient to identify its nature, *i.e.*, agreement,
22 letter, memorandum, type, etc.;
23         (ii) a brief description sufficient to identify its subject matter and the
24 purpose of the document;
25         (iii) the date it was prepared;
26         (iv) the date it bears;
27         (v) the date it was sent;
28         (vi) the date it was received;

      (vii)    the identity of the person preparing it;

      (viii)    the identity of the person sending it;

      (ix)    the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

      (x)    a statement as to whom each identified person represented or purported to represent at all relevant times;

      (xi)    all persons to whom its contents have been disclosed; and

      (xii)    a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

6.    If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7.    You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

8.    Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

9.    If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

      (a)    whether the document is missing or lost;

      (b)    whether it has been destroyed;

      (c)    whether the document has been transferred or delivered to another person and, if so, at whose request;

      (d)    whether the document has been otherwise disposed of; and

SCHEDULE A - C-01-0988-MJJ