(e) a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

  10. With respect to any category of documents, the production of which you contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III. RELEVANT TIME PERIOD

  All requests herein refer to the period from January 1, 2000 through June 18, 2003 (the "relevant time period"), unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared or published outside of the relevant time period. Any request that elicits documents relating to the SLC shall include the relevant period described above, as well as the period from June 18, 2003 to the present.

## IV. DOCUMENTS REQUESTED

REQUEST NO. 1:

  All documents and communications relating to or discussing any professional services performed by you for Oracle, Ellison, Henley, Sanderson, or the SLC, including, but not limited to:

  (a) audits;

  (b) consulting;

  (c) reviews;

  (d) tax;

  (e) assurance, accounting and attestation; and

  (f) agreed upon procedures.

REQUEST NO. 2:

  All audit documentation and engagement workpapers concerning all professional services performed by you for Oracle, Ellison, Henley, Sanderson, or the SLC, including, but not limited to:

  (a) audits;

  (b) consulting;

  (c) reviews;

(d) tax;

(e) assurance, accounting and attestation; and

(f) agreed upon procedures

REQUEST NO. 3:

All documents constituting or concerning communications to, from, or relating to Oracle, Ellison, Henley, Sanderson, or the SLC, including correspondence files and written communications electronically preserved, including email and instant messages.

REQUEST NO. 4:

All documents and communications with governmental, judicial or law enforcement agencies including the SEC, the U.S. Department of Justice and the U.S. Attorney's Office, concerning Oracle, Ellison, Henley, Sanderson or the SLC. This request includes documents produced to the SEC and transcripts of testimony to the SEC.

REQUEST NO. 5:

All documents and communications with regulatory agencies concerning Oracle, Ellison, Henley, Sanderson or the SLC, including, but not limited to, the Public Oversight Board, the AICPA (American Institute of Certified Public Accountants) and the National Association of Securities Dealers.

REQUEST NO. 6:

All documents and communications relating to or discussing Oracle, Ellison, Henley, Sanderson or the SLC, kept or maintained by all personnel who provided professional services for Oracle, Ellison, Henley, Sanderson or the SLC.

REQUEST NO. 7:

To the extent not covered in Request Nos. 1-6, all documents and communications, without limitations as to time, relating to or discussing (including any assignments or instructions by Thomas (Tom) Williams, Michael (Mike) Quinn, Jennifer Minton or any other Oracle executive, officer, or employee) the location, disposition, destruction or alteration of any electronic and paper documents and correspondence relating to Oracle customer invoices, debit memos, overpayments, accounts receivable reserve account, account 12601, unassigned cash or unapplied cash.

REQUEST NO. 8:

To the extend not covered in Request Nos. 1-7, all documents and communications with the SLC, without limitation as to time, relating to or discussing any review or investigation of Oracle's financial statements, forecasts, projections or recognition of revenue for Oracle's fiscal year 2001 and each of the quarters therein.

REQUEST NO. 9:

All documents received from or sent to E&Y, concerning Oracle, the Individual Defendants or the SLC.

REQUEST NO. 10:

All documents constituting or concerning communications with E&Y, or any of E&Y's former employees or partners relating to or discussing Oracle, Ellison, Henley, Sanderson or the SLC.

REQUEST NO. 11:

All documents and communications concerning your document destruction, retention and alteration policy in effect during the relevant time period, including, without limitation, any such policies concerning electronically stored documents and e-mail.

REQUEST NO. 12:

All documents concerning the preservation, search for, collection, maintenance, destruction or alteration of any and all documents (including e-mail and other electronic data) concerning Oracle or the Individual Defendants that were undertaken with respect to this action, including, without limitation, all such action taken after this action was filed but prior to this request.

T:\CasesSF\Oracle3\SCH00013385_AUDITOR.doc

# SCHEDULE A
### (Ernst & Young LLP)

## I. DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1. "E&Y" "you" or "your" refer to Ernst & Young LLP, Ernst & Young International and any of their members (as defined by ET 92.06, 92.09 and 92.16 of the American Institute of Certified Public Accountants Code of Professional Conduct as of June 1, 2002) and any of E&Y's predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf.

2. "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Federal Rules of Civil Procedure.

