# Exhibit 3

Pages 1 - 32

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JOSEPH C. SPERO, MAGISTRATE JUDGE

COPY

IN RE ORACLE SECURITIES   )
LITIGATION,               )
                          )   NO. C 01-0988 MJJ
                          )

San Francisco, California
Friday, February 4, 2005

**TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

For Plaintiffs:    Lerach, Coughlin, Stoia, Geller,
                      Rudman & Robbins
                   100 Pine Street, Suite 2600
                   San Francisco, California  94111
              BY:  **SHAWN A. WILLIAMS**
                   **WILLOW E. RADCLIFFE**
                   ELI GREENSTEIN

For Defendant:     Mayer, Brown, Rowe & Maw
                   190 South La Salle Street
                   Chicago, Illinois  60603-3441
              BY:  **LEE RUBIN**
                   **VINCENT P. SCHMELTZ III**

                   Oracle Corporation
                   Legal Department
                   500 Oracle Parkway
                   Redwood Shores, California  94065
              BY:  **JAMES C. MAROULIS**
                   Senior Corporate Counsel

Reported By:       Leo T. Mankiewicz, CSR 5297 RMR, CRR
                   Official Reporter

1    Friday, February 4, 2005

2                                                              9:39 a.m.

3        THE CLERK:  Calling case C 01-0988, In re: Oracle
4    Security Litigation.
5        MR. WILLIAMS:  Good morning, your Honor.  Sean
6    Williams, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins,
7    for plaintiffs.
8        THE COURT:  Mr. Williams.
9        MR. RUBIN:  Good morning, your Honor.  Lee Rubin
10   with the law film of Mayer, Brown, Rowe & Maw, on behalf of
11   Oracle and the individual defendants, Ellison, Henley and
12   Sanderson, and with me is my colleague, Trace Schmeltz, also
13   from Mayer, Brown, and Jim Maroulis from Oracle.
14       MR. WILLIAMS:  I also have Eli Greenstein and Willow
15   Radcliffe, from Lerach, Coughlin.
16       THE COURT:  Everybody have a seat.  I have a few
17   things to say.
18           I understand that in litigation that has the kinds
19   of stakes that are at stake in this matter, that there is a
20   great deal of pressure on counsel to take positions that have
21   an arguable basis in law, but if they were sitting squarely in
22   the middle between the parties, they wouldn't be the positions
23   they take.  You know, they press the edge of the envelope.
24   They do it for a lot of reasons.  One, because it's part of the
25   culture, two, because there's client pressures, et cetera.

1  description of the dispute.
2        I need that -- well, let's work backwards. Let
3  pretend for the moment you're going to get it to me on the
4  22nd, February 22nd. That means that realistically you
5  probably ought to have the meeting so you can get that done by,
6  I don't know, two weeks from today, or something, right? The
7  18th? And I appreciate everybody has schedules, but I want to
8  get the discovery in the case going right away, so I want to
9  have this right away.
10       So when you talk to your folks -- and we'll take a
11 five-minute break so you can -- about this, encourage them to
12 do whatever they need to do make sure that these dates work,
13 because I wouldn't want to put it out any further. I'm likely
14 to tighten it up rather than put it out any further. So I
15 encourage you to carry that message to them. I'm not
16 completely inflexible, but I resist moving it out any further.
17       **MR. WILLIAMS:** Your Honor, are you requiring that
18 the lead trial counsel also be at the meeting among the parties
19 prior to coming to the conference?
20       **THE COURT:** Yes, and I'll just stay the subpoenas
21 pending the discovery conference, and presumably will address
22 it in the order that comes out of that discovery conference,
23 but the stay is for the moment until a discovery conference.
24 Let me see what happens.
25       **MR. RUBIN:** Does the Court intend to issue an order

on the subpoenas?

THE COURT: Yeah, I mean, it will be -- it will have the dates and stuff.

MR. RUBIN: Okay, on the subpoena, on the temporary stay.

THE COURT: Yes, it will say subpoenas are stayed pending discovery conference, here's the discovery conference schedule, something like that.

All right. So is there anything we need to discuss before you get on the phone?

MR. RUBIN: I don't think so, your Honor.

THE COURT: Mr. Williams?

MR. WILLIAMS: No, I just wanted to be clear that your Honor did indicate earlier that you and Judge Jenkins are working out whether or not all discovery is going to be before you?

