# Exhibit 6


# ANDERSEN

July 19, 2005

Arthur Andersen LLP
33 West Monroe Street
Chicago IL 60603-5385

Tel 312 580 0033

www.andersen.com

Shawn A. Williams
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Re:   In Re Oracle Securities Litigation

Dear Mr. Williams:

I am writing to confirm our recent telephone conversation about the sufficiency of Andersen's response to plaintiffs' December 8, 2004 subpoena and Magistrate Judge Spero's March 10, 2005 Discovery Plan and Order. I informed you that Andersen's production of documents is complete, and that Andersen has complied with the Discovery Plan and Order.

I also informed you that I received a copy of Mayer Brown's July 12 letter to you, and I am aware that plaintiffs are seeking to expand the scope of the Discovery Plan to require the production of additional documents from Andersen. If you are able to procure a further Order from the Court that affects Andersen's discovery obligations, please let me know.

Very truly yours,

*Melissa S. Widen*

Melissa S. Widen

cc: Vincent Paul Schmeltz III

# Exhibit 7



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
ShawnW@lerachlaw.com

August 5, 2005

<u>VIA FACSIMILE & HAND DELIVERY</u>

The Honorable Joseph C. Spero
Magistrate Judge of the United States District
Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Oracle Corp. Sec. Litig.*
Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Judge Spero:

Pursuant to this Court's March 10, 2005 Amended Order Setting a Discovery Plan ("Discovery Order"), plaintiffs request an order compelling defendants to produce all documents relating to the 46,000 debit memos as previously ordered and to request a hearing, or permission to file a formal motion, seeking modification of the Discovery Order regarding discovery from Oracle Corporation's ("Oracle") outside auditors to include complete work papers and to compel production of responsive documents.[1]

**I.   Oracle Refuses to Produce Documents Relating to the 46,000 Debit Memos**

On March 1, 2005, the Court clearly ordered the production of "every piece of paper or every computer record that relates to" the debit memo transactions "all the changes that occurred for them, the transactions that they arise from . . . ." "You are going to produce all documents of the so called on account clean-up. . . ." *See* Exhibit 1 (all exhibits are attached hereto). Defendants have failed to produce the underlying or supporting documents relating to the debit memos including invoices, all journal entries in its multiple accounts related to overpayments, unapplied cash, and correspondence with customers regarding overpayments or refunds. Oracle has not even produced the debit memos themselves. However, the documents do exist. In fact, non-parties have produced documents evidencing overpayments connected to the debit memos that were later refunded by Oracle. Nevertheless, Oracle contends that a single spreadsheet which it compiled *solely for the purpose of this litigation* satisfies the Court's Discovery Order. The Court's Discovery Order, however, is clear: defendants must produce "all documents relating to (i) the alleged "On Account Cleanup" occurring in November 2000; (ii) 46,000 debit memoranda; and (iii) the accounting treatment of those debit memoranda, including any audit trail, and all related accounting policies." Ex. 2 at 2.

---

[1]   Despite several unsuccessful meet and confers, including an in person meeting between lead counsel on July 27, 2005, the parties have been unable to reach an agreement.

100 Pine Street, 26th Floor · San Francisco, CA 94111 · 415.288.4545 · Fax 415.288.4534 · www.lerachlaw.com



The Honorable Joseph C. Spero
August 5, 2005
Page 2

**II.    The Discovery Plan Requires Modification to Include Necessary Accounting Documents**

The productions of both Ernst & Young LLP ("E&Y") and Arthur Andersen LLP ("Arthur Andersen") (collectively, the "Auditors") are insufficient and exclude critical documentation necessary for plaintiffs to perform a meaningful analysis of the accounting issues in this case. The Auditors have refused to produce all responsive documents and defendants have refused to stipulate that the Discovery Order should be modified, despite the obvious deficiencies in the Auditors' productions. For example, the Arthur Andersen production (51 pages) confirms that it analyzed accounts relating to Oracle's 25005 account, customer overpayment and unearned revenue accounts (specifically alleged in the Complaint), including adjustments to those accounts during the relevant period. Some of the documents refer to other clearly responsive documents which have not been produced. *See* Ex. 3. Similarly, this production is replete with handwritten notes regarding Arthur Andersen's various analyses, but excludes final versions of these analyses.

E&Y has produced even less. E&Y has simply produced memoranda stating that it has performed procedures on the debit memo transactions, but produced none of the documents it reviewed or correspondence relating to the debit memos. *See* Ex. 4.

As such, complete audit work papers are essential, including but not limited to: (1) engagement letters describing the scope of the work to be performed; (2) a description or index of the work papers that reveal the context of the documents provided and identify other documents relevant to the debit memo allegations; (3) legends to decipher relevant codes and markings on the documents so that they may be appropriately interpreted plaintiffs' request is also consistent with both standard auditing practices and applicable case law. *See, e.g.,* AICPA Audit and Accounting Manual §6300.06 ("[w]orking papers should be viewed as an integrated presentation of information."), *Marksman Partners, L.P., v. Chantal Pharm. Corp.*, No. CV-96-0872-WJR (JRx), 1996 U.S. Dist. LEXIS 13870 (C.D. Cal. Aug. 15, 1996). Indeed, in *Marksman*, also a securities fraud case alleging improper revenue recognition from transactions with third parties, the court ordered non-party Coopers & Lybrand, LLP to produce complete work papers because discovery of only partial work papers "will prevent a comprehensive understanding of their contents." *Id.* at *15.

For the reasons set forth above, the Court should order production of all documents relating to the 46,000 debit memos as required by its Discovery Order, and order further proceedings regarding modification of the Discovery Order to allow discovery of work papers.

Respectfully submitted,

Shawn A. Williams

cc:   Counsel for Defendants

# Exhibit 8



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP**

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
PHILADELPHIA • SEATTLE

Shawn A. Williams
Shawn W@Lerachlaw.com

**RECEIVED
JUN 2 8 2005
MAYER, BROWN, ROWE & MAW**

June 24, 2005

<u>VIA FACSIMILE/
ORIGINAL TO FOLLOW BY U.S. MAIL</u>

Vincent P. Schmeltz, III, Esq.
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603-3441

Lee Rubin, Esq.
MAYER, BROWN, ROWE & MAW LLP
Two Palo Alto Square
El Camino Real, Suite 300
Palo Alto, CA 94306

Re: *In re Oracle Corp. Sec. Litig.*
Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

Plaintiffs by this letter seek your agreement to modify the March 10, 2005 Discovery Plan and Order to incorporate the full set of audit workpapers and quarterly reviews from Oracle Corporation, Arthur Andersen LLP and Ernst & Young LLP relating to the relevant period. If you do not agree, we are available this week to meet and confer and we can schedule a face to face hopefully before July 15, 2005.

Very truly yours,

Shawn A. Williams

SAW/rc

T:\CasesSF\Oracle3\Corres\Schmeltz_Rubin 6_27_05.doc

100 Pine Street, 26th Floor • San Francisco, CA 94111 • 415.288.4545 • Fax 415.288.4534 • www.lerachlaw.com