

**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

December 27, 2005      VIA E-FILING AND FACSIMILE

The Honorable Joseph C. Spero
Magistrate Judge of the United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *In re Oracle Corp. Sec. Litig.*, Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Judge Spero:

    Pursuant to this Court's order, the parties submit this joint letter brief setting forth their respective positions regarding the extension of the February 24, 2006 discovery cutoff.

    **Plaintiffs' Position:** At the Court's direction, the parties met and conferred in the Court's jury room throughout the day on December 16, 2005. As demonstrated in Plaintiffs' Notice of Motion and Motion to Modify the Amended Pretrial Order to Extend the February 24, 2006 Discovery Cutoff and Memorandum of Points and Authorities in Support Thereof ("Plaintiffs' Motion"), and leaving any blame aside, there remain significant document productions and document reviews to be conducted and a variety of important disputes to be resolved as well as dozens of depositions to be taken.

    At the end of the day in the jury room, plaintiffs were willing to agree to a discovery cutoff of July 24, 2006 – three months before the date plaintiffs had requested in Plaintiffs' Motion. Plaintiffs proposed this date in response to defendants' offer of May 10, 2006. In making this offer, defendants explained that certain Oracle accounting witnesses would be unavailable between May 15 and June 15, 2006 due to the end of Oracle's fiscal year.

    On Wednesday, December 21, 2006, defendants provided their first response to plaintiffs' prior Friday offer by proposing that discovery end May 15, 2006 for all Oracle employees, and June 30, 2006 for all non-Oracle employees. Defendants again based this cutoff on the unavailability of certain accounting employees at Oracle's fiscal year-end (May 31). In response, plaintiffs stated that if Oracle would provide a list of those employees, plaintiffs would work with Oracle. Plaintiffs explained that they would not agree to the forced sequencing of depositions that defendants' suggestion would entail. Plaintiffs also explained to defendants that owing to the continued delays in the production by Oracle of accounting documents, some accounting depositions necessarily would be conducted toward the end of fact discovery. On Thursday, December 22, 2005, defendants responded to plaintiffs' offer by refusing, without providing any justification, to provide any list of employees whose availability would be impacted by fiscal year-end or to reconsider their position.

    Plaintiffs finally proposed that the overall fact discovery cutoff be June 30, 2006, which would allow both parties leeway to work with the possibility that certain Oracle employees essential to the year-end closing may be unavailable between May 15 and June 15, 2006. Defendants refused.

    The reasonableness of plaintiffs' offer of just a four-month extension of merits discovery is evident. As Your Honor noted in the jury room, fault aside, there have been significant delays, the upshot of which is many documents are now being produced for the first time – over six months after the Court-ordered date for defendants' completion of document production. Plaintiffs are summarizing and detailing additional serious deficiencies to defendants, but delay is at work, reasonably so or not. The fact that the earliest in-person meet and confer date offered last week by defendants for seeking resolution of an already month-old discovery dispute is January 17, 2006, suggests defendants are not in as much of a hurry as plaintiffs to act expeditiously.

    In light of all the above circumstances, plaintiffs ask that the fact discovery cutoff date be set no earlier than June 30, 2006.

100 Pine Street, 26th Floor • San Francisco, CA 94111 • 415.288.4545 • Fax 415.288.4534 • www.lerachlaw.com




Honorable Joseph C. Spero
December 27, 2005
Page 2

**Defendants' Position:** Each party's offer seeks to balance Plaintiffs' need to take the necessary discovery against Defendants' interests in bringing discovery to a prompt close without disrupting Oracle's operations. The parties have discussed at length the fact that Oracle's fiscal year closes on May 31, 2006, and as a result, Oracle's senior executives, finance personnel, and accounting group all will be extremely busy from May 15 (as year end approaches) through June 30, 2006 (when Oracle finalizes its earnings announcement). While every year end is busy, Oracle anticipates that this year's close will be particularly intense in light of Oracle's planned acquisition of Siebel Systems, Inc. Defendants' proposal offers the most practical way to complete discovery while addressing these concerns.

