LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
VALERIE L. McLAUGHLIN (191916)
GAVIN M. BOWIE (235532)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
MarkS@lerachlaw.com
DougB@lerachlaw.com
ValerieM@lerachlaw.com
        – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSEN (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
ShawnW@lerachlaw.com
WillowR@lerachlaw.com
EliG@lerachlaw.com
JennieA@lerachlaw.com
MoniqueW@lerachlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | ) Master File No. C-01-0988-MJJ (JCS) ) ) <u>CLASS ACTION</u> ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) **DISCOVERY MATTER** )<br>) PLAINTIFFS' OPPOSITION TO<br>) DEFENDANTS' MOTION FOR<br>PROTECTIVE ORDER PURSUANT<br>TO FEDERAL RULE OF CIVIL<br>PROCEDURE 26(c)<br><br>DATE:         January 27, 2006<br>TIME:          1:30 p.m.<br>COURTROOM:  The Honorable<br>                          Joseph C. Spero |

**TABLE OF CONTENTS**

Page

I.     Introduction ........................................................................................................................1

II.    Relevant Background ..........................................................................................................2

III.   Defendants' Motion for a Protective Order Should be Denied as Contrary
       to Federal Rule of Civil Procedure 26 and Procedurally Flawed .......................................3

       A.    Plaintiffs' Motion to Compel Properly Sought
             Enforcement of the Discovery Plan ..........................................................................4

       B.    Oracle's Regurgitation of its Own Deficient
             Production Does Not Establish Good Cause ............................................................7

       C.    Defendants' Speculation Regarding Andersen's Production Does Not
             Warrant the Protective Order They Seek .................................................................8

IV.    Conclusion ..........................................................................................................................9

I.  **Introduction**

On December 8, 2005, plaintiffs filed their Notice of Motion and Motion to Compel Arthur Andersen LLP to Comply with the Court's March 10, 2005 Discovery Order and Produce Relevant Documents; and Memorandum of Points and Authorities in Support Thereof ("Motion to Compel"). In lieu of spending the time and effort to prepare a formal response, Arthur Andersen LLP ("Andersen") sought from plaintiffs an agreement that would allow it to produce documents sought in exchange for withdrawal of the Motion to Compel (the "Andersen Proposal"). Declaration of Willow E. Radcliffe in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c) ("Radcliffe Decl."), ¶2 and Ex. 1. Contrary to the Oracle defendants' suggestion, Andersen was not "browbeaten" into producing documents, as Andersen has effectively eluded the necessary production for a full year.[1] Clearly capable of negotiating for itself, Andersen demanded from plaintiffs a complete withdrawal of the Motion to Compel and maintained its refusal to search for relevant documents on electronic back-up tapes in order to reach an agreement. As such, plaintiffs were faced with a Hobson's choice – accept the Andersen Proposal or proceed with their Motion to Compel even though Andersen had agreed to produce many of the documents that plaintiffs' sought. Plaintiffs accepted the Andersen Proposal.

Defendants now insert themselves (again) into the non-party discovery process and remarkably suggest that it is plaintiffs' properly noticed Motion to Compel that is out of line. Defendants' motion is a thinly veiled attempt to oppose plaintiffs' Motion to Compel where they have no standing to do so. Indeed, defendants seek to undo plaintiffs' agreement to the Andersen Proposal, yet fail to particularize the harm that they will suffer as a result of the agreement. *See* Fed. R. Civ. P. 26(c). The facts, however, are simple and demonstrate that defendants' motion for a protective order is both procedurally defective and without merit.

---

[1] "Oracle defendants" refers to defendants Oracle Corporation ("Oracle"), Lawrence J. Ellison, Jeffrey O. Henley and Edward J. Sanderson.

II.     **Relevant Background**

On December 8, 2004, plaintiffs issued a subpoena to Andersen. Andersen objected to plaintiffs' subpoena on December 21, 2004, asserting, among other things, that plaintiffs' requests were overbroad, burdensome and sought privileged material. Thereafter, plaintiffs met and conferred with Andersen regarding its December 21, 2004 objections and Andersen agreed to produce many responsive documents. On January 10, 2005, Oracle sought a protective order from the Court regarding all non-parties, including Andersen.

