# Exhibit 4

C01-0988MJJ

*In re: Oracle Securities Litigation*

Hearing Date: 8/12/05

Judge Spero

| | |
|---|---|
| Courtroom Clerk: | [Inaudible]<br>Master File No. C-01-0988-MJJ, *In re Oracle Securities Litigation* Counsel? |
| Mark Solomon: | Thank you your honor. |
| Judge Spero: | All right. What's up? |
| Mark Solomon: | I apologize for having to get you back out. |
| Judge Spero: | Oh no, no. |
| Mark Solomon: | Here's where we're at. We have arrived here today apparently with a fundamental dispute on to what the scope was of your order concerning the 46,000 debit memo transactions. |
| Judge Spero: | I could tell that. |
| Mark Solomon: | And the defendants have now told us that they are willing to go back to their client and to investigate what the burden would be of seeking documents that relate to those transactions prior to November 17, 2000. But they can't tell us what the burden is right now because they haven't looked into that issue before because they have preferred to adopt a narrow view of the scope that we agree with. We've been using your language, your honor, from your, from the transcripts. I know that you used the language "every scrap of paper," I want to assure you that we're not after every single scrap of paper . . . |
| Judge Spero: | I didn't think you were. |
| Mark Solomon: | We are willing to compromise when we can do so on an informed basis, but we cannot because we don't have any information on the burden argument that's now being raised. |
| Judge Spero: | And this is, this is the dispute as to whether the documents from the original transactions with the particular customers would be [produced] . . . |

**Trace Schmeltz:** Right, and Your Honor, we're willing, literally in the next week, to go back and look at what that would take. We believe we have complied with the order and, and if there's a world where we haven't complied, or where we justified breaching a compromise can obviate this dispute, we're willing to go investigate, come back, and in good faith say here's what it would take to put that information together and give it to you, and here's the form we could do that. We're willing to do that over the next week, come back to the plaintiffs in one week, and then have any further conversation. Certainly, everyone has the right to seek protective order or motion to compel, or whatever, but we think we could come up with a compromise solution in that regard.

**Judge Spero:** Okay.

**Mark Solomon:** And, we're happy to do that, Your Honor. I want to just, just for the information for the Court, that there's an issue that is percolating that is we've been hearing a lot that Oracle doesn't have physical documents, doesn't have source documents, it's all on the databases. But it's not all, because there are some – I just don't know what the burden is. I'm afraid that that's an issue that is going to have to be flushed out down the road, but this is the first step.

**Trace Schmeltz:** We can certainly address that. Certainly Oracle, no great surprise, the primary place they store data is on the database. I know that for sure.

**Judge Spero:** I'm sure they do both things.

**Mark Solomon:** Until they comply with the order . . .

**Trace Schmeltz:** But to the extent there's paper I want to go find that out. It will take a week and we can come back to them.

**Judge Spero:** If there's data, you have to produce data. If there's paper, you have to produce paper. If there's both, you have to produce both.

**Trace Schmeltz:** Right.

**Judge Spero:** You know. I mean, its, as I recall, what the plaintiffs wanted in this case was much broader than the scope of discovery they ended up. So you've already carved out 90% of the burden that you would have had in this case. So I want you all to compromise, I want you all to reach agreements, I won't tell you what I would have done otherwise, but don't, nobody should be overreaching in this. And, you know, it's a big case, burdens are important, and that's why I narrowed the scope of

|   |   |
|---|---|
|   | discovery, but don't, don't overplay your hand either. What about the issue with the accountants? |
| Mark Solomon: | Well, Your Honor, um, we're willing, well we do, I think, want to make a motion or we're going to be asking for permission to make a motion, but actually we don't yet have the Special Litigation Committee report, which I know you want to be produced, I'm sure that's going to be coming very soon . . . |
| Judge Spero: | Right . . . |
| Mark Solomon: | I think we need to digest that. And also it would be perhaps helpful to see if we can resolve this current dispute and then get back to you on this issue. |
| Judge Spero: | All right. Let me just give you some unsolicited advice on the accountants. It does appear that the issue is not the scope of the discovery order on that one to me, that it is whether or not they're doing what the discovery order requires. And, you know, if I don't, it seems, I don't think I will get too far into whether the discovery order needs to be modified because it seems premature. The question is whether or not they produced the documents that are called for by the scope of the discovery order. And I think that that you all should just work that out. I don't, the, it is, it baffles me that there is a fight about this, actually, because it's going to be eight pieces of paper by then, or ten. It's not a burden question. And it's not a privacy question. It is "we don't want to get you further into our workpapers than we want because we don't want you trying to add issues into the case." Okay, I understand that. That's a perfectly legitimate thing. But we've got a good scope of discovery and you're going to get things within the scope of discovery, so I don't think the auditors are in a position to take a very hard stand and I think you ought to encourage these people to avoid a motion to compel. |
| Trace Schmeltz: | I completely understand your point, Your Honor. I would note that a lot of the areas where the plaintiffs have suggested the audit workpapers reference other things that aren't there, the workpapers are in many ways self contained and I think . . . |
| Judge Spero: | If there is a misunderstanding, that's one thing. |
| Trace Schmeltz: | [Inaudible] the deposition or further learning can, can accomplish that, okay . . . |

**Judge Spero:** If there's a misunderstanding that's fine. And maybe it does take a short document deposition to figure out what's there and that's a perfectly legitimate way of doing it, and then at least you'll know what you're dealing with, but on the other hand [inaudible]. Allright. So I'm not going to do anything until I hear from you all. If you want to tee up the issue about the company's production on, of documents that underlie the debit memos, you can do that by letter?

**Trace Schmeltz:** Okay.

**Judge Spero:** Do it – let's have a joint letter setting forth positions, and then we'll have a brief telephonic hearing on it. I recommend against having such a hearing, but –

**Trace Schmeltz:** Do you have a length preference on that joint letter?

**Judge Spero:** Yeah, two pages.

**Trace Schmeltz:** Thank you.

**Mark Solomon:** One page each?

**Judge Spero:** Yeah, well . . .

**Trace Schemltz:** I think we get a page and a quarter . . .

**Judge Spero:** Two pages is probably a page and a half, so it's, or a page and a quarter, so you're going to each get, you know, I'm sure you'll divide it by number of characters or something like that.

**Mark Solomon:** [Laughs]

**Trace Schmeltz:** We'll do our best. Thank you, Your Honor.

**Judge Spero:** I know you will. Thanks. Okay.

**Mark Solomon:** Thank you, Your Honor.

**Shawn Williams:** Thank you, Your Honor.

T:\CasesSF\Oracle3\NonPldgs\Hearing Transcript 8_12_05.doc

## DECLARATION OF TRANSCRIPTION

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and resident of the County of Alameda, over the age of 18 years, and not a party to or interested in any action relating to subject matter of this declaration; and that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on September 7, 2005, declarant listened to the electronic recording labeled C01-0988MJJ, In re: Oracle Securities Litigation, Hearing Date: 8/12/05, Judge Spero, and that I transcribed the hearing to the best of my abilities, and that this transcription is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of September, 2005, at San Francisco, California.

_____
RUTH A. CAMERON