LATHAM & WATKINS LLP
   Peter A. Wald (SBN 85705)
   Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
       michele.kyrouz@lw.com

LATHAM & WATKINS LLP
   Patrick E. Gibbs (SBN 183174)
135 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
   Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail: jamie.wine@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
   Dorian E. Daley (SBN 129049)
   James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS)<br>(Consolidated)<br><br>CLASS ACTION<br><br>**DECLARATION OF JAMES G. KREISSMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR IMMEDIATE ENFORCEMENT OF THE MARCH 10, 2005 DISCOVERY PLAN** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF JAMES KREISSMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR IMMEDIATE ENFORCEMENT OF DISCOVERY PLAN

## DECLARATION OF JAMES G. KREISSMAN

I, James G. Kreissman, declare as follows:

1. I am a Litigation Partner in the Palo Alto office of Simpson Thacher & Bartlett LLP. I am one of the attorneys that served as Counsel to the Special Litigation Committee (the "Committee") of Oracle Corporation ("Oracle" or the "Company"). I have personal knowledge of the issues set forth below, and could and would testify competently thereto if called upon to do so at trial.

2. The Committee was charged with investigating allegations made in certain derivative actions pending in the Delaware Chancery Court, the California Superior Court and the United States District Court for the Northern District of California. The Committee also investigated certain accounting allegations alleged in the Second Amended Class Action Complaint in the above-captioned matter. The Committee's investigation culminated in a comprehensive report (the "Report"), which included hundreds of exhibits of relevant documents which the Committee obtained and reviewed as part of its investigation.

3. Among other things, the Company produced to Counsel for the Committee 22 CD-ROMs of e-mails containing the equivalent of approximately 3.5 million pages of materials. These 22 CD-ROMs contained e-mail files gathered from approximately 21 custodians. The Company did not conduct a review of the data on the 22 CD ROMs, for relevance, privilege or otherwise, before producing them to the Committee's Counsel. The e-mail files on the 22 CD-ROMs contain many highly sensitive, confidential and/or privileged communications. Among other employees, the 22 CD-ROMs contain the e-mail files of Safra Catz, Oracle's President and Jeffrey Henley, Oracle's then-CFO. I am informed that these are the 22 CD-ROMs which form the basis of Plaintiffs' Request for Immediate Enforcement of the March 10, 2005 Amended Order Setting a Discovery Plan to Order Production of All Email Reviewed by Oracle's Special Litigation Committee.

4. Because the CD-ROMs contained approximately 3.5 million pages of documents, Counsel for the Committee did not review every e-mail. Rather, Counsel for the Committee initially searched the disks by file owner, category and file name in an effort to identify files that

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' OBJECTION TO PLAINTIFFS' RESPONSE TO MOTION FOR MBR&M TO WITHDRAW AS COUNSEL AND ORDER GRANTING THE MOTION

1  might contain potentially relevant documents. Counsel for the Committee then printed
2  approximately 117,000 pages of potentially relevant documents from the 22 CD-ROMs based
3  solely on these initial owner, category and file name searches. Once those approximately
4  117,000 pages documents were printed, junior associates at my law firm reviewed the 117,000
5  documents to identify those they deemed to be relevant to the issues that the Committee was
6  investigating. Through this review, Counsel for the Committee trimmed down the universe of
7  potentially relevant documents to approximately two boxes. The documents in these boxes were
8  then bates stamped and incorporated into the production of hard copy documents that we had
9  also received from the Company.

10     5.     Counsel for the Committee provided a very small subset of the documents
11  contained on the 22 CD-ROMs to the Committee for its review as part of its investigation. This
12  subset came exclusively from the approximately two boxes that Counsel for the Committee
13  previously had isolated from the approximately 117,000 hard copy print-outs, which itself was
14  isolated from the approximately 3.5 million pages of electronic documents.

15     6.     Of the subset of documents that we provided to the Committee, all of the
16  documents which we believed to be relevant to the issues under investigation were attached as
17  exhibits to the Report. I am unaware of any documents we considered relevant from the 22 CD-
18  ROMs that were provided to the Committee and were not included as exhibits to the Report.

19     7.     The Committee never had access to the 22 CD-ROMs nor did Committee
20  members ever review the 22 CD-ROMS or the set of 117,000 pages of hard-copy documents.
21  Instead, as described above, the Committee only had access to the small subset of documents that
22  was provided to it by Counsel for the Committee.

23  I declare under penalty of perjury under the laws of the State of California that the
24  foregoing is true and correct. Executed this 14th day of March, 2006, in Palo Alto, California.

_____
James G. Kreissman

LA\1553930.1

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

2   DEFENDANTS' OBJECTION TO PLAINTIFFS' RESPONSE TO MOTION FOR MBR&M TO WITHDRAW AS COUNSEL AND ORDER GRANTING THE MOTION