# Exhibit A

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

13   In re ORACLE CORPORATION          )   Master File No. C-01-0988-MJJ
     SECURITIES LITIGATION             )
14   _____  )   CLASS ACTION
                                       )
15   This Document Relates To:         )   AMENDED [PROPOSED] ORDER
                                       )   SETTING A DISCOVERY PLAN
16      ALL ACTIONS.                   )
                                       )   Judge Martin J. Jenkins
17   _____  )   Magistrate Judge Joseph C. Spero

18
19
20
21
22
23
24
25
26
27
28

1     On Tuesday, March 1, 2005, the parties appeared before United States Magistrate Judge

2   Joseph C. Spero for a discovery conference. The parties offered written discovery plans and

3   presented oral argument. The Court, having reviewed the written submissions and considered the

4   parties' oral argument, hereby sets forth the following Discovery Plan, which shall govern discovery

5   in this case.

6     For the reasons stated on the record, IT IS ORDERED THAT:

7  **I.**   **SCOPE OF DISCOVERY**

8     The scope of discovery shall be as follows:

9     **A.**   **RELEVANT TIME PERIOD**

10     For purposes of responding to written discovery requests, the "Relevant Time Period" shall

11  be from June 1, 2000 to June 1, 2001. Documents created outside of the Relevant Time Period that

12  refer to events within the Relevant Time Period must also be produced.

13     **B.**   **FILES TO BE SEARCHED**

14     In responding to Plaintiffs' requests for documents, Oracle Corporation ("Oracle" or the

15  "Company") shall search the hard copy and electronic files of the following individuals:

16     1.   Lawrence Ellison ("Ellison"), Jeffrey Henley ("Henley"), Edward "Sandy"
Sanderson, Stephanie Aas, Jennifer Glass and Jennifer Minton (collectively "the Speakers");

17

18     2.   The Speakers' direct reports during the Relevant Time Period including, but not
limited to, those represented in Oracle's February 18, 2005 letter to the Court;

19     3.   The Area Vice Presidents in Oracle's three United States sales and consulting

20  divisions: North American Sales, Oracle Service Industries and Oracle Products Industries;

21     4.   The following individuals: John Nugent, Bret Fuller, Charles Rozwat, Gary Roberts,
John Wheeler, Sergio Giacoletto, Greg Myers, Neil Menon, Brad Scott, Michael Quinn, Michael

22  Rocha, Ray Lane and Ron Cuneo; and

23     5.   Other individuals, as agreed upon by the parties or ordered by the Court.

24     **C.**   **DEFINITION OF KEY ISSUES IN CASE**

25     With respect to the following topics related to discovery between the parties, the Court sets

26  forth the following guidelines:

27

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)        - 1 -

1    **1.    Economy**

2    Subject to the limitations set forth in Sections I(A) and (B) above, hereafter ("SCOPE"),

3    Defendants shall produce documents and communications (including e-mail correspondence)

4    concerning the United States economy and its impact or potential impact on Oracle's revenues,

5    earnings and expenses; its impact or potential impact on customer purchasing decisions of IT

6    products and services in general; and specifically the purchase of products or services from Oracle.

7    **2.    Functionality of Oracle's Suite 11i Software and Its Individual Modules**

8    Defendants shall produce:

9
          (a)    Software versions 1, 2 and 3 of Oracle's Suite 11i;
10
          (b)    High level design documents for Suite 11i;
11
          (c)    Technical manuals for Suite 11i;
12
13        (d)    "Bug reports" that in any way reference integration or interoperability;

14        (e)    High level documents describing the scope and dimension of "bug problems" within Suite 11i and/or any of its modules other than integration and interoperability;

15
          (f)    Documents regarding any lost or deferred sales of any Oracle product, as
16   well as any material expense with respect to any Oracle product – such as refunds, rebates or remediation. For purposes of this issue only, "material expense" is defined as having a financial
17   impact greater than or equal to $500,000.

18        **3.    Revenue/Earnings Forecasting**

19   Subject to the Court's rulings on SCOPE, Defendants shall produce documents relating to

20   Oracle's forecasts, including any mention of the economy as it relates to Oracle's forecasting during

21   the Relevant Time Period and as it related to the Company's pipeline and its growth or decline.

22   Additionally, Defendants shall produce documents relating to Oracle's sales pipeline and pipeline

23   conversion rates/ratios.

24        **4.    Accounting and Underlying Documents**

25   Defendants shall produce all documents relating to (i) the alleged "On Account Cleanup"

26   occurring in November 2000; (ii) the 46,000 debit memoranda; and (iii) the accounting treatment of

27   those debit memoranda, including any audit trail, and all related accounting policies.

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-MJJ (Consolidated)                                                                    - 2 -

1    **5.    Insider Trading**

2        Subject to the Court's rulings on SCOPE, Defendants shall produce documents and

3    communications regarding Defendants' sales or contemplated sales of Oracle securities during

4    January 2001. These documents shall include Defendants' option agreements, the reasons and

5    timing of their sales, and the Company's policies and procedures regarding trading and options.

6                   **6.    Special Litigation Committee**

7        Defendants shall produce all underlying documents that the Special Litigation Committee

8    ("SLC") reviewed from whatever source, except documents subject to privilege or work product

9    protection for which they will produce a privilege log. Defendants are not required to specifically

10   identify these documents as having been produced to the SLC. Defendants reserve their right to

11   designate any such documents as either "Confidential" or "Highly Confidential" under the terms of

12   the January 11, 2005 Revised Stipulated Protective Order Governing Confidentiality. Such

13   production shall not constitute a waiver of either the attorney-client or attorney work product

14   privilege.

15       Plaintiffs may file a motion to compel production of documents related to the SLC's

16   investigation including production of the SLC Report itself.

17   **II.    CONVENTIONS FOR PARTY DISCOVERY**

18       **A.    TIMING OF DOCUMENT PRODUCTION**

19       Defendants shall produce documents on a rolling basis with production to be completed by

20   May 1, 2005. Defendants shall produce documents responsive to Plaintiffs' requests for documents

21   contained in the files of any deponent not otherwise within the category of individuals specified in

22   Section I(B) above, no later than seven days prior to the date on which such witness is noticed to be

23   deposed. Plaintiffs shall complete their document production by March 21, 2005, with the exception

24   of the interrogatory set forth in VII(C) *infra*, which shall be responded to within forty-five (45) days

25   of the entry of this Order.

26   **B.    PRODUCTION FORMAT**

27       When preparing documents for production, the parties shall adhere to the following

28   conventions with respect to documents within their possession, custody or control:

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                  - 3 -

1      (a)      The parties shall produce e-mails in searchable TIFF format. E-mails shall
2    include the following information: sender, recipient, blind and carbon copies, date sent, e-mail box
     from whom the document is produced, and the date and time it was opened, deleted, responded to
3    or forwarded. Furthermore, the parties shall produce all attachments to or documents embedded in
     such e-mails in native format, readily accessible from each e-mail.
4
5      (b)      The parties shall produce all documents that were created and kept in
     electronic format in either native format or a searchable electronic format. For example, Microsoft
6    Word or Excel files shall be produced in their native format.  Information stored on Oracle
     databases, such as the accounting treatment for the 46,000 debit memos, shall be downloaded into
7    Excel or another comparable format and produced in that electronic format.
8      (c)      The parties shall meet and confer regarding locking and protecting electronic
     documents in order to prevent their alteration or manipulation subsequent to production.
9
10     (d)      With respect to documents that were reviewed by the SLC or produced to the
     plaintiffs in Oracle Cases, JCCP No. 4180 (CIV 417511 San Mateo Co. Sup. Ct.) and in *In re
11   Oracle Corp. Deriv. Litig.*, C.A. No. 18751 (Del. Ct. of Chancery) that have already been produced
     to Plaintiffs in paper format, Defendants shall also produce to Plaintiffs spreadsheets in native
12   format and e-mails in searchable TIFF format with the metadata described above. Defendants may
     submit a letter brief to the Court requesting that Plaintiffs share the cost of reproducing these
13   specified documents in electronic format.

