LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
  Matthew D. Harrison (SBN 210981)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
         michele.kyrouz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
   Dorian E. Daley (SBN 129049)
   James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS) (Consolidated)<br><br>CLASS ACTION<br><br>**DISCOVERY MATTER**<br><br>**OPPOSITION TO PLAINTIFFS' REQUEST FOR IMMEDIATE ENFORCEMENT OF SECTION II.B. OF THE AMENDED ORDER SETTING A DISCOVERY PLAN**<br><br>**Judge Joseph C. Spero** |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO
ENFORCE DISCOVERY PLAN
Case No. C-01-0988-MJJ

## I. INTRODUCTION

Plaintiffs' Request for Immediate Enforcement (the "Motion") invokes the March 10, 2005 Amended Order Setting a Discovery Plan (the "Discovery Plan") in an attempt to force a subpoenaed witness, Charles P. Kendig, Jr., to appear for deposition at a time and place selected solely by Plaintiffs, without regard to the availability of Mr. Kendig or Defendants' counsel. Although the Motion is styled as one for "immediate enforcement" of the Discovery Plan, the Motion actually requests that that the Court *change* the Discovery Plan: Plaintiffs seek an order requiring documents to be produced ten days in advance of upcoming depositions, while the Discovery Plan calls for seven days, and Plaintiffs seek an order requiring Mr. Kendig to appear in a particular location – an issue that is not addressed in the Discovery Plan at all. This Motion is misplaced for several reasons.

As an initial matter, this issue should not be before the Court at all. Defendants have already offered to produce Mr. Kendig on April 19 or 20, 2006, within a few business days after the dates demanded in Plaintiffs' Motion. Plaintiffs have not suggested that they are unavailable on those dates. Indeed, Plaintiffs did not respond to the proffered dates at all, nor did they attempt to discuss alternative dates with Defendants.

Further, Plaintiffs failed to meet and confer on this discovery issue before seeking relief, as required by this Court's March 29, 2005 Order and Northern District Local Rule 37-1. Plaintiffs instead filed this Motion demanding that the Court order Mr. Kendig to appear on dates and at a location unilaterally chosen by them. There is no need for Plaintiffs to attempt to drag this Court in to manage the scheduling of individual depositions, whether for Mr. Kendig or any other witnesses. This is plainly an issue the parties can and should resolve on their own. To the extent that Plaintiffs wish to address broader issues – such as the timing of pre-deposition document production generally or the location of depositions for current Oracle employees – Plaintiffs should properly meet and confer and, if necessary, seek relief with a properly noticed motion. Indeed, the timing of pre-deposition document production is already the subject of the parties' competing proposals to resolve various existing discovery disputes. *See* Defendants' April 4, 2006 Discovery Letter Brief at 2; Plaintiffs' April 4, 2006 Letter at 2-3.

1    In any event, Plaintiffs' motion does not support the relief requested. Since
2  February 17, 2006, Defendants have searched for and produced responsive documents from the
3  files of ten witnesses seven days in advance of their depositions, as required by the Discovery
4  Plan. Mr. Kendig's deposition is the first time Defendants have encountered any difficulty
5  producing the documents on time, and we advised Plaintiffs of the issue on March 17, 2006, ten
6  days before the scheduled date (as soon as Defendants realized they would encounter some
7  difficulty in meeting the deadline in this instance). Rather than agree to a new date that would
8  have resolved the issue, Plaintiffs refused to say whether they would agree to complete Mr.
9  Kendig's deposition in one sitting or even confirm that they would go forward at all on the
10 previously scheduled date. In light of this response, Defendants had little choice but to
11 reschedule Mr. Kendig's deposition, or to subject him (for no apparent reason) to two
12 depositions, or a last minute cancellation after he had traveled to San Francisco from Virginia.
13 Given this choice, Defendant's chose to reschedule the deposition, just as Plaintiffs have done on
14 a number of occasions in the case. Moreover, to avoid any further dispute about the production
15 of Mr. Kendig's files, Defendants intend to produce them to Plaintiffs within a reasonable time
16 following this submission, rather than wait until seven days before Mr. Kendig's mutually
17 agreeable deposition date. The situation surrounding Mr. Kendig's deposition, in other words,
18 does not suggest the need for changing the Discovery Plan as requested in Plaintiffs Motion. In
19 fact, it does not require a motion at all.

20    Because Plaintiffs' have failed to provide the Court with any legal or factual basis
21 (i) to compel Mr. Kendig's deposition on a date certain and at a particular location chosen by
22 Plaintiffs, or (ii) to alter the Discovery Plan, Plaintiffs' Motion must be denied.

23 **II.   ARGUMENT**

24   **A.   Plaintiffs' Attempt To Invoke the Discovery Plan To Compel Mr. Kendig's Deposition at a Time and Place Chosen Solely by Plaintiffs Is Meritless.**
25

26    Plaintiffs' Motion requests (i) the immediate production of Mr. Kendig's files and
27 (ii) Mr. Kendig's appearance for deposition in San Francisco on any day during the week of
28 April 10, 2006. Mot. at 1-2. This demand is improper and should be denied for several reasons.

