**Patrick E. Gibbs**
Direct Dial: (650) 463-4696
patrick.gibbs@lw.com

135 Commonwealth Drive
Menlo Park, California  94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

March 8, 2006

## BY FACSIMILE AND U.S. MAIL

Shawn A. Williams
LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

       Re:    In re Oracle Corporation Securities Litigation

Dear Shawn:

I write in response to your March 7 letter unilaterally canceling Michael Cochran's deposition.  As you know, Mr. Cochran's deposition date has been set for some time.  As you also know, Mr. Cochran lives and works on the east coast, and therefore had to travel across the country for his deposition.  Plaintiffs' unilateral cancellation of Mr. Cochran's deposition less than twenty-four hours before the scheduled start is inexcusable, and it reflects a total disregard for Mr. Cochran's schedule.  By canceling the deposition at the last possible minute, Plaintiffs have wasted several days of Mr. Cochran's time.

You said several times yesterday that you had offered me two "reasonable" alternatives: (1) either postpone Mr. Cochran's deposition, or (2) begin the deposition today subject to an agreement to bring Mr. Cochran back at a later date.  As I said yesterday, neither alternative was reasonable given that Mr. Cochran was already traveling by the time you suggested them. Mr. Cochran is entitled to have his deposition completed in one sitting, and if you were not ready to complete the deposition on the scheduled date, you should have sought to reschedule it well in advance.  The first time you raised even the possibility of delaying the deposition was mid-day Monday, by which time Mr. Cochran was already traveling.

Plaintiffs' purported excuse for canceling Mr. Cochran's deposition rings hollow.  On Monday, you told me Plaintiffs were "considering continuing" Mr. Cochran's deposition due to concerns that Mr. Cochran's documents may not have been produced.  In that regard, you cited several e-mails sent or received by Mr. Cochran that were included in Gayle Fitzpatrick's files, but which were not previously produced from Mr. Cochran's files.  See March 6, 2006 Corresp. fr. S.Williams to P.Gibbs.  I wrote back that same day and confirmed for you that all documents from Mr. Cochran's files had been produced as required by the March 10, 2005 discovery order. See March 6, 2006 Corresp. fr. P.Gibbs to S.Williams.  I reiterated that information yesterday on

Shawn A. Williams
March 8, 2006
Page 2

LATHAM & WATKINS LLP

the phone before you canceled Mr. Cochran's deposition.  To repeat:  we are not aware of any responsive documents from Mr. Cochran's files that have not been produced.  As such, there was no basis for you to refuse to proceed with Mr. Cochran's deposition.  We will get you proposed dates for Mr. Cochran's deposition, but given the significant inconvenience you have already inflicted on Mr. Cochran, we will be produce Mr. Cochran in Florida, where he lives and works.

In the meantime, I wish to respond briefly to the document production issues you have raised.  Based on your March 6 and 7 letters and our conversation Tuesday, it is clear that Plaintiffs are seeking to re-litigate issues that were resolved by Judge Spero's March 10, 2005 discovery order.  You asserted, repeatedly, that Defendants had promised the Plaintiffs and the Court that the responsive documents from the AVP files would include all of the information that reached the individual defendants and the senior staff at Oracle.  See March 6, 2006 Corresp. fr. S. Williams to P. Gibbs.  Because a subsequent document production from the files of Gayle Fitzpatrick (a custodian not named in the March 10, 2005 order) included documents sent or received by Messrs. Ellison and Sanderson, but not included in the prior document production, Plaintiffs claim this promise has not "translated into reality."  On that basis, Plaintiffs apparently want to change the scope of the document discovery that was completed a year ago.

I have reviewed the record, and I do not see any such promise by the Defendants.  On the contrary, Defendants consistently argued that the AVP documents were neither relevant nor likely to lead to the discovery of admissible evidence, and therefore should not be produced.  And Defendants certainly never promised that the AVP files would include every single e-mail ever sent or received by Mr. Ellison or anyone else on the subjects identified in the March 10, 2005 discovery order.  Indeed, the very nature of the order – calling for production of documents from the files of specific custodians, rather than from the entire organization – left open the possibility that Plaintiffs might not receive every document sent or received by any given Oracle employee on the subjects identified in the order.

In fact, one purpose of including the AVP's as custodians was to account for this fact and to widen the circle to capture additional documents.  In so doing, the Court made clear that it was drawing a rough line in an attempt to include as many relevant documents as possible.  The Court did not purport to draw a line that would capture every single document sent or received by any particular individual on any particular subject.  Repeatedly, your March 6 and March 7 letters ignore this reality and suggest that Plaintiffs were entitled under the March 10, 2005 discovery order to receive every single document sent or received by particular individuals, regardless of where those documents resided within the organization.  Nothing in the order supports this view, and while Plaintiffs may wish they had a different discovery order, that wish does not justify your refusal to proceed with long-scheduled depositions such as Mr. Cochran's.

Best regards,

Patrick E. Gibbs
of LATHAM & WATKINS LLP

cc:     Mark Solomon

```
*********************************
   SERIAL BROADCAST REPORT (1)
*********************************
```

(WED) MAR  8 2006 18:31
LATHAM & WATKINS

| DOCUMENT # | TIME STORED | TIME SENT | DURATION | TOT. DST | PAGES |
|---|---|---|---|---|---|
| 4862067-496 | 3. 8 18:27 | 3. 8 18:27 | 3'01" | 2 | 3 |

| FIN. | 2 |
|---|---|

| #003614152884534 | #003616192317423 |
|---|---|

135 Commonwealth Drive
Menlo Park, California 94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

## FACSIMILE TRANSMISSION
March 6, 2006

| To: | Shawn A. Williams | Fax: (415) 288-4534 | Tel: (415) 288-4545 |
|---|---|---|---|
| | LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP | | |
| To: | Mark Solomon | Fax: (619) 231-7423 | Tel: (619) 231-1058 or (800) 449-4900 |
| | LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP | | |

| From: | Patrick E. Gibbs, Esq. |
|---|---|
| Re: | Oracle Corporation Securities Litigation Master File No. C-01-0988-MJJ (N.D. Cal.) |

☐ Original(s) to follow          **Number of pages, including cover:  3**

Please see attached letter dated March 6, 2006..



135 Commonwealth Drive
Menlo Park, California 94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

**FACSIMILE TRANSMISSION**
March 6, 2006

| | | | | |
|---|---|---|---|---|
| **To:** | Shawn A. Williams | **Fax:** (415) 288-4534 | **Tel:** (415) 288-4545 |
| | LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP | | |
| **To:** | Mark Solomon | **Fax:** (619) 231-7423 | **Tel:** (619) 231-1058 or |
| | LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP | | (800) 449-4900 |

| | |
|---|---|
| **From:** | Patrick E. Gibbs, Esq. |
| **Re:** | Oracle Corporation Securities Litigation Master File No. C-01-0988-MJJ (N.D. Cal.) |

☐ Original(s) to follow          Number of pages, including cover:  3

Please see attached letter dated March 6, 2006..

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal service. Thank you.

**If there are any problems with this transmission, please call (415) 395-8015.**
SV\497187.1