1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ORACLE SECURITIES LITIGATION            No. C-01-0988 MJJ (JCS)

_____

This Document Relates to:                     **ORDER APPOINTING MASTER FOR**
                                              **DISCOVERY PURPOSES**
ALL ACTIONS.

_____/

     This case is a complex securities class action.  The parties have routinely been unable to work out both major and minor discovery disputes.  This has resulted in many such disputes being brought before the Court.  Indeed, after ruling on many disputes and issuing the resulting discovery plan, and ruling on still further disputes, the parties have now brought seventeen (17) disputes to the Court.  The inability of the parties to cooperate has been reflected in many filings – most recently in their filing of *separate* letters to the Court on April 4, 2006, when *one* joint letter was ordered.

     Accordingly, the Court finds that this matter is appropriate for referral to a master for all discovery.  The Court previously has sought the input of the parties regarding the appointment of a master, and the Court has selected the Honorable Edward A. Infante (Ret.).

     A.     Accordingly, pursuant to Fed. R. Civ. P. 16(c)(6) and 53, the Court intends to enter an Order as follows:

     1.     Judge Infante is appointed as Master to preside with the following duties:

     a)     To preside over and decide all pending and future discovery motions in this case;

     b)     To control the sequence, timing, scope and methods of discovery;

c) To preside over depositions, document productions, and the like, should he determine that to be appropriate;

d) To compel the production of evidence and examine witnesses or parties under oath;

e) To rule on all contested discovery matters, including issues of privilege, work product, and trade secret;

f) To rule on all requests for sanctions, as well to *sua sponte* impose sanctions;

g) To rule on and interpret any protective order entered in these cases;

h) To order the parties to make arrangements for any and all proceedings before the Master, to be recorded and/or transcribed; and

i) To have, in all discovery proceedings, all other powers specified in Rule 53 of the Federal Rules of Civil Procedure.

2. The Master shall be paid his normal rate for time spent performing these duties. The Master shall, in his discretion, assess the allocation of his costs and fees among the parties at such times as the Master shall determine. This shall include the power to determine, in his discretion, that one party, all parties, or any subgroup of parties, should pay some or all of his fees on any particular matter. Upon such assessments, the parties shall pay the amount specified as due by the Master within ten (10) days of the assessment, unless otherwise excused by the Master or the Court.

3. All reports, findings, and objections and motions in response thereto, shall be submitted to United States Magistrate Judge Joseph C. Spero.

4. There are now pending before the Court the following discovery matters, which are specifically referred to the Master for resolution:

a) Plaintiff's Sealed Motion for Immediate Enforcement of Section II. B. of the Amended Scheduling Order (Docket No. 496); and

b) The matters set forth in the parties' sealed letters to the Court, as follows:

1          (1)     March 15, 2006, from Mark Solomon;

2          (2)     March 15, 2006, from Peter A. Wald;

3          (3)     April 4, 2006, from Mark Solomon; and

4          (4)     April 4, 2006, from Peter A. Wald.

5  (Copies of all UNDER SEAL documents have been provided to the Master.)   The Master is

6  requested to expedite his review and decision on these matters.  The only issue listed in these letters

7  **not** submitted to the Master for resolution is Defendants' Sixth Issue requesting changes in the case

8  management schedule.  That issue may be brought to the District Judge for resolution or referral to

9  the undersigned.

10          5.     The Master may communicate ex parte with the parties to this matter only

11  where it would be lawful for a sitting magistrate judge or district judge to have such an ex parte

12  communication.  In addition, the Master may, in his discretion, communicate ex parte with the

13  Court.

14          6.     All materials filed by the parties for the Master's consideration shall be filed

15  with this Court only when review is sought of the Master's orders.  Otherwise, such materials shall

16  be preserved by the parties.  All reports, findings, and orders of the Master shall be filed in this

17  Court.

18      B.     The Order contained in Section A. above shall become effective upon the filing of an

19  affidavit by the Master under Rule 53(b)(3) if such declaration discloses no grounds for

20  disqualification, or upon waiver and court approval if a ground for disqualification is disclosed.

21      IT IS SO ORDERED.

22

23  Dated: April 6, 2006

24                                    _____
    JOSEPH C. SPERO
25                                    United States Magistrate Judge

26

27

28

3

*United States District Court*
For the Northern District of California