# EXHIBIT A

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
415-774-2611
415-982-5287 (fax)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-09888-MJJ (JCS) **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO SEARCH FILES OF ADDITIONAL WITNESSES IDENTIFIED BY PLAINTIFFS** |

On March 15, 2005, Plaintiffs and Defendants submitted to the court letter briefs regarding seventeen discovery issues. The parties appeared before Judge Spero and discussed these issues on March 30, 2006. A number of the issues were resolved at the hearing. The court ordered the parties to submit a joint letter brief regarding the issues resolved by the parties, the issues to be submitted to the court for resolution and the parties' proposals for resolution of the remaining issues. Unable to agree on a joint brief, the parties submitted separate briefs regarding the remaining issues. Subsequent thereto, the undersigned was appointed to serve as a Special Master with respect to discovery issues. A hearing regarding the outstanding issues was held before the undersigned on April 25, 2006. Prior to or during the hearing, each of the six issues raised by Defendants were resolved. With respect to the eleven issues raised by Plaintiffs, issues 2, 3, 5, 6, 7, 8 and 11 have been resolved. Plaintiffs will be filing formal motions with respect to issues 1, 9 and 10. Issue 4, addressing Defendants' refusal to search the files of additional witnesses identified by Plaintiffs Plan, was taken under submission. The Special Master has considered the papers and the arguments of counsel and rules as follows:

<u>Background</u>

On March 10, 2005, the court entered an Amended Order Setting a Discovery Plan ("the Discovery Plan"). Section I of the Discovery Plan addresses the scope of discovery. Section I.A

provides that for purposes of responding to written discovery requests, the "Relevant Time Period" shall be from June 1, 2000 to June 1, 2001.  Documents created outside the Relevant Time Period that refer to events within the Relevant Time Period must also be produced. Discovery Plan, § I.A.  With respect to files to be searched, the Discovery Plan states that in responding to Plaintiffs' requests for documents, Oracle Corporation ("Oracle") shall search the hard copy and electronic files of the following individuals:

    1.    Lawrence Ellison ("Ellison") ... (collectively "the Speakers");
    2.    The Speakers direct reports during the Relevant Time Period ...;
    3.    The Area Vice Presidents in Oracle's three Unites states sales and consulting divisions ...;
    4.    The following individuals:  [14 names are listed] and;
    5.    Other individuals, as agreed upon by the parties or ordered by the Court.

*Id.*, § I.B.  The Discovery Plan sets forth a number of discovery guidelines with respect to the key issues in this case.  *Id.,* § I.C.  The guidelines state that Defendants shall produce *inter alia* documents and communications relating to: (1) the United States economy and its impact or potential impact on Oracle's revenues, earnings and expenses (subject to §§ I.A and I.B); (2) the functionality of Oracle's Suite 11i software and its individual modules, and any lost or deferred sales of any Oracle product as well as any material expense with respect to any Oracle product; (3) Oracle's forecasts and Oracle's sales pipeline and pipeline conversion rates/ratios (subject to § I); and (4) the alleged "On Account Cleanup" occurring in November 2000, the 46,000 debit memoranda, and the accounting treatment of those memoranda.  *Id.*, § I.C.  The Discovery Plan requires Defendants to produce documents responsive to Plaintiffs' requests for documents contained in the files of any deponent not otherwise within the category of individuals specified in Section 1.B, no later than seven days prior to the date on which the deposition is noticed. Discovery Plan, § II.A.  With respect to the depositions of fact witnesses, the Discovery Plan states that Defendants shall produce documents from the files of a deponent, including a confidential witness, no less than seven (7) days before that individual's deposition.  *Id.*, § III.C.

      On January 17, 2006, Plaintiffs sent a letter to Defendants requesting that Defendants search for information from 13 individuals not listed in Section I.B of the Discovery Plan. Plaintiffs' Appendix, Ex. 18.  The letter asserts that these individuals have knowledge regarding discounts and concessions given to Oracle customers, Oracle's Suite 11i's product problems or the State of Michigan deal alleged in the operative complaint.  *Id.*  With respect to some of the

individuals, Plaintiffs referred Defendants to specific documents supporting their assertions.  On January 19, 2006, Plaintiffs sent a letter to Defendants requesting that Defendants search for information from 19 additional individuals not listed in Section I.B of the Discovery Plan.  *Id.*, Ex. 15.  The letter referred Defendants to deposition testimony indicating that the individuals had information about Oracle's forecasts for Q301 (including the status of deals in Oracle's pipeline) and with respect to one of the individuals, information regarding the impact of the economy on Oracle's business.  Defendants refused to search for information from the files of any of these individuals, asserting that Plaintiffs must, and had failed to, establish a link between the individuals at issue and one of the Speakers identified in the operative complaint.  Defendants' Exs. Q and R.  Defendants' April 4, 2006 proposal to resolve the parties' discovery disputes offered to allow Plaintiffs, during the remainder of the discovery period, to select 10 additional individuals (beyond those contemplated by the Discovery Plan) whose files Defendants will search and whose documents Defendants will produce.

<u>Discussion</u>

Plaintiffs request an order compelling Defendants to produce responsive documents from the thirty-two (32) individuals identified in Exs. 15 and 18.  Plaintiffs contend that Defendants' objection that Plaintiffs have failed to establish a direct link between these witnesses and the Speakers construes the Discovery Plan too narrowly and would preclude Plaintiffs from obtaining documents that clearly fall within the realm of relevance.

Defendants assert that the fact that a current or former Oracle employee has a certain job title, works in a specific division, or the remote possibility that his or her files may contain relevant documents is insufficient, standing alone, to justify imposing an increased burden on Defendants to search for and produce documents that otherwise are not covered by the Discovery Plan.  Defendants assert that they need not search for additional files or incur additional expenses based solely upon Plaintiffs' conjecture about the possibility that a current or former employee has relevant documents.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. Proc. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  "For good cause, the court may order discovery of any matter relevant

to the subject matter involved in the action." *Id.* "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. Proc. 26(b)(1).

Section I.B.5 of the Discovery Plan contemplates that Plaintiffs may seek an order requiring Oracle to search the files of individuals beyond those specifically identified in the Discovery Plan. The question for the Special Master is whether the files of the additional individuals identified by Plaintiffs may contain relevant information. With respect to the 19 individuals identified in exhibit 15, Plaintiffs' March 15, 2006 submission addresses only 8 of the 19 employees. Based upon the materials presented, it appears that the 21 remaining employees identified in exhibits 15 and 18 were part of the finance and sales organizations of Oracle's primary divisions during the relevant period, and therefore may possess relevant information. However, it also appears that Plaintiffs have either taken or intend to take the deposition of at least of one of these individuals and that Defendants already have searched the files of at least two of the remaining employees. After weighing Plaintiffs' showing against the speculative and burden arguments made by Defendants, the Special Master finds that Plaintiffs are entitled to expand the number of individuals files that should be searched by Oracle. On balance, Plaintiffs may designate up to 14 of the individuals specifically identified in exhibits 15 and 18.

Accordingly, Plaintiffs' motion to compel Defendants to search, pursuant to Section I.B.5 of the Discovery Plan, the files of additional witnesses is GRANTED IN PART. Defendants shall search for and produce responsive documents from the files of 14 additional witnesses designated by Plaintiffs.

IT IS SO ORDERED.

Dated: May 22, 2006

Hon. Edward A. Infante (Ret.)
Special Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on May 23, 2006,
I served the attached ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
COMPEL DEFENDANTS TO SEARCH FILES OF ADDITIONAL WITNESSES
IDENTIFIED BY PLAINTIFFS on the parties in the within action by e-mail addressed as
follows:

| | | |
|---|---|---|
| Mark Solomon Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | marks@lerachlaw.com |
| Douglas Britton Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | dougb@lerachlaw.com |
| Valerie McLaughlin Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | valeriem@lerachlaw.com |
| Gavin Bowie Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | gbowie@lerachlaw.com |
| Shawn Williams Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | shawnw@lerachlaw.com |
| Willow Radcliffe Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | willowr@lerachlaw.com |
| Eli Greenstein Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | elig@lerachlaw.com |
| Jennie Anderson Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | jenniea@lerachlaw.com |
| Monique Winkler Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | moniquew@lerachlaw.com |
| Peter Wald Esq. | Latham & Watkins | peter.wald@lw.com |
| Michele Kyrouz | Latham & Watkins | michele.kyrouz@LW.com |
| Matthew Harrison Esq. | Latham & Watkins | matthew.harrison@LW.com |