| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Peter A. Wald (SBN 85705)<br>  Michele F. Kyrouz (SBN 168004)<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-2562<br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>E-mail: peter.wald@lw.com<br>       michele.kyrouz@lw.com | LATHAM & WATKINS LLP<br>  Patrick E. Gibbs (SBN 183174)<br>  Matthew Rawlinson (SBN 231890)<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br>E-mail: patrick.gibbs@lw.com<br>       matt.rawlinson@lw.com |

LATHAM & WATKINS LLP
  Jamie L. Wine  (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail: jamie.wine@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS) (Consolidated)<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED HEARING REGARDING PLAINTIFFS' MOTION TO MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND THE JUNE 30, 2006 FACT DISCOVERY CUTOFF** |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. INTRODUCTION

Plaintiffs' Motion for Expedited Hearing Regarding Plaintiffs' Motion To Modify The Amended Pretrial Order (the "Motion to Expedite") should be denied. Plaintiffs will not suffer substantial harm or prejudice if their Motion to Modify The Amended Pretrial Order ("Motion") is heard on July 11 (on 35 days' notice) rather than on June 20 (as plaintiffs propose). On the other hand, defendants will be greatly prejudiced by plaintiffs' proposed schedule, which does not allow defendants a full and fair opportunity to respond to plaintiffs' motion.

Plaintiffs have not met and cannot meet their burden under Local Rule 6-3(a)(3) to show that "substantial harm or prejudice" will result if the Motion is not expedited. Plaintiffs' only attempt to justify the expedited schedule is the conclusory statement that the Motion must be heard prior to the current June 30 discovery cutoff. However, plaintiffs will *not* suffer substantial harm and prejudice if this Motion is heard after June 30 because (1) the Court has the power to re-open the discovery period if it grants plaintiffs' Motion, and (2) the parties' discovery activity between now and June 30 will be the same regardless of the hearing date, because even under plaintiffs' expedited schedule the parties would not know whether the cutoff date has been extended until June 20 at the earliest. Thus, plaintiffs' purported "harm" is not alleviated by their request for an earlier hearing date.

Plaintiffs have had months to prepare and file this Motion, yet they seek an expedited schedule that would give defendants just seven business days to respond. Plaintiffs' proposed schedule would *reduce by two weeks* the amount of time *defendants* have to respond to this Motion, but would provide plaintiffs with seven days to file a reply – exactly the amount of time contemplated for a noticed motion. Thus, while plaintiffs claim to seek an expedited hearing, what they really are seeking is to force defendants – and only defendants – to brief this important motion on shortened time. Such gamesmanship is improper.

Finally, the fact that the Motion will not be heard by June 30 is a problem of plaintiffs' own making, and defendants should not be forced to respond on an expedited schedule as a result. Plaintiffs offer no viable reason why they did not file this Motion weeks or months

ago, despite their repeated suggestions that they would do so.[1]  Indeed, it is plaintiffs – not defendants – who have stalled discovery efforts and cancelled depositions repeatedly in the last few months.  Plaintiffs appear to have engaged in a game of "chicken" by not completing depositions and other discovery, betting that the discovery cutoff eventually would be extended.

Plaintiffs' Motion raises important issues that deserve full briefing and adequate consideration by the parties and the Court.  As such, it should not be shoehorned into an expedited schedule.  Accordingly, defendants respectfully request that plaintiffs' Motion to Expedite be denied.

## II.    ARGUMENT

### A.    Plaintiffs Have Not Shown Substantial Harm Or Prejudice Requiring An Expedited Briefing and Hearing Schedule

Plaintiffs' Motion to Expedite fails to satisfy a basic requirement of Local Rule 6-3 – that plaintiffs demonstrate "substantial harm or prejudice that would occur if the Court did not" expedite the briefing schedule on their Motion.  Civil Local Rule 6-3(a)(3).  Instead, plaintiffs merely state – without explanation – that they will suffer "severe prejudice" if the Motion is heard after June 30.  Motion to Expedite at 3; *see also* Declaration of Monique C. Winkler in Support of Plaintiffs' Motion for Expedited Hearing ("Winkler Decl.") at ¶ 7.  These conclusory statements are insufficient to justify an expedited briefing and hearing schedule.

In fact, the June 30 cutoff is not material to the hearing date on plaintiffs' Motion.  There is no substantial harm or prejudice to plaintiffs if this Motion is heard after June 30 because the Court has the power to re-open the discovery period at that time if it grants plaintiffs' Motion to extend the discovery cutoff.  Nor can plaintiffs legitimately claim that an earlier hearing date will materially change the work done between now and June 30.[2]  Regardless

---

[1]  As early as March 15, 2006, plaintiffs raised the issue of seeking an extension of the discovery deadline.  *See* Pl. Ex. 91 at pp. 2-3, attached to the Declaration of Jennie Lee Andersen in Support of Plaintiffs' Motion.

[2]  Plaintiffs' suggestion that an expedited hearing "will enable the parties to most efficiently use their time over the course of the next five weeks" is disingenuous, since no decision on the Motion would be made until June 20 or later even under plaintiffs' expedited schedule.  Motion to Expedite at 1.

of whether the motion is heard June 20 or July 11, the parties will need to assume the June 30 deadline is in effect because even a decision on June 20 would not leave sufficient time to complete discovery if plaintiffs abandoned all efforts until that time. Nor should plaintiffs be allowed to put off depositions and discovery, since they should be working diligently to complete discovery regardless of the cutoff date, which has already been extended once at plaintiffs' request. Thus, the difference between a hearing on June 20 and on July 11 is not material for purposes of this Motion, and certainly will not cause substantial harm or prejudice to plaintiffs.

Moreover, the expedited schedule proposed by plaintiffs is extremely prejudicial to defendants. Plaintiffs served this Motion on Friday, May 26 – just before the long holiday weekend – and have proposed that defendants file their opposition on June 7, with plaintiffs' reply due a week later on June 14, and the hearing on June 20. Declaration of Michele F. Kyrouz in Opposition to Plaintiffs' Motion for Expedited Hearing Regarding Plaintiffs' Motion to Modify the Amended Pretrial Order ("Kyrouz Decl.") at ¶ 3, 4. Without expedited treatment, defendants would have until June 20 to file an opposition, with plaintiffs' reply due June 27, and a hearing on July 11. Kyrouz Decl. ¶ 4. The schedule plaintiffs ask this Court to adopt serves only to reduce defendants' time to oppose by almost two weeks, while giving plaintiffs the same amount of time to reply as they would have on a regularly noticed motion. Kyrouz Decl. ¶ 5. Typically, if there is reason for the court to set an expedited schedule, the moving party will share the burden of shortened time and often the moving party is forced to forego the reply brief in order to obtain an expedited hearing. If the Court determines that the hearing on this Motion should occur earlier than July 11, defendants request that their opposition be due no earlier than June 20, and that no reply brief be permitted.

### B. Plaintiffs' Accusations Of Discovery Delay By Defendants Are Without Merit And Will Be Rebutted In Defendants' Substantive Brief

Discovery in this case has been ongoing since December 7, 2004, when the Court lifted the stay on discovery pursuant to the PSLRA. During this period, plaintiffs have conducted discovery in a haphazard and undisciplined manner designed to harass defendants and

manufacture disputes rather than move the discovery process forward to completion. Defendants, by contrast, have produced an enormous amount of discovery over the course of this and two other similar litigations since June 2001, and have made every effort to proceed with discovery so that the Court can assess the merits of this case in a timely fashion.

The Court-ordered deadline for the conclusion of fact discovery already has been extended once, by four months, as a result of a motion filed by plaintiffs in November 2005. *See* Winkler Decl. ¶ 8. Plaintiffs now seek another extension of the discovery cutoff – this time indefinitely – pointing primarily to three alleged failings by defendants: (1) the alleged failure to preserve certain documents; (2) the alleged failure to timely produce certain documents; and (3) the alleged failure to schedule or make available certain individuals for deposition. As defendants will set forth fully in their opposition brief to plaintiffs' Motion, these discovery-related allegations are utterly meritless and fail to justify in any way another extension of the fact discovery cutoff.

First, plaintiffs' document preservation allegations are the subject of a motion currently pending before Special Master Infante and should be resolved pursuant to that motion. In the unlikely event that plaintiffs' motion were to be granted, discovery could be re-opened at that time, to the extent and in the manner deemed appropriate by the Court. Second, all of the specific categories of documents that are the subjects of plaintiffs' complaints have been produced or are the subject of motion practice that will conclude prior to the June 30 discovery deadline. Moreover, plaintiffs have failed to make a showing that they are unable to conclude depositions related to any disputed document productions prior to the deadline. Third, in a calculated attempt to extend the discovery cutoff, plaintiffs – not defendants – have caused unreasonable delay in the deposition scheduling process. Among other things, plaintiffs did not take their first fact deposition of a current or former employee of Oracle (other than Confidential Witnesses) *until February 24, 2006*, almost ten months after the Discovery Plan permitted taking fact depositions in this case. Ironically, February 24, 2006 was the initial fact-discovery cutoff date. Moreover, notwithstanding Civil Local Rule 30-1 and defendants' many requests that the parties cooperate to facilitate deposition scheduling, plaintiffs delayed the deposition scheduling

1  process by unilaterally noticing dates for Oracle witnesses without meeting and conferring in
2  advance.  Plaintiffs also repeatedly rejected defendants' proposal for a master scheduling
3  calendar, which was later granted by Special Master Infante on April 25, 2006.  Kyrouz Decl. ¶¶
4  6-8, Exs. 1-2.  To make matters worse, plaintiffs repeatedly have cancelled depositions on short
5  notice and without explanation, or have postponed depositions due to disputes of their own
6  making.
7          Thus, as defendants will set forth fully in their opposition brief on the substantive
8  Motion, plaintiffs' complaints about delay are without merit – indeed, appear to have been
9  contrived by the plaintiffs themselves, for the very purpose of bringing this motion – and do not
10 justify a second extension of the discovery cutoff.  Furthermore, many of the alleged failings that
11 form the basis of plaintiffs' Motion occurred *before* Plaintiffs filed their first motion to extend
12 the discovery deadline in November 2005.  Those issues were vetted and resolved when the
13 Court granted an extension through June 30, 2006, and should not be fodder for plaintiffs' new
14 motions as well.

## III.     CONCLUSION

          For the foregoing reasons, defendants respectfully request that the Court deny
Plaintiffs' Motion to Expedite the hearing on Plaintiffs' Motion to Modify the Amended Pretrial
Order, and set a schedule that will allow reasonable time for the parties to brief and the Court to
consider the issues raised by plaintiffs' Motion.

Dated:  June 1, 2006                              Respectfully submitted,

                                                  LATHAM & WATKINS LLP
                                                      Peter A. Wald
                                                      Michele F. Kyrouz
                                                      Patrick E. Gibbs
                                                      Jamie L. Wine
                                                      Matthew Rawlinson


                                                          /s/ Michele F. Kyrouz
                                                  By:_____
                                                      Michele F. Kyrouz
                                                      Attorneys for Defendants ORACLE
                                                      CORPORATION, LAWRENCE J.

1  ELLISON, JEFFREY O. HENLEY,
   and EDWARD J. SANDERSON
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28