# LATHAM&WATKINS LLP

135 Commonwealth Drive
Menlo Park, California 94025
Tel: (650) 328-4600 Fax: (650) 463-2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

February 20, 2006

**VIA FACSIMILE**

Shawn A. Williams
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

Re:  In re Oracle Corporation Sec. Litig.
     Master File No. C-01-0988-MJJ (N. D. Cal.)

Dear Counsel:

We are writing to address a number of outstanding discovery-related issues in the above-referenced case. As you know, we are committed to moving forward with discovery in order to meet the various deadlines imposed by the Court. In furtherance of this goal, we think it is appropriate to set forth, in one letter, all of the issues we have identified thus far. Discussing these issues in the context of one meet and confer session, and resolving them through a single "omnibus" proceeding before Magistrate Judge Spero, appears to be the most efficient and effective way to resolve these disputes. As discussed below, these issues can be grouped into three general categories: (1) items which are ready for submission to Magistrate Judge Spero; (2) issues on which Defendants are waiting to hear back from Plaintiffs; and (3) new issues that have emerged since the last meet and confer session. Each category is discussed in turn.

1.  **Items Which Are Ready For Submission To Magistrate Judge Spero**

    a.  **Plaintiffs' Concern Regarding Oracle's Purported Failure To Produce "Every Scrap Of Paper" Relating To The 776 Debit Memos**

Plaintiffs have requested that Defendants search files of personnel at Oracle for documents relating to refunds of the 776 debit memos. Oracle, however, does not have a central repository for correspondence relating to customers; Oracle has searched the files of those employees most likely to contain responsive information and has produced such information. Oracle also recently identified additional employees who may have documents regarding customer refunds and produced these documents on February 10 and 13, 2006. Plaintiffs have requested that Oracle produce "account status reports, receipt history reports, billing history reports, cash reports, cash receipts journals, sales journals, general journals, accounts receivable ledgers, etc." Oracle's position is that these documents are not called for by either the Discovery Plan or the Court's October 19, 2005 Order. Defendants are obligated to produce only the pieces of the journal that actually contain entries relating to the 46,000 debit memos; Oracle has produced the reports necessary to trace the audit trail for those debit memos.

Shawn A. Williams
February 20, 2006
Page 2

**LATHAM&WATKINS**LLP

### b. Correspondence With CWs

At the January 18, 2006, meet and confer, the parties discussed Defendants' request that your firm produce all document sent to or received from the CWs in this case. On January 26, 2006, we renewed this request. Almost a month has passed and Plaintiffs still have not informed us of their position on this subject. If Plaintiffs have any basis for withholding this plainly relevant and non-privileged information, please let us know immediately. Otherwise, we believe this matter is ripe for adjudication.

### c. Third Party Discovery Relating To Adam Hahn

Plaintiffs have taken the position that the third party discovery that Defendants are seeking relating to Adam Hahn is broader than what is required for purposes of impeachment. Pursuant to the January 18 meet and confer and Defendants' January 26, 2006 letter, please let us know by the end of the week whether Plaintiffs' position has changed regarding this discovery. If your position has not changed, we believe this matter is ripe for adjudication.

## 2. Discovery Issues On Which Defendants Are Waiting To Hear Back From Plaintiffs

### a. Plaintiffs' Request For Discovery Relating To Transactions Underlying An Additional 600 Debit Memos

As you know, during the January 18, 2006 in-person meet and confer, Plaintiffs asserted that they would put together a proposal regarding a statistically significant sample of debit memos in amounts less than $100,000. As noted above, Defendants do not believe that any further discovery on the debit memos is warranted, particularly in light of the developments involving Adam Hahn. Nonetheless, Defendants have been waiting one month to receive your proposal. If we do not receive your proposal by the end of the week, we will assume that you have dropped this request.

### b. Amending The Discovery Plan To Allow Defendants To Cooperate With Law Enforcement Regarding The Prosecution Of CW 49

At the January 18, 2006 meet and confer, the parties discussed whether the Discovery Plan should be modified to permit Defendants to cooperate more fully with law enforcement in light of the arrest of CW 49. The parties agreed that Defendants would propose language to modify the Discovery Plan, and Plaintiffs would let us know their position on that language. On January 26, 2006, Defendants supplied Plaintiffs with the following one-sentence proposed amendment: "Defendants' counsel are permitted to reveal the identity of CW 49 to law enforcement officials." We have been waiting three weeks for your reply. Please let us know your position on this issue this week.

### c. Removal Of The Deceased CW From Plaintiffs' Rule 26 Disclosures

Further to the January 18 meet and confer, we continue to await Plaintiffs' position regarding whether they will modify their Rule 26(a) disclosures to remove a witnesses who has passed away. Please let us know your position on this issue this week.

### d. Additional Subpoenas To Third Parties

At the January 18, 2006 meet and confer, Plaintiffs claimed that they needed to take further discovery from Oracle's customers, and Defendants objected. Nonetheless, the parties agreed that Plaintiffs would provide Defendants with proposed language for such subpoenas. To date, we have not received this language. We also would like to know Plaintiffs' current position regarding how many additional customers they would like to depose. Please let us know by the end of the week.

## 3. New Issues That Have Emerged Since The Last Meet And Confer

### a. Deposition Scheduling

It is our understanding that between now and the close of discovery, Plaintiffs plan to take the depositions of dozens of current and former Oracle employees. In the past, it appears that at least some of the deposition scheduling has not conformed to Local Rule 30-1. In any event, we would like to work with Plaintiffs to ensure that these depositions are scheduled in an orderly fashion, which will minimize the disruption to witnesses and permit the Plaintiffs to complete discovery by the Court-imposed deadline. Accordingly, we recommend that the parties agree to a master calendar of depositions for the next 90 days, which will include the depositions of current Oracle employees, former employees, non-parties, and the remaining CWs. While we recognize that neither party may have a complete list of the persons whom they intend to depose, we expect that the parties currently have a clear idea of many of the witnesses who will need to be deposed in the coming months. Please let us know if you are available this week to discuss scheduling. If you disagree with this proposal, then we would like to have an in-person meet and confer on this issue this week.

### b. Subpoenaing Former Oracle Employees

As you know, Defendants have proposed that former employee depositions be treated in much the same way as CW depositions – *i.e.*, Plaintiffs would give Defendants prior notice of whom they wish to depose; Defendants will contact those people and determine if they want Oracle's counsel to represent them (as is the common practice with former employees in securities cases). Our understanding is that Plaintiffs do not agree with this approach. If that is correct, we would like to schedule an in-person meet and confer on this issue this week and, if we cannot reach agreement at that meeting, we suggest submitting the issue to the Court as part of an omnibus discovery motion.

LATHAM&WATKINS LLP

###   c.    Deposition Time Limits And Cross Designations

As you know, the December 7, 2004 Pre-Trial Order limits discovery to 65 depositions per side. Defendants would like to establish an arrangement that allows the parties to avoid cross-subpoenaing witnesses. There are two primary benefits to such an agreement. First, if one party subpoenas a witness, the other party will be afforded a full and fair opportunity to question the witness without being cut short by the seven-hour time limit imposed under the Federal Rules of Civil Procedure. Second, such an arrangement would allow us to avoid any confusion regarding whether cross designations are counted against a party's limit of 65. Please let us know your position on this issue.

###   d.    Updating the Case Management Order

As a result of some of the amendments in the Case Management Order, certain deadlines should be modified. As you know, the Fact Discovery cutoff date has been moved, at Plaintiffs' request, from February 24 to June 30, 2006. However, the other dates established by the December 7, 2004 Pre-Trial Order have not been updated to reflect this change. As it stands, expert discovery closes on May 22, 2006, and fact discovery does not close until over a month later, on June 30, 2006. Further, while fact discovery closes on June 30, 2006, the deadline for hearings on dispositive motions is July 12, 2006. Defendants suggest continuing the deadlines on expert discovery and for setting hearings on dispositive motions.

###   e.    Plaintiffs' Request For Documents Relating To Defendants' Response To Interrogatory No. 4

Plaintiffs have requested "backup documents to the 3Q01 lost 'big deals'" identified in Defendants' interrogatory responses. Although Defendants believe that they have complied with their obligations under the Discovery Plan, Defendants are willing to revisit their prior productions to determine whether there are any additional documents responsive to this particular request which previously were not produced.

We look forward to hearing from you regarding these, and any other discovery-related issues at your earliest possible convenience.

Very truly yours,

Brian T. Glennon
of LATHAM & WATKINS LLP

cc:  Patrick Gibbs, Esq.
     Jamie Wine, Esq.
     Michele Kyrouz, Esq.