

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

# FACSIMILE

| **To:** | Brian Glennon | 213/891-8763 (fax) |
| | LATHAM & WATKINS | |
| | Mark Solomon | 619/231-7423 (fax) |

| **From:** | Willow Radcliffe | **Date:** | February 24, 2006 |
| **Case Code:** | 201064 | **Time:** | |
| **Subject:** | *In re Oracle Corp. Sec. Litig.* | | |

**Message/Document(s) faxed:**

**Please call fax operator at 415/288-4545 if all pages are not received.**

ORIGINAL DOCUMENTS: Will follow ☐ by mail ☐ courier – OR · ☒ Will not follow unless requested.

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**Number of pages being transmitted including the cover page: 3**

FAX OPERATOR: Return originals to: cynthia                              Ext: 4467

T:\CasesSF\Oracle3\Corres\Faxes\Glennon_WER.doc

100 Pine Street, 26th Floor · San Francisco, California 94111 · 415.288.4545 · Fax 415.288.4534 · www.lerachlaw.com



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Willow E. Radcliffe

February 24, 2006

<u>VIA FACSIMILE</u>

Brian T. Glennon, Esq.
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

      Re:   *In re Oracle Corporation Sec. Litig.*
             Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Brian:

      Your letter of earlier today, regarding deposition scheduling, not only ignores defendants' practice of issuing deposition notices in this action without prior consultation with plaintiffs, it also improperly asserts that plaintiffs have not complied with Civil Local Rule 30-1. Indeed, your letter completely ignores the specific deposition protocol agreed upon by the parties long ago. The parties have been honoring this protocol for over a year now. Your letter appears to renege on this agreement. This is exactly the type of inconsistency that is delaying discovery in this case and wasting the parties' time and resources.

      Moreover, contrary to your assertion, plaintiffs have complied with Civil Local Rule 30-1. While you were not present during the parties' discussions in the Honorable Joseph C. Spero's jury room on December 16, 2005, I was. In that meeting, Oracle Corporation ("Oracle") represented that if plaintiffs noticed a deposition of an Oracle employee, the employee would appear on the noticed date. This specific representation was an essential part of the negotiations on the discovery cutoff. In fact, one of the only reasons plaintiffs ultimately agreed to the June 2006 discovery cutoff is because of defendants' agreement to produce witnesses on the dates noticed by plaintiffs. Plaintiffs' stated concerns that deposition scheduling in this action would take an enormous amount of time and that the deponents' schedules needed to be considered in determining an appropriate discovery cut-off have come to fruition. As a direct result of Oracle's failure to live up to its promise, depositions have already been delayed for weeks, if not months.

      As the parties have previously consulted on noticing witnesses in this action and Oracle has represented that its employees will be made available on noticed deposition dates, plaintiffs (unlike defendants) have complied with Civil Local Rule 30-1. Defendants, however, have not followed through with their representations and are not timely confirming the depositions noticed by plaintiffs. Indeed, defendants ignore our requests to confirm depositions. This practice needs to stop.


LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

Brian T. Glennon, Esq.
February 24, 2006
Page 2

    Oracle's blatant disregard for its previous representations is nothing more than a thinly veiled attempt to thwart the progress of this litigation. Please provide the earliest dates on which defendants' lead trial counsel, Peter Wald, is available to discuss this matter in person with Mark Solomon as required by the Court's February 5, 2005 Order.

Very truly yours,

Willow E. Radcliffe

WER:cs

cc:    Mark Solomon
       Shawn Williams