JUN 0 2 2006

1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) ) | Master File No. C-01-0988-MJJ |
|---|---|---|
| This Document Relates To: ALL ACTIONS | ) ) ) ) ) | CLASS ACTION [~~PROPOSED~~] ORDER GRANTING DEFENDANTS' MOTION TO ISSUE LETTER ROGATORY |

SF\564337.1

The Court has reviewed Defendants' Motion to Issue Letter Rogatory and the supporting papers submitted therewith, which pertain to Daryl F. Kee, and Plaintiffs' objections thereto. After having considered the parties' briefs and having heard the argument of counsel presented on May 31, 2006, the Court recommends that Judge Spero issue the Letter Rogatory in the form attached hereto as Exhibit A.

\* \* \*

## ORDER

IT IS SO ORDERED.

DATED:

6-5-06

*Edward A. Infante* (signature)

THE HONORABLE EDWARD A. INFANTE (Ret.)
SPECIAL MASTER

Submitted by:
DATED: June ___, 2006

LATHAM & WATKINS LLP
  Brian T. Glennon
  633 West Fifth Street, Suite 4000
  Los Angeles, CA 90071-2007
  Telephone:      (213) 485-1234
  Facsimile:       (213) 891-8367

*Brian T. Glennon (hjt)* (signature)
Brian T. Glennon

SF\564337.1

1

EXHIBIT A

LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
  Rees F. Morgan (SBN 229899)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-2562
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
E-mail: peter.wald@lw.com
        michele.kyrouz@lw.com
        rees.morgan@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs  (SBN 183174)
135 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

Attorneys for Defendants ORACLE CORPORATION,
LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and
EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION,<br><br>This Documents Relates To:<br><br>ALL ACTIONS | Case No. C-01-0988-MJJ (JCS) (Consolidated)<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE BY LETTER ROGATORY**<br><br><u>**DISCOVERY MATTER**</u><br><br>Date:  May 30, 2006<br>Time:  9:30 a.m.<br>Place:  JAMS, San Francisco<br><br>**Honorable Judge Martin J. Jenkins**<br><br>**Magistrate Judge Joseph C. Spero**<br><br>**Honorable Judge Edward A. Infante (Ret.)** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE BY
LETTER ROGATORY
Case No. C-01-0988-MJJ

**LETTER ROGATORY**

To: THE ONTARIO SUPERIOR COURT OF JUSTICE
IN THE PROVINCE OF ONTARIO

This Court has determined that the testimony of a resident in your jurisdiction, Mr. Daryl F. Kee, is material and necessary to the above-captioned securities fraud action. We therefore issue this Letter Rogatory for international judicial assistance as follows:

1. This Letter Rogatory is sent to the Ontario Superior Court of Justice by the United States District Court for the Northern District of California in accordance with Ontario Evidence Act, R.S.O. 1990 c. E23.

2. This Court is a competent court of law and equity which properly has jurisdiction over the parties and subject matter of the above-captioned action and has the power to compel the attendance of witnesses and production of documents, both in and outside of its jurisdiction.

3. Plaintiffs in the proceeding are Local 144 Nursing Home Pension Fund (now known as 1199 SEIU Greater New York Pension Fund), Drifton Finance Corporation, Robert D. Sawyer, Dzung Chu, and Ryan Kuehmichel. They are represented by William S. Lerach, Mark Solomon and Douglas R. Britton of Lerach, Coughlin, Stoia, Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, California 92101, and by Shawn A. Williams, Willow E. Radcliffe, Eli R. Greenstein, Jennie Lee Anderson, and Monique C. Winkler, of Lerach, Coughlin, Stoia, Geller Rudman & Robbins LLP, 100 Pine Street, Suite 2600, San Francisco, California 94111.

4. Defendants in the proceeding are Oracle Corporation ("Oracle"), a corporation organized under the laws of Delaware, having its principal place of business in Redwood Shores, California, and three of its officers, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson. Defendants are represented by Peter A. Wald, Michele F. Kyrouz, Matthew D. Harrison and Rees F. Morgan of Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California 94111 and by Patrick E. Gibbs of Latham & Watkins LLP, 135 Commonwealth Drive, Menlo Park, California 94025, and by Dorian Daley, James C.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE BY
LETTER ROGATORY
Case No. C-01-0988-MJJ

Maroulis, and other employees of Oracle, 500 Oracle Parkway, Mailstop 5OP7, Redwood Shores, California 94065.

5.   Plaintiffs filed this civil class action against Defendants on March 9, 2001, seeking recovery for various securities fraud violations. They have alleged, amongst other things, that between December 1, 2000 and March 1, 2001, Defendants made false and misleading statements about the functionality of an Oracle application called Suite 11i, leading to the over-inflation of its stock price. This litigation is presently active in the discovery phase, which is scheduled to end on June 30, 2006. The litigation is currently scheduled to proceed to trial on September 11, 2006 before Judge Martin J. Jenkins following discovery.[1]

6.   Defendants desire to take the deposition of Mr. Daryl F. Kee, of 18 Wright Crescent, Ajax, Ontario L1S 6S7, (905) 686-3082. Mr. Kee worked for Oracle as a Senior Technical Consultant based in Toronto, Canada. According to Plaintiffs, Mr. Kee has personal knowledge concerning 1) problems with the implementation and functioning of Suite 11i, 2) defects in Suite 11i applications software, including the Customer Relationship Management ("CRM") module, 3) Oracle customer complaints, consultation requests and/or product cancellations relating to Suite 11i, and 4) resulting slowdown in demand for Oracle products and/or services. Plaintiffs have represented that the testimony of Mr. Kee relating to the above-referenced subjects would, at trial, aid in the proof of their claims.

7.   Defendants' counsel has represented that on December 12, 2005, at Defendants' request, Ches Somers from Navigant Consulting in Toronto went to Mr. Kee's former residence, 32 Stadium Road, Apt. #337, Toronto, Ontario M3H 6A7, to ask that he contact Defendants' counsel concerning his deposition in the above-captioned matter. On December 19, 2005, prior counsel for Defendants, Mayer, Brown, Rowe & Maw LLP, spoke with Mr. Kee and offered to fly him to any city in the continental United States, or to come to Toronto, for his deposition. In that conversation, Mr. Kee agreed to appear voluntarily for his

---

[1] The operative complaint in this action is the Revised Second Amended Complaint for Violations of the Federal Securities Laws, amended December 9, 2002.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

3

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE BY
LETTER ROGATORY
Case No. C-01-0988-MJJ

1  deposition but no date and location was established. Defendants' prior counsel called Mr. Kee
2  for almost a month after the initial conversation to attempt to set up a date and location for the
3  deposition, but Mr. Kee would not return any phone calls. On January 19, 2006, Mr. Somers
4  went back to Mr. Kee's former residence at Defendants' request. At that point, Mr. Kee
5  indicated that he had not returned prior counsel's phone calls because he was engaged in other
6  activities and did not consider attending the deposition a priority. On April 7, 2006, current
7  counsel for Defendants again initiated contact with Mr. Kee, but Mr. Kee did not respond.
8  Defendants' local counsel, Fasken Martineau DuMoulin LLP, 4200 Toronto Dominion Bank
9  Tower, P.O. Box 20, Toronto, Ontario M5K 1NG, Canada, also attempted to contact Mr. Kee via
10 telephone on April 19, 20, 21, 25, 26, and 27, 2006 at various times during weekdays between
11 9:00 a.m. and 8:30 p.m., each time to no avail. On two occasions, Fasken Martineau left Mr.
12 Kee a voicemail, which he never returned. Then, on May 1, 2006, Plaintiffs filed their Second
13 Amended Initial Disclosures in which they provided an entirely new address and telephone
14 number for Mr. Kee, 18 Wright Crescent, Toronto, Ontario L1S 6S7, (905) 686-6600. Current
15 counsel called the telephone number shortly after receiving this new information and was told by
16 the woman who answered that they had the "wrong number". Current counsel then went back to
17 Navigant Consulting to do more research on whether this contact information belonged to Mr.
18 Kee. Navigant responded on May 8, 2006 that Mr. Kee's most recent address is 18 Wright
19 Crescent, Ajax, Ontario L1S 6S7 and that the telephone number connected to that address is
20 (905) 686-3082. Navigant also reported that they had called this number and had spoken to a
21 woman who had indicated that Mr. Kee does live there but works odd hours, making it best to
22 call after 7:00 p.m. Current counsel then called this number after 7:00 p.m on May 8, 2006. A
23 woman who identified herself as Mr. Kee's mother answered and said that Mr. Kee no longer
24 lives there, but that she would try to contact him. She asked current counsel to call again the
25 next day. Current counsel did so, and Mr. Kee's mother said that she had been unable to contact
26 him and did not have any other information about him. As a last resort, on May 11 and 12, 2006,
27 current counsel asked Navigant to call the number again to attempt to answer the question of
28 whether Mr. Kee does or does not reside at this address. Navigant reported back on May 16,

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

4

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE BY
LETTER ROGATORY
Case No. C-01-0988-MJJ

2006 that, when they called (905) 686-3082, a man answered and said that Mr. Kee was not at home but to try again later that day. Current counsel then called the number later that evening. A man answered and told current counsel that Mr. Kee was not at home and that he did not know when he would return. This was the last attempt made to contact Mr. Kee. Despite the fact that both current counsel's and Navigant's efforts to speak directly to Mr. Kee were unsuccessful, because both have spoken to someone at 18 Wright Crescent, Ajax, Ontario L1S 6S7 who indicated that Mr. Kee resides at that address, it is reasonable to assume that this is his current contact information.

       8.     This Court is satisfied that the requested evidence is material and necessary to this action and is not otherwise obtainable. The Court is also satisfied that the requested evidence relates to the subjects set forth paragraph 6 and could be used at trial. Therefore, the Court respectfully requests that, in the interests of justice, you issue an order by your proper and usual process summoning Mr. Kee to appear before a duly appointed official in Toronto on or before June 30, 2006, to give testimony under oath by question and answers on oral deposition, the deposition to continue from day-to-day until completion.

       9.     It is further requested that the following special methods and procedures be followed during the deposition, that:

     a.     Mr. Kee's testimony be recorded verbatim, that the testimony be transcribed by a person authorized to transcribe such depositions within the Province of Ontario, and that the transcript of such testimony be authenticated in accordance with your procedures;

     b.     Mr. Kee's testimony be videotaped and that the videotape(s) be authenticated in accordance with the procedures of the United States Federal Rules of Civil Procedure 30 and 45;

     c.     counsel of record for Plaintiffs and Defendants, and counsel for Mr. Kee, if any, be permitted to attend and participate in the deposition, including questioning Mr. Kee, as well as presenting and/or reviewing relevant documents;

     d.     counsel for Defendants be permitted to nominate a deposition officer(s) that would be authorized to administer an oath under United States procedures or its equivalent by the laws of Canada.

10. Defendants will reimburse any fees or costs occasioned by the use of the special methods and procedures requested above. In the event that any of these special methods or procedures requested herein are incompatible with Canadian law or they are impossible to perform because of practical difficulties, then it is requested that these special methods and procedures be modified to comply with Canadian law.

11. Defendants also desire the production of certain documents in Mr. Kee's possession. The production of these documents—which are all related to the subjects to which Plaintiffs assert that Mr. Kee has knowledge—is essential to the fair adjudication of this matter. Furthermore, the documents cannot be obtained by any other method or from Plaintiffs. It is requested that all of the following documents be produced at least 3 weeks prior to the deposition and that such documents be sent directly to the attorneys identified in paragraph 4 herein:

   a. Documents Mr. Kee provided to Plaintiffs concerning Suite 11i, including the CRM module, from March 2001 through the present;

   b. Documents reflecting communications between Mr. Kee and Plaintiffs concerning Suite 11i, including the CRM module, from March 2001 through the present;

   c. Documents reflecting communications between Mr. Kee and any third person concerning Defendants from March 2001 through the present, including, but not limited to, communications with customers;

   d. Documents in Mr. Kee's possession referring to Defendants and relating to Suite 11i, including but not limited the CRM module;

   e. Documents that Mr. Kee received from Plaintiffs concerning Defendants and relating to Suite 11i, including the CRM module;

   f. Documents that support the following statements: (i) In November 2000, there was a dramatic drop in consulting services for Oracle Suite 11i CRM applications in the Canadian market; and (ii) In September 2000, calls for CRM support were received on a daily basis, but after November 2000, no calls were received.

12. It is requested that the remaining portion of this Letter Rogatory be enforced if any part of the letter is unenforceable.

It is further requested that the Ontario Superior Court of Justice inform the United States District Court for the Northern District of California of the date, time, and place at which

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE BY
LETTER ROGATORY
Case No. C-01-0988-MJJ

the proceedings will take place, so that the parties concerned and their representatives may be present. It is also requested that the information be sent directly to the attorneys identified in paragraph 4 herein. We shall be ready and willing to do the same for you in a similar case, when required.

DATED: May __, 2006.       Respectfully tendered,

_____
Joseph C. Spero
United States Magistrate Judge
United States District Court
Northern District of California
United States of America


Seal:


Seal of the United States District Court
Northern District of California:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE BY
LETTER ROGATORY
Case No. C-01-0988-MJJ

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, Ca 94111.

**On June 2, 2006,** I served the following document described as:

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO ISSUE LETTER INTERROGATORY**

by serving a true copy of the above-described document in the following manner:

**BY HAND DELIVERY**

I am familiar with the office practice of Latham & Watkins for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins for collecting and processing documents for hand delivery by a messenger courier service or a registered process server

> Shawn A. Williams
> Willow E. Radcliffe
> Lerach, Couglin, Stoia, Geller, Rudman
> & Robbins LLP
> 100 Pine Street, Suite 2600
> San Francisco, California 94111-5238

**BY US MAIL**

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

> Mark Solomon
> Lerach Coughlin Stoia Geller
> Rudman & Robbins LLP
> 655 West Broadway
> Suite 1900
> San Diego, CA  92101

**BY FACSIMILE**

    I am familiar with the office practice of Latham & Watkins LLP for collecting, processing, and transmitting facsimiles. Under that practice, when a facsimile is deposited with the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. I deposited the above-described document for facsimile transmission in accordance with the office practice of Latham & Watkins LLP for collecting and processing facsimiles. The facsimile of the above-described document was transmitted to the following parties from Los Angeles, California on March 6, 2006, at the times noted on the attached confirmation sheet:

| | |
|---|---|
| Mark Solomon<br>Lerach Coughlin Stoia Geller<br>  Rudman & Robbins LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA  92101<br>Fax No.:  (619) 231-7423 | Shawn A. Williams<br>Willow E. Radcliffe<br>Lerach, Couglin, Stoia, Geller, Rudman<br>  & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, California 94111-5238<br>Fax No.:  (415) 288-4534 |

    The facsimile number of the sending machine is (415) 395-8095. Said transmission was complete and without error. All parties on whom this facsimile transmission has been served have agreed in writing to such form of service pursuant to agreement.

    I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on **June 2, 2006**, at San Francisco, California.

*/s/ John M. Eastly*
John M. Eastly

SF\550467.1                                                                                                                                                                             038128-0025