LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-2562
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
E-mail: peter.wald@lw.com
       michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs  (SBN 183174)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

Attorneys for Defendants ORACLE CORPORATION,
LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and
EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION,<br><br>This Documents Relates To:<br><br>ALL ACTIONS | Case No. C-01-0988-MJJ (JCS) (Consolidated)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND THE JUNE 30, 2006 FACT DISCOVERY CUTOFF**<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Hon. Joseph C. Spero |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................. 3

    A. Plaintiffs' Initial Discovery And The Discovery Plan ............................................. 3

    B. Plaintiffs' Motions to Extend the Discovery Cutoff .............................................. 5

III. ARGUMENT ..................................................................................................................... 6

    A. Plaintiffs Have Not Shown Good Cause For A Second Extension Of The Discovery Cutoff ..................................................................................................... 6

    B. Plaintiffs Cannot Show They Have Diligently Pursued Discovery And That Unforeseeable Events Have Caused Delay .................................................... 7

        1. The Depositions Plaintiffs Complain About Have Been Taken, Can Be Taken Before The Discovery Date, Or Were Cancelled By Plaintiffs .............................................................................................. 8

        2. Plaintiffs' Failure To Issue 18 Additional Customer Subpoenas Is A Problem Of Their Own Making ......................................................... 10

        3. Additional Documents From The Files of 14 As Yet Unidentified Oracle Employees ...................................................................................... 11

        4. Depositions of the Individual Defendants .............................................. 12

        5. Plaintiffs' Other Vague and Unspecified "Needs" Do Not Justify an Unlimited Discovery Extension ........................................................ 12

        6. Defendants' Retention Of Latham & Watkins Did Not Cause Undue Delay ........................................................................................... 13

    C. Plaintiffs' Second Motion To Extend Merely Reiterates The Same Issues Raised In Plaintiffs' First Motion To Extend ...................................................... 14

        1. Alleged Delays in Document Production ............................................... 15

            a. September 12 and November 21, 2005 Productions ................... 15

            b. The SLC Report ........................................................................ 16

            c. Third Party Discovery ............................................................... 16

        2. Oracle's Response to Interrogatories ..................................................... 16

        3. Miscellaneous Alleged Delays .............................................................. 17

    D. Plaintiffs' Remaining Discovery Does Not Warrant The Extension Sought ....... 18

IV. CONCLUSION ................................................................................................................ 20

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1

TABLE OF AUTHORITIES

2

Page(s)

3

**CASES**

4

*Advanced Semiconductor Materials Am. v. Applied Materials, Inc.*,
    922 F. Supp. 1439 (N.D. Cal. 1996) ................................................................. 15

5

*Crosthwaite v. Celik Eng'g Corp.*,
    No. C-05-0590 MMC (EMC) ............................................................................ 6

6

*Eckert Cold Storage, Inc. v. Behl*,
    943 F. Supp. 1230 (E.D. Cal. 1996) .................................................................. 7

7

8

*In re Oracle Corp. Derivative Litig.*,
    867 A.2d 904 (2004) .................................................................................. 18, 19

9

*Jackson v. Lareate, Inc.*,
    186 F.R.D. 605 (E.D. Cal. 1999) ....................................................................... 7

10

11

*Johnson v. Mammoth Recreations*,
    975 F.2d 604 (9th Cir. 1992) ...................................................................... 1, 6, 7

12

*Symantec Corp. v. McAfee Assocs., Inc.*,
    No. C-97-20367-JF (EAI) ............................................................................ 6, 16

13

14

*Tower Ventures, Inc. v. City of Westfield*,
    296 F.3d 43 (1st Cir. 2002) ............................................................................... 7

15

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ....................................................................... 1, 6

16

17

**STATUTES AND CODES**

18

Fed. R. Civ. Proc. 72 ............................................................................................ 15

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

I.        INTRODUCTION

Plaintiffs' Motion to Modify the Amended Pretrial Order and Extend the June 30, 2006 Fact Discovery Cutoff ("Second Motion to Extend") should be denied because (1) Plaintiffs have not been diligent in pursuing discovery and have not shown that their failure to complete discovery is due to matters not reasonably foreseen; (2) the issues raised were previously litigated in Plaintiffs' First Motion to Extend and cannot support a further extension; and (3) the remaining relevant discovery in this case does not require an extension of time. Accordingly, Plaintiffs cannot show good cause for *any* extension of the discovery cutoff, much less the unlimited extension sought. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992).

First, Plaintiffs have not been diligent in pursuing discovery and have not shown how their failure to complete discovery is due to events which were not reasonably foreseen or anticipated at the time the June 30 deadline was set. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Plaintiffs complain that Defendants' discovery "tactics" – such as legitimate motion practice regarding the proper scope of discovery and insistence on a logical deposition scheduling process – were not foreseeable and are to blame for delays in discovery. In fact, although they could have taken individual depositions as early as May 2005, Plaintiffs did not take their first fact deposition in this case (other than CW's) until February 24, 2006, and Plaintiffs – not Defendants – have repeatedly cancelled depositions that were calendared. Moreover, Plaintiffs did not diligently pursue various discovery issues which they now claim are crucial, such as those addressed in their recent motion concerning document preservation. Nor did Plaintiffs diligently pursue third party discovery. As discussed below, the other issues Plaintiffs raise are problems of their own making, many of which have been resolved, and do not require additional time. None of these issues shows good cause for a further extension.

Second, the vast majority of issues raised in Plaintiffs' Second Motion to Extend were previously adjudicated in Plaintiffs' first motion to extend the discovery cutoff ("First Motion to Extend"). On January 5, 2006, after full consideration of these issues, the Court denied Plaintiffs' request for an extension to October 2006 and set a new deadline of June 30,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

2006 ("January 5, 2006 Order").  In so doing, the Court determined that all of the issues raised did not justify an extension longer than June 30, 2006.  Thus, Plaintiffs' Second Motion to Extend is an improper motion for reconsideration of that ruling and should be denied.

Finally, the remaining *relevant* discovery to be taken in this case does not require an extension of time beyond June 30.[1]  Plaintiffs rely on two unresolved discovery motions and their desire for additional discovery *not* contemplated by the Discovery Plan to contend that more time is needed.  First, the pending motions to compel concerning (1) document preservation/restoration of disaster recovery tapes[2] and (2) further production of certain documents relating to the accounting issues in the case are briefed and before Special Master Infante.  *See* Declaration of Michele F. Kyrouz ("Kyrouz Decl.") at ¶ 3.  If any relief is granted on these motions, a specific exception to the cutoff can be fashioned.  These motions should not serve as an excuse for Plaintiffs to obtain a general extension of the discovery cutoff.  Second, Plaintiffs seek this extension because rather than complete the *relevant* discovery which is set forth in the Discovery Plan, Plaintiffs hope to re-litigate the entire scope of discovery in this case and obtain additional documents and deposition testimony.[3]  It is only that additional discovery – not authorized by the Court – that would require an extension of the June 30 deadline.  Clearly, the evidence Plaintiffs have adduced in this matter does not show securities fraud, and Plaintiffs

---

[1]  Defendants have offered a few individuals for deposition in July to accommodate the witness' schedules; however, since Defendants have agreed to this schedule there is no need for an extension of the cutoff to permit these depositions.  Plaintiffs' repeated assertion that these witnesses should be available prior to June 30 is without merit.  Indeed, Special Master Infante denied Plaintiffs' motion to move these depositions to earlier dates.  Their citation (at pages 3, 4 and 10) to Defendants' letter brief stating that there would be "no schedules to accommodate, no excuses" is highly misleading and taken out of context – Oracle indicated that such would be the case only if Plaintiffs completed depositions of Oracle employees by May 15, 2006, and it was not a suggestion that Plaintiffs could unilaterally pick deposition dates on which each witness must then be available.  *See* Declaration of Jennie Lee Anderson ("Anderson Decl.") at Ex. 51.

[2]  Plaintiffs' brief states that this motion was filed on April 12, 2005 (Second Motion to Extend at 15); in fact, it was not filed until May 12, 2006.  Kyrouz Decl. ¶ 3.

[3]  For instance, Plaintiffs recently told Defendants they intend to seek production of all documents responsive to their first request for production in its entirety, claiming it was not limited by the March 10, 2005 Amended Order Setting A Discovery Plan ("Discovery Plan"), under which the parties have been operating for over a year.  *See* Kyrouz Decl. Ex. 1.  Plaintiffs also filed a motion seeking to take an additional 90 depositions.  Kyrouz Decl. Ex. 2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1   hope more time will allow them to fish for more evidence to support such a claim.  This is not

2   sufficient reason to extend the discovery cutoff, and Plaintiffs' Second Motion to Extend should

3   be denied.

4   **II.      FACTUAL BACKGROUND**

5         **A.      Plaintiffs' Initial Discovery And The Discovery Plan**

6              The Court's Amended Pretrial Order dated December 17, 2004 set a fact

7   discovery cutoff of February 24, 2006.  Kyrouz Decl. at Ex. 3.  In December 2004, Plaintiffs

8   issued a barrage of discovery requests on Defendants, Defendants' customers, Defendants'

9   auditors, securities industry analysts, and other third parties.  Anderson Decl. at Exs. 1-2, 4, 6-8.

10  In total, Plaintiffs issued almost 100 third party subpoenas in less than two weeks.  Indeed, the

11  flurry of nonparty discovery was so intense and so obviously calculated to harass Defendants

12  that, by February 8, 2005, the Court stayed all nonparty discovery.  *See* Kyrouz Decl. at Ex. 4.

13             When disputes arose over the initial discovery served on Defendants and third

14  parties, the parties met and conferred on various issues in dispute and submitted a joint discovery

15  plan to the Court.  After a hearing on March 1, 2005, the Court entered its Discovery Plan, which

16  defined the scope of discovery, established certain limits on third party discovery, and provided

17  rules for depositions and other discovery devices.  Kyrouz Decl. at Ex. 5.  The Discovery Plan

18  required Oracle to search and produce documents from the files of the persons alleged in the

19  Complaint to have made false statements (the "Speakers") and the Speakers' direct reports.  It

20  also required Oracle to search the files of Area Vice Presidents ("AVPs"), who generally were

21  several reporting levels removed from the Speakers, as well as a list of 13 other individuals

22  selected by Plaintiffs at the March 1, 2005 hearing.

23             The Discovery Plan required Defendants to search the files of these specified

24  custodians for certain categories of documents, which the Court deemed to be the relevant scope

25  of discovery.  Based on the parameters set forth in the Discovery Plan, and contrary to Plaintiffs'

26  representations (*see* Second Motion to Extend at 2), Defendants produced hundreds of thousands

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1   of pages of documents between February and June 2005.[4]  *See* Kyrouz Decl. at Ex. 6.  The Court

2   also lifted its previous stay on nonparty discovery, but specifically noted that, as of March 10,

3   2005, Plaintiffs had already issued subpoenas to 93 Oracle customers, and entered an order

4   limiting Plaintiffs to 100 customer subpoenas total.[5]

5              The Court also resolved a number of other disputes in the Discovery Plan,

6   including issues relating to the proper scope of the accounting-related document production[6] and

7   whether Plaintiffs could take a Rule 30(b)(6) deposition of Oracle regarding its document

8   preservation efforts.  In that regard, the Discovery Plan rejected Plaintiffs' proposal, and instead

9   adopted Oracle's suggestion that it provide a written description of its preservation and

10  collection efforts in lieu of a 30(b)(6) witness.[7]  *See* Discovery Plan at § III.B.  Since it was

11  entered more than a year ago, the Discovery Plan has governed the scope of discovery in this

12  case.

---

15  [4]  Plaintiffs' assertion that Defendants are still producing documents that should have been
16  produced a year ago is misleading – the fact that a few additional documents have been
    located and produced during the discovery period is irrelevant to this motion and normal in
17  the course of complex litigation.  Plaintiffs have made no attempt to show prejudice (because
    there is none) or how these documents have necessitated additional discovery or otherwise
    delayed the discovery process at all (they have not).  *See* Second Motion to Extend at 15.

18  [5]  At the March 1, 2005 hearing regarding the discovery plan, the Court explicitly stated, "93
19  plus seven more.  That's it.  You better have a very good reason if you want to go beyond
    that."  Kyrouz Decl. at Ex. 7 at 123:17-19.

20  [6]  Accordingly, the Discovery Plan provided:  "Defendants shall produce all documents relating
    to (i) the alleged 'On Account Cleanup' occurring in November 2000; (ii) the 46,000 debit
21  memoranda; and (iii) the accounting treatment of those debit memoranda, including any audit
    trail, and all related accounting policies."  Discovery Plan at § I.C.4.  In response, Defendants
22  gathered and produced in May 2005 the electronic data reflecting each of the 46,000 debit
    memos, showing the offsetting debits and credits to the same account and demonstrating that
23  the debit memo transactions did not impact Oracle's revenues.  *See* Kyrouz Decl. at Ex. 43 at
    ¶ 11.  Plaintiffs continued to re-litigate this issue and brought a renewed motion to Magistrate
24  Judge Spero who issued an October 19, 2005 Order requiring additional information to be
25  produced for only 776 of the debit memos (those greater than $100,000).  Kyrouz Decl. at
    Ex. 8.

26  [7]  Oracle provided this information and the parties engaged in further correspondence.
    Plaintiffs then dropped the issue; they did not respond to Oracle's suggestion that the parties
27  test the feasibility of restoring Oracle's disaster recovery tapes, and Oracle reasonably
    assumed that this issue had been resolved as well.  Nothing further was mentioned about
28  document preservation until 2006, when Plaintiffs needed to concoct a reason to extend the
    discovery cutoff once more.  *See* Kyrouz Decl. Exs. 9-12.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

**B.**      Plaintiffs' Motions to Extend the Discovery Cutoff

In November 2005, Plaintiffs brought their initial motion to extend the February 24, 2006 discovery cutoff until October 2006.  Kyrouz Decl. at Ex. 13.  Defendants opposed the motion, contending that discovery could be completed on time.  Plaintiffs raised the following issues in their First Motion to Extend, which have been repeated by Plaintiffs in their Second Motion to Extend:

- Four month "delay" in getting complete interrogatory responses, *compare* FME at 3, 12 *with* SME at 3 n.3, 6;

- Eight month "delay" in producing documents related to the SLC, *compare* FME at 3, 13 *with* SME at 2, 6;

- "Belated" document productions delayed taking depositions, *compare* FME at 4 *with* SME at 9-11, 14-17;

- Defendants' depositions of the confidential witnesses have left no time for other depositions, *compare* FME at 4 *with* SME at 20;

- Six month delay in producing debit memo documents, *compare* FME at 2-3 *with* SME at 7-8;

- Three month stay of third party subpoenas, *compare* FME at 3, 15 *with* SME at 5;

- Production of corrupted and unreadable files caused delay, *compare* FME at 11 *with* SME at 17-18

- Five month delay in producing source and privilege logs, *compare* FME at 14 *with* SME at 18.

Notably, Plaintiffs did not complain about any inadequacies in Oracle's document preservation process in their First Motion to Extend, or suggest that Oracle restore its disaster recovery tapes – despite several months of correspondence between the parties on those issues before Plaintiffs filed that motion.  On January 5, 2006, after full consideration of these arguments, the Court granted in part and denied in part Plaintiffs' First Motion to Extend, allowing an additional four months – through June 30, 2006 – to conduct discovery.  Kyrouz Decl., Ex. 14.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1       Almost as soon as the ink was dry on the January 5, 2006 Order, Plaintiffs began

2  to raise numerous other discovery complaints and disputes, as part of their blatant attempt to lay

3  the ground work for another extension.  Kyrouz Decl. Ex. 15.  The parties met and conferred

4  over these disputes, and the Court-ordered letter briefing was filed on March 15, 2006, relating to

5  17 different issues (11 of which were raised by Plaintiffs).  *See* Kyrouz Decl. Exs. 16-17.  In

6  their March 15, 2006 letter brief, Plaintiffs raised the specter of a *second* extension of the cutoff.

7  *See* Kyrouz Decl. Ex. 17 at 2-3.

8       Magistrate Judge Spero subsequently ordered the appointment of Special Master

9  Infante, who heard argument on the motions on April 25, 2006.  Kyrouz Decl. Ex. 19.  Special

10  Master Infante ruled on the bulk of the motions and ordered further briefing on the document

11  preservation and accounting-related issues.  Plaintiffs waited another month until May 26, 2006

12  to file this second motion for an extension of the discovery cutoff, which largely repeats the

13  same laundry list of discovery complaints set forth in Plaintiffs' First Motion to Extend.

14  **III.    ARGUMENT**

15      **A.    Plaintiffs Have Not Shown Good Cause For A Second Extension Of The**

16               **Discovery Cutoff**

17       A party seeking to amend a scheduling order must show good cause.  *Johnson v.*

18  *Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992).  The touchstone of "good cause" is

19  the diligence of the party seeking the amendment.  *See Crosthwaite v. Celik Eng'g Corp.*, No. C-

20  05-0590 MMC (EMC), 2006 WL 1050157, at *1 (N.D. Cal. April 20, 2006).  Thus, when

21  considering a motion to extend the discovery cutoff, a court "considers the diligence of the party

22  seeking the amendment." *Id.* at 609.  "[I]f the party seeking the modification 'was not diligent,

23  the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal.*

24  *Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *see also Crosthwaite* 2006 WL 1050157

25  (denying motion to amend scheduling order where plaintiffs were aware of the issue serving as

26  the basis for request to amend for "months," but failed to pursue discovery about it); *Symantec*

27  *Corp. v. McAfee Assocs., Inc.*, No. C-97-20367-JF (EAI), 1998 WL 740807 (N.D. Cal. Aug. 14,

28  1998) (denying motion to extend discovery cutoff where information serving as basis for the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1  request "was contained" in material "produced .. more than nine months ago," and where

2  plaintiffs failed to take a deposition relating to the information until one week before discovery

3  cutoff).

4       To demonstrate diligence, the moving party must show: (1) that he was diligent in

5  assisting the Court in creating a workable Rule 16 order (*see Jackson v. Lareate, Inc.*, 186 F.R.D.

6  605, 607 (E.D. Cal. 1999)); (2) that his noncompliance with a Rule 16 deadline occurred or will

7  occur, notwithstanding his diligent efforts to comply, because of the development of matters

8  which could not have been reasonably foreseen or anticipated at the time of the Rule 16

9  scheduling conference (*see id.; Johnson*, 975 F.2d at 609); and (3) that he was diligent in seeking

10  amendment of the Rule 16 order, once it became apparent that he could not comply with the

11  order.  *See Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).

12       Showing good cause is more difficult where a party is seeking a second extension,

13  having failed to meet the deadline set by the first extension.  *See Tower Ventures, Inc. v. City of*

14  *Westfield*, 296 F.3d 43, 46-47 (1st Cir. 2002) (affirming district court's refusal to grant second

15  discovery extension where plaintiff failed to give legitimate explanation for missing first

16  discovery extension deadline).  Here, Plaintiffs have not shown good cause for a second

17  extension of the discovery cutoff because (1) Plaintiffs have not been diligent in pursuing

18  discovery and have not shown how their failure to complete discovery is due to matters not

19  reasonably foreseen in January 2006; (2) the issues raised were previously adjudicated in

20  Plaintiffs' First Motion to Extend and cannot support a further extension; and (3) the remaining

21  relevant discovery in this case does not require an extension of time.  These issues are addressed

22  below.

23      **B.**    **Plaintiffs Cannot Show They Have Diligently Pursued Discovery And That**

24          **Unforeseeable Events Have Caused Delay**

25       Plaintiffs cannot show they have diligently prosecuted this case and that any delay

26  preventing them from completing discovery in the additional four months granted by the Court

27  was due to matters not foreseeable at the time the deadline was set.  To the contrary, the issues

28  Plaintiffs raise were entirely foreseeable and are nothing more than the ordinary give and take of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

complex litigation.  Indeed, as set forth below, most of these issues were fully vetted with Magistrate Judge Spero before he set June 30 as the new cutoff date, and Plaintiffs simply disagree with the amount of time they were given as a result of their First Motion to Extend. Plaintiffs' Second Motion to Extend is largely a complaint that the parties have had disputes regarding the proper scope of discovery, causing discovery to proceed in a manner other than that in which Plaintiffs would have liked.  Discovery disputes are common in large complex cases, particularly where, as here, Plaintiffs seek overly broad and burdensome discovery.  The fact that Defendants had numerous valid objections to Plaintiffs' discovery requests, resulting in disputes (many of which Defendants won), does not serve as an unforeseeable event justifying more time.  Moreover, the bulk of the issues raised in the Second Motion to Extend concern the document preservation issues and debit memo documents, which are addressed in separate motions pending before Special Master Infante and do not require a generalized extension of discovery.  As set forth in detail below, the remaining complaints about supposed "delay" by Defendants are insufficient to justify the extension sought.

**1.    The Depositions Plaintiffs Complain About Have Been Taken, Can Be Taken Before The Discovery Date, Or Were Cancelled By Plaintiffs**

Plaintiffs have failed to show how the deposition issues they cite were the result of "matters which could not reasonably have been foreseen," as opposed to their own lack of diligence.  This is particularly true since Plaintiffs waited until February 24, 2006 even to begin taking fact witness depositions.  Having waited too long, Plaintiffs sought to unilaterally set deposition dates, in a piecemeal fashion, without any master calendar process and without meeting and conferring regarding dates under Local Rule 30-1.

Plaintiffs complain that the following depositions were delayed and that those delays warrant an extension of the discovery cutoff:  eight depositions of "former or current Oracle employees" noticed for deposition in February 2006; the depositions of Ian Hatada and Julie Cullivan (both former employees); the deposition of Charles Kendig; and the depositions of two non parties – Household International, Inc. and Eli Lilly & Co.  Second Motion to Extend at 10-11.  Plaintiffs fail to mention, however, that they have taken most of those depositions,

1   cancelled five of them unilaterally (Messrs. DiBartolomeo, Boucher, McLaughlin, Crawford and

2   Ms. Chou), and failed to properly give Defendants notice of the subpoena to Ms. Cullivan for

3   almost a month after it was issued.  Kyrouz Decl. at Exs. 18, 20 and 44.  In addition, any delay

4   that accompanied the scheduling of those depositions was largely the result of Plaintiffs'

5   violation of Local Rule 30-1, and/or Plaintiffs' unreasonable refusal to agree to a master

6   deposition calendar process until ordered to do so by Special Master Infante.  Kyrouz Decl. at

7   Ex. 19.

8           Plaintiffs point specifically to the depositions of "eight former and current Oracle

9   employees" – Gayle Fitzpatrick, Kenneth Hamel, Clifford S. Godwin, Jr., Joel G. Summers,

10  Richard (Dick) Sellers, Michael Rocha, Michael Cochran, and Donald (Don) E. Klaiss –  that

11  were noticed in February 2006 but allegedly have been delayed in some manner or other.  *See*

12  Second Motion to Extend at 10.  Of the eight depositions, however, seven already have been

13  taken: Fitzpatrick (on February 24, 2006), Rocha (on April 7, 2006), Sellers (on February 28,

14  2006), Summers (on March 21, 2006), Godwin (on March 3, 2006), Hamel (on May 22, 2006 –

15  after having been postponed once by Plaintiffs) and Cochran (on June 16, 2006), and Mr. Klaiss'

16  deposition is occurring today, June 20, 2006.  In additional, Plaintiffs have taken Julie Cullivan's

17  deposition (on May 24, 2006), Charles Kendig's deposition (on May 4, 2006), and Eli Lilly's

18  deposition (on June 9, 2006)**.**  *See* Kyrouz Decl. at Ex. 20**.**

19          Nor did the delay in any of these depositions result from unreasonable conduct by

20  Defendants.  To the contrary, Plaintiffs were the ones who unilaterally cancelled Michael

21  Cochran's deposition, which was scheduled for March 8, 2006.  Mr. Cochran flew from Florida

22  to San Francisco to attend, but on March 7 – *the day before the deposition* – Plaintiffs cancelled.

23  According to Plaintiffs, they were not satisfied with Defendants' production of documents

24  relating to Mr. Cochran, and cancelled the deposition because Defendants refused to agree in

25  advance that Mr. Cochran's deposition would be held open so that Plaintiffs could take a second

26  day of testimony at a later time. Kyrouz Decl. at Exs. 21-22.  Plaintiffs cancelled the deposition

27  even though Defendants' counsel assured Plaintiffs' counsel that Defendants had no more

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1   responsive documents to produce from Mr. Cochran's files.  Kyrouz Decl. at Ex. 22.[8]  Once

2   again, Plaintiffs' decision not to go forward with a deposition should not be considered "good

3   cause" for extending the discovery deadline.

4            Likewise, Mr. Klaiss's deposition was noticed originally for March 17, 2006, but

5   Plaintiffs cancelled it because of a purported dispute over document discovery.  Recently,

6   Defendants offered to reschedule Mr. Klaiss's deposition for June 15, 2006, but Plaintiffs refused

7   without explanation.  *See* Kyrouz Decl. at Ex. 23.  Mr. Klaiss' deposition now is scheduled for

8   June 20.  *See* Kyrouz Decl. at Ex. 24.  Plaintiffs postponed the Household International

9   deposition because Household failed to make a representative available for discovery.  *See*

10  Kyrouz Decl. at Ex. 25.  Plaintiffs also specifically agreed to propose additional dates for

11  Household's deposition, but did not do so until June 7, 2006.  Kyrouz Decl. at Exs. 25-26.

12           As the discussion above reveals, Plaintiffs' complaints regarding discovery do not

13  justify an extension.  Given the number of depositions at issue in this case, it is to be expected

14  that scheduling conflicts and difficulties will occur.  Yet, of the 65 depositions Plaintiffs are

15  allowed to take in this case, they have taken only 48 in the 18 months since discovery

16  commenced, attempting to cram the remaining 17 into the last ten days of June.  Moreover, they

17  have issued more than 90 deposition subpoenas or notices for depositions in complete disregard

18  of the 65 limit, including more than 25 since May 31.  Plaintiffs have refused to tell Defendants

19  which depositions they actually intend to take within the 65 limit.  *See* Kyrouz Decl. at Exs. 27-

20  30.  Plaintiffs' recent flurry of subpoenas is a blatant abuse of this Court's Order limiting them to

21  65 depositions, and a transparent, though fruitless, attempt to persuade this Court that additional

22  discovery is needed.

23           **2.    Plaintiffs' Failure To Issue 18 Additional Customer Subpoenas Is A
              Problem Of Their Own Making**

24

25           Plaintiffs claim that Special Master Infante's order (issued verbally on April 25,

26  2006) allowing them to issue "18 additional nonparty subpoenas regarding lost deals identified in

27  _____

28  [8]   Indeed, plaintiffs have since completed Mr. Cochran's deposition, though the status of the
          dispute regarding Mr. Cochran's documents is exactly the same today as it was on March 7.

1   response to Interrogatory No. 4" necessitates a discovery extension.  Second Motion to Extend at

2   19.  However, Plaintiffs have had the 182 customer names responsive to Interrogatory No. 4

3   *since June 21, 2005*, but failed to seek relief from the Discovery Plan to serve additional

4   document subpoenas on these 182 customers until their March 15, 2006 Letter Brief.  Kyrouz

5   Decl. at Ex. 16.  No explanation is offered for this delay of more than nine months in moving the

6   Court for additional customer subpoenas.  Plaintiffs' lack of diligence with respect to third party

7   discovery, combined with the fact that this issue predates Plaintiffs' First Motion to Extend,

8   cannot justify a further discovery extension.

9               **3.      Additional Documents From The Files of 14 As Yet Unidentified
                          Oracle Employees**
10

11              Plaintiffs also claim that Special Master Infante's May 22, 2006 Order permitting

12   Plaintiffs to receive documents from the files of 14 additional Oracle employees necessitates a

13   discovery extension.  Second Motion to Extend at 19.[9]  However, Plaintiffs omit the fact that the

14   Order requires Plaintiffs to ***specify which 14 employees' files*** should be searched, which they

15   have failed to do.  Kyrouz Decl. at Ex. 31 at 4 ("Defendants shall search for and produce

16   responsive documents from the files of 14 additional witnesses *designated by Plaintiffs.*").  Thus,

17   Plaintiffs' assertion that it "is anyone's guess" when Oracle will produce these files borders on

18   the absurd, because Oracle ***cannot*** produce them until Plaintiffs identify the 14 employees whose

19   files are to be searched.  Second Motion to Extend at 3.  Indeed, it has been almost a month since

20   the Special Master's order, and Plaintiffs still have not identified which employees' files should

21   be searched.  Plaintiffs' failure to identify these employees indicates that Plaintiffs were not

22   being genuine when they represented to the Court that they needed documents from the files of

23   additional custodians.  In any event, any delay in producing these documents before June 30 is a

24   problem of Plaintiffs' own making.

25

26   ---

     [9]    Plaintiffs' suggestion at page 3 of the Second Motion to Extend that Oracle was required to
27   produce these files more than a year ago is incorrect; Defendants were under no obligation to
     produce documents for individuals who were not covered by the Discovery Plan or were not
28   deposed unless specifically agreed upon by the parties or ordered by the Court.  Kyrouz Decl.
     at Ex. 5.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

### 4.      Depositions of the Individual Defendants

Plaintiffs also attempt to justify a discovery extension by noting that they have not yet deposed the Individual Defendants, though they fail to mention that Plaintiffs did not even ask to schedule dates for these depositions until May 1, 2006.  Kyrouz Decl. at Ex. 45.  Putting aside the fact that Plaintiffs delayed in noticing the deposition of the Individual Defendants, the issue of scheduling the depositions of the Individual Defendants was resolved by Judge Infante during the telephonic hearing held at 8:15 a.m. today (June 20).[10]  Thus, the scheduling issues relating to the depositions of the Individual Defendants are moot, and certainly cannot form the basis for general extension of the discovery cutoff date.

### 5.      Plaintiffs' Other Vague and Unspecified "Needs" Do Not Justify an Unlimited Discovery Extension

In the penultimate paragraph of the Second Motion to Extend, Plaintiffs give a laundry list of unspecified needs that they claim justify another extension.  Among these are "follow-up interrogatories," a need to "serve subpoenas, meet and confer with nonparties, review documents produced, and possibly file additional motions to compel."  Second Motion to Extend at 20.  This is apparently connected to a perceived deficiency in Oracle's response to Interrogatory No. 4 and subsequent interrogatories.  However, Defendants' responses to Interrogatory No. 4 were supplemented for the last time on June 21, 2005, and Plaintiffs have had almost a year to bring any motion to compel (if such a motion truly had merit), but have yet to do so.

Plaintiffs also note that "several third parties have yet to produce documents" and that they might seek enforcement of those subpoenas, if given more time.  Second Motion to Extend at 20.  These are presumably some of the third parties subpoenaed back in December 2004 (or as recently as June 14, 2006), but Plaintiffs do not specify.  Similarly, Plaintiffs provide no explanation for why they have waited so long to follow up, or how this could possibly justify an open-ended discovery extension.

---

[10]   Judge Infante ordered that Defendant Ellison's deposition will be held on July 13 and 14, and that depositions of Defendants Henley and Sanderson will be held after Ellison but before the end of July.  Judge Infante directed plaintiffs to prepare an order.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1   Plaintiffs also note that they still need to take depositions of securities analysts

2   (Second Motion to Extend at 20) – despite the fact that Plaintiffs included the securities analysts

3   in their initial disclosures at the beginning of discovery, and even subpoenaed some of these

4   analysts back in December 2004.[11]   Plaintiffs give no justifiable reason why they could not have

5   pursued this third party discovery in a more timely fashion.

6          **6.      Defendants' Retention Of Latham & Watkins Did Not Cause Undue
                      Delay**

7

8          Finally, Plaintiffs claim that "significant delay" resulted from Oracle's decision to

9   switch counsel in February 2006 and retain Latham & Watkins LLP ("Latham") as its new

10  counsel.  *See* Second Motion to Extend at 12-13.  This is truly ludicrous.  When it took over

11  Oracle's representation on February 3, 2006, Latham *immediately* began taking and defending

12  depositions that had been scheduled before it joined the case.  In the first four weeks after

13  Latham substituted as counsel, it took and defended six depositions (Andrew Davies, Feb. 10,

14  2006; Paul Benati, February 16, 2006; Michael DeCesare, February 16, 2006; Gayle Fitzpatrick,

15  February 24, 2006; Richard Sellers, Jr., February 28, 2006; and Clifford Godwin, Jr., March 3,

16  2006), *see* Kyrouz Decl, Ex. 34, and would have attended three more (Household International,

17  Eli Lilly & Co., and Ian Hatada) but Plaintiffs – not Defendants – cancelled each of these prior to

18  the noticed date.  In addition, during that time Oracle confirmed deposition dates for 11

19  additional depositions[12] and proposed dates for two other witnesses.  *Id.*  Indeed, Plaintiffs have

20  continued to cancel numerous confirmed depositions unilaterally.  Kyrouz Decl. Ex. 18; Ex. 19

21  at 46.

22         Plaintiffs also point to the fact that after Defendants changed counsel on

23  February 3, a "meet and confer" session between Latham and Lerach did not take place until

24  March 10, and that a hearing before the Court did not convene until March 30, delaying

---

25  [11]   For example, Plaintiffs issued a document subpoena for Deutsche Bank on December 9,
26         2004, and again on June 14, 2006.  Kyrouz Decl. at Exs. 32-33.

27  [12]   The 11 scheduled deponents were: Michael Cochran, the person most knowledgeable at PRG
           Schultz, Inc., Donald Klaiss, Romen Foster, Thomas Williams, Michael Quinn, Sohaib
28         Abbasi, Joel Summers, Charles Kendig, Jr., Ronald Wohl and Michael Rocha. *See* Kyrouz
           Decl. at Ex. 34.  (March 6, 2006 letter from B. Glennon to S. Williams.)

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1    discovery in the interim.  While this is correct, it is not due to any lack of diligence by

2    Defendants.  Latham offered to meet with Lerach earlier than March 10, and with the Court

3    before March 30, but Plaintiffs' counsel and/or the Court were not available.  *See* Kyrouz Decl.

4    at Exs. 35-37.  Plaintiffs requested a meet-and-confer on February 24, 2006, which in accordance

5    with Magistrate Judge Spero's Order, had to be a face-to-face meet-and-confer between each

6    side's lead trial counsel, a requirement which obviously led to scheduling difficulties.  *Id.*  These

7    sorts of short-term delays in the discovery process are entirely normal and do not create "good

8    cause" for a further extension.

9            Plaintiffs also complain that delay resulted from Latham not conforming to what

10   Plaintiffs euphemistically refer to as the "protocol" that had been established in the case for

11   scheduling depositions (though Latham has participated in roughly an equal number of

12   depositions in the mere four months it have been involved in the case as occurred from

13   December 2004 until February 2006).  However, this so-called "protocol" consisted of Plaintiffs

14   disobeying Local Rule 30-1 by unilaterally scheduling depositions before consulting with

15   Defendants' counsel.  Whatever delay might have resulted in scheduling depositions is due to

16   Plaintiffs' refusal to comply with Local Rule 30-1 and to engage in a master calendar scheduling

17   process (until ordered to do so by Special Master Infante) and does not create "good cause" to

18   extend the discovery period.

19   C.      **Plaintiffs' Second Motion To Extend Merely Reiterates The Same Issues
             Raised In Plaintiffs' First Motion To Extend**

20

21           In their Second Motion to Extend, Plaintiffs raise many, if not all, of the same

22   issues raised in their First Motion to Extend.[13]  These issues were considered and ruled on as part

23   of the January 5, 2006 Order extending the cutoff from February 24 to June 30.  Plaintiffs simply

24   ───────────────────────

     13  The debit memo and document preservation issues were subjects of extensive discussion

25   between the parties as far back as April and May 2005 and are now the subject of separately
         pending motions.  In any event, the debit memo issues, including those related to production

26   of communications with the Securities and Exchange Commission, were asserted as a basis
         for the First Motion to Extend, and Plaintiffs should not be permitted to assert those here at

27   all.  Similarly, the document preservation "issue"(in reality, not an issue at all as discussed in
         Defendants' briefing on that motion) should have been raised in the First Motion to Extend if

28   it were of any moment at all; certainly it cannot provide support to Plaintiffs' Second Motion
         to Extend now.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO
                        14          DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
                                    MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
                                    THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1   have failed to fulfill their discovery obligations pursuant to the extension they were granted.

2   This does not amount to diligence.  Moreover, Plaintiffs' recycled arguments here amount to an

3   improper motion to reconsider the January 5, 2006 Order on Plaintiffs' First Motion to Extend.

4   *See* Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate

5   judge's order, a party may serve and file objections to the order; a party may not thereafter assign

6   as error a defect in the magistrate judge's order to which objection was not timely made"); N.D.

7   Cal. Civil L.R. 72-2 (establishing procedure for objection to a magistrate judge's nondispositive

8   ruling pursuant to Fed. R. Civ. P. 72(a)); *see also* N.D. Cal. Civil L.R. 7-9(a) ("No party may

9   notice a motion for reconsideration without first obtaining leave of Court to file the motion");

10  *Advanced Semiconductor Materials Am. v. Applied Materials, Inc.*, 922 F. Supp. 1439, 1442

11  (N.D. Cal. 1996) (a motion for reconsideration is procedurally flawed if leave to file is not first

12  obtained).  The Court should not reconsider now the issues decided by Magistrate Judge Spero

13  six months ago in setting the June 30 deadline.

### 1.  Alleged Delays in Document Production

15  Plaintiffs cited numerous alleged delays[14] in document productions as a basis for

16  the First Motion to Extend and reiterate them here.

### a.  September 12 and November 21, 2005 Productions

18  Plaintiffs refer to two allegedly late document productions in their First Motion to

19  Extend.  *See* First Motion to Extend at 2, 6 (discussing a September 12, 2005 production of

20  80,000 pages and a November 21 production consisting of "thousands of additional pages").

21  Plaintiffs cite the very same productions in their Second Motion to Extend, but allege no new

22  facts regarding these issues.  Second Motion to Extend at 9.  As it is clear that both productions

23  were made over six months ago and fully briefed in Plaintiffs' First Motion to Extend, these

24  issues cannot form the basis of an additional extension.

25

26

27

---

[14]   Oracle does not concede that any of these "delays" were based on its own failure to act or
otherwise culpable inaction, but simply adopts Plaintiffs' frame of reference out of
convenience and because the issues, having been resolved months ago, are now moot.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

### b.     The SLC Report

In Plaintiffs' First Motion to Extend, Plaintiffs maintained that delays[15] in the production of the SLC Report necessitated additional time for discovery regarding the Report and its findings.  First Motion to Extend at 3, 12.  Plaintiffs once again mention the production of the SLC Report as an issue in their present Motion.  Second Motion to Extend at 6.  They do so despite acknowledging that the Report was produced by September 12, 2005, *id.* at 6, well before the filing of the First Motion to Extend, and without discussing how the "delayed" SLC Report production now necessitates the need for additional discovery.

### c.     Third Party Discovery

Plaintiffs cite the fact that Oracle obtained a Court order staying third-party discovery as a basis for complaining they have not had sufficient time to complete third party discovery.  However, the record shows that the Court's stay was just more than a month, that even after the stay was lifted Plaintiffs did not diligently pursue third party discovery, and that this issue was adjudicated in Plaintiffs' First Motion To Extend.  *Compare* First Motion to Extend at 3, 14-15; *with* Second Motion to Extend at 5; *see* Kyrouz Decl. at Exs. 4 and 5.  Thus, Plaintiffs have not shown how any "matters not reasonably foreseen" prevented completion of this discovery by June 30.  Indeed, Plaintiffs made little effort to enforce the document subpoenas issued back in 2004, and they failed to seek additional discovery until just recently.  *See Symantec*, 1998 WL 740807 at * 2-3 (plaintiffs "could have discovered the information … through reasonable diligence well before" they did).

### 2.     Oracle's Response to Interrogatories

Plaintiffs now argue that a second extension of the discovery cutoff is warranted because Oracle's response to Plaintiffs' initial set of interrogatories was inadequate.  *See* Second Motion to Extend at 6, 20.  Plaintiffs also complain that Defendants' response to Interrogatory No. 4 containing names of 182 customers requires them to serve additional subpoenas.

---

[15]  Oracle in good faith maintained that aspects of the Report were protected by privilege, and Defendants were entitled to litigate this legitimate dispute.  Plaintiffs did not bring a motion to compel until June 2005, and the Court did not order production of the Report until August 2005.  *See* Anderson Decl. at Ex. 26.  Thus, the delay was not of Defendants' making.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1    However, Plaintiffs received Defendants' third supplemental responses to Interrogatory No. 4 on

2    June 21, 2005 – *nearly one year ago*, and well before the First Motion to Extend.  Kyrouz Decl.

3    Exs. 38-39.[16]  Plaintiffs did not pursue any further discovery at that time, and the delay, to the

4    extent there ever was one, formed the basis of the Court's January 5 Order.[17]  When Plaintiffs

5    recently moved for permission to issue over 100 additional customer subpoenas, the Court

6    granted only 18 more, Kyrouz Decl. at Ex. 40, and Plaintiffs had not even served those when

7    they filed this motion.

8                    **3.      Miscellaneous Alleged Delays**

9                    Plaintiffs claimed in their First Motion to Extend (and complain again here) that

10   Oracle has produced documents in corrupted or unreadable form.  *Compare* First Motion to

11   Extend at 3, 11 *with* Second Motion to Extend at 17-18.  Yet in their current brief, Plaintiffs

12   admit that the corrected CDs were provided to Plaintiffs as early as June 20, 2005 (well before

13   the First Motion to Extend).  Plaintiffs also allege that more recent productions have had

14   technical problems, but acknowledge in each case that the issue has been remedied and provide

15   no information as to the amount or extent of any allegedly corrupted data, much less any

16   prejudice.  Second Motion to Extend at 18.  Therefore, Plaintiffs' conclusory argument does not

17   establish good cause for an extension.  Similarly, Plaintiffs complain that Defendants failed to

18   produce documents seven days prior to certain depositions, but they fail to explain how they

19   suffered any prejudice associated with slight delays on just two occasions.  *See* Second Motion to

20   Extend at 16-17.

21

22   _____

23   [16]   Indeed, Plaintiffs were in possession of 177 of the 182 customer names as early as March 30,
         2005.  Kyrouz Decl. Ex. 38.

24   [17]   Plaintiffs raise the additional argument that Defendants' original response was insufficient as
         it did not "include those [customers] alleged to have suffered severe implementation delays."
25       Second Motion to Extend at 6.  However this argument only demonstrates a
         misunderstanding of the operative facts.  As Plaintiffs acknowledge, Oracle's response was
26       directed towards "sales that did not close during 3Q."  Second Motion to Extend at 6.  Thus,
         as the sales did not close, there could not be any implementation issues.  But this "argument"
27       also existed at the time of the First Motion to Extend and thus provides no independent
         support for this Second Motion to Extend.  It also underscores the wasted resources expended
28       by Plaintiffs' barrage of 93 customer subpoenas in December 2004.  As such, the facts cited
         by Plaintiffs fail to show good cause for any extension beyond June 30.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1    Plaintiffs argued in their First Motion to Extend that Oracle caused delay by

2    failing to produce source logs for the document productions until May 19, 2005.  First Motion to

3    Extend at 14.  Plaintiffs reiterate this complaint here.  Second Motion to Extend at 18.  In

4    addition, Plaintiffs assert that they have yet to receive source logs for 100,000 pages of

5    documents.  Second Motion to Extend at 18.  However, Plaintiffs failed to raise the issue with

6    Oracle for approximately six months and all logs now have been produced.  *See* Kyrouz Decl.

7    Ex. 41 (explaining that in fact many of the Bates numbers were not in use and that the actual

8    number of pages was much closer to 30,000).  Thus, any delay is entirely Plaintiffs' own creation

9    and Plaintiffs cannot show how an additional extension of time is justified.

10   **D.     Plaintiffs' Remaining Discovery Does Not Warrant The Extension Sought**

11   While Plaintiffs end their brief with a wish list of the additional discovery that

12   they would like to take, they cannot escape the fact that the remaining relevant discovery in this

13   case does not require any extension of time.  Plaintiffs already have received a massive amount

14   of evidence that they can use to test the validity of their claims.  To begin with, Oracle produced

15   all of the documents that defendants produced in the related Delaware derivative case – a record

16   that Vice Chancellor Strine described as "massive."  *In re Oracle Corp. Derivative Litig.*, 867

17   A.2d 904, 907 (2004).  Oracle also produced the entire 1054-page Special Litigation Committee

18   Report ("SLC Report") as well as the 20,000 pages of exhibits and other documents reviewed by

19   the SLC, which included interview summaries for 68 witnesses.

20   In addition, Oracle produced approximately 500,000 pages of documents in this

21   case.  All told, Plaintiffs here have received approximately 700,000 pages of documents from

22   over 100 custodians; Plaintiffs have received the prior deposition testimony from the derivative

23   case for virtually every key witness in this case; and Plaintiffs have received a 1,000-plus page

24   SLC report that provides a roadmap and legal analysis for all of Plaintiffs' claims.

25   Supplementing this document discovery, Plaintiffs are completing the 65 witness depositions

26   allotted them in the pre-trial order.

27   Putting aside the fact that Plaintiffs have not shown that they were diligent in

28   assisting the Court in creating a workably Rule 16 order, and putting aside the fact that any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1    "delays" that Plaintiffs complain of were foreseeable and were of Plaintiffs' own making,

2    Plaintiffs still cannot show that there is remaining *relevant discovery* that warrants extending the

3    discovery cutoff date yet again.  Plaintiffs' problem is not that they have somehow failed to

4    receive the relevant documents in this case; Plaintiffs' problem is that this massive quantity of

5    evidence demonstrates that Plaintiffs simply have no case.  *See In re Oracle Derivative Litig.*,

6    867 A.2d at 907 ("the record simply will not support a rational inference of wrongdoing, even

7    given the plaintiff-friendly standard that applies on a motion for summary judgment").

8    Recognizing this fact, Plaintiffs hope to delay the inevitable by requesting yet another extension

9    of discovery.

10          The discovery wish list at the end of Plaintiffs' brief plainly seeks discovery that

11   is unreasonably cumulative and duplicative of the massive amount of material Plaintiffs already

12   have received.[18]  But the standard for extending the discovery cutoff date is not whether

13   Plaintiffs can point to an additional document they would like to review or some additional

14   person they would like to depose.  Rather, even if Plaintiffs could show that they diligently

15   pursued discovery (which they have not), they still would need to show that there is important

16   evidence that is missing in the massive record that they have received.  Plaintiffs have not come

17   close to making this showing, and thus, the open-ended discovery extension sought is

18   unwarranted.  Plaintiffs should be required to complete discovery by June 30, 2006, as

19   previously ordered.

20

21

22

23

24

25

26

---

27   [18]  This listed items at the end of Plaintiffs' brief also includes documents from 14 additional
     witnesses that Judge Infante permitted Plaintiffs to take.  As discussed above, almost one
28   month after Judge Infante granted Plaintiffs leave to take this discovery, Plaintiffs still have
     not bothered to identify the witnesses whose documents they would like to receive.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF

1    **IV.     CONCLUSION**

2             For the reasons set forth above, Defendants respectfully request that Plaintiffs'

3    Motion to Modify the Amended Pretrial Order and Extend the June 30, 2006 Fact Discovery

4    Cutoff be denied in its entirety.

5    Dated:  June 20, 2006                         LATHAM & WATKINS LLP
                                                    Peter A. Wald
6                                                   Michele F. Kyrouz
                                                    Patrick E. Gibbs
7                                                   Jamie L. Wine

8

9                                                   By: _____/s/_____
                                                         Patrick E. Gibbs
10
                                                    Attorneys for Defendants
11                                                  ORACLE CORPORATION, LAWRENCE J.
                                                    ELLISON, JEFFREY O. HENLEY and
12                                                  EDWARD J. SANDERSON

13   SF\564890.7

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
MODIFY THE AMENDED PRETRIAL ORDER AND EXTEND
THE JUNE 30, 2006 FACT DISCOVERY CUTOFF