1  DANIEL J. BERGESON, Bar No. 105439, dbergeson@be-law.com
   CAROLINE McINTYRE, Bar No. 159005, cmcintyre@be-law.com
2  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
3  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
4  Facsimile: (408) 297-6000

5  Attorneys for Non-Party
   RAYMOND LANE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. 3:01-cv-00988-MJJ |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | **NON-PARTY RAYMOND LANE'S EX PARTE MOTION TO QUASH DEPOSITION SUBPOENA DUCES TECUM; SUPPORTING DECLARATION OF CAROLINE McINTYRE**<br>[FRCP 45(c)(3)(A)(i);<br>N.D.Cal. Civil L.R. 7-10] |

## EX PARTE MOTION TO QUASH

Pursuant to Rule 45(c)(3)(A)(i) of the Federal Rules of Civil Procedure ("FRCP") and Rule 7-10 of the Civil Local Rules for the Northern District of California ("N.D.Cal. Civil L.R."), non-party Ray Lane hereby moves *ex parte* for an order quashing the deposition subpoena duces tecum served upon him by counsel for Plaintiffs in the above-captioned action.

An *ex parte* motion is authorized by FRCP 45(c)(3)(A)(i) under the circumstances. Rule 45(c)(3)(A)(i) authorizes a district court to quash a subpoena on "timely motion." A timely motion is deemed made prior to the time when response to the subpoena is due. Here, the subpoena, for which Mr. Lane's counsel accepted service on Wednesday, June 21, 2006, calls for production of documents within 48 hours on Friday, June 23, 2006, as well as for Mr. Lane to sit for deposition within 120 hours on Monday, June 26, 2006. Obviously, there is insufficient time for Mr. Lane to bring a timely motion to quash on regular notice pursuant to N.D.Cal. Civil L.R. 7-2, nor is there sufficient time to seek hearing of a motion to quash on shortened time pursuant to N.D.Cal. Civil L.R. 6-1. Accordingly, under the circumstances, FRCP 45(c)(3)(A)(i) authorizes a motion to quash the deposition subpoena duces tecum served on Mr. Lane in this action on an *ex parte* basis pursuant to N.D.Cal. Civil L.R. 7-10.

The *ex parte* motion is based on the motion, the supporting memorandum of points and authorities hereinbelow and the declaration of Caroline McIntyre, together with attached exhibits, also hereinbelow, the complete files and records in this action and such additional evidence and argument as may hereinafter be presented.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' counsel in the above-captioned securities litigation has served a subpoena on non-party Ray Lane which manifestly "fails to allow reasonable time for compliance" and should therefore be quashed by this Court. *See,* FRCP 45(c)(3)(A)(i) ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) . . ."). Plaintiffs' subpoena issued to Mr. Lane (*see* McIntyre Decl., ¶ 2 and Ex. A (copy of subpoena)) was served on Wednesday, June 21, 2006 (*id.*), calls for production of documents within 48 hours on Friday, June 23, 2006, as well as for Mr. Lane to sit for

deposition within 120 hours on Monday, June 26, 2006. (*See id.*) Obviously, this is not a reasonable amount of time for compliance. *See,* 2 Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rutter Group 2006), ¶¶ 11:1435-36, at p.11-164 (3 days not reasonable notice; 10 days normally reasonable), *citing, U.S. v. Philip Morris, Inc.*, 312 F. Supp.2d 27, 36-37 (D.D.C. 2004); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D.Ill. 2005).

Further, Plaintiffs' counsel violated N.D.Cal. Civil L.R. 30-1 by failing to meet and confer with Mr. Lane or his counsel about an agreeable date for his deposition either before or after serving the subpoena. (McIntyre Decl., ¶ 3).

On June 22, 2006, the day after being served with the subpoena, Mr. Lane's counsel immediately attempted to contact Plaintiffs' counsel to reschedule the production date and the deposition date but received no response. (McIntyre Decl., ¶ 3 and Ex. B (copy of letter from Mr. Lane's counsel to Plaintiffs' counsel with formal objections requesting rescheduling of the deposition and production dates)).

Accordingly, because the subpoena manifestly fails to allow a reasonable time for compliance and because Plaintiffs' counsel has not responded to Mr. Lane's counsel's efforts to meet and confer regarding rescheduling the compliance dates, Mr. Lane has been forced to move to quash the subpoena and, in light of the impending compliance dates, to do so on an *ex parte* basis. Mr. Lane respectfully requests that the Court quash the deposition subpoena duces tecum served on him in this action.

Dated: June 22, 2006                    BERGESON, LLP


                                        /s/
                                        Caroline McIntyre
                                        Attorneys for Non-Party
                                        RAYMOND LANE

## DECLARATION OF CAROLINE McINTYRE

I, Caroline McIntyre, declare as follows:

1. I am an attorney licensed to practice before all California courts and this Court and am a partner in the law firm of Bergeson, LLP, attorneys for non-party Ray Lane. I have personal knowledge of the matters stated herein and if called as a witness could and would so testify.

2. Attached hereto and incorporated herein by reference as Exhibit "A" is a true and correct copy of the deposition subpoena duces tecum issued by Plaintiffs to Mr. Lane in the above-captioned action. My office accepted service of the subpoena on Wednesday afternoon, June 21, 2006. On information and belief, my partner Daniel J. Bergeson had beforehand agreed to accept service of the subpoena on Mr. Lane's behalf but was not informed of the return time on the subpoena. The subpoena requires production of documents on the morning of June 23, 2006, the second business day and less than 48 hours after service, and requires Mr. Lane to sit for deposition on June 26, 2006, the third business day and less than 120 hours after service. I have reviewed the subpoena and concluded that there is insufficient time to gather and produce the documents sought or to prepare Mr. Lane for deposition within the time frame allowed.

3. Attached hereto and incorporated herein by reference as Exhibit "B" is a true and correct copy of a letter I wrote and sent together with Mr. Lane's formal objections to the subpoena, on the afternoon of Thursday, June 22, 2006, to Mark Solomon, the attorney who purports to have signed and issued the subpoena on behalf of Plaintiffs. As letter states, pursuant to N.D.Cal. Civil L.R. 37-1, I sought to meet and confer with Mr. Solomon by phone about rescheduling the time for compliance with the subpoena. Prior to sending the letter and objections, I spoke with Mr. Solomon's assistant, who informed me that he was in a deposition but that she would convey my desire to speak with him about this matter. I have yet to receive any response from Mr. Solomon, or any other counsel for Plaintiffs, in response to my call or my letter of June 22. Moreover, at no time to my knowledge has Plaintiffs' counsel met and conferred with anyone from my office about an agreeable date for the deposition of Mr. Lane.

NON-PARTY RAYMOND LANE'S EX PARTE MOTION TO QUASH DEPOSITION SUBPOENA DUCES TECUM; SUPPORTING DECLARATION OF CAROLINE McINTYRE
Case No. C 01-0988 MJJ

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct and that this declaration was executed this 22nd day of June, 2006 at San Jose,
3  California.

*Caroline McIntyre* (signature)
Caroline McIntyre