# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | California |
|---|---|---|

In re Oracle Corporation Securities Litigation

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-01-0988-MJJ

TO: Ray Lane
Kleiner Perkins Caufield & Byers
2750 Sand Hill Road
Menlo Park, CA 94025

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Lerach Coughlin Stoia Geller Rudman & Robbins LLP 100 Pine Street, Suite 2600, San Francisco, CA 94111 | DATE AND TIME 6/26/2006 9:00 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A (attached hereto)

| PLACE Lerach Coughlin Stoia Geller Rudman & Robbins LLP 100 Pine Street, Suite 2600, San Francisco, CA 94111 | DATE AND TIME 6/23/2006 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 6/13/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mark Solomon, Attorney for Plaintiffs
Lerach Coughlin Stoia Geller Rudman & Robbins LLP,655 W. Broadway,Ste.1900,San Diego,CA 92101(619)231-1058

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**
**(Ray Lane)**

**I.   DEFINITIONS**

Unless stated otherwise, the terms set forth below are defined as follows:

1.      "You" means Ray Lane, and all other persons acting or purporting to act on your behalf.

2.      "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Federal Rules of Civil Procedure.

3.      "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys, accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

4.      "Communicate" or "communication" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

5.      "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

6.      "Plaintiffs" refers to Thomas J. Barone, Richard K. Riman, Daniel Orona, and Nicholas Vitani.

7.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

8.      The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

9.      "Including" shall be construed to mean "without limitation."

SCHEDULE A – C-01-0988-MJJ                                                                                    - 1 -

## II.    INSTRUCTIONS

1.    All documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

2.    In responding to these requests, you shall produce all responsive documents (including those stored electronically), which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3.    Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying, by plaintiffs, original documents including those stored electronically as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.    To the extent that there are documents containing information relevant to these requests that are currently in electronic format, the documents are to be produced in their native format (*e.g.*, Word, Excel, or Word Perfect).

5.    If production of documents is withheld on the ground of privilege, as to each such withheld document state the following information:

      (a)    which privilege is claimed;

      (b)    who is asserting the privilege;

      (c)    a precise statement of the facts upon which said claim of privilege is based; and

      (d)    the following information describing each purportedly privileged document:

1          (i)     a brief description sufficient to identify its nature, *i.e.*, agreement,

2 letter, memorandum, type, etc.;

3          (ii)     a brief description sufficient to identify its subject matter and the

4 purpose of the document;

5          (iii)     the date it was prepared;

6          (iv)     the date it bears;

7          (v)     the date it was sent;

8          (vi)     the date it was received;

9          (vii)     the identity of the person preparing it;

10          (viii)     the identity of the person sending it;

11          (ix)     the identity of each person to whom it was sent or was to have been

12 sent, including all addresses and all recipients of copies;

13          (x)     a statement as to whom each identified person represented or

14 purported to represent at all relevant times;

15          (xi)     all persons to whom its contents have been disclosed; and

16          (xii)     a precise description of the place where each copy of that document is

17 kept, including the title or description of the file in which said document may be found and the

18 location of such file.

19     6.     If a portion of any document responsive to these requests is withheld under claim of

20 privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be

21 produced with the portion claimed to be privileged redacted.

22     7.     You are to produce each document requested herein in its entirety, without deletion or

23 excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider

24 the entire document to be relevant or responsive to the requests.

25     8.     Whenever a document is not produced in full or is produced in redacted form, so

26 indicate on the document and state with particularity the reason or reasons it is not being produced in

27 full, and describe to the best of your knowledge, information and belief, and with as much

28 particularity as possible, those portions of the document which are not being produced.

SCHEDULE A – C-01-0988-MJJ                           - 3 -

1         9.     If a document responsive to these requests was at any time in your possession,

2  custody or control but is no longer available for production, as to each such document state the

3  following information:

4              (a)    whether the document is missing or lost;

5              (b)    whether it has been destroyed;

6              (c)    whether the document has been transferred or delivered to another person and,

7  if so, at whose request;

8              (d)    whether the document has been otherwise disposed of; and

9              (e)    a precise statement of the circumstances surrounding the disposition of the

10  document and the date of its disposition.

11        10.     With respect to any category of documents, the production of which you contend is in

12  some way "burdensome" or "oppressive," please state the specific reasons for that objection.

13  **III.    RELEVANT TIME PERIOD**

14        All requests herein refer to the period from March 1, 2001 through June 12, 2006 (the

15  "relevant time period"), unless otherwise specifically indicated, and shall include all documents and

16  information that relate to such period, even though prepared or published outside of the relevant time

17  period.

18  **IV.    DOCUMENT REQUESTS**

19  <u>REQUEST NO. 1:</u>

20        Any and all documents that you received from counsel for plaintiffs in *In re Oracle Corp.*

21  *Derivative Litig.*, Consolidated Civil Action No. 18751 (Del. Ch.) and in *In re Oracle Corp.*

22  *Derivative Litig.*, JCCP No. 4180 (Cal. Super. Ct.).

23  <u>REQUEST NO. 2:</u>

24        Any and all documents reflecting communications between you and counsel for plaintiffs in

25  *In re Oracle Corp. Derivative Litig.*, Consolidated Civil Action No. 18751 (Del. Ch.) and in *In re*

26  *Oracle Corp. Derivative Litig.*, JCCP No. 4180 (Cal. Super. Ct.).

27

28

SCHEDULE A – C-01-0988-MJJ                                    - 4 -

1  <u>REQUEST NO. 3:</u>

2    All copies, including drafts, of all affidavits created by you in connection with *In re Oracle*

3  *Corp. Derivative Litig.*, Consolidated Civil Action No. 18751 (Del. Ch.) and in *In re Oracle Corp.*

4  *Derivative Litig.*, JCCP No. 4180 (Cal. Super. Ct.).

5  <u>REQUEST NO. 4</u>

6    Any and all documents that you reviewed or relied on in reaching any opinion or conclusion

7  contained in any affidavit or draft of an affidavit in connection with *In re Oracle Corp. Derivative*

8  *Litig.*, Consolidated Civil Action No. 18751 (Del. Ch.) and in *In re Oracle Corp. Derivative Litig.*,

9  JCCP No. 4180 (Cal. Super. Ct.).

10  <u>REQUEST NO. 5</u>

11    All notes, memoranda, reports, writings, drafts and calculations created by you in connection

12  with *In re Oracle Corp. Derivative Litig.*, Consolidated Civil Action No. 18751 (Del. Ch.) and in *In*

13  *re Oracle Corp. Derivative Litig.*, JCCP No. 4180 (Cal. Super. Ct.).

14

15

16

17  S:\Cases\SD\Oracle3\sch00031869_Lauc.doc

18

19

20

21

22

23

24

25

26

27

28

SCHEDULE A – C-01-0988-MJJ                                              - 5 -