# EXHIBIT B

# BERGESON, LLP

ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

June 22, 2006

**Via Facsimile & U.S. Mail**

Mark Solomon, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins, LLP
655 W. Broadway, Ste. 1900
San Diego, CA 92101

Re:   **In re Oracle Corporation Securities Litigation**

Dear Mr. Solomon:

This firm represents Ray Lane in the above-referenced action. Enclosed are Objections to the Subpoena served on Mr. Lane. As noted in the Subpoena, you have provided insufficient notice for the production of documents and deposition. In addition, Local Rule of Court 30-1 requires that you meet and confer with us regarding scheduling.

I left you a message earlier today to discuss the Subpoena. Please call me today to discuss. Thank you.

Sincerely,

Caroline McIntyre

CM:smg
Enclosure

AFFILIATED COUNSEL:

ANTHONY M. GLASSMAN          BERGESON & CAMPBELL          MARK E. FOSTER
BEVERLY HILLS, CA 90210      WASHINGTON, D.C. 20005       SAN JOSE, CA 95110

DANIEL J. BERGESON, Bar No. 105439, dbergeson@be-law.com
CAROLINE McINTYRE, Bar No. 159005, cmcintyre@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Non-Party
RAYMOND LANE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| | Case No. C-01-0988-MJJ |
| IN RE ORACLE CORPORATION SECURITIES LITIGATION | **NON-PARTY RAYMOND LANE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS SUBPOENA** |
| This Document Relates To: | |
| ALL ACTIONS. | |

1    Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), non-party

2    Raymond Lane ("Lane") makes the following objections and responses to Plaintiffs' subpoena

3    (the "Subpoena") in the above-entitled Action (the "Action").

4    **GENERAL OBJECTIONS**

5    1.    To the extent that any subpoena category may be construed as calling for

6    information which is subject to a claim of privilege, including, without limitation, the attorney-

7    client privilege and/or work product doctrine, Lane hereby claims such privilege and objects to the

8    production of that information.  Such information as may hereafter be provided in response to the

9    Subpoena should not include any information subject to such privileges or doctrines, and

10   inadvertent production of privileged information shall not constitute a waiver of any applicable

11   privilege.

12   2.    Lane's partial response to any subpoena category is not a waiver of his objection or

13   right to object thereto, or any part thereof, or to any additional, supplemental or further subpoena

14   category or part thereof, but is instead offered in an effort to resolve any potential disputes arising

15   out of the Subpoena.

16   3.    The responses set forth herein are made on the basis of a reasonably diligent search

17   for information reasonably available to Lane at the present time.  Lane reserves the right to

18   supplement his responses should additional information become available to him.  Lane

19   specifically reserves all objections as to the competency, relevancy, materiality and admissibility

20   of his documents or the subject matter thereof, and all objections as to burden, vagueness,

21   overbreadth, and ambiguity.  Lane further reserves the right to make use of any information not

22   specified herein, whether omitted because unknown, not yet discovered, or because the

23   significance or relevance of the information was not recognized or understood at the time of these

24   responses.  Lane will use reasonable diligence to locate documents in his own files, based on an

25   examination of those files reasonably expected to yield responsive documents.  As used in these

26   responses, "all documents," or phrases of similar import, should be understood to mean those

27   documents Lane was able to locate using reasonable diligence and judgment concerning the

28   whereabouts of responsive documents, and does not necessarily mean that any such documents .

- 1 -

1   exist.

2       4.      Lane generally objects to each and every subpoena category to the extent that each

3   is overbroad and subjects Lane to unreasonable and undue annoyance, oppression, embarrassment,

4   burden, and expense, and seeks information which is beyond the scope of permissible discovery

5   and is not relevant to the subject matter of the above captioned lawsuit, nor reasonably calculated

6   to lead to the discovery of admissible evidence.

7       5.      Lane generally objects to each and every subpoena category to the extent that they

8   seek materials (i) which are a matter of public record, (ii) which are not in the possession, custody

9   or control of Lane, and/or (iii) which are equally or more readily available from another source

10  that is more convenient, less burdensome, or less expensive.

11      6.      Lane objects to each and every subpoena category to the extent it seeks production

12  of documents that were prepared in anticipation of, or in connection with this Action, or

13  documents gathered by counsel in connection with pending or anticipated litigation or other legal

14  proceedings involving Lane, or information otherwise protected from disclosure by the attorney-

15  client privilege, the attorney work-product doctrine, the joint defense privilege, the common

16  interest privilege, or any other applicable privilege against disclosure.

17      7.      Lane generally objects to each and every subpoena category to the extent that each

18  calls for the production of confidential, proprietary, trade-secret, or other information in which

19  individuals, including non-parties, have an expectation of privacy.  Lane further objects to each

20  and every subpoena category to the extent it seeks information protected by the privacy protection

21  of the California Constitution, or any other law, statute, or doctrine.  Lane will require entry of an

22  appropriate protective order prior to the production of documents, if any.

23      8.      Lane generally objects to each and every subpoena category on the ground that

24  responding to the Subpoena involves substantial person-hours that might otherwise be devoted to

25  profitable use.  Lane, therefore, is entitled to compensation at a reasonable hourly rate for his

26  attorneys' time in searching for documents, reviewing for privileged material, and producing

27  responsive documents.  *See Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163

28  F.R.D. 329, 339 (N.D. Cal. 1995).

- 2 -

1    9.    Any production of documents by Lane notwithstanding the objectionable nature of

2    any of the definitions, or the specific subpoena categories themselves, should not be construed as:

3    (i) an admission that the material is relevant, admissible in evidence, or reasonably calculated to

4    lead to the discovery of admissible evidence; (ii) a waiver of the General Objections or the

5    objections asserted in response to a specific subpoena category; or (iii) an agreement that requests

6    for similar documents will be treated in a similar manner.

7    10.    Lane will make reasonable efforts to respond to each subpoena category as Lane

8    understands and interprets the subpoena category.  If Plaintiffs subsequently assert an

9    interpretation of any Subpoena category that differs from that of Lane, Lane reserves the right to

10   supplement and/or modify his objections and responses to the Subpoena.

11   11.    Lane objects to the Subpoena on the grounds it is overbroad as there is no time

12   period specified for the production of documents.

13   12.    Lane generally objects to the Subpoena to the extent it purports to require Lane to

14   produce documents and/or permit an inspection of documents on June 26, 2006 at Lerach

15   Coughlin Stoia Geller Rudman & Robbins, LLP, 100 Pine Street, Suite 2600, San Francisco, CA

16   94111.  Such requirement is unduly burdensome under the circumstances and provides an

17   unreasonable amount of notice.

18   13.    Lane generally objects to the Subpoena on the grounds that it provides

19   unreasonable notice in that it purports to require Lane to appear for deposition on June 26, 2006.

20   *See* FRCP 30(b)(1) (the notice of deposition must give "reasonable notice.") FRCP 45(c)(3)(A)(i);

21   *United States v. Philip Morris, Inc.,* 312 F. Supp. 2d 27, 36-37 (D.D.C. 2004) (three days not

22   "reasonable notice.")

23   14.    Lane objects to the Subpoena on the grounds that Plaintiff has not met and

24   conferred regarding scheduling.  *See* Local Rule 30-1.

25                           **OBJECTIONS TO DEFINITIONS**

26   In addition to the General Objections set forth above, Lane objects to the "DEFINITIONS"

27   set forth in the Subpoena to the extent the definitions purport to enlarge, expand, or alter in any

28   way the plain meaning and scope of any specific request, on the grounds that such enlargement, .

- 3 -

expansion, or alteration renders the request vague, ambiguous, unintelligible, unduly broad and uncertain.

Lane further objects to the "DEFINITIONS" set forth in the Subpoena to the extent that they impose requirements inconsistent with, or in addition to, those imposed by statute. Specifically, Lane objects to the following "DEFINITIONS" set forth in the Subpoena:

1.      The term "YOU" or "YOUR" is overbroad, vague and ambiguous.

2.      The term "DOCUMENT" or "DOCUMENTS" is overbroad, vague and ambiguous.

3.      The term "CONCERNING" is overbroad, vague and ambiguous.

## OBJECTIONS TO INSTRUCTIONS

Lane objects to the Instructions to the extent they purport to require Lane to provide information or produce documents not in his possession, custody and/or control.  Lane further objects to the Instructions to the extent they purport to require production of information that is privileged, and/or protected from disclosure as material prepared for litigation, attorney work product, and/or attorney-client communications, or any other applicable privilege against disclosure.  Lane further objects to the Instructions to the extent it calls for Lane to do more than is required by the Local Rules, the Federal Rules of Civil Procedure, and relevant case law.

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**REQUEST NO. 1**:

Any and all documents that you received from counsel for plaintiffs in *In re Oracle Corp. Derivative Litig.*, Consolidated Civil Action No. 18751 (Del. Ch.) and in *In re Oracle Corp. Derivative Litig.*, JCCP No. 4180 (Cal. Super. Ct.).

**RESPONSE TO REQUEST NO. 1**:

Lane incorporates by reference the General Objections, Objections to Definitions, and Objections to Instructions.

Lane further objects to this request on the grounds that it:  (a) is overbroad, unduly burdensome, oppressive and seeks information that is neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissibly evidence; (b) is vague, ambiguous, uncertain and unintelligible by reason of its use of the vague and ambiguous terms and

- 4 -

1   phrases; (c) seeks information protected by the attorney-client privilege, the attorney work product

2   doctrine, or the joint defense or common interest privilege; (d) seeks information that reflects or

3   discloses confidential or other proprietary information of Lane or non-parties; and (e) seeks

4   documents that are equally or more readily available to the requesting party from another source.

5   **REQUEST NO. 2:**

6           Any and all documents reflecting communications between you and counsel for plaintiffs

7   in *In re Oracle Corp. Derivative Litig.,* Consolidated Civil Action No. 18751 (Del. Ch.) and in *In*

8   *Re Oracle Corp. Derivative Litig.* JCCP No. 4180 (Cal. Super. Ct.).

9   **RESPONSE TO REQUEST NO. 2:**

10          Lane incorporates by reference the General Objections, Objections to Definitions, and

11  Objections to Instructions.

12          Lane further objects to this request on the grounds that it:  (a) is overbroad, unduly

13  burdensome, oppressive and seeks information that is neither relevant to the subject matter of this

14  Action nor reasonably calculated to lead to the discovery of admissibly evidence; (b) is vague,

15  ambiguous, uncertain and unintelligible by reason of its use of the vague and ambiguous terms and

16  phrases; (c) seeks information protected by the attorney-client privilege, the attorney work product

17  doctrine, or the joint defense or common interest privilege; (d) seeks information that reflects or

18  discloses confidential or other proprietary information of Lane or non-parties; and (e) seeks

19  documents that are equally or more readily available to the requesting party from another source.

20  **REQUEST NO. 3:**

21          All copies, including drafts, of all affidavits created by you in connection with *In re Oracle*

22  *Corp. Derivative Litig.,* Consolidated Civil Action No. 18751 (Del. Ch.) and in *In Re Oracle*

23  *Corp. Derivative Litig.* JCCP No. 4180 (Cal. Super. Ct.).

24  **RESPONSE TO REQUEST NO. 3:**

25          Lane incorporates by reference the General Objections, Objections to Definitions, and

26  Objections to Instructions.

27          Lane further objects to this request on the grounds that it:  (a) is overbroad, unduly

28  burdensome, oppressive and seeks information that is neither relevant to the subject matter of this

1   Action nor reasonably calculated to lead to the discovery of admissibly evidence; (b) is vague,

2   ambiguous, uncertain and unintelligible by reason of its use of the vague and ambiguous terms and

3   phrases; (c) seeks information protected by the attorney-client privilege, the attorney work product

4   doctrine, or the joint defense or common interest privilege; (d) seeks information that reflects or

5   discloses confidential or other proprietary information of Lane or non-parties; and (e) seeks

6   documents that are equally or more readily available to the requesting party from another source.

7   **REQUEST NO. 4:**

8        Any and all documents that you reviewed or relied on in reaching any opinion or

9   conclusion contained in any affidavit in connection with *In re Oracle Corp. Derivative Litig.,*

10  Consolidated Civil Action No. 18751 (Del. Ch.) and in *In Re Oracle Corp. Derivative Litig.* JCCP

11  No. 4180 (Cal. Super. Ct.).

12  **RESPONSE TO REQUEST NO. 4:**

13       Lane incorporates by reference the General Objections, Objections to Definitions, and

14  Objections to Instructions.

15       Lane further objects to this request on the grounds that it:  (a) is overbroad, unduly

16  burdensome, oppressive and seeks information that is neither relevant to the subject matter of this

17  Action nor reasonably calculated to lead to the discovery of admissibly evidence; (b) is vague,

18  ambiguous, uncertain and unintelligible by reason of its use of the vague and ambiguous terms and

19  phrases; (c) seeks information protected by the attorney-client privilege, the attorney work product

20  doctrine, or the joint defense or common interest privilege; (d) seeks information that reflects or

21  discloses confidential or other proprietary information of Lane or non-parties; and (e) seeks

22  documents that are equally or more readily available to the requesting party from another source.

23  **REQUEST NO. 5:**

24       All notes, memoranda, reports, writings, drafts and calculations created by you in

25  connection with *In re Oracle Corp. Derivative Litig.,* Consolidated Civil Action No. 18751 (Del.

26  Ch.) and in *In Re Oracle Corp. Derivative Litig.* JCCP No. 4180 (Cal. Super. Ct.).

27  **RESPONSE TO REQUEST NO. 5:**

28       Lane incorporates by reference the General Objections, Objections to Definitions, and

- 6 -

1   Objections to Instructions.

2          Lane further objects to this request on the grounds that it:  (a) is overbroad, unduly

3   burdensome, oppressive and seeks information that is neither relevant to the subject matter of this

4   Action nor reasonably calculated to lead to the discovery of admissibly evidence; (b) is vague,

5   ambiguous, uncertain and unintelligible by reason of its use of the vague and ambiguous terms and

6   phrases; (c) seeks information protected by the attorney-client privilege, the attorney work product

7   doctrine, or the joint defense or common interest privilege; (d) seeks information that reflects or

8   discloses confidential or other proprietary information of Lane or non-parties; and (e) seeks

9   documents that are equally or more readily available to the requesting party from another source.

10  Dated: June 22, 2006                          BERGESON, LLP

11

12                                          By:  _Caroline McIntyre_
                                                 Caroline McIntyre
13                                               Attorneys for Non-Party
                                                 RAYMOND LANE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              - 7 -

# **PROOF OF SERVICE**

I, Shana Grove, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs.   My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110.   I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On June 22, 2006, I served the within:

**NON-PARTY RAYMOND LANE'S OBJECTIONS AND RESPONSES TO PLAINTIFF SUBPOENA**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

| | |
|---|---|
| _____ | **BY PERSONAL SERVICE:** I caused a copy of said documents to be hand delivered to the interested parties at the address set forth below. C.C.P. Section 1011. |
| _____ | **BY FEDERAL EXPRESS:** I caused such envelope to be deposited in the appropriate Federal Express envelope, to the Federal Express office in San Jose to be delivered by the next business day.   I am readily familiar with Bergeson, LLP's practice for collection and processing of correspondence for transmittal by Federal Express.   It is deposited with Federal Express on the same day in the ordinary course of business. C.C.P. Section 1013. |
| X | **BY FACSIMILE:** I caused said documents to be sent via facsimile to the interested party at the following facsimile listed below. C.C.P. Section 1013. |
| X | **BY MAIL:** I caused such envelope to be deposited in the mail at San Jose, California.  I am readily familiar with Bergeson, LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, correspondence would be deposited with the United States Postal Service on this day. C.C.P. Section 1013(a). |

Mark Solomon, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
655 W. Broadway, Ste. 1900
San Diego, CA  92101
Tel: 619.231.1058
Fax: 619.231.7423

- 8 -

1

2     I declare under penalty of perjury that the foregoing is true and correct, and that this

3 declaration was executed on June 22, 2006, at San Jose, California.

4

5 _____
                        Shana Grove

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -