# EXHIBIT A

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
415-774-2611
415-982-5287 (fax)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-09888-MJJ (JCS) |
| | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF CHRISTOPHER BALKENHOL AND DORIAN DALEY AND ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ** |

On October 30, 2006, Plaintiffs submitted a motion to compel the depositions of Christopher Balkenhol ("Balkenhol") and Dorian Daley ("Daley") and additional time for the depositions of Larry Ellison ("Ellison") and Safra Catz ("Catz").  Defendants' opposition to the motion is dated November 13, 2006.  Plaintiffs' reply was submitted on November 20, 2006.  The Special Master has considered the papers and the arguments of counsel and rules as follows:

Background

On December 17, 2004, Judge Jenkins entered an Amended Pretrial Order ("the Pretrial Order") which *inter alia* limited each side to a maximum of 65 depositions.  On March 10, 2005, Judge Spero entered an Amended Order Setting a Discovery Plan ("the Discovery Plan") confirming that the 65 depositions per side would be governed by the seven hour time limit imposed by Fed.R.Civ.P. 30.

In April 2006, Plaintiffs requested the deposition of Balkenhol, Oracle's Vice President for Telecommunications Strategy.   After receiving dates for his deposition, Plaintiffs did not schedule the deposition of Balkenhol.

On June 2, 2006, Plaintiffs filed a motion to compel two-day depositions of eight high-

ranking Oracle executives, including Ellison and Catz.   The motion was granted as to Ellison but was denied as to Catz due to failure to show good cause as required by Fed.R.Civ.P. 30.   Ellison appeared for two full days of deposition. Catz appeared for nearly a full day of deposition.   On June 9, 2006, Plaintiffs submitted a motion to amend the Pretrial Order, seeking to increase the number of depositions Plaintiffs could take from 65 to 145, i.e., seeking 90 additional depositions. On July 19, 2006, the motion was granted in part, and the Pretrial Order amended to allow Plaintiffs to take up to a total of 72 depositions, i.e., 7 additional depositions.

The discovery cut-off was October 2, 2006.  Plaintiffs have taken or scheduled 70 of the 72 depositions allowed to them under the Pretrial Order (as amended).   On October 4, 2006, Defendants produced over 50,000 pages of new documents to Plaintiffs.   Plaintiffs assert that after the close of discovery, Defendants produced:

- 346 documents, totaling over 1,000 pages from Ellison's files;
- An additional 600 pages of new documents which "implicate" Ellison;
- An unredacted copy of Ellison's calendar, detailing his daily activities throughout the Class Period;
- Documents concerning SOFTWAR, a book about Ellison;
- 181 new documents from Catz's files and hundreds of additional documents implicating her; and
- 2,200 documents, totaling more than 10,000 pages from the files of Balkenhol

Plaintiffs further assert that "recently produced" documents show the involvement of Daley, Oracle's Associate General Counsel, in customer settlements and concessions; and that recent testimony from Ellison and Lauren Segal reveals that Daley was in charge of preserving the documents contain on Ellison's computers.

On October 10, 2006, Plaintiffs requested that Defendants produce Balkenhol and Daley for deposition.  Plaintiffs also requested additional deposition time with three witnesses who Plaintiffs had already deposed, including Ellison and Katz.  Meet and confer efforts were unsuccessful.  On October 30, 3006, Plaintiffs filed the present motion pursuant to Fed.R.Civ.P. 30(d)(2), 37(a) and Civil L.R. 37 to compel the depositions of Balkenhol and Daley and for additional time for the depositions of Ellison and Catz.

Discussion

*Ellison*

Plaintiffs contend that they should be granted additional time to examine Ellison regarding:  (1) Defendants' post-close of discovery production documents from Ellison's files; (2)

recently produced documents that Plaintiffs assert prove that Ellison lied under oath; (3) recently produced pages of highly relevant documents implicating Ellison; (4) huge amounts of previously produced incriminating evidence.

Defendants contend that the request for additional deposition time with Ellison should be denied on the grounds that: (1) Plaintiffs' purported confusion over documents sourced to Ellison provides no basis for additional deposition time; (2) Ellison's testimony regarding HealthSouth does not support Plaintiffs' request for additional deposition time; and (3) the recently produced documents cited by Plaintiffs' motion are cumulative and only marginally relevant.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. Proc. 26(b)(1).  Fed. R. Civ. Proc. 26(b)(2) states that:

> By order, the court may alter the limits in these rules on the number of depositions ... or the length of depositions under Rule 30. ... The frequency or extent of use of the discovery methods otherwise permitted under these rules ... shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

"A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2)." Fed.R.Civ.P. 30(a)(1). "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if ... the person to be examined already has been deposed in the case." Fed.R.Civ.P. 30(a)(2)(B).  Fed.R.Civ.P. 30(d)(2) provides that:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

"The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Adv. Comm. Notes to 2000 Amendment to Fed.R.Civ.P. 30(d)(2).

Ellison is a defendant in this case. Defendants produced a large number of documents that relate to Ellison after Plaintiffs deposed him and after the close of discovery. As a result of this late production, Plaintiffs have not had a fair examination of Ellison within the meaning of Rule 30(d)(2). Plaintiffs, however, already have deposed Ellison for 14 hours, and are not entitled to question Ellison regarding every Oracle document that references Ellison. Accordingly, Plaintiffs' motion to compel additional time for the deposition of Ellison is GRANTED IN PART. Ellison shall appear for an additional one half-day (3.5 hours) of examination. The deposition shall be completed no later than January 25, 2007.

*Catz*

Plaintiffs contend that they should be granted additional time to examine Catz in light of Defendants' recent production of critical documents from her files and other highly relevant documents implicating her. Defendants assert that Plaintiffs' request for an additional day of deposition time with Catz should be denied.

Defendants produced, after the discovery cut-off, a large number of documents from the source files of Catz and hundreds of other document that reference Catz. As a result of this late production, Plaintiffs have not had a fair examination of Catz within the meaning of Rule 30(d)(2). Plaintiffs, however, have failed to establish the need for an additional seven hours of testimony from Catz. Accordingly, Plaintiffs' motion to compel additional time for the deposition of Catz is GRANTED IN PART. Catz shall appear an additional 2.5 hours of examination. The deposition shall be completed no later than January 25, 2007.

*Balkenhol*

Plaintiffs contend that they should have the opportunity to depose Balkenhol in light of Defendants' recent production of highly relevant documents from his files revealing for the first time his level of involvement in escalations. Plaintiffs assert that they were deprived of the opportunity to depose Balkenhol regarding these critical documents despite their diligence.

Defendants contends that the request to depose Balkenhol should be denied because: (1) Plaintiffs identified Balkenhol as a potential deponent nearly two years ago, yet failed to depose

him due to a lack of diligence; and (2) documents recently produced from his files did not reveal any new information.

A pretrial scheduling order "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

Plaintiffs have failed to establish good cause to depose Balkenhol. Plaintiffs have been aware of Balkenhol as a likely witness in this case since December 2004. In April 2006, Plaintiffs requested dates for Balkenhol's deposition, and Defendants offered several dates. Plaintiffs, however, did not attempt to schedule the deposition until after the discovery cut-off. Defendants have produced a large number of documents from Balkenhol after the discovery cut-off date, which Plaintiffs state demonstrate Balkenhol's involvement in specific customer escalations. Plaintiffs, however, would have learned of Balkenhol's involvement if they had diligently pursued the deposition requested in April 2006. In sum, Plaintiffs were not diligent in seeking to depose Balkenhol. The motion to compel the deposition of Balkenhol is DENIED.

*Daley*

Plaintiffs contend that they should have the opportunity to depose Daley in light of recent deposition testimony revealing that Daley was in charge of preserving the documents contained on Ellison's computers and Defendants' recent production of documents which reveal, for the first time, her involvement in customer escalations and concessions.

Defendants contend that Plaintiffs have not even attempted to meet the demanding standard for deposing opposing counsel such as Daley. Defendants further assert that Plaintiffs have not identified any new information that has arisen since the discovery cut-off.

In *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), the plaintiff sought to depose the defendant's counsel. The court found that while "circumstances may arise in which the court should order the taking of opposing counsel's deposition … those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means

exist to obtain the information than to depose opposing counsel ... ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327.

Plaintiffs have failed to satisfy the requirements for deposing opposing counsel. Even assuming that they had satisfied the requirements, Plaintiffs have failed to establish good cause to depose Daley after the discovery cut-off. The "facts" giving rise to Plaintiffs' need to depose Daley were made available to Plaintiffs prior to the discovery cut-off. Plaintiffs have failed to establish they were diligent. Accordingly, the motion to compel the deposition of Daley is DENIED.

IT IS SO ORDERED.

Dated: *12-14-06*

Hon. Edward A. Infante (Ret.)
Special Master

6