# EXHIBIT A

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
415-774-2611
415-982-5287 (fax)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-09888-MJJ (JCS) |
| | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ENFORCE COURT'S SEPTEMBER 15, 2006 ORDER COMPELLING DEFENDANTS TO PRODUCE FORECASTING AND DEAL REPORTS** |

On October 30, 2006, Plaintiffs submitted a motion to enforce the Special Master's September 15, 2006 order compelling Defendants to produce forecasting and deal reports. Defendants' opposition to the motion is dated November 13, 2006.  Plaintiffs' reply was submitted on November 30, 2006.  The Special Master has considered the papers and the arguments of counsel and rules as follows:

<u>Background</u>

This action was filed on March 9, 2001.  On March 15, 2005, Judge Spero issued an Amended Order Setting a Discovery Plan ("the Discovery Plan").  Section I.A provides that for purposes of responding to written discovery requests, the "Relevant Time Period" shall be from June 1, 2000 to June 1, 2001.  Documents created outside the Relevant Time Period that refer to events within the Relevant Time Period must also be produced.  Discovery Plan, § I.A.  The Discovery Plan sets forth a number of discovery guidelines with respect to the key issues in this case.  *Id.,* § I.C.  The guidelines state that Defendants shall produce *inter alia* documents and communications relating to … Oracle's forecasts and Oracle's sales pipeline and pipeline conversion rates/ratios.  *Id.*  Defendants assert that pursuant to the Discovery Plan, they have

1

produced responsive documents relating to Oracle's forecasts and sales pipeline. Defendants' Opposition at 2. Defendants also produced Exhibits to the Report of the Special Litigation Committee of the Board of Directors of Oracle Corporation ("SLC Report") pursuant to the Discovery Plan. A large number of these exhibits were forecasting and sales pipeline reports from June 1, 2000 to June 1, 2001. Farthing Decl., ¶ 6 and Ex. 2 thereto.

On May 31, 2006, Plaintiffs served upon Defendants a third set of requests for production. In pertinent part, Plaintiffs sought production of:

- All sales forecast reports, periodic or otherwise, from 1996-2001[1] (request 5)
- All Deal Reports from 1996-2001. "Deal Reports" was defined to mean "any compilation of sales opportunities that comprised the sales pipeline for the relevant quarter, including, but not limited to, Big Deal Reports, Big Deal Scenarios and/or any other reports, data compilations, or data extractions of sales opportunities (unqualified by amount) that Oracle employees utilized for discussion during Oracle's forecasting calls.
- All information contained on Oracle Sales On-Line in the manner it existed at Oracle from December 1, 1999 through June 1, 2001 (request 14).
- All information contained on Oracle Financial Analyzer in the manner it existed at counterclaim from December 1, 1999 through June 1, 2001 (request 15)

On August 16, 2006, Plaintiffs filed a motion to compel further responses to *inter alia* requests 5, 6, 14 and 15. On September 15, 2006, Defendants were ordered to produce "all sales forecast reports (periodic or otherwise) from 1999-2001 and all deal reports from 1999-2001." *See* September 15, 2005 Order granting in part and denying in part Plaintiffs' motion to compel further responses to Plaintiffs' third set of requests for production, fourth set of interrogatories and third set of requests for admissions ("the Order"). Defendants were also ordered to produce "copies of any printouts of information contained on Oracle Sales On-Line and/or Oracle Financial Analyzer in the manner it existed at Oracle from December 1, 1999 through June 1, 2001." *Id.* Defendants were ordered to provide Plaintiffs with the further responses by September 29, 2006. *Id.*

Defendants assert that they have complied with the Order by searching for and producing responsive documents from the custodians' files, which totaled 13,153 pages. Defendants' Opposition at 3. Defendants assert that they have produced all responsive forecasting and deal reports from the files of the custodians from the fiscal years 1999-2001, which include but are not

---

[1] Oracle's records retention schedule, approved December 1999, provides that Oracle's Corporate Financial Planning & Analysis Department was to retain forecast reports, forecast information and supporting documentation for 36 months. Solomon Decl., Ex. 1.

limited to forecasting and deal reports identified by Plaintiffs.  *Id.*  Plaintiffs disagree, and assert three problems with Defendants' production of forecasting reports.   Plaintiffs assert that Defendants:  (1) have failed to produce all the forecasting reports required by the Order; (2) have produced illegible (because of copy quality) documents; and (3) have produced documents that are useless due to an electronic date stamp or auto-date stamp feature that leads the reader to believe that many of the reports were prepared in 2006 (the date of production) and/or which calls into question whether the report was a final version or a draft.

Plaintiffs' motion, brought pursuant to Fed.R.Civ.P. 37(a) and Civil L.R. 37, seeks an order compelling Defendants to produce legible and accurately date forecast reports.

Legal Standard

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. Proc. 26(b)(1).  "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

"If a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed.R.Civ.P. 37(a)(2)(B).  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or

material without court action." *Id.*   For purposes of this subdivision an evasive or incomplete response is to be treated as a failure to respond. Fed.R.Civ.P. 37(a)(3).

If a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; or (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination. Fed.R.Civ.P. 37(b)(2). "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Id.*

### Discussion

### "*Inaccurately Dated Reports*"

Plaintiffs assert that most of the reports (which related to Oracle's 1999 and 2000 fiscal years) produced in response to the Order by Defendants were produced electronically and bear an "auto-date" of October 2, 2006, the day they were produced to Plaintiffs, but contain no information on the face of the documents identifying the original date of preparation of the document. *See* Solomon Decl., Exs. 2, 3 and 4. On October 10, 2006, Plaintiffs requested that Defendants correct their October 2, 2006 production because of the auto-date feature and other issues that made the production difficult to review. Solomon Decl., Ex. 12. On October 11, 2006, Defendants declined to produce corrected reports or a log with corrected dates, stating that the original date exists in the metadata of the individual electronic documents and that the whereabouts of any hard copies containing the original dates are unknown. *Id.*, Ex. 13. On October 12, 2006, Defendants advised Plaintiffs that they "are not able to ascertain the actual date of each report .... [The] metadata ... may or may not reflect the 'original date' of the reports."

4

*Id.*, Ex. 14.   On October 16, 2006, Defendants produced additional documents, some of which now had dates for the documents, but also had the auto-date stamp. *Id.*, Exs. 15 and 16.

Plaintiffs assert that Defendants' production of inaccurately dated reports must be remedied.  Plaintiffs assert that without reliable date information, the forecasting reports are useless.  Plaintiffs assert that they have a good faith basis for believing that Defendants possess or should possess accurately dated (original) forecasting reports in paper form, and that counsel's meet and confer representations are inaccurate.  Solomon Decl., Ex. 8 (Minton testimony).

In opposition, Defendants assert that Plaintiffs' allegations regarding inaccurately dated reports are without merit.   Defendants assert that:  (1) pursuant to the Discovery Plan § II.B., Defendants have produced all forecasting and deal reports in their original native format, in corresponding searchable TIFF formats, and in any available hard copy format; (2) the native format of many of the forecasting reports is Microsoft Excel, and some of the original documents contain an auto-date field (the last date the native document was accessed or converted from a native format into a TIFF format; (3) it is not uncommon in litigation to have documents that are undated and where the date of the document is not apparent from its face; and (4) Defendants are not required to "fix up" evidence to make it more helpful to Plaintiffs, nor could they since Defendants do not have any greater information than Plaintiffs about these documents.  Defendants assert that Plaintiffs mischaracterize Minton's testimony to assert that all forecasting reports were stored in hard-copy files and should somehow be available in that format.  Defendants assert that they have produced the hard copy versions which are available (as they were kept in the ordinary course of business).

In reply, Plaintiffs assert that the auto-dated reports are useless and tantamount to no production at all.  Plaintiffs again assert that the original versions of these reports existed at one point, that the original versions likely exist now and that to the extent they do not, Defendants should explain why and identify when they were destroyed.  Plaintiffs request that the Special Master compel Defendants to search wherever necessary to secure the original reports or explain when and why they were destroyed.

"Any party may serve on any other party a request .. to produce and permit the party making the request ... to inspect, copy, test, or sample any designated documents or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be

obtained -- translated, if necessary, by the respondent into reasonably usable form, or to inspect, copy, test, or sample any designated tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." *Fed.R.Civ.P.* 34(a).

"Unless the parties otherwise agree, or the court otherwise orders:  (i) a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request; (ii) if a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable; and (iii) a party need not produce the same electronically stored information in more than one form." *Fed.R.Civ.P.* 34(b).

Rule 34(b) provides that a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the discovery request. Adv. Comm. Notes to 2006 Amendments to *Fed.R.Civ.P.* 34(b). "The production of electronically stored information should be subject to comparable requirements to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party." *Id.* "Rule 34(b) is amended to ensure similar protection for electronically stored information." *Id.*

The Discovery Plan provides that Defendants are to search the hard copy and electronic files of specified individuals. Discovery Plan § I.B. When preparing documents for production, the parties are to produce all documents that were created and kept in electronic format in either native format or a searchable electronic format. *Id.*, § II.B(b). The September 15, 2006 Order required Defendants to produce all forecasting and deal reports from 1999 to 2001.

In response to the Order, Defendants have produced forecasting documents in their native format. It however appears that Defendants' production of the documents in their native format has rendered the documents of uncertain use to Plaintiffs due to the fact that "date" for the documents is the date of production to Plaintiffs, not the date when the document was actually created for Oracle's use between 1999 and 2001.  Plaintiffs are entitled to responsive documents as they were used by Defendants. As produced by Defendants, the forecasting documents do not accurately duplicate the documents used by Oracle during the relevant period. As such, Defendants' production is incomplete and inadequate.

Accordingly, the motion to compel Defendants to produce accurately dated forecast reports is GRANTED.  Plaintiffs are entitled to all sales forecast reports and deal reports for the period 1999-2001.  More specifically, Plaintiffs are entitled to the reports actually used by Oracle and its employees during the forecasting process.  Plaintiffs shall identify the specific "auto-dated" reports at issue by Bates number.  Defendants shall search any and all potentially applicable files (i.e., beyond those included in the Discovery Plan) to locate hard copy versions (or other electronic versions) of the identified reports that contain/reflect the original date for the document.  Defendants shall produce all such reports within 30 days of receipt of Plaintiffs' letter identifying the reports at issue.  Moreover, contemporaneous with their further production, Defendants shall provide Plaintiffs with a sworn declaration from an Oracle representative indicating that all responsive documents (which contain the original date for the document) have been produced, and to the extent that Defendants are unable to locate responsive documents, the declaration shall so state and shall indicate the sources examined for responsive documents.

*Failure to Produce Forecasting and Deal Reports*

Plaintiffs contend that Defendants' October 16, 2006 production in response to the September 15, 2006 Order omitted numerous responsive forecasting reports, and is largely incomplete.  See the reports identified at pages 7 and 8 of Plaintiffs' Motion.

Defendants contend that they have fully complied with the Order and produced (either in response to the order or previously) all responsive forecasting and deal reports from the files of the custodians from fiscal years 1999-2001, and there is no evidence that Defendants are either improperly withholding the documents or that such documents were improperly destroyed.

The parties have not provided the Special Master with exhibits reflecting Defendants' actual responses to the Order.  Based upon the record presented, the Special Master is unable to determine whether Defendants have produced all forecasting reports responsive in their possession, custody or control.  Plaintiffs' assertions regarding allegedly missing documents is insufficient to allow the Special Master to determine that Defendants' production was inadequate.  The assertions of Defendants' counsel  regarding what has been produced similarly is insufficient to resolve whether Defendants have complied with the order.

Accordingly, the motion to compel compliance with the September 2006 order is GRANTED IN PART.  Within five days of receipt of this order, Defendants shall provide Plaintiffs with a sworn declaration from an Oracle representative with knowledge clearly

indicating whether Defendants have produced all responsive, non-privileged documents in their possession, custody or control.   The declaration shall address each of the reports listed on pages 6 and 7 of Plaintiffs' motion.   To the extent that responsive documents are not in Defendants' possession, custody or control, the declaration shall clearly so indicate on a report-by-report basis.

*"Legible Copies of Forecasting Reports"*

Plaintiffs assert that "Defendants' entire production to date is riddled with illegible copies of numerous forecasting reports." Plaintiffs offer two examples. *See* Solomon Decl., Exs. 6 and 7.  Plaintiffs assert that they have made repeated requests that Defendants' produce the original reports,[2] and that Defendants have not responded.  Plaintiffs request that the Special Master order Defendants to reproduce the originals of all forecasting reports used by Oracle between 1999 and 2001.

Defendants' opposition asserts that:  (1) out of hundreds of forecasting reports Defendants have produced, Plaintiffs have identified only two illegible documents (Exs. 6, 7) totaling 130 pages, only 7 of which appear to be illegible; (2) Defendants have already produced identical and perfectly legible copies of the two documents (*see* Farthing Decl., Exs. 12 and 13); and (3) if Plaintiffs identify by Bates number the particular documents which they believe are illegible, and if Defendants have a more legible copy, they will produce them again.

In reply, Plaintiffs assert that the two reports identified as illegible were illustrative, and attached 30 additional examples.  Plaintiffs assert that the "perfectly legible copies" purportedly produced by Defendants "are just as illegible" as those cited by Plaintiffs.  After noting that Defendants have acknowledged the production of other illegible reports, Plaintiffs assert that Defendants should be ordered to produce the original reports.

In the present motion, Plaintiffs request that Defendants reproduce the originals of all forecasting reports used by Oracle between 1999 and 2001.  Plaintiffs, however, do not offer evidence that each and every forecasting report produce by counterclaim is illegible.  Accordingly, the motion to compel to Defendants to reproduce the originals of all forecasting reports used by Oracle between 1999 and 2001 is DENIED.   However, it is hereby ordered that: (1) Plaintiffs may identify, by Bates number, each of the reports Plaintiffs believe to be illegible - a general reference to all forecasting reports will require no further response by Defendants; (2)

---

[2] *See* Solomon Decl., Exs. 9 (Oracle's original "upside reports" and monthly financial reference books); 10 (same); and 11 (letter from Plaintiffs to Defendants asserting that Defendants agreed to produce legible copies of 3Q01 upside reports and to identify and label the legible copies by date).

the parties shall then meet and confer regarding the documents identified by Plaintiffs (which may include exhibits 12 and 13 to the Farthing declaration) to determine whether a more legible version of the document has been produced; and (3) with respect to any documents that this process does not eliminate from dispute, Defendants shall produce legible (i.e., no magnifying glasses required) versions of the documents.

IT IS SO ORDERED.

Dated:  12-14-06

_____
Hon. Edward A. Infante (Ret.)
Special Master

9