LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
VALERIE L. McLAUGHLIN (191916)
GAVIN M. BOWIE (235532)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@lerachlaw.com
dougb@lerachlaw.com
valeriem@lerachlaw.com
gbowie@lerachlaw.com
        – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSON (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@lerachlaw.com
willowr@lerachlaw.com
elig@lerachlaw.com
jenniea@lerachlaw.com
moniquew@lerachlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To: | JOINT STATUS STATEMENT PURSUANT TO DECEMBER 15, 2006 ORDER RE TELEPHONE STATUS CONFERENCE |
| ALL ACTIONS. | |

On October 26, 2006, this Court issued an order requiring the parties to submit a Joint Status Statement. On November 2, 2006, the parties submitted a Joint Status Statement Pursuant to the Court's October 26, 2006 Order. On December 15, 2006, the Court scheduled a telephone status conference for January 9, 2007 at 2:00 p.m. The parties hereby submit their supplemental Joint Status Statement detailing current motions before the Court, recent discovery orders issued by the Special Master, Magistrate Judge Edward A. Infante (Ret.) and a proposed schedule for expert discovery and dispositive motions:

**A.   Current Motions Pending Before the Honorable Judge Martin J. Jenkins**

1. Plaintiffs' Notice of Objection to the Special Master's July 17, 2006 Ruling.

**B.   Fact Discovery Cut-Off – Current Motions Pending Before the Honorable Special Master Edward A. Infante (Ret.)**

On July 10, 2006, Special Master Infante set a fact discovery cut-off of October 2, 2006. On October 9, October 30, and November 7, 2006, plaintiffs and defendants filed respective motions to compel. Between December 19, 2006 and January 7, 2007 orders were issued regarding the parties' various motions to compel. Set forth below are each of the parties' motions and the respective orders issued by the Special Master.

**1.   Plaintiffs' Motions**

(a)   Plaintiffs' Notice of Motion and Motion to Compel the Depositions of Christopher Balkenhol and Dorian Daley and Additional Time for the Depositions of Larry Ellison and Safra Catz. On December 14, 2006, the Special Master issued an order granting in part and denying in part plaintiffs' motion to compel. The order denied plaintiffs' request for depositions of Dorian Daley and Christopher Balkenhol. The order granted plaintiffs an additional 3.5 hours of deposition testimony with defendant Larry Ellison, and 2.5 hours with Safra Catz, Oracle's current President and Chief Financial Officer, to be taken no later than January 25, 2007;

(b)   Plaintiffs' Notice of Motion and Motion to Compel Defendants' Production of Documents Concerning and Created in Preparation for the Book SOFTWAR. On January 2, 2007, the Special Master granted in part and denied in part plaintiffs' motion to compel. The order requires defendants to produce, no later than January 16, 2007, "any and all tape

1 recordings and/or transcripts of interviews with Ellison created in preparation for the book" 2 SOFTWAR as well as the final agreement between Ellison and Matthew Symonds;

3     (c) Plaintiffs' Notice of Motion and Motion to Enforce Court's September 4 15, 2006 Order Compelling Defendants to Produce Forecasting and Deal Reports. On December 22, 5 2006, the Special Master issued an order granting in part and denying in part plaintiffs' motion. The 6 Special Master ordered that within 30 days of plaintiffs' identification of these reports, defendants 7 must produce accurately dated versions of the reports and must search all potentially applicable files 8 to do so. In addition, defendants must provide plaintiffs with a sworn declaration by January 5, 9 2007, indicating whether defendants have produced all responsive documents. The declaration must 10 address each of the reports set forth in plaintiffs' motion, and to the extent that responsive documents 11 are not in defendants' possession, custody or control, the declaration shall clearly so indicate on a 12 report-by-report basis;

13     (d) Plaintiffs' Notice of Motion and Motion to Compel Defendants' 14 Production of Documents Concerning Oracle Corporation's Stock Repurchase Program. On 15 December 14, 2006, the Special Master issued an order denying plaintiffs' motion to compel in its 16 entirety;

17     (e) Plaintiffs' Notice of Motion and Motion to Compel Documents 18 Contained in Defendants' Privilege and Redaction Logs. On January 4, 2007, the Special Master 19 issued an order granting in part and denying in part plaintiffs' motion to compel. The order requires 20 defendants to produce to plaintiffs the entries in the June 26, 2006 and September 26, 2006 logs 21 which contain the description "e-mails between in-house counsel and sales personnel regarding 22 approval of contract terms" redacting only the question posed to and answers provided by Oracle's 23 in-house counsel (as well as any other statements or comments reflecting such protected 24 communications). The production shall not be construed as a general waiver based upon the 25 selective disclosure of privileged material. Upon plaintiffs' receipt of the documents (with 26 redactions), plaintiffs may select up to 100 of the documents ordered produced (with redactions) as a 27 sampling to be submitted to the Special Master for *in camera* review. Defendants shall produce 28 unredacted copies of the documents selected by plaintiffs to the Special Master within five days of

1 receipt of plaintiffs' identification of the sample documents. Defendants are also required to produce
2 the four e-mails identified in the June 9, 2005 privilege log and the eight e-mails relating to
3 Ingersoll-Rand and Century Aluminum for *in camera* review no later than January 11, 2007, and
4 copies of the documents identified in Exhibit 22 to the Britton declaration, redacting only privileged
5 information. With respect to any additional documents included in Exhibit 4 that were not part of
6 the supplemental accounting production or first produced by Oracle in redacted form in one of the
7 derivative lawsuits, defendants shall produce unredacted copies of any documents redacted on a
8 basis other than privilege, and must log any and all privilege redactions. Defendants are required to
9 produce unredacted copies of these documents no later than January 11, 2007;

10       (f)    Plaintiffs' Notice of Motion and Motion to Enforce September 22,
11 2006 Order and for Finding of Waiver for Failure to Timely Produce a Privilege Log. On December
12 14, 2006, the Special Master issued an order granting in part and denying in part plaintiffs' motion.
13 The order requires defendants to provide plaintiffs with a sworn declaration from an Oracle
14 representative with knowledge stating that defendants have conducted the searches required by the
15 September 22, 2006 order and that defendants have produced all responsive, non-privileged
16 documents in their possession, custody or control. The Court ordered defendants to provide
17 plaintiffs with the required declaration by December 29, 2006. At defendants' request, plaintiffs
18 agreed to extend the deadline to January 5, 2007;

19       (g)    Plaintiffs' Notice of Motion and Motion for an Order Compelling
20 Defendants to Produce Documents Shown to or Reviewed by Lauren Segal in Preparation and
21 Review for the Declaration of Lauren Segal in Support of Defendants' Opposition to Plaintiffs'
22 Motion to Compel the Recovery of Backup Tapes and Miscellaneous Relief for the Destruction of
23 Documents. On December 19, 2006 the Special Master issued an order denying plaintiffs' motion to
24 compel in its entirety;

25       (h)    Plaintiffs' Motion to Enforce the Special Master's July 17, 2006 Order
26 and to Compel Additional Accounting Documents Based on Recent Testimony and New Evidence.
27 On December 19, 2006, the Special Master issued an order granting plaintiffs' motion. The order
28 requires defendants to produce unredacted copies of all documents and spreadsheets previously

produced no later than January 17, 2007. The order also requires defendants to produce all documents relating to Oracle's accounting "clean up" project beginning in October 2002 (the "2002 Clean Up") and all documents relating to Oracle's improper transfer of customer overpayments to its bad debt reserve in connection with Oracle's 2Q01 results by January 2007;

(i) Plaintiffs' Motion to Compel Additional Deposition Time for Daniel Cooperman. On December 20, 2006, the Special Master issued an order denying plaintiffs' motion to compel in its entirety; and

(j) Plaintiffs' Motion to Lift the Stay on Contention Interrogatories Pursuant to the March 10, 2005 Discovery Plan. In their motion, filed on December 22, 2006 and currently pending before the Special Master, plaintiffs seek an order lifting the stay and requiring the parties to simultaneously respond to contention interrogatories by January 31, 2007. The Special Master has ordered plaintiffs to respond to such interrogatories by January 31, 2007, as noted below in Section B.2.(c).

**2.     Defendants' Motions**

(a) Defendants' Motion to Enforce the Court's April 27, 2006 Order Re Documents Exchanged Between Plaintiffs' Counsel and the Confidential Witnesses. On December 19, 2006, the Special Master issued an order granting in part defendants' motion. The December 19, 2006 order requires plaintiffs, on or before January 5, 2007, to provide defendants with a sworn declaration from an individual with knowledge clearly indicating whether plaintiffs have produced all responsive, non-privileged documents in their possession, custody or control. The declaration must identify any responsive documents of which plaintiffs are aware that are not in plaintiffs' possession, custody or control, and specifically address the testimony of the CWs identified in defendants' motion and whether plaintiffs have produced all responsive documents for these individuals.

(b) Defendants' Notice of Motion and Motion to Enforce Section V.C. of 10, 2005 Discovery Plan and for Sanctions for Plaintiffs' Repeated Violations of the Plan as It Pertains to Third Party Customers. On December 19, 2006, the Special Master issued an order granting defendants' motion. The December 19, 2006 order quashed plaintiffs' 18 subpoenas to Oracle

1 Corporation customers that were held to violate the Discovery Plan. The order further required
2 plaintiffs, no later than December 29, 2006, to provide defendants with a copy of every subpoena
3 they have issued to third party Oracle customers as part of this litigation. The order permitted
4 plaintiffs to serve corrected subpoenas, consistent with the Discovery Plan, to these entities no later
5 than January 5, 2007. The order denied defendants' request for sanctions. Finally, the order denied
6 plaintiffs' request, in opposition to the motion, to amend the Discovery Plan.

7       (c)     Defendants' Notice of Motion and Motion to Compel Plaintiffs' Supplemental
8 Responses to Defendants' Second Set of Interrogatories. On December 14, 2006, the Special Master
9 issued an order granting defendants' motion to compel. The December 14, 2006 order requires
10 plaintiffs to serve supplemental responses to Interrogatory Nos. 5-7 and 9-15 of Defendants' Second
11 Set of Interrogatories on or before January 31, 2007.

12       (d)     Defendants' Notice of Motion and Motion for Modification of Order Granting
13 Plaintiffs' Motion to Enforce the Special Master's July 17, 2006 Order and to Compel Additional
14 Accounting Documents Based on Recent Testimony and New Evidence ("Defendants' Motion for
15 Modification of the July 17, 2006 Order"). On January 5, 2007, defendants filed a motion seeking
16 modification of the December 19, 2006 Order Granting Plaintiffs' Motion to Enforce the Special
17 Master's July 17, 2006 Order and to Compel Additional Accounting Documents Based on Recent
18 Testimony and New Evidence (the "Order"). Defendants sought to modify the Order in two
19 respects. First, defendants sought an extension of time (of approximately one month) within which
20 to produce two of the three categories of documents called for by the Order. Second, defendants also
21 requested that the Special Master remove from the Order certain language suggesting, defendants
22 believe incorrectly, that defendants have shifted positions on a focal issue in the litigation.

23     **C.**    **Outstanding Fact Discovery**

24 Aside from pending motions, the fact discovery currently outstanding in this case is the
25 parties' compliance with the discovery orders issued by Judge Infante, as set forth in detail in §B,
26 above. In addition, plaintiffs reserve the right to move for any further discovery that may be ordered
27 following the provision of the discovery required by Judge Infante. Defendants have informed
28 plaintiffs that they intend to oppose any further discovery.

JOINT STATUS STATEMENT PURSUANT TO DECEMBER 15, 2006 ORDER RE TELEPHONE
STATUS CONFERENCE  - C-01-0988-MJJ - 5 -

### D. Court Ordered Settlement Conference

On November 28, 2006, the parties participated in a settlement conference before Magistrate Judge Bernard Zimmerman, but no settlement was reached.

### E. Proposed Schedule for Expert Discovery and Trial

In the parties October 26, 2006 Joint Status Statement, the parties proposed a schedule for expert discovery and trial.

#### 1. Plaintiffs' View

Plaintiffs requested, on January 4, 2007, that defendants provide them with some indication of what type and quantity of documents and other materials would be produced pursuant to Judge Infante's recent orders. Defendants, however, were unable to provide plaintiffs with any meaningful information other than that an unknown quantity of documents would likely be produced in the future. As to one category of documents, defendants claimed in a telephone conference that they did not know if they would take the position that they had been destroyed or instead claim an inability to obtain them. Via a declaration served on plaintiffs late this afternoon, plaintiffs were first alerted to the fact that with respect to just one order issued by Judge Infante, hundreds of thousands of pages are going to be produced on January 17, 2007. Via another declaration, defendants have stated that their searches of additional unspecified files have yielded further forecasting documents that now are being reviewed by defendants. Plaintiffs anticipate that there will be voluminous productions by defendants to comply with various other orders issued by the Special Master. In light of the foregoing, plaintiffs are not currently able to provide the Court with a reliable schedule for the completion of discovery and trial.

#### 2. Defendants' View

Defendants disagree with plaintiffs' statement of reasons for failing to suggest a schedule for the completion of discovery. Defendants have attempted to provide plaintiffs with as much information as possible, as quickly as possible, regarding the timing and volume of documents to be produced in response to Judge Infante's recent orders.

With regard to the accounting-related documents that Judge Infante ordered produced, defendants have requested a one-month extension of time to produce the documents, and (as

JOINT STATUS STATEMENT PURSUANT TO DECEMBER 15, 2006 ORDER RE TELEPHONE STATUS CONFERENCE  - C-01-0988-MJJ - 6 -

1  plaintiffs note above) submitted a declaration indicating the anticipated scope of the production (*i.e.*,
2  hundreds of thousands of pages). Thus, plaintiffs are aware of the scope and timing of that
3  production. With regard to the other category of documents plaintiffs discuss above – materials
4  relating to the book SOFTWAR – defendants did not, as plaintiffs claim, suggest that any materials
5  had been destroyed, or that defendants would "take the position" that any materials had been
6  destroyed. Defendants merely pointed out that defendants do not know whether or when any such
7  materials will be produced because, as plaintiffs know, the materials are in the physical possession of
8  a third party who lives and works in the United Kingdom (Matthew Symonds), and defendants do
9  not yet know whether Mr. Symonds will agree to turn over the materials to defendants for production
10 in this case. (Although none of the defendants has physical possession or custody of these materials,
11 Judge Infante ordered defendants to produce them on based on a finding that Mr. Ellison has
12 "control" over the materials under the terms of a contract between Mr. Ellison and Mr. Symonds.
13 Defendants do not understand the agreement to give Mr. Ellison such control, nor does Mr.
14 Symonds, who submitted a declaration stating that the materials are his sole property, to which no
15 one else has a right of access.) Defendants are in the process of determining whether Mr. Symonds
16 will turn over the materials for production in this case.
17      In any event, defendants believe that, if each of the dates in the schedule proposed in the
18 parties' prior joint submission were pushed back by two months, the parties would have sufficient
19 time to complete all remaining tasks and prepare the case for trial.
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | DATED: January 5, 2007 | Respectfully submitted, |

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
JENNIE LEE ANDERSON
MONIQUE C. WINKLER

/s/
SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

DATED: January 5, 2007                      Respectfully submitted,

LATHAM & WATKINS
PATRICK E. GIBBS

/s/
PATRICK E. GIBBS

140 Scott Drive
Menlo Park, CA  94025
Telephone:  650/328-4600
650/463-2600 (fax)

LATHAM & WATKINS LLP
PETER A. WALD
MICHELE F. KYROUZ
505 Montgomery Street, Suite 1900
San Francisco, CA  94111

JOINT STATUS STATEMENT PURSUANT TO DECEMBER 15, 2006 ORDER RE TELEPHONE
STATUS CONFERENCE  - C-01-0988-MJJ — - 8 -

|   |   |
|---|---|
| 1 | Telephone: 415/391-0600 |
|   | 415/395-8095 (fax) |
| 2 |   |
|   | LATHAM & WATKINS LLP |
| 3 | JAMIE L. WINE |
|   | BRIAN T. GLENNON |
| 4 | 633 West Fifth Street, Suite 4000 |
|   | Los Angeles, CA  90071-2007 |
| 5 | Telephone: 213/485-1234 |
|   | 213/891-8763 (fax) |

ORACLE CORPORATION
DORIAN DALEY
JAMES C. MAROULIS
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
Telephone: 650/506-5200
650/506-7114 (fax)

Counsel for Defendants

I, Shawn A. Williams, am the ECF User whose ID and password are being used to file this JOINT STATUS STATEMENT PURSUANT TO OCTOBER 26, 2006 ORDER.  In compliance with General Order 45, X.B., I hereby attest that Patrick E. Gibbs has concurred in this filing.

T:\CasesSF\Oracle3\SCS00037964.doc

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/
SHAWN A. WILLIAMS

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail: shawnw@lerachlaw.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com cheryl.grant@pillsburylaw.com

- **Reed R. Kathrein**
  reedk@lerachlaw.com
  e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **Michele F. Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**

- e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com swalker@be-law.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Darren J. Robbins**

- **Sanna Rachel Singer**
  ssinger@sideman.com mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;AelishB@lerachlaw.

- **Jamie Lynne Wine**
  jamie.wine@lw.com karen.kelly@lw.com

- **Monique Winkler**
  MoniqueW@lerachlaw.com
  E_File_SF@lerachlaw.com;MoniqueW@lerachlaw.com;shawnw@lerach

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail

notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Dorian Daley**
500 Oracle Parkway
Redwood City, CA 94065

**Corey D. Holzer**
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338