1  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  MARK SOLOMON (151949)
   DOUGLAS R. BRITTON (188769)
3  VALERIE L. McLAUGHLIN (191916)
   GAVIN M. BOWIE (235532)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6  marks@lerachlaw.com
   dougb@lerachlaw.com
7  valeriem@lerachlaw.com
   gbowie@lerachlaw.com
8         – and –
   SHAWN A. WILLIAMS (213113)
9  WILLOW E. RADCLIFFE (200087)
   ELI R. GREENSTEIN (217945)
10 MONIQUE C. WINKLER (213031)
   100 Pine Street, Suite 2600
11 San Francisco, CA  94111
   Telephone:  415/288-4545
12 415/288-4534 (fax)
   shawnw@lerachlaw.com
13 willowr@lerachlaw.com
   elig@lerachlaw.com
14 moniquew@lerachlaw.com

15 Lead Counsel for Plaintiffs

16                 UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

| 18 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
|---|---|---|---|
| 19 | | ) | CLASS ACTION |
| 20 | This Document Relates To: | ) ) ) | PLAINTIFFS' NOTICE OF OBJECTION AND OBJECTION TO THE SPECIAL |
| 21 | ALL ACTIONS. | ) ) ) | MASTER'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' |
| 22 | | ) | MOTION TO COMPEL DOCUMENTS CONTAINED IN DEFENDANTS' |
| 23 | | | PRIVILEGE AND REDACTION LOGS |

24                         DATE:           N/A
                         TIME:           N/A
25                         COURTROOM:  The Honorable
                                          Joseph C. Spero
26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................1

II.     RELEVANT PROCEDURAL HISTORY ........................................................2

III.    ARGUMENT .......................................................................................................4

      A.     Standard of Review................................................................................4

      B.     Legal Standard on Withholding Discoverable Information....................5

      C.     Defendants Have Violated Fed. R. Civ. P. 26(b)(5) and This Court's Order in the Discovery Plan by Not Producing a Privilege Log for the Hundreds of Redactions Contained in NDCA-ORCL 00001-039333 ...................6

      D.     Defendants Offer No Authority or Legal Basis for Their Defiance of the Court's Order Requiring a Privilege Log........................................7

      E.     All of the Documents that Were Redacted Without a Log or Explanation Should Be Produced in Their Complete Form.......................................8

IV.     CONCLUSION.....................................................................................................9

PLTFS' NOT OF OBJ & OBJ TO SPECIAL MASTER'S ORDER GRANTING & DENYING IN PART
PLTFS' MOT TO COMPEL DOCS IN DEFS' PRIVILEGE & REDACTION LOGS - C-01-0988-MJJ

- i -

TO:       ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE as soon as the matter may be heard in the Courtroom of the Honorable Joseph C. Spero, plaintiffs, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 53(g), hereby object, in part, to Special Master Edward A. Infante's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Log ("Order").  The Objection is based on this Notice, the Memorandum of Points and Authorities in Support thereof, the Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Notice of Objection and Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Log ("McLaughlin Decl.") filed herewith, all pleadings and papers filed in this action,[1] the arguments of counsel and any other matter that the Court may consider at a hearing on this motion.

## I.        INTRODUCTION

Defendants violated the Discovery Plan and Fed. R. Civ. P. 26(b)(5) by providing no explanation or log for hundreds of redactions of highly important documents contained in NDCA-ORCL 00001-039333 produced in this case.  Special Master Infante has made it clear that, ordinarily, redactions for "relevance" or "non-responsiveness" are entirely improper, that unexplained redactions are entirely improper, and that any redactions on the basis of privilege must be logged.  Defendants appear to have misled the Special Master into believing that the documents at issue were produced only as "Initial Disclosures" and only because they were produced in the derivative litigation. *See* McLaughlin Decl., Ex. B at 17:1-12.  Because of those supposed facts, the Special Master, according to defendants, could not interfere.  That is simply untrue and defendants know it.  The documents were produced in this litigation because they are core documents,

---

[1]       For the Court's reference, Plaintiffs' Motion to Compel ("MTC"), Defendants' Opposition to Plaintiffs' MTC, and Plaintiffs' Reply in Support of MTC are attached as Exhibits A-C to the McLaughlin Declaration.  The Declaration of Douglas R. Britton in Support of Plaintiffs' MTC, the Declaration of Brian T. Glennon in Support of Defendants' Opposition to Plaintiffs' MTC, and the Declaration of Mark Solomon in Support of Plaintiffs' Reply to MTC are attached as Exhibits D-F to the McLaughlin Declaration.

1  responsive to plaintiffs' document requests and to the Discovery Plan.  That fact is evidenced in

2  defense counsels' own communications at the very time of the productions at issue where they tell

3  plaintiffs that only one box contained their "Initial Disclosures" and the remaining 18 boxes were

4  responsive to plaintiffs' discovery requests.[2]

5  **II.     RELEVANT PROCEDURAL HISTORY**

6         On December 4, 2004, plaintiffs propounded upon defendants Plaintiffs' First Set of

7  Requests for Production of Documents ("Plaintiffs' First Document Requests").  *See* McLaughlin

8  Decl., Ex. H.

9         On January 21, 2005, defendants produced NDCA-ORCL 00001-04681 claiming the

10  production constituted their Rule 26(a) Initial Disclosures, notwithstanding that they also were

11  responsive to Plaintiffs' First Document Requests.  Then on January 26, 2005, defendants produced

12  another slew of documents – NDCA-ORCL 004682-039333.  Defendants have represented to this

13  Court that both sets of documents were produced only as their Initial Disclosures and were also

14  produced earlier in the derivative cases relating to this action.  However, that is untrue, as the

15  January 5, 2005 e-mail from Lee Rubin to Doug Britton confirms.  Notwithstanding the fact that

16  these documents were directly responsive to Plaintiffs' First Document Requests propounded upon

17  defendants on December 9, 2004 and were produced in response to those requests, they contained

18  hundreds of redactions.  No redaction log or explanation was provided to plaintiffs relating to this

19  production regarding the redacted information.

20        On March 10, 2005, Magistrate Judge Joseph C. Spero ordered the Amended Order Setting a

21  Discovery Plan ("Discovery Plan").  The Discovery Plan ordered the "parties shall produce privilege

22  logs within forty-five (45) days after a document is withheld for privilege."  *See* McLaughlin Decl.,

23  Ex. I at 4.

24

25  [2]      *See* the Supplemental Declaration of Valerie McLaughlin in Support of Plaintiffs' Notice of
    Objection and Objection to the Special Master's Order Granting in Part and Denying in Part
26  Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs
    containing e-mail message from defense counsel Lee Rubin to Doug Britton dated January 5, 2005
27  (Ex. A) and correspondence between Shirish Gupta and Willow Radcliffe dated January 19, 2005,
    January 20, 2005 and February 3, 2005 (Ex. B).

28

1       Over the next year, plaintiffs continually requested that defendants either provide a redaction

2  log relating to these documents or produce the unredacted versions.  On March 27 and 29, 2006,

3  defendants assured plaintiffs that they would provide a redaction log, but have not done so to-date.

4       On April 6, 2006, Magistrate Judge Spero referred all discovery matters to Special Master

5  Honorable Edward A. Infante (Ret.).  The April 6, 2006 Order directed the parties to submit all

6  reports, findings, and objections and motions in response to the Special Master's ruling to Judge

7  Spero.

8       Defendants produced a series of privilege logs in 2005 and 2006, but none of them addressed

9  the redactions in NDCA-ORCL 00001-039333.

10       On October 30, 2006, plaintiffs filed their Motion to Compel Documents Contained in

11  Defendants' Privilege and Redaction Logs.  This motion addressed not only the fact the defendants

12  did not produce a redaction log for NDCA-ORCL 00001-039333, it also addressed unexplained and

13  unlogged redactions in other documents and deficiencies in logs that defendants actually produced.

14       On November 13, 2006, Oracle and the individual defendants filed their opposition to

15  Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs.

16       On November 20, 2006, plaintiffs filed Plaintiffs' Reply in Support of their Motion to

17  Compel Documents Contained in Defendants' Privilege and Redaction Logs.

18       On January 3, 2007, the Special Master issued the Order.  The Order was served thereafter

19  during the evening of January 4, 2007 and then filed with the Court.  The Special Master granted

20  much of the relief sought by plaintiffs, but denied plaintiffs' motion to the extent that it sought the

21  unredacted form of the documents produced in NDCA-ORCL 00001-039333.  The Special Master

22  held that because the documents were produced in the same manner earlier in the derivative

23  litigation, he would not compel them to produce a log or to produce them any differently in this

24  litigation.  *See* McLaughlin Decl., Ex. G.

25

26

27

28

1   Plaintiffs respectfully object to the Order insofar as it relates to these documents.[3]   As

2   discussed below, these documents are core documents that fit squarely within the Discovery Plan

3   because they relate to, among other things, insider trading, the Suite 11i, and Oracle's forecasting.

4   The fact that defendants had produced these documents in the derivative litigation does not excuse

5   them from complying with the Court's order embodied in the Discovery Plan.  Defendants are

6   required under the Discovery Plan to produce a privilege log within 45 days for withheld documents

7   or information after the production of documents called for in the Discovery Plan.  *See* McLaughlin

8   Decl., Ex. I at 4.  These documents are clearly subject to the same privilege log requirements as all

9   other documents produced in this case.  Defendants should have produced a log for the hundreds of

10  redactions contained in the NDCA-ORCL 00001-039333 production, but they have failed to do so to

11  date.  They now should be compelled to turn over the documents in their unredacted form.

12  **III.   ARGUMENT**

13      **A.      Standard of Review**

14      Pursuant to Fed. R. Civ. P. 53(g), any party may file an objection to a Special Master's order

15  no later than 20 days from the date on which the Special Master's order is served.  The court must

16  decide *de novo* all objections to the Special Master's findings of fact and conclusions of law.  Fed. R.

17  Civ. P. 35(g)(3)(4).  In acting on a Special Master's order, after an opportunity to be heard, the court

18  may adopt, affirm, modify, reverse or resubmit the matter to the Special Master with instructions.

19  Fed. R. Civ. P. 53(g)(1).

20

21

22

---

23  [3]    The Special Master found that: "With respect to the redacted documents included in exhibit 4
    to the Britton declaration that were first produced by Oracle in the derivative litigation, Oracle
24  asserts that it produced the documents in precisely the same format in which they were produced in
    the derivative litigation.  The Special Master will not permit Plaintiffs to challenge Oracle's
25  production and logs from an earlier case in which Plaintiffs were not a party, and will not require
    Oracle to eliminate or explain the earlier redactions."  *See id.*  Special Master Infante provides no
26  analysis for his decision.  In fact, plaintiffs are concerned that there may have been a
    misunderstanding on the Special Master's part as to the fact that these documents were produced in
27  this litigation and were responsive to the document requests and the Discovery Plan, as he overlooks
    those facts in his ruling.

28

1

**B.      Legal Standard on Withholding Discoverable Information**

2

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

3

4

5

Fed. R. Civ. P. 26(b)(5).  "To withhold materials without such notice is contrary to the rule, subjects

6

the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or

7

protection."  Fed. R. Civ. P. 26(b) Advisory Committee's note; *see also Burlington N. & Santa Fe*

8

*Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1148 (9th Cir. 2005) ("'[T]he party must . . . provide

9

sufficient information to enable other parties to evaluate the applicability of the claimed privilege or

10

protection.'"); Fed. R. Civ. P. 26(b) Advisory Committee's note ("The rule does not attempt to

11

define for each case what information must be provided when a party asserts a claim of privilege or

12

work product protection.").  "Details concerning time, persons, general subject matter, etc., may be

13

appropriate if only a few items are withheld, but may be unduly burdensome when voluminous

14

documents are claimed to be privileged or protected, particularly if the items can be described by

15

categories."  *Id.*

16

To facilitate its determination of privilege, a court may require "'an adequately detailed

17

privilege log in conjunction with evidentiary submissions to fill in any factual gaps.'"  *U.S. v.*

18

*Construction Prods. Research*, 73 F.3d 464, 473 (2d Cir. 1996).  The privilege log should "'identify

19

each document and the individuals who were parties to the communications, providing sufficient

20

detail to permit a judgment as to whether the document is at least potentially protected from

21

disclosure.'"  *Id.*  "'Other required information, such as the relationship between . . . individuals not

22

normally within the privileged relationship, is then typically supplied by affidavit or deposition

23

testimony.'"  *Id.*  "'Even under this approach, however, if the party invoking the privilege does not

24

provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the

25

privilege, his claim will be rejected.'"  *Id.*  In *In re Grand Jury Investigation*, 974 F.2d 1068, 1071

26

(9th Cir. 1992), the court noted that a privilege log that contained the following information would

27

be sufficient: (a) the attorney and client involved; (b) the nature of the document; (c) all persons or

28

1  entities shown on the document to have received or sent the document; (d) all persons or entities

2  known to have been furnished the document or informed of its substance; and (e) the date the

3  document was generated, prepared, or dated.

4       In *In re Atl. Fin. Fed. Sec. Litig.*, No. 89-0645, 1991 WL 153075 (E.D. Pa. Aug. 6, 1991), a

5  class action securities fraud case, the plaintiffs filed a motion to compel production of *inter alia*,

6  minutes of and reports to the board of directors and unredacted copies of documents previously

7  produced.  The plaintiffs asserted that the defendants had deleted and withheld highly relevant pages

8  from the documents it produced, and that the defendants had redacted other documents to such an

9  extent that they had been rendered meaningless.  Defendants responded "that the vast majority of the

10 documentation would be provided in unredacted form," but noted that "only those documents

11 containing irrelevant information . . . were . . . redacted."  After noting the plaintiffs' reliance upon

12 *Seafirst Corp. v. Jenkins*, 644 F. Supp. 1160 (W.D.Wash. 1986), the court stated that:

13       In the present case, no privileges are asserted by [the defendants] and the only
         objection made is that the redacted information is irrelevant.  Given that relevancy is
14       broadly construed for discovery purposes . . . and that plaintiffs have indicated the
         possibility of additional relevant information within the redacted documents, it is
15       within this Court's discretion to order the documents produced in unredacted form.
         Moreover, defendants are already well-protected from improper disclosure by the
16       confidentiality order.   Therefore, in the event that there are documents yet
         unproduced or produced in redacted form, defendants are ordered to produce those to
17       plaintiffs.

18 *Atl. Fin.*, 1991 WL 153075, at *4; *see also In re Medeva Sec. Litig.*, No. 93-4376-KN, 1995 WL

19 943468 (C.D. Cal. May 30, 1995), where the court found that with respect to documents redacted for

20 reasons other than privilege, corrective measures were warranted, and granted the plaintiffs' motion

21 to compel the defendants to produce unredacted copies of documents redacted on a basis other than

22 privilege.  *Id.* at *3.

23       **C.**     **Defendants Have Violated Fed. R. Civ. P. 26(b)(5) and This Court's
                   Order in the Discovery Plan by Not Producing a Privilege Log for the**
24                 **Hundreds of Redactions Contained in NDCA-ORCL 00001-039333**

25       Despite the fact that defendants are required to provide an explanation and log for each and

26 every redaction they make in a discoverable document pursuant to the Discovery Plan and the

27 Federal Rules of Civil Procedure, they have refused to do so.  The redactions in dispute range from

28 the wholesale redaction of information in board packages (Exs. 23-32 to Plaintiffs' MTC), to

1   redactions of information in Board of Directors Audit Committee Meeting Minutes (Ex. 5 to

2   Plaintiffs' MTC), to redactions in forecasting documents (Exs. 6-8 to plaintiffs' MTC), to redactions

3   to documents concerning Ellison's inside stock sales (Exs. 9-10 to plaintiffs' MTC), to redactions to

4   billion dollar savings documents (Ex. 11 to plaintiffs' MTC), to redactions even to Oracle's

5   Employee Handbook (Ex. 12 to plaintiffs' MTC), to entire blank pages (Ex. 13 to plaintiffs' MTC).

6   These highly relevant documents fit squarely within the documents contemplated under the

7   Discovery Plan and are directly responsive to Document Request Nos. 1-16, 27-31, 47 and 48 of

8   Plaintiffs' First Document Requests. *See* McLaughlin Decl., Ex. H. Independently, the documents

9   also are called for by the Discovery Plan itself, which calls for not only the production of documents

10  produced in the derivative cases, but also for all documents concerning insider trading, forecasting,

11  the 11i Suite, the impact upon Oracle caused by the economy and Oracle's revenues and earnings –

12  the "Key Issues in Case" as defined in the Discovery Plan.

13          Defendants did not produce these documents before any document requests were served, as

14  the Special Master seems to have understood.  They were produced more than six weeks after

15  defendants had received Plaintiffs' First Document Requests, which put them on precise notice of

16  what plaintiffs were seeking in this case.  Eighteen of the nineteen boxes were produced, according

17  to defendants themselves, in response to Plaintiffs' First Document Requests.  The fact that

18  defendants may have also produced these documents in the related derivative actions in redacted

19  form does not negate their duty to comply with the federal rules and this Court's Order in this case.

20  The defendants' deliberate hiding of relevant information without providing an explanation should

21  not be permitted.

22          **D.      Defendants Offer No Authority or Legal Basis for Their Defiance of
                      the Court's Order Requiring a Privilege Log**

23

24          No authority has been cited to justify the unexplained redactions because there is none.  The

25  fact that the same documents happen to be responsive and produced in more than one action does not

26  excuse the parties from complying with the rules and orders set in place in the respective actions.

27  Defendants' assertion that they do not have to provide a log of these redactions because they

28  "voluntarily" produced these documents as part of their "initial disclosures" before the Discovery

1   Plan was ordered, aside from being completely untrue, lacks any legal basis.  Defendants were and

2   are under a duty to produce these very same documents in response to the Discovery Plan as they fit

3   squarely within its scope.  The fact that defendants produced some (not all) of these documents in

4   redacted form with their initial disclosures (one box out of nineteen) does not exempt them from

5   abiding by the Court's Order in this litigation to produce all documents called for under the

6   Discovery Plan or a log within 45 days of production.  If it did, one could envisage huge amounts of

7   redacted materials would be produced by defendants in their Initial Disclosures to avoid the

8   discovery rules.

9          Regardless of the fact that the documents were first produced before the Discovery Plan was

10  in place, or that a few were called "Initial Disclosures" by defendants, the Federal Rules of Civil

11  Procedure impose the same procedures relating to withheld information.  Defendants cannot assert

12  that they never had an obligation to produce these same documents in this litigation, as clearly the

13  board or committee minutes, e-mails, forecast reports and other identified documents are responsive

14  to the Discovery Plan and Plaintiffs' First Document Requests.[4]

        **E.      All of the Documents that Were Redacted Without a Log or**
15              **Explanation Should Be Produced in Their Complete Form**

16         Defendants' complete failure to provide any explanation for the hundreds of redactions in the

17  NDCA-ORCL 00001-039333 production amounts to a waiver of any privilege that may have

18  attached to any of the entries.  *See Burlington*, 408 F.3d 1142 (waiver of privilege where log

19  provided was untimely and the claimant was a sophisticated corporate litigant).  *See also* Fed. R.

20  Civ. P. 26(b) Advisory Committee's note ("To withhold materials without such notice is contrary to

21  the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the

22  privilege or protection.").  Oracle and the individual defendants are clearly sophisticated corporate

23

24

25

_____

26  [4]    Oddly, defendants did produce in this litigation unredacted deposition transcripts and
    interview memoranda from the derivative cases, after plaintiffs repeatedly complained of redactions
27  to those materials.  However, they have flatly failed to produce a log for the remaining redacted
    documents or to produce them in unredacted form.

28

1  litigants.  Therefore, all of the unlogged redacted documents in NDCA-ORCL 00001-039333 or

2  otherwise in the litigation should be produced in their entirety.

3  **IV.      CONCLUSION**

4        For the foregoing reasons, plaintiffs respectfully request the Court to reverse the Special

5  Master's ruling on the unlogged redacted documents in NDCA-ORCL 00001-039333 and order

6  these documents produced in their unredacted form.

7  DATED:  January 25, 2007                    Respectfully submitted,

8                               LERACH COUGHLIN STOIA GELLER
                                  RUDMAN & ROBBINS LLP
9                               MARK SOLOMON
                                DOUGLAS R. BRITTON
10                              VALERIE L. McLAUGHLIN
                                GAVIN M. BOWIE

11

12

13                                  s/ VALERIE L. McLAUGHLIN
                                  VALERIE L. McLAUGHLIN

14                              655 West Broadway, Suite 1900
                                San Diego, CA  92101
15                              Telephone:  619/231-1058
                                619/231-7423 (fax)
16

17                              LERACH COUGHLIN STOIA GELLER
                                  RUDMAN & ROBBINS LLP
18                              SHAWN A. WILLIAMS
                                WILLOW E. RADCLIFFE
19                              ELI R. GREENSTEIN
                                MONIQUE C. WINKLER
20                              100 Pine Street, Suite 2600
                                San Francisco, CA  94111
21                              Telephone:  415/288-4545
                                415/288-4534 (fax)
22                              Lead Counsel for Plaintiffs

23 S:\CasesSD\Oracle3\BRF00038561.doc

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on January 25, 2007, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4

addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5

mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6

participants indicated on the attached Manual Notice List.

7

8

          s/ VALERIE L. McLAUGHLIN
          VALERIE L. McLAUGHLIN

9

          LERACH COUGHLIN STOIA GELLER
              RUDMAN & ROBBINS LLP

10

          655 West Broadway, Suite 1900
          San Diego, CA  92101-3301

11

          Telephone:  619/231-1058

12

          619/231-7423 (fax)
          E-mail:ValerieM@lerachlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com cheryl.grant@pillsburylaw.com

- **Reed R. Kathrein**
  reedk@lerachlaw.com e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **Michele F. Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com swalker@be-law.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Darren J. Robbins**

- **Sanna Rachel Singer**
  ssinger@sideman.com mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;aelishb@lerachlaw.com;moniquew@lerachlaw.c

- **Jamie Lynne Wine**
  jamie.wine@lw.com karen.kelly@lw.com

- Monique Winkler
  MoniqueW@lerachlaw.com
  E_File_SF@lerachlaw.com;MoniqueW@lerachlaw.com;shawnw@lerachlaw.com;travisd@lerachlaw

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Dorian Daley**
500 Oracle Parkway
Redwood City, CA 94065

**Corey D. Holzer**
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338