# EXHIBIT A

| | |
|---|---|
| **From:** | Doug Britton |
| **To:** | Lee H. Rubin |
| **Date:** | 1/5/2005 6:28:17 PM |
| **Subject:** | RE: Securities: Protective Order |

Lee:

I can think of no other reason than "delay" for your decision to withhold documents until the protective order is signed by the Court. Like I said before, you have our agreement to treat the documents as confidential in accordance with what we have mutually agreed upon (in fact we have even offered to treat them as attorneys eyes only) pending entry. In other words, defendants have the protection that they desire. What is the concern that is causing them to wait until the Court actually signs the order?

During the December 7 hearing, Judge Jenkins did not state that defendants could withhold their initial disclosures (which you have said all along with include a production of documents) until we agreed upon a protective order. In fact, he said the exact opposite. He instructed us to "get the protective order done" before the deadline if its going to govern the documents that defendants intend to produce as part of their initial disclosures. Defendants have decided to produce the Delaware documents voluntarily. That decision should not affect their initial disclosures. Indeed, unless every document that defendants intend to produce as part of their initial disclosures is designated confidential (which would be unlikely given our discussions about the manner in which defendants intend to select documents for designation), they are certainly not entitled to withhold the non-confidential documents pending entry. Those documents (and the documents that may be designated confidential) must be produced. Alternatively, defendants could have described them by category on December 21, 2004 -- as Rule 26 contemplates. They chose not to and now have an obligation to produce the documents. In fact, their production is more than a week overdue.

Just to clarify, plaintiffs will not be producing documents to comply with their initial disclosure obligations. Rule 26 permits a party to identify the documents instead of producing them, which your e-mail notes that we have done. Plaintiffs will respond appropriately to defendants' document requests when they are required to do so under the Federal Rules.

We will work expeditiously to revise the protective order as the Court ordered. Defendants are not entitled, however, to delay their compliance with Rule 26 while we do so. As I have requested before, please produce the documents that defendants have chosen to produce to comply with their initial disclosure obligations. If you want to wait until the Court signs the order before producing the Delaware documents, I have no basis to object. But I do have a basis to object for the documents that defendants have chosen not to describe by category and a refusing to produce. We are entitled to those documents now.

Doug

ORACLE III

Douglas R Britton
LERACH COUGHLIN STOIA
  GELLER RUDMAN & ROBBINS
401 B Street, Suite 1700
San Diego, CA 92101
T: (619) 231-1058
F: (619) 231-7423

>>> "Rubin, Lee H." <LRubin@mayerbrownrowe.com> 1/5/2005 5:15:15 PM >>>
Doug -- It has always been understood that our document production,

which consists of confidential materials, would take place once the
protective order is entered.  Indeed, Judge Jenkins specifically stated
at the December 7 hearing that we would not be required to produce
documents that were otherwise subject to the protective order in
Delaware.  Moreover, other than the one box of documents that consist of
our Rule 26 documents, the other 18 boxes you will be receiving are
being produced voluntarily even though our response to your first
request for documents (to which some, but not all, of the documents are
responsive) is not yet due.  Given all this, there is no "delay" in our
production.

Also, you have not yet produced the documents that you identified in
your initial disclosures, even though I presume, that none, or few of
those, will be designated as confidential.

Thus, as Shirish noted, we plan to produce the 19 boxes to IKON (as you
directed) as soon as the protective order is entered.  Both sides should
focus on expeditiously submitting a revised version to the Court.

Lee
-----Original Message-----
From: Doug Britton [mailto:DOUGB@lerachlaw.com]
Sent: Wednesday, January 05, 2005 3:53 PM
To: Shawn Williams; Gupta, Shirish
Cc: Willow Radcliffe; Rubin, Lee H.
Subject: RE: Securities: Protective Order


Shirish:

Waiting until the Judge actually puts pen to paper on the protective
order unnecessarily delays the litigation.  And given the short
discovery schedule, the delay is objectionable.  You have our agreement
to the terms of a protective order and the minor issues that Judge
Jenkins raised leaves no doubt that he will sign it when submitted.
Please have defendants produce the documents immediately after we reach
agreement on the revised language.

On the revisions, the phrase "(i) a declaration establishing that the
document is sealable and (ii) a proposed order sealing the document" is
unclear.  Are you intending to convey that the party filing the motion
will be required to submit a declaration setting forth the reasons why
the document should be filed under seal and a proposed order granting
the motion?

Douglas R Britton
LERACH COUGHLIN STOIA
    GELLER RUDMAN & ROBBINS
401 B Street, Suite 1700
San Diego, CA 92101
T: (619) 231-1058
F: (619) 231-7423

>>> "Gupta, Shirish" <SGupta@mayerbrownrowe.com> 1/5/2005 3:22:06 PM
>>>
Doug,