# EXHIBIT 3

Patrick E. Gibbs
Direct Dial: (650) 463-4696
E-mail: patrick.gibbs@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600 Fax: (650) 463-2600
www.lw.com

# LATHAM&WATKINS LLP

**FIRM / AFFILIATE OFFICES**

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

January 15, 2007

## BY EMAIL AND FACSIMILE

The Honorable Edward A. Infante
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111

Re: <u>In re Oracle Corporation Securities Litigation</u>

Your Honor:

    I write with regard to the telephonic hearing currently scheduled for Tuesday, January 16, 2007, at 8:45 a.m., regarding the depositions of Safra Catz and Larry Ellison.

    On December 14, 2006, Your Honor issued an order requiring Defendants to produce Ms. Catz and Mr. Ellison for additional deposition testimony by no later than January 25, 2007. *See* 12/14/2006 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel the Depositions of Christopher Balkenhol and Dorian Daley and Additional Time for the Depositions of Larry Ellison and Safra Catz (the "Deposition Order"). At Plaintiffs' request, Defendants have arranged to produce Ms. Catz on January 19 and Mr. Ellison on January 25. *See* 1/9/2007 Letter from S. Kaplan to S. Coyle, attached hereto as Exhibit A. In the meantime, however, two events have occurred since December 14, 2006 that substantially affect these deposition dates.

    First, on December 19, 2006, December 29, 2006 and January 3, 2007, Your Honor issued three separate orders requiring Defendants to produce additional documents and submit certain documents for *in camera* review in order to resolve certain privilege disputes. *See* 12/19/2006 Order Granting Plaintiffs' Motion to Enforce the Special Master's July 17, 2006 Order and to Compel Additional Accounting Documents Based on Recent Testimony and New Evidence (the "Accounting Order"); 12/29/2006 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Defendants' Production of Documents Concerning and Created in Preparation for the Book Softwar (the "*Softwar* Order"); 1/3/2007 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs (the "Privilege Order"). As discussed in more detail below, it is now clear that many of these documents will not be produced, and various other issues may not be resolved, until after the currently scheduled deposition dates of January 19 and 25. Second, pursuant to Judge Jenkins's instructions at a January 9, 2007 status conference, the parties

The Honorable Edward A. Infante
January 15, 2007
Page 2

## LATHAM&WATKINS LLP

stipulated to a pre-trial and trial schedule that extended, by two months, several pre-trial dates, including the date for disclosure of experts and production of expert reports. *See* Stipulation and [Proposed] Amended Pretrial Order Setting a Schedule for Expert Discovery, Dispositive Motions, Settlement Conference and Trial, attached hereto as Exhibit B. As a result, Plaintiffs are not required to produce expert reports until April 27, 2007. *See id.*, at 2.

Defendants are prepared to proceed with the Catz and Ellison depositions as scheduled on January 19 and 25. But given the substantial document production issues that remain pending at this time, Defendants wish to avoid additional, *seriatim* requests for additional deposition time with these two senior Oracle executives. To that end, Defendants respectfully request either: (i) an order extending the date for completing Ms. Catz's and Mr. Ellison's depositions until March 30, 2007 (a month before Plaintiffs are due to submit their expert reports); or (ii) an order making clear that, if the depositions proceed as planned on January 19 and 25, Plaintiffs will not be permitted to seek any further deposition time with either witness based on any future production of documents. Although Defendants have offered to agree to either approach, Plaintiffs so far have refused to agree to either one.

The unresolved document production issues are substantial. Under the Special Master's January 12, 2007 order, Defendants plan to produce an estimated 2,000 pages of documents by January 30, five days after the January 25 deadline for the Catz and Ellison depositions. *See* 1/12/2007 Order Granting in Part Defendants' Motion for Modification of Order Granting Plaintiffs' Motion to Enforce the Special Master's July 17, 2006 Order and to Compel Additional Accounting Documents Based on Recent Testimony and New Evidence. And under the Special Master's December 19, 2006 Accounting Order, Defendants plan to produce several hundred thousand pages of documents on January 17, just two days before the currently-scheduled Catz deposition. *See* Accounting Order at 23. Yet another category of accounting-related documents are to be produced in redacted form. *See* 1/3/2007 Privilege Order at 20. From this group Plaintiffs will be allowed to select 100 documents for *in camera* review to resolve a pending privilege dispute, and it is not clear when those privilege issues will be resolved. *Id.* Defendants do not know whether Plaintiffs intend to use these accounting-related documents with Ms. Catz or Mr. Ellison, but Plaintiffs have refused to rule out that possibility, just as they have refused to rule out the possibility of seeking further deposition time with these witnesses based on documents to be produced on January 17 or 30 (or to be produced after *in camera* review). Given the lack of any impending deadline under the pre-trial schedule before Judge Jenkins, Defendants can see no reason why these two depositions should proceed now if there is any possibility that Plaintiffs will wish to question these witnesses about documents to be produced over the next two weeks.

Of similar effect are certain other documents that Defendants have submitted for *in camera* review to resolve various privilege issues. *See* 1/11/2007 Letter from R. Morgan to the Honorable E. Infante. We do not know when these privilege issues will be resolved, but Plaintiffs have made quite clear that they intend to question both Mr. Ellison and Ms. Catz about the customer issues involved in these documents. *See* Plaintiffs' 10/30/2006 Motion to Compel the Depositions of Christopher Balkenhol and Dorian Daley and Additional Time for the Depositions of Larry Ellison and Safra Catz (the "Deposition Motion"). Indeed, Plaintiffs'

SF\593652.1

## LATHAM&WATKINS LLP

request for more deposition time with Mr. Ellison and Ms. Catz was based, in part, on Plaintiffs' request for these very types of documents. *See* Deposition Motion at 6-7, 10-11.

With regard to Your Honor's December 14, 2006 *Softwar* Order, Defendants just received this morning approximately 200 pages of interview transcripts from Matthew Symonds, the author of *Softwar*. Responsive transcripts, together with the final agreement between Mr. Ellison and Mr. Symonds, will be timely produced on January 16, 2007. In the meantime, however, Plaintiffs have requested additional discovery pertaining to *Softwar*. *See* 1/12/2007 Letter from M. Solomon to the Honorable E. Infante. It is not at all clear that Plaintiffs' request for additional discovery will be resolved, one way or another, in advance of the January 19 and 25 deposition dates. Certainly, if Plaintiffs are allowed any further discovery—some of which would require Plaintiffs to seek an order from the United Kingdom High Court under the Hague Convention—it is quite clear that the discovery itself would take place after the currently-scheduled dates. To the extent that Plaintiffs may wish to question Mr. Ellison or Ms. Catz about any of these issues, Defendants can see no reason why Mr. Ellison's or Ms. Catz's depositions should proceed now given the risk that later-received materials may generate yet another request for more deposition time.

Defendants are working diligently to respond to Your Honor's recent discovery orders, and are prepared to go forward with the Catz and Ellison depositions on the current schedule. Defendants simply wish to avoid subjecting two of Oracle's most senior executives to *seriatim* requests for additional deposition time based upon document productions that the parties already know will take place, at least in part, after the scheduled dates. Mr. Ellison has already sat for two full days of deposition testimony in this matter (on top of two days in the related derivative cases), and stands ready to sit for an additional three and a half hours. Ms. Catz has already sat for one full day of testimony in this matter (on top of her deposition testimony in the derivative cases), and stands ready to sit for an additional two and a half hours. There is simply no basis for subjecting them to a risk of yet another request for additional deposition time. Accordingly, Defendants respectfully request either (i) an order extending the date for completing Ms. Catz's and Mr. Ellison's depositions until March 30, 2007, or (ii) an order making clear that Plaintiffs will not be permitted to seek any further deposition time with either witness based on any future production of documents.

Respectfully,

Patrick E. Gibbs /RAY
of LATHAM & WATKINS LLP

CC:
Shawn Williams, Esq.
Mark Solomon, Esq.