1   LATHAM & WATKINS LLP                      LATHAM & WATKINS LLP
       Peter A. Wald (SBN 85705)                 Patrick E. Gibbs (SBN 183174)
2      Michele F. Kyrouz (SBN 168004)         140 Scott Drive
    505 Montgomery Street, Suite 2000         Menlo Park, California 94025
3   San Francisco, California 94111-2562      Telephone: (650) 328-4600
    Telephone: (415) 391-0600                 Facsimile: (650) 463-2600
4   Facsimile: (415) 395-8095                 E-mail: patrick.gibbs@lw.com
    E-mail: peter.wald@lw.com
5            michele.kyrouz@lw.com

6   LATHAM & WATKINS LLP
       Jamie L. Wine (SBN 181373)
7   633 West Fifth Street, Suite 4000
    Los Angeles, California 90071-2007
8   Phone: (213) 485-1234
    Fax: (213) 891-8763
9   E-mail: jamie.wine@lw.com

10  Attorneys for Defendants

11  ORACLE CORPORATION
       Dorian E. Daley (SBN 129049)
12     James C. Maroulis (SBN 208316)
    500 Oracle Parkway
13  Mailstop 5OP7
    Redwood Shores, California 94065
14  Telephone: (650) 506-5200
    Facsimile: (650) 506-7114
15  E-mail: jim.maroulis@oracle.com

16  Attorneys for Defendant ORACLE CORPORATION

17              **UNITED STATES DISTRICT COURT**

18       **NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

19  | In re ORACLE CORPORATION | Master File No. C-01-0988-MJJ (JCS) |
20  | SECURITIES LITIGATION | |
    | | CLASS ACTION |
21  | | |
    | This Document Relates To: | DEFENDANTS' OPPOSITION TO |
22  | | PLAINTIFFS' OBJECTION TO THE |
    | ALL ACTIONS. | SPECIAL MASTER'S ORDER GRANTING |
23  | | IN PART AND DENYING IN PART |
    | | PLAINTIFFS' MOTION TO COMPEL |
24  | | DOCUMENTS CONTAINED IN |
    | | DEFENDANTS' PRIVILEGE AND |
25  | | REDACTION LOGS |
    | | |
26  | | DATE: N/A |
    | | TIME: N/A |
27  | | COURT: The Honorable Joseph C. Spero |

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 2

II.   FACTUAL AND PROCEDURAL HISTORY ......................................... 3

III.  STANDARD OF REVIEW AND LEGAL STANDARD............................ 6

IV.   ARGUMENT ............................................................................................. 7

    A.    Plaintiffs' Current Claim is Barred by The parties' Prior Discovery Compromises. ............................................................................... 7

    B.    Defendants are not Required to Produce a Log for copies of productions made in other litigations................................................ 7

    C.    Defendants Complied with Fed. R. Civ. P. 26(b)(5) and the Discovery Plan by Separately Producing in this Litigation Documents Originally Produced in the Derivative Lawsuits that are Independently Responsive to the Scope of Discovery in this action. ................... 9

        1.    Plaintiffs Improperly Attempt To Revise Their Claim. ............ 9

        2.    Plaintiffs' Argument Is Meritless........................................ 10

V.    CONCLUSION ......................................................................................... 12

LATHAM & WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Cornn v. United Parcel Servs.*
No. C03-2001 TEH, 2006 U.S. Dist. LEXIS 69196 (N.D. Cal. Sept. 14, 2006)....................6

### STATUTES

Fed. R. Civ. P. 26(b)(5)...............................................................................................................6

Fed. R. Civ. P. 53(g)(3) and (4) ..................................................................................................6

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)

1    Defendants respectfully submit this Opposition to Plaintiffs' Objection to the

2    Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel

3    Documents Contained in Defendants' Privilege and Redaction Logs (the "Objection").

4    **I.      INTRODUCTION**

5    Over two years ago, in January 2005, well before the scope of discovery was

6    established, Defendants voluntarily produced copies of the documents Oracle previously had

7    produced in the prior state court derivative proceedings.  Some portion of the prior production

8    contained redactions, which naturally were reflected in the copies that Plaintiffs received in this

9    case.  At the time of this production, Defendants correctly believed that some of this material

10   would not be relevant or ultimately discoverable in this matter, but hoped to avoid motion

11   practice over documents that already had been produced elsewhere.  Defendants also believed

12   that this early production would further the parties' efforts to meet the February 24, 2006 fact

13   discovery cutoff, and set the tone for a cooperative discovery process.  Plaintiffs' pursuit of this

14   Objection, which seeks unredacted copies of these documents based upon a motion Plaintiffs

15   waited nearly two years to file, suggests that Defendants' hopes of completing fact discovery in

16   an efficient and cooperative manner may have been naïve.

17   Not only is Plaintiffs' claim a disappointing response to Defendants' efforts to

18   litigate the case quickly and amicably, it is clearly barred by the parties' prior resolution of this

19   issue.  In April 2006, as one of a series of compromises involving a variety of discovery issues,

20   Plaintiffs withdrew a motion directed at this very issue and represented to Defendants (and the

21   Court) that this issue had been resolved.  Thereafter, Plaintiffs' conduct over the course of the

22   remainder of discovery was consistent with this representation.  Plaintiffs changed course only at

23   the close of fact discovery, when they filed a motion seeking unredacted copies of *every redacted*

24   *document Defendants had produced in this matter, as well as all documents withheld as*

25   *privileged*.  The Special Master denied this request in most respects, including Plaintiffs' request

26   for unredacted copies of the derivative productions.  Plaintiffs' Objection followed, this time

27   focusing solely on the derivative material.  This claim, however, is flatly barred by the parties'

28   prior agreement.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)

1    Although they now assert that these are critically important "core" materials,

2  Plaintiffs waited for the entire discovery portion of the case to pass – during which time the

3  parties deposed over 120 witnesses – before seeking to compel the production of these

4  documents.  This history (including Plaintiffs' withdrawal of their prior motion) demonstrates

5  that Plaintiffs' current filing is just another cynical attempt to prolong discovery.  This

6  conclusion is supported by the substance of Plaintiffs' Objection; indeed, Plaintiffs' argument

7  amounts to nothing more than an attempt to force Oracle to amend a production *from an earlier*

8  *case to which Plaintiffs were not parties*.  The Special Master correctly rejected this argument,

9  and thus refused to permit Plaintiffs "to challenge Oracle's production and logs from an earlier

10  case in which Plaintiffs were not a party, and [refusing to] require Oracle to eliminate or explain

11  the earlier redactions."  *See* Declaration of Valerie McLaughlin in Support of Plaintiffs'

12  Objection ("McLaughlin Decl."), Ex. G (Jan. 3, 2007 Order) at 19.

13    Plaintiffs now suggest that the Special Master "misunderstood" the issue, and they

14  argue that the Objection really is about Oracle's failure to produce or log copies of these

15  documents (separate and apart from the copies of the derivative productions) as part of its

16  affirmative discovery obligations in *this* case.  *See* Objection at 4.  This is a transparent attempt

17  to recast the substance of their original Motion.  As the very examples highlighted by Plaintiffs

18  demonstrate, however, this revised argument fares no better than its predecessor.  The documents

19  cited by Plaintiffs were produced again in this case *if they were responsive to the scope of*

20  *discovery in this matter*.

21    In sum, Plaintiffs' Objection should be overruled, and the decision of the Special

22  Master should be affirmed.

23  **II.    FACTUAL AND PROCEDURAL HISTORY**

24    Oracle now has produced nearly 1.7 million pages of documents in this case to

25  date, and has spent many millions of dollars propounding and responding to discovery.  The

26  derivative documents that are the subject of the Objection were the very first documents that

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)

1   Defendants produced.[1]  Defendants expressly characterized the productions as "voluntarily" and

2   noted that Oracle's responses to Plaintiffs' outstanding discovery requests were not yet due.  *See*

3   Supplemental Declaration of Valerie McLaughlin in Support of Plaintiffs' Objection ("Suppl.

4   McLaughlin Decl."), Ex. A (Jan. 5, 2005 Email) at 2.  Plaintiffs confirmed this understanding.

5   *See id.* at 1.  Thus, although Plaintiffs now attempt to deny it, both parties clearly were aware

6   that Oracle's production of these documents was voluntary, and was neither a response to

7   Plaintiffs' discovery requests nor part of Defendants' initial disclosures.

8           As noted above, Defendants had hoped that the voluntary production of these

9   materials might expedite discovery and avoid an unnecessary dispute.  Oracle did not believe

10  that all of the materials produced in the derivative proceedings would be relevant to this case,

11  and told Plaintiffs as much (*id.* at 1-2); nevertheless, Defendants considered a fight over whether

12  the derivative productions should be turned over in this case to be an unnecessary waste of time

13  and resources.  Defendants also were committed to completing fact discovery by the deadlines

14  set forth in the Amended Pretrial Schedule.  Indeed, just a few weeks before Oracle produced the

15  derivative materials, Judge Jenkins had established a February 24, 2006 fact discovery cutoff.

16  *See* Declaration of Sean P.J. Coyle in Support of Defendants' Opposition to Plaintiffs' Objection

17  ("Coyle Decl."), Ex. A (Dec. 17, 2004 Amended Pretrial Order).  Oracle correctly anticipated

18  that it would take a couple of more months before the Court could establish the scope of

19  discovery, (*see* Coyle Decl., Ex. B (Mar. 10, 2005 Amended Order Setting a Discovery Plan)

20  (the "Discovery Plan")), and believed that this voluntary production would help the parties meet

21  the aggressive but (in Oracle's view) achievable pretrial schedule.

22

23  _____

24  [1]     Although Plaintiffs state that their Objection focuses on documents Bates labeled NDCA-
        ORCL 000001-039333, the derivative productions were broader than this range.  Consistent with
25  this fact, several of the exhibits Plaintiffs cite in support of their Objection (*see, e.g.,* Declaration
        of Douglas Britton in Support of Plaintiffs' Motion to Compel, attached as Exhibit D to the
26  McLaughlin Declaration in Support of Plaintiffs' Objection ("Britton Decl.") at Exs. 9-12) do
        not fall within this Bates range, but nonetheless were part of the derivative productions
27  Defendants provided to Plaintiffs early in January 2005.  *See, e.g.,* Objection at 7.  Therefore, in
        this Opposition, Defendants will address all of the examples raised by Plaintiffs regarding the
28  derivative productions, even those documents that fall outside of the Bates range NDCA-ORCL
        000001-039333.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)

1    Plaintiffs' moved much more slowly.  In fact, Plaintiffs concede that they had

2  received the derivative materials by January 2005.  *See* Objection at 2.  Plaintiffs did not even

3  approach the Court about the derivative documents, however, until March 15, 2006, when they

4  filed a letter brief containing 11 different discovery demands.  Among other things, Plaintiffs

5  sought "a complete set of unredacted documents from the derivative actions."  *See* Coyle Decl.,

6  Ex. C (Plaintiffs' March 15, 2006 Letter Brief).[2]  Following these submissions, and several

7  simultaneous filings by Defendants, this Court attempted to broker a compromise on the

8  outstanding discovery disputes.  While the parties were unable to resolve all of their

9  disagreements, they did resolve some issues, including this one.  *See* Coyle Decl., Ex. E at 1 &

10  Ex. F at 1 (Parties' April 4, 2006 Letter Briefs).

11    As a part of a larger compromise, Defendants agreed to produce copies of those

12  logs that were prepared in connection with the derivative proceedings to the extent they existed

13  and Oracle possessed the logs.  *See id.*, Coyle Decl., Ex. G (Mar. 27, 2006 Letter from B.

14  Glennon to S. Williams) at 1-2 & Ex. H (Mar. 29, 2006 Letter from B. Glennon to S. Williams)

15  at 1.[3]  Thereafter, both sides represented to the Court that Plaintiffs' motion seeking unredacted

16  copies of the derivative materials had been resolved, and Plaintiffs promptly withdrew the

17  motion.  *See* Coyle Decl., Exs. E & F  (Parties' April 4, 2006 Letter Briefs).  The remaining six

18  months of fact discovery – during which time the parties deposed scores of additional witnesses

19  – passed, and Plaintiffs made no further claim that they were entitled to an unredacted set of the

20  derivative material.  Nor did Plaintiffs argue that they did not receive the fruits of the parties'

21  compromise.

22

23  _____

24  [2]    At that time, Defendants' response was the same as it is now:  "Plaintiffs have not (and
cannot) point to any authority compelling Defendants to produce unredacted versions of

25  documents which Defendants were (and are) under no obligation to produce."  Coyle Decl., Ex.
D (Defendants' March 15, 2006 Letter brief) at 8.

26  [3]    Plaintiffs mischaracterize this exchange in their Objection, referring to the letters without
providing them to the Court, and claiming that Defendants promised to "provide" redaction logs

27  for the derivative documents in letters dated March 27 and 29, 2006.  Objection at 2.
Defendants, however, merely agreed to provide whatever logs had existed in the prior

28  proceedings.  Defendants never offered to create new redaction logs that did not exist in the
derivative litigations.

LATHAM&WATKINS⁁
ATTORNEYS AT LAW
SAN FRANCISCO

5    DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)

1    Instead, Plaintiffs waited until the close of fact discovery and then swung for the

2    fences – seeking an order compelling Defendants to produce an unredacted copy of *every*

3    document that had been produced in redacted form.  Indeed, Plaintiffs sought unredacted copies

4    of the derivative productions as well as documents that had been redacted on privilege or work

5    product grounds.  *See* McLaughlin Decl., Ex. A. (Plaintiffs' Motion to Compel).  In large

6    measure, the Special Master denied Plaintiffs' Motion.  *See* McLaughlin Decl., Ex. G (Jan. 3,

7    2007 Order) at 20-21.  Plaintiffs then filed this Objection seeking to reverse that portion of the

8    Special Master's Order denying their request for an order compelling the production of a set of

9    unredacted copies of the derivative documents.  Tellingly, Plaintiffs' Objection never mentions

10   their prior motion to compel, the subsequent compromise, or the parties' submissions to the

11   Court representing that this issue had been resolved once and for all.

12   **III.     STANDARD OF REVIEW AND LEGAL STANDARD**

13   The special master's findings of fact and conclusions of law are reviewed *de*

14   *novo.  See* Fed. R. Civ. P. 53(g)(3) and (4); *see also Cornn v. United Parcel Servs.*, No. C03-

15   2001 TEH, 2006 U.S. Dist. LEXIS 69196, at *4-5 (N.D. Cal. Sept. 14, 2006) (applying *de novo*

16   standard in review of special master's discovery ruling).  Although Plaintiffs cite this standard,

17   they also rely upon Federal Rule of Civil Procedure 26(b)(5) in support of their legal argument.

18   Rule 26(b)(5), however, governs only those circumstances where "***a party*** withholds information

19   ***otherwise discoverable under these rules*** by claiming that it is privileged or subject to protection

20   as trial-preparation material."  *Id.* (Emphasis added).

21   Here, Defendants did not withhold the redacted information in the derivative

22   documents ***as parties to this litigation***.  Rather, the parties ***to the derivative litigations*** redacted

23   that information, and only those parties were entitled to challenge the redactions; apparently,

24   they did not.[4]   The redactions that appear on the documents Defendants produced to Plaintiffs in

25   this case simply because they were part of the record in the other proceeding.  Nothing in Rule

26   26(b)(5) empowers Plaintiffs in ***this*** action to challenge the redactions made in that other lawsuit.

27   _____

28   [4]    As the Special Master made clear, Plaintiffs were not parties to the derivative litigations.
     *See* McLaughlin Decl., Ex. G (Jan. 3, 2007 Order) at 19.

LATHAM&WATKINS\
ATTORNEYS AT LAW\
SAN FRANCISCO

6                    DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION\
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS\
Master File No. C-01-0988-MJJ (JCS)

1  While parties frequently obtain through discovery documents produced in another lawsuit,

2  parties are not entitled to second-guess the privilege and redaction calls made in that other case.

3  **IV.    ARGUMENT**

4      **A.    PLAINTIFFS' CURRENT CLAIM IS BARRED BY THE PARTIES' PRIOR DISCOVERY COMPROMISES.**

5          As noted above, Plaintiffs originally moved to compel unredacted copies of the

6  derivative productions nearly a year ago.  *See* Coyle Decl., Ex. C (Plaintiffs' March 15, 2006

7  Letter Brief) at 5-6.  At that time, the parties had presented a large number of discovery disputes

8  to the Court as part of an "omnibus" proceeding.  At the Court's urging, the parties sat in the jury

9  room and attempted to resolve, and did resolve, some of the outstanding disagreements.  *See*

10  Coyle Decl., Exs. E at 1 & F at 1 (Parties' April 4, 2006 Letter Briefs).  One of the issues that the

11  parties successfully resolved was Plaintiffs' letter brief which sought to compel Defendants to

12  produce unredacted copies of the derivative materials.  *Id.*  Thereafter, Plaintiffs withdrew their

13  request and represented to Oracle and to the Court that the issue had been resolved.  Coyle Decl.,

14  Ex. E (Plaintiffs' April 4, 2006 Letter Brief) at 1.  Indeed, Plaintiffs' conduct thereafter

15  demonstrates that Plaintiffs believed that this issue had been resolved.  Plaintiffs proceeded to

16  take dozens of depositions (including depositions of the named Defendants) without unredacted

17  copies of the derivative documents.  It was only after discovery had closed that Plaintiffs

18  professed to be shocked to learn that "core documents" produced two years earlier had

19  redactions.   Plaintiffs' current Objection is flatly inconsistent with the parties' prior compromise

20  and their representations to this Court.  *See* Coyle Decl., Exs. E & F (Parties' April 4, 2006

21  Letter Briefs).

22

23      **B.    DEFENDANTS ARE NOT REQUIRED TO PRODUCE A LOG FOR COPIES OF PRODUCTIONS MADE IN OTHER LITIGATIONS.**

24          As a substantive matter, Plaintiffs argue that Defendants should have produced a

25  privilege log for the redacted portions of the derivative documents that were voluntarily

26  reproduced wholesale at the beginning of this lawsuit.  *See* Objection at 6-7.  Plaintiffs allege

27  that these documents "were produced in this litigation because they are core documents

28  responsive to plaintiffs' document requests and to the Discovery Plan."  *See* Objection at 1-2;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7     DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)

1    Motion at 2.  Indeed, Plaintiffs argue at length that the derivative production was provided in

2    response to Plaintiffs' Discovery Requests, rather than as part of Defendants' Initial Disclosures.

3    *See* Objection at 1-2, 7-9.  This claim is incorrect, but ultimately beside the point.

4            Defendants were explicit that the production of the derivative documents was

5    *neither* a Rule 26 disclosure *nor* a response to Plaintiffs' discovery requests.  In the very e-mail

6    upon which Plaintiffs rely for support of their argument, Defendants stated:

7                Moreover, other than the one box of documents that consist of our
                 Rule 26 documents, the other 18 boxes you will be receiving are
8                being produced voluntarily even though our response to your first
                 request for documents (to which some, but not all, of the
9                documents are responsive) are not yet due.

10   *See* Suppl. McLaughlin Decl., Ex. A (Jan. 5, 2005 email) at 2.  In response, Plaintiffs

11   acknowledged that "Defendants have decided to produce the Delaware documents voluntarily."

12   *Id.* at 1.

13           More importantly, whether the derivative document production is considered part

14   of Oracle's initial disclosures or a response to Plaintiffs' discovery requests (although neither is

15   actually the case) is totally irrelevant.  Neither characterization would justify Plaintiffs'

16   challenge to redactions made in a prior lawsuit.  Plaintiffs have not (and cannot) identify any

17   authority that would support such a proposition.  Thus, the Special Master properly rejected

18   Plaintiffs' argument.

19           Strong equitable principles support the same conclusion.  Not only did Oracle

20   produce these documents voluntarily, it did so notwithstanding its perception, correct as it turned

21   out, that much of the material would be beyond the scope of discovery in this case.  *Id.* at 2.

22   Oracle believed, however, that the Court expected the parties to work cooperatively.  Oracle

23   hoped to do exactly that, and turned over the earlier productions almost immediately – before the

24   scope of discovery was established and shortly after the Court issued the pretrial schedule.  To

25   force Oracle to go back and revise materials originally produced years ago in other matters,

26   particularly at this late date, would punish Oracle for its cooperative approach.  Doing so would

27   send an unmistakable signal that no party should attempt to expedite discovery by turning over

28   such materials voluntarily.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

8        DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
         TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
         Master File No. C-01-0988-MJJ (JCS)

C.    **DEFENDANTS COMPLIED WITH FED. R. CIV. P. 26(B)(5) AND THE DISCOVERY PLAN BY SEPARATELY PRODUCING IN THIS LITIGATION DOCUMENTS ORIGINALLY PRODUCED IN THE DERIVATIVE LAWSUITS THAT ARE INDEPENDENTLY RESPONSIVE TO THE SCOPE OF DISCOVERY IN THIS ACTION.**

Perhaps recognizing the futility of their original argument, Plaintiffs now claim that the Special Master misunderstood the issue, and Plaintiffs now argue that at least a subset of the documents were responsive to the Discovery Plan in this litigation. *See* Objection at 4 n.3, 7. Plaintiffs contend that these documents should have been reproduced either in their entirety or with an appropriate privilege log entry. *See id.* at 4. This argument is meritless; Oracle already has done the very thing Plaintiffs argue is required. Moreover, Plaintiffs' argument also is procedurally improper because it never was raised before the Special Master.

1.    **Plaintiffs Improperly Attempt To Revise Their Claim.**

Before addressing the profound substantive flaws with Plaintiffs' new argument, it bears noting that this argument is not properly the basis of an appeal because it was never raised below. Before the Special Master, Plaintiffs sought to compel the production of unredacted copies of *all redacted documents* produced in this case, including the derivative documents, which were produced more than two years ago. As noted above, the Special Master correctly concluded that Oracle was not required to revisit redactions made during the course of the derivative lawsuits. The Special Master never had the opportunity to address and rule on the argument Plaintiffs now raise – that some redacted documents allegedly are independently responsive in this case under the Discovery Plan – because this was not the basis for Plaintiffs' Motion. Plaintiffs essentially concede that they failed to make this argument, contending that there was a "misunderstanding" on the Special Master's part regarding the issue. Of course, the Special Master did not misunderstand any of the issues. Plaintiffs simply did not raise this contention below – perhaps because they recognized that it would be improper to litigate at the close of discovery an issue that they previously (and repeatedly) represented had been resolved by compromise. Regardless of their motives, however, Plaintiffs cannot at this juncture raise new arguments they failed to advance below. For this reason alone, Plaintiffs' new argument fails.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)

1              **2.      Plaintiffs' Argument Is Meritless.**

2              Putting aside the fatal procedural flaw in Plaintiffs' Objection, the very examples

3   Plaintiffs cite show that their new argument is meritless. *See* Objection at 6-7 (citing Britton

4   Decl. at Exs. 5-13 and 23-32).  These examples confirm that – with respect to those documents

5   that are independently responsive to the Discovery Plan in this case – Defendants produced

6   unredacted or logged the redacted copies of these documents, separate and apart from their initial

7   production of derivate documents in January 2005.

8              For instance, Exhibits 6-8 of the Britton declaration are forecasting spreadsheets

9   that contain material relating to Oracle's 3Q01 license and consulting revenues. *See* Britton

10  Decl., Ex. 6 (NDCA-ORCL 144576 – 144592); Ex. 7 (NDCA-ORCL 039028 – 039042); & Ex.

11  8 (NDCA-ORCL 038818 – 038836.)  These documents were redacted in the derivative lawsuits,

12  and when Oracle produced copies of the derivative document productions, Defendants provided

13  these redacted copies to Plaintiffs. *See id.*

14             These documents, however, are responsive in this matter and, therefore, Oracle

15  gathered and reproduced them in their entirety. *See* Coyle Decl., Ex. I (NDCA-ORCL 099046 –

16  099062); Ex. J (NDCA-ORCL 401068 – 401080); & Ex. K (NDCA-ORCL 620909 – 620932).

17  In other words, Defendants reproduced these documents in unredacted form pursuant to the

18  Discovery Plan in this case.  Plaintiffs need only review these reproduced versions to confirm

19  this fact, and identify what material was redacted during the derivative litigations. *See* Coyle

20  Decl., Ex. I at NDCA-ORCL 099046; Ex. J at NDCA-ORCL 401072; & Ex. K at NDCA-ORCL

21  620921.

22             The remaining examples identified by Plaintiffs either are plainly not responsive

23  to the Discovery Plan, not redacted in the first instance, or not a part of the derivative production

24  (and, therefore, the subject of the portion of the Order at issue here).  For instance, Plaintiffs

25  point to Exhibits 9, 10 and 12, which they suggest relate to Mr. Ellison's purported "inside"

26  stock sales. *See* Objection at 7.  However, Exhibits 9 and 10 are dated in early 2000, nearly a

27  year prior to the alleged "insider" sales by Mr. Ellison, and they do not discuss any act by Mr.

28  Ellison that could arguably qualify even as a "contemplated sale" under the terms of the

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

10      DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)

1   Discovery Plan.  *See* Britton Decl., Exs. 9 & 10; Coyle Decl., Ex. B (Discovery Plan) at 3

2   ("Defendants shall produce documents and communications regarding Defendants' sales or

3   contemplated sales of Oracle securities *during January 2001*.") (Emphasis added).  Plaintiffs'

4   suggestion that this material is responsive is mistaken.

5          Similarly, Exhibit 12 is an excerpt from Oracle's Employee Handbook relating to

6   stock trading policies.  It is dated May 20, 2002, well outside the Relevant Time Period, as

7   defined by the Discovery Plan.  *See* Britton Decl., Ex. 12; Coyle Decl., Ex. B (Discovery Plan) at

8   1 ("[T]he Relevant Time Period shall be from June 1, 2000 to June 1, 2001.").[5]

9          Plaintiffs also cite Exhibits 23-32, which they describe as evidencing the

10  "wholesale redaction of information in board packages."  *See* Objection at 6; Britton Decl., Exs.

11  23-32.  These exhibits are minutes from meetings in early to mid 2000 by Oracle's Board or

12  Board Committees.  None is responsive under the Discovery Plan or any other order in this case.[6]

13  Again, Plaintiffs have copies of these documents only because Oracle voluntarily produced them.

14  As the Special Master properly recognized, this decision does not give rise to any obligation

15  beyond that which Oracle voluntarily assumed in turning over the productions from the earlier

16  derivative cases, and it certainly did not somehow expand the scope of Oracle's discovery

17  obligations.

18         Exhibits 29 and 32 are not, in fact, redacted in the first place. *See* Britton Decl.,

19  Exs. 29 & 32.  Oracle noted this fact in its opposition last November.  *See* McLaughlin Decl., Ex.

20  B (Defendants' Opposition to Plaintiffs' Motion to Compel) at 17 n.12.  Plaintiffs, however,

21  continue to cite these two documents as evidence of "improper" or "unexplained" redactions

22  without response or explanation.

23

24  _____

25  [5]     Moreover, the section of this document that is redacted is titled "Extending and
    Receiving Business Courtesies (Revised February 2002)."  Britton Decl., Ex. 12.  Thus, the
26  redacted information contained material that could not possibly be relevant to any issue in this
    litigation.

27  [6]     Exhibit 5 is much the same.  The Exhibit is not a single document, but is a collection of
    separate Board-related documents.  *See* Britton Decl., Ex. 5 (NDCA-ORCL 044428 – 044505).
28  None of these documents are responsive to the Discovery Plan or the other operative orders in
    the case.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11          DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
                    TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
                    Master File No. C-01-0988-MJJ (JCS)

1    Exhibit 13 is another red herring. It was not produced as part of the derivative

2  production. Moreover, it was produced to Plaintiffs over a month ago in unredacted form, in

3  response to the Special Master's Order addressing issues that did not relate to the derivative

4  production. *Compare* Britton Decl., Ex. 13 *with* Coyle Decl., Ex. L (NDCA-ORCL 1528167);

5  *see also* Ex. M (Jan. 11, 2007 Letter from R. Morgan to S. Williams). Thus, although they had

6  an unredacted version of the document in their possession when they filed their Objection,

7  Plaintiffs continue to cite it as an example of Oracle acting improperly with respect to the

8  derivative productions. *See* Objection at 7 (citing Britton Decl., Ex. 13).

9    In sum, contrary to Plaintiffs' assertion, the record demonstrates that Defendants

10  have reproduced in unredacted form or logged where appropriate, documents originally redacted

11  in the derivative litigation to the extent those documents are independently responsive in this

12  case. Plaintiffs have presented no evidence that suggests the Special Master's Order should be

13  disturbed.

14  **V.    CONCLUSION**

15    For the foregoing reasons, Defendant respectfully requests that the Court affirm

16  the Special Master's Order, in relevant part, regarding Plaintiffs' Motion to Compel Documents

17  Contained on Defendants' Privilege and Redaction Logs.

18  Dated: February 13, 2007                    LATHAM & WATKINS LLP
19                                                            Peter A. Wald
                                                               Michele F. Kyrouz
                                                               Patrick E. Gibbs
20                                                            Jamie L. Wine

21

22                                                    By: _____/s/_____

23                                                            Patrick E. Gibbs
                                                               Attorneys for Defendants
24                                                            ORACLE CORPORATION, LAWRENCE
                                                               J. ELLISON, JEFFREY O. HENLEY and
25                                                            EDWARD J. SANDERSON

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12    DEFS' OPP TO PLFS' OBJECTION TO ORDER RE PLFS' MOTION
TO COMPEL DOCUMENTS IN DEFS' PRIVILEGE LOGS
Master File No. C-01-0988-MJJ (JCS)