LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
        michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail: jamie.wine@lw.com

Attorneys for Defendants

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS)<br><br>CLASS ACTION<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR A CASE MANAGEMENT CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a)<br><br>DATE: N/A<br>TIME: N/A<br>COURT: The Honorable Martin J. Jenkins |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR A
CASE MANAGEMENT CONFERENCE
Master File No. C-01-0988-MJJ (JCS)

I.      INTRODUCTION

      During a Case Management Conference on January 9, 2007, this Court directed the parties to submit a stipulated pre-trial and trial schedule under which this case, already six years old, would go to trial in November of this year. This schedule was confirmed in an Amended Pretrial Order entered on January 18, 2007. Plaintiffs now claim that the entire schedule must be adjusted because Defendants "misrepresented" the volume of accounting-related documents that Oracle would be producing in compliance with a December 19, 2006 Order by the Special Master. *See* Plaintiffs' Request for a Case Management Conference, at 1-3.

      Defendants did no such thing. Defendants clearly told Plaintiffs (and the Court) that Oracle would be producing a total of "several hundred thousand" pages of documents in response to the December 19 Order, and that is exactly what Oracle produced – several hundred thousand pages of documents. The volume of the production, therefore, should not have come as a surprise to Plaintiffs. But even if it did, that volume in no way justifies reconsideration of the January 18 Amended Pretrial Order. In part because Plaintiffs opposed Defendants' request for an extension of time to produce these very documents, Defendants gathered, reviewed and produced these documents in a little over *one month* – a month that included both the Christmas and New Year's holidays. Under the pre-trial schedule currently in place, Plaintiffs' expert disclosures and reports are not due until the end of April – *three months* after Plaintiffs first received the documents at issue. For Plaintiffs to insist that Defendants gather, review and produce the documents in a little over a month, then turn around and insist that the Court upset the Amended Pretrial Order on the ground that three months is not enough time for them to review the very same documents is patently unreasonable. Plaintiffs have more than enough time under the current schedule to review these documents and prepare for upcoming depositions and expert discovery.

      Furthermore, Plaintiffs' "800,000" page count is grossly exaggerated. More than half of that amount consists of unredacted versions of debit memo accounting documents that Defendants previously produced, in redacted form, in August and September of 2006. Thus, Plaintiffs already have had several months to review the relevant portions of over half the

1   documents at issue.  (This fact also undercuts any notion that Plaintiffs were surprised by the
2   volume of this production, as Plaintiffs were well aware that Defendants would be producing
3   unredacted copies of several hundred thousand pages of documents.)  With regard to the
4   documents produced for the first time on January 30 and February 5, 2007, Plaintiffs' accusation
5   that Defendants misled them and the Court into believing the production would be only 2,000
6   "pages" is false.  Defendants plainly told Plaintiffs that Oracle would be producing roughly
7   2,000 "documents," and Defendants made clear that this was only an estimate based upon a
8   review of documents up to that point.[1]  Indeed, Plaintiffs themselves later referred to an
9   anticipated production of 1,000 "documents/pages," thus reflecting, at a minimum, some
10  question as to whether Defendants had referred to documents rather than pages.  The only
11  reference Plaintiffs cite in support of their claim that Defendants promised to produce only 2,000
12  "pages" – a January 15, 2006 letter containing a typographical error referring to "pages" rather
13  than "documents" as Defendants previously had described their production – was sent *after* the
14  January 9, 2007 Case Management Conference and, therefore, had no bearing on the Court's
15  analysis at the time it adopted the Amended Pretrial Order.

16          During the January 9 Case Management Conference, the Court noted that absent
17  firm deadlines, discovery in this case could go on "forever and a day."  It is now clear that this is
18  precisely what Plaintiffs want.  Rather than prepare their case for trial, Plaintiffs have used every
19  document produced by Defendants as an excuse to demand further discovery, and Plaintiffs have
20  used that further discovery as an excuse to delay the case.  Clearly, extending the schedule even
21  further (as Plaintiffs now request) will not move this case any closer to resolution.  If anything, it
22  only will trigger additional demands for more discovery, followed by requests for further delay.
23  Indeed, before even reviewing the recently-produced accounting documents, Plaintiffs have
24  signaled that they intend to move to compel even more accounting-related documents.  And
25  Plaintiffs promised long ago to seek even more deposition time from some of Oracle's most
26  senior executives, again based on documents Plaintiffs had not even received, let alone reviewed.

---

[1]      This estimate turned out to be accurate, as these productions ended up consisting of 2,079 accounting-related documents.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2   DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR A
    CASE MANAGEMENT CONFERENCE
    Master File No. C-01-0988-MJJ (JCS)

Accordingly, for the reasons set forth below, Defendants respectfully request that Plaintiffs' request for a Case Management Conference, along with their implied request for a further modification of the Amended Pretrial Order, be denied.

## II. ARGUMENT

### A. PLAINTIFFS DO NOT EVEN TRY TO ESTABLISH GOOD CAUSE FOR FURTHER MODIFYING THE AMENDED PRETRIAL ORDER

A party seeking to amend a Rule 16(b) scheduling order must establish "good cause." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause is required under Rule 16(b) because a scheduling order should not be lightly disturbed. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607-608 (E.D. Cal. 1999) ("Indeed, a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of . . . securing the just, speedy, and inexpensive determination of every action."). To establish good cause, the moving party must demonstrate that he or she was diligent in complying with the pretrial order. *See, e.g.*, *Johnson*, 975 F.2d at 609. Under this standard, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* Prejudice to the opposing party "might supply additional reasons to deny a motion," but is not required: a lack of diligence by the moving party ends the inquiry. *Id.* This includes a lack of diligence in seeking an amendment of the order. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (affirming denial of motion to amend scheduling order for lack of diligence where moving party failed to seek modification of the order until four months after receiving it).

Although styled as a request for a case management conference, Plaintiffs' goal is clear: Plaintiffs want to modify the January 18, 2007 Amended Pretrial Order to further delay the case. But Plaintiffs do not even mention the foregoing standard for amending a Rule 16 scheduling order, let alone attempt to meet it. And as discussed in more detail below, Plaintiffs cannot meet this standard because nothing has changed since the January 9, 2007 Case Management Conference at which the Court set the parameters of the recent schedule, much less

1  since the January 18, 2007 entry of the Amended Pretrial Order.  As such, there is no basis for
2  further modifying that Order.

   **B.**   **DEFENDANTS DID NOT MISREPRESENT THE SCOPE OF THEIR ANTICIPATED DOCUMENT PRODUCTION**

   At the heart of Plaintiffs' request for a change to the Amended Pretrial Order is Plaintiffs' accusation that Defendants misled the Court regarding the anticipated size of Defendants' upcoming document productions.  *See* Plaintiffs' Request for a Case Management Conference, at 1-3.  Plaintiffs' accusation is false.

   As an initial matter, Defendants never gave a specific number of accounting-related *documents* that Oracle would be producing in response to the December 19 Order, nor could they have – the review was ongoing at the time of the January 9 Case Management Conference.  Instead, Defendants estimated that they would be producing "several hundred thousand pages" of documents, and it was with this estimate in mind that the Court set the current pre-trial and trial schedule.  What Defendants ultimately produced is, in fact, "several hundred thousand pages" of documents.  There has been no unfair surprise, and no significant change in the facts to support a change to the Amended Pretrial Order.  Indeed, at the time of the January 9 Case Management Conference, Defendants had moved for an extension of time to produce certain categories of documents responsive to the December 19 Order, and thus Defendants told the Court that they anticipated producing some of these documents by mid-February.  Plaintiffs opposed Defendants' request for an extension, and the Special Master ordered Defendants to produce the documents by January 30, rather than by mid-February.  Thus, Plaintiffs actually received these documents more than two weeks earlier than was anticipated at the time of the January 9 Case Management Conference.

   Plaintiffs themselves have long anticipated that Defendants' total production under the December 19 Order would equal several hundred thousand pages of documents.  Plaintiffs cited the anticipated size of the production as a reason for refusing to suggest a pre-trial and trial schedule in the parties' January 5, 2007 Joint Status Statement Pursuant to December 15, 2006 Order re Telephonic Status Conference.  *See* Gibbs Declaration in Support of

1  Defendants' Response to Plaintiffs' Request for Case Management Conference ("Gibbs Decl."),
2  Exh. A [Joint Status Statement], at 6 ("Plaintiffs anticipate that there will be voluminous
3  productions by defendants . . . . [i]n light of the foregoing, plaintiffs are not currently able to
4  provide the Court with a reliable schedule for the completion of discovery and trial."). On the
5  same basis, during the January 9 Case Management Conference, Plaintiffs suggested that no
6  schedule should be set until the upcoming document productions were complete. Having in
7  mind that Defendants would be producing "several hundred thousand pages" of documents
8  (including some to be produced as late as mid-February), the Court directed the parties to set a
9  schedule commencing with expert witness disclosures and reports by the end of April, with trial
10 commencing in November. Although we now know the precise number of pages included in
11 Defendants' accounting-related production, that number is well within the range Defendants had
12 predicted to the Court and to Plaintiffs.
13      In any event, Plaintiffs' repeated reference to "800,000 pages" of documents
14 significantly overstates the amount of new information that Plaintiffs will be required to absorb
15 at this stage. The total number of pages produced in response to the December 19 Order actually
16 is 781,884. But over half of that amount – 404,420 pages – consists of unredacted copies of
17 documents that Oracle previously produced in August and September of 2006. As such,
18 Plaintiffs have had the relevant portions of those documents for several months.[2]
19      With regard to the remaining 377,000 pages, which Defendants produced on
20 January 30 and February 5, 2007, Plaintiffs claim that Defendants promised this portion of the
21 production would be limited to 2,000 "pages." *See* Plaintiffs' Request for a Case Management
22 Conference, at 2. In fact, Defendants had estimated that this part of the production would consist
23 of 2,000 "documents," not "pages." And Defendants made clear that this was only an estimate
24 based upon their ongoing review. (In fact, this portion of Defendants' production turned out to
25 be 2,079 documents consisting of approximately 377,000 pages.) Contrary to Plaintiffs' current

---

[2] The Special Master ordered Oracle to produce the documents in unredacted form on the ground that "relevance" is not an appropriate basis for redacting documents. *See* Exhibit 1 to Declaration of Stacey M. Kaplan in Support of Plaintiffs' Request for a Case Management Conference Pursuant to Fed. R. Civ. P. 16(a), at 16. The Special Master did not find that the redacted material was itself "relevant" or responsive to any prior orders.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5   DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR A
    CASE MANAGEMENT CONFERENCE
    Master File No. C-01-0988-MJJ (JCS)

1  argument, Plaintiffs themselves understood that this production could include more than 2,000

2  "pages." Just two days after the January 9 Case Management Conference, and a week before the

3  Amended Pretrial Order was actually entered, Plaintiffs filed a brief referring to "Defendants[']

4  represent[ation] that the production subject to the extension would only be 1,000

5  *pages/documents*." *See* Gibbs Decl., Exh. B [Plaintiffs' Opposition to Defendants' Motion for

6  Modification of Order], at 2 (emphasis added). At a minimum, Plaintiffs were unsure whether

7  Defendants had referred to "documents" or "pages."[3] If the precise number of pages were as

8  critical to the schedule as Plaintiffs now argue, Plaintiffs could have and should have clarified

9  the question at that time, rather than claiming (falsely) that they relied upon a firm representation

10 that Defendants would be producing only 2,000 "pages." In fact, the precise number of pages

11 was not critical in the context of an overall production that Defendants had made clear would be

12 "several hundred thousand pages" of documents.

13         Plaintiffs' reliance on Defendants' January 15, 2007 letter to the Special Master

14 (*see* Plaintiffs' Request for a Case Management Conference, at 2), is misplaced. Due to a

15 typographical error, that letter referred to 2,000 "pages" rather than "documents," but that letter

16 was never filed with the Court, and it was sent to the Special Master nearly a week after the

17 January 9, 2007 Case Management Conference. As such, that letter obviously had no impact on

18 the Court's analysis in setting the current schedule.

19         Simply put, the number of documents Defendants produced in compliance with

20 the December 19 Order should not have come as a surprise to Plaintiffs, and even if it did, the

21 volume of that production comes nowhere near meeting Plaintiffs' burden of demonstrating good

22 cause for modifying the Amended Pretrial Order.

---

[3] It is unclear why Plaintiffs' referred to "1,000" pages or documents. Presumably, this was a typographical error, as Plaintiffs do not claim that Defendants ever said the production would be limited to 1,000 pages.

**C.   THE "REQUEST FOR A CASE MANAGEMENT CONFERENCE" IS THE LATEST EXAMPLE OF PLAINTIFFS' ATTEMPT TO PROLONG FACT DISCOVERY AND AVOID ADJUDICATION ON THE MERITS**

This lawsuit is nearing its sixth anniversary. Fact discovery commenced over two years ago, and the fact discovery cutoff has already been extended twice at Plaintiffs' request. To date, Oracle has produced over 1.7 million pages of documents, 209 disks of electronic data and Plaintiffs have deposed 62 current and former Oracle employees. Oracle has spent approximately $10 million dollars conducting and responding to discovery in this case. Granting Plaintiffs yet another delay will not get this case any closer to resolution. Quite the contrary, it will generate demands for further discovery, followed by requests for even more delay. Indeed, before having even reviewed the recent accounting production, Plaintiffs had already signaled their intent to demand even more documents. *See* Gibbs Decl., Exh. A, at 5. And before having received the recent document productions (accounting-related and otherwise), Plaintiffs already indicated an intent to seek even more deposition time with Oracle's most senior executives based upon those document productions. *See* Gibbs Decl., Exh. C [Stipulation and Order Setting a Deadline and Briefing Schedule], at 2 ("Plaintiffs believe documents from Defendants' . . . productions may give rise to a future motion to compel additional time for the depositions of Larry Ellison and Safra Catz."); *see also id.* at Exh. D [Plaintiffs' Motion to Compel the Depositions of Christopher Balkenhol and Dorian Daley and Additional Time for the Depositions of Larry Ellison and Safra Catz], at 9-10.

Plaintiffs' most recent request to delay the case is part of a broader pattern that dates back to the very beginning of fact discovery. Every document Defendants produce generates demands for still more documents. The production of additional documents leads to requests for further delay. That delay, in turn, is used not to prepare the case for trial but to go back and demand still more documents. We now are in the third cycle of this pattern.

The original fact discovery cutoff was February 26, 2006. (*See id.*, Exh. E [Dec. 14, 2004 Amended Pretrial Order], at 1.) By November 28, 2005, Oracle had already produced well over 400,000 pages of documents, but Plaintiffs had failed to take a single fact deposition

1  other than a handful of Plaintiffs' own "confidential witnesses." As such, Plaintiffs moved to
2  extend the fact discovery cutoff. Based in part on Plaintiffs' promise that they would complete
3  fact discovery by June 30, 2006, Plaintiffs' motion was granted and the fact discovery cutoff was
4  continued until that date. (*See id.*, Exh. F [Order Re Plaintiffs' Motion to Modify the Amended
5  Pretrial Order], at 1.) With the additional time granted, Plaintiffs filed a wave of discovery
6  motions seeking still more document discovery, and the parties scheduled a "omnibus" hearing
7  before Magistrate Judge Spero to resolve all outstanding discovery requests in anticipation of the
8  June 30 discovery cutoff. Based upon their pending requests for additional discovery (some of
9  which were referred to Special Master Infante), Plaintiffs again requested and received a delay in
10 the discovery cutoff, this time until October 2, 2006. (*See id.*, Exh. G [Order Re Plaintiffs'
11 Motion to Modify the Amended Pretrial Order], at 1.)

12         Between June 30 and October 2, 2006, Defendants produced over 300,000 pages
13 of additional documents. Plaintiffs requested and received an extension of time to file still
14 another round of discovery motions, and on the very last day for filing discovery motions,
15 Plaintiffs filed yet another wave of motions seeking to compel, in some cases pursuing totally
16 new categories of documents, and in other cases re-raising issues that had been addressed and
17 resolved by Judge Spero in 2005 and 2006. In all, Plaintiffs filed over 20 discovery letters with
18 Magistrate Judge Spero and 22 different discovery motions with Special Master Infante,
19 including eight motions which Plaintiffs filed on October 30, the deadline for filing motions to
20 compel. Now, based on the documents Plaintiffs requested and received as a result of the latest
21 wave of motions, Plaintiffs want to delay the schedule even further. Even worse, without even
22 reviewing the recently-produced documents, Plaintiffs have threatened to seek still more
23 documents and additional deposition time with some of Oracle's most senior executives. *See id.*,
24 Exh. A at 5; *id.*, Exh. C at 2; *id.*, at Exh. D at 9-10.

25         It is clear by now that Plaintiffs are seeking discovery not to prepare this case for
26 trial, but for its own sake. Defendants respectfully submit that the only way to end this cycle is
27 to put an immediate end to all fact discovery – no more document productions; no more
28 depositions; and no more motions to compel from either side. By any standard, Plaintiffs have

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8    DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR A
     CASE MANAGEMENT CONFERENCE
     Master File No. C-01-0988-MJJ (JCS)

1  received voluminous discovery in this case, and that discovery stands on top of the
2  approximately 1,200-page Special Litigation Committee report, which itself contains over 1,100
3  exhibits (which Plaintiffs demanded on the ground that it would help "streamline" the case), as
4  well as voluminous discovery from the related derivative cases in Delaware and California.  It is,
5  therefore, long past time for the parties to begin preparing this case for summary judgment and,
6  if necessary, trial.

## III. CONCLUSION

In sum, Plaintiffs have failed to identify anything – not a single change in the facts or circumstances as the parties and the Court understood them as of January 9, 2006 – that warrants a revision of the Amended Pretrial Order.  Given Plaintiffs' repeated and unjustified attempts to delay the ultimate resolution of this lawsuit, Defendants respectfully request that the Court not only deny the current request for a further Case Management Conference, but also enter an order ending all fact discovery immediately.  Defendants respectfully submit that such an order is the only way to break the infinite cycle of discovery motions and requests for further delay, and get this case ready for trial.

Dated:  February 13, 2007

LATHAM & WATKINS LLP
    Peter A. Wald
    Michele F. Kyrouz
    Patrick E. Gibbs
    Jamie L. Wine


By:  _____/s/_____
    Patrick E. Gibbs
Attorneys for Defendants
ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY and EDWARD J. SANDERSON

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                /s/
Nicole Villacorta
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA  90071

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com cheryl.grant@pillsburylaw.com

- **Reed R. Kathrein**
  reedk@lerachlaw.com
  e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **Michele F. Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com swalker@be-law.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Darren J. Robbins**

- **Sanna Rachel Singer**
  ssinger@sideman.com mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;AelishB@lerachlaw.

- **Jamie Lynne Wine**
  jamie.wine@lw.com karen.kelly@lw.com

- **Monique Winkler**
  MoniqueW@lerachlaw.com
  E_File_SF@lerachlaw.com;MoniqueW@lerachlaw.com;shawnw@lerach

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Dorian Daley**
500 Oracle Parkway
Redwood City, CA 94065

**Corey D. Holzer**
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338