LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
VALERIE L. McLAUGHLIN (191916)
GAVIN M. BOWIE (235532)
STACEY M. KAPLAN (241989)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@lerachlaw.com
dougb@lerachlaw.com
valeriem@lerachlaw.com
gbowie@lerachlaw.com
skaplan@lerachlaw.com
        – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
MONIQUE C. WINKLER (213031)
ELI R. GREENSTEIN (217945)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@lerachlaw.com
willowr@lerachlaw.com
moniquew@lerachlaw.com
elig@lerachlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To: | REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DOCUMENTS CONTAINED IN DEFENDANTS' PRIVILEGE AND REDACTION LOGS |
| ALL ACTIONS. | |
| | DATE: N/A<br>TIME: N/A<br>JUDGE: The Honorable Joseph C. Spero |

Plaintiffs respectfully submit this reply brief in support of their objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs ("Pltfs.' Mot."). In light of the extensive briefing already on file, plaintiffs limit themselves to responding to the most egregious inaccuracies contained in defendants' submission.[1]

1. Defendants parade the fact that they now have produced approximately 1.7 million pages of documents. However, this is not as a result of their so-called "cooperative" manner during this discovery process. *See* Defs.' Mem. at 2, 3.[2] In fact, of that number, ***over 800,000 pages were produced in this past month*** pursuant the Court's order on the various motions to compel plaintiffs were forced to bring because of defendants' failure to abide by the Discovery Plan. This instant conflict is no different. Defendants represented in writing to plaintiffs in January 2005 that the derivative documents were being produced in response to the discovery requests in this case, albeit some were produced earlier than called for by the requests themselves. *See* Supplemental Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Objection ("McLaughlin Supp. Decl."), Ex. A ("Moreover, other than the one box of documents that consist of our Rule 26 documents, the other 18 boxes you will be receiving are being produced voluntarily even though our response to your first request for documents . . . is not yet due."). In fact, this Court specifically ordered defendants to produce these and additional derivative documents at the March 3, 2005 discovery hearing and in the Discovery Plan. *See* Declaration of Valerie L. McLaughlin in Support of Reply to Plaintiffs' Objection ("McLaughlin Reply Decl."), Ex. 1 at 72. Accordingly, the documents were then supposed to be re-produced electronically, pursuant to the Discovery Plan. At the March 3, 2005 hearing, after the electronic re-production of documents produced in paper format

---

[1] Plaintiffs will refrain from responding to the defendants' characterization of their prior counsel as "naive" or to defendants' protestations of "disappointment" and desire to litigate this case "quickly and amicably."

[2] All "Defs.' Mem." references are to Defendants' Opposition to Plaintiffs' Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs.

1 was specifically addressed, Your Honor made abundantly clear to defendants that the documents
2 produced in the derivative actions were to be reproduced in their entirety, electronically, in native
3 format: "Here is what you are going to produce. You are going to produce, on a going-forward basis
4 all documents will be produce in native format that you uncover." *See* McLaughlin Reply Decl.,
5 Ex. 1 at 72:7-10.

6     2.    There was no "compromise" as to unlogged redactions as represented by defendants
7 because they reneged on their promises to produce a redaction log. Defendants repeatedly
8 represented to plaintiffs throughout most of 2006, that they would produce a redaction log for these
9 documents. At Daniel Cooperman's deposition, defendants went so far as to state, on the record,
10 that a log had been produced, only to have to admit thereafter that in fact, no log had ever been
11 produced. *See* McLaughlin Reply Decl., Ex. 2 at 91:4-92:5, 96:1-6, 278:1-12. To this day, they
12 have never produced such a log.[3]

13     3.    Contrary to defendants' assertions that plaintiffs never raised the issue below,
14 plaintiffs brought to the Special Master's attention the fact that the documents produced in this case
15 (previously produced in the derivative case), fit squarely within the Discovery Plan which was based
16 on plaintiffs' original document requests. *See* Plaintiffs' Reply in Support of Plaintiffs Motion to
17 Compel Documents Contained in Defendants' Privilege and Redaction Logs ("Pltfs.' Reply") at 2-3.
18 Defendants claim that this argument is "procedurally improper because it was never raised before the
19 Special Master." *See* Defs.' Mem. at 9. Defendants are wrong. The Special Master's own summary
20 makes this clear:

21         [P]laintiffs assert that pursuant to the Discovery Plan, Defendants must
    produce documents produced in the derivative case, and that the fact Defendants
22     produced the documents in redacted form with their initial disclosures does not
    exempt Defendants from abiding by the Court's order to produce all documents
23     called for under the Discovery Plan or a log within 45 days of production.

24 ―――――――――

25 [3]     Plaintiffs withdrew their motion to compel the privilege and redaction log for the derivative
production back in April 2006, based on defendants' false representation that they would provide the
26 logs. The only log that was turned over to plaintiffs was a privilege log dealing with withheld
documents. No log addressing the thousands of redactions has ever been produced, therefore,
27 necessitating the instant motion.

28

1  *See* Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Objection ("McLaughlin Opening
2  Decl."), Ex. G.  Thus, it is clear that the Special Master considered plaintiffs' arguments in making
3  his decision but that he was laboring under the mistaken impression that all of these documents were
4  produced as initial disclosures, which they were not.  And, even if the documents were initial
5  disclosures, defendants still have to produce a log for the withheld information.  Initial disclosures
6  form part of the discoverable information in the case.  *See Heath v. F/V Zolotoi,* 221 F.R.D. 545,
7  551-52 (W.D. Wash. 2004) (sanctions issued for a party failing to submit a privilege log for initial
8  disclosures); *see also Tennison v. City & County of San Francisco*, 226 F.R.D. 615, 624 (N.D. Cal.
9  2005) (privilege log required for initial disclosures); *PostX Corp. v. Secure Data Motion*, No. C 02-
10  04483 SI, 2004 U.S. Dist. LEXIS 24869, at *4-*6 (N.D. Cal. June 9, 2004) (privilege log for all pre
11  and post filing documents not unduly burdensome).
12        4.        Defendants' argument that they have "reproduced" all responsive documents in their
13  unredacted form is simply untrue.  One need look no further than defendants' examples.  Two of the
14  reports referenced by defendants (NDCA-ORCL 401068-401080 and 620909-620932) were from
15  different files and had different pagination and information than the original redacted documents.
16  *Compare* Declaration of Douglas R. Britton in Support of Plaintiffs' Motion to Compel Documents
17  Contained in Defendants' Privilege and Redaction Logs ("Britton Decl."), Ex. 7 (15 pages), Ex. 8
18  (19 pages); Declaration of Sean P.J. Coyle in Support of Defendants' Opposition to Plaintiffs'
19  Objection ("Coyle Decl."), Ex. J (14 pages), Ex. K (24 pages).  These reports contain similar
20  information, but they are certainly not the same documents simply reproduced unredacted as
21  defendants claim.  Tellingly, the one document that was actually reproduced unredacted
22  demonstrates the completely inappropriate nature of the redactions themselves.  *See* Britton Decl.,
23  Ex. 6; Coyle Decl., Ex. I.  The information redacted was in the form of handwritten notes that
24  indicate the report is an incomplete upside analysis which was provided to Jennifer Minton, Oracle's
25
26
27
28

REPLY TO DEFS' OPPOS TO PLTFS' OBJ TO SPECIAL MASTER'S ORDER - C-01-0988-MJJ        - 3 -

1  Controller, for updating. This information is clearly not privileged and it is clearly relevant as it
2  gives the document context. Defendants should never have redacted this information to begin with.[4]

3      5.    Defendants now pretend that defendants believed "much of the material [from the
4  derivative cases] would be beyond the scope of discovery in this case." Defs.' Mem. at 8.
5  Nonsense. Defendants have represented to this Court on repeated occasions that this "case and the
6  derivative cases have all alleged essentially the same thing." *See* McLaughlin Reply Decl., Ex. 1 at
7  135:6-9; *see also* McLaughlin Supp. Decl., Ex. A ("Moreover, other than the one box of documents
8  that consist of our Rule 26 documents, the other 18 boxes you will be receiving are being produced
9  voluntarily even though our response to your first request for documents . . . is not yet due."). For
10 defendants' counsel to now claim that the derivative documents are "not . . . relevant or ultimately
11 discoverable in this matter" is ridiculous. *See* Defs.' Mem. at 2. To use defendants' example,
12 Britton Decl., Ex. 5 (NDCA-ORCL 044428-044505), which defendants say is not embraced by the
13 Discovery Plan ordered by Your Honor, is a collection of Board of Directors meeting packages
14 containing all of the items discussed at the Board meetings during the Relevant Time Period in this
15 case, including the class period itself. *See* McLaughlin Supp. Decl., Ex. 3 (Britton Decl., Ex. 5, re-
16 attached for the Court's convenience). There is no clearer example of documents that are relevant in
17 this case. They address everything from insider trading, to financial approvals for deals, to a
18 Management Committee presentation entitled, "Overview of the Status of EBusiness Suite Releasing
19 11i," to 11i transactions, to Finance and Audit Committee minutes, and to Executive Committee
20 minutes discussing subjects unknown because they are entirely redacted.

21     6.    Defendants' argument that they "voluntarily" produced these documents before the
22 scope of discovery was established and not in response to plaintiffs' demands is false. Even as to
23 those documents produced prior to the implementation of the Discovery Plan, what was voluntary

---

25 [4] Defendants have never represented to plaintiffs that there was any "reproduction" of
26 unredacted documents before saying so in their February 13, 2007 opposition. This is clearly a last ditch effort to confuse the Court. Showing two similar reports that were produced from different
27 files and one inappropriately redacted reproduced document does not change the fact that hundreds of documents have been with thousands of redactions ***without a log***.

28

1 was the fact that they produced them earlier than the date called for by the requests – nothing more.[5]
2 They admit the majority of these documents were produced in response to plaintiffs' document
3 requests. *See* McLaughlin Supp. Decl., Ex. A. Parties are not permitted to avoid their discovery
4 obligations by dumping documents as initial disclosures at the beginning of a case and then
5 claiming they have no duty to produce a log because they were voluntarily produced. *See supra* at 3.
6 If that was defendants' intent, it certainly is not deserving of reward. *Id*. Moreover, defendants'
7 misrepresentation to the Special Master that all of the derivative documents were produced as initial
8 disclosures (*see* Defendants' Opposition to Plaintiffs' Motion to Compel Documents Contained in
9 Defendants' Privilege and Redaction Logs at 17) is belied by their own words at the time of the
10 production of the documents and by the fact that the documents also were ordered to be produced
11 again electronically, in native format after the Discovery Plan was implemented. *See* McLaughlin
12 Supp. Decl., Ex. A.

13      A log should have been produced 45 days after the production.[6] Now it is too late and the
14 documents should be produced in their entirety.

15 DATED: February 16, 2007      Respectfully submitted,

16      LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
17      MARK SOLOMON
     DOUGLAS R. BRITTON
18      VALERIE L. McLAUGHLIN
     GAVIN M. BOWIE
19      STACEY M. KAPLAN

20

21        s/ VALERIE L. McLAUGHLIN
     VALERIE L. McLAUGHLIN
22

23

---

24 [5] Defendants were less eager to describe their provision of documents as "voluntary" when writing to this Court on February 23, 2005. Then defendants' boast was "Defendants already have
25 produced 45,000 pages of documents." *See* McLaughlin Reply Decl., Ex. 4 at 19.

26 [6] Plaintiffs' objection is to the Special Master's ruling as it pertains to all of the derivative documents from both derivative cases, not just the documents produced in the initial production that
27 defendants claim were voluntary.

28

REPLY TO DEFS' OPPOS TO PLTFS' OBJ TO SPECIAL MASTER'S ORDER - C-01-0988-MJJ    - 5 -

||   |
|---|---|
| 1 |   |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) |
| 3 | |
| 4 | LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>SHAWN A. WILLIAMS<br>WILLOW E. RADCLIFFE<br>MONIQUE C. WINKLER<br>ELI R. GREENSTEIN<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415/288-4545<br>415/288-4534 (fax) |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Lead Counsel for Plaintiffs |

S:\CasesSD\Oracle3\BRF00039228_REPLY_vlm.doc

# CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

   s/ VALERIE L. McLAUGHLIN
VALERIE L. McLAUGHLIN

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ValerieM@lerachlaw.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com cheryl.grant@pillsburylaw.com

- **Reed R. Kathrein**
  reedk@lerachlaw.com e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **Michele F. Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com kellyb@lerachlaw.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Darren J. Robbins**

- **Sanna Rachel Singer**
  ssinger@sideman.com mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;aelishb@lerachlaw.com;moniquew@lerachlaw.c

- **Jamie Lynne Wine**
  jamie.wine@lw.com karen.kelly@lw.com

- **Monique Winkler**
  MoniqueW@lerachlaw.com
  E_File_SF@lerachlaw.com;MoniqueW@lerachlaw.com;shawnw@lerachlaw.com;travisd@lerachlaw.

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338
```