# EXHIBIT 2

1  page

1              IN THE UNITED STATES DISTRICT COURT
2               NORTHERN DISTRICT OF CALIFORNIA
3                   SAN FRANCISCO DIVISION
4
5   IN RE ORACLE CORPORATION
    SECURITIES LITIGATION.
6                     CASE NO. C-01-0988-MJJ
    THIS DOCUMENT RELATES TO:
7
    ALL ACTIONS.
8   ---------------------------/
9
10                    ---oOo---
11              CONFIDENTIAL
12              DEPOSITION OF
13              DANIEL COOPERMAN
14   _____
15      Friday, October 27, 2006
16         (Pages 1 - 283)
17            ---oOo---
18      SHEILA CHASE & ASSOCIATES
            REPORTING FOR:
19       LiveNote World Service
        221 Main Street, Suite 1250
20     San Francisco, California  94105
           Phone: (415) 321-2311
21          Fax: (415) 321-2301
22
23
24   Reported by:
     KATHLEEN A. WILKINS, CRR, RPR
25   CSR No. 10068

Cooperman, Daniel  10/27/2006  9:06:00 AM

1   litigation committee in connection with this

2   litigation or the derivative litigation, did you

3   have contact with each other?

4       A.  No.  No.

5       MR. SOLOMON:  Marked as the next exhibit a

6   document produced by the defendant in this

7   litigation with the control numbers 261908 through

8   261938.

9       (Whereupon, Deposition Exhibit 7

10      was marked for identification.)

11      MR. LINDSTROM:  Mark, while the witness is

12  looking at the document, let me inquire, how many

13  more of these do you intend to do that deal with the

14  question of material that's been redacted?

15      MR. SOLOMON:  Occasionally, to the extent

16  I can focus on selected ones, I will.  This isn't

17  one of them, by the way.  But I can't possibly go

18  through all of the redacted stuff.  So, I mean --

19      MR. LINDSTROM:  Right.  And I'm --

20      MR. SOLOMON:  And it seems to me that the

21  witness isn't going to be able to tell me why it's

22  been redacted anyway.  So I just needed to get that

23  on the record.

24      MR. LINDSTROM:  Right.  That was going to

25  be my suggestion, is I want to make sure that we

Cooperman, Daniel 10/27/2006 9:06:00 AM

1   don't waste his time --

2   MR. SOLOMON: Absolutely.

3   MR. LINDSTROM: -- with too many of these.

4   Also, for the record, I'm informed that

5   you have been given a privilege log that pertains to

6   these documents and explains the redactions.

7   MR. SOLOMON: That's -- I'd like -- I

8   guess I'd like to know when it was sent and how I

9   can trace it then, or if you can give me another

10  copy. Whatever is more efficient.

11  MR. GIBBS: Every one of the documents

12  you've asked the witness the redaction questions

13  regarding was produced in the derivative litigation

14  and reproduced in this case only because the

15  defendants agreed to produce the entire derivative

16  production; that is, they were not produced in this

17  case pursuant to the document requests or the

18  discovery plan in this case.

19  Sometime this -- earlier this year -- I

20  think this summer. I'm tracking down the date --

21  but sometime earlier this year, you requested and we

22  produced to you the privilege and redaction log from

23  the derivative case --

24  MR. SOLOMON: Okay. Good to hear.

25  MR. GIBBS: -- which I believe should list

1      the reasons for the redactions in these documents,

2      but I'm tracking that down too.

3           MR. SOLOMON: Let's track it down,

4      absolutely. If that's the case, then that's good

5      news.

6           MR. LINDSTROM: In any event, I'm

7      heartened that we're not going to do too many of

8      these. I think your observation is right. The

9      witness is not -- not surprisingly, is not going to

10     be able to look at a one-inch stack set of

11     documents.

12          MR. SOLOMON: Correct, yes. As long as --

13     yes. But I just want everybody to understand that

14     if we're successful, these are documents that

15     Mr. Cooperman was involved in, he's a witness as to

16     the events, and I'm going to want to question him

17     about them, okay, just so you know.

18          MR. LINDSTROM: Well, we'll reserve our

19     rights with respect to that as well.

20          MR. SOLOMON: Yeah. Sure.

21     Q.   This was produced, I believe, from your

22     files, Mr. Cooperman.

23          Do you recognize that?

24     A.   Actually, I don't, other than what it

25     purports to be. I do remember there was such a

Cooperman, Daniel 10/27/2006 9:06:00 AM

1    Q. Do you recall that issue?

2    A. No.

3    Q. And it says, "No detail of accrued or

4    deferred revenue."

5    Do you recall that issue?

6    A. No, I don't.

7    Q. Then it refers to historical issues with

8    CRM product licenses.

9    Do you know what that refers to?

10    A. I do not.

11    MR. LINDSTROM: Are we finished with this

12    document?

13    MR. SOLOMON: We're finished with that

14    document.

15    I've marked as the next exhibit a document

16    produced by defendants with the control numbers

17    034620 to -642.

18    (Whereupon, Deposition Exhibit 8

19    was marked for identification.)

20    (Discussion held off record.)

21    MR. SOLOMON: Can I have marked as -- have

22    I given you the Bates range?

23    THE REPORTER: Yes.

24    MR. SOLOMON: Thank you.

25    THE WITNESS: Thank you.

1          MR. GIBBS: Mark, while the witness is

2     looking at the document, I've been able to find out

3     the log that I'm aware of does not have these

4     particular documents on it. So we'll continue to

5     look to see whether there is another log that was

6     produced that has these.

7          MR. SOLOMON: Okay. Bated breath.

8          MR. GIBBS: I'm sure you are.

9          THE WITNESS: Okay. This document appears

10    to be an agenda package for a finance and audit

11    committee meeting on January the 5th, 2001.

12         MR. SOLOMON: Q. Right. Right.

13         First of all, you'll see you're listed on

14    the third page in as an attendee. Actually, I

15    shouldn't say that. It says you were invited to

16    attend.

17       A.  Right.

18       Q.  Do you remember if you did attend?

19       A.  I did attend this meeting.

20       Q.  Well, I don't want to torture you too

21    much, or myself, but obviously, I'd very much like

22    to talk to you about that meeting.

23         Can you recall the detail of it?

24       A.  No, I can't.

25       Q.  And, obviously, there's not much

Cooperman, Daniel 10/27/2006 9:06:00 AM

1   information in these redacted pages, and you can't

2   help me; is that right?

3       A. Correct.

4       Q. Do you recall that you had just engaged in

5   a stock transaction just prior to this meeting?

6       A. I do recall that I engaged in a stock

7   transaction in early January of 2001. I don't

8   recall the specific dates.

9       Q. Did you have a specific purpose for the

10  proceeds of this stock transaction when you entered

11  into it?

12      A. You're referring to this in the early

13  January 2001?

14      Q. Correct.

15      A. I don't recall.

16          MR. SOLOMON: I've marked as the next

17  exhibit another document produced by the defendants

18  in this litigation with the control numbers 043723

19  to -730.

20          (Whereupon, Deposition Exhibit 9

21          was marked for identification.)

22          MR. SOLOMON: Q. Do you recognize this?

23      A. This document appears to be the minutes as

24  recorded of the January 8th, 2001 meeting of the

25  board of directors of Oracle.

Cooperman, Daniel 10/27/2006 9:06:00 AM

1    the context of the PSLRA, what the sanctions are for

2    spoliation of evidence?

3        A.  I think they are imposed by the judge in

4    the case, so I think they can vary from case to

5    case. But they can range from -- they can range to

6    shifting of the burden of proof and presumptions and

7    so forth.

8        Q.  Or default judgment; is that true?

9        A.  Potentially, yes. I think the judge has

10   quite a bit of broad discretion as to what sanctions

11   to impose.

12       Q.  Are you aware that Mr. Ellison did not

13   heed the preservation instructions or the mandates

14   of the law in this case and did not preserve

15   documents?

16           MR. LINDSTROM: No foundation.

17           THE WITNESS: No.

18           MR. LINDSTROM: Assumes facts.

19           THE WITNESS: No, I'm not.

20           MR. SOLOMON: Q. And if you became aware

21   if that were the case, would it be of concern to

22   you?

23           MR. LINDSTROM: Hypothetical. Calls for

24   speculation.

25           THE WITNESS: It might be.

1      MR. SOLOMON: Have we any more information

2  on the explanation for the redactions in the various

3  documents we've seen today, Mr. Gibbs?

4      MR. GIBBS: I think one of them has been

5  logged and a log provided to you. I don't have the

6  details, but I can get it to you. But I don't have

7  information on all of them.

8      I do know that what you've marked as

9  Cooperman Exhibit 20, which you represented was

10 sourced to Mr. Cooperman, was incorrectly sourced to

11 Mr. Cooperman. It was actually -- should have been

12 sourced to Mr. Sanderson.

13     MR. SOLOMON: And can you identify -- I

14 know it's not your deposition, but let's be

15 efficient.

16     Can you identify which document the

17 redactions was logged?

18     MR. GIBBS: Any -- I don't have it right

19 in front of me. I have an e-mail, but it would take

20 me awhile to dig for it.

21     MR. SOLOMON: What's the time?

22     THE VIDEOGRAPHER: I think we're through.

23 We're about three and a half minutes to go.

24     MR. SOLOMON: I'm going to reserve,

25 obviously, with respect to all of these issues, and

Cooperman, Daniel 10/27/2006 9:06:00 AM

1    I want to continue answering -- asking Mr. Cooperman

2    questions about the documents that we have. And I

3    will want to ask Mr. Cooperman questions about

4    documents that we don't have or documents that we

5    have that information is being redacted and reserve

6    my position there.

7         I'm also going to take the last two

8    minutes, for fear that you'll say that I didn't take

9    all of my time, to mark the last couple of exhibits.

10        MR. LINDSTROM: Well, if you're just going

11   to ask him about redactions and whether he knows

12   what was hidden beneath the redaction, perhaps we

13   can stipulate that you would have done that in the

14   last two minutes.

15        MR. SOLOMON: No.

16        MR. LINDSTROM: It's substantive.

17        MR. SOLOMON: It's substantive?

18        MR. LINDSTROM: Really?

19        MR. SOLOMON: We'll have marked as the

20   next exhibit a document produced by the defendants

21   in this litigation with the control numbers 1056850

22   through -68235.

23             (Whereupon, Deposition Exhibit 43

24             was marked for identification.)

25        MR. SOLOMON: I believe I may have