LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
VALERIE L. McLAUGHLIN (191916)
GAVIN M. BOWIE (235532)
STACEY M. KAPLAN (241989)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@lerachlaw.com
dougb@lerachlaw.com
valeriem@lerachlaw.com
gbowie@lerachlaw.com
skaplan@lerachlaw.com
        – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
MONIQUE C. WINKLER (213031)
ELI R. GREENSTEIN (217945)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@lerachlaw.com
willowr@lerachlaw.com
moniquew@lerachlaw.com
elig@lerachlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) |
| ALL ACTIONS. | |

## I. INTRODUCTION

This Court has already granted Plaintiffs' Request for a Case Management Conference Pursuant to Fed. R. Civ. P. 16(a) and has set the conference for February 28, 2007. Plaintiffs still believe, however, that a reply brief is necessary to address the following: (1) Defendants' mischaracterizations of the record in their Response to Plaintiffs' Request for a Case Management Conference Pursuant to Fed. R. Civ. P. 16(a) filed on February 13, 2007 ("Defs' CMC Response"), and (2) the recent developments regarding the intentional destruction and fabrication of evidence pertaining to the celebrated book "*Softwar, An Intimate Portrait of Larry Ellison and Oracle*," which Ellison contributed to and shared the copyright, and which was expressly ordered produced by Special Master Infante on January 2, 2007.

Irrespective of whether defendants represented to the Court during the January 9, 2007 Case Management Conference that their new accounting production would be "2000 pages" or "2000 documents," the fact remains that it was 381,000 pages (126 boxes) and defendants sought to falsely portray the documents as inconsequential in order to persuade this Court to adopt a more ambitious case schedule (which it did). The timing and content of defendants' new accounting production and the recent circumstances surrounding the destruction of *Softwar* evidence raise new issues of document spoliation that will be addressed in a future motion. That motion will be informed in part by plaintiffs' analysis of the new accounting production.

Plaintiffs' initial review of the 126 boxes of new accounting documents (which does not include over 400,000 additional pages produced on January 17, 2007), confirms that plaintiffs and their experts will need significant time to review, analyze and synthesize the information such that meaningful expert reports and discovery can take place. The new documents contain thousands of spreadsheets, emails and electronic accounting data, many of which plaintiffs have never seen before the recent production. Numerous documents refer and relate specifically to "debit memos" and the November 2000 accounting clean up, two of the most fundamentally relevant categories of accounting evidence that were ordered by Judge Spero in the March 10, 2005 Discovery Plan. Thus, defendants' suggestion in their CMC Response that the volume and relevance of the new documents are minimal is not supported by the record and should be rejected.

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT
CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) - C-01-0988-MJJ                                - 1 -

1   Further, in revisiting the case schedule, the Court should be aware that plaintiffs are still
2   assessing the numerous instances of document spoliation that have been uncovered during discovery.
3   Most recently, plaintiffs and the Court have been made aware of extremely disturbing developments
4   concerning the intentional destruction of highly relevant evidence pertaining to the Ellison book,
5   *Softwar*.  Defendants have now admitted that crucial evidence ordered by the Special Master was
6   intentionally destroyed *after* plaintiffs filed a motion to compel the evidence on November 6, 2006.
7   Greenstein Decl., Ex. 1.[1]  Defendants have also admitted that the initial story told to plaintiffs and
8   the Court about how and when the *Softwar* evidence was destroyed, was intentionally fabricated. *Id*.

9   Plaintiffs have already begun the process of taking discovery to unravel this shocking
10  evidentiary development.  Specifically, Judge Spero and the Special Master have requested, and the
11  English High Court has ordered, depositions and production of documents relating to the *Softwar*
12  spoliation issue, beginning on March 12, 2007.  Plaintiffs will necessarily need time to assess the
13  damage done to this case and to bring motions seeking appropriate sanctions and other relief.
14  Accordingly, this Court should reconsider the current case schedule in light of recent developments
15  and continue all dates in the current case management schedule by at least 30 days.

16  **II.    ARGUMENT**

17      **A.    Defendants' Claim of a "Typographical Error" Is Not Credible Given the Record in This Case**
18  

19  On December 19, 2006, Special Master Infante issued an order requiring defendants to
20  produce three categories of accounting documents:  (1) unredacted copies of all accounting
21  documents and spreadsheets produced pursuant to his previous July 17, 2006 Order, (2) documents
22  relating to Oracle's unapplied cash project or "clean up" beginning in 2002 (the "2002 Clean Up"),
23  and (3) Oracle's improper transfers of tens of millions of customer overpayments to its bad debt
24  reserve to artificially inflate earnings during Oracle's 2Q01 (the "bad debt transfers"). *See* Ex. 1 to
25  the Declaration of Stacey M. Kaplan in Support of Plaintiffs' Request for a Case Management

---

[1] Declaration of Eli R. Greenstein in Support of Plaintiffs' Reply in Support of Request for a Case Management Conference Pursuant to Fed. R. Civ. P. 16(a).

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT
CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) - C-01-0988-MJJ                - 2 -

1 Conference Pursuant to Fed. R.Civ. P. 16(a) ("Kaplan Decl.") at 23 (filed February 9, 2007). The
2 December 19, 2006 Order required defendants to produce all documents by no later than January 17,
3 2007. *Id.*

4 On January 5, 2007, defendants filed a motion to extend the January 17, 2007 deadline to
5 February 15, 2007, to produce documents relating to two of the three categories of evidence ordered
6 by the Special Master – the 2002 Clean Up and the bad debt transfers.

7 During the January 9, 2007 Case Management Conference, this Court asked defendants
8 pointedly about the volume of documents that could be delayed until February 2007 due to
9 defendants' motion to extend time. In response to the Court's question, defendants asserted that the
10 production was approximately "2000 pages."

11 Defendants claim that they said "2000 documents" rather than "2000 pages" during the
12 January 9, 2007 CMC. Defs' CMC Response at 2. That assertion is belied by their January 15,
13 2007 letter to Judge Infante which made the same false "2000 pages" representation. Kaplan Decl.,
14 Ex. 3 at 2. Defendants now claim that the reference to "2000 pages" in their January 15, 2007 letter
15 to Judge Infante was a "typographical error." Defs' CMC Response at 2. Notably, defendants made
16 no attempt to correct the "typo" prior to this briefing. Further, defendants' story makes no sense
17 because the parties have almost always characterized the volume of document productions in terms
18 of "pages" in court filings and correspondence. In fact, in defendants' recent CMC Response, they
19 attempted to demonstrate their massive production by representing to the Court that they have
20 produced "over 1.7 million *pages* of documents." Defs' CMC Response at 7.

21 In any event, even if defendants meant to say "2000 documents" during the January 9, 2007
22 CMC, it was still highly misleading because many of the "documents" are thousands of pages each,
23 and the final production turned out to be *381,000 pages* and *126 boxes* of documents. (This does not
24 include the other 400,000 pages of accounting spreadsheets produced on January 17, 2007.) Thus,
25 the total volume of the new production is more than one-third of defendants' entire production in the
26 past two years of discovery.

27 Based upon plaintiffs' review to date, the new documents contain complex spreadsheets,
28 accounting reports, email and other accounting evidence that must be pieced together and analyzed

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT
CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) - C-01-0988-MJJ                          - 3 -

1  in conjunction with several "script outputs" produced by defendants.[2] Many of these documents
2  have never been seen before by plaintiffs. The documents were created by, and refer to, numerous
3  key accounting executives and witnesses that have already been deposed, including Tom Williams,
4  Jennifer Minton, Greg Myers, Ryan Roberts, Lauren Segal, Sanjay Kumar, Terry Elam and Molly
5  [Littlefield] Venkataramana. Not only will plaintiffs and their experts have to review and synthesize
6  the new documents, it will be necessary to reanalyze prior document productions and the deposition
7  testimony of the accounting witnesses above in light of the new evidence.[3]

8        Accomplishing the foregoing within eight weeks currently appears to be an insurmountable
9  challenge. Nevertheless, plaintiffs want to try this case this calendar year, or in early January 2008,
10 at the latest. Thus, plaintiffs propose that the Court extend all dates set forth in the current schedule
11 by at least 30 days. In the alternative, plaintiffs respectfully request leave to file a status report no
12 later than March 27, 2007, to update the Court on the progress of plaintiffs' review and the
13 feasibility of meeting the deadlines set by the January 18, 2007 scheduling order.

14       **B.**    **The Delays in Discovery Are the Result of Defendants' Repeated Violations of Court Orders and Misrepresentations Concerning**
15            **Accounting Discovery**

16       Defendants' assertion that Plaintiffs' Request for a CMC is an attempt to "prolong fact
17 discovery and avoid adjudication on the merits" is patently false. Discovery has been "prolonged"
18 beyond the discovery cutoff because defendants have consistently failed to comply with the express

---

[2] Each of the debit memos appear on dozens or hundreds of documents. Most debit memo transactions include many years of activity and some involve literally thousands of journal entries. Due to ongoing technical problems and improper redactions, most of the accounting documents ordered produced by no later than August 31, 2006, were not produced until January 17, 2007. Greenstein Decl., Ex. 2. Many technical problems plaguing that production have still not been resolved. *Id*.

[3] Defendants' claim that plaintiffs have had several months to review "more than half" of the accounting documents ordered by Judge Infante is misleading. Defs' CMC Response at 1-2. The documents produced previously were so heavily redacted by defendants that the production consisted of thousands of pages of obscured data and blank spreadsheets that removed approximately 98% of the data on the spreadsheets (including all or nearly all spreadsheet summaries, subtotals and totals) such that the documents were distorted and incomprehensible. That was the impetus behind Judge Infante's December 19, 2006 Order requiring production of unredacted copies of defendants' previous accounting production. Kaplan Decl., Ex. 1 at 15.

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT
CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) - C-01-0988-MJJ    - 4 -

terms of Judge Spero's March 10, 2005 Discovery Plan and subsequent discovery orders and production deadlines. Greenstein Decl., Ex. 2. As defendants note in their CMC Response, plaintiffs have had to file approximately 20 discovery letters to Judge Spero and 22 discovery motions to Judge Infante simply to enforce the terms of pre-existing discovery orders and to compel all relevant documents under Fed. R. Civ. P. 26. Defs' CMC Response at 8. Had defendants complied with the deadlines under the Discovery Plan and subsequent discovery orders, this case would likely have already been fully adjudicated.

Further, much of the delay in discovery is due to defendants' shifting positions on accounting discovery and their misrepresentations concerning the relevance of the issues surrounding Oracle's 2002 unapplied cash "Clean Up" project, an event that was suspiciously initiated days after plaintiffs filed their [Proposed] Revised Second Amended Complaint for Violations of Federal Securities Laws, including new accounting allegations, on October 11, 2002. Indeed, defendants repeatedly represented to Judge Jenkins, Judge Spero and Special Master Infante that there was "***no connection whatsoever***" and "***no link***" between the 2002 Clean Up and plaintiffs' debit memo allegations. Judge Spero and Special Master Infante have stated on the record that they believe defendants changed their position on accounting discovery during the course of the litigation. On October 18, 2005, Judge Spero stated the following:

> "***I'm concerned that during the course of setting up the very detailed plan in this case, the defendants argued and obtain[ed] a narrower scope of discovery in exchange for a commitment that all of the documents regarding all of these debit memos, including all the underlying documents would be committed***. And that, to my mind, is clear as day in the transcript that that [sic] was the position taken at the time. ***And you are changing your position***."

October 18, 2005 Hearing Tr.

Special Master Infante made a similar finding in his December 19, 2006 Order:

> "Judge Spero has already voiced concern that defendants have made statements to the Court regarding discovery of accounting documents and then later changed their position. ***Here, again, defendants have stated one position (that there is no link between the debit memos and the 2002 Clean Up Project) and later shifted that position (by claiming that all linked documents have been produced and that the link is not substantial)***."

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT
CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) - C-01-0988-MJJ                - 5 -

Kaplan Ex. 1 at 19 [Dec. 19, 2006 order].[4]

Now that defendants have been forced to produce the documents related to the 2002 Clean Up, plaintiffs have discovered not only that defendants misled the Court about the lack of "connection" between the debit memos and the 2002 Clean Up, but defendants also intentionally withheld highly relevant emails and documents specifically referencing November 2000 debit memos which were expressly ordered in the March 10, 2005 Discovery Plan. Plaintiffs need significant time to analyze this new evidence in conjunction with prior documentary evidence and deposition testimony, much of which is contradicted by the new evidence.

### C. Additional Time Is Needed in the Current Schedule to Address the Recent Developments Concerning the Intentional Destruction of Evidence Relating to the Book *Softwar*

As this Court is aware, on January 2, 2007, Special Master Infante issued an order requiring defendants to produce numerous audio tapes and interview transcripts relating to *Softwar*. On January 11, 2007, defendants revealed that the evidence ordered by Judge Infante had been intentionally destroyed through an incredible series of circumstances involving Matthew Symonds, the author a *Softwar*, an inexplicable "computer virus" that attacked the "laptop computer" in which the evidence was allegedly stored, and a "computer repair shop" in the United Kingdom which purportedly threw the computer away. Greenstein Decl., Ex. 3.

On February 22, 2007, defendants revealed that the previous representations to plaintiffs and the Court concerning the destruction of evidence pertaining to *Softwar*, were "***false***." Greenstein Decl., Ex. 1. Incredibly, defendants admitted that "sometime after becoming aware of Plaintiffs' motion to compel production of materials related to *Softwar*," the evidence ordered by Judge Infante was intentionally destroyed by "dispos[ing]" of the computer at an unknown "ecological" facility in the United Kingdom. *Id.*

---

[4] Notably, defendants vigorously attempted to remove the quoted language from the December 19, 2006 Order by filing an entirely new motion before Judge Infante. That motion was denied in substantial part, and the order remains as quoted above. Kaplan Decl., Ex. 4.

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) - C-01-0988-MJJ            - 6 -

1 　　　　The implications of defendants' recent admissions concerning the intentional destruction of relevant evidence pertaining to *Softwar* are in the process of being fully assessed at the present time. Plaintiffs have already begun taking discovery of evidence relating to *Softwar*, and Mr. Symonds is scheduled for deposition on March 12, 2007, in London. Plaintiffs have also requested, largely in vain, information from defendants' counsel concerning the *Softwar* materials and defendants' dealings with Mr. Symonds to develop a full record of what really happened to the evidence and to attempt to recover the evidence, if in fact it is still retrievable. Greenstein Decl., Ex. 4.

　　　　Unfortunately, defendants' responses to plaintiffs' requests for further information have been cryptic, uncooperative and adversarial, making it extremely difficult to determine exactly what really occurred. It appears that plaintiffs will have to continue to pursue discovery abroad to further develop the facts and hopefully retrieve the unique evidence ordered by Judge Infante. Plaintiffs also need appropriate time to assess and file any motions pertaining to the events surrounding *Softwar*. Indeed, the Special Master directed that discovery into the unavailability of *Softwar* evidence should precede motion practice on defendants' sanctionable conduct. Accordingly, the Court should extend all deadlines in the January 18, 2007 schedule by 30 days to allow additional time to address the recent document productions and troubling events surrounding *Softwar*.

## III.   CONCLUSION

　　　　Based on the foregoing, plaintiffs' respectfully request that all dates set forth in the January 18, 2007 case scheduling order be extended by at least 30 days.

DATED: February 27, 2007　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　LERACH COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　　　　　RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　　　　SHAWN A. WILLIAMS
　　　　　　　　　　　　　　　　　　　　　　WILLOW E. RADCLIFFE
　　　　　　　　　　　　　　　　　　　　　　MONIQUE C. WINKLER
　　　　　　　　　　　　　　　　　　　　　　ELI R. GREENSTEIN


　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　ELI R. GREENSTEIN

　　　　　　　　　　　　　　　　　　　　　　100 Pine Street, Suite 2600
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA  94111
　　　　　　　　　　　　　　　　　　　　　　Telephone:  415/288-4545

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT
CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) - C-01-0988-MJJ　　　　　　　　- 7 -

| | |
|---|---|
| 1 | 415/288-4534 (fax) |
| 2 | LERACH COUGHLIN STOIA GELLER |
| |   RUDMAN & ROBBINS LLP |
| 3 | MARK SOLOMON |
| | DOUGLAS R. BRITTON |
| 4 | VALERIE L. McLAUGHLIN |
| | GAVIN M. BOWIE |
| 5 | STACEY M. KAPLAN |
| | 655 West Broadway, Suite 1900 |
| 6 | San Diego, CA  92101 |
| | Telephone:  619/231-1058 |
| 7 | 619/231-7423 (fax) |
| 8 | Lead Counsel for Plaintiffs |

T:\CasesSF\Oracle3\BRF00039480.doc

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR A CASE MANAGEMENT
CONFERENCE PURSUANT TO FED. R. CIV. P. 16(a) - C-01-0988-MJJ      - 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

    s/ Eli R. Greenstein
ELI R. GREENSTEIN

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail:EliG@lerachlaw.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com cheryl.grant@pillsburylaw.com

- **Reed R. Kathrein**
  reedk@lerachlaw.com e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **Michele F. Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com kellyb@lerachlaw.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**

    shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Darren J. Robbins**

- **Sanna Rachel Singer**
  ssinger@sideman.com mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;aelishb@lerachlaw.com;moniquew@lerachla

- **Jamie Lynne Wine**
  jamie.wine@lw.com karen.kelly@lw.com

- **Monique Winkler**
  MoniqueW@lerachlaw.com
  E_File_SF@lerachlaw.com;MoniqueW@lerachlaw.com;shawnw@lerachlaw.com;travisd@lerachl

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338
```