# Exhibit 2



SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Eli R. Greenstein
ElliG@Lerachlaw.com

February 16, 2007

<u>VIA FACSIMILE</u>

Lana Morton-Owens, Esq.  
LATHAM & WATKINS LLP  
633 West 5th Street, Suite 4000  
Los Angeles, CA 90071-2007  
213/891-8763

Brian T. Glennon, Esq.  
Latham & Watkins LLP  
633 West Fifth Street, Suite 4000  
Los Angeles, CA 90071-2007  
213/891-8763

Re: *In re Oracle Corporation Sec. Litig.*
Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

I write to memorialize the continuing production problems in connection with the Special Master's December 19, 2006 Order Granting Plaintiffs' Motion to Enforce the Special Master's July 17, 2006 Order. I also write to follow up on numerous unresolved problems with defendants' productions of documents called for under the Special Master's July 17, 2006 Order.

### A. Defendants' Document Productions Pursuant to the Special Master's July 17, 2006 Order Are Untimely, Incomplete and Plagued with Technical Issues

As you know, on July 17, 2006, the Special Master issued an Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Accounting Documents. That Order required defendants to produce all documents by no later than **August 31, 2006**. Defendants ignored that deadline and continued to produce documents months after the deadline as follows:

- August 31, 2006 (Production of ORC 072-80) (198,000 pages)

- September 1, 2006 (Replacement of ORC 078) (2,640 pages)

- September 8, 2006 (Production of ORC 082-092) (137,000 pages)

- September 15, 2006 (Replacement of ORC 085-090) (92,774 pages)

- October 27, 2006 (Replacement of ORC 72, ORC 77-80, Production of ORC 87A, ORC 114, ORC 118)

- November 3, 2006 (Production of ORC 120)



Lana Morton-Owens, Esq.
Brian T. Glennon, Esq.
February 16, 2007
Page 2

- November 9, 2006 (Replacement of ORC 114)

- December 15, 2006 (Production of ORC 114A)

Defendants' production of documents more than **three months** after the court-ordered deadline of August 31, 2006, standing alone, is prejudicial to plaintiffs. Further, defendants' productions above are still incomplete and problematic. On December 22, 2006, plaintiffs notified defendants of some of the numerous issues plaguing defendants' productions pursuant to the July 17, 2006 Order, specifically problems occurring within ORC 77-80, ORC 114 and ORC 114A. See Dec. 22, 2006 letter from Eli Greenstein. For example, plaintiffs discovered that documents produced in ORC 114A were corrupt and unreadable. Id. Defendants responded by claiming that many of the issues raised by plaintiffs were "moot" because defendants were ordered to reproduce unredacted versions of those same documents by January 17, 2007, pursuant to the Special Master's December 19, 2006 Order. See Jan. 22, 2007 letter from Brian Glennon. Thus, defendants claimed that the problems in ORC 72-92, ORC 114 and ORC 114A were remedied by the January 17, 2007 production. Id.

Defendants' January 22, 2007 letter was inaccurate. Many of the problematic documents produced in connection with the July 17, 2006 Order were not redacted in the first instance; thus, many documents were not reproduced as part of the January 17, 2007 production and have never been fixed. Accordingly, plaintiffs request that defendants fix and reproduce all documents produced pursuant to the July 17, 2006 Order that were **not** reproduced on January 17, 2007. This may include unredacted documents produced in ORC 72-92, ORC 114, ORC 114A and ORC 120. Currently, plaintiffs cannot accurately ascertain which documents were not reproduced as part of the January 17, 2007 production. Defendants must fix and replace on a single CD or DVD those documents that were not reproduced on January 17, 2007, with the same bates numbers as before. Further, it does not appear that defendants reproduced in unredacted form the documents contained on ORC 120 produced on November 3, 2006 (41 documents related to accounting issues). Defendants must produce those unredacted documents immediately, as they were due on January 17, 2007. If defendants refuse the above, plaintiffs will have no choice but to seek relief from the Special Master.

**B.    Defendants' Productions Pursuant to the Special Master's December 19, 2006 and January 12, 2007 Orders Violated the Production Deadlines and Are Riddled with Problems**

As set forth above, defendants were ordered to produce numerous unredacted copies of accounting documents on January 17, 2007. The Special Master also granted defendants an extension to produce documents relating to the 2002 Clean Up and the 2Q01 bad debt transfers by no later than January 30, 2007. See Jan. 12, 2007 Order. On January 30, 2007,



Lana Morton-Owens, Esq.
Brian T. Glennon, Esq.
February 16, 2007
Page 3

defendants produced approximately 200,000 pages of new accounting documents (ORC 179-202). This production was incomplete, however, because defendants failed to produce the "load files" necessary to load and view the documents electronically. Defendants produced 200,000 load files on February 2, 2007, after the January 30, 2007 deadline.

On February 5, 2007, nearly a week after the deadline, defendants produced an additional 180,000 pages of documents pursuant to the December 19, 2006 Order. There were problems with that production as well, and defendants had to replace the documents on February 7, 2007, more than a full week after the Special Master's January 30, 2007 deadline.

On February 9, 2007, nearly two full weeks after the Special Master's deadline, defendants produced additional accounting reports pursuant to the Court's December 19, 2006 Order (ORC 209). Defendants claimed that they had made a mistake in "processing" the reports previously, such that they produced numerous duplicate copies of the same monthly report, instead of producing the reports for multiple months. *See* Feb. 9, 2007 letter from Lana Morton-Owens. Defendants stated that their new production on February 9, 2007 contained a "corrected copy of the report."

Defendants new representation contradicts their prior representation that there was no issue and that the duplicate copies of the same report were produced as they were kept in the ordinary course at Oracle. *See* February 7, 2007 letter from Lana Morton-Owens. Nevertheless, defendants' new representations are unclear. What information was "corrected" in the report? Is ORC 209 meant to replace the report that was produced previously or to supplement it with additional reports for different months? Defendants need to clarify their representations as soon as possible. Also, NDCA-ORCL 1534309-435 was only one isolated example; there appear to be others, *e.g.*, NDCA-ORCL 1625679-1632322, 1634309-1640952 (4 reports); 1657801-1660746, 1660742-1672530, 1674098-1679989, 1683708-1686653, 1691744-1694689, 1698443-1701386 (10 reports).

With respect to defendants' February 7, 2007 letter, defendants stated that the corruption problems with the Excel file NDCA-ORCL 1731119 resides in the "native format." To clarify our original concern, we do not believe that Excel is the ***original*** native format of this data. It appears that the data was, at some point in time, imported into Excel, possibly from a database application. Much like Oracle's script outputs, the volume of this data overwhelms Excel's limited storage capacity. Plaintiffs request that the data in this Excel file be produced in a database application, such as Microsoft Access.



Lana Morton-Owens, Esq.
Brian T. Glennon, Esq.
February 16, 2007
Page 4

Further, there are additional problems with the documents produced pursuant to the December 19, 2006 Order as follows:

- Documents produced in ORC 202 have dates that are identified as decimals rather than whole numbers. *See, e.g.*, NDCA-ORCL 1732987-1733116. Further, some emails continue to state that they are dated in the year 1969 or 1970. (*See* chart attached hereto at 3-5.) These date issues were raised to defendants in our previous meet and confers but has not been remedied or explained.

- At least 75 documents do not contain dates at all. (*See* chart attached at 1-2.)

- Documents produced on January 30, 2007 and after do not have the Bates Numbers embedded in the OCR. This information was provided in previous productions but was inexplicably removed from the new productions. This prevents plaintiffs from reasonably reviewing and searching large documents.

- There are many files that indicate that they are "empty" and "not viewable." *See, e.g.*, NDCA-ORCL 1482Y09-410, 14822442-444, 1703193-195, 1643326.

### C.    Defendants' Production of Email Is Incomplete and Raises Questions of Document Spoliation

Section II.B(a) and (b) of the Discovery Plan expressly orders defendants to produce emails in the proper native format with specific information as follows:

> The parties shall produce e-mails in searchable TIFF format. ***E-mails shall include the following information: sender, recipient, blind and carbon copies, date sent, e-mail box from whom the document is produced, and the date and time it was opened, deleted, responded to or forwarded. Furthermore, the parties shall produce all attachments to or documents embedded in such emails in native format, readily accessible from each e-mail.***"

Defendants' recent productions have blatantly violated those provisions of the Discovery Plan. One pervasive problem plaintiffs have discovered in the recent productions is that defendants have produced strings of emails that contain embedded emails without headers, dates, and other crucial information. Further, plaintiffs have discovered that some emails produced as part of an email string were not produced separately, on their own, from the files of the person who sent or received the email. For example, NDCA-ORCL 1733103-1733109 is an email string regarding the 2002 Clean Up. The email string contains several emails from Jennifer Minton, Ryan Roberts and others that do not contain header information



Lana Morton-Owens, Esq.
Brian T. Glennon, Esq.
February 16, 2007
Page 5

such as the date sent, time sent, recipients, cc's or subject. Thus, plaintiffs cannot determine when the underlying emails in the string were sent, who received them, etc. There are countless other examples of these embedded email strings, too many to mention in this letter. *See, e.g.*, NDCA-ORCL 1609375-377, 1612819-823, 1609364-369, 1609370-374, 1609026-030, 1733103-109, 1733110-116. Defendants must fix the problem in its entirety.

Further, defendants' failure to produce each email contained in the string on a stand alone basis with the proper header information raises important questions regarding document preservation. Why did Oracle fail to produce emails to and from Jennifer Minton in NDCA-ORCL 1733103-104 from the files of Jennifer Minton herself? Further why is this email sourced to Molly Venkataramana's files, but was not produced and sourced from the files of Ryan Roberts and Greg Myers? These are fundamental questions that must be answered immediately so that plaintiffs can assess whether defendants' production complies with the Discovery Plan, Fed. R. Civ. P. 26 and the Special Master's accounting orders.

Additional issues pertaining to emails raise fundamental technical questions as follows:

- NDCA-ORCL 1733011 and 1733056 are two copies of the same email but with different time stamps. The attachment to this email was also produced twice, but the attachment properties are not the same.

- NDCA-ORCL 1488445-59 is one email according to the attach fields given by Oracle, but includes two emails when you look at the documents.

- NDCA-ORCL 1727995 and 1607463 are stray email strings without headers. The attached fields indicate they are part of other email strings.

- NDCA-ORCL 1721641 cannot be read.

### D.  Missing Metadata

In all of the productions referenced above, defendants have failed to produce crucial metadata that is required by Fed. R. Civ. P. 26 and the Discovery Plan, such as the original file name, the date forwarded or cc'd, the individuals who received or were copied on the email, the date(s) created or modified, the author, the subject field, document title, etc. Defendants' production of this metadata is now more crucial than ever given the failure to produce emails that are embedded in strings with the proper header information. As set forth in the Discovery Plan, defendants' have an obligation to produce all metadata for all documents produced pursuant to the Special Master's July 17, 2006 and December 19, 2006 Orders.



Lana Morton-Owens, Esq.
Brian T. Glennon, Esq.
February 16, 2007
Page 6

### E. Defendants Improperly Withheld Documents Expressly Referring to Debit Memos and the November 2000 Clean Up Until After Discovery Closed

The Discovery Plan ordered defendants to produce all documents relating to "*(i) the alleged 'On Account Clean Up' occurring in November 2000; (ii) the 46,000 debit memoranda; and (iii) the accounting treatment of those debit memoranda, including any audit trail, and all related accounting policies.*" See Discovery Plan at 2.

In reviewing the documents relating to the 2002 Clean Up, plaintiffs have discovered that there are numerous documents related to debit memos and the November 2000 Clean Up that were improperly withheld by defendants in stark violation of the March 10, 2005 Discovery Plan and subsequent accounting orders.

For example, NDCA-ORCL 1607895 is an October 15, 2002 email from Greg Myers to Tom Williams. The subject matter of the email is "***DM List***." As you are well aware, the abbreviation "DM" means "Debit Memo." The substance of the email states: "Tom- List of ***11/17 debit memo's***." There can be no question that this email should have been produced pursuant to the March 10, 2005 Discovery Plan. It was not. Further, because both the sender and recipient of the email were deposed, defendants were required under the Discovery Plan to produce the document seven days prior to their depositions. Defendants failed to do so.

There are numerous other examples of documents that expressly refer to November 2000 debit memos and/or the November 2000 Clean Up, yet were improperly withheld by defendants. NDCA-ORCL 1609014 is an October 16, 2002 email from Greg Myers to Terry Elam with the subject "***Further DM to look into***." The email contains a two page list of specific "550" debit memos and states "Provide what the reason why the item was placed On Account." Defendants' failure to produce this document until long after discovery closed is severely prejudicial to plaintiffs. Both Greg Myers and Terry Elam were deposed without the benefit of this document.

NDCA-ORCL 1733056 is another email from Greg Myers to Tom Williams with the subject line "***DM For Specific Customers***." The email attaches a list of November 2000 debit memos related to the specific customers that were referred to in Plaintiffs' RSAC. Defendants also withheld numerous other emails related to this document. See NDCA-ORCL 1733056-3077; 1733080-3081; 1609217-239. There can be no question that these documents relate to November 2000 debit memos and should have been produced long ago. Greg Myers and Tom Williams were deposed without the benefit of this document.



NDCA-ORCL 1733078-3079 is an October 22, 2002 email from Greg Myers to Mike Quinn discussing November 2000 debit memos. The email includes specific references to "**A list of all Debit Memo's for November 17**," "**debit memo**/12601 work," "**Debit Memo V2**," and "**DM's** reviewed." The email also specifically talks about reviewing debit memo items for customers mentioned in the "document" which appears to be the RSAC. This document is unquestionably within the scope of the Discovery Plan, yet defendants' intentionally withheld it.

NDCA-ORCL1731156 is another email from that expressly refers and discusses November 2000 debit memos but was not produced. Both the sender of the email (Sanjay Kumar) and the recipient (Greg Myers) were deposed without the benefit of this document.

Plaintiffs demand an explanation of defendants' failure to produce highly relevant debit memo documents until long after the close of discovery. Defendants' misconduct has prevented plaintiffs from asking witnesses about these documents and taking discovery on the issues raised in the documents. This conduct is a most severe form of spoliation and plaintiffs will address it at the appropriate time.

### F. Defendants Have the Obligation to Review the Entire Production and Confirm that the Problems Raised Above Do Not Occur in Other Instances

Since the beginning of discovery in this case, plaintiffs have had to find, identify and communicate numerous fundamental technical and substantive production problems to defendants in order to get them fixed. This process has to end. Defendants have an obligation of complying with Fed. R. Civ. P. 26, the March 10, 2005 Discovery Plan (including the formatting requirements of II.B.), and all subsequent accounting orders. If any of the problems raised above occur in documents other than those cited by plaintiffs, defendants must find those problems and fix them. Further, plaintiffs request written confirmation that all of the problems raised above have been fixed and that defendants have satisfied all requirements of Fed. R. Civ. P. 26, the Discovery Plan, and Special Master Infante's subsequent accounting orders.



Lana Morton-Owens, Esq.
Brian T. Glennon, Esq.
February 16, 2007
Page 8

      Plaintiffs believe it makes sense to set up a meet and confer early next week to discuss the continuing production problems. Please let me know your availability.

                                    Very truly yours,

                                    Eli R. Greenstein

ERG:cmb

T:\CasesSF\Oracle3\Corres\Glennon_Morton_2-16-07_Letter.doc

# APPENDIX

January 17, 2007 Production: Documents with No docdate

| BEGNO | ENDNO | DOCDATE2 | CDVOL |
|---|---|---|---|
| NDCA-ORCL 1127475 | NDCA-ORCL 1132346 | | ORC128 |
| NDCA-ORCL 1132347 | NDCA-ORCL 1141679 | | ORC129 |
| NDCA-ORCL 1141680 | NDCA-ORCL 1146395 | | ORC129 |
| NDCA-ORCL 1146396 | NDCA-ORCL 1151234 | | ORC130 |
| NDCA-ORCL 1151235 | NDCA-ORCL 1154879 | | ORC130 |
| NDCA-ORCL 1154880 | NDCA-ORCL 1163843 | | ORC131 |
| NDCA-ORCL 1163844 | NDCA-ORCL 1175909 | | ORC132 |
| NDCA-ORCL 1175910 | NDCA-ORCL 1183693 | | ORC133 |
| NDCA-ORCL 1183694 | NDCA-ORCL 1189456 | | ORC133 |
| NDCA-ORCL 1189457 | NDCA-ORCL 1198883 | | ORC134 |
| NDCA-ORCL 1198884 | NDCA-ORCL 1205595 | | ORC134 |
| NDCA-ORCL 1205596 | NDCA-ORCL 1214370 | | ORC135 |
| NDCA-ORCL 1214371 | NDCA-ORCL 1224882 | | ORC136 |
| NDCA-ORCL 1224883 | NDCA-ORCL 1224883 | | ORC136 |
| NDCA-ORCL 1224884 | NDCA-ORCL 1224887 | | ORC136 |
| NDCA-ORCL 1224888 | NDCA-ORCL 1225133 | | ORC136 |
| NDCA-ORCL 1225134 | NDCA-ORCL 1225363 | | ORC136 |
| NDCA-ORCL 1225364 | NDCA-ORCL 1225699 | | ORC136 |
| NDCA-ORCL 1225700 | NDCA-ORCL 1225712 | | ORC136 |
| NDCA-ORCL 1225713 | NDCA-ORCL 1225938 | | ORC136 |
| NDCA-ORCL 1225939 | NDCA-ORCL 1226090 | | ORC136 |
| NDCA-ORCL 1226091 | NDCA-ORCL 1226119 | | ORC136 |
| NDCA-ORCL 1226120 | NDCA-ORCL 1226129 | | ORC136 |
| NDCA-ORCL 1226130 | NDCA-ORCL 1226155 | | ORC136 |
| NDCA-ORCL 1226156 | NDCA-ORCL 1226184 | | ORC136 |
| NDCA-ORCL 1226185 | NDCA-ORCL 1226208 | | ORC136 |
| NDCA-ORCL 1226209 | NDCA-ORCL 1226209 | | ORC136 |
| NDCA-ORCL 1226210 | NDCA-ORCL 1226215 | | ORC136 |
| NDCA-ORCL 1226216 | NDCA-ORCL 1226241 | | ORC136 |
| NDCA-ORCL 1226242 | NDCA-ORCL 1226268 | | ORC136 |
| NDCA-ORCL 1226269 | NDCA-ORCL 1226295 | | ORC136 |
| NDCA-ORCL 1226296 | NDCA-ORCL 1226321 | | ORC136 |
| NDCA-ORCL 1226322 | NDCA-ORCL 1226341 | | ORC136 |
| NDCA-ORCL 1226342 | NDCA-ORCL 1226346 | | ORC136 |
| NDCA-ORCL 1226347 | NDCA-ORCL 1226371 | | ORC136 |
| NDCA-ORCL 1226372 | NDCA-ORCL 1226396 | | ORC137 |
| NDCA-ORCL 1226397 | NDCA-ORCL 1226421 | | ORC137 |
| NDCA-ORCL 1226422 | NDCA-ORCL 1226446 | | ORC137 |
| NDCA-ORCL 1226447 | NDCA-ORCL 1226471 | | ORC137 |
| NDCA-ORCL 1226472 | NDCA-ORCL 1226503 | | ORC137 |
| NDCA-ORCL 1226504 | NDCA-ORCL 1226599 | | ORC137 |
| NDCA-ORCL 1226600 | NDCA-ORCL 1226636 | | ORC137 |
| NDCA-ORCL 1226637 | NDCA-ORCL 1226678 | | ORC137 |
| NDCA-ORCL 1226679 | NDCA-ORCL 1226718 | | ORC137 |
| NDCA-ORCL 1226719 | NDCA-ORCL 1226739 | | ORC137 |
| NDCA-ORCL 1226740 | NDCA-ORCL 1226762 | | ORC137 |
| NDCA-ORCL 1226763 | NDCA-ORCL 1226780 | | ORC137 |
| NDCA-ORCL 1226781 | NDCA-ORCL 1226784 | | ORC137 |
| NDCA-ORCL 1226785 | NDCA-ORCL 1226886 | | ORC137 |
| NDCA-ORCL 1226887 | NDCA-ORCL 1227002 | | ORC137 |
| NDCA-ORCL 1227003 | NDCA-ORCL 1227133 | | ORC137 |
| NDCA-ORCL 1227134 | NDCA-ORCL 1227272 | | ORC137 |
| NDCA-ORCL 1227273 | NDCA-ORCL 1227273 | | ORC137 |
| NDCA-ORCL 1227274 | NDCA-ORCL 1227274 | | ORC137 |
| NDCA-ORCL 1227275 | NDCA-ORCL 1227311 | | ORC137 |
| NDCA-ORCL 1227312 | NDCA-ORCL 1227325 | | ORC137 |
| NDCA-ORCL 1227326 | NDCA-ORCL 1230758 | | ORC137 |
| NDCA-ORCL 1230759 | NDCA-ORCL 1231255 | | ORC137 |
| NDCA-ORCL 1231256 | NDCA-ORCL 1231664 | | ORC137 |
| NDCA-ORCL 1231665 | NDCA-ORCL 1232078 | | ORC137 |
| NDCA-ORCL 1232079 | NDCA-ORCL 1232476 | | ORC137 |
| NDCA-ORCL 1232477 | NDCA-ORCL 1233030 | | ORC137 |

January 17, 2007 Production: Documents with No docdate

| BEGNO | ENDNO | DOCDATE2 | CDVOL |
|---|---|---|---|
| NDCA-ORCL 1233031 | NDCA-ORCL 1233468 | | ORC137 |
| NDCA-ORCL 1233469 | NDCA-ORCL 1233992 | | ORC137 |
| NDCA-ORCL 1233993 | NDCA-ORCL 1237365 | | ORC138 |
| NDCA-ORCL 1237366 | NDCA-ORCL 1240672 | | ORC138 |
| NDCA-ORCL 1240673 | NDCA-ORCL 1244246 | | ORC139 |
| NDCA-ORCL 1244247 | NDCA-ORCL 1247800 | | ORC139 |
| NDCA-ORCL 1247801 | NDCA-ORCL 1251298 | | ORC140 |
| NDCA-ORCL 1508895 | NDCA-ORCL 1508896 | | ORC170 |
| NDCA-ORCL 1508897 | NDCA-ORCL 1511887 | | ORC170 |
| NDCA-ORCL 1511888 | NDCA-ORCL 1511900 | | ORC170 |
| NDCA-ORCL 1511901 | NDCA-ORCL 1511904 | | ORC170 |
| NDCA-ORCL 1511905 | NDCA-ORCL 1511914 | | ORC170 |
| NDCA-ORCL 1529155 | NDCA-ORCL 1529155 | | ORC176 |

January 17, 2007 Production: Dates Contain 1969

| BEGNO | ENDNO | DOCDATE2 | CDVOL |
|---|---|---|---|
| NDCA-ORCL 1472681 | NDCA-ORCL 1472681 | Dec 31 1969  4:00PM | ORC165 |
| NDCA-ORCL 1472682 | NDCA-ORCL 1472683 | Dec 31 1969  4:00PM | ORC165 |
| NDCA-ORCL 1472684 | NDCA-ORCL 1473211 | Dec 31 1969  4:00PM | ORC165 |
| NDCA-ORCL 1473212 | NDCA-ORCL 1473212 | Dec 31 1969  4:00PM | ORC165 |
| NDCA-ORCL 1473213 | NDCA-ORCL 1473214 | Dec 31 1969  4:00PM | ORC165 |
| NDCA-ORCL 1473215 | NDCA-ORCL 1473230 | Dec 31 1969  4:00PM | ORC165 |
| NDCA-ORCL 1473231 | NDCA-ORCL 1473231 | Dec 31 1969  4:00PM | ORC165 |
| NDCA-ORCL 1473232 | NDCA-ORCL 1473247 | Dec 31 1969  4:00PM | ORC165 |
| NDCA-ORCL 1473248 | NDCA-ORCL 1473249 | Dec 31 1969  4:00PM | ORC165 |

ORC179-202 Documents that contain 1969 in DocDate

| BEGNO | ENDNO | DOCDATE2 | CDVOL |
|---|---|---|---|
| NDCA-ORCL 1609378 | NDCA-ORCL 1609378 | Dec 31 1969 4:00PM | ORC186 |
| NDCA-ORCL 1609379 | NDCA-ORCL 1609379 | Dec 31 1969 4:00PM | ORC186 |
| NDCA-ORCL 1609380 | NDCA-ORCL 1609380 | Dec 31 1969 4:00PM | ORC186 |
| NDCA-ORCL 1609381 | NDCA-ORCL 1609382 | Dec 31 1969 4:00PM | ORC186 |
| NDCA-ORCL 1609383 | NDCA-ORCL 1609398 | Dec 31 1969 4:00PM | ORC186 |
| NDCA-ORCL 1609399 | NDCA-ORCL 1609399 | Dec 31 1969 4:00PM | ORC186 |
| NDCA-ORCL 1609400 | NDCA-ORCL 1609401 | Dec 31 1969 4:00PM | ORC186 |
| NDCA-ORCL 1609402 | NDCA-ORCL 1609417 | Dec 31 1969 4:00PM | ORC186 |

January 17, 2007 Production: Docdate contains 1970

| BEGNO | ENDNO | DOCDATE2 | CDVOL |
|---|---|---|---|
| NDCA-ORCL 1528170 | NDCA-ORCL 1528193 | Jan 1 1970 12:00AM | ORC176 |



SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

# FACSIMILE

| | |
|---|---|
| **To:** | Brian Glennon, Esq. |
| | Lana Morton-Owens, Esq. |
| | LATHAM & WATKINS LLP |
| | Telephone: 213/485-1234 |
| | 213/891-8763 (fax) |
| **From:** | Eli R. Greenstein, Esq. |
| **Date:** | February 16, 2007 |
| **Case Code:** | 201064 |
| **Subject:** | *In re Oracle Corp. Sec. Litig.* |

**Message/Document(s) faxed:**

Please see attached letter and accompanying Appendix.

**Please call fax operator at 619-231-1058 if all pages are not received.**

ORIGINAL DOCUMENTS: Will follow by ☐ mail   ☐ courier – OR – ☒ Will not follow unless requested.

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**Number of pages being transmitted including the cover page: 15**

FAX OPERATOR:  Return originals to:   Carolyn Burr/pj                           Ext:   4426

Confirmation Report – Memory Send

```
                                    Page        : 001
                                    Date & Time : Feb-16-07  07:19pm
                                    Line 1      :
                                    Line 2      :
                                    Machine ID  :
```

| | |
|---|---|
| Job number | : 845 |
| Date | : Feb-16 07:14pm |
| To | : ☎9121389187637375 |
| Number of pages | : 015 |
| Start time | : Feb-16 07:14pm |
| End time | : Feb-16 07:19pm |
| Pages sent | : 015 |
| Status | : OK |

Job number   : 845          *** SEND SUCCESSFUL ***



LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

## FACSIMILE

**To:** Brian Glennon, Esq.
Lana Morton-Owens, Esq.
LATHAM & WATKINS LLP
Telephone: 213/485-1234
213/891-8763 (fax)

**From:** Eli R. Greenstein, Esq.    **Date:** February 16, 2007

**Case Code:** 201064

**Subject:** *In re Oracle Corp. Sec. Litig.*

**Message/Document(s) faxed:**

Please see attached letter and accompanying Appendix.

**Please call fax operator at 619-231-1058 if all pages are not received.**

ORIGINAL DOCUMENTS: Will follow by ☐ mail ☐ courier – OR – ☒ Will not follow unless requested.

CONFIDENTIALITY NOTE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**Number of pages being transmitted including the cover page: 15**

FAX OPERATOR:  Return originals to:  Carolyn Burr/pj          Ext:  4426