# Exhibit 3

# LATHAM&WATKINS LLP

140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

**FACSIMILE TRANSMISSION**
January 11, 2007

| To: | Mark Solomon<br>LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP | Fax: (619) 231-7423 | Tel: (619) 231-1058 or<br>(800) 449-4900 |
|---|---|---|---|
| cc: | Shawn A. Williams<br>LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP | Fax: (415) 288-4534 | Tel: (415) 288-4545 |

| From: | Patrick E. Gibbs, Esq. |
|---|---|
| Re: | *In re Oracle Corporation Securities Litigation*<br>Master File No. C-01-0988-MJJ (N.D. Cal.) |

☐ Original(s) to follow    Number of pages, including cover: 3

Please see attached letter dated January 11, 2007.

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal service. Thank you.

If there are any problems with this transmission, please call (415) 395-8015.
SV\497187.1

Patrick E. Gibbs
Direct Dial: (650) 463-4806
patrick.gibbs@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600 Fax: (650) 463-2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

January 11, 2007

**BY FACSIMILE AND E-MAIL**

Mark Solomon
LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

Re: <u>In re Oracle Corporation Securities Litigation</u>

Dear Mark:

   I write to provide you with additional information regarding Defendants' efforts to obtain and produce materials called for by Special Master Infante's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Defendants' Production of Documents Concerning and Created in Preparation for the Book Softwar (the "Order"). As you know, the Order provides that, by January 16, 2007, defendants shall produce to Plaintiffs, among other things, "any and all tape recordings and/or transcripts of interviews with Ellison created in the preparation of the book." Today, I spoke to Matthew Symonds for the first time since defendants received the Order. During our call today, Mr. Symonds informed me, for the first time, that he no longer has possession of certain audio files containing recordings of interviews that he conducted with Larry Ellison in connection with his research for *Softwar*. Mr. Symonds has informed me that he believes he has some hard copies of interview transcripts. Although he does not know the precise volume, he believes it is not substantial. He will be providing us with copies of whatever hard copy transcripts he has as soon as possible. We will, of course, produce them to you as soon as possible after receiving them from Mr. Symonds.

   With regard to the audio files no longer in Mr. Symonds' possession, I provide the following background: When I spoke to Mr. Symonds last November in connection with Plaintiffs' motion to compel *Softwar*-related materials, Mr. Symonds told me that he still had copies of the materials that he had created in the course of his research for the book, including several audio files containing recordings of interviews he conducted with Mr. Ellison. These audio files and some other *Softwar*-related materials were stored on a laptop computer then in Mr. Symonds' possession. During our conversation last November, although Mr. Symonds told me that he considered these materials to be his sole property (as reflected in his declaration), I asked Mr. Symonds to maintain possession of the laptop and other materials pending the

Mark Solomon
January 11, 2007
Page 2

## LATHAM&WATKINS LLP

resolution of Plaintiffs' motion. During our call today, Mr. Symonds told me that after speaking to me last November, Mr. Symonds attempted to access that laptop computer (which he had not used since writing the book) and found that it had become inoperable (due to a virus, he believes); as such, he was not able to access the audio files or any other materials stored on that computer. Mr. Symonds brought the laptop to a repair shop, which told him that the cost of attempting to fix the computer was approximately the same as the cost to purchase a new computer. Because he believed the materials on the computer were his property (and without contacting me or any of the Defendants), Mr. Symonds instructed the repair shop to dispose of the computer rather than trying to repair it. After receiving our request to provide us with copies of all tapes and transcripts called for by the Order, Mr. Symonds contacted the repair shop, which confirmed that it has disposed of the computer.

We will continue to keep you apprised of our efforts to obtain and produce the materials called for by the Order.

Very truly yours,

Patrick E. Gibbs
of LATHAM & WATKINS LLP

cc: Shawn Williams