# Exhibit 1

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
415-774-2611
415-982-5287 (fax)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-09888-MJJ (JCS) **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ENFORCE THE COURT'S DECEMBER 14, 2006 ORDER COMPELLING DEFENDANTS TO PRODUCE A DECLARATION ADDRESSING ORACLE'S FORECASTING AND DEAL REPORTS** |

On February 5, 2007, Plaintiffs submitted a motion to enforce the Court's December 14, 2006 order compelling Defendants to produce a declaration addressing Oracle's forecasting and deal reports. Defendants' opposition to the motion is dated February 12, 2007. Plaintiffs' reply was submitted on February 15, 2007. The Special Master has considered the papers and the arguments of counsel and rules as follows:

Background

On March 15, 2005, Judge Spero issued an Amended Order Setting a Discovery Plan ("the Discovery Plan"). Section I.A provides that for purposes of responding to written discovery requests, the "Relevant Time Period" shall be from June 1, 2000 to June 1, 2001. Documents created outside the Relevant Time Period that refer to events within the Relevant Time Period must also be produced. Discovery Plan, § I.A. The Discovery Plan sets forth a number of discovery guidelines with respect to the key issues in this case. *Id.,* § I.C. The guidelines state that Defendants shall produce *inter alia* documents and communications "relating to … Oracle's forecasts and Oracle's sales pipeline and pipeline conversion rates/ratios." *Id.* Defendants assert

1

that pursuant to the Discovery Plan, they have produced responsive documents relating to

Oracle's forecasts and sales pipeline.

*September 15, 2006 Order*

On May 31, 2006, Plaintiffs served upon Defendants a third set of requests for production.

In pertinent part, Plaintiffs sought production of:

- All sales forecast reports, periodic or otherwise, from 1996-2001 (request 5)
- All Deal Reports from 1996-2001. "Deal Reports" was defined to mean "any compilation of sales opportunities that comprised the sales pipeline for the relevant quarter, including, but not limited to, Big Deal Reports, Big Deal Scenarios and/or any other reports, data compilations, or data extractions of sales opportunities (unqualified by amount) that Oracle employees utilized for discussion during Oracle's forecasting calls.
- All information contained on Oracle Sales On-Line in the manner it existed at Oracle from December 1, 1999 through June 1, 2001 (request 14).
- All information contained on Oracle Financial Analyzer in the manner it existed at counterclaim from December 1, 1999 through June 1, 2001 (request 15)

On August 16, 2006, Plaintiffs filed a motion to compel further responses to *inter alia* requests 5, 6, 14 and 15. On September 15, 2006, Defendants were ordered to produce "all sales forecast reports (periodic or otherwise) from 1999-2001 and all deal reports from 1999-2001." *See* September 15, 2006 Order granting in part and denying in part Plaintiffs' motion to compel further responses to Plaintiffs' third set of requests for production, fourth set of interrogatories and third set of requests for admissions. Defendants were also ordered to produce "copies of any printouts of information contained on Oracle Sales On-Line and/or Oracle Financial Analyzer in the manner it existed at Oracle from December 1, 1999 through June 1, 2001." *Id.* Defendants were ordered to provide Plaintiffs with the further responses by September 29, 2006. *Id.*

*December 14, 2006 Order*

On October 2 and 16, 2006, Defendants produced documents in response to the September 15, 2006 order. On October 30, 2006, Plaintiffs submitted a motion to enforce the Special Master's September 15, 2006 order, asserting *inter alia* that Defendants' production in response to the September 15, 2006 omitted numerous responsive forecasting and deal reports, and was largely incomplete. At pages 7 and 8 of the motion, Plaintiffs' identified the following "forecasting and deal reports from FY99-FY01 that Defendants had failed to produce: (1) Deal Reports used during Americas Forecast Calls: (2) Big Deal Updates; (3) Garnick Flash Reports; (4) Monthly Flash Reports; (5) NAS Big Deal Scenarios; (6) OSI Big Deal Scenarios; (7) Majors Division Forecasts; (8) General Business Divisions Forecasts; (9) OPI Forecasting Package; (10)

OPI Big Deal Scenario; and (11) OSI pipeline reporting package.  *See* Britton Decl., Ex. 6 (Plaintiffs' October 30, 2006 Motion) at 7.  Plaintiffs further asserted that the reports Defendants did manage to produce were largely incomplete and were missing numerous reports, including missing:  (1) Upside Reports; (2) Monthly Financial Reference Books; (3) Americas Forecast Packages; (4) Oracle Board Packages; (5) George Roberts' NAS Forecasting Reports; (6) OSI Forecasting Packages; (7) OSI Consulting Forecast; (8) Executive Committee Worldwide Forecast; (9) Americas Performance Package; (10) Approval Reports; (11) Oracle Support Services USA Revenue GAP Analysis; (12) General Business Performance Summary; (13) Oracle Product Industries; and (14) Pipeline Reporting Packages.  *Id.*, Ex. 6 at 7-8.  Plaintiffs asserted that Defendants should produce a complete set of the reports that they used between 1999 and 2001.  *Id.*, Ex. 6 at 8.

In opposition to the motion, Defendants asserted that:  (1) they had fully complied with the Order and produced (either in response to the order or previously) all responsive forecasting and deal reports from the files of the custodians from fiscal years 1999-2001; (2) they had produced all required printouts from OSO and OFA [which included the following five types of reports  (Monthly Financial Reference Books, Oracle Board Packages, Americas Performance Packages, Oracle Support Services USA Revenue Gap Analysis, and General Business Performance Summary)]; (3) the identified five types of reports were not "forecasting or deal reports," but were instead "historical reports;" (4) the "historical reports" were only responsive as "OFA printouts," and were only required to be produced for the period from the December 1, 1999 through June 1, 2001 period; (5) "Plaintiffs' allegations with respect to 'missing documents' [were] baseless;" (6) "any forecasting reports allegedly 'missing' from defendants production either were never created (i.e., the report was not created during that timeframe) or were no longer in any of the approximately 229 custodians' files when those files were secured for purposes of the litigation;" and (7) there was no evidence that Defendants were either improperly withholding the documents or that such documents were improperly destroyed.  *See* Farthing Decl., Ex. A at 4-6.

In reply, Plaintiffs asserted *inter alia* that Defendants had:  (1) admitted to destroying and withholding numerous documents; (2) Defendants were circumventing the September 15, 2006 order by failing to produce all required reports; (3) the "historical reports" identified by Defendants' opposition had been identified as "forecast reports" in Plaintiffs' August 2006

motion, and the Court granted Plaintiffs' motion as to "forecast reports," and as such the reports should have been included in Defendants' search criteria for the entire 1999-2001 period; and (4) all forecasting and deal reports contain historical data that includes tracking real sales and real revenue, and the "historical reports" were critical to the forecast process. *See* Farthing Decl., Ex. B.

On December 14, 2006, the Special Master issued an order regarding the motion, which provides in pertinent part that:

> The parties have not provided the Special Master with exhibits reflecting Defendants' actual responses to the Order. Based upon the record presented, the Special Master is unable to determine whether Defendants have produced all [responsive] forecasting reports ... in their possession, custody or control. Plaintiffs' assertions regarding allegedly missing documents is insufficient to allow the Special Master to determine that Defendants' production was inadequate. The assertions of Defendants' counsel regarding what has been produced similarly is insufficient to resolve whether Defendants have complied with the order.
>
> Accordingly, the motion to compel compliance with the September 2006 order is GRANTED IN PART. Within five days of receipt of this order, Defendants shall provide Plaintiffs with a sworn declaration from an Oracle representative with knowledge clearly indicating whether Defendants have produced all responsive, non-privileged documents in their possession, custody or control. The declaration shall address each of the reports listed on pages [7 and 8] of Plaintiffs' motion. To the extent that responsive documents are not in Defendants' possession, custody or control, the declaration shall clearly so indicate on a report-by-report basis.

### The Present Motion

On January 5, 2007, Oracle provided Plaintiffs with a declaration from James C. Maroulis "First Maroulis Declaration"). On January 25, 2007, Oracle provided Plaintiffs with an amended Maroulis declaration (the "declaration" or the "Maroulis declaration"), which replaces and supersedes the First Maroulis Declaration. Defendants assert that the Maroulis declaration reflected certain additional productions of documents, and was in all other respects identical to the First Maroulis Declaration. Defendants' opposition to the present motion at 3-4. Mr. Maroulis is the attorney for Oracle responsible for supervising Oracle's outside counsel in this case and who oversaw Oracle's efforts to comply with the September 15, 2006 order. Maroulis Decl., ¶ 2. To comply with the September 15, 2006 order, Mr. Maroulis directed Oracle's outside counsel to search the files of Oracle's finance department and the files of the specified Oracle personnel. *Id.*, ¶ 3. Pursuant to the September 15, 2006 order, Mr. Maroulis directed Latham & Watkins to review the files of the specified Oracle personnel for the following categories of documents: (1)

4

all sales forecast reports, periodic or otherwise, from 1996-2001; (2) all deal reports from 1999-2001; (3) copies of any printouts of information contained on Oracle Sales On-Line and/or Oracle Financial Analyzer in the manner it existed at Oracle from December 1, 1999 through June 1, 2001. *Id.*, ¶ 4. Mr. Maroulis directed Latham to produce all non-privileged documents responsive to the Order. *Id.*, ¶ 5. Mr. Maroulis is "informed and believe[s] that all responsive, non-privileged documents found after a reasonable and diligent search of the above-described files have been produced to Plaintiffs ..." Id.

In general, if responsive documents were located and produced, the Maroulis declaration states:

> Oracle has produced all responsive reports within Oracle's possession, custody or control. *To the extent additional reports ever existed*, they are not currently within Oracle's possession, custody or control.

*Id.*, ¶ 5 (emphasis added). If Defendants did not locate reports for a particular time period, the Maroulis declaration states:

> Oracle has not located or produced any reports. *To the extent they existed during this time period*, they are not currently within Oracle's possession, custody or control.

*Id.* (emphasis added). For example, the Maroulis declaration includes the following statements:

- Deal Reports used during Americas Forecast Calls for fiscal year 1999: Oracle has not located or produced any reports. To the extent they existed during this time period, they are not currently within Oracle's possession, custody or control.
- Deal Reports used during Americas Forecast Calls for fiscal years 2000 and 2001: Oracle has produced all responsive reports within Oracle's possession, custody or control. To the extent additional reports ever existed, they are not currently within Oracle's possession, custody or control.

*Id.*

With respect to the reports Defendants refer to as "historical reports" [Monthly Financial Reference Books, Oracle Board Packages, Oracle Support Services USA Revenue Gap Analysis, General Business Performance Summary and Oracle Product Industries Performance Packages] for fiscal year 1999, Q1 00, and Q2 00, the Maroulis declaration states that:

> These reports were not required to be produced for this time period under the Order. [These reports] reflect data from Oracle Financial Analyzer and are neither forecasting nor deal reports. Therefore, Defendants were required to produce these materials only from December 1, 1999 to June 1, 2001.
> ... [Or]
> These reports were not required to be produced for this time period under the Order as

they are neither forecasting nor deal reports.  Therefore, to the extent these documents are printouts of Oracle Financial Analyzer, Defendants were required to produce these materials only from December 1, 1999 (Q3 00) to June 1, 2001.

Maroulis Decl., ¶ 5.  Mr. Maroulis concludes by stating that he is "not aware of any responsive, non-privileged documents located after a reasonable and diligent search that have not been produced to Plaintiffs pursuant to the Order."  *Id.*, ¶ 6.

Plaintiffs contend that the declaration has two fundamental problems, and does not comply with the December 14, 2006 order.  Meet and confer efforts were unsuccessful.  Plaintiffs motion requests that the Special Master enforce the December 14, 2006 order by requiring Defendant to correct the Maroulis declaration to:  (1) remove the evasive language suggesting that the reports at issue may or may not have existed; and (2) address the five reports limited by the Maroulis declaration for fiscal years 1999-2001.  Plaintiffs assert that if additional reports exist from the broader time period, Defendants should produce those reports immediately as required by the September 15, 2006 order.

<u>Legal Standard</u>

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed.R.Civ.P. 26(b)(1).  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id.*  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."  Fed. R. Civ. Proc. 26(b)(1).  "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Fed.R.Civ.P. 26(b)(2).

6

"If a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed.R.Civ.P. 37(a)(2)(B).   For purposes of this subdivision an evasive or incomplete response is to be treated as a failure to respond. Fed.R.Civ.P. 37(a)(3).  If a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just. Fed.R.Civ.P. 37(b)(2).

Discussion

*Timeliness of the Motion*

Defendants contend that Plaintiffs' motion is untimely.  Plaintiffs assert that the relevant portion of the Maroulis declaration was submitted to Plaintiffs on January 5, 2007, and in light of the Special Master's October 11, 2006 order that all discovery motions be filed within seven court days of the receipt of that discovery, the present motion should have been submitted no later than January 17, 2007.  The present motion was submitted on February 5, 2007.  Defendants assert that the fact that the Maroulis declaration was amended on January 25, 2007 to reflect additional documents produced "was fortuitous and did not change the language Plaintiffs' challenge" in the present motion.

Local Rule 26-2 provides that:

> Unless otherwise ordered, as used in any order of this Court or in these Local Rules, a "discovery cut-off" is the date by which all responses to written discovery are due and by which all depositions must be concluded.
>
> …
>
> Where the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 court days after the fact discovery cut-off …

On October 11, 2006, the Special Master ordered that all motions to compel discovery be brought within seven days of the completion of the discovery event (deposition, document production etc.). *See* Farthing Decl., Ex. D at 15.

The present motion is a motion to enforce a prior court order, not a motion to compel production.  Rule 26-2 therefore is inapplicable.  Even assuming Rule 26-2 were applicable, the present motion was filed within seven days of the filing of the (amended) Maroulis declaration. In sum, the motion was timely submitted.

*Request that Oracle Remove "May or May Not Have Existed" Language*

Plaintiffs contend that the language in the declaration leaving open the possibility that the reason the reports were not produced is because they "may" never have existed in the first place is misleading, inaccurate and violates the December 14, 2006 order calling for Oracle to "clearly indicate" which particular reports are not in Defendants' possession, custody or control.  Plaintiffs assert that instead of providing a clear indication, Defendants chose to raise doubt over whether key forecasting reports ever existed.   Plaintiffs assert that Defendants' repeated assertions that certain reports may never have existed are false. *See* e.g., Britton Decl., Exs. 9-16.  For example, Plaintiffs assert that while the Maroulis declaration states that Upside Reports for June of Q1 00 may not have existed, Defendants have produced Upside Reports for other months in Q1 00 and Upside Reports before and after Q1 00.  Plaintiffs assert that it is not reasonable to assert that Upside Reports may not have existed during June 1999 (the first month of Q1 00) when Oracle had an established forecasting pattern that was in place before and after June Q1 00.  Plaintiffs assert that: (1) Defendants' well-established forecasting patterns and schedules are evidence enough that the reports at issue existed, especially given that Defendants' only argument in support of their belief is that the reports are no longer in their possession; (2) the only relevant inquiry for purpose of the December 14, 2006 order is whether all responsive reports within Oracle's possession, custody or control have been produced; and (3) an assertion that each report Oracle does not currently possess "may" never have existed leaves this inquiry unanswered.  In light of the foregoing, Plaintiffs seek an order requiring Defendants "to amend the Maroulis declaration to omit the equivocal (and useless) representation that reports may or may not have existed."

Defendants contend that the declaration fully complies with the December 14, 2006 order. Defendants assert that: (1) the purpose of the December 14, 2006 order was to have Defendants clarify, via declaration, whether Oracle had produced all responsive documents in its possession, custody or control; (2) the Maroulis declaration states, on a report-by-report basis that Defendants have produced all responsive documents currently within Oracle's possession, custody or control and a report-by-report declaration of responsive documents *not* within Oracle's possession, custody or control; (3) because the December 14, 2006 order required Defendants to declare on a report-by-report basis, inclusion of the language of which Plaintiffs complain was necessary in order to preclude the implication that Defendants conceded that particular reports existed for all

of the particular time periods referenced in Plaintiffs' motion; (4) neither Mr. Maroulis or anyone else at Oracle would be able to make such a definitive statement under oath with respect to the multitude of reports listed in the Maroulis declaration for each time period in question; (5) Maroulis can only declare under oath as to matters within his personal knowledge; (6) there is absolutely nothing in the December 14, 2006 order that would require Mr. Maroulis to state whether certain reports ever existed, and it would be impossible for Mr. Maroulis to make such a statement because he lacks such knowledge; and (7) Plaintiffs cannot compel Oracle to declare to the existence of documents just because Plaintiffs believe the evidence suggests such documents "must have" existed or believe their existence is probable.

In reply, Plaintiffs contend that the Maroulis declaration violates the December 14, 2006 order. Plaintiffs assert that: (1) the December 14, 2006 order required Oracle to clearly indicate which reports they have and do not have; (2) the December 14, 2006 order did not permit Oracle to make vague statements about whether or not the reports at issue ever existed; (3) contrary to Defendants' claim that neither Mr. Maroulis or anyone at Oracle would be able to make such a definitive statement, Oracle unquestionably has the ability and the obligation to provide the information; (4) "Defendants are obligated to make a good faith search and to provide a declaration from someone who knows clearly indicating what existed when this case commenced on a report-by-report basis and what did not exist," citing the December 14, 2006 order and Fed.R.Civ.P. 26(g);

The September 15, 2006 order required Defendants to produce "all sales forecast reports (periodic or otherwise) from 1999-2001 and all deal reports from 1999-2001." Defendants' produced documents in response to the September 15, 2006 order. Plaintiffs asserted the production was incomplete, and submitted a motion seeking production of all the responsive reports Defendants used between 1999 and 2001. In opposition to the motion, Defendants asserted that they had produced the required forecasting and deal reports, and that the 'missing documents' identified by Plaintiffs either were never created or were no longer in those of Oracle's files secured for purposes of the litigation.

The December 14, 2006 order, after noting that the record then presented was insufficient to allow the Special Master is to determine whether Defendants had produced all responsive forecasting and deal reports in their possession, custody or control, required the following:

... Defendants shall provide Plaintiffs with a sworn declaration from an Oracle

9

representative with knowledge clearly indicating whether Defendants have produced all responsive, non-privileged documents in their possession, custody or control. The declaration shall address each of the reports listed on pages [7 and 8] of Plaintiffs' motion. To the extent that responsive documents are not in Defendants' possession, custody or control, the declaration shall clearly so indicate on a report-by-report basis.

In pertinent part, the December 14, 2006 order was designed to clarify the scope of Oracle's production of forecasting and deal reports, and to clarify the scope of Oracle's non-production of such reports. The Maroulis declaration, while indicating that all documents in Oracle's possession, custody or control have been produced, does not provide the required clarity with respect to responsive documents not produced by Oracle, and thus does not comply with the December 14, 2006 order. Rather than clarifying the scope of the forecasting and deal reports produced or not produced, Mr. Maroulis's repeated use of the phrases "[t]o the extent additional reports ever existed, they are not currently within Oracle's possession, custody or control," and "to the extent [reports] existed during this time period, they are not currently within Oracle's possession, custody or control" renders unclear the scope of the responsive documents not in Oracle's possession, custody or control. Although not expressly stated, the December 14, 2006 order necessarily required Oracle to indicate whether the reports identified by Plaintiffs (at pages 7-8 of the prior motion) existed, and if so, which of the reports have been produced and which were not produced because they are no longer in Oracle's possession, custody or control. The Maroulis declaration fails to clearly identify whether the reports identified by Plaintiffs ever existed at (or where created by) Oracle.

The relief requested by Plaintiffs (the striking of the may have existed language from the declaration) is improper. The Special Master will instead provide Oracle with an additional opportunity to provide the information required by the December 14, 2006 order. With respect to Defendants' assertion that neither Mr. Maroulis nor any at Oracle could definitively state under oath that each of the reports at issue existed, the Special Master will further define that the scope of the declaration(s) to be provided by Oracle.

Plaintiffs' motion to enforce the December 14, 2006 order is GRANTED IN PART. Within seven days of receipt of this order, and except as noted below, Defendants shall provide Plaintiffs with a sworn declaration from an Oracle representative (or representatives) clearly indicating, on a report-by-report basis, whether the reports identified by Plaintiffs ever existed, which of the reports that existed have been produced to Plaintiffs and which of the reports that at

10

one time existed were not produced to Plaintiffs because they are no longer in Oracle's

possession, custody or control.   Oracle shall provide the representative or representatives with all

responsive information known or reasonably available to Oracle.  In other words, Oracle shall

prepare the representative(s) so that the representative speaks for Oracle with respect to the

information required by this order.

*The "Historical Reports"*

With respect to the reports Defendants refer to as "historical reports" [Monthly Financial

Reference Books, Oracle Board Packages, Oracle Support Services USA Revenue Gap Analysis,

General Business Performance Summary and Oracle Product Industries Performance Packages]

for fiscal year 1999, Q1 00, and Q2 00, the Maroulis declaration states that:

> These reports were not required to be produced for this time period under the Order.
> [These reports] reflect data from Oracle Financial Analyzer and are neither forecasting nor
> deal reports.  Therefore, Defendants were required to produce these materials only from
> December 1, 1999 to June 1, 2001.
> ... [Or]

> These reports were not required to be produced for this time period under the Order as
> they are neither forecasting nor deal reports.  Therefore, to the extent these documents are
> printouts of Oracle Financial Analyzer, Defendants were required to produce these
> materials only from December 1, 1999 (Q3 00) to June 1, 2001.

Plaintiffs contend that all reports identified in the Maroulis declaration, including the five

types of reports (historical reports) objected to by Defendants, should be produced for fiscal years

1999-2001.  Plaintiffs assert that the five types of reports in question were used in Oracle's

forecasting process and should have been produced for FY 1999-2001.

Defendants contend that Plaintiffs have unilaterally and improperly classified certain

printouts from Oracle Sales Online and Oracle Financial Analyzer as forecasting or deal reports.

Defendants assert that the five types of reports at issue are neither forecasting nor deal reports.

Defendants assert that the five types of reports at issue reports of actual financial results, not sales

forecasts.  Defendants assert that the fact that sometimes historical results were used for

comparison purposes in the forecasting process does not turn a report of historical numbers into a

"forecast report."  Defendants assert that they were required to produce sales forecast reports, not

every document that has tangential relevance to the forecasting process.

In reply, Plaintiffs contend that all reports identified by the Maroulis declaration are

forecast or deal reports.  Plaintiffs assert that a report that is used for comparison purposes in the

forecasting process is a forecasting report by virtue of its involvement in the process.

The requests for production that form the basis of the September 15, 2006 and December 14, 2006 orders sought production of "all sales forecast reports (periodic or otherwise)." The September 15, 2006 order required Defendants to produce "all sales forecast reports (periodic or otherwise) from 1999-2001. Defendants were also ordered to produce "copies of any printouts of information contained on Oracle Sales On-Line and/or Oracle Financial Analyzer in the manner it existed at Oracle from December 1, 1999 through June 1, 2001."

The evidence presented indicates that while the five "historical reports" at issue were used in the forecasting process, the reports are not "sales forecast reports." The December 14, 2006 order required clarification as to reports produced and not produced – it did not definitively classify the reports at issue as "forecasting reports." The requests at issue do not seek production of all documents related to sales forecast reports. As such, the reports at issue need not be produced from FY 1999-2001. Accordingly, Plaintiffs' motion for an order that all reports identified in the Maroulis declaration be produced from FY 1999-2001 is DENIED.

IT IS SO ORDERED.

Dated: 2-27-07

Hon. Edward A. Infante (Ret.)
Special Master

**PROOF OF SERVICE BY E-MAIL**

I, Sandra Chan, not a party to the within action, hereby declare that February 27,

2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART

PLAINTIFFS' MOTION TO ENFORCE THE COURT'S DECEMBER 14, 2006 ORDER

COMPELLING DEFENDANTS TO PRODUCE A DECLARATION ADDRESSING

ORACLE'S FORECASTING AND DEAL REPORTS in the within action by e-mail

addressed as follows:

| | | |
|---|---|---|
| Mark Solomon Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | marks@lerachlaw.com |
| Douglas Britton Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | dougb@lerachlaw.com |
| Valerie McLaughlin Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | valeriem@lerachlaw.com |
| Gavin Bowie Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | gbowie@lerachlaw.com |
| Shawn Williams Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | shawnw@lerachlaw.com |
| Willow Radcliffe Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | willowr@lerachlaw.com |
| Eli Greenstein Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | elig@lerachlaw.com |
| Jennie Anderson Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | jenniea@lerachlaw.com |
| Monique Winkler Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | moniquew@lerachlaw.com |
| Peter Wald Esq. | Latham & Watkins | peter.wald@lw.com |
| Michele Kyrouz Esq. | Latham & Watkins | michele.kyrouz@LW.com |
| Patrick Gibbs Esq. | Latham & Watkins | patrick.gibbs@lw.com |
| Matthew Harrison Esq. | Latham & Watkins | matt.harrison@LW.com |
| Sean Coyle Esq. | Latham & Watkins | sean.coyle@lw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on February 27, 2007, at San Francisco, California.

Sandra Chan