| | |
|---|---|
| 1 | LERACH COUGHLIN STOIA GELLER |
| | RUDMAN & ROBBINS LLP |
| 2 | MARK SOLOMON (151949) |
| | DOUGLAS R. BRITTON (188769) |
| 3 | VALERIE L. McLAUGHLIN (191916) |
| | GAVIN M. BOWIE (235532) |
| 4 | STACEY M. KAPLAN (241989) |
| | 655 West Broadway, Suite 1900 |
| 5 | San Diego, CA  92101 |
| | Telephone:  619/231-1058 |
| 6 | 619/231-7423 (fax) |
| | marks@lerachlaw.com |
| 7 | dougb@lerachlaw.com |
| | valeriem@lerachlaw.com |
| 8 | gbowie@lerachlaw.com |
| | skaplan@lerachlaw.com |
| 9 |         – and – |
| | SHAWN A. WILLIAMS (213113) |
| 10 | WILLOW E. RADCLIFFE (200087) |
| | MONIQUE C. WINKLER (213031) |
| 11 | ELI R. GREENSTEIN (217945) |
| | 100 Pine Street, Suite 2600 |
| 12 | San Francisco, CA  94111 |
| | Telephone:  415/288-4545 |
| 13 | 415/288-4534 (fax) |
| | shawnw@lerachlaw.com |
| 14 | willowr@lerachlaw.com |
| | moniquew@lerachlaw.com |
| 15 | elig@lerachlaw.com |
| 16 | Lead Counsel for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) ) | PLAINTIFFS' NOTICE OF OBJECTION AND OBJECTION TO MAGISTRATE |
| ALL ACTIONS. | ) ) | JUDGE JOSEPH C. SPERO'S ORDER OVERRULING PLAINTIFFS' OBJECTION |
| | ) | TO SPECIAL MASTER EDWARD A. INFANTE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DOCUMENTS CONTAINED IN DEFENDANTS' PRIVILEGE AND REDACTION LOG |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................2

II. RELEVANT PROCEDURAL HISTORY ............................................................................3

III. ARGUMENT .........................................................................................................................6

    A. Standard of Review....................................................................................................6

    B. Legal Standard on Withholding Discoverable Information.....................................7

    C. Defendants Have Violated Fed. R. Civ. P. 26(b)(5) and This Court's Order in the Discovery Plan by Not Producing a Privilege Log for the Hundreds of Redactions Contained in the Derivative Production.............................................9

    D. Defendants Offer No Authority or Legal Basis for Their Defiance of the Court's Order Requiring a Privilege Log...............................................................10

    E. All of the Documents that Were Redacted Without a Log or Explanation Should Be Produced in Their Complete Form.........................................................11

IV. CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

**Page**

*Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*,
    408 F.3d 1142, Fed. R. Civ. P. 26 (b) ..................................................................................7, 11

*Heath v. F/V Zolotoi*,
    221 F.R.D. 545 (W.D. Wash. 2004) .........................................................................................10

*In re Atl. Fin. Fed. Sec. Litig.*,
    No. 89-0645, 1991 WL 153075
    (E.D. Pa. Aug. 6, 1991) ..............................................................................................................8

*In re Grand Jury Investigation*,
    974 F.2d 1068 (9th Cir. 1992) ....................................................................................................7

*In re Medeva Sec. Litig.*,
    No. 93-4376-KN, 1995 WL 943468
    (C.D. Cal. May 30, 1995) ...........................................................................................................8

*PostX Corp. v. Secure Data Motion, No. C 02-04483 SI*,
    2004 U.S. Dist. LEXIS 24869 (N.D. Cal. June 9, 2004),
    *aff'd*, 2004 U.S. App. LEXIS 25830 (Fed. Cir. 2004) ..............................................................10

*Seafirst Corp. v. Jenkins*,
    644 F. Supp. 1160 (W.D. Wash. 1986) ......................................................................................8

*Tennison v. City & County of San Francisco*,
    226 F.R.D. 615 (N.D. Cal. 2005) ..............................................................................................10

*United States v. Constr. Prods. Research*,
    73 F.3d 464 (2d Cir. 1996) .........................................................................................................7

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26(a) ...............................................................................................................................3, 7
    Rule 26(b) ..............................................................................................................................7, 11
    Rule 26(b)(5)(A) .........................................................................................................................7
    Rule 26(a) ....................................................................................................................................3
    Rule 26(b)(5) ..................................................................................................................... *passim*
    Rule 53(g) ...................................................................................................................................5
    Rule 72(a) .................................................................................................................................1, 6

1    TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2            PLEASE TAKE NOTICE as soon as the matter may be heard in the Courtroom of the
3    Honorable Martin J. Jenkins, plaintiffs, pursuant to Federal Rule of Civil Procedure ("Fed. R.
4    Civ. P.") 72(a), hereby object to Magistrate Judge Joseph C. Spero's Order Overruling Plaintiffs'
5    Objection, in Part, to Special Master Edward A. Infante's Order Granting in Part and Denying in Part
6    Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Log
7    ("Order").  The Objection is based on this Notice, the Memorandum of Points and Authorities in
8    Support thereof, the Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Notice of
9    Objection and Objection to the Magistrate Judge Joseph C. Spero's Order Overruling Plaintiffs'
10   Objection to Special Master Edward A. Infante's Order Granting in Part and Denying in Part
11   Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Log
12   ("McLaughlin Decl.") filed herewith, all pleadings and papers filed in this action,[1] the arguments of
13   counsel and any other matter that the Court may consider at a hearing on this motion.

---

[1]    For the Court's ease of reference, attached to the McLaughlin Decl. are the following previously-filed documents:  Ex. 1 – Plaintiffs' Notice of Objection and Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs; Ex. 2 – Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Notice of Objection and Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs (Plaintiffs' Motion to Compel ("MTC"), Defendants' Opposition to Plaintiffs' MTC, and Plaintiffs' Reply in Support of MTC are attached as Exhibits A-C to this exhibit.  The Declaration of Douglas R. Britton in Support of Plaintiffs' MTC, the Declaration of Brian T. Glennon in Support of Defendants' Opposition to Plaintiffs' MTC, and the Declaration of Mark Solomon in Support of Plaintiffs' Reply to MTC are attached as Exhibits D-F to this exhibit); Ex 3 – Supplemental Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Notice of Objection and Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs; Ex. 4 – Defendants' Opposition to Plaintiffs' Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs; Ex. 5 – Reply to Defendants' Opposition to Plaintiffs' Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs; and Ex. 6 – Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs.

I. **INTRODUCTION**

Defendants violated the Discovery Plan and Fed. R. Civ. P. 26(b)(5) by providing no explanation or log for hundreds of redactions of highly important documents previously produced in the derivative actions, now produced by defendants in this case. Defendants' accounts of the relevant facts presented to both Special Master Infante and Magistrate Judge Spero were inaccurate.

First, contrary to defendants' claim and Magistrate Judge Spero's finding, this issue was not resolved last year. Plaintiffs have never received a single log addressing the redactions in the derivative production. There has been no compromise or resolution of this issue.

Also, defendants appear to have convinced the Special Master that the documents at issue were produced only as "Initial Disclosures" and only because they were produced in the derivative litigation. *See* McLaughlin Decl., Ex. 2, Ex. B thereto at 17:1-12. Therefore, according to defendants, the Special Master could not interfere with the manner the documents were produced. That also is inaccurate. The documents were produced in this litigation because they are core documents, responsive to plaintiffs' document requests and to the Discovery Plan. That fact is evidenced in defense counsels' own communications at the very time of the productions at issue where they tell plaintiffs that only one box contained their "Initial Disclosures" and the remaining 18 boxes were responsive to plaintiffs' discovery requests.[2]

With great respect, Special Master Infante's Order on this issue and Magistrate Judge Spero's overruling of plaintiffs' Objection to the Order are erroneous and contrary to law. There is no legal basis, and no purported authority has been cited, to justify allowing defendants to circumvent well established privilege law.

---

[2] *See* McLaughlin Decl., Ex. 3 (Supplemental Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Notice of Objection and Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs, containing e-mail message from defense counsel Lee Rubin to Doug Britton dated January 5, 2005 (Ex. A) and correspondence between Shirish Gupta and Willow Radcliffe dated January 19, 2005, January 20, 2005 and February 3, 2005 (Ex. B)).

## II. RELEVANT PROCEDURAL HISTORY

On December 9, 2004, plaintiffs propounded upon defendants Plaintiffs' First Set of Requests for Production of Documents ("Plaintiffs' First Document Requests"). *See* McLaughlin Decl., Ex. 2, Ex. H thereto.

On January 21, 2005, defendants produced NDCA-ORCL 00001-04681 claiming the production constituted their Rule 26(a) Initial Disclosures, notwithstanding that they also were responsive to Plaintiffs' First Document Requests. Then on January 26, 2005, defendants produced another slew of documents – NDCA-ORCL 004682-039333. Defendants have represented in their earlier opposition to this issue that both sets of documents were produced only as their Initial Disclosures and were also produced earlier in the derivative cases relating to this action. However, that is inaccurate, as demonstrated in the January 5, 2005 e-mail from Lee Rubin to Doug Britton acknowledging that these documents were produced in response Plaintiffs' First Document Requests. Notwithstanding the fact that these documents were directly responsive to Plaintiffs' First Document Requests and were produced in response to those requests, they contained hundreds of redactions. No redaction log or explanation has ever been provided to plaintiffs relating to this production regarding the redacted information.

On March 1, 2005, Magistrate Judge Joseph C. Spero ordered defendants to produce NDCA-ORCL 000001-039333 and additional responsive derivative documents in electronic form at the discovery hearing. *See* McLaughlin Decl., Ex. 6 (Declaration of Valerie L. McLaughlin in Support of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Objection to the Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs), Ex. 1 thereto at 72.

On March 10, 2005, Magistrate Judge Spero ordered the Amended Order Setting a Discovery Plan ("Discovery Plan"). The Discovery Plan ordered the "parties shall produce privilege logs within forty-five (45) days after a document is withheld for privilege." *See* McLaughlin Decl., Ex. 2, Ex. I thereto at 4.

Over the next year, plaintiffs continually requested that defendants either provide a privilege/redaction log relating to these documents or produce the unredacted versions.

On February 24, 2006, plaintiffs sent a letter to defendants informing them of plaintiffs' intention to, among other things, raise the issue of defendants' failure to timely produce privilege logs from the derivative production with Magistrate Judge Spero. *See* McLaughlin Decl., Ex. 8.

On March 15, 2006, plaintiffs brought the privilege log deficiency issue to Magistrate Judge Spero in an omnibus briefing addressing a myriad of disputes with defendants concerning discovery. During the meet and confer process, ordered by Magistrate Judge Spero, defendants agreed to provide plaintiffs with all the logs detailing the withheld information in the derivative production. Therefore, plaintiffs agreed to withdraw their motion to compel these logs.

On March 27 and 29, 2006, defendants produced only two privilege logs addressing the ***withheld*** documents, but not the redacted documents, from the derivative actions. Defendants assured plaintiffs that the logs for the remaining withheld information, which includes multiple redactions, would be forthcoming. *See* McLaughlin Decl., Exs. 9 & 10. Notwithstanding their assurances, defendants have never produced a log for the hundreds of redactions in these documents.[3]

On April 6, 2006, Magistrate Judge Spero referred all remaining discovery matters to Special Master Honorable Edward A. Infante (Ret.). The April 6, 2006 Order directed the parties to submit all reports, findings, and objections and motions in response to the Special Master's ruling to Judge Spero.

Defendants later produced a series of other privilege logs in September and October of 2006, but none of them addressed the redactions in the derivative documents. However, they continued to represent they would be forthcoming.[4]

---

[3] However, at the time, plaintiffs took defendants' word that the logs would be forthcoming and, therefore, did not pursue the issue with the Magistrate Judge.

[4] In fact, at Daniel Cooperman's deposition, defendants went so far as to state, on the record, that a log had been produced, only to have to admit thereafter that in fact, no log had ever been produced. *See* McLaughlin Decl., Ex. 6, Ex. 2 thereto at 91:4-92:5, 96:1-6, 278:1-12. To this day, they have never produced such a log.

1       On October 30, 2006, plaintiffs timely filed their Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs.  This motion addressed not only the fact that defendants did not produce a redaction log for any of the redacted information in the derivative cases, it also addressed unexplained and unlogged redactions in other documents and deficiencies in logs that defendants actually produced.

On November 13, 2006, Oracle and the individual defendants filed their Opposition to Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs.

On November 20, 2006, plaintiffs filed their Reply in Support of Plaintiffs' Motion to Compel Documents Contained in Defendants' Privilege and Redaction Logs.

On January 3, 2007, the Special Master issued the Order.  The Order was served thereafter during the evening of January 4, 2007, and then filed with the Court.  The Special Master granted much of the relief sought by plaintiffs, but denied plaintiffs' motion to the extent that it sought the unredacted form of the documents produced in the derivative actions.  The Special Master held that because the documents were produced in the same manner earlier in the derivative litigation, he would not compel defendants to produce a log or to produce them any differently in this litigation. *See* McLaughlin Decl., Ex. 2, Ex. G thereto.

On January 25, 2007, pursuant to Fed. R. Civ. P. 53(g), plaintiffs filed an objection to the Special Master's Order (the "Objection") insofar as it related to these documents.[5]

On February 13, 2007, defendants filed an opposition to the Objection.

On February 16, 2007, plaintiffs filed a reply in support of their Objection.

---

[5] The Special Master found that: "With respect to the redacted documents included in exhibit 4 to the Britton declaration that were first produced by Oracle in the derivative litigation, Oracle asserts that it produced the documents in precisely the same format in which they were produced in the derivative litigation.  The Special Master will not permit Plaintiffs to challenge Oracle's production and logs from an earlier case in which Plaintiffs were not a party, and will not require Oracle to eliminate or explain the earlier redactions." *See* McLaughlin Decl., Ex. 2, Ex. G thereto at 19.  Special Master Infante provides no analysis for his decision.  In fact, plaintiffs are concerned that there may have been a misunderstanding on the Special Master's part as to the fact that these documents were produced in this litigation and were responsive to the document requests and the Discovery Plan, as he overlooks those facts in his ruling.

1    On March 1, 2007, Magistrate Judge Spero overruled plaintiffs' Objection, adopting the reasoning of the Special Master and noting further that "both parties have represented to the Court that this issue was resolved in connection with various disputes that were brought to the Court's attention in April 2006." *See* McLaughlin Decl., Ex. 7.

Plaintiffs respectfully object to Magistrate Spero's overruling of plaintiffs' Objection to the Special Master's Order. This issue has not been "resolved." Defendants' representation to the Magistrate Judge that they complied with the March 2006 agreement to produce the logs for the withheld information is false. They have never produced a single log addressing the hundreds of redactions in the derivative litigation documents. Plaintiffs' agreement to withdraw this issue from those pending before the Court in April 2006 was premised on defendants' agreement to comply fully with plaintiffs' demand and produce all of the privilege logs addressing all of the withheld information in the derivative production. Defendants completely reneged on that agreement.

Defendants are required under the Discovery Plan to produce a privilege log within 45 days for withheld documents or information after the production of documents called for in the Discovery Plan. *See* McLaughlin Decl., Ex. 2, Ex. I thereto at 4. These documents are clearly subject to the same privilege log requirements as all other documents produced in this case. Defendants should have produced a log for the hundreds of redactions contained in the derivative litigation production, but they have failed to do so. They now should be compelled to turn over the documents in their unredacted form.

### III. ARGUMENT

#### A. Standard of Review

Pursuant to Fed. R. Civ. P. 72(a), any party may file an objection to a magistrate judge's order no later than ten days from the date on which the magistrate judge's order is served. The court must decide *de novo* all objections to the magistrate judge's findings of fact and conclusions of law. *Id.* In acting on a magistrate judge's order, the court shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. *Id.*

**B.     Legal Standard on Withholding Discoverable Information**

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A). "To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26(b) advisory committee's note; *see also Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142, 1148 (9th Cir. 2005) ("[T]he 'party must . . . provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection.'") (citation omitted); Fed. R. Civ. P. 26(b) advisory committee's note ("The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection."). "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." *Id.*

To facilitate its determination of privilege, a court may require "'an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps.'" *United States v. Constr. Prods. Research*, 73 F.3d 464, 473 (2d Cir. 1996) (citations omitted). The privilege log should

> "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between . . . individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected."

*Id.* (citations omitted). In *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992), the court noted that a privilege log that contained the following information would be sufficient: (a) the attorney and client involved; (b) the nature of the document; (c) all persons or entities shown on the document to have received or been sent the document; (d) all persons or entities known to have been

furnished the document or informed of its substance; and (e) the date the document was generated, prepared, or dated.

In *In re Atl. Fin. Fed. Sec. Litig.*, No. 89-0645, 1991 WL 153075 (E.D. Pa. Aug. 6, 1991), a class action securities fraud case, the plaintiffs filed a motion to compel production of *inter alia,* minutes of and reports to the board of directors and unredacted copies of documents previously produced. The plaintiffs asserted that the defendants had deleted and withheld highly relevant pages from the documents it produced, and that the defendants had redacted other documents to such an extent that they had been rendered meaningless. Defendants responded "'that the vast majority of the documentation would be provided in unredacted form,'" but noted that "'only those documents containing irrelevant information . . . were . . . redacted.'" *Id.* at *4 (citation omitted). After noting the plaintiffs' reliance upon *Seafirst Corp. v. Jenkins*, 644 F. Supp. 1160 (W.D. Wash. 1986), the court stated that:

> In the present case, no privileges are asserted by [the defendants] and the only objection made is that the redacted information is irrelevant. Given that relevancy is broadly construed for discovery purposes . . . and that plaintiffs have indicated the possibility of additional relevant information within the redacted documents, it is within this Court's discretion to order the documents produced in unredacted form. Moreover, defendants are already well-protected from improper disclosure by the confidentiality order. Therefore, in the event that there are documents yet unproduced or produced in redacted form, defendants are ordered to produce those to plaintiffs.

*Atl. Fin.*, 1991 WL 153075, at *4; *see also In re Medeva Sec. Litig.*, No. 93-4376-KN, 1995 WL 943468 (C.D. Cal. May 30, 1995) (where the court found that with respect to documents redacted for reasons other than privilege, corrective measures were warranted, and granted the plaintiffs' motion to compel the defendants to produce unredacted copies of documents redacted on a basis other than privilege). *Id.* at *3.

Moreover, Special Master Infante has made it clear that, ordinarily, redactions for "relevance" or "non-responsiveness" are entirely improper, that unexplained redactions are entirely improper, and that any redactions on the basis of privilege must be logged. *See* McLaughlin Decl., Ex. 2, Ex. G thereto at 19.

### C. Defendants Have Violated Fed. R. Civ. P. 26(b)(5) and This Court's Order in the Discovery Plan by Not Producing a Privilege Log for the Hundreds of Redactions Contained in the Derivative Production

Despite the fact that defendants are required to provide an explanation and log for each and every redaction they make in a discoverable document pursuant to the Discovery Plan and the Federal Rules of Civil Procedure, they have refused to do so. The redactions in dispute range from the wholesale redaction of information in board packages (Exs. 23-32 to plaintiffs' MTC, which is attached to the McLaughlin Decl., Ex. 2 as Ex. A thereto), to redactions of information in Board of Directors Audit Committee Meeting Minutes (Ex. 5 to plaintiffs' MTC), to redactions in forecasting documents (Exs. 6-8 to plaintiffs' MTC), to redactions to documents concerning Ellison's inside stock sales (Exs. 9-10 to plaintiffs' MTC), to redactions to billion dollar savings documents (Ex. 11 to plaintiffs' MTC), to redactions even to Oracle's Employee Handbook (Ex. 12 to plaintiffs' MTC), to entire blank pages (Ex. 13 to plaintiffs' MTC). These highly relevant documents fit squarely within the documents contemplated under the Discovery Plan and are directly responsive to Document Request Nos. 1-16, 27-31, 47 and 48 of Plaintiffs' First Document Requests. *See* McLaughlin Decl., Ex. 2, Ex. H thereto. Independently, the documents also are called for by the Discovery Plan itself, which calls for not only the production of documents produced in the derivative cases, but also for all documents concerning insider trading, forecasting, the 11i Suite, the impact upon Oracle caused by the economy and Oracle's revenues and earnings – the "Key Issues in Case" as defined in the Discovery Plan.

Defendants did not produce these documents before any document requests were served, as the Special Master seems to have understood. They were produced more than six weeks after defendants had received Plaintiffs' First Document Requests, which put them on precise notice of what plaintiffs were seeking in this case. Eighteen of the nineteen boxes were produced, according to defendants themselves, in response to Plaintiffs' First Document Requests. The fact that defendants may have also produced these documents in the related derivative actions in redacted form does not negate their duty to comply with the federal rules and this Court's Order in this case. The defendants' deliberate hiding of relevant information without providing an explanation should not be permitted.

### D. Defendants Offer No Authority or Legal Basis for Their Defiance of the Court's Order Requiring a Privilege Log

No authority has been cited to justify the unexplained redactions because there is none. The fact that the same documents happen to be responsive and produced in more than one action does not excuse the parties from complying with the rules and orders set in place in the respective actions. Defendants' assertion that they do not have to provide a log of these redactions because they "voluntarily" produced these documents as part of their "Initial Disclosures" before the Discovery Plan was ordered, aside from being completely untrue, lacks any legal basis. Defendants were and are under a duty to produce these very same documents in response to the Discovery Plan as they fit squarely within its scope. The fact that defendants produced some (not all) of these documents in redacted form with their initial disclosures (one box out of nineteen) does not exempt them from abiding by the Court's Order in this litigation to produce all documents called for under the Discovery Plan or a log within 45 days of production. If it did, one could envisage huge amounts of redacted materials being produced by defendants in their Initial Disclosures to avoid the discovery rules.

Regardless of the fact that the documents were first produced before the Discovery Plan was in place, or that a few were called "Initial Disclosures" by defendants, the Federal Rules of Civil Procedure impose the same procedures relating to withheld information. Initial Disclosures form part of the discoverable information in the case. *See Heath v. F/V Zolotoi*, 221 F.R.D. 545, 551-52 (W.D. Wash. 2004) (sanctions issued for a party failing to submit a privilege log for initial disclosures); *see also Tennison v. City & County of San Francisco*, 226 F.R.D. 615, 624 (N.D. Cal. 2005) (privilege log required for initial disclosures); *see also PostX Corp. v. Secure Data Motion*, No. C 02-04483 SI, 2004 U.S. Dist. LEXIS 24869, at *4-*6 (N.D. Cal. June 9, 2004) (privilege log for all pre- and post-filing documents not unduly burdensome), *aff'd*, 2004 U.S. App. LEXIS 25830 (Fed. Cir. 2004).

Defendants cannot assert that they never had an obligation to produce these same documents in this litigation, as clearly the board or committee minutes, e-mails, forecast reports and other identified documents are responsive to the Discovery Plan and Plaintiffs' First Document Requests.[6]

### E. All of the Documents that Were Redacted Without a Log or Explanation Should Be Produced in Their Complete Form

Defendants' complete failure to provide any explanation for the hundreds of redactions in the derivative production amounts to a waiver of any privilege that may have attached to any of the entries. *See Burlington*, 408 F.3d 1142 (waiver of privilege where log provided was untimely and the claimant was a sophisticated corporate litigant). *See also* Fed. R. Civ. P. 26(b) advisory committee's note ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."). Oracle and the individual defendants are clearly sophisticated corporate litigants. Therefore, all of the unlogged redacted documents from the derivative actions or otherwise in the litigation should be produced in their entirety.

---

[6] Oddly, defendants did produce in this litigation unredacted deposition transcripts and interview memoranda from the derivative cases, after plaintiffs repeatedly complained of redactions to those materials. However, they have flatly failed to produce a log for the remaining redacted documents or to produce them in unredacted form.

## IV.     CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court to reverse the Magistrate Judge's and Special Master's rulings on the unlogged redacted documents and order that these documents be produced in their unredacted form.

DATED:  March 14, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
STACEY M. KAPLAN


              s/ VALERIE L. McLAUGHLIN              
              VALERIE L. McLAUGHLIN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MONIQUE C. WINKLER
ELI R. GREENSTEIN
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Oracle3\BRF00040062.doc

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 14, 2007.

   s/ VALERIE L. McLAUGHLIN
VALERIE L. McLAUGHLIN

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  ValerieM@lerachlaw.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylawoffice.com

- **Eric J. Belfi**
  ebelfi@labaton.com ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com cheryl.grant@pillsburylaw.com

- **Reed R. Kathrein**
  reedk@lerachlaw.com e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **Michele F. Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com kellyb@lerachlaw.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Darren J. Robbins**

- **Sanna Rachel Singer**
  ssinger@sideman.com mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;aelishb@lerachlaw.com;moniquew@lerachla

- **Jamie Lynne Wine**
  jamie.wine@lw.com karen.kelly@lw.com

- **Monique Winkler**
  MoniqueW@lerachlaw.com
  E_File_SF@lerachlaw.com;MoniqueW@lerachlaw.com;shawnw@lerachlaw.com;travisd@lerachl

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338
```