Exhibit L



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Eli R. Greenstein
ElliG@Lerachlaw.com

March 29, 2007

VIA FACSIMILE

Edward W. Swanson
Swanson & McNamara LLP
300 Montgomery Street, Suite 1100
San Francisco, CA  94104
415/477-9010 (fax)

> Re:  *In re Oracle Corporation Sec. Litig.*
> Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Ed:

I write to memorialize your representation during our discussion on March 26, 2007, that Mr. Symonds would not contest jurisdiction in the Northern District of California for purposes of deciding plaintiffs' motion concerning Mr. Symonds' invocation of privileges at the March 19-20, 2007 deposition.

I also write to respond to one point raised during our discussions and in your March 27, 2007 letter. Plaintiffs do not believe that Mr. Symonds is entitled to retroactively invoke any privileges or rights under "international customary law" as you asserted. As an initial matter, neither Mr. Symonds nor his counsel attempted to invoke or even mention any such rights at the March 19-20, 2007 deposition or in any preceding discussions. The first mention of these purported rights occurred during the recent March 26, 2007 meet and confer, only 48 hours before the date upon which the parties initially agreed plaintiffs would file their motion (March 28, 2007). Accordingly, any retroactive assertion by Mr. Symonds of hypothetical rights under international law have been waived. Furthermore, even if such rights existed and would attach under the facts of this case, Mr. Symonds' late notice does not satisfy the "reasonable written notice" requirement under Fed. R. Civ. P. 44.1.

If you have any questions, please call me.

Very truly yours,

*Eli Gr*

Eli R. Greenstein

ERG:cmb