# SWANSON MCNAMARA & HALLER LLP

300 MONTGOMERY STREET  /  SUITE 1100  /  SAN FRANCISCO, CA  94104
TELEPHONE 415.477.3800    FAX 415.477.9010
WWW.SMHLEGAL.COM

May 9, 2007

The Honorable Martin J. Jenkins
United States District Judge
450 Golden Gate Avenue
San Francisco, California 94102

      RE:    *In re Oracle Corporation Securities Litig.*, Master File No. C-01-0988-MJJ

Your Honor:

      Pursuant to the Court's Order of May 8, 2007, third-party witness Matthew Symonds hereby submits his letter brief regarding *United States v. Balsys*, 524 U.S. 666 (1998).

      *Balsys* is focused on a question quite different from that before this Court. In *Balsys*, the issue was whether a witness in a U.S. proceeding who faced no fear of prosecution in the United States could assert the Fifth Amendment to protect himself from prosecution in a foreign country. In the instant case, the issue is whether a witness in a U.S. proceeding who faces the possibility of prosecution *in the United States* can assert the Fifth Amendment privilege to protect himself from prosecution *in the United States*.

      The holding of the *Balsys* Court shows that this distinction is critical. As the Court stated, "[a]lthough the [Self-Incrimination] Clause serves a variety of interests in one degree or another[,] *at its heart lies the principle that the courts of a government from which a witness may reasonably fear prosecution may not in fairness compel the witness to furnish testimonial evidence that may be used to prove his guilt.*" *Id.* at 683 (emphasis added); *see also id.* at 689 ("we start with what we think is the most probable reading of the Clause in its Fifth Amendment context, as limiting its principle to concern with prosecution by a sovereign that is itself bound by the Clause"); *id.* at 701 (Stevens, J., concurring) (stating that the Fifth Amendment "prescribes rules of conduct that must attend any deprivation of life, liberty or property in our Nation's courts."); *id.* at 704-06 (Breyer, J., dissenting) (focusing on excerpt of majority opinion quoted above).[1]

---

[1] It is worth noting that in *Valenzuela v. United States*, 286 F.3d 1223 (11th Cir. 2002), the Eleventh Circuit stated that *Balsys* stands for the proposition that the Self-Incrimination Clause does not have "extraterritorial application." *Id.* at 1229. Like *Balsys*, however, *Valenzuela* involved the fear of prosecution by a foreign government (Italy). *Valenzuela* therefore did not place at issue the core principle underlying the Fifth Amendment, namely that the courts of the United States cannot compel a witness to testify when the witness reasonably fears prosecution by the United States government.

SWANSON MCNAMARA & HALLER LLP

*Balsys* highlights the fundamental problem with Plaintiffs' motion to compel Matthew Symonds' testimony. If Plaintiffs' request is granted, the following could ensue. The witness is ordered to appear in a deposition in a case proceeding in U.S. district court. The witness is sworn, is questioned on the record, and, based on a legitimate fear of self-incrimination, asserts his Fifth Amendment privilege. Based upon the ruling of a U.S. district judge, the witness is then told he must give from his own mouth testimony that incriminates him. The witness is thereafter prosecuted in U.S. district court based upon the testimony he was compelled to give. Plaintiffs, in other words, seek to have this Court – the "court[] of a government from which" Mr. Symonds fears prosecution – compel Mr. Symonds "to furnish testimonial evidence that may be used to prove his guilt."

As *Balsys* recognizes, this is precisely the type of inquisitorial process the Fifth Amendment was intended to forbid. *Id.* at 683; *see also, e.g., United States v. Hubbell*, 530 U.S. 27, 34 n.8 (2000) ("[T]he privilege was intended to prevent the use of legal compulsion to extract from the accused a sworn communication of facts which would incriminate him. Such was the process of the ecclesiastical courts and the Star Chamber – the inquisitorial method of putting the accused upon his oath and compelling him to answer questions designed to uncover uncharged offenses[.]"). That is particularly true where the witness is forced to give potentially incriminating oral testimony against his will. *See Balsys*, 524 U.S. at 713 (Breyer, J., dissenting) ("the privilege recognizes the unseemliness, the insult to human dignity, created when a person must convict himself out of his own mouth."); *see also, e.g., United States v. Patane*, 542 U.S. 630, 637 (2004), *quoting* 8 J. Wigmore, Evidence § 2263, at 378 (stating that the Clause "'was directed at the employment of legal process to *extract from the person's own lips* an admission of guilt, which would thus take the place of other evidence'") (emphasis in original); *cf. Bear Sterns & Co., Inc. v. Wyler*, 182 F. Supp. 2d 679 (N.D. Ill. 2002) (granting motion to compel where defendant raised privilege to the act of production of documents, not oral testimony, and failed to make any showing that the production tended to incriminate him). Indeed, in light of the testimony Plaintiffs seek to compel – oral testimony related to the alleged destruction of evidence in this proceeding, which could give rise to federal charges of obstruction of a case pending before this very Court – Plaintiffs' request embraces the inquisitorial process to an extraordinary degree.

Finally, *Balsys* rejects Plaintiffs' contention that a Fifth Amendment violation occurs only if the compelled testimony is introduced in a later criminal trial. As the Court stated in finding that a witness need not rely on a subsequent motion to suppress rather than a prior grant of immunity, "the prediction that a court in a future criminal prosecution would be obligated to protect against the evidentiary use of compelled testimony is not enough to satisfy the privilege against compelled self-incrimination." *Balsys*, 524 U.S. at 683 n.8.

Respectfully submitted,

Edward W. Swanson
Alexis Haller
Swanson, McNamara & Haller LLP