1   LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
2   MARK SOLOMON (151949)
    DOUGLAS R. BRITTON (188769)
3   VALERIE L. McLAUGHLIN (191916)
    GAVIN M. BOWIE (235532)
4   STACEY M. KAPLAN (241989)
    655 West Broadway, Suite 1900
5   San Diego, CA  92101
    Telephone:  619/231-1058
6   619/231-7423 (fax)
    marks@lerachlaw.com
7   dougb@lerachlaw.com
    valeriem@lerachlaw.com
8   gbowie@lerachlaw.com
    skaplan@lerachlaw.com
9           – and –
    SHAWN A. WILLIAMS (213113)
10  WILLOW E. RADCLIFFE (200087)
    MONIQUE C. WINKLER (213031)
11  ELI R. GREENSTEIN (217945)
    100 Pine Street, Suite 2600
12  San Francisco, CA  94111
    Telephone:  415/288-4545
13  415/288-4534 (fax)
    shawnw@lerachlaw.com
14  willowr@lerachlaw.com
    moniquew@lerachlaw.com
15  elig@lerachlaw.com

16  Lead Counsel for Plaintiffs

17              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
18

19  In re ORACLE CORPORATION      )   Master File No. C-01-0988-MJJ
    SECURITIES LITIGATION         )
20  ───────────────────────────   )   CLASS ACTION
                                  )   PLAINTIFFS' NOTICE OF MOTION AND
    This Document Relates To:     )   SUPPLEMENTAL SUBMISSION
21                                )   REGARDING DEFENDANTS'
        ALL ACTIONS.              )   DESTRUCTION OF EVIDENCE AND
22  ───────────────────────────   )   REQUEST FOR SANCTIONS AND
                                      OBJECTIONS TO SPECIAL MASTER'S
23                                    JULY 17, 2006 ORDER DENYING
                                      PLAINTIFFS' MOTION TO COMPEL THE
        **REDACTED VERSION**          RESTORATION OF BACKUP TAPES AND
24                                    FOR MISCELLANEOUS RELIEF FOR THE
                                      DESTRUCTION OF EVIDENCE
25                                    DATE:          September 24, 2007
                                      TIME:          9:30 a.m.
26                                    COURTROOM:     The Honorable
                                                     Martin J. Jenkins
27

28

1

**TABLE OF CONTENTS**

2

Page

3  I.  INTRODUCTION .................................................................................................................1

4  II.  RELEVANT PROCEDURAL HISTORY ...........................................................................3

5  III.  LEGAL STANDARD...........................................................................................................4

6  IV.  DEFENDANTS ALTERED AND WITHHELD KEY EVIDENCE RELATING
7  TO A "CLEAN UP" OF ACCOUNTING FILES RELEVANT TO PLAINTIFFS'
   CLAIMS ...........................................................................................................................10

8  A.  Defendants Made False Representations to the Court Concerning the 2002
9  Clean Up to Shield Highly Relevant Documents from Discovery ........................11

10  1.  Documents Produced Months After the Discovery Cutoff Reveal
    Defendants' Attempt to Hide Crucial Documents Under the Guise
11  of the 2002 Clean Up ..............................................................................13

12  2.  The Testimony of Key Oracle Accounting Witnesses Confirms that
    Defendants Knowingly Misled the Court When They Asserted that
13  There Was No Relationship Between the 2002 Clean Up and the
    November 2000 Debit Memos..................................................................16

14  3.  Oracle Used the 2002 Clean Up to Alter Highly Relevant
15  Accounting Records.................................................................................20

16  B.  Defendants' Repeated Violations of the Court's Orders Prevented
    Plaintiffs from Obtaining Relevant Documents Until After the Completion
17  of Discovery and Depositions..............................................................................22

18  1.  Defendants' Violations of the March 10, 2005 Discovery Plan ...............22

19  2.  Defendants' Violations of Magistrate Judge Spero's October 19,
    2005 Accounting Order.............................................................................24

20  3.  Defendants' Violations of the Special Master's July 17, 2006
21  Accounting Order.....................................................................................26

22  4.  Defendants' Violation of the December 19, 2006 Order and Other
    Sanctionable Discovery Conduct Thereafter ............................................28

23  a.  Defendants' Belated Production of E-mails on April 17,
    2007 Regarding Plaintiffs' Accounting Allegations......................28

24  b.  Defendants' Belated April 24, 2007 Production of Relevant
25  Board Meeting Memos and E-mails ..............................................30

26  c.  Defendants Changed the Source of Documents After the
    Discovery Cutoff...........................................................................31

27  C.  Defendants Electronically Altered Many Accounting Documents Before
28  They Were Produced.............................................................................................33

1         1.     Defendants Altered the Electronic Filenames and Metadata Associated with Documents as Kept in the Ordinary Course of Business ................................................................................................. 33

2.     Defendants Electronically Altered and Failed to Preserve Relevant E-mails .............................................................................................. 34

D.     Defendants Recently Admitted They Were Aware of Plaintiffs' Accounting Allegations in May 2002 at Least Five Months Before Defendants Sent Preservation Notices to a Select Few Accounting Employees ................................................................................................ 36

V.    DEFENDANTS FAILED TO PROPERLY PRESERVE EVIDENCE IN BAD FAITH ................................................................................................................................ 37

A.     Defendants Expected Litigation Surrounding the March 1, 2001 Disclosures But Did Nothing ................................................................................ 37

B.     Even After Service of Broad Based Complaint Allegations Defendants Intentionally Excluded the Vast Majority of Oracle Employees from a Document Preservation Instructions ..................................................................... 38

1.     Defendants' Focus on Employees Who Communicated with "Speakers" Was Knowingly Faulty Because Defendants Failed to Determine Who Actually Communicated with the "Speakers" and Employees Admittedly Possessed Relevant Evidence, Regardless of Whether They Communicated Within the "Speakers" .......................... 39

2.     Defendants Intentionally Excluded Entire Categories of Employees Who Possessed Relevant Documents from the Preservation Instructions ........................................................................................... 44

a.     Defendants Did Not Instruct Employees of Certain Divisions to Preserve Evidence ...................................................... 44

(1)   Defendants Failed to Instruct Employees in General Business – the Company's Largest Sales Organization – to Preserve Evidence ................................. 44

(2)   Defendants Failed to Instruct Consulting Employees Who Installed Suite 11i to Preserve Evidence .................. 45

(3)   Defendants Failed to Instruct Employees of the Support Division Who Supported Suite 11i Customers to Preserve Evidence ....................................... 45

(4)   Defendants Failed to Instruct Escalation Managers to Preserve Evidence .......................................................... 46

b.     Defendants Impermissibly Relied Upon Oracle's Non-Attorney Employees to Determine Who Should Receive Preservation Instructions and to Communicate the Instructions ................................................................................... 47

C. The Scope of Defendants' Preservation Instructions Was Knowingly Deficient..................................................................................................47

    1. Defendants Failed to Instruct Employees Regarding the Preservation of Evidence Post-Receipt of Preservation Instructions.........47

    2. Defendants Failed to Instruct Oracle Employees to Preserve Sent Items/Turn off Autodelete Function in Outboxes........................................51

    3. Defendants Failed to Ensure that All Evidence in Ellison's Control and Related to Ellison Was Preserved .........................................52

        a. Defendants Failed to Ensure that Ellison Observed the Preservation Instructions..................................................................52

        b. Defendants Failed to Preserve Ellison's Website larryellison.com ...............................................................................54

D. At a Company Level, Defendants Failed to Preserve Categories of Information Highly Relevant to This Litigation .....................................................54

    1. Defendants Failed to Preserve the Oracle Sales Online Database that Included Unique and Highly Relevant Material .................................54

    2. Defendants Failed to Preserve Crucial Documents Relating to Oracle's Forecasting Process .......................................................................56

    3. Defendants Failed to Preserve Group E-mail Boxes .................................63

    4. Defendants Failed to Preserve Escalated Customer Reports .....................64

VI. DEFENDANTS INTENTIONALLY DESTROYED THE HIGHLY RELEVANT *SOFTWAR*-RELATED MATERIALS ................................................................64

A. The *SOFTWAR* Materials are Highly Relevant to this Litigation...........................65

    1. Ellison and Symonds Worked Jointly on *SOFTWAR* .................................65

    2. *SOFTWAR* is Replete With Information Relevant to this Litigation.........66

    3. The Scant *SOFTWAR*-Related Materials Produced Illustrate the Relevance of the Destroyed Materials .......................................................68

B. Defendants Had a Duty to Preserve the *SOFTWAR* Materials and Failed to Do So ...................................................................................................................69

C. Defendants Withheld the *SOFTWAR* Materials from Plaintiffs in Bad Faith ..................................................................................................................71

    1. Defendants Acted in Bad Faith By Failing to Produce Any *SOFTWAR*-Related Material Until the Close of Fact Discovery...............71

    2. Defendants Acted in Bad Faith in Responding to Plaintiffs' Motion

to Compel the Production of the *SOFTWAR* Materials .............................72

D.   Defendants Violated the Court's Order to Produce the *SOFTWAR*
     Materials ..........................................................................................................75

     1.   Defendants Failed to Affirmatively Seek Out the Materials
          Ordered Produced and Refused to Provide Plaintiffs with
          Information Necessary for Their Own Efforts to Procure the
          Materials ...............................................................................................75

          a.   Defendants Falsely Represented to Plaintiffs that Symonds'
               Computer Problems Led to the Destruction of the Majority
               of the *SOFTWAR* Materials Ordered Produced and
               Continued to Withhold Pertinent Facts in Bad Faith.....................76

          b.   Defendants Represented to Plaintiffs that Their Prior
               Representations Were False and Provided a Second
               Account of the Destruction of the *SOFTWAR* Materials
               Ordered Produced ..........................................................................78

     2.   Defendants Misrepresented to this Court and Plaintiffs Ellison's
          and Defendants' Involvement in the Destruction of the *SOFTWAR*
          Materials ...............................................................................................79

VII.  DEFENDANTS KNOWINGLY MISREPRESENTED THEIR PRESERVATION
      EFFORTS TO THE COURT...........................................................................................87

      A.   Oracle's Representations to the Court in Its Request to Stay Discovery in
           Parallel State Court Proceedings Were False..........................................................87

      B.   Oracle's Representations Regarding Its Non-Destruction of Accounting
           Evidence Made in Response to Plaintiffs *Ex Parte* Application for Relief
           Were False ............................................................................................................87

      C.   Statements Made by Defendants to Magistrate Judge Spero at Hearing to
           Determine the Files to Be Searched Were Patently False and Intentionally
           Omitted the True Facts of Defendants' Preservation Efforts.................................88

VIII. LESSER SANCTIONS...................................................................................................89

IX.   CONCLUSION.............................................................................................................91

1

2

3                           **TABLE OF AUTHORITIES**

4

5    **CASES**                                                              **Page**

6    *A. Farber & Ptnrs., Inc. v. Garber*,                                     71
        234 F.R.D. 186 (C.D. Cal. 2006)

7

8    *AdvantaCare Health Partners, LP v. Access IV*,                        *passim*
        Case No. 03-04496 JF, 2004 U.S. Dist. LEXIS 16835
9       (N.D. Cal. Aug. 17, 2004)

10   *Ameripride Servs. Inc. v. Valley Indus. Serv., Inc.*,                  9, 90
        No. CIV. S-00-113 LKK/JFM, 2006 U.S. Dist. LEXIS 59398
11      (E.D. Cal. Aug. 9, 2006)

12   *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,                  5, 6, 8
        69 F.3d 337 (9th Cir. 1995)
13

14   *Computer Task Group, Inc. v. Brotby*,                                 *passim*
        364 F.3d 1112 (9th Cir. 2004)

15

16   *Halaco Eng'g Co. v. Costle*,                                             8
        843 F.2d 376 (9th Cir. 1988)

17
     *Hamilton v. Signature Flight Support Corp.*,                           8, 9
18      No. C 05-0490 CW (MEJ), 2005 U.S. Dist. LEXIS 40088 (N.D.
        Cal. Dec. 20, 2005)
19

20   *In re Napster, Inc. Copyright Litig.*,                                *passim*
        462 F. Supp. 2d 1060 (N.D. Cal. 2006)

21
     *In re NTL, Inc. Sec. Litig.*,                                         *passim*
22      No. 02 Civ. 3013 (LAK)

23   *In re Scholastic Corp. Sec. Litig.*,                                     51
        252 F.3d 63 (2d Cir. 2001)
24

25   *In re Telxon Corp. Secs. Litig.*,                                      7, 8,
        Case No. 5:98CV2876, 2004 U.S. Dist. LEXIS 27296               13, 16
26      (N.D. Ohio July 16, 2004)

27   *In re United States Aggregates, Inc. Sec. Litig.*,                       51
        235 F. Supp. 2d 1063 (N.D. Cal. 2002)
28

27

28

*Juniper Networks, Inc. v. Toshiba America, Inc. et al.*,
    Case No. 2:05-CV-0479 (July 11, 2007)      7

*Kronisch v. United States*,
    150 F.3d 112 (2d Cir. 1998)      9

*Leon v. IDX Sys. Corp.*,
    464 F.3d 951 (9th Cir. 2006)      *passim*

*Rambus, Inc. v. Infineon Techs. AG*,
    222 F.R.D. 280 (E.D. Va. 2004)      51

*Residential Funding Corp. v. DeGeorge Fin. Corp.*,
    306 F.3d 99 (2d Cir. 2002)      4, 9, 90

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
    982 F.2d 363 (9th Cir. 1992)      4, 5

*Wm. T. Thompson Co. v. General Nutrition Corp., Inc.*,
    593 F. Supp. 1443 (C.D. Cal. 1984)      69

*Zubulake v. UBS Warburg LLC*,
    220 F.R.D. 212 (S.D.N.Y. 2003)      37, 38

**STATUTES, RULES AND REGULATIONS**      **Page**

15 U.S.C.
    §78m(b)(2)(A)      21
    §78u-4(b)(3)(C)(i)      38

18 U.S.C.      85
    § 1512(c)

Private Securities Litigation Reform Act of 1995      *passim*

Federal Rules of Civil Procedure
    Rule 26      25
    Rule 26(b)(1)      65
    Rule 34      33, 71
    Rule 30(b)(6)      29
    Rule 37      *passim*

1 | TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2 |     PLEASE TAKE NOTICE that on September 24, 2007 or as soon thereafter as the matter may

3 | be heard in the Courtroom of the Honorable Martin J. Jenkins, plaintiffs shall and hereby do move

4 | this Court, pursuant to the Court's inherent power and Federal Rule of Civil Procedure 37 for an

5 | order of default judgment for failure to preserve and maintain the integrity of evidence and violation

6 | of discovery orders. In light of the mounting evidence of spoliation, plaintiffs respectively request

7 | that this matter be set for hearing.

8 |     This motion is based on this Notice and Supplemental Submission; the Declaration of

9 | Monique C. Winkler in Support of Plaintiffs' Notice of Motion and Supplemental Submission

10 | Regarding Defendants' Destruction of Evidence and Request for Sanctions and Objections to Special

11 | Master's July 17, 2006 Order Denying Plaintiffs' Motion to Compel the Restoration of Backup

12 | Tapes and for Miscellaneous Relief for the Destruction of Evidence ("Winkler Declaration") filed

13 | herewith; Plaintiffs' Corrected Notice of Motion and Motion to Compel the Restoration of Back-up

14 | Tapes and For Miscellaneous Relief for the Destruction of Evidence ("Motion to Compel") and all

15 | supporting documents; Plaintiffs' Reply in Support of Corrected Notice of Motion and Motion to

16 | Compel Restoration of Backup Tapes and for Miscellaneous Relief for the Destruction of Evidence

17 | ("Reply") and all supporting documents; Plaintiffs' Notice of Objection and Objection to the Special

18 | Master's Order Denying Plaintiffs' Motion to Compel the Restoration of Backup Tapes and for

19 | Miscellaneous Relief for the Destruction of Evidence ("Objection") and all supporting documents;

20 | all pleadings and papers filed in this action; the arguments of counsel and any other matter that the

21 | Court may consider at a hearing on this motion.

22 | **I.**    **INTRODUCTION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



II.     RELEVANT PROCEDURAL HISTORY

1

III.    **LEGAL STANDARD**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1  **IV.   DEFENDANTS ALTERED AND WITHHELD KEY EVIDENCE
       RELATING TO A "CLEAN UP" OF ACCOUNTING FILES RELEVANT
2      TO PLAINTIFFS' CLAIMS**



1

2

3

4

5

6

7

8

9

10

11

12

13   **A.    Defendants Made False Representations to the Court Concerning the
2002 Clean Up to Shield Highly Relevant Documents from Discovery**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████

9 ████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████

24 ████████████████████

25        **1.**    **Documents Produced Months After the Discovery Cutoff**

26                **Reveal Defendants' Attempt to Hide Crucial Documents Under the Guise of the 2002 Clean Up**

27 ████████████████████████████████████████████████

28 ████████████████████████████████████████████████████



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23         **2.**     **The Testimony of Key Oracle Accounting Witnesses Confirms
that Defendants Knowingly Misled the Court When They**

24                 **Asserted that There Was No Relationship Between the 2002
Clean Up and the November 2000 Debit Memos**

25

26

27

28







1

2

3

4

5

6

7

8

9        **3.**     **Oracle Used the 2002 Clean Up to Alter Highly Relevant Accounting Records**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

      **B.**     **Defendants' Repeated Violations of the Court's Orders Prevented Plaintiffs from Obtaining Relevant Documents Until After the Completion of Discovery and Depositions**

17
18
19
20
21

      **1.**     **Defendants' Violations of the March 10, 2005 Discovery Plan**

22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13



**Defendants' Violations of Magistrate Judge Spero's October 19, 2005 Accounting Order**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7        **3.**    **Defendants' Violations of the Special Master's July 17, 2006**

8               **Accounting Order**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

2

3

4

5   **4.   Defendants' Violation of the December 19, 2006 Order and
       Other Sanctionable Discovery Conduct Thereafter**

6

7

8

9

10

11

12

13

14

15

16

17   **a.   Defendants' Belated Production of E-mails on April 17,
        2007 Regarding Plaintiffs' Accounting Allegations**

18

19

20

21

22

23

24

25

26

27

28



PLTFS' NOT OF MOT & SUPP SUBM RE DEFS' DESTRUCTION OF EVIDENCE AND REQUEST FOR
SANCTIONS - C-01-0988-MJJ                                                              - 29 -

1

2

3

4

5

6

7        **b.**    **Defendants' Belated April 24, 2007 Production of**
             **Relevant Board Meeting Memos and E-mails**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26      **c.**      **Defendants Changed the Source of Documents After the**
                         **Discovery Cutoff**

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.   **Defendants Electronically Altered Many Accounting Documents Before They Were Produced**

     1.   **Defendants Altered the Electronic Filenames and Metadata Associated with Documents as Kept in the Ordinary Course of Business**

1

2

3

4

5

6

7

8       **2.**     **Defendants Electronically Altered and Failed to Preserve**
                    **Relevant E-mails**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**D. Defendants Recently Admitted They Were Aware of Plaintiffs' Accounting Allegations in May 2002 at Least Five Months Before Defendants Sent Preservation Notices to a Select Few Accounting Employees**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V.    DEFENDANTS FAILED TO PROPERLY PRESERVE EVIDENCE IN BAD FAITH**

    **A.    Defendants Expected Litigation Surrounding the March 1, 2001 Disclosures But Did Nothing**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16 **B.** **Even After Service of Broad Based Complaint Allegations Defendants Intentionally Excluded the Vast Majority of Oracle Employees from a**
17 **Document Preservation Instructions**

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17    **1.    Defendants' Focus on Employees Who Communicated with**
      **"Speakers" Was Knowingly Faulty Because Defendants Failed**
18    **to Determine Who Actually Communicated with the**
      **"Speakers" and Employees Admittedly Possessed Relevant**
19    **Evidence, Regardless of Whether They Communicated Within**
      **the "Speakers"**

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9          2.      **Defendants Intentionally Excluded Entire Categories of**
                   **Employees Who Possessed Relevant Documents from the**
10                 **Preservation Instructions**

11

12

13

14

15

16

17

18

19

20                 a.      **Defendants Did Not Instruct Employees of Certain**
                           **Divisions to Preserve Evidence**
21
                           (1)     **Defendants Failed to Instruct Employees in**
22                                  **General Business – the Company's Largest Sales**
                                    **Organization – to Preserve Evidence**
23

24

25

26

27

28

1

2

3

4

5

6

7      **(2)   Defendants Failed to Instruct Consulting
             Employees Who Installed Suite 11i to Preserve**
8             **Evidence**

9

10

11

12

13

14

15

16

17

18

19     **(3)   Defendants Failed to Instruct Employees of the
             Support Division Who Supported Suite 11i**
20            **Customers to Preserve Evidence**

21

22

23

24

25

26

27

28



1
2
3
4
5          **(4)    Defendants Failed to Instruct Escalation**
                    **Managers to Preserve Evidence**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7                     **b.**      **Defendants Impermissibly Relied Upon Oracle's Non-**

                                      **Attorney Employees to Determine Who Should Receive**

8                                        **Preservation Instructions and to Communicate the**

9                                        **Instructions**

10

11

12

13

14

15

16

17

18

19

20

21

22

23        **C.**      **The Scope of Defendants' Preservation Instructions Was Knowingly**

24              **Deficient**

25                  **1.**      **Defendants Failed to Instruct Employees Regarding the**

                            **Preservation of Evidence Post-Receipt of Preservation**

26                            **Instructions**

27

28





1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1

2

3

4

5

6

7

8

9

10            2.       **Defendants Failed to Instruct Oracle Employees to Preserve
                       Sent Items/Turn off Autodelete Function in Outboxes**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6          3.      **Defendants Failed to Ensure that All Evidence in Ellison's**
                    **Control and Related to Ellison Was Preserved**
7

8

9

10

11

12

13

14

15                 a.      **Defendants Failed to Ensure that Ellison Observed the**
                           **Preservation Instructions**
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8          **b.      Defendants Failed to Preserve Ellison's Website
                      larryellison.com**

9

10

11

12

13

14

15

16

17

18

19

20

21      **D.    At a Company Level, Defendants Failed to Preserve Categories of
                Information Highly Relevant to This Litigation**

22          **1.      Defendants Failed to Preserve the Oracle Sales Online
                      Database that Included Unique and Highly Relevant Material**

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22          2.      **Defendants Failed to Preserve Crucial Documents Relating to Oracle's Forecasting Process**

23

24

25

26

27

28



Content redacted.





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

        **3.**       **Defendants Failed to Preserve Group E-mail Boxes**

23
24
25
26
27
28



1

2

3

4

5

6

7          **4.      Defendants Failed to Preserve Escalated Customer Reports**

8

9

10

11

12

13

14

15

16

17

18

19

20    **VI.    DEFENDANTS INTENTIONALLY DESTROYED THE HIGHLY
            RELEVANT *SOFTWAR*-RELATED MATERIALS**

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**A.**      **The *SOFTWAR* Materials are Highly Relevant to this Litigation**

17

     **1.**      **Ellison and Symonds Worked Jointly on *SOFTWAR***

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20         **2.**     *SOFTWAR* **is Replete With Information Relevant to this Litigation**

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14          **3.      The Scant *SOFTWAR*-Related Materials Produced Illustrate
                      the Relevance of the Destroyed Materials**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 **B.** **Defendants Had a Duty to Preserve the *SOFTWAR* Materials and Failed to Do So**

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

C. **Defendants Withheld the *SOFTWAR* Materials from Plaintiffs in Bad Faith**

1. **Defendants Acted in Bad Faith By Failing to Produce Any *SOFTWAR*-Related Material Until the Close of Fact Discovery**

1
2
3
4
5
6
7
8
9

10        2.      **Defendants Acted in Bad Faith in Responding to Plaintiffs'**
                  **Motion to Compel the Production of the *SOFTWAR* Materials**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



PLTFS' NOT OF MOT & SUPP SUBM RE DEFS' DESTRUCTION OF EVIDENCE AND REQUEST FOR
SANCTIONS - C-01-0988-MJJ                                                                                    - 73 -



1

2

3

4

5     **D.**    **Defendants Violated the Court's Order to Produce the *SOFTWAR* Materials**

6

7         **1.**    **Defendants Failed to Affirmatively Seek Out the Materials Ordered Produced and Refused to Provide Plaintiffs with Information Necessary for Their Own Efforts to Procure the**

8            **Materials**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13               a.     **Defendants Falsely Represented to Plaintiffs that**

                      **Symonds' Computer Problems Led to the Destruction**

14                      **of the Majority of the *SOFTWAR* Materials Ordered**

                      **Produced and Continued to Withhold Pertinent Facts in**

15                      **Bad Faith**

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28




Case 3:01-cv-00988-SI   Document 887   Filed 07/26/07   Page 85 of 101

**b. Defendants Represented to Plaintiffs that Their Prior Representations Were False and Provided a Second Account of the Destruction of the *SOFTWAR* Materials Ordered Produced**

PLTFS' NOT OF MOT & SUPP SUBM RE DEFS' DESTRUCTION OF EVIDENCE AND REQUEST FOR SANCTIONS - C-01-0988-MJJ

- 78 -

1

2. **Defendants Misrepresented to this Court and Plaintiffs Ellison's and Defendants' Involvement in the Destruction of the *SOFTWAR* Materials**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTFS' NOT OF MOT & SUPP SUBM RE DEFS' DESTRUCTION OF EVIDENCE AND REQUEST FOR
SANCTIONS - C-01-0988-MJJ                                                    - 79 -





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2    **VII.    DEFENDANTS KNOWINGLY MISREPRESENTED THEIR**
      **PRESERVATION EFFORTS TO THE COURT**
3

4

5

6

7

8
             **A.    Oracle's Representations to the Court in Its Request to Stay**
9                   **Discovery in Parallel State Court Proceedings Were False**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26          **B.    Oracle's Representations Regarding Its Non-Destruction of**
                   **Accounting Evidence Made in Response to Plaintiffs *Ex Parte***
27                 **Application for Relief Were False**

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19    **C.    Statements Made by Defendants to Magistrate Judge Spero at
          Hearing to Determine the Files to Be Searched Were Patently False
          and Intentionally Omitted the True Facts of Defendants' Preservation
20        Efforts**

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22 **VIII.   LESSER SANCTIONS**
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1    **IX.    CONCLUSION**

2    

3    

4    

5    

6    

7    

8    DATED:  July 26, 2007                    Respectfully submitted,

9                                             LERACH COUGHLIN STOIA GELLER
                                               RUDMAN & ROBBINS LLP
10                                            MARK SOLOMON
                                              DOUGLAS R. BRITTON
11                                            VALERIE L. McLAUGHLIN
                                              GAVIN M. BOWIE
12                                            STACEY M. KAPLAN

13

14                                                         /s/
                                              _____
                                                     SHAWN A. WILLIAMS
15
                                              655 West Broadway, Suite 1900
16                                            San Diego, CA  92101
                                              Telephone:  619/231-1058
17                                            619/231-7423 (fax)

18                                            LERACH COUGHLIN STOIA GELLER
                                               RUDMAN & ROBBINS LLP
19                                            SHAWN A. WILLIAMS
                                              WILLOW E. RADCLIFFE
20                                            MONIQUE C. WINKLER
                                              ELI R. GREENSTEIN
21                                            100 Pine Street, Suite 2600
                                              San Francisco, CA  94111
22                                            Telephone:  415/288-4545
                                              415/288-4534 (fax)
23
                                              Lead Counsel for Plaintiffs
24

25

26

27

28

PLTFS' NOT OF MOT & SUPP SUBM RE DEFS' DESTRUCTION OF EVIDENCE AND REQUEST FOR
SANCTIONS - C-01-0988-MJJ                                                      - 91 -

1

## CERTIFICATE OF SERVICE

2  I hereby certify that on July 26, 2007, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system which will send notification of such filing to the e-mail

4  addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5  mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6  participants indicated on the attached Manual Notice List.

7  I certify under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct. Executed on July 26, 2007.

9

10                                                         /s/
                                                   SHAWN A. WILLIAMS

11                                         LERACH COUGHLIN STOIA GELLER
                                                 RUDMAN & ROBBINS LLP
12                                         100 Pine Street, 26th Floor
                                           San Francisco, CA 94111
13                                         Telephone: 415/288-4545
                                           415/288-4534 (fax)
14                                         E-mail: ShawnW@lerachlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylawoffice.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Stacey Marie Kaplan**
  SKaplan@lerachlaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**

willowr@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Sanna Rachel Singer**
  ssinger@sideman.com,mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com,cwood@lerachlaw.com,e_file_sf@lerachlaw.com,dpfefferbaum@lerachlaw.com,travisd@le

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

- **Monique Winkler**
  shawnw@lerachlaw.com,E_File_SF@lerachlaw.com,travisd@lerachlaw.com,MoniqueW@lerachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
 Lerach Coughlin Stoia Geller Rudman  & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101