1  LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
2  MARK SOLOMON (151949)
   DOUGLAS R. BRITTON (188769)
3  VALERIE L. McLAUGHLIN (191916)
   GAVIN M. BOWIE (235532)
4  STACEY M. KAPLAN (241989)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   marks@lerachlaw.com
7  dougb@lerachlaw.com
   valeriem@lerachlaw.com
8  gbowie@lerachlaw.com
   skaplan@lerachlaw.com
9        – and –
   SHAWN A. WILLIAMS (213113)
10 WILLOW E. RADCLIFFE (200087)
   MONIQUE C. WINKLER (213031)
11 ELI R. GREENSTEIN (217945)
   100 Pine Street, Suite 2600
12 San Francisco, CA  94111
   Telephone: 415/288-4545
13 415/288-4534 (fax)
   shawnw@lerachlaw.com
14 willowr@lerachlaw.com
   moniquew@lerachlaw.com
15 elig@lerachlaw.com

16 Lead Counsel for Plaintiffs

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

| 19 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
|---|---|---|---|
| 20 | | ) | CLASS ACTION |
| 21 | This Document Relates To: | ) ) ) ) ) ) ) ) | PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANTS' ACCOUNTING EXPERT J. DUROSS O'BRYAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| 22 | ALL ACTIONS. | | |
| 23 | | | |

24

| 25 | | DATE: | To Be Determined |
|---|---|---|---|
| | | TIME: | To Be Determined |
| 26 | | COURTROOM: | The Honorable Martin J. Jenkins |

27

**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

28

1

**TABLE OF CONTENTS**

2

**Page**

3   I.    INTRODUCTION ..........................................................................................................1

4   II.   ARGUMENT................................................................................................................2

5         A.    Legal Standard ..................................................................................................2

6               1.    Rule 702 ................................................................................................2

7                     a.    Testimony Must Be Helpful to the Trier of Fact .............................3

8                     b.    The Expert Must Be Qualified.........................................................4

9                     c.    Expert Testimony Must Be Reliable................................................4

10              2.    Rule 403 ................................................................................................6

11        B.    Mr. O'Bryan's Opinions on the Financial Statement Impact of the Debit
12              Memo Transactions Are Based on Unreliable Foundation and a Flawed
                Methodology......................................................................................................6

13              1.    Mr. O'Bryan Failed to Produce All Documents, Calculations and
14                    Data that He Relied Upon in Forming His Opinions..................................6

15              2.    Mr. O'Bryan's Opinions Regarding the Debit Memo Customer
                      Overpayments and the $20 million in Transfers to Oracle's Bad
16                    Debt Reserve to Inflate Revenue and Earnings in 2Q01 Are Not
                      Based on Reliable Foundation ......................................................................8

17              3.    Mr. O'Bryan's Opinion That $2 million of the $20 million in
18                    Improper Debit Memo Transfers to Oracle's Revenue and Earnings
                      Via the Bad Debt Reserve in 2Q01 Lacks Proper Foundation and
19                    Methodology ..........................................................................................10

20                    a.    The $700,000 in Purportedly Appropriate Transfers
                            Relating to "Royalty Payments"....................................................10

21                    b.    The $800,000 in Purportedly Appropriate Transfers
                            Relating to "the Use of Credit Memos and/or Inclusion in
22                          Oracle's General Bad Debt Reserve" ............................................11

23                    c.    The $500,000 in Purportedly Appropriate Transfers in the
                            "Could Be" Bucket ........................................................................12

24              4.    Mr. O'Bryan's Opinion Regarding the Materiality of Oracle's
25                    2Q01 Financial Misstatements Is Speculative and Lacks Reliable
                      Foundation ...........................................................................................13

26        C.    Mr. O'Bryan's Opinion on the Propriety of Oracle's Fraudulent
27              Transaction with Hewlett Packard on the Last Day of 2Q01 Is Unreliable
                and Improper and Should Be Excluded ..................................................................14

28

1

2                                                                                            **Page**

3              1.      Mr. O'Bryan's Opinion on the HP Transaction Is Not Based on
                       Reliable Foundation or Methodology .........................................................14

4      D.     Mr. O'Bryan's Rebuttal Report on the HP Transaction Improperly Relies
5             Upon Documents Not Produced to Plaintiffs Until *After* Rebuttal Reports
              Were Exchanged .................................................................................................16

6      E.     Mr. O'Bryan's Failure to Disclose the Exclusion of His Prior Expert
7             Testimony Evidences a Lack of Candor .............................................................17

8   III.     CONCLUSION...........................................................................................................18

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Page**

3 **CASES**

4 *6816.5 Acres of Land v. United States*,
    411 F.2d 834 (10th Cir. 1969) ..........................................................................................15

5

*American Key Corp. v. Cole Nat'l Corp.*,
6    762 F.2d 1569 (11th Cir. 1985) ......................................................................................15

7 *Atmel Corp. v. Information Storage*,
    189 F.R.D. 410 (N.D. Cal. 1999)......................................................................................17

8

*Baldwin Graphic Sys., Inc. v. Siebert, Inc.*,
9    2005 U.S. Dist. LEXIS 10692 (N.D. Ill. 2005) ...............................................................17

10 *Bourjaily v. United States*,
     483 U.S. 171 (1987)............................................................................................................3

11

*Curtis v. M&S Petroleum, Inc.*,
12    174 F.3d 661 (5th Cir. 1999) ..............................................................................................5

13 *Daubert v. Merrell Dow Pharms.*,
     509 U.S. 579 (1993)................................................................................................. *passim*

14

*GE v. Joiner*,
15    522 U.S. 136 (1997)................................................................................................. *passim*

16 *In re Paoli*,
     35 F.3d 717 (3d Cir. 1994)..................................................................................................4

17

*In re Paoli R.R. Yard PCB Litig.*,
18    916 F.2d 829 (3d Cir. 1990)................................................................................................4

19 *In re Williams Sec. Litig.*,
     No. 02-cv-072-SPF-FHM, 2007 U.S. Dist. LEXIS 49123
20    (N.D. Okla. July 6, 2007)....................................................................................................4

21 *Kumho Tire Co., Ltd. v. Carmichael*,
     526 U.S. 137 (1999)................................................................................................. *passim*

22

*Metabolife Int'l, Inc. v. Wornick*,
23    264 F.3d 832 (9th Cir. 2001) ..............................................................................................5

24 *Perma Research & Dev. Co. v. Singer Co.*,
     542 F.2d 111 (2d Cir. 1976)..............................................................................................15

25

*Sherron v. Lingle*,
26    223 F.3d 605 (7th Cir. 2000) ............................................................................................17

27 *Taylor v. B. Heller & Co.*,
     364 F.2d 608 (6th Cir. 1966) ............................................................................................15

28

**Page**

*Trevino v. Gates,*
99 F.3d 911 (9th Cir. 1996) .............................................................................................5

*United States v. Downing,*
753 F.2d 1224 (3d Cir. 1985)............................................................................................4

*Viterbo v. Dow Chem. Co.,*
826 F.2d 420 (5th Cir. 1987) ............................................................................................5

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure

Rule 26(a)(2).................................................................................................... *passim*
Rule 26(a)(2)(B).............................................................................................................15
Rule 30(b)(6)..................................................................................................................15

Federal Rules of Evidence

Rule 104(a)........................................................................................................................3
Rule 401 ..................................................................................................................1, 2, 4
Rule 403 ..................................................................................................................1, 2, 6
Rule 702 ..................................................................................................................... *passim*
Rule 703 ..................................................................................................................... *passim*

**SECONDARY AUTHORITIES**

3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶702[02] (1998)........................................4, 5, 6

4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* §702.04[6]
(2d ed. 2005).....................................................................................................................3

1

2

3

4

5

6

7

8

9

10

11

12

13 **MEMORANDUM OF POINTS AND AUTHORITIES**

14 **I.    INTRODUCTION**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13  **II.    ARGUMENT**

14      **A.    Legal Standard**

15

16

17

18

19

20

21

22          **1.    Rule 702**

23

24

25  _____

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22              **a.      Testimony Must Be Helpful to the Trier of Fact**

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13                 **b.**     **The Expert Must Be Qualified**

14

15

16

17

18

19

20

21                 **c.**     **Expert Testimony Must Be Reliable**

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8        **2.      Rule 403**

9

10

11

12

13

14

15

16

17

18   **B.    Mr. O'Bryan's Opinions on the Financial Statement Impact of the**
         **Debit Memo Transactions Are Based on Unreliable Foundation and a**
19       **Flawed Methodology**

20       **1.     Mr. O'Bryan Failed to Produce All Documents, Calculations**
                  **and Data that He Relied Upon in Forming His Opinions**
21

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12          **2.**    **Mr. O'Bryan's Opinions Regarding the Debit Memo Customer Overpayments and the $20 million in Transfers to Oracle's Bad Debt Reserve to Inflate Revenue and Earnings in 2Q01 Are Not Based on Reliable Foundation**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3        **3.    Mr. O'Bryan's Opinion That $2 million of the $20 million in
              Improper Debit Memo Transfers to Oracle's Revenue and
4             Earnings Via the Bad Debt Reserve in 2Q01 Lacks Proper
              Foundation and Methodology**

5

6

7

8

9

10

11

12       **a.    The $700,000 in Purportedly Appropriate Transfers
              Relating to "Royalty Payments"**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6     **b.     The $800,000 in Purportedly Appropriate Transfers
         Relating to "The Use of Credit Memos and/or Inclusion
7         in Oracle's General Bad Debt Reserve"**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

       **c.**     **The $500,000 in Purportedly Appropriate Transfers in the "Could Be" Bucket**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4. **Mr. O'Bryan's Opinion Regarding the Materiality of Oracle's 2Q01 Financial Misstatements Is Speculative and Lacks Reliable Foundation**

1

2

3

4

5

6

7

8

9

10

11

12

13

14   **C.   Mr. O'Bryan's Opinion on the Propriety of Oracle's Fraudulent**
     **Transaction with Hewlett Packard on the Last Day of 2Q01 Is**

15   **Unreliable and Improper and Should Be Excluded**

16      **1.   Mr. O'Bryan's Opinion on the HP Transaction Is Not Based**
            **on Reliable Foundation or Methodology**

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16    **D.    Mr. O'Bryan's Rebuttal Report on the HP Transaction Improperly**
      **Relies Upon Documents Not Produced to Plaintiffs Until *After***
17    **Rebuttal Reports Were Exchanged**

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18      **E.**    **Mr. O'Bryan's Failure to Disclose the Exclusion of His Prior Expert
Testimony Evidences a Lack of Candor**

19

20

21

22

23

24

25

26

27

28



III.   **CONCLUSION**

DATED: July 26, 2007

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MONIQUE C. WINKLER
ELI R. GREENSTEIN


/s/
ELI R. GREENSTEIN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
STACEY M. KAPLAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Oracle3\MOT00043982_OBryan Testimony_Redacted.doc

1                                 CERTIFICATE OF SERVICE

2         I hereby certify that on July 26, 2007, I electronically filed the foregoing with the Clerk of

3 the Court using the CM/ECF system which will send notification of such filing to the e-mail

4 addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5 mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6 participants indicated on the attached Manual Notice List.

7         I further certify that I caused this document to be forwarded to the following designated

8 Internet site at: http://securities.lerachlaw.com/.

9         I certify under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct. Executed on July 26, 2007.

11

12                                            /s/
                                       ELI R. GREENSTEIN

13                               LERACH COUGHLIN STOIA GELLER
                                  RUDMAN & ROBBINS LLP

14                               100 Pine Street, 26th Floor

15                               San Francisco, CA 94111
                              Telephone: 415/288-4545

16                               415/288-4534 (fax)

17                               E-mail:Elig@lerachlaw.com

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylawoffice.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Stacey Marie Kaplan**
  SKaplan@lerachlaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**

cmcintyre@be-law.com,swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Sanna Rachel Singer**
  ssinger@sideman.com,mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com,cwood@lerachlaw.com,e_file_sf@lerachlaw.com,dpfefferl

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

- **Monique Winkler**
  shawnw@lerachlaw.com,E_File_SF@lerachlaw.com,travisd@lerachlaw.com,Monic

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Dorian Daley**
500 Oracle Parkway
Redwood City, CA 94065

**Corey D. Holzer**
Holzer Holzer & Cannon LLC

1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

**Raymond Lane**
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

**PRG-Schultz USA, Inc.**
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

**Darren Jay Robbins**
 Lerach Coughlin Stoia Geller Rudman  & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101