LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
         michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
885 Third Avenue, Suite 1000
New York, NY 10022-4834
Phone: (212) 906-1200
Fax: (212) 751-4864
E-mail: jamie.wine@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS) (Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE REQUESTS FOR LEAVE TO EXCEED PAGE LIMITS** |

## INTRODUCTION

On March 1, 2007, this Court entered a scheduling Order establishing a July 26, 2007 deadline for filing dispositive motions. On that deadline, Plaintiffs filed three administrative requests seeking permission to file over 180 pages of dispositive motions, even though Defendants filed a single 50-page motion for summary judgment. Although Defendants had met and conferred with Plaintiffs a month before the deadline regarding the length of Defendants' brief, and then obtained this Court's approval to file a 50-page brief, Plaintiffs did none of these things. Rather, Plaintiffs simply filed briefing that wildly exceeds the page limits, and simultaneously asked for permission to do what they had already done.

Plaintiffs also purported to set a September 24, 2007 hearing date for their Supplemental Objection to Special Master Edward I. Infante's July 17, 2006 Order, even though this Court previously stated that Defendants need not file any opposition to Plaintiffs' original Objection unless and until the Court requests it. Aside from the fact that Plaintiffs' Supplemental Objection is untimely, it is entirely improper for Plaintiffs to seek to unilaterally set a briefing and hearing schedule for it.

In essence, Plaintiffs are trying to derail this case by deluging Defendants and the Court with a cascade of paper. Indeed, it is hard to imagine how Plaintiffs' 180-plus page submissions could be called "briefs" under any definition of that word. Plaintiffs' requests are untimely and improper and should be denied.

## STATEMENT OF FACTS

On June 19, 2007, well over a month before the dispositive motion cutoff date, Defendants' counsel met and conferred with Plaintiffs' counsel regarding the page limits for dispositive motions. Defendants requested, and Plaintiffs agreed, that *Defendants'* summary judgment motion would be 50 pages, instead of the 25 pages established by Local Civil Rule 7-2. During that meet-and-confer process, Plaintiffs *never* requested an extension of the page limits for their motions. On July 10, 2007, the parties stipulated to double the page limits for *Defendants'* summary judgment motion. See Exhibits 1 (July 3, 2007 E-mail from Sean Coyle and attached stipulation), 2 (July 10, 2007 E-mail from Sean Coyle and attached stipulation) and

3 (July 10, 2007 E-mail from S. Williams).  The stipulation says nothing about any motion by Plaintiffs.  The Court granted Defendants' unopposed request on July 15, 2007.  *See* Exhibits 4 (Defendants' Unopposed Motion for Administrative Relief Regarding Page Limits for Dispositive Motions) and 5 (Order Granting Defendants' Unopposed Motion for Administrative Relief Regarding Page Limits for Dispositive Motions).  The Court's Order says nothing about the page limits for Plaintiffs' motions.  *See* Exhibit 5.

On July 25, 2007, just one day before dispositive motions were due, Plaintiffs' counsel asked Defendants' counsel, for the first time, for an agreement allowing Plaintiffs to utilize the same fifty-page limit as Defendants, as well as leave to file a one hundred page "supplement" to Plaintiffs' earlier objection to the Special Master's July 18, 2006 order.  It was not until the very day dispositive motions were due that Plaintiffs' counsel explained for the first time that they actually wanted to file nearly 200 pages of briefing, consisting of *two separate* motions for "partial summary judgment," each nearly 50 pages, in addition to a 100-page "supplement."  Defendants offered to agree that Plaintiffs be granted 50 pages for dispositive motions – the same as Defendants.  Plaintiffs refused.  On July 26, 2007, Plaintiffs filed more than 180 pages of motions and simultaneously requested relief from the 25-page limit.

**ARGUMENT**

Federal Rule of Civil Procedure 1 establishes the bedrock principle for how all litigation should be conducted in federal courts.  It states that the Rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  It is inconceivable that the prolix briefing Plaintiffs seek to file could lead to the just, speedy, or inexpensive resolution of this case.  Although there is much to say in this case, Defendants have been able to limit their argument to 50 pages.  Plaintiffs can, too.

Granting Plaintiffs' requests would reward their last-minute ambush tactics and would be unfair in a number of ways.  First, Defendants shaped their summary judgment strategy and prepared their motion based on the 50-page limit agreed to with the Plaintiffs.  Having already filed a single 50-page brief based on that agreement, Defendants would be severely prejudiced if Plaintiffs were granted leave to file nearly four times as many pages, particularly given

Plaintiffs' obvious sandbagging in making the delayed request. Second, Plaintiffs' attempt to force Defendants to respond to nearly 200 pages of dispositive motion briefing was clearly designed to make briefing as difficult and expensive as possible. Third, Plaintiffs' dissection of one summary judgment motion into two "partial" summary judgment motions is a transparent attempt to subvert the Local Rules.[1] Fourth, simple fairness militates in favor of giving the parties equal length for their briefing. Finally, if this Court were to establish the same limits for Plaintiffs as has been established for Defendants – 50 pages for opening, 50 pages for opposition, and 25 pages for reply – then the Court would still have 250 pages of argument to review, which is more than enough to ventilate the issues in this case. Under Plaintiffs' proposal, the briefing would swell to well over 500 pages, which is clearly excessive.

Plaintiffs' request to file a 91-page Supplemental Objection to the Special Master's Order Denying Plaintiffs' Motion to Compel the Restoration of Backup Tapes is untimely and reflects an effort to circumvent the page limits for dispositive motions. To the extent that Plaintiffs' Supplemental Objection presents issues within the scope of Judge Infante's July 17, 2006 Order, these "supplemental" objections are untimely and have been waived. Fed. R. Civ. P. 53(g) (2). To the extent that Plaintiffs' Supplemental Motion is in fact a dispositive motion because it seeks a default judgment, the Supplemental Motion (together with Plaintiffs' motions for "partial" summary judgment) should be subject to the overall limit of 50 pages.

Finally, in the event the Court allows Plaintiffs to file the Supplemental Motion, Defendants respectfully request a brief telephonic hearing so that Defendants may obtain guidance regarding whether opposition briefing is necessary at all. Plaintiffs filed their initial Objection to Judge Infante's July 17, 2006 Order on August 7, 2006. *See* Docket Number 575. On January 11, 2007, this Court informed Defendants that they need not respond to Plaintiffs' Objection unless the Court requested briefing, and to date, no such briefing has been requested. Accordingly, it is premature for Plaintiffs to purport to set a hearing date for their Objection, and

---

[1]   In that regard, it is extremely ironic that Plaintiffs would argue that "fairness dictates" they be given the same page limits as Defendants. We agree, and that means fifty pages for a single dispositive motion, not fifty pages per motion, for as many motions as Plaintiffs may choose to file.

1  equally premature for Plaintiffs to suggest when Defendants' opposition papers must be filed.  If
2  the Court does believe that opposition briefing would be appropriate on this motion, Defendants
3  respectfully request that they be provided with at least 60 days to respond to Plaintiffs'
4  Objection.  Such an extension of time is warranted both because of the length of Plaintiffs'
5  "brief" and to ensure that the summary judgment briefing process does not get sidetracked.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court: (1) deny Plaintiffs' three Administrative Requests for Leave to Exceed the page limit for dispositive motions (Docket Numbers 885, 888, and 921), and limit Plaintiffs to a single summary judgment motion with a total of 50 pages; and (2) deny Plaintiffs' request to file a Supplemental Objection to the Special Master's July 17, 2006 Order, or if the Court does not strike this prolix pleading, Defendants respectfully request a brief telephonic status conference to address the issue of whether and when Defendants need to file opposition papers.

Dated:  July 27, 2007                                    Respectfully submitted,

                                                LATHAM & WATKINS LLP
                                                    Peter A. Wald
                                                    Michele F. Kyrouz
                                                    Patrick E. Gibbs
                                                    Jamie L. Wine

                                    By:_____/s/_____
                                                    Patrick E. Gibbs
                                                    Attorneys for Defendants ORACLE
                                                    CORPORATION, LAWRENCE J.
                                                    ELLISON, JEFFREY O. HENLEY,
                                                    and EDWARD J. SANDERSON