LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
VALERIE L. McLAUGHLIN (191916)
GAVIN M. BOWIE (235532)
STACEY M. KAPLAN (241989)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@lerachlaw.com
dougb@lerachlaw.com
valeriem@lerachlaw.com
gbowie@lerachlaw.com
skaplan@lerachlaw.com
        – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
MONIQUE C. WINKLER (213031)
ELI R. GREENSTEIN (217945)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@lerachlaw.com
willowr@lerachlaw.com
moniquew@lerachlaw.com
elig@lerachlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' REPLY IN SUPPORT OF ADMINISTRATIVE REQUESTS TO EXCEED PAGE LIMITS |
| ALL ACTIONS. | |

I.     INTRODUCTION

Defendants' Opposition to Plaintiffs' Administrative Requests for Leave to Exceed Page Limits ("Opposition") asserts that plaintiffs are not entitled to file dispositive motions exceeding 50 cumulative pages in length. Defendants now oppose plaintiffs' administrative requests (though the plaintiffs and the Court have already granted defendants' request to file an over-length dispositive motion) and brazenly demand the exclusion of plaintiffs' motions without even a mention of any rule or authority to support such relief. When stripped down, defendants' argument revolves around the faulty premise that because defendants filed one 50-page dispositive motion, so too are plaintiffs entitled to only one 50-page dispositive motion. This is not the law. Plaintiffs' dispositive motions each address substantively different issues in this case, each with their own complexities requiring numerous pages to adequately address. In fact, one motion seeks dispositive relief against defendant Ellison alone for trading on the basis of material non-public information while the other seeks dispositive relief against all defendants for issuing false and misleading statements. As such, the number of pages of each motion should be evaluated on an individual, not cumulative basis. Separate motions on different issues against different defendants are the most effective and efficient means of presenting the evidence.

Defendants' chief complaint is that plaintiffs' filings are too long and are therefore unfair because defendants filed only one 50-page brief. Defendants had every opportunity, however, to request additional pages as necessary, and they chose not to. Defendants cannot now claim prejudice in light of the tactical decision they made not to seek additional pages. This is especially true since defendants' own motion for summary judgment argues that plaintiffs fail to offer any evidence in support of their claims despite what they admit was an "enormous volume of discovery taken in this case (including over two million pages of documents produced by Oracle and over 100 depositions, all in addition to the 'massive' record compiled in Delaware)." Defs. Mot. at 1-2. It is ironic that defendants argue in one motion that plaintiffs cannot offer any evidence to support their claims but then complain that plaintiffs offer too much in another. The simple fact is that plaintiffs' arguments necessarily require additional pages, and plaintiffs appropriately moved the Court for such relief. That defendants either ignored or chose not to pursue additional necessary pages for their motion

was a tactical decision that should not dictate how plaintiffs present their case. Plaintiffs' request should be granted.

## II.  ARGUMENT

Plaintiffs filed two separate motions for partial summary judgment on July 26, 2007. One motion was filed solely against defendant Ellison concerning insider trading, whereas the other motion was filed against all defendants. Given the contrasting arguments and applicable facts inherent in moving against different parties, clearly two separate motions were necessary. Defendants refused to stipulate to the length of these motions on the basis that the motions exceed the limitations of Civil Local Rule 7-2. Defendants now attempt to frame plaintiffs' filings as "wildly exceed[ing] the page limits" and resort to hyperbole to support their argument. Opposition at 1. However, plaintiffs' two motions for partial summary judgment total no more than 92 pages.[1] Clearly, plaintiffs are not "trying to derail this case," as defendants would have the Court believe. Opposition at 1. Rather, plaintiffs fairly and fully argue the complex facts and law applicable to this case in their summary judgment submissions to this Court, as they are entitled to do. Plaintiffs are not bound to defendants' self-imposed limitation of 50 pages.

Defendants argue that they would be severely prejudiced if plaintiffs were granted leave to file these motions because they were not afforded the same number of pages as plaintiffs. Opposition at 2. However, it is defendants and defendants alone who determined that they needed 50 pages to make their summary judgment arguments. Defendants' claim that they "shaped their summary judgment strategy and prepared their motion based on the 50-page limit agreed to with the plaintiffs," is simply a contrivance. Opposition at 2. Defendants' "strategy" was in place well before there was any agreement with the plaintiffs as evidenced by their July 10, 2007 threat to file a motion if plaintiffs did not agree to their request by "tomorrow." *See* Ex. 2 to Opposition. In fact, defendants' request for 50 pages was wholly unilateral. It is thus no surprise that defendants have

---

[1]  Plaintiffs' Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Material Non-Public Information is 41 pages; Plaintiffs' Motion for Partial Summary Judgment concerning accounting and Suite 11i claims is 51 pages.

PLAINTIFFS' REPLY IN SUPP OF ADM REQS TO EXCEED PAGE LIMITS - C-01-0988-MJJ       - 2 -

1  failed to submit a declaration describing that "meet and confer process" they refer to. Opposition at
2  1. At no time were defendants precluded from asking for more pages if needed, and they
3  acknowledge (repeatedly) that plaintiffs did not agree to limit their own filings to the 50 page limit
4  proposed by defendants. Defendants made the tactical decision not to seek more pages from
5  plaintiffs or the Court. Defendants cannot now argue prejudice from a tactical decision they made.

6  The Opposition operates under the false assumption that because defendants filed a single 50-
7  page dispositive motion, plaintiffs could file only a single 50-page dispositive motion. This is not
8  the law. Defendants do not and cannot cite to any rule limiting summary judgment to a single
9  motion. Indeed, there is nothing in Federal Rule of Civil Procedure 56 or the Local Rules that
10 precludes filing more than one dispositive motion. In some instances, like here, it is most
11 appropriate for summary judgment to be sought against one or more parties where the evidence
12 warrants and certain claims are directed at one or more parties alone. The Court's March 5, 2007
13 Amended Pretrial Order Setting a Schedule for Expert Discovery, Dispositive Motions, Settlement
14 Conference and Trial similarly does not limit plaintiffs to one dispositive motion, and instead states
15 only that the deadline for all dispositive motions is July 26, 2007.[2] Ex. A, attached hereto.

16 Rule 56 provides that a party may move for "summary judgment in the party's favor upon all
17 *or any part thereof*." Fed. R. Civ. P. 56(a). Here, plaintiffs elected to file two motions for partial
18 summary judgment in accordance with Rule 56 to present the evidence in an efficient and effective
19 manner. Simply because defendants improperly assumed that they were entitled to only one
20 dispositive motion is not a sufficient reason to limit plaintiffs to one motion or 50 pages. Indeed,
21 each partial summary judgment motion raises distinct arguments and each motion's number of pages
22 should be evaluated individually, not cumulatively.

23 Further, plaintiffs' filing of the Supplemental Submission Regarding Defendants' Destruction
24 of Evidence ("Supplemental Motion") is proper. Defendants claim this filing is untimely under Fed.
25 R. Civ. P. 53(g)(2). Defendants are wrong. Plaintiffs timely filed an objection to the Special

---

[2] Nowhere do defendants cite to this Court's March 5, 2007 Order because nowhere does it limit any party to a single dispositive motion.

1   Master's July 17, 2006 Order on August 7, 2006 under Rule 53(g)(2) – to which defendants have not
2   responded, and which remains pending before this Court (Docket No. 575). Thus, there can be no
3   question but that the Supplemental Motion is timely under Rule 53 as it supplements a pre-existing
4   objection. Defendants' claims of prejudice regarding plaintiffs' Supplemental Motion also rings
5   hollow. Defendants have known for a year of the pendency – before this Court – of plaintiffs'
6   Objection to the Special Master's July 17, 2006 Order. Defendants knew of the issues concerning
7   the destruction of the *SOFTWAR* material, and have simply chosen to ignore it. And, despite
8   defendants' objections, it was also proper to notice a hearing date of September 24, 2007 for the
9   Supplemental Motion as, to the extent the motion may be considered dispositive owing to the relief
10  requested, the Court previously established the hearing date of September 24, 2007 for dispositive
11  motions in its March 5, 2007 Order. Ex. A hereto; Opposition at 1.

12       As is clearly evidenced by the substance of the Supplemental Motion, numerous additional
13  pages are necessary to address the voluminous details of defendants' repeated efforts to improperly
14  destroy highly relevant documents – including documents concerning *SOFTWAR*, accounting files,
15  executive emails, and forecasting documents. Defendants are not prejudiced by the size of this brief,
16  as they will be afforded a full opportunity to respond. Instead, defendants appear to raise concern at
17  the prospect of having to respond to the facts set forth in the Supplemental Motion. Defendants'
18  concerns, however, do not change the fact that the Supplemental Motion is proper, and plaintiffs'
19  request to exceed the page limits of Civil Local Rule 7-2 is meritorious.

## III. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant plaintiffs' three administrative requests for Leave to Exceed the page limit for dispositive motions (Docket Numbers 888, 921 and 943).

DATED: July 30, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
STACEY M. KAPLAN


       *s/ Douglas R. Britton*
DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MONIQUE C. WINKLER
ELI R. GREENSTEIN
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Oracle3\brf00044143.doc

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 30, 2007.

    s/ *Douglas R. Britton*
DOUGLAS R. BRITTON

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:dougb@lerachlaw.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylawoffice.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Stacey Marie Kaplan**
  SKaplan@lerachlaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com

- **Brian P Murray**

- **Shinyung Oh**
  shinyungoh@paulhastings.com

  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Sanna Rachel Singer**
  ssinger@sideman.com,mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com,cwood@lerachlaw.com,e_file_sf@lerachlaw.com,dpfefferbaum@lerachl

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

- **Monique Winkler**
  shawnw@lerachlaw.com,E_File_SF@lerachlaw.com,travisd@lerachlaw.com,MoniqueW@lerachl

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105
```

**Darren Jay Robbins**
 Lerach Coughlin Stoia Geller Rudman  & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101