# EXHIBIT A

```
 1  MAYER, BROWN, ROWE & MAW LLP
    Donald M. Falk (SBN 150256)
 2  Lee H. Rubin (SBN 141331)
    Shirish Gupta (SBN 205584)
 3  Two Palo Alto Square, Suite 300
    Palo Alto, California 94306
 4  Telephone:   (650) 331-2000
    Facsimile:   (650) 331-2060
 5  lrubin@mayerbrownrowe.com

 6  MAYER, BROWN, ROWE & MAW LLP
    Alan N. Salpeter (admitted pro hac vice)
 7  Javier Rubinstein (admitted pro hac vice)
    190 South LaSalle Street
 8  Chicago, IL 60603-3441
    Telephone:   (312) 782-0600
 9  Facsimile:   (312) 701-7711
    jrubinstein@mayerbrownrowe.com
10
    Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
11  J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

12  ORACLE CORPORATION
    Dorian Daley (SBN 129049)
13  James C. Maroulis (SBN 208316)
    500 Oracle Parkway
14  Mailstop 5OP7
    Redwood Shores, California 94065
15  Telephone:   (650) 506-5200
    Facsimile:   (650) 506-7114
16  jim.maroulis@oracle.com

17  Attorneys for Defendant ORACLE CORPORATION
```

RECEIVED 05 JAN -? AM 11:08 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

FILED JAN 11 2005 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-0988-MJJ (Consolidated) |
| This Document Relates To:<br>ALL ACTIONS. | REVISED STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY<br><br>Judge Martin J. Jenkins |

REVISED STIPULATED [PROPOSED] PROTECTIVE ORDER;
CASE NO.: C-01-0988-MJJ

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in paragraph 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

   2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

   2.4. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Only those items or information that derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain

economic value from their disclosure or use shall be subject to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" protection.

2.5. **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8. **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9. **Outside Counsel**: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. **House Counsel**: attorneys who are employees of a Party.

2.11. **Counsel** (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a current employee of a Party's competitor[1] and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

---

[1] A list of Oracle's competitors is attached as Exhibit B.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

Nothing herein shall impose any restrictions on a Designating Party from disclosing its own Protected Material as it deems appropriate.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that will cause the party prejudice or harm pursuant to Rule 26(c) and governing standards if not protected.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of paragraph 5.2(a), below), or as otherwise stipulated or ordered,

3
REVISED STIPULATED [PROPOSED] PROTECTIVE ORDER;
CASE NO.: C-01-0988-MJJ

material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. Within 30 days of receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") legend on each page that contains Protected Material. In addition, within 30 days of receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that any Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may

1  invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30
2  days after receipt of the certified transcript to identify the specific portions of the testimony as to
3  which protection is sought and to specify the level of protection being asserted
4  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"). Only
5  those portions of the testimony that are appropriately designated for protection within the 30 days
6  shall be covered by the provisions of this Stipulated Protective Order.

7  Transcript pages containing Protected Material must be separately bound by the
8  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL,"
9  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –
10 ATTORNEYS' EYES ONLY."

11  (c) <u>for information produced in some form other than documentary, and for any
12  other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
13  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"
14  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –
15  ATTORNEYS' EYES ONLY." Within 30 days after receipt, any Receiving Party may designate
16  the information or item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
17  EYES ONLY."

18  5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
19  designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
20  ATTORNEYS' EYES ONLY" does not, standing alone, waive the any Party's right to secure
21  protection under this Order for such material. If material is appropriately designated as
22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the
23  material was initially produced, the Receiving Party, on timely notification of the designation, must
24  make reasonable efforts to assure that the material is treated in accordance with the provisions of
25  this Order.

26
27
28

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. <u>Judicial Intervention</u>. Except as provided in paragraph 6.2, a Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation.

(a) <u>Judicial Intervention for Non-Party Documents</u>. After a Party designates documents produced by a non-party pursuant to a Rule 45 subpoena as CONFIDENTIAL or

1  HIGHLY CONFIDENTIAL under paragraph 5.2 of this Protective Order, and does so by notifying
2  all Parties in writing of each document so designated, any Party may challenge the designation by
3  notifying the Designating Party in writing of any such documents that it believes do not qualify for
4  protection under this Protective Order. The Designating Party and the challenging Party must then
5  meet and confer to attempt to resolve their disagreements within seven days of receipt of the
6  writing initiating the challenge. If, after the seven-day period, the parties are unable to resolve
7  their disagreements, the challenging Party must so notify the Designating Party in writing. Then,
8  the Designating Party must file and serve a motion under Civil Local Rule 7 (and in compliance
9  with Civil Local Rule 79-5, if applicable) to have the documents designated CONFIDENTIAL or
10 HIGHLY CONFIDENTIAL and must set forth in detail the basis for the designation. The motion
11 must be filed and served within 14 days after the end of the meet and confer period; otherwise, the
12 challenged designations will be automatically lifted. Each such motion must be accompanied by a
13 competent declaration that affirms that the parties have met and conferred and are unable to resolve
14 their disagreements without judicial intervention and that sets forth with specificity the justification
15 for the confidentiality designation that was given by the Designating Party in the meet and confer
16 dialogue.

17     The burden of persuasion in any such challenge proceeding shall be on the Designating
18 Party. Until the court rules on the challenge, all parties shall continue to afford the material in
19 question the protection to which it is entitled under the Designating Party's designation.

20

21 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

22     7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed
23 or produced by another Party or by a non-party in connection with this case only for prosecuting,
24 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
25 the categories of persons and under the conditions described in this Order. When the litigation has
26 been terminated, a Receiving Party must comply with the provisions of paragraph 11, below
27 (FINAL DISPOSITION).

28

7
REVISED STIPULATED [PROPOSED] PROTECTIVE ORDER;
CASE NO.: C-01-0988-MJJ

1. Protected Material must be stored and maintained by a Receiving Party at a location and in
2. a secure manner that ensures that access is limited to the persons authorized under this Order.
3.     7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered
4. by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any
5. information or item designated CONFIDENTIAL only to:
6.     (a) any Party, its attorneys, including in-house attorneys, and the attorneys' support
7. staff;
8.     (b) any insurer or indemnitor of any defendant in this action;
9.     (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is
10. reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
11. Protective Order" (Exhibit A);
12.     (d) the Court and its personnel;
13.     (e) court reporters, their staffs, and professional vendors to whom disclosure is
14. reasonably necessary for this litigation;
15.     (f) during their depositions, witnesses in the action to whom disclosure is reasonably
16. necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).
17. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material
18. must be separately bound by the court reporter and may not be disclosed to anyone except as
19. permitted under this Stipulated Protective Order;
20.     (g) any person who authored or previously received the document, or the original
21. source of the information;
22.     (h) any former Oracle employee (permanent or contract), director, or officer who
23. may have information relevant to this action and who signs the "Agreement to Be Bound by
24. Protective Order" (Exhibit A); and
25.     (i) any witness at trial.

7.3. **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) any person who authored or previously received the document, or the original source of the information; and

(g) any witness at trial.

7.4. **Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"**

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must notify, in writing, the Designating Party of (1) the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks to disclose to the Expert and (2) the full name of the Expert and the city and state of his or her primary residence.

1        (b) A Party that provides the information specified in the preceding paragraph may
2  disclose the subject Protected Material to the identified Expert unless, within seven court days of
3  delivering the notice, the Party receives a written objection from the Designating Party. Any such
4  objection must set forth in detail the grounds on which it is based.
5        (c) A Party that receives a timely written objection must meet and confer with the
6  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by
7  agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may
8  file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if
9  applicable) seeking permission from the court to do so. Any such motion must describe the
10 circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert
11 is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any
12 additional means that might be used to reduce that risk. In addition, any such motion must be
13 accompanied by a competent declaration in which the movant describes the parties' efforts to
14 resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions)
15 and sets forth the reasons advanced by the Designating Party for its refusal to approve the
16 disclosure.
17     In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of
18 proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
19 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.
20 **8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**
21
22     If a Receiving Party is served with a subpoena or an order issued in other litigation that
23 would compel disclosure of any information or items designated in this action as
24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the
25 Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible)
26 immediately and in no event more than three court days after receiving the subpoena or order.
27 Such notification must include a copy of the subpoena or court order.
28

1  The Receiving Party also must immediately inform in writing the party who caused the
2  subpoena or order to issue in the other litigation that some or all the material covered by the
3  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
4  deliver a copy of this Stipulated Protective Order promptly to the party in the other action that
5  caused the subpoena or order to issue.
6  The purpose of imposing these duties is to alert the interested parties to the existence of this
7  Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
8  confidentiality interests in the court from which the subpoena or order issued. The Designating
9  Party shall bear the burdens and the expenses of seeking protection in that court of its confidential
10 material – and nothing in these provisions should be construed as authorizing or encouraging a
11 Receiving Party in this action to disobey a lawful directive from another court.

13 9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
14 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
15 Material to any person or in any circumstance not authorized under this Stipulated Protective
16 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
17 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
18 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
19 this Order, and (d) request such person or persons to execute the "Agreement to Be Bound" that is
20 attached hereto as Exhibit A.

22 10.  **FILING PROTECTED MATERIAL**
23 Without written permission from the Designating Party or a court order secured after
24 appropriate notice to all interested persons, a Party may not file in the public record in this action
25 any Protected Material.
26 When a Party intends to file with the court any document that has been marked
27 "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY
28 CONFIDENTIAL — ATTORNEYS' EYES ONLY," it shall lodge the document with the court on

the date of filing. The document shall be lodged in a sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out instructions that the document is lodged pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order from the Court. In addition, the cover sheet shall prominently identify the title of the case, the case number and the title of the document and display the notation: "DOCUMENT SUBMITTED UNDER SEAL." A second copy of the entire document, in an identically-labeled envelope or container, shall be submitted for delivery to the Judge's chambers.

It is the Designating Party's burden to file an Administrative Motion to File Under Seal, in conformance with Civil L.R. 79-5 and 7-11, accompanied by (i) a declaration establishing that the document is sealable and (ii) a proposed order sealing the document. If the Designating Party does not file a motion to have the material filed under seal within 14 days of notification by Receiving Party of the lodging of such material, the material shall be filed unsealed *nunc pro tunc* to the date of lodging. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed upon request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if

1  such materials contain Protected Material. Any such copies that contain or constitute Protected
2  Material remain subject to this Protective Order as set forth in paragraph 4 (DURATION), above.
3  The Court shall retain jurisdiction to enforce the terms of this Protective Order for six months after
4  the final termination of this litigation.

12.  **MISCELLANEOUS**

12.1.  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 1/11/2005

_____
The Honorable Martin J. Jenkins
United States District Judge

IT IS SO STIPULATED BY AND BETWEEN THE PARTIES.

DATED: January 6, 2005

LERACH COUGLIN STOIA GELLER RUDMAN & ROBBINS LLP

By: _____
Douglas R. Britton
Lead Counsel for Plaintiffs

DATED: January 6, 2005

MAYER, BROWN ROWE & MAW LLP

By: _____
Lee H. Rubin
Attorneys for Defendants
Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley and Edward J. Sanderson

13
REVISED STIPULATED [PROPOSED] PROTECTIVE ORDER;
CASE NO.: C-01-0988-MJJ

# EXHIBIT A

## *AGREEMENT TO BE BOUND BY PROTECTIVE ORDER*

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of: *In re Oracle Corporation Securities* Litigation, Lead Case No. 417511, Case No. C-01-0988-MJJ

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint:

Name: _____

Address: _____

Telephone Number: _____

as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

DATED: _____     _____
                                                                    (signature)

                                                        Name _____

                                                        Address _____

                                                        _____

## EXHIBIT B

## LIST OF ORACLE'S COMPETITORS

| | |
|---|---|
| Accenture | Information Builders |
| Actuate | Intuit |
| Ariba | Lawson |
| Autonomy | Manugistics |
| BEA | Microsoft |
| BMC Software | MicroStrategy |
| Borland | NCR (Teradata) |
| Brio Technology | PeopleSoft |
| Business Objects | Plumtree |
| CGEY (Cap Gemini Ernst & Young) | PricewaterhouseCoopers |
| Clarify | Qwest Software |
| Cognos | Rational |
| CommerceOne | SAP |
| Crystal Decisions | SAS Institute |
| CSC (Computer Sciences Corporation) | Siebel |
| EDS | Siemens Business Services |
| Hyperion | SilverStream/Novell |
| i2 | Sun Microsystems |
| IBM (Including Informix Global Services) | Sybase |
| Informatica | Unisys |

15
REVISED STIPULATED [PROPOSED] PROTECTIVE ORDER;
CASE NO.: C-01-0988-MJJ