```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                          -oOo-
 4   IN RE
     ORACLE CORPORATION
 5   SECURITIES LITIGATION
                                      MASTER FILE NO.
 6                                    C-01-0988-MJJ
 7   This Document Relates To:
 8        ALL ACTIONS
 9   _____/
10
11
                                -oOo-
12
                             CONFIDENTIAL
13
            VIDEOTAPED DEPOSITION OF SAFRA CATZ
14
                          July 20, 2006
15
                                -oOo-
16
17            SHEILA CHASE & ASSOCIATES
                     REPORTING FOR:
18              LiveNote World Service
              221 Main Street, Suite 1259
19               San Francisco, CA 94105
              Telephone: (415) 321-2300
20                 Fax: (415) 321-2301
21                           -oOo-
22
23   Reported by:
     KELLIE A. ZOLLARS, CSR, RPR, CRR
24   CSR License No. 5735
25
```

**Certified Copy**

```
 1       MR. BRITTON:  Okay.  Put that document aside.
 2       Q.  Was there a revenue recognition group in the
 3  second quarter of 2001?
 4       A.  I don't remember, but I would -- I believe
 5  there was one, yes.  In fact, there was one.
 6       Q.  Okay.  Did you interface with the revenue
 7  recognition group during the last day of the second
 8  quarter of 2001?
 9       MR. LINDSTROM:  Relating to this transaction?
10       MR. BRITTON:  Relating to any transaction.
11       THE WITNESS:  I don't remember.
12       BY MR. BRITTON:
13       Q.  Did you make it a practice to interface with
14  the revenue recognition group on the last day of
15  quarters?
16       A.  No.
17       Q.  So you don't have anybody sitting there that
18  you can ask whether you can recognize revenue on the
19  last day of the quarter?
20       A.  It isn't my job to make the call on whether
21  revenue is recognizable or not.  It is a whole bunch
22  of other people's, including the auditors.
23       MR. BRITTON:  Okay.
24           How much time do we have?
25       THE VIDEOGRAPHER:  Ten.
```

```
 1        MR. BRITTON:  Let's go off the record.
 2        THE VIDEOGRAPHER:  This marks the end of Tape 1,
 3   Volume I, in the deposition of Safra Catz at 11:02.
 4        (Recess taken.)
 5        THE VIDEOGRAPHER:  On record at 11:09.  This marks
 6   the beginning of Tape 2 in Volume I of the deposition
 7   of Safra Catz.
 8        BY MR. BRITTON:
 9        Q.  Do you remember a deal with Covisint in the
10   third quarter of 2001?
11        A.  Yes.
12        Q.  Am I saying that correctly?
13        A.  I'm not sure.  I called it Covisint, but then
14   everybody else calls it Covisint.  So I can't remember
15   what the right one is anymore.  But it's close enough,
16   I know which one you mean.
17        Q.  Now, the -- Covisint's business was an
18   automobile exchange; is that right?
19        A.  Covisint was the purchasing department.  So it
20   was the -- it was purchasing for the big auto
21   companies.
22        Q.  Okay.  And the big auto companies, Ford, GM,
23   Daimler-Chrysler?
24        A.  Yeah, I think Chrysler was in there too; but
25   Ford and GM were the big guys.
```

1  Q. Big guys.
2     And Nissan?
3  A. I can't remember now. I just can't remember
4  if they were in or out.
5  Q. Okay. What did they buy from Oracle?
6  A. All our software.
7  Q. What software?
8  A. Everything.
9  Q. Database applications?
10 A. I think so.
11 Q. Okay. They were going to set up an exchange;
12 is that right?
13 A. They were going to set up a whole company.
14 Q. So the software that Oracle sold them in the
15 third quarter of 2001 was to deal with the exchange as
16 well as the company itself?
17 A. Everything. It was all the software they were
18 going to need to be a standalone company.
19 Q. Did you work with anybody directly from
20 Covisint?
21 A. I did.
22 Q. Do you remember who?
23 A. I don't right now.
24 Q. What was your role in the Covisint
25 transaction?

```
 1  STATE OF CALIFORNIA    )
 2  COUNTY OF SAN MATEO    )
 3           I hereby certify that the witness in the
 4  foregoing deposition,
 5  was by me duly sworn to testify to the truth, the
 6  whole truth, and nothing but the truth in the
 7  within-entitled cause; that said deposition was taken
 8  at the time and place herein named; that the
 9  deposition is a true record of the witness's testimony
10  as reported by me, a duly certified shorthand reporter
11  and a disinterested person, and was thereafter
12  transcribed into typewriting by computer.
13           I further certify that I am not interested in
14  the outcome of the said action, nor connected with,
15  nor related to any of the parties in said action, nor
16  to their respective counsel.
17           IN WITNESS WHEREOF, I have hereunto set my
18  hand this _____ of _____, _____.
19
20
21           _____
22                KELLIE A. ZOLLARS, CSR
23                  STATE OF CALIFORNIA
24
25
```