LAW OFFICES OF
CHRISTOPHER H. WING
A PROFESSIONAL CORPORATION
1101 E STREET
SACRAMENTO, CA 95814
441-4888
State Bar #063214

ATTORNEYS FOR: Moving Party

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br>Plaintiff,<br><br>DEPOSITION OF ADAM HAHN | No. ____________________<br>(Master File No. C-01-0988 MJJ pending in N.D. Cal)<br>CLASS ACTION<br>NOTICE OF MOTION FOR PROTECTIVE ORDERAND MEMORANDAUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER H. WING.<br>Date: TBD<br>Time: TBD<br>Place: TBD |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on __________ or at the earliest available date as determined by this Court in accordance with the local rules, prospective witness, ADAM HAHN, will and hereby does move this Court for a protective order pursuant to Fed R. Civ P. 26(c) and/or to quash the subpoena for his deposition and for the production of documents pursuant to Fed. R. Civ. P. 45(c). In support of this Motion, movant submits the Memorandum of Points and Authorities below and the attached Declaration of Christopher H. Wing.

**RELIEF SOUGHT**

/ / /

ADAM HAHN moves the Court for a protective order that requires Defendant to refrain from questioning him on any matter that has to do with Oracle Corporation or any relationship he may have had with Oracle Corporation or to produce any records concerning Oracle Corporation, as ADAM HAHN has been charged in Sacramento Superior Court in Complaint 05F11307 with a violation of seven felony violations alleging Embezzlement or Conspiracy to Embezzle funds alleged to belong to Oracle Corporation between September 2001 and June 2003. In the alternative, ADAM HAHN requests that should the Court determine that any relevant testimony of his is privileged under the 5th Amendment and related authorities, the subpoena be quashed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. UNDISPUTED FACTS

On March 14, 2006, ADAM HAHN was served with a Subpoena in a Civil Case, **Exhibit 1**. The Subpoena required him to produce documents listed by March 27, 2006 and to appear for a deposition on April 5.

Upon learning of the service of the subpoena, ADAM HAHN'S attorney sent a letter to the attorney for Defendant, Oracle Corporation, explaining ADAM HAHN'S position concerning the deposition. That letter is attached as **Exhibit 2**. One week later, Oracle's counsel responded that in spite of the objections raised, they expected ADAM HAHN to appear as requested and to contact them if there were any questions.

The parties have had communications, both oral and written and ADAM HAHN is aware of the discovery cutoff in June 2006 and suggested a hearing date approximately 45 days hence, but Oracle's counsel believes that was too far in the future and the parties have been unable to agree on how to get the matter before the court in a matter timely enough to satisfy Oracle Corporation.

On December 21, 2005, a complaint was filed by the California Attorney General's Office in the Sacramento Superior Court charging ADAM HAHN with the following allegations[1]:

[1] In late June, 2003, ADAM HAHN became aware that the Northern District of the United States Attorney's office and the Federal Bureau of Investigation were investigating businesses owned by his brother and sister in law concerning alleged violations of mail and wire fraud allegedly committed by them and thus victimizing Oracle Corporation. It appears that the Northern District investigation was concluded with no indictment or charges filed,

/ / /

LAW OFFICES OF
CHRISTOPHER H. WING
SACRAMENTO, CA.

Count 1: Conspiracy to Commit Embezzlement, Penal Code Section 182(a) (1) with 13 Overt Acts alleged between July 2001 and May 2002;

Count 2: Embezzlement by a Public or Private Officer, Penal Code Section 504;

Counts 3-7: Embezzlement by a Collector of Accounts, Penal Code Section 506.[2]

All of these allegations involve ADAM HAHN'S relationship to Oracle Corporation.

**ARGUMENT**

A Rule 26(c) protective order directed at a third party subpoena is available "for good cause shown" when a person subject to that can demonstrate that discovery served him or her jeopardizes that party's own interests. Such is the case here.

It should be clear that the subject matter of the dispute that underlies this civil case is exactly the same as that which underlies the criminal case in which ADAM HAHN is a defendant. This identity of issues between the civil and criminal actions has not been denied by Oracle Corporation in their correspondence with ADAM HAHN' counsel. This being the case, ADAM HAHN'S counsel must instruct ADAM HAHN to invoke his privilege against self-incrimination pursuant to FRE §501, California Evidence Code §940, California Constitution, Article 1, §13, and the 5th and 14th Amendments of United States Constitution in any deposition of him based upon the subject matter of the civil case which involves the subject matter of the criminal case. To that end, I have instructed Mr. Hahn not to answer any questions concerning his relationship to Oracle or any information that relates to that relationship, directly or indirectly as he is charged with embezzlement of Oracle funds.

Based upon the discovery provided in the criminal case, Oracle Corporation has been directly involved in the criminal case against Mr. Hahn, is well aware that the subject matter of the criminal case is sufficiently similar to the civil case and that the specific subject matter of each of these matters overlaps to a significant degree, such that the propriety of this position concerning invocation of ADAM HAHN'S 5th Amendment rights is clear, A&M Records, Inc. v. Heilman (1977) 75 Cal. App. 3d 554.

---

[2] A copy of the Complaint is attached as **Exhibit 3**

/ / /

As has been pointed out to Oracle's counsel, the issue of witness incrimination in a non-criminal, adversarial setting is an area of the law where the only total agreement of the courts and commentators is that while there is uniform agreement that the protections afforded by the privilege against self incrimination apply to the "discovery" portions of civil litigation, *See, for example,* California Civil Code §2017, Pillsbury Co. v. Conboy (1983) 459 U.S. 248, 103 S. Ct. 608, 74 L. Ed. 2d 430, "there are various conflicting views" of exactly how to apply the protections afforded. *See* Testifying in Civil Proceedings as Waiver of Privilege Against Self-Incrimination 72 ALR 2d 830, §6a, and footnote 23. *See also* Note, *Testimonial Waiver of the Privilege Against Self-Incrimination.* 92 Harvard Law Review 1752 (1979).

Further, this is an area where even the United States the Supreme Court has noted that the protection of the privilege depends "on timing so refined that lawyers, let alone laymen, will have difficulty in knowing when to claim it." Rogers v. United States (1951) 340 U.S. 367 at 378; 71 S. Ct. 438; 95 L. Ed. 344.

Because of the issues involved here and the link between ADAM HAHN'S potential testimony and the subject matter of the criminal action, in which Oracle Corporation alleges that it is a victim of ADAM HAHN'S criminal acts, ADAM HAHN is not able to answer any questions relating in any way to relationship with Oracle Corporation; any knowledge gained as a result of that relationship; any questions concerning the identity of any witness(es) or potential witness(es) to his relationship at Oracle Corporation; questions relating to the substance of any conversations with anyone at Oracle Corporation; commentary on any documents of Oracle Corporation, any conversations with any other witness(es); i.e., any question that relates, directly or indirectly to any transactions, policies, procedures, written or oral concerning ADAM HAHN'S relationship with Oracle Corporation. *See* Zonver v. Superior Court (1969) 270 Cal. App. 2d 613, at 62-6220 and Fn 5; Arndstein v. McCarthy 254 U.S. 71, 72-73, 41 S. Ct. 26, 65 L. Ed. 138 (1920). *See also* Comment: *Speak No Evil: The Impact of Rule 611(b) on the Accused Privilege Against Self-Incrimination,* 48 University of Cincinnati Law Review 842 at 851 (1979).

/ / /

In making the determinations of where to draw the line to prevent any potential waiver, I will be forced will utilize, in part, Justice Jefferson's example as noted in §44.40 of Jefferson's California Evidence Benchbook (3rd Edition) Volume II, Chapter 44, at page 996:

> A person claiming the privilege against self-incrimination is not required to introduce any particular evidence, but may rely on all pertinent matters such as (a) previously admitted evidence, (b) matters disclosed in argument on the claim, (c) implications derived from the question asked, (d) the nature of the proceeding involved, (e) the circumstances in which the question is asked, and (f) the nature of the information sought."

ADAM HAHN has requested this Protective order, because this is a very difficult area for defense counsel in which to operate. As the 9th Circuit noted in United States v Shendal, (9th Cir. 1963) 312 F. 2nd 564, at 566: the waiver rule:

> "puts counsel for witnesses in a dilemma. They have to advise witnesses to claim the privilege before there is, in their own minds, any reason to claim the privilege. Such a judicial policy puts counsel in the position of being told, 'the joke is on you. You let your client go too far.' Once granted that the area of the question is within the Fifth Amendment, sort of being ridiculous, it would appear wiser to let the witness pick the point beyond which he will not go."

As any relevant testimony from ADAM HAHN will necessarily relate to his relationship with Oracle Corporation, a waiver argument is bound to ensue. That relationship is not only the basis of ADAM Hahn's knowledge of potentially relevant information and his familiarity with documents, procedures, etc, that relationship is also an element of the crimes alleged against him by Oracle Corporation. Thus, invocation of the privilege should be clearly established as a non-party witness has the right not to answer incriminating questions. *See* Hoffman v. United States (1951) 341 U.S. 479 at 486, Blau v. United States (1950) 340 U.S. 159, at 161. 4-611 Weinstein's Federal Evidence §611.05. Those questions may be such that they would invoke answers that would furnish a link in the chain of evidence necessary to aid the prosecution. U.S. v. Hubbell (2000) 530 U.S. 27, at 37-38; Hoffman, supra at id.

/ / /

This court can make the determination simply based upon the allegations in the pleadings of each of the cases that ADAM HAHN'S invocation of his right against self incrimination should be sufficient to bar any questioning of ADAM HAHN concerning his relationship with Oracle Corporation, his knowledge about Oracle Corporation, and familiarity with documents, procedures, etc. Further, the court could determine that because of the congruent subject matter of the two cases, that the subpoena should be quashed pursuant to Rule 45(c)(3)(A)(iii) as far as requiring both the attendance of and production of documents by ADAM HAHN, as the subpoena putatively requires the disclosure of privileged or other protected matter and no exception or waiver applies.

This case clearly falls within the zone of cases where there is no doubt that the claim of privilege is legitimate. It could also be argued that this is the type of case where the deponent/party could "legitimately refuse to answer all relevant questions" because of the nature of the proceedings, which are part of the subject matter of the criminal proceeding. *See,* Warford v. Medeiros (1984) 160 Cal. App 3d 1035, at 1044-1045, Fn 7 and cases cited therein.

FRE §501 refers the Court to the underlying state law on the issue of privilege in civil proceedings. California Evidence Code §404, while placing on the witness the burden of establishing that the proffered evidence might tend to incriminate him; the standard for allowing that evidence to be disclosed is minimal, and it is difficult to imagine any evidence concerning the underlying facts of this case that would fall within the rubric: evidence that "cannot possibly have a tendency to incriminate the person claiming the privilege." Cohen v. Superior Court (1959) 173 Cal App. 2d 61, 68-70; *see also* 7 Cal L. Rev. Comm. Reports 1 (1965).

This is only reasonable as courts have consistently held that "[T]he privilege extends not only to answers that would themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." Hoffmann v. United States (1951) 341 U.S. 479, at 486-487; Prudhomme v.

/ / /

Superior Court (1970) 2 Cal. 3d 320, 326. In fact, the witness/deponent need not even show the "likelihood of a prosecution" in order to invoke the privilege, he need only show any possibility of prosecution which is more than fanciful. Warford, supra, at 1044 and cases cited therein.

The same holds true for the request for production of records concerning Oracle Corporation, items 22, 30, 25, 26 and 32, or the companies listed in Document Requests 1-21, 23 and 24 as those companies or persons associated with those companies are the vehicles by which the Attorney General's office contends Oracle was victimized and any privileged communications with ADAM HAHN'S attorney concerning "any and all of the Defendants" must be excluded as well.

**CONCLUSION**

For the foregoing reasons, ADAM HAHN respectfully requests the court grant a protective order pursuant to Fed R. Civ. P. 26(c) or that the court quash the subpoena and stay any further attempts to take testimony from ADAM HAHN until his self-incrimination privilege is not longer is effect.

Dated: April 1, 2006

/s/CHRISTOPHER H. WING
Attorney for ADAM HAHN

/ / /

DECLARATION OF CHRISTOPHER H. WING

I, CHRISTOPHER H. WING, state:

That I am an attorney, licensed to practice in the State of California and the Eastern District of California and that I have been so licensed since December 1974;

That I was retained by ADAM HAHN to represent him in the matter of People of the State of California v. ADAM HAHN, et. al, Sacramento Superior Court No. 05F11307 on December 23, 2005, and that I am his attorney of record in that case;

That I am familiar with the allegations in the Sacramento Superior Court case, have reviewed the discovery available in that case and have reviewed the Second Amended Complaint in the case at issue here;

That I am generally aware of the fact that there are orders the District Court in the Northern District has issues precluding the direct naming of individuals, directly or *per quod* that have been noted in the Second Amended Complaint and have attempted to be as general as possible to not violate any of those orders;

That I do not believe that there will be a dispute that ADAM HAHN'S relationship with Oracle is a material fact linking this both this Northern District civil action and the Sacramento County Criminal Complaint noted in this Motion;

That I have attempted to communicate our position that ADAM HAHN must invoke his privilege against self-incrimination to Oracle's counsel and that while we seem to disagree as to the extent of which ADAM HAHN'S privilege against self-incrimination will impact his response to any relevant questions as I noted in the letter that I have attached to that effect, **Exhibit 2**; however, we have had open communication and are both willing to expedite the pleadings in this case to allow it to be heard as rapidly as possible.

Executed under penalty of perjury this 1st day of April, at Sacramento, California

/s/ CHRISTOPHER H. WING



/ / /