Pages 1 - 32

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JOSEPH C. SPERO, MAGISTRATE JUDGE

```
IN RE ORACLE SECURITIES      )
LITIGATION,                  )
                             )   NO. C 01-0988 MJJ
_____)
```

San Francisco, California

Friday, February 4, 2005

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

```
For Plaintiffs:        Lerach, Coughlin, Stoia, Geller,
                          Rudman & Robbins
                       100 Pine Street, Suite 2600
                       San Francisco, California  94111
                  BY:  SHAWN A. WILLIAMS
                       WILLOW E. RADCLIFFE
                       ELI GREENSTEIN

For Defendant:         Mayer, Brown, Rowe & Maw
                       190 South La Salle Street
                       Chicago, Illinois  60603-3441
                  BY:  LEE RUBIN
                       VINCENT P. SCHMELTZ III
                       Oracle Corporation
                       Legal Department
                       500 Oracle Parkway
                       Redwood Shores, California  94065
                  BY:  JAMES C. MAROULIS
                       Senior Corporate Counsel

Reported By:           Leo T. Mankiewicz, CSR 5297 RMR, CRR
                       Official Reporter
```

1    anything more than a pinprick, right?  I mean, because there
2    are so many Oracle customers, it strikes me -- knowing nothing
3    about this, of course, but speculating -- that there are so
4    many, that that might be quite a difficult task.  We're not
5    going to survey all the customers, right?
6              MR. WILLIAMS:  I agree, and I think your Honor --
7              THE COURT:  But I don't have a preconceived notion
8    about the number.  I don't have a preconceived notion about the
9    number.  I just don't.  So you're fine on that, fine in the
10   sense that you can work it out and make your arguments to me.
11   If you can't....
12             MR. WILLIAMS:  I agree, your Honor, but I think with
13   regard to the customers, your Honor hit it on the head when he
14   said that falsity is truly an issue here that plaintiffs are
15   entitled to discover, and with regard to those customers, when
16   those customers internally -- and I actually pulled the
17   hypothetical to the defendants to explain why we thought we
18   needed this information.  Internally, if a customer has
19   purchased this software on the basis of a statement that it's
20   pre-integrated and interoperable out of the box, and internally
21   their IT staff is discussing the fact that, hey, these modules
22   can't talk to one another; not only do they not talk to one
23   another, but the software code hasn't even been written yet in
24   order to allow them to talk to one another, that's information
25   that we think is only going to be discoverable from the third

1    parties.

2            Again, keeping it --

3            THE COURT:  Well, you're going to have an expert

4    witness testify about the software as it existed at the time

5    and they'll tell you the same thing.

6            MR. WILLIAMS:  Possibly.

7            THE COURT:  Possibly?

8            MR. WILLIAMS:  If we can get the software as it

9    existed five years ago, and that it's --

10           THE COURT:  Okay, all's you need is two customers on

11   that.  I mean, the problem -- your argument is correct, but

12   it's -- how far it goes in scope is the question, how far out,

13   how many customers --

14           MR. WILLIAMS:  Do we need to say that --

15           THE COURT:  -- to know that there is evidence that

16   there is a problem with the software, right.  Some, yeah.

17           MR. WILLIAMS:  Your Honor, I'd be happy -- happy --

18   if we could only depose or get evidence from one customer that

19   could testify about the specific technological problems, if I

20   knew that the opposition wouldn't be that, "Well, that's just

21   one customer."

22           THE COURT:  Well, okay, two.  I don't know what the

23   number is.  I told you, I don't know what the number is.

24           MR. WILLIAMS:  With regard to the stay of the

25   subpoenas, I just wanted to see if your Honor could provide a

1    little bit more detail on how we should speak to the
2    non-parties who were actually waiting for a ruling today and
3    what we should tell them.
4              THE COURT:  Okay, well, my idea is that you tell
5    them that the Court has temporarily stayed the subpoenas, and
6    that you'll keep them apprised of what the Court does next, and
7    just write them a letter.
8              MR. WILLIAMS:  And, I --
9              THE COURT:  Would you want to say something else to
10   them?
11             MR. WILLIAMS:  Well, I'd like to give them a time
12   frame.  I know your Honor indicated a discovery conference.
13             THE COURT:  We should talk about time frame.  I
14   don't know whether it's appropriate to communicate the time
15   frame to them, because the time frames often slip, but we
16   should talk about a time frame.
17             When can you do a discovery conference?
18             MR. WILLIAMS:  We can -- well, with each other or
19   with the Court?
20             THE COURT:  Well, there's going to be a series of
21   things.  You're going to have to go home and draft a detailed
22   proposal for a discovery plan.  Then, each of you -- and then
23   you have to give it to each other, and then you have to meet.
24   Meaning -- I don't know who the lead trial counsel is.  Whoever
25   they are, maybe you two will meet, and go over it.  And then

CERTIFICATE OF REPORTER

I, LEO T. MANKIEWICZ, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in Case No. C 01-0988 MJJ, In re Oracle Securities Litigation, were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

Leo T. Mankiewicz, CSR 5297, RMR, CRR

Friday, February 18, 2005