Pages 1 - 47

United States District Court

Northern District of California

Before The Honorable Martin J. Jenkins, Judge

| | |
|---|---|
| Nursing Home Pension, | ) |
| Plaintiff, | ) |
| vs. | ) No. C01-0988 MJJ |
| Oracle Corporation, | ) |
| Defendant. | ) |

San Francisco, California
Thursday, March 16, 2006

### Reporter's Transcript Of Proceedings

**Appearances:**

For Plaintiff:    Lerach Coughlin Stoia
                  Geller Rudman & Robbins
                  401 B Street, Suite 1700
                  San Diego, California  92101
           By:    **Mark Solomon, Esquire**
                  **Douglas Britton, Esquire**
                  **Valerie L. McLaughlin, Esquire**

                  Lerach Coughlin Stoia
                  Geller Rudman & Robbins
                  100 Pine Street, Suite 2600
                  San Francisco, California  94111
           By:    **Shawn A. Williams, Esquire**
                  **Willow E. Radcliffe, Esquire**

(Appearances continued on next page.)

*Reported By:*   *Sahar McVickar, RPR, CSR No. 12963*
                 *Official Reporter, U.S. District Court*
                 *For the Northern District of California*

(Computerized Transcription By Eclipse)

*Sahar McVickar, RPR, CSR 12963*
*Official Court Reporter, U.S. District Court*
*(415) 626-6060*

1  me what you need to in probably twenty minutes a piece, as you
2  have briefed it pretty thoroughly, I think. And I'm going to
3  put you on the concerns that I have, which is why you are here.
4  So you can have a seat.
5            The -- I think it's important, since there is a
6  fairly in-depth discussion with respect to the standard that
7  obtains to this motion and under Rule 23 and the comments about
8  Advisory Committee comments, it strikes me that clearly the
9  Court is to conduct a rigorous analysis of the pleadings and
10 even to look to the merits to the degree sufficient to inform
11 the Court's decision as to whether or not there is -- the
12 predicates under Rule 23 A and B, are met.
13           And I think I said before in other orders on this
14 question that just really trying to discern whether or not the
15 evidence is sufficiently probative to allow a finding that the
16 predicates are met. It's certainly not a preponderance
17 standard, in my view, and the Ninth Circuit hasn't spoken on
18 that question. So I wanted to make sure that you understood
19 that, because I think that, then, informs some of the
20 discussion, for instance, with respect to the issue of lost
21 causation, for example.
22           The -- my recollection is that the current pleading
23 probably hasn't been vetted in terms of what would be a 12(c)
24 motion -- or what I expect to see, actually, would be a better
25 way of dealing with it would probably be ultimately in a Rule

```
 1  56 motion.
 2              That does not mean that, you know, I don't consider
 3  the issue of lost causation and how it may rear its head with
 4  respect to, you know, the issue of predominance, which
 5  sometimes merges into common questions of law and fact and
 6  typicality, too.  That doesn't mean I don't consider it, but I
 7  consider it with respect to whether or not there is some degree
 8  of individualization that would impact the predominance
 9  analysis or might indicate that there are manageability
10  questions or superiority issues with respect to Rule 23(b) --
11  (b)(3).
12              And so what I want to do is sort of start there.
13  I'm going to start with lost causation and give you some sense
14  of how I see that issue, and then we'll go on from there and
15  talk about some of the inquiry notice issues and potential to
16  rebut the presumption of the fraud on the market theory and how
17  that may relate to potential defense that you have and how that
18  relates to the Rule 23(b)(3) question and then, ultimately,
19  just give you a few of my concerns about the
20  adequacy/typicality concerns you've raised with respect to the
21  class representatives here then to hear you out.  That should
22  take care of it.
23              So starting with lost causation, here, I disagree
24  with the defendant that there is any case that draws a line in
25  the sand and says that they have to -- the plaintiff has to
```

1    establish a corrective disclosure. I don't think -- the *Dura*
2    case doesn't say that, and *In re: Daou* certainly doesn't hold
3    that. But what is clear is that there has to be, for pleading
4    purposes -- and, now, where are the cases that I had -- there
5    has to be a -- and that doesn't mean that some courts haven't
6    interpreted it that way, but it doesn't appear to me that the
7    Ninth Circuit is interpreting it that way.
8              If you read the accounting fraud case, which is the
9    subtext of *In re: Daou*, I think it's pretty clear that they are
10   required that there be an indication of the loss and the causal
11   connection for pleading purposes, and that that loss then be
12   connected to the scheme that is afoot that gave rise to the
13   material misrepresentations or omissions. And I just don't
14   think that there is any more required. But there has to be
15   something in the record that would -- by allegation that would
16   indicate, you know, what the linkage is, it seems to me.
17             Now, I say that because the issue, for purposes of
18   this motion, is whether or not the -- I think the methodology
19   for the proof of the -- of lost causation is one that is
20   susceptible to class-wide proof. And so in that regard, it
21   appears to me that what I have, and the defense really hasn't
22   had a chance to respond to this, but it appears to me that what
23   I have is a clearly generalized methodology from Steinberg
24   *(sic)* as to how the plaintiff would go about proof of lost
25   causation in the case.

Case 3:01-cv-00988-SI   Document 1206-14   Filed 10/09/07   Page 5 of 6

7

1        And the question that I have is can I look behind
2   that and make a determination as to which of the experts I
3   think is correct?  Because clearly Boedeker, based on his tying
4   the ebb and flow of the stock in the market during the class
5   period to what's transpiring on the NASDAQ, that is not all he
6   relies on, but that is in large measure what he relies on, and
7   also indicating that on some of the dates of the asserted
8   misrepresentations there was really no impact to the stock
9   itself.
10       So he has that methodology, and Steinholt has his
11  methodology.  And I'm not saying it's a as simple as that, but
12  that is the focus that the Court, I think, looks at to discern
13  whether or not the methodology would be susceptible to
14  class-wide proof.
15       Now, the plaintiffs raise an issue as to what facts
16  you have marshaled that would indicate that the manner of proof
17  of lost causation would be individualized.  What are the facts,
18  what declaration, what evidence is there in the record to
19  establish that other than the argument that, as you walked
20  through in your brief, that they really have not alleged lost
21  causation.
22       But those are two different things, the allegations
23  in the pleading versus whether or not the manner of proof is
24  susceptible to class-wide proof.  So I would be interested in
25  hearing what individualizes that methodology in a way that

*Sahar McVickar, RPR, CSR 12963*
*Official Court Reporter, U.S. District Court*
*(415) 626-6060*

## CERTIFICATE OF REPORTER

I, Sahar McVickar, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.  The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

*Sahar McVickar, RPR, CSR*

**Sahar McVickar, RPR, CSR No. 12963**

**March 16, 2006**