| | |
|---|---|
| 1 | LERACH COUGHLIN STOIA GELLER |
| | RUDMAN & ROBBINS LLP |
| 2 | MARK SOLOMON (151949) |
| | DOUGLAS R. BRITTON (188769) |
| 3 | VALERIE L. McLAUGHLIN (191916) |
| | GAVIN M. BOWIE (235532) |
| 4 | STACEY M. KAPLAN (241989) |
| | 655 West Broadway, Suite 1900 |
| 5 | San Diego, CA 92101 |
| | Telephone: 619/231-1058 |
| 6 | 619/231-7423 (fax) |
| | marks@lerachlaw.com |
| 7 | dougb@lerachlaw.com |
| | valeriem@lerachlaw.com |
| 8 | gbowie@lerachlaw.com |
| | – and – |
| 9 | SHAWN A. WILLIAMS (213113) |
| | WILLOW E. RADCLIFFE (200087) |
| 10 | MONIQUE C. WINKLER (213031) |
| | ELI R. GREENSTEIN (217945) |
| 11 | 100 Pine Street, Suite 2600 |
| | San Francisco, CA 94111 |
| 12 | Telephone: 415/288-4545 |
| | 415/288-4534 (fax) |
| 13 | shawnw@lerachlaw.com |
| | willowr@lerachlaw.com |
| 14 | elig@lerachlaw.com |
| | jenniea@lerachlaw.com |
| 15 | moniquew@lerachlaw.com |

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | ) Master File No. C-01-0988-MJJ ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) |
| | ) STIPULATION REGARDING EXPERT |
| ALL ACTIONS. | ) DISCOVERY |
| | ) |

1. IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action, through their undersigned counsel of record, as follows:

1. The purpose of this Stipulation is to modify the provisions of Fed. R. Civ. P. 26(a)(2)(B) with respect to required disclosures relating to persons retained to provide expert testimony ("Testifying Experts") and to limit the scope of discoverable information relating to Testifying Experts and experts' opinions.

2. Consistent with Fed. R. Civ. P. 26(a)(2)(B), except as modified or limited by this Stipulation, the parties will serve on the dates established by the Court: (a) the report of any and each Testifying Expert; (b) a list that identifies, either by Bates number, deposition exhibit number, or by page of a deposition transcript, all materials relied upon by each Testifying Expert in forming his or her opinions and copies of all other documents, data, or other information relied upon by each Testifying Expert, including academic literature and other authorities relied upon; (c) documents sufficient to show the total amount of hours, fees and expenses billed by each Testifying Expert; (d) the qualifications of each Testifying Expert, including a list of all publications authored by the expert witness within the preceding 10 years; and (e) a listing of any case or proceeding in which the expert has testified as an expert at trial, hearing, or deposition within the preceding four years.

3. To the extent that a Testifying Expert is in the possession, custody, or control of copies of the Testifying Expert's reports and testimony (if any) in cases listed in response to subpart 2(e) above ("Prior Reports and Testimony"), such copies shall also be provided with the Testifying Expert's report if the Prior Reports and Testimony are not subject to a protective order or confidentiality order.

4. To the extent that any Testifying Expert's report relies on, includes or is based on, exhibits, information or data processed or modeled by computer at the direction of a Testifying Expert, machine readable copies of those exhibits, information and data (including all input and output files) along with the appropriate computer programs, instructions, and field descriptions shall be produced with the expert's report. All electronic data and data compilations shall be produced in the same form or format in which it was used for the expert's calculations, in working order with all links to other spreadsheets and/or underlying data. No party need produce computer software

STIPULATION REGARDING EXPERT DISCOVERY - C-01-0988-MJJ                      - 1 -

programs that are reasonably and readily commercially available (*e.g.*, Microsoft Word and Microsoft Excel).

5. The following categories of data, information, and documents need not be disclosed by any party, and pursuant to this Stipulation, are outside the scope of permissible discovery (including deposition questions):

   (a) Any notes or other writings taken or prepared by or for a Testifying Expert in connection with this matter including, but not limited to, correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff, other expert witnesses, non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness;

   (b) Draft reports, draft studies, draft affidavits, or draft work papers; preliminary or intermediate calculations, computations, or data; or other preliminary, intermediate or draft materials prepared by, for or at the direction of a Testifying Expert; and

   (c) Any oral or written communication between a Testifying Expert and the Testifying Expert's assistants and/or clerical or support staff, other expert witnesses, non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness.

6. In addition to the limitations on discovery set forth in paragraph 5, above, the parties agree that other data or information that may have been considered by a Testifying Expert but was not relied on by the Testifying Expert in forming her or his opinions need not be disclosed or produced. Nothing in this Stipulation, however, shall be construed to prevent deposition questions relating to the substance of the Testifying Expert's opinions (including alternative theories, methodologies, variables, or assumptions that the expert may or may not have considered in formulating her or his opinions or in preparing her or his report).

7. This Stipulation shall not be construed to preclude reasonable questions at deposition concerning a Testifying Expert's compensation, hours the Testifying Expert expended in preparing his or her report and testimony, and frequency and duration of meetings with counsel regarding his or her report.

8. This Stipulation may be executed in counterparts, and will be effective when executed by both parties.

DATED: February 6, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MONIQUE C. WINKLER
ELI R. GREENSTEIN

*/s/ Shawn A. Williams*
SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
STACEY M. KAPLAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

DATED: February 6, 2007

LATHAM & WATKINS LLP
PATRICK E. GIBBS

*/s/ Patrick E. Gibbs/spjc*
PATRICK E. GIBBS

140 Scott Drive
Menlo Park, CA 94025
Telephone: 650/328-4600
650/463-2600 (fax)

STIPULATION REGARDING EXPERT DISCOVERY - C-01-0988-MJJ                    - 3 -

1
2   LATHAM & WATKINS LLP
    Peter A. Wald
3   Michele F. Kyrouz
    505 Montgomery Street, Suite 2000
4   San Francisco, CA 94111
    Telephone: 415/391-0600
5   415/395-8095 (fax)

6   Attorneys for Defendants

7   F:\Cases\SF\Oracle3\STP00038491.doc

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION REGARDING EXPERT DISCOVERY - C-01-0988-MJJ                          - 4 -