

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

# FACSIMILE

|  |  | **Fax No.** | **Telephone No.** |
|---|---|---|---|
| **To:** | Brian T. Glennon<br>LATHAM & WATKINS | 213-891-8763 |  |
| **cc:** | Patrick Gibbs<br>LATHAM & WATKINS | 650-463-2600 |  |

| **From:** | Eli Greenstein | **Date:** | August 27, 2007 |
|---|---|---|---|
| **Case Code:** | 201064-00001 | **Time:** |  |
| **Subject:** | *In re Oracle Corp.* |  |  |

**Message/Document(s) faxed:**

Letter attached

**Please call fax operator at 619-231-1058 if all pages are not received.**

ORIGINAL DOCUMENTS:  Will follow by ☐ mail  ☐ courier – OR – ☒ Will not follow unless requested.

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**Number of pages being transmitted including the cover page: __3___**

FAX OPERATOR:  Return originals to:  Christine Stankus                Ext:    3810

I:\ChristineStankus\Faxes\Blank fax.doc



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Eli R. Greenstein
EliG@Lerachlaw.com

August 27, 2007

VIA FACSIMILE

Brian T. Glennon, Esq.
LATHAM & WATKINS LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071-2007
213/891-8763

    Re:    *In re Oracle Corporation Sec. Litig.*
           Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Brian:

    I write in response to your August 14, 2007 letter regarding Plaintiffs' Motion to Exclude the Testimony of Defendants' Accounting Expert J. Duross O'Bryan ("Motion to Exclude"). Your letter conditionally offers to produce the "binder" and supporting materials that Mr. O'Bryan relied upon in forming his expert opinions. Defendants' offer is unreasonable and untimely. As you know, the parties' joint stipulation concerning expert discovery requires that each expert submit a complete report pursuant to Fed.R.Civ.P. 26(a)(2) and produce "*copies of all other documents, data, or other information relied upon by each Testifying Expert.*" Stipulation at ¶2. As set forth in plaintiffs' Motion to Exclude, defendants and Mr. O'Bryan violated the stipulation and Fed. R. Civ. P. 26(a)(2) by refusing to produce numerous documents, data and other information that Mr. O'Bryan expressly admitted to "relying upon" during his deposition. Plaintiffs requested that information formally and repeatedly on the record during the deposition, and defendants formally and repeatedly refused to allow Mr. O'Bryan to produce the information – despite his apparent willingness to do so.

    The whole purpose of expert disclosure requirements is to provide the opposing party and their experts with a full, transparent and complete record of the information relied upon by the expert *prior to* the exchange of rebuttal reports and *prior to* deposing the opposing expert. This requirement is enshrined in Rule 26(a)(2) and the parties' stipulation. Your offer to produce the documents three months *after* the Court's production deadline, one month *after* expert discovery closed, and one month *after* Mr. O'Bryan's deposition, does not and cannot remedy the prejudice that has already occurred.

    Their are numerous additional reasons why Mr. O'Bryan's testimony is improper under Fed. R.Civ.P. 26(a)(2), and F.R.E. 702 and 703. *See* Motion to Exclude at 8-25. Plaintiffs intend



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

Brian T. Glennon, Esq.
August 27, 2007
Page 2

to present this motion on September 26, 2007, irrespective of whether defendants belatedly produce the information they were required to produce three months ago.[1]

Very truly yours,

Eli R. Greenstein

ERG:mog

cc: Patrick Gibbs, Esq.

T:\CasesSF\Oracle3\Corres\glennon 082407.doc

---

[1] Your attempt to compare Mr. Regan's binders that he used in deposition with the binders used by Mr. O'Bryan in his deposition is meritless. Mr. Regan's binders simply consisted of his expert reports and the exhibits expressly cited in the reports. Defendants already have all of the documents relied upon by Mr. Regan, cited by Bates number, in the footnotes of the reports. Plaintiffs are more than willing to assemble these documents and put them in a binder for defendants. Mr. O'Bryan relied on nothing more than the information cited in his report. Mr. O'Bryan's binders, on the other hand, contained information and documents relied upon but not produced, referenced or even explained in his reports. Indeed, many pages of Mr. O'Bryan's report have no citations to evidence at all, yet during his deposition he admitted that he "relied upon" documents and information not produced to plaintiffs to form his opinions. See May 25, 2007 Report at 33-34. This information should have been produced months ago.