```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                        -oOo-
 4   IN RE
                                        CERTIFIED COPY
 5   ORACLE CORPORATION
     SECURITIES LITIGATION
 6                                   MASTER FILE NO.
                                     C-01-0988-MJJ
 7
     This Document Relates To:
 8
          ALL ACTIONS
 9
     _____/
10
11
12                        -oOo-
13       TRANSCRIPT OF TELEPHONIC PROCEEDINGS
14     BEFORE THE HONORABLE EDWARD A. INFANTE
15                  JUNE 30, 2006
16                        -oOo-
17
             SHEILA CHASE & ASSOCIATES
18                 REPORTING FOR:
               LiveNote World Service
19           221 Main Street, Suite 1259
              San Francisco, CA 94105
20          Telephone: (415) 321-2300
                Fax: (415) 321-2301
21
                          -oOo-
22
23
     Reported by:
24   KELLIE A. ZOLLARS, CSR, RPR, CRR
     CSR License No. 5735
25
```

1    a third party in this case.  Not withstanding that

2    objection, it's my position that a party has standing to

3    ask the Court to determine if the discovery falls within

4    the bounds of the judge's prior order.  And the authority

5    that I cite for that is Supreme Book Lenders v.

6    Northwestern, which is a Northern District case in 1988.

7            Thank you, your Honor.

8        MS. ANDERSON:  Your Honor, if I may just respond.

9    This is Jennie Anderson.

10       JUDGE INFANTE:  Go ahead.

11       MS. ANDERSON:  I'll just say that the questioning

12   falls squarely within the relevance of this case and

13   squarely within discovery plan and was in the complaint.

14   These questions go to the heart of why HP made these

15   purchases, why they made the purchases in the face of

16   severe product problems, products that didn't work; and it

17   also goes to the question of revenue recognition and

18   whether Oracle overstated its second quarter '01 numbers.

19           Furthermore, while both HP and defendants say --

20   contend that they did not instruct the witness not to

21   answer the question, I indicated I was willing to go

22   forward with the deposition with their objections on the

23   record; and I was not allowed to proceed with the

24   questioning as I saw fit.  Instead both counsel for HP and

25   Oracle insisted that we get you on the phone.

1    JUDGE INFANTE:  Well, that's fine.  The proper
2  procedure is to -- under 30(d) is to get the judge on the
3  phone rather than instruct the witness not to answer.  So
4  they didn't have any basis for instructing the witness not
5  to answer, but they certainly had the right under 30(d) to
6  make a motion to terminate or limit the deposition.  So the
7  process and the procedure is appropriate.
8         Of course, I don't know exactly what questions
9  were asked to the witness.  I do know what the amended
10 discovery plan order is, and we've been over it before.
11 And the Court -- when I say "the Court," I'm referring to
12 Judge Spero's earlier orders -- drew some lines.  And
13 Judge Spero did not want the plaintiffs to engage in
14 discovery which was not pled in the complaint.  In his own
15 words he said, "I won't allow you to go into a fishing
16 expedition with respect to accounting issues."  He
17 basically limited the accounting issues in period of time
18 to a particular quarter and also the debit memo issues in
19 the case.
20        So the motion to limit the scope of the
21 deposition is appropriate.  However, I can't rule on
22 specific questions that have been asked because I don't
23 know what those questions are.
24        If you're looking for evidence for a theory of
25 whether or not revenue should have been recognized through

1   a barter transaction that was a sham, that's not pled in
2   the complaint.
3        MS. ANDERSON:  Judge --
4        JUDGE INFANTE:  And that would be beyond the scope of
5   the amended discovery plan.  So that's probably the only
6   comment I can make at this time to help you.
7        MS. ANDERSON:  Well, Judge Infante, I'll say this.  I
8   mean, I believe that the reasons behind HP's purchase of
9   software and when that software purchase was, in fact,
10  complete and available for recognition as revenue is very
11  relevant and squarely within the discovery plan.  If they
12  purchased a product that was, in fact, not working for a
13  reason other than, you know, to gain full use of that
14  product, that's relevant.
15       JUDGE INFANTE:  That would be marginally relevant.  It
16  certainly would be inappropriate to make rulings on
17  relevancy like that.  I mean, we're not dealing in trade
18  secret information, we're not dealing in -- so at a
19  deposition, counsel is not expected to be -- to achieve
20  perfection with respect to relevancy issues.  It's highly
21  unusual that a Court would be bothered with respect to
22  relevancy issues in a deposition.  There's really no
23  prejudice other than the deposition goes a few minutes
24  longer.
25            So, you know, I don't wish to make precise

```
 1  STATE OF CALIFORNIA )
 2  COUNTY OF SAN MATEO )
 3          I hereby certify that the foregoing proceedings in
 4  the within-entitled cause were taken at the time and place
 5  herein named; that it is a true record of the proceedings
 6  as reported by me, a duly certified shorthand reporter and
 7  a disinterested person, and was thereafter transcribed into
 8  typewriting by computer.
 9          I further certify that I am not interested in the
10  outcome of the said action, nor connected with, nor related
11  to any of the parties in said action, nor to their
12  respective counsel.
13          IN WITNESS WHEREOF, I have hereunto set my hand
14  this 3rd day of July, 2006.
15
16
17          _____
18              KELLIE A. ZOLLARS, CSR
19               STATE OF CALIFORNIA
20
21
22
23
24
25
                                                        22
```