1  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  MARK SOLOMON (151949)
   DOUGLAS R. BRITTON (188769)
3  VALERIE L. McLAUGHLIN (191916)
   GAVIN M. BOWIE (235532)
4  STACEY M. KAPLAN (241989)
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   marks@lerachlaw.com
7  dougb@lerachlaw.com
   valeriem@lerachlaw.com
8  gbowie@lerachlaw.com
       – and –
9  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
10 MONIQUE C. WINKLER (213031)
   ELI R. GREENSTEIN (217945)
11 100 Pine Street, Suite 2600
   San Francisco, CA 94111
12 Telephone: 415/288-4545
   415/288-4534 (fax)
13 shawnw@lerachlaw.com
   willowr@lerachlaw.com
14 elig@lerachlaw.com
   jenniea@lerachlaw.com
15 moniquew@lerachlaw.com

16 Lead Counsel for Plaintiffs

17                 UNITED STATES DISTRICT COURT
18                NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To: | STIPULATION REGARDING EXPERT DISCOVERY |
| ALL ACTIONS. | |

1     IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action,
2  through their undersigned counsel of record, as follows:
3     1.   The purpose of this Stipulation is to modify the provisions of Fed. R. Civ. P.
4  26(a)(2)(B) with respect to required disclosures relating to persons retained to provide expert
5  testimony ("Testifying Experts") and to limit the scope of discoverable information relating to
6  Testifying Experts and experts' opinions.
7     2.   Consistent with Fed. R. Civ. P. 26(a)(2)(B), except as modified or limited by this
8  Stipulation, the parties will serve on the dates established by the Court: (a) the report of any and each
9  Testifying Expert; (b) a list that identifies, either by Bates number, deposition exhibit number, or by
10 page of a deposition transcript, all materials relied upon by each Testifying Expert in forming his or
11 her opinions and copies of all other documents, data, or other information relied upon by each
12 Testifying Expert, including academic literature and other authorities relied upon; (c) documents
13 sufficient to show the total amount of hours, fees and expenses billed by each Testifying Expert; (d)
14 the qualifications of each Testifying Expert, including a list of all publications authored by the expert
15 witness within the preceding 10 years; and (e) a listing of any case or proceeding in which the expert
16 has testified as an expert at trial, hearing, or deposition within the preceding four years.
17    3.   To the extent that a Testifying Expert is in the possession, custody, or control of
18 copies of the Testifying Expert's reports and testimony (if any) in cases listed in response to subpart
19 2(e) above ("Prior Reports and Testimony"), such copies shall also be provided with the Testifying
20 Expert's report if the Prior Reports and Testimony are not subject to a protective order or
21 confidentiality order.
22    4.   To the extent that any Testifying Expert's report relies on, includes or is based on,
23 exhibits, information or data processed or modeled by computer at the direction of a Testifying
24 Expert, machine readable copies of those exhibits, information and data (including all input and
25 output files) along with the appropriate computer programs, instructions, and field descriptions shall
26 be produced with the expert's report. All electronic data and data compilations shall be produced in
27 the same form or format in which it was used for the expert's calculations, in working order with all
28 links to other spreadsheets and/or underlying data. No party need produce computer software

STIPULATION REGARDING EXPERT DISCOVERY - C-01-0988-MJJ                              - 1 -

1  programs that are reasonably and readily commercially available (*e.g.*, Microsoft Word and
2  Microsoft Excel).

3      5.    The following categories of data, information, and documents need not be disclosed
4  by any party, and pursuant to this Stipulation, are outside the scope of permissible discovery
5  (including deposition questions):

6      (a)    Any notes or other writings taken or prepared by or for a Testifying Expert in
7  connection with this matter including, but not limited to, correspondence or memos to or from, and
8  notes of conversations with, the expert's assistants and/or clerical or support staff, other expert
9  witnesses, non-testifying expert consultants, or attorneys for the party offering the testimony of such
10 expert witness;

11     (b)    Draft reports, draft studies, draft affidavits, or draft work papers; preliminary
12 or intermediate calculations, computations, or data; or other preliminary, intermediate or draft
13 materials prepared by, for or at the direction of a Testifying Expert; and

14     (c)    Any oral or written communication between a Testifying Expert and the
15 Testifying Expert's assistants and/or clerical or support staff, other expert witnesses, non-testifying
16 expert consultants, or attorneys for the party offering the testimony of such expert witness.

17     6.    In addition to the limitations on discovery set forth in paragraph 5, above, the parties
18 agree that other data or information that may have been considered by a Testifying Expert but was
19 not relied on by the Testifying Expert in forming her or his opinions need not be disclosed or
20 produced. Nothing in this Stipulation, however, shall be construed to prevent deposition questions
21 relating to the substance of the Testifying Expert's opinions (including alternative theories,
22 methodologies, variables, or assumptions that the expert may or may not have considered in
23 formulating her or his opinions or in preparing her or his report).

24     7.    This Stipulation shall not be construed to preclude reasonable questions at deposition
25 concerning a Testifying Expert's compensation, hours the Testifying Expert expended in preparing
26 his or her report and testimony, and frequency and duration of meetings with counsel regarding his
27 or her report.

28

STIPULATION REGARDING EXPERT DISCOVERY - C-01-0988-MJJ     - 2 -

1   8. This Stipulation may be executed in counterparts, and will be effective when executed
2   by both parties.

3   DATED: February 6, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MONIQUE C. WINKLER
ELI R. GREENSTEIN

*/s/ Shawn A. Williams*
SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
STACEY M. KAPLAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

DATED: February 6, 2007

LATHAM & WATKINS LLP
PATRICK E. GIBBS

*/s/ Patrick E. Gibbs/SPJC*
PATRICK E. GIBBS

140 Scott Drive
Menlo Park, CA 94025
Telephone: 650/328-4600
650/463-2600 (fax)

STIPULATION REGARDING EXPERT DISCOVERY - C-01-0988-MJJ                                              - 3 -

1
2   LATHAM & WATKINS LLP
    Peter A. Wald
3   Michele F. Kyrouz
    505 Montgomery Street, Suite 2000
4   San Francisco, CA 94111
    Telephone: 415/391-0600
5   415/395-8095 (fax)

6   Attorneys for Defendants

7   F:\Cases\SF\Oracle3\STP00038491.doc

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION REGARDING EXPERT DISCOVERY - C-01-0988-MJJ                                         - 4 -