IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**Certified Copy**

In re ORACLE CORPORATION

SECURITIES LITIGATION.

　　　　　　　　　Master File No. C-01-0988-MJJ

This Document Relates To:


　　　ALL ACTIONS.
_____/


---oOo---

CONFIDENTIAL

VIDEOTAPED DEPOSITION OF JENNIFER MINTON

Volume 2

Monday, September 25, 2006

---oOo---

SHEILA CHASE & ASSOCIATES
REPORTING FOR:
LiveNote World Service
221 Main Street, Suite 1250
San Francisco, California 94105
Phone: (415) 321-2300
Fax: (415) 321-2301


Reported by:
RACHEL FERRIER, CSR
CSR No. 6948

|    |    |
|----|----|
| 1  | Watkins on behalf of the witness and defendant. |
| 2  | MS. KYROUZ: Michele Kyrouz of Latham & |
| 3  | Watkins on behalf of the defendant. |
| 4  | MR. MAROULIS: James Maroulis of Oracle |
| 5  | Corporation for Defendant Oracle Corporation. |
| 6  | MR. BRITTON: Okay. |
| 7  | THE VIDEOGRAPHER: Would the Court Reporter |
| 8  | please swear in the witness. |
| 9  | JENNIFER MINTON, |
| 10 | having been duly resworn, testified further as |
| 11 | follows: |
| 12 | THE VIDEOGRAPHER: Please begin. |
| 13 | EXAMINATION |
| 14 | BY MR. BRITTON: |
| 15 | Q    Good afternoon, Ms. Minton. Thank you for |
| 16 | coming back. |
| 17 | We've arranged, your counsel and I, to |
| 18 | exchange some documents that have wrong dates, and |
| 19 | I'll go through that as we go through the deposition. |
| 20 | The question I have is whether the reports |
| 21 | that are supposed to be produced pursuant to |
| 22 | Judge Infante's order going back to 1999 are here |
| 23 | today? |
| 24 | MS. KYROUZ: No. |
| 25 | MR. BRITTON: No -- |

| | |
|---|---|
| 1 | MS. KYROUZ: You mean the sales forecasts |
| 2 | that go back to '99? No. We will have those on |
| 3 | Friday. |
| 4 | MR. BRITTON: Okay. So given that there |
| 5 | may be some issues that we may have to cover with |
| 6 | Ms. Minton in a subsequent deposition, since they are |
| 7 | not here -- so you are going to take your position; |
| 8 | we will take ours -- but depending upon what those |
| 9 | documents mean, we will reserve our rights and |
| 10 | proceed accordingly. |
| 11 | MR. WALD: Fair enough. Let's agree that |
| 12 | we will reserve our rights without agreeing with what |
| 13 | you say. |
| 14 | MR. BRITTON: Sure. |
| 15 | MR. WALD: Doug, as I mentioned to you |
| 16 | right at the beginning, the witness would like to |
| 17 | clarify two points that she testified about |
| 18 | previously. |
| 19 | MR. BRITTON: Certainly. Why don't you do |
| 20 | that. |
| 21 | THE WITNESS: Well, while I was thinking |
| 22 | about my testimony in recent days, I recalled that |
| 23 | there was a question that was asked of me about |
| 24 | whether or not I knew about the investigation that |
| 25 | the company undertook once we had some complaints |

1   filed about accounting allegations. I just want to
2   clarify what I did know.
3           I knew that there was an investigation
4   going on. I knew that -- but I was not involved in
5   the actual underlying investigation itself.
6           In addition, I believe -- not believe, but
7   I know that after -- thinking about it, that I did
8   become aware of the results of the investigation
9   outside of attorney-client privileged communications.
10          And to further that point, I did, in fact,
11  have conversations with both -- with Tom Williams;
12  that I can't recall specifically anyone else that
13  evaluated the -- that discussed the financial results
14  of that investigation, and we did an evaluation of
15  those results to determine if there was a material
16  impact on our fiscal 2001 financial statements.
17          And we had concluded that we had not --
18  that there was not a material impact on those
19  financial statements, so I needed to clarify that
20  aspect of my testimony.
21          MR. WALD: And just so the record is clear,
22  I believe the witness testified previously that she
23  did know the results but through privileged
24  communications, so this is a further elaboration of
25  that point.

```
 1   BY MR. BRITTON:
 2       Q    When did you become aware of the results of
 3   the investigation?
 4       A    I don't recall exactly when, but it would
 5   have been after the investigation had been, for the
 6   most part, concluded, and the investigation did not
 7   even begin until after the allegations were actually
 8   made, which I believe were sometime in October of
 9   2002.
10       Q    How long after the investigation was
11   concluded did you become aware of the results?
12       A    Again, I do not recall how long it took for
13   the investigation to take place, but prior to
14   confer -- conveying the results of that investigation
15   to our audit committee meeting, which was done in an
16   attorney-privileged session, I had been made aware of
17   the financial results of it and whatnot, as I
18   previously testified.
19       Q    So you were made aware of the results of
20   the investigation at the audit committee meeting?
21       A    I was made aware at the audit committee
22   meeting.
23       Q    Okay.  Did you know before the audit
24   committee meeting?
25       A    I do -- I cannot recall the timing of when
```

```
 1              CERTIFICATE OF DEPOSITION OFFICER
 2         I, RACHEL FERRIER, CSR, CSR No. 6948, duly
 3   authorized to administer oaths pursuant to Section
 4   8211 of the California Code of Civil Procedure,
 5   hereby certify that the witness in the foregoing
 6   deposition was by me sworn to testify to the truth,
 7   the whole truth and nothing but the truth in the
 8   within-entitled cause; that said deposition was taken
 9   at the time and place therein stated; that the
10   testimony of said witness was reported by me and was
11   thereafter transcribed by me or under my direction by
12   means of computer-aided transcription; that the
13   foregoing is a full, complete and true record of said
14   testimony; and that the witness was given an
15   opportunity to read and correct said deposition and
16   to subscribe same.
17         I further certify that I am not of counsel or
18   attorney for either or any of the parties in the
19   foregoing deposition and caption named, nor in any
20   way interested in the outcome of the cause named in
21   said caption.
22         IN WITNESS WHEREOF, I have hereunto subscribed
23   by my hand this 5th day of October, 2006.
24   _____
25          RACHEL FERRIER, CSR No. 6948
```

LIVENOTE /WORLD SERVICE

**ERRATA Sheet**

CASE: *In re Oracle Securities Litigation*
Master File No. C-01-0988MJJ
DEPOSITION OF: Jennifer Minton
DATE: September 25, 2006
REPORTER: Rachel Ferrier, CSR No. 6948

I wish to make the following changes for the following reasons:

| Page | Line | Change | Reason |
|---|---|---|---|
| 295 | 3 | "Are the dates of the upside reports" to "They are the dates of the upside reports" | Typographical Error |
| 298 | 1 | "through American -- " to "through" | Typographical Error |
| 301 | 2 | "to his forecast" to "to the OSI forecast" | Typographical Error |
| 301 | 24 | "OSI down -- from" to "OSI down from" | Typographical Error |
| 306 | 10 | "Did it impact it; was it" to "Was it" | Typographical Error |
| 309 | 9 | "were based on" to "was based on" | Typographical Error |
| 316 | 6 | "fiscal '01 and actual" to "fiscal '01 in actual" | Typographical Error |
| 318 | 6 | "that the reality is the" to "the reality is that the" | Typographical Error |
| 357 | 2 | "that's -- discusses," to "that discusses," | Typographical Error |

I certify that my foregoing testimony is true and correct, with the exception of the corrections listed above.

Dated:

Signature: *[signature]*

Print Name: Jennifer Minton

Minton, Jennifer
page 362

```
 1                    CERTIFICATE OF WITNESS
 2
 3           I, the undersigned, declare under penalty of
 4   perjury that I have read the foregoing transcript,
 5   and I have made any corrections, additions, or
 6   deletions that I was desirous of making; that the
 7   foregoing is a true and correct transcript of my
 8   testimony contained therein.
 9
10   EXECUTED this      3       day of    November
11   20 06, at   Redwood City   ,   CA            .
                   (City)              (State)
12
13
14
                    _____
15                          JENNIFER MINTON
16
17
18
19
20
21
22
23
24
25
```

page 362

LIVENOTE /WORLD SERVICE

## ERRATA Sheet

| | |
|---|---|
| CASE: | *In re Oracle Securities Litigation* |
| | Master File No. C-01-0988MJJ |
| DEPOSITION OF: | Jennifer Minton |
| DATE: | September 25, 2006 |
| REPORTER: | Rachel Ferrier, CSR No. 6948 |

I wish to make the following changes for the following reasons:

**Page   Line   Change                                                               Reason**

342   22         From 112 to '1/12          typo

318   25         from "that" to "but"       typo

| Page | Line | Change | Reason |
|------|------|--------|--------|
|      |      |        |        |

I certify that my foregoing testimony is true and correct, with the exception of the corrections listed above.

Dated:

Signature: _____

Print Name:   Jennifer Minton