| | |
|---|---|
| 1 | COUGHLIN STOIA GELLER <br>  RUDMAN & ROBBINS LLP |
| 2 | MARK SOLOMON (151949) <br> DOUGLAS R. BRITTON (188769) |
| 3 | STACEY M. KAPLAN (241989) <br> 655 West Broadway, Suite 1900 |
| 4 | San Diego, CA  92101 <br> Telephone:  619/231-1058 |
| 5 | 619/231-7423 (fax) <br> marks@csgrr.com |
| 6 | dougb@csgrr.com <br> skaplan@csgrr.com |
| 7 |   – and – <br> SHAWN A. WILLIAMS (213113) |
| 8 | WILLOW E. RADCLIFFE (200087) <br> MONIQUE C. WINKLER (213031) |
| 9 | ELI R. GREENSTEIN (217945) <br> DANIEL J. PFEFFERBAUM (248631) |
| 10 | 100 Pine Street, Suite 2600 <br> San Francisco, CA  94111 |
| 11 | Telephone:  415/288-4545 <br> 415/288-4534 (fax) |
| 12 | shawnw@csgrr.com <br> willowr@csgrr.com |
| 13 | moniquew@csgrr.com <br> elig@csgrr.com |
| 14 | dpfefferbaum@csgrr.com |
| 15 | Lead Counsel for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' REQUEST FOR PROTECTIVE SEAL OVER THE PERSONAL INFORMATION OF CERTAIN INDIVIDUAL PLAINTIFFS AND CONFIDENTIAL WITNESSES |
| | DATE:         October 26, 2007 <br> TIME:          10:00 a.m. <br> COURTROOM:  Hon. Martin J. Jenkins |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT..................................................................................................................1

    A.    Legal Standard ....................................................................................................1

    B.    "Compelling Reasons" Exist for the Redaction of the Account Information and Home Addresses of the Individual Plaintiffs and CWs ....................................2

III. CONCLUSION................................................................................................................5

1  TO:  ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2  PLEASE TAKE NOTICE that on October 26, 2007 at 10:00 a.m., in the courtroom of the Honorable Martin J. Jenkins, plaintiffs will and hereby do move this Court for an order of protective seal allowing for the redaction of certain personal information of individual plaintiffs and confidential witnesses.  This motion is made pursuant to Federal Rule of Civil Procedure 26(c) and Northern District of California Civil Local Rule 79-5 on the grounds that compelling reasons exist for the redaction of this information in order to protect these individuals' privacy interests.  This motion is based upon this notice, the following memorandum of points and authorities, the pleadings and records on file herein, and such further evidence and argument as may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs move for protective seal of certain private information, including home addresses and personal account information, of the individual plaintiffs and confidential witnesses ("CWs").  Because public disclosure of such confidential information could expose these individuals to undue harm, including harassment and identity theft, there are "compelling reasons" to keep such information under seal notwithstanding their submission in the record in support of dispositive motions.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006).  Pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 79-5, the Court may enter an order to restrict the disclosure of documents containing such sensitive information.  Nevertheless, plaintiffs recognize the public's legitimate interest in having access to court records and therefore move for a narrow order allowing plaintiffs to simply redact portions of these documents that contain sensitive information, while leaving other meaningful information in the public record.

**II.   ARGUMENT**

  **A.   Legal Standard**

The public has a general right to inspect and copy judicial records and documents.  *Kamakana*, 447 F.3d at 1178.  The Ninth Circuit has held that "[t]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."  *Id.* at 1179.  To overcome this presumption, the party seeking to seal a

document attached to a dispositive motion must articulate "compelling reasons" for the seal, supported by specific facts for each document. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *accord Valley Broad. Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). However, embarrassment, incrimination, or exposure to further litigation will not, without more, provide a compelling reason for the court to seal its records. *Id.*

### B. "Compelling Reasons" Exist for the Redaction of the Account Information and Home Addresses of the Individual Plaintiffs and CWs

The record in this case contains private information, some of which has previously been designated by plaintiffs as confidential and submitted to the Court as part of, or substantially connected to, dispositive motions, subject to the compelling reasons standard. This information includes bank account and investment information of certain individual plaintiffs and home addresses of individual plaintiffs and CWs. The Parties and Non-Parties Submission of Documents Subject to Requests for Protective Seal Pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 79-5 ("Seal Request"), filed concurrently herewith, §§I.A.-D.

The Ninth Circuit has specifically found that compelling reasons exist to keep personal information confidential in order to protect an individual's privacy interests and to prevent exposure to harm or identity theft. *See Foltz*, 331 F.3d at 1137 (ordering the redaction of identifying information, including names, home addresses, telephone numbers, and Social Security numbers); *Kamakana*, 447 F.3d at 1184 (ordering the redaction of home addresses and Social Security numbers). Here, plaintiffs seek protection for the same type of "sensitive" private information that courts have found satisfy the compelling reasons standard.[1] Further, where, like here, the amount of

---

[1] *See also Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 310 (N.D. Cal. 2005) (holding that redaction of patient names was required to protect the patients' privacy interests); *United States ex rel. Lockyer v. Hawaii Pac. Health*, No. 04-00596 ACK-LE, 2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007) (holding that redaction of sensitive personnel information consisting of estimated salary

sensitive information is small, courts have found that "[s]imply redacting the identifying information . . . from [the] records and disclosing the remaining information" is adequate to protect the privacy interests of individuals. *Foltz*, 331 F.3d at 1137; *see also Dreiling v. Jain*, 93 P.2d 861, 871 (D. Wash. 2004).

Plaintiffs have a compelling reason to redact the home addresses of the three individual plaintiffs and four CWs at issue in order to protect these individuals from harm and undue harassment or retaliation for their involvement in the case. Protection of privacy interests is particularly important in the context of CWs, who can be especially susceptible to retaliation and harassment due to their unique and important role in a case. The Court and the parties recognized this unique vulnerability and agreed to the entry of the March 10, 2005 Amended Order Setting a Discovery Plan, which ordered that the identities of the CWs not be used for any purpose other than this litigation and that their role not be disclosed to anyone other than defendants' counsel. *See* Judge Spero's Amended Order Setting a Discovery Plan, March 10, 2005, at 9 (Docket No. 246). Although the only way to fully prevent such retaliation or undue harassment is to maintain the sealed status of all identifying information submitted as part of the record on dispositive motions, plaintiffs appreciate the public's right to inspect and copy judicial records and, accordingly, request only that the home addresses of the four CWs which appear in documents attached to dispositive motions remain confidential. *See* Seal Request §§I.A., C., D. Protection of the CWs' privacy interests, especially in light of their heightened susceptibility, is a sufficiently "compelling reason" to redact the CWs' home addresses from the public record. *Kamakana*, 447 F.3d at 1184. Similarly, disclosure of the home addresses of the individual plaintiffs "could expose the [individuals] and their families to harm." *Id.* This exposure is a "compelling reason" to redact the home addresses of the individual plaintiffs. *Id.* The Court should therefore order the redaction of the home addresses of

---

figures was appropriate to protect the party's privacy interests); *Bromgard v. Montana*, No. CV-05-32-BLG-RFC-CSO, 2007 WL 2710379, at *10 (D. Mont. Sept. 13, 2007) (ordering redaction of sensitive information, including names, Social Security numbers, telephone numbers, addresses, photographs and fingerprints, and medical and psychological information, in order to protect those individuals' privacy interests).

the CWs and individual plaintiffs, consistent with the Ninth Circuit's holdings in *Foltz* and *Kamakana*. *Foltz*, 331 F.3d at 1137; *Kamakana*, 447 F.3d at 1184.

Plaintiffs also have a compelling reason to redact the personal account information of the individual plaintiffs in order to protect them from financial harm and identity theft. *Id.* Several of the documents attached to plaintiffs' dispositive motions contain the individual plaintiffs' bank account numbers, account balances, investments in other securities, and gains and losses on other investments. *See* Seal Request §I.B. Public disclosure of this type of sensitive information could expose these individuals to harm or identity theft and provides a compelling reason to redact the information. *See Kamakana*, 447 F.3d at 1184; *Lockyer*, 2007 WL 128853, at *1 (ordering the redaction of a party's salary information in order to protect the party's privacy interests). Here, the public disclosure of both addresses and private account numbers poses an even higher risk of harm.[2] Moreover, such information, other than the individuals' investments in Oracle, is not relevant to the dispositive motions or any material issue in the case.

The Court should therefore issue an order allowing for the redaction of the private account and investment information of the individual plaintiffs, other than their Oracle investments.

In light of the above, plaintiffs request that the identified personal information be redacted from the following court documents:

- ***Docket Nos. 901 and 1053***, [Corrected] Appendix of Exhibits in Support of Plaintiffs' [Corrected] Motion for Partial Summary Judgment (in support of Docket Entry 1053), Ex. 111, Deposition Transcript of Michael Decesare, at 7:15-16. This exhibit contains the home address of Michael Decesare. Mr. Decesare's home address should be redacted from page 7, lines 15-16.

- ***Docket No. 854 Attachment #1***, Appendix of Exhibits in Support of Plaintiffs' Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Material Non-Public Information, Ex. 126, Morgan Stanley Online account statement of Dzung Uan Chu from Dec. 29, 2000 to Jan. 31, 2001, Bates Nos. MORSTAN 0096-0103. This exhibit contains the home address and personal account information of Dzung Uan Chu. Mr. Chu's home address should be redacted from Bates Nos. MORSTAN 0096, and his account information, including account

---

[2] The public disclosure of private account numbers and bank information could potentially expose individuals to an even higher risk of identity theft and financial harm than the disclosure of Social Security numbers, which were ordered to be redacted by the Ninth Circuit in *Foltz* and *Kamakana*. *See Foltz*, 331 F.3d at 1137; *Kamakana*, 447 F.3d at 1184.

numbers, account balances, investment activities other than in Oracle stock, gains and losses on other investments, and account type (such as margin accounts), should be redacted from Bates Nos. MORSTAN 0096-0103.

- ***Docket No. 854 Attachment #1***, Appendix of Exhibits in Support of Plaintiffs' Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Material Non-Public Information, Ex. 127, Baird Statement of Ryan E. Kuehmichel and Lynn A. Kuehmichel from Jan. 1, 2001 to Jan. 31, 2001, Bates Nos. BAIRD 0013-15. This exhibit contains the home address and personal account information of Ryan and Lynn Kuehmichel. Mr. and Mrs. Kuehmichel's home address should be redacted from Bates No. BAIRD 0015, and their account information, including account numbers, account balances, investment activities other than in Oracle stock, gains and losses on other investments, and account type (such as margin accounts), should be redacted from Bates No. BAIRD 0013-15.

- ***Docket No. 1026***, Appendix of Deposition Transcripts in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Ex. N, Deposition Transcript of Michael Decesare, at 7:15-16. This exhibit contains the home address of Michael Decesare. Mr. Decesare's home address should be redacted from page 7, lines 15-16.

- ***Docket No. 1026***, Appendix of Deposition Transcripts in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Ex. CC, Deposition Transcript of Peter Donnelly, at 6:19, 6:23. This exhibit contains the home address of Peter Donnelly. Mr. Donnelly's current home address should be redacted from page 6, line 19, and his previous home address should be redacted from page 6, line 23.

- ***Docket No. 1026***, Appendix of Deposition Transcripts in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Ex. DD, Deposition Transcript of Brian Adams, at 16:17. This exhibit contains the home address of Brian Adams. Mr. Adams' home address should be redacted from page 15, line 17.

- ***Docket No. 900***, Declaration of Monique C. Winkler in Support of Plaintiffs' Motion and Supplemental Submission Regarding Defendants' Destruction of Evidence and Request for Sanctions and Objections to Special Master's July 17, 2006 Order Denying Plaintiffs' Motion to Compel the Restoration of Backup Tapes and for Miscellaneous Relief for the Destruction of Evidence, Ex. 103, Deposition Transcript of Patricia Sullivan, at 6:12-13, 6:17-18. This exhibit contains the home address of Patricia Sullivan. Ms. Sullivan's current home address should be redacted from page 6, lines 12-13, and her previous home address should be redacted from page 6, lines 17-18.

## III.   CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant plaintiffs' motion to redact the home addresses of the CWs and the home addresses and account information of the individual plaintiffs.

DATED: October 9, 2007                                           Respectfully submitted,

                                                                  s/SHAWN A. WILLIAMS

PROTECTIVE SEAL MOT. RE PLTFS' & CWS' PERSONAL INFO - C-01-0988-MJJ                    - 5 -

|   |   |
|---|---|
| 1 |   |
| 2 | COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP |
| 3 | SHAWN A. WILLIAMS<br>WILLOW E. RADCLIFFE |
| 4 | MONIQUE C. WINKLER<br>ELI R. GREENSTEIN |
| 5 | DANIEL J. PFEFFERBAUM<br>100 Pine Street, Suite 2600 |
| 6 | San Francisco, CA  94111<br>Telephone:  415/288-4545 |
| 7 | 415/288-4534 (fax) |
| 8 | COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP |
| 9 | MARK SOLOMON<br>DOUGLAS R. BRITTON |
| 10 | STACEY M. KAPLAN<br>655 West Broadway, Suite 1900 |
| 11 | San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 12 | 619/231-7423 (fax) |
|   | Lead Counsel for Plaintiffs |

S:\CasesSD\Oracle3\brf00046162.doc

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2007.

    s/SHAWN A. WILLIAMS
SHAWN A. WILLIAMS

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

E-mail:shawnw@csgrr.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylaw.com
- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com
- **Doug Britton**
  dougb@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com
- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com
- **Stacey Marie Kaplan**
  SKaplan@csgrr.com
- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com
- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com
- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com
- **William S. Lerach**
  e_file_sd@lerachlaw.com
- **James C. Maroulis**
  jim.maroulis@oracle.com
- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com
- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com
- **Brian P Murray**
  bmurray@rabinlaw.com
- **Shinyung Oh**
  shinyungoh@paulhastings.com
- **Willow E. Radcliffe**
  willowr@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com
- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com
- **Monique C. Winkler**
  shawnw@csgrr.com,travisd@csgrr.com,e_file_sd@csgrr.com,E_File_SF@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Sanna Rachel Singer
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111
```