LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
        michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Phone: (213) 485-1234
Fax: (213) 891-8763
E-mail: jamie.wine@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: dorian.daley@oracle.com
        jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ (Consolidated) |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | **DEFENDANTS' MEMORANDUM REGARDING PLAINTIFFS' MOTION TO COMPEL TESTIMONY AND DETERMINE THE APPLICABILITY OF THE FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION** |
| | Date: May 1, 2007<br>Time: 9:30 a.m.<br>Judge: Martin J. Jenkins |

LATHAM & WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS' MEM. RE: PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

## I. INTRODUCTION

Although Defendants take no position on whether the instant motion should be granted or denied, Defendants submit this Memorandum to address three issues raised by Plaintiffs and by third-party Matthew Symonds ("Symonds"). First, Plaintiffs' opening and reply briefs contain a series of false statements about the conduct of Defendants and their counsel. Defendants feel compelled to correct the most egregious of these false statements. Second, Mr. Symonds' opposition brief suggests that his testimony is unnecessary here because the Court can draw an adverse inference against Defendants. *See* Symonds' Opp. to Plfs' Mot. to Compel at 20 n.23. While Defendants take no position on whether Mr. Symonds must testify, Defendants submit that drawing any adverse inference against Defendants would be inconsistent with Ninth Circuit precedent and fundamentally unfair. Finally, the record should be clear that Defendants reserve the right to question Mr. Symonds if he testifies.

## II. PLAINTIFFS HAVE MISREPRESENTED THE RECORD REGARDING THE CONDUCT OF DEFENDANTS AND THEIR COUNSEL.

Plaintiffs have littered the record here with a series of false and misleading accusations regarding Defendants and their counsel. Although Defendants will not burden the Court by rebutting every one of these statements, several require correction.

### A. Defendants Have Been Candid With The Court And Plaintiffs.

Plaintiffs repeatedly claim that Defendants have misled the Court or Plaintiffs' counsel regarding Mr. Ellison's communications with Mr. Symonds; Mr. Ellison's lack of "involvement" in whatever Mr. Symonds did with the computer on which he claims to have stored audio files and transcripts of his interviews with Mr. Ellison; and Mr. Ellison's lack of "personal knowledge" as to what Mr. Symonds did with the computer. *See* Mot. at 2, 19; Reply at 2, 13. Plaintiffs have mischaracterized what Defendants have said and what the evidence shows.

Despite claiming that Mr. Ellison was engaging in discussions with Symonds "while his lawyers were telling the Court he was not," (Reply at 2), Plaintiffs cite nothing to support this assertion. The reason Plaintiffs cite no evidence is because there is none.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS' MEM. RE: PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

Defendants have never represented to the Court that Mr. Ellison was not communicating with Mr. Symonds. Indeed, as discussed below, Plaintiffs have known for months – and have represented to Discovery Master Infante – that Mr. Ellison and Mr. Symonds *did have* discussions about the *Softwar* materials.

Regarding Mr. Ellison's alleged involvement in whatever Mr. Symonds did with the computer, Defendants have said, truthfully, that "Mr. Ellison was not involved personally in the circumstances surrounding [the unavailability of the *Softwar*-related materials]." *See* Ex. 1[1] (Defs' Opp. to Plfs' Feb. 20, 2007 Mot. for Add. Depo. Time) at 10. Defendants have also said, truthfully, that Mr. Ellison has no "personal knowledge about the events described by Mr. Symonds." *See* Ex. 2 (2/22/07 Letter from Gibbs to Solomon). Citing these two statements, and the fact that Mr. Ellison communicated with Mr. Symonds regarding the *Softwar* materials, Plaintiffs claim that Defendants made "inconsistent statements" to the Court and Plaintiffs' counsel regarding Mr. Ellison's "involvement" in these matters. *See* Mot. at 19. But the fact that Mr. Ellison has had conversations with Mr. Symonds about the *Softwar* materials is not "inconsistent" with either statement. Nothing in Mr. Ellison's testimony, and nothing in the record, suggests that Mr. Ellison was "involved personally" in whatever it was that Mr. Symonds did with his computer, let alone that Mr. Ellison has any "personal knowledge" of the events Mr.

Along the same lines, Plaintiffs' reply brief claims that "contrary to Defendants' previous representations to the Court that Ellison and defendants had 'no personal knowledge' of

---

[1] All "Ex. \_\_" references are to exhibits to the Declaration of Sean P.J. Coyle in support of Defendants' Memorandum, filed concurrently herewith.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS' MEM. RE: PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

1  the issues surrounding the Softwar Evidence," Ellison testified that "he had intimate personal
2  knowledge of the issues surrounding the Softwar Evidence." Reply at 14. Yet, Defendants
3  never said Mr. Ellison had no personal knowledge of "the *issues* surrounding the Softwar
4  Evidence." Defendants said that Mr. Ellison and the other Defendants had no "personal
5  knowledge of the *events* described by Mr. Symonds." *See* Ex. 2 (2/22/07 Letter from Gibbs to

### B. Mr. Ellison Did Not Have "Secret" Discussions with Matthew Symonds.

Plaintiffs wrongly assert that Mr. Ellison and Mr. Symonds engaged in "secret" communications about the *Softwar*-related materials. Mot. at 2; Reply at 1, 2. Since mid-January, Plaintiffs have known that Mr. Ellison communicated with Mr. Symonds about the

before Discovery Master Infante seeking even more deposition time with Mr. Ellison because Plaintiffs wished "to examine Ellison regarding his communications with Symonds . . . ." Ex. 5 (Plfs' Reply in Supp. of Feb. 20, 2007 Mot. for Add. Depo. Time) at 7. Thus, despite branding Ellison's communications with Symonds as "secret," Plaintiffs have known for months that Ellison and Symonds were speaking. Indeed, as discussed below, at Mr. Ellison's March 30, 2007, deposition, Plaintiffs obtained substantial testimony regarding these conversations.

### C. Mr. Ellison Testified in Detail About His Communications With Mr. Symonds.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS' MEM. RE: PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

Clearly, Plaintiffs have had a full and fair opportunity to question Mr. Ellison regarding his conversations with Mr. Symonds. Indeed, there are more than 40 of pages in Mr. Ellison's deposition transcript regarding this issue. *See id.* at 571-82; 586; 642-49; 651-57; 661-62; 664-66; 685-92; 729-33. With this brief, Defendants are submitting the entire transcript from Mr. Ellison's deposition, so that the Court may – if Your Honor wishes – see just how fully Mr. Ellison testified.

The deposition transcript not only shows that Mr. Ellison answered numerous questions about Mr. Symonds and the *Softwar* materials, but it also shows that Plaintiffs' counsel wasted substantial time on questions designed to harass Mr. Ellison. For example:

[Mr. Solomon:] Is there a swimming pool on your boat?

[The Witness]: No. . . .

[Mr. Solomon]: Okay. That's a lot of money to pay for a boat without a swimming pool, isn't it?

(Ex. 3 [3/30/07 Ellison Depo. Tr.] at 737:13-15, 20-22).

* * * * *

[Mr. Solomon]: Have you ever likened yourself to Icarus?

[The Witness]: No.

[Mr. Solomon]: Don't you think that's more appropriate in the context of this litigation?

*Id.* at 712:7-10.

* * * * *

Mr. Solomon also inquired whether Mr. Ellison had a "platonic" relationship with Oracle President and CFO Safra Catz (*id.* at 716:4-16) and whether Mr. Ellison would "be willing to submit to a lie detector test." (*Id.* at 634:11-12). In light of this sad lack of professionalism, it is little wonder that Plaintiffs' counsel says virtually nothing about what actually transpired at Mr. Ellison's deposition.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS' MEM. RE: PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

## III. THERE IS NO BASIS FOR AN ADVERSE INFERENCE AGAINST DEFENDANTS.

Mr. Symonds argues that his refusal to testify will not leave the finder of fact with a distorted version of events regarding the *Softwar* evidence because Plaintiffs can seek "adverse inferences based upon the alleged destruction of evidence." Symonds Opp. to Plfs' Mot. to Compel at 23 n.20. Yet, there is absolutely no basis for an adverse inference against Defendants based on Mr. Symonds' invocation of the Fifth Amendment.

The Ninth Circuit has held that in order to draw an adverse inference from *a party's* invocation of the Fifth Amendment, there must be some *independent* evidence to support the inference. *See Doe by & Through Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). This rule necessarily applies with even greater force in the context of a refusal to testify by a nonparty, like Symonds, as there is even less basis for an inference in the first place. *See, e.g., Kontos v. Kontos*, 968 F. Supp. 400, 409 (D. Ind. 1997). Here, not only is there no evidence that Defendants were involved in the destruction of any *Softwar* materials, all of the direct evidence on this subject makes clear that they were not. After Special Master Infante's Order was issued, counsel for Defendants demanded that Mr. Symonds provide Defendants with the *Softwar*-related materials in his possession called for by the Order. Ex. 6 (1/10/07 email from Gibbs to Symonds attaching letters and order). Mr. Ellison also sent Mr. Symonds a letter, demanding that he produce the documents. Ex. 7 (1/10/07 letter from Ellison to Symonds). Mr.

Moreover, based on the totality of circumstances, an adverse inference against Defendants should not be permitted because it would not be trustworthy. *See LiButti v. United States*, 107 F.3d 110, 124 (2nd Cir. 1997) ("the overarching concern is fundamentally whether the adverse inference is trustworthy under all of the circumstances and will advance the search

an independent motive for refusing to testify, as he faces potential criminal exposure for destruction of evidence regardless of whether Defendants had knowledge of or participated in his actions. *See* Symonds' Opp. to Plfs' Mot. to Compel at 3-6. As such, Mr. Symonds' invocation of the Fifth Amendment does not support any inference that the Defendants were in any way involved in the destruction of any evidence; it is equally consistent with Mr. Symonds having acted alone, without any knowledge or participation by any of the Defendants. Third, Mr. Symonds has no interest in the outcome of the litigation, as a judgment for either side would have absolutely no effect on him. *Cf. LiButti*, 107 F.3d at 124. Fourth, although Mr. Symonds invoked the Fifth Amendment, Mr. Ellison did not: Mr. Ellison testified at length about his interactions with Mr. Symonds regarding the *Softwar* materials. *See* Ex. 3 (3/30/07 Ellison Depo. Tr.) at 572:21-573:5; 574:1-23; 575:13-21; 576:5-577:14; 578:3-18; 643:25-645:25; 648:1-15; 652:12-23; 661:14-22; 664:8-665:9. Mr. Ellison's willingness to testify (and his testimony itself) undercuts any inference that Mr. Ellison played any role in the destruction of any evidence in Mr. Symonds' possession. *See Kontos*, 968 F. Supp. at 406-409 (refusing to allow adverse inference where defendant's sister, a non-party, invoked the Fifth Amendment, because the defendant herself testified, thus indicating "it could be entirely possible that, while [the sister] played a role in the murder of Defendant's husband, Defendant had no knowledge of the murder and played no part in it").

## IV. IF MR. SYMONDS TESTIFIES, DEFENDANTS ARE ENTITLED TO QUESTION HIM.

In correspondence leading up to Mr. Symonds' March 19 and 20 deposition, Plaintiffs' counsel appeared to suggest that Defendants had no right to question Mr. Symonds because Defendants had not requested a separate order from either the Special Master or the High Court in the United Kingdom. *See* Ex. 8 (3/16/07 letter from Kaplan to Harrison). Under Fed. R. Civ. P. 30(c), of course, Defendants have a right to question any witness who is deposed

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFS' MEM. RE: PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

for purposes of this litigation. Indeed, absent a fair opportunity for Defendants to cross-examine Mr. Symonds, any deposition testimony by Mr. Symonds would be inadmissible. *See* Fed. R. Evid. 804(b)(1). Accordingly, Defendants wish to make clear that they reserve their right to question Mr. Symonds if he is ordered to testify.

## V. CONCLUSION

Although Defendants take no position on whether the Court should grant or deny the instant motion, Defendants believe that the record should include the information provided above.

Dated: April 25, 2007

Respectfully submitted,

LATHAM & WATKINS LLP
   Peter A. Wald
   Michele F. Kyrouz
   Patrick E. Gibbs
   Jamie L. Wine

By: /s/ Peter A. Wald /SPJC
   Peter A. Wald
   Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS' MEM. RE: PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

...

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, Ca 94111.

On **April 25, 2007**, I served the following document described as:

**DEFENDANTS' MEMORANDUM REGARDING PLAINTIFFS' MOTION TO COMPEL TESTIMONY AND DETERMINE THE APPLICABILITY OF THE FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION**

**DECLARATION OF SEAN P.J. COYLE IN SUPPORT OF DEFENDANTS' MEMORANDUM REGARDING PLAINTIFFS' MOTION TO COMPEL TESTIMONY AND DETERMINE THE APPLICABILITY OF THE FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION**

by serving a true copy of the above-described document in the following manner:

**BY HAND DELIVERY**

I am familiar with the office practice of Latham & Watkins for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins for collecting and processing documents for hand delivery by a messenger courier service or a registered process server

> Shawn A. Williams
> Willow E. Radcliffe
> Lerach, Couglin, Stoia, Geller, Rudman
> & Robbins LLP
> 100 Pine Street, Suite 2600
> San Francisco, California 94111-5238

**BY US MAIL**

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

> Mark Solomon
> Lerach, Coughlin, Stoia, Geller,
> Rudman & Robbins LLP
> 655 West Broadway
> Suite 1900
> San Diego, CA 92101

## BY FACSIMILE

I am familiar with the office practice of Latham & Watkins LLP for collecting, processing, and transmitting facsimiles. Under that practice, when a facsimile is deposited with the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. I deposited the above-described document for facsimile transmission in accordance with the office practice of Latham & Watkins LLP for collecting and processing facsimiles. The facsimile of the above-described document was transmitted to the following parties from San Francisco, California on April 25, 2007, at the times noted on the attached confirmation sheet:

Mark Solomon
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
Fax No.: (619) 231-7423

Shawn A. Williams
Willow E. Radcliffe
Lerach, Couglin, Stoia, Geller, Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, California 94111-5238
Fax No.: (415) 288-4534

The facsimile number of the sending machine is (415) 395-8095. Said transmission was complete and without error. All parties on whom this facsimile transmission has been served have agreed in writing to such form of service pursuant to agreement.

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 25, 2007**, at San Francisco, California.

_____
Katarzyna Schmidt