Patrick E. Gibbs
(650) 463-4696
patrick.gibbs@lw.com

# LATHAM&WATKINS LLP

140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

February 22, 2007

## BY FACSIMILE AND E-MAIL

Mark Solomon, Esq.
LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Re: In re Oracle Corporation Securities Litigation

Dear Mark:

I write to inform you that Matthew Symonds told us today, for the first time, that much of the information he previously provided to us (and that we, in turn, relayed to Plaintiffs) regarding the laptop computer on which he had stored interview recordings and transcripts was false. Specifically, Mr. Symonds informed us today that, contrary to what he previously told us, he did not try to have the laptop computer repaired; he was never told the laptop had a computer virus; he was never told that the data files on the computer were inaccessible; and he did not instruct a repair shop to dispose of the laptop. Mr. Symonds now claims that, some time after becoming aware of Plaintiffs' motion to compel production of materials related to *Softwar*, he attempted to use the laptop on which the recordings and transcripts were stored, and, because it was not performing properly, he disposed of the computer himself by dropping it off at a facility for the "ecological" disposal of computers and similar items. (He did not identify the facility.)
Mr. Symonds claims that the rest of the information he provided to Defendants' counsel (and that we in turn relayed to Plaintiffs) was correct. In particular, Mr. Symonds continues to maintain that, other than the typing service he previously identified, Mr. Symonds did not provide copies of any recordings or transcripts of his interviews with Mr. Ellison to anyone.

As we have previously noted, Defendants have no personal knowledge about the events described by Mr. Symonds (either today or previously), and we have no way to independently verify Mr. Symonds' claims. We do, however, intend to inform Judge Jenkins and Judge Infante of today's developments.

Very truly yours,

*[signature]*

Patrick E. Gibbs
of LATHAM & WATKINS LLP

cc: Shawn A. Williams, Esq. (*by facsimile*)