1 | COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | MARK SOLOMON (151949)
    DOUGLAS R. BRITTON (188769)
3 | STACEY M. KAPLAN (241989)
    655 West Broadway, Suite 1900
4 | San Diego, CA 92101
    Telephone: 619/231-1058
5 | 619/231-7423 (fax)
    marks@csgrr.com
6 | dougb@csgrr.com
    skaplan@csgrr.com
7 |   – and –
    SHAWN A. WILLIAMS (213113)
8 | WILLOW E. RADCLIFFE (200087)
    MONIQUE C. WINKLER (213031)
9 | ELI R. GREENSTEIN (217945)
    DANIEL J. PFEFFERBAUM
10 | 100 Pine Street, Suite 2600
     San Francisco, CA 94111
11 | Telephone: 415/288-4545
     415/288-4534 (fax)
12 | shawnw@csgrr.com
     willowr@csgrr.com
13 | moniquew@csgrr.com
     elig@csgrr.com
14 | dpfefferbaum@csgrr.com

15 | Lead Counsel for Plaintiffs

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

| 18 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
|---|---|---|---|
| 19 | | ) | CLASS ACTION |
| 20 | This Document Relates To: | ) ) ) | PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM |
| 21 | ALL ACTIONS. | ) ) | REGARDING PLAINTIFFS' MOTION TO COMPEL TESTIMONY AND DETERMINE |
| 22 | | ) | THE APPLICABILITY OF THE FIFTH |
| 23 | | | AMENDMENT RIGHT AGAINST SELF-INCRIMINATION |
| 24 | | | |

25 |

**PREVIOUSLY FILED ON APRIL 27, 2007**
**DOCKET NO. 841**

26 | **REDACTED VERSION**

27 |

28 |

1

**TABLE OF CONTENTS**

2

Page

3

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT......................................................................................................................2

III. CONCLUSION...................................................................................................................7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiffs respond hereby to defendants' Memorandum Regarding Plaintiffs' Motion to
2   Compel Testimony and Determine the Applicability of the Fifth Amendment Right Against Self-
3   Incrimination ("Memorandum"). Because the relevance to this Motion of defendants' contentions
4   regarding deposition questions and adverse inferences is attenuated, plaintiffs respond solely to
5   defendants' arguments concerning defendant Lawrence Ellison's ("Ellison") involvement in the
6   Softwar spoliation. Plaintiffs will be happy to respond to the other items addressed by defendants at
7   the hearing if the Court so directs.

8   **I.    INTRODUCTION**

9    Defendants' Memorandum represents a sweeping distortion of the record. Defendant
10  Ellison's involvement in the destruction of the Softwar materials ordered produced is a highly
11  important and clearly sensitive issue about which defendants have been anything but candid. By the
12  time Matthew Symonds ("Symonds") destroyed these unique materials (after plaintiffs had moved to
13  compel their production on October 30, 2006), Ellison had already engaged in a series of secret
14  communications with Symonds in which, according to his own testimony, he discouraged their
15  production. Ellison continued to communicate secretly with Symonds throughout this process and
16  even belatedly wrote Symonds a suspiciously worded letter regarding the materials which was not
17  produced (nor even mentioned) by defendants until the middle of Ellison's March 30, 2007
18  deposition. Ex. 1 (January 10, 2007 letter from L. Ellison to M. Symonds).

19   Notwithstanding these facts, defendants have consistently represented, both to the Court and
20  to plaintiffs, that *all* of their information regarding the destruction has been gleaned solely through
21  conversations between Symonds and counsel for defendants and they have made every effort to give
22  the impression that Ellison had absolutely no involvement. In fact, in opposition to plaintiffs' most
23  recent motion for additional time to depose Ellison on this very topic, defendants represented that
24  Ellison had had no involvement and that, as a result, no time was necessary for the topic.

25   Despite the fact that Ellison had been secretly communicating with Symonds on this very
26  issue for over four months, it was not until March 14, and *after* plaintiffs had pointed to evidence
27  (albeit cryptic) that such communications appeared to have taken place, that defendants finally

28
PLTFS' RESPONSE TO DEFS' MEMO RE: PLTFS' MOT TO COMPEL TESTIMONY & DETERMINE THE
APPLICABILITY OF 5TH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION - C-01-0988-MJJ          - 1 -

1  informed the Court and plaintiffs that Ellison had, in fact, been engaging in secret communications

2  with Symonds. Remarkably, defendants now point to the plaintiffs' revelations to the Court of the

3  secret communications to claim that defendants have been candid from the start. The truth, of

4  course, is that defendants' have attempted to conceal Mr. Ellison's involvement in the destruction

5  from the very beginning and, only when confronted with evidence to the contrary did they finally

6  "supplement" with the true facts.

7  **II.  ARGUMENT**

8  Although Ellison had been communicating with Symonds regarding the Softwar materials

9  since at least early November 2006 (after plaintiffs filed their motion to compel their production),

10  including several communications with Symonds in the period following Special Master Infante's

11  January 2, 2007 Order, defendants represented to plaintiffs and to the Court that all communications

12  regarding the materials were between Symonds and counsel for defendants. *See* Ex. 2 (January 11,

13  2007 letter from P. Gibbs to M. Solomon):

14       Today, I spoke to Matthew Symonds for the first time since defendants received the
         Order. During our call today, Mr. Symonds informed me, for the first time, that he
15       no longer has possession of certain audio files containing recordings of interviews
         that he conducted with Larry Ellison in connection with his research for *Softwar*.
16
     *See also* Ex. 3 (January 15, 2007 letter from P. Wald to S.M. Infante) (emphasis in original):
17
         As set forth in Mr. Gibbs' January 11, 2007 letter to Mr. Solomon, *Mr. Symonds has*
18       *informed Defendants' counsel* that the materials were stored in files on a laptop
         computer and that these files were rendered inaccessible due to a virus of some kind.
19
                                   *       *       *
20
         In a January 12 conversation, *Mr. Symonds further informed Defendants' counsel*
21       that when he attempted to have the computer repaired, he was told that even if the
         computer were repaired successfully (at a cost that would exceed the cost of a new
22       computer), all the data stored on the computer (including the recordings and
         transcripts at issue here) would be lost.
23
                                   *       *       *
24
         When Plaintiffs filed their motion to compel materials relating to SOFTWAR,
25       *Defendants' counsel contacted Mr. Symonds*, confirmed that he still had possession
         of the materials, and asked Mr. Symonds to preserve them pending the resolution of
26       Plaintiffs' motion.
27
                                   *       *       *
28
     PLTFS' RESPONSE TO DEFS' MEMO RE: PLTFS' MOT TO COMPEL TESTIMONY & DETERMINE THE
     APPLICABILITY OF 5TH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION - C-01-0988-MJJ          - 2 -

1      Yet when he discovered a problem with the computer on which these materials were
       stored, *Mr. Symonds did not attempt to contact or notify defendants' counsel, let*
2      *alone ask them what to do with the* computer.

3                              *       *       *

4      This dispute involves two parties – Plaintiffs and *Defendants – who have NO*
       *personal knowledge of the facts.*[1]
5
       *See also* Ex. 4 (January 16, 2007 letter from P. Gibbs to M. Solomon):
6
       In any event, as with everything else regarding Mr. Symonds' *Softwar*-related
7      materials, *I can only pass along what Mr. Symonds has told me,* some of which I
       learned as recently as this morning.
8
   Nowhere in the course of these letters did defendants inform plaintiffs or the Court that Ellison had
9
   been and continued to engage in communications with Symonds regarding the destruction of the
10
   materials.
11
       In their Motion to Reverse, filed January 22, 2007, defendants continued to describe to the
12
   Court, in detail, the communications between counsel for defendants and Symonds. *See* Ex. 5 at 7-9:
13
       In a series of conversations, Mr. Symonds continued to maintain that the tapes and
14     transcripts at issue were his sole property, to which neither Mr. Ellison nor anyone
       else had a legal right of access or control" (citing January 11, 15, 16 letters quoted
15     above discussing conversations between Symonds and counsel for defendants)

16                             *       *       *

17     In the course of *several conversations with Defendants' counsel regarding the*
       *Order*, Mr. Symonds *informed Defendants' counsel* that a number of electronic files
18     in which he had stored audio recordings and transcripts of his interviews with
       Mr. Ellison had been lost as a result of a computer virus (citing January 11, 15, 16
19     letters quoted above discussing conversations between Symonds and counsel for
       defendants)
20
                               *       *       *
21
       Although Defendants' counsel had previously asked Mr. Symonds to maintain copies
22     of these files, Mr. Symonds apparently instructed the computer repair shop to dispose
       of the computer rather than attempting to repair it. In so doing, Mr. Symonds did not
23     contact any of Defendants or defendants' counsel.

24     Again, however, defendants failed to mention that Ellison had been communicating with

25 Symonds regarding the materials and their destruction. Indeed, when referring to their belated

26 _____

27 [1]   Citations and footnotes are omitted and emphasis is added unless otherwise noted.

28

1  "demand" for the production of the materials following the Special Master's Order, defendants cited

2  only to a letter from Patrick Gibbs to Symonds and mysteriously failed to mention that Ellison had

3  also sent a belated letter demanding the materials. *See* Ex. 5 at 7.

4           In response to the Special Master's Order, Defendants contacted
   Mr. Symonds, provided him with a copy of the Order, and demanded that he provide
5  Defendants with copies of any and all tapes and transcripts of interviews with
   Mr. Ellison. Ex. 15 (Jan. 10, 2007 Letter from P. Gibbs to M. Symonds, and attached
6  orders).

7  The existence of Ellison's formal supposedly "introductory" letter, written more than 70 days after

8  plaintiffs moved for the materials, was not revealed until almost two months later, in the middle of

9  Ellison's March 30, 2007 deposition. That defendants were unwilling to also reveal to the Court that

10 Ellison had himself "demanded" the materials in a formal, "introductory" letter speaks to the length

11 to which defendants were willing to go to conceal any involvement by Ellison in the destruction of

12 the materials.

13         On February 23, 2007, defendants submitted their First Factual Supplement in Support of

14 their Motion to Reverse.    Again, the supplement was chock-full of detailed descriptions of

15 communications between Symonds and defense counsel. Again, defendants represented that the

16 only "demand" for the materials had been through defense counsel. Again, defendants failed to

17 make any mention of any communications between Ellison and Symonds. *See* Ex. 6 at 1-3:

18      In support of that Motion, Defendants relayed information that had been provided to
        Defendants by Matthew Symonds, the author of SOFTWAR who had physical
19      possession of the recordings and transcripts called for by the Order. Among other
        things, Mr. Symonds *had informed Defendants' counsel* that a number of electronic
20      files in which he had stored audio recordings and transcripts of his interviews with
        Mr. Ellison had been lost as a result of a computer virus. *Defendants' counsel*
21      *relayed this information to Plaintiffs* and the Special Master in a series of letters,
        and those letters, in turn, were cited as part of the factual background in the Motion.
22
                                    *       *       *
23
        Today, Mr. Symonds *told Defendants' counsel*, for the first time, that some of the
24      information he previously *provided to Defendants' counsel* was false. Specifically,
        today Mr. Symonds *told Defendants' counsel that*: He did not try to have his laptop
25      computer repaired, *contrary to his prior statement to Defendants' counsel* that he
        took his laptop to a computer shop to be repaired; He was never told that the laptop
26      had a virus, *contrary to his representation to Defendants' counsel* that he was told
        that the files at issue had been rendered inaccessible due to a computer virus; He was
27      never told (as he previously told us) that the data files on the computer were
        inaccessible; and He did not instruct any repair shop to dispose of the laptop,
28

1    *contrary to his representation to Defendants' counsel* that he asked an employee of
     a repair shop to dispose of his computer . . . . Mr. Symonds claims that the rest of the
2    *information that he provided to Defendants' counsel* was correct.

3                                   *       *       *

4    As before, Defendants have no personal knowledge about the events most recently
     described by Mr. Symonds. Defendants are supplying this information to the Court
5    (and have already supplied it to Plaintiffs) so that the record on this Motion
     accurately reflects *what Mr. Symonds has told Defendants' counsel*.
6
                                    *       *       *
7
     As demonstrated by Mr. Symonds' conduct, and by *his failure to tell Defendants'*
8    *counsel the truth* about his handling of the materials called for by the Order,
     Defendants have no control over Mr. Symonds or the interview recordings and
9    transcripts of his interviews with Mr. Ellison. If Defendants had control over those
     materials, they would have produced them in this case. If Defendants had any
10   control over Mr. Symonds' actions, he would have preserved these materials (*as*
     *Defendants' counsel asked him to do*); he would have provided all of the materials
11   at issue to Defendants (*as Defendants' counsel asked him to do*); and Defendants
     would have produced them.
12
     In the meantime, Special Master Infante granted plaintiffs' motion to compel discovery of the
13
     materials and their destruction from Symonds and PC World through the issuance of a Letter of
14
     Rogatory. Plaintiffs also moved to compel additional deposition time with Ellison (in addition to the
15
     three and a half hours which they had already been granted) on the basis that (among others) they
16
     were entitled to examine him regarding his involvement in the destruction of the Softwar materials.
17
     In their opposition to plaintiffs' motion, filed March 2, 2007, defendants represented to the Court
18
     that Ellison had absolutely no involvement and that, as a result, no time was necessary for
19
     examination on the topic. *See* Ex. 7 at 10:
20
          *And, as plainly can be seen from the record* with respect to these materials,
21        *Mr. Ellison was not involved personally* in the circumstances surrounding their
          unavailability. Plaintiffs' questioning on this topic *will be short and fruitless*, and in
22        any event can be exhausted in a fraction of the time already permitted by the Court's
          Order granting in part Plaintiffs' previous request for additional time.
23
     On March 7, 2007, plaintiffs filed their reply in further support of their motion to compel
24
     additional deposition time with Ellison. In their reply, plaintiffs pointed to evidence that led them to
25
     suspect that Ellison had, in fact, been in communication with Symonds regarding the Softwar
26
     materials. *See* Ex. 8 at 7:
27

28   PLTFS' RESPONSE TO DEFS' MEMO RE: PLTFS' MOT TO COMPEL TESTIMONY & DETERMINE THE
     APPLICABILITY OF 5TH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION - C-01-0988-MJJ        - 5 -

1

2

3

4   Softwar evidence was destroyed, was intentionally fabricated.  Plaintiffs are entitled
    to examine Ellison regarding his communications with Symonds both during this
5   period and before.

6      A week later, with Symonds' deposition just days away, defendants finally revealed to the

7 Court and plaintiffs that Ellison and Symonds had, in fact, been in communication regarding the

8 destruction of the evidence all along.  In their March 14, 2007 Second Supplement to Motion to

9 Reverse Special Master's Order Re: *Softwar* Materials, defendants wrote:

10     We write to make clear that, in addition to conversations between Defendants'
       counsel and Mr. Symonds recounted above, Mr. Ellison also has had conversations
11     with Mr. Symonds regarding the *Softwar*-related materials that are the subject of the
       Special Master's December 29, 2006 Order.

12
   *See* Ex. 9 at 2.  This was the first time that defendants had informed either plaintiffs or the Court that
13
   Ellison had been communicating with Symonds regarding the materials and their destruction.
14
   Defendants did not, however, provide any detail regarding the communications.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **III.  CONCLUSION**

2  Having concealed the multiple communications between Ellison and Symonds for months
3  after the materials were destroyed, defendants now seek to convince the Court that they have been
4  "candid" regarding Ellison's involvement from the beginning. To do so, they have engaged in a
5  series of painfully strained arguments, even going so far as to attempt to distinguish between the
6  words "events" and "issues." The bottom line, however, is that Ellison was in consistent
7  communication with Symonds regarding the Softwar materials. Ellison discouraged the production
8  of the software evidence and encouraged its destruction. Instead of being forthright regarding

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Ellison's involvement, defendants went to great lengths to conceal Ellison's communications with

2  Symonds from both the Court and plaintiffs for months.  That conduct speaks for itself.

3  DATED: October 10, 2007                    Respectfully submitted,

4                                             COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
5                                             MARK SOLOMON
                                              DOUGLAS R. BRITTON
6                                             STACEY M. KAPLAN

7

8                                                        /s/
                                                   MARK SOLOMON
9
                                              655 West Broadway, Suite 1900
10                                            San Diego, CA 92101
                                              Telephone: 619/231-1058
11                                            619/231-7423 (fax)

12                                            COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
13                                            SHAWN A. WILLIAMS
                                              WILLOW E. RADCLIFFE
14                                            MONIQUE C. WINKLER
                                              ELI R. GREENSTEIN
15                                            DANIEL J. PFEFFERBAUM
                                              100 Pine Street, Suite 2600
16                                            San Francisco, CA 94111
                                              Telephone: 415/288-4545
17                                            415/288-4534 (fax)

18                                            Lead Counsel for Plaintiffs

19  T:\CasesSF\Oracle3\10-10-07 continuation of under seal docs\BRF00046304_Redacted.doc

20

21

22

23

24

25

26

27

28  PLTFS' RESPONSE TO DEFS' MEMO RE: PLTFS' MOT TO COMPEL TESTIMONY & DETERMINE THE
    APPLICABILITY OF 5TH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION - C-01-0988-MJJ          - 8 -

1

CERTIFICATE OF SERVICE

2       I hereby certify that on October 10, 2007, I electronically filed the foregoing with the Clerk

3   of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4   addresses denoted on the attached Electronic Mail Notice List.

5       I certify under penalty of perjury under the laws of the United States of America that the

6   foregoing is true and correct. Executed on October 10, 2007.

7

8
                                                      /s/
                                            MARK SOLOMON

9                                           COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
10                                          655 West Broadway, Suite 1900
11                                          San Diego, CA 92101-3301
                                            Telephone: 619/231-1058
12                                          619/231-7423 (fax)

13                                          E-mail:marks@csgrr.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com

- **Brian P Murray**

bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_s

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

- **Monique C. Winkler**
  shawnw@csgrr.com,travisd@csgrr.com,e_file_sd@csgrr.com,E_File_SF@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Dorian Daley**
500 Oracle Parkway
Redwood City, CA 94065

**Corey D. Holzer**
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

**Raymond Lane**
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

**PRG-Schultz USA, Inc.**
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

**Darren Jay Robbins**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900

San Diego, CA 92101

**Sanna Rachel Singer**
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111