1 | LATHAM & WATKINS LLP
    Peter A. Wald (SBN 85705)

2 | Michele F. Kyrouz (SBN 168004)
    505 Montgomery Street, Suite 2000

3 | San Francisco, California 94111-2562
    Telephone: (415) 391-0600

4 | Facsimile: (415) 395-8095
    E-mail: peter.wald@lw.com

5 |         michele.kyrouz@lw.com

LATHAM & WATKINS LLP
    Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

6 | LATHAM & WATKINS LLP
    Jamie L. Wine (SBN 181373)

7 | 633 West Fifth Street, Suite 4000
    Los Angeles, California 90071-2007

8 | Telephone: (213) 485-1234
    Facsimile: (213) 891-8763

9 | E-mail: jamie.wine@lw.com

10 | Attorneys for Defendants ORACLE CORPORATION, LAWRENCE

11 | J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

12 | ORACLE CORPORATION
     Dorian E. Daley (SBN 129049)

13 | James C. Maroulis (SBN 208316)
     500 Oracle Parkway

14 | Mailstop 5OP7
     Redwood Shores, California 94065

15 | Telephone: (650) 506-5200
     Facsimile: (650) 506-7114

16 | E-mail: jim.maroulis@oracle.com

17 | Attorneys for Defendant ORACLE CORPORATION

18 | **UNITED STATES DISTRICT COURT**

19 | **NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

20 |

21 | In re ORACLE CORPORATION
     SECURITIES LITIGATION

Master File No. C-01-0988-MJJ (JCS)
(Consolidated)

22 |

CLASS ACTION

23 |

24 | This Document Relates To:

25 | ALL ACTIONS.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' [RENEWED] MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

26 |

27 | **CONFIDENTIAL**

28 |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ............................................... 2

III.  ARGUMENT ............................................................................................................. 5

      A.    Applicable Legal Standard ............................................................................ 5

      B.    The *Softwar* Related Discovery Cited by Plaintiffs Does not
            Provide a Basis for Plaintiffs' Request for Additional Time ........................ 6

            1.    The *Softwar* Interview Transcripts Formed the Basis of
                  Plaintiffs' Prior Motion for Additional Time, Which Was
                  Granted in Part ................................................................................... 6

            2.    Plaintiffs' Request for Additional Time to Question Ellison
                  about Materials they Might Obtain from Third Parties is
                  Purely Speculative. ............................................................................ 9

            3.    Plaintiffs Already Have Sufficient Time to Question Mr.
                  Ellison About His Knowledge of the Unavailability of
                  *Softwar* Materials ............................................................................ 9

      C.    Defendants' Supplemental Accounting Productions Do Not
            Warrant Additional Deposition Time for Mr. Ellison or Ms. Catz ............ 10

IV.   CONCLUSION ....................................................................................................... 13

LATHAM•WATKINS~
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-MJJ (JCS)

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Bhatnagar by Bhatnagar v. Surrendra Overseas*
52 F.3d 1220 (3d Cir. 1995) ............................................................................................. 6

*Harris v. Computer Assocs. Int'l, Inc.*
204 F.R.D. 44 (E.D.N.Y. 2001).................................................................................... 5, 8

*Mulvey v. Chrysler Corp.*
106 F.R.D. 364 (D.R.I. 1985)............................................................................................. 5

### STATUTES AND RULES

Fed. R. Civ. P. 30............................................................................................................. 1, 5

Fed. R. Civ. P. 30(d)(2) ................................................................................................... 5, 8

N.D. Cal. L.R. 7-9(a)-(b) ...................................................................................................... 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-MJJ (JCS)

FROM LATHAM & WATKINS LLP Fax Machine #2      (FRI) 3. 2'07 16:40/ST. 16:39/NO. 4861909142 P  5

1                    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.      INTRODUCTION**

3              For the *third* time, Plaintiffs are seeking additional time to depose Oracle's two

4    most senior executives: Larry Ellison and Safra Catz.  Between this case and the previous

5    derivative proceedings relating largely to the same underlying facts, Larry Ellison already has

6    been deposed for more than twenty-four hours.  The Court already has granted Plaintiffs the right

7    to another three and a half hours – or half day – of testimony which is scheduled to occur later

8    this month.  When this half day is completed, Ellison will have provided *28 hours, four full*

9    *days,* of testimony on these issues, *four times* the default established by the Federal Rules.

10   Likewise, Ms. Catz, who is hardly a central figure to the events at issue, already has sat for

11   nearly ten hours of deposition, including approximately four hours in the prior derivative

12   proceedings.  She already is scheduled for an additional 2.5 hours of deposition later this month.

13             Plaintiffs proffer two bases for their current request to extend further the

14   extensions they already have received, but neither comes close to meeting the "good cause"

15   standard applied under Federal Rule of Civil Procedure 30.  First, Plaintiffs claim that certain

16   *Softwar*-related discovery entitles them to additional deposition time with Mr. Ellison and Ms.

17   Catz.  Based on their expectation of receiving precisely the same documents, Plaintiffs advanced

18   exactly the same arguments in their prior motion seeking additional deposition time with Mr.

19   Ellison and Ms. Catz.  Thus, Plaintiffs are merely recycling for this motion the same arguments

20   that were the basis for their previous motion.  The Court already has considered Plaintiffs'

21   arguments, and granted them the appropriate relief under the circumstances.  Plaintiffs also fail

22   to explain how this additional *Softwar* discovery even is even relevant to Ms. Catz.

23             Plaintiffs' second argument, relating to Defendants' supplemental accounting

24   productions in January and February 2007, fares even worse.  These documents pertain to certain

25   accounting activities in which neither Mr. Ellison nor Ms. Catz was involved.  Neither Mr.

26   Ellison nor Ms. Catz appears as the author, custodian, sender or recipient of any document that

27   Defendants produced as part of the supplemental accounting production.  Indeed, Plaintiffs have

28   not identified a single document, nor have they articulated any line of questioning pertaining to

LATHAM&WATKINS**
Attorneys At Law
San Francisco

1

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-MJJ (JCS)

1  the supplemental accounting production, that would justify further additional deposition time

2  with Mr. Ellison and Ms. Catz. In the end, this request, like many that came before it, seeks

3  additional discovery for the sake of seeking additional discovery. As set forth in greater detail

4  below, the Motion should be denied.

5  **II.    FACTUAL AND PROCEDURAL BACKGROUND**

6           On December 17, 2004, Judge Jenkins entered an Amended Pretrial Order that

7  limited each party to 65 depositions. *See* Ex. 1 (Dec. 17, 2004 Amended Pretrial Order).[1]  In

8  June 2006, Plaintiffs first moved for an additional seven hours of deposition time for, among

9  others, Larry Ellison and Safra Catz. *See* Ex. 2 (Plaintiffs' June 2, 2006 Motion to Compel Two

10 Day Deposition). The Court granted Plaintiffs' request for an additional day with Mr. Ellison,

11 but denied the request as it pertained to Ms. Catz, finding Plaintiffs had failed to established

12 good cause. *See* Ex. 3 (June 20, 2006 Hearing Tr.) at 14. In accordance with that ruling and

13 Rule 30, Mr. Ellison now has sat for over 14 hours of deposition testimony in this case, over the

14 course of two days. *See* Ex. 4 (July 13, 2006 Ellison Depo. Tr.); Ex. 5 (Sept. 21, 2006 Ellison

15 Depo. Tr.).[2]  For her part, Ms. Catz has sat for nearly a full day of testimony (Plaintiffs ended her

16 deposition before a full seven hours had expired because they had nothing else to ask her). *See*

17 Ex. 8 (July 20, 2006 Catz Depo. Tr.).

18          On October 30, 2006, after the close of fact discovery, Plaintiffs moved (for the

19 second time) for an additional day of testimony from both Mr. Ellison and Ms. Catz. *See* Ex. 9

20 (Plaintiffs' Oct. 30, 2006 Motion to Compel the Depositions of Christopher Balkenhol and

21 Dorian Daley and Additional Time for the Depositions of Larry Ellison and Safra Catz

22 ["Plaintiffs' Oct. 30, 2006 Motion for Additional Time"]). In support of their second motion for

23 additional deposition time with these witnesses, Plaintiffs argued that the additional time was

24

25 [1]  All Exhibit references are to the Declaration of Sean P.J. Coyle in Support of Defendants'
26      Opposition to Plaintiffs' Motion, filed concurrently herewith.

   [2]  This time is in addition to the more than ten hours of testimony given by Mr. Ellison in the
27      derivative suits. *See* Ex. 6; Ex. 7 (Ellison Derivative Depo. Transcripts). Plaintiffs
        demanded and received the transcripts of Mr. Ellison's and Ms. Catz's depositions in the
28      derivative suits on the grounds that the subject matter in the derivative proceedings largely
        overlapped with the subject matter of this case.

1  warranted by their then-pending motion to compel, *inter alia,* transcripts of interviews of Mr.

2  Ellison conducted by Matthew Symonds, the author of *Softwar: An Intimate Portrait of Larry*

3  *Ellison and Oracle. See* Motion at 8-9; Ex. 10 (Plaintiffs' Oct. 30, 2006 *Softwar* Motion).

4  Plaintiffs asserted in this concurrently-filed motion that the *Softwar* discovery they sought at that

5  time, including the interview transcripts, would bear on a number of topics that they claimed

6  were relevant to their claims in this case, including Oracle's Suite 11i, its billion dollar savings

7  claim and stock sales by Larry Ellison. *See id.* at 10. Tellingly, in their October 30 motion for

8  additional deposition time, Plaintiffs did *not* claim that they needed to question Mr. Ellison or

9  Ms. Catz about any accounting issues, although by the time of the Ellison and Catz depositions

10  Defendants had already made voluminous productions of documents pertaining to much of the

11  same accounting issues addressed in the recent supplemental accounting productions. The Court

12  granted Plaintiffs' October 30 motion for additional time, in part, allowing 3.5 additional hours

13  of deposition time with Mr. Ellison and 2.5 hours with Ms. Catz. In refusing Plaintiffs' request

14  for even more time, the Court noted that Plaintiffs "already have deposed Ellison for 14 hours,

15  and are not entitled to question Ellison regarding every Oracle document that references Ellison."

16  Ex. 11 (Dec. 14, 2006 Order).

17          On December 29, 2006, the Court ruled on Plaintiffs' concurrently-filed motion to

18  compel *Softwar* discovery. *See* Ex. 12 (Dec. 29, 2006 *Softwar* Order). In its Order, the Court

19  found, over Defendants' objection, that Mr. Ellison had legal control over the *Softwar* materials,

20  and ordered that Mr. Ellison produce them. Defendants contacted Mr. Symonds (who at all

21  times had sole physical possession of the transcripts and related materials) and requested that he

22  turn them over to Defendants. Mr. Symonds produced to Defendants approximately 200 pages

23  of transcripts of interviews he conducted of Mr. Ellison in researching and writing the book,

24  which Defendants, in turn, produced to Plaintiffs on January 16, 2007. *See* Ex. 13 (Jan. 16, 2007

25  Letter from R. Morgan to S. Williams).[3]

26  ─────────────
     [3]  When contacted by Defendants' counsel in November of 2006, Mr. Symonds claimed that he
27   possessed both audio tapes and transcripts of interviews he conducted with Mr. Ellison.
     However, he has since informed Defendants' counsel (who have informed Plaintiffs) that he
28   no longer possesses any of the audio tapes and many of the transcripts of these interviews
     because he disposed of the laptop computer on which they were stored (in spite of

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01 0988 MJJ (JCS)

Case 3:01-cv-00988-SI   Document 1299-7   Filed 10/10/07   Page 7 of 29

1      The Court also ruled that Defendants needed to reproduce unredacted copies of

2    certain accounting documents that Oracle previously had produced in redacted form.  In addition,

3    the Court ordered Defendants to produce documents relating to transfers of unapplied cash into

4    the bad debt reserve in the second quarter of fiscal year 2001, and the 2002 "unapplied cash"

5    project.  Both of these projects were performed by entry-level employees working at one of

6    Oracle's satellite offices and, as a result, none of the documents produced as part of the

7    supplemental accounting productions in January and February 2007 identifies Mr. Ellison or Ms.

8    Catz – Oracle's most senior executives – as the author, custodian, sender or recipient of the

9    document.  Indeed, presumably because of their lack of involvement in these low-level

10   accounting projects, Plaintiffs chose not to ask Mr. Ellison or Ms. Catz a single question about

11   the bad debt transfers or the unapplied cash project during any of their prior depositions.

12      Plaintiffs' behavior to date has made clear that their request for additional time

13   with Mr. Ellison and Ms. Catz has nothing to do with any recently-produced documents;

14   Plaintiffs have intended to seek more time with both witnesses all along.  Indeed, before even

15   receiving any of the recently-produced documents, Plaintiffs requested a stipulation allowing

16   them to bring a single motion to compel additional time with these witnesses after several

17   separate document productions had been completed.  *See* Ex. 16 (Jan. 30, 2007 Stipulation).

18   Thus, Plaintiffs did not even wait to review the documents before deciding they would move for

19   additional time.[4]

20      On February 20, 2007, Plaintiffs brought this motion, their third request for

21   additional deposition time with Mr. Ellison and Ms. Catz, citing as their only bases the *Softwar*

22   Defendants' counsel's request that he preserve them).  *See* Ex. 14 (Feb. 22, 2007 Letter from
23   P. Gibbs to M. Solomon).  Mr. Symonds claims to have provided Defendants' counsel with
     all the interview transcripts in his possession.  Defendants' counsel and Mr. Ellison have no
24   way to verify whether Mr. Symonds possesses any audio tapes or transcripts beyond what he
     has provided to date.  *See* Ex. 14 (Feb. 22, 2007 Letter From P. Gibbs to M. Solomon); Ex.
25   15 (Feb. 23, 2007 Letter to from S. Coyle to S.M. Infante).

[4]  In fact, as early as January 16, 2007 (just over a month after the Court's order granting in part
26   Plaintiffs' second motion for additional time with Mr. Ellison and Ms. Catz), Plaintiffs
     indicated to the Court that they wanted to bring another motion for additional time with these
27   witnesses at a telephonic hearing to discuss their currently-scheduled deposition dates.  The
     Court recognized at that time that Plaintiffs "would have to make a *strong showing* of good
28   cause" in order to prevail on such a motion.  *See* Ex. 17 (Jan. 16, 2007 Tr.) at 5:17-18
     (emphasis added).

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO
                                         4                    DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
                                                              TIME WITH ELLISON AND CATZ
                                                              Master File No. C-01-0988 MJJ (JCS)

1   discovery that was the basis for their previous motion, and recently-produced accounting

2   documents that are not directly related to either Mr. Ellison or Ms. Catz.

3   **III.    ARGUMENT**

4       **A.    Applicable Legal Standard**

5           Plaintiffs' request for additional deposition time with Mr. Ellison and Ms. Catz is

6   governed by Federal Rule of Civil Procedure 30(d)(2), which provides that "a deposition is

7   limited to one day of seven hours" unless otherwise authorized by the court or stipulated by the

8   parties. *See* Fed. R. Civ. P. 30(d)(2). To justify additional time, the moving party must

9   demonstrate that such time is "needed for a fair examination of the deponent or if the deponent

10  or another person, or other circumstance, impedes or delays the examination." Fed. R. Civ. P.

11  30(d)(2). And, in any event, "[t]he party seeking a court order to extend the examination, or

12  otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R.

13  Civ. P. 30, Advisory Committee Notes to 2000 Amendment.

14          Courts have long recognized that depositions of senior corporate executives create

15  a serious risk of undue burden or oppression. *See, e.g., Mulvey v. Chrysler Corp.*, 106 F.R.D.

16  364, 366 (D.R.I. 1985) (noting that Lee Iacocca's position as head of Chrysler Corporation

17  rendered him "easily subjected to unwarranted harassment and abuse" through the discovery

18  process). This risk is particularly significant when the witness has knowledge that is only

19  indirectly related to the facts at issue. *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 46

20  (E.D.N.Y. 2001) ("Depositions of high level corporate executives may be duplicative,

21  cumulative and burdensome where the person sought to be deposed has no personal knowledge

22  of the events in dispute."). As this Court has noted, production of a large volume of documents

23  relating to a witness after the witnesses' deposition may provide a basis for granting more time

24  with the witness; however, Plaintiffs are not entitled to question a witness about every document

25  that references them. *See* Ex. 11 (Dec. 14, 2006 Order) at 4.

26  ///

27  ///

28  ///

1

2    B.    The *Softwar* Related Discovery Cited by Plaintiffs Does not Provide a Basis

     for Plaintiffs' Request for Additional Time.

3          1.    The *Softwar* Interview Transcripts Formed the Basis of Plaintiffs' Prior

4                Motion for Additional Time, Which Was Granted in Part.

5          In their October 2006 motion for additional deposition time with Mr. Ellison and

6    Ms. Catz, Plaintiffs cited as a basis for their request for more time their then-pending motion to

7    compel discovery pertaining to the book *Softwar*, a motion in which they requested audio tapes

8    and transcripts of "hundreds of hours" of interviews with Mr. Ellison. *See* Ex. 9 (Plaintiffs' Oct.

9    30, 2006 Motion for Additional Time) at 9; Ex. 10 (Plaintiffs' Oct. 30, 2006 *Softwar* Motion) at

10   10. At that time, Plaintiffs told the Court "[i]f plaintiffs are successful in their pursuit of these

11   documents [including *Softwar*-related interview transcripts], plaintiffs expect that they will want

12   to examine Mr. Ellison regarding their contents."[5] Now, with their prior motion for additional

13   deposition time having been granted only in part, Plaintiffs request that these witnesses be

14   ordered to sit for *still more time* based upon Defendants' production of the very discovery

15   Plaintiffs cited in their last motion.[6] This is simply a motion to reconsider under another name,

16   and Plaintiffs have made no effort to meet the standard applicable to such a motion.[7]

17

18

19   [5]  Although at the time of their October 30 motion Plaintiffs did not apparently foresee
     questioning Ms. Catz about the interview transcripts they were seeking, they now wish to do
20   so, even though they cannot point to anything in the transcripts that pertains uniquely to her.
     *See* Motion at 5; *see also infra.* Plaintiffs, however, did request additional time in their
21   October 30 motion in order to question Ms. Catz about *Softwar*-related documents that
     Defendants' already had produced at the time. Ex. 9 (Plaintiffs' Oct. 30, 2006 Motion for
22   Additional Time) at 10.

     [6]  In fact, Plaintiffs referred to "*Softwar*" no less than seven times in their October 30 motion
23   for additional time. *See* Ex. 9 (Plaintiffs' Oct. 30, 2006 Motion for Additional Time).

24   [7]  Under Local Rule 7-9, Plaintiffs were required to request leave to even file a motion to
     reconsider, and in order to obtain such leave, Plaintiffs were required to establish one or
25   more of the following circumstances: (i) they failed to present to the Court materially
     different facts or law that were previously unknown to them, acting diligently; (ii) new
26   material facts or a change in law emerged since the Court's entry of the order; or (iii) the
     Court manifestly failed to consider material facts or dispositive legal arguments. *See* N.D.
27   Cal. L.R. 7-9(a)-(b); *see also Bhatnagar by Bhatnagar v. Surrendra Overseas*, 52 F.3d 1220,
     1232 (3d Cir. 1995) (noting that "reconsideration should not be granted where it would
28   merely allow wasteful repetition of arguments already briefed, considered and decided")
     (internal quotations and citations omitted).

ATHAM•WATKINS⊔⊔
ATTORNEYS AT LAW
San Francisco

6

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-MJJ (JCS)

1          Not only did Plaintiffs anticipate receiving these interview transcripts when they

2    previously moved for more time with Mr. Ellison and Ms. Catz, they also anticipated the

3    substance of the transcripts. Then, as now, Plaintiffs claimed that the transcripts contain

4    information pertaining to Oracle's Suite 11i, Oracle's billion dollar savings claim, the effect of

5    the economy on Oracle and Larry Ellison's stock sales. *See* Ex. 9 (Plaintiffs' Oct. 30, 2006

6    Motion for Additional Time) at 9; Ex. 10 (Plaintiffs' Oct. 30, 2006 *Softwar* motion) at 10;

7    Motion at 4. In fact, a comparison of Plaintiffs' description of the relevance of these transcripts

8    in their motion to compel *Softwar* discovery (which, again, was filed concurrently with and

9    referenced in their prior motion for more deposition time), with their description of the relevance

10   of the materials in the current Motion, demonstrates conclusively that Plaintiffs received in

11   substance exactly what they anticipated they would:

| Plaintiffs' description of the transcripts' relevance in their prior motion for additional deposition time | Plaintiffs' description of the transcripts' relevance in their filed motion for additional deposition time |
|---|---|
| • "the release of 11i" | • "the release of Suite 11i" |
| • "problems with 11i and the effect of those problems on customers" | • "problems with 11i and the effect of those problems on both Oracle and its customers" |
| • "Oracle's billion dollar savings claim" | • "Oracle's billion dollar savings claim" |
| • "trades by insiders including Ellison's January 2001 sales" | • "stock sales by Oracle executives" and "Ellison's use of his insider proceeds" |
| • "the effect of the economy on [Oracle's] business"[8] | • "the effect of the economy on Oracle's business"[9] |

25         Thus, at the time they filed their prior motion for additional time with these

---

27   [8]   *See* Ex. 10 (*Softwar* motion) at 10; Ex. 9 (Plaintiffs' Oct. 30, 2006 Motion for Additional Time) at 8-9.

28   [9]   *See* Motion at 4.

      7

1   witnesses, Plaintiffs already had anticipated asking the witnesses about precisely the same

2   documents and precisely the same issues cited in support of their current motion. Because the

3   Court granted in part Plaintiffs' prior motion and allowed them additional time with Mr. Ellison

4   and Ms. Catz, Plaintiffs have already been afforded time to question these witnesses on those

5   materials, to the extent the Court considered it appropriate.

6          In any event, nothing about the transcripts themselves introduces any new facts or

7   information to the case. At Mr. Ellison's September 21, 2006 deposition, Plaintiffs spent several

8   hours asking Mr. Ellison about passages from the book itself dealing with precisely the same

9   subjects set forth in Plaintiffs' Motion, including the release of Suite 11i, problems with Suite

10  11i, Oracle's Billion dollar savings claim, and the effect of the economy on Oracle's business.

11  *See, e.g.*, Ex. 10 (Plaintiffs' Oct. 30, 2006 *Softwar* Motion) at 5-8; Ex. 5 (Sept. 21, 2006 Ellison

12  Depo. Tr.) at 334:14-414:13. The information in the transcripts, in other words, is already

13  reflected in the book, and Plaintiffs already have had more than enough time to question Mr.

14  Ellison about the book. *See id.*[10] That time, plus the additional 3.5 hours already granted under

15  the Court's December 14, 2006 Order, is more than enough time for a "fair" examination of Mr.

16  Ellison. *See* Fed. R. Civ. P. 30(d)(2).

17         Finally, Plaintiffs' have pointed to nothing in the transcripts that would provide a

18  basis for additional deposition time with Ms. Catz. Plaintiffs claim that Ms. Catz should be

19  subjected to additional deposition time (on top of that already ordered pursuant to their October

20  30 motion) because she was a high-ranking executive at Oracle during the relevant time period,

21  shared a business suite with Mr. Ellison and attended upper-level meetings with him. *See*

22  Motion at 5. None of these bases pertains uniquely to interview transcripts of Mr. Ellison

23  created in preparation of *Softwar*. Nothing about *Softwar* applies uniquely to Ms. Catz. These

24  materials are interviews of Mr. Ellison, not of Ms. Catz. *See, e.g., Harris v. Computer Assocs.*

25  *Int'l, Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001) ("Depositions of high level corporate executives

26

27

28

[10]   Indeed, the book, which was published well before discovery in the case commenced, contains interview quotes from Mr. Ellison pertaining to the very the topics cited by Plaintiffs in their Motion. *See, e.g.*, Ex. 18 (*Softwar* Excerpts) at 169 (integration of Suite 11i), 183 (Oracle's billion dollar savings claim), 191-92 (the timing and release of Suite 11i and specifically the Order Management Module), 234 (specific customer implementations).

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-M11 (JCS)

1  may be duplicative, cumulative and burdensome where the person sought to be deposed has no

2  personal knowledge of the events in dispute."). They certainly do not provide a basis for more

3  deposition time with her any more than they would Oracle's entire roster of senior executives.

4          2.    Plaintiffs' Request for Additional Time to Question Ellison about

5              Materials they Might Obtain from Third Parties is Purely Speculative.

6          Plaintiffs have requested additional time to question Mr. Ellison "regarding any

7  information discovered pursuant to" their third party *Softwar* discovery. *See* Motion at 8.

8  Plaintiffs cite no such information. Plaintiffs ask the Court to grant them additional time to

9  question Mr. Ellison about materials or information from third parties pertaining to *Softwar in*

10  *the event* they receive any. The basis for this request is purely speculative, and it fits a pattern of

11  Plaintiffs insisting on more time with Oracle's top executives regardless of the actual state of

12  discovery in the case. Plaintiffs telegraphed their desire to bring this motion before they had

13  seen many of the documents that now form its purported basis. *See* Ex. 17 (Jan. 16, 2007 Tr.) at

14  4:23-5:3; Ex. 16 (Jan. 30, 2007 Stipulation). Now, in bringing the motion, they cite as

15  justification documents they might someday receive from third parties to the litigation. Plaintiffs

16  clearly have had their minds made up that they will bring this motion whether the record

17  supports it or not. Plaintiffs' speculation that they might receive materials or information does

18  not properly form the basis of a request for additional deposition time.

19          3.    Plaintiffs Already Have Sufficient Time to Question Mr. Ellison About

20              His Knowledge of the Unavailability of *Softwar* Materials.

21          Plaintiffs claim that they need additional deposition time with Mr. Ellison to ask

22  him about "his efforts to preserve" materials that are the subject of the Court's December 29,

23  2006 Order regarding the production of *Softwar* materials. *See* Motion at 8. These materials,

24  however, never have been in the physical possession, custody or control of Mr. Ellison. As

25  Plaintiffs are aware, these materials always resided in the physical possession, custody and

26  control of Matthew Symonds, the author of *Softwar*. *See* Ex. 19 (Jan. 15, 2007 Letter from P.

27  Wald to S.M. Infante) at 2; Ex. 14 (February 22, 2007 Letter from P. Gibbs to M. Solomon). As

28  such, Mr. Ellison's efforts to preserve them consist of a request, though Mr. Ellison's counsel,

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO
         9
DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-MJJ (JCS)

1   that Mr. Symonds preserve them. Ex. 19 (Jan. 15, 2007 Letter from P. Wald to S.M. Infante);

2   Ex. 14 (February 22, 2007 Letter from P. Gibbs to M. Solomon).[11]  Plaintiffs already know this.

3   *See id.*  And, as plainly can be seen from the record with respect to these materials, Mr. Ellison

4   was not involved personally in the circumstances surrounding their unavailability. *Id.*  Plaintiffs'

5   questioning on this topic will be short and fruitless, and in any event can be exhausted in a

6   fraction of the time already permitted by the Court's Order granting in part Plaintiffs' previous

7   request for additional time.

8          C.      **Defendants' Supplemental Accounting Productions Do Not Warrant**

9                  **Additional Deposition Time for Mr. Ellison or Ms. Catz**

10                With respect to the recent accounting productions, Plaintiffs have failed to

11  identify a *single* document that would justify their request for additional deposition time with

12  Mr. Ellison and Ms. Catz. Indeed, neither Mr. Ellison nor Ms. Catz appears as a custodian,

13  sender or recipient of any of the roughly 782,000 pages that comprise Defendants' supplemental

14  accounting productions from January and February 2007. Mr. Ellison and Ms. Catz are not even

15  copied on these documents.

16                This cannot come as a surprise to Plaintiffs. Plaintiffs have conceded that the

17  supplemental accounting documents relate to Oracle's bad debt transfers in the second quarter of

18  fiscal year 2001, and the 2002 "unapplied cash" project. *See* Motion at 6. As Plaintiffs are

19  aware, both activities were performed by entry-level collections staff working at Oracle's

20  Rocklin, California facility. Mr. Ellison and Ms. Catz – whom Plaintiffs accurately describe as

21  Oracle's "most senior executives" – were not involved in either undertaking. As a result,

22  Plaintiffs are forced to acknowledge that they cannot identify any relevant documents, nor can

23  they articulate a line of questioning based upon the supplemental accounting documents, that

24  would justify an extension of time to depose Mr. Ellison and Ms. Catz. *See* Motion at 6

25  ("Plaintiffs . . . are unable to offer detailed descriptions of the documents and lines of

26  questioning which they wish to examine Ellison and Catz regarding.").

27

28  [11]   Plaintiffs, of course, will have the opportunity to depose Mr. Symonds himself about these
        issues very soon.

LATHAM&WATKINS∞
ATTORNEYS AT LAW
San Francisco

10

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-MJJ (JCS)

FROM LATHAM & WATKINS LLP Fax Machine #2        (FRI) 3. 2'07 16:42/ST. 16:39/NO. 4861909142 P 15

1       The only tangible "support" Plaintiffs proffer in furtherance of their request

2    relates to Mr. Ellison's relationship with General Electric ("GE"). Plaintiffs apparently believe

3    that Mr. Ellison's role as GE's Executive Sponsor – coupled with the fact that there are debit

4    memos associated with certain GE transactions – necessarily means that Mr. Ellison was

5    involved in the bad debt transfers or the unapplied cash project. Plaintiffs, however, do not and

6    cannot provide any support for this speculative leap, nor do they explain how Mr. Ellison's

7    Executive Sponsor relationship with GE, standing alone, supports their request for additional

8    deposition time. Indeed, Plaintiffs were aware of these facts before Mr. Ellison's depositions,

9    and they already questioned Mr. Ellison about his role as GE's Executive Sponsor. See Ex. 4

10   (July 13, 2006 Ellison Depo. Tr.) at 48:26-27. Moreover, Plaintiffs had the Script Output, which

11   contains the complete accounting histories for 33 different GE-related transactions that contain

12   debit memos in their accounting histories, prior to deposing Mr. Ellison. See Ex. 20 (Oct. 25,

13   2006 letter from B. Glennon to E. Greenstein). Thus, Plaintiffs had every opportunity to

14   question Mr. Ellison regarding his relationship with GE, the debit memos that appear in the

15   accounting histories of certain GE transactions or any refunds issued to GE.[12] Plaintiffs chose

16   not to pursue this line of questioning with Mr. Ellison or Ms. Catz as a matter of strategy, and

17   not, as the Motion suggests, for lack of evidence.[13]

18

19   [12] Plaintiffs' justification for seeking additional deposition time with Ms. Catz is even more
20   attenuated. Ellison's relationship with GE obviously has nothing to do with Ms. Catz, and
     Plaintiffs have not identified a single document from the supplemental accounting production
21   that justifies additional deposition time with Ms. Catz. Instead, Plaintiffs claim that Ms. Catz
     is the current CFO of Oracle, that she attended Finance and Audit Committee meetings and
22   that she is "heavily involved" in quarterly closing activities. See Motion at 7. This
     information, however, is not "new," nor does it have anything to do with Defendants'
23   supplemental accounting productions.

     [13] Plaintiffs' allegations regarding Jennifer Minton, although completely unfounded, ultimately
24   are irrelevant. As an initial matter, contrary to Plaintiffs' accusations, Ms. Minton did not
     make any "demonstratively . . . false representations" about the 2002 unapplied cash project.
25   See Motion at 7. Ms. Minton originally testified that while she was not involved in and did not
     recall the results, she "thought it was appropriate for legal to keep [her] involved." See Ex.
26   21 (July 7, 2006 Minton Depo. Tr.) at 162:13-14 and 175:18-19. After reflecting on her
     testimony, Ms. Minton later clarified that she did, in fact, recall "becom[ing] aware of the
27   results of the investigation" outside of a privileged context and that "there was not a material
     impact on [Oracle's 2001] financial statements." Ex. 22 (September 25, 2006 Depo. Tr.) at
28   278:15-279:20. Thus, Ms. Minton never made any "false representations" about the 2002
     unapplied cash project. Perhaps more importantly, Plaintiffs deposed Ms. Minton for two

LATHAM&WATKINS~
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-MJJ (ICS)

1   Finally, Plaintiffs' contention that the "370,000 page" supplemental accounting

2   production represents Defendants' first production relating to the bad debt transfers or the

3   unapplied cash project simply is incorrect and misleading. *See* Ex. 23 (Oct. 20, 2006 Letter from

4   B. Glennon to E. Greenstein); Ex. 24 (Declaration of Judy Hui in support of Defendants'

5   Opposition to Plaintiffs' Motion to Enforce the Court's July 17, 2006 Order and to Compel

6   Additional Accounting Documents Based on Recent Testimony and Evidence) at ¶ 13.

7   Defendants previously produced electronic information and documents pertaining to bad debt

8   transfers and the unapplied cash project to the extent such data or documents appeared in the

9   accounting history of a transaction that also included one of the 926 debit memos. Thereafter,

10   Plaintiffs deposed numerous accounting witnesses at length regarding both the bad debt transfers

11   and the unapplied cash project (and Defendants permitted these lines of questioning). Among

12   others, Plaintiffs questioned extensively Molly Littlefield (Venkataramana), Michael Quinn,

13   Thomas Williams, Ian Hatada, Raul Campos and Jeffrey Henley regarding both issues. Plaintiffs

14   could have questioned, but chose not to question, Mr. Ellison and Ms. Catz on these issues.

15   Given their lack of involvement in these events, Plaintiffs certainly have more than enough time

16   remaining with Mr. Ellison and Ms. Catz to cover any outstanding accounting issues, and probe

17   any document from Defendants' supplemental accounting productions. There is no legitimate

18   basis, however, for Plaintiffs to contend that they need additional deposition time with Mr.

19   Ellison and Ms. Catz based upon the supplemental accounting productions.

20   ///

21   ///

22   ///

23   ///

24   ///

25

26   days *before* they deposed Mr. Ellison and Ms. Catz. In addition, the "Upside Reports"
(NDCA-ORCL 000246-000263) cited in the Motion were not produced as part of the
27   supplemental accounting productions, but instead, were produced *over two years ago*, in
January 2005. *See* Motion at 7. Thus, neither Ms. Minton's testimony nor the "Upside
28   Reports" provides any basis for affording Plaintiffs additional time to depose Mr. Ellison and
Ms. Catz.

ATHAM&WATKINS<sup></sup>
ATTORNEYS AT LAW
San Francisco                                                          12

DEFS' OPP. TO PLFS' MOT. TO COMPEL ADDITIONAL DEPOS.
TIME WITH ELLISON AND CATZ
Master File No. C-01-0988-MJJ (JCS)

**IV.   CONCLUSION**

2        Based on the foregoing, Defendants respectfully request that Plaintiffs'

3  [Renewed] Motion to Compel Additional Deposition Time For The Depositions of Larry Ellison

4  and Safra Catz be denied in its entirety.

5  Dated: March 2, 2007                          Respectfully submitted,

6                                                LATHAM & WATKINS LLP
7                                                  Peter A. Wald
                                                   Michele F. Kyrouz
8                                                  Patrick E. Gibbs
                                                   Jamie L. Wine
9
                                               By: Patrick E. Gibbs/SRTC
10                                                 Patrick E. Gibbs
11                                             Attorneys for Defendants
                                               ORACLE CORPORATION, LAWRENCE
12                                             J. ELLISON, JEFFREY O. HENLEY and
                                               EDWARD J. SANDERSON
13

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111-2562.

On **March 2, 2007**, I served the following document described as:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' [RENEWED] MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

**DECLARATION OF SEAN P.J. COYLE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' [RENEWED] MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

by serving a true copy of the above-described document in the following manner:

## BY HAND DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

The Honorable Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Shawn A. Williams, Esq.
Willow E. Radcliffe, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman &
    Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238

FROM LATHAM & WATKINS LLP Fax Machine #2          (FRI) 3. 2'07 16:42/ST. 16:39/NO. 4861909142 P 19

## BY FACSIMILE

I am familiar with the office practice of Latham & Watkins LLP for collecting, processing, and transmitting facsimiles. Under that practice, when a facsimile is deposited with the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. I deposited the above-described document for facsimile transmission in accordance with the office practice of Latham & Watkins LLP for collecting and processing facsimiles. The facsimile of the above-described document was transmitted to the following party from San Francisco, California on March 2, 2007, at the time noted on the attached confirmation sheet:

| | |
|---|---|
| Mark Solomon, Esq. | Shawn A. Williams, Esq. |
| Douglas Britton, Esq. | Willow E. Radcliffe, Esq. |
| Lerach, Coughlin, Stoia, Geller, Rudman & | Lerach, Coughlin, Stoia, Geller, Rudman & |
| Robbins LLP | Robbins LLP |
| 655 West Broadway, Suite 1900 | 100 Pine Street, Suite 2600 |
| San Diego, CA 92101 | San Francisco, CA 94111-5238 |
| Fax No.: (619) 231-7423 | Fax No.: (415) 288-4534 |

The facsimile number of the sending machine is (415) 395-8095. Said transmission was complete and without error. The party on whom this facsimile transmission has been served has agreed in writing to such form of service pursuant to agreement.

## BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Federal Express. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Federal Express; such documents are delivered for overnight mail delivery by Federal Express on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Federal Express:

Mark Solomon, Esq.
Douglas Britton, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 2, 2007**, at San Francisco, California.

_____
Doreen Griffin

1     LATHAM & WATKINS LLP            LATHAM & WATKINS LLP
        Peter A. Wald (SBN 85705)          Patrick E. Gibbs (SBN 183174)
2       Michele F. Kyrouz (SBN 168004)      140 Scott Drive
        Sean P. J. Coyle (SBN 233039)        Menlo Park, California 94025
3     505 Montgomery Street, Suite 2000      Telephone: (650) 328-4600
    San Francisco, CA 94111-2562         Facsimile: (650) 463-2600
4     Telephone: (415) 391-0600          E-mail: patrick.gibbs@lw.com
    Facsimile: (415) 395-8095
5     E-mail: peter.wald@lw.com
           michele.kyrouz@lw.com
6
    LATHAM & WATKINS LLP
7       Jamie L. Wine (SBN 181373)
    633 West Fifth Street, Suite 4000
8     Los Angeles, CA 90071-2007
    Phone: (213) 485-1234
9     Fax: (213) 891-8763
    E-mail: jamie.wine@lw.com
10
    Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
11   J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON
12
    ORACLE CORPORATION
13     Dorian E. Daley (SBN 129049)
      James C. Maroulis (SBN 208316)
14   500 Oracle Parkway
    Mailstop 5OP7
15   Redwood Shores, California 94065
    Telephone: (650) 506-5200
16   Facsimile: (650) 506-7114
    E-mail: jim.maroulis@oracle.com
17
    Attorneys for Defendant ORACLE CORPORATION
18
19                 **UNITED STATES DISTRICT COURT**
20        **NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

21

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ (JCS) (Consolidated) |
| | CLASS ACTION |
| This Document Relates To: | DECLARATION OF SEAN P.J. COYLE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' [RENEWED] MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ |
| ALL ACTIONS. | |

22
23
24
25
26
27
28

                    **CONFIDENTIAL**

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF SEAN P.J. COYLE IN SUPPORT OF DEFS' OPP. TO
PLFS' MOT. TO COMPEL ADDITIONAL DEPOS. TIME WITH
ELLISON AND CATZ

1    I, Sean P.J. Coyle, declare as follows:

2    1.    I am an attorney duly licensed to practice before all the courts of the State

3    of California. I am an associate with the law firm of Latham & Watkins LLP, counsel of record

4    for Defendants in the above-entitled action. I have personal knowledge of the matters stated

5    herein and, if called upon, I could and would competently testify thereto.

6    2.    I submit this declaration in support Defendants' Opposition to Plaintiffs'

7    [Renewed] Motion to Compel Additional Time for the Depositions of Larry Ellison and Safra

8    Catz.

9    3. Attached hereto as Exhibit 1 is a true and correct copy of the December 17,

10   2004 Amended Pretrial Order.

11   4. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' Motion to

12   Compel Two-Day Deposition of Defendants and Certain Witnesses and to Compel Deposition

13   Before the Discovery Cut-Off, filed on June 2, 2006

14   5. Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the

15   transcript of the June 20, 2006 Hearing in this case before the Special Master.

16   6. Attached hereto as Exhibit 4 is a true and correct copy of the transcript of the

17   July 13, 2006 Deposition in this case of Larry Ellison.

18   7. Attached hereto as Exhibit 5 is a true and correct copy of the transcript of the

19   September 21, 2006 Deposition in this case of Larry Ellison.

20   8. Attached hereto as Exhibit 6 is a true and correct copy of the transcript of the

21   February 26, 2004 Deposition of Larry Ellison in the coordinated proceeding *In re: Oracle*

22   *Corporation* Derivative Litigation.

23   9. Attached hereto as Exhibit 7 is a true and correct copy of the transcript of the

24   February 27, 2004 Deposition of Larry Ellison in the coordinated proceeding *In re: Oracle*

25   *Corporation* Derivative Litigation.

26   10. Attached hereto as Exhibit 8 is a true and correct copy of the transcript of the

27   July 20, 2006 Deposition in this case of Safra Catz.

28

1

11. Attached hereto as Exhibit 9 is a true and correct copy of Plaintiffs' Motion to Compel the Depositions of Christopher Balkenhol and Dorian Daley and Additional Time for the Depositions of Larry Ellison and Safra Catz, filed October 30, 2006.

12. Attached hereto as Exhibit 10 is a true and correct copy of Plaintiffs' Motion to Compel Defendants' Production of Documents Concerning and Created in Preparation for the Book *Softwar*, filed October 30, 2006.

13. Attached hereto as Exhibit 11 is a true and correct copy of the Court's December 14, 2006 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel the Depositions of Christopher Balkenhol and Dorian Daley and Additional Time for the Depositions of Larry Ellison and Safra Catz.

14. Attached hereto as Exhibit 12 is a true and correct copy of the Court's December 29, 2006 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Defendants' Production of Documents Concerning and Created in Preparation for the Book *Softwar*.

15. Attached hereto as Exhibit 13 is a true and correct copy of a January 16, 2007 letter from Rees Morgan on behalf of Defendants to Shawn Williams on behalf of Plaintiffs.

16. Attached hereto as Exhibit 14 is a true and correct copy of a February 22, 2007 letter from Patrick Gibbs on behalf of Defendants to Mark Solomon on behalf of Plaintiffs.

17. Attached hereto as Exhibit 15 is a true and correct copy of a February 23, 2007 letter from Sean Coyle on behalf of Defendants to the Honorable Edward A. Infante, Special Master in this matter.

18. Attached hereto as Exhibit 16 is a true and correct copy of the January 30, 2007 Stipulation and Order Setting a Deadline and Briefing Schedule for Plaintiffs' Contemplated Motion to Compel Additional Time for the Depositions of Larry Ellison and Safra Catz.

19. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the transcript of the January 16, 2007 hearing before the Special Master.

1       20. Attached hereto as Exhibit 18 are true and correct copies of excerpts from the

2   book *Softwar: An Intimate Portrait of Larry Ellison and Oracle*, published by Simon & Shuster

3   in 2003.

4       21. Attached hereto as Exhibit 19 is a true and correct copy of a January 15, 2007

5   letter from Peter Wald on behalf of Defendants to the Honorable Edward A. Infante, Special

6   Master in this matter.

7       22. Attached hereto as Exhibit 20 is a true and correct copy of an October 25,

8   2006 letter from Brian Glennon on behalf of Defendants to Eli Greenstein on behalf of Plaintiffs.

9       23. Attached hereto as Exhibit 21 is a true and correct copy of excerpts from the

10   transcript of the July 7, 2006 Deposition in this case of Jennifer Minton.

11       24. Attached hereto as Exhibit 22 is a true and correct copy of excerpts from the

12   transcript of the September 25, 2006 Deposition in this case of Jennifer Minton.

13       25. Attached hereto as Exhibit 23 is a true and correct copy of an October 20,

14   2006 letter from Brian Glennon on behalf of Defendants to Eli Greenstein on behalf of Plaintiffs.

15       26. Attached hereto as Exhibit 24 is a true and correct copy of the Declaration of

16   Judy Hui in support of Defendants' Opposition to Plaintiffs' Motion to Enforce the Special

17   Master's July 17, 2006 Order and to Compel Additional Accounting Documents Based on

18   Recent Testimony and Evidence, filed on November 13, 2006.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

3

FROM LATHAM & WATKINS LLP Fax Machine #2      (FRI) 3. 2'07 16:43/ST. 16:39/NO. 4861909142 P 24

1          I hereby certify under penalty of perjury under the laws of the State of California

2    that the foregoing is true and correct and that this declaration was executed on March 2, 2007 in

3    San Francisco, California.

4    Dated: March 2, 2007                          Respectfully submitted,

5                                                  LATHAM & WATKINS LLP
                                                       Peter A. Wald
6                                                      Michele F. Kyrouz
                                                       Patrick E. Gibbs
7                                                      Jamie L. Wine
                                                       Sean P.J. Coyle
8

9                                                  By:
                                                       Sean R.J. Coyle
10                                                     Attorneys for Defendants ORACLE
                                                       CORPORATION, LAWRENCE J.
11                                                     ELLISON, JEFFREY O. HENLEY,
                                                       and EDWARD J. SANDERSON
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATHAM&WATKINS─
Attorneys at Law                                       DECL. OF SEAN P.J. COYLE IN SUPPORT OF DEFS' OPP. TO
San Francisco                                    4     PLFS' MOT. TO COMPPL ADDITIONAL DEPOS. TIME WITH
                                                          ELLISON AND CATZ

FROM LATHAM & WATKINS LLP Fax Machine #2      (FRI) 3. 2'07 16:43/ST. 16:39/NO. 4861909142 P 25

## PROOF OF SERVICE

       I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA  94111-2562.

       On **March 2, 2007**, I served the following document described as:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' [RENEWED] MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

**DECLARATION OF SEAN P.J. COYLE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' [RENEWED] MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

by serving a true copy of the above-described document in the following manner:

## BY HAND DELIVERY

       I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.  Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business.  I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

| | |
|---|---|
| The Honorable Edward A. Infante (Ret.)<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, CA 94111 | Shawn A. Williams, Esq.<br>Willow E. Radcliffe, Esq.<br>Lerach, Coughlin, Stoia, Geller, Rudman &<br>   Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111-5238 |

## BY FACSIMILE

I am familiar with the office practice of Latham & Watkins LLP for collecting, processing, and transmitting facsimiles. Under that practice, when a facsimile is deposited with the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. I deposited the above-described document for facsimile transmission in accordance with the office practice of Latham & Watkins LLP for collecting and processing facsimiles. The facsimile of the above-described document was transmitted to the following party from San Francisco, California on March 2, 2007, at the time noted on the attached confirmation sheet:

Mark Solomon, Esq.  
Douglas Britton, Esq.  
Lerach, Coughlin, Stoia, Geller, Rudman &  
   Robbins LLP  
655 West Broadway, Suite 1900  
San Diego, CA 92101  
Fax No.: (619) 231-7423

Shawn A. Williams, Esq.  
Willow E. Radcliffe, Esq.  
Lerach, Coughlin, Stoia, Geller, Rudman &  
   Robbins LLP  
100 Pine Street, Suite 2600  
San Francisco, CA 94111-5238  
Fax No.: (415) 288-4534

The facsimile number of the sending machine is (415) 395-8095. Said transmission was complete and without error. The party on whom this facsimile transmission has been served has agreed in writing to such form of service pursuant to agreement.

## BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Federal Express. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Federal Express; such documents are delivered for overnight mail delivery by Federal Express on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Federal Express:

Mark Solomon, Esq.  
Douglas Britton, Esq.  
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP  
655 West Broadway, Suite 1900  
San Diego, CA 92101

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 2, 2007**, at San Francisco, California.

Doreen Griffin

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

8

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

9

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ(JCS) (Consolidated) |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ |
| ALL ACTIONS. | |
| | Honorable Edward A. Infante (Ret.) |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER DENYING PLTFS' MOT TO COMPEL
ADDTL TIME FOR THE DEPS OF ELLISON AND CATZ

1    The Court, having reviewed parties' papers regarding Plaintiffs' Motion to

2    Compel Additional Time for the Depositions of Larry Ellison and Safra Catz, and any argument

3    thereon, and good cause therefore appearing, hereby **ORDERS** that Plaintiffs' Motion to Compel

4    Additional Time for the Depositions of Larry Ellison and Safra Catz is **DENIED.**

5

6              IT IS SO ORDERED.

7

8    DATED: _____            _____

9                                       Honorable Edward A. Infante (Ret.)
                                        Special Master
10

11   Submitted by:

12   DATED:  March 2, 2007

13   LATHAM & WATKINS LLP
         Peter A. Wald
14       Patrick E. Gibbs
         Michele F. Kyrouz
15       Jamie L. Wine
         Sean P.J. Coyle
16

17   By: _____
         Sean P.J. Coyle
18       Attorneys for Defendants ORACLE
         CORPORATION, LAWRENCE J.
19       ELLISON, JEFFREY O. HENLEY,
         and EDWARD J. SANDERSON
20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING PLTFS' MOT TO COMPEL
ADDTL TIME FOR THE DEPS OF ELLISON AND CATZ.

1

FROM LATHAM & WATKINS LLP Fax Machine #2          (FRI) 3. 2'07 16:44/ST. 16:39/NO. 4861909142 P 29

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111-2562.

On March 2, 2007, I served the following document described as:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' [RENEWED] MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

**DECLARATION OF SEAN P.J. COYLE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' [RENEWED] MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITIONS OF LARRY ELLISON AND SAFRA CATZ**

by serving a true copy of the above-described document in the following manner:

## BY HAND DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

The Honorable Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Shawn A. Williams, Esq.
Willow E. Radcliffe, Esq.
Lerach, Couglin, Stoia, Geller, Rudman &
    Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238

FROM LATHAM & WATKINS LLP Fax Machine #2     (FRI) 3. 2'07 16:44/ST. 16:39/NO. 4861909142 P 30

## BY FACSIMILE

I am familiar with the office practice of Latham & Watkins LLP for collecting, processing, and transmitting facsimiles. Under that practice, when a facsimile is deposited with the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. I deposited the above-described document for facsimile transmission in accordance with the office practice of Latham & Watkins LLP for collecting and processing facsimiles. The facsimile of the above-described document was transmitted to the following party from San Francisco, California on March 2, 2007, at the time noted on the attached confirmation sheet:

Mark Solomon, Esq.
Douglas Britton, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman &
    Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Fax No.: (619) 231-7423

Shawn A. Williams, Esq.
Willow E. Radcliffe, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman &
    Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
Fax No.: (415) 288-4534

The facsimile number of the sending machine is (415) 395-8095. Said transmission was complete and without error. The party on whom this facsimile transmission has been served has agreed in writing to such form of service pursuant to agreement.

## BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Federal Express. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Federal Express; such documents are delivered for overnight mail delivery by Federal Express on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Federal Express:

Mark Solomon, Esq.
Douglas Britton, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 2, 2007, at San Francisco, California.

_____
Doreen Griffin