# EXHIBIT A

Foster, George  7/6/2007  8:56:00 AM

### Page 1

```
 1             IN THE UNITED STATES DISTRICT COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN FRANCISCO DIVISION
 4
 5   In re ORACLE CORPORATION
 6   SECURITIES LITIGATION.
 7            Master File No. C-01-0988-MJJ
 8   This Document Relates To:
 9
10   ALL ACTIONS.
11   _____/
12
13                       ---oOo---
14
         VIDEOTAPED DEPOSITION OF GEORGE FOSTER
15
                  FRIDAY, JULY 6, 2007
16
                       ---oOo---
17
18
19
20          SHEILA CHASE & ASSOCIATES
                  REPORTING FOR:
21           LiveNote World Service
           221 Main Street, Suite 1250
22         San Francisco, California 94105
              Phone: (415) 321-2311
23            Fax:   (415) 321-2301
24   Reported by:
     DIANA NOBRIGA, CSR, CRR
25   LICENSE NO. 7071
```

### Page 2

```
 1                      I N D E X
 2                 INDEX OF EXAMINATION
 3                                       PAGE
 4   EXAMINATION BY MR. BRITTON               5
 5                      ---oOo---
 6                 INDEX OF EXHIBITS
 7   DESCRIPTION                            PAGE
 8   Exhibit 1   Rebuttal Expert Report of
 9               George Foster                 7
10   Exhibit 2   Affidavit of Raymond J. Lane  166
11   Exhibit 3   Oracle Total Company - Q3 FY01
12               Forecast                    178
13   Exhibit 4   Expert Report of Alan G.
14               Goedde, Ph.D.               181
15   Exhibit 5   Figure II: Pipeline Growth within
16               Quarter vs. Year-Over-Year Actual
17               License Revenue Growth      184
```

### Page 3

```
 1         BE IT REMEMBERED that on Friday, July 6, 2007,
 2   commencing at the hour of 8:56 a.m., thereof, at the LAW
 3   OFFICES OF LERACH, COUGHLIN, STOIA, GELLAR,
 4   RUDMAN & ROBBINS, LLP, 100 Pine Street, Suite 2600,
 5   San Francisco, California, before me, DIANA NOBRIGA, a
 6   Certified Shorthand Reporter in and for the State of
 7   California, personally appeared
 8                 GEORGE FOSTER,
 9   as a witness by the plaintiffs herein, who, being by me
10   first duly sworn, was thereupon examined and testified
11   as hereinafter set forth.
12                     ---oOo---
13   Appearing as counsel on behalf of the Plaintiffs:
14         DOUGLAS R. BRITTON, ESQUIRE
           STACEY KAPLAN, ESQUIRE
15         GAVIN BOWIE, ESQUIRE
           LERACH, COUGHLIN, STOIA, GELLAR,
16         RUDMAN & ROBBINS
           655 West Broadway, Suite 1900
17         San Diego, CA 92101-8498
           Dbritton@lerachlaw.com
18
19   Appearing as counsel on behalf of Defendants:
20         MICHELE F. KYROUZ, ESQUIRE
           ANDREW M. FARTHING, ESQUIRE
21         LATHAM & WATKINS
           505 Montgomery Street, Suite 1900
22         San Francisco, CA 94111-2562
           michele.kyrouz@lw.com
23
24   Also Present:  Alan G. Goedde, Ph.D.; Bruce Deal,
25   Analysis Group; James Terrell, Videographer
```

### Page 4

```
 1         VIDEOGRAPHER:  This begins the videotaped
 2   deposition of George Foster, tape one, Volume I, in the
 3   matter In Re Oracle Securities Litigation, as filed in
 4   the United States District Court for the Northern
 5   District of California, Master File No. C-01-0988-MJJ.
 6   Today's date is July 6, 2007.  The time is 8:56 on the
 7   video monitor.
 8         The video operator today is James Terrell,
 9   representing LiveNote World Service, located at 221 Main
10   Street, Suite 1250, San Francisco, California 94105.
11   The phone number is 415 321-2300.  The court reporter is
12   Diana Nobriga with Sheila Chase and Associates,
13   reporting on behalf of LiveNote World Service.
14         Today's deposition is being taken on behalf of
15   plaintiffs, and is taking place at 100 Pine Street in
16   San Francisco, California.
17         And if counsels will now please introduce
18   yourself and state whom you represent.
19         MR. BRITTON:  Doug Britton with Lerach
20   Coughlin on behalf of plaintiffs.  And with me here
21   today is Stacey Kaplan, Gavin Bowie and Dr. Alan Goedde.
22         MS. KYROUZ:  Good morning.  Michele Kyrouz and
23   Andrew Farthing of Latham and Watkins representing
24   defendants and the witness.  With us is Bruce Deal from
25   Analysis Group.
```

**117**

1  it wasn't supported by the facts.
2      Q. The facts you're identifying are the ones
3  listed in your report; right?
4      A. I can give you some of the facts.
5      Q. What's your understanding of the facts?
6      A. That the question was specifically asked to
7  Mr. Ellison, did he intend to institute more risk into
8  the forecast. And he said no. The question was asked,
9  I believe --
10     Q. He said he wanted them to be more accurate;
11  right?
12     A. He wanted them to be more accurate. But the
13  question was specifically asked did he want more risk,
14  and he said no. And then I believe the question was
15  asked of Mr. Henley, and he said he did not see evidence
16  of that. And it was asked of Ms. Minton, and she said
17  she did not see evidence of that.
18     Q. Did they say they did not see evidence of that
19  or did they say, "I do not recall"?
20     A. I think Ms. Minton said, "I do not recall."
21     Q. So did Mr. Henley; right?
22     A. I can check --
23     Q. Your understanding?
24     A. My understanding is that I think Mr. Henley
25  did say he was not aware of it.

**118**

1      Q. He also said that he's not involved in
2  Ms. Minton's forecast process, too; right?
3      A. I think he has discussions with, meetings with
4  Ms. Minton, where I suspect forecast issues arise.
5      Q. The e-mail that you're talking about in the
6  products division, as you referred to it, what is your
7  understanding about the mechanism that was going to be
8  used to increase the risk in the field forecast as
9  discussed in that e-mail?
10         MS. KYROUZ: Objection; misstates the record
11  and his testimony.
12         THE WITNESS: I don't believe there was a
13  mechanism to increase the risk in the forecast.
14         MR. BRITTON: Q. Okay. Now, did you do any
15  testing to see if there was, in fact, any additional
16  risk put into the field forecast?
17         MS. KYROUZ: Objection; vague.
18         THE WITNESS: The testing I did was to look
19  at, I mean, what were the statements of the people, the
20  key people. And I didn't see any evidence that they
21  were saying that was occurring.
22         MR. BRITTON: Q. Is that the only testing
23  that you think could have been done?
24     A. I think certainly that would be the key one I
25  would look in the first place.

**119**

1      Q. So that's the only testing you did?
2      A. I believe that is the case.
3      Q. If, in fact, that Mr. Ellison's directive
4  people followed, and people actually did put more risk
5  in the forecasts, would that change your opinions about
6  the reasonableness of Oracle's forecast process?
7          MS. KYROUZ: Objection; incomplete
8  hypothetical.
9          THE WITNESS: You can't look at just a number.
10  You have to look at what are the checks and balances.
11  And there are people above and below Ms. Minton, and you
12  would want to check what other factors is going on
13  there.
14         MR. BRITTON: Q. Let me give you a
15  hypothetical. Let me start this way. What is your
16  understanding of the amount of upside that Ms. Minton
17  put into the forecast on December 11th?
18     A. I can -- I don't know the exact number.
19     Q. Roughly.
20     A. I think -- I prefer to just look at the
21  document.
22     Q. You don't have an understanding independent of
23  the report?
24     A. Well, I don't try and remember all the numbers
25  in a report.