LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
WILLIAM S. LERACH (68581)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
 – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSON (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

RECEIVED
MAY 0 9 2005
ALAN N. SALPETER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
|---|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) ) | <u>CLASS ACTION</u><br><br>PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ORACLE CORPORATION, LAWRENCE ELLISON, JEFFERY O. HENLEY AND EDWARD SANDERSON |

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiffs in the above-captioned action, by counsel, hereby request that responding parties produce and permit plaintiffs' counsel to inspect and to copy those documents specified herein which are, as of the date of service hereof, in the possession of, or in any way subject to the control of, defendants Oracle Corporation, Lawrence Ellison ("Ellison"), Jeffery O. Henley ("Henley") and Edward Sanderson ("Sanderson") within 30 days of service of the Request at the offices of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 100 Pine Street, Suite 2600, San Francisco, California, 94111, or at such other place which shall be agreed upon by counsel for the parties. Defendants shall produce said documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. Defendants are further required to supplement the responses.

## I.   DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1. "Oracle" or the "Company" refers to defendant Oracle Corporation and its parents, subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, employees, representatives, or agents.

2. "Individual Defendants" refers to Ellison, Henley, Sanderson and any employees, implied or express agents, attorneys, or other persons or entities acting in conjunction with them or on their behalf.

3. "Defendants" refers to Oracle and the Individual Defendants and their predecessors, successors, parents, subsidiaries, divisions, or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

4. "Document" or "documents" has the same meaning as Fed. R. Civ. P. 34 and includes, in the broadest sense possible, but is not limited to, any written, printed, typed, photostated, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or

subsequently created which have any notes or other markings. Without limiting the generality of the foregoing, "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, photographic recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, including e-mail, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, but not limited to, electromagnetically-sensitive stored media such as floppy disks, hard disks, and magnetic tapes, and any preliminary versions, drafts, or revisions of any of the foregoing.

5.   "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

6.   "Concerning" means relating to, referring to, describing, discussing, evidencing, regarding or constituting.

7.   "Refer" or "relate" or "referring" or "relating" means all documents which explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of, the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

8.   "You" or "your" refers to the defendants upon whom this request is served and all officers, directors, employees, representatives, or agents acting on behalf of each of the responding defendants.

1  9.  "CRM" refers to Oracle's Customer Relationship Management software products and
2  services.
3  10.  "11i" refers to Oracle's 11i Suite of software products and services, including all of
4  its individual modules such as CRM.
5  11.  "GE Capital" refers to GE Capital Corporation and its parents, subsidiaries, divisions,
6  affiliates, operating units, officers, directors, employees, representatives, or agents.
7  12.  "BellSouth" refers to BellSouth Corporation and its parents, subsidiaries, divisions,
8  affiliates, operating units, officers, directors, employees, representatives, or agents.
9  13.  "Telia AB" refers to Telia AB – Sweden or TeliaSonera AB and its parents,
10 subsidiaries, divisions, affiliates, operating units, officers, directors, employees, representatives, or
11 agents.
12 14.  "JDS Uniphase" refers to JDS Uniphase Corporation and its parents, subsidiaries,
13 division, affiliates, domestic and foreign offices, operating units, partners, officers, directors,
14 employees, representatives, or agents.
15 15.  "Hewlett-Packard" refers to Hewlett-Packard Company and its parents, subsidiaries,
16 division, affiliates, domestic and foreign offices, operating units, partners, officers, directors,
17 employees, representatives, or agents.
18 16.  "Nantucket Allserve" refers to Nantucket Allserve, Inc. and its parents, subsidiaries,
19 divisions, affiliates, operating units, officers, directors, employees, representatives, or agents.
20 17.  "Motorola," refers to Motorola, Inc. and its parents, subsidiaries, divisions, affiliates,
21 operating units, officers, directors, employees, representatives, or agents.
22 18.  "Health Net" refers to Health Net, Inc. and its parents, subsidiaries, divisions,
23 affiliates, operating units, officers, directors, employees, representatives, or agents.
24 19.  "Now Foods" refers to Now Foods, Inc. and its parents, subsidiaries, divisions,
25 affiliates, operating units, officers, directors, employees, representatives, or agents.
26 20.  "Telecom New Zealand" refers to Telecom New Zealand Limited and its parents,
27 subsidiaries, divisions, affiliates, operating units, officers, directors, employees, representatives, or
28 agents.

21. "Foster's Group" refers to Foster's Group Limited and its parents, subsidiaries, divisions, affiliates, operating units, officers, directors, employees, representatives, or agents.

22. "Principal Financial Group" refers to The Principal Financial Group, Inc. and its parents, subsidiaries, divisions, affiliates, operating units, officers, directors, employees, representatives, or agents.

23. "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement.

24. "Customer" or "customers" is used in the broadest possible sense, including all members of all target markets.

25. "SEC" refers to the United States Securities and Exchange Commission.

26. "Financial statements" includes, without limitation, the following (whether audited or unaudited, and whether, final, interim, pro forma, complete or partial): consolidated and non-consolidated balance sheets, statements of earnings, revenues, profits and losses, additional paid-in capital, retained earnings, source and application of funds, cash flow statements, projections, notes to each of such statements, and any and all other statements and notes that pertain to the applicable defendant's past or present financial condition, including accountants' workpapers.

27. "Meeting" refers to the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, occurred in connection with some other activity, or was by telephone or teleconferencing.

28. "Board" refers to Oracle's Board of Directors and any committee or subcommittee thereof.

29. "E&Y" means Ernst & Young, LLP and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, officers, directors, board of directors or committees thereof, employees, representatives or agents, including, but not limited to, attorneys, accountants, investment advisors or bankers, and any other person acting or purporting to act on its behalf and all

other entities operated or controlled by E&Y or by any direct or indirect subsidiary or affiliate thereof.

30.   "AA" means Arthur Andersen LLP and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, officers, directors, board of directors or committees thereof, employees, representatives or agents, including, but not limited to, attorneys, accountants, investment advisors or bankers, and any other person acting or purporting to act on its behalf and all other entities operated or controlled by AA or by any direct or indirect subsidiary or affiliate thereof.

31.   "SLC" means the Special Litigation Committee described in Oracle's Form 10-K for the fiscal year ended May 31, 2002 filed with the SEC.

32.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

33.   The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

## II.   INSTRUCTIONS

1.   In responding to these requests, furnish all responsive documents available at the time of production, including documents in the possession of your agents and representatives.

2.   This is a continuing request for the production of documents. If, after making your initial production, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents to plaintiffs.

3.   You are requested to produce all documents described below that are in your custody or under your control in the form and in the same order within each file in which they are located prior to production. The file folders, boxes, binders, or other containers in which such documents are found are also requested to be produced intact, including the title, labels, or other description of each such folder, box, binder, or container.

4.   If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, state the following:

(a)   The date of the document;

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS - C-01-0988-MJJ - 5 -

(b) The name, the present or last known residential and business addresses, the telephone numbers, and the title or position and the occupation of those individuals who prepared, produced, reproduced, or who were recipients of, said documents;

(c) A description of the document sufficient to identify it without revealing the information for which the privilege is claimed;

(d) Each and every fact or basis upon which you claim any such privilege;

(e) The location of the document; and

(f) The custodian of the document.

5. Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to any request must be produced, but that portion of the document for which the objection is asserted may be withheld provided that the above-requested information is furnished.

6. Each document requested herein is requested to be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "REDACTED" on each portion of the document which you have redacted. Redactions should be included on the privilege log described in Instruction 4.

## III. RELEVANT TIME PERIOD

All requests herein refer to the period June 1, 2000 to June 30, 2001 ("relevant time period"), unless otherwise specifically indicated, and shall include all documents that relate, in whole or in part, to such period even though dated, prepared, or received prior to or subsequent to that period.

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS - C-01-0988-MJJ                                                          - 6 -

IV. **DOCUMENT REQUESTS**

REQUEST NO. 1:

All deposition and hearing transcripts recorded in the matter of *In re Oracle Corp. Derivative Litigation*, No. 18751 (Chancery Court, New Castle County, State of Delaware) and in Coordination Proceedings Special Title (Rule 1550(b)) Oracle Cases, JCCP No. 4180.

DATED: May 2, 2005

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
MARK SOLOMON
DOUGLAS R. BRITTON

/s/ SHAWN A. WILLIAMS

SHAWN A. WILLIAMS

401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
JENNIE LEE ANDERSON
MONIQUE C. WINKLER
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Oracle3\REQ00020684.doc

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on May 2, 2005, declarant served PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ORACLE CORPORATION, LAWRENCE ELLISON, JEFFERY O. HENLEY AND EDWARD SANDERSON by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of May, 2005, at San Francisco, California.

_____
RUTH A. CAMERON

ORACLE III (LEAD)
Service List - 5/2/2005     (201-064-1)
Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
  650/331-2000
  650/331-2060(Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
  312/782-0600
  312/701-7711(Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
  650/506-5200
  650/506-7114(Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423(Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534(Fax)