# EXHIBIT 13 REDACTED

# COMPLETE EXHIBIT 13 FILED UNDER SEAL

12.27.06.

#1586A

Vol 85

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
415-774-2611
415-982-5287 (fax)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-09888-MJJ (JCS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS CONCERNING AND CREATED IN PREPARATION FOR THE BOOK SOFTWAR** |
|---|---|

On October 30, 2006, Plaintiffs submitted a motion to compel Defendants Oracle Corporation ("Oracle"), Lawrence J. Ellison ("Ellison"), Jeffrey O. Henley and Edward J. Sanderson (collectively, "Defendants") to produce documents concerning and created in preparation for the book *SOFTWAR*, written by Matthew Symonds. Defendants' opposition to the motion was submitted on November 13, 2006. Plaintiffs' reply was submitted on November 20, 2006. On December 14, 2006, the Special Master issued an order regarding the motion, attached hereto as Exhibit A. In pertinent part, the order provides that:

> The book, co-authored by Mr. Ellison, is clearly relevant to the issues identified in the Discovery Plan. Documents concerning and created for the book appear reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1). The primary question for the Special Master for purposes of this motion is whether Ellison has control over the tapes and transcripts of interviews sought by Plaintiffs. In order to answer this question, the Special Master must review the final agreement between Ellison and Symonds regarding the book. The document plainly is relevant to Plaintiffs' claims, and Defendants have failed to justify any objection to the production of the final agreement. Accordingly, the Special Master, in order to finally resolve the present motion, will require Defendants to submit a copy of the final agreement between Symonds and Ellison for *in camera* review. The Special Master will review the agreement and then determine whether any further documents should be produced.

1

Defendants were ordered to provide the Special Master with a copy of the final agreement within five business days of receipt of the order. On December 20, 2006, Oracle submitted a copy of the final agreement and an amendment to the final agreement. The Special Master has considered the final agreement and the papers and arguments of counsel and rules as follows:

### Background

The final agreement between Ellison and Mr. Symonds is dated February 8, 2001 ("the agreement"). Section 1 of the agreement addresses the duties of the parties to the agreement, wherein Ellison agreed that (1) Symonds would have full access to business meetings provided all commercially sensitive information divulged in such meetings is subject to Clause 2 of the this Agreement; and (2) that he would grant Symonds full access both to Oracle's archives and to Ellison's personal archives, photographs and documents and any other materials necessarily related to the Work. Agreement, § 1(a)(iii & ix). Symonds agreed that:

> Upon completion of the Work, [Symonds will] return to Ellison all tapes, transcripts and working papers provided by Ellison, and not make further use of these materials without Ellison's express written consent.

Agreement, § 1(b)(iv). The agreement's confidentiality clause provides that:

> Both parties understand and agree that all conversations and communication conducted by the parties to this agreement in preparation of the work (except, to the extent which such conversation and communications inform the Work itself, this clause shall apply to such conversations and communications until publication of the Work), including the terms of this Agreement, shall at all times be kept confidential. Symonds agrees to execute the Nondisclosure Agreement by and between Symonds and Oracle Corporation that is attached hereto as Exhibit A.

## REDACTED

> In all cases of this Agreement's termination, regardless of the basis for such termination, Symonds shall promptly upon such termination surrender to Ellison the original copy of all manuscripts, drafts, notes, and other material prepared by him for the Work learned during the course of researching and/or in connection with the Work as well as all audio and video tapes of all interviews conducted in connection with the preparation of the Work and the original and all copies of, all letters, photographs, diaries, and other material furnished by or on behalf of Ellison to Symonds in connection with his preparation of the

Work and shall not retain copies thereof. Neither Symonds nor Ellison shall have the right whatsoever to make any use of any material prepared by Symonds hereunder. Ellison's possession of the original copy of such materials is merely intended to permit the enforcement of this use restriction which, both parties agree, may be enforced by injunctive relief. Symonds shall have no right to use in any way the materials furnished by and on behalf of Ellison.

In the attached Nondisclosure Agreement, Symonds agreed to use Confidential Information solely for the purpose of preparing the Work, and that he will not make Confidential Information available (subject to paragraph 4 of the Nondisclosure Agreement, "Mandatory Disclosure") to any third party. Nondisclosure Agreement, ¶ 3. The Nondisclosure Agreement defines "Confidential Information" to include any information including but limited to that which related to business information disclosed by Oracle to Symonds, either directly, indirectly, in writing or orally. *Id.*, ¶ 2.

Discussion

Plaintiffs' motion seeks to compel production of documents concerning and created in preparation for the book. More specifically, Plaintiffs seek production of: (1) a final copy of the agreement; (2) any other communications or drafts created in preparation for that agreement; and (3) the transcripts, working papers and interview tapes relating to the book.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1). "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

"Any party may serve on any other party a request .. to produce and permit the party making the request ... to inspect ... any designated documents or electronically stored information ... which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a). "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).

Plaintiffs' request for production of the agreement and any interview notes, transcripts or recordings relating to the book appear reasonably calculated to lead to the discovery of admissible evidence. The requested information is responsive to numerous requests for production propounded upon Defendants by Plaintiffs. With respect to these materials, the primary question for the Special Master is whether Ellison has control over the tapes and transcripts of interviews sought by Plaintiffs. The Special Master has reviewed the agreement between Ellison and Symonds. The agreement provides Ellison with "control" over "all tapes, transcripts and working papers provided by Ellison." Defendants' interpretation of the term "provided" is unduly restrictive. The agreement, read as a whole, gives Ellison the legal right to obtain all tapes and transcripts of interviews with Ellison created in the course of the preparation of the book for publication.

The tapes and transcripts likely will contain both relevant and irrelevant information. However, the fact that the tapes and transcripts may include irrelevant or non-responsive information does not provide a basis for the Special Master to order production of less than all tapes and transcripts at issue. Any redaction of "irrelevant" information from the tapes would be burdensome and time consuming. Moreover, as previously noted in other orders, Defendants are not permitted to unilaterally redact information on the basis of relevance. Accordingly, Plaintiffs' motion to compel production of the agreement and any interview notes, transcripts or tape recordings relating to the book is GRANTED IN PART. Defendants shall provide Plaintiffs with a copy of: (1) the final agreement; and (2) any and all tape recordings and/or transcripts of interviews with Ellison created in the preparation of the book.

Plaintiffs' requests for the production of "documents concerning and created for the book" and "any other communications or drafts created in preparation for that agreement," which would include tapes of other interviews created in preparation of the book, do not appear to be reasonably calculated to lead to the discovery admissible evidence, are overbroad, and any

4

response to such requests would be unduly burdensome. Accordingly, the Plaintiffs' motion to compel production of documents responsive to these requests is DENIED. Plaintiffs' request for production of Symonds's written interview notes likewise is DENIED.

Defendants shall provide Plaintiffs with a copy of the final agreement and copies of any and all responsive tapes and/or transcripts no later than January 16, 2007.

IT IS SO ORDERED.

Dated: 12-29-06

_____
Hon. Edward A. Infante (Ret.)
Special Master

5