

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Mark Solomon
MSolomon@Lerachlaw.com

January 12, 2007

VIA E-MAIL AND HAND DELIVERY

The Honorable Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re: *In re Oracle Corporation Securities Litigation*
Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Judge Infante:

Plaintiffs seek an emergency telephonic conference with Your Honor. The audio files and an unknown quantity of other materials required to be produced pursuant to the Special Master's January 2, 2007 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Defendants' Production of Documents Concerning and Created in Preparation for the Book *Softwar* ("Order"), have been intentionally destroyed in direct violation of the Order and of the PSLRA.

The Order requires that no later than January 16, 2007, defendants produce, among other things, "any and all tape recordings and/or transcripts of interviews with Larry Ellison ("Ellison") created in preparation of the book." Last evening, January 11, 2007, defendants informed plaintiffs (by letter attached hereto as Ex. A) that, notwithstanding the Court's Order, all of the audio files of interviews that Matthew Symonds ("Symonds") conducted with Ellison in preparation of *Softwar: An Intimate Portrait of Larry Ellison and Oracle* ("*Softwar*"), and other unspecified materials, were recently and intentionally destroyed. The letter tells an incredible tale, claiming that after speaking with Oracle's lawyers in November 2006, Symonds attempted to, but could not, access the audio files of the Ellison interviews due to an apparent computer virus. According to defendants, rather than repair the computer or preserve and produce the computer in its current form, Symonds ordered an unidentified "repair shop" to "dispose" of the computer altogether.

In short, if defendants' story is to be believed, after synchronizing his position on "control" of the documents with defendants, Symonds, a sophisticated journalist and editor for the worldwide published magazine *The Economist*, ordered the destruction of the raw source audio interviews with Ellison (more than 100 hours) and other materials. Why did Symonds destroy these priceless materials that were subject to Court Order? Apparently, in order to avoid the cost of repairing the computer (around $2000) or producing it or its contents pursuant to Court Order. This destruction was executed, notwithstanding the fact that the evidence stored on the computer was the subject of litigation in which Symonds submitted a declaration for defendants, under oath, just eight weeks ago.



Between January 2, 2007 and January 10, 2007, plaintiffs repeatedly inquired with defendants about the timing and volume of the production of the tapes and documents pursuant to the Order. On January 5, 2007, defense counsel advised plaintiffs' counsel that defendants had not decided whether to take the position that the materials no longer existed or, instead, that Symonds refused to turn them over. See January 5, 2007 letter from Mark Solomon to Patrick Gibbs, attached as Ex. B. In response, Mr. Gibbs defiantly asserted that any claim that he had suggested that the tapes had been destroyed, would be a "lie."

Absent from Mr. Gibbs' letter of January 11, 2007, which describes the intentional spoliation, is any explanation why defendants did not preserve the Ellison materials when they were created, or moreover, why they were not preserved upon the filing of plaintiffs' motion, nor upon the Court's issuance of the Order. Apparently, as late as January 10, 2007, eight days since the issuance of the Order, they had not secured the materials or even spoken to Symonds. Of course, defendants quickly and efficiently communicated with Symonds in order to coordinate their strategies and submit his declaration in support of their desperate opposition to plaintiffs' motion to compel.

This conduct, independent of the other spoliation evidence previously presented to the Court, warrants (and plaintiffs intend to pursue) the most severe sanction. In the meantime however, plaintiffs hereby seek leave to issue a Letter Rogatory to the United Kingdom High Court on an expedited basis to order Symonds under the Hague Convention to produce all materials in his possession or control related to *Softwar*, that he and personnel at the "repair shop" appear for depositions, and that he and defendants be restrained from any further destruction of evidence. Plaintiffs are currently drafting such a request. Plaintiffs also seek leave to issue a subpoena to Simon & Schuster, Inc., publisher of *Softwar*, for all materials related to *Softwar*.

Plaintiffs request an immediate telephonic conference with the Special Master to discuss the above and address what steps have been taken to preserve what, if anything, remains of any materials subject to the Order, the location of such materials, the efforts to recover the disposed of computer, and whether any other entity or person has copies of the audio recordings and other materials subject to the Order. Defendants' failure, thus far, to provide any response to plaintiffs' request of last night for more information (*see* Ex. C attached) underscores the need for immediate Court intervention.

Respectfully submitted,

MARK SOLOMON

MS:rc
Enclosure
T:\CasesSF\Oracle3\Corres\Infante Letter (SAW) 1-12-07.doc

## PROOF OF SERVICE BY E-MAIL

I, RUTH A. CAMERON, not a party to the within action, hereby declare that on January 12, 2007, I served the attached letter dated January 12, 2007, from Shawn A. Williams to the Honorable Edward A. Infante (Ret.). on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR PLAINTIFFS:**

| | | |
|---|---|---|
| Mark Solomon, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP - SD | marks@lerachlaw.com |
| Douglas Britton, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP - SD | dougb@lerachlaw.com |
| Valerie McLaughlin, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP - SD | valeriem@lerachlaw.com |
| Gavin Bowie, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP - SD | gbowie@lerachlaw.com |
| Shawn Williams, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | shawnw@lerachlaw.com |
| Willow Radcliffe, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | willowr@lerachlaw.com |
| Eli Greenstein, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | elig@lerachlaw.com |
| Jennie Anderson, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | jenniea@lerachlaw.com |
| Monique Winkler, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | moniquew@lerachlaw.com |

**COUNSEL FOR DEFENDANTS:**

| | | |
|---|---|---|
| Peter Wald, Esq. | Latham & Watkins<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111 | peter.wald@lw.com |
| Michele Kyrouz, Esq. | Latham & Watkins – SF | michele.kyrouz@lw.com |
| Matthew Harrison, Esq | Latham & Watkins – SF | matthew.harrison@lw.com |
| Patrick Gibbs | Latham & Watkins – Menlo Park | patrick.gibbs@lw.com |
| Brian Glennon | Latham & Watkins –LA | brian.glennon@lw.com |
| Jamie Wine | Latham & Watkins – NY | jamie.wine@lw.com |

# EXHIBIT A

01/11/2007  17:16    6504632600              LATHAM WATKINS                           PAGE  01/03

# LATHAM&WATKINS LLP

140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

**FACSIMILE TRANSMISSION**
January 11, 2007

| To: | Mark Solomon | Fax: (619) 231-7423 | Tel: (619) 231-1058 or |
| --- | --- | --- | --- |
| | LERACH COUGHLIN STOIA GELLER | | (800) 449-4900 |
| | RUDMAN & ROBBINS LLP | | |
| cc: | Shawn A. Williams | Fax: (415) 288-4534 | Tel: (415) 288-4545 |
| | LERACH COUGHLIN STOIA GELLER | | |
| | RUDMAN & ROBBINS LLP | | |

| From: | Patrick E. Gibbs, Esq. |
| --- | --- |
| Re: | *In re Oracle Corporation Securities Litigation* |
| | Master File No. C-01-0988-MJJ (N.D. Cal.) |
| ☐ Original(s) to follow | Number of pages, including cover: 3 |

Please see attached letter dated January 11, 2007.

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal service. Thank you.

If there are any problems with this transmission, please call (415) 395-8015.
SV\971187.1

Patrick E. Gibbs
Direct Dial: (650) 463-4696
patrick.gibbs@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

January 11, 2007

### BY FACSIMILE AND E-MAIL

Mark Solomon
LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

Re: <u>In re Oracle Corporation Securities Litigation</u>

Dear Mark:

      I write to provide you with additional information regarding Defendants' efforts to obtain and produce materials called for by Special Master Infante's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Defendants' Production of Documents Concerning and Created in Preparation for the Book Softwar (the "Order"). As you know, the Order provides that, by January 16, 2007, defendants shall produce to Plaintiffs, among other things, "any and all tape recordings and/or transcripts of interviews with Ellison created in the preparation of the book." Today, I spoke to Matthew Symonds for the first time since defendants received the Order. During our call today, Mr. Symonds informed me, for the first time, that he no longer has possession of certain audio files containing recordings of interviews that he conducted with Larry Ellison in connection with his research for *Softwar*. Mr. Symonds has informed me that he believes he has some hard copies of interview transcripts. Although he does not know the precise volume, he believes it is not substantial. He will be providing us with copies of whatever hard copy transcripts he has as soon as possible. We will, of course, produce them to you as soon as possible after receiving them from Mr. Symonds.

      With regard to the audio files no longer in Mr. Symonds' possession, I provide the following background: When I spoke to Mr. Symonds last November in connection with Plaintiffs' motion to compel *Softwar*-related materials, Mr. Symonds told me that he still had copies of the materials that he had created in the course of his research for the book, including several audio files containing recordings of interviews he conducted with Mr. Ellison. These audio files and some other *Softwar*-related materials were stored on a laptop computer then in Mr. Symonds' possession. During our conversation last November, although Mr. Symonds told me that he considered these materials to be his sole property (as reflected in his declaration), I asked Mr. Symonds to maintain possession of the laptop and other materials pending the

Mark Solomon
January 11, 2007
Page 2

**LATHAM&WATKINS**LLP

resolution of Plaintiffs' motion. During our call today, Mr. Symonds told me that after speaking to me last November, Mr. Symonds attempted to access that laptop computer (which he had not used since writing the book) and found that it had become inoperable (due to a virus, he believes); as such, he was not able to access the audio files or any other materials stored on that computer. Mr. Symonds brought the laptop to a repair shop, which told him that the cost of attempting to fix the computer was approximately the same as the cost to purchase a new computer. Because he believed the materials on the computer were his property (and without contacting me or any of the Defendants), Mr. Symonds instructed the repair shop to dispose of the computer rather than trying to repair it. After receiving our request to provide us with copies of all tapes and transcripts called for by the Order, Mr. Symonds contacted the repair shop, which confirmed that it has disposed of the computer.

We will continue to keep you apprised of our efforts to obtain and produce the materials called for by the Order.

Very truly yours,

Patrick E. Gibbs
of LATHAM & WATKINS LLP

cc:   Shawn Williams

# EXHIBIT B

# LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 WEST BROADWAY, SUITE 1900, SAN DIEGO, CA 92101
(619) 231-1058 -- (619) 231-7423 (FAX)

## FACSIMILE COVERSHEET

|  | | **Fax No.** | **Telephone No.** |
|---|---|---|---|
| **To:** | Patrick E. Gibbs, Esq.<br>Latham & Watkins LLP | 650/463-2600 | |
| **From:** | Mark Solomon | **Date:** | January 5, 2007 |
| **Subject:** | *Oracle III 201064-00001* | | |

---

**Message/Document(s) faxed:**

Please see attached.

**Please call fax operator at 619-231-1058 if all pages are not received.**

ORIGINAL DOCUMENTS: Will follow by ☐ mail ☐ courier – OR - ☒ Will not follow unless requested.

---

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

---

**Number of pages being transmitted including the cover page:** 3

---

FAX OPERATOR: Return originals to:   michele h.                                                          Ext:   4935

S:\UsersSD\MicheleH\faxes\gibbs.doc



Mark Solomon
msolomon@lerachlaw.com

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

January 5, 2007

**VIA FACSIMILE**
650/463-2600

Patrick E. Gibbs, Esq.
Latham & Watkins LLP
135 Commonwealth Drive
Menlo Park, CA 94025

Re: *In re Oracle Corporation Sec. Litig.*
Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Patrick:

When we discussed the status of the case yesterday in advance of our submission to Judge Jenkins today, we requested that you describe the type and quantity of documents you will be producing pursuant to Judge Infante's orders, in order that we can meaningfully assess the schedule. You stated, I recall, that you believed there would be no more documents produced concerning escalations, concessions, or settlements. You stated further that you were not familiar with the status of the accounting documents because the issues were being handled by a colleague. You told us, however, that you were dealing with the Softwar issues.

As you know Judge Infante has ordered defendants to produce the hundreds of hours of tapes and transcripts created in connection with the research and writing of the Softwar book, as well as the final agreement between Ellison and the author. You told us that you were not yet in a position to advise us whether defendants were going to take the position that the materials have been destroyed or that Mr. Symonds is refusing to turn them over. Apparently, you plan on taking one of those two positions.

Your uncertainty regarding the Softwar materials raises many concerns – it seems inconceivable that you do not know if the materials have been destroyed. It is highly unlikely that the author of the biography of one of the richest men on the planet would destroy tapes and transcripts of interviews with his subject. Mr. Symonds indicated they exist still when he signed his November 9, 2006 declaration, procured by you, where he testified under oath that the materials "are" his sole property to which no one else "has" any right of access. Mr. Symonds also testified that he has retained copies of Oracle's Annual Reports that were sent to him. If the tapes and transcripts truly no longer exist, I believe you are well aware of the implications.

655 West Broadway, Suite 1900 • San Diego, California 92101-3301 • 619.231.1058 • Fax 619.231.7423 • www.lerachlaw.com



Patrick E. Gibbs, Esq.
January 5, 2007
Page 2

      Please let us know whether today, you are in a better position to advise us of the status of the Softwar materials. Your prompt response would be appreciated.

Sincerely

MARK SOLOMON

MS:mmh
cc:    Shawn Williams

S:\CasesSD\Oracle3\Corres\gibbs 010507 - ms.doc

# EXHIBIT C



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

marks@lerachlaw.com

January 11, 2006

VIA FACSIMILE

Patrick Gibbs, Esq.
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025

    Re:    *In re Oracle Corp.*
             C-01-0988-MJJ

Dear Patrick:

    I am speechless. The criminal conduct you describe in your e-mail is beyond shocking and your explanation is fantastic. Please advise me as to the steps you now are taking to obtain every Softwar material that has been ordered to be produced. Also describe the steps you are taking to locate the computer and provide the details of the repair shop to which you refer. Also, you must contact Simon and Shuster immediately and instruct them to preserve everything they have relating to Softwar. If the law has been adhered to at all, Simon and Shuster will already have received that instruction years ago, but I doubt that it did.

    You will be hearing from me again shortly.

Sincerely,

MARK SOLOMON

MS:maj

cc:    Peter Wald, Esq.

        Shawn Williams, Esq.

S:\UsersSD\SKaplan\Oracle III\gibbs 1-11-07..doc