Sean P.J. Coyle
Direct: 415-395-8104
sean.coyle@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Tel: (415) 391-0600  Fax: (415) 395-8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

February 23, 2007

**VIA EMAIL AND FACSIMILE**

The Honorable Edward A. Infante (Ret.)
JAMS ADR
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re:   In re Oracle Corporation Securities Litigation

Dear Judge Infante:

I write to inform Your Honor of recent developments regarding the materials you ordered produced pursuant to the Court's December 29, 2006 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Defendants' Production of Documents Concerning and Created in Preparation for the Book *Softwar*. Yesterday, Matthew Symonds informed Defendants' counsel, for the first time, that much of the information provided to us by Matthew Symonds (and consequently relayed by us to Plaintiffs' counsel and to Your Honor) was false. Defendants sent the enclosed letter to Plaintiffs' counsel yesterday notifying them of this development.

Because we have previously conveyed to Your Honor information supplied to us by Mr. Symonds, we feel it is appropriate to forward the letter we sent to Plaintiffs to you, so that you are aware of Mr. Symonds's new version of events. We would note that in our January 15, 2007 letter to Your Honor, Defendants asserted that the dispute concerning Mr. Symonds handling of these tapes and transcripts "involves two parties – Plaintiffs and Defendants – who have NO personal knowledge of the facts." *Id.* at 4. Defendants continue to have no personal knowledge of the facts. All we know is that Mr. Symonds told us one story about what happened to the tapes and transcripts, and yesterday, he told us a different story, asserting that the earlier story was false.

We will inform Your Honor if we learn of any further developments.

Hon. Edward A. Infante (Ret.)
February 23, 2007
Page 2

LATHAM&WATKINS LLP

                                                 Very truly yours,

                                                 Sean P.J. Coyle
                                                 of Latham & Watkins LLP

Enclosures

CC:   Shawn Williams, Esq.
        Mark Solomon, Esq.

Patrick E. Gibbs
(650) 463-4696
patrick.gibbs@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

February 22, 2007

### BY FACSIMILE AND E-MAIL

Mark Solomon, Esq.
LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Re:   In re Oracle Corporation Securities Litigation

Dear Mark:

I write to inform you that Matthew Symonds told us today, for the first time, that much of the information he previously provided to us (and that we, in turn, relayed to Plaintiffs) regarding the laptop computer on which he had stored interview recordings and transcripts was false. Specifically, Mr. Symonds informed us today that, contrary to what he previously told us, he did not try to have the laptop computer repaired; he was never told the laptop had a computer virus; he was never told that the data files on the computer were inaccessible; and he did not instruct a repair shop to dispose of the laptop. Mr. Symonds now claims that, some time after becoming aware of Plaintiffs' motion to compel production of materials related to *Softwar*, he attempted to use the laptop on which the recordings and transcripts were stored, and, because it was not performing properly, he disposed of the computer himself by dropping it off at a facility for the "ecological" disposal of computers and similar items. (He did not identify the facility.) Mr. Symonds claims that the rest of the information he provided to Defendants' counsel (and that we in turn relayed to Plaintiffs) was correct. In particular, Mr. Symonds continues to maintain that, other than the typing service he previously identified, Mr. Symonds did not provide copies of any recordings or transcripts of his interviews with Mr. Ellison to anyone.

As we have previously noted, Defendants have no personal knowledge about the events described by Mr. Symonds (either today or previously), and we have no way to independently verify Mr. Symonds' claims. We do, however, intend to inform Judge Jenkins and Judge Infante of today's developments.

Very truly yours,

Patrick E. Gibbs
of LATHAM & WATKINS LLP

cc:   Shawn A. Williams, Esq. (*by facsimile*)