**Patrick E. Gibbs**
Direct Dial: (650) 463-4696
patrick.gibbs@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: (650) 328-4600  Fax: (650) 463-2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

February 26, 2007

**BY FACSIMILE AND E-MAIL**

Mark Solomon
LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301

      Re:    In re Oracle Corporation Securities Litigation

Dear Mark:

      I write in response to your letter of Friday, February 23, 2007.

      I am not sure what you mean when you refer to my "version" of events.  I have no "version" of the events relating to Matthew Symonds' handling of the interview recordings and transcripts called for by Judge Infante's December 29, 2006 Order.  We have made clear repeatedly that neither we nor our clients have any personal knowledge of the facts regarding Mr. Symonds' handling of these materials.  As such, we can only relay to you what we have been told by Mr. Symonds, who is the only person we know to have had physical possession of the recordings and transcripts in question.

      Your suggestion that Defendants or their counsel are somehow responsible for a potential loss of evidence—and your accusation that we have acted with the intent to "facilitate" the destruction of evidence—is specious.  It is undisputed that neither Defendants nor their counsel have ever had physical possession, custody or control over the interview recordings and transcripts at issue.  At all times those materials have been in the sole physical possession, custody and control of Matthew Symonds, a third party over whom neither we nor our clients have any control.  Although Judge Infante concluded that Mr. Ellison has "control" in the sense that he has the legal right to "obtain" the materials, Defendants believe that conclusion is inconsistent with the plain language of the parties' agreement; both parties' expressed understanding of the agreement; and the parties' performance of the agreement before this dispute arose.  Although we disagreed with Judge Infante's conclusion, we did not immediately appeal the Order.  Instead, we first tried to obtain the materials called for by the Order from Mr. Symonds so we could produce them to Plaintiffs, and we did in fact produce over 200 pages of hard copy transcripts to Plaintiffs after we received them from Mr. Symonds.  (That course of

LATHAM&WATKINS LLP

conduct, I would note, is fundamentally inconsistent with the state of mind you purport to ascribe to us.)

We were as surprised as anyone to hear from Mr. Symonds that he had not preserved all of his interview recordings and transcripts, as I had asked him to do back in November of last year. Since learning that fact, we have relayed to you, in real time, all the information we have been able to gather that might lead to the discovery of any other copies of the materials called for by the Order. The questions I have declined to answer have nothing to do with any effort to locate the materials, but instead were a transparent effort to try and create a record in order to seek sanctions. (Indeed, although I have made this point repeatedly, you have never actually denied it or tried to explain how any of your questions were actually designed to lead to the preservation or discovery of evidence called for by Judge Infante's Order.) We believe any request for sanctions under these circumstances would be frivolous, and we will respond to any such request at the appropriate time. In the meantime, however, we do not intend to engage in a prolonged written argument with you over these issues. Had you spent even half this much energy seeking these materials directly from Mr. Symonds (as you could have done at any time during the nearly two-years of fact discovery in this case), you may well have had them by now.

Very truly yours,

Patrick E. Gibbs
of LATHAM & WATKINS LLP

cc: Shawn Williams