GEORGE R. COREY (No. 34580)
DARIO de GHETALDI (No. 126782)
JERRY E. NASTARI (No. 151756)
AMANDA L. RIDDLE (No. 215221)
COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI BLP
700 El Camino Real
P.O. Box 669
Millbrae, California 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144

JOSEPH J. TABACCO, JR. (No. 75474)
NICOLE LAVALLEE (No. 165755)
KAREN ROSENTHAL (No. 209419)
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
425 California Street, Suite 2025
San Francisco, California 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

JAMES McMANIS (No. 40958)
COLLEEN DUFFY SMITH (No. 161163)
STEFAN KENNEDY (No. 173236)
MATTHEW SCHECHTER (No. 212003)
McMANIS, FAULKNER & MORGAN
160 West Santa Clara Street, Suite 1000
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

Plaintiffs' Co-Lead and Liaison Counsel

**FILED**
SAN MATEO COUNTY
DEC 1 7 2002
Clerk of the Superior Court
By _____ DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN MATEO

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 1550(b))<br><br>ORACLE CASES<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Judicial Council Coordination Proceeding No. 4180<br><br>[~~PROPOSED~~] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENT REQUESTS PROPOUNDED UPON ORACLE CORPORATION<br><br>The Honorable John G. Schwartz, Coordination Trial Judge |

Plaintiffs' motion to compel production of documents (the "Motion") from nominal defendant Oracle Corporation ("Oracle") came on for hearing on August 2, and August 9, 2002. Dario de Ghetaldi, Nicole Lavallee and Colleen Duffy Smith appeared for plaintiffs. Jordan Eth and Kathleen Durousseau appeared for Oracle. Based upon this Court's rulings and the agreement of counsel, the Court ORDERS as follows:

A.  For each document request listed below, unless indicated otherwise, where the Court orders Oracle to produce documents, Oracle will produce all documents, dated, created during, or referring to the period from January 1, 2000, through, and including, January 31, 2001, that were sent to, received by, discussed with, possessed by or for, created by or for and/or maintained by or for any of the following defendants: Michael J. Boskin, Lawrence J. Ellison, Jeffrey O. Henley, and Donald L. Lucas (the "Individual Defendants"), or that any Individual Defendant was made aware of.

**Document Request No. 1.** Withdrawn by plaintiffs without prejudice to plaintiffs propounding an interrogatory on Oracle regarding the same subject matter.

**Document Request No. 2.** Withdrawn by plaintiffs without prejudice to plaintiffs propounding an interrogatory on Oracle regarding the same subject matter.

**Document Request No. 3.** Pursuant to the ruling regarding Request No. 3 in the Order Re Motion To Compel First Set Of Document Requests Propounded Upon Individual Defendants (the "Individual Defendants' Order"), the Individual Defendants will produce documents regarding meetings of Oracle's Board of Directors and meetings of the Board's Executive Management and Compensation Committees. Moreover, pursuant to the Individual Defendants' Order, Oracle will produce all electronic mail within Oracle's possession or control including electronic mail contained on Oracle computers, servers, network or back-up tapes that are responsive to the ruling regarding Request No. 3 in the Individual Defendants' Order. Oracle has also agreed to provide a verification as set forth in § D below.

Oracle also agrees to produce final minutes for the Finance and Audit Committee, but can redact irrelevant or privileged topics, leaving in the subject matter description or adding a subject

1

matter description if none is present, so plaintiffs can challenge any redactions. Oracle agrees to produce relevant exhibits to meetings, meeting binders, notes or memos of meetings and correspondence and electronic mail on any computer used by any of the Individual Defendants as well as all such responsive electronic mail that is available on Oracle computers, servers, network or back-up tapes relating to Finance and Audit Committee meetings concerning relevant subject matters.

**Document Request No. 4.** This request is parallel to Request No. 4 propounded upon the Individual Defendants. Therefore, Oracle and the Individual Defendants will produce responsive documents as set forth in the ruling regarding Request No. 4 in the Individual Defendants' Order. In addition, Oracle will produce all responsive electronic mail within Oracle's possession or control including electronic mail contained on Oracle computers, servers, network or back-up tapes. Oracle has also agreed to provide a verification as set forth in § D below.

Based on these facts, plaintiffs have "tabled" this Request pending review of the documents produced by the Individual Defendants and Oracle. Hereinafter, the term "tabled" means that (i) plaintiffs will not compel further responses to the document request at this time, but reserve their right to renew the request at a later date; and that (ii) Oracle reserves the right to renew its objections to such renewed request.

**Document Request Nos. 5-8.** Oracle will produce all documents, other than documents withheld on privilege grounds, that are responsive to Request Nos. 5-8 for the period January 1, 2000, through the present. To the extent Oracle withholds any responsive documents on attorney-client or attorney work product privilege grounds, it will produce a privilege log. Plaintiffs reserve their right to challenge any claim of attorney-client or work product privilege by letter brief. If they make such a challenge, Oracle will submit its response by letter brief and produce the document(s) to the Court for an *in camera* review.

**Document Request No. 9.** The Court sustained Oracle's objection based upon the attorney work product doctrine and relevancy at this time. Accordingly, no documents need be produced at this time.

2

[PROPOSED] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENTS REQUESTS PROPOUNDED UPON ORACLE CORPORATION

**Document Request No. 10.** This request is parallel to Request No. 5 propounded upon the Individual Defendants, (which incorporates Request Nos. 8(a) and (d)). Therefore, Oracle and the Individual Defendants will produce responsive documents as set forth in the ruling regarding Request No. 5 in the Individual Defendants' Order. In addition, Oracle will produce all electronic mail within Oracle's possession or control including electronic mail contained on Oracle computers, servers, network or back-up tapes that is responsive to the ruling regarding Request No. 5, in the Individual Defendants' Order. Oracle has also agreed to provide a verification as set forth in § D below.

Based on these facts, plaintiffs have "tabled" this Request pending review of the documents produced by the Individual Defendants and Oracle.

**Document Request No. 11.** With respect to responsive information contained on electronic databases, including the OASIS database and the Oracle Sales On-Line database, Oracle will determine whether it is possible to establish: (i) whether any individual defendant, or person acting for them, accessed any information on those systems during the relevant time period, (ii) which databases were accessed; and (iii) what information was received. If it is possible for Oracle to run searches that result in copies of the information accessed by any individual defendant or any person acting for them, then Oracle will produce such information to plaintiffs in hard copy or electronic format. Where Oracle cannot determine what information was accessed from an electronic database or cannot reproduce the information that was accessed, Oracle will meet and confer with plaintiffs regarding what reports can be produced that contains responsive information that was sent to, received by, discussed with, possessed by or for, created by or for and/or maintained by or for any individual defendant, or that any individual defendant was made aware of from January 1, 2000 through January 31, 2001. In either event, Oracle will provide a verification setting forth the steps taken to locate and produce information responsive to this request.

**Document Request No. 12.** This request is parallel to Request No. 5 propounded upon the Individual Defendants. Therefore, Oracle and the Individual Defendants will produce

3

[PROPOSED] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENTS REQUESTS PROPOUNDED UPON ORACLE CORPORATION

responsive documents as set forth in the ruling regarding Request No. 5 in the Individual Defendants' Order. In addition, Oracle will produce all electronic mail within Oracle's possession or control including electronic mail contained on Oracle computers, servers, network or back-up tapes that are responsive to the ruling regarding Request No. 5, in the Individual Defendants' Order. Oracle has also agreed to provide a verification as set forth in § D below.

Based on these facts, plaintiffs have "tabled" this Request pending review of the documents produced by the Individual Defendants and Oracle.

**Document Request No. 13.**

With respect to responsive information contained on electronic databases, including the OASIS database and the Oracle Sales On-Line database, Oracle will determine whether it is possible to establish: (i) whether any individual defendant, or person acting for them, accessed any information on those systems during the relevant time period, (ii) which databases were accessed; and (iii) what information was received. If it is possible for Oracle to run searches that result in copies of the information accessed by any individual defendant or any person acting for them, then Oracle will produce such information to plaintiffs in hard copy or electronic format. Where Oracle cannot determine what information was accessed from an electronic database or cannot reproduce the information that was accessed, Oracle will meet and confer with plaintiffs regarding what reports can be produced that contains responsive information that was sent to, received by, discussed with, possessed by or for, created by or for and/or maintained by or for any individual defendant, or that any individual defendant was made aware of from January 1, 2000 through January 31, 2001. In either event, Oracle will provide a verification setting forth the steps taken to locate and produce information responsive to this request.

**Document Request No. 14.** The parties agreed that production by Oracle will be limited to documents sufficient to show sales discounting policies and programs.

**Document Request No. 15.** Plaintiffs have withdrawn this request, without prejudice to renewing it, pending review of documents produced by the Individual Defendants and Oracle pursuant to Individual Defendants' order.

4

[PROPOSED] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENTS REQUESTS PROPOUNDED UPON ORACLE CORPORATION

**Document Request No. 16.** Oracle has agreed to produce all documents concerning any meeting or communication between any representative of the company on one hand and any securities or financial analyst, representative of any securities firm, money or portfolio manager, journalist, the investing public or public relations agent concerning Oracle's actual or expected, planned, budgeted or forecasted sales, revenues or business performance.

**Document Request No. 17.** Oracle has agreed to produce all responsive documents.

**Document Request No. 18.** This request is parallel to Request No. 10 propounded upon the Individual Defendants. Therefore, Oracle and the Individual Defendants will produce responsive documents as set forth in the ruling regarding Request No. 10 in the Individual Defendants' Order. In addition, Oracle will produce all electronic mail within Oracle's possession or control including electronic mail contained on Oracle computers, servers, network or back-up tapes that are responsive to the ruling regarding Request No. 10 in the Individual Defendants' Order. Oracle has also agreed to provide a verification as set forth in § D below.

Based on these facts, plaintiffs have "tabled" this Request pending review of the documents produced by the Individual Defendants and Oracle.

**Document Request No. 19.** Oracle has agreed to produce all sales reports, revenue reports, reports of costs or expenses, forecasts, cash flow reports, consolidated and non-consolidated balance sheets, budgets, statements of earnings, and notes regarding Oracle's financial condition.

**Document Request No. 20.** Plaintiffs have withdrawn this request without prejudice to their right to renew such request at a later date. Oracle reserves its right to renew its objections to such request.

**Document Request No. 21.** Oracle has agreed to produce all responsive documents.

**Document Request No. 22.** Oracle has agreed to produce all responsive documents.

**Document Request No 23.** Oracle has agreed to produce all responsive documents.

**Document Request No. 24.** Oracle has agreed to produce all responsive documents.

**Document Request No. 25.** Oracle has agreed to produce documents sufficient to show

5

[PROPOSED] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENTS REQUESTS PROPOUNDED UPON ORACLE CORPORATION

1  sales commission policies and procedures.

2  **Document Request No. 26.** Oracle has agreed to produce all responsive documents.

3  **Document Request No. 27.** Oracle has agreed to produce the following documents filed by or on behalf of Oracle with the Securities and Exchange Commission: (i) Annual Reports; (ii) 10-Ks; (iii) 10-Qs; (iv) Forms 3, 4, and 5s for the Individual Defendants (v) Definitive Proxy Statements (Form 14-a).

**Document Request Nos. 28 and 29.** Plaintiffs have withdrawn Request Nos. 28 and 29, without prejudice to their right to renew such requests at a later date. Oracle reserves its right to renew its objections to such requests.

**Document Request Nos. 30 – 32.** These requests are parallel to Request Nos. 22-24 propounded upon the Individual Defendants. Therefore, Oracle and the Individual Defendants will produce responsive documents as set forth in the ruling regarding Request Nos. 22-24 in the Individual Defendants' Order. In addition, Oracle will produce all electronic mail within Oracle's possession or control including electronic mail contained on Oracle computers, servers, network or back-up tapes that are responsive to the ruling regarding Request Nos. 22-24 in the Individual Defendants' Order. Oracle has also agreed to provide a verification as set forth in § D below.

Based on these facts, plaintiffs have "tabled" this Request pending review of the documents produced by the Individual Defendants and Oracle.

**Document Request No. 33.** Oracle has agreed to produce all documents relating to the Individual Defendants' trades in Oracle stock alleged in paragraphs 61-64 of Plaintiffs' Consolidated Derivative Complaint. Oracle has agreed to produce documents responsive to Request No. 33 reflecting communications between Oracle's in-house counsel and the Individual Defendants regarding approvals and requests for approvals of stock trades, on the condition that such production is not a general waiver of the attorney-client or work product privilege. Plaintiffs have agreed that the act of producing such communications is not, in itself, a general waiver of such privileges. However, plaintiffs reserve their right to challenge that any such communications are in fact privileged or that any possible privilege may have been waived for reasons other than

1 | the act of producing such documents here.

2 | **Document Request No. 34.** Oracle will produce all responsive documents concerning any formal or informal investigation, inquiry, sanction or complaint by or for any regulatory organization or entity or any governmental agency concerning the purchase, acquisition, sale or disposition of Oracle stock by any Individual Defendant, or, provide a verification that no such documents exist. Oracle will also produce all responsive documents concerning any formal or informal investigation, inquiry, sanction or complaint by or for Oracle (excluding any investigation by or for Oracle's Special Litigation Committee) concerning the purchase, acquisition, sale or disposition of the Oracle securities from December 1, 2000 through January 31, 2001 by any Individual Defendant, or, provide a verification that no such documents exist.

**Document Request No. 35.** The parties agreed that production by Oracle will be limited to responsive insurance policies (including any D&O policy), and any documents sufficient to show whether any reservation of rights, or controversy, or coverage dispute exists between Oracle and any insurance company for the damages or claims alleged by plaintiffs in this action.

**Document Request No. 36.** Withdrawn by plaintiffs without prejudice to plaintiffs propounding an interrogatory on Oracle regarding the same subject matter.

**Document Request No. 37.** Oracle has agreed to produce all responsive documents with the exception of regularly prepared "bug reports" that are primarily technical in nature where Henley and Ellison may have been aware of such documents simply by virtue of their positions with Oracle, but did not review or discuss.

**Document Request No. 38.** This request is parallel to Request No. 20 propounded upon the Individual Defendants. Therefore, Oracle and the Individual Defendants will produce responsive documents as set forth in the ruling regarding Request No. 20 in the Individual Defendants' Order. In addition, Oracle will produce all electronic mail within Oracle's possession or control including electronic mail contained on Oracle computers, servers, network or back-up tapes that are responsive to the ruling regarding Request No. 20, in the Individual Defendants' Order. Oracle has also agreed to provide a verification as set forth in § D below.

1  Based on these facts, plaintiffs have "tabled" this Request pending review of the
2  documents to be produced by the Individual Defendants and Oracle.

3  **Document Request No. 39.** Plaintiffs have withdrawn Request No. 39, without prejudice
4  to their right to renew it at a later date. Oracle reserves its right to renew its objections to such
5  requests.

6  **Document Request No. 40.** The Court sustained the Individual Defendants' relevancy
7  objection. Accordingly, no documents need be produced at this time.

8  **Document Request No. 41.** This request is parallel to Request No. 5 propounded upon
9  the Individual Defendants. Therefore, Oracle and the Individual Defendants will produce
10 responsive documents as set forth in the ruling regarding Request No. 5 in the Individual
11 Defendants' Order. In addition, Oracle will produce all electronic mail within Oracle's possession
12 or control including electronic mail contained on Oracle computers, servers, network or back-up
13 tapes that are responsive to the ruling regarding Request No. 5, in the Individual Defendants'
14 Order. Oracle has also agreed to provide a verification as set forth in § D below.

15 Based on these facts, plaintiffs have "tabled" this Request pending review of the
16 documents produced by the Individual Defendants and Oracle.

17 **Document Request No. 42.** Oracle has agreed to produce all wireless or cellular
18 telephone bills for the Individual Defendants to the extent Oracle pays for, reimburses for
19 or maintains such phones for the Individual Defendants for the period from December 1, 2000,
20 through January 31, 2001, but can redact irrelevant, personal or privileged information. Oracle
21 will serve a verification that its land based telephone bills are not itemized.

22 **Document Request No. 43.** This request is parallel to Request No.19 propounded upon
23 the Individual Defendants. Therefore, Oracle and the Individual Defendants will produce
24 responsive documents as set forth in the ruling regarding Request No. 19 in the Individual
25 Defendants' Order. In addition, Oracle will produce all electronic mail within Oracle's possession
26 or control including electronic mail contained on Oracle computers, servers, network or back-up
27 tapes that are responsive to the ruling regarding Request No. 19, in the Individual Defendants'
28

8

[PROPOSED] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENTS REQUESTS PROPOUNDED UPON ORACLE CORPORATION

Order. Oracle has also agreed to provide a verification as set forth in § D below.

Based on these facts, plaintiffs have "tabled" this Request pending review of the documents to be produced by the Individual Defendants and Oracle.

B. In order for Oracle to verify that it is producing all responsive documents that fall within the scope definition applicable to the Individual Defendants' and Oracle's document productions, Oracle has agreed that the review process will include, *inter alia*:

- A review of the Individual Defendants' files and files maintained on behalf of the Individual Defendants (including files kept by their assistants).
- A review of all electronic mail on the computers belonging to or used by any of the Individual Defendants and electronic mail, to the extent that such electronic mail has been saved on Oracle's computers, servers, network or back-up tapes.
- A multi-step process that includes (i) contacting the Individual Defendants, their direct reports and other persons at Oracle to determine who communicated information to the Individual Defendants (either regularly or intermittently) regarding the subject matters covered by the document requests; (ii) discussing the location of responsive documents that they have either provided to the Individual Defendants or the contents of which they have discussed with the Individual Defendants; (iii) reviewing the files of such persons to locate responsive documents.
- An analysis of all relevant sales and revenue databases, including forecasting databases to determine what information the Individual Defendants accessed during the relevant time, including the OASIS system and the "Oracle Sales On Line" system.

C. Oracle will produce all responsive documents contained in files belonging to persons who communicated with the Individual Defendants regarding the subject matters covered by the document request where (i) the person indicates that a particular document was likely provided to the Individual Defendants or the Individual Defendants were likely made aware of a

9

[PROPOSED] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENTS REQUESTS PROPOUNDED UPON ORACLE CORPORATION

particular document or its contents; or (ii) the Individual Defendants themselves indicate that they received the document or were made aware of the contents of the document. With respect to the production of responsive documents in the form of electronic mail, the parties are continuing to meet and confer regarding the steps that Oracle will take to locate and restore electronic mail within its possession or control (including electronic mail contained on Oracle's computers, servers, networks or back-up tapes). If the parties are unable to reach agreement regarding the steps to be taken, they will submit letter briefs to the Court to resolve the matter.

D. Oracle will serve a verified response confirming that it has completed a diligent search and reasonable inquiry to locate all documents responsive to this Order, and that it has either produced such documents directly to plaintiffs, or it has provided the Individual Defendants with the responsive documents. With respect to documents that Oracle has provided to the Individual Defendants, Oracle will also produce a log setting forth the bates number for each document provided to the Individual Defendants. The production must begin on September 9, 2002, and will be completed by October 9, 2002.

E. Sanctions against Oracle are denied.

Agreed to as to form and content:

BERMAN DEVALERIO PEASE
TABACO BURT & PUCILLO

NICOLE LAVALLEE
Plaintiffs' Co-Lead and Liaison Counsel

///

///

///

10

[PROPOSED] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENTS REQUESTS PROPOUNDED UPON ORACLE CORPORATION

1  McMANIS, FAULKNER & MORGAN

2  _____
3  COLLEEN DUFFY SMITH
   Plaintiffs' Executive Committee
4

5  MORRISON & FORESTER

6  _____
7  L. KATHLEEN DUROUSSEAU
   Attorneys for Nominal Defendant Oracle Corporation
8

9                              **ORDER**

   IT IS SO ORDERED.
10
   Dated: Dec. 17, 2002
11

12
                                    _____
13                                  JUDGE OF THE SUPERIOR COURT

14

11

[PROPOSED] ORDER RE MOTION TO COMPEL FIRST SET OF DOCUMENTS REQUESTS PROPOUNDED UPON ORACLE CORPORATION