

**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

# FACSIMILE

|  | **Fax No.** | **Telephone No.** |
|---|---|---|
| **TO:** Lana Morton-Owens<br>Brian Glennon<br>LATHAM & WATKINS | 213/891-8763 | 213/485-1234 |

| **From:** | Eli R. Greenstein | **Date:** | June 7, 2007 |
|---|---|---|---|

**Case Code:** 201064-00001

**Subject:** *In re Oracle Securities Litigation*
U.S. District Court, No. Dist. of CA, C-01-0988-MJJ

**Message/Document(s) faxed:**

**Please call fax operator at 415/288-4545 if all pages are not received.**

ORIGINAL DOCUMENTS: Will follow by ☐ mail ☐ courier – OR – ☐ Will not follow unless requested.

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**Number of pages being transmitted including the cover page:** 3

FAX OPERATOR: Return originals to: Eli Greenstein          Ext: 4458

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Eli R. Greenstein
EliG@Lerachlaw.com

June 7, 2007

**VIA FACSIMILE**

Lana Morton-Owens, Esq.
LATHAM & WATKINS LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071-2007
213/891-8763

Re: *In re Oracle Corporation Sec. Litig.*
Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Lana:

I write in response to your May 15, 2007 letter concerning the potential reopening of certain depositions in light of defendants' belated production of relevant documents in January, February, March and April 2007. Your letter claims that defendants "lack the information needed to respond to Plaintiffs' vague suggestion that certain unidentified additional depositions are warranted." Your letter also requests that plaintiffs identify: "(a) each witness [plaintiffs] wish to depose; (b) for how long [plaintiffs] wish to depose each witness; (c) when [plaintiffs] propose to take these depositions; (d) whether [plaintiffs] will limit your questions to the recently produced documents, and (e) whether Plaintiffs are seeking or will be seeking a modification of the case management schedule in this case."

As an initial matter, defendants' implicit suggestion that they may be willing to entertain reopening depositions if plaintiffs provide a list of specific parameters and stipulations is likely too late to cure the prejudice caused by Oracle's failure to timely produce the documents. Your suggestion is also disingenuous given the fact that defendants have resisted nearly every request by plaintiffs to extend or reopen depositions throughout the entire litigation. As a result, plaintiffs have been forced repeatedly to seek court intervention just to secure additional deposition time to question witnesses about documents that were not timely produced.

Defendants have improperly withheld many relevant documents for nearly two years after the documents were ordered by the Court. In many instances, relevant documents were produced many months and even years after pertinent witnesses were deposed, e.g., Greg Myers, Molly Venkataramana, Michael Quinn, Tom Williams, Raul Campos, Terry Elam and Ryan Roberts. There is no doubt that the failure to timely produce plainly relevant and responsive documents has prejudiced plaintiffs' ability to prosecute their case. In fact, the recent productions in February and April 2007 further punctuate the prejudicial conduct which has been pervasive throughout the litigation. Numerous documents in those productions expressly referring and relating to the November 2000 On Account Clean Up and the debit memos were withheld for the entire discovery period based on defendants' false representations to the Court that the 2002 Clean Up was "not related" to the debit memos.



Lana Morton-Owens, Esq.
June 7, 2007
Page 2

See June 6, 2006 Myers Decl. at 7 ("The October 2002 project was **not related** to the November 17, 2000 'on account' clean up.").

The following witnesses whose depositions already occurred were expressly named on the documents in the April 2007 productions: Larry Ellison; Jeff Henley; Safra Catz; Jennifer Minton; Tom Williams; Dan Cooperman; Lauren Segal; Michael Quinn; Greg Myers; Molly Venkataramana; and various representatives from Ernst & Young LLP. The documents also refer to witnesses who were not deposed, such as Neil Menon, Annica Magnussun, Jill Nelson, Dorian Daley and Lilly Hao. Plaintiffs never had an opportunity to question these witnesses about the documents or even assess whether the documents warranted depositions of new witnesses. Further, this list does not include witnesses who were not specifically mentioned in the documents but nevertheless testified on the topics and events discussed in the documents (e.g., Terry Elam, Ryan Roberts, Julie Chan, Jason Sevier and Gary Matuszak). There are countless other witnesses named in the 2002 Clean Up documents that were not deposed simply because Oracle did not timely produce the documents written and created by those witnesses. This has severely prejudiced plaintiffs.

Finally, to answer the question of whether plaintiffs intend to seek a modification of the case management schedule as contemplated by the Court, the answer is no. As you know, the Court has expressed its firm desire to have this case tried in November of this year and made it clear during the January 9, 2007 Case Management Conference that fact discovery (other than discovery already ongoing) was effectively over and that the chips should fall where they may. Therefore, plaintiffs will be seeking other forms of necessary relief.

Please call me if you have any questions.

Regards,

Eli R. Greenstein

ERG:cmb

cc:   Brian T. Glennon, Esq.

T:\Cases\SR\Oracle3\Corres\ERG 6-7-07 Morton-Owens Ltr.doc