633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Tel: (213) 485-1234 Fax: (213) 891-8763
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

December 15, 2006

## VIA HAND DELIVERY AND FACSIMILE

Eli R. Greenstein
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

Re:   In re Oracle Securities Litigation
      Master File No. C-01-0988 MJJ

Dear Eli:

We are writing in response to your letter dated December 1, 2006, and the follow-up letter you sent us yesterday. We have endeavored to look carefully into each of the many issues you raised, which understandably took some time, particularly given the technical nature of your inquiries. Having looked into these issues, we are confident that we have complied with our discovery obligations and have taken great measures to work cooperatively with you to respond to your concerns that focus largely on formatting (and not the failure to produce documents timely, as you suggested in yesterday's letter), including reproducing many documents in specific formats and order specifically requested by Plaintiffs. We thus disagree that Plaintiffs have been prejudiced in any way. We respond to your specific inquiries below.

In your December 1st letter, you describe certain issues you are experiencing with respect to Defendants' supplemental production of accounting documents – specifically, with ORC 77-80 and ORC 114. Plaintiffs devote a substantial amount of time and effort complaining about ORC 77-80, and demanding that Defendants resolve these issues. However, as you acknowledge, Oracle produced ORC 114 as a replacement for ORC 77-80. Thus, any problems with ORC 77-80 have been resolved and now are moot. Defendants do not believe that making or responding to these types of complaints is an efficient or productive use of the parties' time and resources.

Plaintiff also contend that they "cannot link" the replacement documents produced on ORC 114 with files previously produced on ORC 77-80. During our meet and confer on October 23, 2006, however, Plaintiffs requested that Defendants reproduce the correspondence on ORC 114 in chronological order, specifically to enable Plaintiffs to link the documents on ORC 77-80 with those contained on ORC 114. (*See* October 27, 2006 letter from B. Glennon.) Moreover, Defendants never have "linked" documents on any prior disk, with those contained on subsequently-produced replacement disks. Plaintiffs have offered no legitimate reason for Defendants to undertake this additional burden here, especially considering

LA\1665805.1

LATHAM&WATKINSLLP

that Oracle already reproduced the correspondence in chronological order at Plaintiffs' request, to address this precise issue.

Plaintiffs contend that some "row numbers, column numbers, tab names and tab page numbers from Excel spreadsheets that appeared on ORC 77-80 do not appear on ORC 114." We have looked into this issue and it appears that the spreadsheets that were produced on ORC 77-80 were formatted with grid lines, in landscape format and on "legal" size paper. On the other hand, the spreadsheets contained on ORC 114 were processed on "letter" size paper, and were printed directly from their native form without any additional formatting. In both instances, however, all of the substantive information in the spreadsheets was produced to Plaintiffs. Nonetheless, in the spirit of compromise, we have reproduced, on the enclosed disk (ORC 114A), the spreadsheets on ORC 114, which now have been formatted in the same manner as those previously produced on ORC 77-80. We also recently discovered that some information inadvertently was redacted from the spreadsheet Bates labeled NDCA-ORCL 1058921-1062811, which we now have corrected on ORC 114A.

Plaintiffs' next argument primarily relates to the formatting of spreadsheets contained on disks that Defendants already have replaced. For instance, Plaintiffs cite NDCA-ORCL 830007-831584, and NDCA-ORCL 828446 in support of their claim that Defendants did not process correctly certain tabs in Excel spreadsheets. Again, all of these documents are contained on disks that Defendants already have replaced. For example, the only document specifically referenced in your December 1, 2006 letter that is contained on ORC 114 (NDCA-ORCL 1058926) is included with the other reformatted spreadsheets enclosed herewith on ORC 114A.

With respect to Plaintiffs' argument that attachments to emails do not follow the emails themselves, Defendants have reviewed all of the electronic correspondence on ORC 114. A small percentage of documents, indeed less than 10% of the total, are organized such that the attachment actually precedes the body text of the email. Thus, Plaintiffs have the entire email and all of the attachments. Nevertheless, Defendants have included this correspondence, organized so that the attachment now follows the email portion of the "message unit," on the enclosed disk (ORC 114A).

Plaintiffs claim that electronic dates on documents contained on ORC 114 are "not reliable." However, as Defendants explained to Plaintiffs well over a year ago (*see* August 26, 2005 Letter, enclosed), when electronic data is pulled from the files or computers of a custodian, and the date of the data or document cannot be ascertained through the metadata, the computer system used by Oracle's outside vendor places a default date (of either December 31, 1969 or January 1, 1970) on the data. In other words, the default date appears only where the date is either unreadable, or no actual date exists in the metadata. In any event, Defendants already have produced hard copies of the same documents cited in your letter containing the correct date.

Eli R. Greenstein
December 15, 2006
Page 3

**LATHAM&WATKINS**LLP

Finally, in yesterday's letter, Plaintiffs raise some concern about the discrepancy in the number of documents contained on ORC 77-80 versus ORC 114. As you know, this discrepancy stems from the fact that the documents originally contained on ORC 77-80 were missing certain "message units," which we included and produced on ORC 114. Indeed, the missing "message units" was one of the complaints Plaintiffs first raised about ORC 77-80, and one of the reasons Defendants ultimately replaced those disks with ORC 114. Thus, the fact that the number of documents on ORC 114 is larger than the number of documents contained on the disks it replaced is a function of Plaintiffs' own request.

If you have any other questions or concerns, please feel free to contact me directly at (213) 891-7593.

Very truly yours,

Brian T. Glennon
of Latham & Watkins LLP

Encl.

cc: Mark Solomon, Esq.



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Eli R. Greenstein
Egreenstein@lerachlaw.com

October 5, 2006

<u>VIA FACSIMILE</u>

Paul V. Konovalov                          Brian T. Glennon, Esq.
Latham & Watkins LLP                       LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor          633 West Fifth Street, Suite 4000
Costa Mesa, CA 92626-1925                  Los Angeles, CA 90071-2007

  Re:  *In re Oracle Corporation Sec. Litig.*
      Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

  We are in the process of reviewing accounting documents produced by defendants on August 31, 2006 and September 8, 2006 in connection with Special Master Infante's July 17, 2006 Order. Based on our review thus far, the production appears to be deficient in many respects and does not comply with the Special Master's July 17, 2006 Order. We would like to schedule a meet and confer this week to discuss the deficiencies in defendants' production. The following are just a few of the deficiencies discovered thus far:

<u>Improper Redactions of Relevant Evidence</u>:

  Defendants have improperly redacted large amounts of relevant evidence concerning debit memos from accounting reports, spreadsheets and emails. (*See e.g.*, NDCA-ORCL 828414-430, 831967-971, 883052-667.) In some cases, defendants have redacted 100% of reports, or only produced a single line of data. It appears that defendants redacted this information solely because it may not be related to the 776 specific debit memos greater than 100k or the 150 smaller debit memos selected by plaintiffs. This type of redaction is improper and violates the spirit and letter of the Special Master's July 17, 2006 Order, and Judge Spero's October 19, 2005 Order.

  As you recall, defendants' main argument to Judge Spero and later Judge Infante to narrow the scope of the number of debit memos produced has always been that producing data on the entire 46,000 debit memos was ***unduly burdensome*** and would cost "millions" of dollars. Both Judge Spero and Judge Infante have always recognized that information related to all 46,000 debit memos is relevant. That fact is reflected in the March 10, 2005 Discovery Plan, and the October 19, 2005 and July 17, 2006 Orders. Only much later did defendants revoke their promise to produce all 46,000 debit memos, and begin to assert the "burden" defense. It now appears from defendants' wholesale redactions, however, that defendants' burden argument was baseless and merely used as a tactical (and misleading) way



Paul V. Konovalov, Esq.
Brian T. Glennon, Esq.
October 5, 2006
Page 2

to justify withholding relevant evidence that was readily accessible to defendants and easy to produce. In fact, redacting information in the manner that Oracle has done is actually *more* burdensome than producing all the reports and data in unredacted form. Additionally, defendants' improper redactions of pages of emails and reports renders entire documents unreadable. Withholding 99% of spreadsheets and accounting reports and including a smattering of data is not reasonable and violates the July 17 Order. Defendants must immediately produce unredacted versions of all documents already produced.

<u>MISCELLANEOUS ISSUES:</u>

In addition to defendants' improper redactions, Oracle has also failed to produce the following categories of documents and reports expressly called for by the July 17, 2006 Order:

- All documents concerning the more than $20 million in transfers to Account 12601 during 2Q01.

- All reports listing individual On Account or Unapplied Cash balances and totals, referred to in various documents or testimony as the "Detailed Listing by Customer of All Unapplied Cash," "Domestic Reconciliation," "Unapplied Report" and "Unapplied Receipts Register."

- All refund templates & approval forms for refunds before and after November 17, 2000.

- Cash receipt remittance advices, including paper and electronically imaged remittance advices.

- All Receipt Histories, Reversed Receipts Reports and Instructions for reapplications of receipts.

- All notes and comments from CRM modules relating to debit memo transactions: Credit memos, rebills, communications concerning Accounts Receivable or Credit and Collections, payments and refunds.

- All documents concerning debit memos or transfers of unapplied cash referred to in Tom Williams' SLC interview memos, in final form.

- Account Analysis Reports with Payables Detail for accounts 25005, 12018 and 12601, for all periods.

- All documents concerning reclassifications between Accounts 25005 and 12018.



Paul V. Konovalov, Esq.
Brian T. Glennon, Esq.
October 5, 2006
Page 3

In addition, numerous email attachments were not produced and/or not dated. *See, e.g.,* NDCA-ORCL 787806-07 (no attachment found). Other email attachments appear to be produced thousands of pages after the original email which makes it virtually impossible to determine which attachments are associated with each email. *See, e.g.,* NDCA-ORCL 832211-13 (attachment location unknown due to multiple possibilities). All attachments to email should be produced immediately following the email as it was kept in the ordinary course of business.

Plaintiffs also have significant concerns about the paucity of documents dated in October and November 2002. Documents, testimony and the SLC Report reflect significant activity concerning the high-dollar value debit memos following plaintiffs' filing of the Complaint on October 11, 2002. Further, there appears to be missing and/or incomplete files and improper redactions for documents dated during this time period. *See, e.g.,* NDCA-ORCL 827183-89 and 832268-83.

Defendants have also failed to provide the metadata for reports and most Excel spreadsheets to determine the "as of" dates and/or report parameters. This data is necessary to understand the documents and must be produced under the July 17 Order. *See, e.g.,* NDCA-ORCL 635513-640494 and NDCA-ORCL 669360-673669.

Further, the latest versions of the so-called "Script Output" have numerous accounting transactions that are out of balance (debits do not equal credits). *See, e.g.,* ORC 071: NDCA-ORCL 627582-631429.XLS @ rows 29-31. Also, accounting data has apparently been commingled and labeled incorrectly. *See, e.g.,* NDCA-ORCL 631430-635508.XLS @ rows 4940-4969 (data does not line up with column headings). Oracle must fix these errors and reproduce the electronic documents.

The latest versions of the Script Output also appear to be highly duplicative: *E.g.,* most of the data in the three Excel files on ORC 071 appears to be repeated three times. In order to use this data, and to determine *which* of the duplicative data to use, plaintiffs need to understand the similarities and differences between these files. To this end, please confirm that NDCA-ORCL 631430-635508 includes all data in NDCA-ORCL 623797-626581 and 627582-631429. If this is not the case, please identify the data in the latter two files that is not included in the NDCA-ORCL 631430-635508.

The Script Output spreadsheets also utilize inconsistent formatting. For example, some, but not all, transaction amounts have been converted to alpha-numeric characters, which cannot be added, and due to spreadsheet capacity limitations, some data has been eliminated entirely (truncated). In addition, the formats and data descriptions used by defendants are inconsistent and the differences are unexplained.



**LERACH**
**COUGHLIN**
**STOIA**
**GELLER**
**RUDMAN**
**& ROBBINS** LLP

Paul V. Konovalov, Esq.
Brian T. Glennon, Esq.
October 5, 2006
Page 4

To remedy some of the above deficiencies, plaintiffs propose that defendants produce all Script Outputs in a *single database* file instead of dozens of duplicative, confusing and limited-capacity spreadsheets, which are clearly inadequate under the July 17, 2006 Order. Converting the data from Oracle's database to spreadsheet files severely restricts plaintiffs' ability to analyze or use the data and is not proper under the Federal Rules of Evidence.

Please let me know when defendants are available to meet and confer about the above and other issues related to defendants' accounting production. Thank you.

Very truly yours,

Eli Greenstein

ERG:caw

T:\CasesSF\Oracle3\Corres\Konovalov_Glennon10-2-06_ERG.doc



**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

# FACSIMILE

| | | **Fax No.** | **Telephone No.** |
|---|---|---|---|
| **TO:** | Brian Glennon LATHAM & WATKINS | 213/891-8763 | 213/485-1234 |
| | Paul V. Konovalov Latham & Watkins LLP Costa Mesa | 714/755-8290 | |

**From:** Eli R. Greenstein **Date:** October 5, 2006

**Case Code:** 201064-00001

**Subject:** *In re Oracle Securities Litigation*
U.S. District Court, No. Dist. of CA, C-01-0988-MJJ

**Message/Document(s) faxed:**

**Please call fax operator at 415/288-4545 if all pages are not received.**

ORIGINAL DOCUMENTS: Will follow by ☐ mail ☐ courier – OR - ☐ Will not follow unless requested.

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**Number of pages being transmitted including the cover page: 5**

FAX OPERATOR: Return originals to: Eli Greenstein **Ext:** 4458

```
*****************************
    SERIAL BROADCAST REPORT (1)
*****************************
```



```
(FRI) DEC 15 2006 16:37
LATHAM & WATKINS LLP Fax Machine #2
```

| DOCUMENT # | TIME STORED | TIME SENT | DURATION | TOT. DST | PAGES |
|---|---|---|---|---|---|
| 486:909-341 | 12.15 16:35 | 12.15 16:35 | 2'53" | 2 | 9 |

| FIN. | 2 |
|---|---|

| ##37616192317423 | ##4182884534 |
|---|---|

# LATHAM&WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Tel: (415) 391-0600 Fax: (415) 395-8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

**FACSIMILE TRANSMISSION**

December 15, 2006

---

**To:**   Mark Solomon, Esq.          **Fax:**  (619) 231-7423       **Tel:**
         Lerach, Coughlin, Stoia, Geller,
         Rudman & Robbins, LLP


         Eli Greenstein, Esq.                  (415) 288-4534
         Lerach, Coughlin, Stoia, Geller,
         Rudman & Robbins LLP

---

**From:**  Brian T. Glennon, Esq.

**Re:**   In re Oracle Corporation Securities Litigation

---

☐ Original(s) to follow                    Number of pages, including cover:  9

505 Montgomery Street, Suite 2000
San Francisco, California  94111-2562
Tel: (415) 391-0600  Fax: (415) 395-8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

## FACSIMILE TRANSMISSION

December 15, 2006

| To: | Mark Solomon, Esq.<br>Lerach, Coughlin, Stoia, Geller,<br>Rudman & Robbins, LLP | Fax: | (619) 231-7423 | Tel: |
|---|---|---|---|---|
| | Eli Greenstein, Esq.<br>Lerach, Coughlin, Stoia, Geller,<br>Rudman & Robbins LLP | | (415) 288-4534 | |

| From: | Brian T. Glennon, Esq. |
|---|---|
| Re: | In re Oracle Corporation Securities Litigation |

☐ Original(s) to follow                     Number of pages, including cover:   9

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal service.  Thank you.

**If there are any problems with this transmission, please call (415) 395-8015.**