1  LATHAM & WATKINS LLP
      Peter A. Wald (SBN 85705)
2     Michele F. Kyrouz (SBN 168004)
   505 Montgomery Street, Suite 2000
3  San Francisco, California 94111-2562
   Telephone: (415) 391-0600
4  Facsimile: (415) 395-8095
   E-mail: peter.wald@lw.com
5          michele.kyrouz@lw.com

6  Attorneys for Defendants ORACLE CORPORATION,
   LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and
7  EDWARD J. SANDERSON

8  ORACLE CORPORATION
      Dorian E. Daley (SBN 129049)
9     James C. Maroulis (SBN 208316)
10 500 Oracle Parkway
   Mailstop 5OP7
11 Redwood Shores, California 94065
   Telephone: (650) 506-5200
12 Facsimile: (650) 506-7114
   E-mail: jim.maroulis@oracle.com
13
   Attorneys for Defendant ORACLE CORPORATION

   LATHAM & WATKINS LLP
      Patrick E. Gibbs (SBN 183174)
   140 Scott Drive
   Menlo Park, California 94025
   Telephone: (650) 328-4600
   Facsimile: (650) 463-2600
   E-mail: patrick.gibbs@lw.com

   LATHAM & WATKINS LLP
      Jamie L. Wine (SBN 181373)
   885 Third Avenue, Suite 1000
   New York, NY 10022-4834
   Telephone: (212) 906-1200
   Facsimile: (212) 751-4864
   E-mail: jamie.wine@lw.com

14
## UNITED STATES DISTRICT COURT
15
## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION
16

| | |
|---|---|
| 17 In re ORACLE CORPORATION SECURITIES LITIGATION, | Case No. C-01-0988-MJJ (JCS) (Consolidated) |
| 18 This Documents Relates To: | **NOTICE OF MOTION AND MOTION FOR MODIFICATION OF ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE SPECIAL MASTER'S JULY 17, 2006 ORDER AND TO COMPEL ADDITIONAL ACCOUNTING DOCUMENTS BASED ON RECENT TESTIMONY AND NEW EVIDENCE** |
| 19 ALL ACTIONS | |
| | Date: N/A |
| | Time: N/A |
| | Place: JAMS, San Francisco |
| | **Honorable Judge Martin J. Jenkins** |
| | **Magistrate Judge Joseph C. Spero** |
| | **Honorable Judge Edward A. Infante (Ret.)** |

**CONFIDENTIAL**

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION FOR MODIFICATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO COMPEL ADDITIONAL
ACCOUNTING DOCUMENTS Case No. C-01-0988-MJJ

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that, as soon as the Court's schedule permits, Defendants Oracle Corporation ("Oracle"), Lawrence J. Ellison, Jeffrey O. Henley and Edward J. Sanderson (collectively, "Defendants") will and hereby do make this Motion For Modification Of Order Granting Plaintiffs' Motion To Enforce The Special Master's July 17, 2006 Order And To Compel Additional Accounting Documents Based On Recent Testimony And New Evidence. This Motion is based upon this Notice of Motion and Motion, the pleadings and papers on file in this action and such other argument and evidence as may be presented at or before any hearing on this matter.

Dated:  January 5, 2007

Respectfully submitted,

LATHAM & WATKINS LLP
    Peter A. Wald
    Jamie L. Wine
    Paul V. Konovalov
    Brian T. Glennon

By: _Jamie L. Wine /SPJC_
    Jamie L. Wine
Attorneys for Defendants
ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION FOR MODIFICATION OF ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL ACCOUNTING DOCUMENTS  Case No. C-01-0988-MJJ

## I.   INTRODUCTION

Defendants bring this Motion to request very limited modification to the Special Master's December 19, 2006 Order Granting Plaintiffs' Motion To Enforce The Special Master's July 17, 2006 Order And To Compel Additional Accounting Documents Based On Recent Testimony And New Evidence (the "December 19 Order"). Upon receipt of the December 19 Order, Defendants immediately started preparing for production unredacted copies of the supplemental accounting production. (*See* December 19 Order, at 23.) In addition, Defendants initiated the process of gathering and reviewing the other categories of documents required by the Order – those relating to the October 2002 unapplied cash project and transfers into Oracle's bad debt reserve in the second quarter of Oracle's fiscal year 2001. (*See id.*) Defendants' efforts to gather and review these documents have continued unabated to the present.

Defendants intend to comply fully with the December 19 Order. However, Defendants seek modification of the Order in two respects. First, due to the nature of documents and data mandated by the Order, the amount of work associated with reviewing, processing, and producing hard and electronic copies of documents, and the intervening holidays, Defendants respectfully request that the December 19 Order be modified such that Defendants have until February 15, 2007 (instead of January 17, 2007) to produce documents concerning the unapplied cash project and the transfers into Oracle's bad debt reserve.[1]

Second, Defendants respectfully request that the December 19 Order be modified to eliminate language on page 19, lines 19 through 23, suggesting that Defendants have "shifted" positions on whether there is any connection between the debit memos created on November 17, 2000 and the October 2002 unapplied cash project. Defendants understand that the Special Master has ruled that the subject material is relevant for discovery purposes, and Defendants do not contest that ruling. But Defendants never have meant to suggest, and do not believe they ever have suggested, that there is any link between the creation and accounting for the debit memos on November 17, 2000, and the subsequent October 2002 unapplied cash project.

---

[1] Defendants do not seek additional time to produce unredacted copies of the supplemental accounting production, and will produce those by January 17, 2007, as the Order requires.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

MOTION FOR MODIFICATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO COMPEL ADDITIONAL
ACCOUNTING DOCUMENTS  Case No. C-01-0988-MJJ

1  Indeed, as set forth below, Defendants consistently have maintained that there is no connection
2  between the two matters.
3          There is, of course, some linkage between the *transactions* underlying the debit
4  memos and the October 2002 unapplied cash project, in the sense that some transactions, which
5  were the subject of the 2002 unapplied cash project, also include in their respective histories a
6  November 2000 debit memo, with offsetting credits and debits (*i.e.*, memos having no financial
7  statement impact) – and Defendants have produced documents reflecting this, pursuant to Your
8  Honor's July 17, 2006 Order (thus Defendants' representation that all "linked" documents were
9  produced). However, this historical lineage does not change the fact that the November 2000
10 debit memos had absolutely no financial statement impact (contrary to Plaintiffs' complaint), or
11 the fact that the October 2002 unapplied cash project did not alter the accounting for the debit
12 memos one iota. From the time Plaintiffs first raised this issue several years ago, Defendants
13 consistently have explained that the November 2000 debit memos were created and accounted
14 for solely through a series of simultaneous and offsetting transactions in Oracle's unapplied cash
15 account, not its bad debt reserve account, and that the October 2002 unapplied cash project did
16 not alter in any way the creation or accounting for the debit memos. Because Defendants believe
17 that it is unfair and unnecessary to the Special Master's conclusions to suggest that they have
18 changed positions on this focal issue, Defendants respectfully request that the Special Master
19 delete from the December 19 Order the language suggesting otherwise.

20 **II.     ARGUMENT**

21     **A.     DEFENDANTS REQUEST ADDITIONAL TIME TO PRODUCE DOCUMENTS CONCERNING THE OCTOBER 2002 UNAPPLIED CASH PROJECT AND TRANSFERS TO ORACLE'S BAD DEBT RESERVE**

23         The December 19 Order sets a January 17, 2007 deadline for the production of
24 (i) unredacted copies of documents produced in response to the Special Master's July 17, 2006
25 Order; (ii) documents concerning the October 2002 unapplied cash project; and (iii) documents
26 concerning transfers to Oracle's bad debt reserve in connection with Oracle's second quarter of
27 its fiscal year 2001. (*See id.*) Defendants will complete the production of hundreds of thousands
28 of pages of unredacted documents by January 17, 2007. However, Defendants do not believe

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

MOTION FOR MODIFICATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO COMPEL ADDITIONAL
ACCOUNTING DOCUMENTS Case No. C-01-0988-MJJ

1  they can complete the production of the other document categories by that date.  Defendants
2  must gather, review, Bates label and log hard copy and electronic data from a variety of different
3  sources.  The complexity and difficulty of this undertaking has been exacerbated by the fact that
4  a number of persons involved in this process were traveling and some of Oracle's outside
5  vendors (who assist in the gathering and production of electronic data) were closed during the
6  year-end holidays.  Defendants therefore request that they have until February 15, 2007 to
7  complete the production of documents concerning the unapplied cash project and bad debt
8  reserve transfers.

9  Defendants do not believe that Plaintiffs will be prejudiced by allowing
10 Defendants this short extension to prepare, process and produce these two categories of
11 documents.  Plaintiffs will receive the unredacted copies of Defendants' supplemental
12 accounting production by January 17, 2007.  Moreover, Plaintiffs already have received certain
13 documents pertaining to the unapplied cash project and the transfers into the bad debt reserve (to
14 the extent that a bad debt transfer appeared in the accounting history of a transaction that also
15 included one of the 926 debit memos in its history).

**B.  DEFENDANTS REQUEST THAT THE SPECIAL MASTER REMOVE LANGUAGE IN THE DECEMBER 19 ORDER SUGGESTING THAT DEFENDANTS HAVE CHANGED POSITIONS ON WHETHER THERE IS ANY CONNECTION BETWEEN THE DEBIT MEMOS AND THE OCTOBER 2002 UNAPPLIED CASH PROJECT**

19 Defendants also seek limited relief focused solely on language in the December
20 19 Order suggesting that Defendants have "shifted" positions on the issue of whether the
21 November 17, 2000 debit memos are "linked" to the 2002 unapplied cash project.  Specifically,
22 the December 19 Order offers:

> *Judge Spero has already voiced concern that Defendants have made statements to the Court regarding discovery of accounting documents and then later changed their position.  Here, again, Defendants have stated one position (that there is no link between the debit memos and the 2002 Clean Up Project) and later shifted that position (by claiming that all linked documents have been produced and that the link is not substantial).  Given the Defendants' former position and the new evidence offered by Plaintiffs, the Special Master concludes that information relating to*

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

MOTION FOR MODIFICATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO COMPEL ADDITIONAL
ACCOUNTING DOCUMENTS Case No. C-01-0988-MJJ

3

> events concerning the October 2002 unapplied cash project are reasonably calculated to lead to discovery of admissible evidence regarding Plaintiffs' accounting allegations and Defendants' scienter during the Class Period.

(*Id.* at 19:19-27 (emphasis added).) While Defendants do not contest the Special Master's ruling that the October 2002 unapplied cash project is relevant for discovery purposes, Defendants respectfully request that the italicized language be removed from the December 19 Order. Defendants believe that this language is unnecessary to the reasoning employed and the conclusions reached by the Special Master. Moreover, Defendants believe that this passage unfairly suggests that Defendants have been inconsistent in explaining their position that there is no link between the creation and accounting for the debit memos in November 2000 and the unapplied cash project in 2002.

A review of Defendants' various statements to the Court in briefs and during oral argument demonstrates that Defendants consistently have argued that there is no connection between the creation and accounting for the November 2000 debit memos (the subject of Plaintiffs' accounting claim) on the one hand, and the unapplied cash project nearly two years later on the other hand. As Defendants have explained, as part of the November 17, 2000 "On Account Clean Up" Oracle created debit memos that consisted of three simultaneous credits and debits to the same account (Account 25005), in precisely the same amounts, with none touching the bad debt reserve. In other words, the November 17, 2000 debit memos did not create or move any money anywhere – much less into Oracle's bad debt reserve – nor did they have any financial statement impact. Defendants never have wavered on this central point.

The October 2002 unapplied cash project analyzed transfers of payments to Oracle's bad debt reserve during a number of prior periods. As part of that project, certain transfers were reversed out of Oracle's bad debt reserve. Some of those transfers into and/or out of the bad debt reserve appear in the accounting history of transactions whose histories also include November 2000 debit memos (while many of these transfers appear in the accounting

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION FOR MODIFICATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO COMPEL ADDITIONAL
ACCOUNTING DOCUMENTS  Case No. C-01-0988-MJJ

4

history of transactions whose histories do not also include debit memos).[2] At no point have Defendants suggested that there is no connection between those transactions and the October 2002 unapplied cash project. But as Defendants consistently have said, and as the documents Oracle has produced confirm, the mere fact that a debit memo appears in the transactional history of a payment that Oracle analyzed as part of the unapplied cash project in October 2002 does not mean that the November 2000 debit memos had a financial statement impact (they did not), or that they are related to the unapplied cash project. On the contrary, the November 2000 debit memos did not effect any transfer into or out of the bad debt reserve, while the October 2002 unapplied cash project had no impact whatsoever on the accounting for the November 2000 debit memos. Put differently, nothing that occurred during the October 2002 unapplied cash project alters the indisputable facts that the November 2000 debit memos neither resulted in the creation of any revenue nor had any financial statement impact whatsoever.

For purposes of the accounting production, where Defendants were able to locate a document pertaining to the October 2002 unapplied cash project for a transaction that also included in its accounting history one of the 926 debit memos, Defendants produced the document.[3] Defendants did so to provide Plaintiffs with the complete accounting history for any transaction that had any of the 926 debit memos in its history – but, significantly, not because the 2002 unapplied cash project unwound or otherwise affected the accounting for the debit memos.

Defendants consistently and in good faith have drawn this distinction in response to Plaintiffs' repeated efforts to get discovery into the unapplied cash project. For instance, Plaintiffs' early request for this discovery was addressed in connection with a day-long hearing before Judge Spero on March 1, 2005 on the scope of discovery – the result of which was the

---

[2] Many of these transaction histories include scores of accounting entries that span multiple years for a particular payment.

[3] Indeed, the Special Master's July 17, 2006 Order required Defendants to produce documents relating to bad debt transfers that also could be linked to the 926 debit memos. Because the October 2002 unapplied cash project concerned bad debt transfers, Defendants' supplemental accounting production necessarily included documents from the unapplied cash project that related to bad debt transfers for transactions whose histories also included one of the 926 debit memos.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

MOTION FOR MODIFICATION OF ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL ACCOUNTING DOCUMENTS Case No. C-01-0988-MJJ

March 10, 2005 Discovery Plan. Plaintiffs argued that they were entitled to wide-ranging accounting discovery, including documents concerning the creation and accounting for all 46,000 debit memos, transfers into Oracle's bad debt reserves, and the October 2002 unapplied cash project. As part of the discussion about whether Plaintiffs should get discovery into the unapplied cash project, Javier Rubinstein of Mayer, Brown, Rowe & Maw (then representing Defendants) explained that the creation and accounting for the debit memos within Oracle's unapplied cash account in November 2000 had no connection to the movement of items into or out of Oracle's bad debt reserve, or any subsequent activities in October 2002 analyzing those movements: "The on account clean-up [in November 2000] involved offsetting transactions entirely within [Account] 25005. It never moved anywhere else. That's why the two [the creation of the debit memos and the October 2002 unapplied cash project] are totally unrelated." (*See* March 1, 2005 Tr., at 52:9-12.)

When Plaintiffs revisited this issue in mid-2006, Defendants again made clear that there was no connection between the debit memos and the October 2002 unapplied cash project because the October 2002 project in no way affected the accounting for the debit memos. In May 2006, Plaintiffs filed a motion to compel additional accounting-related documents, arguing once again that they were entitled to documents concerning the October 2002 unapplied cash project. Reviving an argument they previously had made (and lost), Plaintiffs alleged that the unapplied cash project had "covered up" the creation and accounting of the debit memos. In response, Defendants reiterated that the creation and accounting of the debit memos and the unapplied cash project were unrelated events, and that the latter in no way impacted the former. (*See* Defendants' Opposition to Plaintiffs' Motion to Compel Defendants' Production of Accounting Documents, at 31:17-18 ("The October 2002 project did not conceal the debit memos, nor did it alter any accounting-related data.").) At the July 10, 2006 hearing on Plaintiffs' motion, Defendants reemphasized this fact, pointing out that the presence of a debit memo in the transactional history of a payment that also included a transfer into the bad debt reserve does not mean that the debit memo is related to the October 2002 unapplied cash project, or effectuated any transfers into or out of the bad debt reserve – as the accounting for the debit

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

6

MOTION FOR MODIFICATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO COMPEL ADDITIONAL
ACCOUNTING DOCUMENTS Case No. C-01-0988-MJJ

1  memos (*i.e.*, no recognition of revenue) remained unchanged: "Ms. Wine: [T]here are some
2  debit memo transactions where, if you look in the history of a particular invoice, you will see in
3  that history a transfer to 12601 [bad debt reserve account]. . . . [I]t is our view that that does not
4  link the bad debt transfer to a debit memo. . . . The creation of the debit memo was an isolated
5  event." (*See* July 10, 2006 Tr., at 83:24-84:7.)

6          Most recently, when Plaintiffs sought discovery into the unapplied cash project
7  yet again, Defendants refused and explained – as they had before – that the October 2002
8  unapplied cash project did not affect the accounting for the debit memos. Specifically, on
9  October 30, 2006, Plaintiffs filed another motion to compel accounting documents, contending
10 that "new evidence" substantiated their request for discovery into the October 2002 project. In
11 response, Defendants noted that "[n]one of this 'new evidence' supports Plaintiffs' theory that
12 the October 2002 unapplied cash project was connected in any way to the creation of the
13 November 2000 debit memos or had any impact on the accounting for those debit memos."
14 (Defendants' Opposition to Plaintiffs' Motion to Enforce the Special Master's July 17, 2006
15 Order, at 16.)

16         Accordingly, there has been no "shift" in Defendants' position regarding the fact
17 that the debit memos had no financial statement impact, and that the October 2002 unapplied
18 cash project did not alter this in any way. While Defendants accept the Special Master's ruling
19 that discovery into the October 2002 unapplied cash project nonetheless is relevant for discovery
20 purposes, Defendants respectfully request that the December 19 Order be modified to remove
21 any implication that Defendants have shifted position regarding the lack of a connection between
22 the creation and accounting for the debit memos and the October 2002 unapplied cash project.

23 **III.   CONCLUSION**

24         For the foregoing reasons, Defendants respectfully request that the Special Master
25 grant Defendants until February 15, 2007 to produce documents pertaining to the October 2002
26 unapplied cash project and the transfers into Oracle's bad debt reserve in the second quarter of
27 fiscal 2001. In addition, Defendants request that the Special Master remove from the December
28 / / /

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

MOTION FOR MODIFICATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO COMPEL ADDITIONAL
ACCOUNTING DOCUMENTS  Case No. C-01-0988-MJJ

1  19 Order the language located at page 19, lines 19 through 23, or otherwise modify such
2  language as the Special Master finds warranted after considering this submission.
3  Dated:  January 5, 2007                              Respectfully submitted,

                                                        LATHAM & WATKINS LLP
                                                            Peter A. Wald
                                                            Jamie L. Wine
                                                            Paul V. Konovalov
                                                            Brian T. Glennon

                                                        By: /s/ Jamie L. Wine/SPJC
                                                            Jamie L. Wine
                                                        Attorneys for Defendants
                                                        ORACLE CORPORATION, LAWRENCE
                                                        J. ELLISON, JEFFREY O. HENLEY, and
                                                        EDWARD J. SANDERSON

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION FOR MODIFICATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO COMPEL ADDITIONAL
ACCOUNTING DOCUMENTS  Case No. C-01-0988-MJJ
8

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111-2562.

On **January 5, 2007**, I served the following document described as:

**NOTICE OF MOTION AND MOTION FOR MODIFICATION OF ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE SPECIAL MASTER'S JULY 17, 2006 ORDER AND TO COMPEL ADDITIONAL ACCOUNTING DOCUMENTS BASED ON RECENT TESTIMONY AND EVIDENCE**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR MODIFICATION OF ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE SPECIAL MASTER'S JULY 17, 2006 ORDER AND TO COMPEL ADDITIONAL ACCOUNTING DOCUMENTS BASED ON RECENT TESTIMONY AND NEW EVIDENCE**

by serving a true copy of the above-described document in the following manner:

### BY HAND DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

| | |
|---|---|
| The Honorable Edward A. Infante (Ret.)<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, CA 94111 | Shawn A. Williams, Esq.<br>Willow E. Radcliffe, Esq.<br>Lerach, Couglin, Stoia, Geller, Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111-5238 |

## BY FACSIMILE

I am familiar with the office practice of Latham & Watkins LLP for collecting, processing, and transmitting facsimiles. Under that practice, when a facsimile is deposited with the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. I deposited the above-described document for facsimile transmission in accordance with the office practice of Latham & Watkins LLP for collecting and processing facsimiles. The facsimile of the above-described document was transmitted to the following party from San Francisco, California on January 5, 2007, at the time noted on the attached confirmation sheet:

Mark Solomon, Esq.
Douglas Britton, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman &
  Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Fax No.: (619) 231-7423

Shawn A. Williams, Esq.
Willow E. Radcliffe, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman &
  Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
Fax No.: (415) 288-4534

The facsimile number of the sending machine is (415) 395-8095. Said transmission was complete and without error. The party on whom this facsimile transmission has been served has agreed in writing to such form of service pursuant to agreement.

## BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Federal Express. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Federal Express; such documents are delivered for overnight mail delivery by Federal Express on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Federal Express:

Mark Solomon, Esq.
Douglas Britton, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 5, 2007**, at San Francisco, California.

_____
Blaire Z. Russell