

**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Shawn A. Williams
ShawnW@Lerachlaw.com

May 4, 2005

<u>VIA FACSIMILE/
ORIGINAL TO FOLLOW BY U.S. MAIL</u>

Vincent P. Schmeltz, III, Esq.
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603-3441

Lee Rubin
MAYER, BROWN, ROWE & MAW LLP
Two Palo Alto Square
El Camino Real, Suite 300
Palo Alto, CA 94306

Re:   *In re Oracle Corp. Sec. Litig.*
      Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Counsel:

I write to confirm our discussion of May 2, 2005, during which we discussed your letter to Doug Britton dated April 22, 2005. As I stated, I was unaware until the receipt of your letter that Oracle had not searched its back-up tapes for responsive documents. I now understand that Oracle is taking the position that it will not do the necessary "diagnostics" to determine whether responsive documents are retrievable from the tapes unless plaintiffs pay for a substantial amount of the costs associated with that determination.

Secondly, your letter states (repeatedly) that Oracle has taken significant steps to preserve and collect documents relevant to this litigation. However, you have not detailed the steps taken by Oracle. Instead, you have admitted, in no uncertain terms, that certain individuals' files, including several of the area vice presidents whose files were recently ordered produced, were not part of the group of individuals whose files were preserved in 2001. Judging from your comments, it appears as though only selected individuals' files were preserved at the time this case was initiated.

It is plaintiffs' position that recovery and production of responsive information on the tapes is in fact warranted and that such recovery is required for Oracle to meet its obligations under Fed. R. Civ. P. 34. It is also plaintiffs' position that Oracle must bear the cost of such recovery. Indeed, cases in this district have confirmed that when electronic data is requested, the responding party is obligated to translate electronic data into reasonably usable form. See *In re Verisign, Inc. Sec. Litig.*, No. C02-2270 JN(PVT), Order (N.D. Cal. Feb. 6, 2004); *see also Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) (citing *Oppenheimer Fund,*



Vincent P. Schmeltz, III, Esq.
Lee Rubin
May 4, 2005
Page 2

*Inc. v. Sanders*, 437 U.S. 340, 358 (1978) ("[R]esponding party must bear the expense of complying with discovery requests. . . . Any principled approach to electronic evidence must respect this presumption.")).

Because, as you have stated, Oracle removed 190 tapes from its disaster recovery rotation in March 2001 covering February and March of 2001, it is certainly likely that those tapes have responsive documents. Please let me know all steps that Oracle and its "vendor" have taken, if any, to attempt the restoration of said back-up tapes and all of the reasons why the VERITAS Net Backup systems software used to create the back-up tapes would require "hundreds of thousands of dollars" to restore that information.

In addition, please immediately identify every individual whose files were searched and preserved upon notice of the litigation in 2001. Also, please identify by name the person at Oracle who is knowledgeable to answer questions regarding Oracle's electronic back-up system and preservation processes in 2000 and 2001 and when such individual can sit for a deposition on the subject pursuant to Fed. R. Civ. P. 30(b)(6).

Finally, please let me know whether any of Oracle's back-up tapes were restored in order to produce documents to the government in the recent *United States v. Oracle Corporation* antitrust action. My review of the public record in that action strongly suggests that a multitude of the documents produced by Oracle and used as trial exhibits were created in the year 2000 and 2001.

I look forward to hearing from you.

Very truly yours,

Shawn A. Williams

SAW/rc

T:\CasesSF\Oracle3\Corres\Schmeltz_Rubin5-4-05ltrSAW.doc

