

**LERACH**
**COUGHLIN**
**STOIA**
**GELLER**
**RUDMAN**
**& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
ShawnW@Lerachlaw.com

September 15, 2006

<u>VIA E-MAIL</u>

The Honorable Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111

Re:     *In re Oracle Corporation Securities Litigation*
        Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Judge Infante:

Pursuant to your instruction, the parties have engaged in at least two meet and confers regarding the appropriate proposed order that would be consistent with Your Honor's articulated ruling at the September 11, 2006 hearing on plaintiffs' motion to compel documents pursuant to plaintiffs' first set of requests for documents from defendants Oracle, *et al.* On September 12, 2006, plaintiffs circulated to defendants a proposed order plaintiffs believed to be consistent with Your Honor's ruling, the final version of which is attached hereto as Exhibit A.

On the evening of September 13, 2006, Shawn Williams and Jennie Anderson (on behalf of plaintiffs) met and conferred with Patrick Gibbs (on behalf of defendants) concerning the draft proposed order. The parties immediately disagreed on the scope of the proposed order. Specifically, defendants took the position that they did not believe they have to produce any documents beyond those found in the files of individuals who were listed in the Discovery Plan or whose deposition had been taken. Indeed, that argument had already been rejected by the Court. *See* Sept. 11, 2006 ROUGH Hearing Transcript ("Hrg Tr.") at 61 (the limited number of files "may be the reason why there's not more than five reports."); *id* at 55 ("information regarding the escalated Suite11i customers should be the starting point"). Exhibit B.

During that meet and confer, plaintiffs asked counsel if he had any suggestions to add to the proposed order that would capture all of the documents ordered by the Court. Defendants did not offer any suggestions.  Nevertheless, plaintiffs agreed to edit the proposed order and circulate another draft.

345 61-M



The Honorable Edward A. Infante (Ret.)
September 15, 2006
Page 2

The next day, September 14, 2006, plaintiffs circulated a second draft of a proposed order (the final version of which is attached hereto as Exhibit C) that was more specific than the one first circulated and more tightly captured the Court's intentions. That evening the parties again met and conferred. Mr. Gibbs explained that he still was unable to determine what plaintiffs meant by the phrase "escalation reports" and did not know how Oracle could go about searching the responsive documents. However, "escalation reports" and documents relating to them were specifically identified in plaintiffs' motion and document requests, and this Court found that "customer escalations . . . had specific meaning within [Oracle] management at that time." Hrg Tr. at 52. Plaintiffs again asked Mr. Gibbs to provide some suggestions to the proposal if he disagreed. Mr. Gibbs stated that defendants were thinking about it and would send a proposal to plaintiffs on Friday, September 15, 2006, but that he expected that the parties would still disagree on scope.

Separately, on September 14, 2006, in order to advance the issue and to help Mr. Gibbs locate the information on where responsive documents could be found, plaintiffs sent Mr. Gibbs two letters with specific names of Oracle employees who held the position of Senior Escalation Manager and whose files had not been produced. Exhibit D. In addition, plaintiffs again informed Mr. Gibbs that the Company had several systems on which it kept information regarding escalations, one of which was the Escalation Management System. As of 4:45 p.m. on September 15, 2006, however, defendants had not communicated any suggestions or proposal to submit to the Court.

Simply put, defendants have offered nothing more than the previously rejected arguments made before the Court on September 11, 2006. Plaintiffs have attached the two proposed orders that plaintiffs believe will capture the documents sought. Defendants have offered no valuable input. Plaintiffs respectfully request the Court enter one of plaintiffs' proposed orders and specifically require the Company to investigate and produce the responsive documents from any files where they may be located.

Respectfully submitted,

SHAWN A. WILLIAMS

SAW:rc

Exhibits

T:\CasesSF\Oracle3\Corres\Infante ltr_9_15_06_SAW.doc

EXHIBIT A

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  | In re ORACLE CORPORATION | ) | Master File No. C-01-0988-MJJ |
| SECURITIES LITIGATION | ) | |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) | **DISCOVERY MATTER** |
| | ) | |
| ALL ACTIONS. | ) | [PROPOSED] ORDER GRANTING IN |
| | ) | PART PLAINTIFFS' MOTION TO COMPEL |
| | ) | DOCUMENTS RESPONSIVE TO |
| | | PLAINTIFFS' FIRST SET OF REQUESTS |
| | | FOR PRODUCTION OF DOCUMENTS |
| | | AND COMPLIANCE WITH THE |
| | | DISCOVERY PLAN AS IT RELATES TO |
| | | CUSTOMER ESCALATIONS, |
| | | SETTLEMENTS AND CONCESSIONS |

18

19

20

21

22

23

24

25

26

27

28

On September 11, 2006, the parties appeared before the Hon. Edward A. Infante (Ret.) regarding Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First Set of Requests for Production of Document and Compliance with the Discovery Plan ("Motion"). The Court considered the papers submitted by both parties and oral argument of counsel. Finding good cause therefor, this Court hereby GRANTS plaintiffs' Motion in part, specifically with respect to documents relating to customer escalations, settlements and/or concessions negotiated or paid to Suite 11i customers, and ORDERS defendants to produce the following documents within seven days of entry of order:

1.      All escalation reports generated by Oracle from July 1, 2000 to March 31, 2001 regarding Suite 11i customers;

2.      All documents and communications relating to "hot" or "warm" (and/or "red" or "amber") customer escalations from July 1, 2000 to March 31, 2001 including, but not limited to, all customer escalations referenced in the exhibits to the Declaration of Jennie Lee Anderson in Support of Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First Set of Requests for Production of Documents and Compliance with the Discovery Plan ("Anderson Declaration"); and

3.      All documents relating to settlements, concessions, payments, refunds or other remediation negotiated or made to Oracle customers including, but not limited to, customers referenced in the exhibits to the Anderson Declaration, from July 1, 2000 to March 31, 2001, in connection with Suite 11i product implementations and functionality problems.

IT IS SO ORDERED.

DATED: _____          _____
                                        THE HONORABLE EDWARD A. INFANTE
                                        UNITED STATES DISTRICT JUDGE (RET.)

Respectfully submitted by:

DATED: September 15, 2006


_____
JENNIE LEE ANDERSON

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP

[PROPOSED] ORDER GRANTING IN PART PLTFS' MOT TO COMPEL DOCS SPECIFICALLY AS
IT RELATES TO CUSTOMER ESCALATIONS, SETTLEMENTS & CONCESSIONS - C-01-0988-MJJ     - 1 -

1   SHAWN A. WILLIAMS
    WILLOW E. RADCLIFFE
2   ELI R. GREENSTEIN
    JENNIE LEE ANDERSON
3   MONIQUE C. WINKLER
    100 Pine Street, Suite 2600
4   San Francisco, CA 94111
    Telephone: 415/288-4545
5   415/288-4534 (fax)

6   LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
7   MARK SOLOMON
    DOUGLAS R. BRITTON
8   VALERIE L. McLAUGHLIN
    GAVIN M. BOWIE
9   655 West Broadway, Suite 1900
    San Diego, CA 92101
10  Telephone: 619/231-1058
    619/231-7423 (fax)
11
    Lead Counsel for Plaintiffs
12

13  T:\CasesSF\Oracle3\ORD00034712.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING IN PART PLTFS' MOT TO COMPEL DOCS SPECIFICALLY AS
IT RELATES TO CUSTOMER ESCALATIONS, SETTLEMENTS & CONCESSIONS - C-01-0988-MJJ       - 2 -

EXHIBIT B

ROUGH DRAFT

1  1:00 O'CLOCK.

2       SPECIAL MASTER INFANTE:  WE CAN GO ON THE RECORD.

3       THIS IS IN RE:  ORACLE CORPORATION SECURITIES

4  LITIGATION, ON FOR VARIOUS DISCOVERY MOTIONS BEFORE THE

5  SPECIAL MASTER.

6       COUNSEL, WOULD YOUR ENTER YOUR APPEARANCES,

7  PLEASE, FIRST FOR THE MOVING PARTY, THE PLAINTIFFS.

8       MR. SOLOMON:  THANK YOU, YOUR HONOR.  MARK

9  SOLOMON REPRESENTING THE PLAINTIFFS.

10      MR. BRITTON:  DOUG BRITTON, REPRESENTING THE

11  PLAINTIFFS.

12      MS. ANDERSON:  JENNIE LEE ANDERSON, FOR THE

13  PLAINTIFFS.

14      SHAWN WILLIAM REPRESENTING THE PLAINTIFFS, YOUR

15  HONOR.

16      SPECIAL MASTER INFANTE:  GOOD AFTERNOON, COUNSEL.

17      I'D LIKES TO HEAR THE APPEARANCE FOR THE

18  DEFENDANTS.

19      MR. GIBB:  PATRICK GIBBS FROM LATHAM & WATKINS,

20  REPRESENTING THE DEFENDANT.

21      MS. KRYOUZ:  MICHELE KYROUZ, ALSO FROM LATHAM

22  REPRESENTING THE DEFENDANTS.

23      MR. MAROULIS:  JAMES MAROULIS OF ORACLE

24  CORPORATION FOR DEFENDANT, ORACLE CORPORATION.

25      MR. KONOVALOV: AND PAUL KONOVALOV, LATHAM &

2

ROUGH DRAFT

ROUGH DRAFT

1   TRUE OR TOTALLY BASELESS, THE RELEVANCY IS THERE.  IT'S

2   BEEN PLEAD WITH PARTICULARITY.

3         THE RELEVANCY OUTWEIGHS BURDEN TO A LARGE DEGREE.

4   IT SEEMS TO ME THAT INFORMATION REGARDING THE ESCALATED

5   SUITE 11I CUSTOMERS SHOULD BE THE STARTING POINT AND THERE

6   SHOULD BE DOCUMENTS RELATING TO THE IMPLEMENTATION OF THE

7   SOFTWARE WITH RESPECT TO THOSE CUSTOMERS.

8         IN MY OPINION, THOSE ARE EXACTLY WHAT JUDGE SPERO

9   MEANT BY, QUOTE, HIGH LEVEL DOCUMENTS DESCRIBING THE SCOPE

10  AND DIMENSION OF BUG PROBLEMS WITH SUITE 11I AND/OR ITS

11  MODULES.

12        I WOULD INVITE YOU TO DRAFT A PROPOSED ORDER ON

13  THAT ONE ITEM SEND IT TO MR. GIBBS WITHIN THE NEXT

14  48 HOURS.  I WOULD SUGGEST THAT YOU MEET AND CONFER

15  REGARDING THIS PROBLEM.

16        AND THEN MR. GIBBS, IF YOU REACH A RESOLUTION,

17  THAT'S FINE.  IF YOU DON'T REACH A RESOLUTION, THEN I

18  WOULD LIKE TO RECEIVE YOUR PROPOSAL OR PROPOSED ORDER AS

19  WELL AS PLAINTIFFS.

20        I THINK THAT'S THE ONLY WAY WE CAN PROCEED AND

21  TRY TO BE FAIR.

22        MR. GIBBS:  YOUR HONOR, MAY I JUST ADDRESS ONE

23 POINT OF CLARIFICATION TO TRY TO HELP GUIDE OUR MEETING

24 AND CONFERRING?

25      SPECIAL MASTER INFANTE:  SURE.

55

ROUGH DRAFT

ROUGH DRAFT

1       MR. GIBBS:  THE TERM "ESCALATION" GETS USED IN

2  DIFFERENT CONTEXTS.

3       SPECIAL MASTER INFANTE:  I KNOW.

4       MR. GIBBS:  IT'S ONE THING IF WE'RE TALKING ABOUT

5  A DEFINED LIST OF ESCALATED CUSTOMERS; THAT GIVES US A

6  LIST OF NAMES TO WORK WITH.  IT'S ANOTHER IF IT'S FRAMED

7  IN THE ABSTRACT AS DOCUMENTS PERTAINING TO ESCALATED

8  CUSTOMERS.

9       SO IF WE TEND TOWARDS A LIST OF SPECIFIC

10  CUSTOMERS, IT WOULD BE A LOT EASIER, I THINK, FOR US TO

11  AGREE ON AN ORDER.

12       SPECIAL MASTER INFANTE:  THE ONLY LIST I HAVE IN

13  FRONT ME AT THE MOMENT IS EXHIBIT 42 WHICH IS ONLY FROM

14  GENERAL BUSINESS AND IT'S SUBJECT IS GB 11I ESCALATIONS.

15  AND THERE IS A LIST OF 65 CUSTOMERS, APPROXIMATELY.

16       THERE MAY BE A SIMILAR LIST FROM OTHER DIVISIONS.

17       THE OTHER DOCUMENT THAT I'M LOOKING AT IS

18  EXHIBIT 45 WHICH IS ENTITLED "ESCALATION MANAGEMENT" AND

19  IN ESCALATION MANAGEMENT, IF WE ARE TALKING ABOUT EVERY

20  MAJOR DIVISION, ECMS FORM GOES TO CUSTOMER CARE, ET

21  CETERA, ET CETERA, IT GIVES A PROCESS.

22       SO ESCALATION MANAGEMENT, ESCALATE -- CUSTOMER

23  ESCALATIONS IN MY OPINION ARE NOT LOOSELY USED TERMS.  I

24  THINK THEY HAD SPECIFIC MEANING WITHIN MANAGEMENT AT THAT

25  TIME.

56

ROUGH DRAFT

1 THAT. THEY'VE DEPOSED SEVERAL OF THOSE PEOPLE AND HAVE

2 NOT ESTABLISHED THAT THESE REPORTS WERE RECEIVED REGULARLY

3 BY THEM.

4      SPECIAL MASTER INFANTE: THE SCOPING WITH RESPECT

5 TO THE PLACES TO BE SEARCHED WHICH HAS REALLY BEEN A MAJOR

6 BOUNDARY IN DISCOVERY SINCE JUDGE SPERO ISSUED THE PLAN

7 MAY BE THE REASON WHY THERE'S NOT MORE THAN FIVE REPORTS.

8      MR. GIBBS: I THINK IT'S PART OF IT, CERTAINLY.

9 I DON'T THINK THOSE WERE REGULARLY COMMUNICATED ALL THE

10 WAY UP THE CHAIN OF THE ORGANIZATION.

11      ON THE E-MAIL BOXES, AGAIN, I THINK PLAINTIFFS

12 HAVE BEEN VERY IMPRECISE WITH TERMS.

13      THERE ARE TWO CATEGORIES OF THINGS WE'RE TALKING

14 ABOUT HERE. ONE IS AN ACTUAL E-MAIL ADDRESS WHICH IS

15 CAPABLE OF SENDING AND RECEIVING E-MAIL. THE OTHER IS A

16 MAILING LIST WHICH IS ESSENTIALLY A PROXY FOR A LIST OF

17 INDIVIDUAL PEOPLE WHO WILL RECEIVE THE E-MAIL SENT TO THAT

18 LIST.

19      NOW, WITH REGARD TO THE E-MAIL BOXES, PLAINTIFFS

20 HAVE NOT ESTABLISHED THAT ANY OF THE CUSTODIANS WHOSE

21 FILES WERE SUPPOSED TO BE SEARCHED UNDER THE PLAN ACTUALLY

22 SENT AND RECEIVED E-MAILS FROM ONE OF THOSE BOXES.

23     THEY HAVE ALLUDED TO SAFRA CATS DOING HQAPPS

24  APPROVALS.  THAT'S THE ONLY ONE THEY SPECIFICALLY

25  MENTIONED A CUSTODIAN AND E-MAIL ADDRESS.

61

ROUGH DRAFT

EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | **DISCOVERY MATTER** |
| ALL ACTIONS. | ) ) ) ) | [PROPOSED] ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENT AND COMPLIANCE WITH THE DISCOVERY PLAN AS IT RELATES TO CUSTOMER ESCALATIONS, SETTLEMENTS AND CONCESSIONS |

1  On September 11, 2006, the parties appeared before the Hon. Edward A. Infante (Ret.)

2  regarding Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First Set of Requests

3  for Production of Document and Compliance with the Discovery Plan ("Motion").  The Court has

4  considered the papers submitted by both parties and oral argument of counsel.  Finding good cause

5  therefor, this Court hereby GRANTS plaintiffs' Motion in part, specifically with respect to

6  documents relating to customer escalations, settlements and/or concessions negotiated or paid to

7  Suite 11i customers, and ORDERS defendants to produce the following documents within seven

8  days of entry of order:

9  1.      All escalation reports regarding "escalated" Suite 11i customers from July 1, 2000

10 through March 31, 2001.

11 2.      All documents relating to "escalated" Suite 11i customers from July 1, 2000 through

12 March 31, 2001, including, but not limited to, the documents relating to the following:

13 (a)      65 General Business "hot" escalated Suite 11i customers identified in

14 Declaration of Jennie Lee Anderson in Support of Plaintiffs' Motion to Compel Documents

15 Responsive to Plaintiffs' First Set of Requests for Production of Documents and Compliance with

16 the Discovery Plan ("Ex.__"), Ex. 42;

17 (b)      Suite 11i customers in Oracle's "Escalation Management" system or "ECMS"

18 and/or customers identified in reports and URLs regarding escalated Suite 11i customers referenced

19 or attached to Exs. 43, 45, 51, 53;

20 (c)      CRM customer escalations, including but not limited to those in Oracle's

21 CRM Customer Escalation lists, the URL link to the "Latest Status on CRM Escalated Customers"

22 and/or otherwise referenced in Exs. 47, 48;

23 (d)      documents relating to the CRM escalation team, including but not limited

24 Mark Barrenchea's CRM "daily work lists and communique," referenced in Ex. 47;

25 (e)      escalated EMEA customers identified as "Critical" (also referred to as "Red")

26 and "Serious" (also referred to as "Amber") and referenced in Ex. 50;

27 (f)      escalated customers referenced in Ex. 44;

28 (g)      the over 70 North American Sales ("NAS") projects referenced in Ex. 46;

1          (h)     escalated customers in Majors identified in Ex. 49; and

2          (i)     Suite 11i escalated accounts managed by "Customer Care," *see* Ex. 45.

3     3.     All documents relating to settlements, concessions, payments, refunds or other

4  remediation negotiated or made to Oracle customers from July 1, 2000 through March 31, 2001, in

5  connection with Suite 11i product implementations and functionality problems.

6          IT IS SO ORDERED.

7  DATED: _____          _____

8                                           THE HONORABLE EDWARD A. INFANTE
                                            UNITED STATES DISTRICT JUDGE (RET.)
9

10 Respectfully submitted by:

   DATED:  September 15, 2006
11

12

13 _____
                JENNIE LEE ANDERSON
14
   LERACH COUGHLIN STOIA GELLER
15   RUDMAN & ROBBINS LLP
   SHAWN A. WILLIAMS
16 WILLOW E. RADCLIFFE
   ELI R. GREENSTEIN
17 JENNIE LEE ANDERSON
   MONIQUE C. WINKLER
18 100 Pine Street, Suite 2600
   San Francisco, CA  94111
19 Telephone:  415/288-4545
   415/288-4534 (fax)
20
   LERACH COUGHLIN STOIA GELLER
21   RUDMAN & ROBBINS LLP
   MARK SOLOMON
22 DOUGLAS R. BRITTON
   VALERIE L. McLAUGHLIN
23 GAVIN M. BOWIE
   655 West Broadway, Suite 1900
24 San Diego, CA  92101
   Telephone:  619/231-1058
25 619/231-7423 (fax)

26 Lead Counsel for Plaintiffs

27 T:\CasesSF\Oracle3\ORD00034806.doc

28

   [PROPOSED] ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DOCUMENTS
   RESPONSIVE TO PLAINTIFFS' FIRST SET OF REQUESTS - C-01-0988-MJJ          - 2 -

EXHIBIT D



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
ShawnW@lerachlaw.com

September 14, 2006

<u>VIA FACSIMILE</u>

Patrick E. Gibbs, Esq.
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025

      Re:    *In re Oracle Corporation Sec. Litig.*
                Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Patrick:

      I write this letter to follow up on our conversation of yesterday during which we discussed the fact that plaintiffs interpret the Court's September 11, 2006 ruling to encompass custodian files that are beyond those that have already been produced or listed in the Discovery Plan. For example, Phillip Tate, Senior Escalation Specialist, Customer and Escalations for the Eastern Area, is one of the people who we know must have responsive documents regarding escalations. Mr. Tate is not among the list of people whose files have been searched. He has not been deposed either. Hopefully, this bit of information will help you in your analysis of the proposed orders that we have sent to you in the last couple of days and that you can add to it in a way that results in an order capturing all of the responsive documents. Thanks.

Very truly yours,

Shawn A. Williams

SAW:rc

T:\CasesSF\Oracle3\Corres\Gibbs_9_14_06_SAW.doc



**LERACH**
**COUGHLIN**
**STOIA**
**GELLER**
**RUDMAN**
**& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Shawn A. Williams
ShawnW@Lerachlaw.com

September 14, 2006

<u>VIA FACSIMILE</u>

Patrick E. Gibbs, Esq.
LATHAM & WATKINS
135 Commonwealth Drive
Menlo Park, CA  94025

    Re:    *In re Oracle Corporation Sec. Litig.*
            Master File No. C-01-0988-MJJ (N.D. Cal.)

Dear Patrick:

    The following are names of additional Senior Escalation Managers that should help with your inquiries with Oracle and with providing input to the proposed orders that we have sent to you: Bob Hunt and Marcia B. Hill.

                Very truly yours,

                Shawn A. Williams

SAW:mp

T:\CasesSF\Oracle3\Corres\Gibbs 9-14-06 SAW.doc

## PROOF OF SERVICE BY E-MAIL

I, RUTH A. CAMERON, not a party to the within action, hereby declare that on September 15, 2006, I served the attached letter dated September 15, 2006 from Shawn A. Williams to the Honorable Edward A. Infante (Ret.) on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR PLAINTIFFS:**

| Mark Solomon, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP - SD | marks@lerachlaw.com |
|---|---|---|
| Douglas Britton, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP - SD | dougb@lerachlaw.com |
| Valerie McLaughlin, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP - SD | valeriem@lerachlaw.com |
| Gavin Bowie, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP - SD | gbowie@lerachlaw.com |
| Shawn Williams, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | shawnw@lerachlaw.com |
| Willow Radcliffe, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | willowr@lerachlaw.com |
| Eli Greenstein, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | elig@lerachlaw.com |
| Jennie Anderson, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | jenniea@lerachlaw.com |
| Monique Winkler, Esq. | Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP – SF | moniquew@lerachlaw.com |

**COUNSEL FOR DEFENDANTS:**

| Peter Wald, Esq. | Latham & Watkins 505 Montgomery Street, Suite 2000 San Francisco, CA  94111 | peter.wald@lw.com |
|---|---|---|
| Michele Kyrouz, Esq. | Latham & Watkins – SF | michele.kyrouz@lw.com |
| Matthew Harrison, Esq | Latham & Watkins – SF | matthew.harrison@lw.com |
| Patrick Gibbs | Latham & Watkins – Menlo Park | patrick.gibbs@lw.com |
| Brian Glennon | Latham & Watkins –LA | brian.glennon@lw.com |
| Jamie Wine | Latham & Watkins – NY | jamie.wine@lw.com |