1 | COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | MARK SOLOMON (151949)
    DOUGLAS R. BRITTON (188769)
3 | STACEY M. KAPLAN (241989)
    655 West Broadway, Suite 1900
4 | San Diego, CA 92101
    Telephone: 619/231-1058
5 | 619/231-7423 (fax)
    marks@csgrr.com
6 | dougb@csgrr.com
    skaplan@csgrr.com
7 |       – and –
    SHAWN A. WILLIAMS (213113)
8 | WILLOW E. RADCLIFFE (200087)
    MONIQUE C. WINKLER (213031)
9 | ELI R. GREENSTEIN (217945)
    DANIEL J. PFEFFERBAUM (248631)
10 | 100 Pine Street, Suite 2600
    San Francisco, CA 94111
11 | Telephone: 415/288-4545
    415/288-4534 (fax)
12 | shawnw@csgrr.com
    willowr@csgrr.com
13 | moniquew@csgrr.com
    elig@csgrr.com
14 | dpfefferbaum@csgrr.com

15 | Lead Counsel for Plaintiffs

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 | In re ORACLE CORPORATION )  Master File No. C-01-0988-MJJ
     SECURITIES LITIGATION    )
19 | _____  )  CLASS ACTION
                              )
20 | This Document Relates To: )  RESPONSE TO NON-PARTIES MATTHEW
                              )  SYMONDS ET AL.'S REQUESTS FOR
21 |    ALL ACTIONS.          )  PROTECTIVE SEAL
                              )
22 |                             DATE:        October 26, 2007
                                 TIME:        10:00 a.m.
23 |                             COURTROOM:   Hon. Martin J. Jenkins

24 |

25 |                    **REDACTED**

26 |

27 |

28 |

1 | COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
2 | MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
3 | STACEY M. KAPLAN (241989)
655 West Broadway, Suite 1900
4 | San Diego, CA 92101
Telephone: 619/231-1058
5 | 619/231-7423 (fax)
marks@csgrr.com
6 | dougb@csgrr.com
skaplan@csgrr.com
7 |   – and –
SHAWN A. WILLIAMS (213113)
8 | WILLOW E. RADCLIFFE (200087)
MONIQUE C. WINKLER (213031)
9 | ELI R. GREENSTEIN (217945)
DANIEL J. PFEFFERBAUM (248631)
10 | 100 Pine Street, Suite 2600
San Francisco, CA 94111
11 | Telephone: 415/288-4545
415/288-4534 (fax)
12 | shawnw@csgrr.com
willowr@csgrr.com
13 | moniquew@csgrr.com
elig@csgrr.com
14 | dpfefferbaum@csgrr.com

15 | Lead Counsel for Plaintiffs

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

| 18 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
|---|---|---|---|
| 19 | | ) | CLASS ACTION |
| 20 | This Document Relates To: | ) ) ) | RESPONSE TO NON-PARTIES MATTHEW SYMONDS ET AL.'S REQUESTS FOR |
| 21 | ALL ACTIONS. | ) ) | PROTECTIVE SEAL |
| 22 | | | DATE: October 26, 2007 |
| 23 | | | TIME: 10:00 a.m. COURTROOM: Hon. Martin J. Jenkins |

24

25 | **REDACTED**

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3   I.      INTRODUCTION ........................................................................................................1

4   II.     ARGUMENT..............................................................................................................2

5           A.      Legal Standard ...............................................................................................2

6           B.      Non-Party Symonds Has Not Set Forth "Compelling Reasons" Which
                    Would Justify a Protective Seal ......................................................................2
7

8                   1.      The Letter Sent by Symonds to Oracle's Counsel Concerning the
                            Production of Evidence Ordered to Be Produced by the Court
9                           Should Not Be Sealed ..........................................................................3

10                  2.      Plaintiffs' and Defendants' Legal Briefs and the Court's Orders
                            Referencing Symonds' Letter to Oracle's Counsel Should Not Be
11                          Sealed ...................................................................................................4

12                  3.      The Agreement Between Ellison and Symonds Concerning the
                            Drafting of the Book *Softwar* Should Not Be Sealed .......................5

13                  4.      Letters Written by Ellison and His Lawyers Requesting Documents
                            from Symonds Fall Well Short of the Ninth Circuit's "Compelling
14                          Reasons" Standard ...............................................................................7

15                  5.      Symonds Does Not Have "Compelling Reasons" for a Protective
                            Seal Over Ellison's Deposition Testimony or Plaintiffs' Arguments
16                          Based on that Testimony.......................................................................7

17                  6.      Symonds' Deposition Testimony Falls Short of the "Compelling
                            Reasons" Standard for Protective Seal .................................................9
18
                    7.      Briefs Filed with the Court Regarding Symonds' Fifth Amendment
19                          Rights Should Not Be Sealed..............................................................10

20          C.      Documents Designated as Confidential by Hewlett Packard, Arthur
                    Andersen and Ernst & Young Do Not Meet the "Compelling Reasons"
21                  Standard for Protective Seal...........................................................................12

22   III.    CONCLUSION...........................................................................................................13

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3 **CASES**

4 *Cipollone v. Liggett Group, Inc.*,
   106 F.R.D 573 (D.N.J. 1985)..................................................................................................10

5

   *Contratto v. Ethicon, Inc.*,
6    227 F.R.D. 304 (N.D. Cal. 2005)......................................................................................12, 13

7 *Culinary Foods, Inc. v. Raychem Corp.*,
   151 F.R.D. 297 (N.D. Ill. 1993)......................................................................................10, 11

8

   *Foltz v. State Farm Mut. Auto. Ins. Co.*,
9    331 F.3d 1122 (9th Cir. 2003) ....................................................................................... *passim*

10 *Kamakana v. City & County of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ...................................................................................... *passim*

11

   *Nixon v. Warner Commc'ns, Inc.*,
12    435 U.S. 589 (1978)........................................................................................................2, 4

13 *Pansy v. Borough of Stroudburg*,
    23 F.3d 772 (3d Cir. 1994)...................................................................................................10

14

   *Seattle Times Co. v. Rhinehart*,
15    467 U.S. 20 (1984).................................................................................................................10

16 *United States v. Nobles*,
    422 U.S. 225 (1975).....................................................................................................8, 9, 10

17

   *Valley Broad. Co. v. United States Dist. Ct.*,
18    798 F.2d 1289 (9th Cir. 1986) .............................................................................................2, 4

19

20 **STATUTES, RULES AND REGULATIONS**

21 Federal Rules of Civil Procedure
    Rule 26....................................................................................................................10, 11
22    Rule 26(c)..................................................................................................................1

23

24

25

26

27

28

## I.    INTRODUCTION

By its October 2, 2007 Order, the Court instructed the parties and non-parties in the above referenced litigation to file a joint document by October 9, 2007, listing all documents which any party or non-party maintained should be kept under protective seal. *See* the Parties' and Non-Party Matthew Symonds' Submission of Documents Subject to Requests for Protective Seal Pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 79-5 (hereinafter, "Seal Request"). In light of the strong presumption of public access to dispositive pleadings articulated by the Ninth Circuit Court of Appeals, the Court instructed the parties to separately file supporting documents setting forth their grounds for keeping the designated documents under seal by October 9, 2007. The Court ordered responses to these supporting documents to be submitted by October 19, 2007, and replies by noon on October 23, 2007. *See* Transcript of Proceedings, October 2, 2007 Hearing ("10/2/07 Hearing Tr.") at 22:23-23:8. In the October 9, 2007 Seal Request, non-parties Matthew Symonds ("Symonds"), Hewlett Packard ("HP"), Arthur Andersen and Ernst & Young designated certain documents to remain under seal, yet failed to offer any necessary support for these designations. Symonds, in particular, requests the Court to seal

Symonds is a non-party to this litigation and he has not produced or designated as confidential any of the evidence which he now seeks to seal. Now, fearing incrimination from his own acts, he attempts to seal a considerable portion of the judicial record from public view. This is in contradiction with public policy, which favors public access to judicial records,

Because the non-parties cannot satisfy the Ninth Circuit "compelling reasons" standard for protective seal of documents attached to dispositive motions, the Court should reject the non-parties' request for protective seal.

1 **II.    ARGUMENT**

2      **A.    Legal Standard**

3      In the Ninth Circuit, there is a strong presumption of public access to dispositive pleadings,
4 including motions for summary judgment and related attachments. *Kamakana v. City & County of*
5 *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). There are only two categories of documents which
6 are "traditionally kept secret" – grand jury transcripts and warrant materials in the midst of a pre-
7 indictment investigation – and unless a particular court record is one traditionally kept secret, a
8 strong presumption in favor of access is the starting point. *Id.* at 1178. To overcome this
9 presumption, a party seeking to seal a document attached to a dispositive motion must articulate
10 "compelling reasons" for the seal, supported by specific facts for each document. *Foltz v. State*
11 *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). Generally, compelling reasons exist
12 "when such 'court files might have become a vehicle for improper purposes,' such as the use of
13 records to gratify private spite, promote public scandal, circulate libelous statements, or release trade
14 secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598
15 (1978); *accord Valley Broad. Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).
16 Courts have also found that compelling reasons exist for the redaction of sensitive, private
17 information of individuals from judicial records, such as names, home addresses, telephone numbers,
18 and Social Security numbers, in order to protect the individuals' privacy interests and to prevent
19 exposure to personal or financial harm, including identity theft. *See Foltz*, 331 F.3d at 1137;
20 *Kamakana*, 447 F.3d at 1184. However, embarrassment, incrimination, or exposure to further
21 litigation will not, without more, provide a compelling reason for the court to seal its records. *Id.*
22 "[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden
23 means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1182.

24      **B.    Non-Party Symonds Has Not Set Forth "Compelling Reasons" Which**
           **Would Justify a Protective Seal**

25

26      In the joint Seal Request, Symonds designated several documents attached to dispositive
motions, including, for example,

27

28                       *See* Seal Request, Ex. A. None of the non-parties have set forth

RESPONSE TO NON-PARTIES MATTHEW SYMONDS ET AL.'S REQUESTS FOR PROTECTIVE
SEAL - C-01-0988-MJJ               - 2 -

1  *any* reasons, much less "compelling reasons," for these documents to remain under seal, nor are they

2  able to. Such "unsubstantiated [allegations will] not satisfy the Rule" for protective seal. *Foltz*, 331

3  F.3d at 1130.

4            **1.**     **The Letter Sent by Symonds to Oracle's Counsel Concerning**
                 **the Production of Evidence Ordered to Be Produced by the**

5                   **Court Should Not Be Sealed**

6        Symonds seeks a protective seal for an undated letter sent by him to defense counsel Patrick

7  Gibbs ("Gibbs"), which was attached to dispositive motions,[1]

8

9

10                                             [2] *See* Seal Request, Ex. A, Entries 1 (Docket No. 752,

11  3/30/07); 10 (Docket No. 840, Ex. 4, 4/25/07); 39 (Docket No. 1180, Ex. 206, 10/5/07).

12

13

14

15

16

17

18                          *See* Plaintiffs' Response to Defendants' Memorandum Regarding the

19  Plaintiffs' Motion to Compel Testimony and Determine Applicability of the Fifth Amendment Right

20

21  [1]     The Symonds letter to Gibbs was attached as Exhibit 206 to the [Corrected] Declaration of

22  Monique C. Winkler in Support of Plaintiffs' Motion and Supplemental Submission Regarding
Defendants' Destruction of Evidence and Request for Sanctions and Objections to Special Master's

23  July 17, 2006 Order Denying Plaintiffs' Motion to Compel the Restoration of Backup Tapes and for
Miscellaneous Relief for the Destruction of Evidence ("Corrected Winkler Declaration") (Docket

24  No. 1180).

25  [2]     While Special Master Infante's December 29, 2006 Order required the production of any and
all tape recordings and/or transcripts of interviews with Ellison created in the preparation of the book

26  *Softwar*, nowhere did the Court order that Symonds list the purported sequence of events and
conversations with Ellison concerning the destruction of the audio files. The admissions in

27  Symonds' letter to Gibbs were wholly voluntary and cannot meet the compelling reason standard,
nor are they protected by the Fifth Amendment.

28

1 | Against Self-Incrimination at 5-6. Despite ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

2 | ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ The

3 letter does not contain Symonds' phone number, address, Social Security number, or any private or

4 personal information that could be used for improper purposes recognized by the courts as

5 warranting protection. Nor was this document ever designated confidential by Symonds. It was

6 produced and marked confidential by defendants pursuant to the Court's January 11, 2005 Revised

7 Stipulated Protective Order Governing Confidentiality, as evidenced by its bates stamp NDCA-

8 ORCL 1529156. Defendants have consented to the unsealing of this document by declining to

9 request that it remain sealed in the joint Seal Request. *See* Seal Request, §II. Symonds had no

10 expectation of confidentiality in this document when he sent it to defendants and cannot now assert

11 that it should remain under seal.

12 |         **2.**      **Plaintiffs' and Defendants' Legal Briefs and the Court's**
13 |                     **Orders Referencing Symonds' Letter to Oracle's Counsel**
                    **Should Not Be Sealed**

14       Symonds also seeks a protective seal for sections of plaintiffs' and defendants' legal briefs

15 and the Court's orders that directly quote language from the letter. *See* Seal Request, Ex. A, Entries

16 1 (Docket No. 752, 3/30/07); 8 (Docket No. 839, 4/25/07); 11 (Docket No. 840, Ex. 5, 4/25/07); 13

17 (Docket No. 841, 4/27/07); 14 (Docket No. 842, Ex. 8, 4/27/07); 21 (Docket No. 901, Ex. 136,

18 7/26/07); 40-41 (Docket No. 1180, Exs. 210 & 227, 10/5/07). For the reasons discussed above,

19 nothing in the letter provides "compelling reasons" to grant a protective seal.[3]

20       Symonds seeks a protective seal for sections of plaintiffs' and defendants' legal briefs and

21 the Court's Orders that reference Symonds' letter to Gibbs, but that do not even quote the letter.

---

23     [3] Symonds is seeking a protective seal over sections of the Court orders containing any
discussion of Symonds or the destruction of *Softwar* evidence, matters which are central to the
24 parties' arguments and dispositive issues in this case. Sealing the Court's opinions is inconsistent
with the public policy articulated by the Ninth Circuit for public access to judicial records. As the
25 Ninth Circuit explained in *Kamakana*, "judicial records are public documents almost by definition,
and the public is entitled to access by default." 447 F.3d at 1180. This right of access is "justified
26 by the interest of citizens in 'keeping a watchful eye on the workings of public agencies.'" *Id.* at
1178 (quoting *Nixon*, 435 U.S. at 598). Public disclosure of the parties' dispositive motions and the
27 Court's orders "is at the heart of the interest in ensuring the 'public's understanding of the judicial
process and of significant events.'" *Id.* at 1179 (quoting *Valley Broad.*, 798 F.2d at 1294).

28

1  Specifically, ███████████████████████████████████████████████████████

2  ███████████████████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████████████████████

4  ███████████████████████████████████████████████████████ *See* Seal

5  Request, Ex. A, Entries 1 (Docket No. 752, 3/30/07); 8 (Docket No. 839, 4/25/07); 11 (Docket No.

6  840, Ex. 5, 4/25/07); 13 (Docket No. 841, 4/27/07); 14 (Docket No. 842, Ex. 8, 4/27/07); 21 (Docket

7  No. 901, Ex. 136, 7/26/07); 40-41 (Docket No. 1180, Exs. 210 & 227, 10/5/07).  These arguments

8  are simply not confidential and do not reveal the type of private or personal information that could

9  be used for improper purposes or that could expose Symonds to personal or financial harm.

10  *Kamakana*, 447 F.3d at 1179.

11              3.     **The Agreement Between Ellison and Symonds Concerning the**
                       **Drafting of the Book *Softwar* Should Not Be Sealed**

12       Symonds also seeks a protective seal for the ████████████████████████

13  ████████████████████████████████████████████████████[4] and for sections of the

14  Court's orders that discuss and quote the compensation arrangement under the Ellison-Symonds

15  agreement. *See* Seal Request, Ex. A, Entries 2 (Docket No. 753, Ex. A, 3/30/07); 12 (Docket No.

16  840, Ex. 6, 4/25/07); 18-20 (Docket No. 901, Exs. 133-135, 7/26/07); 34-36 (Docket No. 1180, Exs.

17  194-196, 10/5/07); 38 (Docket No. 1180, Ex. 198, 10/5/07).  This agreement was created voluntarily

18  by Ellison and Symonds and ████████████████████████████████████████████

19  ███████████████████████████████████████████████████████████████████

20  ███████████████████████████████████████████████████████████████████

21  ███████████████████████████████████████████████████████████ *See id.*,

22  Entry 38 (Docket No. 1180, Ex. 198, 10/15/07).  The "financial information" contained in the

23  agreement is far from the type of "sensitive" personal information that courts have found satisfies the

24

25  ────────────

26  [4]     The Ellison-Symonds agreement was attached as Exhibit 196 to the Corrected Winkler
       Declaration and as Exhibit 133 to the Declaration of Douglas R. Britton in Support of Plaintiffs'
27     Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Material Non-
       Public Information.

28

1 compelling reasons standard.[5] *See Foltz*, 331 F.3d at 1137; *Kamakana*, 447 F.3d at 1184. Unlike

2 private account information or Social Security numbers,

3

4 *Kamakana*, 447 F.3d at 1184. Moreover, defendant Ellison has indicated that he does not intend to

5 seek protective sealing.

6       Symonds seeks a protective seal for a letter, which was attached to dispositive motions,[6]

7

8       "*Softwar: The Rewards of Recklessness: A Portrait of Larry Ellison and Oracle Corporation*

9 *at War*," which was written by Symonds to promote the book *Softwar*. *See* Seal Request, Ex. A,

10 Entries 37-38 (Docket No. 1180, Exs. 197 & 198, 10/5/07). Symonds seeks a protective seal over

11 both the letter and the attached article. Nothing in the letter or the article gives rise to "compelling

12 reasons" for a protective seal.

13

14

15       *Id.* (Entry 37, Ex. 197 to Corrected Winkler Declaration). The

16 disclosure of this information does not expose Symonds to personal or financial harm or identity

17 theft and is not the type of "sensitive" financial information that courts have found satisfy the

18 compelling reasons standard. *See Foltz*, 331 F.3d at 1137; *Kamakana*, 447 F.3d at 1184.

19 Additionally, the attached article has already been made public as part of the promotion of the book

20 *Softwar* and thus cannot be considered a confidential document or be subject to a protective seal.

21

22

23

---

24     [5] Even if the Court finds that this limited financial information does satisfy the compelling
reasons standard, the sensitive information is small and the stated amounts could easily be redacted

25 because "[s]imply redacting the identifying information . . . from [the] records and disclosing the
remaining information" will provide adequate protection. *Foltz*, 331 F.3d at 1137. Under no

26 circumstance can Symonds make the necessary showing required to seal the entire document.

27     [6] The letter from Wylie to Ellison and Balkenhol with the attached article was attached as
Exhibit 197 to the Corrected Winkler Declaration.

28

1  **4.  Letters Written by Ellison and His Lawyers Requesting**
    **Documents from Symonds Fall Well Short of the Ninth**
2  **Circuit's "Compelling Reasons" Standard**

3  Symonds seeks a protective seal for an email and letter from Gibbs to Symonds, which was

4  attached to dispositive motions,

5

6

7  ▌[7]

8  *See* Seal Request, Ex. A, Entry 12 (Docket No. 840, Ex. 6, 4/25/07).  Symonds did not author,

9  produce, or designate these documents as confidential.  These documents do not contain Symonds'

10 private or personal information that could be used for improper purposes or that could expose

11 Symonds to personal or financial harm.  *Kamakana*, 447 F.3d at 1180.

12 **5.  Symonds Does Not Have "Compelling Reasons" for a**
    **Protective Seal Over Ellison's Deposition Testimony or**
13 **Plaintiffs' Arguments Based on that Testimony**

14 Symonds seeks a protective seal for sections of Ellison's March 30, 2007 deposition, which

15 was attached in its entirety to dispositive motions,[8] that discuss

16

17

18 *See* Seal Request, Ex. A, Entries 7 (Docket No.

19 794, Ex. 2, 4/20/07); 8 (Docket No. 839, 4/25/07); 15 (Docket No. 842, Ex. 10, 4/27/07); 22 (Docket

20 No. 901, Exs. 137-139, 7/26/07); 23 (Docket No. 901, Ex. 147, 7/26/07); 29 (Docket No. 1026, Ex.

21 J, 8/27/07); 31 (Ex. 124 to Corrected Appendix of Exhibits in Support of Plaintiffs Motion for Partial

22 Summary Judgment, 9/6/07); 33 (Docket No. 1180, Ex. 179, 10/5/07).  Ellison's deposition

23 testimony does not contain any private or personal information that could be used for improper

24

25 [7]    The letter from Gibbs to Symonds is attached as Exhibit 214 to the Corrected Winkler
       Declaration.

26 [8]    Ellison's deposition transcript was attached as Exhibit J to the Appendix of Deposition
27 Transcripts in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and
    as Exhibit 179 to the Corrected Winkler Declaration.

28

RESPONSE TO NON-PARTIES MATTHEW SYMONDS ET AL.'S REQUESTS FOR PROTECTIVE
SEAL - C-01-0988-MJJ                                                                    - 7 -

1   purposes or that could expose Symonds to personal or financial harm. Additionally, this is the

2   testimony of Ellison, not Symonds, to which Symonds has no right to be free from incrimination.

3   *United States v. Nobles*, 422 U.S. 225, 234 (1975). Moreover, embarrassment, incrimination or

4   exposure to litigation, without more, are not compelling reasons for a protective seal. *Kamakana*,

5   447 F.3d at 1180.

6       Symonds also seeks a protective seal for portions of three briefs containing arguments based

7   on Ellison's deposition testimony. First, Symonds seeks a protective seal for portions of Plaintiffs'

8   Response to Defendants' Memorandum Regarding Plaintiffs' Motion to Compel Testimony and

9   Determine the Applicability of the Fifth Amendment Right Against Self-Incrimination. Seal

10  Request, Ex. A, Entry 13 (Docket No. 841, 4/27/07). This document contains

11

12

13

14

15       *Id.*

16      Second, Symonds seeks a protective seal for sections of Plaintiffs' Notice of Motion and

17  Supplemental Submission Regarding Defendants' Destruction of Evidence and Request for

18  Sanctions and Objections to Special Master's July 17, 2006 Order Denying Plaintiffs' Motion to

19  Compel the Restoration of Backup Tapes and for Miscellaneous Relief for the Destruction of

20  Evidence which

21                                          Seal Request, Ex. A, Entry 16 (Docket No. 865,

22  7/26/07). This document contains

23

24

25

26      Third, Symonds seeks a protective seal for sections of Plaintiffs' Notice of Motion and

27  Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Material Non-

28  Public Information and Plaintiffs' Amended Notice of Motion and Motion for Summary Judgment

RESPONSE TO NON-PARTIES MATTHEW SYMONDS ET AL.'S REQUESTS FOR PROTECTIVE
SEAL - C-01-0988-MJJ                                                                    - 8 -

1  Against Lawrence Ellison for Trading on the Basis of Material Non-Public Information containing

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Request, Ex. A,

3  Entries 17 (Docket No. 867, 7/26/07); 24 (Docket No. 959, 8/7/07). This brief argues that, ▮

4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7        The contents of these three documents are not confidential in nature, do not give rise to

8  "compelling reasons" for a protective seal and are central to the dispositive motions in the case.[9] *See*

9  *Nobles*, 422 U.S. at 234; *Kamakana*, 447 F.3d at 1180.

10                 **6.    Symonds' Deposition Testimony Falls Short of the
                         "Compelling Reasons" Standard for Protective Seal**

11        Symonds seeks a protective seal for the transcript of his March 20, 2007 deposition, which is

12  attached to dispositive motions.[10] Seal Request, Ex. A, Entries 4 (Docket No. 753, Ex. K, 3/30/07);

13  6 (Docket No. 794, Ex. 1, 4/20/07); 42 (Docket No. 1180, Ex. 229, 10/5/07). In this transcript,

14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  (example at 20:21-25). These answers, as well as the questions they respond to, do not give rise to

18  "compelling reasons" justifying a protective seal. The questions and answers do not contain any

19  confidential or personal information regarding Symonds that could be used for an improper purpose

20  or that could expose Symonds to personal or financial harm. The transcript also reveals that

21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22

23  _____

24  [9]    There is no doubt that arguments concerning Ellison's and Symonds' destruction of evidence
   will be made repeatedly in open court at summary judgment and at trial. In requesting that these

25  documents and arguments remain under seal, Symonds is, in essence, seeking to have documents
   that he never designated as confidential remain under seal, and to close the courtroom during trial

26  where Ellison's complicity with Symonds in destroying documents is argued.

27  [10]    Symonds' deposition transcript was attached as Exhibit 229 to the Corrected Winkler
   Declaration.

28

1

2

3 | ████████ at 9:21-10:2. This exchange also does not contain confidential or personal

4 information that could be used for an improper purpose or that could expose Symonds to personal or

5 financial harm. Additionally, no assertion of the Fifth Amendment was made with respect to this

6 question series. Furthermore, Symonds' incrimination or exposure to litigation alone are not

7 compelling reasons for seal. *Kamakana*, 447 F.3d at 1180.

8

## 7. Briefs Filed with the Court Regarding Symonds' Fifth Amendment Rights Should Not Be Sealed

9

10 Symonds seeks a protective seal for portions of plaintiffs' Reply in Support of Plaintiffs'

Motion to Compel the Testimony of Matthew Symonds containing discussion and direct quotes of
11

Symonds' deposition testimony. Seal Request, Ex. A, Entry 5 (Docket No. 793, 4/20/07). Like
12

disclosure of the deposition transcript itself, disclosure of these statements in plaintiffs' brief does
13

not expose Symonds to a risk of the statements being used for an improper purpose or to exposure to
14

personal or financial harm. Additionally, the brief also contains the personal arguments of another
15

party to which Symonds has no right to be free from incrimination. *See Nobles*, 422 U.S. at 234.
16

Furthermore, Symonds' incrimination or exposure to litigation alone are not compelling reasons for
17

a protective seal. *Kamakana*, 447 F.3d at 1180.[11]

18

19

20

21 [11] For documents attached to non-dispositive motions, the party seeking protective seal must demonstrate that it has "good cause" to preserve the secrecy of the attached documents. *Kamakana*,

22 447 F.3d at 1179 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Good cause exists when disclosure of a document will work a "'clearly defined and serious injury.'" *Pansy v. Borough*

23 *of Stroudburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation omitted). Nothing in this brief will work a "clearly defined and serious injury" on Symonds. *Id.* The brief does not contain information that

24 could be used to cause personal injury to Symonds. Additionally, because Symonds' deposition transcript cannot meet the compelling reasons standard and should be unsealed, discussion of and

25 direct quotes from Symonds' deposition transcript will not work a serious injury on Symonds because these statements should already be public. Moreover, like the "compelling reasons"

26 standard, the potential for incrimination or exposure to litigation alone is insufficient for a protective seal under the "good cause" standard. *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 301

27 (N.D. Ill. 1993), *clarified & amended by* 153 F.R.D. 614 (N.D. Ill. 1993); *see also* Fed. R. Civ. P. 26; *Cipollone v. Liggett Group, Inc.*, 106 F.R.D 573, 576-77 (D.N.J. 1985).

28

1    Symonds seeks to seal Third-Party Matthew Symonds' Memorandum of Points and

2  Authorities Regarding the Applicability of the Fifth Amendment Privilege to Questions Identified by

3  the Court. Entry 25, (Docket No. 971, 8/10/07). In that brief,

4

5

6  This document does not contain private or personal information that could be used for improper

7  purposes or that could expose Symonds to personal or financial harm or identity theft. Incrimination

8  or exposure to litigation, without more, are not compelling reasons for a protective seal. *Kamakana*,

9  447 F.3d at 1180. Furthermore, Symonds cannot satisfy the lower standard of "good cause" because

10  nothing in this brief exposes him to serious personal injury. The potential for incrimination or

11  exposure to litigation alone is insufficient for a protective seal under the "good cause" standard.

12  *Culinary Foods*, 151 F.R.D. 297, 301; *see also* Fed. R. Civ. P. 26. Additionally, the Court should

13  apply the compelling reasons standard to the disclosure of this document because the

14

15    [12] Symonds' deposition transcript, as an

16  exhibit to a dispositive motion, is already subject to the higher "compelling reasons" standard.

17    Symonds seeks to seal Plaintiffs' Response to Third-Party Matthew Symonds' Memorandum

18  of Points and Authorities Regarding the Applicability of the Fifth Amendment Privilege to

19  Questions Identified by the Court. Seal Request, Ex. A, Entry 26 (Docket No. 974, 8/17/07). This

20  document contains a block quote from Third-Party Matthew Symonds' Memorandum of Points and

21  Authorities Regarding the Applicability of the Fifth Amendment Privilege to Questions Identified by

22

23  [12] As the Ninth Circuit explained in *Kamakana*, non-dispositive motions are subject to the
24  lower "good cause" standard because "the public has less of a need for access to court records
    attached only to non-dispositive motions because those documents are often 'unrelated, or only
25  tangentially related, to the underlying cause of action.'" *Kamakana*, 447 F.3d at 1179 (quoting
    *Foltz*, 331 F.3d at 1135). These underlying policy reasons do not apply in this case. Unlike the non-
26  dispositive motions in *Kamakana*, the non-dispositive motions at issue here are centrally related to
    the issues of spoliation of evidence and to the underlying causes of action. Additionally, the
27  arguments contained in these briefs spawn directly from documents that are attached to dispositive
    motions.

28

1   the Court. *Id.* Like Symonds' brief, this quote does not contain private or personal information that

2   could be used for improper purposes or that could expose Symonds to personal or financial harm.

3   Moreover, risk of Symonds' incrimination or exposure to litigation, without more, is not a

4   compelling reason for seal. *Kamakana*, 447 F.3d at 1180. Because Symonds cannot meet either the

5   standard for "good cause" or for "compelling reasons" required for a protective seal for the

6   underlying document, a block quote from the underlying document should not be subject to

7   protective seal.

8       **C.    Documents Designated as Confidential by HP, Arthur Andersen and
           Ernst & Young Do Not Meet the "Compelling Reasons" Standard for
9           Protective Seal**

10  In the joint seal request, defendants, on behalf of certain non-parties, requested that several

11  documents, which were attached to dispositive motions and designated by HP, Ernst & Young, and

12  Arthur Andersen as confidential, remain under seal.[13] Seal Request, §III. HP seeks a protective seal

13  for documents attached to dispositive motions

14  *See* Request for Seal, §III.A. When a party seeking protective seal is a business, "'it will

15  have to show that disclosure would cause significant harm to its competitive and financial position.'"

16  *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005) (citation omitted). HP has made no

17  showing that disclosure of these documents would significantly harm its competitive and financial

18  position. *Id.* Even if HP could make such a showing, courts have found that where, like here, the

19  sensitive information is small and could easily be redacted, "[s]imply redacting the identifying

20  information . . . from [the] records and disclosing the remaining information" is adequate protection.

21  *Foltz*, 331 F.3d at 1137.

22      Arthur Andersen and Ernst & Young seek a protective seal for portions of documents

23  attached to dispositive motions                                                    *See*

24  Request for Seal, §§III.B.-C. Neither Arthur Andersen nor Ernst & Young have made any showing

25

26  [13]    Defendants stated in the October 2, 2007 hearing and further indicated in the October 9, 2007
     Seal Request that they do not have any interest in keeping these documents under seal. *See* 10/2/07
27  Hearing Tr. at 5; Seal Request, §II. Accordingly, plaintiffs do not expect a submission from
     defendants in support of the confidential designation of these documents.

28

1 | that disclosure of these documents would cause significant harm to their competitive and financial

2 | positions. *Contratto*, 227 F.R.D. at 307. Thus, the non-parties have not set forth "compelling

3 | reasons" required for a protective seal for the documents they have designated as confidential.

4 | **III.    CONCLUSION**

5 | For all the foregoing reasons, defendants' and non-parties Symonds, HP, Arthur Andersen,

6 | and Ernst & Young's requests for protective seal for documents attached to dispositive motions

7 | should be denied.

8 | DATED: October 19, 2007                    Respectfully submitted,

9 |                                                          COUGHLIN STOIA GELLER
                                                            RUDMAN & ROBBINS LLP
10|                                                         SHAWN A. WILLIAMS
                                                            WILLOW E. RADCLIFFE
11|                                                         MONIQUE C. WINKLER
                                                            ELI R. GREENSTEIN
12|                                                         DANIEL J. PFEFFERBAUM

13|

14|                                                                    /s/ Shawn A. Williams
                                                                     SHAWN A. WILLIAMS

15|
                                                            100 Pine Street, Suite 2600
16|                                                         San Francisco, CA 94111
                                                            Telephone: 415/288-4545
17|                                                         415/288-4534 (fax)

18|                                                         COUGHLIN STOIA GELLER
                                                            RUDMAN & ROBBINS LLP
19|                                                         MARK SOLOMON
                                                            DOUGLAS R. BRITTON
20|                                                         STACEY M. KAPLAN
                                                            655 West Broadway, Suite 1900
21|                                                         San Diego, CA 92101
                                                            Telephone: 619/231-1058
22|                                                         619/231-7423 (fax)

23|                                                         Lead Counsel for Plaintiffs

24| S:\casessd\oracle3\brf00046587.doc

25|

26|

27|

28|
RESPONSE TO NON-PARTIES MATTHEW SYMONDS ET AL.'S REQUESTS FOR PROTECTIVE
SEAL - C-01-0988-MJJ                                                                          - 13 -

1

CERTIFICATE OF SERVICE

2       I hereby certify that on October 19,2007, I electronically filed the foregoing with the Clerk of

3   the Court using the CM/ECF system which will send notification of such filing to the e-mail

4   addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5   mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6   participants indicated on the attached Manual Notice List.

7       I certify under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct. Executed on October 19, 2007.

9

                                           /s/ Shawn A. Williams
10                                          SHAWN A. WILLIAMS

11                                          COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
12                                          100 Pine Street, 26th Floor
                                            San Francisco, CA 94111
13                                          Telephone: 415/288-4545
                                            415/288-4534 (fax)
14

15                                          E-mail:ShawnW@csgrr.com

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylaw.com
- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com
- **Doug Britton**
  dougb@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com
- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com
- **Stacey Marie Kaplan**
  SKaplan@csgrr.com
- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com
- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com
- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com
- **William S. Lerach**
  e_file_sd@lerachlaw.com
- **James C. Maroulis**
  jim.maroulis@oracle.com
- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com
- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com
- **Brian P Murray**
  bmurray@rabinlaw.com
- **Shinyung Oh**
  shinyungoh@paulhastings.com
- **Willow E. Radcliffe**
  willowr@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com
  ,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com
- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com
- **Monique C. Winkler**
  shawnw@csgrr.com,travisd@csgrr.com,e_file_sd@csgrr.com,E_File_SF@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Sanna Rachel Singer
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111
```