DAWN S. PITTMAN, State Bar No. 177962
LISA A FREITAS, State Bar No. 227109
TERA M. HEINTZ, State Bar No. 241414
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: dpittman@morganlewis.com
        theintz@morganlewis.com
        lfreitas@morganlewis.com

Attorneys for
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
|---|---|
| | CLASS ACTION |
| This Documents Relates To:<br><br>ALL ACTIONS | HEWLETT-PACKARD COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REQUEST TO UNSEAL RECORDS<br><br>Date:    October 26, 2007<br>Time:   10:00 a.m.<br>Courtroom:  The Honorable<br>              Martin J. Jenkins |

     Pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rules 79-5, third-party Respondent Hewlett-Packard Company ("HP") submits this Memorandum of Points and Authorities in Opposition to the Request to Unseal Records. The National Law Journal has requested this Court unseal the documents related to Matthew Symonds as well as the motions for summary judgment filed by the parties in this action. Certain documents produced by HP were submitted under seal by Plaintiffs as exhibits to their Opposition to Defendants' Motion for Summary Judgment in the above-referenced matter, and therefore have been swept into the dispute regarding the unsealing of records. HP requests that this Court deny the Motion to Unseal Records with respect to Exhibits 62 and 188 ("HP Documents") to Plaintiffs' Opposition, because

1  the documents consist entirely of HP's confidential and proprietary trade secret information, the
2  disclosure of which would cause HP substantial economic harm.
3        This motion is based upon the accompanying Memorandum of Law, Declaration of Nancy
4  Young, the [Proposed] Order, and any other evidence that the Court deems appropriate.

## I. SUMMARY OF ARGUMENT

6        This Court has ample authority to deny the request to unseal documents with respect to the
7  HP Documents because the documents consist of confidential proprietary trade secret
8  information. The law is well-settled that protection of confidential trade secret information
9  provides a compelling reason to warrant sealing judicial filings. Moreover, the motion for
10 summary adjudication briefing (both in support of and in opposition thereto) has now been
11 publicly filed, providing the public a clear understanding of the judicial process in this case.
12 Because HP's interests in protecting its trade secrets far outweigh any countervailing interest of
13 the public in viewing the proprietary information, this Court should deny the request to unseal
14 records with respect to the HP Documents.

## II. FACTS

16       In response to a third party document subpoena served on HP by Plaintiffs, HP produced
17 the documents that are the subject of this Opposition. *See* Declaration of Nancy Young in
18 Support of Opposition to Motion to Unseal Records, ¶ 3. The documents consist almost entirely
19 of HP's confidential trade secret information regarding a comprehensive pricing, licensing, and
20 negotiation strategy for CRM (customer relationship management) tools. *Id.* ¶¶ 4-5. This
21 strategy was developed by HP over a substantial period of time and through a substantial
22 expenditure of resources and is still utilized in part by HP today. *Id.* ¶8. Accordingly, HP has
23 taken reasonable efforts to ensure that the information is not publicly disclosed, including by
24 ensuring that the information is never disclosed to third parties absent execution of a non-
25 disclosure agreement. *Id.* ¶ 4. As part of their efforts to maintain the confidentiality of the
26 information, HP agreed to produce documents related to CRM to Plaintiffs only on the condition
27 that the document be designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY"
28

under the terms of the Revised Stipulated Protective Order Governing Confidentiality issued by this Court on January 11, 2005.

Plaintiffs filed the HP Documents under Seal as exhibits to its Opposition to Defendants' Motion for Summary Judgment. On July 27, 2007, the National Law Journal ("NLJ") requested that this Court unseal documents related to Matthew Symonds, and unseal the Motions for Summary Judgment in this case. Subsequent to the NLJ request, the parties publicly filed the Motions for Summary Judgment. No party has sought the unsealing of the HP Documents submitted in support of Plaintiffs' Opposition and no party has contested that the documents contain HP's confidential and proprietary trade secrets.

## III. DISCUSSION

### A. COMPELLING REASONS JUSTIFY MAINTAINING HP'S DOCUMENTS UNDER SEAL.

#### 1. Standard of Law

While courts have historically recognized a general right to inspect and copy judicial records, that right is not absolute. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 9 (9th Cir. 2006). The law is well-settled that a court may order judicial records, including exhibits attached to a dispositive motion, to be sealed upon a showing of a "compelling reason" for preventing public disclosure of the information. *Id.* A compelling reason exists when the court filing might "become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets." *Id.* (emphasis added).

The need to protect trade secrets is well-established under federal law. *See, e.g.*, FEDERAL RULE OF CIVIL PROCEDURE 26(c) (court may grant a protective order to ensure that "a trade secret or other confidential research, development or commercial information not be revealed …"). Indeed, the protection of trade secrets is one of the few justifications upon which courts will regularly grant motions to seal. *Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.*, 463 F. Supp. 2d 1073, 1083 (C.D. Cal. 2006). The Court in *Biovail* cited to the "heavy cloak of

judicial protection" afforded to trade secrets in denying the plaintiffs' request to unseal exhibits to defendant's motion for summary judgment that contained defendant's trade secrets. Thus, the protection afforded trade secrets under California law is well-established.

### 2. The HP Documents Contain Protectable Trade Secrets Under California Law.

A "trade secret" under California law consists of any "information, including a formula, pattern, compilation, program, device, method, technique, or process that (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d).

The law is well-settled that confidential customer information, including sales strategies and pricing may constitute a protectable trade secret. *Courtesy Temp. Serv. Inc. v. Camacho*, 222 Cal. App. 3d 1278, 1288 (1990) (customer information such as a "customer lists, billing rates, key contacts, specialized requirements and markup rates" can constitute protectable trade secrets under California law); *see also Competitive Technologies v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1147 (N.D. Cal. 2003) (mere existence of confidential licensing negotiations is a protectable trade secret under California law).

Here, there is no question that the information contained in the HP Documents constitutes HP's proprietary trade secret information. The documents discuss a comprehensive marketing and pricing strategy that was utilized by HP in negotiations with Oracle between 2000 and 2001 and that HP continues to utilize today. Young Decl., ¶ 4-5. This strategy was developed by HP over a substantial period of time, and through a substantial expenditure of resources. *Id.* ¶ ___. Moreover, because disclosure of this information would economically disadvantage HP with respect to its competitors, HP has not and would not disclose this information publicly absent execution of a non-disclosure agreement. *Id.*, ¶ 4. Thus, the documents clearly qualify for trade secret protection, a fact that is not disputed by any party to this litigation or in the request to unseal records.

### 3. The Protection of HP's Trade Secrets Outweighs the Public's Right of Access In This Case.

#### a. The Documents are Not Critical to Understanding the Dispositive Motion.

As the Court can determine based on a review of Defendants' Motion for Summary Judgment, disclosure of HP's trade secrets is not necessary for the public to understand the dispositive motions. At the time of the initial challenge to the sealing of submissions in connection with the motions for summary judgment, all of the briefing papers as well as all exhibits to the motions were submitted to the Court under seal. However, since the initial filings, the parties to the litigation have publicly filed all but selected documents. Among the documents that remain under seal, are two HP documents designated as Exhibit 62 (bates numbered HP00019 – HP00021) and Exhibit 188 (bates numbered HP00008 – HP00012) to Plaintiffs' Opposition to Defendant Oracle Corporation's Motion for Summary Judgment. As identified in the Declaration of Nancy Young, the two HP documents contain internal strategy information that comprises proprietary and trade secret information developed after substantial investment of time and resources by HP. Indeed, HP goes to great lengths to maintain the confidentiality of this information, such that the information is never disclosed the third parties without the protection of a non-disclosure agreement.

As a result of the public filing of the summary judgment briefing, the public has access to the nature and scope of the dispute at issue in this litigation. While Exhibits 62 and 188 are cited in support of Plaintiffs' opposition to summary judgment, the documents are cumulative to other non-protected, non-trade secret documents cited by Plaintiffs in support of their brief. Thus, where the substance of Plaintiffs' argument in opposition is no longer under seal, other documents cited are available to the public, there is no compelling basis to disclose HP's trade secret and confidential, proprietary business information and strategy. The risk of economic harm

to HP, a third party to this litigation, far outweighs any public right to access. *See, Biovail, supra,* 423 F. Supp. at 1083.

### b. The National Law Journal Is Not Seeking Information Contained in HP's Documents.

The July 27, 2007 NLJ letter request to unseal documents primarily sought those documents related to author Matthew Symonds. . The request for unsealing the documents specified only those documents related to Mr. Symonds, and mentioned the motions for summary judgment only in passing. The basis for the NLJ request is identified as "the litigation concerning the fate of audio records a journalist/author made with the CEO is critical to the understanding of the public's understanding of the issues in the case and broader constitutional rights. Furthermore reporting the rationale for a requested dismissal of the case in summary judgment form is important to the public's understanding and confidence in the judicial system."

The documents particularly sought by the NLJ do not include the HP documents that this motion seeks to keep under seal and protect. Indeed, nowhere within its letter request does the NLJ make mention of the HP documents. The HP documents have merely been swept up in this dispute by virtue of the request that the motions for summary judgment also be unsealed. However, the mere reference of the HP documents in the supporting memoranda to the summary judgment motions is not, in itself, sufficient to require the disclosure of the proprietary and trade secret information contained therein. To the contrary, it appears the NLJ request for unsealing the motions for summary judgment was simply made in an effort to obtain all documents pertaining to the Matthew Symonds documents.

As discussed above, the protection of HP's trade secrets contained in the HP documents far outweighs any minimal public interest in the documents, particularly where the motions themselves have been publicly filed and therefore provide more than sufficient information to

understand and report on "the rationale for a requested dismissal of the case in summary judgment form."

## IV. CONCLUSION

For the foregoing reasons, Hewlett-Packard Company respectfully requests that this Court deny the request to unseal records with respect to Exhibits 62 and 188 of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment.

Dated: October 19, 2007                    MORGAN, LEWIS & BOCKIUS LLP

                                           By _____
                                              Dawn S. Pittman
                                              Attorneys for Hewlett-Packard