COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
STACEY M. KAPLAN (241989)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@csgrr.com
dougb@csgrr.com
skaplan@csgrr.com
     – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
MONIQUE C. WINKLER (213031)
ELI R. GREENSTEIN (217945)
DANIEL J. PFEFFERBAUM (248631)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@csgrr.com
willowr@csgrr.com
moniquew@csgrr.com
elig@csgrr.com
dpfefferbaum@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION ) ) ) | Master File No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To: ) ) ALL ACTIONS. ) ) ) | REPLY TO HEWLETT PACKARD COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REQUEST TO UNSEAL RECORDS |

**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

## I. INTRODUCTION

There is a strong presumption of public access to dispositive motions in the Ninth Circuit. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, this Court, by its October 2, 2007 Order, intends to lift the blanket protective order and has instructed the parties and non-parties in the above-referenced litigation to submit briefing regarding which exhibits, if any, each respective party believes should remain under seal. October 2, 2007 Order. Non-party Hewlett Packard Company ("HP") seeks to keep two documents, which were attached to dispositive motions submitted by plaintiffs, under seal. *See* HP's Memorandum of Points and Authorities In Opposition to Request to Unseal Records ("HP Opp."). A party seeking a protective order must demonstrate "compelling reasons" for a protective seal. *Kamakana* 447 F.3d at 1179. HP cannot overcome this heavy burden by making conclusory statements that these documents contain trade secrets and that HP would suffer economically as a result. HP fails to articulate with the required specificity what parts of the documents constitute trade secrets and what harm, if any, it would suffer if the documents were unsealed. Naked assertions, unsupported by any factual basis, will not justify the continued sealing of these documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). Furthermore, HP's assertions that the public is not interested in the documents or that they have merely been "swept up" in another dispute is unpersuasive and mischaracterizes the "default posture." HP Opp. at 6; *Kamakana*, 447 F.3d at 1182.

## II. ARGUMENT

### A. Legal Standard

In the Ninth Circuit, there is a strong presumption of public access to dispositive pleadings, including motions for summary judgment and related attachments. *Kamakana*, 447 F.3d at 1179. To overcome this presumption, a party seeking to seal a document attached to a dispositive motion must articulate "compelling reasons" for the seal for each particular document it seeks to protect, supported by specific facts for each document, and must show that specific prejudice or harm will result if no protective seal is granted. *Foltz*, 331 F.3d at 1130, 1134. Unsubstantiated allegations will not satisfy the "compelling reasons" standard. *Id.*

REPLY TO HEWLETT PACKARD COMPANY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO REQUEST TO UNSEAL RECORDS - C-01-0988-MJJ       - 1 -

1  Generally, "compelling reasons" sufficient to outweigh the public's interest in disclosure and
2  justify sealing court records exist when such "'court files might have become a vehicle for improper
3  purposes,' such as the use of records to gratify private spite, promote public scandal, circulate
4  libelous statements or release trade secrets." *Kamakana*, 447 F.3d at 1182. Under Cal. Civ. Code
5  §3426.1(d), "'Trade secret' means information, including a formula, pattern, compilation, program,
6  device, method, technique, or process, that: (1) Derives independent economic value, actual or
7  potential, from not being generally known to the public or to other persons who can obtain economic
8  value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the
9  circumstances to maintain its secrecy."

Where the party seeking protection is a business, "it will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Contratto v. Ethicon, Inc.* 227 F.R.D. 304, 307 (N.D. Cal. 2005). The court must then balance the competing interest of the public and the party seeking the protective seal and, if it decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

### B. HP Cannot Meet the Compelling Reasons Test with Regard to Either Document It Attempts to Keep Under Seal

HP bears the heavy burden of showing that all of the information in these documents is a protectable trade secret and that its disclosure would be harmful to HP's interests. *Nutratech, Inc. v. Syntech*, 242 F.R.D. 552, 554-55 (C.D. Cal. 2007). HP argues that the two documents at issue – Exhibit 62 and Exhibit 188 to Plaintiffs' [Corrected] Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Opp.") – contain ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ HP Opp at 4. This naked assertion is not supported by specific facts and does not justify a protective seal. At most, even if a limited amount of information satisfies the compelling reasons standard, that information should be

1 | redacted and the remaining information disclosed. *See Foltz*, 331 F.3d 1122; *U.S. ex rel. Lockyer v.*
2 | *Hawaii Pacific Health*, No. 04-00596 ACK-LEK, 2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007).

3 |     1.    **HP Cannot Demonstrate That Exhibit 62 (HP 00019-21)**
4 |         **Contains Trade Secrets Or That There Are Compelling Reasons to Seal the Document**

5 |     Exhibit 62 is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It does
6 | not contain any information which could be deemed a trade secret. ▮▮▮▮▮▮▮▮▮▮▮▮
7 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, this
8 | attachment is not part of the exhibit. HP 00019. Instead, the bulk of the exhibit comprises ▮▮▮
9 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 | ▮▮▮▮▮▮▮▮▮▮ HP 00019-20. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cal. Civ. Code
12 | §3426.1(d). Instead it deals with mundane minutiae like:

13 |
14 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 |
16 |

17 | HP 00020.

18 |     This is not the type of information which courts protect as "trade secrets." The information
19 | contained in this exhibit does not constitute a "formula, pattern, compilation, program, device,
20 | method, technique or process." ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ HP 00019.

23 |     Additionally, HP fails to cite any facts indicating that HP "derives independent economic
24 | value" from the secrecy of this information. Cal. Civ. Code §3426.1(d). ▮▮▮▮▮▮▮▮▮▮▮
25 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ where disclosure of information
26 | would create a disadvantage for the disclosing party. For instance, in *Biovail Laboratories, Inc. v.*
27 | *Anchem Pharm., Inc.*, 463 F. Supp. 2d 1073 (C.D. Cal. 2006), the court protected the scientific
28 | information contained in a Food and Drug Administration application related to the composition of

generic drugs. *Id.* at 1083. In doing so, the court noted that "[c]ourts dress technical information with a heavy cloak of judicial protection because of the threat of economic injury to the discloser of scientific information." *Id. (citing Andrx Pharm. LLC v. GlaxoSmithKline PLC*, 236 F.R.D. 583, 586 (S.D. Fla. 2006)). Additionally, in *Courtesy Temp. Serv. Inc. v. Camacho*, 222 Cal. App. 3d 1278 (Cal. Ct. App. 1990), the Court of Appeal for the Second District of California held that a customer list was a protectable trade secret only after finding that compilation of the list was the product of "lengthy and expensive efforts, including advertising, promotional campaigns, canvassing, and client entertainment," and that the company had made reasonable efforts to maintain the secrecy of the list, including not divulging the list outside the business pursuant to a company policy, limiting employee access on an "as needed basis" only, and advising employees of the confidentiality of the list. *Id.* at 1288. HP makes only conclusory statements that ▮▮▮▮▮▮ ▮▮▮▮▮▮ HP Opp. at 4. HP makes these broad conclusory statements but gives no "specific demonstrations of fact" and fails to support them with "concrete examples." *Contratto*, 227 F.R.D. at 307. Without any specific supporting facts, HP cannot demonstrate a compelling reason for protective seal and therefore cannot meet the Ninth Circuit standard. HP Opp. at 2; *Foltz*, 331 F.3d at 1130, 1134.

HP has also failed to show how disclosure of this document "would cause significant harm to its competitive and financial position." *Contratto*, 227 F.R.D. at 307. It is difficult to even speculate about how ▮▮▮▮▮▮ would have any impact on HP's current status. Courts recognize that the passage of time mitigates against the finding that information is a trade secret. *See Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 129 F.R.D. 483, 485 (D.N.J. 1990). HP makes the unsubstantiated claim that ▮▮▮▮▮▮ yet it provides no specific facts for this conclusory statement. HP Opp. at 4. In fact, HP fails to even quote from their own documents, instead making only "conclusory allegations of harm." *Contratto*, 227 F.R.D. at 307. This does not meet the Ninth Circuit's "compelling reasons" standard. *Kamakana*, 447 F. 3d at 1179.

1  HP's more likely motivation for wanting to keep this document under seal relates to ███
2  ████████████████████████████████████████████████████████████████████████████████
3  ██████████████████ HP 00020. ███████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████ See Plaintiffs'
5  Opp. at 13. This exhibit suggests that HP was engaged in similar behavior. However,
6  embarrassment, incrimination, or exposure to further litigation will not, without more, provide a
7  compelling reason for the court to seal its records. See *Foltz*, 331 F.3d at 1137; *Kamakana*, 447 F.3d
8  at 1184.

   **2.  HP Cannot Demonstrate That Exhibit 188 (HP 00008-12) Contains Trade Secrets Or That There Are Compelling Reasons to Seal the Document**

11  Exhibit 188 is an equally "stale" ██████████████████████████████████████████
12  ████████████████████████████████████████████████████████████████████████████████
13  ███████████████████████████████████████████████████ *Nestle*, 129 F.R.D. at 485. HP
14  makes no arguments unique to this document other than its blanket assertions that the exhibit
15  contains ███████████████████████████████████████████████████████████████████████
16  ████████████ HP Opp. at 4.
17      HP fails to articulate what, if anything, constitutes a trade secret in Exhibit 188. The
18  document contains ██████████████████████████████████████████████████████████████
19  ████████████████████████████████████████████████████████████████████████████████
20  ██████████████████████████████████████████ Like Exhibit 62, this information is easily
21  distinguishable from protectable trade secrets. ████████████████████████████████████
22  ████████████████████████████████████████████████████████████████████████████████
23  █████████████████ This is particularly true because the transaction it is germane to occurred
24  ██████████████████████ This is "stale" information. See *Nestle*, 129 F.R.D. at 485. HP fails to
25  quote any language which it contends is a trade secret. It provides no "concrete examples," rather
26  HP makes only "broad, conclusory allegations of harm." *Contratto*, 227 F.R.D. at 307. By failing to
27  cite any specific facts, HP fails the "compelling reasons" standard of the Ninth Circuit.
28

REPLY TO HEWLETT PACKARD COMPANY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO REQUEST TO UNSEAL RECORDS - C-01-0988-MJJ                - 5 -

### 3. The Public Has a Strong Interest in the Disclosure of These Documents

Ignoring the "default posture of public access," HP suggests that there is "minimal public interest" in these documents. *Kamakana*, 447 F.3d at 1182; HP Opp at 6. To the contrary, there is a strong presumption of public interest in documents attached to dispositive motions, as here. *Kamakana*, 447 F.3d at 1179. Further, HP is a global corporation traded on the New York Stock Exchange and followed by investors worldwide. It is disingenuous for HP to suggest that the public is not interested in these exhibits.

HP argues that because these documents were not specifically mentioned by the National Law Journal, they should not be subject to the unsealing. This argument is entirely without merit. It is well established in the Ninth Circuit that the strong presumption of public access applies not only to dispositive motions, but also to materials submitted in connection with those motions. *Foltz*, 331 F.3d at 1134. Thus, HP must satisfy the "compelling reasons" standard regardless of whether its documents are specifically requested to be unsealed.

Additionally, the information contained in these documents is directly relevant to the issues in this case. Plaintiffs allege that defendant Oracle engaged in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## III. CONCLUSION

For the foregoing reasons, the Court should deny HP's request for a protective seal of Exhibits 62 and 188 of Plaintiffs' Opp.

DATED: October 23, 2007

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MONIQUE C. WINKLER
ELI R. GREENSTEIN
DANIEL J. PFEFFERBAUM


        /s/ Shawn A. Williams
SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
STACEY M. KAPLAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Oracle3\BRF00046664_redacted.doc

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 23, 2007.

/s/ Shawn A. Williams
SHAWN A. WILLIAMS

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: ShawnW@csgrr.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com

- **Brian P Murray**

- bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Dawn S. Pittman**
  dpittman@morganlewis.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_s

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

- **Monique C. Winkler**
  shawnw@csgrr.com,travisd@csgrr.com,e_file_sd@csgrr.com,E_File_SF@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105
```

**Darren Jay Robbins**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Sanna Rachel Singer**
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111