IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NURSING HOME PENSION FUND ET AL, | No. C01-00988 MJJ |
| Plaintiff, | **ORDER RE: REQUESTS TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| ORACLE CORPORATION ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court are the parties' and certain non-parties' requests to file documents under seal, as identified in the parties' joint October 9, 2007 submission. (Docket No. 1242.) For the following reasons, the Court **GRANTS** Plaintiff's requests to seal documents, **GRANTS IN PART** and **DENIES IN PART** non-party Matthew Symonds' request to seal documents, and retains HP's request to seal two documents under submission pending HP's submission of a supplemental declaration. With the exception of the two HP documents and the specific documents that the Court authorizes by this Order to be filed under seal, the Court **ORDERS** that the documents identified in the parties' joint October 9, 2007 submission be filed in the public record of this matter.[1]

## FACTUAL BACKGROUND

The parties in this matter originally filed a large volume of documents conditionally under

---

[1] As discussed at the October 26, 2007 hearing, Defendants, non-party Arthur Andersen, and non-party Ernst & Young have all withdrawn their requests for protective seals in connection with the dispositive motions or motions related to Matthew Symonds remain under seal.

1  seal in connection with briefing their pending summary judgment motion, as well as Plaintiff's
2  pending motion for terminating sanctions.  Non-party Matthew Symonds also filed a brief
3  conditionally under seal addressing the applicability of the Fifth Amendment privilege to certain
4  questions asked during his deposition in this matter.  The Court held a series of status conferences
5  with the parties and Symonds regarding the parties' and Symonds' protective seal requests.[2]  At
6  these conferences, the parties indicated that they would likely be able to withdraw their requests for
7  protective seals as to the majority of the documents filed conditionally under seal.

8        On October 9, 2007, the parties filed a joint submission significantly narrowing the number
9  of documents for which the parties, or relevant non-parties, seek protective seals.  (Docket No.
10 1242.)[3]  Subsequently, the parties and non-parties seeking or opposing protective seals filed briefs
11 addressing the merits of the remaining under seal requests.  (Docket Nos. 1235, 1384, 1385, 195,
12 1396.)  This Court held a hearing regarding the remaining requests for protective seals on October
13 26, 2007.

## LEGAL STANDARD

15 Historically, courts have recognized a general right to inspect and copy public records and
16 documents, including judicial records and documents.  *See Kamakana v. City and County of*
17 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  This right is justified by the interest of citizens
18 keeping a "watchful eye on the workings of public agencies."  *Id.*  Accordingly, "the proponent of
19 sealing bears the burden with respect to sealing.  A failure to meet that burden means that the default
20 posture of public access prevails."  *Id.* at 1182.

21 "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings,
22 including motions for summary judgment and related attachments."  *Id.* at 1179.  To overcome this

---

[2] By an informal letter addressed to this Court, which the Court shared with the parties, the National Law Journal also requested that the Court allow public access to papers relating to the parties' summary judgment motions and relating to disputes involving Symonds.  In connection with the status conferences regarding this issue, the Court provided notice to the National Law Journal of its intent to receive briefing and hold the October 26, 2007 hearing regarding protective seal issues.  Neither the National Law Journal nor other press organizations formally intervened or took a position regarding the protective seal issues.

[3] The parties have represented to the Court that, other than the still-in-dispute items listed in Docket No. 1242, the parties have now re-filed in a publicly-available manner the materials originally filed conditionally under seal in connection with the parties' pending summary judgment motion and Plaintiff's pending motion for terminating sanctions.

2

presumption, the party seeking to seal a document attached to a dispositive motion must articulate "compelling reasons" for the seal, supported by specific facts for each document. *Id.* at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). A district court must "conscientiously balance" the competing interests of the public and the party who seeks to keep certain judicial records secret. *Id.* at 1179. A court sealing such judicial records must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Generally, "compelling reasons" sufficient to outweigh the public's interest in disclosure exist when court files could "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quotations omitted). However, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In contrast, for discovery documents attached to non-dispositive motions, "the usual presumption of the public's right of access is rebutted." *Id.* "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action." *Id.* Accordingly, in such circumstances, a "particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (quotation and citation omitted).

## ANALYSIS

**A.    Plaintiff's Requests To Seal Documents.**

Plaintiff seeks a protective seal on home address and personal account information of three individual plaintiffs and four confidential witnesses. No party or non-party has submitted an opposition to this request.

With the exception on the Sullivan deposition transcript, the information that Plaintiffs seek to seal have been submitted in connection with the parties' summary judgment motions, and is therefore subject to the "compelling reasons" standard. Here, Plaintiffs' showing meets the

3

1  "compelling reasons" standards.[4]  The Ninth Circuit has found that compelling reasons exist to keep
2  personal information confidential to protect an individual's privacy interest and to prevent exposure
3  to harm or identity theft.  *See Foltz*, 331 at 1134; *Kamakana v. City & County of Honolulu*, 447 F.3d
4  1172 at 1184.  Here, the Court finds that protection of the confidential witnesses' private
5  information is of particular importance, as such witnesses can be susceptible to retaliation and
6  harassment.  Moreover, the amount of information that Plaintiffs seek to redact is small, and that the
7  information (home addresses and financial account information) has little or no relevance to any
8  material issue in this case.  Accordingly, the Court finds that the privacy interests in this personal
9  information outweighs the public's right to access.  The Court therefore **GRANTS** Plaintiffs'
10 request to seal such information.[5]

11 **B.     Matthew Symonds' Requests To File Documents Under Seal.**

12       Non-party Matthew Symonds requests that numerous documents be filed under seal.
13 (Docket No. 1242, Exh. A.)  Plaintiffs have filed a brief opposing these requests (Docket No. 1384),
14 and Symonds has filed a reply (Docket No. 1396).

15       1.     **Briefs Concerning The Fifth Amendment's Applicability To Specific Deposition**
16              **Questions**.

17       Symonds seeks a protective seal on portions of the brief that he filed, pursuant to court order,
18 regarding the applicability of the Fifth Amendment privilege against self-incrimination to certain
19 questions that Symonds refused to answer in his deposition.  He also seeks a protective seal on the
20 portion of Plaintiff's responsive brief that quoted from his Fifth Amendment brief.  Because both

---

[4] The Sullivan deposition transcript is submitted in connection with the Plaintiff's motion for terminating sanctions. This Court need not resolve whether the motion for terminating sanctions is a dispositive or non-dispositive motion because Plaintiff's showing for sealing the home address information in the Sullivan deposition transcript meets the higher "compelling reasons" standard.

[5] Specifically, the Court authorizes that home address and financial account information may be redacted from the public versions of, and unredacted versions may be filed under seal of, the following documents:
- Docket Nos. 901, Exh. 111 (Descasare transcript).
- Docket No. 1053, Exh. 11 (Descasare transcript).
- Docket No. 1026, Exh. N (Descasare transcript).
- Docket No. 854, Attachment #1, Exh. 126, MORSTAN 0096-0103 (Chu account statement).
- Docket No. 854, Attachment #1, Exh. 127 (Kuehmichels account statement).
- Docket No. 1026, Exh. CC. (Donnelly transcript).
- Docket No. 1026, Exh. DD (Adams transcript).
- Docket No. 900, Exh. 103 (Sullivan transcript).

1 briefs were filed in connection with proceedings relating to a non-dispositive motion to compel filed
2 by Plaintiffs, the "good cause" standard applies.

3 Symonds has established good cause for sealing the requested portions of these pleadings. In
4 its June 29, 2007 Order (Docket No. 843), the Court specifically envisioned an *in camera* process by
5 which the Court would determine the applicability of the Fifth Amendment privilege to certain
6 specific questions asked of Symonds. *See United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir.
7 1996). On August 2, 2007, in connection with that process, the Court ordered further written
8 briefing from the parties regarding the scope of the Fifth Amendment privilege. The briefs at issue
9 were submitted to the Court pursuant to that order. Although those briefs were not submitted *in*
10 *camera*, they nonetheless were intended by the Court as opportunities for the parties to argue freely
11 regarding the applicability of the privilege against self-incrimination, without waiver or concern that
12 such arguments would become a matter of public record.

13 Accordingly, the Court **GRANTS** Symonds' request to seal the unredacted copies of
14 Symonds' brief. [6] The Court also **GRANTS** Symonds' request to remove the portion of Plaintiff's
15 responsive brief that quoted from Symonds' brief from the public record and to place that block
16 quote under seal.[7] The clerk is **DIRECTED** to remove Docket No. 974 from the public record and
17 place it under seal; the parties shall file a redacted version of the brief in the public record.

18 **2. The Financial Terms Set Forth In The *Softwar* Contract.**

19 Symonds seeks a protective seal for the financial terms of the *Softwar* agreement between
20 Ellison and Symonds, including discussions of those terms in related contemporaneous
21 communications (and discussion of the financial terms in briefs and orders).[8] Plaintiffs oppose this
22 request.

---

[6] Specifically, the Court authorizes that redacted versions may be publicly filed of, and unredacted versions may be filed under seal of, the following documents:
- Docket No. 971 (Symonds' Fifth Amendment brief)
- Docket No. 1181, Exhibit L (copy of Symonds' Fifth Amendment brief)

[7] Specifically, the Court authorizes that redacted versions may be publicly filed of, and unredacted versions may be filed under seal of, the following documents:
- Docket No. 974 (Plaintiffs' Fifth Amendment brief)

[8] Symonds concedes that he "has no objection to the disclosure of the non-financial terms of the agreement." (Docket No. 1396 at 5:24-25.)

5

Though the entire *Softwar* agreement is attached to Plaintiff's summary judgment motion, as well as its request for sanctions, Symonds correctly points out that Plaintiffs nowhere rely on the agreement's financial provisions in their summary judgment briefing. Moreover, the financial terms of the agreement are not directly relevant to the merits of the underlying case. Under these circumstances, the Court finds that the financial terms of the *Softwar* agreement constitutes extraneous material attached to a dispositive motion, and should not be considered a judicial document subject to the heightened "compelling reasons" standard. *See McConnell v. Federal Election Comm'n*, 251 F. Supp. 2d 919, 932 (D.D.C. 2003) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process."); *United States v. Snyder*, 187 F. Supp. 2d 52, 62-63 (N.D.N.Y. 2002) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. . .[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."). Accordingly, the Court will apply the "good cause" standard to Symonds' request to seal these documents.

Symond's request to seal personal financial information meets the "good cause" standard given his non-party privacy interest. *See In re Boston Herald, Inc.*, 321 F. 3d 174, 190 (1st Cir. 2003). The Court therefore **GRANTS** Symonds' request to redact and seal the financial terms found in the Softwar agreement, in contemporaneous communications negotiating and discussing the agreement, and in briefs or orders citing to these financial terms.[9]

**3.    Letter Sent By Symonds To Defendants' Counsel.**

---

[9] Specifically, the Court authorizes that financial terms may be redacted from the public versions of, and unredacted versions may be filed under seal of, the following documents:
- Docket No. 753, Exhibit A (copies of court orders)
- Docket No. 840, Exhibit 6 (email from Gibbs to Symonds)
- Docket No. 901, Exhibit 133 (*Softwar* agreement)
- Docket No. 901, Exhibit 134 (copy of court order)
- Docket No. 901, Exhibit 135 (copy of court order)
- Docket No. 1180, Exhibit 194 (copy of court order)
- Docket No. 1180, Exhibit 195 (copy of court order)
- Docket No. 1180, Exhibit 196 (*Softwar* agreement)
- Docket No. 1180, Exhibit 197 (letter from Symonds to Ellison and Balkenhol)
- Docket No. 1180, Exhibit 198 (email from Wylie to Ellison and Symonds)

1  Symonds seeks a protective seal for a letter (and briefs or orders discussing that letter) that
2  Symonds allegedly sent to Defendants' counsel regarding their request that he produce transcripts
3  and audio recordings of his interviews of Defendant Ellison. The letter in question has been
4  submitted to the Court in connection with Plaintiffs' motion for terminating sanctions. Plaintiffs
5  oppose this request.

6  Although Plaintiffs and Symonds dispute whether Plaintiffs' motion for terminating
7  sanctions should be treated as a dispositive or as a non-dispositive motion, the Court finds that it
8  need not resolve this issue, as Symonds' request for a protective seal does not satisfy even the lower
9  "good cause" standard. Nothing in the letter provides good cause for a protective seal. The letter
10 was not formally produced by Symonds as a result of compulsory discovery processes nor in
11 reliance on the protective order entered in this case; rather, it was freely sent by Symonds to
12 Defendants' counsel in meet-and-confer discussions between them regarding the documents in
13 Symonds' possession. Symonds had no reasonable expectation of privacy or confidentiality in this
14 "meet-and-confer" letter at the time he sent it.

15 Symonds argues that the letter should nonetheless be placed under seal because its contents
16 could potentially be used as incriminating evidence against him if he faced a criminal trial for
17 violation of 18 U.S.C. § 1512(c). However, the Court is unable to identify a legitimate interest
18 raised by this argument that would constitute good cause for sealing the document. Symonds
19 appears to be arguing that maintaining the letter under seal would either reduce the likelihood that
20 charges would be brought against him under 18 U.S.C. § 1512(c), would reduce the likelihood that
21 the letter would be used as evidence against him in such a prosecution, or both. Neither scenario
22 presents a situation in which public court records would be put to an *improper* use that Symonds can
23 legitimately seek this Court's assistance in protecting against.[10]

24 On the other side of the ledger, the Court finds that the public has a significant interest in
25 having access to these materials, as issues regarding destruction of evidence, to which Symonds'
26 letter and deposition transcript relate, have a direct relationship to the merits of this case. The Court

---

[10] Symonds' status as a non-party and a British subject do not alter this Court's analysis, because Symonds has not identified a legitimate interest to be protected.

7

finds that it is against the public interest for this Court to use a sealing order to retroactively suppress information, even potentially incriminating information, that Symonds did not reasonably expect to be kept private when disclosed and that he was not compelled by any judicial process to provide in the first place.  Weighing these factors, the Court finds that Symonds has failed to establish "good cause" for a protective seal.

Accordingly, the Court **DENIES** Symonds' request for a protective seal on the letter (and briefs or orders discussing that letter) that Symonds allegedly sent to Defendants' counsel regarding their request that he produce documents in his possession.

### 4. **Symonds' Deposition Transcript**.

Symonds seeks a protective seal for his deposition transcript (and briefs and orders discussing that deposition) in which he asserted the Fifth Amendment privilege against self-incrimination.  The deposition transcript has been submitted to the Court in connection with Plaintiffs' motion for terminating sanctions.  Plaintiffs oppose this request.

Once again, the Court need not decide whether Plaintiffs' motion for terminating sanctions should be treated as a dispositive or as a non-dispositive motion, because Symonds' request for a protective seal does not satisfy even the lower "good cause" standard.  The Court finds that evidence of the specific questions regarding evidence spoliation that Symonds refused to answer is relevant to Plaintiffs' motion for terminating sanctions and the merits of this case.  The public's interest in accessing this transcript is therefore significant.  Weighed against this interest, the Court also finds that although Symonds' testimony was the result of a compelled judicial discovery process, the transcript presents no actual risk of incrimination, because Symonds asserted the Fifth Amendment and did not answer any material questions put before him.  Instead, Symonds argues that the transcript should be sealed because of the embarrassment that may result if the public views his invocation of the Fifth Amendment privilege as a tacit admission of guilt.  The Court finds that this alleged harm resulting from public disclosure of the deposition transcript is too speculative and hypothetical to meet the "good cause" standard.

Accordingly, the Court **DENIES** Symonds' request for a protective seal on the deposition transcript (and briefs and orders discussing that deposition) in which he asserted the Fifth

Amendment privilege against self-incrimination.

### 5.     Portions of Ellison's Deposition Transcript.

Symonds seeks a protective seal for portions of Defendant Ellison's deposition transcript (and briefs and orders discussing that testimony) that discuss Ellison's communications with Symonds. The Ellison deposition transcript has been submitted in connection with Plaintiffs' summary judgment motions. Plaintiffs oppose Symonds' request to seal portions of the transcript.

Symonds concedes that the "compelling reasons" standard governs this request, as these portions of the Ellison deposition transcript are attached to Plaintiffs' summary judgment motion and are relevant to the merits of the case. Applying the "compelling reasons" standard, the Court finds that Symonds has failed to meet his burden. As with the letter that Symonds voluntarily wrote to Defendants' counsel, Symonds' voluntary conversations with Ellison, to the extent Ellison recalls and testifies about them, are not information in which Symonds has a reasonable expectation of confidentiality. Moreover, Symonds' contention that the deposition passages should be sealed because they could potentially be used as incriminating evidence fails for the same reasons discussed above in Section B.3. *Cf. Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.")

Accordingly, the Court **DENIES** Symonds' request for a protective seal on portions of the Ellison deposition transcript (and briefs and orders discussing that deposition).

### 6.     Ellison's And Defendants' Counsel's Letters To Symonds Requesting Documents.

Symonds originally sought a protective seal for written correspondence email from Ellison and from Defendants' counsel to Symonds (and orders and briefs discussing this correspondence), notifying Symonds of Special Master Infante's order and requesting production of certain documents. In his brief, Symonds did not specifically address why these communications should be sealed. In any event, Symonds' request to seal such discovery communications fails to meet even the "good cause" standard. Symonds did not author or produce these documents, and they do not contain Symonds' private or personal information. To the extent Symonds contends they contain

9

1  discussion of incriminating or embarrassing information regarding Symonds, this ground is
2  insufficient for a protective seal for the same reasons discussed above.
3      Accordingly, the Court **DENIES** Symonds' request to seal letters or emails from Ellison or
4  from Defendants' counsel to Symonds (and briefs or orders discussing this correspondence).[11]

5  **C.    Hewlett Packard's Requests To File Documents Under Seal.**

6      Non–party Hewlett Packard ("HP") seeks to file portions of two documents under seal
7  (Docket No. 1025, Exh. 62, HP00019-21, and Docket No. 1025, Exh. 188, HP00008-12) that HP
8  previously produced as "ATTORNEY'S EYES ONLY" under the protective order in the case. At
9  oral argument, HP narrowed its request for a protective seal, and provided the Court and the parties'
10 with a redacted version of both documents reflecting the information that HP still seeks to place
11 under seal. At the hearing, the Court also granted HP leave to file a supplemental declaration in
12 support of HP's narrowed request. HP's request shall remain under submission until the Court
13 receives the supplemental declaration. The Court **ORDERS** that HP shall file and serve the
14 supplemental declaration **no later than Wednesday, November 7, 2007. Defendants shall**
15 **promptly serve a copy of this Order on HP and notify them of this deadline.**

16                                    **CONCLUSION**

17     For the foregoing reasons, the Court **GRANTS** Plaintiff's requests to seal documents,
18 **GRANTS IN PART** and **DENIES IN PART** non-party Matthew Symonds' request to seal
19 documents, and retains HP's request to seal two documents under submission pending receipt of a
20 supplemental declaration. Specifically, the Court grants permission to file documents under seal as
21 described in footnotes 5, 6, 7 and 9 herein. Other than these specifically-identified documents, and
22 the two HP documents still under submission, the Court **DENIES** all requests to place the other
23 documents identified in the parties' October 9, 2007 submission (Docket No. 1242) under seal. The
24 Court further **ORDERS** that:

25     1) No later than **Monday, November 12, 2007**, the parties shall file in a publicly-available
26 manner all documents identified in their October 9, 2007 joint submission that this Order does not

---

28  [11] To the extent they have not been discussed specifically in this order, the Court also **DENIES** Symonds' request to seal any other documents listed in Exhibit A to the parties' joint October 9, 2007 submission. Symonds has not presented specific justification or argument concerning any other categories of documents that he seeks to seal.

10

either authorize to be placed under seal or retain under submission. Chambers copies of these filings need not be delivered.

2) No later than **Monday, November 12, 2007**, for all documents that this Order authorizes to be placed under seal in whole or in part, the parties shall newly file an under-seal, unredacted version of the document, and shall also file a redacted, publicly-available version where appropriate. Chambers copies of these filings need not be delivered.

3) After meeting-and-conferring, the parties shall jointly file a stipulation and proposed order withdrawing the numerous still-pending administrative requests for sealing orders that have been mooted by the various meet-and-confer efforts, hearings, and by this Order. The stipulation and proposed order shall identify the withdrawn administrative requests by docket number and shall be filed no later than **Monday, November 12, 2007**.

**IT IS SO ORDERED.**

Dated: 10/31/07

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE