1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  MARK SOLOMON (151949)
   DOUGLAS R. BRITTON (188769)
3  STACEY M. KAPLAN (241989)
   655 West Broadway, Suite 1900
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
   marks@csgrr.com
6  dougb@csgrr.com
   skaplan@csgrr.com
7       – and –
   SHAWN A. WILLIAMS (213113)
8  WILLOW E. RADCLIFFE (200087)
   MONIQUE C. WINKLER (213031)
9  ELI R. GREENSTEIN (217945)
   DANIEL J. PFEFFERBAUM (248631)
10 100 Pine Street, Suite 2600
   San Francisco, CA  94111
11 Telephone:  415/288-4545
   415/288-4534 (fax)
12 shawnw@csgrr.com
   willowr@csgrr.com
13 moniquew@csgrr.com
   elig@csgrr.com
14 dpfefferbaum@csgrr.com

15 Lead Counsel for Plaintiffs

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

| 18 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) | Master File No. C-01-0988-MJJ |
|---|---|---|---|
| 19 | | ) ) | CLASS ACTION |
| 20 | This Document Relates To: | ) ) | PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE THE |
| 21 | ALL ACTIONS. | ) ) | DECLARATION OF ALAN G. GOEDDE IN RESPONSE TO THE REBUTTAL |
| 22 | | ) | DECLARATION OF GEORGE FOSTER |
| 23 | | | DATE:       November 16, 2007 |
|    | | | TIME:       1:30 p.m. |
| 24 | | | COURTROOM:  The Honorable |
|    | | |             Martin J. Jenkins |

PLEASE TAKE NOTICE that plaintiffs hereby move the Court for leave to file the Declaration of Alan G. Goedde in Response to the Rebuttal Declaration of George Foster ("Goedde Response Declaration"). Plaintiffs make this motion pursuant to Civil L.R. 7-11. This motion is based upon this notice of motion, the Declaration of Douglas R. Britton in Support of Plaintiffs' Administrative Motion for Leave to File the Declaration of Alan G. Goedde in Response to the Rebuttal Declaration of George Foster ("Britton Decl."), filed herewith, the Declaration of Alan G. Goedde in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, the Rebuttal Declaration of George Foster ("Foster Rebuttal Declaration"), the pleadings and other documents contained in the record and any other evidence that is submitted before or during the hearing on this matter.

I.      INTRODUCTION

Plaintiffs respectfully request that the Court grant their request to file the Goedde Response Declaration (Britton Decl., Ex. 1) in response to the Foster Rebuttal Declaration, which defendants filed in support of their Reply in Support of *Daubert* Motion to Exclude Expert Reports and Testimony of Alan G. Goedde ("Defs' Goedde Reply"). Dr. Goedde's declaration is necessary to address the new critiques and opinions offered by defendants for the first time in the Foster Rebuttal Declaration and will help the Court to further understand the expert analysis at issue in this case. Dr. Goedde has limited his declaration to address only the issue of defendants' use of the historical conversion ratio because Foster offers new statistical analysis in his critique of Dr. Goedde's analysis of that issue. Dr. Goedde's responsive declaration also contains supplemental statistical analysis to address Foster's critiques and is being filed sufficiently in advance of the hearing and trial to preclude any prejudice to defendants.

As discussed herein, case law readily supports plaintiffs' request to supplement Dr. Goedde's analysis under these circumstances. Plaintiffs therefore respectfully request that the Court grant plaintiffs' request.[1]

## II. ARGUMENT

As discussed in Plaintiffs' Opposition to Defendants' *Daubert* Motion to Exclude Expert Reports and Testimony of Alan G. Goedde ("Goedde Opp."), at note 20, courts recognize that experts may supplement under the Federal Rules to address challenges made by opposing experts after the parties exchange expert reports. *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004). They do so because an expert's initial Rule 26 report cannot always anticipate every possible challenge to the report and it is appropriate to permit the party using the expert to supplement their analysis in response to assertions by opposing experts that there are gaps in the expert's chain of reasoning. *Id.*; *see also Confederated Tribes of Siletz Indians of Oregon v. Weyerhauser Co.*, No CV 00-1693-PA, 2003 WL 23715981, at *2 (D. Or. Jan. 21, 2003) (declining to exclude supplemental expert testimony that was disclosed in response to opponent's challenges to the original expert report, finding no basis to exclude "simply because Plaintiffs failed to anticipate the need for it until the defect was pointed out by their opponent"); *Gilbane Building Co. v. Downers Grove Community High School Dist. No. 99*, No. 02 C 2260, 2005 WL 838679, at *8 (N.D. Ill. Apr. 5, 2005) (finding that "there are circumstances in which a party should be allowed to supplement in response to criticisms or deficiencies raised by opposing parties"); *Wilson v. Sundstrand Corp.*, Nos. 99 C 6944, 99 C 6946, 2003 WL 22012673, at *8 (N.D. Ill. Aug. 25, 2003) (finding that supplementation of an expert's report is not inherently improper when the supplementation was prompted by questions or challenges to the expert's opinions raised by opposing counsel).

The expert exchange in this case has compelled the need for supplemental expert analysis. As explained in the Goedde Opp., plaintiffs offered the declaration of Dr. Goedde, in part, to address

---

[1] Pursuant to Civil L.R. 7-11(a), plaintiffs contacted defendants by letter on November 5, 2007 requesting that defendants stipulate to plaintiffs' request to file the Goedde Response Declaration. Defendants have refused to stipulate to this filing.

PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE THE DECL OF ALAN G. GOEDDE IN RESPONSE TO THE REBUTTAL DECL OF GEORGE FOSTER - C-01-0988-MJJ      - 2 -

defendants' denial that Jennifer Minton based the Potential Forecast on the historical conversion ratio, which they denied for the first time through Foster's and R. Glenn Hubbard's rebuttal reports. Plaintiffs and Dr. Goedde therefore did not have an opportunity to address those denials in Dr. Goedde's reports. In response to Dr. Goedde's declaration, defendants have filed a 30 page rebuttal declaration that contains new critiques and additional statistical analysis that plaintiffs will not have an opportunity to adequately address if this motion is not granted. Given that the declaration is being filed almost two weeks before the current hearing date and more than four months before trial, defendants will suffer no prejudice if the Court grants plaintiffs' request. *Miller*, 356 F.3d at 1332; *see also United States v. Cap Quality Care, Inc.*, No. 05-163-P-H, 2006 WL 1892438, at *3 (D. Me. Jul. 6, 2006) (finding that the government was not prejudiced by defendants' supplemental expert report because no new theory was advanced by the report).[2]

Through the Goedde Response Declaration, Dr. Goedde does not seek to address the many additional issues that are raised in the Foster Rebuttal Declaration. Instead, the declaration is narrowly tailored to address only the issue of whether Minton based the Potential Forecast on the historical conversion ratio analysis. Dr. Goedde's supplemental analysis will be helpful to the Court's understanding of an important issue in the case as it explains the methods and results of his

---

[2] In Defs' Goedde Reply, defendants cite *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709 (7th Cir. 2004) and *In re Williams Sec. Litig.*, 496 F. Supp. 2d 1195 (N.D. Okla. 2007) for their argument that supplemental expert reports may not be filed because they violate Rule 26 and would prejudice defendants. Defs' Goedde Reply at 15. Neither case supports defendants' argument. In *In re Williams Sec. Litig.*, the court found that plaintiffs' expert report violated Rule 26 and, therefore, should be excluded because the expert provided "no . . . analysis to support his opinion." *Id.* at 1251. It did not hold that an expert may not supplement his analysis when confronted with new critiques from an opposing expert. Unlike *Williams*, Dr. Goedde has set forth extensive analysis to support his opinions in his Rule 26 expert report and is offering his supplemental declaration to address specific critiques raised in the Foster Rebuttal Declaration. In *Hoffman*, the district court excluded plaintiffs' expert testimony based on a videotape because plaintiffs' had failed to disclose the videotape as a basis for the opinion in the expert report. *Hoffman*, 368 F.3d at 714. The court found, and the Seventh Circuit affirmed, that introducing this new basis for the first time by motion made ***on the first day*** of trial prejudiced defendants. *Id.* at 715. Unlike *Hoffman*, Dr. Goedde is not asserting a new theory. Rather, he is specifically addressing Foster's criticisms. Additionally, plaintiffs here are submitting the declaration well in advance of trial, thereby foreclosing any prejudice that defendants might claim. Indeed, Rule 26(e) itself recognizes the importance of supplementing expert reports in order to ensure the most accurate information.

expert analysis, which support his opinion that Minton based the Potential Forecast on the historical conversion ratio analysis.[3]

### III.  CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant plaintiffs' motion for leave to file the Declaration of Alan G. Goedde in Response to the Rebuttal Declaration of George Foster.

DATED:  November 6, 2007

Respectfully submitted,

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
STACEY M. KAPLAN


            s/  DOUGLAS R. BRITTON
                DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MONIQUE C. WINKLER
ELI R. GREENSTEIN
DANIEL J. PFEFFERBAUM
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Oracle3\brf00047005.doc

---

[3]  The Goedde Response Declaration is limited only to the conversion ratio issue because it contained and required additional statistical discussion and analysis. Plaintiffs will address the other issues raised in the Foster Rebuttal Declaration at the November 16, 2007 hearing.

PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE THE DECL OF ALAN G. GOEDDE IN RESPONSE TO THE REBUTTAL DECL OF GEORGE FOSTER - C-01-0988-MJJ          - 4 -

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 6, 2007.

  s/  DOUGLAS R. BRITTON
DOUGLAS R. BRITTON

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dougb@csgrr.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Dawn S. Pittman**
  dpittman@morganlewis.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

- **Monique C. Winkler**
  shawnw@csgrr.com,travisd@csgrr.com,e_file_sd@csgrr.com,E_File_SF@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
```

San Diego, CA 92101

**Sanna Rachel Singer**
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111