LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
        michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
  Matthew Rawlinson (SBN 231890)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com
        matt.rawlinson@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Phone: (213) 485-1234
Fax: (213) 891-8763
E-mail: jamie.wine@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS)<br>(Consolidated)<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE DECLARATION OF ALAN G. GOEDDE IN RESPONSE TO THE REBUTTAL DECLARATION OF GEORGE FOSTER**<br><br>**Honorable Judge Martin J. Jenkins** |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SV\587710.4

DEFENDANTS' OPP. TO PLAINTIFFS' ADMIN. MOT. FOR
LEAVE TO FILE SUPPLEMENTAL GOEDDE DECL.
Master File No. C-01-0988-MJJ (JCS)

## I. INTRODUCTION

With expert discovery closed, and on the eve of oral argument on dispositive and *Daubert* motions, Plaintiffs seek leave to submit yet another declaration from Dr. Goedde in a vain attempt to salvage opinions that Defendants have shown to be unscientific, unreliable, and irrelevant. Like the declaration he submitted in opposition to Defendants' Motion for Summary Judgment, Dr. Goedde's latest declaration ("Supplemental Declaration") is both untimely and insufficient under the *Daubert*. Plaintiffs' motion for leave should be denied.

## II. FACTUAL BACKGROUND

On May 25, 2007, in his opening report, Dr. Goedde asserted that Oracle's Potential Forecast, generated by Jennifer Minton, was based entirely on an analysis of the prior year's conversion ratio. Ex. 1 at 19.[1] In his June 22, 2007, rebuttal report (responding to the opening reports of Defendants' experts), Dr. Goedde argued specifically that Minton derived the Potential Forecast by mechanically applying the prior year's conversion rate to the current year's pipeline. Ex. 2 at 74-75 & Exs. 4. After Defendants pointed out several errors in Dr. Goedde's analysis and moved to exclude his testimony, Plaintiffs submitted a new declaration from Dr. Goedde containing a completely new analysis, not reflected in either his opening report or his rebuttal report, allegedly supporting his opinion that the Potential Projection was based on a mechanical application of the prior year's conversion ratio. Ex. 3 at ¶ 4. In that declaration, Dr. Goedde presented a regression analysis from which he concluded that 94% of any variations in Ms. Minton's Potential Forecast can be explained by similar variations in a forecast Dr. Goedde calculated by multiplying the prior year's conversion rate by the current year's pipeline. *Id.* at ¶ 5. In connection with the *Daubert* reply filed on September 10, 2007, Defendants pointed out several fallacies in this analysis. *See generally* Ex. 4. Now, on the eve of oral argument on dispositive and *Daubert* motions, Plaintiffs have submitted yet another new declaration from Dr. Goedde with yet another new analysis (not set forth in either of his reports or the Goedde Declaration), again allegedly supporting his opinion that Minton's Potential Projection was based on a mechanical application of the prior year's conversion ratio. Dr. Goedde's newest

---

[1] All exhibit references are to the Declaration of Andrew M. Farthing dated November 9, 2007.

LATHAM&WATKINS<sup>LLP</sup>  SV\587710.4
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' OPP. TO PLAINTIFFS' ADMIN. MOT. FOR
LEAVE TO FILE SUPPLEMENTAL GOEDDE DECL.
Master File No. C-01-0988-MJJ (JCS)

1  declaration reflects two regressions:  1) a stepwise regression; and 2) a regression based upon
2  changes between observations in the historical conversion ratio and the conversion ratio implied
3  by the Potential Projection.  Supplemental Declaration at Exs. A and B.

4  **III.   ARGUMENT**

5  The Supplemental Declaration should be excluded because it is untimely and because it is
6  just as unreliable, unscientific, and irrelevant as the work reflected in his prior reports, testimony
7  and declaration.

8  **A.   The Supplemental Declaration Is Untimely.**

9  In their Motion, Plaintiffs argue that the Supplemental Declaration is proper because it is
10 a "supplement" to Dr. Goedde's earlier work, necessary because Defendants "denied for the first
11 time through [Professor] Foster's and [Professor] R. Glenn Hubbard's rebuttal reports" that
12 Jennifer Minton's Potential Projection was created by a mechanical application of the historical
13 conversion ratio and the current pipeline.  Mot. at 3.  As discussed above, however, Plaintiffs
14 knew Defendants' position on this issue, and Dr. Goedde had opined on it, long before Plaintiffs
15 received the Foster and Hubbard rebuttal reports.  Dr. Goedde's Supplemental Declaration thus
16 amounts to a supplemental report seeking to strengthen the opinions Dr. Goedde expressed in
17 both his opening and rebuttal reports, and it should be excluded under Rule 37(c).  *Cook v.*
18 *Rockwell Int'l Corp.*, No. 90-CV-00181-J, 2006 WL 3533049, at *87 (D. Colo. Dec. 7, 2006)
19 ("A supplemental expert report that states additional opinions or rationales or seeks to
20 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of
21 permissible supplementation and is subject to exclusion under Rule 37(c)") (citations omitted).
22 In any event, even if Plaintiffs could credibly claim they were not aware of Defendants'
23 position on this issue until they received the Hubbard and Foster rebuttal reports on June 22, that
24 would still not justify Plaintiffs' delay in submitting the Supplemental Declaration the week prior
25 to the hearing on dispositive and *Daubert* motions.  Plaintiffs have had the Hubbard and Foster
26 rebuttal reports for over four months, a period during which Plaintiffs have already supplemented
27 Dr. Goedde's opinions once through the submission of the Goedde Declaration.  Neither Rule
28 26(e) nor the Court's scheduling order permit or contemplate never-ending supplements,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SV\587710.4

2

DEFENDANTS' OPP. TO PLAINTIFFS' ADMIN. MOT. FOR
LEAVE TO FILE SUPPLEMENTAL GOEDDE DECL.
Master File No. C-01-0988-MJJ (JCS)

especially at the eleventh hour. Ex. 5. Instead, the case must move towards its conclusion, and to avoid any unfair prejudice to defendants, who have been unable to depose Dr. Goedde regarding his new analyses, Dr. Goedde's Supplemental Declaration (and the initial Goedde Declaration) should be excluded. *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060-62 (9th Cir. 2005) (affirming exclusion of plaintiff's supplemental expert testimony submitted after the discovery cut-off, even though plaintiff did not know that defendant would dispute one of plaintiff's contentions); *Atmel Corp. v. Info. Storage*, 189 F.R.D. 410, 416 (N.D. Cal. 1999) (barring supplement submitted after the close of expert discovery because "[i]t would disrupt the orderly process of trial preparation to require a new round of expert reports and a new round of expert depositions.").

### B. Dr. Goedde's Supplemental Declaration Is Substantively Flawed And Unreliable And Also Validates Defendants' Criticisms Of His Prior Work.

By submitting the Goedde Declaration and Supplemental Declaration, Dr. Goedde admits that his earlier expert reports were inaccurate, incomplete and unreliable.[2] Like the flaws exposed in Dr. Goedde's earlier work, the Supplemental Declaration does not meet the rigorous standards of *Daubert* and suffers from serious analytical deficiencies. Though Dr. Goedde claims these analyses support his conclusion that "the prior year's conversion rate was the basis for the Potential Forecast," they do not. Ms. Minton has testified under oath as to how she derived the Potential Projection, Ex. 6 at 122:17-127:24, and no matter how many regressions Dr. Goedde conducts, he will not be able to change that fact.

Indeed, as an initial matter, Dr. Goedde's Supplemental Declaration further illustrates why Dr. Goedde's opinion on this issue generally is unreliable, unscientific, and would not be helpful to the jury. The question of whether Ms. Minton derived the Potential Forecast by mechanically applying the prior year's conversion rate to the current year's pipeline is a known fact, and the objective facts conclusively prove that she did not. To cite just one example, the

---

[2] "Supplemental opinions are required under Rule 26(e)(1) in only three situations: 1) upon court order; 2) when the party learns that the earlier information *is inaccurate or incomplete*; or 3) when answers to discovery requests are inaccurate or incomplete." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (emphasis added).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SV\587710.4

3

DEFENDANTS' OPP. TO PLAINTIFFS' ADMIN. MOT. FOR LEAVE TO FILE SUPPLEMENTAL GOEDDE DECL.
Master File No. C-01-0988-MJJ (JCS)

1  Potential Forecast on which the December 14, 2000 forecast was based assumed a conversion
2  rate of just 48%, a full 5% lower than the conversion rate for 3Q00.  *See* Supplemental
3  Declaration Ex. B at entry 25.  Had she mechanically applied the prior year's conversion rate, the
4  Potential Forecast would have been $1.56 billion, not $1.42 billion.  Ex. 3 at Ex. 2.  As a matter
5  of objective fact and simple math, Minton did not derive the Potential Forecast by mechanically
6  applying the prior year's conversion rate, and no amount of statistical analysis can prove
7  otherwise.  Dr. Goedde's attempt to prove something that is flatly contrary to the objective
8  evidence can only serve to confuse the trier of fact.
9        In any event, the stepwise regression found as Exhibit A to the Supplemental Declaration
10 does not support Dr. Goedde's conclusion that "the prior year's conversion rate was the basis for
11 the Potential Forecast."  To the extent that Dr. Goedde's stepwise regression proves anything at
12 all, it actually undercuts Dr. Goedde's conclusion.  If Dr. Goedde were correct that the Potential
13 was based on a mechanical application of the prior year's conversion rate, then the prior year's
14 conversion rate should be the *only* significant variable.  Dr. Goedde's own analysis finds that
15 three "dummy" variables also have a statistically significant impact on the behavior of the
16 Potential projection, each of which lessens the importance of the prior year's conversion ratio in
17 predicting the Potential projection.  *See* Supplemental Declaration Ex. A.  That these "dummy"
18 variables are statistically significant suggests, if anything, that factors other than the prior year's
19 conversion rate affected the Potential projection—contrary to Dr. Goedde's conclusion, but
20 entirely consistent with Minton's testimony that she considered many factors in determining the
21 Potential Projection.  Ex. 6 at 122:17-127:24.
22       Indeed, there may be other factors with a statistically significant impact on the Potential,
23 but because Dr. Goedde has not included them in his stepwise regression, there is no way to
24 determine how they would affect his analysis.  This is a well-known deficiency associated with
25 stepwise regressions, and it is a principal reason its use is rejected by many economists and
26 statisticians.  One of the very authors on which Dr. Goedde relies in his Supplemental
27 Declaration, A.H. Studenmund, calls stepwise regressions "deficient" for a number of reasons
28 and writes:  "Because of these problems, most researchers avoid stepwise procedures."  Ex. 7 at

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SV\587710.4

4

DEFENDANTS' OPP. TO PLAINTIFFS' ADMIN. MOT. FOR
LEAVE TO FILE SUPPLEMENTAL GOEDDE DECL.
Master File No. C-01-0988-MJJ (JCS)

193-94 (emphasis added); *see also* Ex. 8 at 401 (noting that "economists have tended to avoid stepwise regression methods," in part because there is "good reason to be skeptical of a 'model' that is constructed entirely by mechanical means"); Ex. 9 at 52 (concluding that "*stepwise regression* is to be avoided").

Dr. Goedde's second regression, using the differences in conversion rates, also undermines his conclusion that the Potential Forecast was determined by reference to the prior year's conversion rate. Supplemental Declaration Ex. B. Of the *eight* intra-quarter observations within 3Q01 (entries 26-33), *three* of them move in the opposite direction of the change in conversion rates from the prior year. *See* Ex. 10. If, as Dr. Goedde asserts, Minton was slavishly following the prior year's conversion ratio, the changes should move in the same direction (and by the same amount) 100% of the time. Indeed, if the relationship were completely random, they should move in the same direction 50% of the time—or four out of eight. Dr. Goedde's own analysis thus demonstrates that, in 3Q01, the behavior of the conversion rate implied by the Potential Projection is far closer to a random relationship than one derived solely based upon the prior year's conversion rate. These undisputed facts, obscured by Dr. Goedde's faulty regression analysis, undermine his conclusions and demonstrate the misleading nature of Dr. Goedde's testimony. Rule 702 and *Daubert* exist precisely to prevent these unscientific and misleading analyses from the jury.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion be denied and that the Goedde Declaration and Supplemental Declaration, together with Dr. Goedde's earlier reports and testimony, be excluded.

Dated: November 9, 2007                         Respectfully submitted,

LATHAM & WATKINS LLP


By:_____/s/_____
      Patrick E. Gibbs
      Attorneys for Defendants

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SV\587710.4

5

DEFENDANTS' OPP. TO PLAINTIFFS' ADMIN. MOT. FOR LEAVE TO FILE SUPPLEMENTAL GOEDDE DECL.
Master File No. C-01-0988-MJJ (JCS)