LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
        michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Phone: (213) 485-1234
Fax: (213) 891-8763
E-mail: jamie.wine@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: dorian.daley@oracle.com
        jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ (Consolidated) |
| | CLASS ACTION |
| This Document Relates To: | DEFENDANTS' MEMORANDUM REGARDING PLAINTIFFS' MOTION TO COMPEL TESTIMONY AND DETERMINE THE APPLICABILITY OF THE FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION |
| ALL ACTIONS. | |
| | Date:   May 1, 2007 Time:   9:30 a.m. Judge:  Martin J. Jenkins |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# I.    INTRODUCTION

Although Defendants take no position on whether the instant motion should be granted or denied, Defendants submit this Memorandum to address three issues raised by Plaintiffs and by third-party Matthew Symonds ("Symonds"). First, Plaintiffs' opening and reply briefs contain a series of false statements about the conduct of Defendants and their counsel. Defendants feel compelled to correct the most egregious of these false statements. Second, Mr. Symonds' opposition brief suggests that his testimony is unnecessary here because the Court can draw an adverse inference against Defendants. *See* Symonds' Opp. to Plfs' Mot. to Compel at 20 n.23. While Defendants take no position on whether Mr. Symonds must testify, Defendants submit that drawing any adverse inference against Defendants would be inconsistent with Ninth Circuit precedent and fundamentally unfair. Finally, the record should be clear that Defendants reserve the right to question Mr. Symonds if he testifies.

# II.    PLAINTIFFS HAVE MISREPRESENTED THE RECORD REGARDING THE CONDUCT OF DEFENDANTS AND THEIR COUNSEL.

Plaintiffs have littered the record here with a series of false and misleading accusations regarding Defendants and their counsel. Although Defendants will not burden the Court by rebutting every one of these statements, several require correction.

## A.    Defendants Have Been Candid With The Court And Plaintiffs.

Plaintiffs repeatedly claim that Defendants have misled the Court or Plaintiffs' counsel regarding Mr. Ellison's communications with Mr. Symonds; Mr. Ellison's lack of "involvement" in whatever Mr. Symonds did with the computer on which he claims to have stored audio files and transcripts of his interviews with Mr. Ellison; and Mr. Ellison's lack of "personal knowledge" as to what Mr. Symonds did with the computer. *See* Mot. at 2, 19; Reply at 2, 13. Plaintiffs have mischaracterized what Defendants have said and what the evidence shows.

Despite claiming that Mr. Ellison was engaging in discussions with Symonds "while his lawyers were telling the Court he was not," (Reply at 2), Plaintiffs cite nothing to support this assertion. The reason Plaintiffs cite no evidence is because there is none.

LATHAM&WATKINS\ls\
ATTORNEYS AT LAW
SAN FRANCISCO
1
DEFS' MEM. RE:  PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

1    Defendants have never represented to the Court that Mr. Ellison was not communicating with

2    Mr. Symonds.  Indeed, as discussed below, Plaintiffs have known for months – and have

3    represented to Discovery Master Infante – that Mr. Ellison and Mr. Symonds *did have*

4    discussions about the *Softwar* materials.

5              Regarding Mr. Ellison's alleged involvement in whatever Mr. Symonds did with

6    the computer, Defendants have said, truthfully, that "Mr. Ellison was not involved personally in

7    the circumstances surrounding [the unavailability of the *Softwar*-related materials]."  *See* Ex. 1[1]

8    (Defs' Opp. to Plfs' Feb. 20, 2007 Mot. for Add. Depo. Time) at 10.  Defendants have also said,

9    truthfully, that Mr. Ellison has no "personal knowledge about the events described by Mr.

10   Symonds."  *See* Ex. 2  (2/22/07 Letter from Gibbs to Solomon).  Citing these two statements, and

11   the fact that Mr. Ellison communicated with Mr. Symonds regarding the *Softwar* materials,

12   Plaintiffs claim that Defendants made "inconsistent statements" to the Court and Plaintiffs'

13   counsel regarding Mr. Ellison's "involvement" in these matters.  *See* Mot. at 19.  But the fact

14   that Mr. Ellison has had conversations with Mr. Symonds about the *Softwar* materials is not

15   "inconsistent" with either statement.  Nothing in Mr. Ellison's testimony, and nothing in the

16   record, suggests that Mr. Ellison was "involved personally" in whatever it was that Mr. Symonds

17   did with his computer, let alone that Mr. Ellison has any "personal knowledge" of the events Mr.

18   Symonds described.  Mr. Ellison knows only what Mr. Symonds told him, and he testified

19   extensively to these conversations at his last deposition.  Indeed, Plaintiffs fail to mention that on

20   March 30, 2007, Mr. Ellison repeatedly testified that he directed Mr. Symonds to produce the

21   materials called for by the Special Master's Order, and that Mr. Symonds told Mr. Ellison some

22   (but not all) of the same stories Mr. Symonds told Defendants' counsel about the unavailability

23   of his computer files.  *See* Ex. 3 (3/30/07 Ellison Depo. Tr.) at 574:17-23; 643:25-645:11;

24   645:19-25; 664:8-15.

25              Along the same lines, Plaintiffs' reply brief claims that "contrary to Defendants'

26   previous representations to the Court that Ellison and defendants had 'no personal knowledge' of

27   _____

28   [1]  All "Ex. __" references are to exhibits to the Declaration of Sean P.J. Coyle in support of
      Defendants' Memorandum, filed concurrently herewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS' MEM. RE:  PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

1   the issues surrounding the Softwar Evidence," Ellison testified that "he had intimate personal

2   knowledge of the issues surrounding the Softwar Evidence." Reply at 14. Yet, Defendants

3   never said Mr. Ellison had no personal knowledge of "the *issues* surrounding the Softwar

4   Evidence." Defendants said that Mr. Ellison and the other Defendants had no "personal

5   knowledge of the *events* described by Mr. Symonds." *See* Ex. 2 (2/22/07 Letter from Gibbs to

6   Solomon). As Mr. Ellison's testimony made clear, everything he knows about the events Mr.

7   Symonds described is based on Mr. Symonds' statements, not personal observation. *See* Ex. 3

8   (3/30/07 Ellison Depo. Tr.) at 574:17-23; 643:25-645:11; 645:19-25; 664:8-15.

9       **B.      Mr. Ellison Did Not Have "Secret" Discussions with Matthew Symonds.**

10              Plaintiffs wrongly assert that Mr. Ellison and Mr. Symonds engaged in "secret"

11  communications about the *Softwar*-related materials. Mot. at 2; Reply at 1, 2. Since mid-

12  January, Plaintiffs have known that Mr. Ellison communicated with Mr. Symonds about the

13  *Softwar* materials. On January 16, 2007, Defendants produced a letter from Mr. Symonds,

14  stating that he was producing his hard copy transcripts "because Larry has asked me to do so."

15  *See* Ex. 4 (1/14/07 Letter from Symonds to Gibbs). Thereafter, Plaintiffs brought a motion

16  before Discovery Master Infante seeking even more deposition time with Mr. Ellison because

17  Plaintiffs wished "to examine Ellison regarding his communications with Symonds . . . ." Ex. 5

18  (Plfs' Reply in Supp. of Feb. 20, 2007 Mot. for Add. Depo. Time) at 7. Thus, despite branding

19  Ellison's communications with Symonds as "secret," Plaintiffs have known for months that

20  Ellison and Symonds were speaking. Indeed, as discussed below, at Mr. Ellison's March 30,

21  2007, deposition, Plaintiffs obtained substantial testimony regarding these conversations.

22      **C.      Mr. Ellison Testified in Detail About His Communications With Mr.**

23              **Symonds.**

24              Plaintiffs also falsely suggest that Mr. Ellison "recalls very little" of his

25  conversations with Mr. Symonds regarding the *Softwar* materials. *See* Reply at 2. In fact, Mr.

26  Ellison testified at length and in detail regarding the number of conversations he had with Mr.

27  Symonds and the substance of each conversation. *See* Ex. 3 (3/30/07 Ellison Depo. Tr.) at

28  574:17-23; 643:25-645:11; 645:19-25; 664:8-15. Tellingly, Plaintiffs' Motion completely

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS' MEM. RE:  PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

1   ignores the substance Mr. Ellison's testimony, particularly the fact that Mr. Ellison repeatedly

2   testified that he asked Mr. Symonds to turn over the materials called for by the Special Master's

3   December 29, 2006 Order. *See id.* 574:17-23; 644:11-645:11; 645:19-25.

4           Clearly, Plaintiffs have had a full and fair opportunity to question Mr. Ellison

5   regarding his conversations with Mr. Symonds. Indeed, there are more than 40 of pages in Mr.

6   Ellison's deposition transcript regarding this issue. *See id.* at 571-82; 586; 642-49; 651-57; 661-

7   62; 664-66; 685-92; 729-33. With this brief, Defendants are submitting the entire transcript from

8   Mr. Ellison's deposition, so that the Court may – if Your Honor wishes – see just how fully Mr.

9   Ellison testified.

10          The deposition transcript not only shows that Mr. Ellison answered numerous

11  questions about Mr. Symonds and the *Softwar* materials, but it also shows that Plaintiffs' counsel

12  wasted substantial time on questions designed to harass Mr. Ellison. For example:

13          [Mr. Solomon:]  Is there a swimming pool on your boat?

14          [The Witness]:  No. . . .

15          [Mr. Solomon]:  Okay.  That's a lot of money to pay for a boat without a swimming pool,

16  isn't it?

17  (Ex. 3 [3/30/07 Ellison Depo. Tr.] at 737:13-15, 20-22).

18          *  *  *  *  *

19          [Mr. Solomon]:  Have you ever likened yourself to Icarus?

20          [The Witness]:  No.

21          [Mr. Solomon]:  Don't you think that's more appropriate in the context of this litigation?

22  *Id.* at 712:7-10.

23          *  *  *  *  *

24          Mr. Solomon also inquired whether Mr. Ellison had a "platonic" relationship with

25  Oracle President and CFO Safra Catz (*id.* at 716:4-16) and whether Mr. Ellison would "be

26  willing to submit to a lie detector test."  (*Id.* at 634:11-12).  In light of this sad lack of

27  professionalism, it is little wonder that Plaintiffs' counsel says virtually nothing about what

28  actually transpired at Mr. Ellison's deposition.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS' MEM. RE:  PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

1   **III.     THERE IS NO BASIS FOR AN ADVERSE INFERENCE AGAINST**

2   **DEFENDANTS.**

3           Mr. Symonds argues that his refusal to testify will not leave the finder of fact with

4   a distorted version of events regarding the *Softwar* evidence because Plaintiffs can seek "adverse

5   inferences based upon the alleged destruction of evidence." Symonds Opp. to Plfs' Mot. to

6   Compel at 23 n.20. Yet, there is absolutely no basis for an adverse inference against Defendants

7   based on Mr. Symonds' invocation of the Fifth Amendment.

8           The Ninth Circuit has held that in order to draw an adverse inference from *a*

9   *party's* invocation of the Fifth Amendment, there must be some *independent* evidence to support

10  the inference. *See Doe by & Through Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir.

11  2000). This rule necessarily applies with even greater force in the context of a refusal to testify

12  by a nonparty, like Symonds, as there is even less basis for an inference in the first place. *See,*

13  *e.g., Kontos v. Kontos*, 968 F. Supp. 400, 409 (D. Ind. 1997). Here, not only is there no evidence

14  that Defendants were involved in the destruction of any *Softwar* materials, all of the direct

15  evidence on this subject makes clear that they were not. After Special Master Infante's Order

16  was issued, counsel for Defendants demanded that Mr. Symonds provide Defendants with the

17  *Softwar*-related materials in his possession called for by the Order. Ex. 6 (1/10/07 email from

18  Gibbs to Symonds attaching letters and order). Mr. Ellison also sent Mr. Symonds a letter,

19  demanding that he produce the documents. Ex. 7 (1/10/07 letter from Ellison to Symonds). Mr.

20  Ellison thereafter repeatedly asked Mr. Symonds to produce the materials called for by the

21  Special Master's Order. *See* Ex. 3 (3/30/07 Ellison Depo. Tr.) at 574:17-23; 644:11-645:11;

22  645:19-25.

23          Moreover, based on the totality of circumstances, an adverse inference against

24  Defendants should not be permitted because it would not be trustworthy. *See LiButti v. United*

25  *States*, 107 F.3d 110, 124 (2nd Cir. 1997) ("the overarching concern is fundamentally whether

26  the adverse inference is trustworthy under all of the circumstances and will advance the search

27  for the truth"). First, any inference that Defendants participated in the destruction of the *Softwar*

28  evidence is directly contradicted by Mr. Ellison's testimony, which makes clear that Mr. Ellison

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS' MEM. RE:  PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

1  asked Mr. Symonds to produce the materials called for by the Special Master's Order, and that

2  Mr. Symonds never told Mr. Ellison what he planned to do in response to the request. *See, e.g.,*

3  Ex. 3 (3/30/07 Ellison Depo. Tr.) at 574:1-23; 575:11-24; 578:3-18.  Second, Mr. Symonds has

4  an independent motive for refusing to testify, as he faces potential criminal exposure for

5  destruction of evidence regardless of whether Defendants had knowledge of or participated in his

6  actions. *See* Symonds' Opp. to Plfs' Mot. to Compel at 3-6.  As such, Mr. Symonds' invocation

7  of the Fifth Amendment does not support any inference that the Defendants were in any way

8  involved in the destruction of any evidence; it is equally consistent with Mr. Symonds having

9  acted alone, without any knowledge or participation by any of the Defendants.  Third, Mr.

10  Symonds has no interest in the outcome of the litigation, as a judgment for either side would

11  have absolutely no effect on him. *Cf. LiButti*, 107 F.3d at 124.  Fourth, although Mr. Symonds

12  invoked the Fifth Amendment, Mr. Ellison did not:  Mr. Ellison testified at length about his

13  interactions with Mr. Symonds regarding the *Softwar* materials. *See* Ex. 3 (3/30/07 Ellison

14  Depo. Tr.) at 572:21-573:5; 574:1-23; 575:13-21; 576:5-577:14; 578:3-18; 643:25-645:25;

15  648:1-15; 652:12-23; 661:14-22; 664:8-665:9.  Mr. Ellison's willingness to testify (and his

16  testimony itself) undercuts any inference that Mr. Ellison played any role in the destruction of

17  any evidence in Mr. Symonds' possession. *See Kontos* , 968 F. Supp. at 406-409 (refusing to

18  allow adverse inference where defendant's sister, a non-party, invoked the Fifth Amendment,

19  because the defendant herself testified, thus indicating "it could be entirely possible that, while

20  [the sister] played a role in the murder of Defendant's husband, Defendant had no knowledge of

21  the murder and played no part in it").

22  **IV.     IF MR. SYMONDS TESTIFIES, DEFENDANTS ARE ENTITLED TO**

23  **QUESTION HIM.**

24          In correspondence leading up to Mr. Symonds' March 19 and 20 deposition,

25  Plaintiffs' counsel appeared to suggest that Defendants had no right to question Mr. Symonds

26  because Defendants had not requested a separate order from either the Special Master or the

27  High Court in the United Kingdom. *See* Ex. 8 (3/16/07 letter from Kaplan to Harrison).  Under

28  Fed. R. Civ. P. 30(c), of course, Defendants have a right to question any witness who is deposed

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFS' MEM. RE:  PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ

1  for purposes of this litigation.  Indeed, absent a fair opportunity for Defendants to cross-examine

2  Mr. Symonds, any deposition testimony by Mr. Symonds would be inadmissible.  *See* Fed. R.

3  Evid. 804(b)(1).  Accordingly, Defendants wish to make clear that they reserve their right to

4  question Mr. Symonds if he is ordered to testify.

5  **V.     CONCLUSION**

6          Although Defendants take no position on whether the Court should grant or deny the

7  instant motion, Defendants believe that the record should include the information provided

8  above.

9  Dated:  April 25, 2007                              Respectfully submitted,

10

11                                                      LATHAM & WATKINS LLP
                                                        Peter A. Wald
12                                                      Michele F. Kyrouz
                                                        Patrick E. Gibbs
13                                                      Jamie L. Wine

14                                                      By: _Peter A. Wald /SPSC_
15                                                      Peter A. Wald
                                                        Attorneys for Defendants ORACLE
16                                                      CORPORATION, LAWRENCE J.
                                                        ELLISON, JEFFREY O. HENLEY,
17                                                      and EDWARD J. SANDERSON

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS' MEM. RE:  PLFS.' MOT. TO COMPEL TEST. AND DET.
FIFTH AM. APPLICABILITY
Master File No. C-01-0988-MJJ