# Exhibit 8

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
VALERIE L. McLAUGHLIN (191916)
GAVIN M. BOWIE (235532)
STACEY M. KAPLAN (241989)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@lerachlaw.com
dougb@lerachlaw.com
valeriem@lerachlaw.com
gbowie@lerachlaw.com
skaplan@lerachlaw.com
        – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
MONIQUE C. WINKLER (213031)
ELI R. GREENSTEIN (217945)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@lerachlaw.com
willowr@lerachlaw.com
moniquew@lerachlaw.com
elig@lerachlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | PLAINTIFFS' RESPONSE TO THIRD-PARTY MATTHEW SYMONDS' MEMORANDUM OF POINTS AND AUTHORITIES REGARDING APPLICABILITY OF THE FIFTH AMENDMENT PRIVILEGE TO QUESTIONS IDENTIFIED BY THE COURT |

I.     **PLAINTIFFS' RESPONSE**

On June 29, 2007, this Court ruled that third-party Matthew Symonds, the author of the book *Softwar*: An Intimate Portrait of Larry Ellison and Oracle, was entitled to invoke the Fifth Amendment right against self-incrimination in connection with certain questions at his March 20, 2007 deposition. *See* Order Regarding Plaintiffs' Motion to Compel Testimony and Determine the Applicability of the Fifth Amendment Right Against Self-Incrimination to Foreign Citizen and Non-U.S. Resident Matthew Symonds, Docket No. 843 (the "June 29, 2007 Order"). The June 29, 2007 Order referred to *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000) for the proposition that testimony is subject to the Fifth Amendment if there is any "possibility" that the testimony could either be incriminating or otherwise provide an "indirect link" to incriminating evidence. June 27, 2007 Order at 18. The Court permitted Symonds to submit a brief explaining why he should be shielded from answering other questions that do not appear on their face to implicate the alleged criminal evidence destruction at issue, and Mr. Symonds has done so. *Id.* That brief, to which plaintiffs now respond, explains that answering any questions concerning *Softwar* or his relationship with Ellison endangers Symonds by supplying any future prosecution of him with evidence of his "corrupt" conduct and the motive for his crimes. Mr. Symonds stated to the Court:

> REDACTED

Third-Party Matthew Symonds' Memorandum of Points and Authorities Regarding Applicability of Fifth Amendment Privilege to Questions Identified by the Court, at 13.

Plaintiffs agree that by answering the remaining questions, Mr. Symonds "corrupt" conduct and motives would be revealed, thereby incriminating Mr. Symonds, Ellison and Oracle. Therefore, it appears that the complete and unadulterated truth will forever be hidden from plaintiffs, the Court, the jury, and Oracle investors in this case. Mr. Symonds will likely remain silent and may never face

governmental prosecution or any consequences of his actions, despite his admission that he intentionally destroyed critical files ordered to be produced by a federal court in a multi-billion dollar fraud case. Mr. Ellison and Oracle, on the other hand, will continue to attempt to shape a biased and distorted version of the truth about what was on those tapes, what Mr. Ellison and his lawyers said in their secret conversations with Mr. Symonds before the tapes were destroyed, and why Mr. Symonds fabricated an untruthful story about why the tapes and transcripts were intentionally destroyed. The fact remains that only Ellison and Symonds had the knowledge and ability to access the actual (anonymous) transcribers of the interviews and Symonds refused to tell plaintiffs who they are; Ellison failed to even attempt to find out.

In light of the above, plaintiffs do not believe that further briefing, oral argument, *in camera* hearings, or depositions in England in connection with Mr. Symonds' invocation of the Fifth Amendment would be useful to the parties, the Court, or the potential jury in this case. Given the procedural posture of this case and the numerous complex and voluminous matters currently before the Court in connection with expert discovery motions, summary judgment and evidence spoliation, plaintiffs submit that the misconduct surrounding the *Softwar* materials and the violations of the Court's discovery orders is better addressed by a hearing and ruling on plaintiffs' multiple motions for sanctions and evidence spoliation that are currently before the Court. *See* Plaintiffs' Notice of Motion and Supplemental Submission Regarding Defendants' Destruction of Evidence and Request for Sanctions and Objections to Special Master's July 17, 2006 Order Denying Plaintiffs' Motion to Compel the Restoration Of Backup Tapes and for Miscellaneous Relief for the Destruction of Evidence, at 71-79. Plaintiffs also intend to file, if necessary, a future motion *in limine* seeking an adverse inference instruction to the jury and other pre-trial remedies as the Court deems appropriate in connection with Mr. Symonds' invocation of the Fifth Amendment.[1]

---

[1] It is well settled law that courts may draw adverse inferences against parties in a civil litigation based on a ***non-party*** witness' invocation of the Fifth Amendment. *Baxter v. Palmigiano*, 425 U.S. 308, 319-20 (1976); *Rudy-Glanzer*, 232 F.3d 1258; *Pyles v. Johnson Director*, 136 F. 3d 986, 997 (5th Cir. 1998); *Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co.*, 819 F.2d 1471, 1482 (8th Cir. 1987); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1059 (N. Dist. Cal., 2007); *In re Citric Acid Litigation*, 996 F. Supp. 951, 961 (N.D. Cal. 1998). The Ninth Circuit has held that

## II. CONCLUSION

Plaintiffs respectfully submit that no further *in camera* hearings on the foregoing issues are appropriate at this time.

DATED: August 17, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
DOUGLAS R. BRITTON
VALERIE L. McLAUGHLIN
GAVIN M. BOWIE
STACEY M. KAPLAN

/s/
MARK SOLOMON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MONIQUE C. WINKLER
ELI R. GREENSTEIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Oracle3\BRF00044691a.doc

---

"not allowing the negative inferences to be drawn 'poses substantial problems for an adverse party who is deprived of a source of information that might conceivably be determinative in a search for the truth.'" *Glanzer*, 232 F.3d at 1264 (citation omitted).

PLTFS' RESPONSE TO THIRD-PARTY SYMONDS' MEMO OF Ps & As RE APPLICABILITY OF
FIFTH AMENDMENT PRIVILEGE TO QUESTIONS IDENTIFIED BY COURT - C-01-0988-MJJ   - 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 17, 2007.

                    /s/
MARK SOLOMON

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: marks@lerachlaw.com

# Mailing Information for a Case 3:01-cv-00988-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylawoffice.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com,ldeem@lerachlaw.cor

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Stacey Marie Kaplan**
  SKaplan@lerachlaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Valerie McLaughlin**
  valeriem@lerachlaw.com,kellyb@lerachlaw.com

- **Brian P Murray**

bmurray@rabinlaw.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Willow E. Radcliffe**
  willowr@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Sanna Rachel Singer**
  ssinger@sideman.com,mthomas@sideman.com

- **Mark Solomon**
  marks@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd@lerachlaw.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com,cwood@lerachlaw.com,e_file_sf@lerachlaw.com,dpfefferbaum@lerachl

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

- **Monique Winkler**
  shawnw@lerachlaw.com,E_File_SF@lerachlaw.com,travisd@lerachlaw.com,MoniqueW@lerachl

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Dorian Daley
500 Oracle Parkway
Redwood City, CA 94065

Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105
```

**Darren Jay Robbins**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101