LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
        michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
  Matthew Rawlinson (SBN 231890)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com
        matt.rawlinson@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail: jamie.wine@lw.com

LATHAM & WATKINS LLP
  Sean M. Berkowitz (*admitted pro hac vice*)
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: sean.berkowitz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS)<br>(Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE OFFERED IN SUPPORT OF THEIR AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Honorable Judge Martin J. Jenkins<br>Hearing Date: November 16, 2007<br>Time: 1:30 p.m. |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

1   Defendants object to the following evidence and materials submitted by Plaintiffs with their Motion for Partial Summary Judgment ("Motion") and their Reply in Support of their Motion for Partial Summary Judgment ("Reply"). Defendants note that much of Plaintiffs' evidence is irrelevant, cited out of context, incomplete, misleading, prejudicial, and otherwise inadmissible. Because much of this evidence is immaterial and irrelevant, Defendants have not specifically objected to all of Plaintiffs' improper evidence. Defendants, however, reserve the right to amend, modify, or raise additional objections prior to or at the hearing on the motions for summary judgment. Defendants also reserve the right to object to any of Plaintiffs' evidence cited in their Motion and Reply should they offer the evidence at trial or for any other purpose (even if such evidence is not specifically objected to herein).

## I.   GENERAL OBJECTIONS

On numerous occasions in their Motion and Reply, Plaintiffs cite voluminous documentary evidence without providing pinpoint cites. This Court possesses the discretion to strike such evidence. *See, e.g., Orr v. Bank of America*, 285 F.3d 764, 775 (9th Cir. 2002) ("We hold that when a party relies on deposition testimony in a summary judgment motion without citing to page and line numbers, the trial court may in its discretion exclude the evidence."). Because of the massive amount of evidence involved in this action, Plaintiffs' failure to direct the Court to the specific pages containing the statements they contend support their arguments will force the Court to expend its limited resources searching through the record rather than addressing the merits of this and any number of other cases that are on the Court's docket. Accordingly, Defendants request that this Court strike the following evidence for which Plaintiffs have neglected to provide pin cites:

Exhibits 29 (cited at 25:2, 25:5, 25:12-13), 30 (cited at 25:2, 25:5), 37 (cited at 11:2, 17:15.5), 40 (cited at 2:14, 17:14.5), 49 (cited at 11:2, 18:13), 60 (cited at 10:12.5), 80 (cited at 10:2), 112 (cited at 19:21), 124 (cited at 22:8.5), 139 (cited at 7:28), 142 (cited at 12:15.5, 24:8).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

## II. SPECIFIC OBJECTIONS

### A. Evidence Included With Plaintiffs' Motion for Partial Summary Judgment

| Exhibit | Objections |
|---|---|
| **Ex. 4** [List of meetings from Oct. 21 to Oct. 31 (PLF-ORC 000002)] | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the truth of the matter asserted.  No hearsay exceptions apply.  The evidence is offered to prove that "Oracle held a flurry of special meetings…to 'clean up' the 'on account problem,' and . . . to make sure the improper transactions 'never happened again.'"  The statement is also offered to establish that Oracle "adjusted up" invoices "to make it look like a credit was never given."<br><br>• Lacks Authenticity (FRE 901).  Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims."  Plaintiffs have not, and cannot, make such a showing with respect to this document.  This document was not produced by Oracle, does not indicate an author or creation date, and it is unclear even what the document purports to be.  No Oracle witness ever testified that they recognized the document.<br><br>• Lacks Foundation (FRE 602).  FRE 602 forbids testimony "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  No witness ever testified that they authored the document or even recognized the document. |
| **Exs. 10, 15, 23, 36, 39, 41, 42, 44, 62, 63, 125** [E-mails regarding alleged customer complaints and/or requests for concessions] | • Hearsay (FRE 802 and 805).  Because it is offered to prove the facts asserted by third-party customers (*see* Pls.' MPSJ at 15-17; Pls.' Reply at 7-9, 12 n.11), evidence of customer complaints and requests for concessions are hearsay not subject to any exception, and inadmissible to prove any defects in Suite 11i.  Fed. R. Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay").  The same is true of internal Oracle emails relaying complaints.  *See* Pls.' MPSJ at 15-17; Pls.' Reply at 7-9, 12 n.11.  Even if the statements by Oracle's employees in the offered evidence are considered non-hearsay admissions, to the extent they relay hearsay statements by third-party customers, those out-of-court statements constitute hearsay not subject to any exception.  Fed. R. Evid. 805; *Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (customer complaints |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS

| | | |
|---|---|---|
| | | memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay). |
| | **Ex. 14** [William Blair & Company Analyst Report (WBC 0012-13)] | • Hearsay (FRE 802 and 805). Plaintiffs offer this out-of-court statement regarding Jeffrey Henley's purported reiteration of Oracle's 3Q01 earnings guidance for its truth. It is therefore inadmissible hearsay not subject to any exception. It is also hearsay within hearsay. |
| | **Ex. 26** [Oracle Variation Analysis A/R and Unearned Revenue as of Nov. 30, 2000 (AA 000035, 40)] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The spreadsheet is offered to prove that Oracle had accumulated over $100 million in cash receipts from customers in 2Q01 that had not been applied to invoices.<br><br>• Lacks Authenticity (FRE 901). Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. There has been no testimony regarding whose handwriting appears on this document, when the handwriting was written, or what the handwriting says or means. The document was not produced by Oracle. |
| | **Ex. 33** [Salomon Smith Barney analyst report (NDCA-ORCL 308931-34)] | • Hearsay (FRE 802). Plaintiffs offer the out-of-court statement made in this financial analyst report regarding Suite 11i demonstrations for its truth. It is therefore inadmissible hearsay not subject to any exception. |
| | **Ex. 38** [E-mail string regarding third-party customer Paxar (NDCA-ORCL 0392324-28)] | • Hearsay (FRE 802 and 805). Because it is offered to prove the facts asserted by third-party customers (*see* Pls.' MPSJ at 15-17; Pls.' Reply at 7-9, 12 n.11), evidence of customer complaints and requests for concessions are hearsay not subject to any exception, and inadmissible to prove any defects in Suite 11i. Fed. R. Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay"). The same is true of internal Oracle emails relaying complaints. *See* Pls.' MPSJ at 15-17; Pls.' Reply at 7-9, 12 n.11. Even if the statements by Oracle's employees in the offered evidence are considered non-hearsay admissions, to the extent they relay hearsay statements by third-party customers, those out-of-court statements constitute hearsay not subject to any exception. Fed. R. Evid. 805; *Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (customer complaints memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay). |
| | **Ex. 79** [2002 high level | • Hearsay (FRE 802). The evidence is an out-of-court |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS

| | |
|---|---|
| **requirements document (NDCA-ORCL 069907-39)]** | statement offered to prove the truth of the matter asserted, namely that Suite 11i purportedly lacked "multibyte support" and lacked functionality that would impact the ability to deploy a global solutions involving projects spanning multiple countries and multiple languages. No hearsay exceptions apply. Plaintiffs have not demonstrated that the document, created by low-level Oracle employees, is a party admission under FRE 801(d)(2)(D). They have not established that the statement was made within the scope of the authors' employment. Plaintiffs have not deposed the authors of the document or sought to establish the necessary foundation through other means. According to Mr. Ellison, the authors of the document were field engineers responsible for implementing the software, as opposed to software developers. *See* Ellison Dep. at 532:3-8. Because the document was written by low-level employees not responsible for product development, their statements about product functionality are outside the scope of their employment and not a party admission. *See, e.g., Quaranta v. Management Support*, 255 F. Supp. 2d 1040, 1050 (D. Ariz. 2003) (ruling that employee who had management responsibility, but no responsibility for managing company's leave policy, had no authority to speak on the subject of that policy, and thus the statement was not a party admission); *City of Long Beach v. Standard Oil Co. of California*, 46 F.3d 929, 937 (9th Cir. 1995). |
| **Ex. 90 [SLC Interview Memorandum of T. Williams, Nov. 12, 2002 (NDCA-ORCL 313777-84)]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted. It is also hearsay within hearsay. No hearsay exceptions apply. The evidence is offered for the truth that Mr. Williams admitted that $48 million was transferred from Account 25005 to Account 12601. |
| **Ex. 92 [SLC Interview Memorandum of J. Henley, 1/18/02 (NDCA-ORCL 313789-93)]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. It is also hearsay within hearsay. The evidence is being offered to establish Minton's purported involvement in the 2002 unapplied cash project. |
| **Ex. 93 [Portions of SLC Report]** | • Hearsay (FRE 802 and 805). Plaintiffs offer several statements contained in the SLC Report for the truth of the matter asserted. Some of these statements are also hearsay within hearsay. As a general matter, the SLC Report relies on unsworn out-of court statements, and then draws conclusions from those statements. As such, the entire report is hearsay (and in some cases hearsay within hearsay) and not subject to any exceptions. *See, e.g., Berry v. Battey*, 666 F.2d 1183, 1186 (8th Cir. 1981) (ruling that committee report based on out-of-court statements and fact finding is inadmissible hearsay). |

| | | |
|---|---|---|
| | | For instance, Plaintiffs offer portions of the SLC Report for the truth of the matter asserted that Oracle's own internal implementation of OKS modules may have contributed to a shortfall in support revenue. This is hearsay that does not fall within any exception. As another example, Plaintiffs offer for its truth an alleged out-of-court statement by Ron Wohl, former Executive Vice President in charge of Oracle's ERP software development division, regarding Oracle's development group structure. This out-of-court statement was summarized in an interview memorandum created for (and repeated in yet another out-of-court statement) the SLC Report. This is hearsay within hearsay and inadmissible. |
| | | • Lacks Foundation (FRE 602). FRE 602 forbids testimony "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The SLC Report was authored by those who were not insiders of Oracle at the time and did not witness the pertinent events. Rather, the SLC Report detailed the findings of the SLC based upon documents that it or its lawyers reviewed and the statements of individuals that the SLC or its lawyers interviewed. |
| | **Ex. 95** [Barrenechea statement in *Softwar– An Intimate Portrait of L. Ellison and Oracle* by M. Symonds, 2004, at 196] | • Hearsay (FRE 802 and 805). Plaintiffs cite to a statement in the book *Softwar* attributed to Mark Barrenechea, former Senior Vice President in charge of Oracle's CRM division, that Oracle's upgrade to Suite 11i shut down the company for two weeks. Pls.' PMSJ at 19. This out-of-court statement, repeated in *Softwar*, another out-of-court statement, is inadmissible hearsay within hearsay not subject to any exception. It is worth noting that Plaintiffs also deposed Mr. Barrenechea and, in that deposition, he did not confirm that the company was shut down for two weeks, nor did he confirm that he in fact made the statement attributed to him in *Softwar*. |
| | **Ex. 95** [Wohl statement in *Softwar– An Intimate Portrait of L. Ellison and Oracle* by M. Symonds, 2004, at 203] | • Hearsay (FRE 802 and 805). Plaintiffs offer into evidence a statement in the book *Softwar* attributed to Ron Wohl, former Executive Vice President in charge of Oracle's ERP software development division, that Oracle's quality assurance procedures "did not work." Pls.' MPSJ at 21; Pls.' Reply at 8. This out-of-court statement, repeated in *Softwar*, another out-of-court statement, is inadmissible hearsay within hearsay not subject to any exception. It is worth noting that Mr. Wohl was deposed for one and one-half days, and Mr. Wohl did not confirm that QA procedures did not work and did not confirm that he in fact made the statement attributed to him. |

| | | |
|---|---|---|
| 2<br>3<br>4<br>5 | **Ex. 111** [Deposition transcript of M. DeCesare, 2/16/2006] | • Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. DeCesare admitted at the end of his deposition that he was merely <u>speculating</u> on Suite 11i's functionality problems based on conversations with customers. *See* DeCesare Dep. at 270:21-271:7. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | **Ex. 128** [Deposition transcripts of I. Hatada, 10/5/2006 and 10/10/2006] | • Hearsay (FRE 802 and 805). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted, that Mr. Henley was allegedly involved in the 2002 Account Clean Up. The evidence cited is the deposition testimony of Mr. Hatada, stating what someone allegedly once told him. *See* Pls. PMSJ at 13 (*citing* Hatada Dep. at 266:10-21.). This out-of court statement is hearsay within hearsay, and thus should be excluded under FRE 802 and 805. No hearsay exceptions apply.<br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Hatada confirmed that the sole basis for his understanding that Henley was involved in the 2002 "unapplied cash project" was a comment conveyed to him by another Oracle employee. Hatada Dep. at 266:10-21. Hatada also admitted that he never has spoken to Henley. *Id.* at 431:9-12. |
| 16<br>17<br>18<br>19<br>20<br>21<br>22 | **Ex. 141** [Report of Plaintiffs' Expert Bjorn Steinholt, 5/25/07] | • Improper Expert Opinion (FRE 702). An expert's opinion must be based on sufficient facts or data and must be the product of the expert's application of reliable principles and methods. As detailed in Defendants' *Daubert* motion of Mr. Steinholt, Mr. Steinholt's opinions do not meet the requirements of FRE 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Plaintiffs also claim that this evidence (Oracle's stock price movement after the December 14, 2000 announcement was statistically significant) is undisputed. Defendants' expert, however, Professor Chris James, determined that the stock price movement the day after December 14, 2000 was not statistically significant. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

**B.     Evidence Included With Plaintiffs' Reply in Support of Their Motion for Partial Summary Judgment**

| Exhibit | Objections |
|---|---|
| **Ex. J** [May 17, 2001 E-mail from M. Billitteri to G. Roberts re: ValueVision follow-up (NDCA-ORCL 094138-39)] | • Hearsay (FRE 802). Because it is offered to prove the facts asserted by third-party customers (*see* Pls.' Reply at 8), evidence of customer complaints and requests for concessions, such as this e-mail from a customer, are hearsay, and inadmissible to prove any defects in Suite 11i. Fed. R. Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay."). |
| **Ex. K** [Sep. 27, 2001 E-mail string from G. Roberts to G. Fitzpatrick, *et al.,* re: Papa Johns Information (NDCA-ORCL 295582)] | • Hearsay (FRE 802 and FRE 805). Because it is offered to prove the facts asserted by third-party customers (*see* Pls.' Reply at 8), evidence of customer complaints and requests for concessions, such as this e-mail from a customer, are hearsay, and inadmissible to prove any defects in Suite 11i. Fed. R. Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay."). The same is true of internal Oracle emails relaying complaints. *See* Pls.' Reply at 8. Even if the statements by Oracle's employees are considered non-hearsay admissions, to the extent they relay hearsay statements by third-party customers, those out-of-court statements constitute hearsay not subject to any exception. Fed. R. Evid. 805; *Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (customer complaints memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay). |
| **Ex. L** [One-page excerpt of SLC Report (NDCA-ORCL 294503, 295582)] | • Hearsay (802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is offered for the truth of the proposition that "EY failed to do any review of the bad debt transfers in 2Q01." As a general matter, the SLC Report relies on unsworn out-of court statements, and then draws conclusions from those statements. As such, the entire report (and any portion thereof) is hearsay (and in some cases hearsay within hearsay) and not subject to any exceptions. *See, e.g., Berry v. Battey*, 666 F.2d 1183, 1186 (8th Cir. 1981) (ruling that committee report based on out-of-court statements and fact finding is inadmissible hearsay).<br><br>• Rule of Completeness (FRE 106/ FRCP 32(a)(4)). Plaintiffs only attach one page of this document, which does not even support Plaintiffs' proposition. Even if the SLC Report was admissible (and not hearsay or double |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS

| | | |
|---|---|---|
| | | hearsay), the evidence should be excluded because Plaintiffs have not submitted the entire SLC Report, or even the chapter concerning the accounting allegations. Thus, if this exhibit is admitted, the other portion of this writing must, in fairness, be considered contemporaneously with Plaintiffs' incorrect characterization of the evidence. |
| | **Ex. M [Draft of SLC Interview Memorandum of J. Banker (EY 000010-12)]** | • Hearsay (802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is offered for the truth of the proposition that "EY did not review the transfers in 2Q01." <br><br> • Lacks Authenticity (FRE 901). Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. This document was not produced by Oracle, does not indicate an author or creation date, nor does it indicate who made the edits reflected on the document. No Oracle or Ernst & Young witness testified that they recognized the document, and an Ernst & Young witness testified that he did not know whose files the document came from or who made the edits on the document. |

Dated: November 13, 2007

Respectfully submitted,

LATHAM & WATKINS LLP
Peter A. Wald
Michele F. Kyrouz
Sean M. Berkowitz
Patrick E. Gibbs
Jamie L. Wine
Matthew Rawlinson

By:_____/s/_____
Patrick E. Gibbs
Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON