LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
        michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
  Matthew Rawlinson (SBN 231890)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Phone: (213) 485-1234
Fax: (213) 891-8763
E-mail: jamie.wine@lw.com

LATHAM AND WATKINS LLP
  Sean M. Berkowitz (*admitted pro hac vice*)
233 South Wacker Drive
Chicago, Il 60606
Phone: (312) 876-7700
Fax: (312) 993-9767
Email: sean.berkowitz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS) (Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE OFFERED IN SUPPORT OF THEIR AMENDED MOTION FOR SUMMARY JUDGMENT AGAINST LAWRENCE ELLISON FOR TRADING ON THE BASIS OF NON-PUBLIC INFORMATION**<br><br>Honorable Judge Martin J. Jenkins<br>Hearing Date: November 16, 2007<br>Time: 1:30 p.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-MJJ (JCS)

Defendants object to the following evidence and materials submitted by Plaintiffs with their Amended Motion For Summary Judgment Against Lawrence Ellison For Trading On The Basis Of Non-Public Information ("Motion") and their Reply in Support of their Amended Motion For Summary Judgment Against Lawrence Ellison For Trading On The Basis Of Non-Public Information ("Reply"). Defendants note that much of Plaintiffs' evidence is irrelevant, cited out of context, incomplete, misleading, prejudicial, and otherwise inadmissible. Because much of this evidence is immaterial and irrelevant, Defendants have not specifically objected to all of Plaintiffs' improper evidence. Defendants, however, reserve the right to amend, modify, or raise additional objections prior to or at the hearing on the motions for summary judgment. Defendants also reserve the right to object to any of Plaintiffs' evidence cited in their Motion and Reply should they offer the evidence at trial or for any other purpose (even if such evidence is not specifically objected to herein).

I.  **GENERAL OBJECTIONS**

On numerous occasions in their motions for summary judgment and their opposition to Defendants' motion for summary judgment, Plaintiffs cite voluminous documentary evidence without providing pinpoint cites. This Court possesses the discretion to strike such evidence. *See, e.g., Orr v. Bank of America*, 285 F.3d 764, 775 (9th Cir. 2002) ("We hold that when a party relies on deposition testimony in a summary judgment motion without citing to page and line numbers, the trial court may in its discretion exclude the evidence."). Because of the massive amount of evidence involved in this action, Plaintiffs' failure to direct the Court to the specific pages containing the statements they contend support their arguments will force the Court to expend its limited resources searching through the record rather than addressing the merits of this and any number of other cases that are on the Court's docket. Accordingly, Defendants request that this Court strike the following evidence for which Plaintiffs have neglected to provide pin cites:

Plaintiffs' Exhibits 8 (cited at 25:25), 9 (cited at 25:25), 10 (cited at 2:7.5), 11 (cited at 2:10.5), 34 (cited at 4:11.5, 10:25 fn. 6, 11:23.5, 11:24.5, 12:20, 17:17.5, 17:24.5, 18:24.5, 19:4, 20:2), 38 (cited at 23:6, 24:4), 94 (cited at 11:23.5, 11:24.5, 12:20), 95 (cited at

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-MJJ (JCS)

11:23.5, 11:24.5, 12:20), 102 (cited at 12:20), 103 (cited at 12:20), 104 (cited at 12:20), 133 (cited at 23:9, 23:10, 24:5), 135 (cited at 23:14, 23:16), 136 (cited at 23:11, 23:14), 143 (cited at 23:21).

## II.   SPECIFIC OBJECTIONS

### A.   Evidence Included With Plaintiffs' Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Non-Public Information

| Exhibit | Objections |
|---|---|
| **Ex. 3 [Miscellaneous Documents related to P. Simon, including SLC Interview of P. Simon, 9/6/2006 (NDCA-ORCL 300598-628)]** | • Hearsay (FRE 802 and 805). Plaintiffs cite to this exhibit, specifically a page of an SLC Interview memorandum (NDCA-ORCL 300606) for several propositions. The evidence is out-of-court statements offered to prove the truth of the matter asserted. The evidence is offered to show that Ellison was under the mistaken impression that his options were expiring in August 2000, that Ellison instructed Simon to sell 40 million shares of Oracle stock, and that he made such an instruction without making any prior indication of his intent to sell. The evidence is also hearsay within hearsay. No hearsay exceptions apply. |
| **Ex. 12 at Ex. B [Bloomberg News: *Oracle Shares Rise After Reporting Higher 2nd Quarter Profit*, 12/15/2000]** | • Hearsay (FRE 802). The evidence is a purported statement by Larry Ellison paraphrased in a news article. It is an out-of-court statement offered to prove the truth of the matter asserted, namely that Ellison stated that the "economic slowdown isn't hurting Oracle . . .." No hearsay exceptions apply. |
| **Ex. 12 at Ex. C [Bloomberg News: *Oracle CEO Says He Plans to Sell $33 Million in Stock*, 1/11/2001]** | • Hearsay (FRE 802). The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. No hearsay exceptions apply. |
| **Ex. 12 at Ex. D [Bloomberg News: *Oracle Shares Fall on Concern Earnings Outlook May Turn Grim*, 2/9/2001]** | • Hearsay (FRE 802). The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. No hearsay exceptions apply. |
| **Ex. 13 [Deutsche Banc Alex Brown Inc.: *Oracle Corporation Strong Buy, Visit with Management*, 2/8/2001 (NDCA-ORCL 091536-38)]** | • Hearsay (FRE 802). The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. No hearsay exceptions apply. |
| **Ex. 14 [First Union** | • Hearsay (FRE 802). The evidence, an analyst report, is |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| 1<br>2<br>3 | **Securities, Inc.:** *Management Indicates Final Weeks of February Critical to Quarter*, **2/8/2001 (NDCA-ORCL 091531-32)]** | an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products.  No hearsay exceptions apply. |
| 4<br>5<br>6<br>7 | **Ex. 15 [TheStreet.com:** *The TSC Streetside Chat: Oracle's Executive Vice President Sandy Sanderson Jr.*, **1/20/2001 (NDCA-ORCL 141672-77)]** | • Hearsay (FRE 802).  The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products.  No hearsay exceptions apply. |
| 8<br>9<br>10 | **Ex. 16 [Salomon Smith Barney:** *Company Report*, **1/10/2001]** | • Hearsay (FRE 802).  The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products.  No hearsay exceptions apply. |
| 11<br>12<br>13<br>14 | **Ex. 17 [William Blair & Company Analyst Report (WBC 0012-13]** | • Hearsay (FRE 802).  The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products.  No hearsay exceptions apply. |
| 15<br>16<br>17<br>18<br>19<br>20 | **Ex. 33 [Excerpts from** *Softwar– An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, pp. 184-186]** | • Hearsay (FRE 802 and 805).  The evidence, excerpts of a book by Mathew Symonds, includes, among other things, quotations by third parties and statements by Symonds.  The evidence is offered to prove the truth of the matter asserted that Oracle took advantage of the increased technology spending, increased it sales to unprecedented levels, and that sales exceeded its forecasts due to spending by dot-com companies.  The statements by Symonds are hearsay, and the quotes from third parties are hearsay within hearsay.  No hearsay exceptions apply. |
| 21<br>22<br>23<br>24 | **Ex. 56 [Excerpts from** *Softwar– An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, pp. 172-174]** | • Hearsay (FRE 802).  To the extent the evidence Plaintiffs cite for the purported fact that Larry Ellison was aware that Oracle's sales force were not very good at selling applications are statements or conclusions made by Symonds, the evidence is an out-of-court statement offered to prove the truth of the matter asserted.  No hearsay exceptions apply. |
| 25<br>26<br>27 | **Ex. 57 [Excerpts from** *Softwar– An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, pp. 423-425]** | • Hearsay (FRE 802 and 805).  To the extent the evidence is offered for the truth of the matter asserted that 11i was purportedly released too early and that marketing efforts were difficult, the evidence is hearsay and hearsay within hearsay.  No hearsay exceptions apply. |
| 28 | **Ex. 58 [Excerpts from** *Softwar– An Intimate Portrait* | • Hearsay (FRE 802 and 805).  To the extent the evidence is offered for the truth of the matter asserted that 11i was |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| 1, 2, 3 | *of L. Ellison and Oracle* by **M. Symonds, 2004, pp. 195-197]** | purportedly released too early and that marketing efforts were difficult, the evidence is hearsay and hearsay within hearsay. No hearsay exceptions apply. |
| 4, 5, 6 | **Ex. 59** [Excerpts from *Softwar– An Intimate Portrait of L. Ellison and Oracle* by **M. Symonds, 2004, pp. 202-204]** | • Hearsay (FRE 802 and 805). To the extent the evidence is offered for the truth of the matter asserted that 11i was purportedly released too early and that marketing efforts were difficult, the evidence is hearsay and hearsay within hearsay. No hearsay exceptions apply. |
| 7, 8, 9, 10, 11 | **Ex. 60** [Excerpts from **Delaware Deposition Transcript of J. Nussbaum, 3/23/2004]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement, a portion of deposition testimony taken in another case, offered to prove the truth of the matter asserted that 11i was purportedly released too early. Nussbaum's deposition testimony was taken when he was not an employee and thus is not a party admission. *See* FRE 802(d)(2)(D). In Mr. Nussbaum's deposition in this case, he was not asked to affirm the portion of the Delaware deposition transcript cited by Plaintiffs. It is thus hearsay and no exceptions apply. |
| 12, 13, 14, 15 | **Ex. 61**  (Excerpts from *Softwar– An Intimate Portrait of L. Ellison and Oracle* by **M. Symonds, 2004, p. 189]** | • Hearsay (FRE 802 and 805). To the extent the evidence is offered for the truth of the matter asserted that 11i was purportedly released too early and that marketing efforts were difficult, the evidence is hearsay and hearsay within hearsay. The portion of the book contains statements by Mr. Symonds as well as quotes of certain third parties. No hearsay exceptions apply. |
| 16, 17, 18, 19, 20 | **Ex. 65** [Excerpts from *Softwar– An Intimate Portrait of L. Ellison and Oracle* by **M. Symonds, 2004, pp. 193-196]** | • Hearsay (FRE 802). Most of this evidence is an out-of-court statement offered to prove the truth of the matter asserted that customer complaints purportedly poured in and that Oracle developers were sidetracked into fixing bugs. No hearsay exceptions apply to the block quote from pp 194-195 of *Softwar*, since the evidence is comprised of statements and conclusions made by Symonds. |
| 21, 22, 23 | **Ex. 77**  (Excerpts from *Softwar– An Intimate Portrait of L. Ellison and Oracle* by **M. Symonds, 2004, p. 189]** | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that the software Oracle used to achieve savings had already been developed. No hearsay exceptions apply. Much of the evidence cited is actually statements and conclusions made by Symonds. |
| 24, 25, 26, 27, 28 | **Ex. 90** [Affidavit of **Raymond J. Lane, 6/3/2003]** | • Lack of Personal Knowledge (FRE 602). Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Mr. Lane left Oracle in July 2000 (before 2Q01 and 3Q01) and Plaintiffs have not offered any evidence to suggest that Mr. Lane had personal knowledge of the transaction with Covisint in 2Q01 and 3Q01 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-MJJ (JCS)

| Exhibit | Objections |
|---|---|
| **Ex. 120 [SLC Interview Memorandum of L. Ellison, 9/20/2002 (NDCA-ORCL 609765-80)]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted, namely whether Ellison took Simon's advice to diversify his assets and pay down debt. No hearsay exceptions apply. It is also hearsay within hearsay. |
| **Ex. 121 [Vanity Fair Article: *Absolutely Excessive!*, October 2005]** | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Ellison used the proceeds from his stock sales to fund the construction of his yacht and home. No hearsay exceptions apply. |
| **Ex. 122 [Excerpts from *Softwar– An Intimate Portrait of L. Ellison and Oracle* by M. Symonds, 2004, pp. 484-486]** | • Hearsay (FRE 802). The evidence is an out-of-court statement written by Symonds offered to prove the truth of the matter asserted that Ellison purportedly derives pleasure from owning expensive status symbols. No hearsay exceptions apply. |
| **Ex. 123 [Excerpts from *Softwar– An Intimate Portrait of L. Ellison and Oracle* by M. Symonds, 2004, pp. 368-371]** | • Hearsay (FRE 802). The evidence is an out-of-court statement written by Symonds offered to prove the truth of the matter asserted that Ellison purportedly derives pleasure from owning expensive status symbols and that he used the proceeds from his stock sales to fund the construction of his yacht and home. No hearsay exceptions apply. |

**B.    Evidence Included With Plaintiffs' Reply in Support of Their Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Non-Public Information**

| Exhibit | Objections |
|---|---|
| **Ex. 161 [*Softwar– An Intimate Portrait of L. Ellison and Oracle* by M. Symonds, 2004]** | • Hearsay (FRE 802). Much of this evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. In footnote 13 on p. 5 of the Reply, Plaintiffs cite p. 173 for the proposition that Ellison knew Oracle's sales force could not sell applications, but only Symonds writes something remotely supporting that on this page. That is hearsay. On p. 6 of their Reply ISO their 20a MSJ, Plaintiffs claim that Ellison admitted that much of the $1 billion savings was in the bag before 11i was finished; however, most of this language is Symonds's writing and thus is hearsay. |
| **Ex. 163 [SLC Interview Memorandum of J. Minton 6/21/02 (NDCA-ORCL 611338-50)]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Minton sold stock because of a declining economy and that she only spent three to four hours each week on forecasting. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| **Ex. 164 [Excerpt of the SLC** | • Hearsay (FRE 802 and 805). The evidence is an out-of- |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | **Interview Memorandum of J. Minton, 6/21/02 (NDCA-ORCL 611340-42)]** | court statement offered to prove the truth of the matter asserted that the Potential forecast was extrapolated or inaccurate. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| | **Ex. 168 [SLC Interview Memorandum of S. Catz, 7/16/02 (NDCA-ORCL 609240-60)]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Ellison purportedly admitted that the sales force's difficulties in selling applications were not fixed until after the Class Period. The evidence cited is a section of an interview memorandum of Safra Catz, and does not even mention Ellison or pertain to the issue of the sales force. Regardless, it is an out-of court statement offered for the truth and is not subject to any hearsay exception. |
| | **Ex. 191 [List of Purported Stock Repurchases (NDCA-ORCL 117400)]** | • Hearsay (FRE 802). To the extent this evidence is cited for the proposition that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price (the exhibit does not so indicate, but is nonetheless cited for that proposition), it is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. |
| | **Ex. 192 [Plaintiffs' Chart re: "Oracle Stock Price, Nov. 28, 2000 – March 30, 2001]** | • Improper summary (FRE 1006). This demonstrative exhibit is used purportedly to show that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price. The underlying evidence is not so voluminous that it need be summarized, and the summary does not contain any citations to the factual record. It also is misleading and does not support the proposition for which it is cited.<br><br>• Hearsay (FRE 802). To the extent this "evidence" is cited for the proposition that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price (the exhibit does not so indicate, but is nonetheless cited for that proposition), it is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-MJJ (JCS)

| | |
|---|---|
| Dated: November 13, 2007 | Respectfully submitted,<br><br>LATHAM & WATKINS LLP<br>Peter A. Wald<br>Michele F. Kyrouz<br>Sean M. Berkowitz<br>Patrick E. Gibbs<br>Jamie L. Wine<br>Matthew Rawlinson<br><br>By: _____/S/_____<br>Patrick E. Gibbs<br>Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S MOTION
FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-MJJ (JCS)