LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
         michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
  Matthew Rawlinson (SBN 231890)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Phone: (213) 485-1234
Fax: (213) 891-8763
E-mail: jamie.wine@lw.com

LATHAM & WATKINS LLP
  Sean M. Berkowitz (*admitted pro hac vice*)
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 876-7700
Fax: (312) 993-9767
E-mail: sean.berkowitz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS) (Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE OFFERED IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable Judge Martin J. Jenkins<br>Hearing Date: November 16, 2007<br>Time: 1:30 p.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

1   Defendants object to the following evidence and materials submitted by Plaintiffs
2 with their Opposition to Defendants' Motion for Summary Judgment.  Defendants note that
3 much of Plaintiffs' evidence is irrelevant, cited out of context, incomplete, misleading,
4 prejudicial, and otherwise inadmissible.  Because much of this evidence is immaterial and
5 irrelevant, Defendants have not specifically objected to all of Plaintiffs' improper evidence.
6 Defendants, however, reserve the right to amend, modify, or raise additional objections prior to
7 or at the hearing on Defendants' motion for summary judgment.  Defendants also reserve the
8 right to object to any of Plaintiffs' evidence submitted with their opposition to Defendants'
9 motion for summary judgment should they offer the evidence at trial or for any other purpose
10 (even if such evidence is not specifically objected to herein).

11  **I.   GENERAL OBJECTIONS**

12   On numerous occasions in their motions for summary judgment and their
13 opposition to Defendants' motion for summary judgment, Plaintiffs cite voluminous
14 documentary evidence without providing pinpoint cites.  Because of the massive amount of
15 evidence involved in this action, Plaintiffs' failure to direct the Court to the specific pages
16 containing the statements they contend support their arguments will force the Court to expend its
17 limited resources searching through the record rather than addressing the merits of this and any
18 number of other cases that are on the Court's docket.  Accordingly, Defendants request that this
19 Court exercise its discretion to strike the evidence for which Plaintiffs have neglected to provide
20 pin cites.  *Orr v. Bank of America*, 285 F.3d 764, 775 (9th Cir. 2002) ("We hold that when a
21 party relies on deposition testimony in a summary judgment motion without citing to page and
22 line numbers, the trial court may in its discretion exclude the evidence.").  The following exhibits
23 are those that should be excluded:

24   Plaintiffs' Exhibits 1 (cited at 28:15, 31:2; 31:12.5), 3 (cited at 28:15, 31:2,
25 31:12.5), 4 (cited at 33:17), 6 (cited at 29:10, 14.5, 17.5, 19.5, 31:6.5, 33:17), 7 (cited at  29:10,
26 29:14.5, 17.5, 31:8.5' 31 n. 47), 10 (cited at 4:7), 11 (cited at 4:7, 33 n. 52), 12 (cited at 1:12,
27 21:15), 14 (cited at 1:12, 35 n. 55), 15 (cited at 35 n. 55), 16 (cited at 35 n. 55), 17 (cited at
28 23:12, 35 n. 55), 18 (cited at 35 n. 55), 19 (cited at 35 n. 55), 26 (cited at 47:20, 48:7), 31 (cited

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

1  at 9:11), 37 (cited at 10:26), 46 (cited at 17:4, 17:11), 68 (cited at 16:8), 73 (cited at 16:15), 94
2  (cited at 18:21.5), 105 (cited at 47:18, 47:20), 113 (cited at 20:3), 114 (cited at 20:5), 145 (cited
3  at 23:10), 149 (cited at 18:2, 18:9), 155 (cited at 27:16), 163 (cited at 27:14), 168 (cited at 48:7),
4  169 (cited at 48:12), 173 (cited at 31:9.5), 176 (cited at 11:27 n. 17), 185 (cited at 18:13), 201
5  (cited at 23:16, ), 203 (cited at 48:17), 232 (cited at  29:16.5, 34 n 53, 35:21.5, 36:4, 37:15,
6  37:20, 38:8, 38:15, 40:6.5), 241 (cited at 36:15), 250 (cited at 44 n. 64), 274 (cited at 34 n. 53,
7  38:15, 40:6.5), 275 (cited at 40:6.5), 278 (34:13, 34:14, 34:17, 34:18, 35:1, 35:3, 35:6, 35:7,
8  35:9, 37:11, 39:8),  279 (cited at 34 n. 53. 40:6.5), 285 (cited at 36:5, 37:23), 286 (cited at 36:5,
9  37:23, 40:6.5), 287 (cited at 36:5, 37:23), 288 (cited at 36:5, 37:20, 37:23, 40:6.5), 289 (cited at
10 36:5, 37:23), 290 (cited at 36:5, 37:23), 291 (cited at 36:5, 37:23), 292 (cited at 36:5, 37:23,
11 40:6.5), 293 (cited at 36:5, 37:23, 40:6.5), 294 (cited at 36:5, 37:23, 40:6.5), 295 (cited at 36:5,
12 37:23, 40:6.5), 296 (cited at 36:5, 37:23, 40:6.5), 297 (cited at 36:5, 37:23; 40:6.5), 298 (cited at
13 36:5, 37:23, 40:6.5), 336 (cited at 40:6.5), 337 (cited at 40:6.5).

14         Defendants also object to any evidence cited by Plaintiffs that relates to their
15 allegations concerning a license transaction with Hewlett-Packard ("HP") because the evidence
16 is irrelevant.  The HP transaction was not pled in Plaintiffs' Revised Second Amended
17 Complaint, and, as a consequence, Special Master Infante specifically ruled that the transaction
18 was not within the proper scope of discovery.  *See* Ex. 232 to Defendants' Motion for Summary
19 Judgment at 14:11-16:5.  Thus, all evidence relating to such a transaction should be stricken,
20 including, but not limited to, Exhibits 57, 58, 59, 60, and 62.

21 **II.    SPECIFIC OBJECTIONS**

| Exhibit | Objections |
|---|---|
| **Ex 5 [SLC Interview Memorandum of T. Williams (Interview 3), 11/12/2002 (NDCA-ORCL 313777-84)]** | • Hearsay (FRE 802).  The cited evidence is several out-of-court statements summarized in an interview memorandum offered to prove the truth of the matter asserted, namely the purported fact that Oracle's transfers of customer overpayments impacted revenue and earnings.  No hearsay exceptions apply. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| 1 | | |
| 2-7 | **Ex. 17 Barrenechea statement in** *Softwar– An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, at 196]** | • Hearsay (FRE 802 and 805). Plaintiffs cite to a statement in the book *Softwar* attributed to Mark Barrenechea, former Senior Vice President in charge of Oracle's CRM division, that Oracle's upgrade to Suite 11i shut down the company for two weeks. Pls.' PMSJ at 19. This out-of-court statement, repeated in *Softwar*, another out-of-court statement, is inadmissible hearsay within hearsay not subject to any exception. It is worth noting that Plaintiffs also deposed Mr. Barrenechea and, in that deposition, he did not confirm that the company was shut down for two weeks, nor did he confirm that he in fact made the statement attributed to him in *Softwar*. |
| 8-14 | **Ex. 17 [Wohl Statement in** *Softwar– An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, at 203]** | • Hearsay (FRE 802 and 805). Plaintiffs offer into evidence a statement in the book *Softwar* attributed to Ron Wohl, former Executive Vice President in charge of Oracle's ERP software development division, that Oracle's quality assurance procedures "did not work." Pls.' MPSJ at 21; Pls.' Reply at 8. This out-of-court statement, repeated in *Softwar*, another out-of-court statement, is inadmissible hearsay within hearsay not subject to any exception. It is worth noting that Mr. Wohl was deposed for one and one-half days, and Mr. Wohl did not confirm that QA procedures did not work and did not confirm that he in fact made the statement attributed to him. |
| 15-19 | **Ex. 17 [***Softwar – An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, at 431]** | • Hearsay (FRE 802). To the extent Plaintiffs cite the statements and conclusions of Mr. Symonds, the evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The cited evidence is offered for the truth of the proposition that "the 'one thing' that 'would make a difference' to the market was a 'quarter that beat expectations.'" |
| 20-26 | **Ex. 37 [Unapplied Auto Adjustments Spreadsheet (PLF-ORC 000214-23)]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is offered for the truth of the proposition that Oracle "used an 'auto-adjustment' process to sweep small amounts of unapplied cash and customer overpayments into its bad debt reserve."<br><br>• Lacks Authentication (FRE 901). Plaintiffs have failed to provide the requisite evidence sufficient to support a finding that the matter in question is what the proponent claims. The document was not produced by Oracle nor authenticated by any Oracle employee. |
| 27-28 | **Ex. 38 [Oracle Corporation Fax Message from R. Campos to J. Russo, 3/27/2002 (PLF-ORC** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | 001633)] | offered to prove that the debit memos were "customer overpayments that were available for refund." <br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Campos testified that he did not know what debit memos were. Campos Dep. at 163:12-164:22. |
| | **Ex. 39** [Oracle Corporation Fax Message from R. Campos to J. Russo, 3/27/2002 (PLF-ORC 001633)] | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is offered to prove that the debit memos were "customer overpayments that were available for refund." <br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Campos testified that he did not know what debit memos were. Campos Dep. at 163:12-164:22. |
| | **Ex. 40** [Portions of SLC Report] | • Hearsay (FRE 802 and 805). Plaintiffs offer several statements contained in the SLC Report for the truth of the matter asserted. Some of these statements are hearsay within hearsay. <br><br>For example, Plaintiffs offer a statement by Ron Wohl, former Executive Vice President in charge of Oracle's ERP software development division, regarding Oracle's development group structure. This out-of-court statement was summarized in an interview memorandum created for and repeated in yet another out-of-court statement, the SLC Report. It is therefore inadmissible hearsay within hearsay not subject to any exception. <br><br>As another example, Plaintiffs also offer into evidence, for its truth, the out-of-court statements contained in the Special Litigation Committee Report ("SLC Report") regarding Oracle's internal implementation of its OKS module. It is therefore inadmissible hearsay not subject to any exception. |
| | **Ex. 50** [SLC Interview Memorandum of J. Henley (Interview 3), 11/18/2002 (NDCA-ORCL 313789-93 at 313792)] | • Hearsay (FRE 802 and 805). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The cited evidence is being offered for the truth of the proposition that Minton participated in the 2002 unapplied cash project. It is also hearsay within hearsay. |
| | **Ex. 55** [Plaintiffs' Notice of Motion and Supplemental Submission Regarding Defendants Destruction of | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The cited evidence is offered for the truth of the assertions |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | **Evidence and Request for Sanctions and Objections to Special Master's July 17, 2006 Order Denying Plaintiffs' Motion to Compel the Restoration of Backup Tapes and For Miscellaneous Relief for the Destruction of Evidence (Spoliation Brief), filed 7/26/2007, at 11-22]** | regarding the events surrounding the 2002 unapplied cash project.<br><br>• Plaintiffs also incorporate all evidence cited within the brief. As discussed above, the failure to provide any pin cites is grounds for exclusion. *Orr v. Bank of America*, 285 F.3d 764, 775 (9th Cir. 2002)   Much of the evidence cited in that separate brief is hearsay, hearsay within hearsay, and irrelevant. |
| | **Ex. 62 [E-mail from K. Montague to S. Hickey, *et. al.* re: CRM Licenses, 7/12/2001 (HP 00019-21)]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is cited for the alleged truth that the HP transaction was "reciprocal," and that Oracle's accounting for the HP transaction in 2Q01 was "improper." The e-mail was written by a non-Oracle employee. |
| | **Exs. 68, 69, 72, 73, 74, 75, 76, 77, 79, 80, 82, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 109, 110, 111, 112, 148, 197 [E-mails regarding alleged customer complaints and/or requests for concessions]** | • Hearsay (FRE 802 and 805). Because it is offered to prove the facts asserted by third-party customers (*see* Pls.' Opp. at 14-18), evidence of customer complaints and requests for concessions are hearsay, and inadmissible to prove any defects in Suite 11i. Fed. R. Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay."). The same is true of internal Oracle emails relaying complaints. Even if the statements by Oracle's employees are considered non-hearsay admissions, to the extent they relay hearsay statements by third-party customers, those out-of-court statements constitute hearsay not subject to any exception. *Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (customer complaints memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay). |
| | **Ex. 89 [E-mail from R. Lane to L. Ellison , *et al.* re: Interview gave to Business 2.0, 1/19/2001 (NDCA-ORCL 013157)]** | • Hearsay (FRE 802). This email from Raymond Lane, after he left the Company, is an out of court statement by a third party offered for the truth of the matters asserted in it. Plaintiffs offer the evidence to establish that Oracle had no objective evidence that they achieved savings by implementing 11i. No hearsay exceptions apply. |
| | **Ex. 90 [E-mail from J. Glass to L. Ellison, *et al.* re: Internet Week cover story - $1 billion savings, 3/9/2001 (NDCA-ORCL 396666-70)]** | • Hearsay (FRE 802 and 805). This is an email forwarding a news article. To the extent Plaintiffs offer this evidence for the contents of the news article for the truth of the matter asserted—namely that Oracle purportedly had no objective evidence that they achieved savings by |

LATHAM&WATKINS<sup>LLP</sup><br>ATTORNEYS AT LAW<br>SAN FRANCISCO

5

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT<br>Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | | implementing 11i—, this evidence is hearsay without an exception. |
| | **Ex. 101 [Document entitled "News America Marketing" (NDCA-ORCL 615551-52)]** | • Lacks Authentication (FRE 901). In addition to citing Exhibit 101 at page 18 of their Opposition in an attempt to create a fact issue with respect to the Fletcher Declaration, Plaintiffs also quote from the document on page 19 of their Opposition. However, Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. The document reflects no date of creation and no author, and it is unclear even what the document purports to be. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b)—including acquiring authenticating testimony from a witness with knowledge—to conform to the requirements of Rule 901. Thus Exhibit 101 is inadmissible for lack of authentication. |
| | **Ex. 118, 120 [Emails Re: media reports Press Releases About Quality]** | • Hearsay (FRE 802 and 805). Plaintiffs offer these e-mails for the truth of the matter asserted that Suite 11i suffered from quality issues. To the extent plaintiffs rely on these e-mails which contain or quote news articles and analyst reports, the evidence is hearsay and hearsay within hearsay not subject to any exception. |
| | **Ex. 149 [2002 high level requirements document (NDCA-ORCL 069907-39)]** | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted, namely that Suite 11i purportedly lacked "multibyte support" and lacked functionality that would impact the ability to deploy a global solutions involving projects spanning multiple countries and multiple languages. No hearsay exceptions apply. Plaintiffs have not demonstrated that the document, created by low-level Oracle employees, is a party admission under FRE 801(d)(2)(D). They have not established that the statement was made within the scope of the authors' employment. Plaintiffs have not deposed the authors of the document or sought to establish the necessary foundation through other means. According to Mr. Ellison, the authors of the document were field engineers responsible for implementing the software, as opposed to software developers. *See* Ellison Dep. at 532:3-8. Because the document was written by low-level employees not responsible for product development, their statements about product functionality are outside the scope of their employment and not a party admission. *See, e.g., Quaranta v. Management Support*, 255 F. Supp. 2d 1040, 1050 (D. Ariz. 2003) (ruling that employee who had management responsibility, but no responsibility for managing company's leave policy, had |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | | no authority to speak on the subject of that policy, and thus the statement was not a party admission); *City of Long Beach v. Standard Oil Co. of California*, 46 F.3d 929, 937 (9th Cir. 1995). |
| | **Ex. 162 [William Blair & Company Analyst Report WBC 0012-3)]** | • Hearsay (FRE 802 and 805).  Plaintiffs offer this out-of-court statement regarding Jeffrey Henley's purported reiteration of Oracle's 3Q01 earnings guidance for its truth.  It is therefore inadmissible hearsay not subject to any exception.  It is also hearsay within hearsay. |
| | **Ex. 184 [Draft SLC Interview Memorandum of J. Banker (EY 000009-12)]** | • Hearsay (802).  The evidence is an out-of-court statement offered to prove the truth of the matter asserted.  No hearsay exceptions apply.  The evidence is offered for the truth of the proposition that "EY did not review the transfers in 2Q01."  <br><br>• Lacks Authenticity (FRE 901).  Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims."  Plaintiffs have not, and cannot, make such a showing with respect to this document.  This document was not produced by Oracle, does not indicate an author or creation date, nor does it indicate who made the edits reflected on the document.  No Oracle or Ernst & Young witness testified that they recognized the document, and an Ernst & Young witness testified that he did not know whose files the document came from or who made the edits on the document. |
| | **Ex. 185 [Ernst & Young Special Procedures Work Papers (EY 000001-2, 000142-51, 000230-83 at 0000143-6)]** | • Hearsay (FRE 802).  The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted.  No hearsay exceptions apply.  The evidence is cited for the truth of the proposition that the SLC had "improperly misrepresented" the scope of EY's analysis. |
| | **Ex. 188 [E-mail from K. Montague to C. Flower, *et al.* regarding Oracle CRM Strategy Document (HP 00008-12).** | • Hearsay (FRE 802).  The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted.  No hearsay exceptions apply.  The evidence is cited for the truth of the proposition that the accounting for the HP transaction was knowingly improper and that "Oracle never delivered the product and functionality promised." |
| | **Ex. 204 [Examples of Debit Memo Bad Debt Reserves Transfers in 2Q01 and Prior, and Subsequent Reversals]** | • Improper summary (FRE 1006).  This is a document created by Plaintiffs that does not cite to any underlying evidence and is misleading.<br><br>• Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the truth of the matter asserted.  The cited evidence is offered for the truth of the proposition that "millions of dollars of unapplied cash items that Oracle claims to have been 'resolved' |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| 1<br>2 | | were actually reversed, credited, refunded and/or escheated as part of the 2002 Clean Up project." |
| 3<br>4<br>5<br>6 | **Ex. 207** [Declaration of *Bloomberg News* Custodian of Records, C. Glasser, Jr., Exhibit B-D (Various Bloomberg Article)] | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the alleged truth that Oracle reiterated its December 14, 2000 guidance throughout 3Q01. The evidence also contains hearsay within hearsay. No hearsay exceptions apply. It is also worth noting that the analyst report does not indicate that guidance was reiterated. |
| 7<br>8<br>9 | **Ex. 208** [Deutsche Banc Alex. Brown, *ORCL: Visit with Management - Strong Buy*, 2/8/2001 (NDCA-ORCL 09 1536-8)] | • Hearsay (FRE 802). To the extent the evidence is offered to prove the alleged truth of the matter asserted that Oracle reiterated its December 14, 2000 guidance throughout 3Q01, the evidence is hearsay not subject to any exception. |
| 10<br>11<br>12 | **Ex. 209** [First Union Securities, Inc., *Management Indicates Final Weeks of February Critical to Quarter*, 2/8/2001 (NDCA-ORCL 091531-3)] | • Hearsay (FRE 802). To the extent the evidence is offered to prove the alleged truth of the matter asserted that Oracle reiterated its December 14, 2000 guidance throughout 3Q01, the evidence is hearsay not subject to any exception. |
| 13<br>14<br>15<br>16 | **Ex. 210** [RealMoney.com, *The TSC Streetside Chat: Oracle's Executive Vice President Sandy Sanderson Jr.*, 1/20/2001 (NDCA-ORCL 141672-8)] | • Hearsay (FRE 802). To the extent the evidence is offered to prove the alleged truth of the matter asserted that Oracle reiterated its December 14, 2000 guidance throughout 3Q01, the evidence is hearsay not subject to any exception. It is worth noting that the analyst report does not indicate that guidance was reiterated. |
| 17<br>18<br>19 | **Ex. 211** [Salomon Smith Barney, *Oracle Corp. Company Report*, 1/10/2001] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the alleged truth that Oracle reiterated its December 14, 2000 guidance throughout 3Q01. No hearsay exceptions apply. |
| 20<br>21<br>22<br>23 | **Ex. 212** [E-mail string from D. Cooperman to A. Clark re: Financial analyst coverage of Apps World, 2/27/2001 (NDCA-ORCL 069388-91)] | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement, repeating comments from several analysts, offered to prove the alleged truths that Oracle reiterated its December 14, 2000 guidance throughout 3Q01 and that Henley reiterated guidance on February 20, 2001. It is also hearsay within hearsay. No hearsay exceptions apply. |
| 24<br>25<br>26 | **Ex. 213** [CIBC World Markets Corp., *ORCL: App World - Upbeat Conference, but no Cajun Spice*, 2/23/2001 (NDCA-ORCL 091429-31)] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the propositions that Oracle reiterated its December 14, 2000 guidance throughout 3Q01 and that Henley reiterated guidance on February 20, 2001. No hearsay exceptions apply. |
| 27<br>28 | **Ex. 214** [First Union Securities, Inc., *Report From Apps World 2001*, 2/21/2001 | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the alleged truths that Oracle reiterated its December 14, 2000 guidance throughout 3Q01 and that Henley reiterated guidance on February |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| 1 | **(NDCA-ORCL 091447-9)]** | 20, 2001. No hearsay exceptions apply. |
| 2 | **Ex. 215** [**First Union Securities, Inc.,** *Management Indicated Final Weeks of February Critical To Quarter*, 2/7/2001 (NDCA-ORCL 1052216-20)] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the alleged truth that Oracle reiterated its December 14, 2000 guidance throughout 3Q01. No hearsay exceptions apply. |
| 6 | **Ex. 216** [**William Blair & Company –** *Highlights of Apps World Conference*, 2/21/2001 (WBC 0012-13)] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the alleged truths that Oracle reiterated its December 14, 2000 guidance throughout 3Q01 and that Henley reiterated guidance on February 20, 2001. No hearsay exceptions apply. |
| 9 | **Ex. 221** [**Needham & Co.,** *Oracle Becomes the Company to Beat*, 10/4/2000] | • Hearsay (FRE 802). To the extent Plaintiffs offer this analyst report for the truth of the matters asserted therein, the evidence is hearsay not subject to any exceptions. |
| 11 | **Ex. 222** [**PR Newswire,** *Credit Suisse First Boston Technology Conference Highlights*, 11/30/2000] | • Hearsay (FRE 802). To the extent Plaintiffs offer this Credit Suisse First Boston PR Newswire article for the truth of the matters asserted therein, the evidence is hearsay not subject to any exceptions. |
| 14 | **Ex. 224** [**SLC Interview Memorandum Excerpt of J. Minton (NDCA-ORCL 609540-2)**] | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the alleged truth that the Potential forecast was extrapolated or inaccurate. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| 17 | **Ex. 226** [**E-mail string from I. Guner to M. Barrenechea,** *et al.* **re: Thanks for taking my call: The Daily Business Close, 1/8/2002 (NDCA-ORCL 132079-80)**] | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the alleged truth of the matter asserted that the Potential forecast was simply extrapolated or inaccurate. No hearsay exceptions apply. |
| 20 | **Ex. 231** [**E-mail from P. McManus to J. English re: Draft: New terminology on Forecasting, 10/6/2000 (NDCA-ORCL 203681-3)**] | • Hearsay (FRE 802 and 805). The evidence is an e-mail reiterating a purported statement made by Ellison. It is an out-of-court statement offered to prove the truth of the matter asserted. |
| 23 | **Ex. 232** [**Individual Defendant Lawrence J. Ellison's Compendium of Exhibits in Support of Motion for Summary Judgment, filed 6/9/2005**] | • Relevance (FRE 401). This is not an exhibit, but merely a list of exhibits submitted in support of a motion filed in a separate case. It does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. It should therefore be excluded. |
| 27 | **Ex. 237** [**Matthew Symonds,** *Softwar - The Rewards of Recklessness: A Portrait of* | • Hearsay (FRE 802). Plaintiffs cite statements and conclusions of Symonds for several propositions regarding the state of the economy. This is hearsay not |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | |
|---|---|
| *Larry Ellison and Oracle Corporation at War* (NDCA-ORCL 1053564-77)] | subject to any exception. |
| **Ex. 246** [Document Summarizing News Coverage from S. Aas re: Apps World (NDCA-ORCL 156724.0001-04)] | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that that defendants purportedly tracked Cisco and Sun as "proxies" for Oracle's business and that Oracle purportedly expected to see the effects of a slowing economy. The document also contains hearsay within hearsay. No hearsay exceptions apply. |
| **Ex. 248** [The Wall Street Journal: *Sun Microsystems' Profit Climbs by 91%*, 1/19/2001] | • Hearsay (FRE 802). To the extent the evidence is offered to prove the contents contained in the news article, the evidence is hearsay not subject to any exceptions. |
| **Ex. 249** [SLC Interview of D. Cooperman, 5/17/2002] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Oracle executives spoke with Cisco or Sun executives "regarding the health of their businesses." No hearsay exceptions apply. |
| **Ex. 250** [SLC Interview of P. Simon, 7/22/2002] | • Hearsay (FRE 802). The evidence, an interview memorandum, is out-of-court statements offered to prove the truth of the matter asserted that Ellison instructed Simon to sell 40 million shares of Oracle stock. No hearsay exceptions apply. |
| **Ex. 251** [Hearing Transcript of Defendants' Motion for Summary Judgment in Delaware Derivative Case, 9/2/2004] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that the economy was purportedly in a recession. No hearsay exceptions apply. |
| **Ex. 252** [SLC Interview of S. Catz, 7/16/2002] | • Hearsay (FRE 802). The evidence, an interview memorandum, are out-of-court statements offered to prove the truth of the matter asserted proposition that defendants were aware that applications had a purported lower conversion rate than database. No hearsay exceptions apply. |
| **Ex. 266** [Email from J. Minton to W. Plant *et al.* re: License Revenue Accuracy, 9/19/2000] | • Hearsay (FRE 802). The evidence is an out-of-court statement, reiterating another out-of-court statement offered to prove the truth of the matter asserted that Ellison issued stated that he issued a purported directive regarding forecasting process. No hearsay exceptions apply. |
| **Ex. 268** [Email from P. McManus to M DeCesare *et* | • Hearsay (FRE 802). The evidence is an out-of-court statement, reiterating another out-of-court statement, |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| *al.* re: Q3 Forecast Call, 12/1/2000] | | offered to prove the truth of the matter asserted that the forecasting process was supposedly not a bottoms-up process. No hearsay exceptions apply. |
| **Ex. 269 [FY01 Budget Growth Rates]** | • | Hearsay (FRE 802). The evidence is an out-of-court statement supposedly offered to prove the truth of the matter asserted that Ellison increased growth rates a few weeks before 3Q01. No hearsay exceptions apply. |
| **Ex. 271 [Email from S. Sanderson to S. Gunningham** *et al.* **re: License Revenue Forecast Accuracy, 9/19/2000]** | • | Hearsay (FRE 802). The evidence is an out-of-court statement, reiterating another out-of-court statement, offered to prove the matter asserted that Sanderson discussed methods for "implementing Ellison's [purported] directive" regarding the forecast. No hearsay exceptions apply. |
| **Ex. 276 [Forbes Magazine:** *Irreplaceable***, 8/14/2006]** | • | Hearsay (FRE 802 and 805). The cited evidence, a newspaper article, is an out-of-court statement offered to prove the proposition that Ellison admitted he actual knowledge of certain financial indicators. The article also contains hearsay within hearsay. No hearsay exceptions apply. |
| **Ex. 280 [Affidavit of Raymond J. Lane, 6/3/2003]** | • | Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Mr. Lane left Oracle in July 2000 (before 2Q01 and 3Q01) and Plaintiffs have not offered any evidence to suggest that Mr. Lane had personal knowledge of the transaction with Covisint in 2Q01 and 3Q01, the recognition of revenue in 3Q01, or Oracle's 3Q01 forecasts. Likewise, Plaintiffs have not offered any evidence to suggest that Mr. Lane had knowledge of what Jay Nussbaum did during 3Q01. |
| **Ex. 306 [Oracle Service Industry FY01 Weekly Forecast Summary (NDCA-ORCL 323593-97)]** | • | Lacks Authenticity (FRE 901). Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." No Oracle witness testified to using this particular report or a version thereof. The report also is undated. For that reason, the document is also irrelevant under FRE 401 as it does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. It should therefore be excluded. |
| **Ex. 311 [Los Angeles Times:** *Telecom Firms' Woes Growing on Several Fronts***, 1/27/2001]** | • | Hearsay (FRE 802). To the extent the evidence is offered to prove the truth of the contents of the article, it is hearsay not subject to any exceptions. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | **Ex. 312** [Associated Press Article: *Lucent to Cut 10,000 Jobs to Fight Huge Loss*, 1/24/2001] | • Hearsay (FRE 802). To the extent the evidence is offered to prove the truth of the contents of the article, it is hearsay not subject to any exceptions. |
| | **Ex. 315** [Plaintiffs' Summary of Purported Lost Big Deals] | • Improper Summary (FRE 1006). Exhibit 315 is a chart that Plaintiffs created that summarizes their interpretation of what constitutes a "lost big deal." The underlying evidence the chart purportedly relies upon is not so voluminous that the underlying documents cannot be presented to the court for inspection. The chart is also an improper summary as it does not accurately represent the underlying evidence on which the chart is purportedly based. Indeed, rather than summarizing evidence, it is counsel's argument as to what that evidence supposedly means. |
| | **Ex. 340** [TheStreet.com: *The TSC Streetside Chat: Oracle's Executive Vice President Sandy Sanderson Jr.*, 1/20/2001] | • Hearsay (FRE 802). The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. No hearsay exceptions apply. |
| | **Ex. 348** [Email from P. Simon to L. Ellison *et al.* re: Option Expiration Date, etc., 6/5/2000] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered for the truth of the matter asserted that Ellison purportedly decided to sell stock earlier than previously planned. The e-mail is hearsay not subject to any exceptions. |
| | **Ex. 349** [Email from P. Simon to L. Ellison *et al.* re: L. Ellison's stock options, 4/7/2000] | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered for the truth of the matter asserted that Ellison purportedly decided to sell stock earlier than previously planned. The e-mail also contains hearsay within hearsay. No hearsay exceptions apply. |
| | **Ex. 350** [Email from K. Fisher to C. Ong *et al.* re: Oracle Form 5471 filings, 10/10/2000] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered for the truth of the matter asserted that Ellison purportedly decided to sell stock earlier than previously planned. The e-mail contains the statements of a third party. No hearsay exceptions apply. |
| | **Ex. 356** [Vanity Fair, *Absolutely Excessive!*] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Ellison used the proceeds from his stock sales to fund the construction of his yacht and home. No hearsay exceptions apply. |
| | **Ex. 358** [Fortune: *The Next Richest Man in the World*, 11/13/2000] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Henley purportedly "knew of adverse information regarding Oracle's products and financial condition" when he traded. No hearsay exceptions apply. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | **Ex. 359 [SLC Interview of J. Minton, 9/24/2002]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Minton purportedly sold stock because of a declining economy. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| | **Ex. 360 [SLC Interview of J. Minton, 6/21/2002]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Minton purportedly had a "plan to sell" shares in Q3 FY01. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| | **Ex. 365 [SLC Interview of S. Catz, 7/16/2002]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that that Catz purportedly had a "plan" to sell and that she "didn't sell in late January because [she] found out that Ellison was selling…." The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| | **Ex. 369 [SLC Interview of D. Cooperman, 5/17/2002]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Cooperman purportedly had plans to sell stock in January 2001. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| | **Ex. 370 [Blank Document]** | • Relevance (FRE 401). This document is blank except for the handwriting "Hold for Impeachment." It does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. It should therefore be excluded. |
| | **Ex. 372 [Email from S. Giacoletto to B. Wallace *et al.* re: Trading notice, 12/18/2000]** | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Giacoletto purportedly sold while "in possession of adverse information." No hearsay exceptions apply. |
| | **Ex. 374 [List of Purported Stock Repurchases (NDCA-ORCL 117400)]** | • Hearsay (FRE 802). To the extent this evidence is cited for the proposition that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price (the exhibit does not so indicate, but is nonetheless cited for that proposition), it is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. |
| | **Ex. 376 [Oracle Corp. Dollars Per Share Chart, 11/28/2000 – 3/30/2001]** | • Improper summary (FRE 1006). This demonstrative exhibit is used purportedly to show that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price. The underlying evidence is not so voluminous that it need be summarized, and the summary does not contain any citations to the factual |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | | record. It also is misleading and does not support the proposition for which it is cited.<br><br>• Hearsay (FRE 802). To the extent this "evidence" is cited for the proposition that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price (the exhibit does not so indicate, but is nonetheless cited for that proposition), it is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. |
| | **Ex. 378** [*CNET News.com: Oracle Sinks on Fears it May Feel Dot-Com Pinch*, 2/9/2001] | • Hearsay (FRE 802). To the extent the evidence is offered to prove the truth of the matter asserted that negative press coverage caused Oracle's stock to "plummet" on February 9, 2001, the evidence is hearsay not subject to any exceptions. |
| | **Ex. 379** [Morgan Stanley; *Getting Through Q3 in Good Shape*, 2/9/2001] | • Hearsay (FRE 802). To the extent Plaintiffs offer this evidence for the truth of the matters asserted in the analyst report, the evidence is hearsay not subject to any exception. |
| | **Exhibit E [Deposition transcripts of I. Hatada, 10/5/2006 and 10/10/2006]** | • Hearsay (FRE 802 and 805). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. Hatada confirmed that the sole basis for his testimony that Henley was involved in the 2002 "unapplied cash project" stemmed from a comment he heard from another Oracle employee. See Hatada Dep. at 266:2-21. Because this underlying comment is hearsay, not subject to any exceptions, it is hearsay within hearsay and inadmissible.<br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Hatada confirmed that the sole basis for his understanding that Henley was involved in the 2002 "unapplied cash project" was a comment conveyed to him by another Oracle employee. Hatada Dep. at 266:10-21. Hatada also admitted that he never has spoken to Henley. *Id*. at 431:9-12. |
| | **Ex. I [Deposition transcript of G. Petrie, 9/22/2005]** | • Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Petrie left Oracle on December 15, 2000 and therefore does not have personal knowledge as to events or information within Oracle after that time. |
| | **Ex. N [Deposition transcript of M. DeCesare, 2/16/2006]** | • Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. DeCesare admitted at the end of his deposition that he |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S
OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)

| | | |
|---|---|---|
| | | was merely <u>speculating</u> on Suite 11i's functionality problems based on conversations with customers. *See* 270:21-271:7. |
| **Ex. EE** [Deposition transcript of M. Mitchell, 10/11/2005] | | • Lack of Personal Knowledge (FRE 602).  Mitchell was in consulting for state and local governments, not company-wide license sales and therefore does not have personal knowledge as to pipeline conversion information regarding license sales. |
| **Ex. BBB** [Deposition transcript of S. Catz, 3/23/2007] | | • Lack of Personal Knowledge (FRE 602).  Lack of personal knowledge as Catz testified that she "wasn't very involved" in the repurchase program. |

Dated:  November 13, 2007

Respectfully submitted,

LATHAM & WATKINS LLP
Peter A. Wald
Michele F. Kyrouz
Sean M. Berkowitz
Patrick E. Gibbs
Jamie L. Wine
Matthew Rawlinson

By: _____/S/_____
Patrick E. Gibbs
Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANTS' EVIDENTIARY OBJECTIONS TO P'S OPPOSITION TO D'S MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-MJJ (JCS)