LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
E-mail: peter.wald@lw.com
        michele.kyrouz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

LATHAM & WATKINS LLP
  Patrick E. Gibbs  (SBN 183174)
135 Commonwealth Drive
Menlo Park, California 94025
Telephone:  (650) 328-4600
Facsimile:  (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
E-mail: jamie.wine@lw.com

LATHAM & WATKINS LLP
  Sean M. Berkowitz (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail: sean.berkowitz@lw.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION,<br><br>This Documents Relates To:<br><br>ALL ACTIONS | Master File No. C-01-0988 (SI) (Consolidated)<br><br>**MOTION FOR ADMINISTRATIVE RELIEF TO SUBMIT RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable Judge Susan Illston |

Pursuant to Civil Local Rule 7-11, Defendants request leave to submit a recent decision from the Ninth Circuit Court of Appeals dated July 25, 2008, after the hearing on Defendants' Motion for Summary Judgment.  The decision, *Metzler Investment GMBH v. Corinthian Colleges, Inc.*, --- F.3d ----, 2008 WL 2853402 (9th Cir. July 25, 2008), is attached hereto as Exhibit A.[1]  In *Metzler*, the Ninth Circuit affirmed a district court's order dismissing a securities fraud complaint with prejudice because plaintiffs failed to plead loss causation under *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) and *In re Daou Sys. Inc.*, 411 F.3d 1006 (9th Cir. 2005).  Specifically, plaintiffs failed to allege facts "that the market became aware of, and the resulting stock drop resulted from, [the alleged] fraud."  *Metzler*, 2008 WL 2853402, at *9.  The Ninth Circuit observed:

> So long as there is a drop in a stock's price, a plaintiff will always be able to contend that the market 'understood' a defendant's statement precipitating a loss as a coded message revealing the fraud.  Enabling a plaintiff to proceed on such a theory would effectively resurrect what *Dura* discredited – that loss causation is established through an allegation that a stock was purchased at an inflated price.  Loss causation requires more.

*Id.* at *10 (internal citations omitted).

The *Metzler* case is directly relevant to Defendants' Motion for Summary Judgment.  Here, Plaintiffs have offered no evidence that the March 2, 2001 stock drop, which purportedly caused their damages, resulted from the market learning about any of the specific frauds they allege:  (i) there is no evidence the market learned that Oracle was experiencing a material slowdown in business *during 3Q01*, when Defendants publicly stated that the economy was not impacting their business (Docket No. 1449, at 28:20-31:16; 92:10-98:16); (ii) there is no evidence the market learned that Defendants lacked a reasonable basis for rendering Oracle's 3Q01 forecasts at the time they were made, or were aware of undisclosed facts tending seriously to undermine those projections at the time they were made (*id.*); (iii) there is no evidence the market learned that any problems with

---

[1] Defendants are making this administrative motion, rather than filing a Statement of Recent Decision pursuant to Local Rule 7-3, as the *Metzler* decision was filed after the hearing on Defendants' pending Motion for Summary Judgment.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' MOTION FOR ADMINISTRATIVE
RELIEF TO SUBMIT RECENT AUTHORITY
MASTER FILE NO. C-01-0988-SI

Suite 11i caused Oracle to miss its projections (Docket No. 1406, at 39-46); and (iv) there is no evidence the market learned that Oracle's 2Q01 financial statements were materially misstated. *Id.*

The March 1, 2001 announcement revealed only that Oracle would not achieve its guidance because customers deferred expenditures in the final days of 3Q01 due to uncertainly about the economy. Docket No. 1243, at Exh. 393. The unrebutted evidence demonstrates that the stock drop was caused by the market learning *new* information about a sudden and unexpected economic downturn that affected the entire enterprise software industry. Docket No. 1449, at 22:12-31:25; 92:10-98:16; Docket No. 1467, at 7. While Plaintiffs argue that they need only demonstrate a material misstatement or omission of fact followed by an announcement revealing the Company's "true financial condition" (Docket No. 1428, at 46), the *Metzler* decision – like *Daou* before it – confirms that this is a misstatement of the law. Instead, plaintiffs must adduce evidence demonstrating that the Company's stock price decline was caused by disclosure of the true facts concealed by the fraud they alleged.[2] In this sense, plaintiffs must demonstrate that the market learned of the Company's "true financial condition," **and** that this "true financial condition" had been masked by the alleged fraud.

Finally, although Plaintiffs argue that *Metzler* is a pleading case (*see* Declaration of Patrick E. Gibbs in Support of Defendants' Motion for Administrative Relief, at ¶ 3), Plaintiffs' own principle loss causation authority, *Daou*, is a pleading case as well. Docket No. 1428, at 46. *Metzler* confirms Defendants' view that the "true financial condition" language in *Daou* does not relieve Plaintiffs of producing evidence "that the practices that the plaintiff contends are fraudulent were revealed to the market and caused the resulting losses." *Metzler*, 2008 WL 2853402, at *9. Because Plaintiffs have failed to satisfy this burden on summary judgment (*Celotex Corp. v. Catrett*, 477 U.S. 317, 325-28 (1986)), Defendants are entitled to judgment as a matter of law. *See Metzler*, 2008 WL 2853402, at *9-*10; Docket No. 1467; Docket No. 1199, at 10-13; Docket No. 1406. For the

---

[2] Plaintiffs in securities fraud cases are required under the PSLRA to identify "each statement alleged to have been misleading, [and] the reason or reasons why the statement[s] [were] misleading." 15 U.S.C. § 78u-4(b)(1)(B). If plaintiffs satisfy the PSLRA's rigorous pleading requirements, and are permitted to proceed to discovery, they must establish that the fraud they alleged was revealed to the market. *Tricontinental Indus. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 843 (7th Cir. 2007) (citing *Dura*, 544 U.S. at 342-45).

1  reasons previously stated (Docket No. 1467), this conclusion is not dependent in any way on
2  resolution of Plaintiffs' pending motion for sanctions.

3  Dated: August 5, 2008                    LATHAM & WATKINS LLP
                                             Peter A. Wald
4                                            Patrick E. Gibbs
                                             Sean M. Berkowitz
5

6                                            By: _____/s/_____
                                                   Patrick E. Gibbs
7                                            Attorneys for Defendants ORACLE CORPORATION,
                                             LAWRENCE J. ELLISON, JEFFREY O. HENLEY and
8                                            EDWARD J. SANDERSON

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3    DEFENDANTS' MOTION FOR ADMINISTRATIVE
     RELIEF TO SUBMIT RECENT AUTHORITY
     MASTER FILE NO. C-01-0988-SI