LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
E-mail: peter.wald@lw.com
         michele.kyrouz@lw.com

Attorneys for Defendants ORACLE CORPORATION,
LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and
EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

LATHAM & WATKINS LLP
  Patrick E. Gibbs  (SBN 183174)
135 Commonwealth Drive
Menlo Park, California 94025
Telephone:  (650) 328-4600
Facsimile:  (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
E-mail: jamie.wine@lw.com

LATHAM & WATKINS LLP
  Sean M. Berkowitz (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail: sean.berkowitz@lw.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION,<br><br>This Documents Relates To:<br><br>ALL ACTIONS | Master File No. C-01-0988 (SI) (Consolidated)<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SET BRIEFING SCHEDULE FOR DISPOSITIVE AND *DAUBERT* MOTIONS AND PAGE LIMITS FOR DISPOSITIVE MOTIONS**<br><br>Honorable Judge Susan Illston |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION FOR ADMINISTRATIVE RELIEF TO SET
BRIEFING SCHEDULE AND PAGE LIMITS
MASTER FILE NO. C-01-0988-SI

## I.  INTRODUCTION

Pursuant to Civil Local Rule 7-11, Defendants respectfully request administrative relief.  Defendants regret having to seek the Court's assistance on these issues, but after exchanging multiple letters and engaging in the meet and confer process in good faith, we have been unable to reach an agreement with Plaintiffs on the briefing schedule for the revised dispositive and *Daubert* motions that the Court requested in its September 2, 2008 Order Denying Plaintiffs' Motion for Partial Summary Judgment and Granting in Part Plaintiffs' Request for Sanctions (the "Order"), or on the page limits for the parties' respective dispositive motions.

Defendants propose that the parities' opening briefs be due on October 6, 2008, opposition briefs be due on November 3, 2008, reply briefs be due on November 24, 2008, and that the Court schedule a hearing on these motions in early to mid-December 2008.  Plaintiffs object to this proposed briefing schedule on the grounds that by proposing the parties file their opening briefs before the scheduled October 13, 2008 mediation, Defendants are not serious about pursuing settlement discussions at the mediation.  As we explained during the meet and confer process, however, this argument is completely unfounded.  In fact, Defendants' proposed briefing schedule is designed specifically to promote a productive settlement dialogue at the mediation, which is why Defendants are bringing this motion for administrative relief.

With respect to page limits for the dispositive motions, Defendants respectfully request leave to file a 50-page revised Motion for Summary Judgment (in accordance with Judge Jenkins' July 15, 2007 Order Granting Defendants' Unopposed Motion for Administrative Relief re Page Limits for Dispositive Motions), and that Plaintiffs' revised Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Non-Public Information (the "20A Motion") be 25 pages in length (in accordance with Judge Jenkins' August 2, 2007 Minute Order).  As explained below, Plaintiffs have argued that they are entitled to file a 50-page revised 20A Motion, even though the Court previously ordered that the parties are entitled to 50-pages, *total*, in dispositive motion briefing, which includes the 25-page Motion for Partial Summary Judgment that the Court denied (without leave to re-file) on September 2, 2008.  Thus, Plaintiffs essentially are

seeking a total of 75 pages of dispositive motion briefing, notwithstanding Judge Jenkins' prior order on page limits.

## II. DEFENDANTS' PROPOSED BRIEFING SCHEDULE WILL PROMOTE SETTLEMENT DISCUSSIONS AND IS IN THE BEST INTERESTS OF THE PARTIES

Defendants' proposed briefing schedule is specifically designed to facilitate and promote settlement discussions at the October 13, 2008 mediation. *See* Declaration of Patrick E. Gibbs in Support of Defendants' Motion for Administrative Relief to Set Briefing Schedule for Dispositive and *Daubert* Motions and Page Limits for Dispositive Motions ("Gibbs Decl."), at Exs. 1 and 3. Under Defendants' proposal, the dispositive motions will be pending at the time of the mediation, and Defendants believe that having the motions pending will assist the settlement process. Indeed, having the motions on file in advance of the mediation will allow the parties to articulate their respective positions in light of the Order and help frame the issues for the mediator. *Id.* at Ex. 3. Moreover, Defendants' proposed briefing schedule will allow the Court to schedule a hearing on the dispositive and *Daubert* motions during early to mid-December 2008, thereby providing the Court with sufficient time both to prepare in advance of the hearing, and to rule on the motions before the March 17, 2009 Pretrial Conference and the March 30, 2009 trial date. *Id.* at Ex. 1. Because the rulings on these motions likely will have a significant impact on any pretrial submissions and trial preparations, Defendants believe that it is in the best interests of both parties (and the Court) to proceed along this timetable. *Id.*

Plaintiffs have proposed a briefing schedule under which the parties' initial briefs would be due on October 20, 2008, opposition briefs would be due on November 17, 2008, reply briefs would be due on December 5, 2008, and a hearing would take place on December 19, 2008. *Id.* at Ex. 2. As discussed above, however, making the initial round of dispositive and *Daubert* briefs due before October 13, 2008 will promote a more productive and effective settlement dialogue at the meditation. Furthermore, postponing the initial filing date by two weeks unnecessarily compresses the remainder of the briefing schedule, it provides the Court with less time to prepare for the hearing, it gives the parties less time to take the rulings into account in

1  connection with trial preparation and it ensures that none of the attorneys from either side will be
2  able to take a Thanksgiving holiday. *Id.* at Ex. 3.  For these reasons, Plaintiffs' proposed briefing
3  schedule is impractical and insufficient.

4  **III.  DEFENDANTS' PROPOSED PAGE LIMITS ARE FAIR AND CONSISTENT
5       WITH THE COURT'S PRIOR ORDERS**

6  With respect to page limits for the dispositive motions, Defendants respectfully
7  request that the Court enter an order allowing Defendants to have 50 pages for their revised Motion
8  for Summary Judgment (with Plaintiffs having 50 pages for their opposition brief, and Defendants
9  having 25 pages for their reply brief).  Defendants previously obtained an order providing for such a
10 page limit extension for this dispositive brief (*see* Order Granting Defendants' Unopposed Motion
11 for Administrative Relief re Page Limits for Dispositive Motions, dated July 15, 2007 (Docket No.
12 850)), and the Court denied this dispositive motion without prejudice to re-file.  *See* Order, at 13.
13 Defendants also respectfully request that the Court order that Plaintiffs' revised 20A
14 Motion be 25 pages in length (with Defendants having 25 pages for their opposition brief, and
15 Plaintiffs having 15 pages for their reply brief).  *See* Civil Local Rules 7-2(b), 7-3(a) and (c).
16 Plaintiffs have proposed filing a 50-page revised 20-A Motion, even though the Court previously
17 ruled that both parties are entitled to 50 pages, *total*, of summary adjudication briefing, which
18 includes the 25-page Motion for Partial Summary Judgment that the Court denied without leave to
19 re-file on September 2, 2008. *See* Order, at 13 n.3.  In fact, Plaintiffs previously attempted to file a
20 50-page 20A Motion (along with a 50-page Motion for Partial Summary Judgment), and the Court
21 ordered Plaintiffs to re-file both motions so as not to exceed the Court-imposed page limits.  *See*
22 Civil Pretrial Minutes, dated August 2, 2007 (Docket No. 953).  Because the Court already denied –
23 without leave to re-file – Plaintiffs' Partial Motion for Summary Judgment, permitting Plaintiffs to
24 re-file a 50-page revised 20A Motion would provide Plaintiffs with a total of 75 pages of summary
25 adjudication briefing, in violation of the Court's prior order.  To be clear, Defendants are not
26 attempting to obtain a larger page limit for dispositive briefs than Plaintiffs.  To the contrary,
27 Defendants are attempting to ensure that both sides have the same amount of total briefing on
28 dispositive motions, consistent with the parameters previously set by the Court.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

MOTION FOR ADMINISTRATIVE RELIEF TO SET
BRIEFING SCHEDULE AND PAGE LIMITS
MASTER FILE NO. C-01-0988-SI

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' Motion for Administrative Relief to Set Briefing Schedule for Dispositive and *Daubert* Motions and Page Limits for Dispositive Motions.

Dated: September 16, 2008

LATHAM & WATKINS LLP
Peter A. Wald
Patrick E. Gibbs
Sean M. Berkowitz

By: _____/s/_____
Patrick E. Gibbs
Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY and EDWARD J. SANDERSON

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

MOTION FOR ADMINISTRATIVE RELIEF TO SET
BRIEFING SCHEDULE AND PAGE LIMITS
MASTER FILE NO. C-01-0988-SI