1   COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
2   MARK SOLOMON (151949)
     DOUGLAS R. BRITTON (188769)
3   655 West Broadway, Suite 1900
     San Diego, CA  92101
4   Telephone:  619/231-1058
     619/231-7423 (fax)
5   marks@csgrr.com
     dougb@csgrr.com
6           – and –
     SHAWN A. WILLIAMS (213113)
7   WILLOW E. RADCLIFFE (200087)
     ELI R. GREENSTEIN (217945)
8   DANIEL J. PFEFFERBAUM (248631)
     100 Pine Street, Suite 2600
9   San Francisco, CA  94111
     Telephone:  415/288-4545
10  415/288-4534 (fax)
     shawnw@csgrr.com
11  willowr@csgrr.com
     elig@csgrr.com
12  dpfefferbaum@csgrr.com

13  Lead Counsel for Plaintiffs

14  [Additional counsel appear on signature page.]

15                        UNITED STATES DISTRICT COURT

16                     NORTHERN DISTRICT OF CALIFORNIA

17  In re ORACLE CORPORATION          )   Master File No. C-01-0988-SI
     SECURITIES LITIGATION             )
18                                     )   CLASS ACTION
                                       )
19  This Document Relates To:          )   PLAINTIFFS' OPPOSITION TO
                                       )   DEFENDANTS' MOTION FOR
20       ALL ACTIONS.                  )   ADMINISTRATIVE RELIEF TO SET
                                       )   BRIEFING SCHEDULE FOR DISPOSITIVE
21                                     )   AND DAUBERT MOTIONS AND PAGE
                                           LIMITS FOR DISPOSITIVE MOTIONS
22

23

24

25

26

27

28

1    I.      INTRODUCTION

2            Defendants' Motion for Administrative Relief to Set Briefing Schedule for Dispositive and

3    *Daubert* Motions and Page Limits for Dispositive Motions ("Defs' Motion") is a transparent and

4    unreasonable attempt to gain strategic advantage over two issues that should be fair and balanced for

5    both parties.  First, defendants seek a briefing schedule in connection with the Court's September 2,

6    2008 Order that needlessly burdens and complicates the mediation process by requiring the filing of

7    voluminous summary judgment briefs, exhibits, *Daubert* motions and expert declarations on the ***very***

8    ***same day*** – October 6, 2008 – that mediation briefs will be due.  Defs' Motion at 1-2.  During the

9    meet-and-confer process, plaintiffs proposed a more reasonable schedule that would require the

10   filing of the summary judgment and related briefing on October 20, 2008, one week ***after*** the

11   mediation concludes.  Exhibit A (September 12, 2008 letter from Shawn Williams to Sean

12   Berkowitz).[1]  Plaintiffs' proposal allows the parties to focus on making a serious effort at resolution

13   of the case before expending considerable time and resources and burdening the Court with more

14   paper that may not even be necessary.  Plaintiffs' proposed schedule strikes a balance between the

15   mediation and summary judgment.  *Id*.

16           Second, despite plaintiffs' reasonable proposal that each party file one 50-page summary

17   judgment brief in response to the Court's September 2, 2008 Order, defendants demand that they be

18   afforded 50 pages and plaintiffs be limited to 25.  Defs' Motion at 1.  Such a unilaterally lopsided

19   page restriction favoring one party is not supported by any legal authority or local rules, and simply

20   makes no sense.  The Court has instructed **both** parties to refile summary judgment briefs to address

21   the Court's September 2, 2008 Order, and the new issues raised by the Court concerning document

22   destruction and recent Ninth Circuit case law, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, No. 06-

23   55826, 2008 U.S. App. LEXIS 18225 (9th Cir. Aug. 26, 2008) and *In re Gilead Scis. Sec. Litig.*, 536

24   F.3d 1049 (9th Cir. Aug. 11, 2008).  Indeed, the primary reason that additional briefing is even

25

26   [1]     Exhibit A is attached to the Declaration of Eli R. Greenstein in Support of Plaintiffs'
     Opposition to Defendants' Motion for Administrative Relief to Set Briefing Schedule for Dispositive
27   and *Daubert* Motions and Page Limits for Dispositive Motions, filed herewith.

28

1   necessary is due to defendants' "willful" destruction and/or failure to preserve relevant documents.

2   Their motion should be denied.

3   **II.     ARGUMENT**

4           **A.     Defendants' Proposed Briefing Schedule Is Unreasonable and Does
                     Not Allow for a Meaningful Mediation Process**

5

6           On September 12, 2008, after the parties met and conferred on a proposed briefing schedule

7   pursuant to the Court's September 2, 2008 Order, plaintiffs sent defendants a proposed schedule that

8   allowed the parties to complete the mediation process before the parties filed their summary

9   judgment briefing.  Plaintiffs explained:

10          [P]laintiffs believe that the parties should focus their resources on providing Judge
            Phillips the necessary materials for the mediation before turning to the additional
11          summary judgment briefing.  Accordingly, I proposed a schedule that would allow
            the parties to engage in the mediation on October 13,2008, and if it's unsuccessful,
            have the required briefing on file within a week thereafter.

12
    *See* Ex. A.  Plaintiffs proposed a schedule that allows for filing of opening summary judgment
13
    briefing no later than October 20, 2008, with oppositions due on November 17, 2008, replies due on
14
    December 5, 2008, and a hearing on December 19, 2008.  *Id.*  Defendants rejected this proposal out
15
    of hand and insisted on their specific schedule that required overlapping mediation and summary
16
    judgment briefing.
17
            Defendants' unwillingness to compromise and their demand that full summary judgment
18
    briefing be filed before the mediation suggests that defendants do not intend to take a serious shot at
19
    resolving the case.  Defendants' explanation for their rigid insistence on their own uncompromising
20
    schedule is the notion that filing summary judgment papers prior to the mediation purportedly will
21
    "allow the parties to articulate their respective positions in light of the [September 2, 2008 Order]
22
    and help frame the issues for the mediator."  Defs' Motion at 2.  The parties are already required,
23
    however, to file a substantive 25-page mediation brief a week *before* the mediation that will set forth
24
    the same positions and arguments the parties intend to make at summary judgment.  The parties'
25

26

27

28

1   "respective positions" will already be "framed" by the mediation briefs irrespective of whether

2   summary judgment briefs are also on file.[2]

3          In any event, if defendants are genuinely concerned with the amount of time needed to file

4   reply briefs, plaintiffs were (and are) more than willing to agree to additional time to file reply briefs

5   and a short extension of the proposed summary judgment hearing to the first week of January 2009,

6   rather than in mid-December 2008.  Plaintiffs' alternative schedule would be as follows:

7          Deadline for filing opening briefs:              **October 20, 2008**
            Deadline for filing opposition briefs:           **November 17, 2008**
8          Deadline for filing reply briefs:                **December 12, 2008**
            Hearing (subject to Court approval):             **January 9, 2008**
9

10  *See* [Proposed] Order Denying Defendants' Motion for Administrative Relief Re: Briefing Schedule

11  and Page Limits and Granting Plaintiffs' Proposed Briefing Schedule and Page Limits ("[Proposed]

12  Order"), filed herewith.  If the mediation is unsuccessful, the parties would then file their summary

13  judgment and *Daubert* briefing one week after the mediation.  This schedule would not at all disrupt

14  the deadlines for the filings in connection with the Court's March 17, 2009 pretrial conference and

15  March 30, 2009 trial date.

16          **B.       Defendants' Demand that They Receive Twice as Many Pages for**
                       **Summary Judgment Briefing Is Unsupported and Unreasonable**
17

18          After meeting and conferring with defendants on September 11, 2008, plaintiffs proposed

19  that both parties be afforded 50 pages for their opening and opposition papers in connection with

20  summary judgment. Ex. A at 2.  Defendants summarily rejected this proposal and asserted that they

21  should be given twice as many pages: 50 for defendants and 25 for plaintiffs for opening briefing in

22  connection with the September 2, 2008 Order.  Defs' Motion at 3-4.  Limiting plaintiffs to 25 fewer

23  pages than defendants to address serious issues of document destruction and other legal issues raised

24  _____

25  [2]      Defendants' assertion that plaintiffs' proposed briefing schedule "ensures that none of the
    attorneys from either side will be able to take a Thanksgiving holiday" is ridiculous.  *Id*. at 2-3.
26  Under plaintiffs' schedule, the parties will have nearly three weeks to file replies.  Even if the parties
    subtract four full days for the Thanksgiving weekend, the parties still have more than *two full weeks*
27  to file reply briefs.  That is far more time than the Local Rules of this District typically allow for
    replies.  *See* Civ. L.R. 7-3(c).

28

1    by the Court has no support in fact or law – neither the Local Rules of this District nor the Federal

2    Rules of Civil Procedure provide for unilateral page restrictions.  Such an unfounded limitation and

3    advantage would essentially reward defendants for their own misconduct, which is the primary

4    reason that additional briefing is necessary in the first place.

5           Defendants argue that Judge Jenkins' July 15, 2007 and August 2, 2007 Orders discussing

6    page limitations for completely different briefs somehow bind and control this Court's decision-

7    making.  *Id.* at 1-2.  Those orders are entirely irrelevant to the current briefing.  To be sure, neither of

8    Judge Jenkins' orders addressed or even contemplated the significant and "willful" spoliation issues

9    raised in this Court's September 2, 2008 Order and the recent Ninth Circuit authority on the issue of

10   loss causation.  In fact, Judge Jenkins afforded each party a **separate** 50-page brief on the spoliation

11   issue alone, which demonstrates the gravity of issues and the space needed to properly address the

12   impact of defendants' failure to preserve evidence.  There is no rational reason (or legal authority) to

13   provide one party with a distinct strategic advantage in addressing the Court's September 2, 2008

14   Order.

15   **III.    CONCLUSION**

16          Based on the foregoing, defendants' motion should be denied, and plaintiffs' proposed

17   schedule and page limitations should be adopted.[3]  *See* [Proposed] Order filed herewith.

18   DATED:  September 18, 2008              Respectfully submitted,

19                                          COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
20                                          SHAWN A. WILLIAMS
                                            WILLOW E. RADCLIFFE
21                                          ELI R. GREENSTEIN
                                            DANIEL J. PFEFFERBAUM
22

23
                                                          /s/
24                                          ELI R. GREENSTEIN

25
     _____

26   [3]      In the alternative, plaintiffs are willing to simply abide by the page limitations set forth in
     Civil L.R. 7-4(b), which provide each party with equal page limits for motions and corresponding
27   oppositions and replies.

28

1

2
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545

3
415/288-4534 (fax)

4
COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
MARK SOLOMON

5
DOUGLAS R. BRITTON

6
655 West Broadway, Suite 1900
San Diego, CA  92101

7
Telephone:  619/231-1058
619/231-7423 (fax)

8
COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP

9
STACEY M. KAPLAN

10
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210

11
Telephone:  310/859-3100
310/278-2148 (fax)

12
Lead Counsel for Plaintiffs

13
T:\CasesSF\Oracle3\BRF00054200.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPP TO MTN FOR ADMIN RELIEF TO SET BRIEF'G SCHED FOR DISPOSITIVE
& *DAUBERT* MTNS & PG LIMITS FOR DISPOSITIVE MTNS - C-01-0988-SI          - 5 -

1

<u>CERTIFICATE OF SERVICE</u>

2    I hereby certify that on September 18, 2008, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4  addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5  mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6  participants indicated on the attached Manual Notice List.

7    I certify under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.  Executed on September 18, 2008.

9

                                                        /s/
10                                              ELI R. GREENSTEIN

11                                         COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP
12                                         100 Pine Street, 26th Floor
                                           San Francisco, CA  94111
13                                         Telephone:  415/288-4545
                                           415/288-4534 (fax)
14

15                                         E-mail: elig@csgrr.com

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 3:01-cv-00988-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jennie@libertylaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Joy Ann Bull**
  JOYB@csgrr.com

- **Dorian Estelle Daley**
  dorian.daley@oracle.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,svdocket@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,eeberline@morganlewis.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com,#sfdocket@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Dawn S. Pittman**
  dpittman@morganlewis.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,sholloway@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

- **Monique C. Winkler**
  shawnw@csgrr.com,travisd@csgrr.com,e_file_sd@csgrr.com,E_File_SF@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Sanna Rachel Singer
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111
```