# EXHIBIT 1

| | |
|---|---|
| 1 | |
| 2 | LATHAM & WATKINS LLP<br>  Peter A. Wald (SBN 85705) |
| 3 |   Michele F. Kyrouz (SBN 168004)<br>505 Montgomery Street, Suite 2000 |
| 4 | San Francisco, CA 94111-2562<br>Telephone: (415) 391-0600 |
| 5 | Facsimile: (415) 395-8095<br>E-mail: peter.wald@lw.com |
| 6 |        michele.kyrouz@lw.com |
| 7 | LATHAM & WATKINS LLP |
| 8 |   Jamie L. Wine (SBN 181373)<br>633 West Fifth Street, Suite 4000 |
| 9 | Los Angeles, CA 90071-2007 |
| 10 | Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763 |
| 11 | E-mail: jamie.wine@lw.com |
| 12 | LATHAM & WATKINS LLP<br>  Patrick E. Gibbs (SBN 183174) |
| 13 | 135 Commonwealth Drive<br>Menlo Park, CA 94025 |
| 14 | Telephone: (650) 328-4600 |
| 15 | Facsimile: (650) 463-2600<br>E-mail: patrick.gibbs@lw.com |
| 16 | |
| 17 | Attorneys for Defendants ORACLE CORPORATION, LAWRENCE<br>J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON |
| 18 | ORACLE CORPORATION |
| 19 |   Dorian E. Daley (SBN 129049)<br>  James C. Maroulis (SBN 208316) |
| 20 | 500 Oracle Parkway<br>Mailstop 5OP7 |
| 21 | Redwood Shores, California 94065<br>Telephone: (650) 506-5200 |
| 22 | Facsimile: (650) 506-7114<br>E-mail: jim.maroulis@oracle.com |
| 23 | Attorneys for Defendant ORACLE CORPORATION |
| 24 | |

REC'D FEB 28 2006

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION<br>SECURITIES LITIGATION | Master File No. C-01-0988-MJJ (JCS)<br>(Consolidated) |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

2

| | |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | CLASS ACTION<br><br>DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS |

**PROPOUNDING PARTY:** Plaintiffs

**RESPONDING PARTY:** Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson

**SET NUMBER:** Two

**TO PLAINTIFFS AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson (the "Defendants") respond to Plaintiffs' Second Set of Requests for Admissions (the "Requests") as follows:

## GENERAL OBJECTIONS

Defendants make the following General Objections, which, by this reference, are incorporated fully into each individual response below:

1. Defendants object to each Request to the extent that it seeks information protected from disclosure by any privilege or immunity, including the attorney-client privilege, the attorney work product doctrine, the laws relating to confidentiality of business records, or any other privilege, immunity, doctrine, or rule of confidentiality.

2. Defendants object to each Request to the extent that it is overly broad, vague or ambiguous, or would subject Defendants to oppression, harassment, undue burden or expense.

3. Defendants object to each Request to the extent that it seeks information that is not relevant to the subject matter involved in the pending litigation and that is not

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' RESPONSES AND OBJECTIONS TO
1   PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

3

reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to each Request to the extent it purports to require Defendants to obtain information from, or to respond on behalf of, persons or entities not currently within Defendants' employ or over whom Defendants have no control. Such Requests are unduly burdensome, and attempt to impose obligations on Defendants that exceed the permissible scope of discovery under the Discovery Plan and the Federal Rules of Civil Procedure.

5. Defendants object to each Request to the extent that it purports to impose an obligation on Defendants to make admissions relating to anything except statements or opinions of fact or of the application of law to fact.

6. In making these objections, Defendants do not in any way waive or intend to waive:

   a. any objections as to competency, relevancy, materiality and admissibility of any information that may be provided in response to the Requests, or the subject matter thereof;

   b. all rights to object on any ground to the use of any of the information that may be provided in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

   c. all rights to object on any ground to any request for further responses to this or any other discovery request.

7. Defendants object to each instruction, definition and Request to the extent it seeks to impose upon Defendants any obligations greater than those required by the Federal Rules of Civil Procedure.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 20:**

Admit that all documents that have been produced by Oracle in the above-captioned litigation pursuant to the March 10, 2005 Amended Order Setting a Discovery Plan

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

4

and Bates numbered with the prefix NDCA-ORCL are genuine and authentic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendants object that Plaintiffs have not established a proper foundation for each of the documents for which they seek an admission of genuineness and authenticity. Defendants further object to this Request on the ground that it is overly broad and complying with it would create an undue burden and expense for Defendants. Subject to and without waiving their objections, Defendants admit that the documents produced by Oracle Corporation are true and correct copies of documents in its files, but deny the remainder of this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that all electronic mail produced by Oracle in the above-captioned litigation pursuant to the March 10, 2005 Amended Order Setting a Discovery Plan, which identify current or former Oracle employees as a sender or recipient of the electronic mail, are genuine and authentic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendants object that Plaintiffs have not established a proper foundation for each of the documents for which they seek an admission of genuineness and authenticity. Defendants further object to this Request on the ground that it is overly broad and complying with it would create an undue burden and expense for Defendants. Subject to and without waiving their

\ \ \

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

5

1  objections, Defendants admit that the documents produced by Oracle Corporation are true and
2  correct copies of documents in its files, but deny the remainder of this Request.
3
4  Dated: February 21, 2006                             LATHAM & WATKINS LLP
                                                          Peter A. Wald
5                                                         Michele F. Kyrouz
                                                          Jamie L. Wine
6                                                         Patrick E. Gibbs
7
8                                                        By: /s/ Michele F. Kyrouz
9                                                         Michele F. Kyrouz
                                                          Attorneys for Defendants ORACLE
10                                                        CORPORATION, LAWRENCE J.
                                                          ELLISON, JEFFREY O. HENLEY,
11                                                        and EDWARD J. SANDERSON
12  SF\550461.1
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4   DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

6

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, Ca 94111.

On **February 21, 2006**, I served the following document described as:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS**

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach, Coughlin, Stoia, Geller, Rudman
  & Robbins LLP
401 B Street, Suite 1600
San Diego, California 92101-4297

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach, Couglin, Stoia, Geller, Rudman
  & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, California 94111-5238

### BY FACSIMILE

I am familiar with the office practice of Latham & Watkins LLP for collecting, processing, and transmitting facsimiles. Under that practice, when a facsimile is deposited with the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. I deposited the above-described document for facsimile transmission in accordance with the office practice of Latham & Watkins LLP for collecting and processing facsimiles. The facsimile of the above-described document was transmitted to the following parties from Los Angeles, California on February 15, 2006, at the times noted on the attached confirmation sheet:

William S. Lerach
Mark Solomon
Douglas Britton
Lerach, Coughlin, Stoia, Geller, Rudman
  & Robbins LLP
401 B Street, Suite 1600
San Diego, California 92101-4297
Fax No.: (619) 231-7423

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach, Couglin, Stoia, Geller, Rudman
  & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, California 94111-5238
Fax No.: (415) 288-4534

The facsimile number of the sending machine is (415) 395-8095. Said transmission was complete and without error. All parties on whom this facsimile transmission has been served have agreed in writing to such form of service pursuant to agreement.

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 21, 2006**, at Los Angeles, California.

_____
John M. Eastly

SF\550467.1

038128-0025

# EXHIBIT 2

| | |
|---|---|
| 1 | MAYER, BROWN, ROWE & MAW LLP |
| 2 | DONALD M. FALK (State Bar No. 150256)<br>LEE H. RUBIN (State Bar No. 141331) |
| 3 | SARAH WEINSTEIN (State Bar No. 197206)<br>2 Palo Alto Square, Suite 300; 3000 El Camino Real |
| 4 | Palo Alto, CA 94306-2112<br>Telephone:   (650) 331-2000 |
| 5 | Facsimile     (650) 331-2060 |
| 6 | MAYER, BROWN, ROWE & MAW LLP |
| 7 | ALAN N. SALPETER (admitted *pro hac vice*)<br>JAVIER H. RUBINSTEIN (admitted *pro hac vice*) |
| 8 | 190 South LaSalle Street<br>Chicago, Illinois 60603-3441 |
| 9 | Telephone:   (312) 782-0600<br>Facsimile:    (312) 701-7711 |
| 10 | |
| 11 | Attorneys for Individual Defendants<br>LAWRENCE J. ELLISON and |
| 12 | JEFFREY O. HENLEY |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN MATEO**

| | |
|---|---|
| SYED AKHTER, JOHN BOSCO, JOSEPH BOYLE, CARY COLLINS, Trustee of the Chadsey Educational Trust dated February 21, 1997, BARRY J. GAMBLE, MAX KATZ, ALAN PIERCE, derivatively on behalf of ORACLE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE J. ELLISON and JEFFREY O. HENLEY,<br><br>Defendants,<br><br>and ORACLE CORPORATION,<br><br>Nominal Defendant. | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4180<br><br>SUPERIOR COURT CASE NO. 417511<br><br>**STIPULATION ADMITTING AUTHENTICITY OF CERTAIN DOCUMENTS RELIED UPON IN SUPPORT OF AND IN OPPOSITION TO SUMMARY JUDGMENT**<br><br>The Honorable John G. Schwartz, Coordination Trial Judge<br><br>Trial date: September 1, 2005 |

STIPULATION AND [PROPOSED] ORDER SETTING BRIEFING SCHEDULE

ORCL-DER 008151

1  The parties, through their counsel, stipulate as follows:

2  WHEREAS, Lawrence J. Ellison ("Ellison") intends to file a Motion for Summary
3  Judgment ("Motion") on June 9, 2005;

4  WHEREAS, the parties intend to rely on documents produced during the litigation by
5  Ellison and other former defendants ("Individual Defendants"), Oracle Corporation ("Oracle"),
6  the Special Litigation Committee ("SLC"), and Simpson, Thacher & Bartlett ("ST & B"), counsel
7  for the SLC, in support of and in opposition to the Motion;

8  WHEREAS, the parties intend to rely on transcripts of depositions taken in this matter and
9  in the related Delaware derivative action in support of and in opposition to the Motion;

10  IT IS HEREBY STIPULATED, by and between the parties, that for purposes of this
11  Motion and pursuant to Evid. Code §1414, the parties admit the authenticity of documents
12  produced during the litigation by Individual Defendants, Oracle Corporation, the SLC and
13  ST & B that are relied upon in support of or in opposition to the Motion, and further agree that
14  copies may be introduced instead of the original documents.

15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

1

1     IT IS HEREBY FURTHER STIPULATED, by and between the parties, that for the
2 purposes of this Motion and pursuant to Evid. Code §1414, the parties admit the authenticity of
3 the transcripts of depositions taken in this matter and in *Barone v. Oracle Corp.*, Delaware
4 Chancery Court C.A. No. 18751, and further agree that copies may be introduced instead of the
5 original transcripts.

6
7 Dated: June 9, 2005                         COREY, LUZAICH, PLISKA, DE
                                               GHETALDI & NASTARI LLP

8
9                                         By: *[signature]*
10                                               Dario de Ghetaldi

11                                    Attorneys for Plaintiffs

12
13 Dated: June 9, 2005                         MAYER, BROWN, ROWE & MAW LLP

14
15                                          By: *[signature]*
                                              Lee H. Rubin

16                                  Attorneys for Individual Defendants
17                                  LAWRENCE J. ELLISON and JEFFREY O. HENLEY

18
...
28                                  2

ORCL-DER 008153

# EXHIBIT 3

Rathjens, Thomas
HIGHLY CONFIDENTIAL
6/30/2006

```
 1                  UNITED STATES DISTRICT COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3                            -oOo-
 4   IN RE
 5   ORACLE CORPORATION                              ORIGINAL
     SECURITIES LITIGATION
 6                                       MASTER FILE NO.
                                         C-01-0988-MJJ
 7
     This Document Relates To:
 8
         ALL ACTIONS
 9
                                        /
10
11
12
                              -oOo-
13
                      HIGHLY CONFIDENTIAL
14
         VIDEOTAPED DEPOSITION OF THOMAS RATHJENS

                        JUNE 30, 2006

                            -oOo-

                 SHEILA CHASE & ASSOCIATES
                       REPORTING FOR:
                    LiveNote World Service
               221 Main Street, Suite 1250
                  San Francisco, CA 94105
               Telephone: (415) 321-2300
                    Fax: (415) 321-2301

                            -oOo-


     [Report]ed by:
     [     ]A. ZOLLARS, CSR, RPR, CRR
     [Li]cense No. 5735
```

800.548.3668 Ext. 1

Rathjens, Thomas
**HIGHLY CONFIDENTIAL**
6/30/2006

1    MR. HARRISON:  Same objection.  Misstates prior
2  testimony.
3    THE WITNESS:  I think there was more discussions
4  around clarifying what we had purchased in a time frame
5  that was six months to a year to a year and a half after
6  the initial November 30th purchase.  I don't recall there
7  being any immediate clarifications, you know, right off the
8  bat, if you will.
9    MS. ANDERSON:  Okay.
10   I'd like to mark this next exhibit as Rathjens 8
11 I believe we're up to.
12   (Exhibit No. 8 was marked for identification.)
13   MR. HARRISON:  Same objections with regard to
14 Rathjens 8 regarding scope and any questions related
15 thereto.  And motion to strike testimony that's outside of
16 the scope of the discovery order in this case..
17   BY MS. ANDERSON:
18   Q.  Mr. Rathjens, let me know once you've had a chance
19 to look at Rathjens 8.
20   A.  Okay.
21   Q.  For the record, this has been Bates stamped
22 HP 00019 through HP 00023.
23   A.  Okay.
24   Q.  Okay.  Have you seen this document before?
25   A.  I don't recall if I had seen it before.

Rathjens, Thomas
**HIGHLY CONFIDENTIAL**
6/30/2006

```
1      Q.   Okay.  If you look at the first page of the
2   exhibit, it appears that you're cc'd on this e-mail that
3   has the -- an attachment titled Oracle CRM Purchase
4   Summary..
5      A.   At the very top?
6      Q.   Uh-huh.
7      A.   Yes.
8      Q.   Okay.  What is this document?
9      A.   It appears to be a summary of -- to Sean Hickey of
10  where we were at with deploying the Oracle software.  And
11  what we had purchased.
12     Q.   And why was this -- what was the purpose of this
13  e-mail?
14     MR. HARRISON:  Objection.  Lacks foundation.  Calls
15  for speculation.
16     THE WITNESS:  I believe one -- one purpose was to see
17  if we should write off a -- some of the software, as
18  opposed to depreciating it over a three-year period.
19     BY MS. ANDERSON:
20     Q.   What do you mean by write off?
21     A.   I'm not an accounting expert, but I believe that
22  you have the ability to write off an expense rather than
23  depreciate it over the typical three-year period, which is
24  done with -- to my understanding with software.  You
25  depreciate it over three years.
```

LiveNote World Service          800.548.3668 Ext. 1

Rathjens, Thomas 6/30/2006
**HIGHLY CONFIDENTIAL**

1    (Exhibit No. 9 was marked for identification.)
2         For the record, this is a document that's been
3  stamped HP 00008 to HP 00012. And at this time I'd also
4  like to memorialize on the record that HP, through its
5  counsel, has indicated that -- has agreed to authenticate
6  all the documents produced in this case.
7         MS. DONOVAN: That's correct. So we'll do that
8  subsequent to the deposition. Via some sort of writing.
9         MS. ANDERSON: Correct.
10        THE WITNESS: 3i versus 11i?
11        MS. DONOVAN: So everything we say needs to go on the
12 record so...
13        THE WITNESS: Hmmm.
14        (Sotto voce discussion between Ms. Anderson and
15 Mr. Mautner.)
16        THE WITNESS: Okay.
17        BY MS. ANDERSON:
18   Q.   Okay. Now, have you seen this document before?
19   A.   Yes.
20   Q.   Okay. And first of all, what is this document?
21   A.   I believe it's a document that HP used internally
22 to prepare for negotiating something with Oracle.
23   Q.   And what was the purpose of that negotiation?
24        MR. HARRISON: Objection. Lack of foundation.
25        THE WITNESS: One purpose was to reduce our ongoing

```
 1  STATE OF CALIFORNIA )
 2  COUNTY OF SAN MATEO )
 3          I hereby certify that the witness in the foregoing
 4  deposition, THOMAS RATHJENS, was by me duly sworn to
 5  testify to the truth, the whole truth, and nothing but the
 6  truth, in the within-entitled cause; that said deposition
 7  was taken at the time and place herein named; that the
 8  deposition is a true record of the witness's testimony as
 9  reported by me, a duly certified shorthand reporter and a
10  disinterested person, and was thereafter transcribed into
11  typewriting by computer.
12          I further certify that I am not interested in the
13  outcome of the said action, nor connected with, nor related
14  to any of the parties in said action, nor to their
15  respective counsel.
16          IN WITNESS WHEREOF, I have hereunto set my hand
17  this 3rd day of July, 2006.
18
19
20          _____
21                  KELLIE A. ZOLLARS, CSR
22                    STATE OF CALIFORNIA
23
24
25
```