# EXHIBIT 424

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                 NORTHERN DISTRICT OF CALIFORNIA
 3                     SAN FRANCISCO DIVISION
 4
 5   In re ORACLE CORPORATION                    CERTIFIED COPY
 6   SECURITIES LITIGATION.
 7                              Master File No. C-01-0988-MJJ
 8   This Document Relates To:
 9
10      ALL ACTIONS.
11   _____/
12
13                          ---oOo---
14                        CONFIDENTIAL
15              DEPOSITION OF LAWRENCE ELLISON
16                           VOLUME I
17                  THURSDAY, JULY 13, 2006
18                          ---oOo---
19
20              SHEILA CHASE & ASSOCIATES
                    REPORTING FOR:
21               LiveNote World Service
              221 Main Street, Suite 1250
22           San Francisco, California 94105
                 Phone:  (415) 321-2311
23               Fax:    (415) 321-2301
24   Reported by:
     DIANA NOBRIGA, CSR, CRR
25   LICENSE NO. 7071
```

Ellison, Lawrence Vol. I (Confidential)   7/13/2006   9:33:00 AM

1      MR. SOLOMON:  Q.  Would that be rough?

2      A.  I guess some people might find that rough.

3      MR. LINDSTROM:  You've answered the question.

4      MR. SOLOMON:  Q.  If you go on to the second

5   page, you will see it says, "Reminder message:

6   Everyone, the following conference call has been

7   scheduled for Friday, December 15th, GE Oracle monthly

8   call," and a list of people headed by you.

9      Do you see that?

10     A.  I do.

11     Q.  Did you participate in that call as scheduled?

12     A.  I did.

13     Q.  Do you recall it being rough?

14     A.  I wouldn't characterize it as rough.  We go

15  through a list of issues and we attach resources to get

16  issues fixed.  And the issues are normally on the GE

17  side and on the Oracle side.  And we fix our problems,

18  and, again, we delivered it on time, successfully, to

19  GE.

20     Q.  And do you know who, on the first page, do you

21  know who Kevin is who was talking about the rough call?

22     A.  He is one of our engineering managers.

23     Q.  Okay.

24     A.  I'd like to recharacterize what I just said.

25  I said we delivered on time successfully.  I'm not sure

Ellison, Lawrence Vol. I (Confidential)   7/13/2006  9:33:00 AM

1   we delivered every single component on time, that would

2   be an exaggeration. But we were in the end successful.

3          MR. LINDSTROM: While counsel is selecting the

4   next exhibit, we've been going about an hour and a half,

5   and if you need a break at any time, let us know.

6          MR. SOLOMON: That might be a signal.

7          MR. LINDSTROM: It is not a signal from me. I

8   just wanted to make sure you understand that you have

9   that option.

10         MR. SOLOMON: Let me tell you something that

11  your counsel is going to tell you when you take a break.

12  Counsel is going to tell you you weren't selling

13  throughout the month of January.

14         THE WITNESS: Say again.

15         MR. SOLOMON: Q. Your counsel will tell you

16  when you take your break that you were not selling your

17  stock throughout the month of January. You testified to

18  that when you first moved in -- when you first arrived

19  here today. That, in fact, is wrong.

20         Do you want to reflect on that?

21         MR. LINDSTROM: Let me first interpose an

22  objection. You have no idea what I'm going to talk to

23  him about, if anything.

24         If you want to pose a question to him, do so.

25  Do not lecture him about what you believe the evidence

Ellison, Lawrence Vol. I (Confidential)   7/13/2006   9:33:00 AM

1    to be.

2          He's giving you the best of his testimony

3    according to his recollection today.  If you have

4    documents that suggest otherwise, show them to him.

5          MR. SOLOMON:  Fine.

6          I'm giving you a chance here to try and test

7    your memory a little bit better.

8          MR. LINDSTROM:  Pose the question.

9          MR. SOLOMON:  Q.  Is it still your testimony

10   that you sold your stock throughout the month of January

11   2001?

12       A.  I believe so.  That's my recollection.

13         MR. SOLOMON:  Have marked as the next exhibit

14   a document with the Bates range 035243 to 35264.

15              (Exhibit 15 marked for

16               identification.)

17         MR. SOLOMON:  Q.  And if you could take a look

18   at it and tell me if you've seen it before.

19         MR. LINDSTROM:  Again, counsel, this document

20   is many, many pages.  I assume you're talking about the

21   entire collection as it's been placed before him?

22         MR. SOLOMON:  Correct.

23         THE WITNESS:  Okay.

24         MR. SOLOMON:  Q.  Have you seen it before?

25       A.  I don't believe so.  Even though there was a

Ellison, Lawrence Vol. I (Confidential)  7/13/2006  9:33:00 AM

1   letter written to me at the end, I don't recall seeing

2   it.

3        Q.  You see the letter at the end is from a

4   William Grebe?

5        A.  Yes.

6        Q.  Is that name familiar to you?

7        A.  No.

8        Q.  Letter aside, if you look at the letter, are

9   you -- do you have a recollection of the issues

10  reflected in the letter?

11       A.  Not really.  Only in the general sense.

12       Q.  Okay.  On the first page, I'm looking at the

13  message from Renee Knee.  Do you know who that is?

14       A.  Renee Knee, yes.

15       Q.  Who is she?

16       A.  I believe she ran our partner programs, our

17  independent software vendor reseller programs.

18       Q.  It is Ron Wohl, Donald Klaiss, and copies to

19  Ian Thacker, Safra Catz, Mike Rocha.

20       A.  Rocha.

21       Q.  And starts off saying, "Ron Don and Drew, I

22  cannot answer these questions for this partner and as

23  you can see it is a very poor reflection on the partner

24  program and Oracle overall, but we're not able to

25  address the quality issues we are facing with 11i OM

```
 1                CERTIFICATE OF DEPOSITION OFFICER
 2           I, DIANA NOBRIGA, hereby certify that the
 3   witness in the foregoing deposition was by me duly sworn
 4   to testify to the truth, the whole truth, and nothing
 5   but the truth in the within-entitled cause; that said
 6   deposition was taken at the time and place therein
 7   stated; that the testimony of said witness was reported
 8   by me, a Certified Shorthand Reporter and disinterested
 9   person, and was thereafter transcribed into typewriting,
10   and that the pertinent provisions of the applicable code
11   or rules of civil procedure relating to the notification
12   of the witness and counsel for the parties hereto of the
13   availability of the original transcript of the
14   deposition for reading, correcting and signing have been
15   met.
16           I further certify that I am not of counsel or
17   attorney for either or any of the parties to said
18   deposition, nor in any way interested in the outcome of
19   the cause named in said action.
20           In WITNESS WHEREOF, I have hereunto
21   subscribed by my hand this 19th day of July 2006.
22
23
24
25                         DIANA NOBRIGA, CSR NO. 7071
```