# EXHIBIT 3

LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
  Michele F. Kyrouz (SBN 168004)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com
         michele.kyrouz@lw.com

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail: jamie.wine@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
135 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

REC'D FEB 2 8 2006

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ (JCS) (Consolidated) |
|---|---|

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

2

|  | CLASS ACTION |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS |

**PROPOUNDING PARTY:** Plaintiffs

**RESPONDING PARTY:** Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson

**SET NUMBER:** Two

**TO PLAINTIFFS AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson (the "Defendants") respond to Plaintiffs' Second Set of Requests for Admissions (the "Requests") as follows:

## GENERAL OBJECTIONS

Defendants make the following General Objections, which, by this reference, are incorporated fully into each individual response below:

1. Defendants object to each Request to the extent that it seeks information protected from disclosure by any privilege or immunity, including the attorney-client privilege, the attorney work product doctrine, the laws relating to confidentiality of business records, or any other privilege, immunity, doctrine, or rule of confidentiality.

2. Defendants object to each Request to the extent that it is overly broad, vague or ambiguous, or would subject Defendants to oppression, harassment, undue burden or expense.

3. Defendants object to each Request to the extent that it seeks information that is not relevant to the subject matter involved in the pending litigation and that is not

reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to each Request to the extent it purports to require Defendants to obtain information from, or to respond on behalf of, persons or entities not currently within Defendants' employ or over whom Defendants have no control. Such Requests are unduly burdensome, and attempt to impose obligations on Defendants that exceed the permissible scope of discovery under the Discovery Plan and the Federal Rules of Civil Procedure.

5. Defendants object to each Request to the extent that it purports to impose an obligation on Defendants to make admissions relating to anything except statements or opinions of fact or of the application of law to fact.

6. In making these objections, Defendants do not in any way waive or intend to waive:

    a. any objections as to competency, relevancy, materiality and admissibility of any information that may be provided in response to the Requests, or the subject matter thereof;

    b. all rights to object on any ground to the use of any of the information that may be provided in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

    c. all rights to object on any ground to any request for further responses to this or any other discovery request.

7. Defendants object to each instruction, definition and Request to the extent it seeks to impose upon Defendants any obligations greater than those required by the Federal Rules of Civil Procedure.

### RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 20:**

Admit that all documents that have been produced by Oracle in the above-captioned litigation pursuant to the March 10, 2005 Amended Order Setting a Discovery Plan

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

4

1 and Bates numbered with the prefix NDCA-ORCL are genuine and authentic.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

3 Defendants object that Plaintiffs have not established a proper foundation for each of the documents for which they seek an admission of genuineness and authenticity. Defendants further object to this Request on the ground that it is overly broad and complying with it would create an undue burden and expense for Defendants. Subject to and without waiving their objections, Defendants admit that the documents produced by Oracle Corporation are true and correct copies of documents in its files, but deny the remainder of this Request.

9 **REQUEST FOR ADMISSION NO. 21:**

10 Admit that all electronic mail produced by Oracle in the above-captioned litigation pursuant to the March 10, 2005 Amended Order Setting a Discovery Plan, which identify current or former Oracle employees as a sender or recipient of the electronic mail, are genuine and authentic.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

15 Defendants object that Plaintiffs have not established a proper foundation for each of the documents for which they seek an admission of genuineness and authenticity. Defendants further object to this Request on the ground that it is overly broad and complying with it would create an undue burden and expense for Defendants. Subject to and without waiving their

19 \ \ \

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3    DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

5

| | |
|---|---|
| 1 | objections, Defendants admit that the documents produced by Oracle Corporation are true and |
| 2 | correct copies of documents in its files, but deny the remainder of this Request. |
| 3 | |
| 4 | Dated: February 21, 2006 |

LATHAM & WATKINS LLP
   Peter A. Wald
   Michele F. Kyrouz
   Jamie L. Wine
   Patrick E. Gibbs

By: *[signature]*
Michele F. Kyrouz
Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

SF\550461.1

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS
Case No. C-01-0988-MJJ

6

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, Ca 94111.

On **February 21, 2006**, I served the following document described as:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS**

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

| | |
|---|---|
| William S. Lerach | Sanford Svetcov |
| Mark Solomon | Shawn A. Williams |
| Douglas R. Britton | Willow E. Radcliffe |
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | Lerach, Couglin, Stoia, Geller, Rudman & Robbins LLP |
| 401 B Street, Suite 1600 | 100 Pine Street, Suite 2600 |
| San Diego, California 92101-4297 | San Francisco, California 94111-5238 |

### BY FACSIMILE

I am familiar with the office practice of Latham & Watkins LLP for collecting, processing, and transmitting facsimiles. Under that practice, when a facsimile is deposited with the Latham & Watkins LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. I deposited the above-described document for facsimile transmission in accordance with the office practice of Latham & Watkins LLP for collecting and processing facsimiles. The facsimile of the above-described document was transmitted to the following parties from Los Angeles, California on February 15, 2006, at the times noted on the attached confirmation sheet:

| | |
|---|---|
| William S. Lerach | Sanford Svetcov |
| Mark Solomon | Shawn A. Williams |
| Douglas Britton | Willow E. Radcliffe |
| Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP | Lerach, Couglin, Stoia, Geller, Rudman & Robbins LLP |
| 401 B Street, Suite 1600 | 100 Pine Street, Suite 2600 |
| San Diego, California 92101-4297 | San Francisco, California 94111-5238 |
| Fax No.: (619) 231-7423 | Fax No.: (415) 288-4534 |

The facsimile number of the sending machine is (415) 395-8095. Said transmission was complete and without error. All parties on whom this facsimile transmission has been served have agreed in writing to such form of service pursuant to agreement.

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 21, 2006**, at Los Angeles, California.

_____
John M. Eastly

SF\550467.1                                                                                          038128-0025