# EXHIBIT 435

12-15-04

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
WILLIAM S. LERACH (68581)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
– and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
JENNIE LEE ANDERSON (203586)
MONIQUE C. WINKLER (213031)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

RECEIVED
DEC 18 2004
ALAN N. SALPETER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | Master File No. C-01-0988-MJJ |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTIES |

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that pursuant to Rules 26, 34(c) and 45 of the Federal Rules of Civil Procedure, subpoenas will be served upon the following third parties commanding the production of the papers and documents set forth in the Schedule A attached hereto.

| PRODUCING PARTY | DATE/TIME | LOCATION |
|---|---|---|
| ADT Security Services, Inc.<br>c/o CT Corporation System<br>1200 South Pine Island Rd.<br>Plantation, FL 33324 | January 17, 2005<br>10:00 a.m. | 1200 South Pine Island Rd.<br>Plantation, FL 33324 |
| Agilent<br>c/o CT Corporation System<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 17, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| Agilysys, Inc.<br>c/o CT Corporation System<br>1300 E. 9th Street<br>Cleveland, OH 44114 | January 17, 2005<br>10:00 a.m. | 1300 E. 9th Street<br>Cleveland, OH 44114 |
| Airborne Express<br>c/o CT Corporation System<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 17, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| Alcoa, Inc.<br>201 Isabella Street<br>Pittsburgh, PA 15212-5858 | January 17, 2005<br>10:00 a.m. | 201 Isabella Street<br>Pittsburgh, PA 15212-5858 |
| Allfirst Financial Inc.<br>25 South Charles St.<br>Baltimore, MD 21201 | January 17, 2005<br>10:00 a.m. | 25 South Charles St.<br>Baltimore, MD 21201 |
| Applied Materials, Inc.<br>c/o Barry Sang Quan<br>3050 Bowers Ave. M/S #2062<br>Santa Clara, CA 95054 | January 17, 2005<br>10:00 a.m. | 3050 Bowers Ave. M/S #2062<br>Santa Clara, CA 95054 |
| Avnet Computer, Inc.<br>c/o CT Corporation System<br>225 North Central Avenue<br>Phoenix, AZ 85012 | January 17, 2005<br>10:00 a.m. | 225 North Central Avenue<br>Phoenix, AZ 85012 |

| | | |
|---|---|---|
| CareCentric National LLC<br>2625 Cumberland Pkwy, Ste. 310<br>Atlanta, GA 30339 | January 17, 2005<br>10:00 a.m. | 2625 Cumberland Pkwy, Ste. 310<br>Atlanta, GA 30339 |
| Ciena Corporation<br>c/o Karen J. Smith<br>534 Miramonte Dr.<br>Santa Barbara, CA 93109 | January 17, 2005<br>10:00 a.m. | 534 Miramonte Dr.<br>Santa Barbara, CA 93109 |
| Citigroup, Inc.<br>c/o CT Corporation<br>111 Eighth Ave.<br>New York, NY 10011 | January 17, 2005<br>10:00 a.m. | 111 Eighth Ave.<br>New York, NY 10011 |
| Columbia University<br>2960 Broadway<br>New York, NY 10027 | January 17, 2005<br>10:00 a.m. | 2960 Broadway<br>New York, NY 10027 |
| Credit Suisse First Boston Corporation<br>c/o CSC Lawyers Incorporating Service<br>2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 | January 17, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 |
| DeVry, Inc.<br>c/o CT Corporation<br>208 South La Salle St., Ste. 814<br>Chicago, IL 60604 | January 17, 2005<br>10:00 a.m. | 208 South La Salle St., Ste. 814<br>Chicago, IL 60604 |
| Diners Cub International Ltd.<br>c/o CT Corporation<br>111 Eighth Avenue<br>New York, NY 10011 | January 17, 2005<br>10:00 a.m. | 111 Eighth Avenue<br>New York, NY 10011 |
| Empirix, Inc.<br>20 Crosby Dr.<br>Bedford, MA 01730 | January 17, 2005<br>10:00 a.m. | 20 Crosby Dr.<br>Bedford, MA 01730 |
| Federal Deposit Insurance Corp.<br>550 17th Street NW<br>Washington, D.C. 20429 | January 17, 2005<br>10:00 a.m. | 550 17th Street NW<br>Washington, D.C. 20429 |

| | | |
|---|---|---|
| GE Aircraft Engines Receivables Corp.<br>c/o CT Corporation<br>1300 E. 9th Street<br>Cleveland, OH 44114 | January 17, 2005<br>10:00 a.m. | 1300 E. 9th Street<br>Cleveland, OH 44114 |
| General Electric Capital Corporation<br>c/o CT Corporation<br>818 W. Seventh St.<br>Los Angeles, CA 90017 | January 17, 2005<br>10:00 a.m. | 818 W. Seventh St.<br>Los Angeles, CA 90017 |
| Hartford Life, Inc.<br>c/o CT Corporation System<br>One Commercial Plaza<br>Hartford, CT 06105 | January 17, 2005<br>10:00 a.m. | One Commercial Plaza<br>Hartford, CT 06105 |
| Hartford Technology Services Co., LLC<br>c/o CT Corporation<br>One Commercial Plaza<br>Hartford, CT 06105 | January 17, 2005<br>10:00 a.m. | One Commercial Plaza<br>Hartford, CT 06105 |
| Howard University<br>(Resource and Finance)<br>2400 Sixth Street N.W.<br>Washington, D.C. 20059 | January 17, 2005<br>10:00 a.m. | 2400 Sixth Street N.W.<br>Washington, D.C. 20059 |
| Infonet Services Corporation<br>c/o James DeMin<br>2160 E. Grand Ave.<br>El Segundo, CA 90245 | January 17, 2005<br>10:00 a.m. | 2160 E. Grane Ave.<br>El Segundo, CA 90245 |
| Ingersoll-Rand<br>c/o CT Corporation<br>818 W. Seventh Street<br>Los Angeles, CA 90017 | January 17, 2005<br>10:00 a.m. | 818 W. Seventh Street<br>Los Angeles, CA 90017 |
| Lehman Brothers, Inc.<br>c/o CSC-Lawyers Incorporating Service<br>2730 Gateway Oaks Dr., Suite 100<br>Sacramento, CA 95833 | January 17, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Suite 100<br>Sacramento, CA 95833 |

| | | |
|---|---|---|
| Logicon, Inc.<br>c/o CT Corporation System<br>225 Hillsborough St.<br>Raleigh, NC 27603 | January 17, 2005<br>10:00 a.m. | 225 Hillsborough St.<br>Raleigh, NC 27603 |
| Lucent Technologies<br>600 Mountain Ave.<br>Murray Hill, NJ 07974-0636 | January 17, 2005<br>10:00 a.m. | 600 Mountain Ave.<br>Murray Hill, NJ 07974-0636 |
| Merrill Lynch & Co., Inc.<br>c/o CT Corporation System<br>111 Eighth Avenue<br>New York, NY 10011 | January 17, 2005<br>10:00 a.m. | 111 Eighth Avenue<br>New York, NY 10011 |
| Mississippi Department of Information Technology Services<br>301 N. Lamar St., Ste. 508<br>Jackson, Mississippi 39201 | January 17, 2005<br>10:00 a.m. | 301 N. Lamar St., Ste. 508<br>Jackson, Mississippi 39201 |
| Morgan Stanley Dean Witter & Co.<br>c/o The Corporation Trust Co.<br>1209 Orange St.<br>Wilmington, DE 19801 | January 17, 2005<br>10:00 a.m. | 1209 Orange St.<br>Wilmington, DE 19801 |
| Profit Recovery Group – Schultz, Inc.<br>c/o CSC Lawyers Incorporating Service<br>2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 | January 17, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 |
| State of Maine Bureau of Motor Vehicles<br>29 State House Station<br>Augusta, ME 04333-0029 | January 17, 2005<br>10:00 a.m. | 29 State House Station<br>Augusta, ME 04333-0029 |
| Southwest Missouri State University<br>901 South National Avenue<br>Springfield, MO 65804 | January 17, 2005<br>10:00 a.m. | 901 South National Avenue<br>Springfield, MO 65804 |
| Wall Street Rarities, Inc.<br>c/o Bryan Cave LLP<br>Attn: Stephan J. Mallenbaum, Esq.<br>245 Park Ave.<br>New York, NY 10167-0034 | January 17, 2005<br>10:00 a.m. | 245 Park Ave.<br>New York, NY 10167-0034 |

| | | |
|---|---|---|
| Westinghouse Savannah River Co. LLC<br>c/o CSC Lawyers Incorporating Service<br>5000 Thurmond Mall Blvd.<br>Columbia, SC 29201 | January 17, 2005<br>10:00 a.m. | 5000 Thurmond Mall Blvd.<br>Columbia, SC 29201 |

Said productions will take place on January 17, 2005, at 10:00 a.m. at the above-listed addresses, or other such locations as are mutually acceptable to the respective third parties and plaintiffs' counsel.

These productions are pursuant to subpoenas *duces tecum* issued by plaintiffs' counsel on behalf of the United States District Court, requesting "documents only" productions. No testimony is required by the subpoenas, and no one need appear for the third parties or for any of the parties in this action at this time.

PLEASE TAKE FURTHER NOTICE that the above-listed third parties may be held in contempt of Court pursuant to Fed. R. Civ. P. 45(e) if the parties fail without adequate excuse to obey the subpoenas served upon them, and that they have certain legal rights in response to plaintiffs' subpoenas served upon them as provided in Fed. R. Civ. P. 45(c) and (d). These rights are reproduced in full on page two of the subpoenas served upon the third parties.

DATED: December 15, 2004

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
JENNIE LEE ANDERSON
MONIQUE C. WINKLER

ELI R. GREENSTEIN

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
MARK SOLOMON
DOUGLAS R. BRITTON
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Oracle3\NOT00016555.doc

# SCHEDULE A

## I. DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1. "You" or "your" refers to the responding party and any of its predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants and all other persons acting or purporting to act on its behalf.

2. "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Federal Rules of Civil Procedure.

3. "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys, accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

4. "Ellison" refers to defendant Lawrence J. Ellison and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

5. "Henley" refers to defendant Jeffrey O. Henley and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

6. "Sanderson" refers to defendant Edward J. Sanderson and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

7. "Individual Defendants" refers to Ellison, Henley and Sanderson, and their agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on their behalf.

8. "Defendants" refers to Oracle and the Individual Defendants.

9. "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement.

10. "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

11. "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

12. "Refer" or "relate" or "referring" or "relating" means all documents which explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of, the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

13. "Meeting" refers to the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, occurred in connection with some other activity, or was by telephone or teleconferencing.

14. "Your employee" refers to any person who at any time acted or purported to act on your behalf or under your supervision, direction or control, including, without limitation, past and current directors, officers, principals, partners, executives, analysts, investment bankers, consultants, advisors, representatives, attorneys, agents, trustees, independent contractors, assigns, business, or similar persons or entities.

15. "Identify," when used to refer to a natural person, shall mean to set forth that person's: (a) full name and title, if any; (b) present or last known address; (c) present or last known business and home telephone number(s); and (d) present or last known employer.

16. "Entity" or "entities" has the same meaning as person.

17. "CRM" refers to Oracle's Customer Relationship Management software products and services.

18. "11i" refers to Oracle's 11i Suite of software products and services, including all of its individual modules such as CRM.

19. "Oracle products" refers to all of Oracle's database and applications software products and services, including, but not limited to, 11i and its individual modules such as CRM.

20. "Contract" or "Agreement" includes both written and verbal agreements.

21. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

22. The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

23. "Including" shall be construed to mean "without limitation."

## II. INSTRUCTIONS

1. All documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

2. In responding to these requests, you shall produce all responsive documents (including those stored electronically), which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by plaintiffs original documents including those stored electronically as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-

identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4. To the extent that there are documents containing information relevant to these requests that are currently in electronic format, the documents are to be produced in their native format (*e.g.*, Word, Excel, or Word Perfect).

5. If production of documents is withheld on the ground of privilege, as to each such withheld document state the following information:

(a) which privilege is claimed;

(b) who is asserting the privilege;

(c) a precise statement of the facts upon which said claim of privilege is based; and

(d) the following information describing each purportedly privileged document:

(i) a brief description sufficient to identify its nature, i.e., agreement, letter, memorandum, type, etc.;

(ii) a brief description sufficient to identify its subject matter and purpose of the document;

(iii) the subject matter and purpose of document;

(iv) the date it was prepared;

(v) the date it bears;

(vi) the date it was sent;

(vii) the date it was received;

(viii) the identity of the person preparing it;

(ix) the identity of the person sending it;

(x) the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(xi) a statement as to whom each identified person represented or purported to represent at all relevant times;

(xii) all persons to whom its contents have been disclosed; and

(xiii) a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

6. If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7. You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

8. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

9. If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

(a) whether the document is missing or lost;

(b) whether it has been destroyed;

(c) whether the document has been transferred or delivered to another person and, if so, at whose request;

(d) whether the document has been otherwise disposed of; and

(e) a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

10. With respect to any category of documents, the production of which you contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III. RELEVANT TIME PERIOD

All requests herein refer to the period from January 1, 2000 through June 18, 2003 (the "relevant time period"), unless otherwise specifically indicated, and shall include all documents and

information that relate to such period, even though prepared or published outside of the relevant time period.

## IV. DOCUMENTS REQUESTED

REQUEST NO. 1:

All documents and communications concerning Oracle's products, licenses or services, including, but not limited to, proposed or actual contracts or agreements between you and Oracle.

REQUEST NO. 2:

All documents and communications concerning any discussions or meetings between you and Oracle or any Individual Defendant relating to Oracle contracts, agreements or any of Oracle's products, licenses or services.

REQUEST NO. 3:

All documents and communications concerning your projections or forecasts for purchases or sales of any of Oracle's products, licenses or services.

REQUEST NO. 4:

All documents and communications concerning your actual purchases or orders for Oracle's products, licenses or services, including, but not limited to, purchase orders, invoices, payment terms, rebates, sales promotions, fees, discounts, credits, barter transactions, check requests and check or cash disbursements.

REQUEST NO. 5:

All documents and communications concerning your actual or attempted installation, integration or implementation of Oracle's products, licenses or services, including, but not limited to, technical support issues, product failures, delays, and issues regarding consulting fees or payments.

REQUEST NO. 6:

All documents and communications concerning any sales presentation, promotion or product demonstration made to you by Oracle for Oracle's products, licenses or services, including, but not limited to, any discussions, promises or guarantees made to you regarding the functionality or performance of Oracle's products.

REQUEST NO. 7:

All documents and communications concerning your right to return, exchange, defer payment, or cancel any purchase or order of Oracle's products, licenses or services, including, but not limited to, your actual or contemplated decision to exercise those rights.

REQUEST NO. 8:

All documents and communications concerning the functionality of Oracle's products and services and compatibility with the hardware, software and information technology systems used by or considered for use by your company.

REQUEST NO. 9:

All documents and communications concerning any technical defects, problems, bugs, patches, or technical difficulties related to any of Oracle's products, licenses or services, including any complaints you had or raised with Oracle.

REQUEST NO. 10:

All documents and communications concerning any attempt to fix or remedy any technical defects, difficulties, problems, bugs, or patches related to any of Oracle's products, licenses or services.

REQUEST NO. 11:

All documents and communications concerning any actual, potential or threatened legal action by you against Oracle or by Oracle against you, relating to Oracle's products or services, including, but not limited to, contract or payment disputes and disagreements.

REQUEST NO. 12:

All documents and communications concerning your information technology budget for Oracle's products, licenses or services, including but not limited to any decline or change due to the slowing of the United States economy.

REQUEST NO. 13:

All documents and communications concerning your efforts to audit, collect or recover payments or monies paid to Oracle or owed to you by Oracle, relating to Oracle's products, licenses or services.

REQUEST NO. 14:

All documents and communications concerning your assessment, testing and evaluation of Oracle's products, licenses or services.

REQUEST NO. 15:

All documents and communications concerning any overpayment made by you to Oracle for any purchase of Oracle's products, licenses or services between 1997-2004, including, but not limited to, any proposed or actual reimbursement, refund, credit or discount received in connection with overpayments and any discussions or meetings with Oracle regarding overpayments.

REQUEST NO. 16:

All documents and communications concerning your employment or use of any profit or audit recovery entities in connection with overpayments for purchases or sales of Oracle's products and services between 1997 and 2004, including, without limitation, attempts to recover monies owed, or believed to be owed to you by Oracle.

REQUEST NO. 17:

All documents and communications concerning any loss of business or costs incurred by you in connection with your purchase or use of Oracle's products, licenses or services.

REQUEST NO. 18:

All documents or communications, including organizational charts and directories, sufficient to identify your employees who were involved with purchases, sales or implementation of Oracle's products and services.

REQUEST NO. 19:

All documents and communications concerning your decision to switch from Oracle's products and services to competing products and services sold by companies such as Microsoft or IBM database or any other database or applications provider.

REQUEST NO. 20:

All documents and communications concerning your decision not to award software and service contracts to Oracle for which Oracle had submitted a bid or proposal.

REQUEST NO. 21:

All documents and communications concerning any proposed or actual services provided by Oracle Consulting in connection with Oracle's products and licenses.

REQUEST NO. 22:

All documents and communications concerning agreements or joint ventures with Oracle to promote, sell or market Oracle's products and services.

T:\CasesSF\Oracle3\SCH00013326_Customer.doc

DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on December 15, 2004, declarant served the **NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTIES** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of December, 2004, at San Francisco, California.

Carolyn Burr
CAROLYN BURR

ORACLE III (LEAD)
Service List - 12/10/2004 (201-064-1)
Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
650/331-2000
650/331-2060(Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL 60603-3441
312/782-0600
312/701-7711(Fax)

Dorian Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA 94065
650/506-5200
650/506-7114(Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
619/231-1058
619/231-7423(Fax)

Sanford Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
415/288-4545
415/288-4534(Fax)