# EXHIBIT 437

1 | LERACH COUGHLIN STOIA GELLER
  |    RUDMAN & ROBBINS LLP
2 | WILLIAM S. LERACH (68581)
  | MARK SOLOMON (151949)
3 | DOUGLAS R. BRITTON (188769)
  | 401 B Street, Suite 1600
4 | San Diego, CA  92101
  | Telephone:  619/231-1058
5 | 619/231-7423 (fax)
  |   – and –
6 | SHAWN A. WILLIAMS (213113)
  | WILLOW E. RADCLIFFE (200087)
7 | ELI R. GREENSTEIN (217945)
  | JENNIE LEE ANDERSON (203586)
8 | MONIQUE C. WINKLER (213031)
  | 100 Pine Street, Suite 2600
9 | San Francisco, CA  94111
  | Telephone: 415/288-4545
10 | 415/288-4534 (fax)

11 | Lead Counsel for Plaintiffs

12

13 |       UNITED STATES DISTRICT COURT

14 |    NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
ORACLE CORPORATION
LEGAL DEPARTMENT
DEC 1 4 2004
BY

| | | |
|---|---|---|
| 15 | In re ORACLE CORPORATION<br>SECURITIES LITIGATION | ) | Master File No. C-01-0988-MJJ |
| 16 | | ) | CLASS ACTION |
| 17 | This Document Relates To: | ) | NOTICE OF PLAINTIFFS' SUBPOENAS |
| 18 |     ALL ACTIONS. | ) | FOR PRODUCTION OF DOCUMENTS TO<br>THIRD PARTIES |
| 19 | | ) | |

20

21

22

23

24

25

26

27

28

1  TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

2            PLEASE TAKE NOTICE that pursuant to Rules 26, 34(c) and 45 of the Federal Rules of

3  Civil Procedure, subpoenas will be served upon the following third parties commanding the

4  production of the papers and documents set forth in the Schedule A attached hereto.

| PRODUCING PARTY | DATE/TIME | LOCATION |
|---|---|---|
| A.G. Edwards, Inc.<br>1 N. Jefferson Avenue<br>St. Louis, MO 63103 | January 10, 2005<br>10:00 a.m. | 1 N. Jefferson Avenue<br>St. Louis, MO 63103 |
| The Argus Research Group, Inc.<br>c/o Marsh & Valentine LLP<br>10 E. 40th St.<br>New York, NY 10022 | January 10, 2005<br>10:00 a.m. | 10 E. 40th Street<br>New York, NY 10022 |
| Banc of America Securities LLC<br>c/o CT Corporation Systems<br>818 Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 Seventh Street<br>Los Angeles, CA 90017 |
| Bloomberg, Inc.<br>c/o The Prentice-Hall Corporation<br>Systems<br>2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, C A 95833 | January 10, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, C A 95833 |
| Trade.com Online Securities, Inc.<br>59 Maiden Lane, 35th Floor<br>New York, NY 10038 | January 10, 2005<br>10:00 a.m. | 59 Maiden Lane, 35th Floor<br>New York, NY 10038 |
| JP Morgan Chase H&Q<br>One Bush Street<br>San Francisco, CA 94104 | January 10, 2005<br>10:00 a.m. | One Bush Street<br>San Francisco, CA 94104 |
| CIBC World Markets Corporation<br>c/o The Prentice-Hall Corporation<br>System, Inc.<br>2730 Gateway Oaks Dr., Ste 100<br>Sacramento, CA 95833 | January 10, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Ste 100<br>Sacramento, CA 95833 |

NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO
THIRD PARTIES - C-01-0988-MJJ                                                                          - 1 -

| | PRODUCING PARTY | DATE/TIME | LOCATION |
|---|---|---|---|
| 1 | | | |
| 2 | Credit Suisse First Boston Corporation | January 10, 2005 10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA  95833 |
| 3 | c/o CSC Lawyers Incorporating Service | | |
| 4 | 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA  95833 | | |
| 5 | | | |
| 6 | Deutsche Bank Securities, Inc. | January 10, 2005 10:00 a.m. | 111 Eighth Ave. New York, NY  10011 |
| 7 | c/o CT Corporation 111 Eighth Ave. | | |
| 8 | New York, NY  10011 | | |
| 9 | First Albany Capital, Inc. c/o CT Corporation Systems | January 10, 2005 10:00 a.m. | 818 Seventh Street Los Angles, CA  90017 |
| 10 | 818 Seventh Street Los Angles, CA  90017 | | |
| 11 | | | |
| 12 | Wachovia Securities, LLC c/o CSC Lawyers Incorporating | January 10, 2005 10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA  95833 |
| 13 | Service 2730 Gateway Oaks Dr., Ste. 100 | | |
| 14 | Sacramento, CA  95833 | | |
| 15 | Frost Securities, Inc. | January 10, 2005 10:00 a.m. | 350 N. St. Paul Street Dallas, TX  75201 |
| 16 | c/o CT Corporation Systems 350 N. St. Paul Street | | |
| 17 | Dallas, TX  75201 | | |
| 18 | The Goldman Sachs Group, Inc. c/o CT Corporation Systems | January 10, 2005 10:00 a.m. | 818 Seventh Street Los Angeles, CA  90017 |
| 19 | 818 Seventh Street Los Angeles, CA  90017 | | |
| 20 | | | |
| 21 | Josephthal & Co., Inc. c/o CT Corporation Systems | January 10, 2005 10:00 a.m. | 818 Seventh Street Los Angeles, CA  90017 |
| 22 | 818 Seventh Street Los Angeles, CA  90017 | | |
| 23 | | | |
| 24 | Lehman Brothers, Inc. c/o CSC Lawyers Incorporating | January 10, 2005 10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100 Sacramento, CA  95833 |
| 25 | Service 2730 Gateway Oaks Dr., Ste. 100 | | |
| 26 | Sacramento, CA  95833 | | |
| 27 | | | |
| 28 | | | |

NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO
THIRD PARTIES - C-01-0988-MJJ

| PRODUCING PARTY | DATE/TIME | LOCATION |
|---|---|---|
| Merrill Lynch & Co., Inc.<br>4 World Financial Center<br>New York, NY 10080 | January 10, 2005<br>10:00 a.m. | 4 World Financial Center<br>New York, NY 10080 |
| Morgan Stanley Dean Witter &<br>Company<br>c/o The Corporation Trust<br>Company<br>1209 Orange St.<br>Wilmington, DE 19801 | January 10, 2005<br>10:00 a.m. | 1209 Orange St.<br>Wilmington, DE 19801 |
| Needham & Company, Inc.<br>c/o Chad Keck<br>300 Sand Hill Rd., Bldg. 2 #190<br>Menlo Park, CA 94025 | January 10, 2005<br>10:00 a.m. | 300 Sand Hill Rd., Bldg. 2 #190<br>Menlo Park, CA 94025 |
| UBS Financial Services, Inc.<br>c/o CSC Lawyers Incorporating<br>Service<br>2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 | January 10, 2005<br>10:00 a.m. | 2730 Gateway Oaks Dr., Ste. 100<br>Sacramento, CA 95833 |
| Salomon Smith Barney, Inc.<br>c/o CT Corporation Systems<br>818 Seventh Street<br>Los Angeles, CA 90017 | January 10, 2005<br>10:00 a.m. | 818 Seventh Street<br>Los Angeles, CA 90017 |

Said productions will take place on January 10, 2005, at 10:00 a.m. at the above-listed addresses, or other such locations as are mutually acceptable to the respective third parties and plaintiffs' counsel.

These productions are pursuant to subpoenas *duces tecum* issued by plaintiffs' counsel on behalf of the United States District Court, requesting "documents only" productions. No testimony is required by the subpoenas, and no one need appear for the third parties or for any of the parties in this action at this time.

PLEASE TAKE FURTHER NOTICE that the above-listed third parties may be held in contempt of Court pursuant to Fed. R. Civ. P. 45(e) if the parties fail without adequate excuse to obey the subpoenas served upon them, and that they have certain legal rights in response to

NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO
THIRD PARTIES - C-01-0988-MJJ                                                                - 3 -

1  plaintiffs' subpoenas served upon them as provided in Fed. R. Civ. P. 45(c) and (d).  These rights are

2  reproduced in full on page two of the subpoenas served upon the third parties.

3  DATED:  December 9, 2004                    LERACH COUGHLIN STOIA GELLER
                                                                              RUDMAN & ROBBINS LLP
4                                                                   WILLIAM S. LERACH
                                                                        MARK SOLOMON
5                                                                        DOUGLAS R. BRITTON

6

7                                                                        _____
                                                                                 MONIQUE C. WINKLER
8
                                                                        401 B Street, Suite 1600
9                                                                        San Diego, CA  92101
                                                                        Telephone:  619/231-1058
10                                                                      619/231-7423 (fax)

11                                                                      LERACH COUGHLIN STOIA GELLER
                                                                              RUDMAN & ROBBINS LLP
12                                                                    SHAWN A. WILLIAMS
                                                                        WILLOW E. RADCLIFFE
13                                                                    ELI R. GREENSTEIN
                                                                        JENNIE LEE ANDERSON
14                                                                    MONIQUE C. WINKLER
                                                                        100 Pine Street, Suite 2600
15                                                                      San Francisco, CA  94111
                                                                        Telephone:  415/288-4545
16                                                                      415/288-4534 (fax)

17                                                                      Lead Counsel for Plaintiffs

18  T:\CasesSF\Oracle3\NOT00016349.doc

19

20

21

22

23

24

25

26

27

28

**SCHEDULE A**

## I.   DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1.      "You" or "your" refers to the responding party, and any of its international, regional or local offices, or affiliates, predecessors, and successors in interest, parents, subsidiaries, divisions, national directors, employees, accountants, consultants, independent contractors, private investigators, or other agents, representatives or persons acting on your behalf or the person or entity responding to these Requests.

2.      "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Federal Rules of Civil Procedure.

3.      "Oracle" refers to defendant Oracle Corporation, any of its subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of Oracle, its attorneys, accountants, advisors, committees and all other persons acting or purporting to act on its behalf.

4.      "Ellison" refers to defendant Lawrence J. Ellison and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

5.      "Henley" refers to defendant Jeffrey O. Henley and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

6.      "Sanderson" refers to defendant Edward J. Sanderson and his agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on his behalf.

7.      "Individual Defendants" refers to Ellison, Henley and Sanderson, and their agents, attorneys, advisors, accountants, assistants, brokers and all other persons acting or purporting to act on their behalf.

8.      "Defendants" refers to Oracle and the Individual Defendants.

9.     "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization, or arrangement.

10.     "Communicate" or "communication" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

11.     "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

12.     "Refer" or "relate" or "referring" or "relating" means all documents which explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of, the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

13.     "Meeting" refers to the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, occurred in connection with some other activity, or was by telephone or teleconferencing.

14.     "Your employee" refers to any person who at any time acted or purported to act on your behalf or under your supervision, direction or control, including, without limitation, past and current directors, officers, principals, partners, executives, analysts, investment bankers, consultants, advisors, representatives, attorneys, agents, trustees, independent contractors, assigns, business, or similar persons or entities.

15.     "Identify," when used to refer to a natural person, shall mean to set forth that person's: (a) full name and title, if any; (b) present or last known address; (c) present or last known business and home telephone number(s); and (d) present or last known employer.

16.     "Entity" or "entities" has the same meaning as person.

SCHEDULE A - C-01-0988-MJJ                                                                      - 2 -

17.     "Customer" or "customers" refers to a person who makes purchases from, or has business dealings with, Oracle or the Individual Defendants.

18.     "Security" or "Securities" refers to any note, stock, treasury stock, bond, debenture, certificate or other evidence or indebtedness, certificate of interest or participation in any profit-sharing agreement in any oil, gas, or other mineral royalty or lease, any collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit, or any certificate of interest or participation in, receipt for, or warrant or right to subscribe to or purchase any of the foregoing.

19.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

20.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

21.     "Including" shall be construed to mean "without limitation."

## II.     INSTRUCTIONS

1.     All documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

2.     In responding to these requests, you shall produce all responsive documents (including those stored electronically), which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives.   A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3.     Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying, by plaintiffs, original documents including those stored electronically as they are kept

in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

    4.    To the extent that there are documents containing information relevant to these requests that are currently in electronic format, the documents are to be produced in their native format (*e.g.*, Word, Excel, or Word Perfect).

    5.    If production of documents is withheld on the ground of privilege, as to each such withheld document state the following information:

        (a)    which privilege is claimed;

        (b)    who is asserting the privilege;

        (c)    a precise statement of the facts upon which said claim of privilege is based; and

        (d)    the following information describing each purportedly privileged document:

            (i)    a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

            (ii)    a brief description sufficient to identify its subject matter and the purpose of the document;

            (iii)    the date it was prepared;

            (iv)    the date it bears;

            (v)    the date it was sent;

            (vi)    the date it was received;

            (vii)    the identity of the person preparing it;

            (viii)    the identity of the person sending it;

            (ix)    the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

            (x)    a statement as to whom each identified person represented or purported to represent at all relevant times;

            (xi)    all persons to whom its contents have been disclosed; and

SCHEDULE A - C-01-0988-MJJ           - 4 -

(xii)    a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

6.    If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7.    You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 5 and 6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

8.    Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

9.    If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

(a)    whether the document is missing or lost;

(b)    whether it has been destroyed;

(c)    whether the document has been transferred or delivered to another person and, if so, at whose request;

(d)    whether the document has been otherwise disposed of; and

(e)    a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

10.    With respect to any category of documents, the production of which you contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.    RELEVANT TIME PERIOD

All requests herein refer to the period from January 1, 2000 through June 18, 2003 (the "relevant time period"), unless otherwise specifically indicated, and shall include all documents and

1  information that relate to such period, even though prepared or published outside of the relevant time

2  period.

**IV.     DOCUMENT REQUESTS**

REQUEST NO. 1:

        All reports, bulletins, memoranda, correspondence, analyses, or other like documents, including drafts, prepared or issued by you concerning Oracle or Oracle's products, licenses or services.

REQUEST NO. 2:

        All documents that you received, reviewed, relied upon, or maintained in preparing or issuing any reports, bulletins, memoranda, correspondence, analyses, or other like documents concerning Oracle or Oracle products, licenses or services, including, but not limited to, all news articles, memoranda, correspondence, notes, e-mails, public filings, minutes, budgets, forecasts, or plans.

REQUEST NO. 3:

        All documents concerning Oracle that were created or maintained by or on behalf of any of your analysts, including, but not limited to, all handwritten notes, e-mails, correspondence, memoranda and files.

REQUEST NO. 4:

        All documents concerning any communications or meetings between or among your analysts, agents or employees concerning Oracle.

REQUEST NO. 5:

        All documents concerning any communications or meetings between or among you and Oracle or any Individual Defendant, including all documents and handwritten notes reflecting any communications or meetings between or among your analysts or employees and any officer, director, partner, agent, or representative of Oracle or any Individual Defendant.

REQUEST NO. 6:

        All documents, including, but not limited to, handwritten notes, concerning any communications or meetings between you and any of Oracle's past or present customers, resellers,

SCHEDULE A - C-01-0988-MJJ                                                                        - 6 -

1   distributors, suppliers or contract manufacturers regarding Oracle or Oracle's products, licenses or

2   services.

3   REQUEST NO. 7:

4        All documents concerning any guidance or information provided by Oracle to assist you in

5   preparing any analyst reports, research reports, bulletins, or other like documents, or in formulating

6   any earnings estimates, financial projections or opinions concerning Oracle.

7   REQUEST NO. 8:

8        All documents concerning whether Oracle or any Individual Defendant disputed, corrected,

9   verified, adopted or endorsed any reports, estimates, projections, or opinions by you concerning

10  Oracle, or requested that you revise any report, estimate, projection, or opinion you issued

11  concerning Oracle.

12  REQUEST NO. 9:

13       All documents concerning Oracle's budgets, projected or forecasted sales, actual sales or

14  revenues, inventory levels, product returns, earnings, cash flow schedules, new product introduction

15  timetables, customers, financial condition, or business or operating plans, including any models

16  thereof.

17  REQUEST NO. 10:

18       All documents concerning Oracle's accounting or internal control systems, including

19  documents regarding inventory, days sales outstanding, accounts receivables, distribution controls,

20  and product return policies and procedures.

21  REQUEST NO. 11:

22       All electronic documents concerning or mentioning Oracle or Oracle's products, licenses or

23  services, including, but not limited to, computer files and e-mail messages, created or maintained by

24  any of your analysts or employees.

25  REQUEST NO. 12:

26       All documents concerning the participation or attendance of Oracle or any of the Individual

27  Defendants at any analyst conferences, analyst meetings, or investor or analyst conference calls.

28

SCHEDULE A - C-01-0988-MJJ                                                          - 7 -

REQUEST NO. 13:

All documents concerning Oracle's business applications conferences or technology conferences.

REQUEST NO. 14:

All documents concerning Oracle's internal implementation and use of its applications software.

REQUEST NO. 15:

All documents concerning the impact or effect of the United States economy on the sales of Oracle's products, licenses or services, including, but not limited to, order cancellations, order or purchase delays, and discounts offered on Oracle's products or services.

REQUEST NO. 16:

All documents concerning competition for Oracle's market share of the database or applications market from IBM database or Microsoft or any other database or applications provider.

REQUEST NO. 17:

All documents concerning the analysis of demand from or sales to Oracle's Internet or "dot-com" customers.

REQUEST NO. 18:

All documents concerning the purchase or exercise of Oracle stock options or the purchase, sale or other transfer of Oracle stock by the Individual Defendants.

REQUEST NO. 19:

All documents concerning any fees, securities, money or other compensation received from Oracle for acquisitions or services related to financing or investment banking.

REQUEST NO. 20:

All documents concerning any payments received by you from Oracle or any of the Individual Defendants.

REQUEST NO. 21:

All documents concerning any agreements, whether written or oral (including all amendments and modifications), between you and Oracle.

SCHEDULE A - C-01-0988-MJJ                                                                        - 8 -

REQUEST NO. 22:

All documents concerning your document maintenance, retention or destruction policies or practices including, but not limited to, all maintenance, retention or destruction policies, concerning electronic documents and e-mail.

REQUEST NO. 23:

All documents concerning any services that you provided to Oracle.

REQUEST NO. 24:

Documents sufficient to identify your employees who communicated with Oracle.

REQUEST NO. 25:

All documents concerning the payment or receipt of money, fees, securities or other compensation by you to or from another entity for or relating to the issuance of research reports concerning Oracle.

REQUEST NO. 26:

All documents concerning any communications or meetings between you and Oracle or any of the Individual Defendants concerning this subpoena or your production of documents to plaintiffs.

SCHEDULE A - C-01-0988-MJJ

<u>DECLARATION OF SERVICE BY MAIL AND FACSIMILE</u>

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.     That on December 9, 2004, declarant served the **NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTIES** by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of December, 2004, at San Francisco, California.

_____
MARCY M. MEDEIROS

NOTICE OF PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS TO THIRD PARTIES - C-01-0988-MJJ                    - 1 -

ORACLE III (LEAD)

Service List - 12/9/2004   (201-064-1)

Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish  Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL  60603-3441
  312/782-0600
  312/701-7711 (Fax)

Dorian  Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark  Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford  Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)