# EXHIBIT 448

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                          -oOo-
 4   IN RE
 5   ORACLE CORPORATION
     SECURITIES LITIGATION
 6                                        MASTER FILE NO.
                                          C-01-0988-MJJ
 7
     This Document Relates To:
 8
          ALL ACTIONS
 9
     _____/
10
11
12                          -oOo-
13          TRANSCRIPT OF TELEPHONIC PROCEEDINGS
14       BEFORE THE HONORABLE EDWARD A. INFANTE
15                     JUNE 30, 2006
16                          -oOo-
17
              SHEILA CHASE & ASSOCIATES
18                  REPORTING FOR:
                LiveNote World Service
19           221 Main Street, Suite 1259
               San Francisco, CA 94105
20           Telephone: (415) 321-2300
                 Fax: (415) 321-2301
21
                            -oOo-
22
23
     Reported by:
24   KELLIE A. ZOLLARS, CSR, RPR, CRR
     CSR License No. 5735
25
```

Certified Copy

1    JUDGE INFANTE:  Well, that's fine.  The proper
2    procedure is to -- under 30(d) is to get the judge on the
3    phone rather than instruct the witness not to answer.  So
4    they didn't have any basis for instructing the witness not
5    to answer, but they certainly had the right under 30(d) to
6    make a motion to terminate or limit the deposition.  So the
7    process and the procedure is appropriate.
8         Of course, I don't know exactly what questions
9    were asked to the witness.  I do know what the amended
10   discovery plan order is, and we've been over it before.
11   And the Court -- when I say "the Court," I'm referring to
12   Judge Spero's earlier orders -- drew some lines.  And
13   Judge Spero did not want the plaintiffs to engage in
14   discovery which was not pled in the complaint.  In his own
15   words he said, "I won't allow you to go into a fishing
16   expedition with respect to accounting issues."  He
17   basically limited the accounting issues in period of time
18   to a particular quarter and also the debit memo issues in
19   the case.
20        So the motion to limit the scope of the
21   deposition is appropriate.  However, I can't rule on
22   specific questions that have been asked because I don't
23   know what those questions are.
24        If you're looking for evidence for a theory of
25   whether or not revenue should have been recognized through

1    a barter transaction that was a sham, that's not pled in
2    the complaint.
3        MS. ANDERSON:  Judge --
4        JUDGE INFANTE:  And that would be beyond the scope of
5    the amended discovery plan.  So that's probably the only
6    comment I can make at this time to help you.
7        MS. ANDERSON:  Well, Judge Infante, I'll say this.  I
8    mean, I believe that the reasons behind HP's purchase of
9    software and when that software purchase was, in fact,
10   complete and available for recognition as revenue is very
11   relevant and squarely within the discovery plan.  If they
12   purchased a product that was, in fact, not working for a
13   reason other than, you know, to gain full use of that
14   product, that's relevant.
15       JUDGE INFANTE:  That would be marginally relevant.  It
16   certainly would be inappropriate to make rulings on
17   relevancy like that.  I mean, we're not dealing in trade
18   secret information, we're not dealing in -- so at a
19   deposition, counsel is not expected to be -- to achieve
20   perfection with respect to relevancy issues.  It's highly
21   unusual that a Court would be bothered with respect to
22   relevancy issues in a deposition.  There's really no
23   prejudice other than the deposition goes a few minutes
24   longer.
25           So, you know, I don't wish to make precise

1  rulings on relevancy; I'm simply telling you that you have
2  to follow the amended discovery order.  If you are
3  questioning about product that didn't work and had no
4  value, generally speaking, you could ask a few questions
5  along those lines.  But you cannot ask questions with
6  respect to inappropriate revenue recognition based on, for
7  example, sham bartering because that's not alleged in the
8  complaint, it's not the theory of your accounting issue.
9       MS. ANDERSON:  But, your Honor, here we have a
10 situation where we contend that this purchase of Oracle
11 software was contingent on the counter agreement by Oracle
12 to purchase HP hardware.
13      MR. HARRISON:  Your Honor, that's never been alleged
14 in this case, and it has nothing to do with the issues that
15 are alleged with regard to this customer.  Again, that is
16 completely violative of the three discrete topics that are
17 discoverable from Oracle's customers.  This is a sensitive
18 thing when plaintiffs seek discovery from Oracle's
19 customers; and, you know, that's why the Court a long time
20 ago agreed to limit the scope.
21      JUDGE INFANTE:  However, the Court can't limit the
22 scope without some flexibility.  The real instrument that
23 governs relevancy is the allegations in the complaint.  The
24 discovery order is to provide a framework such as
25 architectural plans to provide guidelines for discovery.

```
 1  STATE OF CALIFORNIA )
 2  COUNTY OF SAN MATEO )
 3           I hereby certify that the foregoing proceedings in
 4  the within-entitled cause were taken at the time and place
 5  herein named; that it is a true record of the proceedings
 6  as reported by me, a duly certified shorthand reporter and
 7  a disinterested person, and was thereafter transcribed into
 8  typewriting by computer.
 9           I further certify that I am not interested in the
10  outcome of the said action, nor connected with, nor related
11  to any of the parties in said action, nor to their
12  respective counsel.
13           IN WITNESS WHEREOF, I have hereunto set my hand
14  this 3rd day of July, 2006.
15
16
17           _____
18                KELLIE A. ZOLLARS, CSR
19                 STATE OF CALIFORNIA
20
21
22
23
24
25
                                                              22
```