# EXHIBIT 30

#249

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| 13 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-MJJ |
|----|----|----|----|
| 14 | | ) | CLASS ACTION |
| 15 | This Document Relates To: | ) ) ) | AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN |
| 16 | ALL ACTIONS. | ) ) | Judge Martin J. Jenkins |
| 17 | | ) | Magistrate Judge Joseph C. Spero |

18

19

20

21

22

23

24

25

26

27

28

1    On Tuesday, March 1, 2005, the parties appeared before United States Magistrate Judge

2  Joseph C. Spero for a discovery conference. The parties offered written discovery plans and

3  presented oral argument. The Court, having reviewed the written submissions and considered the

4  parties' oral argument, hereby sets forth the following Discovery Plan, which shall govern discovery

5  in this case.

6    For the reasons stated on the record, IT IS ORDERED THAT:

7  **I.    SCOPE OF DISCOVERY**

8    The scope of discovery shall be as follows:

9    **A.    RELEVANT TIME PERIOD**

10    For purposes of responding to written discovery requests, the "Relevant Time Period" shall

11  be from June 1, 2000 to June 1, 2001. Documents created outside of the Relevant Time Period that

12  refer to events within the Relevant Time Period must also be produced.

13    **B.    FILES TO BE SEARCHED**

14    In responding to Plaintiffs' requests for documents, Oracle Corporation ("Oracle" or the

15  "Company") shall search the hard copy and electronic files of the following individuals:

16    1.    Lawrence Ellison ("Ellison"), Jeffrey Henley ("Henley"), Edward "Sandy"
    Sanderson, Stephanie Aas, Jennifer Glass and Jennifer Minton (collectively "the Speakers");
17

18    2.    The Speakers' direct reports during the Relevant Time Period including, but not
    limited to, those represented in Oracle's February 18, 2005 letter to the Court;

19    3.    The Area Vice Presidents in Oracle's three United States sales and consulting
20  divisions: North American Sales, Oracle Service Industries and Oracle Products Industries;

21    4.    The following individuals: John Nugent, Bret Fuller, Charles Rozwat, Gary Roberts,
    John Wheeler, Sergio Giacoletto, Greg Myers, Neil Menon, Brad Scott, Michael Quinn, Michael
22  Rocha, Ray Lane and Ron Cuneo; and

23    5.    Other individuals, as agreed upon by the parties or ordered by the Court.

24    **C.    DEFINITION OF KEY ISSUES IN CASE**

25    With respect to the following topics related to discovery between the parties, the Court sets

26  forth the following guidelines:

27

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                          - 1 -

1    **1.    Economy**

2        Subject to the limitations set forth in Sections I(A) and (B) above, hereafter ("SCOPE"),

3    Defendants shall produce documents and communications (including e-mail correspondence)

4    concerning the United States economy and its impact or potential impact on Oracle's revenues,

5    earnings and expenses; its impact or potential impact on customer purchasing decisions of IT

6    products and services in general; and specifically the purchase of products or services from Oracle.

7        **2.    Functionality of Oracle's Suite 11i Software and Its Individual
             Modules**

8
     Defendants shall produce:

9
             (a)    Software versions 1, 2 and 3 of Oracle's Suite 11i;

10
             (b)    High level design documents for Suite 11i;

11
             (c)    Technical manuals for Suite 11i;

12
             (d)    "Bug reports" that in any way reference integration or interoperability;

13

14           (e)    High level documents describing the scope and dimension of "bug
     problems" within Suite 11i and/or any of its modules other than integration and interoperability;

15
             (f)    Documents regarding any lost or deferred sales of any Oracle product, as

16   well as any material expense with respect to any Oracle product – such as refunds, rebates or
     remediation. For purposes of this issue only, "material expense" is defined as having a financial

17   impact greater than or equal to $500,000.

18       **3.    Revenue/Earnings Forecasting**

19       Subject to the Court's rulings on SCOPE, Defendants shall produce documents relating to

20   Oracle's forecasts, including any mention of the economy as it relates to Oracle's forecasting during

21   the Relevant Time Period and as it related to the Company's pipeline and its growth or decline.

22   Additionally, Defendants shall produce documents relating to Oracle's sales pipeline and pipeline

23   conversion rates/ratios.

24       **4.    Accounting and Underlying Documents**

25       Defendants shall produce all documents relating to (i) the alleged "On Account Cleanup"

26   occurring in November 2000; (ii) the 46,000 debit memoranda; and (iii) the accounting treatment of

27   those debit memoranda, including any audit trail, and all related accounting policies.

28
     AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
     MJJ (Consolidated)                                                           - 2 -

1      ## 5.      Insider Trading

2          Subject to the Court's rulings on SCOPE, Defendants shall produce documents and

3   communications regarding Defendants' sales or contemplated sales of Oracle securities during

4   January 2001. These documents shall include Defendants' option agreements, the reasons and

5   timing of their sales, and the Company's policies and procedures regarding trading and options.

6      ## 6.      Special Litigation Committee

7          Defendants shall produce all underlying documents that the Special Litigation Committee

8   ("SLC") reviewed from whatever source, except documents subject to privilege or work product

9   protection for which they will produce a privilege log. Defendants are not required to specifically

10  identify these documents as having been produced to the SLC. Defendants reserve their right to

11  designate any such documents as either "Confidential" or "Highly Confidential" under the terms of

12  the January 11, 2005 Revised Stipulated Protective Order Governing Confidentiality. Such

13  production shall not constitute a waiver of either the attorney-client or attorney work product

14  privilege.

15         Plaintiffs may file a motion to compel production of documents related to the SLC's

16  investigation including production of the SLC Report itself.

17  **II.    CONVENTIONS FOR PARTY DISCOVERY**

18     **A.      TIMING OF DOCUMENT PRODUCTION**

19         Defendants shall produce documents on a rolling basis with production to be completed by

20  May 1, 2005. Defendants shall produce documents responsive to Plaintiffs' requests for documents

21  contained in the files of any deponent not otherwise within the category of individuals specified in

22  Section I(B) above, no later than seven days prior to the date on which such witness is noticed to be

23  deposed. Plaintiffs shall complete their document production by March 21, 2005, with the exception

24  of the interrogatory set forth in VII(C) *infra*, which shall be responded to within forty-five (45) days

25  of the entry of this Order.

26     **B.      PRODUCTION FORMAT**

27         When preparing documents for production, the parties shall adhere to the following

28  conventions with respect to documents within their possession, custody or control:

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                      - 3 -

1    (a)    The parties shall produce e-mails in searchable TIFF format. E-mails shall
include the following information: sender, recipient, blind and carbon copies, date sent, e-mail box
2    from whom the document is produced, and the date and time it was opened, deleted, responded to
3    or forwarded. Furthermore, the parties shall produce all attachments to or documents embedded in
such e-mails in native format, readily accessible from each e-mail.

4    (b)    The parties shall produce all documents that were created and kept in
5    electronic format in either native format or a searchable electronic format. For example, Microsoft
Word or Excel files shall be produced in their native format. Information stored on Oracle
6    databases, such as the accounting treatment for the 46,000 debit memos, shall be downloaded into
Excel or another comparable format and produced in that electronic format.
7

8    (c)    The parties shall meet and confer regarding locking and protecting electronic
documents in order to prevent their alteration or manipulation subsequent to production.

9    (d)    With respect to documents that were reviewed by the SLC or produced to the
10   plaintiffs in Oracle Cases, JCCP No. 4180 (CIV 417511 San Mateo Co. Sup. Ct.) and in *In re
Oracle Corp. Deriv. Litig.*, C.A. No. 18751 (Del. Ct. of Chancery) that have already been produced
11   to Plaintiffs in paper format, Defendants shall also produce to Plaintiffs spreadsheets in native
format and e-mails in searchable TIFF format with the metadata described above. Defendants may
12   submit a letter brief to the Court requesting that Plaintiffs share the cost of reproducing these
13   specified documents in electronic format.

14   **C.    PRODUCTION SOURCE LOG**

15   The parties must produce logs indicating the source files of all produced documents,

16   including for documents previously produced.

17   **D.    PRIVILEGE LOGS**

18   The parties shall produce privilege logs within forty-five (45) days after a document is

19   withheld for privilege.

20   **III.   DEPOSITIONS**

21   **A.    TIME LIMIT PER DEPOSITION**

22   Federal Rule of Civil Procedure 30 shall govern the time limit for depositions, except upon

23   agreement of the parties or court order.

24   **B.    DEPOSITIONS OF 30(b)(6) WITNESSES**

25   (a)    ~~Plaintiffs' Position~~ ∞ 5

26   Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by

27   April 15, 2005. The depositions may cover the following agreed upon topics: accounting, electronic

28   systems, forecasting and Suite 11i.

AMENDED ~~[PROPOSED]~~ ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                          - 4 -

1    Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6) subjects
2  relating to document preservation.  If, after Plaintiffs have had an opportunity to review those
3  responses, Plaintiffs believe that a deposition regarding document preservation is still necessary, the
4  parties shall meet and confer.

5    Where Defendants offer a Speaker as defined in I(B)(1), a Speaker's direct report as defined
6  in I(B)(2), or an individual named in the Revised Second Amended Complaint for Violations of the
7  Federal Securities Laws ("RSAC") as a 30(b)(6) witness, Plaintiffs shall not be precluded from
8  deposing that same witness in his/her individual capacity at a later date.   Instead, in such
9  circumstances, the parties shall meet and confer, taking into account the outstanding discovery and
10  may seek assistance from the Court in the event they are unable to reach an agreement.

11         (b)   Defendants' Position

12    Plaintiffs' depositions of the persons most knowledgeable at Oracle shall be completed by
13  April 15, 2005.  The depositions may cover the following agreed upon topics: accounting,
14  electronic systems, forecasting and Suite 11i.

15    Defendants shall produce a documentary and written response to Plaintiffs' 30(b)(6)
16  subjects relating to document preservation.  If, after Plaintiffs have had an opportunity to review
17  those responses, Plaintiffs believe that a deposition regarding document preservation is still
18  necessary, the parties shall meet and confer.

19    Where an individual is offered by Oracle as a Rule 30(b)(6) witness at a deposition and
20  documents from that individual's files have been produced to Plaintiffs at least seven (7) days prior
21  to the deposition, that individual may not be deposed again in his or her individual capacity at a
22  later date.

23         C.    FACT WITNESS DEPOSITIONS

24    Depositions of substantive witnesses shall begin after May 1, 2005.  Subject to the other
25  limits above, Defendants shall produce documents from the files of a deponent, including a
26  confidential witness ("CW"), no less than seven (7) days before that individual's deposition as a fact
27  witness.

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                            - 5 -

1          (a)     Subject to change upon the receipt and review of discovery from Defendants

2    and non-parties, Plaintiffs currently intend to depose the following witnesses:

3          1.    Anil Vora
           2.    Bill Castello
4          3.    Brad Scott
           4.    Bret Fuller
5          5.    Charles Rozwat
           6.    David Winton
6          7.    Edward J. Sanderson
           8.    Frank Varasano
7          9.    Gary Bloom
           10.   Gary Roberts
8          11.   George Roberts
           12.   Ivgen Guner
9          13.   Jay Nussbaum
           14.   Jeffrey Henley
10         15.   Jennifer Minton
           16.   Jim English
11         17.   Jody Terry
           18.   John Nugent
12         19.   Jon Simmons
           20.   Larry Garnick
13         21.   Lawrence Ellison
           22.   Mark Barrenchea
14         23.   Mary Ann Gillespie
           24.   Michael Rocha
15         25.   Michael P. DeCesare
           26.   Nick Classik
16         27.   Patricia McManus
           28.   Ray Lane
17         29.   Richard Blotner
           30.   Ron Police
18         31.   Safra Catz
           32.   Sarah Kopp
19         33.   Sergio Giacolletto
           34.   Steve McLaughlin
20         35.   Terrence Ford
           36.   Tom Thimot
21         37.   Tom Williams
           38.   Valerie A. Borthwick
22

23

24

25         Plaintiffs reserve the right to modify this list and to take additional depositions as discovery

26   in this action proceeds.

27

28
AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                    - 6 -

1    (b)    Defendants currently intend to depose the forty-nine (49) CWs as well as the
proposed class representatives. Defendants reserve the right to take additional depositions, up to the
2    sixty-five (65) allowed by the Court, at any time prior to the close of fact discovery.

3    **IV.    EXPERT DISCOVERY**

4        The parties shall exchange any affirmative expert reports on March 3, 2006, and any rebuttal

5    reports on April 3, 2006. The parties shall complete expert discovery by May 22, 2006.

6    **V.    THIRD PARTY DISCOVERY**

7            **A.    LIFTING OF THE STAY AND TIMING OF PRODUCTION FOR
8            ALL THIRD PARTY DISCOVERY**

9        The Court hereby lifts the stay on third party discovery put in place by its February 5, 2005

10    Order, subject to the limitations imposed by this Order. Plaintiffs shall meet and confer with third

11    parties concerning the timing of their document production.

12            **B.    RELEVANT TIME PERIOD**

13        The definition of Relevant Time Period, June 1, 2000 – June 1, 2001, set forth above, shall

14    apply to all third party discovery.

15            **C.    SCOPE OF DISCOVERY FROM THIRD PARTY CUSTOMERS**

16                **1.    Number of Customers to be Subpoenaed**

17        Without leave of Court, Plaintiffs shall not subpoena more than one hundred (100) of

18    Oracle's current and former customers. Plaintiffs have, to date, subpoenaed ninety-three (93) of

19    Oracle's customers.

20                **2.    Subject Matter of Discovery to Be Produced by Customers**

21        Plaintiffs may seek discovery from Oracle's current and former customers on the following

22    topics only:

23                    (a)    **The United States Economy**

24        Plaintiffs' third party discovery from customers relating to the economy is hereby limited to

25    the following:

26        (i) communications with Oracle relating to increases or decreases in purchases from Oracle

27    as a result of the economy; and

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                    - 7 -

1    (ii) internal documents relating to decisions to purchase or not to purchase from Oracle

2   because of the economy.

3                    (b)      **Oracle Software Integration and Interoperability
                             Problems**
4
              Plaintiffs' third party discovery from customers relating to problems with Oracle's Suite 11i
5
      is hereby limited to documents regarding integration and interoperability (including integration and
6
      interoperability gaps and bugs) with Oracle applications Suite 11i and its modules, including but not
7
      limited to Oracle's CRM Module.  For purposes of this Order, integration refers to the ability of
8
      modules of Suite 11i to work together and share information.
9
                    (c)      **Accounting**
10
              Plaintiffs' third party discovery from customers relating to Oracle's accounting is limited to
11
      documents relating to the 46,000 debit memo transactions created on or about November 17, 2000.
12
      **D.      DISCOVERY FROM ANALYSTS AND MEDIA ORGANIZATIONS
13              COVERING THE COMPANY**

14            Subject to the Court's rulings on SCOPE, Plaintiffs may seek discovery from analysts and

15   news services on the following topics:

16                   (a)      The Defendants' public statements;

17                   (b)      Customer interviews and complaints/problems with Oracle products,
      including 11i;
18
19                   (c)      The downturn in the economy and IT budgets during the Class Period;

20                   (d)      Oracle's forecasts and projections;

21                   (e)      Oracle's revenue and earnings reports and financial statements;

22                   (f)      Integration and/or interoperability gaps and bugs; and

23                   (g)      One-on-one interviews with Defendants.

24   **E.      DISCOVERY FROM AUDITORS**

25            Plaintiffs' third party discovery from Oracle's auditors and accountants is limited to

26   documents relating to (i) the debit memo transactions; (ii) the accounting treatment of the 46,000

27   debit memo transactions; and (iii) tax advisory services provided to Henley and Ellison relating to

28   the Relevant Time Period.

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                    - 8 -

1    In addition, Oracle's auditors and accountants ARE HEREBY ORDERED to preserve all
2 relevant documents (including electronic documents and e-mail) concerning their audit work on
3 behalf of Oracle for the Relevant Time Period.

4    **F.    DISCOVERY FROM CONFIDENTIAL WITNESSES**

5    Plaintiffs shall disclose the names and corresponding CW numbers of the CWs used in the
6 RSAC to Defendants' counsel, including in-house counsel at Oracle, within forty-eight (48) hours of
7 the signing of this Order. Plaintiffs' disclosures shall be subject to the following restrictions:

8    (a)    Counsel for Defendants shall not disclose a CW's role to anyone other than
9 (i) Defendants' counsel within Mayer, Brown, Rowe & Maw LLP ("MBR&M"); (ii) in-house
10 counsel of Oracle Corporation; and (iii) any consultant retained by MBR&M for purposes of this
11 litigation upon receipt of an Undertaking in the form of Exhibit A hereto;

12    (b)    Defendants' counsel may discuss with current or former Oracle employees or
13 third parties the persons who are CWs, including the information attributed to them in this litigation
14 and any other information that may bear upon the case, but shall not disclose in any such
15 communications that the persons are CWs referenced in this litigation;

16    (c)    Defendants' counsel or defendants' experts/consultants shall not make initial
17 contact with a CW without informing Plaintiffs' counsel of their intention to do so no less than
18 forty-eight (48) hours prior to making such initial contact;

19    (d)    The identities of the CWs shall not be used for any purpose other than this
20 litigation; and

21    (e)    When a party seeks to file with the Court a document disclosing the identities
22 of the CWs in their roles as CWs, the procedures specified in paragraph 10 of the January 11, 2005
23 Revised Stipulated Protective Order Governing Confidentiality shall apply. Similarly, portions of
24 depositions or transcripts that refer to any CW's role will be kept confidential consistent with this
25 Order.

26    (f)    The Court retains jurisdiction over the enforcement of this Order for six (6)
27 months after entry of final judgment in this action.

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                                                    - 9 -

1  **VI.   CLASS DISCOVERY**

2       **A.   CLASS REPRESENTATIVES**

3       Plaintiffs shall produce documents regarding class representative discovery by March 7,

4  2005.

5       Defendants' brief in opposition to the motion for class certification shall be due by May 6,

6  2005, and Plaintiffs' reply shall be due by June 13, 2005. The date for oral argument shall be set by

7  the United States District Court Judge Martin J. Jenkins. The parties have requested a hearing date

8  in July 2005 or at the Court's earliest convenience thereafter.

9       **B.   DISCOVERY FROM ABSENT CLASS MEMBERS**

10      Prior to the discovery conference, the Court was informed that Defendants are not currently

11  seeking any discovery from absent class members, but are reserving their right to do so in the future.

12  **VII.   MISCELLANEOUS ADDITIONAL DISCOVERY ISSUES**

13           (a)   All contention interrogatories are stayed until further order of the Court. No

14  response or further response to any outstanding contention interrogatory is required at this time.

15           (b)   Plaintiffs shall produce all documents received from CWs relating to the

16  Defendants and shall identify from which CW the documents were received. The latter information

17  shall be subject to V(F) above.

18           (c)   With respect to Defendants' Interrogatories to Plaintiffs seeking information

19  concerning the individuals and organizations identified in Plaintiffs' Rule 26(a) Initial Disclosures,

20  Plaintiffs are ordered to respond by describing generally what Plaintiffs understand each of the

21  identified witnesses in their Initial Disclosures know about the case. Plaintiffs shall respond to this

22  modified interrogatory within forty-five (45) days of the entry of this Order.

23  **VIII.   RECONCILIATION OF DISCOVERY DISPUTES**

24      As outlined in Judge Jenkins' Amended Pretrial Order of December 17, 2004, the parties

25  shall meet and confer about all discovery disputes and, in the event that they cannot resolve such

26  disputes, each party shall submit a two-page letter brief to the Court outlining the party's position on

27  the issue. All matters relating to the modification of the discovery plan shall be addressed to the

28

AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
MJJ (Consolidated)                                                    - 10 -

1   undersigned.  The parties shall address all future letter briefs to both ~~Judge Jenkins and Magistrate~~

2   ~~Judge Spero.~~  *Per*

3       **IT IS SO ORDERED.**

4

5   DATED:  3/10/05

6                                                    THE HONORABLE JOSEPH C. SPERO
                                                      UNITED STATES MAGISTRATE JUDGE

7

8       **APPROVED AS TO FORM.**

    Submitted by:
9
    DATED:  March 9, 2005
10
    LERACH COUGHLIN STOIA GELLER
11      RUDMAN & ROBBINS LLP
    WILLIAM S. LERACH
12  MARK SOLOMON
    DOUGLAS R. BRITTON
13

14
                        /S/
15              MARK SOLOMON

16  401 B Street, Suite 1600
    San Diego, CA  92101
17  Telephone:  619/231-1058
    619/231-7423 (fax)
18
    LERACH COUGHLIN STOIA GELLER
19      RUDMAN & ROBBINS LLP
    SHAWN A. WILLIAMS
20  WILLOW E. RADCLIFFE
    ELI R. GREENSTEIN
21  JENNIE LEE ANDERSON
    MONIQUE C. WINKLER
22  100 Pine Street, Suite 2600
    San Francisco, CA  94111
23  Telephone:  415/288-4545
    415/288-4534 (fax)
24

25  Lead Counsel for Plaintiffs

26

27

28

    AMENDED [~~PROPOSED~~] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
    MJJ (Consolidated)                                                      - 11 -

1

2   MAYER, BROWN, ROWE & MAW LLP
    ALAN N. SALPETER
3

4

5   _____/ S /_____
              ALAN N. SALPETER
6

7   190 South LaSalle Street, Suite 3900
    Telephone: 312/782-0600
8   312/701-7711 (fax)

    T:\CasesSF\Oracle3\ORD00019094.doc
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    AMENDED [PROPOSED] ORDER SETTING A DISCOVERY PLAN – C-01-0988-
    MJJ (Consolidated)                                                    - 12 -

1    DECLARATION OF SERVICE BY FACSIMILE

2    I, the undersigned, declare:

3    1.    That declarant is and was, at all times herein mentioned, a citizen of the United States

4    and employed in the City and County of San Francisco, over the age of 18 years, and not a party to

5    or interested party in the within action; that declarant's business address is 100 Pine Street,

6    Suite 2600, San Francisco, California 94111.

7    2.    That on March 9, 2005, declarant served by facsimile the **AMENDED**

8    **[PROPOSED] ORDER SETTING A DISCOVERY PLAN** to the parties listed on the attached

9    Service List.

10   3.    That there is a regular communication by facsimile between the place of origin and

11   the places so addressed.

12   I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th

13   day of March, 2005, at San Francisco, California.

14

                                        /s/ Carolyn Burr
15                                      CAROLYN BURR

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE III (LEAD)
Service List - 3/9/2005     (201-064-1)
Page 1 of 1

**Counsel For Defendant(s)**

Donald M. Falk
Lee H. Rubin
Shirish  Gupta
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
  650/331-2000
  650/331-2060 (Fax)

Alan N. Salpeter
Javier H. Rubinstein
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street, Suite 3900
Chicago, IL  60603-3441
  312/782-0600
  312/701-7711 (Fax)

Dorian  Daley
James C. Maroulis
Oracle Corporation
500 Oracle Parkway, Mail Stop 50P7
Redwood City, CA  94065
  650/506-5200
  650/506-7114 (Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Mark  Solomon
Douglas R. Britton
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Sanford  Svetcov
Shawn A. Williams
Willow E. Radcliffe
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the

[Proposed] Order re Discovery Plan that was issued by the United States District Court for the

Northern District of California on March ___, 2005, in the case of: *In re Oracle Corporation*

*Securities Litigation*, Lead Case No. 417511, Case No. C-01-0988-MJJ.

I recognize that I am bound by the terms of that Order and I agree to comply with those

terms. I fully understand that any disclosure of the identities of the confidential witnesses to

anyone other than those individuals expressly permitted by the Order could expose me to

sanctions and punishment in the nature of contempt. I hereby agree to abide by the obligation

and conditions of the Order.

DATED: _____

# EXHIBIT 31



Page 1                    CA-ORCL 023533

NDCA-ORCL 026505

# EXHIBIT 32

[Fwd: [Fwd: 11i Live Customers]]

**Return-Path:** <Jeff.Henley@oracle.com>
**Received:** from mailsun2.us.oracle.com (mailsun2.us.oracle.com [130.35.61.114])by
gmgw03.us.oracle.com (8.8.8□.8.8) with ESMTP id IAA00396for
<stephanie.aas@oracle.com>; Wed, 6 Sep 2000 08:42:56 -0700 (PDT)
**Received:** from gmgw01.us.oracle.com (gmgw01.us.oracle.com [130.35.61.190])by
mailsun2.us.oracle.com (8.9.3/8.9.3) with ESMTP id IAA11440for
<saas@us.oracle.com>; Wed, 6 Sep 2000 08:42:56 -0700 (PDT)
**Received:** from oracle.com (jhenley-pc.us.oracle.com [144.25.176.109])by
gmgw01.us.oracle.com (8.8.8□.8.8) with ESMTP id IAA29540for
<saas@us.oracle.com>; Wed, 6 Sep 2000 08:42:56 -0700 (PDT)
**Message-ID:** <39B665AF.B98DA756@oracle.com>
**Date:** Wed, 06 Sep 2000 08:41:36 -0700
**From:** Jeff Henley <Jeff.Henley@oracle.com>
**Organization:** Oracle Corporation
**X-Mailer:** Mozilla 4.7 [en] (Win95; I)
**X-Accept-Language:** en
**MIME-Version:** 1.0
**To:** saas <saas@us.oracle.com>
**Subject:** [Fwd: [Fwd: 11i Live Customers]]
**Content-Type:** multipart/mixed;boundary="------------BA6E4BB77D3D55E09780CD13"
**X-Mozilla-Status:** 8001
**X-Mozilla-Status2:** 00000000

fyi

_____

ORACLE
CONFIDENTIAL

CA-ORCL 017288

NDCA-ORCL 020544

[Fwd: [Fwd: 11i Live Customers]]

**Return-Path:** <ron.wohl@oracle.com>
**Received:** from mailsun2.us.oracle.com (mailsun2.us.oracle.com [130.35.61.114])by
gmgw01.us.oracle.com (8.8.8□.8.8) with ESMTP id IAA20557;Wed, 6 Sep 2000
08:37:26 -0700 (PDT)
**Received:** from gmgw02.us.oracle.com (gmgw02.us.oracle.com [130.35.60.93])by
mailsun2.us.oracle.com (8.9.3/8.9.3) with ESMTP id IAA09761;Wed, 6 Sep 2000
08:37:19 -0700 (PDT)
**Received:** from oracle.com (tsusr35-132.us.oracle.com [144.25.232.191])by
gmgw02.us.oracle.com (8.8.8□.8.8) with ESMTP id IAA10353;Wed, 6 Sep 2000
08:37:11 -0700 (PDT)
**Message-ID:** <39B6656F.73B5329A@oracle.com>
**Date:** Wed, 06 Sep 2000 08:40:31 -0700
**From:** Ron Wohl <ron.wohl@oracle.com>
**Organization:** Oracle Corporation
**X-Mailer:** Mozilla 4.73 [en] (Win95; U)
**X-Accept-Language:** en
**MIME-Version:** 1.0
**To:** "Ellison,Lawrence" <LELLISON@US.ORACLE.COM>,
"Wohl,Ronald" <RWOHL@US.ORACLE.COM>,
"Catz,Safra" <SCATZ@US.ORACLE.COM>,
"Bloom,Gary" <GBLOOM@US.ORACLE.COM>,
"Roberts,George" <GROBERTS@US.ORACLE.COM>,
"Sanderson,Edward" <ESANDERS@US.ORACLE.COM>,
"Varasano,Frank" <FVARASAN@US.ORACLE.COM>,
"Henley,Jeffrey" <JHENLEY@US.ORACLE.COM>,
"Nussbaum,Jay" <JNUSSBAU@US.ORACLE.COM>,
"Charles,Rozwat" <CROZWAT@US.ORACLE.COM>, sgiacole <sgiacole@ch>
**Subject:** [Fwd: 11i Live Customers]
**Content-Type:** multipart/mixed;boundary="-----------5542C399DF2C55EDFC880BB3"

This past weekend we had 3 more 11i go-lives, bringing us up to 15.

-------- Original Message --------
Subject: 11i Live Customers
Date: Tue, 05 Sep 2000 15:05:47 -0700
From: Mary Ann Anthony <mary-ann.anthony@oracle.com>
Organization: Oracle Corporation
To: "Wohl,Ronald" <RWOHL@US.ORACLE.COM>

Ron, the following are the additional 11i live customers (adding to the
list in the email below):

Inventec (Malaysia) - GL, AR, AR, FA
MobShop.com - GL, AR, AR, PO
Odwalla - Financials, SSE, and IProcurement
YOU (Norway) - GL, AR
Entegra - OM (upgrade)

We believe that Entegra is our first upgrade customer.   We are trying
to find out what other products they are using.

- Mary Ann

ORACLE
CONFIDENTIAL

CA-ORCL 017289

NDCA-ORCL 020545

[Fwd: [Fwd: 11i Live Customers]]

X-Mozilla-Status2: 00000000
Message-ID: <39AB0859.F805B3A1@oracle.com>
Date: Mon, 28 Aug 2000 17:48:26 -0700
From: Mary Ann Anthony <mary-ann.anthony@oracle.com>
Organization: Oracle Corporation
X-Mailer: Mozilla 4.73 [en] (WinNT; I)
X-Accept-Language: en
MIME-Version: 1.0
To: Ron Wohl <ron.wohl@oracle.com>,
    Sergio Giacoletto <Sergio.Giacoletto@oracle.com>
Subject: Re: The 10th live customer of 11i
References: <39A6AF22.B39D91C3@oracle.com> <39A99546.B3AC6A29@oracle.com>
           <39A9E679.D075A4AC@oracle.com>
Content-Type: multipart/mixed;boundary="------------F530AD5A4202A3F5B843B857"

Here's the information that I have about the live customers on 11i:

Broad Band - Financials
CyberSource - Financials
Fidelity - OAB
MetalMaker - iProcurement
PacWest - Financials, PO, INV, HR
RMX - Financials
Silterra - Financials, PO, INV
Value Vision - Financials
Vingage - Financials, INV, PO, OM
ZapMedia - Financials, INV, PO, OM

I'm not aware of any customers who are live on CRM at this time.

- Mary Ann

Ron Wohl wrote:

> Mary Ann has the detail. I believe the first 10 customers are running various parts of ERP. I'm not sure
> if any are running CRM components yet. Mary Ann, can you check and supply Sergio the information
> he is asking for. thanks
>
> Sergio Giacoletto wrote:
>
> > Ron,
> > I would like to know, precisely, which modules are running in each customer.
> > We have a hard time to believe they have ERP and CRM running together.
> > Thanks and regards
> >
> > Ron Wohl wrote:                                        **ORACLE
> >                                                        CONFIDENTIAL**
> > > Congratulations to Gary Van Mook and his team, who have brought our 10th
> > > 11i customer live. The customer is a dot com called Vingage. The
> > > implementation, using the fast forward RPM methodology, was ahead of

CA-ORCL 017290

3

NDCA-ORCL 020546

[Fwd: [Fwd: 11i Live Customers]]

schedule. This customer, by the way, is the second customer
runningOrder Management live.

Mary Ann Anthony <mary-ann.anthony@oracle.com>

ORACLE
CONFIDENTIAL

CA-ORCL 017291

4

NDCA-ORCL 020547

# EXHIBIT 33

**For Immediate Release**

Contacts:      Carol Sato                          Aimée Brainard
               Oracle Corp.                        Applied Communications
               650/633-5551                        415/365-0222
               csato@us.oracle.com                 abrainard@appliedcom.com

## ORACLE SHIPS 11i, INDUSTRY'S FIRST INTEGRATED E-BUSINESS SUITE

**Built-in Integration in Third-Generation Oracle Internet Applications Suite
Completely Eliminates Largest Cost and Risk Factor Associated with Enterprise Application
Implementations**

REDWOOD SHORES, Calif., May. 24, 2000 — (http://www.oracle.com/tellmemore/?205874) Oracle
Corp., the largest provider of software for e-Business, today announced immediate availability of
the Oracle® E-Business Suite 11i, the industry's first fully-integrated e-Business applications
suite. The entire E-Business Suite is available today, adding Customer Relationship
Management (CRM) and Order Management components to the already available 11i financials,
human resources, manufacturing, procurement, projects and supply chain offerings. Oracle E-
Business Suite 11i provides out-of-the-box integration of e-Business applications throughout the
extended enterprise from customers and partners to suppliers. This allows companies to
completely automate their e-Businesses from web selling and marketing, all the way through to
Internet supply chain and procurement.

Using other vendors' software, anyone trying to achieve the breadth of functionality
offered by 11i would be forced to undertake expensive and risky custom integrations of several
partial solutions such as Siebel, Ariba, Commerce One or SAP. These integration projects often
cost in the tens or even hundreds of millions of dollars. With Oracle E-Business Suite 11i, all
this integration expense and risk is avoided because the suite comes with out-of-the-box
integration as well as robust functionality in each key business area. This integration not only

**ORACLE
CONFIDENTIAL**            **CA-ORCL 011344**

eliminates cost and risk but also provides much better information with which to run a business. Key business processes become much simpler, for example, turning a sales quote into an order that updates available-to-promise totals in inventory. This tight integration is also necessary to achieve a complete view of the impact that customer-related activities have throughout the enterprise. The Oracle E-Business Suite also gives companies complete information about their customers because all parts of the suite share the same customer information.

As Oracle's third-generation 100% Internet applications solution, Oracle e-Business Suite 11*i*, leverages new Internet business practices that allow companies to put their customer interactions, internal operations and supply chains online. These new business practices have emerged as the key to e-Business success, allowing companies to leverage the Internet to expand their markets, retain and strengthen relationships with customers, and increase business efficiency. Additionally, the E-Business Suite, requires only a browser on the desktop and features an intuitive browser interface.

Today, Oracle is the only vendor to offer a fully integrated and comprehensive suite of e-Business applications. Specifically, Oracle E-Business Suite 11*i*, allows companies to:

- sell more at lower cost with integrated web store, telesales and field sales,
- raise customer satisfaction through integrated call center and web-based self-service,
- buy goods and services at lowest cost with Internet Procurement and electronic exchanges,
- lower inventory levels and speed fulfillment through Internet supply chain optimization,
- eliminate administrative costs with comprehensive self-service and
- reduce time to benefit and IT costs with an integrated suite.

The Oracle E-Business Suite also supports global operations, multiple languages, multiple currencies and Internet business practices, all from a single global system. Customer interactions can be synchronized over the web, email, field and call center, enabling businesses to offer their customers greater flexibility — and ultimately greater satisfaction — in terms of how they communicate with the company. Truly global operations can be achieved through real-time business intelligence via a single, centralized information set. Additionally, companies can adopt Oracle E-Business Suite 11*i* in a matter of days rather than months, by deploying either the modular, integrated offerings, bundled solutions, or Oracle's hosting services.

**ORACLE**
**CONFIDENTIAL**

CA-ORCL 011345

"Today marks the end of the ERP era and the beginning of the e-Business era," said Ron Wohl, executive vice president, Oracle Applications Division. "When given the choice, any business would prefer e-Business applications that are already integrated rather than undertake the custom integration effort themselves. We are pleased to offer state-of-the-art e-Business practices throughout the entire suite, enabling each of our customers to improve their business operations extremely rapidly."

"As the Internet continues to revolutionize traditional business practices, companies are presented with new opportunities to manage their customers and partners, improving customer service while increasing company profitability," said Mark Barrenechea, senior vice president, CRM products division. "For example, because the Oracle E-Business Suite is the only one that combines tightly integrated ERP and CRM, Oracle can offer its customers the ability to manage key customer processes, such as 'campaign to order, order to cash,' -- the ability to design and execute a marketing campaign, ship the order and collect payment, all from the same system. With the Oracle E-Business Suite, the sales process can be kept 100% electronic."

The Oracle E-Business Suite 11i, is available immediately either as a complete suite or on a standalone basis in key business areas. Key application modules have experienced significant customer acceptance as indicated by consistent growth over the past year. In Oracle's most recently announced quarter, Oracle Internet Procurement license sales have grown by 231%, while growth rates of Oracle's CRM products posted 179% growth.

**About Oracle**

Oracle Corporation provides the software that powers the Internet.

For more information about Oracle, please call Oracle Public Relations at 650/506-4176.

# # #

**Trademarks**

Oracle is a registered trademark of Oracle Corporation. Other names may be trademarks of their respective owners.

**ORACLE
CONFIDENTIAL**