# Exhibit 493

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
415-774-2611
415-982-5287 (fax)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| In re ORACLE CORPORATION SECURITIES LITIGATION | Case No. C-01-09888-MJJ (JCS) |
|---|---|
| | **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS CONCERNING ORACLE CORPORATION'S STOCK REPURCHASE PROGRAM** |

On October 30, 2006, Plaintiffs submitted a motion to compel Defendants Oracle Corporation ("Oracle"), Lawrence J. Ellison, Jeffrey O. Henley and Edward J. Sanderson (collectively, "Defendants") to produce documents concerning Oracle's stock repurchase program. Defendants' opposition to the motion was submitted on November 13, 2006. Plaintiffs' reply was submitted on November 20, 2006. The Special Master has considered the papers and the arguments of counsel and rules as follows:

<u>Background</u>

On December 9, 2004, Plaintiffs propounded upon Defendants their first set of requests for production of documents. Request 31 seeks production of "all documents and communications concerning the preparation and filing of Oracle's Second and Third quarter fiscal 2001 Forms 10-Q, including, but not limited to, all documents and communications relating to its line item 'cash advances and unearned revenue.'" Request 48 seeks production of:

> All documents relating to any meetings of the Board or any committees thereof (including the SLC) or any committees or groups which reported to the Board (including the executive management committee), including all Board packets, documents, or other materials reviewed by the board, any of its committees, or any groups reporting to the Board, all notes taken during any such meetings, and all documents memorializing any such meetings.

1

Defendants objected to request 31 on the grounds that the request is "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Defendants objected to request 48 on the grounds that it is "overbroad, [and] unduly burdensome."

Both Oracle's 10-Q filings and Board minutes address Oracle's stock repurchase program. Oracle's 10-Q filings state that "[t]he Company's Board of Directors has approved the repurchase of its Common Stock." Discussion of the stock repurchase program in the Board of Directors meeting minutes have been wholly redacted, or not produced at all. *See* Britton Decl., Ex. 9 at NDCA-ORCL 043496.

On March 10, 2005, Judge Spero issued an Amended Order Setting a Discovery Plan ("the Discovery Plan"). With respect to insider trading, the Discovery Plan provides that:

> Subject to the Court's ruling on SCOPE, Defendants shall produce documents and communications regarding Defendants' sales or contemplated sales of Oracle securities during January 2001. These documents shall include Defendants' option agreements, the reasons and timing of their sales, and the Company's policies and procedures regarding trading and options.

*Id.*, Ex. 3 at 5.

On October 13, 2006, after the discovery cut-off, Plaintiffs requested that Defendants produce documents concerning the stock repurchase program, citing requests 31 and 48 and the insider trading portion of the Discovery Plan. On October 17, 2006, Defendants informed Plaintiffs that they would not produce stock repurchase program documents because they "are not relevant to this case," and that Defendants "did not sell shares to Oracle Corporation as part of any stock repurchase program." *Id.*, Ex. 11. In the present motion, Plaintiffs seek an order compelling Defendants to produce documents concerning Oracle's stock repurchase program, specifically including all authorizations regarding repurchases within the relevant time and documents detailing the date and amount of each trade.

<u>Legal Standard</u>

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to

lead to the discovery of admissible evidence." *Id.* "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. Proc. 26(b)(1).  "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

"Any party may serve on any other party a request .. to produce and permit the party making the request … to inspect … any designated documents or electronically stored information … which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served."  Fed.R.Civ.P. 34(a).  "If a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request."  Fed.R.Civ.P. 37(a)(2)(B).

<u>Discussion</u>

Plaintiffs contend that Oracle's stock repurchase program documents are relevant to Plaintiffs' insider trading claims because the repurchase of significant quantities of Oracle stock by Oracle would mitigate any downward pressure on stock price created by the sale of over 30 million shares of stock by Defendants Ellison and Henley.  By timing the sale of their stock to coincide with the Oracle repurchase of millions of shares of stock, Plaintiffs assert that Defendants Ellison and Henley effectively manipulated the price they received for their stocks.[1] Plaintiffs assert that documents concerning Oracle's stock repurchase program fall within the scope of requests 31 and 48 because both the 10-Q filings and the board meetings, which are referenced in the requests, specifically refer to the stock repurchase program.  Plaintiffs also

---

[1] Plaintiffs assert that Daniel Cooperman, Oracle's General Counsel, recently further testified that the stock repurchase program was authorized by the Board of Directors and that Defendant Henley was involved with execution of the stock repurchase program.  Britton Decl., Ex. 1 at 158, 160-161.

assert that documents regarding Oracle's repurchase program fall within the scope of the Discovery Plan because the Discovery Plan makes specific reference to documents that discuss "the reasons and timing of [Defendants' Oracle securities] sales." Plaintiffs contend that documents relating to the Oracle's stock repurchase program concern "the reason and timing" of Defendants' stock sales.

Defendants contend that documents concerning Oracle's stock repurchase program were never properly requested by Plaintiffs under Rule 34 and therefore their production cannot be compelled. Defendants assert that even if documents relating to Oracle's stock repurchase program had been properly requested, the documents are not relevant, and that the burden outweighs the benefit of producing these documents.

In reply, Plaintiffs assert that: (1) Ellison and Henley knew the details of the stock repurchase program, and improperly used it to their financial advantage; (2) repurchase documents are relevant and material; and (3) repurchase documents are properly called for under the Discovery Plan and Plaintiffs' requests for production.

The initial question for the Special Master is whether the Discovery Plan or Plaintiffs' requests for production require or request Defendants to produce documents concerning Oracle's stock repurchase program. The Discovery Plan required Defendants to produce documents and communications regarding Defendants' sales or contemplated sales of Oracle securities during January 2001. This requirement does not encompass documents concerning Oracle's stock repurchase program.

Request 31 seeks production of "all documents and communications concerning the preparation and filing of Oracle's Second and Third quarter fiscal 2001 Forms 10-Q, including, but not limited to, all documents and communications relating to its line item 'cash advances and unearned revenue.'" Request 31 does not encompass documents concerning Oracle's stock repurchase program.   To the extent that the request could be viewed to include the documents requested in the motion, the request would be overbroad.  Request 48 seeks production of  all documents relating to any meetings of the Board … including all Board packets, documents, or other materials reviewed by the Board." Request 48 likewise does not encompass documents concerning Oracle's stock repurchase program, and to the extent it did, the request would be overbroad.   In sum, Plaintiffs did not properly request production of documents concerning

Oracle's stock repurchase program prior to the discovery cut-off. Plaintiffs' motion to compel production of such documents therefore is improper.

Moreover, even assuming the documents had been properly requested, Plaintiffs have failed to establish the relevance of the requested documents. Accordingly, Plaintiffs' motion to compel production of documents concerning Oracle's stock repurchase program is DENIED.

IT IS SO ORDERED.

Dated:   *12-14-06*

Hon. Edward A. Infante (Ret.)
Special Master