LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM AND WATKINS LLP
  Sean M. Berkowitz (*admitted pro hac vice*)
233 South Wacker Drive
Chicago, Il 60606
Phone: (312) 876-7700
Fax: (312) 993-9767
Email: sean.berkowitz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-SI (Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST LAWRENCE ELLISON FOR TRADING ON THE BASIS OF NON-PUBLIC INFORMATION**<br><br>Honorable Susan Illston<br>Hearing Date: February 13, 2009<br>Time: 9:00 a.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

Defendants object to the following evidence and materials submitted by Plaintiffs in connection with their Motion For Summary Judgment Against Lawrence Ellison For Trading On The Basis Of Non-Public Information ("Motion") and their Reply in Support of their Motion For Summary Judgment Against Lawrence Ellison For Trading On The Basis Of Non-Public Information ("Reply"). Defendants note that much of Plaintiffs' evidence is irrelevant, cited out of context, incomplete, misleading, prejudicial, and otherwise inadmissible. Because much of this evidence is immaterial and irrelevant, Defendants have not specifically objected to all of Plaintiffs' improper evidence. Defendants, however, reserve the right to amend, modify, or raise additional objections prior to or at the hearing on the motions for summary judgment. Defendants also reserve the right to object to any of Plaintiffs' evidence cited in their Motion and Reply should they offer the evidence at trial or for any other purpose (even if such evidence is not specifically objected to herein).

## I. GENERAL OBJECTION

Defendants object to any evidence cited by Plaintiffs that relates to their allegations concerning a license transaction with Hewlett-Packard ("HP") because the evidence is irrelevant. The HP transaction was not pled in Plaintiffs' Revised Second Amended Complaint, and, as a consequence, Special Master Infante specifically ruled that the transaction was not within the proper scope of discovery. *See* Ex. 232 to Defendants' Motion for Summary Judgment at 14:11-16:5. Thus, all evidence relating to such a transaction should be stricken, including, but not limited to, Exhibits 48, 52-57, 109, 116, 152, and Exhibit W at 521:10-524:21.

## II. SPECIFIC OBJECTIONS

### A. Evidence Submitted In Connection With Plaintiffs' Amended Motion for Summary Judgment Against Lawrence Ellison

| Exhibit | Objections |
|---|---|
| **Ex. 3 at Ex. B** [Bloomberg News: *Oracle Shares Rise After Reporting Higher 2nd Quarter Profit*, 12/15/2000] | • Hearsay (FRE 802). The evidence is a purported statement by Larry Ellison paraphrased in a news article. It is an out-of-court statement offered to prove the truth of the matter asserted, namely that Ellison stated that the "economic slowdown isn't hurting Oracle . . .." Mot. at 4. No hearsay exceptions apply. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| | | |
|---|---|---|
| 1 2 3 4 | **Ex. 3 at Ex. C [Bloomberg News:** *Oracle CEO Says He Plans to Sell $33 Million in Stock*, **1/11/2001]** | • Hearsay (FRE 802). The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No hearsay exceptions apply. |
| 5 6 7 | **Ex. 3 at Ex. D [Bloomberg News:** *Oracle Shares Fall on Concern Earnings Outlook May Turn Grim*, **2/9/2001]** | • Hearsay (FRE 802). The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No hearsay exceptions apply. |
| 8 9 10 11 | **Ex. 4 [Deutsche Banc Alex Brown Inc.:** *Oracle Corporation Strong Buy, Visit with Management*, **2/8/2001 (NDCA-ORCL 091536-38)]** | • Hearsay (FRE 802). The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No hearsay exceptions apply. |
| 12 13 14 | **Ex. 5 [First Union Securities, Inc.:** *Management Indicates Final Weeks of February Critical to Quarter*, **2/8/2001 (NDCA-ORCL 091531-32)]** | • Hearsay (FRE 802). The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No hearsay exceptions apply. |
| 15 16 17 18 | **Ex. 6 [TheStreet.com:** *The TSC Streetside Chat: Oracle's Executive Vice President Sandy Sanderson Jr.*, **1/20/2001 (NDCA-ORCL 141672-77)]** | • Hearsay (FRE 802). The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Sanderson told an analyst on or about January 20, 2001 that "Our pipelines are strong, we're well-positioned from a products perspective, and so it's all about execution." Mot. at 4. No hearsay exceptions apply. |
| 19 20 21 22 | **Ex. 7 [Salomon Smith Barney:** *Company Report*, **1/10/2001]** | • Hearsay (FRE 802). The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No hearsay exceptions apply. |
| 23 24 25 | **Ex. 8 [William Blair & Company Analyst Report (WBC 0012-13]** | • Hearsay (FRE 802). The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No hearsay exceptions apply. |
| 26 27 28 | **Ex. 9 [Email string from D. Cooperman to A. Clark re: Financial analyst coverage of Apps World, 2/27/2001** | • Hearsay (FRE 802). The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| | | |
|---|---|---|
| 1 | (NDCA-ORCL 069388-91)] | hearsay exceptions apply. |
| 2 | **Ex. 10 [CIBC World Markets Corp.,** *ORCL: App World - Upbeat Conference, but no Cajun Spice*, **2/23/2001 (NDCA-ORCL 091429-31)]** | • Hearsay (FRE 802). The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No hearsay exceptions apply. |
| 3 | **Ex. 11 [First Union Securities, Inc.,** *Report From Apps World 2001*, **2/21/2001 (NDCA-ORCL 091447-9)]** | • Hearsay (FRE 802). The evidence, an analyst report, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Mot. at 4. No hearsay exceptions apply. |
| 4 | **Ex. 12 [***Softwar– An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004]** | • Hearsay (FRE 802 and 805). To the extent Plaintiffs offer it for its truth (*see, e.g.,* Mot. at 4, 6, 7, 9-10, 13, 16-19, 24, 26-27, 36-38, 44, 46-47; Reply at 3, 5, 7, 9, 15, 17), *Softwar* constitutes hearsay – an out of court statement by its author, Matthew Symonds. Moreover, certain portions of the book cited by Plaintiffs for their truth, such as quotations of third parties, constitute hearsay within hearsay. No hearsay exceptions apply.<br><br>• Lacks Foundation (FRE 602). To the extent Plaintiffs cite Symonds statements and conclusions – years after the fact – in *Softwar* as "evidence" that the market attributed Oracle's 3Q01 earnings miss to "problems" with Suite 11i (*see* Mot. at 46, 47; Reply at 18 (citing Pls.' 20A Ex. 12 at 201)), this evidence is speculation, and must be stricken for lack of personal knowledge. |
| 5 | **Ex. 13 [Email string from I. Guner to M. Barrenechea,** *et al.* **re: Thanks for taking my call: The Daily Business Close, 1/8/2002 (NDCA-ORCL 132078-80)]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the alleged truth of the matter asserted that the Potential forecast was simply extrapolated or inaccurate. Mot. at 5. No hearsay exceptions apply. |
| 6 | **Ex. 14 [SLC Interview Memorandum Excerpt of J. Minton (NDCA-ORCL 609540-2)]** | • Hearsay (FRE 802 and 805). The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the alleged truth that the Potential forecast was extrapolated or inaccurate. Mot. at 5. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| 7 | **Ex. 17 [Email from P. McManus to J. English re: Draft: New terminology on Forecasting, 10/6/2000 (NDCA-ORCL 203681-3)]** | • Hearsay (FRE 802 and 805). The evidence is an email reiterating a purported statement made by Ellison. It is an out-of-court statement offered to prove the truth of the matter asserted, and thus constitutes hearsay not subject to any exception. Mot. at 5; Reply at 10, 11. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| | | |
|---|---|---|
| 1 2 3 4 | **Ex. 22 [Matthew Symonds, *Softwar - The Rewards of Recklessness: A Portrait of Larry Ellison and Oracle Corporation at War* (NDCA-ORCL 1053564-77)]** | • Hearsay (FRE 802). Plaintiffs cite statements and conclusions of Matthew Symonds in promotional materials for *Softwar* for the truth of the matters asserted – namely several propositions regarding the state of the economy. Mot. at 6; Reply at 17 n.22. It therefore constitutes hearsay not subject to any exception. |
| 5 6 7 | **Ex. 32 [Bloomberg News: *Oracle Shares Fall on Concern Earnings Outlook May Turn Grim*, 2/9/2001]** | • Hearsay (FRE 802). The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle touted Suite 11i as insulating its business from an economic downturn. Mot. at 9 n.6. No hearsay exceptions apply. |
| 8 9 10 11 12 13 14 15 16 17 | **Exs. 33, 34, 35 and 36 [Emails regarding alleged customer complaints and/or requests for concessions]** | • Hearsay (FRE 802 and 805). Because they are offered to prove the facts asserted by third-party customers (*see* Mot. at 11), evidence of customer complaints and requests for concessions are hearsay, and inadmissible to prove any defects in Suite 11i. Fed. R. Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay."). The same is true of internal Oracle emails relaying complaints. Even if the statements by Oracle's employees are considered non-hearsay admissions, to the extent they relay hearsay statements by third-party customers, those out-of-court statements constitute hearsay not subject to any exception. *Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (customer complaints memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay). |
| 18 19 20 | **Ex. 51 [Time Magazine Article, "The Next Richest Man in the World," 11/13/00]** | • Hearsay (FRE 802 and 805). Plaintiffs offer this out-of-court statement in a news periodical for the truth of the proposition that Oracle CFO Jeff Henley was "sputtering mad" (author's characterization) about the price of Oracle's stock. Mot. at 14. It is therefore inadmissible hearsay not subject to any exception. |
| 21 22 23 24 | **Ex. 55 [Email from K. Montague to S. Hickey, *et. al.* re: CRM Licenses, 7/12/2001 (HP 00019-21)]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is cited for the alleged truth that the HP "licenses were bought as an 'incentive' for Oracle to help us increase HP's revenue." Mot. at 15. The email was written by a non-Oracle employee. |
| 25 26 27 28 | **Ex. 56 [11/30/2000 Letter Agreement Between Oracle Corp. and Hewlett-Packard Co., Containing Undated, Handwritten Notes (NDCA-ORCL 020839-43)]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is cited for the alleged proposition that "[e]ven Sanderson questioned the integrity of the 'real story' behind the HP deal." Mot. at 15; Reply at 8. Sandy Sanderson testified that these notes likely reflected comments or feedback |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| | | |
|---|---|---|
| | | made by someone with whom he was having a telephone conversation – they were not his own statements. *See* Pls.' 20A Ex. W at 522:11-15. |
| | **Ex. 58 [Salomon Smith Barney analyst report (NDCA-ORCL 308931-34)]** | • Hearsay (FRE 802). Plaintiffs offer the out-of-court statement made in this financial analyst report regarding Suite 11i for its truth. Mot. at 15; Reply at 9. It is therefore inadmissible hearsay not subject to any exception. |
| | **Ex. 72 [Los Angeles Times: *Telecom Firms' Woes Growing on Several Fronts*, 1/27/2001]** | • Hearsay (FRE 802). To the extent the evidence is offered to prove the truth of the contents of the article, it is hearsay not subject to any exception. Mot. at 21 n.11. |
| | **Ex. 73 [Plaintiffs' Summary of Purported Lost Big Deals]** | • Improper Summary (FRE 1006). Exhibit 73 is a chart created by Plaintiffs summarizing their interpretation of what constitutes a "lost big deal." The underlying evidence upon which the chart purportedly relies is not so voluminous that the underlying documents cannot be presented to the court for inspection. The chart is also an improper summary as it does not accurately represent the underlying evidence on which the chart is purportedly based. Indeed, rather than summarizing evidence, it is counsel's argument as to what that evidence supposedly means. |
| | **Ex. 80 [Associated Press Article: *Lucent to Cut 10,000 Jobs to Fight Huge Loss*, 1/24/2001]** | • Hearsay (FRE 802). To the extent the evidence is offered to prove the truth of the contents of the article, it is hearsay not subject to any exception. Mot. at 21 n.11. |
| | **Ex. 88 [SLC Interview of P. Simon, 7/22/2002]** | • Hearsay (FRE 802). The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of several matters asserted, including that Ellison instructed Simon to sell 40 million shares of Oracle stock. Mot. at 22, 24-25, 30 n.16, 33, 41, 43; Reply at 15 n.19. It is hearsay not subject to any exception. |
| | **Ex. 93 [The Wall Street Journal: *Sun Microsystems' Profit Climbs by 91%*, 1/19/2001]** | • Hearsay (FRE 802). To the extent the evidence is offered to prove the contents contained in the news article, the evidence is hearsay not subject to any exception. Mot. at 24 n.12; Reply at 17 n.22. |
| | **Ex. 102 [SLC Interview Memorandum of L. Ellison, 9/20/2002 (NDCA-ORCL 609765-80)]** | • Hearsay (FRE 802 and 805). The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted, namely whether Ellison took Simon's advice to diversify his assets and pay down debt. Mot. at 26, 43. No hearsay exceptions apply. It is also hearsay within hearsay. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| | | |
|---|---|---|
| | **Ex. 103** [Vanity Fair Article: *Absolutely Excessive!*, October 2005] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Ellison used the proceeds from his stock sales to fund the construction of his yacht and home. Mot. at 26, 44. No hearsay exceptions apply. |
| | **Ex. 111** [List of Purported Stock Repurchases (NDCA-ORCL 117400)] | • Hearsay (FRE 802). To the extent this evidence is cited for the proposition that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price (the exhibit does not so indicate, but is nonetheless cited for that proposition), it is an out-of-court statement offered to prove the truth of the matter asserted. Mot. at 42 n.21; Reply at 15 n.21. No hearsay exceptions apply. |
| | **Ex. 112** [Plaintiffs' Timeline of Purported 3Q01 Events] | • Improper Summary (FRE 1006). Exhibit 112 is a Timeline that Plaintiffs created that purports to summarize several events during 3Q01. The timeline does not indicate the underlying evidence, if any, upon which it is based. For example, it cites "negative press coverage . . . regarding Suite 11i" on 2/9/01 without any indication of what that news could be, or whether it is supported by admissible evidence at all. As such, the Court cannot evaluate the accuracy of Plaintiffs' summary timeline. Moreover, since Plaintiffs have not identified this evidence, they have not shown it is so voluminous it cannot be presented to the court for inspection. |
| | **Ex. 123** [Oracle Corporation Fax Message from R. Campos to J. Russo, 4/5/2002 (PLF-ORC 001633)] | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is offered to prove "Oracle created fictitious invoices or 'debit memos' and applied the customer cash to those fake 'debit memo' invoices to make it appear as if the money was paid by customers for legitimate Oracle sales." Mot. at 17; Reply at 8.<br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Campos testified that he did not know what debit memos were. Campos Dep. at 163:12-164:22. |
| | **Ex. 123.1** [Oracle Corporation Fax Message from R. Campos to J. Russo, 3/27/2002 (PLF-ORC 001367)] | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is offered to prove "Oracle created fictitious invoices or 'debit memos' and applied the customer cash to those fake 'debit memo' invoices to make it appear as if the money was paid by customers for legitimate Oracle sales." Mot. at 17; Reply at 8.<br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| Exhibit | Objections |
|---|---|
| | Campos testified that he did not know what debit memos were.   Campos Dep. at 163:12-164:22. |
| **Ex. H [Excerpts from Delaware Deposition Transcript of J. Nussbaum, 3/23/2004]** | • Hearsay (FRE 802).  The cited evidence, portions of deposition testimony taken in another case, constitute out-of-court statements offered to prove the truth of the matters asserted – namely that Suite 11i was purportedly released too early, among other things.  Mot. at 10, 21 n.11, 38; Reply at 6 n.9, 12 n.17.  Nussbaum's deposition testimony was taken when he was not an Oracle employee and thus is not a party admission. *See* FRE 802(d)(2)(D).  In Nussbaum's deposition in this case, he was not asked to affirm the portion of the Delaware deposition transcript cited by Plaintiffs.  It is thus hearsay and no exceptions apply. |

### B.   Evidence Submitted In Connection With Plaintiffs' Reply in Support of Their Motion for Summary Judgment Against Lawrence Ellison

| **Exhibit** | **Objections** |
|---|---|
| **Ex. 127 [Hearing Transcript of Defendants' Motion for Summary Judgment in Delaware Derivative Case, 9/2/2004]** | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the truth of the matter asserted that "Ellison's statement on the March earnings call that Oracle was ahead at the end of January 'just wasn't true because the Potential Forecast 'said he was going to miss.'"  Reply at 2 n.5.  No hearsay exceptions apply. |
| **Ex. 134 [SLC Interview Memorandum of J. Minton (NDCA-ORCL 611341)]** | • Hearsay (FRE 802 and 805).  The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the alleged truth that the Potential forecast was extrapolated or inaccurate.  Reply at 4, 11, 11 n.15.  The interview memorandum also contains hearsay within hearsay.  No hearsay exceptions apply. |
| **Ex. 135 [Plaintiffs' Summary of NASDAQ Average, Oracle License Revenue From dot.com Customers, and Oracle License Growth]** | • Improper Summary (FRE 1006).  Exhibit 135 is a chart created by Plaintiffs that appears to summarize – from Oracle's fiscal 1Q00 through 3Q01 – the NASDAQ Average, Oracle's licensing revenue from dot.com customers and Oracle's license growth.  This summary does not indicate the underlying evidence, if any, upon which it is based.  As such, the Court cannot evaluate the accuracy of Plaintiffs' summary.  Moreover, since Plaintiffs have not identified this evidence, they have not shown it is so voluminous it cannot be presented to the court for inspection.  The chart is also improper Under FRE 1006 because it includes counsel's argument as to what that evidence supposedly means (for example, by noting:  "Averages used to more accurately reflect quarterly trends."). |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | **Exs. 141, 143, 147** **[Emails regarding alleged customer complaints and/or requests for concessions]** | • Hearsay (FRE 802 and 805). Because they are offered to prove the facts asserted by third-party customers (*see* Reply at 7 n.11), evidence of customer complaints and requests for concessions are hearsay, and inadmissible to prove any defects in Suite 11i. Fed. R. Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay."). The same is true of internal Oracle emails relaying complaints. Even if the statements by Oracle's employees are considered non-hearsay admissions, to the extent they relay hearsay statements by third-party customers, those out-of-court statements constitute hearsay not subject to any exception. *Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (customer complaints memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay). |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 | **Ex. 142 [Undated Document From Kuldeep Khanijow to "Mark"] (NDCA-ORCL 1024723-25)]** | • Lacks Authentication (FRE 901). Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. The document reflects no date of creation, no identifiable recipient, and it is unclear even what the document purports to be. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. Thus Exhibit 142 is inadmissible for lack of authentication. |
| 19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | **Ex. 144 [March 12, 2001 Document Titled "Oracle Exchange Critical Accounts Conference Call Agenda"] (NDCA-ORCL 1026001-5)]** | • Lacks Authentication (FRE 901). Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. The document reflects no date of creation and no identifiable recipient or author. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. Thus Exhibit 144 is inadmissible for lack of authentication. |
| 27<br>28 | **Ex. 148 [Undated Document Titled "Zapmedia.com"] (NDCA-** | • Lacks Authentication (FRE 901). Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| | | |
|---|---|---|
| | ORCL 1034310-11)] | in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. The document reflects no date of creation and no identifiable recipient or author. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. Thus Exhibit 148 is inadmissible for lack of authentication. |
| | **Ex. 149** [Undated Document Titled "Zapmedia, Inc."] (NDCA-ORCL 1056885-6)] | • Lacks Authentication (FRE 901). Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. Thus Exhibit 149 is inadmissible for lack of authentication. |
| | **Ex. 155** [Undated Document Regarding "Procurement" (NDCA-ORCL 100541)] | • Lacks Authentication (FRE 901). Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. The document reflects no date of creation, no identifiable recipient, and it is unclear even what the document purports to be. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. Thus Exhibit 155 is inadmissible for lack of authentication. |
| | **Ex. 156** [Email from S. Sanderson to S. Gunningham *et al.* re: License Revenue Forecast Accuracy, 9/19/2000] | • Hearsay (FRE 802). The evidence is an out-of-court statement, reiterating another out-of-court statement, offered to prove the matter asserted that Sanderson discussed methods for "implementing Ellison's [purported] directive" regarding the forecast. Reply at 10. No hearsay exceptions apply. |
| | **Ex. 158** [Plaintiffs' "Spoliation" Chart] | • Improper Summary (FRE 1006). Exhibit 158 is a chart created by Plaintiffs that appears to summarize what they contend were Defendant's document preservation efforts in this litigation. This summary does not indicate the underlying evidence, if any, upon which it is based. As such, the Court cannot evaluate the accuracy of Plaintiffs' summary. Moreover, since Plaintiffs have not identified this evidence, they have not shown it is so |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

| | | |
|---|---|---|
| | | voluminous it cannot be presented to the court for inspection.  The chart is also improper Under FRE 1006 because it includes counsel's argument as to what that evidence supposedly means (for example, by noting:  that various preservation notices were "Unsubstantiated."). |
| | **Ex. 176 [Email from K. Houston to "wwpr1_us,"** *et al.* **re: Suggested Messages for 11i Quality Issues, 3/21/2001 (NDCA-ORCL 158595-6)]** | • Hearsay (FRE 802).  The evidence, an email referencing alleged stories about Suite 11i quality issues, is an out-of-court statement offered to prove the truth of the matter asserted – namely, that unidentified "stories" allegedly linked Oracle's lower than expected applications sales to such quality issues.  Reply at 18.  As such, it constitutes hearsay not subject to any exception.<br><br>• Lacks Authentication (FRE 901).  Plaintiffs have failed properly to authenticate the document.  Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims."  Plaintiffs have not, and cannot, make such a showing with respect to this document.  Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901.  Thus Exhibit 176 is inadmissible for lack of authentication.<br><br>• Lacks Foundation (FRE 602).  To the extent Plaintiffs cite the statements made by Oracle public relations employees about unidentified "stories" as evidence that the Oracle and the market attributed Oracle's 3Q01 earnings miss to "problems" with Suite 11i (*see* Reply at 18), such statements lack foundation as to what reasons either Oracle or the market attributed to the miss. |
| | **Ex. 177 [Email from L. Rubin J. Summers,** *et al.***, re: URGENT for REVIEW: Gartner Take on Earnings: analysis for review, 3/22/2001 (NDCA-ORCL 064535-40)]** | • Hearsay (FRE 802).  The evidence, an email forwarding an unpublished draft of an analyst report regarding Suite 11i quality issues, is an out-of-court statement offered to prove the truth of the matter asserted – namely, that alleged Suite 11i quality issues may have impacted Oracle's 3Q01 earnings.  Reply at 18.  As such, this evidence constitutes hearsay not subject to any exception.  Plaintiffs offer no evidence that this report was ever published or, if it was published, that the author reached the same conclusions reflected in this draft.  Thus, there is no suggestion that the market became aware of the alleged "truth" of the contents for which Plaintiffs offer this out-of-court statement. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI

Dated: February 9, 2009

Respectfully submitted,

LATHAM & WATKINS LLP
   Peter A. Wald
   Sean M. Berkowitz
   Patrick E. Gibbs

By: _____ /S/ _____
   Patrick E. Gibbs

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

SF\690339.1

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
MOTION FOR SUMMARY JUDGMENT AGAINST ELLISON
Master File No. C-01-0988-SI