LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
  Sean M. Berkowitz (*admitted pro hac vice*)
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 876-7700
Fax: (312) 993-9767
E-mail: sean.berkowitz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE
J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS) (Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable Susan Illston<br>Hearing Date: February 13, 2009<br>Time: 9:00 a.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-SI

1   Defendants object to the following evidence and materials submitted by Plaintiffs in
2  connection with their Opposition to Defendants' Motion for Summary Judgment.  Defendants
3  note that much of Plaintiffs' evidence is irrelevant, cited out of context, incomplete, misleading,
4  prejudicial, and otherwise inadmissible.  Because much of this evidence is immaterial and
5  irrelevant, Defendants have not specifically objected to all of Plaintiffs' improper evidence.
6  Defendants, however, reserve the right to amend, modify, or raise additional objections prior to
7  or at the hearing on Defendants' Motion for Summary Judgment.  Defendants also reserve the
8  right to object to any of Plaintiffs' evidence submitted with their opposition to Defendants'
9  Motion for Summary Judgment should they offer the evidence at trial or for any other purpose
10 (even if such evidence is not specifically objected to herein).

## I.    GENERAL OBJECTION

Defendants object to any evidence cited by Plaintiffs that relates to their allegations concerning a license transaction with Hewlett-Packard ("HP") because the evidence is irrelevant. The HP transaction was not pled in Plaintiffs' Revised Second Amended Complaint, and, as a consequence, Special Master Infante specifically ruled that the transaction was not within the proper scope of discovery.  *See* Ex. 232 to Defendants' Motion for Summary Judgment at 14:11-16:5.  Thus, all evidence relating to such a transaction should be stricken, including, but not limited to, Exhibits 25, 57-65, 180-184, 188, and Exhibits A at 46:16-47:17, 290:12-19, N at 59:17-21, 62:3-6, K at 503:2-5, 521:6-523:11, P at 328:21-330:5, 332:7-334:1, 338:19-340:21, 343:20-25, O at 112:6-8, K at 503:2-5, N at 60:23-61:1, 62:10-13 MMM (HP Deposition) at *passim*.

## II.   SPECIFIC OBJECTIONS

| Exhibit | Objections |
|---|---|
| **Ex 5** [SLC Interview Memorandum of T. Williams (Interview 3), 11/12/2002 (NDCA-ORCL 313777-84)] | • Hearsay (FRE 802).  The cited evidence constitutes several out-of-court statements, summarized in an interview memorandum created in connection with the Oracle Special Litigation Committee investigation, and offered to prove the truth of the matter asserted – namely the purported fact that Oracle's transfers of customer overpayments impacted revenue and earnings.  Pls.' Opp. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLS.'
OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT
Master File No. C-01-0988-SI

1

| | | |
|---|---|---|
| 1 | | at 4 n.5.  No hearsay exceptions apply. |
| 2 | **Ex. 17 Barrenechea statement in** *Softwar– An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, at 196]** | • Hearsay (FRE 802 and 805).  Plaintiffs cite to a statement in the book *Softwar* attributed to Mark Barrenechea, former Senior Vice President in charge of Oracle's CRM division, that Oracle's upgrade to Suite 11i shut down the company for two weeks.  Pls.' Opp at 22.  This out-of-court statement, repeated in *Softwar*, another out-of-court statement, is inadmissible hearsay within hearsay not subject to any exception.  Moreover, Plaintiffs deposed Barrenechea and, in that deposition, he did not confirm that the company was shut down for two weeks.  Nor did he confirm that he made the statement attributed to him in *Softwar*. |
| | **Ex. 17 [Wohl Statement in** *Softwar– An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, at 203]** | • Hearsay (FRE 802 and 805).  Plaintiffs offer into evidence a statement in the book *Softwar* attributed to Ron Wohl, former Executive Vice President in charge of Oracle's ERP software development division, that Oracle's quality assurance procedures "did not work."  Pls.' Opp at 17.  This out-of-court statement, repeated in *Softwar*, another out-of-court statement, is inadmissible hearsay within hearsay not subject to any exception.  Plaintiffs deposed Wohl for one and one-half days, and, in that deposition, he did not confirm that QA procedures did not work.  Nor did not confirm that he in fact made the statement attributed to him in *Softwar*. |
| | **Ex. 17 [***Softwar – An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, at 431]** | • Hearsay (FRE 802).  To the extent Plaintiffs cite statements and conclusions made by Matthew Symonds (the author of *Softwar*), the evidence is an out-of-court statement offered to prove the truth of the matters asserted.  No hearsay exceptions apply.  Plaintiffs offer the evidence, among other things, for the truth of the proposition that "the 'one thing' that 'would make a difference' to the market was a 'quarter that beat expectations.'"  Pls.' Opp. at 11. |
| | **Ex. 17 [***Softwar – An Intimate Portrait of L. Ellison and Oracle* **by M. Symonds, 2004, at 115]** | • Hearsay (FRE 802).  To the extent Plaintiffs cite statements and conclusions made by Matthew Symonds (the author of *Softwar*), the evidence is an out-of-court statement offered to prove the truth of the matters asserted.  No hearsay exceptions apply.  Plaintiffs offer the evidence, among other things, for the truth of the proposition that "in 3Q01, '[t]he Oracle sales force wasn't used to dealing with senior management, nor did it have the expertise about . . . what functionality was likely to be most important to [applications customers].'"  Pls.' Opp. at 27 n.34. |
| | **Ex. 27 [11/20/2000 Email from N. Menon to Jill Nelson,** *et al.* **re: OCC Unapplied Spreadsheet** | • Hearsay  (FRE 802).  The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted.  No hearsay exceptions apply.  The evidence is offered to prove that Oracle purportedly "concealed its improper use of customer overpayments by using end-of- |

| | | |
|---|---|---|
| | **(NDCA-ORCL 3042909-14]** | the-quarter 'clean up drills' and 'auto-adjustments' to sweep unapplied cash from Account 25005 into a reserve account called 'Account 12601' that Oracle used to manipulate earnings." Pls.' Opp. at 3.<br><br>• Lacks Authentication (FRE 901). Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. Thus Exhibit 27 is inadmissible for lack of authentication. |
| | **Ex. 38 [Oracle Corporation Fax Message from R. Campos to J. Russo, 3/27/2002 (PLF-ORC 001633)]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is offered to prove that the debit memos were "customer overpayments that should be refunded." Pls.' Opp. at 3.<br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Campos testified that he did not know what debit memos were. Campos Dep. at 163:12-164:22. |
| | **Ex. 39 [Oracle Corporation Fax Message from R. Campos to J. Russo, 3/27/2002 (PLF-ORC 001633)]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is offered to prove that the debit memos were "customer overpayments that should be refunded." Pls.' Opp. at 3.<br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Campos testified that he did not know what debit memos were. Campos Dep. at 163:12-164:22. |
| | **Ex. 40 [Portions of Oracle SLC Report]** | Hearsay (FRE 802 and 805). Plaintiffs offer several statements contained in the Oracle Special Litigation Committee Report ("SLC Report") for the truth of the matter asserted. Some of these statements are hearsay within hearsay. For example, Plaintiffs offer a statement by Ron Wohl, former Executive Vice President in charge of Oracle's ERP software development division, regarding Oracle's development group structure. Pls.' Opp. at 16. This out-of-court statement was summarized in an interview memorandum created for and repeated in yet another out-of-court statement, the SLC Report. It is therefore inadmissible hearsay within hearsay not subject to any |

| | | |
|---|---|---|
| | | exception. As another example, Plaintiffs offer into evidence, for its truth, the out-of-court statements contained in the SLC Report regarding Oracle's internal implementation of its OKS module. Pls.' Opp. at 23. Thus, this evidence is inadmissible hearsay not subject to any exception. |
| | **Ex. 50 [SLC Interview Memorandum of J. Henley (Interview 3), 11/18/2002 (NDCA-ORCL 313789-93 at 313792)]** | • Hearsay (FRE 802 and 805). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The cited evidence is being offered for the alleged truth of the proposition that Jennifer Minton participated in the 2002 unapplied cash project. Opp. at 8 n.10. It is also hearsay within hearsay. |
| | **Ex. 62 [Email from K. Montague to S. Hickey, *et. al.* re: CRM Licenses, 7/12/2001 (HP 00019-21)]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is cited for alleged proposition that the HP transaction was "reciprocal," and that Oracle's accounting for the HP transaction in 2Q01 was "improper." Pls.' Opp. at 8 n. 12. The email was written by a non-Oracle employee. |
| | **Ex. 63 [11/30/2000 Letter Agreement Between Oracle Corp. and Hewlett-Packard Co., Containing Undated, Handwritten Notes (NDCA-ORCL 020839-43)]** | • Hearsay (FRE 802). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. The evidence is cited for alleged proposition that Sandy Sanderson questioned the integrity of the HP transaction. Pls.' Opp. at 8. Sandy Sanderson testified that these notes likely reflected comments or feedback made by someone with whom he was having a telephone conversation – they were not his own statements. *See* Pls.' Opp. Ex. K at 522:11-15. |
| | **Exs. 68, 72, 73, 74, 75, 77, 79, 80, 82, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 109, 112, 148, 381, 383, 385, 386, 388, 393, 396, 398, 400, 401, 404 [Emails regarding alleged customer complaints and/or requests for concessions]** | • Hearsay (FRE 802 and 805). Because it is offered to prove the facts asserted by third-party customers (*see* Pls.' Opp. at 14-18), evidence of customer complaints and requests for concessions are hearsay, and inadmissible to prove any defects in Suite 11i. Fed. R. Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay."). The same is true of internal Oracle emails relaying complaints. Even if the statements by Oracle's employees are considered non-hearsay admissions, to the extent they relay hearsay statements by third-party customers, those out-of-court statements constitute hearsay not subject to any exception. *Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (customer complaints memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay). |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | **Ex. 89 [Email from R. Lane to L. Ellison , *et al.* re: Interview gave to Business 2.0, 1/19/2001 (NDCA-ORCL 013157)]** | • Hearsay (FRE 802).  This email from Raymond Lane, after he left Oracle Corporation, is an out of court statement by a third party offered for the truth of the matters asserted in it.  No hearsay exceptions apply.  Plaintiffs offer the evidence to establish that Oracle had no objective evidence that it achieved savings by implementing 11i.  Pls.' Opp. at 15 n.22. |
| 5<br>6<br>7<br>8 | **Ex. 90 [Email from J. Glass to L. Ellison, *et al.* re: Internet Week cover story - $1 billion savings, 3/9/2001 (NDCA-ORCL 396666-70)]** | • Hearsay (FRE 802 and 805).  To the extent Plaintiffs offer the contents of the news article (forwarded in the email) for the truth of the matter asserted – namely that Oracle purportedly had no objective evidence that it achieved savings by implementing Suite 11i – this evidence is hearsay not subject to any exception.  Pls.' Opp. at 15 n.22. |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 | **Ex. 101 [Document entitled "News America Marketing" (NDCA-ORCL 615551-52)]** | • Lacks Authentication (FRE 901).  In addition to citing Exhibit 101 at page 18 of their Opposition in an attempt to create a fact issue with respect to the Fletcher Declaration, Plaintiffs also quote from the document on page 19 of their Opposition.  However, Plaintiffs have failed properly to authenticate the document.  Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims."  Plaintiffs have not, and cannot, make such a showing with respect to this document.  The document reflects no date of creation and no author, and it is unclear even what the document purports to be.  Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901.  Thus Exhibit 101 is inadmissible for lack of authentication. |
| 19<br>20<br>21<br>22 | **Ex. 118, 120 [Emails Regarding Media Reports About Suite 11i Quality]** | • Hearsay (FRE 802 and 805).  These exhibits consist of emails quoting news articles and analyst reports regarding Suite 11i.  To the extent Plaintiffs offer the news articles for the truth of the matters asserted – *i.e.*, that Suite 11i suffered from quality issues – the evidence constitutes hearsay (and hearsay within hearsay) not subject to any exception. |
| 23<br>24<br>25<br>26<br>27<br>28 | **Ex. 149 [2002 High Level Requirements Document (NDCA-ORCL 069907-39)]** | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted – namely, that: (a) Oracle should consider engaging in a "housekeeping" effort to add new functionality sought by customers and add various, new "integration" points, and (b) Suite 11i purportedly lacked "multibyte support" and lacked functionality that would impact the ability to deploy a global solutions involving projects spanning multiple countries and multiple languages. Pls.' Opp. at 19-20.  No hearsay exceptions apply.  Plaintiffs have not demonstrated that the document, created by low-level |

| | | |
|---|---|---|
| | | Oracle employees, is a party admission under FRE 801(d)(2)(D). They have not established that the statements were made within the scope of the authors' employment. Plaintiffs have not deposed the authors of the document or sought to establish the necessary foundation through other means. According to Larry Ellison, the authors of the document were field engineers responsible for implementing the software, as opposed to software developers. *See* Pls.' Opp. Ex. J (Ellison Dep.) at 532:3-8. Because the document was written by low-level employees who were not responsible for product development, their statements about product functionality are outside the scope of their employment do not constitute a party admissions. *See, e.g., Quaranta v. Management Support*, 255 F. Supp. 2d 1040, 1050 (D. Ariz. 2003) (ruling that employee who had management responsibility, but no responsibility for managing company's leave policy, had no authority to speak on the subject of that policy, and thus the statement was not a party admission); *City of Long Beach v. Standard Oil Co. of California*, 46 F.3d 929, 937 (9th Cir. 1995). |
| | | • Lacks Authentication (FRE 901). Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. While Larry Ellison is listed on the "Distribution list," there is no communication or other documentation indicating that it was circulated to Ellison, or any evidence that he read the document. Indeed, when Plaintiffs asked him about this document at his deposition, he testified that he did not recognize it. *See* Pls.' Opp. Ex. J at 530:23-531:1. Thus Exhibit 149 is inadmissible for lack of authentication. |
| | **Ex. 162 [William Blair & Company Analyst Report (WBC 0012-3)]** | • Hearsay (FRE 802 and 805). Plaintiffs offer this out-of-court statement regarding Jeffrey Henley's purported reiteration of Oracle's 3Q01 earnings guidance for its truth. Pls.' Opp. at 23. It is therefore inadmissible hearsay not subject to any exception. It is also hearsay within hearsay. |
| | **Ex. 180 [Oracle "License Checklist" regarding Oracle's 2Q01 transaction with Hewlett-Packard Co., 11/30/2000 (NDCA-ORCL** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the alleged truth that – solely by virtue of a facsimile header – Oracle's 2Q01 deal with Hewlett-Packard was not signed and executed until after midnight on the last day of 2Q01. Pls.' Opp. at 8. It is therefore inadmissible hearsay not subject to |

| | | |
|---|---|---|
| 260105-35)] | | any exception. |
| **Ex. 181** [**Various Agreements and Attachments relating to Oracle's 2Q01 transaction with Hewlett-Packard Co., (NDCA-ORCL 259031-45)**] | • | Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the alleged truth that – solely by virtue of a facsimile header – Oracle's 2Q01 deal with Hewlett-Packard was not signed and executed until after midnight on the last day of 2Q01. Pls.' Opp. at 8. It is therefore inadmissible hearsay not subject to any exception. |
| **Ex. 207** [**Declaration of *Bloomberg News* Custodian of Records, C. Glasser, Jr., Exhibit B-D (Various Bloomberg Article)**] | • | Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the alleged truth that Oracle reiterated its December 14, 2000 guidance throughout 3Q01. The evidence also contains hearsay within hearsay. Pls.' Opp. at 24. No hearsay exceptions apply. It is also worth noting that the analyst report does not indicate that guidance was reiterated. |
| **Ex. 208** [**Deutsche Banc Alex. Brown, *ORCL: Visit with Management - Strong Buy*, 2/8/2001 (NDCA-ORCL 09 1536-8)**] | • | Hearsay (FRE 802). To the extent the evidence is offered to prove the alleged truth of the matter asserted that Oracle reiterated its December 14, 2000 guidance throughout 3Q01, the evidence is hearsay not subject to any exception. Pls.' Opp. at 24. |
| **Ex. 209** [**First Union Securities, Inc., *Management Indicates Final Weeks of February Critical to Quarter*, 2/8/2001 (NDCA-ORCL 091531-3)**] | • | Hearsay (FRE 802). To the extent the evidence is offered to prove the alleged truth of the matter asserted that Oracle reiterated its December 14, 2000 guidance throughout 3Q01, the evidence is hearsay not subject to any exception. Pls.' Opp. at 24. |
| **Ex. 210** [**RealMoney.com, *The TSC Streetside Chat: Oracle's Executive Vice President Sandy Sanderson Jr.*, 1/20/2001 (NDCA-ORCL 141672-8)**] | • | Hearsay (FRE 802). To the extent the evidence is offered to prove the alleged truth of the matter asserted that Oracle reiterated its December 14, 2000 guidance throughout 3Q01, the evidence is hearsay not subject to any exception. It is worth noting that the analyst report does not indicate that guidance was reiterated. Pls.' Opp. at 24. |
| **Ex. 211** [**Salomon Smith Barney, *Oracle Corp. Company Report*, 1/10/2001**] | • | Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the alleged truth that Oracle reiterated its December 14, 2000 guidance throughout 3Q01. Pls.' Opp. at 24. Thus, it is hearsay not subject to any exception. |
| **Ex. 212** [**Email string from D. Cooperman to A. Clark re: Financial analyst coverage of Apps World, 2/27/2001 (NDCA-ORCL 069388-91)**] | • | Hearsay (FRE 802 and 805). The evidence is an out-of-court statement, repeating comments from several analysts, offered to prove the truth of the matters asserted – namely, that Oracle reiterated its December 14, 2000 guidance throughout 3Q01 and that Henley reiterated guidance on February 20, 2001. Pls.' Opp. at 24. Thus, it is hearsay not subject to any exception. It also constitutes hearsay within hearsay. |

| | | |
|---|---|---|
| 1 2 3 4 | **Ex. 213** [CIBC World Markets Corp., *ORCL: App World - Upbeat Conference, but no Cajun Spice*, 2/23/2001 (NDCA-ORCL 091429-31)] | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the truth of the matters asserted – namely, that Oracle reiterated its December 14, 2000 guidance throughout 3Q01 and that Henley reiterated guidance on February 20, 2001.  Pls.' Opp. at 24.  Thus, it is hearsay not subject to any exception. |
| 5 6 7 | **Ex. 214** [First Union Securities, Inc., *Report From Apps World 2001*, 2/21/2001 (NDCA-ORCL 091447-9)] | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the truth of the matters asserted – namely, that Oracle reiterated its December 14, 2000 guidance throughout 3Q01 and that Henley reiterated guidance on February 20, 2001.  Pls.' Opp. at 24.  Thus, it is hearsay not subject to any exception. |
| 8 9 10 11 | **Ex. 215** [First Union Securities, Inc., *Management Indicated Final Weeks of February Critical To Quarter*, 2/7/2001 (NDCA-ORCL 1052216-20)] | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the alleged truth that Oracle reiterated its December 14, 2000 guidance throughout 3Q01.  Pls.' Opp. at 24.  No hearsay exceptions apply. |
| 12 13 14 | **Ex. 216** [William Blair & Company – *Highlights of Apps World Conference*, 2/21/2001 (WBC 0012-13)] | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the alleged truths that Oracle reiterated its December 14, 2000 guidance throughout 3Q01 and that Henley reiterated guidance on February 20, 2001.  Pls.' Opp. at 24.  No hearsay exceptions apply. |
| 15 16 | **Ex. 221** [Needham & Co., *Oracle Becomes the Company to Beat*, 10/4/2000] | • Hearsay (FRE 802).  To the extent Plaintiffs offer this analyst report for the truth of the matters asserted therein, the evidence is hearsay not subject to any exception.  Pls.' Opp. at 24 n.28. |
| 17 18 19 | **Ex. 222** [PR Newswire, *Credit Suisse First Boston Technology Conference Highlights*, 11/30/2000] | • Hearsay (FRE 802).  To the extent Plaintiffs offer this Credit Suisse First Boston PR Newswire article for the truth of the matters asserted therein, the evidence is hearsay not subject to any exception.  Pls.' Opp. at 24 n.28. |
| 20 21 22 23 | **Ex. 224** [SLC Interview Memorandum Excerpt of J. Minton (NDCA-ORCL 609540-2)] | • Hearsay (FRE 802 and 805).  The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the alleged truth that the Potential forecast was extrapolated or inaccurate.  Pls.' Opp. at 25.  The interview memorandum also contains hearsay within hearsay.  No hearsay exceptions apply. |
| 24 25 26 27 | **Ex. 226** [Email string from I. Guner to M. Barrenechea, *et al.* re: Thanks for taking my call: The Daily Business Close, 1/8/2002 (NDCA-ORCL 132079-80)] | • Hearsay (FRE 802 and 805).  The evidence is an out-of-court statement offered to prove the alleged truth of the matter asserted that the Potential forecast was simply extrapolated or inaccurate.  Pls.' Opp. at 27.  No hearsay exceptions apply. |
| 28 | **Ex. 231** [Email from P. McManus to J. English re: | • Hearsay (FRE 802 and 805).  The evidence is an email reiterating a purported statement made by Ellison.  It is |

| | | |
|---|---|---|
| 1 2 | **Draft: New terminology on Forecasting, 10/6/2000 (NDCA-ORCL 203681-3)]** | an out-of-court statement offered to prove the truth of the matter asserted. Pls.' Opp. at 28. No hearsay exceptions apply. |
| 3 4 5 6 | **Ex. 232 [Individual Defendant Lawrence J. Ellison's Compendium of Exhibits in Support of Motion for Summary Judgment, filed 6/9/2005]** | • Relevance (FRE 401). This is not an exhibit, but merely a list of exhibits submitted in support of a motion filed in a separate case. It does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. It should therefore be excluded. |
| 7 8 9 10 | **Ex. 237 [Matthew Symonds, *Softwar - The Rewards of Recklessness: A Portrait of Larry Ellison and Oracle Corporation at War* (NDCA-ORCL 1053564-77)]** | • Hearsay (FRE 802). To the extent Plaintiffs cite statements and conclusions made by Matthew Symonds in *Softwar* promotional materials for several propositions regarding the state of the economy, the evidence is an out-of-court statement offered to prove the truth of the matters asserted. Pls.' Opp. at 25. No hearsay exceptions apply. |
| 11 12 13 14 15 | **Ex. 246 [Document Summarizing News Coverage from S. Aas re: Apps World (NDCA-ORCL 156724.0001-04)]** | • Hearsay (FRE 802 and 805). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that that defendants purportedly tracked Cisco and Sun as "proxies" for Oracle's business and that Oracle purportedly expected to see the effects of a slowing economy. Pls.' Opp. at 26 n.32. The document also contains hearsay within hearsay. No hearsay exceptions apply. |
| 16 17 | **Ex. 248 [The Wall Street Journal: *Sun Microsystems' Profit Climbs by 91%*, 1/19/2001]** | • Hearsay (FRE 802). To the extent the evidence is offered to prove the contents contained in the news article, the evidence is hearsay not subject to any exception. Pls.' Opp. at 26 n.32. |
| 18 19 20 21 22 | **Ex. 249 [SLC Interview of D. Cooperman, 5/17/2002]** | • Hearsay (FRE 802). The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle executives spoke with Cisco or Sun executives "regarding the health of their businesses." Pls.' Opp. at 26 n.32. No hearsay exceptions apply. |
| 23 24 25 26 | **Ex. 250 [SLC Interview of P. Simon, 7/22/2002]** | • Hearsay (FRE 802). The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted that Ellison instructed Simon to sell 40 million shares of Oracle stock. Pls.' Opp. at 26 n.32. No hearsay exceptions apply. |

27
28

| Ex. 251 [Hearing Transcript of Defendants' Motion for Summary Judgment in Delaware Derivative Case, 9/2/2004] | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that the economy was purportedly in a recession. Pls.' Opp. at 26. No hearsay exceptions apply. |
|---|---|
| Ex. 252 [SLC Interview of S. Catz, 7/16/2002] | • Hearsay (FRE 802). The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted – namely, the assertion that Defendants purportedly were aware that applications had a lower conversion rate than database products. Pls.' Opp. at 27. No hearsay exceptions apply. |
| Ex. 266 [Email from J. Minton to W. Plant *et al.* re: License Revenue Accuracy, 9/19/2000] | • Hearsay (FRE 802). The evidence is an out-of-court statement, reiterating another out-of-court statement offered to prove the truth of the matter asserted that Ellison issued a purported directive regarding forecasting process. Pls.' Opp. at 28. No hearsay exceptions apply. |
| Ex. 268 [Email from P. McManus to M DeCesare *et al.* re: Q3 Forecast Call, 12/1/2000] | • Hearsay (FRE 802). The evidence is an out-of-court statement, reiterating another out-of-court statement, offered to prove the truth of the matter asserted that the forecasting process was supposedly not a bottoms-up process. Pls.' Opp. at 28 n.36. No hearsay exceptions apply. |
| Ex. 269 [FY01 Budget Growth Rates] | • Hearsay (FRE 802). The evidence is an out-of-court statement supposedly offered to prove the truth of the matter asserted that Ellison increased growth rates a few weeks before 3Q01. Pls.' Opp. at 28 n.36. No hearsay exceptions apply. |
| Ex. 271 [Email from S. Sanderson to S. Gunningham *et al.* re: License Revenue Forecast Accuracy, 9/19/2000] | • Hearsay (FRE 802). The evidence is an out-of-court statement, reiterating another out-of-court statement, offered to prove the matter asserted that Sanderson discussed methods for "implementing Ellison's [purported] directive" regarding the forecast. Pls.' Opp. at 29. No hearsay exceptions apply. |
| Ex. 276 [Forbes Magazine: *Irreplaceable*, 8/14/2006] | • Hearsay (FRE 802 and 805). The cited evidence, a newspaper article, is an out-of-court statement offered to prove the proposition that Ellison admitted he had actual knowledge of certain financial indicators. Pls.' Opp. at 29. The article also contains hearsay within hearsay. No hearsay exceptions apply. |

| | | |
|---|---|---|
| | **Ex. 280 [Affidavit of Raymond J. Lane, 6/3/2003]** | • Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Lane left Oracle in July 2000 (before 2Q01 and 3Q01) and Plaintiffs have not offered any evidence to suggest that Lane had personal knowledge of the transaction with Covisint in 2Q01 and 3Q01, the recognition of revenue in 3Q01, or Oracle's 3Q01 forecasts. *See* Pls.' Opp. at 30 n.39. Likewise, Plaintiffs have not offered any evidence to suggest that Lane had knowledge of what Jay Nussbaum did during 3Q01. |
| | **Ex. 306 [Oracle Service Industry FY01 Weekly Forecast Summary (NDCA-ORCL 323593-97)]** | • Lacks Authentication (FRE 901). Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." No Oracle witness testified to using this particular report or a version thereof. The report also is undated. For that reason, the document is also irrelevant under FRE 401 as it does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. It should therefore be excluded. |
| | **Ex. 311 [Los Angeles Times:** *Telecom Firms' Woes Growing on Several Fronts*, **1/27/2001]** | • Hearsay (FRE 802). To the extent the evidence is offered to prove the truth of the contents of the article, it is hearsay not subject to any exception. *See* Pls.' Opp. at 34. |
| | **Ex. 312 [Associated Press Article:** *Lucent to Cut 10,000 Jobs to Fight Huge Loss*, **1/24/2001]** | • Hearsay (FRE 802). To the extent the evidence is offered to prove the truth of the contents of the article, it is hearsay not subject to any exception. *See* Pls.' Opp. at 34. |
| | **Ex. 315 [Plaintiffs' Summary of Purported Lost Big Deals]** | • Improper Summary (FRE 1006). Exhibit 315 is a chart created by Plaintiffs summarizing their interpretation of what constitutes a "lost big deal." The underlying evidence upon which the chart purportedly relies is not so voluminous that the underlying documents cannot be presented to the court for inspection. The chart is also an improper summary as it does not accurately represent the underlying evidence on which the chart is purportedly based. Indeed, rather than summarizing evidence, it is counsel's argument as to what that evidence supposedly means. |
| | **Ex. 340 [TheStreet.com:** *The TSC Streetside Chat: Oracle's Executive Vice President Sandy Sanderson Jr.*, **1/20/2001]** | • Hearsay (FRE 802). The evidence, a news article, is an out-of-court statement offered to prove the truth of the matter asserted that Oracle reiterated its guidance throughout 3Q01, while continuing to emphasize the strength of its pipelines and products. Pls.' Opp. at 36. No hearsay exceptions apply. |
| | **Ex. 348 [Email from P. Simon to L. Ellison** *et al.* **re:** | • Hearsay (FRE 802). The evidence is an out-of-court statement offered for the truth of the matter asserted that |

| | |
|---|---|
| **Option Expiration Date, etc., 6/5/2000]** | Ellison purportedly decided to sell stock earlier than previously planned.  Pls.' Opp. at 42.  The email is hearsay not subject to any exception. |
| **Ex. 349 [Email from P. Simon to L. Ellison *et al.* re: L. Ellison's stock options, 4/7/2000]** | • Hearsay (FRE 802 and 805).  The evidence is an out-of-court statement offered for the truth of the matter asserted that Ellison purportedly decided to sell stock earlier than previously planned.  Pls.' Opp. at 42.  The email also contains hearsay within hearsay.  No hearsay exceptions apply. |
| **Ex. 350 [Email from K. Fisher to C. Ong *et al.* re: Oracle Form 5471 filings, 10/10/2000]** | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered for the truth of the matter asserted that Ellison purportedly decided to sell stock earlier than previously planned.  Pls.' Opp. at 42.  The email contains the statements of a third party.  No hearsay exceptions apply. |
| **Ex. 356 [Vanity Fair, *Absolutely Excessive!*]** | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Ellison used the proceeds from his stock sales to fund the construction of his yacht and home.  Pls.' Opp. at 43.  No hearsay exceptions apply. |
| **Ex. 358 [Fortune: *The Next Richest Man in the World*, 11/13/2000]** | • Hearsay (FRE 802).  The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Henley purportedly "knew of adverse information regarding Oracle's products and financial condition" when he traded.  Pls.' Opp. at 43.  No hearsay exceptions apply. |
| **Ex. 359 [SLC Interview of J. Minton, 9/24/2002]** | • Hearsay (FRE 802 and 805).  The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted that Minton purportedly sold stock because of a declining economy.  Pls.' Opp. at 43.  The interview memorandum also contains hearsay within hearsay.  No hearsay exceptions apply. |
| **Ex. 360 [SLC Interview of J. Minton, 6/21/2002]** | • Hearsay (FRE 802 and 805).  The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted that Minton purportedly had a "plan to sell" shares in Q3 FY01.  Pls.' Opp. at 43.  The interview memorandum also contains hearsay within hearsay.  No hearsay exceptions apply. |
| **Ex. 365 [SLC Interview of S. Catz, 7/16/2002]** | • Hearsay (FRE 802 and 805).  The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted that that Catz purportedly had a "plan" to sell and that she "did not sell in late January… because [she] discovered… that Ellison |

| | | |
|---|---|---|
| | | had suddenly decided to trade." Pls.' Opp. at 43. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| | **Ex. 369 [SLC Interview of D. Cooperman, 5/17/2002]** | • Hearsay (FRE 802 and 805). The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted that Cooperman purportedly had plans to sell stock in January 2001. Pls.' Opp. at 43. The interview memorandum also contains hearsay within hearsay. No hearsay exceptions apply. |
| | **Ex. 372 [Email from S. Giacoletto to B. Wallace *et al.* re: Trading notice, 12/18/2000]** | • Hearsay (FRE 802). The evidence is an out-of-court statement offered to prove the truth of the matter asserted that Giacoletto purportedly "sold stock in 3Q01." Pls.' Opp. at 43. No hearsay exceptions apply. |
| | **Ex. 374 [List of Purported Stock Repurchases (NDCA-ORCL 117400)]** | • Hearsay (FRE 802). To the extent this evidence is cited for the proposition that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price (the exhibit does not so indicate, but is nonetheless cited for that proposition), it is an out-of-court statement offered to prove the truth of the matter asserted. Pls.' Opp. at 43 n.53. No hearsay exceptions apply. |
| | **Ex. 376 [Oracle Corp. Dollars Per Share Chart, 11/28/2000 – 3/30/2001]** | • Improper summary (FRE 1006). This demonstrative exhibit is used purportedly to show that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price. The underlying evidence is not so voluminous that it need be summarized, and the summary does not contain any citations to the factual record. It also is misleading and does not support the proposition for which it is cited. <br><br> • Hearsay (FRE 802). To the extent this "evidence" is cited for the proposition that Ellison used Oracle's stock repurchase program to stabilize Oracle's stock price (the exhibit does not so indicate, but is nonetheless cited for that proposition), it is an out-of-court statement offered to prove the truth of the matter asserted. No hearsay exceptions apply. |
| | **Ex. 378 [CNET News.com: *Oracle Sinks on Fears it May Feel Dot-Com Pinch*, 2/9/2001]** | • Hearsay (FRE 802). To the extent the evidence is offered to prove the truth of the matter asserted that negative press coverage caused Oracle's stock to "decline" on February 9, 2001, the evidence is hearsay not subject to any exception. |
| | **Ex. 379 [Morgan Stanley; *Getting Through Q3 in Good Shape*, 2/9/2001]** | • Hearsay (FRE 802). To the extent Plaintiffs offer this evidence for the truth of the matters asserted in the analyst report, the evidence is hearsay not subject to any exception. Pls.' Opp. at 43 n.53. |

| | | |
|---|---|---|
| 1 | **Ex. 396** | |
| 2 | [3/25/2002 Email From Charles Phillips To Jeffrey Henley forwarding 3/25/2002 AMR Research Article: *Oracle 11i Quality?* (NDCA-ORCL 061300-01)] | • Hearsay (FRE 802 and FRE 805). To the extent the forwarded industry analyst report is offered for the truth of the matter asserted – more than a year after the Class Period – that Suite 11i suffered from quality issues, the evidence is hearsay not subject to any exception. Moreover, the article's reference to various customers' statements and opinions about Suite 11i constitute hearsay within hearsay not subject to any exception. |
| | [12/11/2001 Email From Charles Phillips To Mark Barrenechea *et al.*, forwarding 12/11/2001 Email From Byron Miller at Gigaweb (NDCA-ORCL 061302-03 and duplicate emails at NDCA-ORCL 061304-05)] | • Hearsay (FRE 802 and FRE 805). To the extent the forwarded email is offered for the truth of the matter asserted – more than eight months after the Class Period – that Suite 11i suffered from quality issues, the evidence is hearsay not subject to any exception. Moreover, the forwarded email contains an alleged quote from a customer about Suite 11i's quality, which constitutes hearsay within hearsay not subject to any exception. |
| | **Ex. 414** [SLC Interview Memorandum of John Banker, 11/13/2002 (NDCA-ORCL 296428-34)] | • Hearsay (FRE 802 and 805). The evidence, an interview memorandum created in connection with the Oracle SLC investigation, is an out-of-court statement offered to prove the truth of the matter asserted – *i.e.*, that "Ernst & Young LLP ("E&Y") learned years after the fact that $5 million in improper transfers occurred in 3Q01 but never reviewed the bad debt transfers or Account 12601 for 2Q01." *See* Pls.' Opp. at 6 n.8. No hearsay exceptions apply. It is also hearsay within hearsay. |
| | **Ex. 420** [Email from K. Houston to "wwpr1_us," *et al.* re: Suggested Messages for 11i Quality Issues, 3/21/2001 (NDCA-ORCL 158595-6)] | • Hearsay (FRE 802). The evidence, an email referencing alleged stories about Suite 11i quality issues, is an out-of-court statement offered to prove the truth of the matter asserted – namely, that unidentified "stories" allegedly linked Oracle's lower than expected applications sales to such quality issues. Pls.' Opp. at 48. As such, it constitutes hearsay not subject to any exception.<br><br>• Lacks Authentication (FRE 901). Plaintiffs have failed properly to authenticate the document. Rule 901(a) requires the offeror of evidence to provide additional "evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiffs have not, and cannot, make such a showing with respect to this document. Plaintiffs have not satisfied any of the methods of authentication or identification set forth in FRE 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. Thus Exhibit 420 is inadmissible for lack of authentication.<br><br>• Lacks Foundation (FRE 602). To the extent Plaintiffs cite the statements made by Oracle public relations employees about unidentified "stories" as evidence that the Oracle and the market attributed Oracle's 3Q01 |

| | | |
|---|---|---|
| | | earnings miss to "problems" with Suite 11i (*see* Pls.' Opp. at 48), such statements lack foundation as to what reasons either Oracle or the market attributed to the miss. |
| | **Exhibit E [Deposition transcripts of I. Hatada, 10/5/2006 and 10/10/2006]** | • Hearsay (FRE 802 and 805). The cited evidence is an out-of-court statement offered to prove the truth of the matter asserted. Pls.' Opp. at 7. No hearsay exceptions apply. Hatada confirmed that the sole basis for his testimony that Henley was involved in the 2002 "unapplied cash project" stemmed from a comment he heard from another Oracle employee. *See* Pls.' Opp. Ex. E (Hatada Dep.) at 266:2-21. Because this underlying comment is hearsay, not subject to any exceptions, it is hearsay within hearsay and inadmissible.<br><br>• Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Hatada confirmed that the sole basis for his understanding that Henley was involved in the 2002 "unapplied cash project" was a comment conveyed to him by another Oracle employee. Pls.' Opp. Ex. E (Hatada Dep.) at 266:10-21. Hatada also admitted that he never has spoken to Henley. *Id*. at 431:9-12. |
| | **Ex. I [Deposition transcript of G. Petrie, 9/22/2005]** | • Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. Petrie left Oracle on December 15, 2000 (*see* Pls.' Opp. Ex. I (Petrie Dep.) at 26:14-16.), and therefore does not have personal knowledge as to events or information within Oracle after that time, including the proposition for which his testimony is cited at Plaintiffs' Opposition, page 3 n.3. |
| | **Ex. N [Deposition transcript of M. DeCesare, 2/16/2006]** | • Lack of Personal Knowledge (FRE 602). A witness may not testify to a matter unless evidence supports a finding that the witness has personal knowledge of the matter. DeCesare admitted at the end of his deposition that he was merely <u>speculating</u> on Suite 11i's functionality problems based on conversations with customers. *See* Pls.' Opp. Ex. N (DeCesare Dep.) at 270:21-271:7. |
| | **Ex. EE [Deposition transcript of M. Mitchell, 10/11/2005]** | • Lack of Personal Knowledge (FRE 602). Mitchell was in the consulting group of the nine-state Mountain Desert Region of Oracle's State and Local Governments Division (Pls.' Opp. Ex. EE (Mitchell Dep.) at 76:24-77:6.) – not company-wide license sales – and therefore does not have personal knowledge as to pipeline conversion information regarding license sales as Plaintiffs' Opposition suggests at page 26. |
| | **Ex. BBB [Deposition transcript of S. Catz,** | • Lack of Personal Knowledge (FRE 602). Plaintiffs cite Ms. Catz' testimony for the proposition that "Defendants' use of Oracle's 3Q01 repurchase program |

| 3/23/2007] | also establishes scienter." Pls.' Opp. at 43 n.53. Yet Catz testified that she "wasn't very involved" in the repurchase program and therefore Plaintiffs' use of this testimony must be stricken for lack of personal knowledge. *See* Pls.' Opp. Ex. BBB (Catz Dep.) at 270:13-16. |
|---|---|

Dated:  February 9, 2009

Respectfully submitted,

LATHAM & WATKINS LLP
   Peter A. Wald
   Sean M. Berkowitz
   Patrick E. Gibbs

By: _____/S/_____
   Patrick E. Gibbs
Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

SF\690453.1