COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (111070)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
SCOTT H. SAHAM (188355)
STACEY M. KAPLAN (241989)
SARAH R. HOLLOWAY (254134)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@csgrr.com
marks@csgrr.com
dougb@csgrr.com
scotts@csgrr.com
staceyk@csgrr.com
sholloway@csgrr.com
        – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
DANIEL J. PFEFFERBAUM (248631)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@csgrr.com
willowr@csgrr.com
elig@csgrr.com
dpfefferbaum@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | ) Master File No. C-01-0988-SI<br>) <u>CLASS ACTION</u><br>) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT (DKT. NO. 1524) AND REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (DKT. NO. 1567); AND DEFENDANT ELLISON'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNDER SECTION 20A (DKT. NO. 1544) |
| | DATE: February 13, 2009<br>TIME: 9:00 a.m.<br>CTRM.: The Honorable Susan Illston |

I.  **INTRODUCTION**

The Court operates as an evidentiary gatekeeper with respect to questions of admissibility and relevance, and therefore must be careful before admitting material which does not comport with evidentiary requirements. *See* Fed. R. Evid. ("FRE") 104(a)-(b). Evidence presented to the Court, in this case in the form of declarations, fails to meet certain preliminary requirements. *Id.* Defendants rely on the declarations of Michael Quinn ("Quinn") and Greg Myers ("Myers"). Defendants also rely on previously submitted declarations of Lawrence Ellison ("Ellison"), Jeffrey Henley ("Henley"), Edward Sanderson ("Sanderson"), Mary Ann Anthony ("Anthony"), Alan Fletcher ("Fletcher"), Gregory Seiden ("Seiden"), Kirsten Shaw ("Shaw") and Bruce Deal ("Deal") in 2007 – over a year and a half ago. Despite the Court's September 2, 2008 Order directing the parties to ***revise*** and ***refile*** their motions for summary judgment, defendants improperly persist in relying on these declarations in support of their motion for summary judgment and opposition to plaintiffs' motion for summary judgment. Thus, as a threshold matter, declarations submitted in 2007 should be excluded. FRE 401 & 402.[1] More importantly, the declarations rely on impermissible hearsay (FRE 802), lack personal knowledge (FRE 602), are misleading in violation of FRE 403, and contain irrelevant assertions (FRE 402). Further, the declarations are defective because they do not comply with Fed. R. Civ. P. 56(e) which requires such affidavits to be made on personal knowledge, concern admissible evidence, and demonstrate that the declarant is competent to testify on the matters asserted.

II.  **BASIS FOR EXCLUSION**

Declarations filed in support of a motion for summary judgment must be admissible. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1989) (declarations not based on personal knowledge should not be considered); *Green v. Baca*, 306 F. Supp. 2d 903, 906-07 (C.D. Cal. 2004) (affidavits based on speculation, and not personal knowledge, must be stricken); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529

---

[1] The same applies to the declarations of Jennifer Bicho and Ivgen Guner ("Guner") as well as counsel for defendants.

(9th Cir. 1991) (same), *aff'd*, 508 U.S. 49 (1993); *Hulsey v. Lindeman*, No. 00-3118-CO, 2004 U.S. Dist. LEXIS 8765, at *4 (D. Or. Feb. 9, 2004) (citation omitted) ("Conclusory allegations in an affidavit, which are 'not backed up by statements of fact,' lack probative value and cannot defeat a motion for summary judgment."), *aff'd*, 145 Fed. App'x 193 (9th Cir. 2005); *Allen v. Coughlin*, 64 F.3d 77, 80 (2d Cir. 1995) ("Conclusory assertions in affidavits are generally insufficient to resolve factual disputes . . . ."); *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1036 (10th Cir. 1978) ("Affidavits are not a substitute for trial . . . ."). Further, where declarations are contradicted by other evidence, as they are here, they should be excluded from consideration. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991).

### A. Ellison's Declaration Should Be Excluded as He Admits that He Lacks Personal Knowledge and Relies on Hearsay

The introductory paragraph to Ellison's declaration evidences his lack of personal knowledge of the facts he declares and requires the exclusion of his declaration. Ellison concedes his lack of personal knowledge – "where I do not have personal knowledge, I am informed and believe the stated facts to be true and correct." Ellison Decl., ¶2. Mere belief is not enough. *Mickelson v. Albertson's, Inc.*, 226 F. Supp. 2d 1238, 1241-42 (D. Idaho 2002) (affidavits based on "belief" do not meet the personal knowledge requirement). Ellison's lack of personal knowledge is supported by the fact that none of the other declarants uses this "belief" language in their declarations. Significantly, Ellison also admitted his lack of personal knowledge years ago in his verified interrogatory responses. Indeed, Ellison could not recall which potential deals were lost where "approvals were sought up the management chain" in the last few days of 3Q01. Ex. A at 6 (Supp. Resp. to Interrog. No. 37) to the Declaration of Willow E. Radcliffe ("Radcliffe Decl."), filed concurrently herewith. Ellison also could not recall what specific deals he consulted on with sales personnel in 3Q01. *Id.* (Supp. Resp. to Interrog. No. 38). His declaration, filed nearly a year later on July 26, 2007, however, claims that based on the information that was known to him (which he previously conceded he could not recall), he believed Oracle would make its guidance. Ellison Decl., ¶¶3-4. Ellison also could not recall the facts which formed the basis for his statement on February 21, 2001 stating: "We [Oracle] were the first company to use this eBusiness Suite and in

1  the very first year we put in, we saved $1 billion." Radcliffe Decl., Ex. A at 9 (Supp. Resp. to
2  Interrog. No. 42). Yet, Ellison's declaration purports to now explain the basis for his statement.
3  Ellison Decl., ¶¶20-26. Not only do his contradictory statements evidence lack of personal
4  knowledge, they can be excluded as a "sham." *See Kennedy*, 952 F.2d at 266-67. Ellison also lacks
5  personal knowledge with respect to his declaration testimony relating to the conduct of customers
6  and "all" software. *See, e.g.*, Ellison Decl., ¶¶17-19.

7  Moreover, the fact that the declarations of Ellison, Henley and Sanderson contain virtually
8  identical wording under the heading "Oracle's Q2 2001 Earnings Result" suggests that the
9  declarations were inappropriately engineered by defendants' counsel and are not the personal
10 knowledge of the declarants. *See* Ellison Decl., ¶¶27-30; Henley Decl., ¶¶17-19; Sanderson Decl.,
11 ¶¶9-12. This conclusion is bolstered by the fact that defendants' declarations contain nearly the
12 identical assertion that "[e]ntering the third quarter of Oracle's 2001 fiscal year ("Q3 2001"), I was
13 optimistic about Oracle's business. We had great success in both of the two previous quarters (Q1
14 2001 and Q2 2001) and our sales pipelines going into Q3 2001 were robust." *See* Henley Decl., ¶7;
15 *compare with* Sanderson Decl., ¶6 *and* Ellison Decl., ¶3; *see also Wells v. Brown & Root, Inc.*, 65 F.
16 Supp. 2d 1264, 1272 n.9 (S.D. Ala. 1999) ("[T]he affidavits originally submitted are of dubious
17 veracity, not because the affiants were being untruthful but because counsel . . . clearly engineered
18 the affidavits and, in the doing, undermined any value those affidavits might have had."); *FTC v.*
19 *Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Wachner v. Aramark Educ. Servs.*,
20 No. 02-528-BR, 2004 U.S. Dist. LEXIS 11638, at *12 (D. Or. Jan. 30, 2004).

21 Ellison's declaration testimony is also impermissible hearsay. *See, e.g.*, Ellison Decl., ¶12
22 ("Mr. Simon contacted Mr. Cooperman and obtained the necessary clearance."); ¶19 ("[I]t is my
23 understanding that over 80 customers were live . . . . [and that] over a thousand customers were in
24 the process of implementing or upgrading to Suite 11i . . . ."). Further, he cannot provide opinion
25 testimony under FRE 701 or 702 because he has not provided a sufficient foundation as to the basis
26 for his testimony, his opinion would not be helpful to a trier of fact and he has not been disclosed as
27 an expert.
28

PLTFS' EVID. OBJS. TO DECLS SUBMITTED IN SUPP OF DEFS' REV. MSJ & REPLY IN SUPP. OF
MSJ; & DEF. ELLISON'S OPP TO MSJ - C-01-0988-SI  - 3 -

### B. Henley's Declaration Should Be Excluded as He Admits to a Lack of Personal Knowledge and Impermissibly Relies on Hearsay

Henley's declaration lacks personal knowledge and impermissibly relies on hearsay and should be excluded. In addition to Henley's demonstrated lack of personal knowledge based on his virtually identical testimony to that of Ellison and Sanderson discussed above, Henley stated in his verified interrogatory response that he could not recall the facts that formed the basis of his December 14, 2000 statement that there was "no weakness in our applications business and the pipelines at every one of these geographies [Europe, Asia and United States] looks astounding for this next quarter." Radcliffe Decl., Ex. A at 8 (Supp. Resp. to Interrog. No. 41). Henley now declares that based on the information he knows (but previously swore on October 13, 2006 that he could not recall), that issues with 11i would not hamper Oracle's ability to meet its 3Q01 guidance and that he was optimistic Oracle would meet or exceed its earnings forecast. Henley Decl., ¶¶4-10. Finally, Henley's declaration testimony is impermissible hearsay to the extent he asserts that "Oracle's senior sales executives . . . confirmed their confidence in their forecasts for Q3 2001." Henley Decl., ¶9.

### C. Sanderson's Declaration Should Be Excluded Because He Lacks Personal Knowledge and Relies on Evidence Admittedly Not Preserved by Oracle

Like Ellison and Henley, as discussed above, Sanderson has demonstrated a lack of personal knowledge based on his virtually identical testimony as to 2Q01 earnings results and his optimism concerning Oracle's business heading into 3Q01. *See supra*, §II.A. Sanderson also testifies without personal knowledge, as to "all" software: "While Suite 11i encountered problems that would be expected of any new software product of its complexity . . . ." Sanderson Decl., ¶6. Further, Sanderson also improperly relies on hearsay and information that was not preserved by Oracle, *i.e.*, the files of AVPs and regional managers. *See* Reply in Further Support of Plaintiffs' Motion for Summary Judgment Against Lawrence Ellison for Trading on the Basis of Material Non-Public Information (Dkt. No. 1569) at 11, n.14.

**D. Anthony's Declaration Relies on Hearsay, Should Be Excluded Because She Lacks Personal Knowledge and Provides No Foundation for Her Assertions**

Anthony's declaration is premised on impermissible hearsay and evidences a lack of personal knowledge. Anthony declares that certain customers were "live" during the Class Period. *See* Anthony Decl., ¶8 *and* Ex. 44 thereto. Anthony further declares that she would learn that a customer was live by "speaking with personnel in Oracle's development, support and consulting divisions who, through their ordinary duties, were in contact with these customers and were familiar with their implementations." Anthony Decl., ¶6; *see also* ¶10 (customers agreed to act as references based on information obtained from personnel in Oracle's development and marketing divisions); ¶12 (development organization would draft summaries regarding customer experiences with Suite 11i which Anthony would summarize); Anthony Supp. Decl., ¶5 (same). This testimony is impermissible hearsay. Indeed, oral conversations as depicted in ¶6 by Anthony are not considered a business record exception under FRE 802. Further, Anthony does not "remember when or to whom [she] would have provided [the information that 180 customers were live on Suite 11i as reflected in the February 20, 2001 press release]" yet she is "confident" that she provided that information to someone in Oracle's marketing division, and that "it would have been the regular practice of those who created public pronouncements referencing the number of Suite 11i customers to get that information from [her]." Anthony Decl., ¶9. Anthony's own declaration reflects that she lacks personal knowledge and she has no basis for her assertions with respect to what Oracle's marketing division would do on a regular basis. *Id.* In fact, she has not even identified who it would be that created "public pronouncements" during the Class Period. *Id.*

**E. Seiden's Declaration Should Be Excluded Because He Lacks Personal Knowledge (FRE 602), His Testimony Is Not Relevant and He Profers Impermissible Opinion Testimony**

Seiden's declaration should be excluded because he admittedly lacks personal knowledge necessary to support the factual assertions in his declaration. For example, he states: "I do not recall precisely all of the business flows that were used to test the integration of Oracle's Suite 11i versions 1 through 3, but each such release was tested using . . . ." Seiden Decl., ¶6. He also speaks to what the development team(s) did, of which he was not a participant. Seiden Decl., ¶8. Further, his

testimony is irrelevant under FRE 402 because he does not (and cannot be based on his lack of personal knowledge) testify that Suite 11i was fully integrated and interoperable out of the box. The very representations alleged to be false. Nor can he testify that Suite 11i was fully tested. Further still, he cannot be permitted to provide his opinions under FRE 701 and 702 because they are not based on his own perception, would not be helpful to a trier of fact and are impermissible expert testimony. *See, e.g.*, Seiden Decl., ¶7 ("While, in hindsight, we felt that the automated testing system was more effective for Suite 11i, *it did not mean – nor did we believe* – that Oracle's previous testing methods were insufficient.") (emphasis added).

### F. Shaw's Declaration Should Be Excluded Because It Is Based on Hearsay, Lacks Personal Knowledge and She Offers Impermissible Opinions

Shaw's declaration is premised on impermissible hearsay and a lack of personal knowledge. She testifies as to what customers elect, what they know, what they understand, why they are unhappy and what they do. Shaw Decl., ¶¶6-8, 10. This testimony is based on hearsay and she lacks personal knowledge to otherwise testify. She also lacks personal knowledge to offer the opinion that: (i) "bugs and implementation difficulties accompany the first several point releases of new business enterprise software of the magnitude sold by Oracle"; (ii) "bugs exist in all software"; and (iii) "escalated customers are a fact of life for any release." Shaw Decl., ¶¶6, 9. In fact, it would appear that defendants proffer Shaw's declaration as opinion testimony based on her experience but her testimony is impermissible under FRE 701 and she has not been properly disclosed as an expert per FRE 702. *See, e.g.*, Shaw Decl., ¶11 (agreeing to pay concessions is "not a reflection that a certain product is not commercially viable or problematic").

### G. Fletcher's Declaration Should Be Excluded Because His Testimony Is Irrelevant, He Lacks Personal Knowledge and He Relies on Hearsay

Fletcher states that "a high-level audit of integrated business flows . . . did not serve as a substitute for the extensive integration testing." Fletcher Decl., ¶¶14-15. Thus, the audits Fletcher describes are irrelevant to whether Suite 11i was fully integrated and interoperable out of the box under FRE 401 and 402. Further, his testimony as to what thousands of developers did is hearsay – Fletcher can only speak as to what he did or observed as a percipient witness. Fletcher Decl., ¶9.

1  Moreover, Fletcher, by his own testimony, was responsible for the development of CRM software
2  applications and designing a methodology for testing Suite 11i's CRM applications – not ERP.
3  Fletcher Decl., ¶2. With respect to integration testing, Fletcher declares, without foundation and no
4  personal knowledge, that "the QA teams within the CRM and ERP product divisions worked
5  together to execute integration tests."  Fletcher Decl., ¶8.  Fletcher does not, as he is required,
6  disclose his personal knowledge as to any integration testing done at Oracle. In fact, it would appear
7  that Fletcher, like Shaw, is being improperly tendered as an expert. He does not (and cannot) satisfy
8  the requirements of FRE 701, and under FRE 702 he has not been properly designated as an expert.

**H.    Deal's Declaration Is Premised on an Insufficient Foundation, Lacks Personal Knowledge and Should Be Excluded as Inadmissible**

By his own declaration testimony, Deal is not a percipient witness but a "consultant" retained by Oracle. Deal Decl., ¶2. He provides no background information as to why he would be qualified to submit this "summary" or foundation as to how he arrived at creation of Exs. 42 and 43. Plaintiffs have no idea who Mr. Deal is, and had no chance to depose or cross-examine him. Indeed, the exhibits are not self-explanatory information derived from voluminous records and are confusing. For example, Ex. 43 reflects formulas and headings that are unexplained and confusing. FRE 403.

Deal declares that Ex. 42 attached to his declaration is purportedly "a true and correct summary of voluminous writings pursuant to [FRE] 1006." Deal Decl., ¶3. Federal Rule of Evidence 1006, however, provides that "[t]he contents of voluminous writings. . . which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place." FRE 1006. In addition, "admission of a summary under Fed. R. Evid. 1006 requires a proper foundation as to the admissibility of the material that is summarized and . . . [a showing] that the summary is accurate." *United States v. Briscoe*, 896 F.2d 1476, 1495 (7th Cir. 1990) (citations and internal quotations omitted); *see also United States v. Johnson*, 594 F.2d 1253, 1254-57 (9th Cir. 1979). Further, a summary may be inadmissible when it contains inaccurate information or conclusory information. *See United States v. Scales*, 594 F.2d 558, 563 (6th Cir. 1979).

Here, Ex. 42 purports to be a summary of three things: (i) 85 Upside Reports; (ii) a compilation of analyst consensus estimates for Oracle's EPS; and (iii) guidance in two conference call transcripts. Defendants have not met their burden of establishing a proper foundation for Deal's declaration, Ex. 42 or 43. Further, and as to the exhibits they are unreliable and unauthentic (FRE 901). Moreover, as to Ex. 42, Deal purports to introduce a summary of evidence already in the record, thus by his own admission rendering the summary improper and unnecessary under FRE 1006. *See* Deal Decl., Ex. 43 (citing to his source as the Upside Reports as indicated in the Declaration of Ivgen Guner); *see also* Guner Decl., ¶5 (attaching Upside Reports as Exs. 1-8). Additionally, he has articulated no personal knowledge as to the data in the Upside Reports, the conference call transcripts or the Thompson IBES History database. Indeed, it would appear the defendants seek to improperly use Deal and his analysis as expert opinion and testimony when he has not been disclosed as an expert, provided a report or been subject to a deposition. FRE 701, 702; Fed. R. Civ. P. 26(a). Significantly, defendants cite to Ex. 42 for the purpose that (i) Oracle exceeded its expectations in 1Q01 and 2Q01; (ii) its 1Q01 and 2Q01 forecast processes were accurate and conservative; and (iii) it would have met guidance in 2Q01 even if it did not commit accounting fraud. *See, e.g.*, Defendant Ellison's Opposition to Plaintiffs' Motion for Summary Judgment Under Section 20A (Dkt. No. 1544) at 18, n.14; 21:11-14; 23:24-25:4; Defendants' Revised Motion for Summary Judgment (Dkt. No. 1524) at 7:27-8:1; 12:23-13:2. To the extent defendants offer Ex. 42 to support these propositions, it is extremely misleading under FRE 403. The misleading nature of the documents is corroborated by the fact that defendants failed to include other pertinent information contained in the pipeline reports or known to defendants at the time of their forecasts.

Deal also purports to submit a compilation of analyst consensus (not previously produced in this action as required by FRE 1006) in Ex. 43 claiming, without any foundation, that the data is "commercially available and generally used and relied upon by the public or by persons employed in financial analysis." Deal Decl., ¶3. The analyst consensus is not admissible evidence as it has not been properly authenticated (FRE 901) and by Deal's own concession, it is prone to error rendering it unreliable. Deal Decl., Ex. 43 (footnote). Further, any summary of this consensus data would not

comply with FRE 1006 because the data is inadmissible. The flaws as to Ex. 43 require Ex. 42 to also be excluded as Ex. 42 relies on Ex. 43.

### I. The Declarations of Quinn and Myers Should Be Excluded Because They Lack Personal Knowledge, They Have Not Laid a Proper Foundation and Are Taken Out of Context

Defendants rely on the Quinn (¶5) and Myers (¶4) declarations for the proposition that during the course of an investigation into the debit memo transactions alleged in the operative complaint, "Oracle discovered that low-level collections analysts had reclassified to the bad debt reserve certain payments that they could not apply to open invoices." Defendants' Reply in Support of Motion for Summary Judgment (Dkt. No. 1567) ("Defs' SJ Reply") at 21 n.26.[2] Defendants also rely on ¶5 of the Quinn and ¶4 of the Myer declarations for the proposition that the reserve analysis referenced in the documents cited by plaintiffs was a separate exercise performed at the end of every quarter by a group of personnel entirely separate from the collections analysts responsible for the bad debt transfers. *Id.* at 23:17-24:2. The paragraph cited by defendants from Quinn solely states that he was "assigned by Thomas Williams to manage an investigation into the proper disposition of unassigned cash receipts that Oracle's collection staff had, over time, assigned to an accounts receivable reserve account known as Account 12601. That project is still ongoing." Quinn Decl., ¶5. As to Myers, he states, "I was also involved in an investigation into the disposition of unassigned cash receipts that Oracle's collection staff had, over time, assigned to an accounts receivable reserve account known as Account 12601." Myers Decl., ¶4. Neither Myers nor Quinn has laid a proper foundation for their conclusions. Indeed, Quinn has even admitted to his lack of personal knowledge with respect to his declaration testifying that information in his declaration came from Myers. Ex. B at 171:8-172:15; 173:5-12 (April 18, 2006 Deposition Transcript of Michael Quinn) (Dkt. No. 1553). The assertions by Quinn and Myers are also taken out of context (FRE 403) for the proposition cited by defendants.

---

[2] The Quinn and Myers declarations are attached as Exs. 489 and 490, respectively, to the Declaration of Bryan T. Glennon (Dkt. No. 1568).

## III. CONCLUSION

For the reasons set forth herein, the declarations of Ellison, Henley, Sanderson, Anthony Seiden, Shaw, Fletcher, Deal, Quinn and Myers should be excluded.

DATED: February 10, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
DANIEL J. PFEFFERBAUM


                    /s/
WILLOW E. RADCLIFFE

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
MARK SOLOMON
DOUGLAS R. BRITTON
SCOTT H. SAHAM
STACEY M. KAPLAN
SARAH R. HOLLOWAY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Oracle3\BRF00057398_evidentiary objections.doc

1                                                CERTIFICATE OF SERVICE

2       I hereby certify that on February 10, 2009, I electronically filed the foregoing with the Clerk

3 of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4 addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5 mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6 participants indicated on the attached Manual Notice List.

7       I further certify that I caused this document to be forwarded to the following designated

8 Internet site at: http://securities.csgrr.com/.

9       I certify under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct. Executed on February 10, 2009.

11

12                                                                       /s/
                                                                 WILLOW E. RADCLIFFE

13

14                                                   COUGHLIN STOIA GELLER
                                                         RUDMAN & ROBBINS LLP

15                                                  100 Pine Street, 26th Floor
                                                 San Francisco, CA  94111

16                                                 Telephone: 415/288-4545
                                                415/288-4534 (fax)

17

18                                                 E-mail:willowr@csgrr.com

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 3:01-cv-00988-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roger M. Adelman**
  radelman@erols.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,jillk@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Joy Ann Bull**
  JOYB@csgrr.com

- **Dorian Estelle Daley**
  dorian.daley@oracle.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,svdocket@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,eeberline@morganlewis.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com,#sfdocket@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Dawn S. Pittman**
  dpittman@morganlewis.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Scott H Saham**
  scotts@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,sholloway@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Sanna Rachel Singer
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111

Monique C. Winkler
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
```