# EXHIBIT A

Vol. 78
#1474
9-29-06

| | |
|---|---|
| LATHAM & WATKINS LLP<br>Peter A. Wald (SBN 85705)<br>Michele F. Kyrouz (SBN 168004)<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-2562<br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>E-mail: peter.wald@lw.com<br>    michele.kyrouz@lw.com | LATHAM & WATKINS LLP<br>Patrick E. Gibbs (SBN 183174)<br>Andrew M. Farthing (SBN 237565)<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br>E-mail: patrick.gibbs@lw.com |

LATHAM & WATKINS LLP
  Jamie L. Wine (SBN 181373)
885 Third Avenue, Suite 1000
New York, NY 10022-4082
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
E-mail: jamie.wine@lw.com

REC'D OCT 0 2 2006

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian E. Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-MJJ (JCS)<br>(Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES** |

Pursuant to Federal Rule of Civil Procedure 33, Defendants Oracle Corporation ("Oracle"), Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson (collectively, "Defendants") hereby object and provide supplemental responses to Plaintiffs' Fourth Set of Interrogatories (the "Interrogatories").

## GENERAL OBJECTIONS

1.  Defendants object to the Interrogatories as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that the Interrogatories purport to require discovery beyond the scope set by the March 10, 2005 Amended Order Establishing A Discovery Plan (the "Discovery Plan") and subsequent Court Orders.

2.  Defendants object to the terms "Oracle" or the "Company" as overly broad and unduly burdensome. Defendants will understand the terms "Oracle" and the "Company" to refer to Oracle Corporation and its officers, directors, and employees.

3.  Defendants object to the terms "you" and "your" as overly broad, unduly burdensome, and contrary to their plain meanings. Defendants will understand the terms "you" and "your" to refer to Oracle Corporation, Lawrence J. Ellison, Jeffrey O. Henley, and Edward J. Sanderson.

4.  Defendants object to the Interrogatories to the extent that they purport to require discovery in excess of Defendants' obligations under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, the orders of this Court and other applicable law or rules.

5.  Defendants object to the Interrogatories to the extent they are vague, indefinite, ambiguous, unduly repetitive, lack a readily discernible meaning and/or require Defendants to speculate as to the information sought. Without waiver of these objections, Defendants have made reasonable interpretations of the meanings of such Interrogatories and will respond according to such interpretations.

6.  Defendants object to the Interrogatories to the extent that they are unduly burdensome, oppressive, unjustifiably expensive and/or vexatious.

7. Defendants object to the Interrogatories to the extent that the information called for is protected by the attorney-client privilege, the attorney work product doctrine, statutory and constitutional privacy rights, and other applicable doctrines. To the extent Defendants inadvertently provide any information that may be protected from discovery by any such privilege, doctrine, or immunity, the disclosure does not constitute a waiver thereof.

8. By responding to these Interrogatories, Defendants do not admit or agree with any explicit or implicit assumption made in these Interrogatories.

9. Defendants' investigation and discovery in this case are ongoing. Defendants reserve the right to supplement their objections and responses as necessary, pursuant to Federal Rule of Civil Procedure 26(e) and the Local Rules of the Northern District of California.

10. Each of the foregoing objections is, by this reference, incorporated fully in each individual response below and each individual response is made subject to and without waiving such objections.

## DEFENDANTS' SPECIFIC RESPONSES TO PLAINTIFFS' INTERROGATORIES

### INTERROGATORY NO. 33:

Identify each and every deal in Oracle's pipeline that was lost during the class period at Oracle.

### RESPONSE TO INTERROGATORY NO. 33:

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object that the terms "lost" and "pipeline" and "deal" are vague and ambiguous, and fail to describe the information sought with adequate particularity. Defendants also object that this Interrogatory is so overly broad that compliance would be unreasonably difficult and expensive, making the Interrogatory unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendants object that this Interrogatory is duplicative, in whole or in part, to previous Interrogatories, including Number 4 and Number 6 of Plaintiffs' First Set of Interrogatories.

1 **INTERROGATORY NO. 34:**

2         Identify the forecasted dollar value of each deal listed in your response to
3 Interrogatory No. 33.

4 **RESPONSE TO INTERROGATORY NO. 34:**

5         Defendants incorporate each of their General Objections and their Response to
6 Interrogatory 33 as though fully set forth herein. Defendants further object that the term
7 "forecasted dollar value" is vague and ambiguous, and fails to describe the information sought
8 with adequate particularity. Defendants also object that this Interrogatory is so overly broad that
9 compliance would be unreasonably difficult and expensive, making the Interrogatory unduly
10 burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible
11 evidence. In addition, Defendants object that this Interrogatory is duplicative, in whole or in
12 part, of previous Interrogatories, including Interrogatories Number 4 and Number 6 of Plaintiffs'
13 First Set of Interrogatories.

14 **INTERROGATORY NO. 35:**

15         Identify the specific "cracks [that] started to appear in the last four days of the
16 quarter" as described by defendant Henley in the March 15, 2001 Oracle conference call.

17 **RESPONSE TO INTERROGATORY NO. 35:**

18         Defendants incorporate each of their General Objections as though fully set forth
19 herein. Defendants further object that this Interrogatory misquotes and mischaracterizes Mr.
20 Henley's statement and is therefore unintelligible. In addition, Defendants object that the
21 information requested is more properly the subject of deposition testimony.

22 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

23         Subject to, and without waiver of the objections set forth in Defendants' Response
24 to Interrogatory No. 35, the statement made by Henley reads as follows: "As Larry said on the
25 March 1 conference call, the crack started to appear in the last four days of the quarter." NDCA-
26 ORCL 399182. Henley explained this statement, identifying the "crack" as follows: "At first, it
27 showed in our general business dot-com mid-market forecast, which came down each of the last
28 four days. But it also showed up on other U.S. business units right at the end as contract after

1 contract slipped as a result of key executives delaying decisions to sign the deals when they
2 represented the final signature." *Id.*

3 **INTERROGATORY NO. 36:**

4 Identify the specific "deals" described by defendant Henley in his statement: "The
5 cracks got a bit wider earlier in this week, and then on Wednesday we just had a significant
6 amount of deals that were deferred" in the March 1, 2001 Oracle conference call.

7 **RESPONSE TO INTERROGATORY NO. 36:**

8 Defendants incorporate each of their General Objections as though fully set forth
9 herein. Defendants further object that this Interrogatory misquotes and mischaracterizes Mr.
10 Henley's statement and is therefore unintelligible. In addition, Defendants object that the
11 information requested is more properly the subject of deposition. Defendants also object that
12 this Interrogatory is duplicative, in whole or in part, of previous Interrogatories, including
13 Interrogatories Number 4 and Number 6 of Plaintiffs' First Set of Interrogatories.

14 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

15 Subject to, and without waiver of the objections set forth in Defendants' Response
16 to Interrogatory No. 36, the statement made by Henley reads as follows: "The cracks got a little
17 bit wider earlier in this week, and then on Wednesday we just had a significant amount of deals
18 that were deferred." NDCA-ORCL 419610. Henley's statement refers to a "significant amount"
19 of deals (in the aggregate) being deferred, not specific individual deals.

20 **INTERROGATORY NO. 37:**

21 Identify the specific entities whose potential deal "approvals" are referred to in
22 the March 1, 2001 conference call statement by Ellison, "we really didn't see it in our business
23 until the last few days as these approvals made it up the management chain."

24 **RESPONSE TO INTERROGATORY NO. 37:**

25 Defendants incorporate each of their General Objections as though fully set forth
26 herein. Defendants further object that this Interrogatory mischaracterizes Mr. Ellison's statement
27 and is therefore unintelligible. Defendants also object that the information requested is more
28 properly the subject of deposition testimony. In addition, Defendants object that this

1  Interrogatory is duplicative, in whole or in part, of previous Interrogatories, including
2  Interrogatories Number 4 and Number 6 of Plaintiffs' First Set of Interrogatories.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**

4  Subject to, and without waiver of the objections set forth in Defendants' Response
5  to Interrogatory No. 37, Ellison's statement refers in the aggregate to potential deals where
6  approvals were sought up the management chain. Ellison was not referring to any specific
7  entities in particular, and he does not recall at this time which companies he may have had in
8  mind as examples of this occurrence.

9  **INTERROGATORY NO. 38:**

10  Identify the specific deals defendant Ellison was referring to in the March 15,
11  2001 conference call statement: "I was involved in an awful lot of these deals."

12  **RESPONSE TO INTERROGATORY NO. 38:**

13  Defendants incorporate each of their General Objections as though fully set forth
14  herein. Defendants further object that the information requested is more properly the subject of
15  deposition testimony. In addition, Defendants object that this Interrogatory is so overly broad
16  that compliance would be unreasonably difficult and expensive, making the Interrogatory unduly
17  burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible
18  evidence. In addition, Defendants object that this Interrogatory is duplicative, in whole or in
19  part, of previous Interrogatories, including Interrogatories Number 4 and Number 6 of Plaintiffs'
20  First Set of Interrogatories.

21  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**

22  Subject to, and without waiver of the objections set forth in Defendants' Response
23  to Interrogatory No. 38, Ellison was not referring to specific deals, but instead to many deals in
24  the aggregate, as the question posed to Ellison was "Of the deal [sic] that did close, is there a
25  threat [sic] of consistency through them? And if you were to handicap what was common about
26  the deals that did close, what would that be?" NDCA-ORCL 399214. Ellison assisted Oracle
27  sales personnel with deals, but has no further recall at this time as to the specific deals on which
28  he was consulted in this time period.

**INTERROGATORY NO. 39:**

Identify all facts supporting Ellison's February 21, 2001 statement at Oracle Apps World Conference that, "the very first year we [Oracle] put it [eBusiness] in, we saved $1 billion."

**RESPONSE TO INTERROGATORY NO. 39:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object that this Interrogatory assumes facts not in evidence. Defendants also object that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and seeks discovery beyond the scope of the Discovery Plan. In addition, Defendants object to the Interrogatory to the extent it is so broad that compliance would be unreasonably difficult and expensive, making the Interrogatory unduly burdensome and oppressive.

**INTERROGATORY NO. 40:**

Identify all facts that support your affirmative defenses in defendants' Amended Answer to Revised Second Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 40:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object that this Interrogatory is vague and compound. In addition, Defendants object to the Interrogatory to the extent it is so broad that compliance would be unreasonably difficult and expensive, making the Interrogatory unduly burdensome and oppressive.

**INTERROGATORY NO. 41:**

Identify all facts that formed the basis of defendant Henley's December 14, 2000 statement that, "And every geography, (we're) strong, Europe, Asia, U.S. so there's nothing that we – no weakness in our applications business and the pipelines at every one of these geographies looks astounding for the quarter."

**RESPONSE TO INTERROGATORY NO. 41:**

Defendants incorporate each of their General Objections as though fully set forth

1 herein. Defendants further object that this Interrogatory misquotes Mr. Henley. In addition,
2 Defendants object that the information requested is more properly the subject of deposition
3 testimony. Defendants also object to the Interrogatory as overly broad and unduly burdensome
4 to the extent that it calls for "all" facts that form the basis of the referenced statement.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

Subject to, and without waiver of the objections set forth in Defendants' Response to Interrogatory No. 38, the statement made by Henley reads as follows: "And every geography, (we're) strong, Europe, Asia, U.S.. So there's nothing that we – no weakness in our applications business and the pipelines at every one of these geographies looks astounding for this next quarter." NDCA-ORCL 128982. Henley does not recall at this time all of the facts which formed the basis for his statement, but the facts in the record demonstrate that applications revenue in the second quarter of fiscal 2001 increased by 66% in constant dollars and 73% in local currency, NDCA-ORCL 128975, including deals with American General and Hewlett Packard, among others, *see* NDCA-ORCL 128981. Furthermore, Defendants incorporate as if fully set forth herein the facts contained in the documents produced as NDCA-ORCL 398302-398311 and 440076-92, which demonstrate, among other facts, applications pipeline growth for the third quarter of fiscal 2001 of 144% in the United States and Canada, 75% in EMEA, 233% in APAC and 80% in Japan. NDCA-ORCL 398305.

**INTERROGATORY NO. 42:**

Identify all facts that formed the basis of defendant Ellison's February 21, 2001 statement that, "We [Oracle] were the first company to use this eBusiness Suite and in the very first year we put it in, we saved $1 billion."

**RESPONSE TO INTERROGATORY NO. 42:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object that this Interrogatory assumes facts not in evidence. Defendants also object that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and seeks discovery beyond the scope of the Discovery Plan. In addition, Defendants object to the Interrogatory to the extent it is so broad that compliance would be

1  unreasonably difficult and expensive, making the Interrogatory unduly burdensome and
2  oppressive.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 42:**

4  Subject to, and without waiver of the objections set forth in Defendants' Response
5  to Interrogatory No. 42, Ellison does not recall at this time all of the facts which formed the basis
6  for his statement, but the facts in the record set forth below support Ellison's statement.
7  Defendants incorporate by reference as if fully set forth herein the facts contained in the
8  documents produced as NDCA-ORCL 126942, 306827-28, 306893-98, 307404-17, 307504-13,
9  314408-19, 315191-98, 315202-22, 315366, and 315403-672. These documents, as well as other
10 documents reflecting Oracle's financial results to date, demonstrate that during fiscal year 1999,
11 Oracle's operating margin was 21.2% with revenues of $8.828 billion and operating expenses of
12 $6.954 billion. NDCA-ORCL 315492-93. In fiscal year 2000, during which Oracle began
13 implementation of the Oracle E-Business Suite, Oracle's operating margin improved to 30.4%
14 with revenue reaching $10.13 billion and operating expenses of $7.050 billion. *Id.* For the
15 trailing twelve month period through 30 November 2000, Oracle's operating margin further
16 increased to 35% with revenue of $10.745 billion and operating expenses of $6.983 billion.
17 NDCA-ORCL 315561-62. Assuming Oracle's operating expenses increase at the same rate as
18 its revenue, an increase in revenue to $10.745 billion for the twelve month period ended 30
19 November 2000 (21.7% increase from fiscal year 1999) should have resulted in a corresponding
20 percentage increase in operating expenses to $8.46 billion. This demonstrates savings of $1.477
21 billion ($8.46 billion - $6.983 billion).

22 **INTERROGATORY NO. 43:**

23 Identify how defendant Ellison used the proceeds of his class period sales of
24 Oracle stock.

25 **RESPONSE TO INTERROGATORY NO. 43:**

26 Defendants incorporate each of their General Objections as though fully set forth
27 herein. Defendants further object that the phrase "used the proceeds" is vague and ambiguous
28 and fails to describe the information sought with adequate particularity. In addition, Defendants

1  object that this Interrogatory violates constitutional privacy rights and is designed to harass
2  Defendants. Defendants also object to this Interrogatory as overly broad and unduly burdensome
3  and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and
4  without waiving these objections, Defendants are willing to meet and confer concerning this
5  Interrogatory.

6  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 43:**

7  Subject to, and without waiver of the objections set forth in Defendants' Response
8  to Interrogatory No. 43, the description of the use of the proceeds from Ellison's class period
9  sales of Oracle stock is set forth at NDCA-ORCL 042862-63, which document is incorporated
10 by reference as if fully set forth herein.

11 **INTERROGATORY NO. 44:**

12 For each debit memo and underlying transaction related to Oracle's 2Q01 "On
13 Account Clean Up," identify the date, amount, reason, and all facts and documents supporting
14 why items related to debit memos were allegedly designated or placed "On Account" prior to the
15 debit memo dates.

16 **RESPONSE TO INTERROGATORY NO. 44:**

17 Defendants incorporate each of their General Objections as though fully set forth
18 herein. Defendants further object to the Interrogatory as vague and ambiguous as to "reason"
19 and "supporting why." In addition, Defendants object to the Interrogatory as overly broad,
20 unduly burdensome, and designed to harass Defendants. Defendants also object to the
21 Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of
22 admissible evidence and seeks evidence beyond the scope of the Discovery Plan and the October
23 19 Order.

24 **INTERROGATORY NO. 45:**

25 For each transfer made by Oracle from Account 25005 (Customer Overpayments)
26 to Account 12601 (Bad Debt Write Offs), Account 12008 (Trade A/R) or any revenue or expense
27 account, identify the date, the amount, and all facts and documents supporting why the transfer
28 was made.

**RESPONSE TO INTERROGATORY NO. 45:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to the Interrogatory as vague and ambiguous as to "transfer," "revenue," and "expense account." In addition, Defendants object to the Interrogatory as overbroad, unduly burdensome, and designed to harass Defendants. Defendants also object to the Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and seeks evidence beyond the scope of the Discovery Plan and the October 19 Order.

**INTERROGATORY NO. 46:**

Identify all deals that were at one time scheduled to close in 4Q01 that instead closed in 3Q01.

**RESPONSE TO INTERROGATORY NO. 46:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object that the Interrogatory is vague and ambiguous as to "deal" and "at one time scheduled to close in 4Q01" and fails to describe the information sought with adequate particularity. In addition, Defendants object that this Interrogatory is so overly broad that compliance would be unreasonably difficult and expensive, making the Interrogatory unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 47:**

Identify all expenses incurred in 3Q01 that were accounted for in any subsequent fiscal period.

**RESPONSE TO INTERROGATORY NO. 47:**

Defendants incorporate each of their General Objections as though fully set forth herein. Defendants further object to the Interrogatory as vague and ambiguous as to "expenses." In addition, Defendants object to the Interrogatory as overly broad, unduly burdensome, and designed to harass Oracle. Defendants also object to the Interrogatory on the grounds that it is

1 not reasonably calculated to lead to the discovery of admissible evidence and seeks evidence
2 beyond the scope of the Discovery Plan and/or the October 19 Order.

3 **INTERROGATORY NO. 48:**

4     Identify all deals that were one time scheduled to close in 3Q01 that instead
5 closed in 2Q01.

6 **RESPONSE TO INTERROGATORY NO. 48:**

7     Defendants incorporate each of their General Objections as though fully set forth
8 herein. Defendants further object that the Interrogatory is vague and ambiguous as to "deal" and
9 "one time scheduled to close in 3Q01" and fails to describe the information sought with adequate
10 particularity. In addition, Defendants object that this Interrogatory is so overly broad that
11 compliance would be unreasonably difficult and expensive, making the Interrogatory unduly
12 burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible
13 evidence.

14 **INTERROGATORY NO. 49:**

15     Identify all expenses incurred in 2Q01 that were accounted for in any subsequent
16 fiscal period.

17 **RESPONSE TO INTERROGATORY NO. 49:**

18     Defendants incorporate each of their General Objections as though fully set forth
19 herein. Defendants further object to the Interrogatory as vague and ambiguous as to "expenses."
20 In addition, Defendants object to the Interrogatory as overly broad, unduly burdensome, and
21 designed to harass Oracle. Defendants also object to the Interrogatory on the grounds that it is
22 not reasonably calculated to lead to the discovery of admissible evidence and seeks evidence
23 beyond the scope of the Discovery Plan and/or the October 19 Order.

24
25
26 Dated: September 29, 2006                                     Respectfully submitted,
27                                                                             LATHAM & WATKINS LLP
28

1  By: _____
   Andrew M. Farthing
2  Attorneys for Defendants ORACLE
   CORPORATION, LAWRENCE J.
3  ELLISON, JEFFREY O. HENLEY,
   and EDWARD J. SANDERSON
4
   SV\523448.3
5

## VERIFICATION

I have read the foregoing document entitled: DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES and know its contents. I am informed and believe that the matters stated therein, to the extent they are directed to Oracle Corporation, are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed on: November 1, 2006 at Redwood City, California.

By: *Thomas S. Olinger* (signature)
Oracle Corporation
Thomas Olinger
Vice President and Corporate Controller

LATHAM•WATKINS   SV\526906.2
ATTORNEYS AT LAW
SILICON VALLEY

CORR 014803

## VERIFICATION

I have read the foregoing document entitled: DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES and know its contents. I am informed and believe that the matters stated therein, to the extent they are directed to me as an individual, are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed on: October 16, 2006 at ___Woodside___, California.

By: _____
Lawrence J. Ellison

LATHAM•WATKINS  SV\526908.1
ATTORNEYS AT LAW
SILICON VALLEY

CORR 014804

FROM LATHAM & WATKINS LLP Fax _chine_#2 ....   (WED)11. 1'06 14:.../ST. 14:24/NO. 4861909821 P. 5

## VERIFICATION

I have read the foregoing document entitled: DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES and know its contents. I am informed and believe that the matters stated therein, to the extent they are directed to me as an individual, are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed on: October 13, 2006 at SANTA BARBARA, California.

By: _Jeffrey O. Henley_
       Jeffrey O. Henley

LATHAM•WATKINS SV\526909.1
ATTORNEYS AT LAW
SILICON VALLEY

CORR 014805

**VERIFICATION**

I have read the foregoing document entitled: DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES and know its contents. I am informed and believe that the matters stated therein, to the extent they are directed to me as an individual, are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed on: October 16, 2006 at Rancho Santa Fe, California.

By: _____
Edward J. Sanderson, Jr.

LATHAM&WATKINS SV\526911.1
ATTORNEYS AT LAW
SILICON VALLEY