COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (111070)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
SCOTT H. SAHAM (188355)
STACEY M. KAPLAN (241989)
SARAH R. HOLLOWAY (254134)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@csgrr.com
marks@csgrr.com
dougb@csgrr.com
scotts@csgrr.com
staceyk@csgrr.com
sholloway@csgrr.com
        – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
DANIEL J. PFEFFERBAUM (248631)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@csgrr.com
willowr@csgrr.com
elig@csgrr.com
dpfefferbaum@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | )<br>)<br>) | Master File No. C-01-0988-SI |
| | ) | CLASS ACTION |
| This Document Relates To: | )<br>) | PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY |
| ALL ACTIONS. | )<br>)<br>)<br>) | OBJECTIONS REGARDING CUSTOMER COMPLAINTS |

1    Plaintiffs hereby respond to certain of defendants' evidentiary objections filed February 9,

2    2009 (Dkt. Nos. 1585-86) and seek the Court to admit certain e-mail correspondence, produced by

3    defendants, regarding Oracle Corporation's Suite 11i software.  These communications are

4    admissible, primarily as admissions by the defendants, and should be considered by the Court in

5    rendering its order on Plaintiffs' Motion for Summary Judgment Against Larry Ellison for Trading

6    on the Basis of Material Non-Public Information and Defendants' Revised Motion for Summary

7    Judgment. Dkt. Nos. 1506, 1524, respectively.  Defendants' efforts to exclude this evidence are void

8    of anything other than conclusory objections that are inconsistent with the evidence.

9    Defendants broadly characterize 41 communications related to Suite 11i as "customer

10   complaints" and improperly seek to exclude them as hearsay.  *See* Dkt. No. 1585 at 4, 8 (objecting to

11   Exs. 33-36, 141, 143 and 147); Dkt. No. 1586 at 4 (objecting to Exs. 68, 72-75, 77, 79-80, 82, 84,

12   95-104, 109, 112, 148, 381, 383, 385-386, 388, 393, 396, 398, 400-401 and 404).  In fact, most of

13   these exhibits are internal e-mail chains authored by Oracle employees and are admissible as non-

14   hearsay statements. Fed. R. Evid. ("FRE") 801(d)(2)(A)-(D).  Those e-mail chains which contain

15   embedded communications directly from customers, in addition to communications from Oracle

16   employees, are properly admitted as adoptive admissions.  FRE 801(d)(2)(B).  Other statements

17   made by customers are simply non-hearsay statements because they are not offered for the truth of

18   the matters asserted therein, but are offered to show defendants' knowledge and notice.  FRE 801(c).

19   Defendants make no effort to provide an analysis for the Court but instead make a single

20   generic hearsay objection to all 41 exhibits, thereby placing the onus on plaintiffs and the Court to

21   decipher the true basis for each objection to each piece of evidence.[1]  *See* Dkt. No. 1585 at 4, 8; Dkt.

22

23   [1]    The objection reads:

24

25   Hearsay (FRE 802 and 805). Because they are offered to prove the facts asserted by
     third-party customers . . . , evidence of customer complaints and requests for
26   concessions are hearsay, and inadmissible to prove any defects in Suite 11i. Fed. R.
     Evid. 801(c); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006)
27   ("[C]ustomer complaints, whether contained in Ford's business records or compiled
     by another party, all constitute hearsay.").  The same is true of internal Oracle e-
28   mails relaying complaints. Even if the statements by Oracle's employees are
     considered non-hearsay admissions, to the extent they relay hearsay statements by

No. 1586 at 4.  Defendants' briefing provides no additional clarity.[2]  On this basis alone, the Court should deny defendants' objections.  Furthermore, analysis of the actual documents at issue demonstrates the baseless and indiscriminate fashion in which defendants lodge their objections.  For instance, despite generally describing the objection to exhibits as "E-mails regarding alleged customer complaints and/or requests for concessions," Exhibit 101[3] is not an e-mail but instead an *internal* memo describing problems with News America Marketing's implementation of Suite 11i.  *Id.  (**"Major issue is that CRM and Order Management are not integrated as we told them."**).[4]  It does not contain any communication to or from a customer.  It is a straight forward admission that should doom defendants' Motion for Summary Judgment, at least with respect to the issues of falsity and scienter.  Defendants' objection to this exhibit is inapplicable and irrelevant.[5]

Further, internal communications between Oracle employees are admissible as admissions by a party opponent.  A statement is not hearsay if "[t]he statement is offered against a party and is . . . the party's own statement in either an individual or a representative capacity . . . [or] a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made

---

third-party customers, those out-of-court statements constitute hearsay not subject to any exception.  *Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (customer complaints memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay).

[2]     In their briefing, defendants make sweeping assertions about the purported inadmissibility of the evidence relied on by plaintiffs, but fail to specify a single document which should be excluded.  For instance, defendants cite to nine pages of the report of plaintiffs' expert, Brooks Hilliard, and two pages of plaintiff SEIU's Interrogatory responses but fail to identify a single "customer complaint" which they claim should be excluded.  After failing to identify any customer complaints, defendants footnote, without logic, that "If offered to prove the facts asserted by the customers, these complaints are hearsay, and inadmissible to prove any defects in Suite 11i."  Dkt. No. 1524 at 36 n.17 (citing FRE 801(c), 805).

[3]     All "Exhibit" references are to the Declaration of Shawn A. Williams In Support of Plaintiffs' Memorandum of Points and Authorities In Opposition to Defendants' Revised Motion for Summary Judgment, filed November 17, 2008 (Dkt. Nos. 1548-1554).

[4]     All emphasis is added.

[5]     To the extent that defendants object to the admissibility of internal Oracle discussion of customer complaints, their objection is unsupported by the case law they cite.

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS REGARDING
CUSTOMER COMPLAINTS - C-01-0988-SI                                                                      - 2 -

1   during the existence of the relationship" FRE 801(d)(2)(A), (D).  For example, defendants object to

2   Exhibit 68, a 20-page internal e-mail string, authored by Oracle employees which contains a "hit list

3   of issues with [Imation's] R11i upgrade" and approval of concessions which Oracle granted to

4   Imation.  Exhibit 68 at NDCA-ORCL 248100-01.  Oracle employee Steve Sherry stated:

5   　　　　*[T]he R11i software as released didn't work* . . . .  [Imation] compromised there [sic]
　　　　reputation with the SEC associated with a write-off for the upgrade to R11i that
6   　　　　couldn't happen due to product quality issues.

7   *Id.*  While defendants may object to certain parts of this e-mail, the Court may consider those

8   portions which are clear admissions by Oracle employees and which are non-hearsay statements

9   under FRE 801(d)(A)-(D).[6]  Defendants' blanket objection is simply inapplicable to much of this

10  document.

11  　　　　Exhibit 104 contains similar admissible admissions regarding problems experienced by

12  Chipotle with its Suite 11i implementation.  Oracle employee JB Deerin wrote:

13  　　　　They [Chipotle] are experiencing *major performance problems* with 11i as well as
　　　　there still are some feature/function gaps . . . Chipotle and the Columbus end users
14  　　　　are beginning to sour on BOL and the Oracle apps.

15  *Id.* at NDCA-ORCL 034378.

16  　　　　Exhibit 112 is an e-mail string concerning the implementation of Suite 11i at Hudson Bay

17  which was ultimately sent to defendant Sanderson.  Oracle employee Mark Aboud wrote:

18  　　　　*We have a product quality problem* at Hudson's Bay [sic] in in Self Service
　　　　Expenses (SSE) module which is causing serious customer issues. . . . We must get
19  　　　　this issue resolved asap or we will soon be in a situation where *the customer will
　　　　want cash back from us* and put us off the short list for CRM and customer loyalty
20  　　　　revenue ($4.0M this FY).

21  *Id.* at NDCA-ORCL 052476.  Again, defendants may take issue with portions of these e-mail

22  communications, however, the statements of Oracle employees, like those cited here, are admissible

23  admissions.  FRE 801(d)(2)(A), (C).

24

25  _____

26  [6]　　Statements by Oracle employees contained within the exhibits at issue are admissible under
FRE 801(d)(2)(D) as they are made by employees of the defendant, Oracle, within the scope of their
27  employment.  A point defendants concede in their objections: "Even if the statements by Oracle's
employees are considered non-hearsay . . . ."  Dkt. No. 1585 at 4, 8; Dkt. No. 1586 at 4.

28

1    Communications from customers which are embedded in communications between Oracle

2  employees are admissible as adoptive admissions.  A statement is not hearsay where it "is offered

3  against a party and is . . . a statement of which the party has manifested an adoption or belief in its

4  truth."  FRE 801(d)(2)(B); 5-801 *Weinstein's Federal Evidence* §801.31, at [3][b] (Matthew Bender

5  & Co. 2009) ("A party may adopt a written statement if the party uses the statement or takes action

6  in compliance with the 801(d)(2) statement.").  Specifically with regard to forwarded e-mails,

7  "context and content" can demonstrate that a party forwarding an e-mail "'manifested an adoption or

8  belief' in the truth of the statements of other people as [it] forwarded their e-mails."  *United States v.*

9  *Safavian,* 435 F. Supp. 2d 36, 43 (D.D.C. 2006); *see also Sea-Land Serv., Inc. v. Lozen Int'l, LLC*,

10  285 F. 3d 808, 821 (9th Cir. 2002).

11    E-mails containing communications from Oracle's customers are admissible as non-hearsay

12  adoptive admissions, where Oracle employees reply, forward and act upon these e-mails in a manner

13  which evidences their belief in the truth of the customers' statements.  For instance, Exhibit 72 is a

14  string which originates on October 10, 2000 with an e-mail from Ingersoll-Rand ("IR") executive

15  Steve Carrington to Oracle Account Manager Dan Ackley detailing problems with IR's

16  implementation of Suite 11i.  Exhibit 72 at NDCA-ORCL 039550 ("[W]e cannot get the software to

17  function.  We have little confidence in Oracle's ability to provide us a stable working environment in

18  a timeframe we need.").  On the same day, Ackley forwarded this e-mail (titled "Ingersoll-Rand

19  CRITICAL SITUATION") to Mark Barrenechea and Ron Wohl and included a synopsis and

20  suggestions for remedying the situation.  *Id.* at NDCA-ORCL 039548.  Ackley wrote:

21    As indicated in [Oracle employee] Steve McLaughlin's e-mail of 9/28 *we are failing
      with our attempts to install 11i CRM and OM applications* in a Conference Room
22    Pilot (CRP) at IR's G2 sector.  As a result, we are missing a related opportunity for
      $10-20 million+ in CRM, OM and Manufacturing incremental revenue.  *We are*
23    *trying to offer a deal 2 times as larger [sic] but can't get the customer to listen until
      we get existing applications up and running*.

24  *Id.*  Subsequently, the e-mail was forwarded (again) to Oracle executives Wohl and Barrenechea by

25  Frank Varasano with a note imploring them for their "personal involvement" in fixing the situation.

26  *Id.* at NDCA-ORCL 039547 ("We are about to lose the CRM opportunity and a lot of additional

27  ERP business because of the situation that Dan summarized in his e-mail.").  Defendant Sanderson

28

1   then forwarded the e-mail chain to Defendant Ellison endorsing the creation of a "war room" to

2   handle the implementation problems experienced by IR.  *Id.* at NDCA-ORCL 039546.  Significantly,

3   the e-mails in this chain were not simply forwarded, but each Oracle employee added input which

4   evidenced their belief that the statements of the customer were true.  This e-mail chain is illustrative

5   of the non-hearsay adoptive admissions which defendants improperly seek to exclude.

6       Similarly, Exhibit 102 is an e-mail string containing e-mails from executives at TMP

7   Worldwide to and from Oracle Area Vice President Mike Cochran.  On January 10, 2001, Jane

8   Aboyoun, TMP CIO, wrote to Bart Catalane, TMP CFO, and Cochran:

9       We missed [the go-live] date because Oracle's software is still not ready for
        production. . . . TMP spent $1,780,000 on the financials software and another
10      $719,520 for the HR system, which is also unusable at this time.

11  *Id.* at NDCA-ORCL 013049.  Catalane then wrote to Cochran:

12      I really need your help here and hope you can get us some immediate answers about
        when we will be able to go live – and what you may also be able to do to get us some
13      relief on the expense side (*i.e.*, eliminated or reduced license or maintenance costs,
        additional free training etc.).

14
15  *Id.*  On the next day, Cochran responded to Aboyoun and Catalan evidencing his belief in the truth of

16  their statements:

17      I have talked to several members of the team last night to get a current assessment
        and to keep the focus on ***getting the issues resolved quickly. . . . I have a few ideas
18      on how we can help financially which I can flush out***.

19  *Id.* at NDCA ORCL 013048.  On January 12, 2001, Cochran forwarded the same e-mail string to

20  Oracle executives Mary Ann Gilespie, Gayle Fitzpatrick and George Roberts, stating:

21      They [TMP] have been ***struggling big time*** with their 11i implementation.  The
        biggest issues are the [sic] global roll out and the over 300 tars associated with
22      language and localizations issues. . . .  This e-mail is an FYI for your purpose . . . ***we
        are very involved with them and it may cost us a few bucks – familiar story to the
23      other 3 big 11i implementations I have going on***.

24  *Id.*  Cochran clearly manifested a belief in the truth of the customers' statements and thus they are

25  admissible as non-hearsay adoptive admissions.

26      The few exhibits which could be categorized as "customer complaints" (*i.e.*, communications

27  from customers not embedded in a larger chain of e-mails to or from Oracle employees) are

28  nonetheless admissible because plaintiffs do not submit them for the truth of the matters asserted

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS REGARDING
CUSTOMER COMPLAINTS - C-01-0988-SI                                          - 5 -

1   therein.  FRE 801(c) ("'Hearsay' is a statement . . . offered in evidence to prove the truth of the

2   matter asserted"); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 862 (D. N.D. 2006) ("Evidence

3   that a manufacturer received customer complaints about a particular defect is admissible to show

4   knowledge or notice on the part of the manufacturer.").  For instance, Exhibit 97 contains an e-mail

5   from John Bourke, an executive at Pepsi in Ireland, to Ellison, entitled "Re: Frustration," which

6   states that, "***Our oracle project has been an unmitigated disaster*** . . . . [W]e still do not have [sic]

7   even have a system to test." *Id.* at NDCA ORCL 028798-99.  This exhibit is admissible to show that

8   defendants, including Ellison, were on notice that customers were complaining of difficult

9   implementations with Suite 11i.  Similar communications are likewise admissible. *See, e.g.*, Exhibit

10  98.

11       Defendants' arguments to exclude communications regarding Suite 11i are meritless and

12  their evidentiary objections should be denied.  The so-called "customer complaints" relied on by

13  plaintiffs primarily consist of internal e-mail chains between Oracle employees with no customer

14  statements at all.  Those customer statements which plaintiffs relied upon are almost entirely

15  statements embedded within internal e-mail chains and thus admissible as adoptive admissions.

16  Even the unadorned complaints are still admissible to show defendants' knowledge.

17  DATED:  February 11, 2009                    Respectfully submitted,

18                                               COUGHLIN STOIA GELLER
                                                   RUDMAN & ROBBINS LLP
19                                               COUGHLIN STOIA GELLER
                                                   RUDMAN & ROBBINS LLP
20                                               SHAWN A. WILLIAMS
                                                 WILLOW E. RADCLIFFE
21                                               ELI R. GREENSTEIN
                                                 DANIEL J. PFEFFERBAUM
22

23                                                       s/ Shawn A. Williams
                                               _____
24                                                   SHAWN A. WILLIAMS

25                                               100 Pine Street, Suite 2600
                                                 San Francisco, CA  94111
26                                               Telephone:  415/288-4545
                                                 415/288-4534 (fax)
27

28

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS REGARDING
CUSTOMER COMPLAINTS - C-01-0988-SI                                        - 6 -

1

2
PATRICK J. COUGHLIN
MARK SOLOMON
3
DOUGLAS R. BRITTON
SCOTT H. SAHAM
4
STACEY M. KAPLAN
SARAH R. HOLLOWAY
5
655 West Broadway, Suite 1900
San Diego, CA  92101
6
Telephone:  619/231-1058
619/231-7423 (fax)

7
S:\CasesSD\Oracle3\OPP00057511_ Evid Objs Cust Cpts.doc
Lead Counsel for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 11, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 11, 2009.

 s/ Shawn A. Williams
SHAWN A. WILLIAMS

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail:shawnw@csgrr.com

## Mailing Information for a Case 3:01-cv-00988-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roger M. Adelman**
  radelman@erols.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,jillk@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Joy Ann Bull**
  JOYB@csgrr.com

- **Dorian Estelle Daley**
  dorian.daley@oracle.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,svdocket@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,eeberline@morganlewis.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com,#sfdocket@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Dawn S. Pittman**
  dpittman@morganlewis.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Scott H Saham**
  scotts@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,sholloway@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Sanna Rachel Singer
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111

Monique C. Winkler
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
```