1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  PATRICK J. COUGHLIN (111070)
   MARK SOLOMON (151949)
3  DOUGLAS R. BRITTON (188769)
   SCOTT H. SAHAM (188355)
4  STACEY M. KAPLAN (241989)
   SARAH R. HOLLOWAY (254134)
5  655 West Broadway, Suite 1900
   San Diego, CA  92101
6  Telephone:  619/231-1058
   619/231-7423 (fax)
7  patc@csgrr.com
   marks@csgrr.com
8  dougb@csgrr.com
   scotts@csgrr.com
9  staceyk@csgrr.com
   sholloway@csgrr.com
10       – and –
   SHAWN A. WILLIAMS (213113)
11 WILLOW E. RADCLIFFE (200087)
   ELI R. GREENSTEIN (217945)
12 DANIEL J. PFEFFERBAUM (248631)
   100 Pine Street, Suite 2600
13 San Francisco, CA  94111
   Telephone:  415/288-4545
14 415/288-4534 (fax)
   shawnw@csgrr.com
15 willowr@csgrr.com
   elig@csgrr.com
16 dpfefferbaum@csgrr.com

17 Lead Counsel for Plaintiffs

18                UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

| 20 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-SI |
|---|---|---|---|
| 21 | | ) | CLASS ACTION |
| 22 | This Document Relates To: | ) ) ) | PLAINTIFFS' OBJECTION AND REQUEST FOR EXCLUSION OF FEBRUARY 2001 MESSAGES PURPORTEDLY WRITTEN BY AREA VICE PRESIDENT NICHOLAS CLASSICK |
| 23 | ALL ACTIONS. | ) ) ) | |
| 24 | | | |
| 25 | | | DATE:        February 13, 2009 TIME:         9:00 a.m. |
| 26 | | | COURTROOM:  The Honorable Susan Illston |

## I. INTRODUCTION

Plaintiffs object to and request exclusion of unattributed text purportedly written by Area Vice President ("AVP") Nicholas Classick ("Classick"). *See* [Corrected] Declaration of Matthew D. Harrison in Support of Defendants' Motion for Summary Judgment, filed on October 9, 2007 ("Harrison Decl."), Ex. 73 (Dkt. No. 1193-21). Defendants rely in large part on a series of e-mails purportedly between AVP Classick and defendant Lawrence J. Ellison ("Ellison") to suggest that the sales slowdown and probable revenue and earnings shortfall was a "surprise" development which they only became aware of late in the quarter. *See* Defendants' Revised Motion for Summary Judgment; Memorandum of Points and Authorities in Support of Motion ("Defs' Mem.") at 16. In particular, on February 26, 2001, Executive Vice President George Roberts ("Roberts") sent an e-mail to Ellison, purporting to forward the text, and text only, of what he called "further detail I received this weekend," a message defendants say is an e-mail written by Classick. The purported Classick message does not contain *any* of the characteristics of an e-mail or a "forward" of an e-mail. Unlike other e-mail in the record that has been forwarded, this message has no "To" line. It has no "Date" line. It has no time stamp. It has no "Subject." There is simply no header at all. Instead, if Roberts is to be believed, Classick wrote the text, but Roberts can't explain how it got into his e-mail. Transcript of Videotaped Deposition of George J. Roberts, dated on June 22, 2006 ("Roberts Depo."), at 255:4-15. Nevertheless, defendants assert that the message is undisputed evidence of surprise that sales had or would fall short of public forecasts. *See* Defs' Mem. at 14-15.[1] The message attributed to Classick attempts to convey sole and sorrowful responsibility on Classick for the failure of Oracle Corporation ("Oracle" or the "Company") to meet 3Q01 sales forecast. *See* Defs' Mem. at 15.

---

[1] As detailed in Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Revised Motion for Summary Judgment, filed on November 17, 2008, the evidence adduced by plaintiffs demonstrate that well before February 2001, defendants were in possession of facts which seriously undermined the accuracy of the forecasts at issue and are inconsistent with their representations concerning the impact of the economy of the Company's business condition. Nevertheless, the message they claim to have been written and transmitted by Classick does not appear to be authentic and has the potential to seriously mislead a fact finder. It is inadmissible.

1    Defendants' argument at the December 20, 2007 hearing further illustrates the significance
2 defendants place on the purported e-mail. Defendants described it as indicative of the Company and
3 Ellison's state of mind:

> This Nick Classick E-mail, Your Honor, *is just interesting because it reflects a state of mind. It reflects this extraordinary surprise and bewilderment* and disappointment about the fact that he didn't make his forecast, and that it fell out of bed right at the end, and that he didn't come through. He is one of the guys reporting from the field.

Transcript of Hearing Before the Honorable Martin J. Jenkins dated December 20, 2007, at 67 (emphasis added); Declaration of Shawn A. Williams in Support of Plaintiffs' Objection and Request for Exclusion of February 2001 Messages Purportedly Written by Area Vice President Nicholas Classick, filed concurrently herewith ("Williams Decl."), Ex. 29. The unauthenticated text has been produced at least 27 times with different Bates numbers, but none appear to be the original Classick's purported "e-mail." *See* Williams Decl., Exs. 1-27. Defendants assert that it was this message alone that was "[t]he first sign of unusual deal slippage." Defs' Mem. at 14. The record, however, appears devoid of a single document or e-mail objectively demonstrating that the text at issue originated from Classick himself.[2] Apart from other evidentiary infirmities that preclude its admission into evidence, including hearsay and failure to preserve and produce files from AVPs and regional managers, defendants have not, and apparently cannot, put forth evidence to support a finding that Classick's alleged message is what they say it is or demonstrate the authenticity of the e-mail text that they say is the lynchpin of their defense. *See* Fed. R. Evid. 901. Accordingly, the e-mail cannot be considered at summary judgment, without facts supporting a finding that the document is what it claims to be. *Id.*

---

[2]    Defendants have indicated in their Special Litigation Committee Report that the Committee reviewed one "e-mail" from Roberts to Classick dated February 26, 2001. They cite to Bates No. ORCL 0019279-19280. *See* Williams Decl., Ex. 30 at NDCA-ORCL 297463; *see also id.*, Ex. 18. However, that document is not an "e-mail" from Classick to Roberts but instead the same document forwarded from Roberts to Ellison embedding the unauthenticated text.

PLAINTIFFS' OBJECTION AND REQUEST FOR EXCLUSION OF FEBRUARY 2001 MESSAGES
PURPORTEDLY WRITTEN BY AREA VICE PRESIDENT NICHOLAS CLASSICK - C-01-0988-SI    - 2 -

1  II.     **LEGAL STANDARD**

2       Under Fed. R. Evid. 901(a), documents must be properly authenticated as a condition
3  precedent to their admissibility "by evidence sufficient to support a finding that the matter in
4  question is what its proponent claims." The burden of Rule 901 is met if there is sufficient evidence
5  "to support a finding that the matter in question is what its proponent claims." *Perfect 10, Inc. v.*
6  *Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002).[3] Further, the Ninth Circuit
7  "has repeatedly held that documents which have not had a proper foundation laid to authenticate
8  them cannot support a motion for summary judgment." *Teton W. Constr. v. Two Rivers Constr.*, 961
9  F. Supp. 1422, 1425 (D. Idaho 1997).

10 III.    **ARGUMENT**

11      **A.     Defendants' Claim that a Portion of Exhibit 73 Is an E-mail Message
               from Classick Is Not Supported by the Evidentiary Record or on the
12             Face of the Document**

13      Defendants offer no evidence that the text embedded in Exhibit 73 is in fact what they claim
14 it is. *See* Rule 901(b)(4); Defs' Mem. at 15; Harrison Decl., Ex. 73. Indeed, nowhere in the
15 voluminous record does the original purported e-mail, allegedly written by Classick, appear. Nor
16 does the content of the message support authentication. 5-900 John K. Rabiej, *Weinstein's Federal*
17 *Evidence* §900.06[3] (2002) ("The degree of foundation required to authenticate computer-based
18 evidence depends on the ***quality and completeness*** of the data input . . . .) (emphasis added); *United*
19 *States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000) (e-mail may be authenticated by distinctive
20 characteristics contained in the e-mail header). One method of authentication identified under Rule
21 901 is to examine the evidence's "[d]istinctive characteristics and the like," including "[a]ppearance,
22 contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with
23 circumstances." Fed. R. Evid. 901(b)(4); *United States v. Safavian*, 435 F. Supp. 2d 36, 40 (D.D.C.
24 2006); *see also Brown v. Wireless Networks, Inc.*, No. C 07-4301 EDL, 2008 U.S. Dist. LEXIS
25 95696, at *11 (N.D. Cal. Nov. 17, 2008); *see also Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534,

---

27 [3]   All citations and internal quotations and footnotes are omitted unless otherwise noted.

28

543 (D. Md. 2007). None of the characteristics or factors tending to support authenticity are apparent here. Thus, from the face of the document, this Court cannot determine when the unadorned text was actually drafted, sent, or to whom it was sent or received because it has no e-mail header at all. Most importantly, **nowhere** in the body of the alleged Classick message does Classick's name or e-mail address appear. *See* Ex. 73.[4]

### B. Roberts Admitted that Portions of Exhibit 73 Are Not His Own Writing

Documents can be authenticated by offering the testimony of a witness with knowledge that the evidence is what it claims to be. *Safavian*, 435 F. Supp. 2d at 40 n.2. Indeed, "[b]ecause of the potential for unauthorized transmission of e-mail messages, authentication requires testimony from a person with personal knowledge of the transmission or receipt to ensure its trustworthiness." *Lorraine*, 241 F.R.D. at 554 (citing *Weinstein's Federal Evidence* §900.07[3][c]; Edward J. Imwinkelried, *Evidentiary Foundations* §4.03 [4][b] (6th ed. 2005)). Roberts, the author of part of Exhibit 73, expressly admitted that he did **not** write portions of Exhibit 73 cited in Defendants' Revised Motion for Summary Judgment purportedly attributed to Classick. Defs' Mem. at 14-15. Further, when given the opportunity to explain the circumstances surrounding the incorporation of Classick's alleged e-mail into Roberts' February 26, 2001 e-mail, Roberts could not recall how the message was embedded in his e-mail:

> Q. Okay. Now, the next paragraph looks like an E-mail or text that was written by someone other than you --
>
> A. Yes.
>
> Q. -- right? And who is that written by?
>
> A. Nic Classick.
>
> Q. Okay. And how did you get it into this E-mail, did you copy and paste it or something?
>
> A. You know, I don't know. But I know Nic wrote this E-mail.

---

[4] Considering the importance defendants place on the significance of the document and the information purportedly conveyed by Classick to Roberts, it strains credulity to accept that the original cannot be produced in its purported native form.

Roberts Depo. at 255:4-15.

Separately, Roberts did not offer any specific information regarding when he actually received Classick's alleged message. *Id.* Of course, because Oracle admittedly made no effort to timely preserve the files of the AVPs, including Classick's files, there appears to be no original e-mail in the record or available. *See* Plaintiffs' Notice of Motion and Supplemental Submission Regarding Defendants' Destruction of Evidence and Request for Sanctions and Objections to Special Master's July 17, 2006 Order Denying Plaintiffs' Motion to Compel the Restoration of Backup Tapes and for Miscellaneous Relief for the Destruction of Evidence, filed on October 5, 2007 (Dkt. No. 1176), and plaintiffs' letter brief pursuant to the Court's June 26, 2008 Order Requesting Supplemental Briefing Regarding Sanctions, filed on July 7, 2008 (Dkt. No. 1465).

Because the contents of the e-mails referenced do not authenticate them as being from the purported sender, Roberts' testimony cannot be offered to lay the foundation for authentication of portions of Exhibit 73 allegedly attributable to Classick.[5] *See Safavian*, 435 F. Supp. 2d at 40 (distinctive characteristics in the e-mail may authenticate them as being from the purported sender and to the purported recipient).

## IV. EVEN IF THIS COURT DETERMINES THAT DEFENDANTS HAVE MET THEIR AUTHENTICITY BURDEN OF AUTHORITY, THIS COURT SHOULD EXCLUDE CLASSICK'S PURPORTED E-MAIL AS INADMISSIBLE HEARSAY

In the unlikely event that this Court concludes that defendants have met their burden in establishing the authenticity of the purported Classick message contained in Exhibit 73, it should be excluded nevertheless as unreliable hearsay. Accordingly, this evidence is inadmissible as either a self-serving contrived assertion or an inadequate business record under Rule 803(6). If necessary, plaintiffs are prepared to provide this Court with supplemental briefing on this issue.

---

[5]  Nor can Classick provide testimony supporting authentication of Roberts' e-mail because he did not send Roberts' e-mail and therefore does not possess personal knowledge of the circumstances surrounding the drafting and construction of the Roberts' e-mail.

## V.  CONCLUSION

For all the reasons set forth above and evidenced by the exhibits to the Williams Declaration, the Court should require defendants to properly authenticate the message from Classick or exclude the document altogether.

DATED: February 11, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
DANIEL J. PFEFFERBAUM


             s/ Shawn A. Williams
           SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
MARK SOLOMON
DOUGLAS R. BRITTON
SCOTT H. SAHAM
STACEY M. KAPLAN
SARAH R. HOLLOWAY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Oracle3\BRF00057499.doc

PLAINTIFFS' OBJECTION AND REQUEST FOR EXCLUSION OF FEBRUARY 2001 MESSAGES PURPORTEDLY WRITTEN BY AREA VICE PRESIDENT NICHOLAS CLASSICK - C-01-0988-SI     - 6 -

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 11, 2009.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail:shawnw@csgrr.com

## Mailing Information for a Case 3:01-cv-00988-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roger M. Adelman**
  radelman@erols.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,jillk@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Joy Ann Bull**
  JOYB@csgrr.com

- **Dorian Estelle Daley**
  dorian.daley@oracle.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,svdocket@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,eeberline@morganlewis.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com,#sfdocket@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Dawn S. Pittman**
  dpittman@morganlewis.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Scott H Saham**
  scotts@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,sholloway@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Sanna Rachel Singer
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111

Monique C. Winkler
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
```