LATHAM & WATKINS LLP
  Peter A. Wald (SBN 85705)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: peter.wald@lw.com

LATHAM & WATKINS LLP
  Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM AND WATKINS LLP
  Sean M. Berkowitz (*admitted pro hac vice*)
233 South Wacker Drive
Chicago, Il 60606
Phone: (312) 876-7700
Fax: (312) 993-9767
Email: sean.berkowitz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-SI (Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION AND REQUEST FOR EXCLUSION OF FEBRUARY 2001 MESSAGES WRITTEN BY AREA VICE PRESIDENT NICHOLAS CLASSICK**<br><br>Honorable Susan Illston<br>Hearing Date: February 13, 2009<br>Time: 9:00 a.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST TO
FOR EXLUSION OF CLASSICK EMAILS
Master File No. C-01-0988-SI

I.   INTRODUCTION

Plaintiffs' last-minute attempt to exclude comments made by Area Vice President Nicolas Classick in late February 2001 – just days before the earnings miss at the heart of this case – reveals the lengths to which they will go to prevent this Court from assessing the merits of this case. As Mr. Classick's emailed comments show, the earnings miss came as a complete surprise to Oracle's management, as dozens of deals failed to close in the very last days of the quarter. *See* Decl. of Shawn Williams ISO Objection (Dkt. No. 1595) at Ex. 1. That Plaintiffs would like the Court to ignore Mr. Classick's email is not surprising, for it played a prominent role in the Delaware Chancery Court's opinion granting summary judgment for the defendants in the related derivative case. *See In re Oracle Corp. Derivative Litig.*, 867 A.2d 904, 922 (Del. Ch. 2004). But Plaintiffs' attack on the admissibility of Mr. Classick's email fails.

Although Plaintiffs' studiously avoided asking Mr. Classick himself about the email at his deposition, Plaintiffs questioned Oracle Executive Vice President George Roberts about Mr. Classick's email extensively when they deposed Mr. Roberts in June of 2006. Mr. Roberts, who had passed Mr. Classick's email along to Larry Ellison and Jeff Henley without attribution in February of 2001, testified unequivocally that he received the comments in question from Mr. Classick by email, thereby authenticating it in accordance with the requirements of Federal Rule of Evidence 901, and Defendants appropriately identified them in as Exhibit 73 to the August 8, 2007 [Corrected] Declaration of Matthew D. Harrison In Support Of Defendants' Motion For Summary Judgment. Accordingly, Plaintiffs' belated complaint that Mr. Classick's indisputably relevant comments should be excluded because Mr. Roberts could not specifically recall whether he "cut and paste[d]" Mr. Classick's comments into another email is untimely and irrelevant.

Defendants respectfully request that the Court overrule Plaintiffs' Objection And Request For Exclusion Of February 2001 Messages Purportedly Written By Area Vice President Nicholas Classick ("Objection").

II.   ARGUMENT

Federal Rule of Evidence 901 ("Rule 901") provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST TO
FOR EXLUSION OF CLASSICK EMAILS
Master File No. C-01-0988-SI

sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).  In the Ninth Circuit, a "proponent need not establish a proper foundation through personal knowledge [as long as] sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Pang*, 362 F.3d 1187 (9th Cir. 2004) (citing *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000)).  "Testimony of a witness with knowledge . . . that a matter is what it is claimed to be" is sufficient to authenticate a document.  Fed. R. Evid. 901(b).

Defendants have submitted Mr. Classick's emailed comments to Mr. Roberts as evidence that the 3Q01 earnings miss was a surprise to Oracle's management, and was caused by a large number of deals failing to close in the very last days of the quarter.  *See* Defs.' MSJ at 14-15.  Mr. Roberts' testimony on the issue makes clear that the document is exactly what Defendants claim it is – namely, language from an email that Mr. Classick sent to Mr. Roberts in late February of 2001:

> Q:   Okay.  Now the next paragraph looks like an E-mail or test that was written by someone other than you --
>
> A:   Yes.
>
> Q:   -- right?  **And who is that written by?**
>
> A:   **Nic Classick.**
>
> Q.   Okay.  And how did you get it into this E-mail, did you copy and paste it or something?
>
> A.   You know, I don't know.  But **I know Nic wrote this E-mail.**
>
> Q.   Okay.
>
> A.   And I know that **I talked to Nic about it that weekend.**

Pls.' Opp. Ex. V (Roberts Tr.) at 255:4-15.  Mr. Roberts did not waver in his conviction that the text was drafted by Mr. Classick, and Plaintiffs promptly dropped the line of questioning. Plaintiffs never asked Mr. Classick about the email and never cast any doubt on Mr. Roberts' recollection.

That Mr. Roberts could not recall writing sections of the email at issue, and was not sure whether he had "cut and pasted" Mr. Classick's email into his own, is not relevant to whether

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST TO
FOR EXLUSION OF CLASSICK EMAILS
Master File No. C-01-0988-SI

Mr. Classick's comments are admissible: "To identify a document sufficiently to warrant its admissibility, a witness need not be able to attest familiarity with every page, [else] few documents would be admissible." *United States v. Whittington*, 783 F.2d 1210, 1215 (5th Cir. 1986). Nor does it matter that Mr. Classick's name does not appear in Mr. Roberts' email. Mr. Roberts specifically recalled, and testified unequivocally, that the comments at issue were written by Mr. Classick, and indeed he recalled discussing the underlying facts with Mr. Classick at the same time. That is enough to authenticate Mr. Classick's comments as reflected in Mr. Roberts' email.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Objection.

Dated: February 12, 2009

Respectfully submitted,

LATHAM & WATKINS LLP
   Peter A. Wald
   Sean M. Berkowitz
   Patrick E. Gibbs

By:    /S/
   Patrick E. Gibbs
Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

SF\691609.1