| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Peter A. Wald (SBN 85705)<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-2562<br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>E-mail: peter.wald@lw.com | LATHAM & WATKINS LLP<br>  Patrick E. Gibbs (SBN 183174)<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br>E-mail: patrick.gibbs@lw.com |

LATHAM AND WATKINS LLP
  Sean M. Berkowitz (*admitted pro hac vice*)
233 South Wacker Drive
Chicago, Il 60606
Phone: (312) 876-7700
Fax: (312) 993-9767
Email: sean.berkowitz@lw.com

Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

ORACLE CORPORATION
  Dorian Daley (SBN 129049)
  James C. Maroulis (SBN 208316)
500 Oracle Parkway
Mailstop 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
E-mail: jim.maroulis@oracle.com

Attorneys for Defendant ORACLE CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION<br>SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-01-0988-SI<br>(Consolidated)<br><br>CLASS ACTION<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS REGARDING CUSTOMER COMPLAINTS**<br><br>Honorable Susan Illston<br>Hearing Date:  February 13, 2009<br>Time:  9:00 a.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' REPLY TO PLS.' RESPONSE TO EVIDENTIARY
OBJECTIONS RE CUSTOMER COMPLAINTS
Master File No. C-01-0988-SI

I.    INTRODUCTION

Under the guise of responding to Defendant's evidentiary objections, Plaintiffs submit six pages of additional argument ("Plaintiffs' Response") regarding anecdotal customer complaints about Suite 11i's quality.  Of course, every software expert in this case, including both of Plaintiffs' software experts, has testified that customer complaints are *not* reliable evidence of software defects.  *See* Defs.' Ex. 298 (Jensen Tr.) at 83:24-84:24, 86:9-14; Defs.' Ex. 376 (Yourdon Rebuttal Report) ¶ 16; Defs.' Ex. 286 (Hillard Tr.) at 88:4-10, 91:25-92:3; *Recr. Devel. of Phoenix, Inc. v. City of Phoenix*, 220 F.Supp.2d 1054, 1061 (D. Ariz. 2002) (noting that anecdotal evidence "non-systematic and non-generalizable").  This is because customers often complain about problems caused by factors other than software defects.  *See* Defs.' Ex. 111 (Wohl Tr.) at 267:14-268:6; Defs.' Ex. 201 (Klaiss Tr.) at 228:7-16; Defs.' Ex. 202 (Sellers Tr.) at 38:3-15; Defs.' Ex. 97 (Seiden Tr.) at 87:3-24; Defs.' Ex. 203 (Summers Tr.) at 240:12-16, 240:18-241:1, 122:4-10; Defs.' Ex. 133 (Rocha Tr.) at 213:2-15; Ellison Decl., ¶ 19; Shaw Decl., ¶ 7-8; Fletcher Decl., ¶ 22-25.  And that is precisely why customer complaints like these are classic hearsay – they are out of court statements offered for the truth of the matter asserted by the customer, namely, that Oracle's Suite 11i software was defective in some way.  *See Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) ("[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, all constitute hearsay."); *Commodity Futures Trading Com'n v. Wilshire Inv. Mgmt. Corp.*, 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005) (holding customer complaints memorialized in reports that fall within hearsay exception are inadmissible hearsay within hearsay).

Because Defendants have had no opportunity to test these assertions by cross-examination, they are not admissible for that purpose.  Nothing in Plaintiffs' Response undermines this analysis.

II.    ARGUMENT

As an initial matter, Plaintiffs' Response only discusses a handful of the customer complaints to which Defendants have objected.  *Compare* Pls.' Resp. at 2-5 *with* Defs.' Evid. Obj. (20A MSJ/Reply) (Dkt. No. 1585) at 4, 8 (objecting to Pls.' 20A Exs. 33, 34, 35, 36, 141,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS.' REPLY TO PLS.' RESPONSE TO EVIDENTIARY
OBJECTIONS RE CUSTOMER COMPLAINTS
Master File No. C-01-0988-SI

1   143, 147) *and* Defs.' Evid. Obj. (Opp. to MSJ) (Dkt. No. 1586) at 4 (objecting to Pls.' Opp. Exs.
2   68, 72-75, 77, 79, 80, 82, 94-104, 109, 112, 148, 381, 383, 385-86, 388, 393, 396, 398, 400-01,
3   404). Thus, as to the vast majority of the customer complaints upon which Plaintiffs rely,
4   Defendants' hearsay objection stands unrebutted. This is not surprising, as many of the
5   complaints Plaintiffs cite are plainly hearsay communications directly from customers. *See e.g.,*
6   Pls.' 20A MSJ Exs. 34, 35, 36, 147; Pls.' Opp. Exs. 73, 74, 77, 94, 97, 98, 109, 395.[1]

7   With regard to the handful of documents actually discussed in their Response, Plaintiffs
8   have failed to show that the documents are admissible. Plaintiffs clearly offer these customer
9   complaints for the truth of the matters asserted by the customer. For instance, Plaintiffs cite a
10  number of complaints (including Opp. Exs. 94-101) for the truth of the proposition that "Suite
11  11i simply did not 'work' as represented, did not save customers money and was costly to
12  implement." Pls.' Opp. to Defs.' MSJ at 21. As another example, Plaintiffs cite Pls.' 20A Ex.
13  147, an email from ZapMedia, for the truth of the proposition that "[m]any of the customers
14  listed in the December 2000 analyst report were either not live at the time Oracle represented
15  such to analysts or were experiencing major problems with 11i." Pls.' 20A MSJ at 7 n.11.
16  Contrary to Plaintiffs' argument (Pls.' Resp. at 5-6), none of these complaints are offered for a
17  non-hearsay purpose, such as state of mind.[2] Indeed, a number of the complaints at issue came
18  long after the Class Period, so Plaintiffs clearly cannot be offering them as proof of notice or
19  state of mind. *See, e.g.,* 20A Ex. 143; Opp. Exs. 68, 73-75, 77, 80, 82, 103, 383, 385, 396, 398,
20  400-01, 404. In short, Plaintiffs cannot dispute that these emails are inadmissible hearsay.

---

[1] Plaintiffs' Opposition Exhibits 381, 383, 385-86, 388, 393, 396, 398, 400-01, and 404 are not cited anywhere in Plaintiffs' briefs. Thus, as Plaintiffs put it, "[Defendants] and the Court are left to decipher their relevance and purpose." *See* Pls.' Evid. Obj. to Defs.' MSJ Exs. (Dkt. No. 1590) at 1 n.1. The Court should disregard them.

[2] Plaintiffs' suggestion that at least two emails is offered to show that "defendants, including Ellison, were on notice" that customers were complaining about difficult implementations is contradicted by the purpose for which Plaintiffs offer them. *Compare* Pls.' Resp. at 6 *with* Pls.' Opp. at 21. But the fact that customers were complaining has nothing to do with whether Defendants' statements about Suite 11i were true. Experts on both sides have agreed that customer complaints are *not* reliable evidence that software is defective. *See supra*, p. 1. Upon inspection, many customer complaints arise out of problems that have nothing to do with defects in the software, but instead are caused by configuration errors, hardware problems, and the like. *See supra*, p. 1. Indeed, it is undisputed that only a fraction of Technical Assistance Requests (or TARs) from Oracle customers regarding Suite 11i turned out to involve software defects. *Id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' REPLY TO PLS.' RESPONSE TO EVIDENTIARY
OBJECTIONS RE CUSTOMER COMPLAINTS
Master File No. C-01-0988-SI

1    Although Plaintiffs claim some of the documents in question are adoptive admissions because an Oracle employee forwarded and/or commented on them, Plaintiffs have failed to meet their burden of showing that the Oracle employee in question actually adopted the customer's assertions. *Commodity Futures Trading Com'n v. Wilshire Inv. Management*, Corp., 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005); *United States v. Safavian*, 435 F. Supp. 2d 36, 43 (D.D.C. 2006) (holding forwarded emails that "do not clearly demonstrate [sender's] adoption of the contents" are inadmissible). Under Fed. R. Evid. 801(d)(2)(B), Plaintiffs bear the burden to prove that Oracle employees "manifested an adoption or belief in the truth" of the information contained in the original email that they forwarded. *See Sea-Land Serv. v. Lozen Int'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002).[3] Yet none of the internal Oracle communications forwarding customer complaints – often merely repeating or quoting the customer, discussing the background, or scrambling to assuage unhappy clients – comes close to adopting the "truth" of the hearsay complaints about Suite 11i. *See, e.g.,* Pls.' 20A MSJ Exs. 33, 141, 143; Pls.' Opp. Exs. 79, 80, 82, 95, 96, 100, 103, 104. For example, Plaintiffs cite Opp. Ex. 80 for the proposition that "Chipotle had massive technical difficulties with 11i, and ordered Oracle not to reference them [sic] as a customer 'until the reality meets the hype.'" Pls.' Opp. at 15. But Plaintiffs clearly rely on an out-of-court statement by Chipotle's HR Director – the truth of which was *not* adopted by Defendants merely because Oracle employees forwarded it, inquired about the problem and tried to make the customer happy. Pls.' Opp. Ex. 80.

    Nor have Plaintiffs satisfied their burden as to other documents they claim are adoptive admissions. *See* Pls.' Resp. at 4-5. For example, Exhibit 72 is an email chain in which Oracle employee Dan Ackley forwarded an Ingersoll-Rand complaint, then described the customer's views based on a call with the company's CIO. Pls.' Opp. Ex. 72 at 039548. None of the subsequent emails adopts the customer's complaints about the software as true; rather, they show

---

[3] *Sea-Land* illustrates the kind of unequivocal evidence necessary to prove an adoptive admission. There, the Ninth Circuit held that an employee adopted the contents of an internal company memorandum that tended to show that Sea-Land's railroad agent committed an "unreasonable deviation" under admiralty law. 285 F.3d at 821. The employee forwarded the internal memorandum, which was authored and signed by a fellow employee, with the preface "Yikes, Pls note the rail screwed us up …." *Id.* None of the documents at issue here comes close to this standard.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS.' REPLY TO PLS.' RESPONSE TO EVIDENTIARY
OBJECTIONS RE CUSTOMER COMPLAINTS
Master File No. C-01-0988-SI

Oracle employees devising a plan to resolve the issue presented by the customer. *Id.* at 039546-7; *accord* Pls.' Opp. Ex. 102 at 013048 (describing the issue noted by the customer and determining how to resolve it).

Finally, Plaintiffs claim that several hearsay communications constitute admissions by Defendants under Fed. R. Evid. 801(A) and (D). This argument also fails. Plaintiffs claim Exhibit 101 is an internal Oracle memo describing problems at News America Marketing, and thus an admission. Pls.' Resp. at 2. But this memo repeats a number of hearsay statements from the customer. Pls.' Opp. Ex. 101 at 615551-2. And as a threshold evidentiary matter, Plaintiffs cannot even identify the author of this document, let alone show that he or she was acting within the scope of his or her duties when writing the memo. Fed. R. Evid. 802(D). Thus, Plaintiffs have failed to authenticate it under Fed. R. Evid. 901, and they have made no effort to respond to Defendants' objection on that ground. *See* Defs.' Evid. Obj. (Dkt. No. 1586) at 5. The rest of the alleged "admissions" fare no better. For example, Plaintiffs quote statements from Steve Sherry in Exhibit 68 as an admission. Pls.' Resp. at 3. However, Mr. Sherry's email clearly indicates that he is repeating statements of Imation's CEO from various calls. Pls.' Opp. Ex. 68 at 248100 (". . . the CEO states . . ."; ". . . unacceptable per the CEO . . ."; . . . ". . . list of calls with the CEO . . ."); *accord* Pls.' Opp. Exs. 104 at 034378 (describing hearsay call from customer's CIO and worldwide controller to "express concern over our apps performance"), 112 at 052476 (describing customer's hearsay threats, not admissions by Oracle employee). None of these statements amounts to an admission by Oracle.

Indeed, Plaintiffs have failed to show for *any* of these purported admissions, whether adoptive or otherwise, that the statement qualifies as an admission. *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1092 (9th Cir. 1990) (admissions may not bind corporation absent evidence that person "had authority to make admissions on behalf of [the corporation]"); *see also* Fed. R. Evid. 801(d)(2)(C) (limiting vicarious admissions to "statement[s] by a person authorized by the party to make a statement concernting the subject").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS.' REPLY TO PLS.' RESPONSE TO EVIDENTIARY
OBJECTIONS RE CUSTOMER COMPLAINTS
Master File No. C-01-0988-SI

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court sustain Defendants' objections to Plaintiffs' hearsay evidence of customer complaints.

Dated:  February 12, 2009

Respectfully submitted,

LATHAM & WATKINS LLP
   Peter A. Wald
   Sean M. Berkowitz
   Patrick E. Gibbs

By: _____/S/_____
       Patrick E. Gibbs
Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY, and EDWARD J. SANDERSON

SF\691488.2