1 | COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
2 | PATRICK J. COUGHLIN (111070)
MARK SOLOMON (151949)
3 | DOUGLAS R. BRITTON (188769)
SCOTT H. SAHAM (188355)
4 | STACEY M. KAPLAN (241989)
SARAH R. HOLLOWAY (254134)
5 | 655 West Broadway, Suite 1900
San Diego, CA 92101
6 | Telephone: 619/231-1058
619/231-7423 (fax)
7 | patc@csgrr.com
marks@csgrr.com
8 | dougb@csgrr.com
scotts@csgrr.com
9 | staceyk@csgrr.com
sholloway@csgrr.com
10 |         – and –
SHAWN A. WILLIAMS (213113)
11 | WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
12 | DANIEL J. PFEFFERBAUM (248631)
100 Pine Street, Suite 2600
13 | San Francisco, CA 94111
Telephone: 415/288-4545
14 | 415/288-4534 (fax)
shawnw@csgrr.com
15 | willowr@csgrr.com
elig@csgrr.com
16 | dpfefferbaum@csgrr.com

17 | Lead Counsel for Plaintiffs

18 | UNITED STATES DISTRICT COURT

19 | NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 20 | In re ORACLE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-01-0988-SI |
| 21 | | ) | CLASS ACTION |
| 22 | This Document Relates To: | ) ) ) | PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO SUBMIT |
| 23 | ALL ACTIONS. | ) ) | RECENT NINTH CIRCUIT AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO |
| 24 | | ) | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

25

26

27

28

1    I.      INTRODUCTION

2           Plaintiffs hereby submit this administrative motion pursuant to Civil L.R. 7-11 to convey to

3    the Court a recent Ninth Circuit decision in *Huberman v. Tag-It Pac., Inc.*, No. 07-55648, 2009 U.S.

4    App. LEXIS 2780 (9th Cir. Jan. 16, 2009.  *Huberman* was decided on January 16, 2009, after the

5    parties filed their summary judgment replies on December 20, 2008, and was first reported on

6    Lexis/Nexis on February 14, 2009 – after the February 13, 2009 hearing on the motions for summary

7    judgment.  A copy of the *Huberman* opinion is attached as Exhibit A to the Declaration of Shawn A.

8    Williams in Support of Plaintiffs' Motion for Administrative Relief ("Williams Decl."), filed

9    concurrently herewith.  *Huberman* is unpublished, and though it is not binding precedent, is properly

10   submitted for its persuasive value pursuant to Federal Rule of Appellate Procedure 32.1 and Ninth

11   Circuit Rule 36-3(b).

12          *Huberman* is relevant to the Court's consideration of the pending motions for summary

13   judgment, particularly on the issue of loss causation, and explains what the law requires by way of

14   evidence for a non-moving party to survive a motion for summary judgment.  Plaintiffs have

15   endeavored to reach a stipulation with defendants for the submission of *Huberman* pursuant to Civ.

16   L. R. 7-11, as detailed in the Williams Decl.  Defendants have taken the position that the Ninth

17   Circuit opinion in *Huberman* "***would not be of any use to the Court in this case***" and have thus

18   refused to stipulate to its submission.  Williams Decl., Exs. B-C (emphasis added).

19   II.     ARGUMENT

20          A.      Summary of *Huberman* Decision

21          In *Huberman*, the Ninth Circuit considered a securities fraud class action alleging claims

22   under §§10(b) and 20(a) of the Securities Exchange Act of 1934, and Securities Exchange

23   Commission Rule 10b-5. 2009 U.S. App. LEXIS 2780, at *2.  Relying on its prior rulings in *Metzler*

24   *Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1062-65 (9th Cir. 2008) and *In re Gilead Scis.*

25   *Sec. Litig.*, 536 F.3d 1049, 1056 (9th Cir. 2008), the Ninth Circuit  reversed the district court's grant

26

27

28

1   of summary judgment to defendants, finding that the district court erred in concluding that

2   Huberman did not present sufficient evidence of loss causation.  *Id.* at *5.[1]

3          In *Huberman*, defendants contended that plaintiff's evidence of loss causation, consisting of

4   "press releases containing negative information about the company's business, and a stock chart that

5   reflects corresponding significant losses in Tag-It stock value [did] not establish a genuine issue of

6   material fact with regard to loss causation."  *Id.* at *5-*6.  In succinctly stating the standard of proof

7   required to survive a motion for summary judgment, *Huberman* held stating that plaintiff must

8   simply present facts that demonstrate a connection between the defendants' material

9   misrepresentation and the loss plaintiff claims:

10         We further hold that Huberman presented sufficient evidence of loss causation to
           survive a summary judgment.  Loss causation requires that a plaintiff present facts
11         that demonstrate a connection between the defendant's material misrepresentation
           and the plaintiff's loss.

12  *Id.* at *5 (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1062-65 (9th Cir.

13  2008) and *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005)).  The Ninth Circuit added,

14  relying on *Gilead*, 536 F.3d at 1056, "[t]he misrepresentation 'need not be the sole reason for the

15  decline in value of the securities, but it must be a substantial cause.'"  *Huberman*, 2009 U.S. App.

16  LEXIS 2780, at *6.  Nothing in *Huberman* requires that the connection must be fully or partially

17  revealed in the so-called corrective disclosure.

18         **B.     *Huberman* Is Relevant to This Court's Loss Causation Analysis at
                    Summary Judgment**
19
20         Contrary to defendants' contention that *Huberman* "would be of no use to the Court in this

21  case," the opinion is the only Ninth Circuit opinion plaintiffs are aware of applying the United States

22  Supreme Court's *Dura Pharms. v. Broudo*, 544 U.S. 336 (2005), analyses of loss causation, or the

23  Ninth Circuit's *Gilead* and *Corinthian* analyses of the issue, at summary judgment.  *Huberman* is a

24  securities class action presenting the same question this Court must determine here: Whether the

25  evidence of loss causation presented is sufficient to survive summary judgment?  Indeed, *Huberman*,

26
   _____

27  [1]     The Ninth Circuit also reversed the district court's finding that *Huberman* did not produce
           sufficient evidence of scienter and control person liability.  *Id.*

28
   PLTFS' MOTION FOR ADMINISTRATIVE RELIEF TO SUBMIT RECENT 9TH CIRCUIT
   AUTHORITY ISO THEIR OPP TO DEFS' MOTION FOR SUMMARY JUDGMENT - C-01-0988-SI        - 2 -

1  on far less evidence than presented to the Court in the instant case, and without relying on any

2  mention of Tag-It's accounting practices in the referenced press release, found that a press release

3  disclosing the extent of Tag-It's deteriorating financial condition, followed by a stock price decline

4  was sufficient for a reasonable fact finder to conclude that the alleged fraudulent conduct was a

5  substantial cause of Huberman's loss.  2009 U.S. App. LEXIS 2780, at *5-*6.  The holding in

6  *Huberman* is in direct contrast with defendants' incorrect interpretation of *Dura* and Ninth Circuit

7  authority articulated at the February 13, 2009 hearing: "There must be a disclosure of the specific

8  fraud that was alleged in order for loss causation to have independent meaning as an element of a

9  10(b)(5) claim."  February 13, 2009 Transcript of Proceedings at 62.  Counsel for defendants then

10  incorrectly asserted further that "*Dura* says that.  *Daou* says that.  *Gilead* says that. . . .  And, of

11  course, *Metzler* says that."  *Id.*  Indeed, *Huberman* confirms the very opposite.  Relying on Ninth

12  Circuit precedent and *Dura*, *Huberman* applies the rationale of *In re Daou Sys., Inc. Sec. Litig.*, 411

13  F.3d 1006 (9th Cir. 2005), where the complaint did "'not allege that there were any negative public

14  statements, announcements or disclosures at the time the stock price dropped that Defendants were

15  engaged in improper accounting practices.'" *Id.* at 1026 (citation omitted).  *Daou* nevertheless held

16  that loss causation was sufficiently pled because "the price of Daou's stock fell precipitously after

17  defendants began to reveal figures showing the company's true financial condition." *Id. Huberman*

18  is entirely consistent with *Daou* and *Gilead*.  Defendants' position is not.

19        Finally, and consistent with plaintiffs' initial request to defendants to agree to the submission

20  of the recent decision in *In re Williams Sec. Litig. – WCG Subclass*, No. 07-5119, __ F.3d __, 2009

21  WL 388048 (10th Cir. Feb. 18, 2009), the parties have agreed to its relevance at summary judgment

22  and thus its submission.  Joint Stipulation and [Proposed] Order Regarding Submission of Recent

23  Decisions (Dkt. 1601).  *Williams* is consistent with Ninth Circuit authority rejecting the idea that a

24  mirror image disclosure is necessary to prove loss causation:

25        Any reliable theory of loss causation that uses corrective disclosures will
have to show both that corrective information was revealed and that this revelation
26  caused the resulting decline in price.  To be corrective, ***the disclosure need not
precisely mirror the earlier misrepresentation***, but it must at least ***relate*** back to the
27  misrepresentation and not to some other negative information about the company. . . .

28

PLTFS' MOTION FOR ADMINISTRATIVE RELIEF TO SUBMIT RECENT 9TH CIRCUIT
AUTHORITY ISO THEIR OPP TO DEFS' MOTION FOR SUMMARY JUDGMENT - C-01-0988-SI        - 3 -

1 | *Id.* at \*8.  The Tenth Circuit emphasized: "[I]f we are too exacting in our demands for a connection

2 | between the initial misrepresentation and subsequent revelation – for instance, by imposing a mirror

3 | image requirement, or insisting that the sources of the two disclosures be the same – then we would

4 | eliminate the possibility of 10b-5 claims altogether." *Id.*

5 | **III.     CONCLUSION**

6 | The Ninth Circuit's opinion in *Huberman* is properly citable under the Federal Rules of

7 | Appellate Procedure and Civ. L. R. 36-3 and is directly relevant to the issue of loss causation before

8 | the Court on defendants' motion for summary judgment.  Plaintiffs therefore respectfully request

9 | that their motion for administrative relief to submit the *Huberman* opinion be granted.

10 | DATED:  February 20, 2009

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
DANIEL J. PFEFFERBAUM


                          /s/
            SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
MARK SOLOMON
DOUGLAS R. BRITTON
SCOTT H. SAHAM
STACEY M. KAPLAN
SARAH R. HOLLOWAY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Oracle3\MOT00057638.doc

PLTFS' MOTION FOR ADMINISTRATIVE RELIEF TO SUBMIT RECENT 9TH CIRCUIT
AUTHORITY ISO THEIR OPP TO DEFS' MOTION FOR SUMMARY JUDGMENT - C-01-0988-SI          - 4 -

1                              CERTIFICATE OF SERVICE

2          I hereby certify that on February 20, 2009, I electronically filed the foregoing with the Clerk

3    of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4    addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5    mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6    participants indicated on the attached Manual Notice List.

7          I certify under penalty of perjury under the laws of the United States of America that the

8    foregoing is true and correct.  Executed on February 20, 2009.

9
                                                            /s/
10                                           SHAWN A. WILLIAMS

11                                           COUGHLIN STOIA GELLER
                                                 RUDMAN & ROBBINS LLP
12                                           100 Pine Street, 26th Floor
                                             San Francisco, CA  94111
13                                           Telephone:  415/288-4545
                                             415/288-4534 (fax)
14
15                                           E-mail:shawnw@csgrr.com

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 3:01-cv-00988-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roger M. Adelman**
  radelman@erols.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,jillk@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Joy Ann Bull**
  JOYB@csgrr.com

- **Dorian Estelle Daley**
  dorian.daley@oracle.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,svdocket@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,eeberline@morganlewis.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com,#sfdocket@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermanesq.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Dawn S. Pittman**
  dpittman@morganlewis.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Scott H Saham**
  scotts@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,sholloway@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Shawn A. Williams**
  shawnw@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

- **Jamie Lynne Wine**
  jamie.wine@lw.com,karen.kelly@lw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Sanna Rachel Singer
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111

Monique C. Winkler
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
```