# EXHIBIT A



1 of 1 DOCUMENT

**SETH HUBERMAN, on behalf of himself and all others similarly situated, Plaintiff - Appellant, JAMES CURRAN, Appellant, v. TAG-IT PACIFIC INC.; et al., Defendants - Appellees.**

No. 07-55648

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

*2009 U.S. App. LEXIS 2780*

**October 23, 2008, Argued and Submitted, Pasadena, California
January 16, 2009, Filed**

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY: [*1]**

Appeal from the United States District Court for the Central District of California. D.C. No. CV-05-07352-R. Manuel L. Real, District Judge, Presiding.

**DISPOSITION:** REVERSED and REMANDED.

**COUNSEL:** For SETH HUBERMAN, on behalf of himself and all others similarly situated, Plaintiff - Appellant: Patricia Avery, Marian P. Rosner, Esquire, Attorney, Wolf Popper LLP, New York, NY; Lionel A. Glancy, Esquire, Attorney, GLANCY BINKOW & GOLDBERG, Los Angeles, CA.

For JAMES CURRAN, Appellant: Patricia Avery, Wolf Popper LLP, New York, NY; Lionel A. Glancy, Esquire, Attorney, GLANCY BINKOW & GOLDBERG, Los Angeles, CA.

For TAG-IT PACIFIC INC., COLIN DYNE, RONDA FERGUSON, AUGUST F. DELUCA, Defendant - Appellees: Howard M. Privette, PAUL HASTINGS JANOFSKY & WALKER LLP, Los Angeles, CA; Peter Marshall Stone, Esquire, Partner, Paul, Hastings, Janofsky & Walker LLP, Palo Alto, CA.

For MARK DYNE, Defendant - Appellee: Peter Marshall Stone, Esquire, Partner, Paul, Hastings, Janofsky & Walker LLP, Palo Alto, CA.

**JUDGES:** Before: WARDLAW, W. FLETCHER and PAEZ, Circuit Judges.

**OPINION**

MEMORANDUM *

> \*    This disposition is not appropriate for publication and is not precedent except as provided by *9th Cir. R. 36-3*.

Before: WARDLAW, W. FLETCHER and PAEZ, Circuit [*2] Judges.

In this securities fraud action, Seth Huberman appeals from the district court's grant of summary judgment in favor of defendants Tag-It Pacific, Inc. ("Tag-It") (now Talon International), Colin Dyne, Mark Dyne, August DeLuca, and Ronda Ferguson ("individual defendants"). Huberman, a Tag-It stockholder, alleged that material misrepresentations in Tag-It's press releases and SEC filings, combined with its improper accounting practices, constituted fraudulent conduct in violation of *Section 10(b)* and *Section 20(a)* of the Securities Exchange Act of 1934 and *Rule 10b-5* of the Securities Exchange Commission. Huberman also appeals the district court's denial of class certification under *Federal Rule of Civil Procedure 23(b)(3)*. [1] We have jurisdiction

pursuant to *28 U.S.C. § 1291*, and we reverse and remand for trial.

> 1    Huberman also appeals the district court's denial of his motion for *Fed. R. Civ. P. 56(g)* sanctions, denial of his request for an extension of discovery under *Fed. R. Civ. P. 56(f)*, and denial of his *ex parte* motion for an extension of the pretrial scheduling. In light of our reversal of the district court's grant of summary judgment and our directive to reopen discovery [*3] on remand, we need not address these arguments.

A district court's grant of summary judgment is reviewed de novo. *Buono v. Norton, 371 F.3d 543, 545 (9th Cir. 2004)*. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004)*. Where intent is a primary issue, summary judgment is generally inappropriate, although it may be granted under certain circumstances. *SEC v. Seaboard Corp., 677 F.2d 1297, 1298-99 (9th Cir. 1982)*. A determination of scienter is a mixed question of law and fact; therefore, it is reviewed for clear error. *SEC v. Talbot, 530 F.3d 1085, 1090 (9th Cir. 2008)*.

The required elements of a private securities fraud action under the Securities Exchange Act are set forth in *Metzler Inv. GMHB v. Corinthian Colleges., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008)*. The present dispute centers around the elements of scienter and loss causation.

Scienter requires an intent to manipulate, defraud, or deceive. *Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193, 96 S. Ct. 1375, 47 L. Ed. 2d 668 (1976)*. [*4] Scienter can be established by direct or circumstantial evidence and, while negligent accounting or misapplication of accounting principles will not establish scienter, egregious deficiencies in accounting practices may. *Provenz v. Miller, 102 F.3d 1478, 1490 (9th Cir. 1996); In re Worlds of Wonder Sec. Litig., 35 F.3d 1407, 1425-26 (9th Cir. 1994)*.

Here, Huberman presented documentary evidence consisting of internal communications among Tag-It auditors, employees, creditors, as well as public announcements, and documentation of Tag-It's accounting practices. The evidence suggests that the individual defendants were aware that the financial condition of the corporation was deteriorating, yet knowingly failed to disclose the extent of its financial situation to the public, and in fact, continued to report misleading positive news. Further, Huberman's documentation relating to Tag-It's accounting practices, including Tag-It's alleged failure to monitor its inventory adequately, maintain adequate reserves, and accurately report accounts receivable and payable, suggests that Tag-It's accounting practices may have constituted "egregious deficiencies."

This evidence raises a genuine issue [*5] of material fact with regard to the individual defendants' intent to deceive the public regarding Tag-It's financial condition and its deteriorating business relationship with its main customers. Thus, we conclude that the district court clearly erred in determining that Huberman did not produce sufficient evidence of scienter.

We further hold that Huberman presented sufficient evidence of loss causation to survive a summary judgment. Loss causation requires that a plaintiff present facts that demonstrate a connection between the defendant's material misrepresentation and the plaintiff's loss. *Metzler, 540 F.3d at 1062-65; Dura Pharms., Inc., v. Broudo, 544 U.S. 336, 342, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)*. The misrepresentation "need not be the sole reason for the decline in value of the securities, but it must be a substantial cause." *In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056 (9th Cir. 2008)* (emphasis added) (internal quotations omitted).

Tag-It argues that Huberman's evidence, consisting of Tag-It press releases containing negative information about the company's business, and a stock chart that reflects corresponding significant losses in Tag-It stock value, does not establish a genuine issue of material [*6] fact with regard to loss causation. We disagree. The drops in stock price directly followed the press releases that disclosed for the first time the extent of Tag-It's deteriorating financial condition. A reasonable factfinder could conclude on the basis of this evidence that Tag-It's alleged fraudulent conduct was a substantial cause of Huberman's loss. Therefore, the district court erred in concluding that Huberman did not present sufficient evidence of loss causation.

Moreover, Huberman's evidence of control person liability with respect to the individual defendants raises a

genuine issue of material fact sufficient to overcome summary judgment. A prima facie case under *Section 20(a)* requires (1) a primary violation of federal securities law and (2) the exercise of actual power or control by the defendant over the primary violator. *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. West Holding Corp., 320 F.3d 920, 945 (9th Cir. 2003)*.

Control is present when a defendant has power to direct or cause the direction of management, as when day to day oversight of company operations is combined with involvement in the production of financial statements. *Id.* On the basis of [*7] the evidence proffered in support of scienter, a reasonable factfinder could find control person liability with regard to each of the individual defendants, given their extensive participation in the management of Tag-It.

In sum, Huberman presented sufficient evidence to raise a genuine issue of fact with regard to fraud and control person liability. We therefore reverse the grant of summary judgment and remand for trial.

Next, we consider whether the district court erred in denying Huberman's motion for class certification. A district court's decision regarding class certification is reviewed for abuse of discretion. *Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1175 (9th Cir. 2007)*. For a named plaintiff to obtain class certification, the elements set forth in *Rule 23(a)* must be satisfied. *See Hanon v. DataProducts Corp., 976 F.2d 497, 508 (9th Cir. 1992)*. If the court finds that the elements of *Rule 23(a)* are satisfied, a class action may be maintained provided that questions of law or fact common to class members predominate over questions specific to the individual members, and that a class action is otherwise a superior form of adjudication. *Fed R. Civ. P. 23(b)(3)*. The dispute in this [*8] case centers around *Rule 23(a)*'s requirement of typicality and *Rule 23(b)(3)*'s requirement that common questions of fact and law predominate over individual questions.

The district court concluded that Huberman was atypical on the basis of unsupported speculation that he *may have had* access to inside information. Although the existence of a unique defense that would affect the focus of the case at trial can support an atypicality finding under certain circumstances, *see Hanon, 976 F.2d at 508*, the purported factual basis for this defense is insufficient to warrant such a finding here. Notably, Huberman

testified at his deposition that he conducted his own independent investigation of Tag-It before purchasing its stock, and that Tag-It's public disclosures were the most important factor in his decision to invest.

"Under [*Rule 23(a)*'s] permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Dukes, 509 F.3d at 1184* (alteration and internal quotations omitted). Thus, the district court's ruling was contrary to the permissive standards of the typicality requirement and lacked [*9] a reasonable basis. We hold that the district court abused its discretion in denying class certification on atypicality grounds.

Further, we conclude that at this stage of the proceeding, Huberman satisfied *Rule 23(b)(3)*'s superiority requirement by presenting evidence that Tag-It traded on an efficient market, thereby establishing the application of the fraud-on-the-market presumption. "The fraud-on-the-market presumption is based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business . . . . Misleading statements will therefore defraud purchasers of stock even if the purchasers do not directly rely on the misstatements . . . ." *Binder v. Gillespie, 184 F.3d 1059, 1064 (9th Cir. 1999)* (quoting *Basic Inc. v. Levinson, 485 U.S. 224, 241-42, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1988)* (internal quotations omitted)).

The fraud-on-the-market presumption is only available when the plaintiff demonstrates that the security which the defendant's allegedly fraudulent behavior concerned was actively traded in an efficient market. *Binder, 184 F.3d at 1064* (citing *Basic Inc., 485 U.S. at 247*). An efficient [*10] market is one that rapidly reflects new information in price, such that security prices fully reflect all available information. *Binder, 184 F.3d at 1065*. Here, where Tag-It was traded on a national exchange and the stock prices reflected public information an efficient market is present. Therefore, the fraud-on-the-market presumption applies, eliminating the need for individual reliance by each class member. Common questions of fact and law predominate over individual questions pursuant to *Rule 23(b)(3)*. Because the remaining elements necessary for class certification are undisputedly present, we remand with instructions to

grant class certification as requested by Huberman.

As noted, in light of our reversal of the district court's grant of summary judgment, we need not address Huberman's challenge to the district court's denial of the *Rule 56(f)* request. On remand, however, the district court shall modify the pretrial scheduling order to allow a reasonable period of time to enable the parties to complete discovery.

**REVERSED and REMANDED.**

# EXHIBIT B

**Shawn Williams**

| | |
|---|---|
| **From:** | PATRICK.GIBBS@LW.com |
| **Sent:** | Friday, February 20, 2009 10:39 AM |
| **To:** | Shawn Williams |
| **Cc:** | Mark Solomon; Sean.Berkowitz@lw.com; Brian.Glennon@lw.com |

**Subject:** RE: Administrative Motion to Submit Recent Authority

Thanks for getting back to me, Shawn.

We certainly appreciate the FRAP rule regarding citation to unpublished decisions, but we still believe the citation to *Tag It* (*Huberman*) would not be of any use to the Court. That said, I'm going to get with my team shortly to reach a decision about how we wish to go forward with regard to that case. But in the meantime I need some clarification of plaintiffs' position on two points.

First, are you saying that plaintiffs will not stipulate to submit the *Shoretel* decision? I understand what you're saying about *Shoretel*, but we believe it is highly relevant to certain of the legal issues Judge Illston is considering in connection with the pending motions, so we intend to submit it to the Court, with a separate motion if necessary. I just need to know whether or not (or under what circumstances) plaintiffs would stipulate to submit *Shoretel* to the Court.

Second, assuming we can reach agreement on *what* to submit, do plaintiffs agree that the submission should be a straightforward stipulation like the one we used for the *Gilead* opinion last year?

If you can get back to me on those two points, I can get back to you shortly with our position regarding *Huberman*.

---

**From:** Shawn Williams [mailto:shawnw@csgrr.com]
**Sent:** Friday, February 20, 2009 9:59 AM
**To:** Gibbs, Patrick (SV)
**Cc:** Mark Solomon; Berkowitz, Sean (CH); Glennon, Brian (LA)
**Subject:** RE: Administrative Motion to Submit Recent Authority

Thanks for the response. With respect to *Huberman*, you correctly cite to the rule that unpublished decisions are not precedent except under certain circumstances. However, they are clearly citable under Ninth Circuit Rule 36-3 and in a accordance with Fed. R. App. P. 32.1. Let me know if you are prepared to stipulate to *Huberman*. Secondly, we can have a conversation about *Shoretel* but based on my initial read, its not relevant to the court's evaluation of the proof at summary judgment, apart from the other obvious distinguishing factors, including the fact that plaintiff in *Shoretel* did not have the burden to allege or prove loss causation.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

---

**From:** PATRICK.GIBBS@LW.com [mailto:PATRICK.GIBBS@LW.com]
**Sent:** Friday, February 20, 2009 9:04 AM
**To:** Shawn Williams
**Cc:** Mark Solomon; Sean.Berkowitz@lw.com; Brian.Glennon@lw.com
**Subject:** FW: Adminstrative Motion to Submit Recent Authority

Shawn:

We are willing to agree to a stipulation subject to three conditions.

First, we think any such submission should include Judge Breyer's recent decision in the Shoretel case, which I have attached in case you have not seen it.

Second, we think the form of the submission should be a stipulation, as we did with the Gilead opinion last year. (I've also attached that stipulation in case you don't have it handy -- it's the PDF file called "Actual Filed copy.") Your draft administrative motion includes substantive argument about the cases. Plaintiffs strenuously objected to an administrative motion we filed last year on precisely this ground.

Third, while we are willing to stipulate to the submission of Williams and Shoretel, we are not willing to stipulate to the submission of the Tag It decision. By its terms, and under Ninth Circuit Rule 36-3, the decision is not precedent and would be of no use to the Court in this case.

Please let me know how you wish to proceed. Thanks.

**Patrick E. Gibbs**

**LATHAM & WATKINS** LLP
140 Scott Drive
Menlo Park, CA 94025
Direct Dial: +1.650.463.4696
Fax: +1.650.463.2600
Email: patrick.gibbs@lw.com
http://www.lw.com

---

**From:** Shawn Williams [mailto:shawnw@csgrr.com]
**Sent:** Thursday, February 19, 2009 6:07 PM
**To:** Gibbs, Patrick (SV)
**Cc:** Shawn Williams; Mark Solomon
**Subject:** Adminstrative Motion to Submit Recent Authority

Patrick,

Attached please see plaintiffs administrative motion to submit recent authority in *Huberman v. Tag It* (9th Cir.) and *In Re Williams Securities Litigation* (10th Cir.). We'd like to get defendants' approval so that we can represent that the motion is unopposed or submit a stipulation pursuant to L.R 7-12. We'd like to get it to the court tomorrow. Please call me or write me in the morning. Thanks.

Shawn

```
NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

```
*******************************************************************
To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this
e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties
imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any
transaction or matter addressed herein.

For more information please go to  http://www.lw.com/docs/irs.pdf
*******************************************************************

This email may contain material that is confidential, privileged and/or attorney work product for
the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding
```

without express permission is strictly prohibited.   If you are not the intended recipient, please
contact the sender and delete all copies.

Latham & Watkins LLP

# EXHIBIT C

**Shawn Williams**

| | |
|---|---|
| **From:** | PATRICK.GIBBS@LW.com |
| **Sent:** | Friday, February 20, 2009 1:06 PM |
| **To:** | Shawn Williams |
| **Cc:** | Mark Solomon; Sean.Berkowitz@lw.com; Brian.Glennon@lw.com |

**Subject:** RE: Administrative Motion to Submit Recent Authority

Will do.

---

**From:** Shawn Williams [mailto:shawnw@csgrr.com]
**Sent:** Friday, February 20, 2009 12:30 PM
**To:** Gibbs, Patrick (SV)
**Cc:** Mark Solomon; Berkowitz, Sean (CH); Glennon, Brian (LA)
**Subject:** RE: Administrative Motion to Submit Recent Authority

Can you please put together a draft stipulation for both Williams and Shoretel and send to me. Thanks.

```
NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

---

**From:** PATRICK.GIBBS@LW.com [mailto:PATRICK.GIBBS@LW.com]
**Sent:** Friday, February 20, 2009 12:12 PM
**To:** Shawn Williams
**Cc:** Mark Solomon; Sean.Berkowitz@lw.com; Brian.Glennon@lw.com
**Subject:** RE: Administrative Motion to Submit Recent Authority

Shawn:

We can agree to a stipulation to submit Williams, but we cannot agree to submit Huberman.  I understand that means plaintiffs will no agree to a stipulation to submit Shoretel.  Let me know if you will send us a draft stipulation regarding Williams only.

---

**From:** Shawn Williams [mailto:shawnw@csgrr.com]
**Sent:** Friday, February 20, 2009 9:59 AM
**To:** Gibbs, Patrick (SV)
**Cc:** Mark Solomon; Berkowitz, Sean (CH); Glennon, Brian (LA)
**Subject:** RE: Administrative Motion to Submit Recent Authority

Thanks for the response.  With respect to *Huberman*, you correctly cite to the rule that unpublished decisions are not precedent except under certain circumstances. However, they are clearly citable under Ninth Circuit Rule 36-3 and in a accordance with Fed. R. App. P. 32.1.  Let me know if you are prepared to stipulate to *Huberman*. Secondly, we can have a conversation about *Shoretel* but based on my initial read, its not relevant to the court's evaluation of the proof at summary judgment, apart from the other obvious distinguishing factors, including the fact that plaintiff in *Shoretel* did not have the burden to allege or prove loss causation.

```
NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

**From:** PATRICK.GIBBS@LW.com [mailto:PATRICK.GIBBS@LW.com]
**Sent:** Friday, February 20, 2009 9:04 AM
**To:** Shawn Williams
**Cc:** Mark Solomon; Sean.Berkowitz@lw.com; Brian.Glennon@lw.com
**Subject:** FW: Adminstrative Motion to Submit Recent Authority

Shawn:

We are willing to agree to a stipulation subject to three conditions.

First, we think any such submission should include Judge Breyer's recent decision in the Shoretel case, which I have attached in case you have not seen it.

Second, we think the form of the submission should be a stipulation, as we did with the Gilead opinion last year. (I've also attached that stipulation in case you don't have it handy -- it's the PDF file called "Actual Filed copy.") Your draft administrative motion includes substantive argument about the cases. Plaintiffs strenuously objected to an administrative motion we filed last year on precisely this ground.

Third, while we are willing to stipulate to the submission of Williams and Shoretel, we are not willing to stipulate to the submission of the Tag It decision. By its terms, and under Ninth Circuit Rule 36-3, the decision is not precedent and would be of no use to the Court in this case.

Please let me know how you wish to proceed. Thanks.

**Patrick E. Gibbs**

**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Direct Dial: +1.650.463.4696
Fax: +1.650.463.2600
Email: patrick.gibbs@lw.com
http://www.lw.com

---

**From:** Shawn Williams [mailto:shawnw@csgrr.com]
**Sent:** Thursday, February 19, 2009 6:07 PM
**To:** Gibbs, Patrick (SV)
**Cc:** Shawn Williams; Mark Solomon
**Subject:** Adminstrative Motion to Submit Recent Authority

Patrick,
Attached please see plaintiffs administrative motion to submit recent authority in *Huberman v. Tag It* (9th Cir.) and *In Re Williams Securities Litigation* (10th Cir.). We'd like to get defendants' approval so that we can represent that the motion is unopposed or submit a stipulation pursuant to L.R 7-12. We'd like to get it to the court tomorrow. Please call me or write me in the morning. Thanks.

Shawn

```
NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this
e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties
imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any
transaction or matter addressed herein.

For more information please go to  http://www.lw.com/docs/irs.pdf
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email may contain material that is confidential, privileged and/or attorney work product for
the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding
without express permission is strictly prohibited.  If you are not the intended recipient, please
contact the sender and delete all copies.

Latham & Watkins LLP

.

# EXHIBIT D

## Shawn Williams

| | |
|---|---|
| **From:** | Shawn Williams |
| **Sent:** | Friday, February 20, 2009 12:18 PM |
| **To:** | 'PATRICK.GIBBS@LW.com' |
| **Cc:** | Mark Solomon; 'Sean.Berkowitz@lw.com'; 'Brian.Glennon@lw.com' |

**Subject:** Re: Administrative Motion to Submit Recent Authority

Shocking. Let's talk about Shoretel. We may agree to stip.

**From:** PATRICK.GIBBS@LW.com
**To:** Shawn Williams
**Cc:** Mark Solomon; Sean.Berkowitz@lw.com ; Brian.Glennon@lw.com
**Sent:** Fri Feb 20 12:11:33 2009
**Subject:** RE: Administrative Motion to Submit Recent Authority

Shawn:

We can agree to a stipulation to submit Williams, but we cannot agree to submit Huberman. I understand that means plaintiffs will no agree to a stipulation to submit Shoretel. Let me know if you will send us a draft stipulation regarding Williams only.

**From:** Shawn Williams [mailto:shawnw@csgrr.com]
**Sent:** Friday, February 20, 2009 9:59 AM
**To:** Gibbs, Patrick (SV)
**Cc:** Mark Solomon; Berkowitz, Sean (CH); Glennon, Brian (LA)
**Subject:** RE: Administrative Motion to Submit Recent Authority

Thanks for the response. With respect to *Huberman*, you correctly cite to the rule that unpublished decisions are not precedent except under certain circumstances. However, they are clearly citable under Ninth Circuit Rule 36-3 and in a accordance with Fed. R. App. P. 32.1. Let me know if you are prepared to stipulate to *Huberman*. Secondly, we can have a conversation about *Shoretel* but based on my initial read, its not relevant to the court's evaluation of the proof at summary judgment, apart from the other obvious distinguishing factors, including the fact that plaintiff in *Shoretel* did not have the burden to allege or prove loss causation.

```
NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

**From:** PATRICK.GIBBS@LW.com [mailto:PATRICK.GIBBS@LW.com]
**Sent:** Friday, February 20, 2009 9:04 AM
**To:** Shawn Williams
**Cc:** Mark Solomon; Sean.Berkowitz@lw.com; Brian.Glennon@lw.com
**Subject:** FW: Adminstrative Motion to Submit Recent Authority

Shawn:

We are willing to agree to a stipulation subject to three conditions.

First, we think any such submission should include Judge Breyer's recent decision in the Shoretel case, which I have attached in case you have not seen it.

Second, we think the form of the submission should be a stipulation, as we did with the Gilead opinion last year. (I've also attached that stipulation in case you don't have it handy -- it's the PDF file

called "Actual Filed copy.")  Your draft administrative motion includes substantive argument about the cases.  Plaintiffs strenuously objected to an administrative motion we filed last year on precisely this ground.

Third, while we are willing to stipulate to the submission of Williams and Shoretel, we are not willing to stipulate to the submission of the Tag It decision.  By its terms, and under Ninth Circuit Rule 36-3, the decision is not precedent and would be of no use to the Court in this case.

Please let me know how you wish to proceed.  Thanks.


Patrick E. Gibbs

LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Direct Dial: +1.650.463.4696
Fax: +1.650.463.2600
Email: patrick.gibbs@lw.com
http://www.lw.com

---

From: Shawn Williams [mailto:shawnw@csgrr.com]
Sent: Thursday, February 19, 2009 6:07 PM
To: Gibbs, Patrick (SV)
Cc: Shawn Williams; Mark Solomon
Subject: Adminstrative Motion to Submit Recent Authority

Patrick,
Attached please see plaintiffs administrative motion to submit recent authority in *Huberman v. Tag It* (9th Cir.) and *In Re Williams Securities Litigation* (10th Cir.). We'd like to get defendants' approval so that we can represent that the motion is unopposed or submit a stipulation pursuant to L.R 7-12. We'd like to get it to the court tomorrow. Please call me or write me in the morning. Thanks.

Shawn



NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.


*********************************************************************************
To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this
e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties
imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any
transaction or matter addressed herein.

For more information please go to  http://www.lw.com/docs/irs.pdf
*********************************************************************************

This email may contain material that is confidential, privileged and/or attorney work product for
the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding
without express permission is strictly prohibited.  If you are not the intended recipient, please
contact the sender and delete all copies.

Latham & Watkins LLP