1  LATHAM & WATKINS LLP
   Peter A. Wald (SBN 85705)
2  505 Montgomery Street, Suite 2000
   San Francisco, California 94111-2562
3  Telephone: (415) 391-0600
   Facsimile: (415) 395-8095
4  E-mail: peter.wald@lw.com

5  Attorneys for Defendants ORACLE CORPORATION,
   LAWRENCE J. ELLISON, JEFFREY O. HENLEY and
6  EDWARD J. SANDERSON

7  ORACLE CORPORATION
   Dorian Daley (SBN 129049)
8     James C. Maroulis (SBN 208316)
9  500 Oracle Parkway
   Mailstop 5OP7
10 Redwood Shores, California 94065
   Telephone: (650) 506-5200
11 Facsimile: (650) 506-7114
   E-mail: jim.maroulis@oracle.com

12 Attorneys for Defendant ORACLE CORPORATION

LATHAM & WATKINS LLP
   Patrick E. Gibbs (SBN 183174)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
E-mail: patrick.gibbs@lw.com

LATHAM & WATKINS LLP
   Sean M. Berkowitz (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: sean.berkowitz@lw.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION, <br><br> This Documents Relates To: <br><br> ALL ACTIONS | Master File No. C-01-0988 (SI) (Consolidated) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF** <br><br> Honorable Judge Susan Illston |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO MOTION FOR
ADMINISTRATIVE RELIEF
MASTER FILE NO. C-01-0988-SI

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-11(b), Defendants hereby oppose Plaintiffs' Motion for Administrative Relief to Submit Recent Ninth Circuit Authority in Support of Their Opposition to Defendants' Motion for Summary Judgment (the "Motion"). The Ninth Circuit's decision in *Huberman v. Tag-It Pacific Inc.*, No. 07-55648, 2009 U.S. App. LEXIS 2780 (9th Cir. Jan. 16, 2009) – which Plaintiffs contend sets the "standard of proof required to survive a motion for summary judgment" – is unpublished, not precedent, and provides no guidance to the Court in this case. Moreover, the *In re Williams Securities Litigation*, No. 075119, 2009 WL 388048 (10th Cir. Feb. 18, 2009) case – which already was submitted to the Court via stipulation (Docket No. 1601) – *supports* Defendants' loss causation argument. In *Williams*, the Tenth Circuit affirmed the lower court's decision – which Defendants cited in their briefs in this case (Docket Nos. 1524, 1544 and 1567) – granting summary judgment to defendants on loss causation grounds. Rather than provide any analysis of the *Williams* case or its relevance here, Plaintiffs instead rely upon a single passage of the decision to rebut an argument that Defendants have never advanced. As discussed below, the Motion should be denied.

## II. ARGUMENT

### A. THE *HUBERMAN* CASE DOES NOT PROVIDE ANY GUIDANCE TO THE COURT

The Ninth Circuit's decision in *Huberman* is unpublished, and expressly provides that "it is not precedent except as provided by [Ninth Circuit Rule] 36-3." *Huberman*, 2009 U.S. App. LEXIS 2780, at *1. Contrary to Plaintiffs' argument (Motion at 2), the *Huberman* case does not (and cannot) set forth the governing standard or general rule of law for demonstrating loss causation at summary judgment in this case. *See*, *e.g.*, Ninth Circuit Rule 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.").

Indeed, the unpublished disposition in *Huberman* does not even provide guidance to the Court in resolving the issues presented in this case. The *Huberman* decision does not identify or describe: (i) what facts were concealed by the alleged frauds; (ii) what facts were revealed through the alleged corrective disclosures that precipitated the stock drop; or (iii) how the alleged

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' OPPOSITION TO MOTION FOR
ADMINISTRATIVE RELIEF
MASTER FILE NO. C-01-0988-SI

disclosures revealed to the market the facts that purportedly were concealed by fraud, as required under *Dura*. Given the extremely limited background provided by the decision, it is impossible (and procedurally improper) to extrapolate any broader rule of law applicable to this case. *See, e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1178 (9th Cir. 2001) (unpublished decisions are "not written in a way that will be fully intelligible to those unfamiliar with the facts, and the rule of law is not announced in a way that makes it suitable for governing future cases…. An unpublished disposition is, more or less, a letter from the court to parties familiar with the facts, announcing the result and the essential rational for the court's decision.").

More importantly, nothing in *Huberman* can be read as altering the substantive burden on loss causation, as set forth in *Dura* and *Metzler*. In fact, *Huberman* expressly relies upon both cases. *See Huberman*, 2009 U.S. App. LEXIS 2780, at *5 (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) and *Metzler Investment GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1062-63 (9th Cir. 2008)). Far from suggesting that the "causal connection" need not be "fully or partially revealed," as Plaintiffs contend (Motion at 2), both *Dura* and *Metzler* hold that a securities fraud plaintiff *must* demonstrate that its economic loss was caused when the market learned a "truth" that was concealed by the alleged fraud (*i.e.*, a "relevant truth"), as opposed to unrelated market or industry forces that may affect a stock's price. *Dura*, 544 U.S. at 342-44; *see also Metzler*, 540 F.3d at 1064 ("So long as there is a drop in a stock's price, a plaintiff will always be able to contend that the market 'understood' a defendant's statement precipitating a loss as a coded message revealing the fraud…. Loss causation requires more.").

Plaintiffs' assertion that "*Huberman* applies the rationale of *In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006 (9th Cir. 2005)" is just wrong. (Motion at 3.) The *Huberman* case does not even cite *Daou*. In any event, in *Daou* the Ninth Circuit held that plaintiffs adequately pled loss causation because the complaint alleged that the fraudulent practices were revealed to the market and caused the economic losses. *Daou*, 411 F.3d at 1027 (holding that declines in stock price before the corrective disclosure occurred could not be causally related to fraud because the relevant truth had not yet become generally known); *Metzler*, 540 F.3d at 1063-64 ("[T]he *Daou* court's careful delineation between losses caused after the company's conduct was revealed, and

1  losses suffered before the revelation, confirm that the complaint must allege that the practices that
2  the plaintiff contends are fraudulent were revealed to the market and caused the resulting
3  losses….").

4  As *Dura*, *Metzler* and *Daou* make clear, Plaintiffs are required to proffer evidence that their losses were caused by the disclosure of a "relevant truth," as opposed to reports of Oracle's poor financial health generally. *See*, *e.g.*, *Metzler*, 540 F.3d at 1064 ("Plaintiffs adequately pled loss causation in *Daou* because their complaint alleged that the market learned of and reacted to this fraud, as opposed to merely reacting to reports of the defendant's poor financial health generally."). In fact, Judge Breyer reached the exact same conclusion in recently dismissing a Section 11 claim. *In re Shoretel Inc. Sec. Litig.*, No. C 08-00271, 2009 U.S. Dist. LEXIS 11151, at *15-16 (N.D. Cal. Feb. 2, 2009) (finding no loss causation where alleged corrective disclosure "merely disclosed that [company's] results for the quarter … fell short of expectations … [but] reveal[ed] nothing about what was allegedly misrepresented in or omitted from the Registration Statement."). The unpublished *Huberman* case does not (and cannot) alter this substantive burden, it cannot cure Plaintiffs' complete failure of proof on loss causation, and it provides no guidance to the Court in resolving the pending motions in this case.

**B.    PLAINTIFFS' ARGUMENTS ABOUT THE *WILLIAMS* CASE ARE MISPLACED**

Plaintiffs also argue that the Tenth Circuit's decision in *Williams* is "consistent with Ninth Circuit authority rejecting the idea that a mirror image disclosure is necessary to prove loss causation." (Motion at 3.) Contrary to Plaintiffs' argument, the *Williams* decision – affirming the district court's grant of summary judgment to defendants on loss causation grounds – supports Defendants' loss causation argument here. Indeed, Defendants cited the district court's decision in their summary judgment briefs. (Docket Nos. 1524 at 40, 1544 at 43-45 and 1567 at 7.)

Rather than provide any analysis of the *Williams* decision, or its application to this case, Plaintiffs cite a single passage of the case to refute a "straw person" argument that they have concocted. (Motion at 3-4.) Defendants have never contended that loss causation requires a "mirror image" corrective disclosure. Instead, Defendants have argued that a relevant truth may be revealed "indirectly" through something other than an express corrective disclosure (*i.e.*, "market

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3     DEFENDANTS' OPPOSITION TO MOTION FOR
ADMINISTRATIVE RELIEF
MASTER FILE NO. C-01-0988-SI

awareness"), so long as the market recognizes a relationship between the event disclosed and the alleged misstatement. *Ryan v. Flowserve*, 245 F.R.D. 560, 579 (N.D. Tex. 2007); *McKowan Lowe & Co. Ltd. v. Jasmine, Ltd.*, No. Civ. 94-5522 RBK, 2005 WL 154062, at *26-27 (D. N.J. June 30, 2005). Thus, while a plaintiff need not point to an express corrective disclosure (much less a "mirror image" corrective disclosure), the plaintiff nevertheless *must* demonstrate that its losses were caused by the market learning of and reacting to the relevant truth. *Metzler*, 540 F.3d at 1064 ("[Plaintiff] is correct to observe that neither *Daou* nor *Dura* require an admission or finding of fraud before loss causation can be properly pled…. [but] [t]hat does not allow a plaintiff to plead loss causation through 'euphemism' and thereby avoid alleging the necessary connection between defendant's fraud and the actual loss.").

The *Williams* decision supports this analysis. In *Williams*, the Court affirmed summary judgment for defendants because plaintiffs failed to show that their losses were caused by fraud, as opposed to other pervasive industry or market forces that influenced the company's stock price (and that of its competitors). *Williams*, 2009 WL 388038, at *5-11. The Court rejected the plaintiffs' first theory of loss causation (*i.e.*, "leakage" of the relevant truth) because plaintiffs failed to identify any "causal link" between the revelation of the truth and the decline in the stock price; indeed, plaintiffs' expert failed to explain how the market learned the relevant truth (or demonstrate that the loss was caused by fraud as opposed to the "tangle of other factors" that also impacted competitors). *Id.* at *7-8. The Court also rejected plaintiffs' alternative theory of loss causation (*i.e.*, alleged corrective disclosures) because plaintiffs failed to "identify the mechanism by which fraud was revealed to the market" or "account for the fact that [the alleged corrective disclosures] contained non-fraud related information that … affected [the company's] value." *Id.* at *11. The Court reasoned that plaintiffs' failure to show a "causal connection" threatened to "turn the securities laws into … broad insurance against market losses[,] [which] *Dura* rejected." *Id.* at *7 (quoting *Dura*, 544 U.S. at 345).

The Court's analysis in *Williams* applies with equal force in this case. Although *Williams* (like *Dura* and *Metzler*) did not require a "mirror image" corrective disclosure, this does not mean that a plaintiff can satisfy its loss causation burden simply by pointing to *any* disclosure resulting in

1  a stock price decline.  *Id.*; *see also Metzler*, 540 F.3d at 1064; *Shoretel*, 2009 U.S. Dist. LEXIS
2  11151, at *15-16.  *Williams* affirmed summary judgment *because* the plaintiffs failed to
3  demonstrate that the stock drop was caused by the market learning of and reacting to a relevant
4  truth, as opposed to unrelated market or industry forces.  Plaintiffs in this case have failed to
5  demonstrate loss causation for precisely the same reason:  Oracle's March 1 disclosure did not
6  reveal anything about the alleged misstatements at issue in this case, nor have Plaintiffs identified
7  anything to suggest that the market recognized a relationship between the alleged
8  misrepresentations and the earnings miss.  To the contrary, the undisputed evidence demonstrates
9  that the market understood Oracle's 3Q01 earnings miss as the harbinger of a sudden industry-wide
10 economic slowdown, as confirmed by the fact that all of Oracle's competitors' stock prices declined
11 following Oracle's March 1 announcement.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Administrative Relief to Submit Recent Ninth Circuit Authority in Support of Their Opposition to Defendants' Motion for Summary Judgment.

Dated:  February 23, 2009

LATHAM & WATKINS LLP
Peter A. Wald
Patrick E. Gibbs
Sean M. Berkowitz


By: /s/ Peter A. Wald
     Peter A. Wald
Attorneys for Defendants ORACLE CORPORATION, LAWRENCE J. ELLISON, JEFFREY O. HENLEY and EDWARD J. SANDERSON