COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (111070)
MARK SOLOMON (151949)
DOUGLAS R. BRITTON (188769)
SCOTT H. SAHAM (188355)
STACEY M. KAPLAN (241989)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@csgrr.com
marks@csgrr.com
dougb@csgrr.com
scotts@csgrr.com
staceyk@csgrr.com
       – and –
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
ELI R. GREENSTEIN (217945)
DANIEL J. PFEFFERBAUM (248631)
SARAH R. HOLLOWAY (254134)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@csgrr.com
willowr@csgrr.com
elig@csgrr.com
dpfefferbaum@csgrr.com
sholloway@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORACLE CORPORATION SECURITIES LITIGATION | ) Master File No. C-01-0988-SI ) ) CLASS ACTION ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) PLAINTIFFS' ADMINISTRATIVE ) MOTION PURSUANT TO CIV. L.R. 7-11 ) FOR RELIEF FROM FED. R. CIV. P. 54 ) AND CIV. L.R. 54, *ET SEQ.* DEADLINES UNTIL APPEALS HAVE BEEN EXHAUSTED |

## I. INTRODUCTION

Plaintiffs hereby submit this administrative motion pursuant to Civil L.R. 7-11 to request an order deferring any Fed. R. Civ. P. 54 and Civ. L.R. 54, *et seq.* deadlines and rulings, including defendants' Bill of Costs and Taxation until after opportunities for appeal have been exhausted. On June 16, 2009, the Court issued an Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiffs' Motion for Partial Summary Judgment. [Dkt. Nos. 1619-1620.] On the same day, the Court entered judgment, triggering deadlines, including the date for filing a Notice of Appeal and relief sought under Fed. R. Civ. P. 54. On June 30, 2009, defendants filed a Fed. R. Civ. P. 54 Bill of Costs, seeking an order of taxation by the Clerk of the Court. [Dkt. Nos. 1622-1633.] Because defendants' Bill of Costs will require significant court review and because the Court has already deferred 15 U.S.C. §78u-4(c)(1) deadlines until appeals have been exhausted, review and consideration of taxation issues should also be deferred until after appeals have been exhausted. Defendants will suffer no prejudice from such an order.

## II. ARGUMENT

### A. Courts Routinely Consider Costs and Taxation After Appellate Reviews Are Complete

Plaintiffs intend to timely file their appeal of the Court's summary judgment rulings. Plaintiffs have communicated as much to defendants. Here, it makes sense to defer consideration of the taxation of costs until appeals have been exhausted. And it is not unusual or novel for the Court to defer the review of costs and taxation until final adjudication. *See Meier v. United States*, No. 05-4404 WHA, 2009 U.S. Dist. LEXIS 31391 (N.D. Cal. Apr. 13, 2009) (Rule 54 taxation and review thereof conducted after unsuccessful appeal); *Asyst Techs. v. Emtrak Inc.*, No. 98-20451 JF (HRL), 2009 U.S. Dist. LEXIS 23834 (N.D. Cal. Mar. 13, 2009) (initial taxation of costs vacated after reversal of district court judgment); *How v. City of Baxter Springs*, No. 04-2256 JWL, 2006 U.S. Dist. LEXIS 23951 (D. Kan. Apr. 26, 2006). In *Ryan v. Flowserve Corp.*, No. 03-CV-1769-B (N.D. Tex.), a case heavily relied on by defendants, United States District Court Judge Jane J. Boyle, after granting defendants' Motion for Summary Judgment, stayed consideration of taxation of costs issues until appeals were resolved. *See* Exhibit E ("The Court finds it most efficient to stay its award

of costs and its consideration of Plaintiffs' specific objections to Defendants' Bill for Costs pending resolution by the Fifth Circuit of Plaintiffs' various appeals in this matter.").[1]  Indeed, on June 19, 2009, the Fifth Circuit reversed and remanded the district court's grant of summary judgment. *Alaska Elec. Pension Fund v. Flowserve Corp.*, No. 07-11303, 2009 U.S. App. LEXIS 13280 (5th Cir. June 19, 2009).

### B. Defendants' Bill of Costs Will Require Substantial Work by the Clerk and Review of the District Court

On June 30, 2009, defendants filed a Fed. R. Civ. P. 54 Bill of Costs, seeking an order of taxation by the Clerk of the Court. [Dkt. Nos. 1622-1633.]  Plaintiffs intend to timely object to the Bill of Costs.  Said objections are due to be filed on or before July 15, 2009.  Here, defendants' Bill of Costs is voluminous (hundreds of pages) and will no doubt require substantial court review of its support and reasonableness.  For example, while Civ. L.R. 54-3(a)(5) allows for costs for preparing charts and visual aids that are "reasonably necessary to assist the jury or the court in understanding the issues at the trial," defendants have sought to tax plaintiffs nearly $300,000 for the preparation of PowerPoint presentations for oral argument at summary judgment. *See* Declaration of Patrick Gibbs in Support of Defendants' Bill of Costs [Dkt. No. 1623], ¶F.  Notwithstanding the purported cost of preparing these "visual aids," the presentations made before the Court on February 13, 2009 consisted of simple reprinted images of the cover page of legal opinions cited to in defendants' Motion for Summary Judgment. *See* Williams Decl., Ex. D (excerpts of defendants' December 20, 2007 and February 13, 2009 PowerPoint presentation images of case opinions).  The remainder consists of pictures of the caption page of briefs filed in the case and court orders. *Id.*  Thus, even at this stage there are serious questions of the "reasonableness" or recoverability of these purported costs.  And defendants must demonstrate that such costs are allowable at summary judgment as opposed to trial which the statute specifically contemplates. Civ. L.R. 54-3(d)(5); *see Asyst*, 2009

---

[1] All exhibits are attached to the Declaration of Shawn A. Williams in Support of Plaintiffs' Administrative Motion Pursuant to Civ. L.R. 7-11 for Relief from Fed. R. Civ. P. 54 and Civ. L.R. 54, *et seq.* Deadlines and Taxation of Costs Until Appeals Have Been Exhausted ("Williams Decl."), filed concurrently herewith.

1  U.S. Dist. LEXIS 23834, at *6-*7 (noting $50,000 to be seemingly a large amount of money to
2  spend on demonstrations *at trial* but finding the issues in the complex patent case to be highly
3  complicated and confusing). Plaintiffs submit preparing visuals, simply photocopying cover pages
4  of case opinions cited in a party's summary judgment motion papers does not aid the Court in its
5  analysis.

6  **C.    The District Court Has Already Issued an Order Deferring Rule 11(B) Deadlines Until After Appeals Have Been Exhausted**

7  Defendants will suffer no prejudice from the issuance of an order deferring Rule 54
8  considerations and review until after appeals have been exhausted. In fact, on June 26, 2009,
9  defendants sought from plaintiffs a stipulation deferring any finding under 15 U.S.C. §78u-4(c)(1)
10 regarding compliance by each party and each attorney representing any party with each requirement
11 of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint responsive pleading or
12 dispositive motion. Williams Decl., ¶2 *and* Ex. A. On June 29, 2009, after conferring, the parties
13 agreed to enter into a stipulation because plaintiffs intend to appeal the Court's Summary Judgment
14 Order. Thus, it made more sense to address the 15 U.S.C. §78u-4(c)(1) issues once the appellate
15 process has been exhausted. On June 29, 2009, the parties filed a Stipulation and [Proposed] Order
16 Re Mandatory Rule 11(b) Compliance Review. [Dkt. No. 1621.] On July 1, 2009, the Court entered
17 a Stipulation and Order re Mandatory Rule 11(b) Compliance Review ("July 1 Order"). Pursuant to
18 the July 1 Order, the district will retain jurisdiction in order to make any findings required by 15
19 U.S.C. §78u-4(c)(1). Any such findings will be deferred until after all opportunities for appeal have
20 been exhausted. [Dkt. No. 1624.]

21 **D.    Without Providing Any Explanation, Defendants Rejected Plaintiffs' Request to Defer Taxation Issues**
22

23 On July 7, 2009, plaintiffs called counsel for defendants and explained that in light of the
24 July 1 Order delaying Rule 11(b) findings until after appeals have been exhausted, it made sense to
25 stipulate to vacate all Rule 54 deadlines and resolution of defendants' Bill of Costs until all appeals
26 have been exhausted. Williams Decl., ¶6. Plaintiffs further explained that examining the issue of
27 taxation would undoubtedly require additional motion practice and ultimate review of the Court. *See*
28 Civ. L.R. 54-5 (setting forth procedures for district court review of the Clerk's taxation of costs); *see*

PLTFS' ADMINISTRATIVE MOTION PURSUANT TO CIV. L.R. 7-11 FOR RELIEF FROM FRCP 54 & CIV. L.R. 54, *ET SEQ*. DEADLINES UNTIL APPEALS HAVE BEEN EXHAUSTED - C-01-0988-SI    - 3 -

*Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). On July 7, 2009, plaintiffs provided defendants with a draft stipulation vacating Rule 54 deadlines and their Bill of Costs. Williams Decl., Ex. B. On July 7, 2009, Patrick Gibbs e-mailed plaintiffs indicating that Oracle Corporation would not agree to delay the resolution of its Bill of Costs. Williams Decl., Ex. C.

## III.   CONCLUSION

For all of the reasons set forth above, including that plaintiffs have indicated that they intend to appeal the Court's ruling on summary judgment, the Court has already ordered that all Rule 11(b) review and findings shall be deferred until after appeals have been exhausted, and defendants' Bill of Costs will likely require additional district court review and could in any event be vacated if plaintiffs prevail on appeal, Fed. R. Civ P. 54 deadlines and resolution of taxation issues should be deferred until after appeals have been exhausted.

DATED:  July 9, 2009                                       Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
ELI R. GREENSTEIN
DANIEL J. PFEFFERBAUM
SARAH R. HOLLOWAY


                                                                          /s/
                                                              SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
MARK SOLOMON
DOUGLAS R. BRITTON
SCOTT H. SAHAM
STACEY M. KAPLAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Oracle3\MOT00060488.doc

PLTFS' ADMINISTRATIVE MOTION PURSUANT TO CIV. L.R. 7-11 FOR RELIEF FROM FRCP 54
& CIV. L.R. 54, *ET SEQ*. DEADLINES UNTIL APPEALS HAVE BEEN EXHAUSTED - C-01-0988-SI    - 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 9, 2009.

    s/ Shawn A. Williams

SHAWN A. WILLIAMS
COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:shawnw@csgrr.com

**Mailing Information for a Case 3:01-cv-00988-SI**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roger M. Adelman**
  radelman@erols.com

- **Jennie Lee Anderson**
  jennie@andrusanderson.com,jaime@andrusanderson.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Doug Britton**
  dougb@csgrr.com,jillk@csgrr.com,ldeem@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Joy Ann Bull**
  JOYB@csgrr.com

- **Patrick J. Coughlin**
  PatC@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Dorian Estelle Daley**
  dorian.daley@oracle.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,svdocket@lw.com,zoila.aurora@lw.com

- **Eli Greenstein**
  Elig@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com,cheryl.grant@pillsburylaw.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,eeberline@morganlewis.com

- **Stacey Marie Kaplan**
  SKaplan@csgrr.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Michele Frances Kyrouz**
  michele.kyrouz@lw.com,#sfdocket@lw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **James C. Maroulis**
  jim.maroulis@oracle.com

- **Caroline McIntyre**
  cmcintyre@be-law.com,swalker@be-law.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Shinyung Oh**
  shinyungoh@paulhastings.com

- **Dawn S. Pittman**
  dpittman@morganlewis.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Scott H Saham**
  scotts@csgrr.com

- **Mark Solomon**
  marks@csgrr.com,e_file_sf@csgrr.com,sholloway@csgrr.com,e_file_sd@csgrr.com

- **Edward W. Swanson**
  eswanson@swansonmcnamara.com

- **Peter Allen Wald**
  peter.wald@lw.com,#sfdocket@lw.com

- **Shawn A. Williams**
  shawnw@csgrr.com,jdecena@csgrr.com,dpfefferbaum@csgrr.com,travisd@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

- **Jamie Lynne Wine**
  jamie.wine@lw.com,jessica.bengels@lw.com,jason.grossman@lw.com,karen.kelly@lw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Corey D. Holzer
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
Suite E-107
Atlanta, GA 30338

Raymond Lane
Bergeson LLP
303 Almaden Blvd., Ste. 500
San Jose, CA 95110

PRG-Schultz USA, Inc.
Paul Hastings Janofsky & Walker LLP
55 Second Street
24th Floor
San Francisco, CA 94105

Darren Jay Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Sanna Rachel Singer
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111

Monique C. Winkler
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
```