# EXHIBIT D

# In re Oracle Corporation Securities Litigation

Defendants' Motion for Summary Judgment

Loss Causation

ORACLE

# Loss Causation: Plaintiffs Bear The Burden Of Proof On Loss Causation



"[T]he plaintiff shall have the burden of proving that the [defendant's misrepresentations] caused the loss for which the plaintiff seeks to recover damages." (15 U.S.C. § 78u-4(b)(4) (PSLRA).)

"[P]laintiffs [carry] the burden of proving that the defendant's misrepresentations caused the loss for which the plaintiff seeks to recover." (Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 345-46 (2005).)

"[T]he plaintiff must demonstrate a causal connection between the deceptive acts that form the basis for the claim...and the injury suffered by the plaintiff." (In re Daou Sys., Inc. Sec. Litig., 411 F.3d 1006, 1025 (9th Cir. 2005).)

ORACLE

4

# Loss Causation: Loss Causation Requires "Disclosure" Of The "Relevant Truth"

Evidence that a plaintiff bought stock at a price inflated by alleged fraud and sold it at a lower price does not establish loss causation because it may not reflect a misrepresentation. Rather, "[w]hen the purchaser subsequently resells such shares, even at a lower price, *that lower price may reflect, not the earlier misrepresentation, but changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events, which taken separately or together account for some or all of that lower price.*" (Dura, 544 U.S. at 342-44.)

A securities fraud plaintiff must demonstrate that its economic loss was caused when a "*relevant truth*" – that is, a "truth" that was concealed by the alleged misrepresentations or omissions – became "*generally known.*" (*Id.*)

**Loss Causation: Legal Standard**

ORACLE

5



# Loss Causation: The "Relevant Truth" Means The Specific Facts That Allegedly Were Concealed By Fraud

Loss causation requires "that the practices that the plaintiff contends are fraudulent were revealed to the market and caused the resulting losses." (*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1063 (9th Cir. 2008).)

"[T]he plaintiff must show that the defendant misrepresented or omitted *the very facts that were a substantial factor in causing the plaintiff's economic loss.*" (*McCabe v. Ernst & Young LLP*, 494 F.3d 418, 426 (3d Cir. 2007).)

"[T]he plaintiff must allege that it was *the very facts about which the defendant lied which caused its injuries....*" (*Tricontinental Indus. Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 842 (7th Cir. 2007).)

Loss Causation: Legal Standard

ORACLE

6

# Loss Causation: The Ninth Circuit Has Expressly Rejected Plaintiffs' Articulation Of The Loss Causation Rule

*"Plaintiffs need only present enough evidence from which a reasonable jury could conclude that the disclosure caused the decline."* (Plfs.' Opp. at 45.)

*"So long as there is a drop in a stock's price, a plaintiff will always be able to contend that the market 'understood' a defendant's statement precipitating a loss as a coded message revealing the fraud. Enabling a plaintiff to proceed on such a theory would effectively resurrect what Dura discredited – that loss causation is established through an allegation that a stock was purchased at an inflated purchase price. Loss causation requires more."* (Metzler, 540 F.3d at 1064.)



Loss Causation: Legal Standard

ORACLE

7



# Loss Causation: Courts Routinely Grant Summary Judgment Where Plaintiffs Fail To Establish Loss Causation

Williams   Ikon   Omnicom   McKowan   Flowserve   Ray

Loss Causation: Legal Standard

ORACLE

8

# Loss Causation: Courts Have Granted Summary Judgment To Defendants Where The Evidence Fails To Establish "Direct" Or "Indirect" Disclosure Of The "Relevant Truth"



Granting summary judgment to defendants on loss causation grounds after detailed evaluation of plaintiffs' alleged corrective disclosures, finding each insufficient because *"nothing in the [alleged corrective disclosures] reveals corrective disclosures] reveals that misstatements appeared in [registration statements]."* (*Flowserve*, 245 F.R.D. at 578-79.)

Granting summary judgment to defendants on loss causation grounds because alleged corrective disclosures revealed only poor financial performance *and alleged misstatements never were "directly or indirectly... disclosed to the market."* (*McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 2005 U.S. Dist. LEXIS 32164, at *28 (D. N.J. June 30, 2005).)

Granting summary judgment to defendants on loss causation grounds after analyzing alleged corrective disclosures and analyst reports and finding *no evidence that the relevant truth regarding alleged accounting misstatements and income inflation was directly or indirectly disclosed to the market.* (*In re Ikon Sec. Litig.*, 131 F. Supp. 2d 680, 689-90 (E. D. Penn. 2001).)

Loss Causation: Role of the Court

30

ORACLE

# Loss Causation: Courts Conduct An Independent Analysis Of The Alleged Corrective Disclosures And Analyst Reports

1. Courts analyze whether corrective disclosures reveal the falsity of the alleged misstatement. *(Flowserve, 245 F.R.D. at 572 ("A straightforward comparison between the allegations and the [alleged corrective disclosures] indicate no credible relation.").)*

2. Courts review analyst reports to assess market awareness. *(Id. at 580 n.32 ("Reports of market analysts serve as a good indication of the knowledge of the market as a whole.").)*

Courts make an *independent determination* as to whether a "relevant truth" became "generally known." *(Id. at 582; McKowan, 2005 U.S. Dist. LEXIS 32164, at \*30-34; Ikon, 131 F. Supp. 2nd at 689-91.)*

McKowan

Flowserve

Ikon

ORACLE

Loss Causation:  Role of the Court

31

# Loss Causation:  Plaintiffs Have Alleged Four Categories Of Securities Fraud

1. Defendants had no reasonable basis for the 3Q01 guidance given or were aware of undisclosed facts seriously undermining that guidance.  (RSAC ¶ 48.)

2. Defendants fraudulently assured the market throughout 3Q01 that Oracle was on track to meet its guidance.  (RSAC ¶ 45.)

3. "Problems" with Suite 11i caused Oracle to miss its guidance because the product was so defective it "simply did not work."  (RSAC ¶ 52.)

4. Oracle's 2Q01 financial results were artificially inflated.  (Pls.' MSJ Opp. at 2-12.)

Loss Causation:  Plaintiffs' Alleged Frauds

ORACLE

32

# Loss Causation:  In Order To Be "Corrective" A Disclosure Must Reveal The Falsity Of A Misstatement

"[A] disclosure [that] does not reveal the falsity of the alleged misstatements.... does not qualify as 'corrective.'"  (In re Omnicom Group, Inc. Sec. Litig., 541 F. Supp. 2d 546, 552 (S.D.N.Y. 2008).)

"Nowhere in these alleged corrective disclosures does the Court find any tenable relation, general or specific, to [alleged false statements].... To the contrary, the Court finds more statements within the [alleged corrective disclosures] that are consistent with Plaintiffs' claimed falsehoods...."  (Flowserve, 245 F.R.D. at 572.)

ORACLE

Loss Causation:  No Corrective Disclosure

33

# Loss Causation: Although Loss Causation Does Not Require Direct Disclosure There Must Be A Causal Connection Between The Alleged Fraud And Plaintiffs' Loss

"[Plaintiff] is correct to observe that neither *Daou* nor *Dura* require an admission or finding of fraud before loss causation can be properly pled. But that does not allow a plaintiff to plead loss causation through 'euphemism' and thereby avoid alleging the necessary connection between defendant's fraud and the actual loss." (*Metzler*, 540 F.3d at 1064.)



"Plaintiffs adequately pled loss causation in *Daou* because their complaint alleged that the market learned of and reacted to this fraud, as opposed to merely reacting to reports of the defendant's poor financial health generally." (*Id.* at 1063.)

ORACLE

# Loss Causation:  Plaintiffs Bear The Burden Of Demonstrating Indirect Disclosure

*"When fraud is revealed through indirect disclosure, plaintiffs must provide proof that the market recognized a relationship between the event disclosed and the fraud to establish loss causation."  (Flowserve, 245 F.R.D. at 579.)*

*"Disclosure of the fraud need not originate with a defendant, and may be indirect... [I]n that case, plaintiffs must provide proof that the market recognized a relationship between the event disclosed and the fraud."  (McKowan, 2005 U.S. Dist. LEXIS 32164, at \*26-28.)*

ORACLE

Loss Causation:  No Market Awareness

36

# Loss Causation: Arrayed Against This Body Of Analyst Reports Confirming Oracle's Explanation For The Miss And Industry Downturn, Plaintiffs Rely Upon Five Pieces Of Evidence

1. The March 2, 2001 L.A. Times Article (Plfs.' Opp. Ex. 419.)

2. The March 2, 2001 Wall Street Journal Article (Plfs.' Opp. Ex. 436.)

3. The March 2, 2001 UBS Warburg Report (Plfs.' Opp. Ex. 426.)

4. Symonds' speculation in *Softwar* (Plfs.' 20A MSJ Ex. 20.)

5. An internal email dated March 21, 2001 (Plfs.' 20A MSJ Ex. 420.)

Plfs.' 20A Reply at 18.

Loss Causation: No Market Awareness

ORACLE

41

# Loss Causation: The March 2, 2001 UBS Warburg Report Is Not Evidence Of Market Understanding

*Flowserve*, 245 F.R.D. at 574:  *The March 2, 2001 UBS Warburg report is not evidence of "collective analyst opinion" – which uniformly attributed the miss to a sudden economic downturn affecting the entire industry.*

"*Providing a scintilla of evidence is not enough; there must be evidence on which the jury could reasonably find for the plaintiff.... [N]othing in that report indicates that the market drew a connection between the [disclosure] and [alleged false statements].*"

(*Id.* at 582-83.)

ORACLE

47

# Loss Causation: Plaintiffs' Failure Of Proof Defeats Their Section 20A Claim



*Johnson v. Alljan*, 394 F.Supp.2d 1184 (C.D. Cal. 2004)

*Johnson v. Alljan*, 490 F.3d 778 (9th Cir. 2007)

*In re Connectics*, 2008 WL 3842938 (N.D. Cal. 2008)

- Claims under Section 20A are derivative and require an independent violation of the Exchange Act.

- Plaintiffs therefore are required to demonstrate loss causation to establish the predicate violation.

- Plaintiffs' failure of proof on loss causation defeats their Section 20A claim against Ellison.

**Loss Causation: Impact on Other Claims**

ORACLE

54

# Loss Causation:  Plaintiffs' Failure Of Proof Defeats Their Section 20(a) Claim



"To establish 'controlling person' liability, *the plaintiff must show a primary violation was committed, and that defendant directly or indirectly controlled the violator.*" *(Paracor Fin. Corp. v. General Electric Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996).)

Plaintiffs' failure of proof on loss causation prevents them from showing the required "primary violation."

Loss Causation:  Impact on Other Claims

ORACLE

56

# Loss Causation:  Plaintiffs Cannot Rely On The Adverse Inference To Establish Loss Causation

"The adverse inferences as to [falsity and scienter are] irrelevant to the separate element of loss causation. Thus, the adverse inference is moot as to the Court's summary judgment loss causation analysis."  (Gordon Partners v. Blumenthal, 2007 WL 431864 at *14 n.8 (S.D.N.Y. 2007).)

Loss Causation:  Adverse Inference

ORACLE

59

# In re Oracle Corporation Securities Litigation

Defendants' Motion For Summary Judgment
Products

ORACLE

# No Causation: Legal Standard

"To 'touch upon' an economic loss is insufficient; plaintiffs must demonstrate an actual 'causal connection' between the defendant's material misrepresentation and the economic loss suffered."

*In re Gilead Sciences Sec. Litig.*, No. C03-4999 MJJ, 2006 U.S. Dist. LEXIS 32893, at *26-*28 (N.D. Cal. May 12, 2006) (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 344-45 (2005))

ORACLE

**Product Loss Causation**

# No Causation: Plaintiffs Misstate *Daou* By Claiming It Does Not Require Them To Show A Causal Connection

*The Plaintiffs in Daou alleged, and the Ninth Circuit required, an actual, causal connection between the alleged fraud and the stock drop*

"Notably, the TAC alleges that 'Defendants further revealed that the Company's rapidly escalating work in progress account represented over $10 million in unbilled receivables—the direct result of prematurely recognizing revenue.'"

*In re Daou Systems, Inc. Sec. Litig.*, 411 F.3d 1006, 1026 (9th Cir. 2005)

ORACLE

10

# No Causation:  Other Courts Have Rejected Plaintiffs' "True Financial Condition" Theory

"Where a company discloses reduced operating performance, financial condition and prospects as a result of problems that previously had been concealed by some fraudulent conduct, then the resulting price decline is directly tied to the fraudulent conduct, even if the fraudulent conduct itself is not revealed."

–Steinholt Testimony, Pls' Loss Causation Expert Witness, *Ryan v. Flowserve Corp.*

The court found Plaintiffs' loss causation theory insufficient as a matter of law:

"[I]t is not sufficient to show inflation caused by a misrepresentation and subsequent loss; the determinative factor is that there is **no evidence that the alleged misstatements caused the loss, as opposed to or in addition to other factors.**"

*Ryan v. Flowserve Corp.*, No. 3: 03-CV-1769-B, 2007 WL 3357692, at *23-24, 27 (N.D. Tex., Nov. 13, 2007)

**Product Loss Causation**

ORACLE

11

# No False Statement: Legal Standard

Plaintiffs "must demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression."

*In re Convergent Tech. Sec. Litig.,* 948 F.2d 507, 512 (9th Cir. 1991)

"Pre-Integration" Statements:  Falsity

ORACLE

23

# No False Statement: Plaintiffs Cannot Contest That Defendants' Statements Regarding "Pre-Integration" Were True

Plaintiffs offer no evidence that Suite 11i required post-purchase "systems integration" for its modules to work together



Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

Reply In Support of Plaintiffs' Motion for Partial Summary Judgment

ORACLE

30

# No False Statement: Customer Complaints Constitute Inadmissible Hearsay

"[C]ustomer complaints, whether contained in Ford's business records or compiled by another party, **all constitute hearsay**."

*Olson v. Ford Motor Co.,* 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006)

"[S]ummaries of statements by WIM customers in the NFA report are inadmissible hearsay. The audit itself is hearsay…. Under the business records and residual exceptions, the statements recounted in the audit report would still constitute hearsay within hearsay."

*Commodity Futures Trading Com'n v. Wilshire Inv. Management Corp.,* 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005)

**"Pre-Integration" Statements: Falsity**

ORACLE

35

# In re Oracle Corporation Securities Litigation

Defendants' Motion for Summary Judgment
Accounting

ORACLE

# Plaintiffs' First Amended Complaint Lacked Any Accounting Claim

"[M]ost importantly, Plaintiffs' [First Amended Complaint] fails to account for Oracle's financial success in the two quarters which immediately followed the release of the 11i Suite.... Plaintiffs have not pled anything that would have made it unreasonable for Oracle to expect that the financial success it enjoyed during the two quarters following the product's release (despite the alleged product defect claims) would also obtain in 3Q01."



Order Granting Defendants' Motion to Dismiss, September 11, 2002, pp. 18-19

**Accounting Claims: Evolution**

ORACLE

2

# Plaintiffs Added The Accounting Allegation To Address Deficiencies This Court Had Identified



Revised Second Amended Complaint, ¶ 36

"Oracle's 2Q01 reported revenues and earnings were false when made, and were the result of the improper conversion of more than $228 million of customer cash 'On Account' to revenue in 2Q01. As a result, the Company was able to disguise the slowdown in product sales reported by plaintiffs' other witnesses, evident on Oracle's internal global database, and falsely report revenue and earnings growth and thus maintain its streak of 11 straight quarters of EPS growth."

*Plaintiffs added the accounting allegations to resolve deficiencies in their First Amended Complaint and to demonstrate that Oracle concealed a 2Q01 slowdown in product sales.*

Accounting Claims: Evolution

ORACLE

# No False Statement: Plaintiffs Do Not Assert A Direct Claim Of Falsity Regarding The Bad Debt Transfers

"Oracle's improper transfers of $20 million in debit memo customer overpayments to revenue and earnings, via the bad debt reserve, inflated its 2Q01 EPS by $0.01."

–Pls' Motion for Partial Summary Judgment, p. 7:10-12

"[I]f the $20 million in transfers did not occur, Oracle's EPS results for 2Q01 would have been $0.10 rather than $0.11, as reported."

–Pls' Opposition, p. 3:1-2

*Plaintiffs do not directly challenge any "statement" about the transfers. Rather, they claim the transfers inflated EPS.*

Bad Debt Transfers:  Falsity

ORACLE

18

# Materiality: Legal Standard

"[T]o fulfill the materiality requirement there must be a **substantial likelihood** that the disclosure of the omitted [or misrepresented] fact **would have been viewed by the reasonable investor** as having significantly altered the total mix of information made available."

*Basic, Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (citing *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)) (internal citations omitted)

**Bad Debt Transfers: Materiality**

ORACLE

31

# No Scienter: Legal Standard

Recklessness is:

"[A] highly unreasonable omission, involving not merely simple or even inexcusable negligence, but **an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.**"

\*   \*   \*   \*   \*

Defendants are *reckless* only if they:

"[H]ad reasonable grounds to believe material facts existed that were misstated or omitted, but nonetheless failed to obtain and disclose such facts although [they] could have done so without extraordinary effort."

*–Howard v. Everex Sys., Inc.,* 228 F.3d 1057, 1063, 1064 (9th Cir. 2000) (internal citations omitted)

ORACLE

**Bad Debt Transfers: Scienter**

35

# No Scienter: Plaintiffs' Failure To Establish Scienter With Respect To A Named Defendant Is Fatal To Their Claim

"[T]he Ninth Circuit 'has rejected the concept of "collective scienter" for the purposes of establishing fraud' on the part of a corporation.... [T]he finding of corporate liability under 10(b) requires the finding of scienter on the part of at least one individual defendant responsible for the misstatements."

*In re Invision Tech., Inc. Sec. Litig.*, No C04-03181 MJJ, 2006 U.S. Dist. LEXIS 76458, at *23-24 (N.D. Cal. Aug. 31, 2006) (Internal citations and quotations omitted)

**Bad Debt Transfers: Scienter**

ORACLE

37



# Plaintiffs' HP Allegation Never Has Been Pled In Any Of Their Complaints

Complaint

Consolidated Class Action Complaint

First Amended Complaint

Second Amended Complaint

Revised Second Amended Complaint

"To allow Plaintiffs to amend their [complaint] at this late stage of the proceedings would render the particularity requirement for pleading securities fraud a nullity."

–In re Stratosphere Securities Litig., 66 F. Supp.2d 1182, 1201 (D. Nev. 1999)

HP Transaction: Overview

ORACLE

46