3. "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys, accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

4. "Ellison" refers to defendant Lawrence J. Ellison and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

5. "Henley" refers to defendant Jeffrey O. Henley and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

6. "Sanderson" refers to defendant Edward J. Sanderson and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

SCHEDULE A - C-01-0988-MJJ                                                      - 1 -

7. "Individual Defendants" refers to Ellison, Henley and Sanderson, and their agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on their behalf.

8. "Defendants" refers to Oracle and the Individual Defendants.

9. "SLC" refers to the Special Litigation Committee created to investigate the allegations made in derivative actions filed in Delaware and California State Courts and Federal Court by Oracle Shareholders on behalf of Oracle, and includes its members, Joseph Grundfest and Hector Garcia-Molina, attorneys (including Simpson Thacher & Bartlett LLP; Young, Conaway, Stargatt & Taylor, LLP; George Newcombe and James Kreissman), advisors (including National Economic Research Advisors), agents, auditors or anyone acting or purporting to act on its behalf.

10. "Arthur Andersen" refers to Arthur Andersen LLP, Arthur Anderson International LLP and any of their members (as defined by ET 92.06, 92.09 and 92.16 of the American Institute of Certified Public Accountants Code of Professional Conduct as of June 1, 2002) and any of Arthur Andersen's predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf.

11. "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement.

12. "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

13. "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

14. "Refer," "relate," "referring" or "relating" means all documents which explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of, the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

15. "Meeting" refers to the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, occurred in connection with some other activity, or was by telephone or teleconferencing.

16. "Financial Statements" includes, without limitation, the following (whether audited or unaudited, and whether final, interim, pro forma, complete or partial): consolidated and non-consolidated balance sheets, statements of earnings, revenues, profits and losses, additional paid-in capital, retained earnings, source and application of funds, cash flow statements, projections, notes to each of such statements, and any and all other statements and notes that pertain to Oracle's past or present financial condition.

17. "SEC" refers to the United States Securities and Exchange Commission, its national, regional and branch officers and its commissioners, directors, administrators, branch chiefs, attorneys, accountants, investigators, paralegals and staff.

18. The term "workpapers" means all documents concerning the procedures applied, work performed, evidence obtained and conclusions reached in the engagement by any auditor, practitioner, consultant or any other person working on your behalf. Workpapers for any audit or attestation include, but are not limited to:

> Working papers are records kept by the auditor [or practitioner] of the procedures applied, the tests performed, the information obtained, and the pertinent conclusions reached in the engagement. Examples of working papers are audit programs, analyses, memoranda, letters of confirmation and representation, abstracts of [Oracle] documents, and schedules or commentaries prepared or obtained by the auditor. *Working papers also may be in the form of data stored on tapes, films, or other media.*

AU §339.03 (emphasis added).

19. The term "audit documentation," as defined by SEC Regulation S-X §210.2-6, consists of records relevant to the audit or review, including workpapers and other documents that

SCHEDULE A - C-01-0988-MJJ                                                              - 3 -

form the basis of the audit or review, and memoranda, correspondence, communications, other documents and records (including electronic records), which: (1) are created, sent or received in connection with the audit or review and (2) contain conclusions, opinions, analyses, or financial data related to the audit or review. Such memoranda, correspondence, communications, other documents, and records (including electronic records) are considered audit documentation whether they support the final conclusions regarding the audit or review, or contain information or data, relating to a significant matter, that is inconsistent with the auditor's final conclusions regarding that matter or the audit or review. Such documents and records include, but are not limited to, those documenting a consultation on or a resolution of differences in professional judgment. Further, such audit documentation must be sufficient to enable a reviewer with relevant knowledge and experience, having no previous connection with the audit engagement, to understand the nature, timing, extent, and results of the auditing or other procedures performed, evidence obtained, and conclusions reached, and to determine the identity of the persons who performed and reviewed the work.

20. The term "professional services" means any work or services performed by you for Oracle, the Individual Defendants or the SLC.

21. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

22. The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

23. "Including" shall be construed to mean "without limitation."

II.     **INSTRUCTIONS**

1. All documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

2. In responding to these requests, you shall produce all responsive documents (including those stored electronically), which are in your possession, custody or control, or in the

SCHEDULE A - C-01-0988-MJJ                                                                    - 4 -

1  possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or
2  affiliates, or any of your respective directors, officers, managing agents, agents, employees,
3  attorneys, accountants or other representatives. A document shall be deemed to be within your
4  control if you have the right to secure the document or a copy of the document from another person
5  having possession or custody of the document.

6      3.    Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection
7  and copying by plaintiffs *original* documents including those stored electronically as they are kept in
8  the usual course of business. If the original is not in your custody, then a copy thereof, and all non-
9  identical copies which differ from the original or from the other copies produced for any reason,
10 including, without limitation, the making of notes thereon.

11     4.    To the extent that there are documents containing information relevant to these
12 requests that are currently in electronic format, the documents are to be produced in their native
13 format (*e.g.*, Word, Excel, or Word Perfect).

14     5.    If production of documents is withheld on the ground of privilege, as to each such
15 withheld document state the following information:

16     (a)    which privilege is claimed;
17     (b)    who is asserting the privilege;
18     (c)    a precise statement of the facts upon which said claim of privilege is based;
19 and
20     (d)    the following information describing each purportedly privileged document:
21         (i)    a brief description sufficient to identify its nature, *i.e.*, agreement,
22 letter, memorandum, type, etc.;
23         (ii)    a brief description sufficient to identify its subject matter and the
24 purpose of the document;
25         (iii)    the date it was prepared;
26         (iv)    the date it bears;
27         (v)    the date it was sent;
28         (vi)    the date it was received;

    (vii)    the identity of the person preparing it;

    (viii)    the identity of the person sending it;

    (ix)    the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

    (x)    a statement as to whom each identified person represented or purported to represent at all relevant times;

    (xi)    all persons to whom its contents have been disclosed; and

    (xii)    a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

6.    If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7.    You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

8.    Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

9.    If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

    (a)    whether the document is missing or lost;

    (b)    whether it has been destroyed;

    (c)    whether the document has been transferred or delivered to another person and, if so, at whose request;

    (d)    whether the document has been otherwise disposed of; and

1   (e) a precise statement of the circumstances surrounding the disposition of the
2 document and the date of its disposition.

3 With respect to any category of documents, the production of which you contend is in some way
4 "burdensome" or "oppressive," please state the specific reasons for that objection.

5 **III. RELEVANT TIME PERIOD**

6   All requests herein refer to the period from January 1, 2000 through June 18, 2003 (the
7 "relevant time period"), unless otherwise specifically indicated, and shall include all documents
8 and information that relate to such period, even though prepared or published outside of the
9 
10 relevant time period. Any request that elicits documents relating to the SLC shall include the
11 relevant period described above, as well as the period from June 18, 2003 to the present.

12 **IV. DOCUMENTS REQUESTED**

13 <u>REQUEST NO. 1</u>:

14   All documents and communications relating to or discussing any professional services
15 performed by you for Oracle, Ellison, Henley, Sanderson, or the SLC, including, but not limited
16 to:

17   (f) audits;
18   (g) consulting;
19   (h) reviews;
20   (i) tax;
21   (j) assurance, accounting and attestation; and
22   (k) agreed upon procedures.

23 <u>REQUEST NO. 2</u>:

24   All audit documentation and engagement workpapers concerning all professional services
25 performed by you for Oracle, Ellison, Henley, Sanderson, or the SLC, including, but not limited to:
26   (a) audits;
27   (b) consulting;
28

SCHEDULE A - C-01-0988-MJJ   -7-

(c) reviews;

(d) tax;

(e) assurance, accounting and attestation; and

(f) agreed upon procedures

**REQUEST NO. 3:**

All documents constituting or concerning communications to, from, or relating to Oracle, Ellison, Henley, Sanderson, or the SLC, including correspondence files and written communications electronically preserved, including email and instant messages.

**REQUEST NO. 4:**

All documents and communications with governmental, judicial or law enforcement agencies including the SEC, the U.S. Department of Justice and the U.S. Attorney's Office concerning Oracle, Ellison, Henley, Sanderson or the SLC. This request includes documents produced to the SEC and transcripts of testimony to the SEC.

**REQUEST NO. 5:**

All documents and communications with regulatory agencies concerning Oracle, Ellison, Henley, Sanderson or the SLC, including, but not limited to, the Public Oversight Board, the AICPA (American Institute of Certified Public Accountants) and the National Association of Securities Dealers.

**REQUEST NO. 6:**

All documents and communications relating to or discussing Oracle, Ellison, Henley, Sanderson or the SLC, kept or maintained by all personnel who provided professional services for Oracle, Ellison, Henley, Sanderson or the SLC.

**REQUEST NO. 7:**

To the extent not covered in Request Nos. 1-6 all documents and communications, without limitation as to time, relating to or discussing (including any assignments or instructions by Thomas (Tom) Williams, Michael (Mike) Quinn, Jennifer Minton or any other Oracle executive, officer, or employee) the location, disposition, destruction or alteration of any electronic and paper documents

SCHEDULE A - C-01-0988-MJJ

and correspondence relating to Oracle customer invoices, debit memos, overpayments, accounts receivable reserve account, account 12601, unassigned cash or unapplied cash.

REQUEST NO. 8:

To the extent not covered in Request Nos. 1-7, all documents and communications with the SLC, without limitation as to time, relating to or discussing any review or investigation of Oracle's financial statements, forecasts, projections or recognition of revenue for Oracle's fiscal year 2001 and each of the quarters therein.

REQUEST NO. 9:

All documents received from or sent to Arthur Andersen concerning Oracle, the Individual Defendants or the SLC.

REQUEST NO. 10:

All documents constituting or concerning communications with Arthur Anderson, or any of Arthur Andersen's former employees or partners relating to or discussing Oracle, Ellison, Henley, Sanderson or the SLC.

REQUEST NO. 11:

All documents and communications concerning your document destruction, retention and alteration policy in effect during the relevant time period, including, without limitation, any such policies concerning electronically stored documents and e-mail.

REQUEST NO. 12:

All documents concerning the preservation, search for, collection, maintenance, destruction or alteration of any and all documents (including e-mail and other electronic data) concerning Oracle or the Individual Defendants that were undertaken with respect to this action, including, without limitation, all such action taken after this action was filed but prior to this request.

T:\CasesSF\Oracle3\SCH00013388_E&Y.doc

SCHEDULE A - C-01-0988-MJJ                                                                    - 9 -

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on December 8, 2004, declarant served the **NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTIES (1) ARTHUR ANDERSEN LLP AND (2) ERNST & YOUNG LLP** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of December, 2004, at San Francisco, California.

_____
CYNTHIA SHEPPARD

De    -2004  05:11pm    From-                                                   T-326   P.001/002   F-959

# LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP

## FACSIMILE

|  |  | Fax No. | Telephone No. |
|---|---|---|---|
| To: | Donald M. Falk/Lee H. Rubin/Shirish Gupta<br>Mayer, Brown, Rowe & Maw LLP | 650/331-2060 |  |
|  | Steven O. Kramer/Jamie E. Wrage<br>Mayer, Brown, Rowe & Maw LLP | 213/625-0248 |  |
|  | Alan N. Salpeter/Javier H. Rubinstein<br>Mayer, Brown, Rowe & Maw LLP | 312/701-7711 |  |
|  | Dorian Daley/James C. Maroulis<br>Oracle Corporation | 650/506-7114 |  |

| From: | Shawn A. Williams | Date: | December 8, 2004 |
|---|---|---|---|
| Case Code: | 201064-00001 | Time: |  |
| Subject: | *Nursing Home Pension v. Oracle Corporation*<br>Civil Case No. CV-01-00988-MJJ | | |

Message/Document(s) faxed:

Attached please find the service list, it was inadvertently not attached to the previous documents.

Please call fax operator at 415-288-4534 if all pages are not received.

ORIGINAL DOCUMENTS: Will follow by X mail ☐ courier – OR - Will not follow unless requested.

CONFIDENTIALITY NOTE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Number of pages being transmitted including the cover page:  **2**

**ORACLE III (LEAD)**
Service List - 12/8/2004   (201-064-1)
Page 1 of 1

### Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060(Fax)

Steven O. Kramer
Jamie E. Wrage
Mayer, Brown, Rowe & Maw LLP
350 South Grand Avenue, Suite 2500
Los Angeles, CA 90071-1503
  213/229-9500
  213/625-0248(Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
  312/782-0600
  312/701-7711(Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114(Fax)

### Counsel For Plaintiff(s)

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423(Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534(Fax)