THE COURT: Well, I don't know what to do about that. You filed various things with him. There's no hearings on any of them until March. I think you've got a March 4th hearing on your request for a special master or something like that. The other things, you're filing some letter briefs with him. I'm going to send him a copy of this order and tell him I've set this. I assume that pending this, he won't ask you to actually appear and argue on anything.

MR. WILLIAMS: I should say that, you know, we

1  have -- plaintiffs have a response to a letter that defendants
2  filed a couple of days ago, and we are supposed to respond by
3  the end of the day today.
4          THE COURT:  Has to be ready.
5          MR. WILLIAMS:  It is ready, actually.
6          THE COURT:  It's probably a piece of what we're
7  dealing with on the 1st, too.
8          MR. WILLIAMS:  I just want to make sure that he
9  doesn't believe that that's the only thing sitting there.  It
10 makes sense to probably stay all of those issues until --
11         THE COURT:  Well, if I could, I would.  I don't feel
12 like I can, but go ahead and file your letter.  I will tell him
13 what we're doing, and so there won't be any issues, but -- and
14 then maybe he'll issue an order following that, but for the
15 moment, why don't you go ahead and do that.
16         If I can get ahold of him today -- I don't know what
17 his trial schedule is today -- then I may be able to take care
18 of it today, but I might not be able to.
19         So why don't you just finish up the letter, and put
20 it in.  It's a useful piece, because you're going to need to
21 discuss it anyways, and probably have some issues left in there
22 to put in the letter to me.  So it's not altogether useless,
23 but -- I hesitate to stop anything that isn't actually in front
24 of me, that he hasn't actually given me to act on.
25         MR. RUBIN:  Well, procedurally what he had set up,

# Exhibit 4

C01-0988MJJ

*In re: Oracle Securities Litigation*

Hearing Date: 8/12/05

Judge Spero

| | |
|---|---|
| Courtroom Clerk: | [Inaudible]<br>Master File No. C-01-0988-MJJ, *In re Oracle Securities Litigation* Counsel? |
| Mark Solomon: | Thank you your honor. |
| Judge Spero: | All right. What's up? |
| Mark Solomon: | I apologize for having to get you back out. |
| Judge Spero: | Oh no, no. |
| Mark Solomon: | Here's where we're at. We have arrived here today apparently with a fundamental dispute on to what the scope was of your order concerning the 46,000 debit memo transactions. |
| Judge Spero: | I could tell that. |
| Mark Solomon: | And the defendants have now told us that they are willing to go back to their client and to investigate what the burden would be of seeking documents that relate to those transactions prior to November 17, 2000. But they can't tell us what the burden is right now because they haven't looked into that issue before because they have preferred to adopt a narrow view of the scope that we agree with. We've been using your language, your honor, from your, from the transcripts. I know that you used the language "every scrap of paper," I want to assure you that we're not after every single scrap of paper . . . |
| Judge Spero: | I didn't think you were. |
| Mark Solomon: | We are willing to compromise when we can do so on an informed basis, but we cannot because we don't have any information on the burden argument that's now being raised. |
| Judge Spero: | And this is, this is the dispute as to whether the documents from the original transactions with the particular customers would be [produced] . . . |

| | |
|---|---|
| Trace Schmeltz: | Right, and Your Honor, we're willing, literally in the next week, to go back and look at what that would take. We believe we have complied with the order and, and if there's a world where we haven't complied, or where we justified breaching a compromise can obviate this dispute, we're willing to go investigate, come back, and in good faith say here's what it would take to put that information together and give it to you, and here's the form we could do that. We're willing to do that over the next week, come back to the plaintiffs in one week, and then have any further conversation. Certainly, everyone has the right to seek protective order or motion to compel, or whatever, but we think we could come up with a compromise solution in that regard. |
| Judge Spero: | Okay. |
| Mark Solomon: | And, we're happy to do that, Your Honor. I want to just, just for the information for the Court, that there's an issue that is percolating that is we've been hearing a lot that Oracle doesn't have physical documents, doesn't have source documents, it's all on the databases. But it's not all, because there are some – I just don't know what the burden is. I'm afraid that that's an issue that is going to have to be flushed out down the road, but this is the first step. |
| Trace Schmeltz: | We can certainly address that. Certainly Oracle, no great surprise, the primary place they store data is on the database. I know that for sure. |
| Judge Spero: | I'm sure they do both things. |
| Mark Solomon: | Until they comply with the order . . . |
| Trace Schmeltz: | But to the extent there's paper I want to go find that out. It will take a week and we can come back to them. |
| Judge Spero: | If there's data, you have to produce data. If there's paper: you have to produce paper. If there's both, you have to produce both. |
| Trace Schmeltz: | Right. |
| Judge Spero: | You know. I mean, its, as I recall, what the plaintiffs wanted in this case was much broader than the scope of discovery they ended up. So you've already carved out 90% of the burden that you would have had in this case. So I want you all to compromise, I want you all to reach agreements, I won't tell you what I would have done otherwise, but don't, nobody should be overreaching in this. And, you know, it's a big case, burdens are important, and that's why I narrowed the scope of |

| | |
|---|---|
| | discovery, but don't, don't overplay your hand either. What about the issue with the accountants? |
| Mark Solomon: | Well, Your Honor, um, we're willing, well we do, I think, want to make a motion or we're going to be asking for permission to make a motion, but actually we don't yet have the Special Litigation Committee report, which I know you want to be produced, I'm sure that's going to be coming very soon . . . |
| Judge Spero: | Right . . . |
| Mark Solomon: | I think we need to digest that. And also it would be perhaps helpful to see if we can resolve this current dispute and then get back to you on this issue. |
| Judge Spero: | All right. Let me just give you some unsolicited advice on the accountants. It does appear that the issue is not the scope of the discovery order on that one to me, that it is whether or not they're doing what the discovery order requires. And, you know, if I don't, it seems, I don't think I will get too far into whether the discovery order needs to be modified because it seems premature. The question is whether or not they produced the documents that are called for by the scope of the discovery order. And I think that that you all should just work that out. I don't, the, it is, it baffles me that there is a fight about this, actually, because it's going to be eight pieces of paper by then, or ten. It's not a burden question. And it's not a privacy question. It is "we don't want to get you further into our workpapers than we want because we don't want you trying to add issues into the case." Okay, I understand that. That's a perfectly legitimate thing. But we've got a good scope of discovery and you're going to get things within the scope of discovery, so I don't think the auditors are in a position to take a very hard stand and I think you ought to encourage these people to avoid a motion to compel. |
| Trace Schmeltz: | I completely understand your point, Your Honor. I would note that a lot of the areas where the plaintiffs have suggested the audit workpapers reference other things that aren't there, the workpapers are in many ways self contained and I think . . . |
| Judge Spero: | If there is a misunderstanding, that's one thing. |
| Trace Schmeltz: | [Inaudible] the deposition or further learning can, can accomplish that, okay . . . |

| | |
|---|---|
| Judge Spero: | If there's a misunderstanding that's fine. And maybe it does take a short document deposition to figure out what's there and that's a perfectly legitimate way of doing it, and then at least you'll know what you're dealing with, but on the other hand [inaudible]. Allright. So I'm not going to do anything until I hear from you all. If you want to tee up the issue about the company's production on, of documents that underlie the debit memos, you can do that by letter? |
| Trace Schmeltz: | Okay. |
| Judge Spero: | Do it – let's have a joint letter setting forth positions, and then we'll have a brief telephonic hearing on it. I recommend against having such a hearing, but – |
| Trace Schmeltz: | Do you have a length preference on that joint letter? |
| Judge Spero: | Yeah, two pages. |
| Trace Schmeltz: | Thank you. |
| Mark Solomon: | One page each? |
| Judge Spero: | Yeah, well . . . |
| Trace Schemltz: | I think we get a page and a quarter . . . |
| Judge Spero: | Two pages is probably a page and a half, so it's, or a page and a quarter, so you're going to each get, you know, I'm sure you'll divide it by number of characters or something like that. |
| Mark Solomon: | [Laughs] |
| Trace Schmeltz: | We'll do our best. Thank you, Your Honor. |
| Judge Spero: | I know you will. Thanks. Okay. |
| Mark Solomon: | Thank you, Your Honor. |
| Shawn Williams: | Thank you, Your Honor. |

## DECLARATION OF TRANSCRIPTION

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and resident of the County of Alameda, over the age of 18 years, and not a party to or interested in any action relating to subject matter of this declaration; and that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on September 7, 2005, declarant listened to the electronic recording labeled C01-0988MJJ, In re: Oracle Securities Litigation, Hearing Date: 8/12/05, Judge Spero, and that I transcribed the hearing to the best of my abilities, and that this transcription is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of September, 2005, at San Francisco, California.

_____
RUTH A. CAMERON