Under Defendants' plan, Plaintiffs will have ample time to wrap up any remaining document issues and complete the depositions of Oracle employees. Of the 38 fact witnesses listed in the Discovery Plan, only 18 are current Oracle employees. Plaintiffs could complete this discovery by taking fewer than four depositions a month. Moreover, Plaintiffs clearly are prepared to take depositions right now. Months ago, Plaintiffs received all of the documents for every key witness in this case. Regarding non-party discovery, Defendants propose a June 30 deadline, and Plaintiffs do not contest that they can meet this deadline.

After Oracle raised concerns about conducting discovery during the Company's year end, Plaintiffs asked for a list of employees who are busy during year end, offering to work to accommodate their schedules. There are two substantial problems with that proposal, however. First, Plaintiffs maintain that they may need to depose Oracle employees who are not listed in the Discovery Plan, and Plaintiffs have not identified who these employees are. Second, and more significantly, it is simply impossible to identify which Oracle employees may be needed to respond to Plaintiffs' document discovery. For example, to produce documents mandated by this Court's October 18 Order, Oracle not only enlisted a team of attorneys and outside accountants (at a cost of over $1 million), but also, the Company had a team of 14 Oracle accounting employees that spent a very substantial part of a month collecting these documents. Undertaking a similar effort during year end would be massively disruptive to Oracle's business.

Defendants' proposal is simply more workable than Plaintiffs' proposal. Under Plaintiffs' proposed July 24 cutoff date, much of the busiest time for discovery would be smack in the middle of Oracle's push to close out the year and satisfy our reporting obligations under the securities laws. Nor can Plaintiffs solve this problem by asking for a list of employees whose schedules should be accommodated (while simultaneously refusing to provide a complete list of employees they wish to depose). This approach inevitably will lead to bickering regarding who is on the list, who should have been on the list, and who really is busy with year end. The Court and the parties do not need more motion practice or scheduling fights. Under Defendants' proposal, Oracle must and will complete document discovery and make its people available for deposition by May 15. No schedules to accommodate, no excuses.

Finally, because Defendants did not file an opposition to Plaintiffs' motion, the record does not reflect the enormous discovery that Plaintiffs received months ago. Defendants will not burden the Court with all the details, but will simply note that Defendants produced: (1) forecasting documents in January 2005; (2) the audit trail for the debit memos in February 2005; (3) Suite 11i documents in March 2005; and (4) an additional 400,000 pages of documents in May and June. In light of these substantial productions, it is unclear why Plaintiffs have not yet noticed a single deposition of any of the 38 witnesses listed in the Discovery Plan, particularly because the Court explained that such depositions could commence in May 2005. *See* Tr. of March 1, 2005 Hearing Before Mag. Judge J.C. Spero at 92.

Respectfully submitted,

/S/ Mark Solomon                                    /S/ Alan N. Salpeter
Mark Solomon                                         Alan N. Salpeter
Counsel for Plaintiffs                               Counsel for Defendants



## DECLARATION OF SERVICE BY FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on December 27, 2005, declarant served by facsimile the **JOINT LETTER BRIEF TO THE HONORABLE JOSEPH C. SPERO, MAGISTRATE JUDGE** to the parties listed on the attached Service List.

3. That there is a regular communication by facsimile between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of December, 2005, at San Francisco, California.



/S/ Monina O. Gamboa
MONINA O. GAMBOA

t:\casessf\oracle3\corres\spero_122705 mcw.doc

ORACLE III (LEAD)
Service List - 12/27/2005 (201-064-1)
Page 1 of 1

## Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060(Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606
  312/782-0600
  312/701-7711(Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114(Fax)

## Counsel For Plaintiff(s)

Mark Solomon
Douglas R. Britton
Valerie L. McLaughlin
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
  619/231-1058
  619/231-7423(Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534(Fax)