On February 5, 2005, the Court temporarily stayed the enforcement of non-party subpoenas until the discovery conference on March 1, 2005, before the Honorable Joseph C. Spero. On March 10, 2005, the Court issued an Amended Order Setting a Discovery Plan ("Discovery Plan") directing Oracle's auditors and accountants (*i.e.*, Andersen) to produce "documents relating to (i) debit memo transactions; (ii) the accounting treatment of the 46,000 debit memo transactions; and (iii) tax advisory services provided to Henley and Ellison relating to the Relevant Time Period." Radcliffe Decl., Ex. 2. On March 11, 2005, plaintiffs provided Andersen with a copy of the Court's March 10, 2005 Discovery Plan. On June 21, 2005, Andersen produced a mere 51 pages of documents they refer to as "*certain* responsive documents." Radcliffe Decl., Ex. 3.

Plaintiffs continued to demand all responsive documents from Andersen. It refused. *See* Declaration of Vincent P. Schmeltz III in Support of Defendants' Motion for a Protective Order ("Schmeltz Decl."), Ex. 6 (reaffirming Andersen's position that its production was complete). On August 5, 2005, plaintiffs advised the Court of deficiencies in Andersen's production and the auditors' failure to comply with the Discovery Plan. The Court urged Oracle to encourage its auditors to avoid a motion to compel. Radcliffe Decl., Ex. 4 at 3 ("I don't think the auditors are in a position to take a very hard stand and I think you ought to encourage these people to avoid a motion to compel."). Plaintiffs quickly informed Andersen of the Court's August 12, 2005 comments and again sought to reach an agreement with Andersen. Radcliffe Decl., Ex. 5. Andersen refused any further production.

On December 8, 2005, plaintiffs filed their Motion to Compel, requesting that Andersen be ordered to produce documents consistent with the Discovery Plan and the Federal Rules of Civil

1  Procedure. On December 19, 2005, days before the date of its scheduled response to the Motion to
2  Compel, Andersen contacted plaintiffs to convey the Andersen Proposal, offering to produce
3  documents in exchange for plaintiffs' withdrawal of their pending Motion to Compel. Radcliffe
4  Decl, ¶2. On December 22, 2005, plaintiffs accepted the Andersen Proposal and filed a notice of
5  withdrawal of their Motion to Compel and stated the reason for the withdrawal. Radcliffe Decl.,
6  Ex. 6. On December 23, 2005, the Oracle defendants filed the instant motion for a protective order.

### III.   Defendants' Motion for a Protective Order Should be Denied as Contrary to Federal Rule of Civil Procedure 26 and Procedurally Flawed

Rule 26(c) provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . and for **good cause shown**, the court . . . may make any order which justice requires to **protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense**.

Fed. R. Civ. P. 26(c).[2]

A party seeking protection under Rule 26(c) has a "heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To establish good cause, a party must submit "a ***particular*** and ***specific*** demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."); *Gray*, 133 F.R.D. at 40 ("The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."). Attorney argument and speculation is not sufficient. *Townsends of Ark., Inc. v. Millers Mut. Ins. Co.*, No. 89-83-JJF, 1991 U.S. Dist. LEXIS 1423, at **12-14 (D. Del. Feb. 6, 1991).[3]

---

[2]   All emphasis is added unless otherwise indicated.

[3]   All internal citations and quotations are omitted unless otherwise indicated.

1    Defendants' motion does not demonstrate annoyance, embarrassment, oppression or undue
2 burden or expense. Indeed, it wrongly speculates that plaintiffs are hunting for a new claim, and
3 threatening to violate the Discovery Plan. Defendants' Motion for a Protective Order Pursuant to
4 Fed. R. Civ. P. 26(c) and Memorandum of Points and Authorities in Support ("Defs' Mem.") at 6-7.
5 As set forth below, defendants' stated "concerns" do not satisfy the Rule 26 good cause requirement
6 and do not account for the burden and expense that will be imposed on plaintiffs and Andersen if
7 plaintiffs' agreement to the Andersen Proposal is nullified.

8    Moreover, Federal Rule of Civil Procedure 26(c) requires that a motion for a protective order
9 shall be "accompanied by a certification that the movant has in good faith conferred or attempted to
10 confer with other affected parties in an effort to resolve the dispute without court action . . . ." *See*
11 Fed. R. Civ. P. 26(c). No such certification is submitted with defendants' motion because
12 defendants failed to even attempt to meet and confer with plaintiffs prior to the filing of their motion.
13 On this basis alone, defendants' motion should be denied as improper. In fact, this Court has
14 repeatedly directed the parties to try to reach compromises without Court intervention. The Oracle
15 defendants, however, have ignored such directives and Rule 26(c), providing an additional basis for
16 denying their motion.

### A. Plaintiffs' Motion to Compel Properly Sought Enforcement of the Discovery Plan

The Oracle defendants contend that plaintiffs improperly moved to compel documents outside the scope of the Discovery Plan. Defs' Mem. at 5, 7. Plaintiffs, however, have sought nothing more than enforcement of the Discovery Plan and what the Federal Rules of Civil Procedure allow. Indeed, this Court ordered that plaintiffs are entitled to the workpapers that are relevant to plaintiffs' claims and the transactions underlying the debit memos. *See* Radcliffe Decl., Ex. 2 at 8-9. The Court, through Oracle, encouraged Andersen to produce responsive documents and avoid a motion to compel. *See* Radcliffe Decl., Ex. 4 at 3. Moreover, by way of plaintiffs' Motion to Compel, the issue of the scope of Andersen's production was properly before the Court for an appropriate ruling. Nothing in the Discovery Plan or any of the Court's rulings precludes or prevents

plaintiffs from filing a motion to compel or reaching an agreement with non-parties without Court intervention.

Secondly, Andersen's June 21, 2005 production was substantially deficient and its continued refusal to comply with the Discovery Plan warranted a motion to compel. *See generally*, Radcliffe Decl., Ex. 7. Andersen's production, though limited, confirmed that Andersen analyzed Oracle's 25005 account (specifically alleged in Plaintiffs' Revised Second Amended Complaint for Violations of the Federal Securities Laws as directly implicated in the false financials) and certain other accounts relating to Oracle's 25005 account and customer overpayments.[4] Andersen's scarce production, however, did not contain all the documents relating to this analysis. Handwritten notes on the Andersen documents produced also strongly suggest that final versions of documents are missing from Andersen's production. *See*, *e.g.*, Radcliffe Decl., Ex. 3 at AA 000004 (numerous handwritten notes, including insertion of a subtotal), AA 000019 (numerous handwritten notes, including edits to the typed notes), AA 000045 (same).

Further, contrary to Oracle's claims that "Andersen's production is complete," the few documents that Andersen produced reference numerous missing documents which plaintiffs require to be able to comprehend the testing and analysis performed by Andersen. Defs' Mem. at 7. For example, Andersen documents Bates numbered AA 000004-06 (Accounts Receivable Variation Analysis as of 5/31/01) make numerous cross references to documents that are missing from Andersen's production including: (1) accounts receivable workpapers B-15, B-30, B-35, B-40, B-45, B-50 and B-60; (2) accounts receivable account 12540-M@DD (which appears to refer to the testing of an account receivable balance in the 25000 series workpapers – customer advances and unearned revenue); (3) detail of cash in transit; and (4) account 25006-DD. *See* Radcliffe Decl, Ex. 3 at AA 000004-6.[5] Without these (and numerous other) missing, but responsive, documents plaintiffs have

---

[4]   Oracle has represented that the general ledger account that held the "On Account" status was 25005. *See* Radcliffe Decl., Ex. 8 at 60:15-18.

[5]   While defendants' claim that there are no missing Andersen documents, they fail to address the specific examples raised in plaintiffs' Motion to Compel. *Compare* Defs' Mem. at 7:21-8:6 with Motion to Compel at 8:6-10, 14:9-16.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C) - C-01-0988-MJJ (JCS)                           - 5 -

no way of determining the impact that customer overpayments and debit memos had on Oracle's public financial statements.

Plaintiffs' Motion to Compel, seeking workpapers in an integrated set, is supported by the law and this Court's directives to produce all responsive documents. Indeed, to properly understand, analyze, interpret and fully inquire into Oracle's accounting improprieties, full access to a complete and integrated set of Andersen's workpapers is both necessary and appropriate. *See In re Telxon Corp. Sec. Litig.*, No. 5:98CV2876, 2004 U.S. Dist. LEXIS 27296, at **13-19 (N.D. Ohio, July 16, 2004). This conclusion is further supported by Andersen's own admissions, professional accounting standards and case law. Andersen reviewed and audited Oracle's "financial statements taken as a whole"; and similarly, taken as a whole, its workpapers presumably support its unqualified audit opinion of Oracle's financial statements. *See* Radcliffe Decl., Ex. 9. Likewise, Accounting Standards require review of workpapers as an integrated set – the AICPA Audit and Accounting Manual ("AAM") provides:

> ***Working papers should be viewed as an integrated presentation of information.*** The auditor should cross-reference working papers to call attention to interaccount relationships and to reference a paper to other working papers summarizing or detailing related information.

AAM §6300.06 (emphasis added); *see also Marksman Partners, L.P. v. Chantal Pharm. Corp.*, Master File No. CV-96-0872-WJR (JRx), 1996 U.S. Dist. LEXIS 13870, at **11-12 (C.D. Cal. Aug. 15, 1996); *In re Control Data Corp. Sec Litig.*, Master Dkt. 3-85-1341, 1987 U.S. Dist. LEXIS 16829, at *11 (D. Minn. Dec. 10, 1987); *Cooperman v. Fairfield Communities, Inc.*, No. LR-C-90-464, 1992 U.S. Dist. LEXIS 22877, at **6-7 (E.D. Ark. May 12, 1992); *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 1:89-0894X, 1991 U.S. Dist. LEXIS 14486, at **10-11 (N.D. Ohio June 21, 1991), which all find that workpapers must be produced as an integrated set.

Ironically, the merits of plaintiffs' Motion to Compel Andersen to comply with the Discovery Plan itself are not what are at issue here. The issue is whether defendants are entitled to an order nullifying plaintiffs' agreement to the Andersen Proposal thereby starting the process of litigating plaintiffs' Motion to Compel anew. Plaintiffs respectfully submit that their Motion to Compel does not provide the Oracle defendants with the good cause necessary to obtain a protective order.

### B. Oracle's Regurgitation of its Own Deficient Production Does Not Establish Good Cause

Defendants' claim that plaintiffs have in their possession all of the documents to evaluate their accounting claims is wrong and irrelevant. Defs' Mem. at 7-9. Much of Oracle's motion for protective order restates arguments found unpersuasive long ago. Defs' Mem. at 8 ("By February 2005, defendants had produced a series of reports that . . . trace the audit trail for these debit memos."). The Court has already ordered that plaintiffs are entitled to all documents in Andersen's possession related to the debit memo transactions and the accounting for the debit memo transactions. *See* Radcliffe Decl., Ex. 10 at 140 ("What you can get from the auditors is documents regarding or relating to the 46,000 debit memos."). Indeed, Oracle's production to date has been deficient and it is Oracle that has continued to skirt its agreed-upon obligations. The Court has acknowledged as much:

> My concerns here are as follows: Number one, I'm concerned that during the course of setting up the very detailed discovery plan in this case, ***the defendants argued and obtain a narrower scope of discovery in exchange for a commitment that all of the documents regarding all of these debit memos, including all the underlying documents would be committed***. And that, to my mind, is clears as day in the transcript that that was the position taken at that time. ***And you are changing your position***.

Radcliffe Decl., Ex. 11 at 4:13-21.

On October 18, 2005, Oracle admitted that its production was not complete ("we will find all the paper documents related to the $1 million and over debit memos and produce those to them"). Radcliffe Decl., Ex. 11 at 12:21-22. Indeed, it has already taken a Court Order for Oracle to produce additional documents responsive to the Discovery Plan. *See* Radcliffe Decl., Ex. 12.[6]

As set forth in plaintiffs' Motion to Compel, the accounting for these debit memo transactions touches upon more than 90 different accounts and relates to numerous (missing) workpapers. *See* Radcliffe Decl., Ex. 7 at §III.D. Andersen's workpapers include its high level overview of Oracle's accounting processes, internal controls and preparation of financial statements

---

[6] Plaintiffs maintain that Oracle's production is still deficient and the parties have tentatively agreed to meet and confer on January 12, 2006 to discuss the matter.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C) - C-01-0988-MJJ (JCS)   - 7 -

as well as its description and testing of Oracle's financial statement components. Oracle does not possess these Andersen documents and cannot produce them. Each are directly relevant to the alleged overpayments and debit memo transactions and will enable plaintiffs to understand Schmeltz Declaration Exhibits 9, 10 and 11, which do not describe Oracle's accounting process at all. The Andersen documents are not available from any other source. *See In re Honeywell Int'l, Inc. Sec. Litig.*, No. M8-88 (WHP), 2003 U.S. Dist. LEXIS 20602, at **19-20 (S.D.N.Y. Nov. 18, 2003) (recognizing that even where defendants have similar documents, auditors' documents may differ thus justifying granting a motion to compel).

In short, no matter how much defendants are unhappy with the prospect of plaintiffs obtaining relevant production from Andersen, they cannot concoct "good cause" where none exists.

### C. Defendants' Speculation Regarding Andersen's Production Does Not Warrant the Protective Order They Seek

Plaintiffs sought to compel documents from Andersen relevant to the claims and defenses in this action. *See* Radcliffe Decl., Ex. 7. In response to plaintiffs' Motion to Compel, Andersen offered to produce documents, including relevant workpapers for Oracle's 2001 fiscal year. Plaintiffs' accepted Andersen's Proposal. Defendants seek to nullify plaintiffs' agreement to the Andersen Proposal on speculation that the Andersen documents *may* result in plaintiffs seeking to add new claims to the litigation. However, conclusory claims of potential harm cannot support a Rule 26(c) issuance of a protective order. *Gray*, 133 F.R.D. at 40. Plaintiffs, like Oracle, do not know what information may be gleaned from Andersen's production. Plaintiffs do know, however, that the production will contain documents relevant to the claims and defenses in this litigation.

At this juncture, defendants' speculation that plaintiffs will seek to add new claims does not constitute a particularized showing of good cause necessary to warrant the issuance of a protective order barring plaintiffs from relevant and responsive documents. *See Gray*, 133 F.R.D. at 40; *Townsend*, 1991 U.S. Dist. LEXIS 1423, at **12-14.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C) - C-01-0988-MJJ (JCS) - 8 -

## IV. Conclusion

The obvious thrust of defendants' motion is that they do not want plaintiffs to see the Andersen documents. Defendants' claims of speculative harm are far outweighed by the burden on plaintiffs and Andersen in continuing to litigate the scope of Andersen's production. Accordingly, plaintiffs respectfully request this Court deny defendants' motion for a protective order.

DATED: January 6, 2006

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
JENNIE LEE ANDERSEN
MONIQUE C. WINKLER


        /s/ Willow E. Radcliffe
    WILLOW E. RADCLIFFE

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Oracle3\OPP00027047.doc

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C) - C-01-0988-MJJ (JCS) - 9 -

**DECLARATION OF SERVICE BY E-FILING AND U.S. MAIL**

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on January 6, 2006, declarant served by e-filing pursuant to N.D. of Cal. General Order No. 45, Electronic Case Filing Guidelines Sec. IX and U.S. Mail the PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C) to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of January, 2006, at San Francisco, California.

                                                  /s/ Ruth A. Cameron
                                                  RUTH A. CAMERON

ORACLE III (LEAD)

Service List- 1/6/2006          (201-064-1)

Page 1 of 1

**Counsel For Defendant(s)**

| | |
|---|---|
| Donald M. Falk | Alan N. Salpeter |
| Lee H. Rubin | Javier H. Rubinstein |
| Shirish Gupta | Vincent (Trace) P. Schmeltz, III |
| Mayer, Brown, Rowe & Maw LLP | Mayer, Brown, Rowe & Maw LLP |
| Two Palo Alto Square, Suite 300 | 71 South Wacker Drive |
| Palo Alto, CA 94306 | Chicago, IL 60606 |
|   650/331-2000 |   312/782-0600 |
|   650/331-2060 (Fax) |   312/701-7711 (Fax) |
|   dfalk@mayerbrown.com |   jrubinstein@mayerbrown.com |
|   lrubin@mayerbrown.com |   tschmeltz@mayerbrown.com |
|   sgupta@mayerbrown.com | |

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114 (Fax)
  jim.maroulis@oracle.com

**Counsel For Plaintiff(s)**

| | |
|---|---|
| Mark Solomon | Sanford Svetcov |
| Douglas R. Britton | Shawn A. Williams |
| Valerie L. McLaughlin | Willow E. Radcliffe |
| Lerach Coughlin Stoia Geller | Lerach Coughlin Stoia Geller |
|   Rudman & Robbins LLP |   Rudman & Robbins LLP |
| 655 West Broadway, Suite 1900 | 100 Pine Street, Suite 2600 |
| San Diego, CA 92101 | San Francisco, CA 94111-5238 |
|   619/231-1058 |   415/288-4545 |
|   619/231-7423 (Fax) |   415/288-4534 (Fax) |
|   msolomon@lerachlaw.com |   ssvetcov@lerachlaw.com |
|   dbritton@lerachlaw.com |   swilliams@lerachlaw.com |
|   vmclaughlin@lerachlaw.com |   wradcliffe@lerachlaw.com |

T:\CasesSF\Oracle3\service list for efiling.doc