14   **C.      PRODUCTION SOURCE LOG**

15        The parties must produce logs indicating the source files of all produced documents,

16   including for documents previously produced.

17   **D.      PRIVILEGE LOGS**

18        The parties shall produce privilege logs within forty-five (45) days after a document is

19   withheld for privilege.

20   **III.   DEPOSITIONS**

21   **A.      TIME LIMIT PER DEPOSITION**

22        Federal Rule of Civil Procedure 30 shall govern the time limit for depositions, except upon

23   agreement of the parties or court order.

24   **B.      DEPOSITIONS OF 30(b)(6) WITNESSES**

25        ~~(a)      Plaintiffs' Position~~ ×>

26        Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by

27   April 15, 2005. The depositions may cover the following agreed upon topics: accounting, electronic

28   systems, forecasting and Suite 11i.

AMENDED [~~PROPOSED~~]ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                              - 4 -

1     Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6) subjects

2   relating to document preservation. If, after Plaintiffs have had an opportunity to review those

3   responses, Plaintiffs believe that a deposition regarding document preservation is still necessary, the

4   parties shall meet and confer.

5     Where Defendants offer a Speaker as defined in I(B)(1), a Speaker's direct report as defined

6   in I(B)(2), or an individual named in the Revised Second Amended Complaint for Violations of the

7   Federal Securities Laws ("RSAC") as a 30(b)(6) witness, Plaintiffs shall not be precluded from

8   deposing that same witness in his/her individual capacity at a later date. Instead, in such

9   circumstances, the parties shall meet and confer, taking into account the outstanding discovery and

10   may seek assistance from the Court in the event they are unable to reach an agreement.

11     (b) ~~Defendants' Position~~

12     Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by

13   April 15, 2005. The depositions may cover the following agreed upon topics: accounting,

14   electronic systems, forecasting and Suite 11i.

15     Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6)

16   subjects relating to document preservation. If, after Plaintiffs have had an opportunity to review

17   those responses, Plaintiffs believe that a deposition regarding document preservation is still

18   necessary, the parties shall meet and confer.

19     Where an individual is offered by Oracle as a Rule 30(b)(6) witness at a deposition and

20   documents from that individual's files have been produced to Plaintiffs at least seven (7) days prior

21   to the deposition, that individual may not be deposed again in his or her individual capacity at a

22   ~~later date.~~

23   **C.   FACT WITNESS DEPOSITIONS**

24     Depositions of substantive witnesses shall begin after May 1, 2005. Subject to the other

25   limits above, Defendants shall produce documents from the files of a deponent, including a

26   confidential witness ("CW"), no less than seven (7) days before that individual's deposition as a fact

27   witness.

28

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)     - 5 -

(a)      Subject to change upon the receipt and review of discovery from Defendants and non-parties, Plaintiffs currently intend to depose the following witnesses:

1.   Anil Vora
2.   Bill Castello
3.   Brad Scott
4.   Bret Fuller
5.   Charles Rozwat
6.   David Winton
7.   Edward J. Sanderson
8.   Frank Varasano
9.   Gary Bloom
10.  Gary Roberts
11.  George Roberts
12.  Ivgen Guner
13.  Jay Nussbaum
14.  Jeffrey Henley
15.  Jennifer Minton
16.  Jim English
17.  Jody Terry
18.  John Nugent
19.  Jon Simmons
20.  Larry Garnick
21.  Lawrence Ellison
22.  Mark Barrenchea
23.  Mary Ann Gillespie
24.  Michael Rocha
25.  Michael P. DeCesare
26.  Nick Classik
27.  Patricia McManus
28.  Ray Lane
29.  Richard Blotner
30.  Ron Police
31.  Safra Catz
32.  Sarah Kopp
33.  Sergio Giacolletto
34.  Steve McLaughlin
35.  Terrence Ford
36.  Tom Thimot
37.  Tom Williams
38.  Valerie A. Borthwick

Plaintiffs reserve the right to modify this list and to take additional depositions as discovery in this action proceeds.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                    - 6 -

1         (b)     Defendants currently intend to depose the forty-nine (49) CWs as well as the proposed class representatives. Defendants reserve the right to take additional depositions, up to the sixty-five (65) allowed by the Court, at any time prior to the close of fact discovery.

2

3    **IV.    EXPERT DISCOVERY**

4         The parties shall exchange any affirmative expert reports on March 3, 2006, and any rebuttal

5    reports on April 3, 2006. The parties shall complete expert discovery by May 22, 2006.

6    **V.    THIRD PARTY DISCOVERY**

7
8        **A.    LIFTING OF THE STAY AND TIMING OF PRODUCTION FOR ALL THIRD PARTY DISCOVERY**

9         The Court hereby lifts the stay on third party discovery put in place by its February 5, 2005

10   Order, subject to the limitations imposed by this Order. Plaintiffs shall meet and confer with third

11   parties concerning the timing of their document production.

12       **B.    RELEVANT TIME PERIOD**

13        The definition of Relevant Time Period, June 1, 2000 – June 1, 2001, set forth above, shall

14   apply to all third party discovery.

15       **C.    SCOPE OF DISCOVERY FROM THIRD PARTY CUSTOMERS**

16          **1.    Number of Customers to be Subpoenaed**

17        Without leave of Court, Plaintiffs shall not subpoena more than one hundred (100) of

18   Oracle's current and former customers. Plaintiffs have, to date, subpoenaed ninety-three (93) of

19   Oracle's customers.

20          **2.    Subject Matter of Discovery to Be Produced by Customers**

21        Plaintiffs may seek discovery from Oracle's current and former customers on the following

22   topics only:

23             (a)    **The United States Economy**

24        Plaintiffs' third party discovery from customers relating to the economy is hereby limited to

25   the following:

26        (i) communications with Oracle relating to increases or decreases in purchases from Oracle

27   as a result of the economy; and

28

AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)       - 7 -

1   (ii) internal documents relating to decisions to purchase or not to purchase from Oracle
2   because of the economy.

3   **(b)   Oracle Software Integration and Interoperability Problems**

4   Plaintiffs' third party discovery from customers relating to problems with Oracle's Suite 11i
5   is hereby limited to documents regarding integration and interoperability (including integration and
6   interoperability gaps and bugs) with Oracle applications Suite 11i and its modules, including but not
7   limited to Oracle's CRM Module. For purposes of this Order, integration refers to the ability of
8   modules of Suite 11i to work together and share information.

9   **(c)   Accounting**

10   Plaintiffs' third party discovery from customers relating to Oracle's accounting is limited to
11   documents relating to the 46,000 debit memo transactions created on or about November 17, 2000.

12   **D.   DISCOVERY FROM ANALYSTS AND MEDIA ORGANIZATIONS COVERING THE COMPANY**
13

14   Subject to the Court's rulings on SCOPE, Plaintiffs may seek discovery from analysts and
15   news services on the following topics:

16   (a)   The Defendants' public statements;

17   (b)   Customer interviews and complaints/problems with Oracle products,
    including 11i;
18

19   (c)   The downturn in the economy and IT budgets during the Class Period;

20   (d)   Oracle's forecasts and projections;

21   (e)   Oracle's revenue and earnings reports and financial statements;

22   (f)   Integration and/or interoperability gaps and bugs; and

23   (g)   One-on-one interviews with Defendants.

24   **E.   DISCOVERY FROM AUDITORS**

25   Plaintiffs' third party discovery from Oracle's auditors and accountants is limited to
26   documents relating to (i) the debit memo transactions; (ii) the accounting treatment of the 46,000
27   debit memo transactions; and (iii) tax advisory services provided to Henley and Ellison relating to
28   the Relevant Time Period.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                              - 8 -

1    In addition, Oracle's auditors and accountants ARE HEREBY ORDERED to preserve all
2  relevant documents (including electronic documents and e-mail) concerning their audit work on
3  behalf of Oracle for the Relevant Time Period.

4    **F.    DISCOVERY FROM CONFIDENTIAL WITNESSES**

5    Plaintiffs shall disclose the names and corresponding CW numbers of the CWs used in the
6  RSAC to Defendants' counsel, including in-house counsel at Oracle, within forty-eight (48) hours of
7  the signing of this Order. Plaintiffs' disclosures shall be subject to the following restrictions:

8    (a)    Counsel for Defendants shall not disclose a CW's role to anyone other than
9  (i) Defendants' counsel within Mayer, Brown, Rowe & Maw LLP ("MBR&M"); (ii) in-house
10  counsel of Oracle Corporation; and (iii) any consultant retained by MBR&M for purposes of this
11  litigation upon receipt of an Undertaking in the form of Exhibit A hereto;

12    (b)    Defendants' counsel may discuss with current or former Oracle employees or
13  third parties the persons who are CWs, including the information attributed to them in this litigation
14  and any other information that may bear upon the case, but shall not disclose in any such
15  communications that the persons are CWs referenced in this litigation;

16    (c)    Defendants' counsel or defendants' experts/consultants shall not make initial
17  contact with a CW without informing Plaintiffs' counsel of their intention to do so no less than
18  forty-eight (48) hours prior to making such initial contact;

19    (d)    The identities of the CWs shall not be used for any purpose other than this
20  litigation; and

21    (e)    When a party seeks to file with the Court a document disclosing the identities
22  of the CWs in their roles as CWs, the procedures specified in paragraph 10 of the January 11, 2005
23  Revised Stipulated Protective Order Governing Confidentiality shall apply. Similarly, portions of
24  depositions or transcripts that refer to any CW's role will be kept confidential consistent with this
25  Order.

26    (f)    The Court retains jurisdiction over the enforcement of this Order for six (6)
27  months after entry of final judgment in this action.

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                          - 9 -

**VI.    CLASS DISCOVERY**

    **A.    CLASS REPRESENTATIVES**

Plaintiffs shall produce documents regarding class representative discovery by March 7, 2005.

Defendants' brief in opposition to the motion for class certification shall be due by May 6, 2005, and Plaintiffs' reply shall be due by June 13, 2005. The date for oral argument shall be set by the United States District Court Judge Martin J. Jenkins. The parties have requested a hearing date in July 2005 or at the Court's earliest convenience thereafter.

    **B.    DISCOVERY FROM ABSENT CLASS MEMBERS**

Prior to the discovery conference, the Court was informed that Defendants are not currently seeking any discovery from absent class members, but are reserving their right to do so in the future.

**VII.    MISCELLANEOUS ADDITIONAL DISCOVERY ISSUES**

    (a)    All contention interrogatories are stayed until further order of the Court. No response or further response to any outstanding contention interrogatory is required at this time.

    (b)    Plaintiffs shall produce all documents received from CWs relating to the Defendants and shall identify from which CW the documents were received. The latter information shall be subject to V(F) above.

    (c)    With respect to Defendants' Interrogatories to Plaintiffs seeking information concerning the individuals and organizations identified in Plaintiffs' Rule 26(a) Initial Disclosures, Plaintiffs are ordered to respond by describing generally what Plaintiffs understand each of the identified witnesses in their Initial Disclosures know about the case. Plaintiffs shall respond to this modified interrogatory within forty-five (45) days of the entry of this Order.

**VIII.    RECONCILIATION OF DISCOVERY DISPUTES**

As outlined in Judge Jenkins' Amended Pretrial Order of December 17, 2004, the parties shall meet and confer about all discovery disputes and, in the event that they cannot resolve such disputes, each party shall submit a two-page letter brief to the Court outlining the party's position on the issue. All matters relating to the modification of the discovery plan shall be addressed to the

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                    - 10 -

1   undersigned. ~~The parties shall address all future letter briefs to both Judge Jenkins and Magistrate~~

2   ~~Judge Spero.~~  *per*

3       **IT IS SO ORDERED.**

4

5   DATED:  3/10/05   _____

6                                    THE HONORABLE JOSEPH C. SPERO
                                     UNITED STATES MAGISTRATE JUDGE

7

8       **APPROVED AS TO FORM.**

9   Submitted by:

10  DATED:  March 9, 2005

11  LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
    WILLIAM S. LERACH
12  MARK SOLOMON
    DOUGLAS R. BRITTON

13

14                  /S/
15              _____
                MARK SOLOMON

16  401 B Street, Suite 1600
    San Diego, CA  92101
17  Telephone:  619/231-1058
    619/231-7423 (fax)

18
    LERACH COUGHLIN STOIA GELLER
19     RUDMAN & ROBBINS LLP
    SHAWN A. WILLIAMS
20  WILLOW E. RADCLIFFE
    ELI R. GREENSTEIN
21  JENNIE LEE ANDERSON
    MONIQUE C. WINKLER
22  100 Pine Street, Suite 2600
    San Francisco, CA  94111
23  Telephone:  415/288-4545
    415/288-4534 (fax)

24

25  Lead Counsel for Plaintiffs

26

27

28
    AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
    MJJ (Consolidated)                                                        - 11 -

1

2   MAYER, BROWN, ROWE & MAW LLP
    ALAN N. SALPETER
3

4

5   _____/ S /_____
        ALAN N. SALPETER
6

7   190 South LaSalle Street, Suite 3900
    Telephone: 312/782-0600
8   312/701-7711 (fax)

9   T:\CasesSF\Oracle3\ORD00019094.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                    - 12 -

1          DECLARATION OF SERVICE BY FACSIMILE

2          I, the undersigned, declare:

3          1.      That declarant is and was, at all times herein mentioned, a citizen of the United States

4   and employed in the City and County of San Francisco, over the age of 18 years, and not a party to

5   or interested party in the within action; that declarant's business address is 100 Pine Street,

6   Suite 2600, San Francisco, California 94111.

7          2.      That on March 9, 2005, declarant served by facsimile the **AMENDED**

8   **[PROPOSED] ORDER SETTING A DISCOVERY PLAN** to the parties listed on the attached

9   Service List.

10         3.      That there is a regular communication by facsimile between the place of origin and

11  the places so addressed.

12         I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th

13  day of March, 2005, at San Francisco, California.

14

15                                              /s/ Carolyn Burr
                                                CAROLYN BURR

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE III (LEAD)
Service List - 3/9/2005   (201-064-1)
Page 1 of 1

### Counsel For Defendant(s)

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060(Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
  312/782-0600
  312/701-7711(Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114(Fax)

### Counsel For Plaintiff(s)

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423(Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534(Fax)

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the

[Proposed] Order re Discovery Plan that was issued by the United States District Court for the

Northern District of California on March ____, 2005, in the case of: *In re Oracle Corporation

Securities Litigation*, Lead Case No. 417511, Case No. C-01-0988-MJJ.

I recognize that I am bound by the terms of that Order and I agree to comply with those

terms. I fully understand that any disclosure of the identities of the confidential witnesses to

anyone other than those individuals expressly permitted by the Order could expose me to

sanctions and punishment in the nature of contempt. I hereby agree to abide by the obligation

and conditions of the Order.

DATED: _____

_____

# Exhibit B

1   LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2   MARK SOLOMON (151949)
    DOUGLAS R. BRITTON (188769)
3   VALERIE L. McLAUGHLIN (191916)
    GAVIN M. BOWIE (235532)
4   655 West Broadway, Suite 1900
    San Diego, CA  92101
5   Telephone:  619/231-1058
    619/231-7423 (fax)
6   MarkS@lerachlaw.com
    DougB@lerachlaw.com
7   ValerieM@lerachlaw.com
            – and –
8   SHAWN A. WILLIAMS (213113)
    WILLOW E. RADCLIFFE (200087)
9   ELI R. GREENSTEIN (217945)
    JENNIE LEE ANDERSON (203586)
10  MONIQUE C. WINKLER (213031)
    100 Pine Street, Suite 2600
11  San Francisco, CA  94111
    Telephone:  415/288-4545
12  415/288-4534 (fax)
    ShawnW@lerachlaw.com
13  WillowR@lerachlaw.com
    EliG@lerachlaw.com
14  JennieA@lerachlaw.com
    MoniqueW@lerachlaw.com
15
    Lead Counsel for Plaintiffs

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18
    In re ORACLE CORPORATION          )   Master File No. C-01-0988-MJJ
19  SECURITIES LITIGATION             )
    _____  )   CLASS ACTION
                                      )
20                                    )
    This Document Relates To:         )   NOTICE OF SUBPOENAS FOR
21                                    )   VIDEOTAPED DEPOSITIONS AND
        ALL ACTIONS.                  )   REQUEST FOR PRODUCTION OF
22  _____  )   DOCUMENTS

23

24

25

26

27

28

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that pursuant to Rules 30(a)(1) and 45 of the Federal Rules of

3    Civil Procedure, plaintiffs will serve subpoenas on the following non-parties commanding their

4    appearance at a deposition on the following dates and times:

| DEPONENT | DATE/TIME | LOCATION |
|---|---|---|
| Ron A. Wohl<br>c/o Patrick E. Gibbs<br>Latham & Watkins LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025 | March 23, 2006<br>9:00 a.m. | Lerach Coughlin Stoia Geller<br>Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 |
| Valerie Borthwick<br>17 E. Belleview Lane<br>Greenwood Village, CO 80121-1406 | March 24, 2006<br>9:00 a.m. | Dyer & Shuman, LLP.<br>801 East 17th Avenue<br>Denver, CO 80218 |
| Charles P. Kendig, Jr.<br>c/o Patrick E. Gibbs<br>Latham & Watkins LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025 | March 27, 2006<br>9:00 a.m. | Lerach Coughlin Stoia Geller<br>Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 |

13

14        The depositions will be videotaped and will be taken before a notary public who will record

15    the depositions stenographically and by LiveNote.

16        PLEASE TAKE FURTHER NOTICE that pursuant to Fed. R. Civ. P. 45, plaintiffs are also

17    commanding the production of documents set forth in the Schedule A attached hereto. Said

18    production shall take place at 10:00 a.m. on March 20, 2006, at the offices of Lerach Coughlin Stoia

19    Geller Rudman & Robbins LLP, 100 Pine Street, Suite 2600, San Francisco, California 94111,

20    except for document requests directed towards Ms. Borthwick, which shall be produced at Ikon

21    Legal Document Services, 700 17th Street, Suite 800, Denver, Colorado 80202.

22        PLEASE TAKE FURTHER NOTICE that the above-listed non-parties may be held in

23    contempt of court pursuant to Fed. R. Civ. P. 45(e) if they fail without adequate excuse to obey the

24

25

26

27

28

NOTICE OF SUBPOENAS FOR VIDEOTAPED DEPOSITIONS AND
REQUEST FOR PRODUCTION OF DOCUMENTS - C-01-0988-MJJ                    - 1 -

1 | subpoena served upon them, and that they have certain legal rights in response to plaintiffs'

2 | subpoenas as provided in Fed. R. Civ. P. 45(c) and (d). These rights are reproduced in full on page

3 | two of the subpoenas.

4 | DATED: February 17, 2006
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
5 | SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
6 | ELI R. GREENSTEIN
JENNIE LEE ANDERSON
7 | MONIQUE C. WINKLER

8

9 | _____
JENNIE LEE ANDERSON
10
100 Pine Street, Suite 2600
11 | San Francisco, CA 94111
Telephone: 415/288-4545
12 | 415/288-4534 (fax)

13 | LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
14 | MARK SOLOMON
DOUGLAS R. BRITTON
15 | VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
16 | 655 West Broadway, Suite 1900
San Diego, CA 92101
17 | Telephone: 619/231-1058
619/231-7423 (fax)
18
Lead Counsel for Plaintiffs
19 | C:\Documents and Settings\MoniqueW\Local Settings\Temp\NOT00028278.doc

20

21

22

23

24

25

26

27

28
NOTICE OF SUBPOENAS FOR VIDEOTAPED DEPOSITIONS AND
REQUEST FOR PRODUCTION OF DOCUMENTS - C-01-0988-MJJ                           - 2 -

1

**SCHEDULE A**

2   **I.    DEFINITIONS**

3         Unless otherwise stated, the terms set forth below are defined as follows:

4         1.    "You" means the responding party and all other persons acting or purporting to act on

5   your behalf.

6         2.    The term "documents" has the same meaning as "[w]ritings and recordings," which is

7   defined in Rule 1001(1) of the Federal Rules of Evidence, including any electronically stored

8   documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the

9   Federal Rules of Civil Procedure.

10        3.    The term "Oracle" shall refer to defendant Oracle Corporation, any of its subsidiaries,

11  predecessors, successors and any present and former officers, directors, employees, agents or

12  members of the Board of Directors of Oracle, its attorneys, accountants, advisors and all other

13  persons acting or purporting to act on its behalf.

14        4.    The term "Individual Defendants" shall refer to Lawrence J. Ellison, Jeffrey O.

15  Henley and Edward J. Sanderson, and their agents, attorneys, advisors, accountants, assistants,

16  brokers and all other persons acting or purporting to act on their behalf.

17        5.    The term "defendants" shall refer to Oracle and the Individual Defendants.

18        6.    The term "SEC" shall refer to the United States Securities and Exchange

19  Commission, its national, regional and branch offices, and its commissioners, directors,

20  administrators, branch chiefs, attorneys, accountants, investigators, paralegals and staff.

21        7.    The term "SLC" shall refer to the Special Litigation Committee described in Oracle's

22  Report on Form 10-K for the fiscal year ended May 31, 2002 filed with the SEC.

23        8.    The term "On Account Clean up" shall refer to plaintiffs' allegations that defendants

24  improperly recognized revenue in Oracle's second quarter for the fiscal year 2001 by creating debit

25  memoranda which were satisfied by payments from Oracle's unapplied cash account. The unapplied

26  cash account consisted of monies obtained from customers that had not been credited back to the

27  customers.

28

NOTICE OF SUBPOENAS FOR VIDEOTAPED DEPOSITIONS AND
REQUEST FOR PRODUCTION OF DOCUMENTS - C-01-0988-MJJ                                    - 3 -

1    9.    The terms "person" or "persons" shall refer to natural persons, proprietorships,
2 governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations,
3 organizations and all other entities.

4    10.    The term "communication" shall refer to every manner or means of disclosure,
5 transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether
6 orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

7    11.    The term "concerning" shall mean relating to, referring to, describing, evidencing,
8 regarding or constituting.

9    12.    The terms "refer" or "relate" or "referring" or "relating" shall mean all documents
10 which comprise, explicitly or implicitly refer to, or were created, generated or maintained as a result
11 of the subject matter of the request, including, without limitation, all documents which reflect,
12 record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of
13 the request.

14    13.    The term "meeting" shall refer to the contemporaneous presence of any natural
15 persons (including by telephone) for any purpose, whether or not such presence was by chance or
16 prearranged, and whether or not the meeting was formal or informal or occurred in connection with
17 some other activity.

18    14.    The terms "policy" or "policies" as used herein shall refer to any rule, procedure,
19 directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded
20 or unrecorded.

21    15.    The following rules of construction shall apply to all discovery requests:

22         (a)    the terms "all" and "each" shall be construed as all and each;

23         (b)    the connectives "and" and "or" shall be construed either disjunctively or
24 conjunctively as necessary to bring within the scope of the discovery request all responses that might
25 otherwise be construed to be outside of its scope;

26         (c)    "concerning" means relating to, referring to, describing, evidencing or
27 constituting;

28         (d)    "including" shall be construed to mean "without limitation"; and

NOTICE OF SUBPOENAS FOR VIDEOTAPED DEPOSITIONS AND
REQUEST FOR PRODUCTION OF DOCUMENTS - C-01-0988-MJJ                                    - 4 -

1    (e)    the use of the singular form of any word includes the plural and vice versa.

2  **II.    INSTRUCTIONS**

3    1.    In responding to these requests, you shall produce all responsive documents which are
4  in your possession, custody or control, or in the possession, custody or control of your predecessors,
5  successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, partners,
6  associates, managing directors, officers, managing agents, agents, employees, attorneys, accountants
7  or other representatives. A document shall be deemed to be within your control if you have the right
8  to secure the document or a copy of the document from another person having possession or custody
9  of the document.

10    2.    Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection
11  and copying original documents as they are kept in the usual course of business, or you shall
12  organize and label them to correspond with the categories in these requests. All non-identical copies
13  which differ from the original or from the other copies produced for any reason, including, but not
14  limited to, the making of notes thereon, are to be produced.

15    3.    If any document requested herein is stored on or in a computer data storage device or
16  media, produce the data in computer-usable form (*e.g.*, CDs, diskettes or tapes), and printouts if they
17  exist.

18    4.    Documents attached to each other should not be separated.

19    5.    If any responsive document was, but is no longer in your possession or subject to
20  your control, state whether it is or has been: (a) missing or lost; (b) destroyed; (c) transferred
21  voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the
22  name and address of its current or last known custodian, and the circumstances surrounding such
23  disposition.

24    6.    If any document responsive to these requests is withheld under a claim of privilege or
25  upon any other ground, as to each such document, identify the privilege being asserted and provide
26  the following information in sufficient detail to permit the Court to rule on your claim:

27    (a)    the date, author, primary addressee and secondary addressees or persons
28  copied, including the relationship of those persons to the client and/or author of the document;

NOTICE OF SUBPOENAS FOR VIDEOTAPED DEPOSITIONS AND
REQUEST FOR PRODUCTION OF DOCUMENTS - C-01-0988-MJJ                    - 5 -

1                 (b)     a brief description sufficient to identify the type, subject matter and purpose of

2  the document;

3                 (c)     all persons to whom its contents have been disclosed; and

4                 (d)     the party who is asserting the privilege.

5      7.     If a portion of any document responsive to these requests is withheld under the claim

6  of privilege pursuant to Instruction 6, any non-privileged portion of such document must be

7  produced with the portion claimed to be privileged redacted.

8      8.     In responding to these requests, you shall produce all responsive documents available

9  at the time of production.

10      9.     Documents shall be produced in such fashion as to identify the department, branch or

11  office in whose possession it was located and, where applicable, the natural person in whose

12  possession it was found and the business address of each document's custodian(s).

13      10.    Identify the source of each document produced by identifying: (a) the person(s) who

14  possessed the document; (b) the job position or title of any such individuals; and (c) the division and

15  department where each document was located. If you are unable to determine the individual(s) who

16  possessed the document, identify the department and division where the document was located when

17  produced.

18      11.    You are to produce each document requested herein in its entirety without deletion or

19  excision (except as qualified by the preceding Instructions concerning privilege) regardless of

20  whether you consider the entire document to be relevant or responsive to the request.

21      12.    Where a document is not produced in full or is produced in redacted form, so indicate

22  on the document. State with particularity the reason it is not being produced in full, and describe to

23  the best of your knowledge, information and belief, and with as much particularity as possible, those

24  portions of the document which are not being produced or are being redacted.

25      13.    You are requested to provide an appropriate affidavit attesting to the authenticity of

26  the documents produced.

27

28

1  **III.    RELEVANT TIME PERIOD**

2         All requests herein refer to the period from June 1, 2000 to June 1, 2001 (the "Relevant Time

3  Period"), unless otherwise specifically indicated, and shall include all documents and information

4  that relate to such period, even though prepared or published outside of the Relevant Time Period.

5  **IV.    DOCUMENTS REQUESTED**

6  REQUEST NO. 1:

7         All documents and communications (including e-mail correspondence) concerning the

8  United States economy and/or its impact or potential impact on: (i) Oracle's sales, revenues, earning

9  and expenses; (ii) Oracle customer purchasing decisions of Information Technology products and

10 services; and (iii) the purchase of Oracle's products or services of Oracle.

11 REQUEST NO. 2:

12        All documents constituting or concerning:

13              (a)    software versions 1, 2 and 3 of Oracle's Suite 11i;

14              (b)    design documents for Suite 11i;

15              (c)    technical manuals for Suite 11i;

16
17              (d)    "bug reports" that in any way reference integration or interoperability;

18              (e)    documents describing the scope and dimension of "bug problems" within

19 Suite 11i and/or any of its modules other than integration and interoperability; or

20              (f)    lost or deferred sales of any Oracle product, as well as any material

21 expense, with respect to any Oracle product – such as refunds, rebates or remediation.  For

22 purposes of this request only, "material expense" is defined as having a financial impact greater

23 than or equal to $500,000.

24
25 REQUEST NO. 3:

26        Documents relating to Oracle's forecasts, including any mention of the economy as it relates

27 to Oracle's forecasting during the Relevant Time Period and as it related to Oracle's pipeline and its

28 growth or decline.

NOTICE OF SUBPOENAS FOR VIDEOTAPED DEPOSITIONS AND
REQUEST FOR PRODUCTION OF DOCUMENTS - C-01-0988-MJJ                                    - 7 -

1    REQUEST NO. 4:

2        Documents relating to Oracle's sales pipeline and pipeline conversion rates/ratios.

3    REQUEST NO. 5:

4        Documents relating to (i) the "On Account Cleanup" occurring in November 2000; (ii) debit

5    memoranda created on or about November 17, 2000 created by Oracle; (iii) the accounting treatment

6    of those debit memoranda, including any audit trail; and (iv) all Oracle's related accounting policies.

7    REQUEST NO. 6:

8        Documents and communications regarding the Individual Defendants' sales or contemplated

9    sales of Oracle securities during January 2001. These documents shall include option agreements,

10   the reasons and timing of defendants' sales, and Oracle's policies and procedures regarding trading

11   and options.

12   REQUEST NO. 7:

13       Documents and communications relating to the SLC.

14   REQUEST NO. 8:

15       All documents and communications with governmental, judicial or law enforcement agencies

16   including the SEC, the U.S. Department of Justice, Federal Bureau of Investigation and the U.S.

17   Attorney's Office concerning Oracle, the Individual Defendants, or any allegations in Plaintiffs'

18   Revised Second Amended Complaint for Violations of the Federal Securities Laws in this action.

19   REQUEST NO. 9:

20       All documents constituting or concerning testimony given by you, or any Oracle employee or

21   officer, relating to (i) Oracle's forecasts; (ii) Oracle's Suite 11i product; (iii) the purchase or sale of

22   Oracle securities in January 2001; or (iv) the economy's affect on Oracle customer's purchases of

23   Oracle products or services.

24   REQUEST NO. 10:

25       All documents concerning or constituting communications concerning this request or your

26   testimony in this action, including communications with defendants or their attorneys.

27

28

1  REQUEST NO. 11:

2       All documents concerning the preservation, search for, collection, maintenance, destruction

3  or alteration of any and all documents (including e-mail and other electronic data) concerning Oracle

4  or the Individual Defendants that were undertaken with respect to this action, including, without

5  limitation, all such action taken after this action was filed but prior to this request.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

2 I, the undersigned, declare:

3     1.     That declarant is and was, at all times herein mentioned, a citizen of the United States

4 and employed in the City and County of San Francisco, over the age of 18 years, and not a party to

5 or interested party in the within action; that declarant's business address is 100 Pine Street,

6 Suite 2600, San Francisco, California 94111.

7     2.     That on February 17, 2006, declarant served the NOTICE OF SUBPOENAS FOR

8 VIDEOTAPED DEPOSITIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS by

9 depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed

10 envelope with postage thereon fully prepaid and addressed to the parties listed on the attached

11 Service List. Declarant also served the parties by facsimile.

12     3.     That there is a regular communication by mail between the place of mailing and the

13 places so addressed.

14     I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th

15 day of February, 2006, at San Francisco, California.

16

17                                                            RUTH A. CAMERON

18

19

20

21

22

23

24

25

26

27

28

Exhibit C

Matthew D. Harrison
Direct Dial: 415-395-8202
matt.harrison@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Tel: (415) 391-0600  Fax: (415) 395-8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES
Brussels      New York
Chicago       Northern Virginia
Frankfurt     Orange County
Hamburg       Paris
Hong Kong     San Diego
London        San Francisco
Los Angeles   Shanghai
Milan         Silicon Valley
Moscow        Singapore
Munich        Tokyo
New Jersey    Washington, D.C.

February 23, 2006

## VIA FACSIMILE

Willow E. Radcliffe, Esq.
Lerach Coughlin Stoia Geller
    Rudman & Robbins, LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

> Re:    In re Oracle Corporation Securities Litigation

Dear Willow:

I write to inform you that Ken Hamel is available for deposition on March 17, 2006 and Charles Kendig, Jr. is available for deposition on March 27, 2006. Let me know at your earliest convenience if you agree to these dates.

Please also take note that, due to an unexpected conflict, Richard Sellers must move the commencement of his February 28, 2006 deposition to 10:30 a.m.

Very truly yours,

Matthew D. Harrison
of LATHAM & WATKINS LLP

cc:    Patrick E. Gibbs, Esq.
       Michele F. Kyrouz, Esq.
       Jamie L. Wine, Esq.

# Exhibit D

505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Tel (415) 391-0600 Fax: (415) 395 8095
www.lw.com

FIRM / AFFILIATE OFFICES
| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D C |

March 17, 2006

**VIA FACSIMILE**

Shawn A. Williams
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

      Re:    In re Oracle Securities Litigation

Dear Shawn:

      We are writing in regards to two separate document productions called for under the Discovery Plan. First, with respect to responsive documents located in the files of Mr. Sohaib Abbasi, Defendants have not located any additional responsive documents. As you are aware, Defendants already produced two sizable batches of documents from Mr. Abbasi's files on May 19 and June 9, 2005. Those documents are Bates-labeled as follows:

| Source | Production Date | Bates No. (NDCA ORCL) |
|---|---|---|
| Abbasi, Sohaib | May 19, 2005 | 017234-20535; 019139-705; 020865-89; 026742-810; 029537-718; 032871-73; 060319-32; 068008-14; 068574-9147; 096719-23; 96788-93; 106415-51; 116218-91; 116753-858 |
| Abbasi, Sohaib | June 9, 2005 | 145230-42; 145378-384; 146651-675; 147513-16; 147561-78; 147999-8005; 148028-90; 149760-63; 150534-49; 150705-7; 150723-25; 150871-75; 150883-89; 150896-97; 151052-55; 151117-27; 151187-94; 151203-11; 151305-19; 151323-34; 151342-51; 151395-400; 151477-78; 151539-58; 151614-20; 151756-61; 151768-70; 151776-94; 151929-36; 151988-98; 152035-104; 152332-52; 152359-63; 152395-97; 152441-44; 152814-19; 152840-43; 153018; 153771-73; 153861-65; 153900-3; 153916-21; 153949-60; 154007-12; 154459-80; 154521-32; 154544-46; 154609-13; 154629-31; 154638-40; 154712-17; 154802-9; 155058-83; 155179-81; 155189-99; 155466-69; 155485-90; 155529-32; 155537; 155540-43; 155546-50; 155626-72; |

| Source | Production Date | Bates No. (NDCA ORCL) |
|--------|-----------------|------------------------|
|        |                 | 155682-719; 155966-71; 156130-34; |
|        |                 | 156265-86; 156330-36; 156586-89; 156657-59; |
|        |                 | 156661-66; 156711; 156725-38; 156872-6; |
|        |                 | 156880-906; 156939-47; 157771-5; 157851-59; |
|        |                 | 157969-71; 157976-83; 158005-36; 158069-76; |
|        |                 | 158084-89; 158154-57; 158192-97; 158347-58; |
|        |                 | 158591-94; 158697-700; 158803; 159468-73; |
|        |                 | 159477-84; 159538-43; 159577; 159862-4; |
|        |                 | 159870-7; 159894-903; 159939-48; 160033-35; |
|        |                 | 160614-25; 160893-99; 160908-12; 161096-8; |
|        |                 | 161111-13; 161171-259; 161675-81; |
|        |                 | 162195-97; 162209-12; 162233-64; 162325-41; |
|        |                 | 162709; 162816-30; 162839; 163085-87; |
|        |                 | 163738-40; 163769-93; 164436-43; 164904-6; |
|        |                 | 164944-6; 165183-7; 165303-8; 165378-468; |
|        |                 | 166099-100; 166450-65; 166450-65; |
|        |                 | 166529-42; 166552-64; 166616-31; |
|        |                 | 166760-824; 167165-201; 167259-315; |
|        |                 | 168355-94; 168739-53; 168856-71; 168902-14; |
|        |                 | 168946-59; 169096-142; 169236-45; |
|        |                 | 169799-805; 169813-20; 171686-91; |
|        |                 | 171836-47; 172290-317; 172892-97; |
|        |                 | 173101-18; 173441-543; 173926-37; |
|        |                 | 174169-201; 174219-28; 174239-48; |
|        |                 | 174491-99; 174531-40; 174563-99; 175083-99; |
|        |                 | 175303-38; 175345-48; 175388-442; |
|        |                 | 176147-57; 176265-70; 176317-21; 176629-78; |
|        |                 | 176733-85; 178134-53; 178544-80; 178737-54; |
|        |                 | 179701-4; 181238-44; 181859-66; 182596-601; |
|        |                 | 183085-158; 184834-46; 185009-16; |
|        |                 | 185362-459; 186358-62; 186551-2; 188451-83; |
|        |                 | 189099-118; 190093-101; 202531-41; |
|        |                 | 202561-72; 203129-33; 203840-43; 203943-48; |
|        |                 | 204548-783; 204915-20; 207170-73; |
|        |                 | 210387-409; 210970-86; 211535-55; |
|        |                 | 212165-70; 212947-64; 213108-31; 221140-3; |
|        |                 | 221290-5; 221374-9; 221829-38; 224573-5; |
|        |                 | 224606-11; 224955-77; 227309-24; 227452-60; |
|        |                 | 227590-5; 227634-52; 227758-67; 227812-22; |
|        |                 | 234184-8; 234242-54; 235302-4; 235588-91; |
|        |                 | 235978-91; 236974-5; 237157-8; 237926-7; |
|        |                 | 246953-66; 248277-9; 249791-806; 249970-81; |
|        |                 | 275610-21; 2755778-85; 276197-209; |
|        |                 | 276279-96; 276305-10; 276518-31; 276541-6; |

Shawn A. Williams
March 17, 2006
Page 3

| Source | Production Date | Bates No. (NDCA ORCL) |
|--------|----------------|------------------------|
|        |                | 276681-95; 276950-68; 278210-24; 278285-8; |
|        |                | 278307-15; 278343-50; 278377-486; |
|        |                | 278678-80; 278733-6; 278822-6; 279190-4; |
|        |                | 280487-97; 285668-71; |

Second, we also were intending to review and produce any responsive documents from Mr. Charles Kendig's files by Monday, March 20, 2006. However, due to scheduling and technical issues beyond our control, we will be unable to review Mr. Kendig's files until Tuesday, March 21, 2006. Any responsive documents from Mr. Kendig's files will be produced on Wednesday, March 22, 2006. It is worth noting that Mr. Kendig has stated that he is unsure whether he has any responsive documents in the first place. In any event, we apologize for the inconvenience and appreciate your anticipated patience. We believe Mr. Kendig's deposition can and should go forward as scheduled, but please let us know if you disagree.

Very truly yours,

Brian T. Glennon
of Latham & Watkins LLP

# Exhibit E



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Eli R. Greenstein

March 21, 2006

VIA FACSIMILE

Brian T. Glennon, Esq.
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

> Re:    *In re Oracle Corporation Sec. Litig.*
>        Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Brian:

I write in response to your March 17, 2006 letter and to follow up on our conversation today regarding the files of Charles Kendig, Jr. As you know, Mr. Kendig's deposition is scheduled for Monday, March 27, 2006. The Discovery Plan requires that documents from Mr. Kendig's files be produced no later than Monday, March 20, 2006 (yesterday). Your letter indicated that defendants would not be producing Mr. Kendig's files until Wednesday, March 22, 2006, due to "scheduling and technical issues beyond our control." During our conversation today, you represented that Mr. Kendig has been out of town for a few days and that there was another "potential source" of responsive documents that could not be accessed until Mr. Kendig returned from travel. You did not explain what the "potential source" was or why defendants failed to search documents from that source before today.

Defendants' failure to abide by the production deadlines set forth in the Discovery Plan is unacceptable and is prejudicing plaintiffs' ability to take meaningful depositions. Mr. Kendig's deposition has been scheduled since February 17, 2006. The fact that defendants are looking at "potential source[s]" of responsive documents from Mr. Kendig's files the day after the production deadline, confirms that defendants are unnecessarily delaying discovery. Notably, this is not the first violation of the "seven-day rule" set forth in the Discovery Plan. Defendants have still not adequately explained why they produced emails written by former Oracle AVP Michael Desasare two weeks after Mr. Desasare's deposition.

Finally, plaintiffs are concerned by the statement in your March 17, 2006 letter that "[i]t is worth noting that Mr. Kendig has stated that he is unsure whether he has any responsive documents in the first place." This cannot possibly be the case. Mr. Kendig was the Vice President of Quality at Oracle during the relevant time period and I have personally reviewed numerous emails to and from Mr. Kendig discussing major problems with Suite 11i before and after the Class Period. Further, Sara Kopp testified in the derivative action that Mr. Kendig was responsible for facilitating forecasting meetings during 3Q01 with senior staff



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS LLP

Brian T. Glennon, Esq.
March 21, 2006
Page 2

and that he prepared agendas for those meetings and communicated them via email. Curiously, however, there are very few, if any, responsive emails to and from Mr. Kendig during the Class Period. How can that be? Did defendants preserve Mr. Kendig's documents after this litigation was commenced? If not, please confirm that fact in writing immediately.

Given defendants' failure to produce Mr. Kendig's files seven days before his deposition and the preservation issues related thereto, plaintiffs may be forced to either postpone Mr. Kendig's deposition entirely, or continue the deposition for a second day of questioning. Either way, defendants' violation of the Discovery Plan has caused unreasonable delay in the discovery process and plaintiffs intend to bring this issue before the Court at the March 30, 2006 hearing.

Very truly yours,

Eli R. Greenstein

ERG:mm
T:\CasesSF\Oracle3\Corres\Glennon_032106_ERG.doc

# Exhibit F



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Eli R. Greenstein

March 22, 2006

VIA FACSIMILE

Patrick E. Gibbs, Esq.
LATHAM & WATKINS
135 Commonwealth Drive
Menlo Park, CA  94025

Matthew D. Harrison, Esq.
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562

Brian T. Glennon, Esq.
LATHAM & WATKINS
633 West Fifth Street, Suite 4000
Los Angeles, CA  90071-2007

> Re:    In re Oracle Corporation Sec. Litig.
>        Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

I write in response to your letter of March 22, 2006, regarding the deposition of Charles Kendig which is scheduled for March 27, 2006 in San Francisco. It appears that you misunderstood my letter dated March 21, 2006 on this same topic. In that letter, I expressed plaintiffs' concern that defendants had violated the Discovery Plan by failing to produce documents from Mr. Kendig's files seven days prior to his deposition. In fact, defendants have still not produced Mr. Kendig's files as promised in your letter dated March 17, 2006.

Nowhere in my letter did I represent that plaintiffs had decided to reschedule Mr. Kendig's deposition. My letter stated that given defendants violation of the Discovery Plan, "plaintiffs *may be forced* to either postpone Mr. Kendig's deposition entirely, or continue the deposition for a second day of questioning." I am sure you can appreciate why plaintiffs must reserve such rights; defendants have violated the Court's discovery order and plaintiffs have still not received Mr. Kendig's documents two days after the deadline. The amount of documents from Mr. Kendig's files very well could be voluminous (and should be, based on what we know about Mr. Kendig's role at Oracle) and plaintiffs are entitled to a reasonable amount of time to review the documents. That is the whole reason for the seven-day rule in the Discovery Plan.

With that said, defendants' failure to follow the Discovery Plan does not entitle them to unilaterally reschedule depositions that have been confirmed for many weeks. Plaintiffs intend to go forward with Mr. Kendig's deposition on March 27, 2006 in San Francisco, as agreed by the parties, and without prejudice to invoking the rights set forth in my March 21, 2006 letter. Please produce Mr. Kendig's files immediately, as promised in your March 17,





LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS LLP

Counsel
March 22, 2006
Page 2

2006 letter.  If defendants' position is that they are now revoking their agreement to go forward with Mr. Kendig's deposition on March 27, 2006, please let us know immediately so that we can seek relief from the Court.

Very truly yours,

Eli R. Greenstein

ERG:krh
T:\CasesSF\Oracle3\Corres\Gibbs-Glennon-Harrison(eli) ltr 3-22-06.doc



# Exhibit G

**Kyra Busby**
Direct Dial: (415) 395-8030
kyra.busby@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Tel: (415) 391-0600 Fax: (415) 395-8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

March 23, 2006

## VIA FACSIMILE

Eli Greenstein, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

Re:   In re Oracle Corporation Securities Litigation

Dear Eli:

It is apparent from your letters of March 21 and 22 that Plaintiffs are responding to the difficulty we are having locating and producing documents from Mr. Kendig's files in a manner that would maximize the burden on Defendants and on Mr. Kendig personally. Mr. Kendig will not be available for deposition on March 27, 2006. We will propose new dates for the deposition so that the deposition can be completed in one day.

Very truly yours,

Kyra Busby
of LATHAM & WATKINS LLP

cc:   Douglas R. Britton, Esq. (via facsimile)

# Exhibit H

Matthew D. Harrison
Direct Dial: 415-395-8202
matt.harrison@lw.com

# LATHAM&WATKINS LLP

March 28, 2006

505 Montgomary Street, Suite 2000
San Francisco, California 94111-2562
Tel: (415) 391-0600 Fax: (415) 395-8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

## VIA FACSIMILE

Willow E. Radcliffe, Esq.
Lerach Coughlin Stoia Geller
  Rudman & Robbins, LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

Re:  In re Oracle Corporation Securities Litigation

Dear Willow:

I write in response to your letter today requesting revised dates for the depositions of Michael Cochran, Donald Klaiss, Kenneth Hamel, Valerie Borthwick, Molly Venkataramana and Charles Kendig, Jr.

As an initial matter, the suggestion in your letter that Defendants have delayed in providing Plaintiffs with dates for these witnesses (*e.g.*, "Plaintiffs reiterate their request"), is false. We have already provided Plaintiffs with dates for these witnesses (several dates, in some cases), but Plaintiffs have either refused to accept them, or refused to go forward with previously-scheduled depositions at the last minute. As such, the delay in scheduling all of these depositions is of Plaintiffs' own making.

In particular, as you know, Messrs. Cochran, Klaiss and Hamel set aside time to appear at depositions on dates agreed upon by the parties, only to have them cancelled at the last minute by Plaintiffs. Indeed, Mr. Cochran had already traveled to San Francisco from the east coast when Plaintiffs unilaterally decided not to proceed with his deposition. We are currently working with these witnesses to clear additional time for their depositions and will respond with alternate dates as soon as reasonably practicable.

With respect to Ms. Borthwick, we have already offered new dates. Plaintiffs initially noticed her deposition at a location four hours away from her home, and failed to issue a subpoena (thus failing to give Ms. Borthwick notice of the originally-noticed date and time). I wrote a letter to Shawn Williams and Douglas Britton on March 22, 2006, offering two dates (April 11 or 12, 2006 in Snowmass Village, Colorado), and advising that Ms. Borthwick is out of

**Willow E. Radcliffe, Esq.**
**March 28, 2006**
Page 2

## LATHAM&WATKINS LLP

the country from April 14 through May 10, 2006. I have not received a response to the dates proposed in my March 22, 2006 letter. If they are not acceptable, we will determine Ms. Borthwick's availability after her return to the country.

With respect to Ms. Venkataramana, we previously confirmed her deposition for the date it was originally noticed (March 31, 2006), but Plaintiffs refused to go forward on the date they had selected. *See* 3/20/06 Letter from S. Williams to P. Wald, *et al.* As with Messrs. Cochran, Klaiss and Hamel, Ms. Venkataramana reasonably assumed her deposition would go forward on March 31, 2006 when she accepted the date noticed by Plaintiffs, and set aside time in her schedule accordingly. We are now working with Ms. Venkataramana to determine alternate availability, and will propose a new date as soon as reasonably practicable.

Defendants likewise were forced to reschedule Charles Kendig, Jr.'s deposition because Plaintiffs threatened, in a March 21, 2006 letter "to either postpone Mr. Kendig's deposition entirely, or continue the deposition for a second day of questioning." Mr. Kendig has indicated he is available for deposition on April 19 or 20, 2006 in Reston, Virginia, where he resides. Let me know at your earliest convenience which, if any, of these dates is acceptable, and where the deposition will take place in or near Reston.

Finally, please also note that Julie Chan is available for deposition on April 21, 2006 in San Francisco. Let me know at your earliest convenience if this date is acceptable.

Very truly yours,

Matthew D. Harrison
of LATHAM & WATKINS LLP

cc:    Douglas R. Britton, Esq.

# Exhibit I
# (FILED UNDER SEAL)

Exhibit J
(FILED UNDER SEAL)

# Exhibit K

*U*



SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams

March 7, 2006

<u>VIA FACSIMILE</u>

Patrick E. Gibbs
Latham & Watkins LLP
Silicon Valley
135 Commonwealth Drive
Menlo Park, CA 94025

Brian T. Glennon, Esq.
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

> Re:   *In re Oracle Corporation Sec. Litig.*
>        Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Patrick:

Your March 6, 2006 letter completely ignores many important concerns raised in plaintiffs' letter of earlier the same day. Defendants have not, and apparently cannot, explain why documents sent to, and received by, Oracle AVP Michael Cochran were produced from the files of Gayle Fitzpatrick, but suspiciously absent from defendants' purported production from Mr. Cochran's files. *See e.g.*, NDCA-ORCL 617662-666; 618654-660; 619450-56; 619469-476. Additionally, defendants have also failed to explain why an email written by CW47 (NDCA-ORCL 620802) was not produced until ***two weeks after*** CW47's deposition on February 16, 2006, in direct violation of the Discovery Plan. You have indicated that there are several legitimate explanations for these issues; however, in past two weeks you have not provided a single one. Similarly, when previously asked about why the files for Ian Hatada produced no documents, your response evidenced a glaring misunderstanding of the scope of discovery in this case and settled principles of relevance. Finally, defendants' failure to confirm that they have exhausted all efforts under Fed. R. Civ. P. 26 and 34 to locate such documents of all witnesses, including Mr. Cochran's electronic files (and other witnesses deposed thus far) highlights the necessity that these issues be resolved before Mr. Cochran's deposition takes place.

With that said, for the third time plaintiffs wish to communicate that the issues raised in plaintiffs' March 6 letter pervade discovery in this case. Yesterday plaintiffs provided defendants with two reasonable approaches with respect to Mr. Cochran's deposition: (i) proceed with the deposition and hold it open until the parties' dispute is resolved or (ii) re-schedule the deposition until after the parties' dispute is resolved. You chose neither. Your



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS** LLP

Patrick E. Gibbs
March 7, 2006
Page 2

response to my letter, while simple, does nothing to address the open questions which
would allow the parties to move forward in a sensible fashion. It is clear that Court
intervention will be necessary to resolve these disputes.

Very truly yours,

Shawn A. Williams

SAW:cmb

cc:    Mark Solomon