1   First, Plaintiffs' request for immediate relief is moot. Shortly after the
2   postponement of Mr. Kendig's deposition, Defendants proposed two alternate deposition dates in
3   Reston, Virginia five days (and three business days) after the dates in Plaintiffs' Motion.
4   *Compare* Motion at 1:23-2:1 *with* Ex. H (March 28, 2006 letter from M. Harrison to W.
5   Radcliffe) to the Declaration of Eli R. Greenstein in Support of Plaintiffs' Request for Immediate
6   Enforcement (the "Greenstein Declaration") at 2. Unlike Plaintiffs' demand that Mr. Kendig
7   appear during the week of April 10, 2006, these proposed dates take into account the witness's
8   availability as well as his place of residence.[1] Plaintiffs' assertion that the postponement of Mr.
9   Kendig's deposition has resulted in disruption, delay and increased litigation expense (Mot. at 1)
10  rings hollow. Plaintiffs themselves unilaterally canceled four noticed depositions, and recently
11  demanded that nine other depositions be deferred until the completion of one particular
12  witnesses' deposition later this month. *See* Harrison Decl., Ex. B (March 10, 2006 letter from R.
13  Morgan to S. Williams); Ex. C (March 24, 2006 letter from D. Britton to M. Harrison) at 1.
14  Plaintiffs did not inform Defendants of their preferred order for the latter depositions until after
15  Defendants proposed a number of dates that were acceptable for those witnesses. *Id.*, Ex. C.
16  Like the scheduling of Mr. Kendig's deposition, Plaintiffs' attempt to reschedule 13 other
17  depositions is a matter that the parties ought to be able to work out without bothering the Court.
18   Second, Plaintiffs have dispensed with proper procedure for resolving discovery
19  disputes such as the ones raised in their Motion. In violation of the Court's March 29, 2005
20  Order and the Local Rules of this Court, Plaintiffs have failed to meet and confer with

---

[1] Plaintiffs cite no authority for their demand that Mr. Kendig travel from Virginia to appear for his deposition. Plaintiffs subpoenaed Mr. Kendig under Federal Rule of Civil Procedure 45, which is required for an employee who is not an "officer, director or managing agent of a party." *See* Fed. R. Civ. P. 37(d). Pursuant to their Rule 45 subpoena, Plaintiffs cannot force Mr. Kendig to appear for deposition "more than 100 miles from the place where [Mr. Kendig] resides, is employed or regularly transacts business in person," as Mr. Kendig is not an officer of Oracle. Fed. R. Civ. P. 45(c)(3)(a)(2). Nevertheless, Plaintiffs subpoenaed Mr. Kendig for deposition in San Francisco, and improperly issued the subpoena from the Northern District of California. Now they seek relief from this Court. Plaintiffs have not raised this issue whatsoever with Defendants, as required by the March 29, 2005 Order and Local Rule 37-1, and have not properly briefed it. *See* Declaration of Matthew D. Harrison ("Harrison Decl."), Ex. A (March 29, 2005 Order Denying Plaintiffs' Motion to Compel) at 2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO
ENFORCE DISCOVERY PLAN
Case No. C-01-0988-MJJ

1  Defendants about Mr. Kendig's deposition date, location and document production before

2  seeking relief.  *See id.*, Ex. A (March 29, 2005 Order); N. Dist. L.R. 37-1(a).  Had Plaintiffs done

3  so, it is evident that the parties could have reached a compromise.

4  Third, Plaintiffs' assertion that, on March 23, 2006, "defendants inexplicably

5  canceled Mr. Kendig's deposition," which purportedly necessitated the Motion, is inaccurate.

6  Mr. Kendig's deposition was scheduled to proceed on March 27, 2006.  On March 17, 2006,

7  Defendants became aware of a logistical problem that would prevent the timely production of

8  certain of Mr. Kendig's files.  *See* Greenstein Decl., Ex. D (March 17, 2006 letter from B.

9  Glennon to S. Williams) at 3.  Defendants immediately informed Plaintiffs of the problem,

10  noting that they would produce Mr. Kendig for deposition, should Plaintiffs wish to proceed.  *Id.*

11  Plaintiffs responded on March 21, 2006, threatening either to cancel the deposition, or require

12  Mr. Kendig to sit for two days of questioning if they were not satisfied with the production.  *Id.*,

13  Ex. E (March 21, 2006 letter from E. Greenstein to B. Glennon) at 2.  Mr. Kendig therefore faced

14  the risk of flying across the country to San Francisco, without knowing whether his deposition

15  would even take place, let alone be completed.[2]

16  To avoid the unreasonable inconvenience faced by Mr. Kendig (and to avoid

17  turning one deposition into two depositions for no good reason), Defendants indicated that they

18  would postpone his deposition until these issues were resolved.  *See* Harrison Decl., Ex. F

19  (March 22, 2006 letter from B. Glennon to E. Greenstein).  Thus, contrary to the Plaintiffs'

20  claims (Mot. at 2), Defendants' decision to postpone Mr. Kendig's deposition was explained to

21  Plaintiffs and was a reasonable response to the position taken by Plaintiffs in the first instance.

22  / / /

23  / / /

---

[2]  Under similar circumstances, Plaintiffs unilaterally cancelled the deposition of Michael Cochran the day before his deposition in San Francisco because of purported document production issues.  *See* Harrison Decl., Ex. D (March 7, 2006 letter from S. Williams to P. Gibbs, *et al.*).  Mr. Cochran had already traveled across the country from Florida for his appearance, causing him tremendous inconvenience.  *See* Harrison Decl., Ex. E (March 8, 2006 letter from P. Gibbs to S. Williams).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO
ENFORCE DISCOVERY PLAN
Case No. C-01-0988-MJJ

**B.    Plaintiffs' Request that the Court Alter the Discovery Plan is Improper and Unsupported by the Discovery Record.**

Plaintiffs request that the Court alter the Discovery Plan to require the "production of relevant documents from deponents' files no later than **10 days** prior to any future deposition." Mot. at 2. Nowhere in the Motion, however, do Plaintiffs explain how such a requirement would remedy any purported discovery problems about which they complain. On the contrary, requiring the earlier production of documents would only cause further burden on Defendants by shortening the time in which Defendants must review thousands of documents from the files of dozens of witnesses. As Plaintiffs note, this is one of several aspects of the Discovery Plan which they now see as unfavorable, and they apparently "intend to move the Court for substantial modification of the overall scope of the Discovery Plan." Mot. at 2 n.2.

Plaintiffs claim that Defendants have "failed consistently" to produce documents on time, and have taken a "cavalier approach to the Court's deadlines for the production of deponents' files." Mot. at 1, 3. Nothing could be further from the truth. Since Latham took over the case, Defendants have reviewed the files of ten former and current Oracle employees prior to their depositions. Harrison Decl. ¶ 3. For each of these witnesses, responsive documents (if any exist) have been produced from the witnesses' files at least seven days prior to the deposition, as required under the Discovery Plan. *Id.* The logistical problem encountered with Mr. Kendig's documents is the first production issue that has arisen involving a witnesses' files. This problem was immediately brought to Plaintiffs' attention with the option to proceed with the deposition or postpone it. Greenstein Decl., Ex. D (March 17, 2006 letter from B. Glennon to S. Williams).

Plaintiffs' accusation rests solely on the claim that they received a document sent or received by CW47 after CW47's deposition. Mot. at 3. Although Plaintiffs claim Defendants "have failed to explain" why this document was produced after CW47's deposition, that is untrue. Defendants have explained, and Plaintiffs are well aware, that, as with CW47, a document may exist in one person's files and not another's because different Oracle employees maintain different documents in their files. *See* Defendant's March 15, 2006 Omnibus Discovery Letter Brief at 2. The simple fact is that at the time documents were produced from

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO
ENFORCE DISCOVERY PLAN
Case No. C-01-0988-MJJ

1  CW47's files, this particular document was not in those files, and therefore did not need to be
2  produced under the Discovery Plan. *See* March 10, 2005 Discovery Plan at II.A. (requiring
3  production of documents "contained in the files of any deponent" at least seven days prior to that
4  witness's deposition).

5  What Plaintiffs are really objecting to here is the language of the Discovery Plan,
6  which requires Defendants to produce documents only "contained in the files" of the deponent at
7  least seven days prior to each witness' deposition. *See* March 10, 2005 Discovery Plan at II.A.
8  This issue was briefed in Defendants March 15, 2006 Omnibus Discovery Letter to the Court.
9  *See* Defendant's March 15, 2006 Omnibus Discovery Letter Brief at 3. Moreover, in an effort to
10 compromise regarding the issues raised in the Omnibus Discovery Letters, Defendants have
11 offered to change the Discovery Plan in a way that would prevent the very timing issue that
12 underlies Plaintiffs' complaint here. *See* Defendants' April 4, 2006 Discovery Letter Brief at 2.
13 In particular, Defendants have offered to produce documents 14 days from the date they receive
14 a deposition notice or subpoena, rather than seven prior to the deposition. That way, Plaintiffs
15 would have the documents from the files of ***all*** identified witnesses within two weeks after
16 Plaintiffs identify the witnesses, rather than in piecemeal fashion one week before the deposition
17 of each witness. *Compare* March 10, 2005 Discovery Plan at II.A. *with* Defendants' April 4,
18 2006 Discovery Letter Brief at 2. Plaintiffs have rejected this proposal.

19 At bottom, Defendants have and will continue to produce documents from the
20 files of a witness seven days prior to deposition. Plaintiffs have offered no factual or legal
21 reason for amending the Discovery Plan, or how such an amendment would address any of the
22 purported issues raised in the Motion.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

6

DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO
ENFORCE DISCOVERY PLAN
Case No. C-01-0988-MJJ

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs improper Motion.

Dated: April 5, 2006

LATHAM & WATKINS LLP
  Peter A. Wald
  Michele F. Kyrouz
  Matthew D. Harrison


By:_____/s/_____
  Michele F. Kyrouz
  Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON